1  NACHAWATI LAW GROUP
2  John W. Raggio
3  California Bar No. 338261
4  Shay Andrew (Pro Hac Vice)
5  Texas Bar No. 24108279
6  5489 Blair Road
7  Dallas, Texas 75231
8  Tel: (214) 890-0711
9  Fax: (214) 890-0712
10 *Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 3:16-md-02741-VC |
| *Martin Gonzalez v. Monsanto Company* <br> *3:19-cv-03300-VC* | **DECEASED PLAINTIFF MARTIN GONZALEZ'S COUNSEL OF RECORD'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

# DECEASED PLAINTIFF MARTIN GONZALEZ'S COUNSEL OF RECORD'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S MOTION FOR SUMMARY JUDGMENT:

Counsel for the deceased, Martin Gonzalez, writes in response to Defendant Monsanto Company's Motion for Summary Judgement. Plaintiff is deceased and a Suggestion of Death was filed on March 31, 2022. No substitution of party was subsequently entered and, therefore, dismissal is warranted under Federal Rule of Civil Procedure 25.

## BACKGROUND:

Plaintiff Martin Gonzalez filed his complaint on February 22, 2019, In the United States District Court for the Eastern District of Virginia, Alexandria Division. It was later transferred to this Court. Mr. Gonzalez submitted a completed PFS and all requested discovery was provided as ordered for some time. However, Mr. Gonzalez eventually became nonresponsive to additional document requests. *See* **Exhibit A**. The last time counsel spoke with Mr. Gonzalez was in October of 2019.

Counsel attempted to contact Mr. Gonzalez by phone on February 24, 2021, but were unsuccessful. Counsel sent update letters to Mr. Gonzalez on March 9 and June 3 of 2021 but received no communications in response. On November 30, 2021, counsel again attempted to call Mr. Gonzalez but was unsuccessful. Counsel then mailed him the claim form ordered by this Court and ran searches attempting

to locate alternative contact information. *See* **Exhibit B**. We again attempted to contact Mr. Gonzales on December 6 and December 13, 2021, by phone and email.

On December 14, 2021, Plaintiff's Counsel located Mr. Gonzalez's obituary. *See* **Exhibit C**. It is believed that Martin Gonzalez passed away on September 6, 2020, survived by his wife and several siblings. *Id*. On that information and belief, Plaintiff's Counsel reached out to his alternate contact, but were provided no additional information. *See* **Exhibit D**. Counsel continued to run contact information searches on Mr. Gonzalez and his wife, attempting to locate alternate contacts, and discovered that Mrs. Gonzalez was also deceased. *See* **Exhibit B**. Mr. Gonzalez's siblings, if alive, never returned our communication attempts. To this day, Plaintiff's Counsel has been unable to locate or contact any additional persons who could act as a representative of Mr. Gonzalez in this case.

A Suggestion of Death was filed on March 31, 2022. *See* **Exhibit E**.

## ARGUMENTS AND AUTHORITIES:

Defendant Monsanto Company seeks dismissal via a Motion for Summary Judgment. Counsel for the deceased Plaintiff Gonzalez responds that dismissal of this matter is warranted under Federal Rule of Civil Procedure 25.

Federal Rule of Civil Procedure holds that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the

DECEASED PLAINTIFF MARTIN GONZALEZ'S COUNSEL OF RECORD'S RESPONSE TO
DEFENDANT MONSANTO COMPANY'S MOTION FOR SUMMARY JUDGMENT

death, the action by or against the decedent must be dismissed. Fed. R. Civ. P. 25 (a)(1).

Defendant centers its Motion for Summary Judgement on whether deceased Plaintiff has shown that Roundup proximately caused his cancer generally and specifically by disclosing the necessary expert reports by March 29, 2023. Plaintiff's Counsel does not dispute that expert testimony was not provided before the deadline in this case. However, Defendant overlooks the procedural status of the case wherein there is no longer an active, living Plaintiff.

Plaintiff's Counsel filed a Suggestion of Death on March 31, 2022, and no appropriate party was substituted within 90 days of that filing. As such, dismissal is now appropriate under FRCP 25. Further, since the time of the suggestion of death, counsel for Martin Gonzales has possessed no standing to substantively act on his behalf, which includes providing expert testimony.

Plaintiff's Counsel believes dismissal is appropriate in this matter under FRCP 25 regarding the proper Substitution of Parties.

## **CONCLUSION:**

For the foregoing reasons, Plaintiff's Counsel consents to the dismissal of the instant matter pursuant to FRCP 25.

Dated: June 1, 2023                                        Respectfully submitted,


                                                           */s/ John W. Raggio*
                                                           John W. Raggio
                                                           *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

*/s/ John W. Raggio*