UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Caranci v. Monsanto Co.*, Case No. 23-cv-1796-VC | Case No. 16-md-02741-VC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

The plaintiffs, Earnest and Carmela Caranci, have filed a motion to remand their case to the Philadelphia Court of Common Pleas. The motion is granted.

In June 2021, the plaintiffs, Pennsylvania residents, filed suit against Monsanto, seeking damages for Mr. Caranci's NHL allegedly caused by Monsanto's Roundup-branded herbicides. Monsanto is a Delaware company with its principal place of business in Missouri. The plaintiffs also named as defendants, among others, two Pennsylvania-based retailers—Penn Hardware, Inc. and Penn Hardware Two, Inc.—where Mr. Caranci allegedly purchased Roundup from 1989 to 1992.

The plaintiffs' lawsuit was the first Roundup products-liability case filed in the Philadelphia Court of Common Pleas. In January 2022, Mr. Caranci served a Plaintiff Fact Sheet to the defendants, verifying that he purchased Roundup from "Penn Hardware" located on Frankford Avenue in Philadelphia. In February 2022, the plaintiffs filed a petition to coordinate all Roundup products-liability cases before the Philadelphia court's mass tort program. The petition was granted in May 2022 and assigned to Judge Fletman, who stayed responsive

pleading deadlines and discovery. Judge Fletman then worked with the parties to identify cases for discovery and trial selection. In January 2023, the parties jointly selected this case for trial. Judge Fletman scheduled the trial for October 2023 and set fact discovery deadline for April 2023.

On March 3, 2023, Monsanto deposed Mr. Caranci. At the deposition, the 82-year-old plaintiff said he had not shopped at "Penn Hardware" store since 1992.

On March 30, 2023, Monsanto filed a notice of removal to this Court on the ground that the plaintiffs fraudulently joined Penn Hardware and Penn Hardware Two to defeat federal diversity jurisdiction. Specifically, Monsanto argues that Penn Hardware, Inc. dissolved in 1986 and Penn Hardware Two, Inc. was not incorporated until 2005, so it's impossible for Mr. Caranci to have purchased Roundup from these diversity-defeating defendants.

The plaintiffs do not dispute that they may have sued the wrong legal entity of the hardware store where Mr. Caranci purchased Roundup around 30 years ago. It appears that a hardware store has for decades occupied the storefront where Penn Hardware Two is currently located. But just because the plaintiffs sued the wrong retailer doesn't mean that removal to this Court is appropriate at this juncture. A case may not be removed under section 1446(b)(3) based on diversity jurisdiction "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "The one-year period begins when a case is first filed in state court." *In re Roundup Prod. Liab. Litig.*, 396 F. Supp. 3d 893, 899 (N.D. Cal. 2019).

It's now been almost two years since the plaintiffs filed their case in state court. So the question then is whether Monsanto has shown that the plaintiffs acted in bad faith to prevent timely removal. In this case, Monsanto's accusation of bad faith is unfounded. It appears that the cause of any delay for Monsanto (and the plaintiffs' counsel) to realize that the plaintiffs sued the wrong retailer did not result from the plaintiffs' actions but rather the nature of complex mass torts litigation. It took time for the Court of Common Pleas to decide whether to consolidate the

Roundup cases. And for a while, this case was on deferred status because a suggestion of bankruptcy was filed by another defendant. *See* Monsanto Opp. at 11 n.4. The parties did not select this case for trial until January 2023—i.e., after the one-year limitations period for removal. Fact discovery did not begin until February 2023. There's no suggestion that the plaintiffs purposefully delayed the proceedings to run the clock on the one-year limitations period for removal.

Monsanto does not dispute that Mr. Caranci purchased Roundup at some point where Penn Hardware Two is currently located. Monsanto's argument simply is that neither Penn Hardware, *Inc.* nor Penn Hardware Two, *Inc.*—the legal entities that are being sued—occupied that space when Mr. Caranci purchased Roundup there, so they are improper defendants. Perhaps that's true, but Mr. Caranci's mistake in identifying the correct legal entity that operated the hardware store on Frankford Avenue approximately 30 years ago does not show bad faith or strategic gamesmanship to defeat diversity jurisdiction. In his Plaintiff Fact Sheet, which was served months after he filed his complaint, he verified (to the best of his knowledge) that he purchased Roundup from "Penn Hardware." At his deposition, he also said he purchased Roundup from "Penn Hardware." It's unreasonable to expect Mr. Caranci to know the correct legal name behind the "Penn Hardware" where he purchased Roundup almost three decades ago.

Moreover, when Penn Hardware Two filed its preliminary objection shortly after the complaint was filed, it did not seek to dismiss the strict liability claim. Penn Hardware Two remains a defendant in this case, and it has not filed for summary judgment. It's insufficient to find bad faith here simply because the plaintiffs have not served discovery requests on Penn Hardware Two or moved for a default judgment against the now-defunct Penn Hardware, Inc. When Monsanto filed its notice of removal, discovery was still underway. Moreover, case-specific discovery didn't begin until early 2023, so the removal deadline had already passed regardless.

Accordingly, Monsanto has not met its high burden for removal. The Clerk is directed to remand the case to the Philadelphia Court of Common Pleas.

**IT IS SO ORDERED.**

Dated: June 5, 2023

VINCE CHHABRIA
United States District Judge