| | |
|---|---|
| **WILKINSON STEKLOFF LLP**<br>Brian L. Stekloff (*pro hac vice*)<br>(bstekloff@wilkinsonstekloff.com)<br>Rakesh Kilaru (*pro hac vice*)<br>(rkilaru@wilkinsonstekloff.com)<br>2001 M St. NW<br>10th Floor<br>Washington, DC 20036<br>Tel:   202-847-4030<br>Fax:   202-847-4005<br><br>**HOLLINGSWORTH LLP**<br>Eric G. Lasker (*pro hac vice*)<br>(elasker@hollingsworthllp.com)<br>1350 I St. NW<br>Washington, DC 20005<br>Tel: 202-898-5843<br>Fax: 202-682-1639 | **COVINGTON & BURLING LLP**<br>Michael X. Imbroscio (*pro hac vice*)<br>(mimbroscio@cov.com)<br>One City Center<br>850 10th St. NW<br>Washington, DC 20001<br>Tel: 202-662-6000<br><br>**BRYAN CAVE LEIGHTON PAISNER LLP**<br>K. Lee Marshall (CA Bar No. 277092)<br>(klmarshall@bclplaw.com)<br>Three Embarcadero Center, 7th Floor<br>San Francisco, CA 94111<br>Tel: 415-675-3400<br>Fax: 415-675-3434<br><br>Jed P. White (CA Bar No. 232339)<br>(jed.white@bclplaw.com)<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401<br>Tel:  310-576-2100<br>Fax: 310 -576-2200 |

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION,<br><br>*Salas v. Monsanto Company*,<br>3:21-cv-06173-VC | MDL No. 2741<br><br>Case No.: 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF LAW IN SUPPORT**<br><br>Hearing:<br>Date:   July 27, 2023<br>Time:   10:00 a.m.<br>Place:   San Francisco Courthouse,<br>            Courtroom 4 – 17th Floor |

MEMORANDUM OF LAW IN SUPPORT OF MONSANTO'S MOTION FOR SUMMARY JUDGMENT

1 **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2 **PLEASE TAKE NOTICE THAT** beginning on July 27, 202, at 10:00 a.m., in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave V Plaintiff Nancy Salas on all claims, on the grounds that there is no issue of material fact for any of the claims.

Dated:  June 15, 2023                    Respectfully submitted,

                                         /s/ *Jed P. White*
                                         Jed P. White
                                         Attorney for Defendant Monsanto Company

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Nancy Salas asserts claims for strict products liability, negligence, and breach of express warranty based on Defendant Monsanto Company's ("Monsanto") design and sale of Roundup. Monsanto moves for summary judgment on multiple grounds on which this Court has already ruled, including that (A) all of Plaintiff's claims are preempted by federal law, (B) Plaintiff has not met the high standard for punitive damages in this case under Florida law (and cannot do so), and (C) Plaintiff cannot seek punitive damages in this lawsuit because another jury already awarded punitive damages against Monsanto in another case for the same course of conduct and Monsanto has paid those damages.[1]

In addition, Monsanto asserts that if the Court grants its concurrently-filed *Daubert* Motion to Exclude Dr. Kevin Knopf under Federal Rule of Evidence 702, summary judgment must be granted in favor of Monsanto on all claims because Plaintiff will have no evidence of specific causation. *See Arevalo v. Mentor Worldwide LLC*, No. 21-11768, 2022 WL 16753646, at *8-9 (11th Cir. Nov. 8, 2022) (per curiam) (affirming grant of summary judgment following exclusion of expert's specific causation opinion and stating, "To avoid summary judgment in this products liability case, [the plaintiff] must have Daubert-qualified, general and specific-causation-expert testimony that would be

---

[1] This Court and the other two courts in which punitive damages have been awarded against Monsanto in the Roundup litigation all reduced the original punitive damages awarded by the juries because the excessive nature of the original jury awards violated Monsanto's due process rights. The jury in *Johnson v. Monsanto Company* awarded $250 million in punitive damages, later reduced to just over $10 million. *See* 52 Cal. App. 5th 434 (2020). The jury in *Hardeman v. Monsanto Company* awarded $75 million in punitive damages against Monsanto, which this Court later reduced to $20 million. *See* 997 F.3d 941, 948 (9th Cir. 2021). In upholding the reduced award, the Ninth Circuit held that $75 million punitive damage award was "grossly excessive" where Monsanto's conduct "was not 'particularly egregious' as to warrant a damages ratio above the single-digit range, especially considering the absence of evidence showing a known safety risk was intentionally concealed." *Id*. at 974–75 (citation omitted) (emphasis in original). The Ninth Circuit had "little trouble holding that the jury's 14.2 to 1 ratio violated [Monsanto's] due process." *Id*. The jury in *Pilliod, et. al v. Monsanto Company* awarded $2 billion in punitive damages, which the trial judge found to be "unconstitutionally large" and reduced to $70 million. *See* 67 Cal. App. 5th 591, 641 (2021). The California appellate court upheld the punitive award in *Pilliod* in part because, at the time, Monsanto had not paid the Johnson and *Hardeman* punitive awards and continued to sell Roundup-branded herbicides in the market without any cancer warning, thereby demonstrating that the earlier punitive awards did not sufficiently "punish and deter" Monsanto. *Id*. at 649. As of this filing, however, Monsanto has paid more than $100 million dollars in the Roundup litigation. *See* Declaration of Alexandra C. Whitworth, Ex. 1–3.

admissible at trial.") (citation and internal quotation marks omitted).

Consistent with the Court's repeated instructions not to re-litigate issues previously ruled upon by the Court, but in order to fully preserve the appellate record, Monsanto hereby incorporates by reference the following pleadings that were filed on the MDL docket:

- Monsanto's MSJ on Non-Causation Grounds (ECF #2419)
- Monsanto's Reply in Support of MSJ on Non-Causation Grounds (ECF #2634)
- Monsanto's MSJ on Non-Causation Grounds (Wave 1) (ECF # 7999)
- Monsanto's MSJ on Non-Causation Grounds (Wave 2) (ECF # 12785)
- Monsanto's MSJ on Non-Causation Grounds (Wave 3) (ECF # 13733)
- Monsanto's MSJ on Non-Causation Grounds (Wave 4) (ECF # 15886)
- Monsanto's Reply in Support of MSJ on Non-Causation Grounds (ECF # 16008)

Monsanto moves for summary judgment on the following grounds and incorporates the full record raised in those pleadings:

- Plaintiff's claims are expressly preempted.
- Plaintiff's claims are preempted under impossibility preemption.
- Plaintiff has not demonstrated a right to seek punitive damages in this case.
- Plaintiff's claim for punitive damages is barred by Fla. Stat. § 768.73(2)(a) because Monsanto has already paid punitive damages for this same conduct.

By incorporating by reference its prior filings, Monsanto is in no way waiving any of the arguments raised therein.

Dated:  June 15, 2023                    Respectfully submitted,

/s/ Jed P. White
Jed P. White
Attorney for Defendant Monsanto Company

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June, 2023, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Jed P. White
Jed P. White