**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Administrator, Kyle A. Murdock, Individually, and Mandi L. Murdock v. Monsanto Company*,<br>3:20-cv-01363-VC | **DEFENDANT MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF LAW IN SUPPORT**<br><br>**Hearing:**<br>Date:   July 27, 2023<br>Time:  10:00 a.m.<br>Place:  San Francisco Courthouse,<br>            Courtroom 4 – 17th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on July 27, 2023 at 10:00 a.m., in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave V Plaintiffs Estate of Kenzie Murdock, Kyle Murdock (in his individual capacity), and Mandi Murdock on all claims, on the grounds that there is no issue of material fact for any of the claims.

Dated:  June 15, 2023                              Respectfully submitted,

                                                                   /s/ *Jed White*
                                                                   Jed P. White
                                                                   Attorney for Defendant Monsanto Company

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs the Estate of Kenzie Murdock, Kyle Murdock (in his individual capacity), and Mandi Murdock assert claims of negligence; strict liability design defect and failure to warn; breach of warranties; fraud; wrongful death; loss of consortium; and negligent infliction of emotional distress ("NIED") based on Defendant Monsanto Company's ("Monsanto") design and sale of glyphosate-based herbicide Roundup®.

Monsanto moves for summary judgment on multiple grounds on which this Court has already ruled, including that (A) all of Plaintiff's claims are preempted by federal law, and (B) Plaintiff has not met the high standard for punitive damages in this case under Kentucky law (and cannot do so).

In addition, Monsanto asserts that if the Court grants its concurrently-filed *Daubert* Motion to Exclude Dr. Ron D. Schiff under Federal Rule of Evidence 702, summary judgment must be granted in favor of Monsanto on all claims because Plaintiff will have no evidence of specific causation. *See Hans v. Matrixx Initiatives, Inc.*, No. 3:04-CV-540, 2007 WL 2668594, at *1 (W.D. Ky. Sept. 6, 2007) (granting motion for summary judgment following exclusion of expert designated to support specific causation claims); *Adams v. Cooper Indus.*, No. 03-476-JBC, 2012 WL 2339741, at *2 (E.D. Ky. June 19, 2012) (granting motion for summary judgment in toxic tort case following determination that the plaintiff's experts could not establish specific causation).

Consistent with the Court's repeated instructions not to re-litigate issues previously ruled upon by the Court, but in order to fully preserve the appellate record, Monsanto hereby incorporates by reference the following pleadings that were filed on the MDL docket:

- Monsanto's MSJ on Non-Causation Grounds (ECF #2419)
- Monsanto's Reply in Support of MSJ on Non-Causation Grounds (ECF #2634)
- Monsanto's MSJ on Non-Causation Grounds (Wave 1) (ECF # 7999)
- Monsanto's MSJ on Non-Causation Grounds (Wave 2) (ECF # 12785)
- Monsanto's MSJ on Non-Causation Grounds (Wave 3) (ECF # 13733)
- Monsanto's MSJ on Non-Causation Grounds (Wave 4) (ECF # 15886)
- Monsanto's Reply in Support of MSJ on Non-Causation Grounds (ECF # 16008)

1

Monsanto moves for summary judgment on the following grounds and incorporates the full record raised in those pleadings:

- Plaintiffs' claims are expressly preempted.
- Plaintiffs' claims are preempted under impossibility preemption.
- Plaintiffs have not demonstrated a right to seek punitive damages in this case.

By incorporating by reference its prior filings, Monsanto is in no way waiving any of the arguments raised therein.

Dated: June 15, 2023                     Respectfully submitted,

                                                                    /s/ Jed White
                                                                    Jed P. White
                                                                    Attorney for Defendant Monsanto Company

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

                                                                   /s/ Jed White
                                                                   Jed P. White