**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No.: 3:16-md-02741-VC |
| *Karen Delorme-Barton v. Monsanto Company*, Case No. 3:18-cv-01427-VC | **DEFENDANT MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF LAW IN SUPPORT**<br><br>Hearing:<br>Date:   July 27, 2023<br>Time:  10:00 a.m.<br>Place:  San Francisco Courthouse, Courtroom 4 – 17th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on July 27 at 10:00 a.m., in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave V Plaintiff Karen Delorme-Barton.

Dated:  June 16, 2023                                    Respectfully submitted,

/s/ *Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company

**Memorandum of Points and Authorities**

Plaintiff Karen Delorme-Barton alleges claims for strict liability (design defect), strict liability (failure to warn), negligence, breach of express warranty, and breach of implied warranty based on Defendant Monsanto Company's design and sale of Roundup. Monsanto moves for summary judgment because Plaintiff's claims are pre-empted, Plaintiff has not established a right to seek punitive damages, and, if this Court excludes Dr. Conry's testimony, Plaintiff lacks any evidence of specific causation.

**I.  Monsanto moves again for summary judgment on preemption and punitive damages.**

Consistent with the Court's instructions not to re-litigate issues previously ruled upon by the Court, but in order to fully preserve the appellate record, Monsanto hereby incorporates by reference the following pleadings that were filed on the MDL docket:

- Monsanto's MSJ on Non-Causation Grounds (ECF #2419)
- Monsanto's Reply in Support of MSJ on Non-Causation Grounds (ECF #2634)
- Monsanto's MSJ on Non-Causation Grounds (Wave 1) (ECF # 7999)
- Monsanto's MSJ on Non-Causation Grounds (Wave 2) (ECF # 12785)
- Monsanto's MSJ on Non-Causation Grounds (Wave 3) (ECF # 13733)
- Monsanto's MSJ on Non-Causation Grounds (Wave 4) (ECF # 15886)
- Monsanto's Reply in Support of MSJ on Non-Causation Grounds (ECF # 16008)

Monsanto moves for summary judgment on the following grounds and incorporates the full record raised in those pleadings:

- Plaintiff's claims are expressly preempted.
- Plaintiff's claims are preempted under impossibility preemption.
- Plaintiff has not demonstrated a right to seek punitive damages in this case.

By incorporating by reference its prior filings, Monsanto is in no way waiving any of the arguments raised therein.

**II.  If this Court excludes Dr. Conry, Plaintiff lacks evidence of specific causation.**

Monsanto has concurrently-filed a Daubert Motion to Exclude Dr. Conry under Federal Rule of Evidence 702. If the Court grants Monsanto's motion, it should also grant Monsanto summary judgment on all claims because Plaintiff will have no evidence of specific causation. *See Butler v.*

*Union Carbide Corp.*, 310 Ga. App. 21, 31 (2011) (affirming grant of summary judgment following exclusion of expert's specific causation opinion in toxic tort case); *Jackson v. Johnson & Johnson*, No. 1:11-CV-3903-TWT, 2022 WL 3701620, at *2 (N.D. Ga. Aug. 26, 2022) (granting summary judgment following exclusion of testimony of specific causation experts in mass tort case). A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**Conclusion**

Monsanto respectfully requests that the Court grant its Motion for Summary Judgment.

Dated:  June 16, 2023                              Respectfully submitted,

                                                /s/ *Jed P. White*
                                                Jed P. White
                                                Attorney for Defendant Monsanto Company

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2023, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                                                /s/ *Jed P. White*
                                                Jed P. White