# EXHIBIT G

```
 1                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 2
 3   IN RE:  ROUNDUP PRODUCTS      |  MDL No. 2741
                                   |
 4   LIABILITY LITIGATION          |
                                   |
 5   ------------------------------|
                                   |
 6   This document relates to:     |
                                   |
 7   John Schafer v. Monsanto Co.  |
                                   |
 8   Case No. 3:19-cv-02169        |
                                   |
 9   ------------------------------|
10
11                         - - -
12               Friday, February 26, 2021
13                         - - -
14
15          This is the Remote Videotaped Deposition of
16     RON D. SCHIFF, M.D., Ph.D., commencing at 10:03 a.m.
17     Eastern Time, on the above date, before Susan D.
18     Wasilewski, Registered Professional Reporter,
19     Certified Realtime Reporter, Certified Manager of
20     Reporting Services, Certified Realtime Captioner,
21     and Florida Professional Reporter.
22                         - - -
23              GOLKOW LITIGATION SERVICES
24         877.370.3377 ph | 917.591.5672 fax
25                  deps@golkow.com
```

Exhibit G Page 1

```
 1    APPEARANCES VIA REMOTE COUNSEL/ZOOM TECHNOLOGY:

 2

 3       MOLL LAW GROUP

 4       BY:  REBECCA FREDONA, ESQUIRE

 5            rfredona@molllawgroup.com

 6       22 West Washington Street, 15th Floor

 7       Chicago, Illinois 60602

 8       Phone:  (312) 462-1700

 9       Representing the Plaintiff

10

11

12       NELSON MULLINS RILEY & SCARBOROUGH LLP

13       BY:  MICHAEL W. HOGUE, ESQUIRE

14            michael.hogue@nelsonmullins.com

15       1320 Main Street, 17th Floor

16       Columbia, South Carolina 29201

17       Phone:  (803) 799-2000

18       Representing Defendant Monsanto Company

19

20

21    ALSO PRESENT VIA REMOTE COUNSEL/ZOOM TECHNOLOGY:

22

23       DAVID CAMPBELL, Videographer

24

25
```

1    there is 17 cases in which you've reviewed the

2    materials -- the medical records and determined that

3    the Roundup was the cause of their non-Hodgkin

4    lymphoma; is that right?

5        A.   No, that is not accurate.  The conclusions

6    in the cases where I reached a conclusion, and I

7    think it was all of them, was that Roundup was a

8    substantial factor in causing or contributing to

9    cause.  I have not alleged that it is the sole cause

10   of non-Hodgkin lymphoma, as I recall, in any of

11   these plaintiffs.

12       Q.   Okay.  So there is 17 cases in which you've

13   reviewed the medical history of those 17 patients

14   and come to the conclusion -- your opinion was that

15   Roundup was a substantial contributing factor to

16   their non-Hodgkin lymphoma; is that right?

17       A.   It is correct, yes.

18       Q.   Okay.  And have you reviewed any plaintiffs'

19   cases and, after finishing the medical review,

20   determined that their non-Hodgkin lymphoma was --

21   that Roundup was not a cause or substantial

22   contributing factor to their non-Hodgkin lymphoma?

23       A.   Do you have a plaintiff named John Novak on

24   that list.

25       Q.   Yes, sir.

```
 1      A.   That would be such a case.
 2      Q.   Okay.  So Novak was a case.  And can you
 3   tell me what your criteria is for determining that
 4   Roundup was not a substantial contributing factor?
 5      A.   Well, what we look at is the establishment
 6   of the diagnosis and then we look at the exposure
 7   information.
 8           I was advised by counsel, as I was still
 9   going through the case with Mr. Novak, I do not
10   believe I completed my review of that case, although
11   I may have, that was one of the earlier cases that I
12   studied, but I was advised by counsel that there
13   were significant inaccuracies in the exposure
14   history and that case was to be deleted.
15           I responded to them by asking if they had
16   notified defense counsel about that.
17      Q.   Okay.  So when I said 17 before, Novak was
18   included, so I'll drop back to there was 16 cases so
19   far that you've reviewed and come to the conclusion
20   that Roundup was a substantial contributing factor,
21   and in the Novak case, you were in the process of
22   reviewing it when you were told there were
23   significant inaccuracies about the Roundup exposure;
24   is that -- is that fair?
25      A.   Yes.  I had either completed my review of
```

```
 1                    C E R T I F I C A T E

 2              I, Susan D. Wasilewski, Registered

 3    Professional Reporter, Certified Realtime Reporter,

 4    Certified Manager of Reporting Services, Certified

 5    Realtime Captioner, and Florida Professional

 6    Reporter, hereby certify that the witness named

 7    herein appeared via Remote Counsel/Zoom technology

 8    on Friday, February 26, 2021, and was duly sworn.

 9              I FURTHER CERTIFY that I was authorized to

10    and did stenographically report the examination of

11    the witness named herein; that a review of the

12    transcript was not requested; and that the foregoing

13    transcript is a true record of my stenographic

14    notes.

15              I FURTHER CERTIFY that I am not related to

16    or an employee of any of the parties, nor am I

17    related to or an employee of any of the parties'

18    attorneys or counsel connected with this action, nor

19    am I financially interested in the outcome of this

20    action.

21              WITNESS my hand this 5th of March, 2021.

22              [signature]

23    _____

24              Susan D. Wasilewski, RPR, CRR, CMRS, CRC, FPR

25
```