# EXHIBIT G

## RETAINER AGREEMENT

I _____ Daniel Badzinski _____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)    (**client wants to pay all costs** upfront)

Option (b) _____ (initials)    (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

### THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

12/19/2022
Date

X _____
ATTORNEY SIGNATURE

12/19/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I Vavara, Cynthia ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have the right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) (**client wants to pay all costs** upfront)

Option (b) __CV__ (initials) (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _Cynthia Vavara_
CLIENT SIGNATURE

_9-14-22_
Date

X _____
ATTORNEY SIGNATURE

_10/3/2022_
Date

## RETAINER AGREEMENT

I _____Bruce Lakso_____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding <u>ROUNDUP.</u> This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

Option (b) _____ (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

x _____
CLIENT SIGNATURE

12/20/2022
Date

x _____
ATTORNEY SIGNATURE

12/20/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I _____ Todd Faut _____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This
agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of
legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical
records, employment records, wage records, educational records and other records; drafting, filing and
responding to court documents; selection and retention of experts and investigators as necessary; appearance
at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and
conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not
include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate,
bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health
insurance/Medicare/Medicaid lien resolution and Set Aside funds.   There is no guarantee of recovery.
Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against
any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable
period of time.  Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare,
Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division
and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs,
disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which
case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount
recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the
costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section
488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting
costs, disbursements and litigation expenses.  I further understand that attorney shall have to right to cease
advancing costs, disbursements and litigation expenses at their discretion.
Understanding the above, I choose the following:

Option (a) _____ (initials)     (**client wants to pay all costs** upfront)

Option (b) ⌐√⌐ (initials)     (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney
determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or
irreconcilable disagreement develops as to the value of the claim or how the claim should further be
prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone,
and to secure and maintain all evidence including social media.  I understand and agree if there is a change
of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees.  I may have
the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction.  I have had
sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
**CLIENT SIGNATURE**

12/19/2022
Date

X _____
**ATTORNEY SIGNATURE**

12/19/2022
Date

## RETAINER AGREEMENT

I Lee, Philip ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3ʳᵈ percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) (**client wants to pay all costs** upfront)

Option (b) _KC_ (initials) (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorney's an attorney, or lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

**THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED**

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _Kim Jordan E Cline_ (KC)

CLIENT SIGNATURE

Date September 15, 2022

X

ATTORNEY SIGNATURE

Date 10/3/2023

## RETAINER AGREEMENT

I _____David Leys_____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3ʳᵈ percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

Option (b) _____ (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE <ins>NO</ins> ATTORNEYS FEES OWED AND THERE WILL BE <ins>NO</ins> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

12/19/2022
Date

X _____
ATTORNEY SIGNATURE

12/19/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I _____ John Nesbitt _____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

Option (b) 𝒫𝑅𝓃 𝜆 𝒶𝒶 (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

### THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
**CLIENT SIGNATURE**

12/19/2022
Date

X _____
**ATTORNEY SIGNATURE**

12/19/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I Pietrzak, David (deceased) ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)  (**client wants to pay all costs** upfront)

Option (b) __⟨✓⟩__ (initials)  (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

X _____
ATTORNEY SIGNATURE

11/10/22
Date

11/29/2022
Date

## RETAINER AGREEMENT

I Potter, Aaron ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3ʳᵈ percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) (**client wants to pay all costs** upfront)

Option (b) ✓ (initials) (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

**THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED**

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____     10/11/22
CLIENT SIGNATURE                                    Date

X _____     10/13/2022
ATTORNEY SIGNATURE                               Date

## RETAINER AGREEMENT

I _____ Norman Bauman, III _____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This
agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of
legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical
records, employment records, wage records, educational records and other records; drafting, filing and
responding to court documents; selection and retention of experts and investigators as necessary; appearance
at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and
conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not
include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate,
bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health
insurance/Medicare/Medicaid lien resolution and Set Aside funds.  There is no guarantee of recovery.
Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against
any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable
period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare,
Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division
and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs,
disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which
case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount
recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the
costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section
488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting
costs, disbursements and litigation expenses.  I further understand that attorney shall have to right to cease
advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)   **(client wants to pay all costs** upfront)

Option (b) NCB3 (initials)   **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney
determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or
irreconcilable disagreement develops as to the value of the claim or how the claim should further be
prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone,
and to secure and maintain all evidence including social media. I understand and agree if there is a change
of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have
the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

### THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED
### UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had
sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

12/20/2022
Date

X _____
ATTORNEY SIGNATURE

12/20/2022
Date

**RETAINER AGREEMENT**

I _____ Margaret Chrisman _____ ("CLIENT") retain **GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

Option (b) _Margaret Chrisman_ (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

**THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED**

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _Chrisman_____

CLIENT SIGNATURE

12/19/2022
Date

X _____

ATTORNEY SIGNATURE

12/19/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I <u>Komm, Leon</u> ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding <u>ROUNDUP.</u> This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3ʳᵈ percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)   (**client wants to pay all costs** upfront)

Option (b) __✓__ (initials)   (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

### THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

9-23-2022
Date

X _____
ATTORNEY SIGNATURE

10/3/2022
Date

## RETAINER AGREEMENT

I _____ Richard Hammett _____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This
agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of
legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical
records, employment records, wage records, educational records and other records; drafting, filing and
responding to court documents; selection and retention of experts and investigators as necessary; appearance
at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and
conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not
include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate,
bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health
insurance/Medicare/Medicaid lien resolution and Set Aside funds.   There is no guarantee of recovery.
Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against
any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable
period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare,
Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division
and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs,
disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which
case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount
recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the
costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section
488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting
costs, disbursements and litigation expenses.   I further understand that attorney shall have to right to cease
advancing costs, disbursements and litigation expenses at their discretion.
Understanding the above, I choose the following:

Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

Option (b) [initials]  (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney
determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or
irreconcilable disagreement develops as to the value of the claim or how the claim should further be
prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone,
and to secure and maintain all evidence including social media. I understand and agree if there is a change
of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have
the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

**THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED
UNLESS A RECOVERY IS OBTAINED**

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had
sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _Richard Hammett_____
CLIENT SIGNATURE

12/27/2022
Date

X _____
ATTORNEY SIGNATURE

12/27/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I _____ Mary Liesinger _____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.
Understanding the above, I choose the following:

Option (a) _____ (initials)   **(client wants to pay all costs** upfront)

Option (b) 𝑀 𝐺 𝐿 (initials)   **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

### THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____   12/20/2022
**CLIENT SIGNATURE**                Date

X _____   12/20/2022
**ATTORNEY SIGNATURE**              Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I _____ Richard Nusbaum _____ ("CLIENT") retain **GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) **(client wants to pay all costs** upfront)

Option (b) _____ (initials) **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

12/20/2022
Date

X _____
ATTORNEY SIGNATURE

12/20/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I ___Dorothy Pasternak OBO estate of Gerald Anthony Pasternak___ ("CLIENT") retain **GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding <u>ROUNDUP</u>. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)  **(client wants to pay all costs** upfront)

Option (b) _DP_ (initials)  **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

### THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _Dorothy Pasternak_
CLIENT SIGNATURE

12/22/2022
Date

X _____
ATTORNEY SIGNATURE

12/22/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I _____ Paul Pierce _____ ("CLIENT") retain **GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

Option (b) _____ (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
**CLIENT SIGNATURE**

12/21/2022
Date

X _____
**ATTORNEY SIGNATURE**

12/21/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I <u>BRENDA DUFF</u> o/b/o <u>THE ESTATE OF RAY DUFF</u> ("CLIENT") retain **GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding <u>ROUNDUP</u>. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)   (**client wants to pay all costs** upfront)

Option (b) _*TV*_ (initials)   (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
BRENDA DUFF

2-8-2023
Date

X _____
BRIAN A. GOLDSTEIN, ESQ

2/8/2023
Date

## RETAINER AGREEMENT

I _____ George LoBianco _____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This
agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of
legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical
records, employment records, wage records, educational records and other records; drafting, filing and
responding to court documents; selection and retention of experts and investigators as necessary; appearance
at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and
conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not
include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate,
bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health
insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery.
Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against
any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable
period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare,
Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division
and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs,
disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which
case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount
recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the
costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section
488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting
costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease
advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

Option (b) _____ (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney
determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or
irreconcilable disagreement develops as to the value of the claim or how the claim should further be
prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone,
and to secure and maintain all evidence including social media. I understand and agree if there is a change
of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have
the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

### THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had
sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

12/19/2022
Date

X _____
ATTORNEY SIGNATURE

12/19/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify

## RETAINER AGREEMENT

I _____ Edward Struzik _____ ("CLIENT") retain
**GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding <u>ROUNDUP</u>. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)   (**client wants to pay all costs** upfront)

Option (b) _____ (initials)   (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

### THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

x Edward A. Struzik
CLIENT SIGNATURE

12/21/2022
Date

x _____
ATTORNEY SIGNATURE

12/21/2022
Date

The signed document can be validated at https://app.vinesign.com/Verify



## RETAINER AGREEMENT

I Estruch, Mark ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) (client wants to pay all costs upfront)

Option (b) ME (initials) (client wants law firm to pay all costs throughout)

I understand and agree that there will be ongoing evaluation of the claim and that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an increase or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcy, tax implications, change in address/phone and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the fee for costs and attorneys' fees. I owe have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

**THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED**

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____  Date 9/13/22
**CLIENT SIGNATURE**

X _____  Date 10/3/2022
**ATTORNEY SIGNATURE**

## RETAINER AGREEMENT

I <u>Suchan, Kelli</u> ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding <u>ROUNDUP.</u> This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be <u>**33 1/3rd percent**</u> which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) (**client wants to pay all costs** upfront)

Option (b) _KS_ (initials) (**client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _Kelli Suchan_
CLIENT SIGNATURE

Date _9/22/22_

X _[signature]_
ATTORNEY SIGNATURE

Date _10/3/2022_

## RETAINER AGREEMENT

I <u>Brown, Deborah</u> ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding <u>ROUNDUP</u>. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) **(client wants to pay all costs upfront)**

Option (b) _DB_ (initials) **(client wants law firm to pay all costs throughout)**

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

x _Deborah Brown_
CLIENT SIGNATURE

_9/14/22_
Date

x _____
ATTORNEY SIGNATURE

_10/3/2022_
Date

**RETAINER AGREEMENT**

I _____ Irene Proctor _____ ("CLIENT") retain **GOLDSTEIN GRECO, P.C.** ("ATTORNEY") for personal injuries and damages regarding <u>ROUNDUP.</u> This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds.   There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time.  Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways:  (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses**.** I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

         Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

         Option (b) _____ (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

**THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED**

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____

CLIENT SIGNATURE

          01/04/2023

          Date

X _____

ATTORNEY SIGNATURE

          01/05/2023

          Date

## RETAINER AGREEMENT

I Frueh, William Charles, Jr. ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials)    **(client wants to pay all costs** upfront)

Option (b) _____ (initials)    **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _William Charles Frueh Jr._                    SEPT 13, 2022
CLIENT SIGNATURE                                Date

X _____                    10/3/2022
ATTORNEY SIGNATURE                              Date

## RETAINER AGREEMENT

I Faso, Alphonso ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) **(client wants to pay all costs** upfront)

Option (b) _✓_ (initials) **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE NO ATTORNEYS FEES OWED AND THERE WILL BE NO COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

X _____
ATTORNEY SIGNATURE

9/12/2022
Date

10/3/2022
Date

## RETAINER AGREEMENT

I Hill, Thomas ("CLIENT") retain GOLDSTEIN GRECO, P.C. ("ATTORNEY") for personal injuries and damages regarding ROUNDUP. This agreement includes all steps reasonably necessary to bring the action to settlement or verdict. The scope of legal services includes: investigation; securing potential witnesses and evidence; gathering relevant medical records, employment records, wage records, educational records and other records; drafting, filing and responding to court documents; selection and retention of experts and investigators as necessary; appearance at court proceedings, depositions and arbitrations; conducting settlement negotiations; preparing for and conducting trial as appropriate; and maintaining appropriate contact with the client. Representation does not include defending client in any cross or counter claim, appellate practice, surrogate's, probate, estate, bankruptcy, tax, financial advice/counseling, workers' compensation, non-recourse lending/funding, health insurance/Medicare/Medicaid lien resolution and Set Aside funds. There is no guarantee of recovery. Medicare/Medicaid, social services, health insurance companies and others may assert liens or rights against any recovery and recovery may affect entitlement to benefits. Required lien resolution may take a considerable period of time. Attorneys may hire outside assistance in evaluating, negotiating and resolving any healthcare, Medicare, Medicaid or other liens, which will be a cost deducted from my recovery.

Attorneys' fees are in accordance with the Laws and Rules of the New York State Appellate Division and shall be **33 1/3rd percent** which may be calculated, at my choosing, in one of two ways: (a) the costs, disbursements and litigation expenses could be paid by me on an on-going basis during the case, in which case the one-third attorneys' fee would be calculated on the net sum recovered after deducting from the amount recovered the costs, disbursements and litigation expenses; or (b) I may choose to have the law firm pay the costs, disbursements and litigation expenses during the life of the case pursuant to Judiciary Law Section 488(2)(d), then the one-third attorneys' fee shall be calculated on the gross sum recovered before deducting costs, disbursements and litigation expenses. I further understand that attorney shall have to right to cease advancing costs, disbursements and litigation expenses at their discretion.

Understanding the above, I choose the following:

Option (a) _____ (initials) **(client wants to pay all costs** upfront)

Option (b) ✕ (initials) **(client wants law firm to pay all costs** throughout)

I understand and agree that there will be ongoing evaluation of the claim and I that if attorney determines that the claim is not valid, feasible, reasonable or practical to prosecute or if an impasse or irreconcilable disagreement develops as to the value of the claim or how the claim should further be prosecuted, attorney shall have the right to withdraw from representation.

I agree to promptly advise attorney of any bankruptcies, lien notifications, change in address/phone, and to secure and maintain all evidence including social media. I understand and agree if there is a change of counsel, attorney I grant attorneys an attorneys' lien on the file for costs and attorneys' fees. I may have the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program.

## THERE WILL BE <u>NO</u> ATTORNEYS FEES OWED AND THERE WILL BE <u>NO</u> COSTS OWED UNLESS A RECOVERY IS OBTAINED

I fully understand this retainer agreement and have had any questions explained to my satisfaction. I have had sufficient time to review this retainer agreement and to reflect upon my choice of counsel.

X _____
CLIENT SIGNATURE

10/9/2022
Date

X _____
ATTORNEY SIGNATURE

10/13/2022
Date