**Garmer & Prather, PLLC**
Jerome P. Prather, Esq. (*pro hac vice*)
141 North Broadway
Lexington, Kentucky 40507
Telephone: (859) 254-9351
Facsimile:  (859) 233-9769
Email: jprather@garmerprather.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
**<u>ELECTRONICALLY FILED</u>**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Adm'r, Kyle A. Murdock, individually, and Mandi L. Murdock v. Monsanto Co.,* Case No. 3:20-cv-01363-VC | **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. KEVIN KNOPF** |

COME the Plaintiffs, the Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Administrator; and Kyle A. Murdock, individually, by counsel, and for their response to Defendant's motion to exclude the opinions and testimony of Dr. Kevin Knopf, hereby state as follows.

**<u>INTRODUCTION</u>**

Plaintiffs have not disclosed Dr. Kevin Knopf as an expert witness nor do they intend to call Dr. Knopf as a witness at trial. Nancy Salas is not a plaintiff in this case. It appears that this motion was incorrectly filed in this case. Therefore, Defendant's motion to exclude the testimony of Dr. Knopf is irrelevant and should be denied. However, if the Court should consider Defendant's motion to exclude Dr. Knopf as any arguments therein relate to Plaintiff's specific causation expert Dr. Schiff, the motion should still be denied because the facts upon which Monsanto relies and arguments Monsanto makes do not relate to this Dr. Schiff's opinions.

Plaintiffs' Response to Defendant's Motion to Exclude Testimony of Dr. Kevin Knopf
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

**BACKGROUND**

Kenzie Murdock was diagnosed with T-cell non-Hodgkin's lymphoblastic lymphoma shortly before her eighteenth birthday. Despite receiving rigorous courses of treatment at Saint Jude Children's Research Hospital, she died ten months after her initial diagnoses, on July 28, 2019. She had been exposed to glyphosate essentially for her entire life on her family's farmland near Murray, Kentucky. From the time she was a toddler, she played in and around the fields where RoundUp products were regularly applied. She rode with her father and applied RoundUp products herself while seated on ATVs around the farm's and residence's non-crop areas.

Plaintiffs disclosed Ron D. Schiff, M.D., Ph.D., in their Rule 26(b)(4) expert witness disclosures. Plaintiffs did not disclose Dr. Kevin Knopf the subject of Monsanto's motion. Dr. Schiff, Plaintiffs' actual expert, is an oncologist and hematologist and disclosed opinions consistent with his expertise. Dr. Schiff opined that Kenzie Murdock's exposure to RoundUp was a substantial factor in causing her to later develop non-Hodgkin's lymphoma. In forming his opinions, Dr. Schiff relied on extensive information, both from Plaintiffs' toxicology expert, William Sawyer, his interviews of Kyle Murdock, and the deposition testimony of Kyle and Mandi Murdock. None of Dr. Schiff's opinions were based upon any information provided to Dr. Schiff by Plaintiffs' counsel.

**ARGUMENT**

**I.      Defendant's motion is not relevant to Plaintiff's case and should be denied.**

Dr. Knopf was not disclosed by Plaintiffs as an expert witness in this case. Plaintiffs do not intend to call Dr. Knopf to testify at trial. As far as Plaintiff's know, Dr. Knopf has never reviewed the facts of Kenzie Murdock's exposure to RoundUp, nor has he reviewed or formed any opinions about Kenzie's diagnosis of non-Hodgkin's lymphoma. Although Monsanto styled

Plaintiffs' Response to Defendant's Motion to Exclude Testimony of Dr. Kevin Knopf
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 2 of 4

its motion on the docket as being for the exclusion of Plaintiffs' oncology expert, Dr. Schiff, it filed a motion seeking exclusion only of Dr. Knopf. Because Dr. Knopf will not testify in Plaintiff's case, Monsanto's motion should be denied as moot.

**II.    Even if the Court construes Defendant's motion against Dr. Schiff, it should still be denied because the Court has previously denied other motions seeking to exclude Dr. Schiff and this case is factually distinct from Defendant's motion.**

If, however, the Court construes Defendant's motion as a motion to exclude Dr. Schiff instead of Dr. Knopf, it should still be denied. This Court has previously upheld the testimony and opinions of Dr. Schiff in other cases within this MDL and the arguments raised in Defendant's erroneously filed motion differ from the facts of this case.

**A.  This Court has allowed the testimony of Dr. Schiff as a specific causation expert.**

This Court has allowed the testimony of Dr. Schiff in other cases in this MDL when it has been challenged by Defendant. In Pretrial Order No. 262, the Court denied Defendant's motion to exclude Dr. Schiff's testimony for the same reasons stated in the Court's earlier Pretrial Order No. 85. Therein, the Court reasoned that Dr. Schiff's testimony was admissible and any challenges are better suited by cross-examination instead of by exclusion. Moreover, the Court has repeatedly instructed that Monsanto not relitigate issues previously ruled upon by the Court. Because this Court has previously ruled in the plaintiffs' favor on a Daubert motion to exclude Dr. Schiff, the Court should deny the motion here as well.

**B.  The facts of this case are distinct from the facts raised in Defendant's motion.**

In Monsanto's motion to exclude Dr. Knopf, it expresses several criticisms of Dr. Knopf that do not apply to this case. To begin with, Monsanto argues that Dr. Knopf failed to account for the plaintiff's actual disease, mantle cell lymphoma ("MCL"). ECF 22, Monsanto Motion to Exclude Knopf, at 1. MCL is a rare subtype B-cell non-Hodgkin's lymphoma. Id. at 6. In this

Plaintiffs' Response to Defendant's Motion to Exclude Testimony of Dr. Kevin Knopf
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 3 of 4

case, Kenzie Murdock was diagnosed with T-cell non-Hodgkin's lymphoblastic lymphoma, not MCL or any B-cell non-Hodgkin's lymphoma. Dr. Schiff offered no opinion on MCL because Kenzie's disease process did not involve MCL. *See* Exh. A, Schiff Depo., at 51-52.

Monsanto later argues that Dr. Knopf did not attempt to quantify the plaintiff's RoundUp exposure, but instead based his conclusions "solely on an 'estimate' given to him by [p]laintiff's counsel." Defendant's Motion to Exclude, ECF No. 22, at 5. Mosanto also notes that Dr. Knopf also did not speak with the plaintiff or any of her family members. Id. at 5-6. Dr. Schiff, on the other hand, did not base his opinions on Kenzie's exposure on any "estimates" provided by Plaintiffs' counsel, but his conclusions were the result of his review of calculations performed by Dr. William Sawyer, which were corroborated by Dr. Schiff's interview with Plaintiff Kyle Murdock. Exh. A, Schiff Depo., at 35-37, 104-05, 155-56.

## CONCLUSION

For all of the reasons stated herein, Defendant's motion to exclude the testimony of Dr. Knopf should be denied.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

BY:   /s/ Jerome P. Prather
Jerome P. Prather, Esq. (*pro hac vice*)
141 North Broadway
Lexington, Kentucky  40507
Telephone:   (859) 254-9352
Facsimile:   (859) 233-9769
Email: jprather@garmerprather.com

Plaintiffs' Response to Defendant's Motion to Exclude Testimony of Dr. Kevin Knopf
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 4 of 4