**Garmer & Prather, PLLC**
Jerome P. Prather, Esq. (*pro hac vice*)
141 North Broadway
Lexington, Kentucky 40507
Telephone: (859) 254-9351
Facsimile:  (859) 233-9769
Email: jprather@garmerprather.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
*<u>ELECTRONICALLY FILED</u>*

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| *Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Adm'r, Kyle A. Murdock, individually, and Mandi L. Murdock v. Monsanto Co.,* Case No. 3:20-cv-01363-VC | |

COME the Plaintiffs, the Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Administrator; and Kyle A. Murdock, individually, by counsel, and for their response to Defendant's motion for summary judgment (ECF No. 21), hereby state as follows.

## ARGUMENT

**I.    This Court has previously ruled that summary judgment is not appropriate for the reasons sought by Defendant.**

Defendant's motion merely incorporates by reference various motions it previously filed, all of which have been denied by this Court in various pretrial orders concerning the issues which are the subject of Defendant's motion. Plaintiffs therefore incorporate by reference any and all responses to Defendant's earlier motions (including any attachments thereto) and the Court's pretrial orders on same. This includes, but is not limited to, these documents filed in the Court's docket:

- Plaintiffs' Response in Opposition to Monsanto's Motion for Summary Judgment on Non-Causation Proof (ECF No. 2479)
- Plaintiffs' Response in Opposition to Monsanto's Motion for Summary Judgment on Non-Causation Grounds (ECF No. 8328)
- Plaintiffs' Response in Opposition to Defendant Monsanto Company's Motion for Summary Judgment on Non-Causation Grounds (ECF No. 12873)
- Plaintiffs' Response in Opposition to Monsanto's Motion for Summary Judgment on Non-Causation Grounds (Wave 2) (ECF No. 12899)
- Plaintiffs' Response in Opposition to Monsanto's Motion for Summary Judgment on Non-Causation Grounds (ECF No. 13883)
- Plaintiffs' Opposition to Monsanto's Motion for Summary Judgment on Non-Causation Grounds (ECF No. 13885)
- Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment (ECF No. 15973)

Plaintiffs further incorporate the following response filed in the action styled *Hardeman v. Monsanto Co.*, Case No. 3:16-cv-00525 (N.D. Cal.)

- Plaintiffs' Response to Monsanto's Motion to Dismiss (ECF No. 27)

**II.   Defendant's *Daubert* motion should be denied because it is irrelevant; and Plaintiffs should be able to present specific causation testimony of their expert witnesses.**

In addition, Plaintiffs incorporate by reference its concurrently filed response to Defendant's Daubert motion to exclude the testimony of Dr. Ron Schiff. As stated in the response, Defendant's motion is irrelevant and should be denied. By denying Defendant's various Daubert motions filed in this case, the testimony of Plaintiffs' specific causation experts will stand; and, thus, Defendant's summary judgment argument is without merit.

**III.   Punitive damages are a jury question, because the conduct necessary to support punitive damages under Kentucky law is merely a matter of degree.**

Under Kentucky law, a jury may impose punitive damages upon a finding of gross negligence as measured by an objective "reasonable person" standard. Kentucky courts have

Plaintiffs' Response to Defendant's Motion for Summary Judgment
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

defined gross negligence as a "wanton or reckless disregard for the safety of other persons." <u>Kinney v. Butcher</u>, 131 S.W.3d 357, 358–359 (Ky. Ct. App. 2004) (citing <u>Phelps v. Louisville Water Co</u>., 103 S.W.3d 46, 52 (Ky. 2003)). Under Kentucky law, gross negligence is merely a higher degree of negligence. *See* <u>Gersh v. Bowman</u>, 239 S.W.3d 567 (Ky. Ct. App. 2007). That standard, a "wanton or reckless disregard for the safety of others," is an apt description of Monsanto's actions that caused Kenzie Murdock's NHL.

In <u>Gersh</u>, Kentucky's intermediate appellate court held that a jury could be instructed on punitive damages when a driver exceeded the speed limit by 24 miles per hour after being warned by a passenger of an upcoming curve, resulting in loss of control of the car and non-fatal injuries to passengers. <u>Id</u>. at 572. The Court was persuaded in part by the fact that Gersh disregarded the safety of other persons, rather than only placing himself in danger. <u>Id</u>. The plaintiff, Bowman, sought punitive damages, claiming that Gersh was grossly negligent in his operation of the automobile. The Circuit Court denied Gersh's motion for partial summary judgment on punitive damages, and deferred until the conclusion of the trial whether Bowman had presented evidence to justify submitting a punitive damage claim to the jury. The jury awarded punitive damages and Gersh moved for a new trial, which the Court denied.

On appeal, Gersh claimed the trial court erred by denying his motion for partial summary judgment as to punitive damages, and that the evidence introduced to support Bowman's punitive damages claim was highly prejudicial. Gersh referenced the language in <u>Kinney v. Butcher</u>, that "nearly all auto accidents are the result of negligent conduct, though few are sufficiently reckless as to amount to gross negligence, authorizing punitive damages." <u>Kinney</u> at 359. The Court of Appeals agreed with <u>Kinney</u> but held that **"[I]f there was any evidence to support an award of punitive damages, [a plaintiff has] a right to have the jury instructed**

Plaintiffs' Response to Defendant's Motion for Summary Judgment
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

**on the option to award punitive damages.**" Id. at 573 (citing Shortridge v. Rice, 929 S.W.2d 194, 197 (Ky. Ct. App. 1996)) (emphasis added). Just as in Gersh, the facts of this case support an instruction on punitive damages; and, therefore, Monsanto's motion for summary judgment should be denied.

By incorporating by reference prior filings and attaching them to this response, Plaintiffs is asserting all arguments raised therein. Plaintiffs maintain the position that Defendant is not entitled to file new motions respecting these witnesses or issues merely because the case may be transferred to the Western District of Kentucky for trial. In any event, Plaintiffs reserve the right to respond to any new motions to exclude that Defendant may file.

## **CONCLUSION**

For all of the reasons stated herein, Defendant's motion for summary judgment should be denied.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

BY:   /s/ Jerome P. Prather
Jerome P. Prather, Esq. (*pro hac vice*)
141 North Broadway
Lexington, Kentucky  40507
Telephone:  (859) 254-9352
Facsimile:   (859) 233-9769
Email: jprather@garmerprather.com