**Garmer & Prather, PLLC**
Jerome P. Prather, Esq. (*pro hac vice*)
141 North Broadway
Lexington, Kentucky 40507
Telephone: (859) 254-9351
Facsimile:  (859) 233-9769
Email: jprather@garmerprather.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
***ELECTRONICALLY FILED***

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Adm'r, Kyle A. Murdock, individually, and Mandi L. Murdock v. Monsanto Co.,* Case No. 3:20-cv-01363-VC | **PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

COME the Plaintiffs, by counsel, and pursuant to Fed. R. Civ. P. 72(a)(1) and Civil L.R. 72-2, hereby objects and moves the Court to set aside the nondispositive pretrial Discovery Order No. 5 (ECF No. 16878; Member case ECF No. 24) of the Magistrate Judge granting Monsanto's motion to compel production of Dr. Sawyer's June 3, 2022, report.

## **INTRODUCTION**

William Sawyer, Ph.D., is Plaintiff's specific causation toxicology expert. Kenzie Murdock grew up on her family's large farm in rural western Kentucky, where she was exposed to Roundup for essentially her entire life. She was diagnosed with Non-Hodgkin's Lymphoma at age 17 and died less than a year later, at age 18. Plaintiff Kyle Murdock identified two experts relevant to the current dispute: Dr. Sawyer, and Ronald Schiff, M.D., an oncologist. Each expert produced a lengthy, detailed report and was later deposed by Monsanto.

On June 22, the Magistrate Judge entered an order granting Monsanto's motion to compel production of Dr. Sawyer's draft report dated June 3, 2022, which was preliminary to the November 11, 2022, report that was provided to Monsanto when Dr. Sawyer was identified as an expert in this case, and an updated report dated February 21, 2023 that was provided to Monsanto in conjunction with Dr. Sawyer's deposition.

Monsanto's basis for its motion to compel the preliminary June 3, 2022, report was that the report had been provided to Plaintiff's oncology expert, Dr. Schiff, and Dr. Schiff had considered a small portion of the information in that report. Plaintiff has offered from the beginning of this dispute to provide Monsanto with the portions of Dr. Sawyer's report that Dr. Schiff considered or relied upon,. However, Dr. Sawyer's draft report 232 pages, plus a 27-page appendix. Dr. Schiff described those portions that he did consider and rely upon. Schiff Depo., ECF No. 27-1, at 36:21-37:9 Those portions of a draft report that are not considered by another expert are entitled to high degrees of protection under the Federal Rules of Civil Procedure.

It was contrary to law to order the production of the <u>entirety</u> of a draft report that was neither considered nor relied upon by any other expert. Therefore, this Court has the authority under Fed. R. Civ. P. 72(a)(1) to modify that order such that Plaintiff is not compelled to turn over those portions of the draft report that are clearly protected by Fed. R. Civ. P. 26.02(b)(4)(C).

## **ARGUMENT**

Discovery of draft reports is the exception to the rule, and is limited to "facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii). Federal courts have construed that provision narrowly. When there is reason to compel the production of a draft report, courts have carefully delineated only those portions of draft reports that are directly discoverable under the Rule to be

Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 2 of 6

produced to an opposing party. Dr. Schiff testified that only a small portion of Dr. Sawyer's June 2022 draft report was relevant to his opinions. Schiff Depo., ECF No. 2701, at 155:11-19. However, since Dr. Schiff did "consider" the facts or data contained in Dr. Sawyer's report that related to Kenzie Murdock's glyphosate exposure, Plaintiff previously offered to provide Monsanto with that portion of the draft report that Dr. Schiff relied on, but not to produce the complete report.

The 232-page report is divided into seven sections. Section 2 is titled "Plaintiff Background Summary" and spans pages 9-30 of the report. Specifically relevant to Kenzie's Roundup exposure are the subsections titled "Roundup Exposure" (pp. 13-26), "Potential confounding exposures" (pp. 26-28), and "Summary of Roundup exposure" (pp. 28-30). That is the only portion of the report that should be produced to Monsanto, though, Plaintiff offered to produce the entirety of Section 2.

The rest of Dr. Sawyer's draft report contains a very detailed review of the literature and application of the literature to Kenzie Murdock's specific exposure. Dr. Schiff testified clearly that he did not consider Dr. Sawyer's data for anything but the actual exposure amounts, which he then confirmed with Kenzie's father:

> Q. Dr. Schiff, did you review that Sawyer report from July 2022 in the course of forming your opinions in this case?
>
> A. I did.
>
> Q. Okay. And is that something that you relied on in forming your opinions?
>
> A. Well, really only with regard to what Dr. Sawyer contributed about exposure. [Discussion of the exact day he received the report omitted.]

Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 3 of 6

> Q. And this preliminary report of Dr. Sawyer that you received on or before June 30th, 2022, that's something that you reviewed and relied on in forming your opinions in this case. [Objection omitted]
>
> A. Well, again – sorry. You know, I - I - I went through it. And I was particularly interested in what Dr. Sawyer had to say about exposure considerations. But, again, those were reviewed in detail and confirmed in my telephone conference with Mr. Murdock along with the other sources of exposure information that I detailed in the first paragraph of the Exposure section, Section Number 6, under Opinions in my report. So all of those sources are cited. They did include but were not limited to Dr. Sawyer's preliminary report. And obviously my report was completed long before my receipt just this week of the revised toxicology report.

Schiff Depo., ECF No. 27-1, at 35-37; see also *id*. at 104-05.

The only information Kyle Murdock could have provided Dr. Sawyer was the information included in section 2: how many acres the farm was, what types of tractors they used, how many days and hours per day Kenzie was involved in spraying glyphosate, etc. The fact that <u>all</u> of the information Dr. Schiff considered from Dr. Sawyer's report was corroborated in his interview with Kyle Murdock is conclusive proof that Dr. Schiff considered only Dr. Sawyer's recitation of Kenzie's factual exposure, and did not consider Dr. Sawyer's separate scientific analysis and application of that data in forming Dr. Schiff's own opinions.

The policy of protecting draft reports from disclosure is strong. Fed. R. Civ. P. 26(b)(4)(B). When a portion of a draft report may be discoverable, courts have permitted disclosure only of portions of draft reports containing facts and data the expert actually considered in forming his or her opinions. *See Republic of Ecuador v. Mackay*, 742 F.3d 860, 870-71 (9th Cir. 2014). In another MDL case, *In re Cook Med., Inc. IVC Filters Mktg, Sales Pracs. & Prods. Liab. Litig.*, Case No. 1:14-ml-2570-RLY- TAB, 2018 WL 6113466, at *4 (S.D. Ind. Nov. 21, 2018), the court held opposing counsel was "only entitled to the facts and data [the expert] considered and

Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 4 of 6

the assumptions [the expert] relied on" in forming his opinions. The court in *In re Cook Med.* held that "[r]equiring a party to produce more would directly contravene the purpose of the 2010 amendments to Rule 26." *Id.*

The Magistrate Judge's order seems to assume that if the entire report was provided to Dr. Schiff, he must have "considered" the entire report. That is not a logical assumption for a 232-page report. The only testimony in the record is a question about whether Dr. Schiff received and reviewed the draft report. (Magistrate Judge's order at 2; Schiff Depo., ECF No. 27-1, at 35:17–20.) Dr. Schiff was never asked if he read the entirety of the report. Monsanto asked Dr. Schiff whether he reviewed all of Dr. Sawyer's updated report, and Dr. Schiff testified unequivocally that he did not. (Schiff Depo., ECF No. 27-1, at 156:2-8) ("I don't think anybody could – could claim that three and a half hours was sufficient for a comprehensive review of the 309-page document.") Because Dr. Schiff considered only portions of Dr. Sawyer's preliminary report about factual exposure that could be corroborated by Kyle Murdock, Plaintiff should only be required to produce Section 2 of Dr. Sawyer's draft report.

## CONCLUSION

Because there is no evidence that Dr. Schiff reviewed the entirety of Dr. Sawyer's draft report, and because the evidence clearly indicates which portion of the report Dr. Schiff did consider when forming his opinion, the Magistrate Judge's order was clearly erroneous and contrary to law. This motion should be granted, sustaining Plaintiff's objection. Plaintiff should be required to produce to Monsanto only Section 2 of Dr. Sawyer's draft report, and not the portions that he did not consider or rely upon.

Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 5 of 6

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | ATTORNEYS FOR PLAINTIFF |
| 3 | BY:  /s/ Jerome P. Prather |
|   | Jerome P. Prather, Esq. (*pro hac vice*) |
| 4 | 141 North Broadway |
|   | Lexington, Kentucky  40507 |
| 5 | Telephone:  (859) 254-9352 |
|   | Facsimile:  (859) 233-9769 |
| 6 | Email: jprather@garmerprather.com |

Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC