# EXHIBIT 8



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

May-17-2018  3:24 pm

Case Number: CGC-16-550128

Filing Date: May-17-2018 3:23

Filed by:  DANIAL LEMIRE

Image: 06341189

ORDER

## DEWAYNE JOHNSON VS. MONSANTO COMPANY ET AL

001C06341189

**Instructions:**
Please place this sheet on top of the document to be scanned.

**FILED**

San Francisco County Superior Court

MAY 1 7 2018

CLERK OF THE COURT

BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DEWAYNE JOHNSON, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY, ET AL.<br><br>Defendants. | Case No. CGC – 16-550128<br><br>**ORDER ON (1) MONSANTO'S OMNIBUS *SARGON* MOTION; (2) MONSANTO'S MOTION FOR SUMMARY JUDGMENT; (3) PLAINTIFF'S OMNIBUS *SARGON* MOTION; (4) PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** |

Plaintiff Dewayne Johnson brought this products liability action against Monsanto alleging he contracted non-Hodgkin lymphoma (NHL) as a result of his exposure to glyphosate, which is contained in Monsanto's herbicides such as Roundup®.  Complaint ¶¶ 74-75. Five motions are presently before me:  (1) Monsanto's Motion to Exclude Johnson's Experts; (2) Monsanto's Motion for Summary Judgment or Summary Adjudication; (3) Johnson's Motion to Exclude Improper Opinions of Monsanto's Experts; (4) Johnson's Motion for Summary Adjudication; and (5) Johnson's Motion for Judicial Notice.

I heard argument May 10, 2018.

**I.      Requests for Judicial Notice and Evidentiary Issues**

These rulings apply only to the motions decided in this order, and not to the trial.

clinical manifestation." *Id.* Dr. Kuzel also explained that a 1 cm. mass contains about one

billion cells, and that it would likely take multiple years to go from single cells to hundreds of

millions. *Id.* At deposition, Dr. Kuzel testified that he has "no comment about latency period in

specifics of glyphosate and non-Hodgkin's lymphoma. I have specifics about latency in

general," explaining that this was because "there is no link to glyphosate in non-Hodgkin's

lymphoma so there is no way to calculate what the latency period would be" so it is "hard to

speculate on latency periods. But latency periods for carcinogens are in general long, years."

*Id.*, Ex. B at 105:18-24, 139:21-140:20. Dr. Kuzel did state that he would not consider it

possible that glyphosate caused mycosis fungoides unless, in the absence of a fairly prolonged

exposure, the exposure had been five to ten years prior. Edwards Decl., Ex. 15 at 145:2-13.

Johnson argues that Dr. Kuzel's latency opinions should be excluded because he did not

employ any methodology to reach them. Motion, 3-4. In opposition, Monsanto focuses on

testimony from Johnson's experts that it views as consistent with Dr. Kuzel's latency opinions

and his discussion of the amount of time it takes for tumors to grow. Opposition, 3-4.

Dr. Kuzel's deposition testimony reveals that his opinion on latency periods relating to

*Johnson's* specific mycosis fungoides is speculative, and it is excluded on that basis. Dr. Kuzel

himself states that it is "hard to speculate on latency periods" and offers nothing to support his

opinion except generalities about cell reproduction. *Sargon*, 55 Cal.4th at 771. But Dr. Kuzel

does have sufficient expertise to discuss latency generally.

### iii.     Noncompliance with Treatment Recommendations

Dr. Kuzel opines that Johnson's condition "may have been exacerbated by his

inconsistent compliance with and refusal of some treatments." Hoke Decl., Ex. A at 5. At

deposition, Dr. Kuzel testified that it is impossible for him to know whether Johnson's condition

was exacerbated because he cannot observe what would have happened if Johnson had received the treatments he missed. *Id.*, Ex. B at 159:9-161:16. Dr. Kuzel also testified that a question about one specific missed treatment would be better directed to the treating physician. *Id.*, Ex. B at 160:22-161:12.

As Monsanto aptly describes Johnson's motion, "Because Dr. Kuzel could not say for sure whether noncompliance hurt Plaintiff, Plaintiff now moves to prevent him from saying that it may have." Opposition, 4-5.

The argument here is similar to Johnson's implicit position as to Dr. Kuzel's opinion as to other factors associated with mycosis fungoides. As was the case there, the motion to exclude Dr. Kuzel's opinion is denied. Dr. Kuzel's opinion is based on subject matter within his expertise.

### c.   Benefits of Glyphosate

Johnson seeks an order excluding the opinion of Dr. Kassim Al-Khatib. Proposed Order, 1. Johnson's motion is based solely on relevance and duplicative of a motion in limine. Motion, 8; Opposition, 7-8. The pertinent motion in limine was denied. *See* April 3, 2018 Order, 3. In Johnson's reply brief, which followed denial of the motion in limine, Johnson made no mention of Dr. Al-Khatib's opinion. Reply, 10 (requesting only exclusion of opinions of Drs. Kuzel, Mucci, and Rider). For the reasons alluded to in my order denying the motion in limine, some portions of Dr. Al-Khatib's opinion may be relevant. April 3, 2018 Order, 3:10-15. Whether or not the request has been abandoned, the motion to exclude Dr. Al-Khatib's opinion as irrelevant is denied.

of 2002), Ex. 19 (introduced to show the Monsanto's employee believed it was inappropriate to say that Roundup does not cause cancer because Monsanto had not done carcinogenicity studies with Roundup as of 2009), Ex. 21 (introduced as evidence that Monsanto had a practice of ghostwriting scientific literature about glyphosate in and around 2015), Ex. 22 (introduced as evidence that Monsanto ghost wrote scientific literature about glyphosate as far back as 1999), Ex. 24 (introduced as evidence of Monsanto's sponsorship of literature for the purpose of defending products liability claims regarding glyphosate in 2012), Ex. 25 (introduced to show that Monsanto calculated the benefits of securing certain experts to lend credibility to their sponsored studies in 2012).

Thus there are triable issues of material fact and I must deny the motion.

**Summary and Conclusion**

(1) Monsanto's Omnibus *Sargon* Motion:  I exclude (A) Dr. Portier's pooling analysis and any conclusions that depend on it; (B)  Dr. Sawyer's water permeability test and cancer slope opinions; (C)  Dr. Benbrook's testimony as listed above (6 topics); (D) Mills' opinion as to Johnson's total lost income assuming employment until two years before his life expectancy, unless and until evidence that Johnson would have worked until two years before his life expectancy is offered. Otherwise the motion is denied.

(2)  Johnson's Omnibus *Sargon* Motion: I exclude (A) Dr. Rider's opinion that the epidemiological evidence precludes the conclusion that there is a causal relationship between glyphosate exposure and NHL (assuming she intends to express such an opinion); (B)  Dr. Kuzel's mycosis fungoides latency opinion, although Dr. Kuzel may opine generally as to latency for cancers.  Otherwise, the motion is denied.

1  (3)  Monsanto's motions for summary judgment and adjudication: these are denied.

2  (4)  Johnson's motion for summary adjudication: this is granted.

3

4

5  Dated: May **16**, 2018

   _____
   Curtis E.A. Karnow
6  Judge Of The Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On **MAY 17 2018**, I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated: **MAY 17 2018**

T. Michael Yuen, Clerk

By: _____
DANIAL LEMIRE, Deputy Clerk