# EXHIBIT 9

```
                                                              Page 155
 1    IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
                       CIRCUIT
 2       IN AND FOR BROWARD COUNTY, FLORIDA

 3

      RICHARD WYZIK, et al.,
 4
                 Plaintiffs,
 5                                      CASE NO.
            -against-                   CACE21-002871
 6
      MONSANTO COMPANY,
 7
                 Defendant.
 8


 9

10              JURY TRIAL (IN COURT)
                         AND
11            MOTION HEARING (VIA ZOOM)

12            Broward County Courthouse
                 201 SE 6th Street
13          Fort Lauderdale, Florida 33301

14                  10/27/2022
                  9:48 a.m. (EDT)
15                  VOLUME 2
                 PAGES 155 - 291
16

17

18

19

20   BEFORE:  THE HONORABLE PATTI ENGLANDER
     HENNING, PRESIDING
21

22

23

24   REPORTED BY:  AMANDA GORRONO, CLR
     CLR NO. 052005-01
25   JOB NO. 218985
```

Page 156

```
 1  A P P E A R A N C E S
 2  ON BEHALF OF PLAINTIFFS RICHARD WYZIK, et al.:
 3    Juan Bauta, Esquire
      Daniel DiMatteo, Esquire
 4    The Ferraro Law Firm
      600 Brickell Avenue
 5    Miami, Florida 33131
 6
 7
 8
 9
10
11
12
    ON BEHALF OF DEFENDANT MONSANTO COMPANY:
13
      Anthony Upshaw, Esquire
14    McDermott Will & Emery
      333 Avenue of the Americas
15    Miami, Florida 33131
16
17
18  COCOUNSEL ON BEHALF OF DEFENDANT MONSANTO
    COMPANY:
19
      Pamela Yates, Esquire
20    Arnold & Porter
      777 South Figueroa Street
21    Los Angeles, California 90017
22
23
24
25
```

Page 157

```
                    I N D E X
                                                PAGE
JURY TRIAL - PROSPECTIVE JUROR HARDSHIPS        158
(CONT'D)
(IN COURTHOUSE)
                                                209
MOTION HEARING (VIA ZOOM)
```

Page 158

```
 1       THE COURT CLERK:  Panel is
 2  entering.
 3       (Prospective Jurors entering.)
 4       THE BAILIFF:  All accounted for,
 5  Your Honor.
 6       THE COURT:  Thank you.
 7       You-all may be seated.
 8       MR. BAUTA:  Thank you, Judge.
 9       THE COURT:  Good morning, ladies
10  and gentlemen.  I think it will be
11  easier if I do two things.  One, if I
12  take my mask off to be able to speak
13  with you, you'll hear me more clearly.
14  Number two, if I stand up, I think it
15  will be a better visual between me and
16  you, so I will do both.  However, I do
17  want you to know that the choice of
18  wearing a mask is yours.
19       If you wish to have a mask and
20  don't have one with you at this time,
21  we do have masks to provide for you.
22  I will tell you that they are not the
23  N95s or the KN95s, because when the
24  court ordered them, it was early on in
25  COVID when they were telling us paper
```

Page 159

```
 1  masks were okay.  That's what we have,
 2  but I will provide you with two of
 3  them if you have concerns so you can
 4  double mask if you wish to.
 5       But again, that choice is yours,
 6  I will just ask that you please
 7  provide courtesy to whatever choice
 8  anybody has decided to make.
 9       It was no doubt, I'm sure, that
10  you noticed when you were downstairs
11  that all of you came up into this
12  courtroom, that you have all been
13  called for this trial, that I'm going
14  to be having here.
15       What I would like to do is
16  introduce myself to you, tell you a
17  little bit of what the process is
18  going to be.  My name is Judge Patti
19  Englander Henning.  I am a circuit
20  judge here in Broward County and
21  that's also the 17th Judicial Circuit
22  We are in divisions and I sit in the
23  Complex Civil Division.  As the name
24  sounds, it is hearing cases that are
25  more complex either because of the
```

Page 220

```
 1       MR. UPSHAW:  So taking that one
 2  down, we're done with that one.  So
 3  that was No. 8.
 4       So we can start back at the top
 5  of the list because I thought those
 6  were the ones that were easy.  Let's
 7  start back at the top of the list,
 8  Your Honor, with Plaintiffs' motion to
 9  exclude Dr. McElroy.
10       MR. BAUTA:  So, Judge,
11  Dr. McElroy has a Ph.D.  If you read
12  our papers, in basically weed science.
13  And I don't have a problem with him
14  talking about things that are within
15  his expertise.
16       But the depositions have
17  revealed that he also wants to talk
18  about licensing requirements in
19  Florida, about what information
20  Mr. Wyzik would have gained through
21  these licensing requirements even
22  though he himself is not licensed in
23  Florida.  He's not part of the
24  regulatory scheme in Florida.  He's
25  got no information about that other
```

Page 221

```
 1  than having read the initial statute.
 2       He has not reviewed the
 3  materials that are provided by Florida
 4  for licensing and so as a result of
 5  that, he should not be allowed to just
 6  get up there and say, well, this is
 7  what's required in the Florida and
 8  this is what the licensing scheme is
 9  and this is what this would have done
10  for Mr. Wyzik, what information
11  Mr. Wyzik should have gleaned from it.
12       He can certainly talk about that
13  Roundup works and how it works on a
14  weed, but that's it.  That's his
15  background.  He's not a lawyer, a
16  regulator.  He's not someone that's
17  done anything other than deals with
18  people in landscaping and in golf
19  courses about how to manage weeds.
20       MR. MEYERS:  Good afternoon.
21  This is Daniel Meyers on behalf of
22  Monsanto.  We're just working through
23  some sound to make sure that there's
24  not an echo.
25       MR. BAUTA:  We hear you fine, if
```

Page 222

```
 1  that's what you're concerned about.
 2       MR. MEYERS:  Okay.  Is there not
 3  an echo?
 4       THE COURT:  Not one that bothers
 5  us.
 6       MR. MEYERS:  I will keep going
 7  then.
 8       Hearing Mr. Bauta, it sounds
 9  like the only thing that he raised
10  just now is whether or not Dr. McElroy
11  can offer an opinion that Mr. Wyzik
12  and Greener Image did not have a
13  license.
14       I would like to note that was
15  not raised in a motion of limine or in
16  their Daubert motion.  It was actually
17  raised in a motion in limine and it
18  was Motion in Limine No. 13 that the
19  Court denied back on July 20th.  So
20  I'm a little surprised to be hearing
21  that argument now.
22       To remind the Court, Dr. McElroy
23  is going to simply be informing the
24  jury that there are licensing
25  requirements in Florida for certain
```

Page 223

```
 1  pesticides and the reason for those
 2  are so that licensed users of the
 3  chemicals such as Roundup have proper
 4  training about the chemicals, they
 5  learn about how to use them, they
 6  learn about safety precautions, PPE.
 7       He is -- nobody is going to be
 8  claiming that Mr. Wyzik violated the
 9  law or anything that he would need a
10  legal degree for.
11       So the fact that it wasn't
12  raised in their Daubert motion and
13  that the Court already denied this
14  motion in limine, we think that
15  Mr. Bauta's request today should be
16  denied.
17       MR. BAUTA:  Judge, I think the
18  issue on --
19       MR. MEYERS:  Mr. Bauta, you're
20  on mute.  We can't hear you.  I'm
21  sorry.  I apologize.  One second.
22  There we go.
23       MR. BAUTA:  Okay.  Are we good?
24       MR. MEYERS:  We're good.
25       MR. BAUTA:  Now the echo is
```

Page 224

1  there.
2       MR. MEYERS:  I'll go on mute.
3       THE COURT:  Right.
4       MR. BAUTA:  Judge, I think when
5  you, to the extent we addressed this
6  before, you had mentioned that you
7  didn't know how he was going to be
8  able to talk about licensing from an
9  evidentiary standpoint, and if that's
10 what we're going to do, then let's see
11 what happens when they put him on the
12 stand.
13      THE COURT:  Okay.
14      MR. UPSHAW:  All right.  Judge,
15 the next one, which is the Plaintiffs'
16 request for judicial notice, with the
17 Court's permission, I would like to
18 move that to the end.  The gentleman,
19 Mr. Soriano, who is going to argue
20 that, is actually on his way here from
21 the airport -- he should be here about
22 the time that we finish these up.
23      So we agree to No. 3.  The next
24 one is No. 4, which is Plaintiffs'
25 Motion in Limine No. 15, improper

Page 225

1  bolstering.
2       MR. BAUTA:  Judge, this is a
3  motion that's really just designed to
4  have a conversation about the rules in
5  Florida because the depositions that
6  Monsanto wants to use in this case
7  that have been taken in other
8  jurisdictions do a great amount of
9  bolstering of experts.  They have
10 witnesses that basically go through on
11 direct the various studies that have
12 addressed the glyphosate issue in
13 great detail.  And that would be
14 improper in Florida.
15      As the Court knows, Florida's
16 rule on bolstering is different than
17 the federal rule is different than
18 what you have in a lot of states.  And
19 so when you have these depositions
20 that are being imported from these
21 jurisdictions that allow bolstering,
22 it creates an issue.
23      And so one of the things that's
24 been going on is we've been trying to
25 work out our page and line

Page 226

1  designations.  But, obviously, when
2  witnesses go on in a very detailed
3  analysis of a study to support their
4  opinions that, that Roundup doesn't
5  cause cancer or any other disease,
6  then that creates a problem.  And so
7  we haven't been able to work those out
8  in deposition because of this, in my
9  opinion, misunderstanding of how
10 bolstering works in Florida.
11      And so rather than fight it out
12 in a small, in lots of little battles
13 we did a motion in limine, just to
14 have a conversation about bolstering.
15      THE COURT:  Okay.  Who's got
16 this one?
17      MS. FILIPPAZZO:  Good afternoon,
18 Your Honor.
19      MR. BAUTA:  Oh, that's really
20 bad.
21      MS. FILIPPAZZO:  This is
22 Jennifer --
23      THE COURT:  Yeah.  You have to
24 be on.
25      MS. FILIPPAZZO:  Okay.  Good

Page 227

1  afternoon, Your Honor.
2       THE COURT:  They have to be off.
3  They have to mute.
4       MS. FILIPPAZZO:  Sorry, Judge.
5  Bear with us a second.
6       Thank you.  Sorry about that,
7  Your Honor.
8       Good afternoon.  Jennifer
9  Filippazzo for Defendant Monsanto.
10      Your Honor, we agree with
11 Claimants.  We understand the
12 bolstering rule in Florida.  Where
13 there is a disagreement is the actual
14 application of how it is to be taken
15 care of and addressed at trial.  And
16 that's where the disconnect occurs.
17      And Mr. Bauta named some
18 depositions, and we have been trying
19 to work with counsel to go through
20 those deposition transcripts for --
21 the first witness I will use for
22 example is William Haydens.
23      William Haydens is not an
24 expert.  He is actually a fact
25 witness.  He was deposed in his

Page 288

1  MR. BAUTA:  Okay.  I'll take a
2  look at Mr. Kay.  Do I have his -- do
3  I have his questionnaire?
4  MS. YATES:  Yes.  You have all
5  of these nine people, our
6  questionnaires on panels one through
7  four.
8  MR. BAUTA:  Okay.
9  MS. YATES:  We are now hastily
10  going through the panel from this
11  morning.
12  MR. BAUTA:  Okay.
13  MS. YATES:  And if I see any I
14  think we might agree on, we'll get
15  those to you immediately.
16  MR. BAUTA:  Okay.
17  MS. YATES:  Thank you, Your
18  Honor.
19  MR. BAUTA:  Thanks, Judge.
20  THE COURT:  Okay.  Sounds good.
21  We'll see you tomorrow morning.
22  We've got the jurors coming at
23  9:00.  It's going to take a while to
24  get them set up.
25  Matthew, do me a favor and

Page 289

1  shuffle the cards so that that's done.
2  And anybody who is a no-show, we will
3  fill in.
4  THE COURT CLERK:  So if, let's
5  say, No. 10 doesn't show up, we'll
6  move someone from the back?
7  THE COURT:  Right.  You will
8  already have them done and just put in
9  a different -- the next person or
10  something and move them along.  Or if
11  you've already made up the list, just
12  put in the name so we've got a full
13  group.
14  MR. UPSHAW:  Your Honor, we'll
15  get the list tomorrow morning?
16  THE COURT:  Yes.
17  MR. UPSHAW:  In order, right,
18  one two, three, four, five.
19  THE COURT:  And, Matthew, if you
20  call me back, do you want to check the
21  messages off the phone from her?  I
22  don't know how to do it from here.
23  THE CLERK:  Yeah.  I can do
24  that, Judge.
25  I think I just need the pass

Page 290

1  code.
2  THE COURT:  I'll give you her
3  code.  All right.  Then we'll see
4  you-all tomorrow.
5  (Adjourned at 5:19 p.m. until
6  October 28, 2022, at 9:00 a.m.)

Page 291

1  CERTIFICATE OF SHORTHAND REPORTER
2  NOTARY PUBLIC
3  I, Amanda Gorrono, the officer
4  before whom the foregoing trial was
5  taken, do hereby certify that the
6  foregoing transcript is a true and
7  correct record of the testimony given;
8  that said testimony was taken by me
9  stenographically and thereafter
10  reduced to typewriting under my
11  direction; and that I am neither
12  counsel for, related to, nor employed
13  by any of the parties to this case and
14  have no interest, financial or
15  otherwise, in its outcome.
16  IN WITNESS WHEREOF, I have
17  hereunto set my hand this 27th day of
18  October, 2022.
19
20  *Amanda Gorrono*
21
22  AMANDA GORRONO, CLR
    CLR NO:  052005 - 01
23  Notary Public in and for the State of New
    York
24  County of Suffolk
    My Commission No.  01G06041701
25  Expires:  01/07/2023