**Exhibit "1"**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

_____

This document relates to:

NANCY SALAS v. MONSANTO COMPANY;
BAYER CORPORATION; BAYER AG;
ANDREW JACK CONROY; HOME DEPOT
U.S.A, INC.; KLI SHELL LUMBER &
HARDWARE, LLC; and ORLANDO VALDES.

Case No.: 3:21-cv-06173-VC

_____/

MDL No. 2741
Case No.: 3:16-md-02741-VC

# PLAINTIFF'S RULE 26 SPECIFIC CAUSATION EXPERT DISCLOSURES

Plaintiff, Nancy C. Salas, ("Ms. Salas") by and through undersigned counsel and pursuant to this Court's Order Granting Motion for Extension of Expert Discovery Deadlines in Wave 4 (D.E. 14763) dated April 12, 2022, as well as Fed. R. Civ. P. 26(a)(2), provides the following Disclosure of Case Specific Expert Witnesses and persons who may provide expert testimony specific to Plaintiff's case pursuant to Rule 702 of the Federal Rules of Evidence. Plaintiff's disclosure of case specific expert witnesses is subject to the following reservation of rights:

1. The right to supplement or amend this witness list based upon any rulings of the Court or any other decisions that might affect the scope of evidence in this trial.

2. The right to withdraw the designation of any expert prior to testimony, and positively aver that such previously designated will not be called as a witness to trial.

3. The right to amend or supplement expert opinions based on additional discovery including updated medical records, deposition testimony, medical literature, or scientific studies.

4. The right to amend or supplement the references considered and/or relied upon by Plaintiffs' designated experts in order to address newly available information or literature.

5. The right to elicit expert testimony at trial from any qualified person, including Plaintiff's treating health care providers, as permitted under the applicable rules of evidence and procedure.

6. Plaintiffs' expert witnesses, as identified below, may testify about their skill, knowledge, experience, training, and education in their respective fields, the relevant medical and scientific literature, the techniques and methods in their field of practice, and the description and nature of their practice. They may testify about their publications, presentations, research, and all matters detailed in their respective curriculum vitae. They may testify based on facts or data perceived by or made known to them at or before trial that have been properly disclosed under the applicable rules of evidence and procedure. They may employ demonstrative and visual aids.

7. Plaintiffs reserve the right to offer supplemental expert opinions based on updated or new information relative to the litigation. Plaintiffs reserve the right for their expert witnesses to update the literature upon which the witness rely in support of their opinions.

8. Plaintiffs incorporate all prior reports, if any, the experts have issued in MDL 2741 or any other state or federal litigation.

9. By identifying the expert witnesses named below, Plaintiffs do not intend to waive any objections to deposition testimony, exhibits, or other evidence or argument. Plaintiffs reserve the right to call and elicit testimony from any and all of Defendant's current or former employees who have been disclosed as witnesses and/or offered testimony and/or have been identified in discovery.

10. Plaintiffs reserve the right to call and elicit testimony at trial from any and all of Defendant's retained or non-retained expert witnesses.

### PLAINTIFF'S CASE-SPECIFIC EXPERT DESIGNATIONS

1) **Kevin B. Knopf, MD, MPH**
   **Highland Hospital Hematology and Oncology**
   **1411 E. 31st Street**
   **Oakland, CA 94602**

Dr. Knopf's opinions will encompass the areas of oncology, hematology, genotoxicity and epidemiology. Dr. Knopf is expected to testify based on his review of the evidence in this matter including, but not limited to, the Plaintiff's medical records and documents produced in response to discovery requests and during depositions. In addition, he will testify based on his education, training, and experience.

Dr. Knopf will testify on issues of specific causation regarding whether exposure to glyphosate and/or glyphosate-based formulated products was a substantial factor contributing to Plaintiff Nancy Salas developing non-Hodgkin's lymphoma, specifically, Mantle Cell Non-Hodgkin's Lymphoma.

Dr. Knopf's hourly rate is $500.00. Dr. Knopf has not been deposed with respect to his specific causation opinions being offered in this case. Plaintiff hereby incorporates by reference, Dr. Knopf's expert report and curriculum vitae which will be provided to counsel electronically.

As discovery is ongoing, Plaintiff reserves the right to supplement this disclosure. Dr. Knopf may also opine on other matters depending on the disclosures submitted by the Defendants and will offer rebuttal of the Defendants' experts' testimony.

2) **William R. Sawyer, Ph.D.**
   **Toxicology Consultants & Assessment Specialists, LLC**
   **6450 Pine Avenue**
   **Sanibel, FL 33957**

Dr. Sawyer's opinions will encompass the area of forensic toxicology. Dr. Sawyer is expected to testify based on his review of the evidence in this matter including, but not limited to, the Plaintiff's medical records and documents produced in response to discovery requests and during depositions. In addition, he will testify based on his education, training, and experience.

Dr. Sawyer will testify on issues of specific causation and will testify regarding forensic toxicology and environmental risk assessment of Roundup usage, evaluation of the chronicity and amount of Roundup exposure, how personal protective gear affects the amount of exposure, and epidemiological factors.

Dr. Sawyer's hourly rate is $785.00. Dr. Sawyer has not been deposed with respect to his specific causation opinions being offered in this case. Plaintiff hereby incorporates by reference Dr. Sawyer's expert report and curriculum vitae which will be provided to counsel electronically.

As discovery is ongoing, Plaintiff reserves the right to supplement this disclosure. Dr. Sawyer will also opine on other matters depending on the disclosures submitted by the Defendants and will offer rebuttal of the Defendants' experts' testimony.

    **3) John A. Swiger, Ph.D.**
       **411 SW 24th Street**
       **San Antonio, Texas 78207**

Dr. Swiger's opinions will encompass the areas of economic and financial analysis regarding the determination of Plaintiff's economic damages, lost earning capacity, present value of that loss, and future earnings determination.

Dr. Swiger is expected to testify based on specific causation regarding his review of the evidence in this matter including, but not limited to, the Plaintiff's financial records, medical bills, and documents produced in response to discovery requests and during depositions. In addition, he will testify based on his education, training, and experience.

Dr. Swiger's hourly rate is $325.00. Dr. Swiger has not been deposed with respect to his specific causation opinions being offered in this case. Plaintiff hereby incorporates by reference, Dr. Swiger's expert report and curriculum vitae which will be provided to counsel electronically.

As discovery is ongoing, Plaintiff reserves the right to supplement this disclosure. Dr. Knopf may also opine on other matters depending on the disclosures submitted by the Defendants and will offer rebuttal of the Defendants' experts' testimony.

## PLAINTIFF'S GENERAL CAUSATION EXPERTS

Plaintiff Nancy Salas further incorporates by reference the general causation and other expert reports served by Plaintiffs' lead counsel in connection with Waves 1, 2, 3, and 4, and reserve the right to call the author of any such report as an expert witness at trial.

Dated:  June 23, 2022

Respectfully submitted,

**PODHURST ORSECK, P.A.**
Counsel for Plaintiff
One Southeast 3rd Avenue, Suite 2300
Miami, Florida 33131
(305) 358-2800 / Fax (305) 358-2382


By:  */s/ Steven C. Marks*
      STEVEN C. MARKS
      Fla. Bar No. 516414
      smarks@podhurst.com
      KRISTINA M. INFANTE
      Fla. Bar No. 112557
      kinfante@podhurst.com
      PABLO ROJAS
      Fla. Bar No. 1022427
      projas@podhurst.com


**CERTIFICATE OF SERVICE**

    WE HEREBY CERTIFY that on this 23rd day of June, 2022, a true and correct copy of the foregoing was served upon the below parties via electronic mail:

Anthony R. Martinez, Esq.
Kirk F. Marty, Esq.
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550
amartinez@shb.com
kmarty@shb.com
*Attorneys for Defendant, Monsanto Company*


By:  */s/ Steven C. Marks*