**SHOOK HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 770022926
Telephone: (713) 2278008
Facsimile: (713) 2279508
Email: jstubbs@shb.com

*Attorneys for Defendant*
*BAYER CORPORATION*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No.:  3:16-md-02741-VC |
| *David Lubischer and Ronda Lubischer, his wife, v. Monsanto Co., et al.* Case No. 3:23-cv-02962-VC | |

## BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below. Bayer Corporation denies – and objects to – allegations by plaintiffs that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.     Bayer Corporation admits that plaintiffs purport to bring this action but denies any liability to plaintiffs.

2.     The allegations in paragraph 2 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Bayer Corporation admits the allegations in paragraph 2 based upon the allegations in plaintiffs' Complaint.

3.     The allegations in paragraph 3 set forth conclusions of law for which no response is

required.

4.    The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5.    The allegations in paragraph 5 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, the allegations in paragraph 5 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

6.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore denies those allegations.

7.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 and therefore denies those allegations.

8.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.

9.    The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.

10.    In response to the allegations in paragraph 10, Bayer Corporation admits that it is an Indiana corporation with its principal place of business in New Jersey

11.    Bayer Corporation admits that it is authorized to do business in Pennsylvania. The remaining allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

12.    The allegations in paragraph 12 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

13.    The allegations in paragraph 13 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

14.    In response to the allegations in paragraph 14, Bayer Corporation admits that it is an indirect, wholly owned subsidiary of Bayer AG. The remaining allegations in of paragraph 14 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is

required for these allegations.

15.    The remaining allegations in of paragraph 15 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

16.    The allegations in the first sentence of paragraph 16 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation denies the remaining allegations in paragraph 16 and denies – and object to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants.

17.    Bayer Corporation denies the allegations in paragraph 17.

18.    Bayer Corporation admits that it is authorized to do business in Pennsylvania. The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.    The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.    The allegations in paragraph 20 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21.    Bayer Corporation denies the allegations in paragraph 21.

22.    The allegations in the first sentence of paragraph 22 set forth conclusions of law for which no response is required.  Bayer Corporation denies the remaining allegations in paragraph 22.

23.    Bayer Corporation denies the allegations in paragraph 23.

24.    The allegations in of paragraph 24 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

25.    In response to the allegations in paragraph 25, Bayer Corporation admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 25 are vague and ambiguous and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and denies that Roundup®-branded products pose dangers to health and safety. To the extent that allegations in paragraph 27 are directed at a defendant other than Bayer Corporation, no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Petition's second-numbered paragraph 27 and therefore denies those allegations.

28.     Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and denies that Roundup®-branded products pose dangers to health and safety. To the extent that allegations in paragraph 28 are directed at a defendant other than Bayer Corporation, no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Petition's second-numbered paragraph 28 and therefore denies those allegations.

29.     Bayer Corporation denies the allegations in paragraph 29.

30.     The allegations in of paragraph 30 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

31.     The allegations in the first and last sentences of paragraph 31 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Bayer Corporation denies the allegations in paragraph 32.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of numbered paragraph 34 and therefore denies those allegations. The remaining allegations in paragraph 34 set forth conclusions of law for which no

4

response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.     The allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.     The allegations in the second sentence paragraph 40 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations paragraph 40 and therefore denies those allegations.

41.     The allegations in paragraph 41 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

42.     The allegations in the first sentence of paragraph 42 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in numbered paragraph 43 and therefore denies those allegations.

44.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Petition's second-numbered paragraph 44 and therefore denies those allegations.

45.     The allegations in the first sentence of paragraph 45 are directed at a defendant other

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.    The allegations in paragraph 46 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

47.    The allegations in paragraph 47 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

48.    The allegations in the first, third, and fourth sentences of 48 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.    The allegations in the first and second sentences of paragraph 49 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the paragraph 49 and therefore denies those allegations.

50.    The allegations in the first and second sentences of the paragraph 50 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies those allegations.

51.    The allegations in the paragraph 51 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

52.    The allegations in the paragraph 52 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

53.    The allegations in the paragraph 53 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

54.    In response to the allegations in paragraph 54, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that the allegations in

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

paragraph 54 go beyond a restatement of the cited document, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies those allegations.

55.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.

57.    In response to the allegations in paragraph 57, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 57 go beyond a restatement of the cited document, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those allegations.

58.    In response to the allegations in the first and second sentences of paragraph 58, Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and denies that Roundup®-branded products pose dangers to health and safety.  Bayer Corporation denies the remaining allegations in the first and second sentences of paragraph 58. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies those allegations.

59.    In response to the allegations in paragraph 59, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in the paragraph 59.

60.    In response to the allegations in paragraph 60, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 60 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 60.

61.    In response to the allegations in paragraph 61, Bayer Corporation states that the cited

7

document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 61.

62.    In response to the allegations in paragraph 62, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 62 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 62.

63.    In response to the allegations in paragraph 63, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 63 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 63.

64.    In response to the allegations in paragraph 63, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 64 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in the Petition's second-numbered paragraph 64.

65.    Bayer Corporation denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 65.

66.    Bayer Corporation denies the allegations in paragraph 66.

67.    Bayer Corporation denies the allegations in paragraph 67.

68.    Bayer Corporation denies the allegations in paragraph 68.

69.    Bayer Corporation denies the allegations in paragraph 69.

70.    Bayer Corporation denies the allegations in paragraph 70.

71.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies those allegations.

72.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies those allegations.

73.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.

74.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     In response to the allegations in paragraph 75, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 and therefore denies those allegations.

76.     In response to the allegations in numbered paragraph 76, Bayer Corporation admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 and therefore denies those allegations.

77.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations.

78.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations.

79.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies those allegations.

80.     In response to the allegations in paragraph 80, Bayer Corporation denies that glyphosate exposure causes cancer.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 and therefore denies those allegations.

81.     In response to the allegations in paragraph 81, Bayer Corporation denies that glyphosate exposure causes DNA and chromosomal damage.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 and therefore denies those allegations.

82.     In response to the allegations in paragraph 82, Bayer Corporation denies that

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

glyphosate exposure causes cancer.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore denies those allegations.

83.     In response to the allegations in paragraph 83, Bayer Corporation denies that glyphosate exposure causes DNA and chromosomal damage.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies those allegations.

84.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies those allegations.

85.     In response to the allegations in paragraph 85, Bayer Corporation denies that glyphosate exposure causes cancer.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and therefore denies those allegations.

86.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 and each of its subsection, therefore denies those allegations.

87.     In response to the allegations in paragraph 87, Bayer Corporation states that the cited document speaks for itself and does not require a response.

88.     In response to the allegations in paragraph 88, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 88 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 88.

89.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies those allegations.

90.     The allegations in paragraph 90 are vague and ambiguous and are accordingly denied.

91.     In response to the allegations in paragraph 91, Bayer Corporation states that the cited document speaks for itself and does not require a response.

10

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

92.    In response to the allegations in paragraph 92, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 92 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 92.

93.    In response to the allegations in paragraph 93, Bayer Corporation states that the cited document speaks for itself and does not require a response. Bayer Corporation otherwise denies the allegations in paragraph 93.

94.    In response to the allegations in paragraph 94, Bayer Corporation states that the cited document speaks for itself and does not require a response. Bayer Corporation otherwise denies the allegations in paragraph 94.

95.    Bayer Corporation admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Bayer Corporation otherwise denies the allegations in paragraph 95.

96.    Bayer Corporation denies the allegations in paragraph 96.

97.    Bayer Corporation denies the allegations in paragraph 97.

98.    Bayer Corporation denies the allegations in paragraph 98.

99.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 99 and therefore denies those allegations.  In response to the allegations in the second sentence of paragraph 99, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 99 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 99.

100.    In response to the allegations in paragraph 100, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 100 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 100.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

101.   In response to the allegations in paragraph 101, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 101 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 101.

102.   In response to the allegations in paragraph 102, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 102 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 102.

103.   In response to the allegations in paragraph 103, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 103 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 103.

104.   Bayer Corporation denies the allegations in paragraph 104.

105.   Bayer Corporation denies the allegations in paragraph 105.

106.   Bayer Corporation denies the allegations in paragraph 106.

107.   Bayer Corporation denies the allegations in paragraph 107.

108.   Bayer Corporation denies the allegations in paragraph 108.

109.   Bayer Corporation denies the allegations in paragraph 109.

110.   Bayer Corporation denies the allegations in paragraph 110.

111.   In response to the allegations in paragraph 111, Bayer Corporation admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products.  Bayer Corporation denies the remaining allegations in paragraph 111.

112.   Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and denies that Roundup®-branded products pose dangers to health and safety. Bayer Corporation denies the remaining allegations in paragraph 112.

113.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies those allegations.

117.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies those allegations.

118.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies those allegations.

119.   The allegations in of paragraph 119 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

120.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies those allegations.

121.   Bayer Corporation denies the allegations in paragraph 121.

122.   Bayer Corporation denies the allegations in paragraph 122.

123.   Bayer Corporation denies the allegations in paragraph 123.

124.   Bayer Corporation denies the allegations in paragraph 124.

125.   Bayer Corporation denies the allegations in paragraph 125.

126.   Bayer Corporation denies the allegations in paragraph 126.

127.   Bayer Corporation denies the allegations in paragraph 127.

128.   Bayer Corporation denies the allegations in paragraph 128.

129.   Bayer Corporation denies the allegations in paragraph 129.

130.   Bayer Corporation denies the allegations in paragraph 130.

131.   Bayer Corporation denies the allegations in paragraph 131.

132.   Bayer Corporation denies the allegations in paragraph 132.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

133.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies those allegations.

134.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies those allegations.

137.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies those allegations.

138.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

139.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore denies those allegations.

141.   Bayer Corporation incorporates by reference its responses to paragraphs 1 through 140 in response to paragraph 141 of plaintiffs' Complaint.

142.   In response to the allegations in paragraph 142, Bayer Corporation admits that plaintiff purports to bring claims for strict liability design defect but denies any liability as to that claim.

143.   Bayer Corporation denies the allegations in paragraph 143.

144.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.   Bayer Corporation denies the allegations in paragraph 145.

146.   Bayer Corporation denies the allegations in paragraph 146.

147.   Bayer Corporation o denies the allegations in paragraph 147 and each of its subparts.

148.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 regarding plaintiff's claimed use of and/or exposure to Roundup®-branded products and therefore denies those allegations.  Bayer Corporation denies the remaining allegations in paragraph 148, including that Roundup®-branded products have "dangerous characteristics."

149.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 149, including that Roundup®-branded products have "dangerous characteristics."

150.   Bayer Corporation denies the allegations in paragraph 150 regarding defects and risk associated with Roundup®-branded products. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and therefore denies those allegations.

151.   Bayer Corporation denies the allegations in paragraph 151.

152.   Bayer Corporation denies the allegations in paragraph 152.

153.   Bayer Corporation denies the allegations in paragraph 153.

154.   Bayer Corporation denies the allegations in paragraph 154.

155.   Bayer Corporation denies the allegations in paragraph 155.

156.   Bayer Corporation denies the allegations in paragraph 156.

157.   Bayer Corporation denies the allegations in paragraph 155.

158.   Bayer Corporation denies the allegations in paragraph 158.

159.   Bayer Corporation denies the allegations in paragraph 159.

In response to the "WHEREFORE" paragraph following paragraph 159, Bayer Corporation demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just

and proper.

160.   Bayer Corporation incorporates by reference its responses to paragraphs 1 through 159 in response to paragraph 160 of plaintiffs' Complaint. To the extent that the allegations in Claim Two are directed at a defendant other than Bayer Corporation, those allegations do not require a response from Bayer Corporation.

161.   In response to the allegations in paragraph 161, Bayer Corporation admits that plaintiffs purport to bring claims for strict liability failure to warn, but denies any liability as to that claim.

162.   Bayer Corporation denies the allegations in paragraph 162.

163.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 that plaintiff purchased Roundup®-branded products and therefore denies those allegations. The allegations in paragraph 163 also set forth conclusions of law for which no response is required. Bayer Corporation denies the remaining allegations in paragraph 163.

164.   The allegations in paragraph 164 set forth conclusions of law for which no response is required.

165.   Bayer Corporation denies the allegations in paragraph 165. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

166.   Bayer Corporation denies the allegations in paragraph 166.

167.   Bayer Corporation denies the allegations in paragraph 167.

168.   Bayer Corporation denies the allegations in paragraph 168.

169.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore denies those allegations.

170.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 concerning plaintiff's alleged use of or exposure to Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the

16

remaining allegations in paragraph 170, including that Roundup®-branded products have "dangerous characteristics."

171.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 171, including that Roundup®-branded products have "dangerous characteristics."

172.   Bayer Corporation denies the allegations in paragraph 172 regarding defects and risks associated with Roundup®-branded products. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 172 and therefore denies those allegations.

173.   Bayer Corporation denies the allegations in paragraph 173.

174.   Bayer Corporation denies the allegations in paragraph 174.

175.   Bayer Corporation denies the allegations in paragraph 175.

176.   Bayer Corporation denies the allegations in paragraph 176.

177.   Bayer Corporation denies the allegations in paragraph 177.

178.   Bayer Corporation denies the allegations in paragraph 178.

179.   Bayer Corporation denies the allegations in paragraph 179.

180.   Bayer Corporation denies the allegations in paragraph 180.

181.   Bayer Corporation denies the allegations in paragraph 181.

182.   Bayer Corporation denies the allegations in paragraph 182.

In response to the "WHEREFORE" paragraph following paragraph 182, Bayer Corporation demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

183.   Bayer Corporation incorporates by reference its responses to paragraphs 1 through

182 in response to paragraph 183 of plaintiffs' Complaint. To the extent that the allegations in Claim Three are directed at a defendant other than Bayer Corporation, those allegations do not require a response from Bayer Corporation.

184. Bayer Corporation denies the allegations in paragraph 184.

185. Bayer Corporation denies the allegations in paragraph 185.

186. Bayer Corporation denies the allegations in paragraph 186.

187. Bayer Corporation denies the allegations in paragraph 184.

188. Bayer Corporation denies the allegations in paragraph 188.

189. Bayer Corporation denies the allegations in paragraph 189.

190. Bayer Corporation denies the allegations in paragraph 190.

191. Bayer Corporation denies the allegations in paragraph 191.

192. Bayer Corporation denies the allegations in paragraph 192, including each of its subparts.

193. Bayer Corporation denies the allegations in paragraph 193.

194. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 194 regarding plaintiff's knowledge and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 194, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

195. Bayer Corporation denies the allegations in paragraph 195.

196. Bayer Corporation denies the allegations in paragraph 196.

197. Bayer Corporation denies the allegations in paragraph 197.

198. Bayer Corporation denies the allegations in paragraph 198.

199. Bayer Corporation denies the allegations in paragraph 199.

In response to the "WHEREFORE" paragraph following paragraph 199, Bayer Corporation demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just

1   and proper.

2       200.   Bayer Corporation incorporates by references its responses to paragraphs 1 through

3   199 in response to paragraph 200 of plaintiffs' Complaint. To the extent that the allegations in Claim

4   Four are directed at a defendant other than Bayer Corporation, those allegations do not require a

5   response from Bayer Corporation.

6       201.   Bayer Corporation denies the allegations in paragraph 201.

7       202.   Bayer Corporation denies the allegations in paragraph 202.

8       203.   Bayer Corporation denies the allegations in paragraph 203.

9       204.   Bayer Corporation denies the allegations in paragraph 204.

10      205.   Bayer Corporation denies the allegations in paragraph 205.

11      206.   Bayer Corporation denies the allegations in paragraph 206.

12      207.   Bayer Corporation denies the allegations in paragraph 207.

13      208.   Bayer Corporation denies the allegations in paragraph 208.

14      209.   Bayer Corporation denies the allegations in paragraph 209.

15      210.   Bayer Corporation denies the allegations in paragraph 210.

16      211.   Bayer Corporation denies that there is any risk of serious injury associated with the

17  as directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Bayer

18  Corporation lacks information or knowledge sufficient to form a belief as to the truth of the

19  allegations in paragraph 211 regarding plaintiffs' knowledge about Roundup®-branded products and

20  therefore denies the remaining allegations in paragraph 211.

21      212.   Bayer Corporation denies the allegations in paragraph 212.

22      213.   Bayer Corporation denies the allegations in paragraph 213.

23      214.   Bayer Corporation denies the allegations in paragraph 214.

24      215.   Bayer Corporation denies the allegations in paragraph 215.

25      216.   Bayer Corporation denies the allegations in paragraph 216.

26      In response to the "WHEREFORE" paragraph following paragraph 216, Bayer Corporation

27  demands that judgment be entered in its favor and against plaintiffs and that plaintiffs' Complaint

28

be dismissed, with prejudice, and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

217.   Bayer Corporation incorporates by references its responses to paragraphs 1 through 216 in response to paragraph 217 of plaintiffs' Complaint. To the extent that the allegations in Claim Five are directed at a defendant other than Bayer Corporation, those allegations do not require a response from Bayer Corporation.

218.   Bayer Corporation denies the allegations in paragraph 218.

219.   Bayer Corporation denies the allegations in paragraph 219.

220.   Bayer Corporation denies the allegation in paragraph 220 that Roundup®-branded products are "dangerous." The remaining allegations in paragraph 220 set forth conclusions of law for which no response is required.

221.   Bayer Corporation denies the allegations in paragraph 221.

222.   Bayer Corporation denies the allegations in paragraph 222.

223.   Bayer Corporation denies the allegations in paragraph 223.

224.   Bayer Corporation denies the allegations in paragraph 224.

225.   Bayer Corporation denies the allegations in paragraph 225.

226.   Bayer Corporation denies the allegations in paragraph 226.

227.   Bayer Corporation denies the allegations in paragraph 227.

In response to the "WHEREFORE" paragraph following paragraph 227, Bayer Corporation demands that judgment be entered in its favor and against plaintiffs and that plaintiffs' Complaint be dismissed, with prejudice, and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

228.   Bayer Corporation incorporates by reference its responses to paragraphs 1 through 227 in response to paragraph 228 of plaintiffs' Complaint.

229.   Bayer Corporation denies the allegations in paragraph 229.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

In response to the "WHEREFORE" paragraph following paragraph 229, Bayer Corporation demands that judgment be entered in its favor and against plaintiffs and that plaintiffs' Complaint be dismissed, with prejudice, and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

230.   Bayer Corporation incorporates by reference its responses to paragraphs 1 through 229 in response to paragraph 230 of plaintiffs' Complaint. Bayer Corporation denies the allegations in the second sentence of paragraph 230.

231.   Bayer Corporation denies the allegations in paragraph 231.

232.   Bayer Corporation denies the allegations in paragraph 232.

233.   Bayer Corporation denies the allegations in paragraph 233.

234.   Bayer Corporation denies the allegations in paragraph 234.

235.   Bayer Corporation denies the allegations in paragraph 235.

236.   Bayer Corporation denies the allegations in paragraph 236.

237.   Bayer Corporation denies the allegations in paragraph 237.

238.   Bayer Corporation denies the allegations in paragraph 238.

239.   Bayer Corporation denies the allegations in paragraph 239.

240.   Bayer Corporation denies the allegations in paragraph 240.

In response to the "WHEREFORE" paragraph following paragraph 240, Bayer Corporation demands that judgment be entered in its favor and against plaintiffs and that plaintiffs' Complaint be dismissed, with prejudice, and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which

relief can be granted.

2.      Plaintiffs' claims against Bayer Corporation are barred for lack of personal jurisdiction.

3.      Venue may be improper and/or inconvenient.

4.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.      Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' preexisting medical conditions.

13.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

14.    Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

15.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.    If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

17.    Bayer Corporation had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

18.    Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, which Bayer Corporation specifically denies, then plaintiffs failed to give notice of any breach thereof.

19.    Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.    Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred because

such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the Massachusetts Constitution, the Nebraska Constitution, and/or other applicable state constitutions.

21. Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Massachusetts law, Nebraska law, and/or other applicable state laws.

22. Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Massachusetts law and Nebraska law.

23. Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

24. Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

25. Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

26. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

27. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bayer Corporation product.

28. Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29. Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30. Plaintiffs' strict liability claims are barred because Massachusetts does not recognize a cause of action for strict liability in tort.

31. In the event Bayer Corporation is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Bayer Corporation reserves its right of contribution to the extent that it has to pay more than Bayer Corporation's pro rata share of the common liability consistent with the provisions set forth in the Nebraska Comparative Negligence Act, Neb. Rev.

Stat. § 25-21, 185.10.

32.    Plaintiffs' claims are barred in whole or in part pursuant to Neb. Rev. Stat. § 25-21,182 because the design, testing, or labeling of the products at issue was in conformity with the generally recognized and prevailing state of the art in the industry at the time the specific products involved in this action were first sold to any person not engaged in the business of selling such product.

33.    Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED: July 3, 2023                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By: /s/ *Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 770022926
    Telephone: (713) 2278008
    Facsimile: (713) 2279508
    Email: jstubbs@shb.com

    *Attorneys for Defendant*
    *BAYER CORPORATION*

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC

1

## **CERTIFICATE OF SERVICE**

2    I certify that on the 3rd day of July, 2023, I electronically transmitted the foregoing **BAYER**

3 **CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF

4 system for filing and transmittal of a true and correct copy of the foregoing document was served

5 electronically or by another manner as authorized by FED. R. CIV. P. 5.

6                                                         */s/ Jennise W. Stubbs*
                                                          Jennise W. Stubbs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-02962-VC