**PODHURST ORSECK, P.A.**
Steven C. Marks
(smarks@podhurst.com)
Kristina M. Infante
(kinfante@podhurst.com)
Pablo Rojas
(projas@podhurst.com)
One Southeast 3rd Avenue, Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
Fax: (305) 358-2382
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE : ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Nancy Salas v. Monsanto Company, et al.*<br>Member Case No. 3:21-cv-06173-VC | MDL No. 2741<br><br>Case No. 3:16-md-2741-VC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION TO EXCLUDE DR. JOSHUA SCHAEFFER'S TESTIMONY**<br><br>Hearing:<br>Date: July 27, 2023<br>Time: 10:00 A.M.<br>Place: San Francisco Courthouse<br>Courtroom 4 – 17th Floor |

Plaintiff, Nancy Salas, hereby files her Reply in support of Plaintiff's Motion to Exclude Dr. Joshua Schaeffer's Testimony and in support thereof states as follows:

Monsanto's Response is without merit in several respects, one of which bears particular emphasis in this Reply.

As outlined in Plaintiff's Motion to exclude Dr. Schaeffer's testimony, the principal problem with his testimony is that his methodology has <u>never been used</u> to assess the <u>human cancer risks associated with glyphosate</u> or the dose-responsive nature of those risks.

Monsanto's Response does not and cannot dispute this. Instead, the Response contends that the type of dose calculation performed by Dr. Schaeffer is a valid methodology in the field of industrial hygiene as a *general* matter. *See* Response at 8. In other words, Monsanto's argument is that this type of methodology is widely used to determine how much of a certain chemical a human body absorbed.

But even accepting those contentions for the sake of argument, that does not render the methodology relevant or sound *in this case* for purposes of assisting the jury in resolving any of the questions before it. Put simply, even if Dr. Schaffer's methodology were "generally accepted" for calculating how much of a certain chemical is absorbed by a human body, it is certainly not "accepted" for determining whether a person absorbed enough glyphosate to cause cancer. And for Dr. Schaeffer to simply tell the jury about Ms. Salas' purported absorbed dose of glyphosate—a dose amount *unrelated* to any human study of how much exposure to glyphosate may cause cancer—would be, at best, a distracting red herring.

Tellingly, Monsanto's Response points to <u>no study or other authority</u> upholding this type of absorption calculation in the context of assessing the human carcinogenic risks or effects of glyphosate. That is because, to out knowledge, there are no such authorities.

In short, even accepting Monsanto's characterization of Dr. Schaeffer's methodology, it is concededly a methodology that *transplants* a dose absorption calculation used in other contexts into a litigation that arises from Ms. Salas' NHL. Dr. Schaeffer's methodology has never been used to assess the risk of this type of injury, and Monsanto cannot point to any evidence of its use

in this context. Accordingly, it is a methodology that has no place in this litigation and will not assist the jury.

Moreover, even if Dr. Schaeffer's dose-absorption methodology satisfied the *Daubert* standard, his references to regulatory thresholds would not. As for the EPA RFD, there is no dispute that the RFD *level* set by the EPA—*i.e.*, the dose threshold against which Dr. Schaeffer intends to compare Ms. Salas' exposure—is *not* a cancer-related threshold. As the EPA explains in its Memorandum regarding the RFD, the RFD was based on the assumption that glyphosate is *not* a human carcinogen. *See* White Decl., Ex. 6, at 15. *See also* Monsanto's Resp. at 16 (noting that "the EPA concluded that there is no carcinogenic risk from even a *single dose* of glyphosate"). Therefore, the dose threshold in the RFD is not a cancer-related threshold at all, because according to the EPA, there is no single-dose threshold past which a cancer risk exists.

Monsanto's Response does not—and cannot—dispute that the EPA's RFD is *not* a cancer-related threshold at all. Even though the EPA may have considered cancer in coming up with the RFD, it did not ultimately incorporate a threshold risk of cancer into the RFD number itself. It is therefore wholly unsound to compare Ms. Salas' purported absorbed dose of glyphosate with the EPA's regulatory threshold.

Monsanto's arguments for admitting Dr. Schaeffer's opinions regarding the California NSRL fare no better. Monsanto concedes that the NSRL was *not* determined based on any *human* cancer studies or any studies of NHL or lymphoma at all. Against this backdrop, Monsanto's Response fails entirely to explain why the jury's analysis of the liability issues in this case would be aided by comparisons of Ms. Salas' purported exposure levels with the exposure levels of *animals* in a study that did *not* concern NHL or any other type of lymphoma.

Dr. Schaffer's testimony regarding the NSRL can only have the purpose and effect of suggesting to the jury that the dose thresholds that can be extrapolated from that single animal

3

study are dose thresholds below which there is no risk of NHL, the only type of injury at issue in this litigation. This would be misleading to the jury, and Monsanto's Response does not and cannot argue otherwise. Instead, Monsanto's Response rests on the contention that Dr. Schaeffer's testimony regarding the NSRL is "shaky" but otherwise admissible. Resp. at 12. But this testimony is not just "shaky" as a matter of scientific rigor and merit; it is also irrelevant to any inquiry into the human risks of NHL. Accordingly, this testimony would be inherently prejudicial and would not assist the jury.

Dr. Schaeffer's discussion of the "regulatory thresholds" is inherently *comparative*: it purports to inform the jury about how much glyphosate certain regulators have considered "safe" for single or daily doses, and *compare* those amounts to Ms. Salas' purported exposure. But because these regulatory thresholds were not calculated based on the human risk of NHL or indeed any other cancer, the comparison is inapposite, distracting, and therefore inadmissible.

Dated: July 6, 2023

Respectfully submitted,

**PODHURST ORSECK, P.A.**

*/s/ Steven C. Marks*
Steven C. Marks
(smarks@podhurst.com)
Kristina M. Infante
(kinfante@podhurst.com)
Pablo Rojas
(projas@podhurst.com)
One Southeast 3rd Avenue, Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
Fax: (305) 358-2382
*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on July 6, 2023, I electronically filed the foregoing document with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

By: */s/ Steven C. Marks*
　　　STEVEN C. MARKS
　　　*Counsel for the Plaintiff*