**Garmer & Prather, PLLC**
Jerome P. Prather, Esq. (*pro hac vice*)
141 North Broadway
Lexington, Kentucky 40507
Telephone: (859) 254-9351
Facsimile:  (859) 233-9769
Email: jprather@garmerprather.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
***ELECTRONICALLY FILED***

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Adm'r, Kyle A. Murdock, individually, and Mandi L. Murdock v. Monsanto Co.,* Case No. 3:20-cv-01363-VC | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF DR. THOMAS R. BUTTS** |
| | Hearing: Date: July 27, 2023 Time: 10:00 A.M. Place: San Francisco Courthouse Courtroom 4 – 17th Floor |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF DR. THOMAS R. BUTTS

COME the Plaintiffs, the Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Administrator; and Kyle A. Murdock, individually, by counsel, and for their reply in support of their motion to exclude the opinions and testimony of Dr. Thomas R. Butts pursuant to <u>Daubert v. Merrell Dow Pharm., Inc.</u>, hereby state as follows.

### INTRODUCTION

Expert testimony must be relevant to the claims being pursued by plaintiffs in any case. Fed. R. Evid. 702. Defendant suggests that "[n]either Monsanto nor the jury is obligated to accept Plaintiffs' allegations regarding [Kenzie] Murdock's claimed use of and exposure to

Roundup with challenge." ECF 25, Defendant's Response, at 11. That much is true; but this Court, acting as a gatekeeper, must be sure that the evidence presented to a jury is relevant and complies with the Federal Rules and existing caselaw. Plaintiffs' motion is not about Dr. Butts' education or work experience. Plaintiffs seek to exclude Dr. Butts' opinions and testimony because they are not relevant to the claims being advanced in this suit. The proper remedy is to exclude Dr. Butts' testimony; and, thus, Plaintiffs' motion should be granted.

## ARGUMENT

**I.   Dr. Butts' testimony and opinions are not relevant to any claims brought by Plaintiffs in this case.**

**A.  Dr. Butts' opinions are not relevant to Plaintiffs' claims.**

The thrust of Plaintiffs' challenge of Dr. Butts pursuant to Fed. R. Evid. 702 and Daubert is that his testimony and opinions lack any relevant connection to the Plaintiffs' claims. In its response, Monsanto notes that Dr. Butts is:

> prepared to opine on the impact of weeds and invasive plants, control methods employed to manage weeds and invasive plants, and the use of herbicides, including glyphosate-based formulated products, in weed management; he will also testify to appropriate application methods and the use and benefits of herbicides in a variety of settings.

ECF 25, Defendant's Response, at 3. Moreover, Defendant states that weed science involves:

> [T]ypes of herbicides available and commonly used in settings like the Murdocks' farm, how herbicides work, the amount of time it takes to treat various types of properties with herbicides, rates of weed growth and other aspects of weed biology, standard practices for the use of Roundup with other weed control techniques, availability and mechanics of various application methods or equipment, how Roundup affects seasonal weed growth in the relevant geographic area, and the principle of "drift" and how that principle applies to herbicide applications.

Id. at 2.

Plaintiffs' Reply in Support of Motion to Exclude Opinions and Testimony of Dr. Thomas Butts
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 2 of 7

These statements underscore the point made in Plaintiffs' motion that Dr. Butts' testimony can be distilled into three main points: (1) weeds are a major problem for agriculture; (2) agricultural producers need effective weed management; and (3) glyphosate is a cost-effective option to manage weeds. ECF 23, Plaintiffs' Motion at 8. **None** of these opinions are relevant to Plaintiffs' negligence, strict liability and failure to warn, breach of warranties, or fraud claims. This case is not about how weeds grow or how herbicides work. Dr. Butts was disclosed only to opine on specific causation, not on the standard of care or existence of product defects. The areas upon which Dr. Butts was disclosed to testify are not relevant to this case and justify excluding Dr. Butts as an expert in this case.

**B. Dr. Butts' opinions are generalized and lack specific connection to this case.**

Further supporting Plaintiffs' argument that Dr. Butts' testimony and opinions lack relevance to this case is his testimony and the generalized nature of his report. Defendant wrongly asserts that "*all* his opinions, including those outlined in his expert report, are specifically related to [Kenzie] Murdock's alleged exposure to Roundup." ECF 25, Defendant's Response, at 10. What Dr. Butts actually testified was this:

> Q. Do you agree that the first 16 pages of your report . . . are about weeds, in general, and are not specific to Kenzie's case?
>
> A. So, you know, . . . **I would say they tend to be . . . generalized statements and things**, but there are things in there that do directly apply to the Murdock case. You know, like I previously mentioned, the no tillage example. **So again, it is general, but there are things in there that do specifically still apply**.
>
> Q. Anything in that first 16 pages, though, could apply to any Roundup case if, for instance, they're using the same farming techniques or whatnot that you are talking about?
>
> A. Well – so, yeah, again, **I would say that they can apply generally across the board for application techniques**

Plaintiffs' Reply in Support of Motion to Exclude Opinions and Testimony of Dr. Thomas Butts
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 3 of 7

> **for different areas**, but also some of those things can be applied directly to the area that's being used, to the specific, you know, hand wands that were used for the non-crop spraying, those kinds of things. **So again, it's a little bit of both worlds, generalized but also specific**.
>
> . . .
>
> A.  On that Page 17 is where, you know, the more specific opinions are presented for the Murdock case. **Again, with the – the report or the, you know, the previous part of this report, again, they may be more generalized, but there's parts in there that can still be directed specifically to Western Kentucky, and the Murdock farming operation, and non-crop spraying as well**.

ECF 23-2, Butts Depo., at 84-85 (emphasis added). Dr. Butts' testimony contradicts Defendant's argument in response that "*all* [of Dr. Butts'] opinions . . . are specifically related" to Kenzie's case. ECF 25, Defendant's Response, at 10. This testimony further reveals the irrelevant nature of Dr. Butts' testimony in this case. Therefore, his opinions should be excluded.

**II.   Dr. Butts failed to rely on sufficient facts and data and failed to apply reliable methods and principles; and, therefore, fails to meet the requirements of Fed. R. Evid. 702.**

In addition to the irrelevance of Dr. Butts' testimony and opinions, his deposition testimony illustrates the insufficient facts and data upon which he relied in forming his opinions, which fails to satisfy the requirements for expert testimony under Fed. R. Evid. 702.

**A.  Dr. Butts did not rely on sufficient facts or data to form his opinions.**

Dr. Butts testified both that he had not performed any calculation of Kenzie's exposure to glyphosate, and that he could not perform such a calculation. ECF 23-2, Butts Depo. at 111-12. However, Defendant asserts that Dr. Butts is poised to "offer opinions on the duration and frequency of the Murdock's alleged use and application of Roundup on their farm and [Kenzie] Murdock's purported contact with Roundup during these applications." ECF 25, Defendant's

Plaintiffs' Reply in Support of Motion to Exclude Opinions and Testimony of Dr. Thomas Butts
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

Page 4 of 7

Response, at 1. Then, despite being unable to calculate Kenzie's exposure himself, Dr. Butts was critical of the methodology used Plaintiffs' toxicology expert, William Sawyer. ECF 23-2, Butts Depo., at 58, 125; *see also* Plaintiff's Motion, ECF 23, at 12. Defendant argues that Dr. Sawyer's calculations do not calculate what Kenzie's absorbed dose was, but offers the testimony of Dr. Butts—who cannot calculate any absorbed dose himself—to opine on "the duration and frequency" of Roundup application on the Murdocks' farms. ECF 25, Defendant's Response, at 1, 3. Any testimony by Dr. Butts on the "duration and frequency" that specifically does not include any "quantitative exposure assessment" is not based on sufficient facts or data, nor is it the product of reliable principles or methods. Consequently, Dr. Butts' testimony fails to meet the requirements of Fed. R. Evid. 702, and should be excluded.

**B. Dr. Butts is not qualified to render opinions as to the dangers of glyphosate as a skin irritant.**

Plaintiffs moved to exclude Dr. Butts' testimony entirely, but specifically noted that Dr. Butts should not be permitted to testify about glyphosate's danger as a skin irritant. In its response, Defendant concedes this position when it stated that "[Dr. Butts] made clear that how droplets interact with human skin is outside his area of expertise. ECF 25, Defendant's Response, at 6. By his own admission, Dr. Butts is not qualified to render opinions about glyphosate as a skin irritant. ECF 23-2, Butts Depo., at 117 ("I'm not aware, you know, what's a skin irritant or what's not a skin irritant."). Therefore, any opinions regarding glyphosate as a skin irritant should be specifically excluded.

**C. Reviewing the totality of Dr. Butts' involvement as it relates to this case supports his exclusion as an expert witness.**

Reviewing the totality of Dr. Butts' involvement in this case supports the exclusion of his testimony and opinions entirely. Defendant suggests that Dr. Butts performed a "robust review"

Plaintiffs' Reply in Support of Motion to Exclude Opinions and Testimony of Dr. Thomas Butts
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

to form his opinions, but the information upon which Dr. Butts relied does not support that conclusion. ECF 25, Defendant's Response, at 2.

In addition to his inability to calculate Kenzie's exposure to Roundup, Dr. Butts has not performed any independent analysis of the carcinogenicity of Roundup. ECF 23-2, Butts Depo., at 127. His study of glyphosate has no connection to its effects on human health. Id. at 33. He read only portions of Plaintiffs' experts' reports regarding Kenzie's exposure. Id. at 55. He skimmed the Plaintiffs' Fact Sheet. Id. at 60.. He did not visit the Murdocks' farms where Kenzie was exposed to glyphosate.[1] Id. at 52. He has never been an expert witness in any other case and had never testified before. Id. at 20, 49. Defendant noted that Dr. Butts considered as many as 124 materials in preparing his opinion in this case. ECF 25, Defendant's Response, at 9. Of those 124 materials, many of them were provided by Defendant's counsel. ECF 23-2, Butts Depo., at 78-79. Those documents contained several that Dr. Butts just "glance[d] over" and from sources with which he admitted he was unfamiliar. ECF 23-2, Butts Depo., at 58-59. All told, Dr. Butts review of materials in this case was generalized, much like the opinions he has expressed in this case. Therefore, his opinions and testimony should be excluded.

## CONCLUSION

For all of the reasons stated herein, Plaintiffs' motion should be granted and Dr. Butts should be excluded as an expert witness pursuant to Fed. R. Evid. 702 and Daubert.

---

[1] Defendant's Response misconstrues Plaintiffs' motion. ECF 25, Defendant's Response, at 8. Plaintiffs do not contend that—in every case—an expert must personally visit the property in question. However, when evaluating the entirety of Dr. Butts' review, his lack of any visit to the farm is one factor in his failure to rely upon sufficient facts or data.

Plaintiffs' Reply in Support of Motion to Exclude Opinions and Testimony of Dr. Thomas Butts
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

BY:   /s/ Jerome P. Prather
Jerome P. Prather, Esq. (*pro hac vice*)
141 North Broadway
Lexington, Kentucky  40507
Telephone:   (859) 254-9352
Facsimile:    (859) 233-9769
Email: jprather@garmerprather.com

Plaintiffs' Reply in Support of Motion to Exclude Opinions and Testimony of Dr. Thomas Butts
MDL No. 3:16-Md-02741 and Case No. 3:20-Cv-01363-VC