# EXHIBIT B

# WILL OF
## ROBERT V. BOUCHER, JR.

I, ROBERT V. BOUCHER, JR., a resident of La Plata County, Colorado, revoke any prior wills and codicils made by me and declare this to be my will.

## ARTICLE 1 - FAMILY INFORMATION

I am married to BETTIE BOUCHER. Any reference in my will to my spouse is to such person. My children now living are ROBERT V. BOUCHER, III, and LANDUS R. BOUCHER. References in this agreement to my children are to such children and to any subsequently born children. Any references in this will to my descendants are to such children and their descendants.

## ARTICLE 2 - SPECIFIC AND GENERAL GIFTS

2.1    GIFT TO SPOUSE: I give all my household goods, personal effects, and other articles of tangible personal property, together with any insurance policies covering such property and claims under such policies, to my spouse, if my spouse survives me.

2.2    SEPARATE MEMORANDUM: If my spouse does not survive me, I give such property in accordance with any memorandum directing the disposition of such property signed by me or in my handwriting which I may leave at my death.

2.3    CONTINGENT GIFT: If my spouse does not survive me, and if for any reason no such memorandum is in existence at my death, or to the extent such memorandum fails to dispose of all of such property effectively, I give such property not disposed of, except such property used in any business in which I may have an interest, to my children who survive me, but not to their descendants, in shares of substantially equal value, to be divided among them as they and such other person as my personal representative may select to represent any child of mine believed by my personal representative to be incapable of acting in his or her own best interest, shall agree. In case my children and such other person do not agree upon the division of such property within three months after the appointment of my personal representative, my personal representative shall make the division. Notwithstanding the foregoing, should my personal representative determine that it would not be in the best interest of my children to receive possession of any item of such property, my personal representative may sell such item and add the proceeds to my residuary estate. All reasonable expenses of storage, packing, shipping, delivery, insurance or sale shall be paid as expenses of administration.

## ARTICLE 3 - REMAINDER OF ESTATE

3.1    POUROVER TO TRUST: All of the rest and remainder of the property which I shall own at my death, other than property over which I have a power of appointment, and after payment of expenses and taxes which are paid pursuant to this will, I give to the trustee of the ROBERT AND BETTIE BOUCHER REVOCABLE TRUST, dated May 19, 2020, and executed prior to this will by and between me as Settlor, and me as Trustee, to be added to the property of that trust and disposed of in accordance with its terms and any amendments.

Initials _____

3.2    ALTERNATIVE DISPOSITION: If the trust referred to in the foregoing paragraph, which I specifically and completely incorporate in this will by reference, is not in effect at my death, or if there is any other reason the pourover cannot be accomplished, I direct my personal representative to establish a trust in accordance with the provisions of such trust. I give the remainder of my estate, excluding any property over which I might have a power of appointment, to the trustee of said trust.

## ARTICLE 4 - DESIGNATION AND SUCCESSION OF FIDUCIARIES

4.1    PERSONAL REPRESENTATIVE: I nominate my spouse as my personal representative.  If my spouse fails or ceases to act as my personal representative, I nominate my son, ROBERT V. BOUCHER, III, as my personal representative. If Robert V. Boucher, III is unable or ceases to act, I nominate my daughter, LANDUS R. BOUCHER, as my personal representative.

## ARTICLE 5 - POWERS OF FIDUCIARIES

5.1    GRANT: My personal representative may perform every act reasonably necessary to administer my estate.  Specifically, my personal representative may hold, retain, invest, reinvest and manage real or personal property, including interests in any form of business entity including, but not limited to, limited partnerships and limited liability companies, and policies of life, health and disability insurance, without diversification as to kind, amount, or risk of non-productivity and without limitation by statute or rule of law but in all other respects in accordance with the Colorado Uniform Prudent Investor Act. It may partition, sell, exchange, grant, convey, deliver, assign, transfer, lease, option, mortgage, pledge, abandon, borrow, loan, contract, distribute in cash or kind or partly in each at fair market value on the date of distribution, without requiring pro rata distribution of specific property and without requiring pro rata allocation of the tax basis of such property. It may hold in nominee form, continue businesses, carry out agreements, deal with itself, other fiduciaries and business organizations in which my personal representative may have an interest. It may establish reserves, release powers, and abandon, settle, or contest claims. It may employ attorneys, accountants, investment advisors, and other agents or assistants as deemed advisable to act with or without discretionary powers and compensate them and pay their expenses from income or principal or both.

5.2    FIDUCIARIES' POWERS ACT: In addition to all of the above powers, my personal representative may exercise those powers set forth in the Colorado Fiduciaries' Powers Act as amended after the date of this instrument. I incorporate such Act as it exists today by reference and make it a part of this instrument.

5.3    DISTRIBUTION ALTERNATIVES: My personal representative may make any payments under my will:

a)    Directly to the beneficiary;
b)    In any form allowed by applicable state law for gifts or transfers to minors or persons under disability;
c)    To the beneficiary's guardian, conservator, or caregiver for the benefit of the beneficiary; and

Initials_____                                      Page 2 of 6

d)      By direct payment of the beneficiary's expenses. A receipt by the recipient for any such distribution, if such distribution is made in a manner consistent with the proper exercise of my personal representative's fiduciary duties hereunder, shall fully discharge my personal representative.

## ARTICLE 6 - ADMINISTRATIVE PROVISIONS

6.1     NO BOND: I direct that no fiduciary shall be required to give any bond in any jurisdiction, and if, notwithstanding this direction, any bond is required by any law, statute, or rule of court, no sureties be required.

6.2     COMPENSATION: Any fiduciary under this instrument shall be entitled to reasonable compensation commensurate with services actually performed and to be reimbursed for expenses properly incurred.

6.3     ANCILLARY FIDUCIARY: In the event ancillary administration shall be required or desired and my domiciliary personal representative is unable or unwilling to act as an ancillary fiduciary, my domiciliary personal representative shall have the power to designate, compensate, and remove the ancillary fiduciary. The ancillary fiduciary may either be a natural person or a corporation. My domiciliary personal representative may delegate to such ancillary fiduciary such powers granted to my original personal representative as my personal representative may deem proper, including the right to serve without bond or surety on bond. The net proceeds of the ancillary estate shall be paid over to the domiciliary personal representative.

## ARTICLE 7 - TAX PROVISIONS

7.1     DEATH TAXES AND PAYMENT OF EXPENSES: The trustee of the trust referred to in this will is authorized to pay my funeral and burial expenses, claims against my estate, and expenses of estate administration. Accordingly, I direct my personal representative to consult with the trustee to determine the preferable source for payment of such amounts and which, if any, should be requested from the trust. I direct that all taxes imposed by reason of my death, with respect to property passing under my will or otherwise, including but not limited to estate, inheritance, gift, generation-skipping transfer, and income taxes, together with interest and penalties thereon, shall be apportioned among my beneficiaries in a manner which fairly reflects the share of my estate which each beneficiary receives, under this will or otherwise, taking into consideration:

a)      The value of all property includible in my estate for purposes of the tax imposed which passes to such beneficiaries other than pursuant to the provisions of this will; and

b)      In the case of each beneficiary, the share of all such taxes which is attributable to the share of my estate receivable by such beneficiary. My personal representative shall charge each such tax against the property which gives rise to liability for such tax, whether or not such property passes pursuant to the provisions of this will, and to the extent practicable, shall recover from the beneficiaries of property passing other than pursuant to the provisions of this will their allocable share of such tax, unless my personal representative in its discretion determines that the cost of recovery is greater

Initials_____ *RB*SB *RG*

than such recovery warrants. In no event shall any of such taxes be allocated to or paid from property which is not included in my gross estate for federal estate tax purposes or which qualifies for the federal estate tax marital or charitable deductions. Notwithstanding the foregoing, if any property is included in my gross estate for federal estate tax purposes under I.R.C. § 2044, as amended, as "qualified terminable interest property," because of the previous allowance of a federal estate tax or gift tax marital deduction, my personal representative shall recover from the persons receiving such property, or, if applicable, from the trust estate of which such property comprises all or a part, that maximum amount to which my estate is entitled pursuant to I.R.C. § 2207A; and shall pay that portion of the federal estate tax imposed by reason of my death which is attributable to the inclusion of such property in my gross estate out of my residuary estate as an expense of administration, without apportionment and without right of contribution from any person.

7.2     TAX AND ADMINISTRATIVE ELECTIONS: My personal representative may exercise any available election under any applicable income, estate, inheritance, succession, gift, or generation-skipping transfer tax law. This authority specifically includes the power to select any alternate valuation date for death tax purposes and the power to determine whether any or all of the administration expenses of my estate are to be used as estate tax deductions or as income tax deductions, and no compensating adjustments need be made between income and principal as a result of such determinations unless my personal representative shall determine otherwise, in the discretion of my personal representative, or unless required by law. My personal representative shall not be liable to any beneficiary of my estate for tax consequences occasioned by reason of the exercise or non-exercise of any such elections or by reason of the allocation and distribution of property in kind in full or partial satisfaction of any beneficiary's interest in my estate.

## ARTICLE 8 - GENERAL PROVISIONS

8.1     ADOPTED CHILDREN: A child adopted by any person and the descendants by blood or adoption of such child shall be considered the descendants of such adopting person and of such person's ancestors if the adoption is by legal proceeding while the child is under the age of 21 years.

8.2     APPLICABLE LAW: The validity and construction of my will shall be determined by the laws of Colorado. Questions of administration of any trust established under my will shall be determined by the laws of the situs of administration of such trust.

8.3     CONSTRUCTION: Unless the context requires otherwise, words denoting the singular may be construed as denoting the plural. Words of the plural may be construed as denoting the singular. Words of one gender may be construed as denoting another gender, if appropriate.

8.4     HEADINGS AND TITLES: The headings and paragraph titles are for reference only.

8.5     I.R.C.: I.R.C. shall refer to the Internal Revenue Code of the United States. Any reference to specific sections of the I.R.C. shall include sections of like or similar import which replace the specific sections as a result of changes to the I.R.C. made after the date of this instrument.

Initials _____

8.6    OTHER DEFINITIONS: Except as otherwise provided in this instrument, terms shall be as defined in the Colorado Probate Code as amended after the date of this instrument and after my death.

8.7    SURVIVORSHIP: For purposes of this will, if my spouse in fact survives me by any period of time or if the order of our deaths is not known, then my spouse shall be deemed to have survived me. Any other beneficiary shall be deemed to have predeceased me if such beneficiary dies within 30 days after the date of my death.

8.8    SEVERABILITY: If any part of this instrument shall be adjudicated to be void or invalid, the remaining provisions not specifically so adjudicated shall remain in full force and effect.

I, ROBERT V. BOUCHER, JR., sign my name to this instrument on 19th day of May, 2020, and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my will and that I sign it willingly (or willingly direct another to sign for me), that I execute it as my free and voluntary act for the purposes therein expressed, and that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence.

_____
Robert V. Boucher, Jr., Testator

We, R. Thomas Geyer and Samantha Bustillos, the witnesses, sign our names to this instrument, being first duly sworn, and do hereby declare to the undersigned authority that Robert V. Boucher, Jr. signs and executes this instrument as his will and that he signs it willingly (or willingly directs another to sign for him) and that he executes it as his free and voluntary act for the purposes therein expressed, and that each of us, in the conscious presence of Robert V. Boucher, Jr. hereby sign this will as witness to his signing, and that to the best of our knowledge Robert V. Boucher, Jr. is eighteen years of age or older, of sound mind, and under no constraint or undue influence.

Dated this 19th day of May, 2020.

_____
R. Thomas Geyer, Witness
150 E. 9th St., Ste. 400
Durango, Colorado 81301

_____
Samantha Bustillos, Witness
150 E. 9th St., Ste. 400
Durango, Colorado 81301

Initials_____ _____ _____

Page 5 of 6

STATE OF COLORADO   )
                            ) ss.
COUNTY OF LA PLATA   )

      Subscribed, sworn to, and acknowledged before me by Robert V. Boucher, Jr., Testator, and subscribed and sworn to before me by R. Thomas Geyer and Samantha Bustillos, witnesses, on May 19, 2020.

      Witness my hand and official seal.
      My commission expires: June 18, 2023.

[SEAL]

ASHLEY MILLS GEYER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20114020575
MY COMMISSION EXPIRES JUNE 18, 2023

Notary Public

Initials _____ _____ _____

# MEMORANDUM DISTRIBUTING TANGIBLE PERSONAL PROPERTY

## OF

## ROBERT V. BOUCHER

My will refers to a written statement or list concerning distribution of items of tangible personal property not otherwise specifically disposed of by my will. This memorandum is for that purpose:

ITEM                                                    BENEFICIARY

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____


_____, 20\_\_\_        _____
                                        Signature

## THIS DOCUMENT MUST BE SIGNED.

(See Notes on Use to Client)

## NOTES ON USE TO CLIENT

For Tangible Personal Property Memorandum

The Colorado Probate Code expressly permits the use of a separate memorandum to dispose of tangible personal property. If you want to use such a memorandum rather than itemize the disposition of tangible personal property in your will, you should read and follow the instructions listed below:

1) For such a memorandum to be effective, your will must expressly refer to a disposition by memorandum.

2) The memorandum should not include items already specifically disposed of by you in your will.

3) THIS MEMORANDUM CANNOT BE USED TO DISPOSE OF MONEY (WHICH WOULD INCLUDE BANK ACCOUNTS), EVIDENCES OF INDEBTEDNESS, DOCUMENTS OF TITLE, REAL ESTATE, OR SECURITIES.

4) The memorandum may be used to dispose of motor vehicles, trailers, semi-trailers, trailer coaches, and motor homes. It may also be used to dispose of tangible personal property used in a business.

5) The memorandum should be dated and signed by you.

6) You should clearly describe items you have listed on your memorandum so that they are easily identified and not confused with another similar item.

7) Each beneficiary should be identified by his or her proper name and relationship to you. The address of the beneficiary should be added, particularly if the beneficiary is not closely related to you, so that proper identification is ensured.

8) You should consider providing for alternative beneficiaries if the first named beneficiary does not survive you.

9) You may change the beneficiaries or property designated in the memorandum. Changes may be made by a new memorandum patterned after the form given to you by your attorney. As of this date, it is uncertain whether coins and currency collections are tangible personal property or money. Before disposing of cash and currency collections, consult with your attorney.

10) If your will provides for your spouse or partner in a civil union to receive all items of tangible personal property, both spouses or partners should execute similar memoranda so that all items, regardless of which spouse or partner currently owns the property, will be listed in the memorandum of the surviving spouse or partner and the listed items will be received by the intended beneficiaries following the death of the last spouse or partner to die.