# EXHIBIT C

# TRUST AGREEMENT OF THE
# THE ROBERT AND BETTIE BOUCHER REVOCABLE TRUST

This trust agreement of the ROBERT AND BETTIE BOUCHER REVOCABLE TRUST, ("Trust Agreement"), is effective on this 19th day of May, 2020, by and between ROBERT V. BOUCHER, JR. and BETTIE JOY BOUCHER, as joint settlors, ("settlors" or "settlor") and ROBERT V. BOUCHER, JR. and BETTIE JOY BOUCHER, as trustees.

## ARTICLE 1 – DECLARATIONS

1.1   NAME OF TRUST: This Trust shall be designated as the "ROBERT AND BETTIE BOUCHER REVOCABLE TRUST."

1.2   FAMILY INFORMATION: Settlors are ROBERT V. BOUCHER, JR., and BETTIE JOY BOUCHER, husband and wife. Settlors' children now living are ROBERT V. BOUCHER, III and LANDUS R. BOUCHER. References in this agreement to settlors' children are to such children, as well as to children subsequently born to or legally adopted by settlors. Any references in this agreement to settlors' descendants are to such children and their descendants.

## ARTICLE 2 – SETTLORS' RIGHTS IN THE TRUST

2.1   DISTRIBUTIONS AS SETTLORS DIRECT: During our joint lives, trustee shall dispose of the net income and principal of the Trust in such manner as both of us may direct from time to time. Unless otherwise directed by both of us, the net income shall be paid equally to us at least quarter-annually. On the death of the first of us to die, trustee shall dispose of the net income and principal of the Trust in such manner as the survivor of us may direct from time to time. Unless otherwise directed by the survivor of us, the net income shall be paid to the survivor of us at least quarter-annually.

2.2   DISTRIBUTIONS TO SETTLORS DURING DISABILITY: During any period when in the opinion of either of settlors' personal physicians or pursuant to a court determination either of us is incompetent, incapacitated, or disabled due to illness, age, or other cause, with resulting inability to manage property and financial affairs effectively, trustee shall apply for the benefit of settlors so much of the net income and principal of the trust as trustee shall determine in its discretion.

2.3   PAYMENTS FOR SETTLORS' FAMILY: During any period when either settlor is so disabled, trustee shall also distribute such amounts of net income and principal as in its discretion shall be necessary or advisable (a) for the health, support, or maintenance of settlor's spouse, and (b) for the health, education, support, or maintenance of those persons deemed by trustee to be dependent on settlor.

2.4   TRUST ADDITIONS AND REMOVALS: We, acting together or separately, reserve the power to add to the trust estate at any time by delivering additional property which is acceptable to trustee. We, acting together or separately, reserve the power to remove all or any part of the property from the Trust at any time by notifying trustee of such removal in writing. Property added

Initials _RB_ _RB_

Page 1 of 13

to the Trust during our joint lives shall be listed on an appropriate schedule annexed hereto and shall have the separate or community character noted thereon.

2.5   AMENDMENT AND REVOCATION: We reserve the power, even if incompetent to act, to alter, amend, modify or revoke the Trust, in whole or in part, at any time or times, as often as we wish, by an instrument in writing delivered to trustee. While both of us are living, we must act together to alter, amend or modify the Trust. While both of us are living, either of us may revoke the Trust and upon such revocation, the trust assets shall be distributed in equal shares to us, unless the schedules to this Trust indicate an alternate distribution. After the death of one of us, or during any period of time in which one of us is incompetent to act, the survivor of us or the remaining competent person may act alone to alter, amend, revoke, or modify the Trust. However, no amendment with respect to trustee's duties, liabilities, or compensation shall be effective without trustee's written consent.

### ARTICLE 3 – BENEFITS PAYABLE TO TRUSTEE

3.1   OUR RIGHTS IN POLICIES: We reserve and may exercise, together or separately, without the consent or approval of trustee or any beneficiary, all the rights, powers, options and privileges which could be exercised by an absolute owner under the terms of any instrument governing the payment of benefits directly to trustee. Trustee shall deliver any or all life insurance policies, or other instruments evidencing trustee's right to receive benefits, which are deposited with it under this Agreement, on our written request. Trustee shall have no duty to see that a withdrawn instrument is returned to its custody.

3.2   PREMIUMS AND SAFEKEEPING OF POLICIES: Trustee shall be under no obligation to see that premiums, assessments or other sums due under such instruments are paid, or to pay the same, and shall be under no obligation with respect to the instruments deposited with trustee other than for their safekeeping, except to the extent expressly provided in this Agreement. Nothing in this Agreement shall be deemed to impose any obligation on either of us to maintain any or all of such instruments in force.

3.3   COLLECTION OF PROCEEDS: On the death of the insured under any policy payable to the Trust, or in the event benefits otherwise become payable to the Trust, trustee shall make a reasonable effort to collect all such sums, and in the sole discretion of trustee, may exercise any of the options of settlement that may at that time be available to trustee under the terms of any such policy or instrument.

3.4   COLLECTION PROCEEDINGS: Trustee may institute proceedings in order to enforce payment of such sums. However, trustee need not, except at its option, enter into or maintain any litigation to enforce payment until it has been indemnified to its satisfaction against all expenses and liabilities to which, in its sole judgment, it may be subjected by any such action on its part.

3.5   CLAIMS: Trustee is authorized to compromise and adjust claims arising out of any instrument governing the payment of such sums upon such terms and conditions as it may deem prudent. The decisions of trustee shall be binding and conclusive on all interested parties.

Initials _[initials]_

3.6     PAYOR RELIEVED OF LIABILITY: No person or entity which pays insurance proceeds or other benefits to trustee as beneficiary shall be required to inquire into any of the provisions of this Agreement or to see to the application by trustee of any such sums. The receipt of trustee to any payor for any sum so paid shall be a full acquittance of the person or entity paying the same.

3.7     RETIREMENT PLAN ELECTIONS: Trustee may elect to receive any proceeds payable to trustee as beneficiary under a qualified pension, profit sharing or other employee benefit plan either in a lump sum or in the form of any annuity or installments permitted by the terms of such plan. Trustee shall not be liable to any beneficiary of this Trust or to either of our estates by reason of such election.

3.8     BENEFITS NOT PROBATE PROPERTY: Notwithstanding anything in this Agreement to the contrary, benefits or property payable to trustee hereunder by reason of either of our deaths shall not be subject to claims against either of our estates, or to the control of either of our personal representatives, or be included in the property administered as a part of either of our probate estates.

## ARTICLE 4 – ADMINISTRATION OF TRUST AFTER OUR DEATHS

4.1     PAYMENT OF TAXES AND DEBTS: Trustee is authorized but not directed to pay any expenses of the last illness, funeral and burial of either of us, legally enforceable claims against either of us or either of our estates, and expenses of administering either of our estates. Such payments are discretionary with trustee, and no claim or right to payment by third parties may be enforced against the Trust by virtue of this discretionary authority. In addition, if so directed by either of our personal representatives, trustee shall pay any portion of the estate taxes and other death taxes, including any generation-skipping tax, payable by reason of that person's death, together with interest and penalties thereon.

4.2     COORDINATION WITH PERSONAL REPRESENTATIVE: Trustee may make such payments directly or may pay over the amounts thereof to the personal representative of either of our probate estates. Trustee may rely upon the written statements of either of our personal representatives as to all material facts relating to these payments and shall be under no duty to see to their application.

4.3     APPORTIONMENT: All such taxes, expenses and claims shall be paid without apportionment and without reimbursement from any person, except as otherwise provided in the following Section 4.4.

4.4     PROTECTION OF EXEMPT PROPERTY: No payments under this Article shall be made from property or proceeds which are not included in either of our gross estates for federal estate tax purposes or which qualifies for the federal estate tax marital or charitable deductions.

4.5     PURCHASES AND LOANS. On the death of either of us, trustee is authorized to purchase and retain in the form in which received, as an investment of the trust estate, any property forming a part of the probate estate of either of us. Trustee may make loans, with or without security, to the

Initials _MY RB_

personal representative of either of our probate estates. Trustee shall not be liable for any loss suffered by the trust estate as a result of the exercise of powers granted in this Section.

4.6  RECEIPT OF PROBATE PROPERTY: Trustee is authorized to accept or to decline any distributions tendered by the personal representative of either of our probate estates without audit and shall be under no obligation to examine the accounts of either of our personal representatives.

4.7  DISCRETIONARY DISTRIBUTIONS TO OUR PROBATE ESTATES: At any time during the term of the Trust following either of our deaths, trustee may, in its sole discretion, distribute to that person's probate estate, as a beneficiary of this Trust, cash or other trust property, including cash or property which is classified as post-death trust income, to whatever extent trustee deems it to be in the best interests of that person's beneficiaries generally. However, no such distributions may be made from (1) property distributed to qualified charitable recipients under Section 2055 of the Internal Revenue Code, to the extent such distribution entitles either of our estates to a charitable deduction under Section 2055, or (2) property or proceeds described in Section 4.4 of this Article.

## ARTICLE 5 – DISTRIBUTION OF TRUST ESTATE

5.1  TANGIBLE PERSONAL PROPERTY: Upon the first of us to die, trustee shall distribute any of the deceased spouse's household goods, personal effects, and other articles of non-business tangible personal property which may be or become trust property, together with any insurance policies covering such property and claims under such policies, to the surviving spouse. Upon the surviving spouse's death, trustee shall distribute any household goods, personal effects, and other articles of non-business tangible personal property which may be or become trust property, together with any insurance policies covering such property and claims under such policies, in accordance with a memorandum directing the disposition of such property which the second of us to die may leave at death. Any property not disposed of by memorandum shall be added to the trust estate.

5.2  FINAL DISTRIBUTION: Upon the death of the surviving settlor, the trust assets shall be distributed in equal shares to settlors' descendants by representation.

5.3  REMOTE CONTINGENT DISPOSITION: If at any time there is no person or entity qualified to receive final distribution of the trust estate or any part of it, then the portion of the trust estate with respect to which such failure of qualified recipients has occurred shall be distributed one-half to those persons who would inherit it had settlor Robert V. Boucher then died intestate and unmarried owning such property, and one-half to those persons who would inherit it had settlor Bettie Joy Boucher then died intestate and unmarried owning such property, all as determined and in the proportions provided by the laws of Colorado then in effect.

5.4  DISTRIBUTION ALTERNATIVES: The trustee may distribute trust property:

   a)  Directly to the beneficiary;
   b)  In any form allowed by applicable state law for gifts or transfers to minors or persons under disability;
   c)  To the beneficiary's guardian, conservator, or caregiver for the benefit of the beneficiary; or

Initials _____ _____

Page 4 of 13

d) By direct payment of the beneficiary's expenses. A receipt by the recipient for any such distribution, if such distribution is made in a manner consistent with the proper exercise of my fiduciaries' duties hereunder, shall fully discharge my fiduciaries.

## ARTICLE 6 – FACILITY OF DISTRIBUTION AND MANAGEMENT

6.1   CONTINUED RETENTION IN TRUST:  If any part of the trust property becomes distributable outright, or if a distribution is authorized or required to be made, under another provision of this Agreement, to a beneficiary at a time when such person has not yet attained the age of twenty-one years, or at a time when such person is under any form of legal disability, without regard to whether such person is legally so adjudicated, and in the sole discretion of trustee is unable to properly manage his or her financial affairs, trustee may retain the share of such beneficiary in a separate Trust until he or she attains the age of twenty-five (25) years, or until his or her disability has ceased.

a) PAYMENTS TO BENEFICIARY: During the term of any such Trust, trustee shall distribute to or apply for the benefit of such beneficiary as much of the net income and principal as trustee shall determine, in trustee's sole discretion, to be necessary or advisable for the education, health, maintenance and support of such beneficiary after giving consideration, to the extent trustee deems advisable, to any other income or resources of the beneficiary outside the Trust and known to trustee. trustee shall exercise its discretion in such a way as to maximize public assistance benefits, and shall not contractually bind itself or agree with any representative of a public assistance program in such a way as to disqualify any beneficiary of ours from receiving public assistance benefits.  Any net income not so distributed shall be accumulated and added to principal.

b) TERMINATION AND DISTRIBUTION: Trustee shall distribute the principal and any accrued and undistributed income to such beneficiary when he or she attains the age of twenty-five (25) years or ceases to be disabled. If such beneficiary dies before attaining the age of twenty-five (25) years or before such disability ceases, the principal and all accrued and undistributed income shall be distributed to such persons or entities, in such amounts and proportions, and for such estates and interests, on such terms and conditions, either outright or in trust, as the beneficiary may appoint by a valid Will which refers to and specifically exercises this power. However, this power may not be exercised in favor of the beneficiary, the beneficiary's estate, the beneficiary's creditors, or the creditors of the beneficiary's estate. If this power of appointment is not validly exercised, in whole or in part, then upon the beneficiary's death trustee shall distribute the unappointed principal and accrued and undistributed income to the beneficiary's then living descendants by representation.

6.2   ALTERNATIVE METHODS OF DISTRIBUTION: Should trustee, in its sole discretion, determine that it would not be in the best interests of a beneficiary described in Section 6.1 of this Article to retain in trust any property set aside for, or otherwise payable to, such beneficiary, such property may be distributed by trustee in any of the ways authorized by this Section 6.2, without

Initials _____

Page 5 of 13

continuing court supervision or the intervention of a guardian or conservator or other personal representative, and without giving or requiring any bond. Any distribution so made shall be without obligation on the part of trustee to see to the further application thereof. A receipt for any such distribution by the recipient shall fully discharge trustee. Such distributions may be made:

a) Directly to or on behalf of the beneficiary;
b) To an account in a banking or savings institution, either in the name of the beneficiary or in a form reserving title, management, and custody of such account to a suitable person for the use of such beneficiary;
c) In any form of annuity;
d) To any person or financial institution, including trustee, as Custodian under the Uniform Transfers to Minors Act or Uniform Gifts to Minors Act of any state, and in all other ways provided by any statute dealing with gifts or distributions to or for minors or persons under disability;
e) To any suitable person with whom the beneficiary resides or who has the care or custody of the beneficiary.

6.3   ADDITIONS TO SEPARATE TRUSTS: If, on the termination of any separate trust under this Agreement, a final distribution is to be made to a beneficiary for whom trustee then holds another separate trust under this Agreement, such distribution may be added to such other separate trust, as though it had been an original part thereof, instead of being distributed outright.

6.4   CONSOLIDATION OF TRUSTS: Trustee may consolidate and merge for all purposes any trust created hereunder with any other trust created by either of us or any other person at any time, which other trust contains substantially the same terms as this trust for the same beneficiary or beneficiaries and is being administered by the same trustee, and thereafter may administer such consolidated and merged trusts as one unit.

6.5   EARLY TERMINATION: If trustee shall determine, in its sole discretion, that a separate trust established hereunder has become uneconomical to administer, trustee may terminate such trust and distribute the principal and any accrued and undistributed income to the then income beneficiary of the trust, and if held for a class of beneficiaries, then among the living members of such class by representation.

## ARTICLE 7 – POWERS OF THE TRUSTEE

7.1   RETENTION OF PROPERTY: Trustee may retain, without liability for depreciation or loss resulting from such retention, all property constituting the trust estate at the time of its creation or thereafter received from other sources, although such property may not be of the character prescribed by law for the investment of trust funds, and although such retention may result in inadequate diversification.

7.2   TRUST ADDITIONS: Trustee is authorized to receive additional trust property, by gift, Will or otherwise, from either or both of us or any other person. Upon receipt of any such additional trust property, trustee shall administer and distribute the same as part of the trust estate.

Initials_____/_____

7.3     INVESTMENT OF PROPERTY: Trustee may invest and reinvest in such classes of stocks, bonds, securities or other property, real or personal, including investment trusts, common trust fund participations, and life, annuity, accident, sickness and medical insurance on behalf of and for the benefit of trust beneficiaries, as it may select without being limited by statute or rule of law concerning investments by fiduciaries.

7.4     SALE, LEASE OR OTHER DISPOSITION: Trustee may sell, lease, transfer, exchange or otherwise dispose of, or grant options with respect to, any and all property at any time forming a part of the trust estate, in such manner, at such time or times, for such purposes, for such periods of time whether ending before or after the termination of the Trust, for such considerations and upon such terms and conditions as it deems advisable. Trustee may make and deliver such deeds, leases and other instruments as it considers proper under the circumstances, and may deal with the trust estate in all other ways in which any natural person could deal with his own property.

7.5     BORROWING AND ENCUMBRANCE: Trustee may borrow money upon such terms and conditions as to it shall seem advisable, including in the case of a corporate trustee the power to borrow from its own banking department, and may obligate the trust estate for repayment. Trustee may also encumber the trust estate or any property therein by mortgage, deed of trust, pledge, hypothecation or otherwise, even though such encumbrances may still be effective after the termination of the Trust.

7.6     SETTLEMENT POWERS: Trustee may compromise, adjust, arbitrate, alter the terms of or abandon any claim in favor of or against the trust estate, and may take deeds in lieu of foreclosure.

7.7     MAINTENANCE: Trustee may maintain, repair, remove, alter, construct or raze buildings, structures or other improvements upon real estate constituting a part of the trust estate. With respect to land, trustee may grant easements, subdivide or dedicate to public use. Trustee may carry such insurance against such hazards as it may select.

7.8     SECURITIES: Trustee may retain, exercise or sell rights of conversion or subscription with respect to any securities from time to time held by the Trust, and vote or refrain from voting at corporate meetings in person or by proxy, general or limited, with or without power of substitution.

7.9     DISTRIBUTIONS IN KIND: Trustee is specifically authorized to allocate trust property in cash or in kind, or partly in cash and partly in kind, or by way of undivided interests, to any beneficiary or trust created hereunder, in full or partial satisfaction of any interest created hereunder. Trustee need not make pro rata divisions and distributions in kind but may allocate specific property to any such beneficiary or trust, although such property may differ in kind from property allocated to any other beneficiary or trust, without regard to the income tax basis. However, trustee shall not exercise its discretion in a manner which would result in a decrease in any marital or charitable deduction otherwise allowable in determining the federal estate tax of either of us.

7.10    INCOME AND PRINCIPAL POWERS: Trustee may determine, in a fair, equitable and practical manner, how all receipts, trustee's fees and other disbursements, including those relating to transactions during probate administration of either of our estates and to wasting assets, shall be credited, charged or apportioned between principal and income. Trustee may also set aside from

income reasonable reserves for taxes, assessments, insurance premiums, repairs, depreciation, obsolescence, depletion, and for the equalization of distributions to or for beneficiaries, and may select an annual accounting period.

7.11 BUSINESS POWERS: Trustee may retain and continue any business in which either of us shall have an interest as a shareholder, partner or otherwise, even though it may constitute all or a large portion of the trust estate. Trustee may participate in the conduct of any such business or employ others to do so, execute partnership agreements and amendments thereto, participate in any incorporation, reorganization, merger, consolidation, recapitalization, liquidation or dissolution of any business and hold the stock as trust property, and elect or employ directors, officers, employees and agents and compensate them for their services. Trustee may sell or liquidate any such business interest or carry out the provisions of any agreement entered into by either of us prior to death for the sale of any such business or the stock therein. All of these powers may be exercised whether or not trustee is interested in an individual capacity in any such business.

7.12 COMPLIANCE WITH LAWS: The trustee may, in his discretion, periodically inspect and review, or require the inspection and review, of any and all property held in this Trust for the purpose of determining compliance with any law, rule or regulation affecting such property, with all expenses of such inspection, review and monitoring to be paid from the income or principal of this Trust.

7.13 POWERS OF INTERESTED TRUSTEE: Notwithstanding the general powers conferred upon trustee, no individual trustee shall exercise or participate in the exercise of discretion with respect to the distribution of income or principal to or for the benefit of such trustee unless such distribution is limited by an ascertainable standard relating to the education, health, maintenance and support of such trustee. In addition, no individual trustee shall exercise or participate in the exercise of such discretion with respect to distributions to any person such trustee is legally obligated to support, or which would cause the disqualification of an otherwise qualified disclaimer.

7.14 COLORADO FIDUCIARIES' POWERS ACT: Trustee may perform every act reasonably necessary to administer the Trust. In addition to all of those powers specifically granted in this Article, trustee may exercise those powers set forth in the Colorado Fiduciaries' Powers Act, together with any amendments to such Act subsequent hereto, and said Act as it exists at the date of the execution of this Trust is hereby specifically and completely incorporated herein by reference. All the powers granted to trustee in this Article, however, are subject to any express limitations or contrary directions contained elsewhere in this Agreement.

## ARTICLE 8 – TRUSTEESHIP

8.1 DESIGNATION OF SUCCESSOR TRUSTEE: If either of the original trustees is unwilling or unable to serve or continue to serve as trustee hereunder, and the vacancy is not filled as is provided in the preceding sections, then the remaining original trustee shall continue to serve as sole trustee hereunder. If both original trustees are unwilling or unable to serve or continue to serve as trustee hereunder, then ROBERT V. BOUCHER, III is designated to serve as successor trustee hereunder. If Robert V. Boucher, III is unable or ceases to serve, then LANDUS R. BOUCHER is designated to serve as successor trustee.

Initials _____ _____

8.2   TRUSTEE: As used throughout this Trust, the word "trustee" shall always refer to the original trustee as well as to any successor, replacement or additional person, corporation or other entity from time to time acting, whether in fact there shall be one or more trustees acting from time to time.

8.3   BOND: No trustee acting under this Trust shall be required to furnish any bond for the faithful performance of its duties, but if bond is ever required by any law or court rule, it is desired that no surety be required on such bond.

8.4   COURT SUPERVISION: The Trust shall always be administered free from the active supervision of any court and shall be administered in any jurisdiction deemed advisable by trustee. Proceedings to seek instructions or court determination shall be initiated in the court having original jurisdiction over matters relating to the construction and administration of trusts.

8.5   COMPENSATION: Trustee shall be entitled to compensation commensurate with services actually performed and to be reimbursed for expenses properly incurred.

8.6   REPORTS TO BENEFICIARIES: Trustee shall report at least annually to the beneficiaries eligible to receive current income hereunder relative to all the receipts, disbursements and distributions during the reporting period and property then held as principal of the Trust. The records of the Trust shall be open at all reasonable times to the inspection of the beneficiaries of the Trust and their appointed representatives.

8.7   DELEGATION OF POWERS: At any time and from time to time, any trustee hereunder may delegate to any other trustee hereunder the power to exercise any or all powers granted herein, discretionary or otherwise, and may revoke any such delegation at will. The delegation of any such power, and also the revocation of any such delegation, shall be evidenced by an instrument in writing executed by the delegating trustee. So long as any such delegation is in effect, any of the delegated powers may be exercised by the trustee receiving such delegation with the same force and effect as if the delegating trustee had personally joined in the exercise of this power.

8.8   SUCCESSOR POWERS AND LIABILITIES: Any fiduciary succeeding to the trust business of any corporate trustee shall become the successor trustee under this Agreement with like powers, duties and obligations. Any successor trustee at any time acting hereunder, whether corporate or individual, shall have and exercise all of the rights, powers and privileges, and be subject to all of the obligations and duties, both discretionary and ministerial, as are herein and hereby given and granted to the original trustee hereunder, and shall be subject to any restrictions herein imposed upon the original trustee. No trustee or successor trustee shall be obliged to examine the accounts, records, and acts of any previous trustee or of the personal representative of either of our probate estates, nor shall any trustee or successor trustee in any way or manner be responsible for any act or omission to act on the part of any previous trustee or the personal representative of either of our probate estates.

Initials _____

8.9     MAJORITY CONTROL: In all matters pertaining to the administration of the Trust, the agreement of a majority of trustees shall control at any time when more than two are acting, but if only two are acting, the agreement of both of them shall be required. When more than two trustees are acting, any trustee may dissent or abstain in a matter pertaining to the administration of the Trust, and shall be absolved from personal liability by registering a dissent or abstention with the records of the Trust, but shall thereafter act with the other trustees in any way necessary or appropriate to effectuate the decision of the majority.

8.10    SUBSTITUTE TRUSTEE: If for any reason trustee is unwilling or unable to act as to any property of the Trust, or with respect to any provisions of this Agreement, trustee shall designate in writing an individual or bank or trust company to act as substitute trustee as to such property or with respect to such provisions. Each substitute trustee so acting shall exercise all fiduciary powers granted by this Trust unless expressly limited by trustee in the instrument designating such substitute trustee. Any substitute trustee may resign at any time by written notice to trustee. The property being administered by the substitute trustee, and the net income therefrom, shall be distributed as directed by trustee or remitted to trustee for distribution pursuant to this Trust.

8.11    RESIGNATION: Any trustee serving hereunder from time to time may resign by giving thirty days' written notice to us (or the survivor of us), if living, or otherwise to all the adult beneficiaries then eligible to receive income and to the parent, conservators or guardians of all minor or disabled beneficiaries of the trust then eligible to receive income. Such written notice shall be delivered by hand or certified mail and shall become effective upon the acceptance of appointment by the successor trustee. If any minor or disabled income beneficiary has no parent, conservator or guardian, the required notice shall be delivered to the person responsible for the care and custody of such beneficiary.

8.12    REMOVAL OF TRUSTEES: We, acting together, may remove any trustee acting hereunder from time to time, or any successor trustee designated hereunder to act in the future, by giving thirty days' written notice to the then serving trustee, effective in accordance with the provisions of the notice. After the death of the first of us to die, or during any period in which one of us is incapacitated, the other of us may remove any trustee acting hereunder from time to time, or any successor trustee designated hereunder to act in the future, by giving thirty days' written notice to the then serving trustee, effective in accordance with the provisions of the notice.

8.13    REPLACEMENT OF TRUSTEES: If any trustee shall die, resign, be removed, become incompetent or cease to serve for any other reason, we, acting together, may designate a successor trustee. After the death of the first of us to die, or during any period in which one of us is incapacitated, the other of us may designate such successor trustee. After the death of both of us, or during any period in which both of us are either incapacitated or deceased, and no designated successor trustee serves, a majority of the beneficiaries then eligible to receive income who have attained the age of 21 years and are not incapacitated may designate a successor trustee. If any vacancy is not filled within thirty days after the vacancy arises, then any beneficiary may petition a court of competent jurisdiction to designate a successor trustee to fill such vacancy. By making such designation, such court shall not thereby acquire any jurisdiction over the trust, except to the extent necessary for making such designation. Any successor trustee designated hereunder may be an

Initials _____

individual or may be a bank or trust company authorized to serve in such capacity under applicable federal or state law.

## ARTICLE 9 – ADMINISTRATIVE PROVISIONS

9.1   SPENDTHRIFT CLAUSE:  To the full extent permitted by law, the interests of the beneficiaries hereunder other than us shall not be alienated, pledged, anticipated, assigned or encumbered unless specifically authorized by the provisions of this Agreement, and such interests shall not be subject to the claims of any creditors, other than our creditors, or to legal process, prior to actual receipt by the beneficiary.

9.2   PROTECTION AGAINST PERPETUITIES RULE: Every trust hereunder, and every trust created by the exercise of a power of appointment hereunder, shall terminate no later than the end of the period allowed by the applicable Rule Against Perpetuities and the trust property shall be distributed to the persons then entitled to the income from the trust in the proportions in which they are entitled to such income. For this purpose only, any person eligible to receive discretionary distributions of income from a particular trust shall be treated as being entitled to receive the income. If two or more persons are so treated, they shall be treated as being entitled to receive the income by representation if they have a common ancestor, or in equal shares if they do not.

9.3   ADOPTED AND AFTERBORN PERSONS: Persons who are legally adopted while they are under the age of eighteen years shall be treated for all purposes under this Trust as though they were natural-born children of their adopting parents.  A child in gestation who is later born alive shall be considered a child in being throughout the period of gestation.

9.4   DESCENDANTS:  The descendants of a person shall include all of his or her lineal descendants of all generations.  An adopted person, and all persons who are the descendants by blood or by legal adoption while under the age of eighteen years of such adopted person, shall be considered descendants of the adopting parent and the adopting parent's ancestors.

9.5   COMMUNITY PROPERTY: To the extent that community property becomes property of the Trust, such property and the proceeds therefrom shall retain their character as community property during the period both of us are living.  No transfer of such community property to the Trust or its nominee, or from either entity in the case of withdrawal or revocation by either of us, shall partition such community property absent an agreement in writing to the contrary.

9.6   EDUCATION:  As used in this Trust, "education" shall include any course of study or instruction at an accredited college or university granting undergraduate or graduate degrees, or at any institution for specialized, vocational or professional training, or at any institution offering an accredited educational course.  The term shall also include any course of study or instruction which may be useful in preparing an individual for any vocation consistent with the individual's abilities and goals. Distributions for education may include such costs as tuition, fees, books, supplies, living expenses and travel, to the extent they are reasonable.

Initials _____  _____

9.7     PERSONAL REPRESENTATIVE: For the purposes of this Trust, the term "personal representative" shall include an executor, administrator, guardian, conservator or any other form of personal representative, depending upon the context in which such term occurs.

9.8     INCAPACITY: For the purposes of this Trust, an individual may be treated as being under legal disability, incompetent or incapacitated if so declared or adjudicated by an appropriate court, or if a guardian, conservator or other personal representative of such individual's person or estate or both has been appointed by an appropriate court. An individual may also be treated as being under legal disability, incompetent or incapacitated if so certified in writing by his or her personal physician and confirmed in writing by a second physician.

9.9     OTHER DEFINITIONS: Except as otherwise provided by this Trust, terms shall be as defined in the Colorado Probate Code as amended after the date of this Trust and after my death.

9.10    CONSTRUCTION: Unless the context requires otherwise, words denoting the singular may be construed as denoting the plural, and words of the plural may be construed as denoting the singular, and words of one gender may be construed as denoting such other gender as is appropriate.

9.11    HEADINGS: The headings of articles and sections are included solely for convenience of reference, and shall have no significance in the interpretation of this Agreement.

9.12    APPLICABLE LAW: The validity of this Trust shall be determined by reference to the laws of Colorado. Questions of construction and administration of this Trust shall be determined by reference to the laws of the state in which the Trust is being administered.

9.13    SURVIVORSHIP. In all cases where surviving either of us is a condition to receiving any interest or benefit under this Trust, any beneficiary shall be deemed to have survived that person only if such beneficiary lives thirty days or more after the date of that person's death.

SIGNED by us effective the day and year first written above.

_____  
ROBERT V. BOUCHER, JR., Settlor

_____  
BETTIE JOY BOUCHER, Settlor

_____  
ROBERT V. BOUCHER, JR., Trustee

_____  
BETTIE JOY BOUCHER, Trustee

Initials _____

STATE OF COLORADO )
) ss.
COUNTY OF LA PLATA )

The foregoing trust agreement was acknowledged before me by Robert V. Boucher, Jr., and Bettie Joy Boucher, as settlors, on May 19, 2020.

Witness my hand and official seal.
My commission expires: June 18, 2023.

[SEAL]
ASHLEY MILLS GEYER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20114020575
MY COMMISSION EXPIRES JUNE 18, 2023

_____
Notary Public

STATE OF COLORADO )
) ss.
COUNTY OF LA PLATA )

The foregoing trust agreement was acknowledged before me by Robert V. Boucher, Jr., and Bettie Joy Boucher, as trustees, on May 19, 2020.

Witness my hand and official seal.
My commission expires: June 18, 2023.

[SEAL]
ASHLEY MILLS GEYER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20114020575
MY COMMISSION EXPIRES JUNE 18, 2023

_____
Notary Public

Initials _BJ_/_RB_

Page 13 of 13