**CHAPPELL, CHAPPELL & NEWMAN**
Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
Tel:   (803) 233-7050
Fax:   (803) 233-0570

*Attorneys for Plaintiff*
*ADA COUSAR*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) ) ) ) Hearing Date and Time: ) Thursday, August 17th at 1:00 PM |
| This document relates to: *Ada Cousar, et al. v. Monsanto Co.*, Case No. 3:20-cv-4212-VC | ) ) ) ) ) ) |

### ADA COUSAR'S PETITION FOR APPROVAL
### OF SURVIVAL AND WRONGFUL DEATH SETTLEMENT

The Petitioner, Ada Cousar, would show this Court as follows:

1. Petitioner is the widow and personal representative of the Estate of Vernal Cousar.

2. The Estate of Vernal Cousar is presently open in the probate court of Sumter County, South Carolina.

3. Petitioner, by and through her attorney, commenced the present action against Monsanto Company on June 2, 2020 in the United States District Court for the District of South Carolina.

4. On June 23, 2020, this action was transferred to the Northern District of California via order of the Judicial Panel on Multidistrict Litigation.

5. The Court's order of July 23, 2021 (PTO 240) required Petitioner to participate in the Independent Roundup Settlement Program administered by Kenneth Feinberg.

6. The Petitioner has informed Administrator Feinberg that she accepts the offer of settlement produced by the settlement program.

7. This petition seeks court approval of the acceptance of the settlement offer.

## CONTROLLING LAW

8. Prior to his death, Vernal Cousar resided in South Carolina, was exposed to Roundup in South Carolina, and contracted Non-Hodgkin Lymphoma in South Carolina.

9. As a result, the substantive law of the State of South Carolina controls Petitioner's right to seek compensation for the wrongful death of Vernal Cousar and the survival actions possessed by the Estate of Vernal Cousar. See S.C. Code Ann. § 15-51-10, et seq.

10. South Carolina law provides "[o]nly a duly appointed personal representative, as defined in Section 62-1-201(30), shall have the authority to settle wrongful death or survival actions." S.C. Code Ann. § 15-51-42(A).

11. As to the petition of the proposed settlement, South Carolina law further provides:

> The petition must be verified by the personal representative and shall set forth, in terms satisfactory to the court in which the petition is filed, the basic facts surrounding the death of the decedent, the pertinent facts surrounding the liability of the alleged wrongdoer, the amount of insurance available to pay for damages, the terms of the proposed settlement, the statutory beneficiaries of the wrongful death or survival action, the heirs at law or appropriate devisees of the estate, the appropriate creditors, the amount of their claims, and, if the personal representative has retained legal counsel, the terms and provisions of the agreement with respect to attorney's fees and costs.

S.C. Code Ann. § 15-51-42(B).

## ANALYSIS OF PROPOSED SETTLEMENT

**A.   Basic Facts Surrounding Death of Decedent**

12. Decedent Vernal Cousar was born in the State of South Carolina on March 11, 1938.

13. Decedent Vernal Cousar was first diagnosed with Non-Hodgkin Lymphoma ("NHL") on December 26, 2017. He underwent extensive treatment including 6 cycles of R-CHOP.

14. Decedent Vernal Cousar died of B Cell Lymphoma on July 19, 2018.

15. On July 31, 2018, Ada Cousar was appointed as the Personal Representative of the Estate of Vernal Cousar. (**Exhibit A**—Certificate of Appointment)

**B.   Pertinent Facts Surrounding Liability of Monsanto Company**

16. At all times relevant to the Complaint, Monsanto Company manufactured, marketed, and sold Roundup herbicide products.

17. Decedent Vernal Cousar used and was otherwise exposed to Roundup products from approximately 1988 until 2010.

18. Petitioner contends that the decedents use of and exposure to Roundup caused the decedent's NHL and ultimate death.

Case 3:16-md-02741-VC   Document 16984   Filed 07/12/23   Page 4 of 8

19. Monsanto Company denies that exposure to Roundup causes NHL and also denies that the decedent's use of and exposure to Roundup specifically caused the decedent's NHL and death.

**C. Amount of Insurance Available**

20. The atypical nature of the funding of the Independent Roundup Settlement Program renders this consideration inapplicable.

**D. Terms of Proposed Settlement**

21. If the proposed settlement is approved, the Petitioner would dismiss all claims set forth against Monsanto Company and release all other potential claims against Monsanto Company stemming from the NHL and/or death suffered by the Decedent in exchange for payment of ▮.

22. Petitioner further proposes that 80% of the gross settlement proceeds ▮ be allocated as consideration for the release of the wrongful death claims of the statutory beneficiaries while 20% of the gross settlement proceeds ▮ be allocated as consideration for the relief of the survival claims belonging to the Estate.

23. Details of the disbursement of settlement proceeds of the wrongful death allocation are as follows:



N/A

Allocated Settlement Amount
8% Common Benefit Hold-back
Litigation Expense Reimbursement
Attorney's Fee (32%)
Medical Liens
Net Settlement Proceeds to Beneficiaries

24. Details of the disbursement of settlement proceeds of the survival allocation are as follows:



Allocated Settlement Amount
8% Common Benefit Hold-back
Litigation Expense Reimbursement
Attorney's Fee (32%)

                                                Medical Lien (CMS)
                                                Net Settlement Proceeds to Estate

E.    **Statutory Beneficiaries of the Action**

25. South Carolina law establishes that "[e]very [wrongful death] action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused…". S.C. Code Ann. § 15-51-20.

26. Vernal Cousar's statutory beneficiaries are as follows: Ada Cousar (wife); Dwayne Cousar (son); Vernal Cousar Jr. (son); Carrielle McNair (daughter).

27. South Carolina law further provides that any wrongful death settlement proceeds "shall be divided among the before-mentioned parties in those shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate." S.C. Code Ann. § 15-51-40.

28. South Carolina laws of intestacy provide that the share of the surviving spouse is "if there are surviving issue, one-half of the intestate estate." S.C. Code Ann. § 62-2-102(2).

29. South Carolina laws of intestacy further provide that the shares of the surviving children are "if they are all of the same degree of kinship to the decedent they take equally." S.C. Code Ann. § 62-2-103.

30. As a result, if the proposed settlement is approved the statutory beneficiaries will take from the settlement as follows:



| | | |
|---|---|---|
| Ada Cousar | | (50% of Net Settlement Proceeds) |
| Dwayne Cousar | | (16.66% of Net Settlement Proceeds) |
| Vernal Cousar Jr. | | (16.66% of Net Settlement Proceeds) |
| Carrielle McNair | | (16.66% of Net Settlement Proceeds) |

31. All statutory beneficiaries are above twenty-one years of age.

F.    **Heirs at Law or Appropriate Devisees of the Estate**

32. Vernal Cousar possessed a Last Will and Testament at the time of his death. This will is being administered by the Probate Court of Sumter County, South Carolina.

33. Ada Cousar is the sole beneficiary of the decedent's will and thus will receive 100% of the survival claim settlement benefits subject to the laws of Estate Administration.

G. **Appropriate Creditors and Amount of Claims**

34. No creditors have claimed entitlement to any proceeds of this settlement beyond the lien claimed by the Center for Medicare/Medicaid Services listed in paragraph 24.

35. All creditor claims filed against the Estate of Vernal Cousar have been satisfied by the Personal Representative prior to the filing of this Petition.

H. **Terms of Representation by Counsel**

36. Graham L. Newman, Esq. of Chappell, Chappell & Newman, Attorneys, LLC serves as the attorney for the Petitioner and the Estate of Vernal Cousar. Chappell, Chappell & Newman, Attorneys, LLC has agreed to represent the Petitioner and the Estate for forty percent of the settlement proceeds and reimbursement of litigation costs incurred less the common benefit hold-back (8%) ordered by the Court. The Plaintiff's attorneys have agreed to waive any entitlement to an attorney's fee from the survival proceeds and have agreed to accept less than their entitlement to the wrongful death proceeds.

## CONCLUSION

For the reasons stated herein, Petitioners request the Court approve the terms of the proposed settlement.

Respectfully submitted,

/s/ *Graham L. Newman*
Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
CHAPPELL, CHAPPELL & NEWMAN

Petition for Approval of Wrongful Death Settlement
Cousar v. Monsanto Company (3:20-cv-4212-VC)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2801 Devine Street, Suite 300
Columbia, South Carolina 29205
(803) 233-7050
(803) 233-0570 (facsimile)

*Attorneys for Plaintiff*
*ADA COUSAR*

**Petition for Approval of Wrongful Death Settlement**
<u>**Cousar v. Monsanto Company**</u> **(3:20-cv-4212-VC)**

## VERIFICATION OF PERSONAL REPRESENTATIVE

I, ADA COUSAR, am the duly-appointed personal representative of the Estate of Vernal Cousar. I hereby affirm, under the penalty of perjury, that the assertions contained within this petition are true to the best of my knowledge and that I approve of the terms of this proposed settlement.

(Signature Page Attached as **Exhibit B**)

_____
Ada Cousar
Personal Representative

SWORN to before me this ___ day of
_____, 20___
_____
Notary Public for South Carolina
My Commission Expires: _____

## CERTIFICATION OF ATTORNEY

I, GRAHAM L. NEWMAN, am the attorney for Ada Cousar, as Personal Representative of the Estate of Vernal Cousar. I am of the opinion that the proposed settlement is fair and reasonable and is in the best interests of the statutory beneficiaries and the estate of the decedent.

/s/ *Graham L. Newman*_____
Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
CHAPPELL, CHAPPELL & NEWMAN
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
(803) 233-7050
(803) 233-0570 (facsimile)

*Attorneys for Plaintiff*
*ADA COUSAR*

**Petition for Approval of Wrongful Death Settlement**
**Cousar v. Monsanto Company (3:20-cv-4212-VC)**