# EXHIBIT A

FILED
08/21/22
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CARL ALESI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No. 19SL-CC03617 |
| v. ) | |
| ) | Division No. 1 |
| MONSANTO COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER CONCERNING THE DEPOSITION OF ROBERT TARONE, PHD

Presently before the Court is Plaintiffs' Bench Brief Regarding the Deposition of Robert Tarone, PhD, filed August 19, 2022.

Dr. Tarone is one of Monsanto's non-retained experts who was deposed in another Roundup/non-Hodgkin's lymphoma ("NHL") case[1] on December 17, 2019. Because Plaintiffs in this case were not represented at Dr. Tarone's deposition and did not receive notice thereof, they argue that Rule 57.07(a) precludes Monsanto from playing any of his deposition to the jury in this trial. While the parties in this case have an agreement to use certain depositions across various Roundup/NHL cases, Plaintiffs assert Dr. Tarone was not one such deposition.

On August 19, 2022, the Court conducted a hearing on this issue and heard arguments from counsel after which the issue was submitted for ruling. After careful consideration of the legal brief and oral arguments, the Court hereby makes the following ruling.

---

[1] Dr. Tarone's December 17, 2019 deposition was conducted in the case styled *Caballero v. Monsanto Co.*, No. MSC 19-01821 (Super. Ct. Cal., Cty. of Contra Costa).

1

Exhibit A Page 1

## ANALYSIS

Rule 57.07(a) provides the following on permissible uses of depositions in Missouri courts:

> Any part of a deposition that is admissible under the rules of evidence applied as though the deponent were testifying in court may be used against *any party who was present or represented at the taking of the deposition or who had proper notice thereof*. Depositions may be used in court for any purpose.

(Emphasis added). Rule 57.07(a) is consistent with "the general rule that a deposition taken in a prior case is inadmissible." *Maturo v. Stone*, 856 S.W.2d 84, 85 (Mo. App. E.D. 1993) (citing *Bartlett v. Kansas City Pub. Serv. Co.*, 160 S.W.2d 740, 743–45 (Mo. 1942)). "The basis for exclusion of such testimony is that the parties not involved in the prior deposition had no real opportunity to cross-examine the witness." *Id.* "An exception to the general rule of inadmissibility exists when there is a clear identity of issues and of parties." *Id.* (citing *Bartlett*, 160 S.W.2d at 743–45). "The parties need not be identical, but must be in privity with one another. The courts have interpreted parties as being in privity with one another when they have an 'identity of interest', or the same interest and motive." *Id.* (citations omitted) (quoting *Maxwell v. City of Springfield*, 705 S.W.2d 90, 93-94 (Mo. App. S.D. 1986)).

"[T]he phrase 'identity of interest' as used in this rule means that each party opponent against whom the deposition is offered must have had as much reason to cross-examine the witness as the other, not that they must have the same motive, which would require the same self-serving reason." *Maxwell*, 705 S.W.2d at 93.

"Whether to admit deposed testimony is a decision largely within the discretion of the trial court." *Nugent v. Owens Corning Fiberglas, Inc.*, 925 S.W.2d 925, 929 (Mo. App. E.D. 1996).

Plaintiffs claimed in their Bench Brief that Dr. Tarone's December 17, 2019, deposition "occurred before Plaintiffs had filed their petition." However, during the August 19, 2022, hearing Plaintiffs' counsel noted that this statement was not accurate. In fact, Plaintiffs' original Petition was filed on August 21, 2019. Thereafter, the Court granted Leave for Plaintiffs to file their first Amended Petition on January 25, 2022, and again granted Leave for them to file the operative Second Amended Petition on March 23, 2022. Regardless, Plaintiffs' counsel in this case were not present during Dr. Tarone's deposition on December 17, 2019, *see* Ex. 1, and they assert they had no proper notice thereof.

According to the emails produced in Exhibit 2, Plaintiffs' counsel asserted: "[W]e reached no reciprocal arrangements concerning non-retained experts. Indeed, Plaintiffs did not even disclose any non-retained experts. Plaintiffs will need to review the transcripts of Monsanto's 3 non-retained experts before we can make any agreement as to these witnesses." *Email from Plaintiffs' counsel G. Henderson to Monsanto's counsel A. Martinez and others (Mar. 31, 2022)*.

Monsanto's counsel, on the other hand, stated: "On the non-retained experts, I am not saying they cannot be deposed. I am just saying we will not produce those folks for deposition. We intend to use prior deposition testimony and if you would like to depose them, you are more than welcome to subpoena them." *Email from Monsanto's counsel A. Martinez to Plaintiffs' counsel G. Henderson and others (Apr. 3, 2022)*.

Dr. Tarone is a non-retained witness who is neither an employee of Monsanto or a paid witness. Therefore, Monsanto has no control over him to make him appear. As Monsanto's counsel noted, Plaintiffs were free to subpoena Dr. Tarone to be deposed in this case. They did not do so. That decision does not change the text of Rule 57.07(a) or the caselaw permitting depositions from separate cases if an identity of issues and parties exist with the case at bar.

The separate California case in which Dr. Tarone was deposed concerned the exact issues presented in this trial and was against the same defendant, Monsanto. Accordingly, the only question is whether Plaintiffs in this trial share an identity of interest with the plaintiff in the California case. Because both cases concern whether glyphosate in Roundup causes NHL, they clearly share an identify of interest. As Missouri courts recognize:

> Prior deposition testimony is admissible when the prior proceeding involved the same parties, or those with an "identity of interest" as the parties in the subsequent case, and the same issues are litigated, because the parties against whom the deposition is being used are said to have had sufficient opportunity to cross-examine the witness when the testimony was first given. When there is an identity of issues and of parties, the interests of the parties in the subsequent case are fully protected.

*Maturo*, 856 S.W.2d at 85–86 (citation omitted) (citing *Bartlett,* 160 S.W.2d at 743; *Maxwell*, 705 S.W.2d at 94).

Because the issues litigated in the California case are the same as those being litigated here and the plaintiff's counsel in that case had the same interests and motives during Dr. Tarone's deposition, Plaintiffs' interests are fully protected if Dr. Tarone's deposition testimony is admitted.

## CONCLUSION

Accordingly, Plaintiffs' request to exclude Dr. Tarone's testimony in its entirety is hereby **DENIED**.

SO ORDERED:

August 21, 2022

_____
Hon Brian H. May
Circuit Judge, Division 1

4

**Exhibit A Page 4**