# EXHIBIT B

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

**FILED**

APR 2 0 2023

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

SHARLEAN GORDON, )
)
Plaintiff, )
)
v. ) Cause No. 17SL-CC02721
)
) Division No. 1
MONSANTO COMPANY, )
) April 20, 2023
Defendant. )

### ORDER CONCERNING THE PARTIES' MOTIONS *IN LIMINE*

Presently before the Court are Plaintiff Sharlean Gordon's fifteen Motions *in Limine* and Defendant Monsanto Company's ("Monsanto") thirty-nine Motions *in Limine*.

On March 24, 2023, the parties filed a joint Stipulation Concerning Certain Evidentiary and Case Management Issues in this trial and requested the Court include the following stipulations as part of its Order on Motions *in Limine*:

1. The Parties shall not introduce evidence, argument, or testimony concerning any plaintiff named on the operative complaint in the above-captioned case other than Ms. Gordon or any plaintiffs in other cases. Further, the caption shall be amended to name this case as "Sharlean Gordon v. Monsanto Company." This paragraph does not relate to evidence, argument, or testimony concerning expert compensation.

2. Monsanto shall not introduce evidence, argument, or testimony that there are "more than 800 scientific studies" supporting the safety of glyphosate in opening statements. Monsanto reserves the right to revisit this issue depending on the facts presented during trial.

3. The Parties shall not introduce evidence, argument, or testimony concerning any illegal and/or recreational drug use by Ms. Gordon. Further, the Parties shall not refer to any alcohol use by Ms. Gordon during opening statements.

4. The Parties shall not introduce evidence, argument, or testimony regarding any settlement negotiations in this case. For the purposes of this stipulation, "settlement negotiations" includes any payment by Monsanto to Ms. Gordon.

1

Exhibit B Page 1

      5.     The Parties shall not introduce evidence, argument, or testimony concerning the presence or absence of jury consultants for either Party.

      6.     The Parties shall not introduce evidence, argument, or testimony concerning the number or amounts of verdicts or settlements, nor the identity of the prevailing parties, in prior Roundup litigations.

      7.     The Parties shall make no efforts to direct the jurors to any websites and Monsanto will not display any url on its demonstratives.

      8.     The Parties shall not introduce evidence, argument, or testimony that Roundup and glyphosate are synonymous.

      9.     The Parties shall not introduce evidence, argument, or testimony regarding endocrine disruption or the effects of glyphosate or Roundup on gut bacteria.

On March 30, 2023, the Court signed the stipulation. Accordingly, those stipulations are incorporated into this Order Concerning Motions *in Limine*.

On April 17 and 18, 2023, the Court conducted a pre-trial conference to hear arguments on these motions *in limine* and other matters.

Prior to the pre-trial conference, the parties notified the Court that they had reached agreement on several motions *in limine*. On April 15, 2023, the parties filed a Stipulation Concerning Certain Evidentiary Matters Plaintiff's Motions *in Limine* Nos. 3 and 15 (and she is withdrawing her Motion *in Limine* No. 5); and Monsanto's Motions *in Limine* Nos. 31, 37, 38, and 39. On April 16, 2023, Plaintiff filed additional notices of mootness concerning Monsanto's Motions *in Limine* Nos. 9 and 32. During the pre-trial conference, the parties further reached agreements on additional motions *in limine* as noted below.

After careful consideration of the legal briefs, exhibits, and oral arguments, the Motions *in Limine* were submitted for ruling. The Court hereby makes the following rulings. The Court reminds the parties that "[a] ruling in limine is interlocutory only and is subject to change during

the course of the trial." *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 636 (Mo. banc 2013) (quoting *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992).

### A. PLAINTIFF'S MOTIONS *IN LIMINE*

1. Plaintiff's Motion *in Limine* No. 1 to Exclude Any Testimony and Evidence Regarding Monsanto's Employees' Personal Use of Roundup is **DENIED IN PART AND GRANTED IN PART.** The only Monsanto employees that may testify as to their own usage of Roundup are those employees that are put on the stand or have been deposed. There may be no evidence offered concerning Roundup use by other employees or family members who are not testifying.

2. Plaintiff's Motion *in Limine* No. 2 to Exclude Evidence, Testimony, and Argument Regarding Attorney Retention and Advertising is **GRANTED IN PART AND DENIED IN PART.** Monsanto has agreed to not introduce evidence of the role of counsel's advice in Plaintiff's decision to file her claims or any fee arrangements. Further, Monsanto is willing to stipulate excluding evidence regarding attorney retention and advertising in general – except for potential questions to prospective jurors about their knowledge of the facts such as through commercials – provided it is allowed to question Plaintiff about why she first retained her lawyers and the circumstances under which she did so. The Court agrees. Monsanto may question Plaintiff about why she first retained her lawyers and the circumstances under which she did so but may not question her about attorney advertising in general or any retention fee arrangement. Further, any evidence of Monsanto's steps to stop producing residential glyphosate is excluded.

3. Plaintiff's Motion *in Limine* No. 3 to Exclude Monsanto's Expert Witnesses from Testifying as to the Credibility of Plaintiff or Plaintiff's witnesses is **GRANTED IN PART AND DENIED IN PART.** Pursuant to the parties' Stipulation Concerning Certain Evidentiary Matters,

3

the parties stipulate that witnesses will not testify about another witness's credibility or testify that another witness is not credible. Witnesses may testify about facts or, if permitted to offer opinion testimony, opinions that contradict another witness's testimony or from which the jury can infer that another witness is not credible.

4. Plaintiff's Motion *in Limine* No. 4 to Exclude Any Testimony or Reference to Defendant's "Good Acts" or References to Community Service, Community Donations and/or Funding by Defendant's Current or Former Employees, Managers, Consultants, Experts, Agents or Fiduciaries is **GRANTED** as to character evidence unless the issue of Monsanto's character is opened up by Plaintiff.

5. Plaintiff's Motion *in Limine* No. 5 to Exclude Treating Physicians and Non-Retained Experts as to Matters of General and Specific Causation is **WITHDRAWN** by Plaintiff pursuant to the parties' Stipulation Concerning Certain Evidentiary Matters.

6. Plaintiff's Motion *in Limine* No. 6 to Exclude Evidence Concerning Plaintiff's Past Purported Use of Alcohol and Tobacco is **DENIED IN PART** as to relevant evidence of smoking. Plaintiff's Motion *in Limine* No. 6 is **GRANTED IN PART** with regard to Plaintiff's use of alcohol. During the pre-trial conference, Plaintiff's counsel stated they will neither offer expert testimony regarding Plaintiff's renal failure nor will they elicit affirmative testimony from Plaintiff regarding her renal failure. Additionally, pursuant to the parties' March 24, 2023, joint Stipulation Concerning Certain Evidentiary and Case Management Issues, no. 3, as ordered by the Court on March 30, 2023, "[t]he Parties shall not introduce evidence, argument, or testimony concerning any illegal and/or recreational drug use by Ms. Gordon. Further, the Parties shall not refer to any alcohol use by Ms. Gordon *during opening statements*."

7. Plaintiff's Motion *in Limine* No. 7 to Exclude Evidence of Exposures, Confounders, Risk Factors, or Medical Conditions Unrelated to Plaintiff's Injury is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion *in Limine* No. 7 is **GRANTED** as it concerns Plaintiff's medical history if truly unrelated. However, it is **DENIED** as it relates to any medical history that goes to the issue of causation or if she had certain risk factors that have to be excluded. Specifically, Plaintiff's Motion *in Limine* No. 7 is **DENIED** as to Plaintiff's obesity.

8. Plaintiff's Motion *in Limine* No. 8 to Exclude Evidence, Testimony and Argument Regarding Federal Regulation of Glyphosate is **DENIED**. Evidence of U.S. Environmental Protection Agency ("EPA") registration goes to Monsanto's lack of evil motive and willful disregard to the rights of others and other matters going towards punitive damages.

9. Plaintiff's Motion *in Limine* No. 9 to Exclude Evidence, Testimony and Argument Regarding Agoraphobia is **DENIED** as to the explicit reference to "agoraphobia." Plaintiff's Motion *in Limine* No. 9 is also **DENIED** as it relates to testimony that may contradict Plaintiff's claims about the amount of time she spent outside spraying Roundup.

10. Plaintiff's Motion *in Limine* No. 10 to Exclude Any Testimony or Evidence on the Supposed Benefits of Glyphosate or Roundup is **DENIED**, and the jury may consider the alleged benefits of glyphosate. *See Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 90 (Mo. App. W.D. 2006).

11. Pursuant to the parties' agreement during the pre-trial conference, the Court will reserve ruling on Plaintiff's Motion *in Limine* No. 11 to Exclude Any Evidence, Testimony and Argument Regarding Health Insurance Policies or Payments.

12. Plaintiff's Motion *in Limine* No. 12 to Exclude Evidence, Testimony and Argument Regarding Foreign Regulatory Actions and Decisions by Governmental Agencies in Foreign

Countries is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion *in Limine* No. 12 is **DENIED** as it relates to any reference to regulatory actions or government agencies in foreign countries as to whether or not glyphosate or Roundup specifically causes or does not cause cancer. As to labeling and what labels should say, Plaintiffs' Motion *in Limine* No. 12 is **GRANTED**. Labeling and what warning should be given goes towards the unique regulatory schemes of each country whereas causation is more uniform and admissible if reliable.

13. Plaintiff's Motion *in Limine* No. 13 to Exclude Evidence, Testimony from Dr. Robert Tarone About the International Agency for the Research of Cancer ("IARC") is **DENIED**. Any specific objections to Dr. Tarone's deposition testimony may be submitted to the Special Master in accordance with the procedure established in the governing Case Management Order that was issued February 7, 2023.

14. Plaintiff's Motion *in Limine* No. 14 to Exclude Evidence, Testimony and Argument Regarding Federal Preemption is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion *in Limine* No. 14 is **GRANTED** to the extent that no party, counsel, or witness shall refer to the legal doctrine of "preemption." It is **DENIED** as to testimony or argument related to evidence of EPA registration, which goes to Monsanto's lack of evil motive and willful disregard to the rights of others and other matters going towards punitive damages.

15. Plaintiff's Motion *in Limine* No. 15 to Exclude Negative Effect of Judgment on Company is **GRANTED IN PART AND DENIED IN PART**. Pursuant to the parties' Stipulation Concerning Certain Evidentiary Matters, Monsanto shall not suggest that a judgment in this case may negatively affect the economy or lead to layoffs. Any refence to the impact on Monsanto's finances will be limited to the second phase of the trial regarding punitive damages and what evidence is admissible will be determined at that time.

### B. MONSANTO'S MOTIONS *IN LIMINE*

1. Monsanto's Motion *in Limine* No. 1 to Exclude Evidence and Argument Regarding Plaintiff's Follicular Lymphoma is **GRANTED**. During the pre-trial conference, counsel for the parties confirmed they had reached an agreement on Monsanto's Motion *in Limine* No. 1 and subsequently filed an Additional Stipulation Concerning Certain Evidentiary Issues stating the parties agree that they will not introduce argument, evidence, or testimony related to Plaintiff's follicular lymphoma.

2. Monsanto's Motion *in Limine* No. 2 to Exclude Evidence Related to Plaintiff's Stepfather's Alleged Cancer Diagnosis is **GRANTED**. There is no competent evidence to verify Plaintiff's stepfather's diagnosis nor its cause. Reference to his alleged diagnosis with the same type of cancer Plaintiff has and testimony about his alleged Roundup use would confuse the jury and unfairly prejudice Monsanto. Monsanto's Motion *in Limine* No. 2 is also **GRANTED** because Plaintiff's stepfather's alleged diagnosis is irrelevant to this case concerning whether Roundup caused Plaintiff's injuries.

3. Monsanto's Motion *in Limine* No. 3 to Exclude Plaintiff's Unrelated Familial Trauma is **GRANTED** to preclude Plaintiff from affirmatively presenting evidence or testimony regarding her past trauma, childhood abuse, or loss of a child, which Plaintiff states she does not intend to do in her Response Brief.

4. Monsanto's Motion *in Limine* No. 4 to Exclude Graphic Videos and Photographs of Plaintiff's Medical Procedures and Illness will be held in abeyance. Such videos and photographs may be properly admissible. *See generally Henson By & Through Lincoln v. Bd. of Educ. of Washington Sch. Dist.*, 948 S.W.2d 202, 207 (Mo. App. E.D. 1997). However, the Court will reserve ruling on Monsanto's Motion *in Limine* No. 4 until it can conduct an in-camera review

of the materials. Furthermore, the Court may limit the amount of time the video or photographs are shown to the jury or cumulative photographs.

5. Monsanto's Motion *in Limine* No. 5 to Exclude Lay Opinion Testimony and Hearsay as to What Plaintiff's Medical Providers Allegedly Said is **DENIED IN PART**. The Court will rule on appropriate objections, including those based on hearsay, at trial. Monsanto's Motion *in Limine* No. 5 is **GRANTED IN PART** as to any lay testimony of causation of Plaintiff's cancer and any mention of follicular lymphoma. During the pre-trial conference, Plaintiff's counsel stated they will not elicit affirmative testimony from lay witnesses including Plaintiff about what medical providers said to Plaintiff.

6. Pursuant to the parties' agreement during the pre-trial conference, the Court will reserve ruling on Monsanto's Motion *in Limine* No. 6 to Exclude Reference to Any Roundup Products that Plaintiff Did Not Personally Handle.

7. Pursuant to the parties' agreement during the pre-trial conference, the Court will reserve ruling on Monsanto's Motion *in Limine* No. 7 to Exclude Evidence or Testimony Concerning Dr. Sawyer's Engagements Unrelated to Glyphosate. During the pre-trial conference, Plaintiff's counsel stated they did not intend to call Dr. Sawyer as a witness during their case-in-chief but may want to use him as a rebuttal witness. Monsanto's counsel noted their objection to Dr. Sawyer's propriety as a rebuttal witness but, nevertheless, agreed for the Court to reserve ruling on their Motion to Exclude Dr. Sawyer and Monsanto's Motion *in Limine* No. 7 unless or until Plaintiff decides to call him to testify.

8. Monsanto's Motion *in Limine* No. 8 Exclude All Evidence, Argument, or Reference to Dr. Chadi Nabhan's Book, *Toxic Exposure: The True Story Behind the Monsanto Trials and the Search for Justice*, is **GRANTED**.

9. Monsanto's Motion *in Limine* No. 9 to Exclude Evidence, Argument, or Testimony Regarding the Purported Epidemiology Report Written by the EPA's Office of Research and Development ("ORD") is **GRANTED**. There is no indicia of authenticity. Authenticity goes towards admissibly not weight. Even Dr. Charles Benbrook said the only source of this document was a website. Pursuant to Plaintiff's written response filed April 16, 2023, she will not introduce evidence, argument, or testimony regarding the purported epidemiology report written by the EPA's ORD.

10. Monsanto's Motion *in Limine* No. 10 to Exclude Any Evidence, Argument, or Testimony Regarding Craven Laboratories is **GRANTED**. The conduct by Craven Laboratories has no bearing on Plaintiff's claims based on her residential use of Roundup.

11. Monsanto's Motion *in Limine* No. 11 to Exclude Any Evidence, Argument, or Testimony Regarding Industrial Bio-Test ("IBT") or Paul Wright is **GRANTED**. Any reference to IBT or any of its employees being convicted of any crime is excluded.

12. Monsanto's Motion *in Limine* No. 12 to Exclude Evidence, Argument, or Testimony Alleging that Monsanto Deceived the EPA is **GRANTED IN PART AND DENIED IN PART**. No witness may opine that Monsanto deceived the EPA or make any other derogatory conclusions about Monsanto's interactions with the EPA. Plaintiff may put on evidence as to what the EPA said in correspondence between Monsanto and the EPA only, what Monsanto said to the EPA in response, and what they did and what regulations were in effect.

13. Monsanto's Motion *in Limine* No. 13 to Exclude Evidence, Argument, or Testimony Concerning a European Privacy Investigation and a Plea Agreement Pertaining to a Non-Glyphosate-Based Pesticide is **GRANTED** as to the European Privacy Investigation as the

privacy laws of France are irrelevant to this case. Evidence and argument as to the Hawaii case is also **GRANTED** because that case had to do with two unrelated pesticides.

14. Monsanto's Motion *in Limine* No. 14 to Exclude Argument or Reference to Ghostwriting is **DENIED IN PART** as to evidence Monsanto employees participated in any authorship or provided information to persons writing on the subject of glyphosate or Roundup. Such evidence is admissible assuming the individual(s) is(are) Monsanto employee(s). Monsanto is entitled to talk about the method of scientific treatises and the appropriateness of such contributions. Monsanto's Motion *in Limine* No. 14 is **GRANTED** as to using the word "ghostwriting" unless Monsanto itself referred to a specific instance as ghostwriting or there is other evidence of a Monsanto employee not disclosing their identity or authorship. No one may opine that this was to undermine or anyway skew scientific evidence.

15. Monsanto's Motion *in Limine* No. 15 to Exclude Reptile Theory, Golden Rule, or Other Inflammatory Arguments is **GRANTED IN PART** to preclude "golden rule" arguments, which Plaintiff acknowledges in her Response Brief cannot be used under Missouri law. Monsanto's Motion *in Limine* No. 15 is also **GRANTED IN PART** as to photographs or images of other individuals other than Plaintiff. The parties may not personalize anything to the jury. If there is any question as to whether or not a statement or argument is inflammatory or used to scare jurors, the parties should approach the bench at that time. During the pre-trial conference, Plaintiff's counsel stated they will not use "reptile theory."

16. Monsanto's Motion *in Limine* No. 16 to Exclude Any Evidence, Argument, or Reference to Bayer's Decision to Discontinue Glyphosate-Based Roundup Sales is **GRANTED**. Plaintiff confirms in her written response that she will not introduce evidence, argument, or reference to Bayer's decision to discontinue glyphosate-based Roundup sales.

17. Monsanto's Motion *in Limine* No. 17 to Exclude Evidence or Argument Regarding Bayer's Company History and the Financial Condition of Bayer and of Monsanto is **GRANTED IN PART AND DENIED IN PART**. The parties have filed a Further Stipulation Concerning Financial Condition as to Bayer's and Monsanto's financial conditions, which includes a provision agreeing that the stipulated will be read to the jury. Plaintiff shall not introduce other evidence or argument regarding Bayer's company history and financial condition. During the punitives phase, Plaintiff may introduce evidence of Monsanto's net worth.

18. Monsanto's Motion *in Limine* No. 18 to Exclude Evidence or Argument Regarding World War II is **GRANTED**. Plaintiff confirms in her written response that she will not introduce evidence or argument concerning Bayer's or its employees' history or actions during World War II.

19. Monsanto's Motion *in Limine* No. 19 to Exclude Any Evidence, Argument, or Reference to the Tobacco Industry or Tobacco Litigation is **GRANTED**.

20. Monsanto's Motion *in Limine* No. 20 to Exclude Evidence or Argument as to the Seralini Study (Gilles-Eric Seralini, *Long Term Toxicity of a Roundup Herbicide and a Roundup-Tolerant Genetically Modified Maize*) & Communications Authored by Third Parties Greg Fernald and Marion Copley is **GRANTED**.

21. Monsanto's Motion *in Limine* No. 21 to Exclude Reference to a "Fake" or "Magic" Tumor is **GRANTED**.

22. Monsanto's Motion *in Limine* No. 22 to Exclude Evidence or Argument Relating to Impurities is **GRANTED IN PART**. Plaintiff can mention the existence of impurities in Roundup but not by name. There was no expert testimony that any such impurities could cause cancer and any such testimony is precluded. Furthermore, Plaintiff states on pages 2-3 of her

written response that "Plaintiff and her experts do not intend to argue that the specific trace ingredients identified in paragraph one of Monsanto's Motion *in Limine* Number 22 would increase the risk of developing or contribute to the development of Plaintiffs' NHL."

23. Monsanto's Motion *in Limine* No. 23 to Exclude All Evidence, Argument, or Reference During Trial to the Purported Health Risks of Genetically Modified Organisms is **GRANTED**. Plaintiff confirms in her written response that she will not introduce evidence, argument, or reference during trial to the purported health risks of genetically modified organisms.

24. Monsanto's Motion *in Limine* No. 24 to Exclude Any Evidence or Argument Regarding Glyphosate in Food or Other Unrelated Sources is **GRANTED**. Claims in this case purely allege exposure to glyphosate by residential use of Roundup caused Plaintiff's cancer.

25. Monsanto's Motion *in Limine* No. 25 to Exclude Evidence and Argument about Lobbying and Public Relations Activity is **GRANTED IN PART AND DENIED IN PART**. Monsanto's Motion *in Limine* No. 25 is **GRANTED** as to the number of lobbyists Monsanto employs or how much money it spends on lobbyists. Monsanto's Motion *in Limine* No. 25 is **DENIED** as to what information Monsanto has sent to lobbyists or conversations with lobbyists concerning Roundup. Under no circumstances will anyone be allowed to opine as to any conclusions that the lobbying efforts were to deceive or cover up Roundup being carcinogenic or any other opinions.

26. Monsanto's Motion *in Limine* No. 26 to Exclude All Evidence, Argument, or Reference to Carey Gilliam's Book and All Other Newspaper Broadcasts and Other Media Publications is **GRANTED IN PART**. Plaintiff confirms in her written response that she will not mention the following works at trial:

- Carey Gillam, *Whitewash: The Story of a Weed Killer, Cancer, and the Corruption of Science*;

- Carey Gillam, *The Monsanto Papers: Deadly Secrets, Corporate Corruption, and One Man's Search for Justice*;

- Gilles-Eric Seralini, *The Monsanto Papers: Corruption of Science and Grievous Harm to Public Health*; and

- The film *Percy vs. Goliath* (Scythia Films 2021).

Plaintiff objects to Monsanto's request to categorically preclude other unspecified publications/media pre-trial. Consequently, Monsanto's Motion *in Limine* No. 26 is **GRANTED IN PART** to preclude the four publications/media listed above. The Court will address specific objections to other publications/media at trial.

27.     Monsanto's Motion *in Limine* No. 27 to Exclude Any Testimony of Kirk Azevedo is **DENIED**. Any specific objections to his deposition testimony may be submitted to the Special Master in accordance with the procedure established in the governing Case Management Order that was issued February 7, 2023.

28.     Monsanto's Motion *in Limine* No. 28 to Exclude Evidence and Argument Concerning the Ninth Circuit Opinion Remanding EPA's Interim Registration Review Decision for Glyphosate is **GRANTED**. Evidence regarding the Ninth Circuit's decision would require legal interpretation try to discern the meaning of an appellate order. There are no experts endorsed on that topic. For this and other reasons, this motion *in limine* is **GRANTED**.

29.     Monsanto's Motion *in Limine* No. 29 to Exclude References to Glyphosate or Roundup as "Banned" and Evidence of Irrelevant "Bans" is **DENIED IN PART AND GRANTED IN PART**. If a regulatory agency restricts the use of Roundup because of its

carcinogenic effect, it is admissible. But references to Roundup as "banned" or banned for any other reasons is inadmissible.

30.     Monsanto's Motion *in Limine* No. 30 to Exclude References to Dr. Cristian Tomasetti's Work as a Consulting Expert in Other Unrelated Litigation and References to Conferences at Which Dr. Tomasetti Never Spoke is **GRANTED IN PART AND DENIED IN PART**. Monsanto's Motion *in Limine* No. 30 is **GRANTED** as far as working for another company in unrelated litigation. If Plaintiff wants to talk about his work for Monsanto in other litigation, that is allowed. The November 2022 Defense Research Institute conference may be a topic of cross-examination.

31.     Monsanto's Motion *in Limine* No. 31 to Exclude Reference to the EPA Using Derogatory Terms Such as "Corrupt" is **GRANTED**. Pursuant to the parties' Stipulation Concerning Certain Evidentiary Matters, the parties agree not to refer to the EPA as "corrupt" or "incompetent."

32.     Monsanto's Motion *in Limine* No. 32 to Preclude Argument that the University of Washington Study Reflects EPA's Opinion is **GRANTED**. Plaintiff confirms in her written response that she has no intention of suggesting that the University of Washington Study is an EPA official document. University of Washington study, properly attributed, may be used for other purposes at trial subject to objections. Pursuant to Plaintiff's written response filed April 16, 2023, she will not introduce argument that the University of Washington study reflects EPA's opinion.

33.     Monsanto's Motion *in Limine* No. 33 to Exclude Reference to Roundup Safety Data Sheets is **GRANTED**. The Occupational Safety and Health Administration ("OSHA") warnings

14

of concentrated Roundup are not admissible without proof of any reasons that warnings are given because concentrated Roundup causes cancer.

34. Monsanto's Motion *in Limine* No. 34 to Exclude Reference to Other Litigation, Verdicts or Outcomes, Prior Enforcement Actions or Settlement Agreements, and Other Plaintiffs is **GRANTED** as to other litigation and verdict amounts. Consistent with other courts' decisions on similar motions *in limine*, other litigation and verdict amounts have nothing to do with causation or appropriate warnings for Roundup. Monsanto's Motion *in Limine* No. 34 is also **GRANTED** as to mentions of other plaintiffs in this case besides Sharlean Gordon. Pursuant to the parties' joint Stipulation Concerning Certain Evidentiary and Case Management Issues filed March 24, 2023, and ordered March 30, 2023, the parties have agreed they "shall not introduce evidence, argument, or testimony concerning any plaintiff named on the operative complaint in the above-captioned case other than Ms. Gordon or any plaintiffs in other cases."

35. Monsanto's Motion *in Limine* No. 35 to Exclude Any Evidence, Argument or Reference to Adverse Event Reports is **GRANTED**.

36. Monsanto's Motion *in Limine* No. 36 to Exclude Certain Evidence Regarding Plaintiff's Alleged Medical Expenses is **GRANTED**. Damages are limited to actual costs. To be admitted, Plaintiff must produce actual costs in compliance with section 490.715, *et seq.*, RSMo. Before any costs are admissible, Plaintiff must produce evidence that the actual costs are reasonable and necessary and incurred as a result of her cancer or that those costs were specifically paid on account of her cancer.

37. Monsanto's Motion *in Limine* No. 37 to Exclude Any Evidence, Argument, or Testimony Regarding Products Other Than Roundup is **GRANTED**. Pursuant to the parties' Stipulation Concerning Certain Evidentiary Matters, the parties shall not introduce evidence,

argument, or testimony regarding products other than Roundup and its subparts, including PCBs and Agent Orange.

38.  Monsanto's Motion *in Limine* No. 38 to Exclude Evidence, Argument, or Reference to Endocrine Disruption, Effects on Gut Bacteria, or Any Injury Other Than Non-Hodgkin's Lymphoma ("NHL") is **GRANTED**. Pursuant to the parties' March 24, 2023, joint Stipulation Concerning Certain Evidentiary and Case Management Issues, no. 9, as ordered by the Court on March 30, 2023: "The Parties shall not introduce evidence, argument, or testimony regarding endocrine disruption or the effects of glyphosate or Roundup on gut bacteria." Pursuant to the parties' Stipulation Concerning Certain Evidentiary Matters, the parties shall not introduce evidence, argument, or testimony that Roundup causes Parkinson's disease or autism. The parties agree to approach the bench before eliciting testimony on an injury unrelated to NHL.

39.  Monsanto's Motion *in Limine* No. 39 to Exclude Mention of Defense Executives at Trial is **GRANTED**. Pursuant to the parties' Stipulation Concerning Certain Evidentiary Matters, Monsanto shall not introduce evidence, argument, or testimony concerning the presence or absence of Plaintiff and/or Plaintiff's family members at trial. Plaintiff shall not introduce evidence, argument, or testimony concerning the presence or absence of Monsanto/Bayer employees at trial.

**SO ORDERED:**

*[signature]* #1 4/20/23

Hon Brian H. May
Circuit Judge, Division 1

16

**Exhibit B Page 16**