# EXHIBIT C

ELECTRONICALLY FILED
1/24/2020
K. BIEKER, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA - MARTINEZ
T.Ciardella, DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CONTRA COSTA COUNTY

KATHLEEN CABALLERO,

              Plaintiff

V.

MONSANTO COMPANY,

              Defendant

Case No. MSC19-01821

ORDER ON PRETRIAL MATTERS
INCLUDING SUMMARY JUDGMENT,
*SARGON* CHALLENGES,
MOTIONS IN LIMINE, REQUESTS
FOR JUDICIAL NOTICE

Part I  Pages 1-30

      The Court held pre-trial hearings over the course of several days. In that time, it heard argument on Monsanto's motion for summary judgment, thirteen requests to exclude expert testimony (largely based on *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal. 4th 747 ("*Sargon*"), forty-three motions in limine, eighty-four requests for judicial notice, and several ancillary matters. It also conducted its usual pretrial conference resulting in additional rulings.

      This Order addresses those matters. Any pre-trial ruling not included in this Order is evidenced in the daily transcripts.

## I.  Introduction

      Ms. Caballero's case was originally filed in San Francisco Superior Court. It was then transferred to the Alameda Superior Court and included with the Judicial Council Coordination Proceedings in docket no. 4953. There, Ms. Caballero moved for a preference in setting. The motion was granted and the case transferred to Contra Costa County for trial. Thus, this court

exercises "jurisdiction over the action in accordance with the orders and directions of the coordination trial judge." Cal. Rules of Court, Rule 3.543(e).

To that end, the Court has carefully considered the "Order on Applicability of JCCP and *Pilliod* Orders in Individual Trials" filed November 25, 2019 by the Coordination Trial Judge, the Honorable Winifred Y. Smith. In that order, the Coordination Court held,

> "Plaintiffs' request that the court's orders on the admission and exclusion of evidence and on general causation in the JCCP and in *Pilliod v. Monsanto*…should be extended to all the cases in the JCCP is denied." *Id.* at p.1.

It further ordered, "on a JCCP-wide basis…there is good cause for any trial judge to reconsider the court's prior orders on the admission of evidence and general causation." *Id.* at p.10.

However, the Coordination Trial Judge then cautioned,

> "Principles of consistency and judicial efficiency suggest that trial judges who hear evidence motions in future Roundup cases might want to consider the orders of this court just as this court considered the orders in *Johnson* and in the federal MDL for their persuasive value. (Order of 3/18/19 at 3:10-4:24.) (See also CCP 404.1 [coordination is to avoid "the disadvantages of duplicate and inconsistent rulings"].) This court will not order other trial judges to use a wheel that was designed based on the evidence in the JCCP and in *Pilliod* in the summer of 2019. Other trial judges might, however, independently decide to consider or follow this court's orders as a way to avoid the effort of reinventing the wheel." Order on Applicability of JCCP and *Pilliod* Orders in Individual Trials, filed November 25, 2019 at p.10-11.

1  CDPR. He is qualified to do that, and the testimony is not based on matters of a type on which
2  an expert may not reasonably rely nor are his reasons unsupported by the material on which he
3  relies.
4  　　　　Plaintiff urged the court to examine closely what Dr. Cochran intends to say about "how
5  glyphosate is regulated." She argued he had no basis for expressing any such opinion. But it
6  appears that the "opinion" Dr. Cochran intends to express is essentially a matter of fact:
7  　　　　Q. And what do you plan to tell the jury about that, Doctor?
8  　　　　[objection omitted]
9  　　　　THE DOCTOR: I plan to tell them how glyphosate is regulated.
10 　　　　Q BY MR. BRADY: And how is that, Doctor?
11 　　　　A It's not a restricted pesticide. It's registration has not been canceled. It's out there for
12 general use. There are no specific requirements for it. It's not limited in how it can be
13 used.
14 　　　　Q Those are all the opinions or the areas of opinions that you were asked to testify about
15 in this case; correct?
16 　　　　A Correct.
17 Hoke Declaration, Exhibit B at 111:7-20; Deposition Transcript p. 101:7-20.
18 　　　　The motion is denied on the grounds stated by plaintiff.
19 　　　　**3. Dr. Robert Tarone**
20 　　　　Dr. Tarone is a non-retained expert witness. He is a mathematical statistician who
21 worked for 28 years at the National Cancer Institute in Bethesda, Maryland, rising to the position
22 of Chief, Statistical Research and Applications Section, Division of Cancer Epidemiology and
23 Genetics. His work included the development of statistical methods for cancer research. He
24 developed methods for analyzing rodent carcinogen assays, and was asked by IARC to co-author
25

34

Exhibit C Page 3

1  their text on how to analyze such assays. After leaving the National Cancer Institute, he spent 14
2  years as the Biostatistics Director for the International Epidemiology Institute.

3  More recently, he has written peer reviewed papers critical of IARC's deliberations with
4  regard to glyphosate. It is his view that IARC committed numerous scientific errors in its work
5  on glyphosate, reflecting more general criticisms he has with its processes. He was not paid for
6  that work and has not been paid or retained by Monsanto.

7  Plaintiff argues that he offers too "wide-ranging" opinions. It cites excerpts from his
8  deposition. But that does not appear to be what Monsanto seeks to elicit from him. Indeed, two
9  of the four excerpts quoted on page 5 of plaintiff's memorandum of points and authorities were
10 elicited by plaintiff's counsel; not by defendant's counsel who was taking a video deposition for
11 use at trial. The two excerpts elicited by the latter are not objectionable.

12 Clearly Dr. Tarone is qualified to offer an opinion. Plaintiff has failed to show that his
13 testimony is based on improper matters or that his reasoning is unsupported. The motion is
14 denied.

15 **4. Dr. Lauren Smith**

16 Lauren Smith, M.D. is the director of Hematopathology for Michigan Medicine where
17 she is a full professor. She is also the Chair of the Michigan State Medical Society Ethics
18 Committee and is board certified in "anatomic, clinical and hematopathology." Hoke
19 Declaration, at p. 23; Ex. 1 at p. 20. Her designation says she is an "expert in the field of
20 lymphoma diagnostics, including the morphologic, genetic, and immunologic features of specific
21 diseases within the general category of NHL, including marginal zone lymphoma and
22 lymphoplasmacytic lymphoma." *Id.* From her reports (Edwards Declaration, Ex. 2 and 3) it
23 appears that her focus is on pathology. ("I am a Professor in the Department of Pathology...I am
24 the medical director for bone marrow pathology operations in our hematology laboratory..."
25 Edwards Declaration, p. 94; Ex. 3, p. 1.)

or otherwise satisfies a condition of admissibility, it must file and serve a pleading specifying what it believes to be the result of the ruling and identifying the further action it seeks from the court.

### VI. The Deferred Prosecution Agreement

At oral argument, plaintiff provide the court and defense counsel with a set of papers that were filed on November 21, 2019 in the United States District Court for the District of Hawaii. The first pleading is entitled "Deferred Prosecution Agreement for Defendant Monsanto Company."

Plaintiff says he wishes to use it, but was unable to articulate how he wishes to do so. Monsanto objects.

No reference will be made in opening statements to this filing, the events discussed in this set of papers, or Monsanto's plea to Count 3 (a misdemeanor violation of 7 U.S.C. 136j(a)(2)(K) of an Information included in this set of papers. Should plaintiff wish to refer to these matters or put the set of papers (or some part of them) in evidence, she must first seek permission outside the presence of the jury.

Date: January 24, 2020

Barry P. Goode
Judge, Superior Court

Exhibit C Page 5