IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | **MOTION TO RECONSIDER DISMISSAL WITH PREJUDICE AND REINSTATE CASE AND MOTION FOR SUBSTITUTION OF PARTY** |
| *Robert King v. Monsanto Co.*, Case No. 3:19-cv-4531-VC | |

**PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL WITH PREJUDICE AND REINSTATE CASE AND MOTION FOR SUBSTITUTION OF PARTY**

PLAINTIFF BY AND THROUGH HIS COUNSEL files this motion pursuant to FRCP 60(b) to reconsider the order dismissing Plaintiff's case with prejudice, dated May 16, 2022, and, for reasons stated herein, respectfully requests that the Court reinstate the case, or in the alternative, dismiss without prejudice.

1. Pretrial Order No. 240 states "the Special Master has been sending plaintiffs requests for information regarding their claims and the requests include deadlines by which the plaintiffs must respond." Counsel never received a request for information for Plaintiff Robert T. King. As a result, counsel was not provided with a deadline by which to provide the information.

2. Counsel reviewed Pretrial Order No. 270 and complied with the order with respect to other Plaintiffs. However, because of an oversight by Counsel, the Independent Roundup Settlement Program Claim Form for Plaintiff Robert T. King was not submitted

to Special Master Kenneth R. Feinberg by the specified deadline stated in Pretrial Order No. 270.

3. Counsel submitted the Independent Roundup Settlement Program Claim Form to Special Master Kenneth R. Feinberg before May 20, 2022, via the Box.com folder utilized for other Plaintiffs in this litigation.

4. After following up with Special Master Kenneth R. Feinberg's office, we received confirmation of their receipt of the claim form on December 5, 2022. Said confirmation is attached hereto as Exhibit A.

5. Special Master Kenneth R. Feinberg's office further confirmed receipt of the claim form and implied consent regarding continuation of the suit by sending a Request for Additional Information letter on December 8, 2022, attached hereto as Exhibit B.

6. Federal Rule of Civil Procedure 60(b)(1) states the "court may relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect."

7. Federal Rule of Civil Procedure 60(c)(1) states "a motion under Rule 60(b) must be brought within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of the judgement or order of the date of the proceeding."  Plaintiff files this motion less than a year from the date of the entry of judgement.

8. Counsel's error noted above was an inadvertent mistake and has been shown to be within the definition of excusable neglect. In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership et all*, where Counsel neglected to file a

response by the deadline, the Supreme Court held that Counsel's error was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 394 (1993). Additionally, although *Pioneer* was a bankruptcy context, the Court's ruling also applies to non-bankruptcy cases as well. *Stutson v. United States,* 516 U.S. 193, 194-96 (1996).

9. Here, through an oversight, Counsel failed to file a response to Pretrial Order No. 270 by the deadline. As in *Pioneer,* Counsel's error falls within the criteria of excusable neglect and the acceptable criteria for a Rule 60(b)(1) motion.

10. Counsel understands the importance of adhering to deadlines and intends to make every effort to comply with all orders in a timely manner.

## SUBSTITUTION OF PARTY

COMES NOW Thomas M. King, as Executor of Estate of Robert T. King, deceased, by and through the undersigned counsel and pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, moves the Court for leave to substitute Thomas M. King, Executor of Estate of Robert T. King, deceased, as a Plaintiff in this action for, instead, and in lieu of the named Plaintiff, Robert T. King, and in support therefor states:

1. Plaintiff Robert T. King, representing himself and the estate of Barbara J. King in this matter, died on August 1, 2020. See Certificate of Death of Robert T. King attached hereto as Exhibit C. See also Certificate of Death of Barbara J. King attached hereto as Exhibit D.

2. Thomas M. King is the biological son of Robert T. King and Barbara J. King and has the authority to represent the estates of Barbara J. King and Robert T. King in this matter.

WHEREFORE, Plaintiff respectfully requests this Court reinstate this case and allow the matter to move forward as Plaintiff has complied with the document requirements of Pretrial Order No. 240 by providing the claim form to Special Master Kenneth R. Feinberg. Additionally, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, Thomas M. King moves this Court to substitute Thomas M. King as Plaintiff for the deceased named Plaintiff Robert T. King.

Respectfully submitted,

*/s/ John Raggio*
John Raggio
California Bar 338261
**Nachawati Law Group**
5489 Blair Road
Dallas, TX 75231
P: 214-890-0711
F: 214-890-0712
jraggio@ntrial.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on July 17, 2023, and was served on counsel of record electronically.

*/s/ John Raggio*