**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| *Robert T. King et al. v. Monsanto Co.*, Case No. 3:19-cv-04531-VC. | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF ROBERT KING'S MOTION TO RECONSIDER DISMISSAL WITH PREJUDICE AND REINSTATE CASE** <br><br> <u>**Hearing:**</u> <br> None Set. |

## I. INTRODUCTION

The Court dismissed this case because Plaintiff failed to comply with the Court's order requiring all plaintiffs in this MDL to participate in a mandatory settlement program and because Plaintiff failed to respond to an order to show cause why the case should not be dismissed with prejudice. Plaintiff filed the instant Motion to Reconsider Dismissal with Prejudice and Reinstate Case (the "Motion" or "Mot.") nearly a year after the Court entered the order of dismissal.

Plaintiff, however, does not explain why he failed respond to the order to show cause—the event that precipitated the dismissal of his case. Rather, in an attempted sleight-of-hand, Plaintiff attempts to explain his failure to comply with the antecedent order to participate in this Court's settlement program by saying that his counsel committed an "oversight." But Plaintiff provides no further explanation for this alleged "oversight." He does not, for instance, explain *what* oversight occurred, *how* it occurred, or *why* it caused Plaintiff to run afoul of this Court's order to show cause. Plaintiff fails to establish that any neglect was "excusable," and that relief under Fed. R. Civ. P. 60(b)(1) is warranted.

Plaintiff's legal argument fares no better. Plaintiff's analysis consists of a single citation to a case that ostensibly stands for the principle that relief under Rule 60(b)(1) is warranted wherever "[c]ounsel neglected to file a response by the deadline." (Mot., ¶ 8). A closer examination of case law, however, reveals that the Court has discretion to deny the Motion based on Plaintiff's unexplained failure to comply with this Court's orders, and in order to administer this complex MDL efficiently.

For these and the reasons set forth more fully below, there is no basis for the Court to reconsider its well-reasoned dismissal of this action.

## II. FACTUAL BACKGROUND

On August 2, 2019, Plaintiff filed this action against Monsanto alleging claims for strict liability (design defect and failure to warn), negligence, breach of implied

1
MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTON FOR RECONSIDERATION

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

warranty, wrongful death, and "survival action." (Dkt. No. 1). The action was subsequently transferred to this Court for coordinated or consolidated multidistrict proceedings. (Dkt. No. 3).

### A. Plaintiff Fails to Participate in the Court-Ordered Settlement Program

On July 23, 2021, this Court issued Pretrial Order No. 240. (MDL Dkt. No. 13323). Pretrial Order No. 240 provided that "[e]very current and future plaintiff in this MDL who has not already reached a settlement with Monsanto is ordered to participate" in a settlement program (the "Settlement Program") administered by Special Master Ken Feinberg. (*Id.*). The Court assured Plaintiff that there would be "no delay in the litigation process while a plaintiff timely participates in the Special Master's program." (*Id.*). "However, if a plaintiff fails to participate in the program in accordance with the deadlines set by the Special Master, that could result in a delay of the litigation, and it will be deemed a violation of this order, which could result in sanctions." (*Id.*). Plaintiff does not dispute that he received notice of Pretrial Order No. 240. (*See generally* Mot.). Rather, Plaintiff asserts without support[1] that he "never received a request for information" from the Special Master and did not timely participate in the Settlement Program as a result. (*See* Mot., ¶ 1). Indeed, Plaintiff acknowledges that he did not submit a Settlement Program claim form to the Special Master until on or about May 20, 2022. (Mot., ¶¶ 2-3). Plaintiff's only excuse is that some unspecified "oversight by Counsel" occurred. (*Id.* ¶ 2).

---

[1] Local Rules 7-2(d) and 7-5(a) provide that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration [and]. . . . [E]videntiary matters must be appropriately authenticated by an affidavit or declaration." Plaintiff failed to submit an affidavit or declaration supporting *any* factual contention or authenticating evidence submitted with the Motion. The Court may deny the Motion based on Plaintiff's disregard of local rules. *Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

### B. Plaintiff Disregards the Court's Order to Show Cause

On January 21, 2022, the Court issued an Order to Show Cause Regarding Non-Compliance with Pretrial Order No. 240 (the "Order to Show Cause"). (MDL Dkt. No. 14488). The Court stated that "ninety-eight plaintiffs have failed to respond to the Special Master's requests for information" and specifically identified Plaintiff by name and case number. (*Id.*, Appendix 1). The Court provided Plaintiff "**21 days** to file a written response to this Order showing cause as to why [his] case should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) based on a failure to participate in the settlement program." (*Id.*) (emphasis in original).

Plaintiff acknowledges that he received notice of the Order to Show Cause. (Mot. ¶ 2). Yet he failed to provide a written response to the Order to Show Cause at all, let alone within the mandatory 21-day deadline. (*See generally* Dkt.; MDL Dkt.). Accordingly, this Court dismissed this case on June 29, 2022 for Plaintiff's failure to respond to the Order to Show Cause. (Dkt. No. 17). Plaintiff does not explain his failure to respond to the Order to Show Cause. (*See generally* Mot.).

### C. Plaintiff Files the Instant Motion

On May 10, 2023, nearly a year after the Court entered dismissed this action, Plaintiff filed the instant Motion requesting that the Court set aside its dismissal under Fed. R. Civ. P. 60(b)(1). (*See* Mot.). Plaintiff, once again, does not explain his delay in seeking relief, merely citing Fed. R. Civ. P. 60(c)(1) for the proposition that a Rule 60(b) motion "must be brought within a reasonable time, and … no more than a year after the entry of the judgment or order. . . ." (Mot. ¶ 7).

### III. LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 935 (9th Cir. 2003). "Motions for reconsideration are disfavored and are rarely granted." *Grigoryan v. Experian Info. Solutions, Inc.*, 2015 WL 1909584, at *1 (C.D. Cal. Apr. 27, 2015). "[W]hether there exists a showing of inadvertence of

excusable neglect is purely a matter of discretion with the trial court." *Smith v. Stone*, 308 F.2d 15, 17-18 (9th Cir. 1962).

## IV.  ARGUMENT

"Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (internal quotations omitted). Courts routinely dismiss actions based on a plaintiff's failure to timely file required documents. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (failure to oppose summary judgment motion based on failure to monitor docket was "not excusable"); *Smith*, 308 F.2d at 18 (9th Cir. 1962) ("Counsel for litigants, no matter how 'important' their cases are, cannot themselves decide when they wish to appear, or when they will file those papers required in a law suit."); *Dobson v. State of Cal.*, 2016 WL 4136507, at *3 (C.D. Cal. Aug. 1, 2016) ("if … unabashed negligence were enough to grant relief, the word 'excusable' would lose all meaning.").

*Freeman v. Wyeth* is instructive. There, the plaintiff's action against a pharmaceutical company was transferred to a multidistrict litigation. 764 F.3d, 806, 808 (8th Cir. 2014). The trial court ordered all attorneys to register for electronic filing. *Id*. The court later ordered plaintiffs to "provide updated medical authorizations" to the defendant "within three weeks" and warned that "[f]ailure to do so may result in dismissal," but the plaintiff's attorney had not registered for electronic filing and allegedly did not receive notice of the order. *Id*. at 808-809. The trial court dismissed the plaintiff's action based on her failure to provide the required medical authorization. *Id*. at 808.

In affirming the trial court's denial of the plaintiff's Rule 60(b)(1) motion, the Court of Appeals for the Eighth Circuit held that "[t]he reason for the delay is a 'key factor in the analysis.'" *Id*. at 809. The court took note of the uniquely broad discretion afforded to courts administering multidistrict litigations:

> We have recognized that "administering cases in multidistrict litigation is different from administering cases on a routine docket," … and that to encourage efficiency, "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders."

*Id*. (internal citations omitted).

The trial court had warned the plaintiff that failure to comply with its orders could result in the dismissal of her action, and acted within its discretion in denying the plaintiff's motion for reconsideration. *See id*. at 809.

Here, unlike the plaintiff in *Freeman*, Plaintiff was actually aware of his peril. Plaintiff acknowledges that he had notice of Pretrial Order No. 240, which specified that failure to timely participate in the Settlement Program would result in sanctions. Plaintiff was aware of the Order to Show Cause, wherein the Court warned that Plaintiff's case was subject to dismissal. Yet Plaintiff entirely failed to respond to the Order to Show Cause, and the Court accordingly dismissed this action. Plaintiff offers *no* excuse for this failure and cannot establish "excusable" neglect. The sole explanation offered in the Motion—relating to Plaintiff's failure to timely submit to the Settlement Program (as opposed to his failure to respond to the Order to Show Cause)—is that an "oversight of Counsel" occurred. Plaintiff does not explain *what* oversight occurred or *why* that oversight occurred. This threadbare and unsupported allegation is insufficient to establish anything beyond carelessness by Plaintiff's attorneys, and does not justify relief under Rule 60(b). *See Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003) ("[R]outine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect.").

*Pioneer Inv. Servs. Co.* does not compel a contrary result. In that case, the court mailed the respondents a "Notice for Meeting of Creditors" that included a single, terse reference to the respondents' deadline to file a proof of claim. 507 U.S. 380, 384 (1993). The respondents filed their proofs after the deadline, explaining that their

counsel was experiencing "'a major and significant disruption in his professional life caused by his withdrawal from his former law firm.'" *Id*. at 385.

The Supreme Court determined that respondents' failure to timely file was "excusable." The court gave "little weight to the fact that counsel was experiencing upheaval in his law practice," but considered "significant that the notice of the bar date was outside the ordinary course." *Id*. at 398. "We agree with the [Court of Appeals] that the 'peculiar and inconspicuous placement of the bar date in a notice regarding a creditors['] meeting,' without any indication of the significance of the bar date, left a 'dramatic ambiguity in the notification.'" *Id*. Indeed, the Court of Appeals had determined that the notice "could well have confused '[e]ven persons experienced in bankruptcy.'" *Id*. at 386.

There is no such ambiguity here. The Order to Show Cause identified Plaintiff by name and case number, and stated in bold text that Plaintiff had "**21 days**" to file a written response. (MDL Dkt. 14488). Plaintiff admits that he received the Order to Show Cause, yet still failed to respond. This Court had also admonished Plaintiff that failure to abide by its orders would impermissibly delay this MDL and possibly incur sanctions. (*See* MDL Dkt. No. 13323). Plaintiff's lack of diligence—including the unexplained gap of nearly one year between this Court's dismissal of this case and Plaintiff's filing of this Motion—threatens to work just the sort of delay that the Court sought to prevent by issuing Pretrial Order No. 240 and the Order to Show Cause, and by dismissing this action. Plaintiff has provided no evidence of "excusable neglect" that warrants reconsideration of this Court's order of dismissal.

///
///
///
///
///
///

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTON FOR RECONSIDERATION

## IV. CONCLUSION

For the reasons described herein, Monsanto respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated:  August 2, 2023                              Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company