DUKE HOLZMAN PHOTIADIS & GRESENS LLP
Christopher M. Berloth, Esq.
*Attorneys For Third-Parties in Interest*
*Cellino & Barnes, P.C. and*
*Cellino Law LLP*
701 Seneca Street, Suite 750
Buffalo, New York 14210
(716) 855-1111
cberloth@dhpglaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Civ. Action No.:  3:16-md-02741-VC |

### **ATTORNEY DECLARATION**

Christopher M. Berloth, an attorney authorized to practice law in this Court, declares under the penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

### **OVERVIEW**

1. I am an attorney admitted to practice law in the State of New York, the Western District of New York, and noticed to appear before this Court to represent two third parties in interest—Respondents Cellino & Barnes, P.C. ("Cellino & Barnes") and Cellino Law LLP ("Cellino Law") (collectively, "Respondents"). I am a partner with the law firm of Duke Holzman Photiadis & Gresens LLP, attorneys for the Respondents. I submit this Declaration in support of Cellino & Barnes and Cellino Law's motion to dismiss the "Verified Petition/Motion to Settle Attorneys' Fees" filed by Petitioner Goldstein Greco, P.C.'s ("Goldstein Greco"). (Doc. 16895).

2. The instant proceeding arises from a dispute over the allocation of attorneys' fees amongst the various firms who represented certain plaintiffs in the instant Multi-District Litigation

(MDL 2741). Specifically, throughout the instant litigation, Cellino & Barnes, Cellino Law, and Goldstein Greco represented the following plaintiffs in this matter:

    a.    Daniel Badzinksi;
    b.    Cynthia Vavara;
    c.    Todd Faut;
    d.    Francine Hillpot;
    e.    Bruce Lasko;
    f.    Phillip Lee;
    g.    David Leys;
    h.    John Nesbitt;
    i.    David Pietrzak;
    j.    Aaron Potter;
    k.    Norman Bauman;
    l.    Margaret Chrisman;
    m.    Leon Komm;
    n.    Richard Hammett;
    o.    Mary Ann Liesinger;
    p.    Richard Nusbaum;
    q.    Gerald Pasternak;
    r.    Paul Pierce;
    s.    Ray Duff;
    t.    George LoBianco;
    u.    Edward Struzik;
    v.    Mark Estruch;
    w.    Kelli Suchan;
    x.    Deborah Brown;
    y.    Irene Proctor;
    z.    William Frueh;
    aa.    Alphonso Faso; and
    bb.    Thomas Hill.

3.    On June 26, 2023, Goldstein Greco initiated the instant proceeding in an attempt to obtain declaratory relief to "settle the attorneys' fees" for these respective matters, but in actuality to have the Court declare Cellino & Barnes and Cellino Law's attorneys' liens invalid.

4.    Cellino & Barnes and Cellino Law oppose Goldstein Greco's application on both procedural grounds (which are the subject of this motion) and substantive grounds (which are not the subject of this motion, as the time for that opposition is not yet ripe).

5.    Cellino & Barnes and Cellino Law LLP are not parties to the underlying litigation this Court presides over.

6. Rather, Cellino & Barnes and Cellino Law are prior counsel to certain underlying plaintiffs for whom Goldstein Greco currently serves as counsel of record.

7. Cellino & Barnes and Cellino Law move to dismiss the petition on the basis that (i) the Court lacks jurisdiction over the instant dispute; and (ii) even if the Court were to exercise ancillary jurisdiction over this dispute, the Court should abstain from exercising jurisdiction under the *Wilton* and/or *Colorado River* federal abstention doctrines.

8. As more fully set forth in the accompanying declaration of Ross M. Cellino, Jr., the instant matter presents a dispute exclusively between New York law firms.

9. Furthermore, there currently exists pending litigation in New York State Supreme Court (hereinafter defined as the "New York Actions" and discussed further below), initiated by Cellino & Barnes and Cellino Law that involve the same issues presented by this case. Specifically, Cellino & Barnes and Cellino Law commenced litigation to set and validate their charging lien for a litany of clients impermissibly solicited and poached by Goldstein Greco. Thus, while the New York Actions involve numerous issues, claims, and allegations, they wholly encompass the legal issues presented by Goldstein Greco's instant application.

**BACKGROUND**

I. **The Parallel New York Actions**

10. On March 31, 2023, Cellino Law and Cellino & Barnes commenced litigation against Goldstein Greco and its principals in the New York Supreme Court, County of Erie, Commercial Division, captioned *Cellino Law LLP, et al. v. Goldstein Greco, P.C., et al.*, Index No. 804192/2023 (the "First New York Action").

11. Annexed hereto as *Exhibit 1* is a copy of the original complaint filed in the First New York Action.

12. When the First New York Action was filed, Goldstein Greco tried filing a motion to

change venue. The motion was denied.

13. Annexed hereto as *Exhibit 2* is a copy of Goldstein Greco's motion to change venue in the First New York Action.

14. Annexed hereto as *Exhibit 3* is a copy of Cellino & Barnes and Cellino Law's opposition to the motion to change venue.

15. The First New York Action was initially commenced as a fee dispute on one case.

16. However, on June 1, 2023, the parties attended a court conference before the Honorable Timothy J. Walker, A.J.S.C. The conference was attended by your declarant and Brian Goldstein.

17. At the conference, I expressly stated that Cellino & Barnes and Cellino Law would be amending the complaint to expand the scope of the First New York Action to cover hundreds of cases, if not over a thousand cases. I also expressly stated that a new lawsuit would be commenced by The Barnes Firm, P.C. ("The Barnes Firm") against Goldstein Greco for the same allegations on a smaller contingent of cases—the reason that The Barnes Firm commenced litigation separately was because they are contractual assignees of Cellino & Barnes and Cellino Law as to legal rights regarding that small contingent of cases.

18. At the June 1, 2023, conference, Judge Walker directed counsel for Cellino & Barnes and Cellino Law to file the amended complaint by June 30, 2023, and for The Barnes Firm to file the related complaint by July 31, 2023. He also directed your declarant to file The Barnes Firm complaint as a related case so that it was assigned to the same court and litigated contemporaneously with the First New York Action.

19. Pursuant to the directive from the court, Cellino Law and Cellino & Barnes filed the amended complaint in the First New York Action on June 28, 2023.

20. Annexed hereto as *Exhibit 4* is a copy of the amended complaint in the First New York Action.

21. Pursuant to the directive from the court, on July 7, 2023, The Barnes Firm commenced litigation against Goldstein Greco and its principals in the New York Supreme Court, County of Erie, Commercial Division, captioned *The Barnes Firm, P.C. v. Goldstein Greco, P.C., et al.*, Index No. 808360/2023 (the "Second New York Action").

22. Annexed hereto as *Exhibit 5* is a copy of the complaint in the Second New York Action.

23. The Second New York Action was, consistent with the direction and consent of the court, filed as a related case to the First New York Action (the First New York Action and Second New York Action hereinafter collectively referred to as the "New York Actions").

24. The New York Actions are currently both pending in front of the same Court in New York Supreme Court, Commercial Division.

25. To be clear, the New York Actions both involve the exact same allegations regarding fee disputes; the only relevant distinction between the two is that The Barnes Firm is the named plaintiff in the Second New York Action due to the contractual assignment it obtained from Cellino & Barnes and Cellino Law.

26. Otherwise, the New York Actions both involve disputes over attorneys' fees resulting from allegations of Goldstein Greco's pre-resignation surreptitious solicitation of Cellino & Barnes's and Cellino Law's clients. Each and every underlying party, to whose matter the instant application to this Court pertains, is encapsulated by the pending New York Actions. (*See* Exs. 4 & 5; Cellino Decl. ¶ 22).

## II. The Parallel Federal MDL Actions

27. Goldstein Greco filed the same "Verified Petition/Motion to Settle Attorneys' Fees" at issue in this case with three other federal district courts appointed to oversee MDLs. Each of these petitions were filed on the same day in four different district courts across the country: this Court, the Northern District of Georgia, the District of Maryland, and the District of New Hampshire.

28. As such, in addition to the New York Actions, the following four federal actions, including this one, are also currently pending: (1) *In re: Ethicon Physiomesh Flexible Composite Hernia Mesh Products Liability Litigation*, MDL No. 2782 (N.D. Ga.); (2) *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*, MDL No. 2775 (D. Md.); (3) *In re: Roundup Products Liability Litigation*, MDL No. 2741 (N.D. Cal.); and (4) *In re: Atrium Medical Corp., C-Qur Mesh Products Liability Litigation*, MDL No. 2753 (D.N.H.) (collectively the "MDL Actions").

29. Annexed hereto as *Exhibit 6* is a copy of Goldstein Greco's petition filed with the Northern District of Georgia in MDL No. 2782.

30. Annexed hereto as *Exhibit 7* is a copy of Goldstein Greco's petition filed with the District of Maryland in MDL No. 2775.

31. Annexed hereto as *Exhibit 8* is a copy of Goldstein Greco's petition filed with the District of New Hampshire in MDL No. 2753.

32. As evidenced upon a cursory review of the petitions, they are all substantively the same exact petition.

33. Each and every underlying party, to whose matter the various applications to the MDLs pertains, are encapsulated by the pending New York Actions. (*See* Exs. 4 & 5; Cellino Decl. ¶¶ 22-24).

### III. The Cellino & Barnes Dissolution Proceeding

34. In the petition, Goldstein Greco placed at issue certain litigation that took place in New York Supreme Court, Commercial Division, surrounding the dissolution of Cellino & Barnes (the "C&B Dissolution").

35. The background of the C&B Dissolution is important for context as well as being a crucial component of the instant dispute for a number of reasons, not the least of which is Petitioners placing it at issue.

36. Cellino & Barnes was a personal injury law firm performing legal services in the State of New York, among other states.

37. Defendants Goldstein and Greco were employees of Cellino & Barnes.

38. In 2017 a special proceeding was commenced in New York Supreme Court, Commercial Division, seeking the dissolution of Cellino & Barnes, captioned *Cellino v. Cellino & Barnes, P.C., et al.*, Erie County Commercial Division Index No. 806178/2017 (the "Dissolution Proceeding").

39. The Dissolution Proceeding lasted over three years in Buffalo, New York, during which time the public litigation was in front of the same presiding court that now presides over the New York Actions.

40. After years of substantial litigation, on January 28, 2020, one of two Stipulated Orders of Dissolution was entered and filed (the "First Order of Dissolution"), Ordering, among other things:

> that Cellino & Barnes, P.C. shall be dissolved voluntarily and its business affairs wound up in accordance with Article 10 of the New York Business Corporation Law . . .

41. Annexed hereto as *Exhibit 9* is a copy of the First Order of Dissolution.

42. The First Order of Dissolution did not equate to a legal dissolution of Cellino & Barnes as an entity, but rather an Order that Cellino & Barnes would be dissolved in the future pursuant to a

winding down process. *See Ex. 9*.

43. Defendants Goldstein and Greco remained employed with Cellino & Barnes until it ceased operating as a law firm on or around October 17, 2020.

44. This is particularly true as Cellino & Barnes is still an entity existing pursuant to the laws of the State of New York for the purposes of winding up the corporation's affairs.

45. Indeed, Cellino & Barnes continued to operate as a fully operational law firm for months after the First Dissolution Order was entered. The parties to the Dissolution Proceeding engaged in substantial, and confidential, settlement negotiations to effectuate the winding down process, which occurred contemporaneously with Cellino & Barnes' continued operations.

46. Part of the winding-up process includes ensuring that the two successor firms of Cellino & Barnes—Cellino Law and The Barnes Firm—will protect Cellino & Barnes' charging liens and properly compensate Cellino & Barnes for the work it performed on behalf of its clients.

47. One of the crucial components of winding down Cellino & Barnes is ensuring the fair and equitable split of fees that results from any liens Cellino & Barnes is entitled to for cases for which it was counsel of record prior to dissolution.

48. For instance, the New York Supreme Court, Commercial Division, already determined that Cellino & Barnes is entitled to assert a charging lien on its former cases.

49. Specifically, the court entered a second Stipulated Order of Dissolution on June 18, 2020 (the "Second Dissolution Order"), which Ordered, in pertinent part: "That Cellino & Barnes will be entitled to assert attorneys charging liens on cases that transfer to other firms . . . ."

50. Annexed hereto as *Exhibit 10* is a copy of the Second Dissolution Order.

51. Moreover, the court already approved a proposed fee allocation between the successor firms and Cellino & Barnes "as a fair and equitable way to determine the appropriate attorney's lien amount pursuant to Judiciary Law section 475."

52. Accordingly, while Cellino & Barnes ceased operating as a law firm in October 2020, it still exists as a corporate entity, with a right to liens on its cases, as evidenced by court Order.

53. Additionally, Cellino & Barnes' successor firms, Cellino Law and The Barnes Firm, continue to represent the Cellino & Barnes clients' interests pursuant to the terms of the Dissolution Orders.

54. The Cellino & Barnes clients were properly informed of their right to choose counsel and subsequently elected new counsel after Cellino & Barnes ceased operating as a law firm—most of whom selected either Cellino Law or The Barnes Firm as their new counsel. As such, as of October 17, 2020, Cellino Law began serving as counsel for a large percentage of former Cellino & Barnes clients.

55. After resolution of the formal, public Dissolution Proceeding, the C&B Dissolution continued to be litigated through out-of-court matters heard by a court-appointed referee who is located in Buffalo, New York.

56. For instance, the referee conducted an in-depth examination into the conduct of Goldstein Greco's principals after they were alleged to have engaged in solicitation of a large amount of cases when they first left Cellino & Barnes employment, post-dissolution in 2020, for Cellino Law.

57. The referee conducted depositions of the Goldstein Greco principals—Brian Goldstein and Alex Greco—with respect to that investigation and found that impermissible solicitation occurred.

58. Annexed hereto as *Exhibit 11* is a copy of the referee's decision with respect to the solicitation.

59. During the dispute over Brian Goldstein and Alex Greco's solicitation, Ross Cellino—the principal of Cellino Law—maintained that he was unaware of the conduct engaged in by Goldstein and Greco and that he expressly informed them that they were <u>not to solicit</u> the cases at issue.

60. Notwithstanding, as principal of Cellino Law, he defended and negotiated the dispute over the solicitation of former Cellino & Barnes cases, which had been negotiated for The Barnes Firm to assume responsibility over.

61. Cellino Law and The Barnes Firm were able to negotiate terms and agreements to resolve the dispute over Goldstein and Greco's impermissible solicitation, the terms of which were made known to Goldstein. (*See* Cellino Decl. ¶ 52).

62. Now, after departing Cellino Law, the instant proceedings also implicate solicitation—this time the Goldstein Greco principals engaging in surreptitious pre-resignation solicitation of Cellino Law clients. (*See* Cellino Decl. ¶ 54). However, many of the clients at issue are former Cellino & Barnes clients and the solicitation interferes with the very agreements the law firms entered into to resolve the prior solicitation.

63. The foregoing background to the dissolution proceedings is important because (1) Goldstein Greco placed the dissolution proceedings at issue in its application to invalidate Cellino & Barnes and Cellino Law' attorneys' liens and (2) the dissolution proceedings and the determinations made therein contain strong evidence toward establishing and supporting those attorneys' liens.

64. What is more, both New York Actions are being litigated before the same court as the dissolution proceedings. This does not merely mean the New York Supreme Court, Commercial Division in the County of Erie. As of August 1, 2023, both New York Actions were reassigned to the Hon. Deborah A. Chimes, J.S.C., who was the presiding judge over the dissolution proceedings.

65. Annexed hereto as *Exhibit 12* are copies of the confirmations of reassignment.

66. Judge Chimes, and her appointed referee, have a wealth of background on these facts, with these same parties, and have been in the thick of these issues for years.

67. Accordingly, the advanced stage of the Cellino & Barnes dissolution proceedings, the related post-dissolution referee examinations, disputes, and resolutions, and the first-in-time New York Actions weigh heavily in favor of abstention.

## CONCLUSION

For all of the reasons set forth in the foregoing arguments, Cellino & Barnes and Cellino Law respectfully requests that this Court enter and Order:

    (i)    Granting their Motion to Dismiss in its entirety;

    (ii)    In the first alternative, staying the instant proceedings pending the results of the New York State Court Proceedings; or

    (iii)    In the second alternative, setting a schedule for Cellino & Barnes and Cellino Law to answer and oppose the Petition on its merits; and

    (iv)    Granting all such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
       August 11, 2023

DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By: /s/ *Christopher M. Berloth*
Christopher M. Berloth
*Attorneys For Third-Parties in Interest*
*Cellino & Barnes, P.C. and*
*Cellino Law LLP*
701 Seneca Street, Suite 750
Buffalo, New York 14210
cberloth@dhpglaw.com