# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
*******************************************************************

CELLINO LAW LLP and
CELLINO & BARNES, P.C.,

    Plaintiffs,

v.

GOLDSTEIN GRECO, P.C., BRIAN GOLDSTEIN, ESQ.
and ALEXANDER GRECO, ESQ.,

    Defendants.

*******************************************************************

**SUMMONS**

**Index No.:**

**Date Filed:**

Plaintiff(s) designate(s) ERIE COUNTY as the place of trial.

The basis of venue is: Plaintiff(s) place of business 800 Delaware Avenue, Buffalo, New York

**TO THE ABOVE NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:     Buffalo, New York
                March 31, 2023

                                        Yours, etc.,

                                        **CELLINO LAW LLP**

                                By: _____
                                        Gregory V. Pajak, Esq.
                                        Attorneys for Plaintiffs
                                        800 Delaware Avenue
                                        Buffalo, New York  14209
                                        (716) 888-2020

GOLDSTEIN GRECO, P.C.
2354 Wehrle Drive
Williamsville, New York 14221

BRIAN GOLDSTEIN, ESQ.
2354 Wehrle Drive
Williamsville, New York 14221

ALEXANDER GRECO, ESQ
2354 Wehrle Drive
Williamsville, New York 14221

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CELLINO LAW LLP and
CELLINO & BARNES, P.C.,

                Plaintiffs,

v.

GOLDSTEIN GRECO, P.C.,
BRIAN GOLDSTEIN, ESQ.
and ALEXANDER GRECO, ESQ.,

                Defendants

**COMPLAINT**

Index No.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

       Plaintiffs CELLINO LAW, LLP and CELLINO & BARNES P.C., above-named, for their complaint against Defendants GOLDSTEIN GRECO, P.C., BRIAN GOLDSTEIN, ESQ. and ALEXANDER GRECO, ESQ., above-named, allege upon information and belief:

       1.     Plaintiff CELLINO LAW, LLP, is and at all relevant times, has been a law firm and professional corporation organized and existing under the laws of the State of New York and has a principal office for the conduct of business at 800 Delaware Avenue, Buffalo, New York 14209.

       2.     Plaintiff CELLINO & BARNES, P.C., is and at all relevant times, has been a law firm and professional corporation organized and existing under the laws of the State of New York with a prior principal office for the conduct of business in Buffalo, New York.

3. Plaintiff CELLINO LAW, LLP is a successor to Cellino & Barnes P.C. and has obtained the right to enforce any lien or claim to attorney's fees that belonged to Plaintiff CELLINO & BARNES P.C.

4. Defendant, GOLDSTEIN GRECO, P.C., is and at all relevant times, has been a law firm and professional corporation organized and existing under the laws of the State of New York and has a principal office for the conduct of business at 2354 Wehrle Drive, Buffalo, New York 14221.

5. Defendant, BRIAN GOLDSTEIN, ESQ., is and at all relevant times, has been an attorney admitted to practice law in the State of New York and is a principal for Defendant GOLDSTEIN GRECO, P.C.

6. Defendant, ALEXANDER GRECO, ESQ., is and at all relevant times, has been an attorney admitted to practice law in the State of New York and is a principal for Defendant GOLDSTEIN GRECO, P.C.

7. Defendant, BRIAN GOLDSTEIN, ESQ., was previously an attorney employed by Plaintiffs CELLINO LAW, LLP and CELLINO & BARNES P.C.

8. Defendant, ALEXANDER GRECO, ESQ., was previously an attorney employed by Plaintiffs CELLINO LAW, LLP and CELLINO & BARNES P.C.

9. At various times prior to March 30, 2023, Terah Jackson, as administrator of the estate of Ronald Winans, retained Plaintiffs CELLINO & BARNES, P.C., (by a retainer dated September 18, 2018) and/or CELLINO LAW LLP (by a retainer dated October 25, 2020) to represent her for Ronald Winans' wrongful death and/or conscious pain and suffering caused by the negligence of another.

10. The terms of Plaintiffs CELLINO LAW LLP and/or CELLINO & BARNES, P.C.'s representation and professional relationships with Terah Jackson as administrator of the estate of Ronald Winans were memorialized in written retainer agreements with Plaintiffs CELLINO LAW LLP and/or CELLINO & BARNES, P.C.

11. The retainer agreements executed by Plaintiffs CELLINO LAW LLP and/or CELLINO & BARNES, P.C., and Terah Jackson as administrator of the estate of Ronald Winans, among other things, provided that as compensation for Plaintiffs CELLINO LAW LLP and/or CELLINO & BARNES, P.C.'s services on her behalf, Plaintiff would be entitled to a contingency attorney's fee of one-third (1/3) of any settlement amount or recovery before the subtraction of disbursements and/or expenses.

12. Consistent with the retainer agreement and Plaintiffs CELLINO LAW LLP and/or CELLINO & BARNES, P.C.'s professional relationship with Terah Jackson as administrator of the estate of Ronald Winans, Plaintiffs CELLINO LAW LLP and/or CELLINO & BARNES, P.C., performed substantial services on Ms. Jackson's behalf, including but not limited to the conducting of an initial interview with the administrator, investigating the circumstances of the accident, identifying responsible parties, investigating the nature and extent of injuries experienced by the decedent, notifying insurance carriers that might provide coverage for the loss, obtaining and analyzing relevant medical records, extensively communicating with the administrator, communicating with insurance carriers, filing a summons and complaint, completing discovery demands including bills of particulars and supplementing bills of particulars, conducting depositions, completing any necessary motion practice, expert consideration

3

and retention, and attending preliminary conferences, compliance conferences and settlement conferences.

13. On or about August 2, 2022, while the retained attorney/attorney of record was Plaintiff Cellino Law, LLP, the case of Terah Jackson as administrator of the estate of Ronald Winans was settled in principle, and the court was advised of this fact.

14. Subsequently, Plaintiff CELLINO LAW, LLP, was advised that it was discharged, and that Terah Jackson had retained the Defendants, GOLDSTEIN GRECO, P.C., BRIAN GOLDSTEIN, ESQ. and ALEXANDER GRECO, ESQ.

15. Defendants filed a consent to change attorney form on or about October 5, 2022.

16. Plaintiffs, CELLINO LAW LLP and/or CELLINO & BARNES, P.C., asserted a claim and lien to the attorney's fees received on the case and elected to be compensated on a percentage basis, based on the proportionate share of the work performed by each firm that had been retained.

17. Upon information and belief, the case of Terah Jackson as administrator of the estate of Ronald Winans has resolved and the settlement agreed to in August 2022 formally received court approval on November 16, 2022, with $137,500 in attorney's fees approved.

18. Plaintiff, CELINO LAW, LLP, and Defendants, GOLDSTEIN GRECO, P.C., BRIAN GOLDSTEIN, ESQ. and ALEXANDER GRECO, ESQ., have not agreed on the allocation of the attorney's fees received.

19. Plaintiffs, CELLINO LAW, LLP and CELLINO & BARNES, P.C., have a common law right and/or a statutory lien pursuant to Judiciary Law § 475 to obtain the value of their services based on the proportionate share of the work performed by them and the Defendants, GOLDSTEIN GRECO, P.C., BRIAN GOLDSTEIN, ESQ. and ALEXANDER GRECO, ESQ., meaning that each firm should obtain a percentage of the attorney's fee representing its proportionate share of the work performed by each firm on the whole case.

20. In addition, the Plaintiffs, CELLINO LAW, LLP and CELLINO & BARNES, P.C., have outstanding disbursements due and owing in the amount of $11,671.92 in the case of Terah Jackson as administrator of the estate of Ronald Winans, and this amount should be reimbursed to Plaintiffs out of the settlement approved by the court.

**WHEREFORE**, Plaintiffs, CELLINO LAW LLP and CELLINO & BARNES P.C., demand judgment for the case disbursements and 100% of the attorney's fees recovered, or in the alternative the proportionate share of the attorney's fees recovered, reflecting the work performed while Plaintiffs were retained and attorneys of record against the Defendants, GOLDSTEIN GRECO, P.C., BRIAN GOLDSTEIN, ESQ. and ALEXANDER GRECO, ESQ., following a judicial (non-jury) hearing to be held along with the costs and disbursements associated with this action.

DATED:     Buffalo, New York
                March 31, 2023

                                             **CELLINO LAW LLP**

By: _____
      Gregory V. Pajak, Esq.
      Attorneys for Plaintiffs
      800 Delaware Avenue
      Buffalo, New York 14209
      (716) 888-2020