Jeremiah Boling (LA Bar No. 34249)
Benjamin Rumph (LA Bar No. 37851)
Adam Whitworth (LA Bar No. 34149)
**Boling Law Firm**
541 Julia Street, Suite 300
New Orleans, LA 70130
Telephone: (504) 569-5904
Fax: (504) 569-5774
jboling@bolingfirm.com
brumph@bolingfirm.com
awhitworth@bolingfirm.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISO DIVISION

| | | |
|---|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 2741 |
| **This document relates to**: | * * | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND** |
| *Raymond Mistich v. Monsanto Co., et al* Case No. 3:23-cv-04015-VC | * * * * * | **Hearing Date: September 14, 2023** **Time: 10:00 a.m.** |

## <u>NOTICE OF MOTION AND MOTION TO REMAND</u>

PLEASE TAKE NOTICE that on September 14, 2023 at 10:00 a.m. or as soon as thereafter as the matter may be heard, before the Honorable Vince Chhabria, Courtroom 4-17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff, Raymond Mistich, will and hereby does move this Court for an order, pursuant to 28 U.S.C. § 1447(c), remanding this action to the Civil District Court of the State of Louisiana for the Parish of Orleans.

Plaintiff requests a remand because (1) Defendants cannot meet their burden of demonstrating that diversity of citizenship exists under 28 U.S.C. § 1332; and (2) Defendant

Harry's Hardware was not fraudulently joined and so 28 U.S.C. §1441 prevents removal of this case. This motion is based on the attached Memorandum in Support of Plaintiff's Motion to Remand, the papers and pleadings on file herein, and on such further oral documentary evidence as may be presented at the hearing of this motion.

Respectfully submitted,
**BOLING LAW FIRM, LLC**

  /s/ Jeremiah Boling
Jeremiah Boling (LA Bar No. 34249)
Benjamin Rumph (LA Bar No. 37851)
Adam Whitworth (LA Bar No. 34149)
541 Julia Street, Suite 300
New Orleans, LA 70130
Telephone: (504) 569-5904
Fax: (504) 569-5774
jboling@bolingfirm.com
brumph@bolingfirm.com
awhitworth@bolingfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above has been filed and electronically served on the 18th day of August, 2023 on the recipients located on the Court's CM/ECF system.

  /s/ Jeremiah Boling
Jeremiah Boling

Jeremiah Boling (LA Bar No. 34249)
Benjamin Rumph (LA Bar No. 37851)
Adam Whitworth (LA Bar No. 34149)
**Boling Law Firm**
541 Julia Street, Suite 300
New Orleans, LA 70130
Telephone: (504) 569-5904
Fax: (504) 569-5774
jboling@bolingfirm.com
brumph@bolingfirm.com
awhitworth@bolingfirm.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | * | MDL No. 2741 |
| | * | |
| **This document relates to**: | * | **MEMORANDUM OF POINTS AND** |
| | * | **AUTHORITIES IN SUPPORT OF** |
| *Raymond Mistich v. Monsanto Co., et al* | * | **PLAINTIFFS' MOTION TO REMAND** |
| Case No. 3:23-cv-04015-VC | * | |
| | * | |

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION AND BACKGROUND……………………………………………1

II.    LAW AND ARGUMENT……………………………………………………………...2

   A.   The removing defendants bear the "heavy" burden to demonstrate federal subject matter jurisdiction and the propriety of removal; failing this, remand is required……………2

   B.   The Court should remand this case to state court because Monsanto fails to demonstrate the existence of diversity jurisdiction…………………………………………………..3

   C.   The Court should remand this case to state court because Monsanto's removal was untimely…………………………………………………………………………………..10

III.   CONCLUSION………………………………………………………………………..15

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*African Methodist Episcopal Church v. Lucien*,
756 F.3d 788, 793 (5th Cir.
2014)…………………………...................................………………………….…4

*Aguayo v. Amco Ins. Co.*,
59 F. Supp. 3d 1225, 1266 (D.N.M. 2014) ................................................................13

*Alexander v. Toyota Motor Sales, U.S.A.*,
2013-0756 (La. 9/27/13), 123 So. 3d 712, 714....................................................6

*Antie v. McBain*,
No. 21-01460, 2021 WL 4244554, at *2 (W.D. La. Aug. 11, 2021), *report and recommendation adopted*, No. 21-01460, 2021 WL 4239303 (W.D. La. Sept. 16, 2021) ......................................11

*Bayou Acquisitions, LLC v. Badger Daylighting Corp.*,
No. 22-4541, 2023 WL 2367440, at *3 (E.D. La. Mar. 6, 2023) ....................................8

*Bowie Lumber Assocs. v. Anadarko OGC Co.*,
No. 22-01195, 2023 WL 2624807, at *2 (E.D. La. Mar. 24, 2023)........................................11, 12

*Campbell v. Stone Ins., Inc.*,
509 F.3d 665, 669 (5th Cir. 2007)..................................................4

*Christ v. Staples, Inc.*,
No. 14-07784, 2015 WL 248075, at *4 (C.D. Cal. Jan. 20, 2015) .............................................5, 6

*Colony Ins. Co. v. Peachtree Const., Ltd.*,
647 F.3d 248, 252 (5th Cir. 2011) .................................................5

*Coury v. Prot*,
85 F.3d 244, 248 (5th Cir. 1996) ..............................................2, 3

*Cumpian v. Alcoa World Alumina, L.L.C.*,
2013-0756 (La. 9/27/13), 123 So. 3d 712, 714.......................................8, 9

*Davidson v. Georgia-Pac., L.L.C.*,
819 F.3d 758, 766-67 (5th Cir. 2016).....................................................10

*Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*,
23 F.4th 1195, 1199 (9th Cir. 2022) ..................................................5, 6

*Gasch v. Hartford Acc. & Indem. Co.*,

491 F.3d 278, 281 (5th Cir. 2007) .............................................................................3

*Grancare, LLC v. Thrower by and through Mills,*
889 F.3d 543, 550 (9th Cir. 2018). ........................................3, 4, 5, 6, 7, 8

*Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.,*
390 F.3d 400, 412 (5th Cir. 2004) ..............................................................5, 6

*Hollier v. Watson,*
605 F. App'x 255, 257 (5th Cir. 2015) ..........................................................5

*Hoyt v. Lane Constr. Corp.,*
927 F.3d 287, 292 (5th Cir. 2019), *as revised* (Aug. 23, 2019) ...............12, 14

*Hunter v. Philip Morris USA,*
582 F.3d 1039, 1046 (9th Cir. 2009) ....................................................4, 8, 10

*In re Roundup Prod. Liab. Litig.,*
No. 16-02741, 2022 WL 17839995, at *3 (N.D. Cal. Aug. 30, 2022).........11

*James v. Whitney,* No. 20-0203,
No. 20-0203, 2021 WL 3044149, at *2 (W.D. La. July 19, 2021)................11

*K2 Am. Corp. v. Roland Oil & Gas, LLC,*
653 F.3d 1024, 1027 (9th Cir.
2011)...........................................................................................................2, 3

*Kalfsbeek Charter v. FCA US, LLC,*
540 F. Supp. 3d 939, 944 (C.D. Cal. 2021)........................................12, 13, 14

*Leal v. McHugh,* 731 F.3d 405, 410 (5th Cir. 2013)...................................6

*Lowrey v. Tex. A & M Univ. Sys.,*
117 F.3d 242, 247 (5th Cir. 1997) ................................................................5

*McKee v. Kan. City S. Ry. Co.,*
358 F.3d 329 (5th Cir. 2004)........................................................................4

*NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.,*
No. 14-00183, 2014 WL 1671659, at *6 (E.D. Cal. Apr. 28, 2014), *report and recommendation adopted,* No. 14-00183, 2014 WL 2619599 (E.D. Cal. June 6, 2014) .........12

*Pack v. Germania Select Ins. Co.,*
No. 20-01045, 2021 WL 11088117, at *6 (W.D. La. Mar. 26, 2021), *report and recommendation adopted,* No. 20-01045, 2021 WL 11088095 (W.D. La. Apr. 28, 2021).......................12

*Padilla v. AT & T Corp.*,
697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ..................................................................4

*Project Thunder S'holder Liquidating Tr. v. TNS, Inc.,*
No. 13-2300, 2014 WL 12674274, at *1 (W.D. Wash. Jan. 21, 2014) ....................…....4

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)………3

*Smallwood v. Illinois Cent. R.R. Co.,*
385 F.3d 568 (5th Cir.2004) (en banc)…………………..…………………..4, 5, 6, 7, 8, 9, 10

*Weeping Hollow Ave. Tr. v. Spencer*,
831 F.3d 1110, 1113 (9th Cir. 2016) ...................................................................4, 5, 8

**S**TATUTES

28 U.S.C. § 1332(a)…………………………………………………………………...3

28 U.S.C. § 1446(b)(3)...........................................................................................7

28 U.S.C. §
1446(c)..............................................................................................................8, 11

28 U.S.C. § 1446(c)(1)…………………………………………………...…2, 11, 14

28 U.S.C. § 1447(c)…………………………………………………………………...3

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**
**FOR LACK OF SUBJECT MATTER JURISDICTION AND UNTIMELY REMOVAL**

The plaintiffs, Janeiece Mistich, Russel Mistich, Christine Howell, Christopher Mistich, and Jeffery Mistich, provide this memorandum in support of their motion to remand.

**I.    INTRODUCTION AND BACKGROUND**

This case arises out of the manufacture and sale of a dangerous and cancer-causing weedkiller: Roundup. Raymond Mistich's use of that product for years caused him to develop Non-Hodgkins's Lymphoma. More than two years after he filed this lawsuit, and just a few months before a scheduled trial in state court, defendant Monsanto removed the case on the basis of diversity. Removal was improper, however, and this Court should remand the case to state court.

The Court lacks diversity jurisdiction. There is no dispute that multiple plaintiffs are Louisiana citizens, as is one of the named defendants (Harry's Hardware, Inc.). Thus, complete diversity is absent. Monsanto urges the Court to disregard Harry's Hardware because it was supposedly improperly joined. In advancing this argument, Monsanto undertakes a "heavy" burden. It must be able to show that the well-pleaded allegations reveal no possibility of recovery against the non-diverse defendant. Monsanto cannot make this showing. The petition pleads facts showing Harry's Hardware (1) sold Roundup to Mr. Mistich for years, including in 2019; (2) was on notice of the dangers of Roundup, especially by 2019, after it had been sued in relation to other sales of that product; and (3) never warned Mr. Mistich of the dangers. These allegations support a viable negligence claim under Louisiana law.

Monsanto seeks to avoid these allegations by offering a deposition excerpt from Mr. Mistich's widow and a declaration from the president of Harry's Hardware (Cary Becker). These documents (if the Court considers them) could show improper joinder only if they could "negate" the possibility of liability. Neither does that. Ms. Mistich's testimony does not purport to show

personal knowledge that Mr. Mistich never bought Roundup in 2019; on the contrary, she did not accompany him on most trips to the hardware store. The Becker declaration likewise does not contest (1) that Mr. Mistich bought Roundup from Harry's Hardware in 2019, or (2) that Harry's Hardware had been alerted to the dangers of Roundup at least by that time.

Because there is no improper joinder, diversity jurisdiction is lacking and remand is required. But an additional reason for remand exists. Monsanto removed this case on diversity grounds in 2023, more than two years after the suit commenced and in violation of the one-year deadline set out in 28 U.S.C. § 1446(c)(1). Removal, therefore, was untimely unless Monsanto could show the plaintiff's bad faith tactics prevented removal. No bad faith has been shown or exists. Mr. Mistich died almost one year after filing suit, and the relevant one-year period in § 1446(c)(1) roughly corresponds to the last year of his life. In that time, Mr. Mistich sued Harry's Hardware, served it, and propounded discovery on it. He never dismissed Harry's Hardware and had a good-faith basis to pursue that defendant in the first place: his own personal knowledge of being sold (without warnings) a dangerous chemical product that would lead to his cancer and ultimate death. Pursuing a meritorious tort claim based on competent evidence is not bad faith.

Monsanto's removal suffers fatal substantive and procedural defects. The Court should remand this state-law case to state court.

## II.   LAW AND ARGUMENT

### A.   The removing defendants bear the "heavy" burden to demonstrate federal subject matter jurisdiction and the propriety of removal; failing this, remand is required.

Federal courts have limited jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011).[1] There is a

---

[1] Monsanto relies on Fifth Circuit law in its notice of removal, *e.g.*, Rec. Doc. 2, p. 7, and the plaintiffs do likewise. To the extent any transfer to the MDL pending in the Northern District of California should occur—and to the extent

presumption against federal subject matter jurisdiction, which the party asserting jurisdiction must overcome. *Coury*, 85 F.3d at 248; *K2 Am. Corp.*, 653 F.3d at 1027. This task should be difficult. Since removal deprives the state court of an action properly before it, "removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Courts therefore must strictly construe the removal statute and resolve any doubt about the propriety of removal in favor of remand. *Gasch*, 491 F.3d at 281–82; *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

> **B.    The Court should remand this case to state court because Monsanto fails to demonstrate the existence of diversity jurisdiction.**

> **1.    Diversity jurisdiction requires complete diversity, which is absent here.**

A defendant invoking diversity jurisdiction must show complete diversity. That means it must demonstrate that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *Grancare, LLC*, 889 F.3d at 548 ("each plaintiff must be of a different citizenship from each defendant").[2] The removing defendant's failure to meet this burden results in remand. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, most if not all of the plaintiffs are Louisiana citizens. Rec. Doc. 2-2, pp. 3, 86, 99; *see also* Rec. Doc. 2, p. 6. The plaintiffs have sued at least one Louisiana citizen, Harry's Hardware, Inc. Rec. Doc. 2-2, p. 3. Therefore, complete diversity is lacking, which precludes diversity jurisdiction.

---

such a transfer would make Ninth Circuit law applicable to this motion—the plaintiffs cite also to Ninth Circuit law, which is similar in relevant respects.

[2] Diversity jurisdiction also requires a minimum amount in controversy. 28 U.S.C. §1332(a). The plaintiffs do not contest that the damages sought in this case far exceed the $75,000 threshold.

### 2.      Monsanto fails to meet its heavy burden to show an exception to the complete-diversity requirement.

An exception to the complete diversity requirement exists with respect to a non-diverse defendant who was improperly joined.[3] The exception, however, is "narrow." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *Project Thunder S'holder Liquidating Tr. v. TNS, Inc.*, No. 13-2300, 2014 WL 12674274, at *1 (W.D. Wash. Jan. 21, 2014). The "the burden of proving [improper] joinder is a heavy one," and a case should be remanded "unless it is clear that the non-diverse defendants have been [improperly] joined." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329 (5th Cir. 2004); *see also Grancare, LLC*, 889 F.3d at 548. As with removal in general, "any contested issues of facts and any ambiguities of state law [with respect to improper joinder] must be resolved in favor of remand." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (internal citations and quotation marks omitted); *see also*, *e.g.*, *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009).

Improper joinder may be shown in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Monsanto invokes the second option. It does not dispute the parties' alleged citizenship but instead challenges the viability of the plaintiffs' claims against Harry's Hardware. *E.g.*, Rec. Doc. 2 (notice of removal), pp. 7-8.

---

[3] The Fifth Circuit uses the term "improper joinder." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004). The Ninth Circuit generally uses the term "fraudulent joinder," while noting that "the term 'fraudulent joinder' is somewhat of a 'misnomer,' since in most cases the focus will be on whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting 13F C. Wright & A. Miller et al., Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.)).

To meet its heavy burden of showing improper joinder under the second option, Monsanto must show that the plaintiffs have *no reasonable possibility of recovery* against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. This showing must extend to all claims and theories, because "the existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *see also Christ v. Staples, Inc.*, No. 14-07784, 2015 WL 248075, at *4 (C.D. Cal. Jan. 20, 2015). Further, the Court need not find that success on the merits is *likely*— only that success is *possible*. *Grancare, LLC*, 889 F.3d at 548.

### a. The plaintiffs have stated a viable claim against Harry's Hardware; no improper joinder exists.

The plaintiff's prospects for recovery against a non-diverse defendant are generally evaluated under the Rule 12(b)(6) pleading standard, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.

Under the Rule 12 analysis, the Court must liberally construe the complaint in favor of the plaintiff and accept its well-pleaded factual allegations as true. *E.g.*, *Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011); *see also Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*, 23 F.4th 1195, 1199 (9th Cir. 2022). And the Court should not dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Hollier v. Watson*, 605 F. App'x 255, 257 (5th Cir. 2015); *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *see also Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (joinder is fraudulent only where "the plaintiff fails to state a cause of action" against the non-diverse defendant "and the failure is *obvious* according to the settled rules of the state.") (emphasis added).

This should be an infrequent occurrence because a challenge under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *E.g.*, *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013); *Ernst & Haas Mgmt. Co., Inc.*, 23 F.4th at 1199. And, ordinarily, when the "plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. Or, in other words, "If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined." *Grancare, LLC*, 889 F.3d at 550.[4]

Here, the plaintiffs have asserted several viable claims against Harry's Hardware, but one alone suffices to defeat removal. *Gray ex rel. Rudd*, 390 F.3d at 412; *Christ*, 2015 WL 248075, at *4. Among other things, the petition sets out a claim for negligence under Louisiana law against Harry's Hardware for its faulty conduct in selling a known harmful product to Mr. Mistich.

A negligence claim under Louisiana law against a product seller like Harry's Hardware has three elements: (1) the defendant sold a defective product; (2) the defendant had actual or constructive knowledge of the defect; and (3) the defendant failed to declare the defect. *Alexander v. Toyota Motor Sales, U.S.A.*, 2013-0756 (La. 9/27/13), 123 So. 3d 712, 714. The petition makes well-pleaded factual allegations addressing these elements. It alleges that (1) Harry's Hardware sold a harmful product (Roundup) containing glyphosate, which is toxic and causes cancer, to the plaintiff numerous times between 1980 and 2019 (and especially including in 2019). *E.g.*, Rec. Doc. 2-2, pp. 4, 6, 13-14 (original petition, ¶¶ 4, 18-19, 56-62); *see also* Rec. Doc. 2-2, p. 36 (first amended petition, ¶¶ 159, 161). The petition also alleges that (2) Harry's Hardware knew or should have known of the dangerous nature of the product at all relevant times it was selling the product—

---

[4] In the Ninth Circuit, stating a claim that survives a Rule 12(b)(6) motion means there is no improper joinder, "[b]ut the reverse is not true." *Grancare, LLC*, 889 F. 3d at 550. That is, even if a complaint fails to satisfy Rule 12 as to the non-diverse defendant, a court still may find no improper joinder as long as the allegations are not "wholly insubstantial and frivolous." *Id.* at 549.

and specifically that it was put on special notice by 2019, after it was sued in Louisiana state court for selling that harmful product. *E.g.*, Rec. Doc. 2-2, pp. 23-24, 26 (original petition, ¶¶ 125, 134, 144); *see also* Rec. Doc. 2-2, pp. 36-37 (first amended petition, ¶¶ 161, 163, 168). And the petition alleges that (3) Harry's Hardware never warned Mr. Mistich or declared the danger of the product at issue. *E.g.*, Rec. Doc. 2-2, pp. 24, 26-28 (original petition, ¶¶ 133-34, 148-49); *see also* Rec. Doc. 2-2, p. 37 (first amended petition, ¶¶ 166, 168).

Monsanto fails to refute the meritorious negligence claim that results from these well-pleaded factual allegations. Its notice of removal attacks only the second element (actual or constructive knowledge), and its argument regarding Harry's Hardware's knowledge is limited to the time period leading up to 1991. Rec. Doc. 2 (notice of removal), pp. 12-15, ¶¶ 29-33. Monsanto does not address the knowledge of Harry's Hardware in 2019. It proceeds under the assumption that the Court should disregard Mr. Mistich's well-pleaded allegation about his purchases in that year. *E.g.*, Rec. Doc. 2 (notice of removal), p. 19 (¶ 44). But under the Rule 12 analysis, the plaintiff's well-pleaded allegations are accepted as true. And if the plaintiff states a cause of action, ordinarily there is no improper joinder. *Smallwood*, 385 F.3d at 573; *Grancare, LLC*, 889 F.3d at 550.

Beyond this, Monsanto has already tacitly acknowledged that Mr. Mistich's pleadings state at least one viable cause of action against Harry's Hardware. Monsanto did not remove after receiving either the original or amended complaint. It waited until years later after it deposed Mr. Mistich's widow, and Monsanto asserts that her deposition testimony first revealed that the case was removable. *E.g.*, Rec. Doc. 2 (notice of removal), p. 19 (¶ 44). Monsanto's delay is a concession that there was no improper joinder because the lawsuit set out viable claims against Harry's Hardware and was not removable as pleaded. *See* 28 U.S.C. § 1446(b)(3).

The well-pleaded allegations in the petition show (among other things) viable negligence claims against Harry's Hardware. There is no "obvious" failure to state a claim, *Weeping Hollow Ave. Tr.*, 831 F.3d at 1113, and the petition shows far more than a "possibility" of recovery against Harry's Hardware. *Smallwood*, 385 F.3d at 573. Thus, Harry's Hardware was not improperly joined.

> **b.    A summary inquiry involving a review of evidence is improper; regardless, it would not show improper joinder.**

The fact that the plaintiff states a viable Louisiana negligence claim against Harry's Hardware should settle the question of improper joinder. "[I]f the complaint is sufficient to state a claim, there is no improper joinder." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018); *Grancare, LLC*, 889 F.3d at 550.

It may be appropriate, in certain circumstances, to pierce the pleadings and conduct a "summary inquiry." *Smallwood*, 385 F.3d at 573. The district court has discretion to perform this inquiry when "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. The summary inquiry, however, "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74 (emphasis added); *see also Bayou Acquisitions, LLC v. Badger Daylighting Corp.*, No. 22-4541, 2023 WL 2367440, at *3 (E.D. La. Mar. 6, 2023); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Smallwood*).

Monsanto invites the Court to look beyond the plaintiffs' allegations and consider evidence in the form of a deposition excerpt and a declaration. But this sort of summary inquiry is improper. When a court conducts such an inquiry, it should be "mindful of what *Smallwood* identified as the prototypical cases" in which such a showing might be possible. *Cumpian*, 910 F.3d at 221. That

is, the sort of case where a factual allegation is indisputably false and easily disproved—such as where the plaintiff sued a doctor who did not actually treat him or her. *Cumpian*, 910 F.3d at 221; *see also Smallwood*, 385 F.3d at 574 n.12.

This is not such a case. Monsanto tacitly concedes Harry's Hardware's knowledge concerning the dangers of Roundup in 2019. But it seeks to show that knowledge is irrelevant by offering evidence purporting to show Mr. Mistich never purchased Roundup at a Harry's Hardware location in New Orleans after the early 1990s. *E.g.*, Rec. Doc. 2 (notice of removal), pp. 18-19, ¶ 42 (citing its Exh. 5, deposition of Mr. Mistich's widow, Janeiece Mistich). Monsanto fails, however, to show this is a discrete and undisputed point.

Monsanto cites an excerpt of Mr. Mistich's widow's testimony, but all she can say on the matter is that, as far as she knows, Mr. Mistich "probably" did not buy Roundup in New Orleans after the family moved to a New Orleans suburb (Mandeville). *E.g.*, Rec. Doc. 2 (notice of removal), pp. 18-19 (¶ 42, citing its Exh. 5). She did not claim to have first-hand knowledge that such purchases never occurred. She did not testify that Mr. Mistich never went to New Orleans without her or that she knew he had never stopped by a Harry's Hardware location without her. On the contrary, Ms. Mistich testified that she did not go to the store with Mr. Mistich on most trips when he purchased Roundup. Exhibit 1, Janeiece Mistich depo., pp. 81, 116.

Monsanto also relies on an affidavit from Cary Becker of Harry's Hardware. But all he can say on the topic is that Harry's Hardware stores are in New Orleans, and New Orleans is across Lake Pontchartrain from Mandeville. Rec. Doc. 2-5, Becker declaration, ¶¶ 6-7. He does not purport to establish that a man living in Mandeville could never cross the lake into Orleans Parish[5] or, having done so, stop into a store to make a purchase. Nor does Mr. Becker even try to dispute

---

[5] To the contrary, Mr. Becker reports that he has made the drive. Rec. Doc. 2-5, Becker declaration, ¶ 6.

Mr. Mistich's well-pleaded factual allegation that Mr. Mistich did in fact purchase Roundup from a New Orleans-located Harry's Hardware in 2019. And Mr. Becker notably does not dispute Harry's Hardware's awareness of Roundup hazards by 2019. He states solely that Harry's Hardware did not know *before 1991*. Rec. Doc. 2-5, Becker declaration, ¶¶ 12.

The factual issue of Mr. Mistich's 2019 purchase is far from a *discrete* and *undisputed* point that could be appropriate for a summary inquiry. But even if the Court considers the proffered evidence, it does not support a finding of improper joinder. To succeed in a summary inquiry, the removing defendant must present evidence that "negate[s] the possibility of liability." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766-67 (5th Cir. 2016); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood* for the proposition that evidence in a summary inquiry must suffice to "preclude plaintiff's recovery against the in-state defendant"). For the reasons discussed above, Monsanto's evidence does no such thing. Ms. Mistich's testimony does not rule out Mr. Mistich's having bought Roundup from a New Orleans store in 2019 after the family moved to a New Orleans suburb. And Cory Becker's declaration does not dispute (1) that such purchases did in fact occur, or (2) that Harry's Hardware had been alerted to the dangers of Roundup at least by that time. So, even if the Court considered this extraneous evidence, it does not negate the possibility of liability and does not establish improper joinder.

## C.     The Court should remand this case to state court because Monsanto's removal was untimely.

The absence of improper joinder means the absence of diversity jurisdiction, which dictates remand. But even if Monsanto could show improper joinder, remand would still be required because Monsanto removed this case too late.

### 1.     Monsanto's diversity-based removal occurred after the one-year deadline to do so.

Federal law generally sets out a one-year limit on diversity-based removals. 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . ."). This suit was filed in May 2021. Rec. Doc. 2-2, p. 3. Monsanto removed this case more than two years later, in July 2023. Rec. Doc. 1. Accordingly, there is no dispute that Monsanto's removal falls outside the one-year time limit.

### 2.     A bad-faith exception to the one-year limit exists, but Monsanto cannot show its applicability.

Under 28 U.S.C. § 1446(c)(1), the one-year time limit applies "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." The bad-faith exception sets a "high threshold," and the removing party bears the burden of proof. *In re Roundup Prod. Liab. Litig.*, No. 16-02741, 2022 WL 17839995, at *3 (N.D. Cal. Aug. 30, 2022); *see also Antie v. McBain*, No. 21-01460, 2021 WL 4244554, at *2 (W.D. La. Aug. 11, 2021), *report and recommendation adopted*, No. 21-01460, 2021 WL 4239303 (W.D. La. Sept. 16, 2021). The defendant must show the plaintiff's "intentional actions to thwart diversity," *Bowie Lumber Assocs. v. Anadarko OGC Co*., No. 22-01195, 2023 WL 2624807, at *2 (E.D. La. Mar. 24, 2023), a "transparent attempt to circumvent federal jurisdiction," *James v. Whitney*, No. 20-0203, 2021 WL 3044149, at *2 (W.D. La. July 19, 2021), and/or "strategic gamesmanship by keeping a removal-spoiling party in the case past the one-year mark in order to prevent a defendant's removal from state court." *In re Roundup Prod. Liab. Litig*., No. 16-02741, 2022 WL 17839995, at *3 (N.D. Cal. Aug. 30, 2022).

Monsanto cannot make this showing. The relevant time period is the first year of the suit. 28 U.S.C. § 1446(c). Therefore, the removing defendant must show bad faith efforts to prevent

removal within the one-year removal period. *Id.*; *see also Bowie Lumber Assocs. v. Anadarko OGC Co.*, No. CV 22-01195, 2023 WL 2624807, at *2 (E.D. La. Mar. 24, 2023).

There is no evidence that Mr. Mistich knew he lacked a basis for his claim against Harry's Hardware during that time and yet pursued the claim anyway in bad faith. Mr. Mistich sued Harry's Hardware at the outset of the case. Rec. Doc. 2-2, p. 3. He requested and effected service on Harry's Hardware. *See* Rec. Doc. 2-2, p. 34. The fact that Harry's Hardware was brought into the case as a defendant from the start (as opposed to having been added in response to a motion to dismiss or an attempt to remove the action) weighs against a finding that he sued it in bad faith. *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 944 (C.D. Cal. 2021). Mr. Mistich also pursued this claim, serving discovery on Harry's Hardware. Exhibit 2. His seeking discovery from Harry's Hardware is further evidence refuting any suggestion of bad faith. *Pack v. Germania Select Ins. Co.*, No. 20-01045, 2021 WL 11088117, at *6 (W.D. La. Mar. 26, 2021), *report and recommendation adopted*, No. 20-01045, 2021 WL 11088095 (W.D. La. Apr. 28, 2021); *NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, No. 14-00183, 2014 WL 1671659, at *6 (E.D. Cal. Apr. 28, 2014), *report and recommendation adopted*, No. 14-00183, 2014 WL 2619599 (E.D. Cal. June 6, 2014) (no bad faith in maintaining claim against non-diverse defendant where the plaintiff served discovery requests on that defendant).

Moreover, Mistich had within his personal knowledge important evidence (*i.e.*, his own testimony) that he could use against Harry's Hardware at trial regarding its selling products to him after it knew they were harmful. *See, e.g.*, *Pack*, 2021 WL 11088117, at *4 ("Unlike the *Hoyt* plaintiffs, who knew for months prior to the one-year deadline that the evidence would not support a claim against the non-diverse defendant, the plaintiffs here possessed evidence supporting a claim against McDonald under Louisiana law.").

Monsanto has no competent evidence to refute Mr. Mistich's personal knowledge regarding his 2019 Roundup purchase, let alone to show that he was in bad faith for asserting and maintaining his claim during the last year of his life. Monsanto's evidence shows *at most* only that Mr. Mistich might have been mistaken in his allegation. That is, the most it *possibly* shows is that his widow somehow has a better memory of every location where Mr. Mistich purchased Roundup after their move and across the entire span of 2019. Of course, that notion is both factually incorrect and implausible. (Again, Ms. Mistich did not accompany Mr. Mistich on most trips to the hardware store to purchase Roundup. Exhibit 1, Janeiece Mistich depo., pp. 81, 116.) Regardless, however, it comes nowhere close to proof that Mr. Mistich *intentionally lied* about the location where he made his purchases. *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943 (C.D. Cal. 2021) ("Determining whether a plaintiff has acted in bad faith to prevent removal necessarily involves looking into the plaintiff's subjective intent, as the text of section 1466(c)(1) 'strongly suggest[s] intentionality and purpose.'") (quoting *Aguayo*, 59 F. Supp. 3d at 1266). There is no suggestion of that in the testimony of Ms. Mistich that Monsanto cites or any other evidence.

Further, there is no evidence that any of the substituted plaintiffs (*i.e.*, Mr. Mistich's surviving family members) knew the claims against Harry's Hardware lacked any basis and yet pursued them anyway in bad faith for the duration of the one-year period. Mr. Misich filed this suit on May 28, 2021. Rec. Doc. 2-2, p. 3. He died on May 21, 2022, just a few days before the relevant one-year period expired. Rec. Doc. 2-3, p. 2. In those last few days of the one-year period, his survivors were planning his funeral and grieving his death. They were not even substituted as plaintiffs until months later. Rec. Doc. 2-2, pp. 86, 99. There is no support for any suggestion that they were nevertheless acting on some coordinated plan to run out the one-year clock to avoid removal in the difficult days after his death.

Additionally, the substituted survivors maintained the claim against Harry's Hardware and did not seek to dismiss it after the one-year period passed, which further undermines any suggestion of a bad-faith attempt to keep Harry's Hardware in the case solely to get past the one-year mark. *Cf. Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 (5th Cir. 2019), *as revised* (Aug. 23, 2019), where evidence showed the plaintiffs dismissed the non-diverse defendant for no compensation "a mere two days after the one-year deadline expired"); *cf. Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943–44 (C.D. Cal. 2021) (finding no bad faith under the totality of circumstances, while nevertheless noting that dismissal of the non-diverse defendants "one year and five days after filing the case" could be one factor suggesting bad faith).

Finally on this point, nothing done by the plaintiffs "prevent[ed]" the defendants from removing within a year. 28 U.S.C. § 1446(c)(1). According to Monsanto, all it had to do to "discover" that Mr. Mistich (supposedly) never purchased Roundup in New Orleans at any point after 1991 or so was to ask Ms. Mistich in a deposition. There was nothing stopping Monsanto from trying to do this earlier. It had a year in which it could have deposed Mr. Mistich and/or his family members to ask the question that prompted removal in 2023. Monsanto does not allege that any plaintiff fraudulently thwarted its ability to conduct basic discovery (because that never occurred). Monsanto is wrong about the facts. But even if it were otherwise, Monsanto could have learned what prompted its removal earlier. It was not prevented from removing within the one-year period.

In sum, Mr. Mistich asserted a meritorious claim against Harry's Hardware based on his own personal knowledge of relevant events. He then served and sought discovery from Harry's Hardware, though he ultimately died one year into the suit and before he could testify against Harry's Hardware at trial. Monsanto has no competent evidence suggesting Mr. Mistich lied or

was even incorrect about his allegation of purchasing Roundup from Harry's Hardware in New Orleans in 2019, and nothing prevented Monsanto from attempting a timely removal. Monsanto's bad-faith argument—like its removal generally—is meritless and should be rejected.

## III.   CONCLUSION

Due to the limited federal jurisdiction, removal is strictly construed and all doubts are resolved in favor of remand. Monsanto, as the removing defendant, failed to overcome the presumption against federal jurisdiction. It has not met its heavy burden to show improper joinder. The plaintiffs have valid claims under Louisiana law against a non-diverse entity whose fault contributed to Mr. Mistich's death. Therefore, diversity jurisdiction is absent. Further, Monsanto's removal was untimely. It failed to remove within one year and fails to show any valid basis to invoke the narrow bad-faith exception. The Court should remand this state-law case to Louisiana state court.

Respectfully submitted,

/s/ Jeremiah Boling
Jeremiah Boling (LA Bar No. 34249)
Benjamin Rumph (LA Bar No. 37851)
Adam Whitworth (LA Bar No. 34149)
**Boling Law Firm**
541 Julia Street, Suite 300
New Orleans, LA 70130
Telephone: (504) 569-5904
Fax: (504) 569-5774
jboling@bolingfirm.com
brumph@bolingfirm.com
awhitworth@bolingfirm.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on August 18th, 2023.

*/s/ Jeremiah Boling*