CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2021-04605                                                                   DIVISION A

RAYMOND MISTICH

VERSUS

MONSANTO COMPANY, ET AL

FILED: _____           _____
                                              DEPUTY CLERK

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT HARRY'S HARDWARE, INC.

TO:   Harry's Hardware, Inc.
      by and through its attorney of record
      Lawrence Lehmann, Esq.
      Sessions, Fishman
      400 Poydras Street, Suite 2050
      New Orleans, Louisiana 70130

COMES NOW, Plaintiffs in the above-captioned matter, by and through his attorney of record, and serves and request Harry's Hardware, Inc., Defendant in the above-captioned matter to answer separately <u>under oath</u> and in writing, in accordance with Art. 1457, *et seq.* of the Louisiana Code of Civil Procedure, each of the following Interrogatories, Requests for Production of Documents and Request for Admissions. In responding to the Interrogatories, Plaintiff requests that Defendant furnish all available information and answer separately and fully in writing each separate subpart to each Interrogatory, unless it is objected to, in which even the specific reasons for each objection should be set forth in lieu of an answer. These Interrogatories, Requests for Production and Requests for Admissions are to be regarded as continuing. Please provide a response to these Interrogatories, Requests for Production and Request for Admissions within the delays allowed by law. In the Interrogatories, Requests for Production, and Requests for Admissions below, the "Harry's" is intended to mean Harry's Hardware, Inc. with hardware stores in Louisiana. "You" is intended to mean Harry's Hardware, Inc. parent(s), affiliates and/or subsidiaries. "Monsanto" is intended to include Monsanto Company their parent(s), affiliates and/or subsidiaries.



## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that Harry's Hardware sold Roundup®.

**REQUEST FOR ADMISSION NO. 2:** Admit that Harry's Hardware still sells Roundup®.

**REQUEST FOR ADMISSION NO. 3:** Admit that Harry's Hardware was sued for liabilities related to the sell of Roundup® in *Yvette D'Aunoy vs. Monsanto Company, Et Al,* Case No. 2019-10100, Orleans Parish Civil District Court.

**REQUEST FOR ADMISSION NO. 4:** Admit that despite being put on notice by the *Yvette D'Aunoy vs. Monsanto Company, Et Al,* Case No. 2019-10100, Orleans Parish Civil District Court that selling Roundup could cause Non-Hodgkin's Lymphoma it continues to sell Roundup today.

**REQUEST FOR ADMISSION NO. 5:** Admit that Harry's has two of the largest retail stores in the Ace Hardware Organization.

**REQUEST FOR ADMISSION NO. 6:** Admit that Harry's sold Roundup prior to 1987.

**REQUEST FOR ADMISSION NO. 7:** Admit in the 1980's Harry's had more than two locations.

**REQUEST FOR ADMISSION NO. 8:** Admit Roundup is unreasonably dangerous in normal use.

**REQUEST FOR ADMISSION NO. 9:** Admit that Harry's was a professional vendor of Roundup.

**REQUEST FOR ADMISSION NO. 10:** Admit that Harry's is one of the biggest companies in the Ace Hardware Organization.

**REQUEST FOR ADMISSION NO. 11:** Admit there are no warnings discussing the risk of Non-Hodgkin's Lymphoma on the Roundup that Harry's sells.

## INTERROGATORIES

**INTERROGATORY NO. 1:** List each and every location of Harry's Hardware, Inc. from 1980 to today whether open or closed.

**INTERROGATORY NO. 2:**    Describe in detail when and how Harry's first learned that Roundup could cause Non-Hodgkin's Lymphoma.

**INTERROGATORY NO. 3:**    List each and every type of Roundup product has sold from 1980 until today.

**INTERROGATORY NO. 4:**    State what action, if any, you have ever taken since inception to minimize or eliminate any risk of disease to those at any time engaged in the handling, and/or use of Rounup, including describing in full any actions you took, if any, at any time to inform users and/or those exposed to Roundup

      (a)    Suggestions regarding exhaust ventilation when using roundup products and/ or;

      (b)    Suggestions regarding respiratory protection when using roundup

      (c)    Suggestions regarding any precautionary procedures to use when working with or around roundup

      (d)    Suggestions to use gloves or long sleeves to not allow Roundup to touch the persons body

      (e)    If any such suggestions were provided:

            (1)    When did Defendant first take such action;

            (2)    What did Defendant do;

            (3)    How often, and on what occasion did Defendant do this;

            (4)    What witnesses have knowledge of this and can prove this; and

            (5)    What written material exists concerning this.

**INTERROGATORY NO. 5:**    State whether, between 1980 to today Harry's has conducted any independent investigation into the hazardous nature of Roundup. Please describe them if the answer is yes.

**INTERROGATORY NO. 6:**    Did Harry's make or cause to be made, any studies to determine whether Roundup would be hazardous to people? If so, please state the date of said studies and what studies were done?

**INTERROGATORY NO. 7:**    Please list any written memoranda, specifications, recommendations or any other written materials of any kind or character existing which relate to the potential health hazards of said Roundup products or materials.

**INTERROGATORY NO. 8:** If you have insurance policies that might cover the claims made by Plaintiff in this case, list the name of each insurance carrier and the number of each policy, the amount of coverage, and the effective dates of each policy.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce all correspondence between you and any other entity or individual regarding the hazards, problems, issues with Roundup from 1973 to today.

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all training documents issued between 1980 and today to Defendant's facility personnel, employees or to purchasers of Roundup, that discuss or reference in any manner, health and safety concerns related to Roundup

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all documents distributed to Defendant's employees that relate to the health effects and/or safe handling of Roundup

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all books, texts, reports, studies, drafts or other documents you possess which in any way relate to the potential adverse health effects of exposure to Roundup and/or glyphosphate.

**REQUEST FOR PRODUCTION NO. 5:** Please produce any and all contracts, agreements, correspondence, payroll records, between Harry's and Monsanto between 1980 to today.

**REQUEST FOR PRODUCTION NO. 6:** Please produce any and all purchase orders for Roundup by Harry's between 1980 to today.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all contracts, correspondence, written memoranda, etc., between Harry's and Monsanto regarding Roundup and/or glyphosphate.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all insurance policies that might cover the claims made by Plaintiff in this case, list the name of each insurance carrier and the number of each policy, the amount of coverage, and the effective dates of each policy.

Respectfully submitted,
**BOLING LAW FIRM, LLC**

_____
Jeremiah Boling (Bar No. 34249)
1100 Poydras Street, Suite 2900
New Orleans, LA 70163
Telephone: (504) 615-6309
Fax: (504) 369-3421
jboling@bolingfirm.com
**ATTORNEYS FOR PETITIONERS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Interrogatories, Request for Production of Documents and Request for Admissions to counsel for Harry's Hardware, Inc. by and through its attorneys of record, via electronic mail, facsimile and/or United States Mail Service, postage prepaid on this 5th day of July, 2021.

_____
JEREMIAH BOLING