**SCHLESINGER LAW OFFICES, P.A.**
Jeffrey L. Haberman
Sarah J. Schultz
1212 Southeast Third Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
Facsimile: (954) 320-9509
jhaberman@schlesingerlaw.com
sarah@schlesingerlaw.com

*Attorneys for Plaintiff, Peter Engilis*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No: 2741 |
| | Case No.: 3:19-cv-07859-VC |
| Peter Engilis, Jr., *et al*., | PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S DAUBERT ORDER EXCLUDING THE TESTIMONY AND OPINIONS OF ANDREW SCHNEIDER, M.D. |
| Plaintiff, | |
| vs. | |
| Monsanto Company, | Daubert Hearing date: September 11, 2023 Time: 10:00 a.m. |
| Defendant. | |
| Individual Case No.: 3:19-cv-07859-VC | |

Monsanto asks this Court to accept an egregious position: that as a matter of law, an expert cannot utilize the most comprehensive, widely used search engine in the world as a platform for researching an issue in a lawsuit; and an expert's methodology is only reliable if he searches on PubMed or Google Scholar. But no federal court has held that before. No federal court has held that an expert cannot analyze the material the expert's lawyers provided. If one did, Defendants would have cited to it. Monsanto even abandoned the case law it used in the Missouri state case because it knows that the facts here are entirely different, rendering that authority inapposite. Monsanto also fails to meaningfully respond to Plaintiff's argument that the Missouri court failed to faithfully apply this Court's *Daubert* orders addressing, separately, general and case-specific causation opinions. And Monsanto does not bother to address Plaintiff's request to at least have a hearing on Dr. Schneider's methodology, as the Court scheduled for all other experts in this litigation.

Reconsideration is therefore warranted. It is warranted to bring this matter in-line with Ninth Circuit authority; it is warranted to bring it in-line with this Court's prior *Daubert* orders; and, at minimum, it is warranted to bring it in-line with this Court's past practices in holding hearings to assess reliability.

### I. Dr. Schneider's General Causation Opinions Do Not Rest on The Manner In Which He Obtained His Reliance Material.

Dr. Schneider's opinion is not based on a "simple Google search" or "cherry-picked studies." It is based on the relatively small universe of medical literature that all experts have analyzed in this litigation. The search for material does not generate the answer to the question on general causation. The search, rather, pulls the medical literature. The expert must then apply that literature. Dr. Schneider did so. Monsanto utterly fails to contend that the literature Dr. Schneider relied on does not support his opinion. This is the critical point. If Dr. Schneider's manner for obtaining reliance material was fatally flawed, then he would not have obtained the material that all sides use here.

1

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S DAUBER ORDER EXCLUDING THE TESTIMONY AND OPINIONS OF ANDREW SCHNEIDER, M.D.

Because Dr. Schneider did, in fact, analyze the relevant medical literature, his search methodology cannot be said to be so devoid of reliability that he simply cannot testify about the very articles Monsanto's experts similarly discuss.

## II.     Defendant's Response Ignores the Ninth Circuit's Application of *Daubert*t.

Monsanto's argument fails to meaningfully address the differences between the Ninth Circuit's application of *Daubert* and a Missouri state court.  The Court knows well that exclusion is the rare case; that admissibility and cross-examination is the preferred course.  That is why, in this Roundup litigation, the Court provided the expert witnesses the opportunity to testify to their methodologies before assessing reliability. Dr. Schneider should not be treated any different.

Monsanto claims the Court's finding was "multifaceted."  Plaintiff must respectfully disagree. The memorandum on Dr. Schneider is two sentences.  This hardly provides the parties insight into how the Court weighed the arguments presented in the initial briefing.  What is telling, however, that in its response to Plaintiff's motion for reconsideration, Monsanto demonstrates why reconsideration is warranted.  Monsanto charges Dr. Schneider with not knowing the material well-enough or that he had other inconsistencies.  But this is exactly the type of material to be cross-examined on under Ninth Circuit precedent. Wholesale exclusion is not the way.  Reconsideration is further warranted because the Court accepted another court's improper application of this Court's *Daubert* order.  The Missouri opinion only applied this Court's *Daubert* order on general causation, not specific causation. This is crucial because it showed that the Missouri court failed to consider Dr. Schneider's case specific causation opinion, which again, is contrary to the Ninth Circuit's liberal thrust in applying *Daubert*.

## III.    Dr. Schneider's Reliance on Other General Causation Experts For Specific Causation Is Proper and Akin to Other Experts' Methodologies on Specific Causation .

2

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE
THE TESTIMONY OF ANDREW SCHNEIDER, M.D.

Monsanto's argument on specific causation is fundamentally flawed. Monsanto contends that Dr. Schneider cannot "rule in" Roundup because his general causation opinion is flawed. Even if that were so, Dr. Schneider can rule Roundup in because other experts have done so. This is precisely why the Court has permitted Dr. Nabhan's specific causation opinion. Here, Dr. Schneider *expressly* states in his *signed* report that he is relying on the general causation opinions of others. Monsanto's argument to the contrary is material for cross-examination – not exclusion. Dr. Schneider's differential diagnosis is comprehensive and meets the mark under *Daubert*. At the very least, Dr. Schneider should be able to testify on his methodology at a hearing.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Reconsideration, and grant such other and further relief this Court deems just and proper.

DATED:  August 22, 2023              Respectfully submitted,

*/s/ Jeffrey L. Haberman*
JEFFREY L. HABERMAN (*pro hac vice*)
**SCHLESINGER LAW OFFICES, P.A.**

*Attorneys for Plaintiff, Peter Engilis*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2023, I served a copy of the foregoing on the Clerk of Court by CM/ECF, which will provide automatic notification to all parties and counsel of record.

By: */s/ Jeffrey L. Haberman*
Jeffrey L. Haberman