# EXHIBIT F

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ROSS M. CELLINO, JR.,

        Petitioner,

- v -

CELLINO & BARNES, P.C. and
STEPHEN E. BARNES,

        Respondents.

**ATTORNEY AFFIRMATION**

Index No.: 806178/2017

  I, **CHRISTOPHER M. BERLOTH**, make this affirmation under penalty of perjury pursuant to CPLR § 2106 and declare the following to be true:

  1.  I am an attorney at law duly admitted to practice in the State of New York with the law firm of Duke Holzman Photiadis & Gresens LLP, attorneys for Respondents Cellino & Barnes, P.C. ("C&B") and Stephen E. Barnes ("Barnes") (collectively "Respondents").

  2.  I make this affirmation in in support of Respondents' motion for a temporary restraining order and preliminary injunction, as well as to enforce the Court's May 15, 2017, Status Quo Order (the "Status Quo Order"). More specifically, and as more fully set forth in the accompanying affidavits, the instant motion is meant to remedy unauthorized and improper actions taken by Petitioner Ross M. Cellino ("Cellino"), including, but not limited to:

    a.  Retaining a third-party IT Director for the new Cellino Firm, who has no affiliation or role with C&B, and providing said individual with unfettered access to C&B's Buffalo office and confidential and proprietary information;

    b.  Directing said third-party IT Director to access C&B's computer and IT systems (the "C&B Systems") and improperly providing him the means to do so, absent the knowledge or consent of Barnes or the necessary C&B IT personnel, and copying and downloading C&B confidential and proprietary information for the exclusive use of Cellino's new firm; and

   c. Hiring personnel on C&B's payroll absent the knowledge or consent of Barnes—and indeed over Barnes' objection once Barnes discovered the hiring—in violation of the Status Quo Order.

3. Annexed hereto as **Exhibit 1** is a copy of the Status Quo Order.

4. Annexed hereto as **Exhibit 2** is a copy of this Court's August 15, 2017, Order reiterating the Status Quo Order's directives.

5. Simply put, a third-party IT Director for a future Cellino Firm, with no connection to or role with C&B whatsoever, has no business being provided office space at C&B premises. What is more, there is no basis to be providing that individual with any access, let alone unrestricted and unfettered access to the C&B Systems.

6. Additionally, Mr. Cellino should be compelled to comply with this Court's longstanding Status Quo Order. If Mr. Cellino sought to veer from the well-established status quo of C&B, he had a remedy to do so: *to wit* make an application to the Court. He did not. Rather, Mr. Cellino took matters into his own hands, which is expressly stated to be an improper course of action in the August 15 Order. (See Ex. 2 ("If either party finds that there is need to change the status quo, their recourse is the petition of the Court and not to take matters in their own hands.")).

7. Mr. Cellino's recent conduct runs afoul of this Court's prior Orders and Directives.

8. Moreover, thus far, Mr. Cellino's alleged basis for his conduct has been that he is purportedly "entitled" to the information that was downloaded during the IT breach. First and foremost, that does not excuse the method by which this occurred, nor the violations of the Status Quo Order to obtain said information.

9. The Status Quo Order expressly provides, pertinent part:

[B]oth Petitioner and Respondent Barnes shall have continued access to and use of such systems and tools *provided that neither Petitioner nor Respondent Barnes shall use these systems and tools: (a) for any purpose other than furthering the business of Cellino & Barnes, P.C.* (Ex. 1).

- 2 -

10. Additionally, even if Mr. Cellino is entitled to certain information as a 50% owner of C&B, that does not entitle him to subsequently use that information for any purpose. His fiduciary duties and duties of loyalty to C&B—not to mention his obligations under the Status Quo Order—mandate that he not use C&B information for another purpose or to the detriment of C&B. Therefore, where Mr. Cellino expressly indicated his desire to use the obtained-information solely for the purpose to "smoothly transition to the Cellino law firm" (see Ciambella Ex. 1), that is an improper basis to obtain and use C&B information.

11. While certain C&B information may ultimately be deemed permissible for Mr. Cellino to use in the formation of a Cellino law firm, that does not offer Mr. Cellino *carte blanche* to use all C&B information at will and absent Mr. Barnes knowledge or consent.

12. Moreover, the instant relief is necessary as it is impossible to fully ascertain, at the present time, the full extent of the breach and that information and data obtained by Mr. Cellino.

13. Given the actions taken by Mr. Cellino, Respondents are likely to succeed on the merits of the instant motion, and C&B has been and will continue to be irreparably harmed by the IT breach. Furthermore, the balancing of the equities favors Respondents as Mr. Cellino will not be harmed by disgorging the information in his possession and by having Mr. Blaszak restrained from entering C&B premises and/or accessing C&B information, whereas C&B will face substantial and irreparable harm by continued unfettered access and potential breaches to its confidential, proprietary, and privileged information.

14. As indicated above, Respondents have not yet been able to ascertain all of the damage sustained. As such, Respondents respectfully request and reserve the right to amend and supplement this motion with additional evidence and arguments upon discovery of the same.

15. For the reasons set forth herein, as well as those set forth in the accompanying affidavits, Respondents Cellino & Barnes, P.C. and Stephen E. Barnes respectfully request that this Court grant their motion for injunctive relief in its entirety and grant any and all further relief as this Court deems just and proper.

Dated: December 24, 2019
      Buffalo, New York

_____
Christopher M. Berloth