# EXHIBIT J3

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NIAGARA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TERAH JACKSON AS ADMINISTRATOR OF THE**
**ESTATE OF RONALD WINANS, DECEASED,**

                  **Plaintiffs,**

**v.**

**NEWFANE REHABILITATION & HEALTH CENTER,**

                  **Defendant.**

                                        **AFFIDAVIT OF**
                                  **TERAH JACKSON**
                          **Index No. E169868/2019**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Terah Jackson first being duly sworn, deposes and states:

    1.  I am over eighteen (18) years of age, a resident of Orleans County, I am the owner of a hairdressing business in Orleans County, I reside at 459 Oak Orchard Street, Medina, New York 14103, and I make this Affidavit based upon personal knowledge.

    2.  I am the client/plaintiff in *Terah Jackason as Administrator of the Estate of Ronald Winans v. Newfane Rehabilitation & Health Center*, Niagara County, Index Number E169868/2019 and I fully incorporate my Affidavit of January 4, 2023.

    3.  I discharged Cellino Law because I had hired Mr. Goldstein as my lawyer, Mr. Goldstein was my only lawyer, and Mr. Goldstein was the only lawyer at Cellino Law able to handle this type of case.

    4.  I consented to, and offered, Cellino Law 50% of the attorney's fees that would become due the personal injury counsel in the *Terah Jackason as Administrator of the Estate of Ronald Winans v. Newfane Rehabilitation & Health Center* case.

    5.  I understand that Cellino Law instead filed a lawsuit.

6. Given the work Mr. Goldstein has done and the additional work Mr. Goldstein has done and continues to do working to conclude the case; I do not consent and I do not agree that Cellino Law should be paid anything over the 50% offered. It is my belief that Cellino Law should be paid less than 50%.

7. Since my Affidavit of January 4, 2023, Mr. Goldstein has continued to counsel me and has continued to work assisting the firm of Cole, Sorrentino, Hurley, Hewner & Gambino, P.C. with the work necessary for the Surrogate's Court to conclude the case, including the setting of attorney's fees.

8. The events and omissions giving rise to *Terah Jackson as Administrator of the Estate of Ronald Winans v. Newfane Rehabilitation & Health Center* all accurred in Niagara County and all agreements to hire Mr. Goldstein at Cellino & Barnes/Cellino Law/Goldstein Greco were made and executed by me in Niagara County.

9. I have read a copy of Cellino Law's Complaint.

10. First, as in my Affidavit of January 4, 2023, I was personally referred to and I personally hired Mr. Goldstein to prosecute *Terah Jackson as Administrator of the Estate of Ronald Winans v. Newfane Rehabilitation & Health Center* in Niagara County. I would not have hired and I would not have remained with anyone other than Mr. Goldstein.

11. Second, the Limited Letters issued me prohibit conclusion of the case until the Surrogate's Court orders it concluded, including a determination of attorney's fees. As of today, no attorney's fees have been set, no attorney's fees are due, and the case is not concluded.

12. Third, at no time did I agree to "a contingency fee of one-third (1/3) of any settlement amount of recovery before the subtraction of disbursements and/or expenses," that Cellino Law sues for. The fee Cellino Law sues for is improper and violates New York Judiciary Law §474-A.

13. Fourth, after leaving Cellino Law, Mr. Goldstein performed substantial work on my case which culminated in my setteling the case and in the settlement pending Order of the Surrogate's Court:

- Mr. Goldstein fully discussed and reviewed my options and alternatives, the pluses and minuses of settling ot continuing to litigate, the finality of resolution, the proposed settlement, settlement terms, potential and verified liens and subrogation rights, the required further proceedings in surrogate's court, the costs/disbursements, the attorneys' fees and proposed fee division, and the anticipated gross and net proceeds with me to my complete satisfaction and answered all questions to my complete satisfaction at his firm.

- Mr. Goldstein obtained my final agreement and consent to formally settle my case at his firm.

- Mr. Goldstein identified and confirmed applicable liens and rights of subrogation and the significant reduction of the applicable lien and rights of subrogation at his firm.

- Mr. Goldstein reviewed and modified the settlement documents including the indemnification agreement proposed by the defendant at his firm.

- Mr. Goldstein drafted the release and received approval of his drafted release document from the defendant at his firm.

- Mr. Goldstein conducted medical evaluation and review to assess and support proper apportionment of the settlement between wrogful death and concious pain and suffering at his firm.

- Mr. Goldstein drafted my petition, the attorney's affidavit, all supporting materials and exhibits, filed the Motion seeking approval of settlement, approval of payment of liens/subrogation, and apportionment between wrongful death and concious pain and suffering at his firm.

- Mr. Goldstein drafted the proposed order approving settlement, payment of lien/subrogation, and the apportionment between wrongful death and concious pain and suffering at his firm.

- Mr. Goldstein drafted the Notice of Entry and entered the order at his firm.

- Mr. Goldstein drafted the Notice of Entry and entered the Stipulation of Discontinuance at his firm.

14. Fifth, I did not agree to settle the case while Mr. Goldstein was at Cellino Law and I did not settle the case while Mr. Goldstein was at Cellino Law.

15. Sixth, as in my Affidavit of January 4, 2023; I consented and offered at that time I discharged Cellino Law an equal division of fees between Cellino Law and Mr. Goldstein although I believed it was overly generous to Cellino Law even at that time.  Since that time Mr. Goldstein has continued working to conclude the case and should be compensated at greater than 50%.

16. I find Cellino Law filing a lawsuit against Mr. Goldstein after I consented and offered them 50% of a fee they certainly did not earn particularly offensive.

17. Cellino Law seeking "100% of the attorney's fees" is disgusting.

18. I am willing, able, strongly wish and intend to testify as to all issues in this Affidavit, my Affidavit of January 4, 2023, and all other important issues in my case.

19. I reside in Orleans County, I have family obligations in Orleans County, I own a business with business responsibilities in Orleans County, and it would be a great inconvenience for me to testify other than in Niagara or Orleans Counties.

_____
**TERAH JACKSON**

Sworn to before me this 10th
day of April, 2023.

_____
Notary Public / Commissioner of Deeds

ALEXANDER J GRECO
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Erie County
02GR6445934
MY COMMISSION EXPIRES 01/03/2027