# EXHIBIT L

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

LOONEY INJURY LAW PLLC
and JOHN W. LOONEY, ESQ.

                Petitioners,

vs.

CELLINO LAW, LLP
and ROSS CELLINO

                Respondents.

**AFFIRMATION**

Index No. E177883/2022

    Gerald T. Walsh, Esq., an attorney at law, duly licensed to practice in the State of New York, hereby affirms, under penalties of perjury, pursuant to CPLR 2106, as follows.

    1.    I am a member of the law firm of Zdarsky, Sawicki & Agostinelli LLP, counsel of record for Petitioners Looney Injury Law PLLC and John W. Looney, Esq. on the Verified Petition ("Petition") filed in the instant special proceeding (Doc. No. 1) seeking relief pursuant to Judiciary Law §475 to determine attorneys' claims and rights to compensation in two cases which had been assigned to this Court in Niagara County.

    2.    I submit this Affirmation to oppose Respondents' motion to dismiss the Petition herein due to a Complaint filed by Respondent Cellino Law, LLP ("Cellino Law") and Cellino & Barnes, P.C. against the Petitioners herein, in another action in Supreme Court, Erie County, commenced July 15, 2022 under Index No. 807980/2022, assigned to Justice Catherine Nugent Panepinto (the "Cellino-Panepinto Action").

    3.    Prior to Respondents' September 1, 2022 motion to dismiss this special proceeding, on August 19, 2022, Petitioners moved, in the Cellino-Panepinto Action, to dismiss for failure to

state a claim; to disqualify Justice Panepinto, pursuant to the New York Rules of the Chief Administrative Judge, Rules of Judicial Conduct (11 NYCRR Part 100), 22 NYCRR §§ 100.2 and 100.3; and to transfer the matter back to the Administrative Justice and/or the Erie County Clerk for reassignment because Cellino Law and Cellino & Barnes, P.C., as Plaintiffs in the Cellino-Panepinto Action, failed to comply with Uniform Rules for the Trial Courts and procedures applicable to Requests for Judicial Assignment, with required disclosure of all related cases.

4.  Copies of the prior Notice of Motion to Dismiss the Cellino-Panepinto Action and my supporting Affirmation therein are annexed hereto as **Exhibit A.**

5.  Judiciary Law § 475, governing an Attorney's lien in an action, special or other proceeding, provides that the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a recovery in the client's favor and the proceeds thereof.

6.  Pursuant to Judiciary Law § 475: "[t]he court upon the *petition* of the client or attorney may determine and enforce the lien."

7.  Petitioners properly filed such a Petition here.

8.  The Summons and Complaint improperly filed by Cellino Law and Cellino & Barnes, P.C. in the Cellino-Panepinto Action are without legal basis - Judiciary Law § 475 expressly requires a petition.

9.  Pursuant to Judiciary Law § 475, a petition must be used to commence a special proceeding or may be filed with "the court" referenced in Judiciary Law § 475.

10. The Complaint filed in the Cellino-Panepinto Action should be dismissed, for failure to state a cause of action and lack of subject matter jurisdiction.

11. In the Cellino-Panepinto Action, Gregory Pajak, Esq., as counsel of record for the plaintiffs Cellino Law and Cellino & Barnes, P.C. therein, upon signing the Request for Judicial Assignment ("RJI") (NYSCEF Index No. 807980/2022 Doc. No.2, **Exhibit B** hereto) stated:

> I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE.

12. The only related actions or proceedings disclosed in plaintiffs' RJI filed in the Cellino-Panepinto Action were an Erie County personal injury case, assigned to Justice Panepinto, under Index No. 804592/2018, *Carlisha Shaw v. Uber et al* (the "Shaw Matter") and Cellino Law, LLP and Cellino & Barnes PC v Looney Injury Law, PLLC and John Looney, a petition to allocate attorneys' fees filed with the court in the Shaw Matter.

13. In the Cellino-Panepinto Action, the plaintiffs' Complaint lists twenty-eight (28) matters and clients ((NYSCEF Index No. 807980/2022 Doc. No.1, Complaint ¶¶ 7-11, 13). The index numbers for those matters, the counties (Cattaraugus, Erie, Monroe, Niagara, Orleans) where those matters are pending, and the several Assigned Justices are listed in **Exhibit C** hereto.

14. Among the 28 matters listed in the Cellino-Panepinto Action are the two Niagara County cases which are the subject of the Petition in the instant special proceeding (matters involving Shana Wallace, individually, and as parent and natural guardian of J.E., an infant), a separate special proceeding properly commenced July 27, 2022 by the Petitioners herein against Cellino Law, LLP in Niagara County, under Index Number E177883/2022 and assigned to Justice Frank Caruso, who was assigned to the underlying personal injury cases.

15. A separate special proceeding was required here, after unforeseen delay, because NYSCEF filing was closed after resolution of the underlying Niagara County actions and the

Court advised the cases could not be reopened for NYSCEF filing of Judiciary Law §475 petitions, using the index numbers in the underlying personal injury cases (like Cellino Law and Cellino & Barnes, P.C. did in the Shaw Matter).

16. Of the 28 matters cited in the Complaint, only the Curtis Robinson matter, Index No. 802105/2020, and the Daniel Davis matter, Index No. 811111/2019 had been assigned, like the Shaw Matter, to Justice Panepinto.

17. In the Cellino-Panepinto Action, because Cellino Law and Cellino & Barnes, P.C. failed, as required, to list in their RJI the other 28 related cases, the case was assigned to Justice Panepinto.

18. By listing just the Shaw Matter in the RJI in the Cellino-Panepinto Action, Cellino Law and Cellino & Barnes, P.C. failed to comply with the Uniform Rules for the Trial Courts regarding RJIs and skewed the RJI to get the case assigned to Justice Panepinto, from whom Cellino Law and Cellino & Barnes, Inc. had just received a favorable July 2022 decision in the Shaw matter.

Cassar19. Because the Cellino-Panepinto Action should be dismissed or transferred, this Court should reject Plaintiffs' judge shopping, via manipulation of the RJI process and failure to fully disclose all related cases.

20. CPLR 3211(a)(4) expressly does not require dismissal due to another action pending – rather the Court is free to enter whatever order justice requires.

21. <u>Cellino & Barnes v. Law Office of Christopher J. Cassar,</u> 140 A.D.3d 1732 (4th Dept 2016) ("*Cassar*") does not stand for the proposition cited by Respondents and does not support dismissal here. In <u>Cassar,</u> the Appellate Division affirmed a trial court's denial of a CPLR 3211(a)(4) motion to dismiss, in part, noting that the Cassar defendants did not seek

dismissal of Cellino & Barnes Judiciary Law § 475 cause of action on that ground in their motion and that CPLR 3211 (a) (4) "vests a court with broad discretion in considering whether to dismiss an action on the ground that another action is pending between the same parties on the same cause of action" (*Whitney v Whitney*, 57 N.Y. 2d 731, 732 [1982]). *Cellino & Barnes, P.C. v. L. Off. of Christopher J. Cassar, P.C.*, 140 A.D. 3d at 1734–35.

22. In the light of Respondent Cellino Law's defective pleading and inappropriate manipulation of the RJI assignment rules in the Cellino-Panepinto Action, this Court should, as justice requires, exercise its broad discretion to deny the motion to dismiss the Petition.

23. Absent denial now of the motion to dismiss, the Court should defer decision on the motion until after the motion to dismiss or transfer the Cellino-Panepinto Action is decided.

Affirmed, under penalties of perjury, this 15th day of September 2022.

s/Gerald T. Walsh
_____
Gerald T. Walsh

Cellino Law LLP *et al* v. Looney Law PLLC *et al*
Exhibit C- List of cases with Index Numbers, Counties, and Assigned Justices

Ana Arroyo – Index# 85305/2020 and 804/316/2021 (consolidated) * Erie County* (Hannah, J.)
Reginald Austin - Index# 806326/2020 * Erie County* (Ward, J.)
Destiny Blue - Index#  809315/2021 * Erie County*  (Ward, J.)
Danielle Brennan - Index# E174760/2021 ***Niagara County*** (Pre-RJI)
Gerald Browning - Index#  801133/2021  * Erie County* (Ogden, J.)
Dave Cancela - Index#  E2019010037  **Monroe County** (Cariola, J.)
Brittany Chatmon  Index# 815370/2020 * Erie County* (Pre-RJI)
Jose Correa - not in suit * Erie County* (Pre-RJI)
Viteal Cramer-Williams Index# 803899/2019 * Erie County* (Ward, J.)
Daniel Davis - Index# 811111/2019  * Erie County* (Panepinto, J.)
Mohamed Elmi - Index# 815319/2020 * Erie County* (Grisanti, J.)
Brittany Harmon - Index# 805809/2021 * Erie County* (Keane, J.)
Precious Harris - Index# 808508/2021 * Erie County* (Grisanti, J.)
Francis Herman - Index# 815034/2020 * Erie County* (Keane, J.)
Bridget Jeziorowski 814284/2022 * Erie County* (Ward, J.)
Barbara Jones - Index# 815360/2020 * Erie County*  (Ogden, J.)
Michelle Klaes – Index# 802076/2021 * Erie County* (Keane, J.)
Curtis Robinson - Index# 802105/2020 * Erie County* (Panepinto, J.)
Mikayla Schillo - Index# 810661/2020  * Erie County* (Pre-RJI)
Courtney Seright - Index# 803815/2021 * Erie County* (Ogden, J.)
Teante Smith - Index# 809837/2019 * Erie County* (Devlin, J.)
Jason Soria - Index#802085/2020 * Erie County* (Siwek, J.)
Arvon Stewart - Index# 811770/2021 * Erie County* (Grisanti, J.)
Robert Straub - Index# E174859/2021  ***Niagara County*** (Caruso, J.)
Shana Wallace E170202/2019 ***Niagara County***( Caruso, J.) (Petition filed 7-27-22)
Shana Wallace, parent for JE E172146/2020 ***Niagara County*** (Caruso, J.)
(Petition filed 7-27-22)
Robert Wills - Index# 89068   ****Cattaraugus County**** (Parker, J.)
Amanda Wlodarski - Index# 20-46564 *****Orleans County*****

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (rev. 07/29/2019)

**SUPREME** COURT, COUNTY OF **ERIE**

Index No: **807980/2022**    Date Index Issued: **07/15/2022**

**For Court Use Only:**
- IAS Entry Date: _____
- Judge Assigned: _____
- RJI Filed Date: _____

## CAPTION
Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

CELLINO LAW LLP and
CELLINO & BARNES, P.C.,

-against-

Plaintiff(s)/Petitioner(s)

LOONEY INJURY LAW, PLLC and
JOHN W. LOONEY, ESQ.,

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING
Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).

**REAL PROPERTY** Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify):   ☐ Residential   ☐ Commercial
  Property Address: _____
  NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).
- ☐ Tax Certiorari
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution  [see NOTE in COMMERCIAL section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**MATRIMONIAL**
- ☐ Contested
  NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).
  For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).

**TORTS**
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☒ Other Tort (specify): **ATTORNEY FEE DISPUTE**

**SPECIAL PROCEEDINGS**
- ☐ CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

## STATUS OF ACTION OR PROCEEDING
Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: **07/15/2022** |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION
Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ☐ Notice of Motion    Relief Requested: _____    Return Date: _____
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

1 of 2

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | | |
|---|---|---|---|---|---|
| Case Title | | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
| CARLISHA SHAW V. UBER, ET. AL | | 805492/2018 | Erie County Supreme | Catherine Nugent-Panepinto, J.S.C. | Same Parties |
| CELLINO LAW ET. AL V. LOONEY INJURY LAW, PLLC, ET.AL | | 805492/2018 | Erie County Supreme | Catherine Nugent-Panepinto, J.S.C. | Same Parties |
| | | | | | |
| | | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | |
|---|---|---|---|---|
| Un-Rep | Parties: List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants: For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined: For each defendant, indicate if issue has been joined. | Insurance Carriers: For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: CELLINO LAW<br>Role(s): Plaintiff | Gregory V. Pajak, Esq., Cellino Law, LLP, 350 Main Street, 2500 Main Place Tower, Buffalo, New York 14202. (716) 888-2020. gregory.pajak@cellinolaw.com | ○ YES  ● NO | |
| ☐ | Name: CELLINO & BARNES, P.C.<br>Role(s): Plaintiff | Gregory V. Pajak, Esq., Cellino Law, LLP, 350 Main Street, 2500 Main Place Tower, Buffalo, New York 14202. (716) 888-2020. gregory.pajak@cellinolaw.com | ○ YES  ● NO | |
| ☒ | Name: LOONEY INJURY LAW, PLLC<br>Role(s): Defendant | John Looney, Esq., Looney Injury Law, PLLC, 8340 Main Street, Suite 2A, Buffalo, NY 14221, (716) 300-7777, jwlooney@looneyinjurylaw.com | ○ YES  ● NO | |
| ☒ | Name: JOHN W. LOONEY, ESQ.<br>Role(s): Defendant | John Looney, Esq., Looney Injury Law, PLLC, 8340 Main Street, Suite 2A, Buffalo, NY 14221, (716) 300-7777, jwlooney@looneyinjurylaw.com | ○ YES  ● NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ● NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES  ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: 07/15/2022

Signature

2509669
Attorney Registration Number

Gregory V. Pajak
Print Name