DUKE HOLZMAN PHOTIADIS & GRESENS LLP
Christopher M. Berloth, Esq.
Thomas D. Lyons, Esq.
*Attorneys For Third-Parties in Interest*
*Cellino & Barnes, P.C. and*
*Cellino Law LLP*
701 Seneca Street, Suite 750
Buffalo, New York 14210
(716) 855-1111
cberloth@dhpglaw.com
tlyons@dhpglaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Civ. Action No.:  3:16-md-02741-VC |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF CELLINO & BARNES, P.C.'S AND
CELLINO LAW LLP'S MOTION TO DISMISS
THE VERIFIED PETITION/MOTION TO SETTLE ATTORNEYS' FEES**

Buffalo, New York
September 7, 2023

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

ISSUES PRESENTED .................................................................................................................. 1

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

    POINT I:
    THE COURT LACKS JURISDICTION TO HEAR THE INSTANT FEE DISPUTES ...................................... 2

    POINT II:
    EVEN IF THE COURT HAS ANCILLARY JURISDICTION, THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION PURSUANT TO *WILTON* AND *COLORADO RIVER* ................................. 5

        A. Goldstein Greco's opposition on the issue of parallelism contradicts well-established Supreme Court and Circuit Court precedent ............................................... 5

        B. Goldstein Greco's opposition on the issue of parallelism is factually erroneous ................................................................................................................. 7

CONCLUSION ............................................................................................................................ 11

**TABLE OF AUTHORITIES**

CASES:

*Ackerman v. ExxonMobil Corp.*,
    821 F. Supp. 2d 811 (D. Md. 2012) ................................................................................ 6, 7, 9

*Adams v. Allied Chem. Corp.*,
    503 F. Supp. 253 (E.D. Va. 1980) .......................................................................................... 3, 4

*Ambrosia Coal and Const. Co. v. Pages Morales*,
    368 F.3d 1320 (11th Cir. 2004) .............................................................................................. 7

*Am. Family Ins. Co. v. Mezquital*,
    2021 U.S. Dist. LEXIS 255267 (N.D. Ga. Nov. 5, 2021) ......................................................... 7

*Am. Int'l Underwriters v. Continental Ins. Co.*,
    843 F.2d 1253 (9th Cir. 1988) ............................................................................................. 6, 7

*Ameritas Variable Life Ins. Co. v. Roach*,
    411 F.3d 1328 (11th Cir. 2005) ............................................................................................ 5, 7

*Barrera v. Gamestop Corp.*,
    2012 U.S. Dist. LEXIS 59298 (C.D. Cal. Apr. 27, 2012) ..................................................... 3, 4

*Brettschneider v. City of New York*,
    2020 U.S. Dist. LEXIS 188647 (E.D.N.Y. Aug. 25, 2020) ...................................................... 4

*Brillhart v. Excess Ins. Co. of Am.*,
    316 U.S. 491 (1942) ................................................................................................................ 7

*Burrell v. Sperry Rand Corp.*,
    534 F. Supp. 680 (D. Mass. 1982) ........................................................................................... 4

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ......................................................................................................... 5, 6, 7

*Cruz v. Melecio*,
    204 F.3d 14, 23 (1st Cir. 2000) ................................................................................................ 5

*Geico Gen. Ins. Co. v. Kastenolz*,
    649 Fed. App'x 647 (11th Cir. 2016) ....................................................................................... 7

*Gold-Fogel v. Fogel*,
    16 F.4th 790 (11th Cir. 2021) .................................................................................................. 6

(CASES CONT.):

*In re Community Bank of N. Va. Mtg. Lending Practices Litig.*,
　911 F.3d 666 (3d Cir. 2018).................................................................................. 3, 4

*Jiminez v. Rodriguez-Pagan*,
　597 F.3d 18 (1st Cir. 2010) ..................................................................................... 6, 7

*Kinsale Ins. Co. v. R. Greenleaf Organics, Inc.*,
　2022 U.S. Dist. LEXIS 38382 (D. Mass Mar. 3, 2022) ............................................. 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
　511 U.S. 375 (1994)............................................................................................ 2, 3, 4

*Lippincott v. PNC Bank, N.A.*,
　2012 U.S. Dist. LEXIS 71825 (D. Md. May 22, 2012) ............................................... 5

*Monaco v. Bear Stearns Cos.*,
　2015 U.S. Dist. LEXIS 186084 (C.D. Cal. Sep. 18, 2015)........................................ 3, 4

*Montanore Minerals Corp. v. Bakie*,
　867 F.3d 1160 (9th Cir. 2017) ................................................................................ 6, 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
　460 U.S. 1 (1983)...................................................................................................... 6, 7

*Nat'l Trust Ins. Co. v. S. Heating & Cooling, Inc.*,
　12 F.4th 1278 (11th Cir. 2021) ................................................................................ 5, 7

*Nat'l Union Fire Ins. Co. v. Mar. Terminal, Inc.*,
　2015 U.S. Dist. LEXIS 83954 (D. Mass. June 29, 2015) ............................................ 6

*Replogle v. Borrego*,
　2008 U.S. Dist. LEXIS 129595 (N.D. Cal. June, 4, 2008) ....................................... 3, 4

*R.R. Street & Co. Inc. v. Transport Ins. Co.*,
　656 F.3d 966 (9th Cir. 2011) ..................................................................................... 5

*Stein v. KPMG, LLP*,
　486 F.3d 753 (2d Cir. 2007)........................................................................................ 2

*Taylor v. Kelsey*,
　666 F.2d 53 (4th Cir. 1981) ....................................................................................... 3, 4

*Teaf v. Estate of Teaf*,
　2020 U.S. Dist. LEXIS 81811 (D. Md. May 8, 2020) ............................................. 5, 6

(CASES CONT.):

*United Capitol Ins. Co. v. Kapiloff*,
    155 F.3d 488 (4th Cir. 1998) .................................................................................... 5, 6, 7

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ......................................................................................................... 1, 7

*Womack v. Dolgencorp, Inc.*,
    957 F. Supp. 2d 1350 (N.D. Ala. 2013) ................................................................................ 4

## ISSUES PRESENTED

(1)     Does this Court have ancillary jurisdiction to hear the instant Petition?

(2)     If the Court does have ancillary jurisdiction, should the Court abstain from exercising that jurisdiction pursuant to either *Wilton* or *Colorado River* abstention?

## PRELIMINARY STATEMENT

Cellino & Barnes, P.C. ("C&B") and Cellino Law LLP ("Cellino Law") filed a motion to dismiss the instant proceeding. In opposition, Goldstein Greco, P.C. ("Goldstein Greco") fails to adequately respond to any of the legal issues actually presented to this Court—*to wit* (1) whether the Court has ancillary jurisdiction to hear this fee dispute and (2) even if it does have jurisdiction, whether the principles of abstention apply.

While Goldstein Greco went to great length to disparage various parties and entities, it spared a remarkably limited amount of its opposition actually dealing with the legal issues. Those minimalistic and erroneous arguments are: (1) that this Court purportedly has jurisdiction because the instant fee disputes involves the Court and underlying litigation; and (2) that the "MDL Actions" *technically* predate the "New York Actions" and thus presumably, though it is not articulated in these terms, the matters purportedly do not satisfy the necessary parallelism for federal abstention.

Simply put, Goldstein Greco has no legal support for its opposition, fails to address the crux of the issues, and those components which it does address are based solely on mischaracterized law and utterly omitted, pertinent facts.

C&B and Cellino Law's motion to dismiss should be granted because (i) the Court lacks jurisdiction over this dispute; and (ii) even if the Court were to exercise ancillary jurisdiction over this dispute, the Court should abstain from exercising jurisdiction under the *Wilton* and/or *Colorado River* federal abstention doctrines.

Alternatively, and as conceded and unopposed by Goldstein Greco, if the Court determines it has jurisdiction and that it should exercise the same, the Court should set a schedule for C&B and Cellino Law to answer the Petition and oppose it on substantive grounds.

## BACKGROUND

For a full recitation of the pertinent factual background and procedural history, including that of the New York Actions, C&B and Cellino Law respectfully refer the Court to the documents: (i) initially filed in support of the motion to dismiss, including the Declaration of Christopher M. Berloth, Esq., dated August 11, 2023, with exhibits; and the Declaration of Ross M. Cellino, Jr., Esq., dated August 11, 2023, with exhibits; as well as (ii) filed in reply herewith, including the Reply Declaration of Christopher M. Berloth, Esq., dated September 7, 2023; and the Reply Declaration of Ross M. Cellino, Jr., Esq., dated September 7, 2023. For the reasons set forth therein and discussed below, C&B and Cellino Law's motion to dismiss should be granted.

## ARGUMENT

### POINT I

**THE COURT LACKS JURISDICTION TO HEAR THE INSTANT FEE DISPUTES.**

Ancillary jurisdiction is a relatively limited source of jurisdiction that is generally only asserted for two separate, though sometimes related, purposes:

> (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (citations omitted). Fee disputes can, under the right factual circumstances, require federal courts to exercise ancillary jurisdiction. *Stein v. KPMG, LLP*, 486 F.3d 753, 760 (2d Cir. 2007). However, the fee dispute must be "factually interdependent" and involve claims over which a district court may exercise jurisdiction

or are otherwise necessary "to manage its proceedings, vindicate its authority, and effectuate its decrees." See *Kokkonen*, 511 U.S. at 379-80.

Goldstein Greco's opposition to Respondents' motion on jurisdictional grounds is limited to claiming that the fee dispute implicates this Court and these underlying matters. However, under *these facts* that is not the case. The limited authority cited by Goldstein Greco focuses on matters whereby the federal court's authority was implicated by the fee dispute, either by affecting the fee-splitting orders issued by the court or otherwise arising out of the court's prior rulings. (Goldstein Aff. Exs. A & B).

However, there is a crucial distinction between exercising ancillary jurisdiction over a fee dispute between (i) a party and its attorney and (ii) between two attorneys or sets of counsel. *See Taylor v. Kelsey*, 666 F.2d 53 (4th Cir. 1981) (*affirming sub. nom. Adams v. Allied Chem. Corp.*, 503 F. Supp. 253, 255 (E.D. Va. 1980)); *see, e.g.*, *Replogle v. Borrego*, 2008 U.S. Dist. LEXIS 129595 (N.D. Cal. June, 4, 2008); *Monaco v. Bear Stearns Cos.*, 2015 U.S. Dist. LEXIS 186084 (C.D. Cal. Sep. 18, 2015); *Barrera v. Gamestop Corp.*, 2012 U.S. Dist. LEXIS 59298 (C.D. Cal. Apr. 27, 2012). There is also a crucial distinction between fee disputes impacting settlement funds established by the court and those having no such impact. *In re Community Bank of N. Va. Mtg. Lending Practices Litig.*, 911 F.3d 666 (3d Cir. 2018).

The case law cited by Respondents is factually analogous and applicable authority. That cited by Goldstein Greco is inapplicable or otherwise distinguishable.

The Fourth Circuit's decision in *Taylor* remains one of the primary Court of Appeals cases addressing whether federal courts have jurisdiction over a fee dispute between attorneys. *Taylor*, 666 F.2d 53. "[W]here there is no nexus between the main matter and the fee dispute, apart from the fortuity that the latter arose during the course of the former, the fee dispute is not ancillary." *Adams*, 503 F. Supp. at 255. Thus, the court explained that where "the controversy arose purely from a private

contract dispute between two Virginia residents. Under these circumstances, we see no basis for ancillary jurisdiction." *Taylor*, 666 F.2d at 54.

The Third Circuit similarly held that ancillary jurisdiction was not proper where a dispute was between two Pennsylvania attorneys and did not arise as a result of any rulings in the underlying matter. *See Community Bank*, 911 F.3d 666. Importantly, the court explained that "the resolution of the fee-splitting case will have no impact on the class or the fee award." *Id.*

Courts within this and other Circuits have held similarly and are in concert with the principles outlined in *Taylor* and *Community Bank*. *Replogle*, 2008 U.S. Dist. LEXIS 129595; *Monaco*, 2015 U.S. Dist. LEXIS 186084; *Barrera*, 2012 U.S. Dist. LEXIS 59298; *Womack v. Dolgencorp, Inc.*, 957 F. Supp. 2d 1350 (N.D. Ala. 2013); *Burrell v. Sperry Rand Corp.*, 534 F. Supp. 680 (D. Mass. 1982); *Brettschneider v. City of New York*, 2020 U.S. Dist. LEXIS 188647, *15-16 (E.D.N.Y. Aug. 25, 2020). This legal precedent undermines the limited argument presented by Goldstein Greco.

There is no reason why the fee dispute "involving [New York] law, between [New York] attorneys, cannot or should not be decided in a [New York] state court." *Adams*, 503 F. Supp. at 255. "Moreover, the resolution of the fee-splitting case will have no impact on the class or the fee award." *Community Bank*, 911 F.3d at 673. The cases at issue have already settled, the amount of the award and fee has been set, and the only remaining issue is the allocation of the fee amongst the clients' various counsel. This dispute will not alter the clients' recovery and hinges solely on the conduct and dealings between Goldstein Greco on one hand, and C&B and Cellino Law on the other. No other parties or proceeds are impacted.

Particularly where the presumption is that a dispute lies outside a federal court's limited jurisdiction and the burden to demonstrate jurisdiction is on the party asserting it, *Kokkonen*, 511 U.S. at 377, the Court should refuse to exercise ancillary jurisdiction here. As such, the Petition to Settle Attorneys' Lien should be dismissed.

# POINT II

## EVEN IF THE COURT HAS ANCILLARY JURISDICTION, THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION PURSUANT TO *WILTON* AND *COLORADO RIVER*.

Goldstein Greco does not present legal arguments in opposition to the portion of C&B and Cellino Law's motion pertaining to abstention. The only argument that is articulated is the erroneous contention that the MDL Actions pre-date the New York Actions. Respondents presume that argument to be related to the abstention factor of parallelism.

First, it must be noted that Goldstein Greco's argument is entirely irrelevant because, even assuming *arguendo* that the MDL Actions do indeed pre-date the New York Actions, the legal standard of parallelism does not hinge on the timing of filings. Further, Goldstein Greco's legal argument also does not address the parallelism between the various MDL Actions. Thus, the first analysis discussed below is the legal deficiency in Goldstein Greco's argument, even if factually accurate. Second, as discussed further below, the argument that the MDL Actions pre-date the New York Actions is factually erroneous and ignores undisputed facts.

**A.     Goldstein Greco's opposition on the issue of parallelism contradicts well-established Supreme Court and Circuit Court precedent.**

While "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976), the Supreme Court has identified some situations in which, for principles of federalism and comity and reasons of wise judicial administration federal courts may abstain from exercising jurisdiction. *See R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 974-78 (9th Cir. 2011); *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1332 (11th Cir. 2005); *Nat'l Trust Ins. Co. v. S. Heating & Cooling, Inc.*, 12 F.4th 1278 (11th Cir. 2021); *Cruz v. Melecio*, 204 F.3d 14, 23 (1st Cir. 2000); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998); *Lippincott v. PNC Bank, N.A.*, 2012 U.S. Dist. LEXIS 71825, *2 (D. Md. May 22, 2012); *see Teaf v. Estate of Teaf*, 2020 U.S. Dist. LEXIS 81811,

*5 (D. Md. May 8, 2020).

Many Circuits, apply a "two-step analysis" in determining whether to abstain from exercising its jurisdiction, where the first step is to analyze whether one or more parallel actions exist. *Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021); *see Kapiloff*, 155 F.3d at 494; *Ackerman v. ExxonMobil Corp.*, 821 F. Supp. 2d 811, 815-16 (D. Md. 2012); *Kinsale Ins. Co. v. R. Greenleaf Organics, Inc.*, 2022 U.S. Dist. LEXIS 38382 (D. Mass Mar. 3, 2022); *Nat'l Union Fire Ins. Co. v. Mar. Terminal, Inc.*, 2015 U.S. Dist. LEXIS 83954 (D. Mass. June 29, 2015). The second step is for the court to analyze the specific factors for the applicable abstention doctrine. *Id.* However, some Circuits, such as the Ninth Circuit, analyze parallelism as part of a "holistic analysis" within the context of analyzing the applicable abstention factors. *See Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1168 (9th Cir. 2017); *Am. Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988); *Jiminez v. Rodriguez-Pagan*, 597 F.3d 18, 30-31 (1st Cir. 2010).[1]  Irrespective of whether the Circuits apply the two-step analysis or the holistic analysis, the various Circuits all apply the flexible standard applicable to parallelism established by the Supreme Court in *Colorado River* and further expounded upon by the Court in *Moses H. Cone*. *Colorado River*, 424 U.S. at 817; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21-22 (1983).

Importantly, the idea that the first-filed proceeding is determinative of parallelism is outright contradicted by the Supreme Court's decisions in *Colorado River* and *Moses H. Cone*, as well as their progeny in the Circuit courts thereafter. "*Colorado River* illustrates this point well. There, the federal suit was actually filed first." *Moses H. Cone*, 460 U.S. at 21-22. Such a rigid and mechanical test has

---

[1] The First Circuit seems to apply a bit of both the two-step analysis and holistic analysis. In *Jiminez*, the First Circuit examined parallelism as part of the *Colorado River* analysis. *See Jiminez*, 597 F.3d at 30-31. However, the District of Massachusetts has since seemingly adhered more to the two-step analysis. *Kinsale Ins.*, 2022 U.S. Dist. LEXIS 38382; *Nat'l Union Fire Ins.*, 2015 U.S. Dist. LEXIS 83954. That said, for purposes of this legal analysis, this distinction should not matter; indeed, if anything, this demonstrates that both analyses rely on the same overall principles.

been routinely rejected.

"Such formalistic requirements would fly in the face of the Supreme Court's clear efforts to fashion a flexible and holistic test for applying for the *Colorado River* abstention principle." *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004); *Montanore Minerals*, 867 F.3d at 1168; *Am. Int'l Underwriters*, 843 F.2d at 1258; *see Jiminez*, 597 F.3d at 30-31; *Kapiloff*, 155 F.3d at 494; *Ackerman*, 821 F. Supp. 2d at 815-16. Moreover, given that courts are provided more discretion under the *Wilton* standard than the *Colorado River* standard, *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), such formalistic requirement would similarly contravene the Supreme Court's flexible test for parallelism under the *Wilton* standard. Indeed, the existence of factors to determine abstention, including under *Colorado River* and *Wilton*, "presuppose the existence of a prior filed federal [] action." *Geico Gen. Ins. Co. v. Kastenolz*, 649 Fed. App'x 647, 650 (11th Cir. 2016) (discussing the Eleventh Circuit's "*Ameritas*" factors for determining *Wilton* abstention); *see Moses H. Cone*, 460 U.S. at 21-22 (discussing parallelism with respect to *Colorado River* as one of many factors and explaining that *Colorado River* abstained even where "the federal suit was actually filed first.").

Thus, the applicability of parallelism does not turn on the existence of parallel proceedings and, more specifically, does not turn on which matter was commenced first. *Am. Int'l Underwriters*, 843 F.2d at 1258; *S. Heating & Cooling*, 12 F.4th at 1284; *Am. Family Ins. Co. v. Mezquital*, 2021 U.S. Dist. LEXIS 255267, *22 (N.D. Ga. Nov. 5, 2021); *Jiminez*, 597 F.3d at 30-31; *Kapiloff*, 155 F.3d at 494; *Ackerman*, 821 F. Supp. 2d at 815-16. Accordingly, Goldstein Greco's sole legal argument against abstention should be rejected.

**B.**     **Goldstein Greco's opposition on the issue of parallelism is factually erroneous.**

Goldstein Greco erroneously argues that the four MDL Actions pre-date the New York Actions. In doing so, Goldstein Greco utterly omits any reference to, and fails to address, crucial and

undisputed facts. Goldstein Greco omits these facts despite the personal knowledge of its principal and filing attorney, Brian Goldstein.

On March 31, 2023, Cellino Law and C&B commenced litigation against Goldstein Greco and its principals in the New York Supreme Court, County of Erie, Commercial Division, captioned *Cellino Law LLP, et al. v. Goldstein Greco, P.C., et al.*, Index No. 804192/2023 (the "First New York Action"). *Ex. 1*. Respondents acknowledge, and at all times relevant hereto acknowledged, that the First New York Action was commenced as a fee dispute on one case. *See id.* However, Goldstein Greco then jumps ahead in time to June 26, 2023, when it filed the various MDL Actions, and skips all the relevant proceedings in between.

On June 1, 2023, Mr. Goldstein attended a preliminary court conference before the Honorable Timothy J. Walker, A.J.S.C. for the First New York Action. (Berloth 9-7-23 Decl. ¶¶ 16-21). At the conference, counsel expressly informed the court and Mr. Goldstein that C&B and Cellino Law would be amending the complaint to expand the scope of the First New York Action to cover hundreds of cases, if not over a thousand cases. *Id.* Counsel also expressly informed the attendees that a new lawsuit would be commenced by The Barnes Firm, P.C. ("The Barnes Firm") against Goldstein Greco for the same allegations on a smaller contingent of cases—i.e. the "Second New York Action." *Id.*

At the June 1, 2023, conference, Judge Walker directed counsel for C&B and Cellino Law to file the amended complaint by June 30, 2023, and for The Barnes Firm to file the related complaint by July 31, 2023. *Id.* Mr. Goldstein omits any reference to this conference or Judge Walker's scheduling directives in his submission. Goldstein Greco cannot rebut the fact that the conference and directives occurred.

Thus, complying with the directive from the New York court, on June 28, 2023, Cellino Law and C&B filed an amended complaint that expanded the scope of the First New York Action to cover hundreds of cases, if not over a thousand cases. *Ex. 4*. On July 7, 2023, also upon directive from the

- 8 -
MEMORANDUM OF LAW
3:16-md-02741-VC

New York court, The Barnes Firm commenced litigation against Goldstein Greco and its principals, captioned *The Barnes Firm, P.C. v. Goldstein Greco, P.C., et al.*, Index No. 808360/2023 (the "Second New York Action"). *Ex. 5*. The Second New York Action was, upon direction and consent of the court, filed as a related case to the First New York Action (collectively the "New York Actions"). (Berloth 8-11-23 Decl. ¶ 23).

Respondents do not dispute that the amended complaint in the First New York Action and the filing in the Second New York Action *technically* post-date the MDL Actions. However, Respondents take great exception to the representations made by Goldstein Greco that Respondents in any way raced to the courthouse to forum shop. Goldstein Greco *unilaterally elected* to file the MDL Actions four days before the amended complaint was directed to be filed. Respondents were complying with a *court issued* scheduling directive.

Importantly, the District of Maryland examined a matter directly analogous to the factual circumstances presented. *Ackerman*, 821 F. Supp. 2d at 816-18. In *Ackerman*, the plaintiffs argued that when the pre-existing case "was amended, it became a perfectly parallel action . . . ." *Id.* at 816 (quotations omitted). The court explained that "the amendment was not an attempt to undermine" federal court jurisdiction because the plaintiffs "told the state court and the Defendants weeks before removal that [the matter] would be amended." *Id.* at 818. Thus, the amendment was not made "to obtain a favorable decision on an issue [the federal court] already decided," nor had the plaintiffs "misled the Court about the existence and amendment" of the state matter. *Id.*

*Ackerman* is directly analogous here. Respondents did not forum shop or race to the courthouse. Respondents were complying with the New York court directive, which both the court and Mr. Goldstein were aware of. Moreover, at no point did Respondents mislead this Court; quite to the contrary, Respondents went to great detail in their initial submission to set forth the procedural history of the New York Actions and MDL Actions. To the contrary, Goldstein Greco omits any

- 9 -

MEMORANDUM OF LAW
3:16-md-02741-VC

reference to the court conference with the New York court.

Thus, even if the first-in-time filing was determinative of this issue (which it is not; as previously discussed it is merely a factor in the parallelism analysis), the New York Actions *are* parallel to the MDL Actions. (Notably, Goldstein Greco also does nothing to address the parallelism of the various federal courts in the MDL Actions and potential for inconsistent rulings on identical issues arising therefrom).

With respect to all other legal arguments in support of the Court abstaining from exercising its jurisdiction, Goldstein Greco filed no objection or legal arguments related thereto. This is a fundamental flaw because the circumstances taken as a whole paint a picture even more heavily favoring abstention. Thus, Respondents respectfully refer to and rely on their initial brief and their motion should be granted in its entirety. Simply put, the proper forum for the instant dispute to be litigated is in New York.

## CONCLUSION

For all of the reasons set forth in the foregoing arguments, Cellino & Barnes and Cellino Law respectfully requests that this Court enter an Order:

(i) Granting their Motion to Dismiss in its entirety;

(ii) In the first alternative, staying the instant proceedings pending the results of the New York Actions; or

(iii) In the second alternative, setting a schedule for Cellino & Barnes and Cellino Law to answer and oppose the Petition on its substantive merits; and

(iv) Enter an Order for all such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
September 7, 2023

DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By: /s/ *Christopher M. Berloth*
Christopher M. Berloth
Thomas D. Lyons
*Attorneys For Third-Parties in Interest*
*Cellino & Barnes, P.C. and*
*Cellino Law LLP*
701 Seneca Street, Suite 750
Buffalo, New York 14210
cberloth@dhpglaw.com
tlyons@dhpglaw.com