DUKE HOLZMAN PHOTIADIS & GRESENS LLP
Christopher M. Berloth, Esq.
*Attorneys For Third-Parties in Interest*
*Cellino & Barnes, P.C. and*
*Cellino Law LLP*
701 Seneca Street, Suite 750
Buffalo, New York 14210
(716) 855-1111
cberloth@dhpglaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Civ. Action No.: 3:16-md-02741-VC |

**DECLARATION**

Ross M. Cellino, Jr., declares under the penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

**OVERVIEW**

1. I am an attorney admitted to practice law in the State of New York, the Western District of New York, and noticed to appear before this Court to represent two third parties in interest—Respondents Cellino & Barnes, P.C. ("Cellino & Barnes") and Cellino Law LLP ("Cellino Law") (collectively, "Respondents"). I am a partner with the law firm of Duke Holzman Photiadis & Gresens LLP, attorneys for the Respondents.

2. I submit this Declaration in support of Cellino & Barnes and Cellino Law's motion to dismiss the "Verified Petition/Motion to Settle Attorneys' Fees" filed by Petitioner Goldstein Greco, P.C. ("Goldstein Greco"), and in reply to Goldstein Greco's opposition to the motion.

3. The instant proceeding arises from a dispute over the allocation of attorneys' fees

amongst the various firms that represented certain plaintiffs in the instant Multi-District Litigation (MDL 2741). Specifically, throughout the instant litigation, Cellino & Barnes, Cellino Law, and Goldstein Greco represented the following plaintiffs in this matter:

    a.    Daniel Badzinksi;
    b.    Cynthia Vavara;
    c.    Todd Faut;
    d.    Francine Hillpot;
    e.    Bruce Lasko;
    f.    Phillip Lee;
    g.    David Leys;
    h.    John Nesbitt;
    i.    David Pietrzak;
    j.    Aaron Potter;
    k.    Norman Bauman;
    l.    Margaret Chrisman;
    m.    Leon Komm;
    n.    Richard Hammett;
    o.    Mary Ann Liesinger;
    p.    Richard Nusbaum;
    q.    Gerald Pasternak;
    r.    Paul Pierce;
    s.    Ray Duff;
    t.    George LoBianco;
    u.    Edward Struzik;
    v.    Mark Estruch;
    w.    Kelli Suchan;
    x.    Deborah Brown;
    y.    Irene Proctor;
    z.    William Frueh;
    aa.    Alphonso Faso; and
    bb.    Thomas Hill.

4. On June 26, 2023, Goldstein Greco initiated the instant proceeding in an attempt to obtain declaratory relief to "settle the attorneys' fees" for these respective matters, but in actuality to have the Court declare Cellino & Barnes and Cellino Law's attorneys' liens invalid.

5. Cellino & Barnes and Cellino Law oppose Goldstein Greco's application on both procedural grounds (which are the subject of this motion) and substantive grounds (which are not the subject of this motion). Importantly, in the event this motion to dismiss is denied, Goldstein Greco consents to Cellino & Barnes and Cellino Law's alternative request for a schedule to be set for Cellino

& Barnes and Cellino Law to answer the petition and litigate the various substantive issues that have been raised.

6.  Therefore, since the substantive issues are not in front of the Court, this reply declaration focuses on the legal issues before the Court on this motion to dismiss and only those substantive issues necessary for context. To be clear, virtually every allegation asserted by Mr. Goldstein in his submission is disputed; those allegations that I do not outright dispute, I dispute the equivocal and contextual mischaracterizations of those allegations. I also vigorously dispute any allegations that I made misrepresentations to the Court.

### FACTS IMPORTANT FOR CONTEXT AND CLARITY

**I.   Cellino & Barnes and Cellino Law are separate entities and must be treated as such**

7.  It is important to note for context that Cellino & Barnes and Cellino Law are separate entities. In the Goldstein submission, Goldstein Greco improperly merges and comingles Cellino & Barnes and Cellino Law. This is improper and creates confusion and the inability to fully understand the issues at play.

8.  *Both* law firms represented the plaintiffs at issue and *both* law firms are entitled to attorneys' liens for the services they provided. The difference between the two firms is that Cellino & Barnes was the original law firm to represent the underlying plaintiffs and served as counsel until it ceased performing legal services on October 17, 2020. At that point, Cellino Law served as counsel for the plaintiffs at issue until Goldstein Greco began its representation.

9.  Therefore, Cellino & Barnes is entitled to an attorneys' lien for all services it performed for the underlying plaintiffs through October 17, 2020; Cellino Law is entitled to an attorneys' lien for all services it performed for the underlying plaintiffs thereafter.

II. **Cellino Law did not know about the surreptitious solicitation, and the actions it took to protect its clients' interests after learning of the same does nothing to diminish or invalidate either Cellino Law's or Cellino & Barnes' liens**

10. Distinction of dates and entities is important here, and yet consistently disregarded in the Goldstein submission.

11. For instance, Goldstein goes to great lengths to try to demonstrate that I knew about his surreptitious pre-resignation solicitation of Cellino Law clients. Notably, his entire submission relies on a misapplication of the pertinent timeline.

12. Obviously, Cellino Law learned about the improper solicitation at some point—that is why we are litigating these issues. However, there is a crucial distinction between actions taken *after*, as opposed to *before*, Cellino Law learned of the improper conduct.

13. Cellino Law learned about Goldstein Greco's improper solicitation on August 26, 2022, when a Cellino Law client hand delivered a signed retainer agreement to Cellino Law's office on the letterhead of and for "Goldstein Greco, P.C." At that time, Messrs. Goldstein and Greco were still employed by Cellino Law and had not provided any notice of their intent to terminate their employment.

14. Notably, in the Goldstein submission, the purported "discrepancies" refer to purported actions that occurred *after* August 26, 2022.

15. Moreover, I acknowledged in my initial Declaration that "Goldstein and Greco's employment with Cellino Law terminated no later than September 30, 2022." (Cellino 8-11-23 Decl. ¶63). There was a transition period that is easily explainable.

16. Upon learning that all Cellino Law's mass tort attorneys were leaving to join Goldstein Greco, I deemed it necessary on behalf of our clients to respect their right to select counsel, work to transition the files to the new firm, and ensure that their cases continued to be litigated. However, that

in no way meant that Cellino Law waived or released its attorneys' liens or otherwise consented to the conduct engaged in by Goldstein Greco.

17. Moreover, at no point did Cellino & Barnes, Cellino Law, or I enter into a final agreement with Brian Goldstein, Alex Greco, or Goldstein Greco that in any way altered our rights.

18. Quite to the contrary, we informed Goldstein Greco almost immediately that we were reserving our liens. Cellino Law never released or waived our claims to liens against the proceeds or our claims in tort against Goldstein Greco.

### III. The Fee Arrangement resulting from the Dissolution Proceeding is irrelevant to these proceedings

19. There is one point with which Cellino & Barnes and Cellino Law seem to agree with Mr. Goldstein—any fee allocation arrangement, arising from the Cellino & Barnes dissolution (the "C&B Dissolution" or "Dissolution Proceeding"), among or between Cellino & Barnes and its successor firms (Cellino Law and The Barnes Firm, P.C.), is not at issue before this or any other court. The New York court already approved a proposed fee allocation between the successor firms and Cellino & Barnes "as a fair and equitable way to determine the appropriate attorney's lien amount pursuant to Judiciary Law section 475." *Ex. 10*.[1]

20. The only issue with respect to these fee disputes with Goldstein Greco is determining how much of the legal fee is attributable to the work performed by Cellino Law and by Cellino & Barnes. This is an issue we respectfully submit should be determined by the New York court, and thus brings us to the actual legal issues presented by this motion.

**FACTS RELATED TO THE LEGAL ISSUES PRESENTED**

21. Cellino & Barnes and Cellino Law move to dismiss the petition on the basis that (i) the

---

[1] All citations to exhibits are to Cellino & Barnes and Cellino Law's initial moving papers unless expressly stated or cited otherwise.

Court lacks jurisdiction over the instant dispute; and (ii) even if the Court were to exercise ancillary jurisdiction over this dispute, the Court should abstain from exercising jurisdiction under the *Wilton* and/or *Colorado River* federal abstention doctrines.

22. The Goldstein submission briefly addresses the jurisdictional component of the motion and omits any meaningful discussion of *Wilton* and/or *Colorado River* federal abstention.

### IV.     Facts argued by Goldstein Greco relating to the Jurisdictional Issue.

23. From a jurisdictional standpoint, the instant matter presents a dispute exclusively between New York law firms.

24. Goldstein Greco tries to argue that the New York court has no connection or role with the instant dispute. Yet, Goldstein Greco, once again, places the New York Dissolution Proceeding at issue.

25. In opposing the instant motion to dismiss, Goldstein Greco confusingly argues that the New York courts have no role in this fee dispute matter; yet, Goldstein Greco simultaneously uses the extensive litigation in the Dissolution Proceeding in an attempt to bolster his claims (erroneously, I might add). It is illogical for Mr. Goldstein to argue both that the New York court has no role in this dispute and then use the litigation the New York court presided over for years as purported support for his baseless claims.

26. As discussed in Cellino & Barnes and Cellino Law's initial moving papers, part of the winding-up process includes ensuring that the two successor firms of Cellino & Barnes—Cellino Law and The Barnes Firm, P.C.—will protect Cellino & Barnes' charging liens and properly compensate Cellino & Barnes for the work it performed on behalf of its clients.

27. One of the crucial components of winding down Cellino & Barnes is ensuring the fair and equitable split of fees that result from any liens to which Cellino & Barnes is entitled for cases in which it was counsel of record prior to dissolution.

28. The New York Supreme Court and its appointed receiver are crucial in that endeavor. Indeed, the Court already determined that Cellino & Barnes is entitled to assert a charging lien on its former cases—which Goldstein Greco now attempts to invalidate. *Ex. 10* ("Cellino & Barnes will be entitled to assert attorneys charging liens on cases that transfer to other firms . . . .").

V. **Facts argued by Goldstein Greco relating to the abstention issue.**

29. From an abstention standpoint, the only portion of the Goldstein submission that can be categorized as responding to or addressing the abstention component of the motion is challenging the parallel nature of the "New York Actions" and "MDL Actions."

30. There currently exists pending litigation in New York State Supreme Court (the "New York Actions"), initiated by Cellino & Barnes and Cellino Law, that involves the same issues presented by this case.

31. However, as set forth in the accompanying Declaration of Christopher M. Berloth, Esq., Mr. Goldstein conveniently omits and fails to address certain facts that do not fit into the narrative he attempts to craft. This is a consistent theme of his submission.

32. On March 31, 2023, Cellino Law and Cellino & Barnes commenced litigation against Goldstein Greco and its principals in the New York Supreme Court, County of Erie, Commercial Division, captioned *Cellino Law LLP, et al. v. Goldstein Greco, P.C., et al.*, Index No. 804192/2023 (the "First New York Action"). *See Ex. 1*. An Amended Complaint was subsequently filed in the First New York Action. *See Ex. 4*.

33. On July 7, 2023, The Barnes Firm, P.C. commenced litigation against Goldstein Greco and its principals in the New York Supreme Court, County of Erie, Commercial Division, captioned *The Barnes Firm, P.C. v. Goldstein Greco, P.C., et al.*, Index No. 808360/2023 (the "Second New York Action") (the First New York Action and Second New York Action hereinafter collectively referred to as the "New York Actions"). *See Ex. 5*.

34. The actual filing of the amended complaint in the First New York Action and the Second New York Action were *technically* second in time to the MDL Actions.

35. However, Mr. Goldstein deflects and erroneously claims we forum shopped; this is false. His allegations are belied by the undisputable fact (which he so conveniently ignores) that both he and the New York court were informed of these impending filings on June 1, 2023, at a preliminary conference that took place almost a month before he commenced these proceedings in the MDL Actions. (Berloth 8-11-23 Decl. ¶¶ 16-22).

36. Indeed, those filings were done *subject to Court directive and scheduling* that was issued at that conference. *See id.*

37. Goldstein fails to address, refute, or otherwise mention this fact anywhere in the opposition.

38. Thus, Cellino & Barnes and Cellino Law submit that the New York Actions pre-date the MDL Actions.

39. In any event, as set forth in the accompanying memorandum of law, the technical issue of whether an action is first in time is not determinative of the issue of parallelism. Thus, it simply does not matter.

40. Goldstein does nothing further to challenge Cellino & Barnes and Cellino Law's legal arguments on federal abstention—either on the other components of parallelism or otherwise.

41. Thus, it remains Cellino & Barnes and Cellino Law's position that this Court lacks jurisdiction over this dispute and/or should otherwise abstain from exercising its jurisdiction. However, again, Cellino & Barnes and Cellino Law dispute the substantive allegations of the petition and challenge the proposition that their attorneys' liens should in any way be waived or otherwise reduced.

# CONCLUSION

For all of the reasons set forth in the foregoing arguments, Cellino & Barnes and Cellino Law respectfully requests that this Court enter and Order:

(i) Granting their Motion to Dismiss in its entirety;

(ii) In the first alternative, staying the instant proceedings pending the results of the New York State Court Proceedings; or

(iii) In the second alternative, setting a schedule for Cellino & Barnes and Cellino Law to answer and oppose the Petition on its merits; and

(iv) Granting all such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
       September 7, 2023

By: /s/ *Ross M. Cellino, Jr.*
      Ross M. Cellino, Jr.