DUKE HOLZMAN PHOTIADIS & GRESENS LLP
Christopher M. Berloth, Esq.
*Attorneys For Third-Parties in Interest*
*Cellino & Barnes, P.C. and*
*Cellino Law LLP*
701 Seneca Street, Suite 750
Buffalo, New York 14210
(716) 855-1111
cberloth@dhpglaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Civ. Action No.:  3:16-md-02741-VC |

### **ATTORNEY DECLARATION**

Christopher M. Berloth, an attorney authorized to practice law in this Court, declares under the penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

**OVERVIEW**

1. I am an attorney admitted to practice law in the State of New York, the Western District of New York, and noticed to appear before this Court to represent two third parties in interest—Respondents Cellino & Barnes, P.C. ("Cellino & Barnes") and Cellino Law LLP ("Cellino Law") (collectively, "Respondents"). I am a partner with the law firm of Duke Holzman Photiadis & Gresens LLP, attorneys for the Respondents.

2. I submit this Declaration in support of Cellino & Barnes and Cellino Law's motion to dismiss the "Verified Petition/Motion to Settle Attorneys' Fees" filed by Petitioner Goldstein Greco, P.C. ("Goldstein Greco"), and in reply to Goldstein Greco's opposition to the motion.

3. The instant proceeding arises from a dispute over the allocation of attorneys' fees

amongst the various firms that represented certain plaintiffs in the instant Multi-District Litigation (MDL 2741). Specifically, throughout the instant litigation, Cellino & Barnes, Cellino Law, and Goldstein Greco represented the following plaintiffs in this matter:

  a. Daniel Badzinksi;
  b. Cynthia Vavara;
  c. Todd Faut;
  d. Francine Hillpot;
  e. Bruce Lasko;
  f. Phillip Lee;
  g. David Leys;
  h. John Nesbitt;
  i. David Pietrzak;
  j. Aaron Potter;
  k. Norman Bauman;
  l. Margaret Chrisman;
  m. Leon Komm;
  n. Richard Hammett;
  o. Mary Ann Liesinger;
  p. Richard Nusbaum;
  q. Gerald Pasternak;
  r. Paul Pierce;
  s. Ray Duff;
  t. George LoBianco;
  u. Edward Struzik;
  v. Mark Estruch;
  w. Kelli Suchan;
  x. Deborah Brown;
  y. Irene Proctor;
  z. William Frueh;
  aa. Alphonso Faso; and
  bb. Thomas Hill.

4. On June 26, 2023, Goldstein Greco initiated the instant proceeding in an attempt to obtain declaratory relief to "settle the attorneys' fees" for these respective matters, but in actuality to have the Court declare Cellino & Barnes and Cellino Law's attorneys' liens invalid.

5. Cellino & Barnes and Cellino Law oppose Goldstein Greco's application on both procedural grounds (which are the subject of this motion) and substantive grounds (which are not the subject of this motion). Importantly, in the event this motion to dismiss is denied, Goldstein Greco consents to Cellino & Barnes and Cellino Law's alternative request for a schedule to be set for Cellino

& Barnes and Cellino Law to answer the petition and litigate the various substantive issues that have been raised.

6. Therefore, since the substantive issues are not in front of the Court, this reply declaration focuses on the legal issues before the Court on this motion to dismiss, and more specifically only those limited issues raised by Goldstein Greco in the Goldstein submission.

7. As set forth in the accompanying Declaration of Ross M. Cellino, virtually every allegation asserted by Mr. Goldstein in his submission is disputed; those allegations that are not outright disputed are still disputed on the equivocal and contextual mischaracterizations of those allegations.

**FACTS RELATED TO THE LEGAL ISSUES PRESENTED**

8. Cellino & Barnes and Cellino Law move to dismiss the petition on the basis that (i) the Court lacks jurisdiction over the instant dispute; and (ii) even if the Court were to exercise ancillary jurisdiction over this dispute, the Court should abstain from exercising jurisdiction under the *Wilton* and/or *Colorado River* federal abstention doctrines.

9. The Goldstein submission briefly addresses the jurisdictional component of the motion and omits any meaningful discussion of *Wilton* and/or *Colorado River* federal abstention.

10. The only portion of the Goldstein submission that can arguably be categorized as responding to or addressing the abstention component of the motion is challenging the parallel nature of the "New York Actions" and "MDL Actions".

11. There currently exists pending litigation in New York State Supreme Court (the "New York Actions"), initiated by Cellino & Barnes and Cellino Law, that involves the same issues presented by this case.

12. However, Mr. Goldstein conveniently omits and fails to address certain facts that do not fit into his narrative.

- 3 -
ATTORNEY DECLARATION
3:16-md-02741-VC

13. On March 31, 2023, Cellino Law and Cellino & Barnes commenced litigation against Goldstein Greco and its principals in the New York Supreme Court, County of Erie, Commercial Division, captioned *Cellino Law LLP, et al. v. Goldstein Greco, P.C., et al.*, Index No. 804192/2023 (the "First New York Action"). *See Ex. 1*. An Amended Complaint was subsequently filed in the First New York Action. *See Ex. 4*.

14. On July 7, 2023, The Barnes Firm, P.C. commenced litigation against Goldstein Greco and its principals in the New York Supreme Court, County of Erie, Commercial Division, captioned *The Barnes Firm, P.C. v. Goldstein Greco, P.C., et al.*, Index No. 808360/2023 (the "Second New York Action") (the First New York Action and Second New York Action hereinafter collectively referred to as the "New York Actions"). *See Ex. 5*.

15. The actual filing of the amended complaint in the First New York Action and the Second New York Action were technically second in time to the MDL Actions.

16. However, Mr. Goldstein deflects and erroneously claims Cellino & Barnes and Cellino Law forum shopped; this is false and his allegations are belied by the undisputable facts.

17. On June 1, 2023, Brian Goldstein and I attended a preliminary court conference before the Honorable Timothy J. Walker, A.J.S.C

18. At the conference, I expressly stated that Cellino & Barnes and Cellino Law would be amending the complaint to expand the scope of the First New York Action to cover hundreds of cases, if not over a thousand cases. I also expressly stated that a new lawsuit would be commenced by The Barnes Firm, P.C. ("The Barnes Firm") against Goldstein Greco for the same allegations on a smaller contingent of cases—i.e. the Second New York Action.

19. At the June 1, 2023, conference, Judge Walker directed counsel for Cellino & Barnes and Cellino Law to file the amended complaint by June 30, 2023, and for The Barnes Firm to file the related complaint by July 31, 2023.

20. Mr. Goldstein omits any reference to this conference or Judge Walker's scheduling directives in his submission.

21. Simply put, Goldstein cannot rebut the fact that the conference and directives occurred.

22. Cellino & Barnes and Cellino Law submit that the New York Actions pre-date the MDL Actions. However, as set forth in the accompanying memorandum of law, the technical issue of whether an action is first in time is not determinative of the issue of parallelism. It is merely one factor. Thus, it simply does not matter.

23. Mr. Goldstein does nothing further to challenge Cellino & Barnes and Cellino Law's legal arguments on federal abstention—either on the other components of parallelism or otherwise.

**IRRELEVANT AND ERRONEOUS ALLEGATIONS**

24. To briefly address another implication raised by Mr. Goldstein in his submission, there exists no conflict in my representation in this case.

25. It is no secret that the Cellino & Barnes dissolution proceeding (the "C&B Dissolution") constituted a lengthy and contested litigation. I represented Steve Barnes and Cellino & Barnes, P.C. in the C&B Dissolution commenced by Ross Cellino.

26. Now, I represent law firms united in interest against Goldstein Greco, seeking to recover for improper solicitation of their clients. There is no conflict.

**CONCLUSION**

For all of the reasons set forth in the foregoing arguments, Cellino & Barnes and Cellino Law respectfully requests that this Court enter and Order:

(i) Granting their Motion to Dismiss in its entirety;

(ii) In the first alternative, staying the instant proceedings pending the results of the New York State Court Proceedings; or

(iii) In the second alternative, setting a schedule for Cellino & Barnes and Cellino Law to answer and oppose the Petition on its merits; and

(iv)   Granting all such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
       September 7, 2023

                        DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By: /s/ *Christopher M. Berloth*
Christopher M. Berloth
*Attorneys For Third-Parties in Interest*
*Cellino & Barnes, P.C. and*
*Cellino Law LLP*
701 Seneca Street, Suite 750
Buffalo, New York 14210
cberloth@dhpglaw.com