**SHOOK HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 770022926
Telephone: (713) 2278008
Facsimile: (713) 2279508
Email: jstubbs@shb.com

*Attorneys for Defendant*
BAYER CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No.: 3:16-md-02741-VC |
| *JaRon Shawn La'V Teague v. Bayer-Bayer eT, AL.* Case No. 3:23-cv-04605-VC | |

### BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. Silence as to any allegations shall constitute a denial.

I.A.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph I.A and therefore denies those allegations.

I.B.    Bayer Corporation denies that it has been properly identified in the Complaint and denies that "Bayer-Bayer" is an existing entity. Bayer Corporation further denies that it has ever researched, designed, tested, developed, manufactured, packaged, marketed, promoted, advertised, distributed, labeled, sold, or provided warnings for Roundup®-branded herbicides and otherwise denied that it is part of any "Roundup Division" as apparently alleged in the Complaint.

II.    The allegations in paragraph II set forth conclusions of law for which no response is required. Bayer Corporation admits, based on the allegations in the Complaint, however, that this

court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332.

II.A.   In response to the allegations in paragraph II.A, Bayer Corporation denies that glyphosate exposure causes cancer and denies that Roundup®-branded herbicides caused plaintiff's cancer. The remaining allegations in paragraph II.A set forth conclusions of law for which no response is required.

II.B.   The allegations in paragraph II.B set forth conclusions of law for which no response is required. Bayer Corporation admits, based on the allegations in the Complaint, however, that this court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332.

III.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph III regarding Plaintiff's cancer diagnosis, employment background, and past name change, and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph III. Bayer Corporation further states that the Court has already dismissed "Plaintiff's constitutional claims for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)." (Doc. 7 at 3–4.)

IV.   In response to the allegations in paragraph IV, Bayer Corporation denies that Plaintiff is entitled to any relief whatsoever. Bayer Corporation further states that the Court has already dismissed "Plaintiff's constitutional claims for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)." (Doc. 7 at 3–4.) Bayer Corporation denies that glyphosate exposure causes cancer and denies that Roundup®-branded herbicides caused plaintiff's cancer or other alleged injuries. Bayer Corporation denies the remaining allegations in paragraph IV.

V.   The allegations in paragraph V set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which

relief can be granted.

2. Plaintiff's claims against Bayer Corporation are barred for lack of personal jurisdiction.

3. Venue may be improper and/or inconvenient.

4. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5. Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

6. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8. Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's preexisting medical conditions.

13. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

14. Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

15. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

17. Bayer Corporation had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

18. Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Bayer Corporation specifically denies, then plaintiff failed to give notice of any breach thereof.

19. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20. Plaintiff's claims for punitive, exemplary, and/or treble damages are barred because

such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the Kentucky Constitution, and/or other applicable state constitutions.

21. Plaintiff's claims for punitive, exemplary, and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Kentucky law, and/or other applicable state laws.

22. Plaintiff's claims for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Kentucky law.

23. Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

24. Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

25. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

27. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bayer Corporation product.

28. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30. Plaintiff's common law claims are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300.

31. Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against

plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED: September 25, 2023      Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ *Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 770022926
    Telephone: (713) 2278008
    Facsimile: (713) 2279508
    Email: jstubbs@shb.com

    *Attorneys for Defendant*
    *BAYER CORPORATION*

**CERTIFICATE OF SERVICE**

I certify that on the 25th day of September, 2023, I electronically transmitted the foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/ Jennise W. Stubbs*
Jennise W. Stubbs