

Emanuel Duke (1916-1999)
Donald J. Holzman (1930-2017)

Gregory P. Photiadis
James W. Gresens
Michael J. Lombardo ++
Dennis P. Cleary
Gary M. Kanaley **
Robert L. Bencini
Patricia Gillen
Charles C. Ritter, Jr.

Elizabeth A. Kraengel ***
Barbara B. Strzemski-Haase
John D. Celani **
Steven W. Klutkowski +
Christopher M. Berloth
Elise L. Cassar
Thomas D. Lyons
Kristine N. Celeste
Derick R. White

Matthew J. Beck
*Of Counsel*
Jennifer R. Scharf *
*Of Counsel*
Robert C. Carbone
*Of Counsel*

\* Also Admitted in CA
\*\* Also Admitted in FL
\*\*\* Also Admitted in MA
+ Also Admitted in NJ
++ Also Admitted in PA

September 25, 2023

<u>V<small>IA</small> CM/ECF</u>
Hon. Vince Chhabria
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

  Re: Notice of Supplemental Authority
     *In Re Roundup Products Liability Litigation*
     <u>Civil Action No.: 3:16-md-02741-VC</u>

Dear Judge Chhabria:

  Third Parties in Interest Cellino & Barnes, P.C. and Cellino Law LLP submit this notice of supplemental authority in support of their Motion to Dismiss the Verified Petition/Motion to Settle Attorneys' Fees (ECF Doc. 17115 – 17115-17, 17260 – 17260-2) ("Motion to Dismiss").

  As more fully set forth in the Motion to Dismiss, Goldstein Greco, P.C. filed a "Verified Petition/Motion to Settle Attorneys' Fees" in four (4) U.S. District Courts in which multidistrict litigation is pending, including the above-referenced litigation before this Court. Accordingly, Cellino & Barnes, P.C. and Cellino Law LLP filed their Motion to Dismiss in each of those District Courts.

  Earlier today, Judge McCafferty of the U.S. District Court for the District of New Hampshire granted the Motion to Dismiss via the attached Order. Cellino & Barnes, P.C. and Cellino Law LLP submit that Judge McCafferty's Order further supports the arguments contained in the Motion to Dismiss currently pending before this Court. Therefore, Cellino & Barnes, P.C. and Cellino Law LLP respectfully request that the Court consider Judge McCafferty's Order in connection with the Motion to Dismiss, and then grant the Motion in to Dismiss in its entirety.

           Respectfully submitted,

           **DUKE HOLZMAN PHOTIADIS & GRESENS LLP**

           *s/ Christopher M. Berloth*
           Christopher M. Berloth
           cberloth@dhpglaw.com

cc: All counsel of record via CM/ECF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dean W. Knauss &
Kim M. Knauss

     v.                                    Civil No. 18-cv-1187-LM
                                          Opinion No. 2023 DNH 118 P

Atrium Medical Corporation,
et al.

**O R D E R**

Brian Goldstein and Goldstein Greco P.C. (together, "Goldstein") filed a petition (doc. no. 7) in 13 cases asking the court to resolve an attorney fees dispute between them and another lawyer, Ross Cellino, and a related law firm, Cellino Law, LLP (together, "Cellino"). The cases to which the petitions relate are part of the larger multidistrict litigation, Atrium Medical Corp. C-Qur Mesh Products Liability Litigation (Case No. 16-md-2753-LM).[1] All of the cases involved are included within the MDL global settlement. The filings are identical in all 13 cases. Thus, for purposes of efficient case management, the court issues this order under the caption of the first-filed case, Knauss v. Atrium Medical Corporation, No. 18-cv-1187, and cites to the record in that case. Although under this caption, this same order shall be docketed in each of the 13 involved cases and shall the same effect as to the relevant filings therein.

---

[1] These cases are Knauss, No. 18-1187; Winslow, No. 18-1217; Shipley, No. 19-296; Shelley, No. 20-73; Kroll, No. 20-75; Carrow, No. 20-77; Hill, No. 20-78; Ali, No. 20-79; Corey, No. 20-80; Foster, No. 20-82; Fitzsimmons, No. 20-84; Walker, No. 20-210; and Crawford, No. 20-289.

Cellino moves to dismiss (doc. no. 9) Goldstein's petition for lack of jurisdiction, among other arguments. Goldstein objected (doc. no. 10), and Cellino filed a reply (doc. no. 11). Having reviewed Goldstein's and Cellino's filings and the applicable law, the court finds that it lacks jurisdiction to hear this dispute. Cellino's motion to dismiss is granted.

## BACKGROUND

The court summarizes the facts as alleged by Goldstein in the petition. In 2002, Brian Goldstein began working for the law firm Cellino & Barnes where, over the course of almost 20 years, he built the firm's mass torts department. In 2017, acrimonious litigation began between two central Cellino & Barnes partners, Ross Cellino and Stephen Barnes. Cellino & Barnes dissolved in October 2021.

Around that time, Goldstein brought his approximately 1,000 clients – including the plaintiffs in these cases – to a new firm started by Cellino, namely, Cellino Law. This change, however, did not go smoothly, as Cellino Law soon began laying off attorneys and support staff. In September 2022, Cellino Law terminated its contract with Goldstein. Goldstein and another lawyer then formed Goldstein Greco.

At some point soon after that termination, Cellino Law told Goldstein that it was entitled to payment of a certain percentage of the attorney fees for Goldstein's clients, including the plaintiffs in these cases. It appears that Cellino Law has asserted it has liens on attorney fees collected by Goldstein, although this is not clear from the Goldstein's petition. Goldstein also appears to assert that Cellino

2

Law has demanded that its name be included on any settlement check. At this point, it seems that the pertinent attorney fees have not yet been paid.

Goldstein disputes Cellino's entitlement to its claimed portion of attorney fees. In his petition, Goldstein asks the court to find that Cellino Law's liens on attorney fees are invalid and to reject its demand that it be named on any settlement check. Goldstein also asks the court to find that Cellino Law's requested share of the attorney fees in Goldstein's cases is "unfair and insufficient given the substantial, substantive, and [determinative] work performed by" him. Doc. no. 7 at 33. For its part, Cellino Law initiated litigation over the same issues in a New York state trial court.

## DISCUSSION

Cellino moves to dismiss Goldstein's petition for lack of jurisdiction. Goldstein objects, arguing that the court has ancillary jurisdiction to determine attorney fees.

As an initial matter, there is no federal question involved in this dispute and Goldstein and Cellino are New York residents and therefore are nondiverse. Goldstein thus asserts that the court has ancillary jurisdiction. The ancillary jurisdiction doctrine "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). "Generally speaking," courts may assert "ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes

3

related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent . . . ; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees . . . ." Id. at 379-80 (citations omitted).

"One of the best-established uses of ancillary jurisdiction is over proceedings concerning costs and attorney's fees." Wright & Miller, 13 Fed. Prac. & Proc. § 3523.2 (3d ed. April 2023 update). But proceedings over attorney fees are not always factually interdependent with the underlying case nor necessary to enable the court to function successfully. See id.; Burrell v. Sperry Rand Corp., 534 F. Supp. 680, 682 (D. Mass. 1982) ("The settlement has been consummated, and the entitlements of the parties to the litigation before me have been determined. The case is no longer pending. The division of attorney's fees is a separate matter independent of the claims raised in this case and the resolution of those claims. Thus there is no proper basis for this court to assume jurisdiction over this ancillary dispute, and I decline to do so."). Generally, then, the court only has ancillary jurisdiction to fix the amount of costs and attorney fees to be paid from one party in the case to another; "to resolve fee disputes between parties and their attorneys that arise out of the underlying litigation"; or to resolve disputes among counsel when the funds subject to the dispute are in the court's control. See L. Offs. of David Efron v. Matthews & Fullmer L. Firm, 782 F.3d 46, 51-52 (1st Cir. 2015).

By contrast, the court does not have ancillary jurisdiction to resolve "purely private contract disputes" between attorneys who represent (or, as here,

4

purportedly previously represented) the same client. Id. (citing Taylor v. Kelsey, 666 F.2d 53, 54 (4th Cir. 1981)). In short, "a federal court should decline to exercise ancillary jurisdiction over a fee dispute between two attorneys where the court has no control over the funds and the fee-splitting dispute has no impact on the timing or substance of the litigants' relief in the underlying case over which the federal court has jurisdiction." In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig., 911 F.3d 666, 672 (3d Cir. 2018).

The court lacks jurisdiction to hear this dispute. Unlike other cases in which courts have exercised ancillary jurisdiction to resolve attorney fee disputes, this matter does not involve a dispute between counsel of record and his client; does not involve funds in the court's control; and does not otherwise touch on the court's ability to resolve the relevant cases fairly and finally. There is no factual interdependence between Goldstein's petition and the cases before the court. Rather, Goldstein's petition is a contract dispute involving counsel of record (Goldstein) and non-parties (Cellino).

Nor is a ruling on the fees dispute necessary for the court to manage the proceedings, vindicate its authority, or effectuate any decree. There is no suggestion that this dispute impacts the plaintiffs' awards from the MDL global settlement. While some of the fees in dispute may take the form of reimbursements from the common-benefit fund, which could be considered under the court's control, only Goldstein is counsel of record in these cases. Thus, once or if common-benefit

funds are disbursed to Goldstein as counsel of record,[2] it is a separate matter whether some private agreement exists which compels him to share some of that payment, whatever it is calculated to be, with Cellino. See In re Nat'l Football League Players' Concussion Inj. Litig., 790 Fed. Appx. 391, 394 (3d Cir. 2019) (holding that no ancillary jurisdiction existed over dispute between referring counsel and counsel of record about how to share common-benefit fund awards made to counsel of record); see also In re Cmty. Bank of N. Va., 911 F.3d at 672-73 ("[W]e have found that ancillary jurisdiction does not extend to the resolution of post-settlement fee disputes between attorneys when only one party was an attorney of record."); Stein v. KPMG, LLP, 486 F.3d 753, 760-61 (2d Cir. 2007) ("[W]hen a non-party to the primary proceeding is sought to be joined as a defendant in the ancillary proceeding, the need for the ancillary proceeding and the efficiencies provided by it must be both sufficiently great to outweigh the prejudice to the non-party and to be consistent with the limited jurisdiction of federal courts.").

---

[2] Cellino agrees that only Goldstein is counsel of record but asserts that they "are prior counsel" to the plaintiffs in the underlying cases. Doc. no. 9-2 ¶ 6. To the court's knowledge, Cellino has not sought any reimbursement from the common-benefit fund nor requested any direct payment of settlement proceeds. At this time, the court has referred review, administration, and disbursement of funds from the common-benefit fund to a special master. See Case No. 16-md-2753, doc. no. 1334 & February 27, 2023 endorsed order. If Cellino ultimately applies to the special master for reimbursement, the issue of Cellino's entitlement to reimbursement can be addressed in due course through that process.

6

## CONCLUSION

Cellino's motion to dismiss (doc. no. 9) is granted insofar as Goldstein's petition (doc. no. 7) is denied for lack of jurisdiction.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 25, 2023

cc:     Counsel of Record

7