UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) ) |
| ——————————————— | ) **RENEWED MOTION TO MOVE CASE** ) **TO WAVE VII, SUB-WAVE D** |
| This document relates to: | ) ) |
| *Catherine Lincourt v. Monsanto Co.*, Case No. 3:21-cv-05317-VC | ) ) ) |

    Plaintiff, Catherine Lincourt, without opposition from Defendant Monsanto Company, respectfully request that the Court move her case from Wave VI-D to Wave VII-D.

1. Catherine Lincourt submits this motion in support of her renewed motion to move to Wave VII, following the Court's denial of her September 14 request for the same relief. Briefly, plaintiff respectfully requests that good cause exists to grant this relief because: plaintiff Lincourt was initially assigned to Wave VI and has not previously moved waves (although she was granted a request to move to a later sub-wave within Wave VI); plaintiff Lincourt, represented by a counsel with a single Roundup case, has

diligently complied with discovery obligations in this matter; and plaintiff Lincourt continues to work diligently to complete discovery in this matter.

**Procedural Background**

2. Plaintiff Catherine Lincourt's Complaint was initially filed in the Northern District of New York on or about March 30, 2021.

3. This matter was transferred to the MDL Court on or about July 12, 2021.

4. Plaintiff Lincourt promptly complied with her obligations under the extant Pretrial Orders after transfer, including providing a Plaintiff Fact Sheet and participating in the mandatory settlement program.

5. Plaintiff Lincourt's matter was assigned by the Court to Wave VI-A by this Court on or about November 10, 2022. (MDL Dkt. No. 157645)

6. Plaintiff Lincourt was never assigned to a wave other than Wave VI.

7. Plaintiff was deposed on December 6, 2022. Her husband, William, was deposed on February 9, 2023.

8. Plaintiff has diligently complied with her discovery obligations throughout this period, including providing requested medical authorizations on a nearly constant basis.

9. In April 2023, plaintiff Lincourt received, for the first time, various written discovery requests. Plaintiff Lincourt has responded to these requests.

10. Following receipt of the discovery requests, in light of the then fast-approaching fact discovery cutoff and expert deadlines, I reached out to defense counsel. Defense counsel agreed to consent to move the matter to a different wave. I, in retrospect

mistakenly, instead requested that the Court move the case to a different sub-wave within Wave VI.

11. The Court granted plaintiff Lincourt's request to transfer to sub-wave D on June 16, 2023.

12. Plaintiff Lincourt continued to actively engage in discovery after this, including by providing responses to various discovery demands.

13. I have also been working to get a specific causation expert report.

14. On September 12, 2023, defendant served a notice of deposition for Dr. Marcel Bingham, who was plaintiff Lincourt's treating hematologist for most of the last several years (although he has recently retired).

15. Given our ongoing work on specific causation coupled with the request for a deposition, I asked defendant to agree to move the matter to Wave VII. Defense counsel graciously consented.

16. On September 14, 2023, I filed a Consent Motion to Move Waves (MDL Dkt. No. 17291).

17. On September 26, 2023, the Court denied this motion, citing the most recent scheduling order from August 30, 2023, which stated (among other things) that "cases that were assigned in previous Waves 1-6, and already moved to a later wave on at least one occasion, will not be permitted to transfer to later Waves absent extraordinary circumstances." (MDL Dkt. No. 17323)

18. Following the issuance of this Order, I reached out to defense counsel, who has consented to the filing of this renewed motion.

## ARGUMENT

19. Plaintiff's counsel regrets burdening the Court with this request, and acknowledges our responsibility for the expeditious resolution of the case. Plaintiff Lincourt respectfully submits that movement to Wave VII is appropriate here for two independent reasons: plaintiff has not previously moved Waves (though we acknowledge having moved sub-waves) and good cause exists given plaintiff's diligent performance of discovery and request for a short, final extension to submit a specific causation expert report.

20. First, plaintiff respectfully submits that this matter has not seen the delays that motivated the Court's Order prohibiting repetitive adjournments. Plaintiff Lincourt was never moved from a prior wave prior to the September request, and plaintiff's case has been pending for a much shorter period than the other actions affected by the Court's September 26 Order.

21. For example, the matter *Patrica Casale v. Monsanto Co.*, individual docket number 19-cv-5238, was first filed on or July 10, 2019, nearly two years before Ms. Lincourt's complaint, and transferred to this Court on or about August 16, 2019. It was initially assigned to Wave IV before being moved on consent to Waive VI-D on or about October 20, 2022.

22. Likewise, *Tierney v. Monsanto Co.*, individual docket number 20-cv-04211, *Nissen v. Monsanto Co.*, individual docket number 20-cv-06989, and *Searle v. Monsanto*, individual docket number 20-cv-08850, were each initially assigned to Wave IV before being moved to Wave VI before their most recent request to move waves.

23. Plaintiff Lincourt's case, in contrast, started in Wave VI, where it presently remains. Plaintiff Lincourt did previously make a request, which was granted, to move to a

different sub-wave back in June. With the benefit of hindsight, plaintiff's counsel acknowledges it would have been better to request the case be moved to a different wave at that time to avoid seriatim requests, but was trying (perhaps overly optimistically) to keep the case moving as much as possible.

24. Plaintiff Lincourt has, in the meantime, engaged in discovery and worked to comply fully with our obligations on the scheduling orders.

25. Plaintiff Lincourt respectfully requests the Court grant a final continuance to Wave VII-D.

Therefore, Plaintiff, Catherine Lincourt, without opposition from Defendant, Monsanto Company, respectfully requests that the Court move her case from Wave VI-D to Wave VII-D.

DATED:  October 3, 2023

                                                Respectfully submitted,

                                                /s/ *Kelsey W. Shannon*
                                                Kelsey W. Shannon (*pro hac vice*)
                                                (kshannon@lynnlaw.com)
                                                LYNN LAW FIRM LLP
                                                333 W. Washington St., Suite 100
                                                Syracuse, NY  13202
                                                Tel: (315) 474-1267

                                                *Attorneys for Plaintiff*
                                                *CATHERINE LINCOURT*

## CERTIFICATE OF SERVICE

I hereby certify that, on this October 3, I served a copy of the forgoing by CM/ECF, which will provide automatic notifications to all parties and counsel of record.

/s/Kelsey W. Shannon

Kelsey W. Shannon