**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:        jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Michael Calloway v. Monsanto Co. and John Does 1 through 100 inclusive,* Case No. 3:23-cv-04841-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.    Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

- 1 -

2. Monsanto denies the allegations in paragraph 2.

3. Monsanto denies the allegations in paragraph 3.

4. The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiff's complaint. Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 4 and therefore denies those allegations.

5. Monsanto admits the allegations in paragraph 5.

6. The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7. In response to the allegations in paragraph 7, Monsanto admits that its principal place of business is in St. Louis County, Missouri and that it is incorporated in Delaware. The remaining allegations in paragraph 7 are conclusions of law for which no response is required.

8. In response to the allegations in paragraph 8, Monsanto denies that plaintiff's injuries arise out of Monsanto's activities. The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9. Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that federal court lawsuits filed by plaintiffs alleging that Roundup®-branded herbicides caused them to develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated pretrial proceedings. *In re Roundup® Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016). Monsanto denies the remaining allegations in paragraph 9.

10. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 and therefore denies those allegations. In response to the allegations in the second sentence of paragraph 10, Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 10.

11. Monsanto admits the allegations in paragraph 11.

12.     The allegations in paragraph 12 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 12.

13.     Monsanto denies the allegations in paragraph 13.

14.     Monsanto admits the allegations in paragraph 14.

15.     Monsanto admits the allegations in paragraph 15 but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

16.     The allegations in paragraph 16 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

17.     In response to the allegations in paragraph 17, Monsanto admits that its headquarters are in St. Louis County, Missouri. Monsanto admits that it and affiliated companies have operations and offices in countries around the world. Monsanto admits that it has been a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 17. Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 17 and therefore denies those allegations.

18.     Monsanto admits the allegations in the first sentence of paragraph 18. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 18.

19.     Monsanto admits the allegations in the first sentence of paragraph 19. Monsanto denies the allegations in the second sentence of paragraph 19 to the extent they suggest that the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

20.     Monsanto admits the allegations in the first sentence of paragraph 20. Monsanto denies the allegations in the second sentence of paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that the IARC working group classified glyphosate under Group 2A. Monsanto denies the remaining allegations in paragraph 21.

22.     Monsanto denies the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 23 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25.     Monsanto generally admits the allegations in the first sentence of paragraph 25, but denies the allegations in the first sentence of paragraph 25 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA. Monsanto denies the allegations in the second sentence of paragraph 25 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of

paragraph 25 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

26.     In response to the allegations in paragraph 26, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 27.

28.     Monsanto admits the allegations in the first two sentences of paragraph 28 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). Monsanto otherwise denies the remaining allegations in paragraph 28.

29.     The allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     In response to the allegations in paragraph 32, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of

herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 33 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 33 set forth conclusions of law for which no answer is required.

34. Monsanto denies the allegations in paragraph 34 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory reviews of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35. In response to the allegations in paragraph 35, Monsanto admits that EPA has undertaken a review of glyphosate for purposes of regulatory review and that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment";[1] and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36.     In response to the allegations in paragraph 36, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 39 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 39.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence,

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

including but not limited to three animal carcinogenicity studies. Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts,* 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry,* 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates /watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 —56:20.

Monsanto denies the remaining allegations in paragraph 41.

42.    Monsanto states that the term "toxic" as used in paragraph 42 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 42.

43.    Monsanto admits the allegations in paragraph 43.

- 8 -

44.     In response to the allegations in paragraph 44, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the terms "at all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

54.     Monsanto denies the allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

58.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

59.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 59 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

60.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 60, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 61 comprise attorney characterizations and are accordingly denied.

62.     In response to the allegations in paragraph 62, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 62 comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

63.     Monsanto denies the allegations in paragraph 63.

64.     The allegations in paragraph 64 comprise attorney characterizations and are accordingly denied.

65.     Monsanto admits the allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in the first sentence of paragraph 67, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in the first sentence of paragraph 67. The allegations in the second sentence of paragraph 67 are vague and ambiguous and are accordingly denied. In response to the allegations in the last sentence of paragraph 67, Monsanto states that the cited document speaks for itself and does not require a response.

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 68 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 70.

71.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto admits the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto admits the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 89.

90.   Monsanto denies the allegations in paragraph 90.

91.   Monsanto denies the allegations in paragraph 91.

92.   Monsanto denies the allegations in paragraph 92.

93.   Monsanto denies the allegations in paragraph 93.

94.   Monsanto denies the allegations in paragraph 94.

95.   Monsanto denies the allegations in paragraph 95.

96.   Monsanto denies the allegations in paragraph 96.

97.   Monsanto denies the allegations in paragraph 97.

98.   Monsanto denies the allegations in paragraph 98.

99.   Monsanto denies the allegations in paragraph 99.

100.   Monsanto denies the allegations in paragraph 100.

101.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies those allegations.

103.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore denies those allegations.

104.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies those allegations.

105.   Monsanto incorporates by reference its responses to paragraphs 1 through 104 in response to paragraph 105 of plaintiff's Complaint.

106.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 106. In response to the allegations in the second sentence of paragraph 106, Monsanto denies that there is any risk of NHL or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 106 set forth conclusions of law for which no response is required.

107.   In response to the allegations in paragraph 107, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 107 set forth conclusions of law for which no response is required.

108.   In response to the allegations in paragraph 108, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 and therefore denies those allegations.

109.   Monsanto denies the allegations in paragraph 109.

110.   Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 110. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

111.   Monsanto denies the allegations in the first and last sentences of paragraph 111. The remaining allegations in paragraph 111 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

112.   Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. The remaining allegations in paragraph 112 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

113. Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 113 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

114. Monsanto incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of plaintiff's Complaint.

115. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116. The allegations in paragraph 116 set forth conclusions of law for which no response is required.

117. Monsanto denies the allegations in paragraph 117.

118. Monsanto denies the allegations in paragraph 118, including each of its subparts.

119. Monsanto denies the allegations in paragraph 119.

120. Monsanto denies the allegations in paragraph 120.

121. Monsanto denies the allegations in paragraph 121, including each of its subparts.

122. Monsanto denies the allegations in paragraph 122.

123. Monsanto denies the allegations in paragraph 123.

124. Monsanto denies the allegations in paragraph 124.

125. Monsanto denies the allegations in paragraph 125.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

126.   In response to allegations in first sentence of the paragraph 126, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 126 sets forth a conclusion of law for which no response is required.

127.   Monsanto incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiff's Complaint.

128.   In response to the allegations in paragraph 128, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 128.

129.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto denies the allegations in paragraph 131.

132.   Monsanto denies the allegations in paragraph 132.

133.   Monsanto denies the allegations in paragraph 133, including each of its subparts.

134.   Monsanto denies the allegations in paragraph 134.

135.   Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and therefore denies those allegations.

136.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies those allegations.

137.   Monsanto denies the allegations in paragraph 137.

138.   The allegations in paragraph 138 set forth conclusions of law for which no response is required.

139.   Monsanto denies the allegations in paragraph 139.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

140.   Monsanto denies the allegations in paragraph 140.

141.   Monsanto denies the allegations in paragraph 141.

142.   Monsanto denies the allegations in paragraph 142.

143.   Monsanto denies the allegations in paragraph 143.

144.   Monsanto denies the allegations in paragraph 144.

145.   Monsanto denies the allegations in paragraph 145.

146.   Monsanto denies the allegations in paragraph 146.

147.   Monsanto denies the allegations in paragraph 147.

148.   Monsanto denies the allegations in paragraph 148.

149.   In response to allegations in the first sentence of paragraph 149, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 149 sets forth a conclusion of law for which no response is required.

150.   Monsanto incorporates by reference its responses to paragraphs 1 through 149 in response to paragraph 150 of plaintiff's Complaint.

151.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use in paragraph 151 and therefore denies those allegations. The remaining allegations in paragraph 151 set forth a conclusion of law for which no response is required.

152.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153.   Monsanto denies the allegations in paragraph 153. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

154.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use in paragraph 154 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 154.

155.   Monsanto denies the allegations in paragraph 155. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

156.   Monsanto denies the allegations in paragraph 156. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

157.   Monsanto denies the allegations in paragraph 157. All labeling of Roundup® - branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

158.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use in paragraph 158 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 158.

159.   The allegations in paragraph 159 set forth conclusions of law for which no response is required.

160.   Monsanto denies the allegations in paragraph 160.

161.   Monsanto denies the allegations in paragraph 161.

162.   Monsanto denies the allegations in paragraph 162.

163.   Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 163.

164.   The allegations in paragraph 164 set forth conclusions of law for which no response is required.

165.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 and therefore denies those allegations.

166.   Monsanto denies the allegations in paragraph 166.

167.   Monsanto denies the allegations in paragraph 167.

168.   Monsanto denies the allegations in paragraph 168.

169.   Monsanto denies the allegations in paragraph 169.

170.   Monsanto denies the allegations in paragraph 170.

171.   In response to allegations in the first sentence of paragraph 171, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 171 sets forth a conclusion of law for which no response is required.

172.   Monsanto incorporates by reference its responses to paragraphs 1 through 171 in response to paragraph 172 of plaintiff's Complaint.

173.   Monsanto denies the allegations in paragraph 173.

174.   The allegations in paragraph 174 and its subparts set forth conclusions of law for which no response is required.

175.   The allegations in paragraph 175 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 175 are intended to suggest that Monsanto has failed "to properly disclose those risks associated with Roundup®," such allegations are also denied.

176.   In response to the allegations in paragraph 176, Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that the allegations in paragraph 176 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 176.

177.   Monsanto denies the allegations in the first and second sentence of paragraph 177. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 177 sets forth conclusions of law for which no response is required.

178.   The allegations in paragraph 178 set forth conclusions of law for which no response is required.

179.   Monsanto denies the allegations in paragraph 179.

180.   Monsanto denies the allegations in paragraph 180, including each of its subparts.

181.   Monsanto states that the allegation in paragraph 181 that Monsanto made an express warranty sets forth a conclusion of law for which no response is required.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 181 and therefore denies those allegations.

182.   Monsanto denies the allegations in paragraph 182.

183.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 regarding plaintiff's knowledge and therefore denies those allegations.   Monsanto denies the remaining allegations in paragraph 183.

184.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations.

185.   Monsanto denies the allegations in paragraph 185.

186.   Monsanto denies the allegations in paragraph 186.

187.   Monsanto denies the allegations in paragraph 187.

188.   Monsanto denies the allegations in paragraph 188.

189.   In response to the allegations in the first sentence of paragraph 189, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 189 sets forth a conclusion of law for which no response is required.

190.   Monsanto incorporates by reference its responses to paragraphs 1 through 189 in response to paragraph 190 of the Complaint.

191.   Monsanto denies the allegations in paragraph 191.

192.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 regarding plaintiff's use and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 192 set forth conclusions of law for which no response is required.

193.   The allegations in paragraph 193 set forth conclusions of law for which no response is required.

194.   Monsanto denies the allegations in paragraph 194.

195.   The allegation in paragraph 195 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 195 and therefore denies those allegations.

196.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 196 and therefore denies those allegations. The remaining allegations in paragraph 196 set forth conclusions of law for which no response is required.

197.   Monsanto denies the allegations in paragraph 197.

198.   Monsanto denies the allegations in paragraph 198.

199.   Monsanto denies the allegations in paragraph 199.

200.   In response to the allegations in the first sentence of paragraph 200, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 200 sets forth a conclusion of law for which no response is required.

201.   Monsanto incorporates by reference its responses to paragraphs 1 through 200 in response to paragraph 201 of plaintiff's Complaint.

202.   Monsanto denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

204.    Monsanto denies the allegations in paragraph 204.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

205.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 205 regarding plaintiff's knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 205.

206.    Monsanto denies the allegations in paragraph 206.

207.    Monsanto denies the allegations in paragraph 207.

208.    Monsanto denies the allegations in paragraph 208.

209.    Monsanto denies the allegations in paragraph 209.

210.    Monsanto denies the allegations in paragraph 210.

211.    In response to the allegations in the first sentence of paragraph 211, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 211 sets forth a conclusion of law for which no response is required.

212.    Monsanto incorporates by reference its responses to paragraphs 1 through paragraph 211 in response to paragraph 212 of the Complaint.

213.    Monsanto denies the allegations in paragraph 213.

214.    Monsanto denies the allegations in paragraph 214.

215.    Monsanto denies the allegations in paragraph 215.

216.    Monsanto denies the allegations in paragraph 216.

217.    Monsanto denies the allegations in paragraph 217.

1    218.   Monsanto denies the allegations in paragraph 218.

2    219.   Monsanto denies the allegations in paragraph 219.

3    220.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

4    the allegations in paragraph 220 regarding plaintiff's actions, and therefore Monsanto denies those

5    allegations.  Monsanto denies the remaining allegations in paragraph 220.

6    221.   Monsanto denies the allegations in paragraph 221.

7    222.   Monsanto denies the allegations in paragraph 222. All labeling of Roundup®-branded

8    products has been and remains EPA-approved and in compliance with all federal requirements under

9    FIFRA.

10    223.   Monsanto denies the allegations in paragraph 223.

11    224.   In response to the allegations in the first sentence of paragraph 224, Monsanto

12    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

13    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

14    fees as allowed by law and such further and additional relief as this Court may deem just and proper.

15    The statement in the last sentence of paragraph 224 sets forth a conclusion of law for which no

16    response is required.

17    225.   The allegations in paragraph 225 set forth conclusions of law for which no response

18    is required.

19    In response to the allegations in the section entitled PRAYER FOR RELIEF, Monsanto

20    demands that judgment be entered in its favor and against plaintiff; that the Complaint be dismissed,

21    with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

22    allowed by law and such further and additional relief as this Court may deem just and proper.

23    Every allegation in the Complaint that is not specifically and expressly admitted in this

24    Answer is hereby specifically and expressly denied.

25    **SEPARATE AND AFFIRMATIVE DEFENSES**

26    1.   The Petition, in whole or part, fails to state a claim or cause of action against Monsanto

27    upon which relief can be granted.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

1    1.    Plaintiff's claims are barred in whole because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

2.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

3.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

5.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

6.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

11.   Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

12.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

13.   If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

14.   Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

15.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

16.   Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.   Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Nevada Constitution, and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States, Nevada, and/or other states.

18.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Nevada law, and/or other applicable state laws.

19.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Nevada law.

20.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Petition, and plaintiff has failed to clearly establish any entitlement to punitive damages based on plaintiff's allegations.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

25.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Some or all of plaintiff's claims should be dismissed based on the *forum non conveniens* doctrine.

28.     Monsanto did not intentionally harm plaintiff nor did Monsanto act with a deliberate and flagrant disregard for the safety of others.  In fact, Monsanto exercised reasonable care at all

times alleged in the Petition, and plaintiff has failed to establish by a preponderance of the evidence any entitlement to punitive damages based on their allegations.

29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Petition with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  October 6, 2023                Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:    (713) 227-9508
    Email:         jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC

1

**CERTIFICATE OF SERVICE**

2

I certify that on the 6th day of October, 2023, I electronically transmitted the foregoing

3

**DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the

4

court using the ECF system for filing and transmittal of a true and correct copy of the foregoing

5

document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

6

7

*/s/Jennise W. Stubbs*

8

Jennise W. Stubbs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-04841-VC