UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*ALL CASES* | **PRETRIAL ORDER NO. 287: REQUIRING PAYMENT OF 8% HOLDBACK INTO THE ROUNDUP COMMON BENEFIT TRUST ACCOUNT** |

This Order requires counsel for plaintiffs in this MDL to deposit the 8% holdback set in Pretrial Order No. 236 into the Common Benefit Fund, to the extent that they have not already done so.

1. Pursuant to Pretrial Order No. 236, all attorneys representing plaintiffs in this MDL are required to holdback 8% of the gross amount of any recovery received through settlement or judgment and deposit this amount into the Common Benefit Fund. The 8% holdback must come from the attorney's fee portion of the recovery, not the client's portion.

2. Pretrial Order No. 254 approved the establishment of the Roundup Common Benefit Trust Account (the "Fund") and appointed Postlethwaite & Netterville as the Fund Administrator. All attorneys who have obtained a recovery against Monsanto in this MDL through either judgment or settlement, including settlements made through the Roundup Independent Settlement Program, are directed to deposit the 8% holdback into the Fund within **21 days after entry of this Order**. This same process is required for those cases currently in settlement negotiations and for all future settled MDL cases. These cases will have a deposit deadline of 21 days from the date of settlement.

3. Questions regarding the process for making deposits into the Fund may be sent to the Fund Administrator at RoundupCB@pncpa.com. All attorneys making deposits into the

Fund shall include the name of the law firm on whose behalf the deposit is being made in the memo line of the check or write transfer.

4.	After the 8% holdback is deposited into the Fund, an attorney must email the following to CBFspecialmaster@pillsburycoleman.com : (i) a statement of the number of cases the attorney's firm had in the MDL, (ii) the firm's attorney's fees from MDL cases, including cases resolved through judgment or settlement, and (iii) a declaration signed by an attorney in the firm attesting to the truth and accuracy of the information provided.  The Special Master and the Fund Administrator will maintain the confidentiality of all submitted information.

5.	All attorneys in this MDL are advised that an audit will be performed to determine whether each law firm that obtained a recovery in this MDL deposited the required 8% holdback into the Fund.  Any law firm that fails to make the required deposit into the Fund faces sanction by the Court.

**IT IS SO ORDERED.**

Dated: October 6, 2023

			_____
			VINCE CHHABRIA
			United States District Judge