UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: *ALL ACTIONS* | **SPECIAL MASTER'S ORDER SETTING PROCESS TO APPLY FOR DISBURSEMENTS FROM THE COMMON BENEFIT FUND** |

This Order establishes the process for attorneys to submit applications for compensation from the common benefit fund for legal work that provided a common benefit to plaintiffs in this MDL.

### I. Creation of Fee Committee

1. Pretrial Order No. 4 appointed Co-Lead counsel to oversee MDL activities. Co-Lead counsel shall appoint three individuals to a Fee Committee that will be responsible for reviewing applications for common benefit fund disbursements and providing the Special Master with proposed allocations of common benefit funds. Within **7 days** of this Order, Co-Lead counsel shall file to the docket a joint statement identifying the three individuals appointed to the Fee Committee. The joint statement shall also provide an email address to which applications for disbursements from the common benefit fund can be sent.

2. The Fee Committee's proposed allocation of common benefit funds shall set forth the percentage of common benefit funds that the Committee believes each applicant should

1

receive for the common benefit work that they performed and an explanation of each proposed allocation. The Fee Committee's proposed allocation of common benefit funds shall be no more than 20 pages double-spaced. The Fee Committee shall also verify that all requests for disbursements of common benefit funds are solely for work perform in this MDL.

## II.   Common Benefit Fund Applications

1. Any attorney who has had a case in this MDL may apply for disbursement of common benefit funds as compensation for legal work, provided that the attorney meets the eligibility criteria set forth in Pretrial Orders No. 12 and No. 236. In general, to be eligible for compensation, work must have been performed at the direction of Co-Lead counsel or the Executive Committee for the common benefit of plaintiffs in this MDL, and the attorney must have complied with the reporting and record-keeping requirements set forth in Pretrial Order No. 12. Only work performed in the context of this MDL will be eligible for disbursement from the common benefit fund; work performed in state court or related legal proceedings is not eligible.

2. The common benefit fund applications shall consist of (a) time entries for common benefit work that comply with Pretrial Orders No. 12 and No. 236; (b) a narrative describing the common benefits that the attorney provided to MDL plaintiffs; and (c) a declaration signed by an attorney in the firm attesting to the truth and accuracy of the application.

   a. **Time Entries:** Pretrial Order No. 12 established a process for counsel to contemporaneously submit time records of common benefit work to the plaintiff's Executive Committee. Absent extraordinary circumstances, only time records submitted in compliance with Pretrial Order No. 12 will be eligible for compensation. The time records shall include a list of all people who submitted time, including each person's title, years of experience, and whether the person was a full-time or contract employee.

   b. **Qualitative Contribution:** Each application shall include a narrative that describes the firm's qualitative contribution to the MDL and the common

      benefits that the firm's legal work provided to plaintiffs in the MDL. The narrative is limited to 10 pages double-spaced.

   c. **Declaration:** The declaration shall be signed by an attorney in the firm who participated in the MDL. The declaration shall attest that the time records are (i) true and accurate; (ii) exclusively for work performed for the common benefit of plaintiffs in this MDL pursuant to Pretrial Order No. 236; and (iii) in compliance deadlines and record-keeping requirements set forth in Pretrial Order No. 12.

### III.   Recovery Statement

1. In addition, any attorney applying for disbursement of common benefit funds shall email a statement of recovery to the Special Master. The statement of recovery shall state the number of cases that the applicant's firm had in the MDL and the total compensation received from these cases, including the total client recovery and total firm recovery. The statement of recovery will only be reviewed by the Special Master and the Court; it will not be reviewable by the Fee Committee. The Special Master will maintain the confidentiality of the recovery statements.

### IV.   Criteria for Common Benefit Application Review

1. Common benefit work generally refers to work that advances the cases of all plaintiffs in the MDL. Common benefit work may include motion practice, document collection and review, depositions, common experts, and bellwether trial proceedings. The following criteria will be used to guide assessment of the value and quality of a firm's contribution to the overall litigation: (1) the results obtained for a particular task, (2) the difficulty of the task performed, (3) the skill required to perform the task, (4) the time, labor and financial resources involved in the task, and (5) the contribution of the task to the advancement of the litigation.

2. The number of hours billed may be considered, but multiplying a number of hours by an hourly rate is not the best way to assess the quality of work or the value it conferred.

Work performed on key factual and legal issues will likely be the best determiner of a firm's contribution to the advancement of the MDL.

3. In addition, one of the challenges of determining the value of common benefit work in this MDL is that there has been no global settlement and cases continue to be litigated on an individual basis. As explained in Pretrial Order No. 236, while several attorneys stepped up and performed common benefit work in this MDL, including, for example, by litigating threshold issues and preparing bellwether cases, they may have recovered significantly more for their clients than attorneys who did not take an active role in this MDL. Thus, it may be the case that the attorneys who performed common benefit work have already received ample compensation from the recovery of their own clients' cases and that disbursement of additional compensation through the common benefit fund may not be warranted. To the extent attorneys who performed common benefit work in this MDL seek disbursements of common benefit funds, it will likely be appropriate for their applications to address why they should receive additional compensation beyond that which they have received from resolution of their MDL cases.

**V.      Submission and Review Process**

1. Common benefit fund applications shall be sent to the email address provided by the Fee Committee by **60 days from entry of order.** Common benefit fund applications shall also be emailed to the Special Master at cbfspecialmaster@pillsburycoleman.com on the same date. In addition, any attorney making a common benefit fund application shall email the Special Master a statement of recovery on the same day that they submit their application.

2. The Fee Committee shall file to the docket a proposed allocation of common benefit funds **45 days after the application deadline.**

3. Any attorney who has had a case in this MDL may file an objection to the proposed allocation of common benefit funds prepared by the Fee Committee. Objections must be filed to the docket within 14 days after the proposed allocation of common benefit funds is filed.

Objections are limited to 10 pages double-spaced. Replies to objections are due 7 days after the objection is filed and are limited to 5 pages double-spaced.

4. After the Fee Committee's proposed allocation of common benefit funds is filed to the docket, the Special Master will prepare a report and recommendation to the Court regarding disbursement of common benefit funds, taking into consideration the proposed allocation and any objections thereto.

5. The Special Master may request additional information or documentation from the Fee Committee or any applicant to assist his review. The Special Master may also request an applicant make a presentation regarding their request for a common benefit fund disbursement. Presentations shall be held on dates and times set by the Special Master through notice filed to the docket and shall take place telephonically or by Zoom.

## VI. Anticipated Withholding

1. It is anticipated that 10% of the funds in the common benefit fund will be withheld from disbursement (i) to pay for the fees and expenses associated with the work of the Special Master[1] and (ii) to provide funds for disbursements to compensate counsel for common benefit work that may be performed in the future. To the extent appropriate, the process for seeking disbursement of any remaining funds, as well as any funds subsequently deposited to the common benefit fund, will be set at a future date.

Dated: October  6 , 2023

_____
William A. Foster
 Special Master

---

[1] Pursuant to Pretrial Order No. 284, the special master's fees and expense are not to exceed 4% of the common benefit fund.