1
2
3
4
5

**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
Email: jstubbs@shb.com

*Attorney for Defendant Monsanto Company*

6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

This document relates to:

*Jeanette Garavito Dallen, as the Personal
Representative of the Estate of: Dallen, Russell
M. Jr. on behalf of the Estate and Survivors v.
Monsanto Company,*
Case No. 3:22-cv-02495-VC

MDL No. 2741

Case No. 3:16-md-02741-VC

**DEFENDANT MONSANTO
COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND
REPLY/AVOIDANCE OF
AFFIRMATIVE DEFENSES**

Date: N/A
Time: N/A
Courtroom: N/A

1

2

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................................2

GOVERNING LAW..............................................................................................3

STANDARD .......................................................................................................3

ARGUMENT ......................................................................................................5

I.    Plaintiff's Motion Should Be Summarily Denied Because It Violates PTO 1 and Various
      Local Rules. ...............................................................................................5

II.   Plaintiff's Motion Should Be Denied Because It Is Untimely Under Rule 12(f) .................6

III.  Plaintiff's Motion Should Be Denied Because It Is Inadequately Briefed and Does Not
      Analyze the Affirmative Defenses Ostensibly Challenged. ...............................6

IV.   Plaintiff's Arguments All Fail Because She Fails to Establish (Or Even Assert) Prejudice. .7

V.    Each of Plaintiff's (Conclusory) Arguments Fail. ...................................................8

      A.     Defenses 1–10, 13–14, 19–20, 21–29.................................................... 8

      B.     Defenses 2–4, 6, 10, 12–14, 19–29 ....................................................... 9

      C.     Defenses 12, 15, 16, 18 ..................................................................... 10

      D.     Defenses 1, 2, 10, 12, 15, 20 ............................................................. 11

      E.     Defenses 12, 15 ............................................................................... 12

      F.     Defenses 1–5, 7–29........................................................................... 12

      G.     Defenses 1–7, 9–29 .......................................................................... 13

      H.     Defenses 1–29 ................................................................................. 13

      I.     Defenses 1–29 ................................................................................. 13

      J.     Defense 6 ....................................................................................... 14

VI.   If Plaintiff's Motion Were Granted In Any Respect, Monsanto Should Be Given Leave to
      Amend Its Answer. ....................................................................................15

CONCLUSION..................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthur v. Constellation Brands, Inc.*,
No. 16-CV-04680-RS, 2016 WL 6248905 (N.D. Cal. Oct. 26, 2016) .............................. 4, 9, 11

*Ayat v. Societe Air France*,
No. C 06-01574 JSW, 2007 WL 1840923 (N.D. Cal. June 27, 2007)........................................ 3

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................. 10

*Brocklesby v. United States*,
767 F.2d 1288 (9th Cir. 1985) ............................................................................................. 11

*Buckman Co. v. Plaintiffs' Legal Comm.*,
531 U.S. 341 (2001).............................................................................................................. 14

*Cadence Design Sys., Inc. v. Syntronic AB*,
No. 21-CV-03610-SI, 2022 WL 1320629 (N.D. Cal. May 3, 2022) .................................. 4, 10

*Chris Craft Indus., Inc. v. Van Valkenberg*,
267 So. 2d 642 (Fla. 1972)...................................................................................................... 9

*Culinary & Serv. Emps. Union, AFL-CIO Loc. 555 v. Hawaii Emp. Ben. Admin., Inc.*,
688 F.2d 1228 (9th Cir. 1982) ............................................................................................... 6

*Ewing v. Nova Lending Sols., LLC*,
No. 20-CV-1707-DMS-KSC, 2020 WL 7488948 (S.D. Cal. Dec. 21, 2020) ............. 3, 7, 12, 13

*Freeman v. Alta Bates Summit Med. Ctr. Campus*,
No. C 04-2019 SBA, 2004 WL 2326369 (N.D. Cal. Oct. 12, 2004)........................................... 4

*Grant & Eisenhofer, P.A. v. Brown*,
No. CV175968PSGAFMX, 2018 WL 3816721 (C.D. Cal. Feb. 16, 2018) ................................. 3

*Heller Financial, Inc. v. Midwhey Powder Co., Inc.*,
883 F.2d 1286 (7th Cir. 1989) ............................................................................................. 14

*Helstern v. City of San Diego*,
No. 13-CV-0321-LAB RBB, 2014 WL 294496 (S.D. Cal. Jan. 24, 2014) .............................. 12

OPPOSITION TO MOTION TO STRIKE
3:16-md-02741-VC & 3:22-cv-02495-VC

*In re Facebook PPC Adver. Litig.*,
709 F. Supp. 2d 762 (N.D. Cal.2010) ........................................................................ 13

*In re Nuvaring Products Liab. Litig.*,
No. 4:08MD1964 RWS, 2009 WL 4825170 (E.D. Mo. Dec. 11, 2009) ..................................... 7

*In re Phenylpropanolamine (PPA) Products Liab. Litig.*,
460 F.3d 1217 (9th Cir. 2006) .............................................................................. 8

*In re Seagate Tech. LLC Litig.*,
No. 16-CV-00523-JCS, 2017 WL 3670779 (N.D. Cal. Aug. 25, 2017)..................................... 6

*Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*,
No. 3:16-CV-00599-JD, 2016 WL 8469189 (N.D. Cal. Dec. 19, 2016)............................... 7, 8

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .............................................................................. 9

*Kohler v. Flava Enterprises, Inc.*,
779 F.3d 1016 (9th Cir. 2015) .............................................................................. 4

*Lapena v. Las Vegas Metro. Dep't*,
No. 221CV02170JCMNJK, 2022 WL 479496 (D. Nev. Feb. 16, 2022)..................................... 4

*Lofton v. Verizon Wireless (VAW) LLC*,
No. 13-CV-5665 YGR, 2014 WL 2195047 (N.D. Cal. May 23, 2014) ..................................... 8

*Loi Nguyen v. Durham Sch. Services, L.P.*,
358 F. Supp. 3d 1056 (C.D. Cal. 2019) ................................................................... 14

*Lopez v. Asmar's Mediterranean Food, Inc.*,
No. 1:10CV1218 JCC, 2011 WL 98573 (E.D. Va. Jan. 10, 2011)........................................ 14

*Mc Elmurry v. Ingebritson*,
No. 2:16-CV-00419-SAB, 2017 WL 9486190 (E.D. Wash. Aug. 14, 2017) ......................... 4, 10

*Morrison v. Executive Aircraft Refinishing, Inc.*,
434 F. Supp. 2d 1314 (S.D. Fla. 2005) ................................................................... 13

*Nathan Kimmel, Inc. v. Dowelanco*,
275 F.3d 1199 (9th Cir. 2002) ............................................................................ 14

*Oracle Am., Inc. v. Micron Tech., Inc.*,
817 F. Supp. 2d 1128 (N.D. Cal. 2011) .................................................................... 1

*Pauly v. Stanford Health Care*,
No. 18-CV-05387-SI, 2022 WL 103546 (N.D. Cal. Jan. 11, 2022)........................................ 4

OPPOSITION TO MOTION TO STRIKE
3:16-md-02741-VC & 3:22-cv-02495-VC

*Perez v. Banana Republic, LLC*,
  No. 14-CV-01132-JCS, 2014 WL 2918421 (N.D. Cal. June 26, 2014) ..................................... 10

*Scott Griffith Collaborative Sols., LLC v. Falck N. California Corp.*,
  No. 19-CV-06104-SBA, 2021 WL 4846935 (N.D. Cal. June 7, 2021)........................................ 4

*SecuriMetrics, Inc. v. Hartford Cas. Ins. Co.*,
  No. C 05-00917 CW, 2005 WL 2463749 (N.D. Cal. Oct. 4, 2005) ....................................... 3, 15

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) .................................................................................................... 9

*Sodano v. Chase Bank USA, NA*,
  No. 2:12-CV-00369 KJM, 2012 WL 1552796 (E.D. Cal. May 1, 2012) .................................. 12

*Talece, Inc., v. Zheng Zhang*,
  No. 20-CV-03579-BLF, 2022 WL 580869 (N.D. Cal. Feb. 25, 2022)................................... 4, 7

*Thompson v. APM Terminals Pac. Ltd.*,
  No. C 10-00677 JSW, 2010 WL 11614349 (N.D. Cal. June 29, 2010)...................................... 7

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................................. 10

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................................................... 12

*William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*,
  744 F.2d 935 (2d Cir.1984), vacated on other grounds and remanded, 478 U.S. 1015 (1986).... 3

*Yates v. Perko's Cafe*,
  No. C 11-00873 SI, 2011 WL 2580640 (N.D. Cal. June 29, 2011).......................................... 15

*Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist.*,
  No. C 09-03557 JSW, 2010 WL 370333 (N.D. Cal. Jan. 25, 2010)........................................... 8

**Rules**

Fed. R. Civ P. 8(a)............................................................................................................................ 14

Fed. R. Civ. P. 8(a)(1) ..................................................................................................................... 10

Fed. R. Civ. P. 8(b) ......................................................................................................................... 14

Fed. R. Civ. P. 8(b)(1)(A) .......................................................................................................... 9, 10, 14

Fed. R. Civ. P. 12(b)(6).............................................................................................................. 10, 12

Fed. R. Civ. P. 12(f) .................................................................................... 2, 3, 5, 6, 7, 9, 10, 12, 15

OPPOSITION TO MOTION TO STRIKE
3:16-md-02741-VC & 3:22-cv-02495-VC

L.R. 7-2 ........................................................................................................................... 5

L.R. 7-2(b)–(c) ................................................................................................................ 5

L.R. 11-3 ......................................................................................................................... 5

Rule 12(f)(2) ............................................................................................................... 2, 6

**Other Authorities**

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.1998) .......................................................................................................................... 4

OPPOSITION TO MOTION TO STRIKE
3:16-md-02741-VC & 3:22-cv-02495-VC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

This is one of 3,924 cases presently pending in this MDL, which was established in 2016 to efficiently handle suits involving allegations that Roundup®-branded herbicides cause non-Hodgkin's lymphoma and similar cancers.  The complaints in the vast majority of these cases are substantively identical, and Plaintiff's Complaint is no exception.  Because there is no procedure for "Master" pleadings, Monsanto Company ("Monsanto") must separately answer each complaint. It has done so diligently over the years, and the adequacy of its answer has never been challenged. One case in this MDL has already gone to trial. Other cases have been remanded for trial. Throughout all of this, Monsanto' answer, with its affirmative defenses, has always properly performed its function of identifying the facts in dispute and providing notice as to the defenses upon which Monsanto will rely.

Nonetheless, Plaintiff here has (again) decided to initiate a pleadings challenge by filing a procedurally defective Motion to Strike Affirmative Defenses and Reply/Avoidance of Affirmative Defenses (the "Motion").  She conclusorily argues, for various underdeveloped reasons, that each and every one of Monsanto's affirmative defenses should be stricken.  And she does so without discussing *any* of the particular affirmative defenses ostensibly at issue and without citing *any* applicable Ninth Circuit law (instead relying primarily on cases from within the Eleventh Circuit). The Motion is meritless.

Motions to strike affirmative defenses are disfavored because they typically accomplish nothing while costing time and resources.  Plaintiff's Motion is a quintessential example of a purposeless motion to strike.  Indeed, she never even tries to argue that striking Monsanto's affirmative defenses would avoid any harm or achieve any good.  The reality is that granting Plaintiff's Motion would fundamentally hamper this MDL by inviting pleadings challenges on every case and requiring the regular amendment of pleadings as discovery progresses—all for no benefit.

In any event, Plaintiff fails to show (and even to argue) that the challenged affirmative defenses "could have no possible bearing on the subject matter of the litigation." *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1131 (N.D. Cal. 2011).  If the Court overlooks the

- 1 -

Motion's procedural defects and Plaintiff's failure to establish prejudice, it should nonetheless deny the Motion on its merits.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case was filed in Florida state court on March 18, 2022, and removed to federal court on April 12, 2022. ECF No. 1. Monsanto filed its answer that same day, asserting 29 affirmative defenses. ECF No. 3. The case was tagged for transfer to this MDL and opened in this Court on April 26, 2022. ECF No. 11.

Plaintiff filed a version of this same motion on May 2, 2022. In violation of PTO 1, however, that motion was filed only in the MDL master docket. Case No., 3:16-md-02741-VC, ECF No. 14863; *see also* PTO (requiring any document pertaining to "certain actions" to "be filed in the individual cases to which the document pertains"). Counsel for Monsanto contacted counsel for Plaintiff via email on May 9, 2022 to determine if the issues raised in her Motion could be resolved without burdening the Court. Counsel for the respective parties spoke via telephone on May 10, 2022. At that time, Monsanto's counsel provided Plaintiff's counsel with PTO 1 and explained that the Motion violated that Order. *See* Exh. 1. Despite having notice of the violation, Plaintiff did not cure this defect or address it in any way. Monsanto, therefore filed its opposition on May 31, 2021. Case No., 3:22-cv-02495-VC, ECF No. 13; Case No., 3:16-md-02741-VC, ECF No. 14923. On June 27, 2022, this Court terminated Plaintiff's motion due to the PTO 1 violation, advising that the motion would be considered if refiled in accordance with PTO 1. Case No., 3:16-md-02741-VC, ECF No. 14982.

Plaintiff did nothing for more than a year. Then, she violated PTO 1 yet again and also violated Rule 12(f)(2) of the Federal Rules of Civil Procedure. On September 26, 2023, well past the 21-day deadline for filing Rule 12(f) motions to strike, Plaintiff filed the Motion at issue here in the *individual docket*, Case No., 3:22-cv-02495-VC, ECF No. 16, but did not in the master docket*, see* PTO 1 at 2 ("All documents must be filed in the master docket, 16-md-2741."). Thus, this Motion has the same defects as its terminated predecessor and is now also untimely.

OPPOSITION TO MOTION TO STRIKE
3:16-md-02741-VC & 3:22-cv-02495-VC

## GOVERNING LAW

Though filed in this Court, Plaintiff's Motion relies primarily on authorities from within the Eleventh Circuit (where the transferor court sits) rather than the Ninth Circuit. As a transferee court presiding over an MDL, this "Court must look to the *Ninth* Circuit," rather than the Eleventh Circuit, "to determine the proper interpretation of the Federal Rules of Civil Procedure." *Grant & Eisenhofer, P.A. v. Brown*, No. CV175968PSGAFMX, 2018 WL 3816721, at *3 (C.D. Cal. Feb. 16, 2018). Plaintiff's Motion is based solely on Rule 12(f) of the Federal Rules of Civil Procedure. Accordingly, Ninth Circuit authority controls.

## STANDARD

Rule 12(f) governs motions to strike affirmative defenses. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). The Rule is not "intended to furnish an opportunity for the determination of disputed and substantial questions of law." *SecuriMetrics, Inc. v. Hartford Cas. Ins. Co.*, No. C 05-00917 CW, 2005 WL 2463749, at *2 (N.D. Cal. Oct. 4, 2005) (quoting *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), vacated on other grounds and remanded, 478 U.S. 1015 (1986)). Instead, it merely addresses "insufficient" defenses and "redundant, immaterial, impertinent, or scandalous matter." Fᴇᴅ. R. Cɪᴠ. P. 12(f).

"Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Ayat v. Societe Air France*, No. C 06-01574 JSW, 2007 WL 1840923, at *1 (N.D. Cal. June 27, 2007). Accordingly, "courts will generally grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Ewing v. Nova Lending Sols., LLC*, No. 20-CV-1707-DMS-KSC, 2020 WL 7488948, at *2 (S.D. Cal. Dec. 21, 2020). Thus, "[i]f there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits." *Arthur v. Constellation Brands, Inc.*, No. 16-CV-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016). "In addition, motions to strike are rarely granted

- 3 -

in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. C 04-2019 SBA, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004).

"Reflecting the highly disfavored nature of a motion to strike, the burden of persuasion facing a movant has been described as a 'substantial' burden, a 'demanding' burden, a 'heavy' burden, a 'sizable' burden, and a 'formidable' burden." *Lapena v. Las Vegas Metro. Dep't*, No. 221CV02170JCMNJK, 2022 WL 479496, at *1 n.3 (D. Nev. Feb. 16, 2022) (citations omitted). Indeed, motions to strike affirmative defenses fail on their face when the movant fails to support the motion with "any legal argument as to why each specific affirmative defense is insufficiently pled." *Talece, Inc., v. Zheng Zhang*, No. 20-CV-03579-BLF, 2022 WL 580869, at *1 (N.D. Cal. Feb. 25, 2022). Movants "cannot expect the Court itself to analyze" each individual defense, and courts "will not fill in gaps in argument." *Id.*

Finally, the *Twombly/Iqbal* standard does not apply to affirmative defenses. *See Cadence Design Sys., Inc. v. Syntronic AB*, No. 21-CV-03610-SI, 2022 WL 1320629, at *2 (N.D. Cal. May 3, 2022). Rather, the Ninth Circuit has held that a "fair notice" standard applies to affirmative defenses and that the standard is satisfied if the pleading "describe[es] the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed.1998)).[1] Accordingly, defendants "need not assert facts making [a given affirmative defense] plausible." *Mc Elmurry v. Ingebritson*, No. 2:16-CV-00419-SAB, 2017 WL 9486190, at *2 (E.D. Wash. Aug. 14, 2017); *accord Cadence Design*, 2022 WL 1320629, at *2.

---

[1] Despite *Kohler* some courts say that this issue is undecided in the Ninth Circuit, and even describe application of *Twombly* and *Iqbal* as the majority approach. *See, e.g.*, *Scott Griffith Collaborative Sols., LLC v. Falck N. California Corp.*, No. 19-CV-06104-SBA, 2021 WL 4846935, at *2 (N.D. Cal. June 7, 2021). *But see Cadence Design*, 2022 WL 1320629, at *2 (relying on *Kohler* and applying the "the predominant approach in the Ninth Circuit"); *accord Pauly v. Stanford Health Care*, No. 18-CV-05387-SI, 2022 WL 103546, at *3 (N.D. Cal. Jan. 11, 2022). This issue is discussed in further detail below.

- 4 -

## ARGUMENT

I. **Plaintiff's Motion Should Be Summarily Denied Because It Violates PTO 1 and Various Local Rules.**

This Court has specifically ordered that documents relating to a specific case must be filed in both the master docket and "the individual case[] to which the document pertains."  PTO 1 at 2, Case No. 3:16-md-02741-VC, ECF No. 2.  It has also confirmed in multiple PTOs that the Northern District of California's Local Rules apply to filings in this MDL.  *See* PTO 226, Case No. 3:16-md-02741-VC, ECF No. 12529; PTO 17, Case No. 3:16-md-02741-VC, ECF No. 17; PTO 4 at 2, Case No. 3:16-md-02741-VC, ECF No. 62.[2]  Local Rule 7-2 provides that motions "must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion."  Mandatory components of motions include "notice of the motion including date and time of hearing" and a proposed order.  *See* L.R. 7-2(b)–(c).

Plaintiff did not file her Motion in the MDL master docket.  Even though Monsanto's counsel previously advised Plaintiff's counsel of this deficiency, and even though the Court specifically instructed Plaintiff that "all documents filed in MDL member cases must be filed on both the master docket and the docket of the member case," Case No., 3:22-cv-02495-VC, ECF No. 15; Case No., 3:16-md-02741-VC, ECF No. 14982, Plaintiff once again violated PTO 1.  Plaintiff also failed, once again, to notice the Motion for a hearing, to include the mandatory hearing-related information, and to include a proposed order.  As discussed below, the Motion is precisely the sort of non-productive motion to strike that wastes judicial resources and makes courts wary of Rule 12(f).  And Plaintiff's repeated failure to follows this Court's order and the Local Rules increases the administrative burden of resolving her request.  The non-compliant Motion should be, once again, summarily denied and terminated.

---

[2] When a Local Rule does not apply, the Court has specifically said so.  *See* PTO 46, Case No. 3:16-md-02741-VC, ECF No. 1659 ("The parties need not use the typical format prescribed by the local rules . . . ."); PTO 1 at 2, Case No. 3:16-md-02741-VC, ECF No. 2 ("The requirements of Northern District of California Civil Local Rule 11-3, including the requirement to retain local counsel, are waived.").

## II.   Plaintiff's Motion Should Be Denied Because It Is Untimely Under Rule 12(f)

Rule 12(f) authorizes motions to strike, but only if filed "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. FED. R. CIV. P. 12(f).  When directed at answers, motions to strike directed are subject to the 21-day deadline. *See id.*; *see, e.g.*, *Mophie, Inc. v. Shah*, No. SACV13CV01321DMGJEMX, 2014 WL 12771126, at *1 n.1 (C.D. Cal. Jan. 23, 2014).

Monsanto filed its Answer and Affirmative Defenses to Plaintiff's complaint on April 12, 2022. Case No., 3:22-cv-02495-VC, ECF No. 3. Plaintiff filed her Motion to Strike on September 26, 2023—532 days after Monsanto's Answer was filed and 511 days after its deadline to file such a motion per Rule 12(f)(2). Case No., 3:22-cv-02495-VC, ECF No. 16. Accordingly, the Motion is untimely and should be denied.  *See Culinary & Serv. Emps. Union, AFL-CIO Loc. 555 v. Hawaii Emp. Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) (finding the district court erred by granting an untimely motion to strike); *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-JCS, 2017 WL 3670779, at *3 (N.D. Cal. Aug. 25, 2017) (agreeing with decisions requiring denial of an untimely motion to strike, and disagreeing "with decisions granting such motions" despite "the Ninth Circuit's clear statement [in *Culinary and Service Employees Union*] that granting an untimely Rule 12(f) motion was error").

## III.   Plaintiff's Motion Should Be Denied Because It Is Inadequately Briefed and Does Not Analyze the Affirmative Defenses Ostensibly Challenged.

Though Plaintiff filed her Motion in the Northern District of California, she relies entirely on authorities from other jurisdictions, primarily federal courts within the Eleventh Circuit.  Plaintiff cites cases from the Fifth Circuit and even the Florida Supreme Court, but she does not cite a single Rule 12(f) case from within the Ninth Circuit.  Thus, Plaintiff's Motion is predicated entirely on the wrong standards and inapplicable law.  As a result, she fails to even argue that Monsanto's defenses "have no possible bearing on the subject matter of the litigation."  *Ewing*, 2020 WL 7488948, at *2. This misguided argument is inherently inadequate for Plaintiff to carry her heavy burden of persuasion. *See, e.g.*, *id.* at *3.

The legal inadequacy of Plaintiff's briefing is exacerbated by analytical shortcomings—or more specifically, the absence of any real analysis at all. Despite challenging every single one of Monsanto's affirmative defenses, Plaintiff does not individually discuss a single one of them. And even her conclusory assertions of reasons that the defenses should be stricken are generally unsupported by any citation to authority at all. *See* Mot. at 5–7. The Court, therefore, finds itself in the same position as the court in *Telece, Inc.*—asked to "fill in" the arguments for Plaintiff and undertake the analysis itself. *See* 2022 WL 580869, at *1. The Motion should be denied because Plaintiff has not made "any legal argument as to why each specific affirmative defense is insufficiently pled." *Id.*; *see also Thompson v. APM Terminals Pac. Ltd.*, No. C 10-00677 JSW, 2010 WL 11614349, at *2 (N.D. Cal. June 29, 2010) ("Although Plaintiff moves to strike fifty-nine of Defendant's affirmative defenses, the motion only substantively addresses four of those defenses. The Court shall address only those defenses.").

## IV.   Plaintiff's Arguments All Fail Because She Fails to Establish (Or Even Assert) Prejudice.

The requirement that a Rule 12(f) movant establish prejudice is necessary so that motions to strike have some purpose and do not, instead, merely operate to "delay" litigation or generate costs. *See Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016). These concerns are at their zenith in the MDL context, where similar cases are consolidated precisely so that they can be handled efficiently. *See, e .g.*, *In re Nuvaring Products Liab. Litig.*, No. 4:08MD1964 RWS, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009) (declining to consider a pleadings challenge that would "necessarily sidetrack[] the parties and the Court from the main goal of this MDL proceeding"). If every MDL case began with a round or two of pleadings challenges that did not advance the ball, these efficiency benefits would be lost and the MDL would turn into a procedural quagmire. Courts presiding over MDLs are "charged with the responsibility of 'just and efficient conduct' of the multiplicity of actions in" the MDL. *See In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). In order to carry out this charge, the Court should "require a showing of prejudice by the moving party before

granting a motion to strike." *See Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist.*, No. C 09-03557 JSW, 2010 WL 370333, at *2 (N.D. Cal. Jan. 25, 2010).

Plaintiff's Motion "serves merely to protract rather than to streamline this litigation*." Lofton v. Verizon Wireless (VAW) LLC*, No. 13-CV-5665 YGR, 2014 WL 2195047, at *1 (N.D. Cal. May 23, 2014). Despite challenging every single one of Monsanto's affirmative defenses, Plaintiff fails to identify any harm that would result from the denial of her Motion. As the thousands of cases in this MDL already attest, there would be no harm. Monsanto's answer properly provides Plaintiff with notice of the defenses upon which Monsanto intends to rely and positions this case to be fully and fairly litigated to a decision on the merits, whereas Plaintiff's Motion achieves nothing but cost and delay. This case should be decided on its merits, and the Motion should be denied for failure to establish (or even assert) prejudice. *See, e.g.*, *Inn S.F. Enter.*, 2016 WL 8469189, at *1 ("In the absence of a genuine risk of prejudice, a purportedly aggrieved party should think twice before moving to strike an affirmative defense.").

## V.    Each of Plaintiff's (Conclusory) Arguments Fail.[3]

### A.    Defenses 1–10, 13–14, 19–20, 21–29

Plaintiff argues that the affirmative defenses listed above are "insufficient" because they are not true "affirmative defenses" and are instead "mere denials."[4] Mot. at 4. Plaintiff does not address any of the defenses individually or show why they constitute mere denials rather than true affirmative defenses. Accordingly, she simply fails to carry any burden of persuasion, and her argument should be rejected.

---

[3] Because Plaintiff fails to independently address the affirmative defenses that she purports to challenge, Monsanto can address her arguments only in general terms.

[4] Plaintiff also states that "the Ninth Circuit findings and rulings in the Hardeman case preempts all allegations raised in Defendant's affirmative defenses and should be stricken as insufficient defenses and considered denials." Mot. at 4. The meaning of this statement is unclear.

In any event, even assuming that the defenses at issue do not represent genuine affirmative defenses,[5] the argument fails.   While Rule 8(c) requires defendants to "affirmatively state any avoidance or affirmative defense," Rule 8(b)(1)(A) provides for the assertion of "defenses" generally, without distinguishing between negative and affirmative defenses.   Nothing prevents a defendant from asserting negative defenses.   Further, "parsing negative from affirmative defenses is unnecessary" because Plaintiff has not shown that she "will suffer prejudice if these defenses are not stricken or that striking them will avoid litigation of spurious issues."   *Arthur*, 2016 WL 6248905, at *4.   Rule 12(f) motions are intended to conserve resources by preventing the litigation of "spurious issues."   *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Monsanto's inclusive approach to affirmative defenses likewise conserves resources because it prevents pretrial litigation over whether certain defensive theories should have been pleaded as affirmative defenses.   Plaintiff's Motion, on the other hand, has seemingly been filed for no practical purpose and instead represents litigation for the sake of litigation.   The arguments in Section IV.A should be rejected.

### B.      Defenses 2–4, 6, 10, 12–14, 19–29

Plaintiff argues that the affirmative defenses listed above have no "justification" because they are not supported with "specific allegations of fact."   Mot. at 5.    Again, Plaintiff does not address any of the defenses individually.   Further, the only legal support for her argument is a 1972 decision from the Supreme Court of Florida.   *Id.* (citing *Chris Craft Indus., Inc. v. Van Valkenberg*, 267 So. 2d 642, 645 (Fla. 1972)).

Monsanto's answer is governed by the Federal Rules, not Florida rules.   *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("It is well-settled that the Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.'" (quoting *Vess v. Ciba-*

---

[5] Plaintiff's failure to explain her conclusion that the identified defenses do not qualify as true affirmative defenses prevents Monsanto from responding to any arguments on this subject. Monsanto does not concede that the defenses at issue do not qualify as affirmative defenses.

OPPOSITION TO MOTION TO STRIKE
3:16-md-02741-VC & 3:22-cv-02495-VC

*Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)).  Accordingly, Plaintiff's reliance on *Chris Craft* is entirely misplaced.

Section II of Plaintiff's Motion does cite cases from federal courts within Florida indicating that affirmative defenses must be supported by factual allegations.  But this approach was rejected by the Ninth Circuit in *Kohler*, which adopted the "fair notice" pleading standard instead.  And courts within the Ninth Circuit have persuasively explained why.  *See, e.g.*, *Mc Elmurry*, No. 2:16-2017 WL 9486190, at *2 (noting the textual differences between Rule 8(a)(1) and Rule 8(b)(1)(A), and recognizing the different conditions under which complaints and answers are prepared); *accord Cadence Design*, 2022 WL 1320629, at *2.  That Rule 12(b) and Rule 12(f) implicate different standards is further confirmed by Rule 12(f)'s text, which simply provides courts with *discretion* to strike insufficient defenses.  *See* FED. R. CIV. P. 12(f) ("The court may strike . . . ."); *see also Perez v. Banana Republic, LLC*, No. 14-CV-01132-JCS, 2014 WL 2918421, at *8 (N.D. Cal. June 26, 2014) (describing the courts' "broad discretion in deciding whether to grant a motion to strike").  Rule 12(b)(6), on the other hand, is not discretionary; insufficiently pleaded claims "must be dismissed."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  For these reasons, the Court should reject Plaintiff's argument in Section IV.B that the *Twombly/Iqbal* standard applies to affirmative defenses.

### C.      Defenses 12, 15, 16, 18

Without citation to any authority, Plaintiff argues that the affirmative defenses listed above should be stricken because they "have no possible relation to the controversy."  Mot. at 5.  The basis of Plaintiff's argument is entirely unclear.

- Affirmative Defense 12 asserts the statutes of limitations and repose, and Plaintiff's claim that this defense has no "possible relation to" this case is refuted by her own Complaint, which alleges in five paragraphs her theory that "Monsanto is estopped from relying on any statutes of limitations in defense of this action."  Compl., ¶¶ 126–130.

- 10 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Affirmative Defense 15 asserts a lack of privity between Monsanto and the decedent and that Monsanto owed the decedent no relevant duty. The question of privity is relevant because Plaintiff describes two of her claims as "warranty" claims. *Id.*, ¶¶ 132, 153. And the question of duty is relevant because Plaintiff asserts a negligence claim. *Id.*, ¶¶ 175–187. Indeed, Plaintiff's Complaint invokes the duty concept in six different paragraphs. *Id.*, ¶¶ 128, 157–158, 181–182, 190.

- Affirmative Defense 16 asserts that Monsanto made no warranties to Plaintiff or the decedent. This defense relates to Plaintiff's claims because, as noted above, she describes two of her claims as warranty claims. *Id.*, ¶¶ 132, 153.

- Affirmative Defense 18 asserts the First Amendment as a defense to Plaintiff's claims. A cursory review of Plaintiff's Complaint shows that she seeks to hold Monsanto liable for statements that it did or did not make. *See, e.g.*, *id.*, ¶¶ 159, 161, 166, 190. The Ninth Circuit has specifically left open the question of whether and how the First Amendment might apply to strict products liability claims. *See Brocklesby v. United States*, 767 F.2d 1288, 1295 n.9 (9th Cir. 1985). Monsanto's right to free speech is relevant to this case.

Motions to strike affirmative defenses should be denied "[i]f there is any doubt whether the challenged matter might bear on an issue in the litigation." *Arthur*, 2016 WL 6248905, at *2. As demonstrated above, each of the defenses challenged in Plaintiff's Section IV.C argument are relevant to this case. They should not be stricken.

## D. Defenses 1, 2, 10, 12, 15, 20

Plaintiff states—but does not genuinely argue—that the affirmative defenses listed above should be stricken because they "are patently frivolous due to not having any possible relation to the subject controversy and have no factual or legal basis which can support an affirmative defense in this case." Mot. at 5. Plaintiff does not discuss any of the individual defenses however and certainly does not establish a lack of relationship to the proceedings or a lack of factual basis. It is Plaintiff who bears the burden of persuasion. *Ewing*, 2020 WL 7488948, at *2. She fails to carry

- 11 -

that burden, and her improper charge that these defenses are "patently frivolous" does not merit further response.  The arguments in Section IV.D should be rejected.

###### E.      Defenses 12, 15

Plaintiff claims that affirmative defenses 12 and 15 "are invalid as a matter of law due to no relevant factual or legal basis."  Mot. at 6.  As discussed above, Affirmative Defense 12 asserts statutes of limitations and repose while Affirmative Defense 15 asserts a lack of privity.  Plaintiff's Motion seems to essentially seek summary judgment as to these defenses on nothing more than the pleadings.  This is improper.  *See Sodano v. Chase Bank USA, NA*, No. 2:12-CV-00369 KJM, 2012 WL 1552796, at *9 (E.D. Cal. May 1, 2012) (holding that Rule 12(f) cannot be used "as a substitute for a motion to dismiss brought pursuant to Rule 12(b) (6) or a motion for summary judgment").[6] *Cf. Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (holding "that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law").  The arguments in Section IV.E should be rejected.

###### F.      Defenses 1–5, 7–29

Plaintiff argues that the affirmative defenses listed above should be stricken because they "are patently shotgun pleadings with no factual support and do not reference which count in Plaintiff Complaint they are specifically directed."  Mot. at 6.  Monsanto has already addressed the inapplicability of the *Tombly/Iqbal* standard and Plaintiff's failure to provide any analysis, which renders her incapable of carrying her heavy burden of persuasion.  Further, courts in the Ninth Circuit do not strike affirmative defenses simply because a plaintiff describes them as pleaded in a "shotgun" fashion.  *See Helstern v. City of San Diego*, No. 13-CV-0321-LAB RBB, 2014 WL 294496, at *1 (S.D. Cal. Jan. 24, 2014).  Finally, Plaintiff does not cite any Ninth Circuit authority for the proposition that defendants asserting affirmative defenses must reference the specific count to which each defense applies.[7]  No federal rule imposes this technical requirement, and it is not

---

[6] Report and recommendation adopted, No. CIV-S-12-0369-KJM, 2012 WL 4461075 (E.D. Cal. Sept. 25, 2012)

[7] Page 3 of Plaintiff's Motion quotes a decision from the Southern District of Florida stating that courts "must not tolerate shotgun pleading of affirmative defenses, and should strike vague and

- 12 -

1

2

even clear how such a requirement would work in practice.  Plaintiff's arguments in Section IV.F

wholly ignore the applicable law and should be rejected.

3

**G.    Defenses 1–7, 9–29**

4

Plaintiff argues that all of Monsanto's affirmative defenses other than Affirmative Defense

5

8 should be stricken because they are "vague and ambiguous."  Mot. at 6.  While the argument

6

contains no analysis, it is apparently just a repackaged version of Plaintiff's argument that *Twombly*

7

and *Iqbal* apply to affirmative defenses.  *See id.*  Monsanto has already addressed this argument

8

above.  Plaintiff is wrong as a matter of law and, in any event, has utterly failed to carry her burden

9

of persuasion.  *See Ewing*, 2020 WL 7488948, at *3 (finding that, in the absence of supporting

10

analysis, "general assertions fail to satisfy Plaintiff's burden to show Defendants' affirmative

11

defenses should be stricken"). The arguments in Section IV.G should be rejected.

12

**H.    Defenses 1–29**

13

Plaintiff argues that all of Monsanto's affirmative defenses should be stricken because they

14

each "must respond to a particular count" but fail to do so. Mot. at 6.  Monsanto has already

15

addressed this argument.  No such requirement exists.  Rather, affirmative defenses should be

16

stricken only when they have no "possible bearing on the subject matter of the litigation." *In re*

17

*Facebook PPC Adver. Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal.2010).  Plaintiff's argument in

18

Section IV.H fails.

19

**I.    Defenses 1–29**

20

Plaintiff argues that all of Monsanto's affirmative defenses should be stricken because they

21

are not supported by factual allegations.  Mot. at 6–7.  This is yet another repackaging of the

22

argument that the *Twombly/Iqbal* standard applies to affirmative defenses, which argument

23

Monsanto has already addressed.  In Section IV.I, however, Plaintiff specifically cites *Heller*

24

*Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) for support.  This

25

26

27

28

ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).  To the extent the cited case purports to impose some technical pleading requirement not found in the federal rules, it must be disregarded as inconsistent with Ninth Circuit authority.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Court should not follow *Heller Financial* for at least two reasons.  First, as discussed above, it is inconsistent with the "fair notice" standard established by the Ninth Circuit in *Kohler*.  Second, it is wrong.

The *Heller Financial* court incorrectly cited Rule 8(a) for the proposition that affirmative defenses must be supported with a "short and plain statement" of their applicability.  *Id.*  But Rule 8(*a*) specifically governs pleadings that state "a claim for relief."  Rule 8(*b*) governs defenses.  Rules 8(a) and 8(b) have significant differences, most notably the absence in Rule 8(b) of any requirement of "showing that the pleader is entitled to relief.  *Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10CV1218 JCC, 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011). "Neither *Twombly* nor *Iqbal*'s analyses even touch Rule 8(b)(1)(A); both begin and end with interpretation of Rule 8(a)(2)'s required showing that the pleader is entitled to relief."  *Id.*; *accord Loi Nguyen v. Durham Sch. Services, L.P.*, 358 F. Supp. 3d 1056, 1061 (C.D. Cal. 2019).  Neither the Federal Rules nor the Supreme Court's pronouncements in *Twombly* or *Iqbal* indicate that those cases' holdings should be applied to affirmative defenses. The arguments in Section IV.I should be rejected.

### J.      Defense 6

Plaintiff states that Affirmative Defense 6 should be stricken under *Hardeman*.  Mot. at 7. No argument accompanies this assertion, which should be dismissed out of hand for lack of analysis. Plaintiff's assertion also reflects a fundamental misunderstanding of *Hardeman*, Affirmative Defense 6, or both.

Affirmative Defense 6 states that "[a]ny claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law."  (Citing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001), and *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002)).  It is undeniably true that fraud-on-the-FDA claims are preempted under *Buckman*.  *Hardeman* is not to the contrary.  That case did not

deal with *Buckman* preemption at all and has no bearing on Affirmative Defense 6.[8]  Plaintiff's argument in Section IV.J fails.

## VI.    If Plaintiff's Motion Were Granted In Any Respect, Monsanto Should Be Given Leave to Amend Its Answer.

When a court strikes affirmative defenses, leave to amend the answer should be freely given in the absence of prejudice to the plaintiff.  *Yates v. Perko's Cafe*, No. C 11-00873 SI, 2011 WL 2580640, at *3 (N.D. Cal. June 29, 2011).  Plaintiff's Motion acknowledges this, arguing that affirmative defenses should be stricken with prejudice only in certain, limited circumstances.  Mot. at 3.  Plaintiff does not specify which, if any, defenses she believes should be stricken with prejudice.

Plaintiff's Motion should be denied in its entirety.  If it were granted in any respect, however, then any defenses stricken should be stricken without prejudice, and Monsanto should be afforded an opportunity to amend its answer to cure any deficiencies.  Further, if the Court determines that factual allegations are necessary, then Monsanto should have the opportunity to amend its answer throughout the discovery period to include additional factual allegations.[9]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied.

---

[8] In any event, an argument that *Hardeman* should be applied to foreclose any affirmative defenses at the pleading stage is improper.  Rule 12(f) motions to strike affirmative defenses may not be used to resolve significant questions of law.  *SecuriMetrics, Inc.*, 2005 WL 2463749, at *2.

[9] Monsanto reiterates that implementing such a procedure here would strip the MDL of its very *raison d'être*.  But such a procedure would be necessary if, as Plaintiff argues, defendants are required to include factual allegations supporting the affirmative defenses that they must, under Rule 12(1)(1)(A)(i), assert a mere 21 days after being served with a complaint.

OPPOSITION TO MOTION TO STRIKE
3:16-md-02741-VC & 3:22-cv-02495-VC

DATED:  October 10, 2023                    Respectfully submitted,

                                            BY: */s/ Jennise W. Stubbs*
                                                Jennise W. Stubbs
                                                SHOOK, HARDY & BACON L.L.P.
                                                600 Travis Street, Suite 3400
                                                Houston, TX 77002-2926
                                                Telephone: (713) 227-8008
                                                Facsimile: (713) 227-9508
                                                Email: jstubbs@shb.com

                                            *Attorney for Defendant Monsanto Company*

OPPOSITION TO MOTION TO STRIKE
3:16-md-02741-VC & 3:22-cv-02495-VC

## CERTIFICATE OF SERVICE

I certify that on the 10th day of October, 2023, I electronically transmitted the foregoing **OPPOSITION TO PLAINTIFF'S Motion to Strike Affirmative Defenses and Reply/Avoidance of Affirmative Defenses** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/ Jennise W. Stubbs*
Jennise W. Stubbs