Kristy M. Arevalo (SBN 216308)
**MCCUNE LAW GROUP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Phone: (909) 557-1250
Facsimile: (909) 557-1275
kma@mccunewright.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Jerrad Bergeret, Shalee Bergeret, and Shane Bergeret, individually, as next of kin for Dennis Bergeret, deceased, v. Monsanto Co., et al.*<br>Case No.: 3:23-cv-04960 | Case No. 3:16-md-02741-VC<br>MDL No. 2741<br><br>**UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PLAINTIFFS AND REVISE NOMINAL DEFENDANTS PURSUANT TO F.R.C.P. RULE 21**<br><br>**FILED CONCURRENTLY WITH: DECLARATION OF KRISTY M. AREVALO; [PROPOSED] FIRST AMENDED COMPLAINT; AND [PROPOSED] ORDER**<br><br>Judge Assigned: Hon. Vince Chhabria |

## I. INTRODUCTION

This matter arises from deceased Dennis Bergeret's use of the weed-killer Round-Up, a Monsanto Company product. On August 23, 2023, Plaintiffs Jerrad Bergeret, Shalee Bergeret, and Shane Bergeret filed a wrongful death action against Monsanto Company. In their complaint, Plaintiffs listed their half-siblings David Bergeret, Eric Bergeret, and "Doe" Bergeret as nominal defendants, as Plaintiffs were not previously in contact with them. Upon further investigation and discussion, Plaintiffs' Counsel has retained David Bergeret and Eric Bergeret, both of whom

respectfully request to join the suit as Plaintiffs alongside their siblings and to be removed as nominal defendants. *See* Exhibit 1 (Kristy M. Arevalo's Declaration). Also, Plaintiffs' Counsel has discovered that the third half-sibling, "Doe" Bergeret, is named Derek Bergeret. *Id*.

In light of these developments, Plaintiffs seek leave to amend the Complaint to add additional Plaintiffs and to revise named Nominal Defendants pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 21. *See* Exhibit 2 (Proposed First Amended Complaint). Counsel for Plaintiffs met and conferred with counsel for Monsanto, and Monsanto does not oppose Plaintiffs' motion for leave to amend the Complaint.

## II.   AMENDING A COMPLAINT PURSUANT TO F.R.C.P. RULE 21

### A.   F.R.C.P. Rule 21 Applies Instead of Rule 15(a)

Under F.R.C.P. Rule 21, on motion or on its own, a court may at any time, or on just terms, add or drop a party. *See* F.R.C.P. Rule 21. The Circuit Courts are split on whether a Plaintiff may amend its complaint to add or remove a party before a responsive pleading is served as a matter of course pursuant to F.R.C.P. Rule 15(a), or whether a Plaintiff should file a motion pursuant to F.R.C.P. Rule 21. *See Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1072 n.1 (7th Cir. 1989); *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010); *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994); *Washington v. N.Y.C. Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir. 1983); *McLellan v. Miss. Power & Light Co.*, 526 F.2d 870, 873 (5th Cir. 1976). Unfortunately, the Ninth Circuit does not have clear precedent on this issue. *See De Malherbe v. Int'l Union of Elevator Constructors*, 438 F.Supp. 1121, 1128 (N.D. Cal. 1977) ("Plaintiffs have complete freedom to name parties when they commence an action, and the interests of defendants will not be substantially prejudiced in the early stage of a lawsuit by any delay in adding parties") (supporting that Rule 15(a) controls); *but see also Karsten Mfg. Corp. v. U.S. Golf Ass'n*, 728 F.Supp. 1429, 1432 (Ariz. 1990) (supporting that Rule 21 controls).

2

UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PLAINTIFFS AND REVISE NOMINAL DEFENDANTS PURSUANT TO F.R.C.P. RULE 21

Here, in an abundance of caution, Plaintiffs seek leave to amend their Complaint to revise the parties through this motion pursuant to Rule 21. Plaintiffs move to add David Bergeret and Eric Bergeret as Plaintiffs, removing them as nominal defendants, and revise "Doe" Bergeret to Derek Bergeret.

### B. Plaintiffs Meet F.R.C.P. Rule 21's Standard to Amend the Complaint's Parties

Under F.R.C.P. Rule 21, the Court may add or drop parties on just terms. When evaluating a Rule 21 motion to amend, courts apply the Rule 15(a) framework "which provides that leave to amend should be freely given when justice so requires." *See In re: Lithium Ion Batteries Antitrust Litigation*, No. 13-MD-2420, 2016 WL 948874, at *2 (N.D. Cal. Mar. 14, 2016), *citing* 6 Fed. Prac. & Proc. Civ. § 1479 (3d ed.); F.R.C.P. Rule 15(a). The Court should also consider the following factors: the presence or absence of undue delay, bad faith, undue prejudice, or repeated failure to cure deficiencies by previous amendment or futility of the proposed amendment. *See Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989), *citing Forman v. Davis*, 371 U.S. 178, 182 (1962). However, the factor that "carries the greatest weight" is prejudice to the opposing party. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

Here, given the liberal standard to freely allow amendment, the Court should grant Plaintiffs leave to amend their Complaint. Justice requires that the Complaint be amended to rename David Bergeret and Eric Bergeret as Plaintiffs instead of nominal Defendants, as both were sons and are heirs of the deceased Dennis Bergeret. In California, only a single wrongful death action can be filed wherein all of a decedent's potential claimants must be joined. *See Gonzales v. Southern Cal. Edison Co.* (1999) 77 Cal. App. 4th 485, 489. To ensure a comprehensive wrongful action that includes all potential heirs, both David and Eric Bergeret must be included. Furthermore, to ensure that the third half-sibling receives proper notice of this action, "Doe" Bergeret

3

UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PLAINTIFFS AND REVISE NOMINAL DEFENDANTS PURSUANT TO F.R.C.P. RULE 21

should be renamed as Derek Bergeret.

Furthermore, none of the various factors against granted leave support the denial of Plaintiffs' proposed amendment. The Complaint was filed only last month (August 2023), and a responsive pleading has not yet been filed. Again, parties met and conferred, and Defense is agreeable to Plaintiffs amending the Complaint to make the requested party revisions. Thus, undue delay, bad faith, undue prejudice, and repeated failure to cure deficiencies do not apply.

Overall, Plaintiffs meet Rule 21's standard to amend their Complaint, as justice requires renaming David and Eric Bergeret as Plaintiffs and "Doe" Bergeret as Derek Bergeret, and Defendants are agreeable to such amendments.

### III.     CONCLUSION

Plaintiffs respectfully request that the Court grant leave to amend its Complaint to rename David Bergeret and Eric Bergeret as Plaintiffs, remove them as nominal defendants, and to revise "Doe" Bergeret as Derek Bergeret.

Date:  October 11, 2023                              MCCUNE LAW GROUP

By:  */s/ Kristy M. Arevalo*
     Kristy M. Arevalo
     *Attorney for Plaintiffs*

4

UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PLAINTIFFS AND REVISE NOMINAL DEFENDANTS PURSUANT TO F.R.C.P. RULE 21