**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> *Marcus Fitz; Jeffrey Fitz,* 3:21-cv-03580-VC | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** <br><br> <u>Hearing:</u> <br> Date: December 7, 2023 <br> Time: 1:00 p.m. <br> Place: Courtroom 4 (Via Zoom) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 7, 2023 at 1:00 p.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 6A Plaintiffs Marcus Fitz and Jeffrey Fitz ("Plaintiffs"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by Plaintiffs, and Monsanto is entitled to summary judgment.

Dated:  October 20, 2023                    Respectfully submitted,

                                            */s/ Jed P. White*
                                            Jed P. White
                                            Attorney for Defendant Monsanto Company

## MEMORANDUM OF POINTS AND AUTHORITIES

To prevail on any of their claims, Plaintiffs Marcus Fitz and Jeffrey Fitz must prove that Roundup was the proximate cause of Marcus Fitz's cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Marcus Fitz's cancer specifically, are specialized issues for which expert testimony is required. Plaintiffs failed to disclose any expert reports regarding specific causation, which were due June 26, 2023. Without expert testimony to prove specific causation, none of Plaintiffs' claims may proceed.

## BACKGROUND

Plaintiffs are residents of New York who alleges that exposure to Monsanto's Roundup-branded herbicides ("Roundup") caused Marcus Fitz to develop NHL, with which he was diagnosed in 2006.[1] *See* Complaint. ECF 1, ¶¶ 4, 83-85. Plaintiffs seek to hold Monsanto responsible for Marcus Fitz's cancer, asserting six causes of action. The lynchpin of Plaintiffs' complaint is that glyphosate—the active-ingredient in Roundup—caused Marcus Fitz's cancer. *See id.* at ¶¶ 1-4.

On November 3, 2022, this MDL Court required all Wave 6A plaintiffs, including Plaintiffs in this case, to submit expert reports no later than June 26, 2023. *See* Order Granting Joint Request for Revised Schedule for Wave 5-6 Cases and Adding Wave 7 Schedule ("Scheduling Order") (MDL ECF #15506). The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will

---

[1] For cases "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation[,] . . . the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Here, New York is the transferor forum. If a conflict of law exists, New York law states that "the law of the jurisdiction where the tort occurred will generally apply" and that the "locus of a tort is generally defined as the place of the injury." *Devore v. Pfizer, Inc.*, 58 A.D.3d 138, 141-42, 867 N.Y.S.2d 425 (N.Y. 1st Dep't 2008). However, the Court does not need to decide whether New York or California law applies because under both states' laws (cited herein), expert testimony is required to establish specific causation in this case.

express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiffs did not submit an expert report regarding specific causation by the June 26, 2023 deadline. Specifically, Plaintiffs have not served any expert report containing case-specific evidence of a causal link between Roundup exposure and Marcus Fitz's cancer. (Declaration of Jed White ("White Decl."), ¶ 3.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

## ARGUMENT

**I.  SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.**

Under California and New York law, expert medical testimony is required to establish causation of a specific physical injury if such cause is not within the common knowledge of the jurors. *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005) (in a product liability case "where the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation"); *In*

*re Mirena IUD Prods. Liab. Litig.*, 202 F. Supp. 3d 304, 310-11 (S.D.N.Y. 2016) ("Generally, in products liability cases, to establish causation, plaintiffs must offer admissible expert testimony regarding both general causation . . . and specific causation."); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "determinable only in the light of scientific knowledge").

Here, Plaintiffs allege that Marcus Fitz was diagnosed with cancer, which he claims was caused by his exposure to Roundup. *See* Compl. ¶¶ 4, 83. "With cancer the question of causation is especially troublesome[;] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id.* (citation and internal quotation marks omitted). Thus, the causal link between Plaintiff's injury and Roundup is a highly technical question of science that is beyond the jurors' understanding.

Plaintiffs' deadline to disclose expert reports was June 26, 2023. *See* Scheduling Order. To date, Plaintiffs have not disclosed a single expert witness or report regarding specific causation. Plaintiffs had ample time and opportunity to satisfy their expert disclosure obligations under Rule 26(a)(2) and the Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

This Court has granted summary judgment in favor of Monsanto in similar cases where the plaintiff failed to disclose a specific causation expert, finding that expert testimony was required to prove causation:

> Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not within the common knowledge and experience of an ordinary layperson.

*Matthaus-Shelton v. Monsanto Company*, 20-cv-00168, Doc. No. 17 (Order Granting Summary Judgment, dated November 29, 2022); *see also Adrine Hann v. Monsanto Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated November 3, 2022) ("Whether Roundup caused [Plaintiff's] multiple myeloma is a highly technical and scientific question. Without expert testimony, a jury can only speculate.").

As a result of Plaintiffs' failure to disclose any expert on the issue of specific causation, they cannot prove causation—an essential element of all their claims. Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiffs' claims. *See Stephen*, 134 Cal. App. 4th at 1373-74 (plaintiff's "inability to present expert testimony was fatal to her product liability and negligence claims, and [thus] nonsuit was proper"); *In re Mirena IUD Prods. Liab. Litig.*, 202 F. Supp. 3d at 311 (S.D.N.Y. 2016) ("summary judgment is appropriate where required expert testimony is absent from the record"); *Martinez v. Ethicon Inc.*, No. 7:19-CV-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020) ("Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment."); *Sterling v. United States*, 834 F. App'x 83, 87 (5th Cir. 2020) (upholding summary judgment where the plaintiff failed to designate expert witnesses); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant]'s device was the proximate

cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiffs' claims.

Dated:  October 20, 2023            Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

*/s/ Jed P. White*
Jed P. White