UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*David Rodgers v. Monsanto Co.*, Case No. 3:20-cv-06121-VC<br><br>*Kelsea Fitzpatrick v. Monsanto Co.*, Case No. 3:20-cv-01959-VC | **ORDER DENYING MOTIONS TO MOVE CASES TO WAVE VII**<br><br>Re: Dkt. Nos. 17405, 17406 |

The motions to move cases from Wave VI to Wave VII are denied. An August 30, 2023, scheduling order—that the parties proposed and that the Court granted—states that "cases that were assigned in previous Waves 1-6, and already moved to a later wave on at least one occasion, will not be permitted to transfer to later Waves absent extraordinary circumstances." Dkt. No. 17234. Each of these member cases has previously been moved back a wave. The parties in these cases may refile their motions citing any extraordinary circumstances, describing their impact on discovery, and what discovery has yet to be taken.

Future motions to move a case to a later wave must either (1) note that the case has not already been moved to a later wave or (2) identify and explain the extraordinary circumstances (2) that warrant the additional move.

In these cases, the plaintiffs make vague reference to a possible change of counsel. If there truly is a change of counsel, that may be a reason to move the case back to a later wave, depending on the circumstances. If new counsel is indeed brought in, they are free to file a renewed request to move the case, explaining why it would be necessary to avoid prejudice to the plaintiff.

**IT IS SO ORDERED.**

Dated: October 25, 2023

_____
VINCE CHHABRIA
United States District Judge