UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>N/A | **ORDER DISMISSING VERIFIED PETITION/MOTION TO SETTLE ATTORNEY'S FEES**<br><br>Re: Dkt. Nos. 16895; 17115 |

      The request for this Court to settle a dispute between New York lawyers over the allocation of attorneys' fees from settling MDL cases is dismissed for lack of jurisdiction. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

      The Court declines to exercise ancillary jurisdiction to hear this dispute. There is no federal question, the parties are nondiverse, and supplemental jurisdiction under 28 U.S.C. § 1367 is thus not implicated. The only remaining possible basis would be ancillary jurisdiction. But neither recognized purpose of ancillary jurisdiction is implicated by this dispute between attorneys over how to share past settlement recoveries. *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 379–80 (1994). There is limited factual interdependency: The MDL Court is no better positioned to wade into the "tabloid saga of Cellino & Barnes" by virtue of its oversight of the Roundup member cases. Dkt. No. 17248 at 4. And resolving this dispute has no impact on the functioning of the MDL proceedings. Another MDL court recently dismissed a similar petition from Goldstein on the same grounds. *See generally Knauss v. Atrium Medical Corporation*, No. 18-cv-1187-LM (D.N.H.

Sept. 25, 2023). And this is consistent with what other courts have held. *See, e.g.*, *In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation*, 911 F.3d 666, 672 (3d Cir. 2018); *Replogle v. Borrero*, No. C 07-04170 CRB, 2008 WL 2238573, at *1 (N.D. Cal. June 4, 2008); *Monaco v. Bear Stearns Companies, Inc.*, No. CV 09-05428 SJO (JCx), 2015 WL 12669868, at *2 (C.D. Cal. Sept. 18, 2015); *Barrera v. Gamestop Corp.*, No. 2:09-CV-01399 ODW, 2012 WL 1470170, at *1–2 (C.D. Cal. Apr. 27, 2012). In fact, Goldstein has cited no case in which a federal court exercised ancillary jurisdiction to resolve a dispute like this. *See* Dkt. No. 17248, at 5–7.

The Court is skeptical that ancillary jurisdiction exists over this dispute, and in any event, declines to exercise ancillary jurisdiction over it. The motion to dismiss the petition is granted due to lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 27, 2023

VINCE CHHABRIA
United States District Judge