**SHOOK HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 770022926
Telephone: (713) 2278008
Facsimile: (713) 2279508
Email: jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No.:  3:16-md-02741-VC |
| *Carolyn Brown v. Monsanto Co., et al.* Case No. 3:23-cv-05240-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in paragraph 1, Monsanto admits that plaintiffs purport to bring this action but denies any liability to plaintiffs.

2.      The allegations in paragraph 2 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 2 based upon the allegations in plaintiffs' Complaint.

3.      The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is

1    required.

2    5.    The allegations in paragraph 5 set forth conclusions of law for which no response is

3    required.  To the extent a response is deemed required, Monsanto states that the allegations in

4    paragraph 5 are vague and conclusory and comprise attorney characterizations and are accordingly

5    denied.

6    6.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

7    the allegations in the first sentence of paragraph 6 and therefore denies those allegations.

8    7.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

9    the allegations in the first sentence of paragraph 7 and therefore denies those allegations.

10   8.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

11   the allegations in the first sentence of paragraph 8 and therefore denies those allegations.

12   9.    The allegations in paragraph 9 comprise attorney characterizations and are

13   accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiffs

14   have a variety of separate and distinct uses and formulations.

15   10.   The allegations in paragraph 10 are directed at a defendant other than Monsanto, so

16   no response from Monsanto is required for these allegations.

17   11.   The allegations in paragraph 11 are directed at a defendant other than Monsanto, so

18   no response from Monsanto is required for these allegations.

19   12.   The allegations in paragraph 12 are directed at a defendant other than Monsanto, so

20   no response from Monsanto is required for these allegations.

21   13.   The allegations in paragraph 13 are directed at a defendant other than Monsanto, so

22   no response from Monsanto is required for these allegations.

23   14.   In response to the allegations in paragraph 14, Monsanto admits that it is an indirect,

24   wholly owned subsidiary of Bayer AG.

25   15.   Monsanto admits the allegations in paragraph 15.

26   16.   The allegations in the first sentence of paragraph 16 are directed at a defendant other

27   than Monsanto, so no response form Monsanto is required for these allegations. Monsanto denies

28

the remaining allegations in paragraph 16 and denies – and object to – allegations by plaintiff that purport to lump Monsanto together with other defendants.

17.     In response to the allegations in paragraph 17, Monsanto admits that it has sold Roundup®-branded products in Pennsylvania.

18.     Monsanto admits that it is authorized to do business in Pennsylvania. The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21.     Monsanto admits the allegations in paragraph 21.

22.     The allegations in the first sentence of paragraph 22 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 24 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kills invasive plants and weeds. Monsanto states that the remaining allegations in paragraph 25 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

denies those allegations.

26.     Monsanto admits the allegations in the first sentence of paragraph 26. Monsanto denies the allegations in the second sentence of paragraph 26 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

27.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 27 and therefore denies those allegations. Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 27 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 27.

28.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 28.

29.     Monsanto denies the allegations in paragraph 29.

30.     Monsanto denies the allegations in paragraph 30.

31.     Monsanto admits the allegations in the first two sentences of paragraph 31 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA. Monsanto denies the remaining allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling and marketed Roundup®-branded products in accord with EPA's regulatory determinations under

4

1   FIFRA.

2        33.    The allegations in paragraph 33 set forth conclusions of law for which no response is

3   required. To the extent that a response is deemed required, Monsanto admits the allegations in

4   paragraph 33.

5        34.    In response to the allegations in paragraph 34, Monsanto admits that EPA requires

6   registrants of herbicides to submit extensive data in support of the human health and environmental

7   safety of their products and further admits that EPA will not register or approve the labeling of

8   herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and

9   Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 34 set forth conclusions of law

10  for which no response is required.

11       35.    The allegations in paragraph 35 set forth conclusions of law for which no response is

12  required.

13       36.    In response to the allegations in paragraph 36, Monsanto admits that Roundup®-

14  branded products are registered by EPA for manufacture, sale and distribution and are registered by

15  the State of Pennsylvania for sale and distribution.

16       37.    In response to the allegations in paragraph 37, Monsanto admits that EPA requires

17  registrants of herbicides to submit extensive data in support of the human health and environmental

18  safety of their products and further admits that EPA will not register or approve the labeling of

19  herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term

20  "the product tests" in the final sentence of paragraph 37 is vague and ambiguous, and Monsanto

21  therefore denies the same. The remaining allegations in paragraph 37 set forth conclusions of law

22  for which no answer is required.

23       38.    Monsanto denies the allegations in paragraph 38 to the extent that they suggest that

24  EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto

25  admits that EPA is in the process of conducting regulatory review of various pesticide products, but

26  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations

27  in paragraph 38 regarding such pesticide products generally and therefore denies those allegations.

28

The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.    In response to the allegations in paragraph 39, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.    In response to the allegations in paragraph 40, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, Glyphosate: Reregistration Eligibility Decision (RED) Facts, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 — 56:20.

Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that it — along with a large number of other companies and governmental agencies — was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial BioTest ("IBT") Laboratories studies. To the extent that the allegations in paragraph 41 are intended to suggest that Monsanto was anything other than

7

a victim of this fraud, such allegations are denied.

42.     In response to the allegations in paragraph 42, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

43.     Monsanto denies the allegations in paragraph 43 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 43 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

44.     In response to the allegations in paragraph 44, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

45.     In response to the allegations in paragraph 45, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto otherwise denies the remaining allegations in paragraph 45. Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 45 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

1    46.    Monsanto denies the allegations in paragraph 46.

2    47.    In response to the allegations in paragraph 47, Monsanto admits that Roundup®-

3    branded products are highly valued by its customers because of their efficacy and safety. Monsanto

4    also admits that the patent for glyphosate expired in the United States in 2000. The remaining

5    allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations and

6    are accordingly denied.

7    48.    In response to the allegations in paragraph 48, Monsanto admits that following the

8    development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are

9    now widely used by farmers in the United States and worldwide. Monsanto lacks information or

10   knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph

11   48 and accordingly denies those allegations. The remaining allegations in paragraph 48 are vague

12   and conclusory and comprise attorney characterizations and are accordingly denied.

13   49.    In response to the allegations in paragraph 49, Monsanto admits that glyphosate is one

14   of the world's largest herbicides by sales volume, but Monsanto denies any suggestions that it is the

15   only company that sells glyphosate or glyphosate-based herbicides. Monsanto lacks information or

16   knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph

17   49 and accordingly denies the same. The remaining allegations in paragraph 49 are vague and

18   conclusory and comprise attorney characterizations and are accordingly denied.

19   50.    In response to the allegations in paragraph 50, Monsanto admits that the New York

20   Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising

21   of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of

22   wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's

23   allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts

24   purport to quote a document, the document speaks for itself and thus does not require any further

25   answer. The remaining allegations in paragraph 50 are vague and conclusory and comprise attorney

26   characterizations and are accordingly denied.

27   51.    In response to the allegations in paragraph 51, Monsanto admits it entered into an

28

assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 51 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

52.     Monsanto denies the allegations in the first sentence of paragraph 52. In response to the allegations in the second and last sentences of paragraph 52, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 52 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 54 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies those allegations.

55.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56.     Monsanto admits the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 57 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those allegations.

58.     Monsanto states that the term "toxic" as used in paragraph 58 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in the first and second sentences of paragraph 58. Monsanto admits the allegations in the last sentence of paragraph 58.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

59. In response to the allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 59.

60. In response to the allegations in paragraph 60, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61. In response to the allegations in paragraph 61, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 61.

62. In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63. Monsanto denies the allegations in paragraph 63.

64. In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65. Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 65.

66. Monsanto denies the allegations in paragraph 66.

67. Monsanto denies the allegations in paragraph 67.

68. Monsanto denies the allegations in paragraph 68.

69. Monsanto denies the allegations in paragraph 69.

70. Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 70.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

71.     In response to the allegations in paragraph 71, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 71, which are not limited as of any specific date, and accordingly denies the same.

72.     In response to the allegations in paragraph 72, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 72.

73.     Monsanto denies any suggestions that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 and therefore denies those allegations.

74.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate of that it reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and therefore denies those allegations.

75.     Monsanto denies the allegations in paragraph 75 to the extent that they suggest that IARC had previously assessed glyphosate. Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

76.     In response to the allegations in paragraph 76, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts." Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest

available scientific evidence. Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available. Monsanto denies the remaining allegations in paragraph 76.

77.     In response to the allegations in paragraph 77, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group. To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

78.     The allegations in paragraph 78 are vague and conclusory. To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

79.     In response to the allegations in paragraph 79, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 79 are denied.

80.     Monsanto denies the allegations in paragraph 80. The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

81.     In response to the allegations in paragraph 81, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a

conclusion or that the authors of the study reached such a conclusion.

82.     In response to the allegations in paragraph 82, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. Monsanto denies the remaining allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion. Monsanto denies the remaining allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers. The AHS cohort study did not find a positive association between glyphosate and any type of cancer. Monsanto denies all other allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate and predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not post any cancer risk to humans.

87.   Monsanto admits the allegations in paragraph 87.

88.   In response to the allegations in paragraph 88, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 88 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 88.

89.   In response to the allegations in paragraph 89, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 89.

90.   The allegations in paragraph 90 are vague and ambiguous and are accordingly denied.

91.   In response to the allegations in paragraph 91, Monsanto states that the cited document speaks for itself and does not require a response.

92.   In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 92 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 92.

93.   Monsanto denies the allegations in paragraph 93.

94.   In response to the allegations in paragraph 94, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 94.

95.   Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 95.

96.   Monsanto denies the allegations in paragraph 96.

97.   Monsanto denies the allegations in paragraph 97.

98.   Monsanto denies the allegations in paragraph 98.

99.   Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 99.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

1     100.   Monsanto denies the allegations in paragraph 100.

2     101.   Monsanto admits the allegations in paragraph 101.

3     102.   Monsanto denies the allegations in paragraph 102.

4     103.   Monsanto admits the allegations in paragraph 103.

5     104.   Monsanto denies the allegations in paragraph 104.

6     105.   Monsanto denies the allegations in paragraph 105.

7     106.   Monsanto denies the allegations in paragraph 106.

8     107.   Monsanto denies the allegations in paragraph 107.

9     108.   Monsanto denies the allegations in paragraph 108.

10    109.   Monsanto denies the allegations in paragraph 109.

11    110.   Monsanto denies the allegations in paragraph 110.

12    111.   In response to the allegations in paragraph 111, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraphs 111.

16    112.   In response to the allegations in paragraph 112, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 112.

19    113.   In response to the allegations in paragraph 113, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification. Monsanto denies the remaining allegations in paragraph 113.

25    114.   In response to the allegations in paragraph 114, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate. Monsanto denies the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

remaining allegations in paragraph 114.

115.  Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 115.

116.  In response to the allegations in paragraph 116, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 116.

117.  In response to the allegations in paragraph 117, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease. Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity. Monsanto denies the remaining allegations in paragraph 117.

118.  In response to the allegations in paragraph 118, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate. Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns. As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops. A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable. *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013). Monsanto denies the remaining allegations in paragraph 118.

119.  In response to the allegations in paragraph 119, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

120.   In response to the allegations in paragraph 120, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 120.

121.   Monsanto denies the allegations in paragraph 121.

122.   Monsanto denies the allegations in paragraph 122.

123.   Monsanto denies the allegations in paragraph 123.

124.   Monsanto denies the allegations in paragraph 124.

125.   Monsanto denies the allegations in paragraph 125.

126.   Monsanto denies the allegations in paragraph 126.

127.   Monsanto denies the allegations in paragraph 127.

128.   Monsanto denies the allegations in paragraph 128.

129.   Monsanto denies the allegations in paragraph 129.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto denies the allegations in paragraph 131.

132.   Monsanto denies the allegations in paragraph 132.

133.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies those allegations.

134.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies those allegations.

137.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

of the allegations in paragraph 137 and therefore denies those allegations.

138.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

139.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.   Monsanto incorporates by reference its responses to paragraphs 1 through 139 in response to paragraph 140 of plaintiffs' Complaint.

141.   In response to the allegations in paragraph 141, Monsanto admits that plaintiff purports to bring claims for strict liability design defect but denies any liability as to that claim.

142.   In response to the allegations in paragraph 142, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 142.

143.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.   Monsanto denies the allegations in paragraph 144.

145.   Monsanto denies the allegations in paragraph 145.

146.   Monsanto denies the allegations in paragraph 146 and each of its subparts.

147.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 concerning plaintiff's claimed purchase, use of, and/or exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 147, including that Roundup®-branded products have "dangerous characteristics."

148.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 148, including that Roundup®-branded products have "dangerous characteristics."

149.   Monsanto denies the allegations in paragraph 149 regarding defects and risk associated with Roundup®-branded products. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 and therefore denies those allegations.

150.   Monsanto denies the allegations in paragraph 150.

151.   Monsanto denies the allegations in paragraph 151.

152.   Monsanto denies the allegations in paragraph 152.

153.   Monsanto denies the allegations in paragraph 153.

154.   Monsanto denies the allegations in paragraph 154.

155.   Monsanto denies the allegations in paragraph 155.

156.   Monsanto denies the allegations in paragraph 156.

157.   Monsanto denies the allegations in paragraph 157.

158.   Monsanto denies the allegations in paragraph 158.

In response to the "WHEREFORE" paragraph following paragraph 158, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

159.   Monsanto incorporates by reference its responses to paragraphs 1 through 158 in response to paragraph 159 of plaintiffs' Complaint. To the extent that the allegations in Claim Two are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

160.   In response to the allegations in paragraph 160, Monsanto admits that plaintiffs purport to bring claims for strict liability failure to warn, but denies any liability as to that claim.

161.   Monsanto denies the allegations in paragraph 161.

162.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 that plaintiff purchased Roundup®-branded products and therefore denies those allegations. The allegations in paragraph 162 also set forth conclusions of law for which

1  no response is required. Monsanto denies the remaining allegations in paragraph 162.

2  163.   The allegations in paragraph 163 set forth conclusions of law for which no response

3  is required.

4  164.   Monsanto denies the allegations in paragraph 164. All labeling of Roundup®- branded

5  products has been and remains EPA-approved and in compliance with all federal requirements under

6  FIFRA.

7  165.   Monsanto denies the allegations in paragraph 165.

8  166.   Monsanto denies the allegations in paragraph 166.

9  167.   Monsanto denies the allegations in paragraph 167.

10  168.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

11  the allegations in paragraph 168 and therefore denies those allegations.

12  169.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

13  the allegations in paragraph 169 concerning plaintiff's alleged use of or exposure to Roundup®-

14  branded products and therefore denies those allegations. Monsanto denies the remaining allegations

15  in paragraph 169, including that Roundup®-branded products have "dangerous characteristics."

16  170.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

17  the allegations in paragraph 170 concerning plaintiff's claimed use of and exposure to Roundup®-

18  branded products and therefore denies those allegations. Monsanto denies the remaining allegations

19  in paragraph 170, including that Roundup®-branded products have "dangerous characteristics."

20  171.   Monsanto denies the allegations in paragraph 171 regarding defects and risks

21  associated with Roundup®-branded products. Monsanto lacks information or knowledge sufficient

22  to form a belief as to the truth of the remaining allegations in paragraph 171 and therefore denies

23  those allegations.

24  172.   Monsanto denies the allegations in paragraph 172.

25  173.   Monsanto denies the allegations in paragraph 173.

26  174.   Monsanto denies the allegations in paragraph 174.

27  175.   Monsanto denies the allegations in paragraph 175.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

1    176.   Monsanto denies the allegations in paragraph 176.

2    177.   Monsanto denies the allegations in paragraph 177.

3    178.   Monsanto denies the allegations in paragraph 178.

4    179.   Monsanto denies the allegations in paragraph 179.

5    180.   Monsanto denies the allegations in paragraph 180.

6    181.   Monsanto denies the allegations in paragraph 181.

7    In response to the "WHEREFORE" paragraph following paragraph 181, Monsanto demands

8 that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

9 with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

10 by law and such further and additional relief as this Court may deem just and proper.

11    182.   Monsanto incorporates by reference its responses to paragraphs 1 through 181 in

12 response to paragraph 182 of plaintiffs' Complaint. To the extent that the allegations in Claim Three

13 are directed at a defendant other than Monsanto, those allegations do not require a response from

14 Monsanto.

15    183.   In response to the allegations in paragraph 183 Monsanto states that the phrase

16 "directly or indirectly" is vague and ambiguous. Monsanto lacks information or knowledge

17 sufficient to form a belief as to the truth of the remaining allegations in paragraph 183 and therefore

18 denies those allegations.

19    184.   The allegations in paragraph 184 set forth conclusions of law for which no response

20 is required.

21    185.   The allegations in paragraph 185 set forth conclusions of law for which no response

22 is required.

23    186.   Monsanto denies the allegations in paragraph 186.

24    187.   Monsanto denies the allegations in paragraph 187.

25    188.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

26 the allegations in paragraph 188 regarding users' and consumers' knowledge and therefore denies

27 those allegations. Monsanto denies the remaining allegations in paragraph 188. All labeling of

28

Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA

189.   Monsanto denies the allegations in paragraph 189.

190.   Monsanto denies the allegations in paragraph 190.

191.   Monsanto denies the allegations in paragraph 191, including each of its subparts.

192.   Monsanto denies the allegations in paragraph 192.

193.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 regarding plaintiff's knowledge and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 193, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

194.   Monsanto denies the allegations in paragraph 194.

195.   Monsanto denies the allegations in paragraph 195.

196.   Monsanto denies the allegations in paragraph 196.

197.   Monsanto denies the allegations in paragraph 197.

198.   Monsanto denies the allegations in paragraph 198.

In response to the "WHEREFORE" paragraph following paragraph 198, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

199.   Monsanto incorporates by references its responses to paragraphs 1 through 198 in response to paragraph 199 of plaintiffs' Complaint. To the extent that the allegations in Claim Four are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

200.   Monsanto denies the allegations in paragraph 200. Additionally, the last sentence in paragraph 200 sets forth a conclusion of law for which no response is required.

201.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 regarding plaintiff's claimed use of Roundup®-branded products

and therefore denies those allegations. The remaining allegations in paragraph 201 set forth conclusions of law for which no response is required.

202.   Monsanto denies the allegations in paragraph 202. All labeling of Roundup®- branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

203.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 regarding the claimed use of and exposure to Roundup®-branded products by plaintiff and therefore denies those allegations. The remaining allegations in paragraph 203 set forth conclusions of law for which no response is required.

204.   The allegations in paragraph 204 set forth conclusions of law for which no response is required

205.   The allegations in paragraph 205 set forth conclusions of law for which no response is required

206.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 and therefore those allegations.

207.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 regarding the claimed use of Roundup®-branded products by plaintiff and others and therefore denies those allegations. The remaining allegations in paragraph 207 set forth conclusions of law for which no response is required.

208.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. The allegation in paragraph 208 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 208.

209.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 209 regarding plaintiff's claimed use of Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations. The allegation in paragraph

209 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

210.   Monsanto denies that there is any risk of serious injury associated with the as directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 210 regarding plaintiffs' knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 210.

211.   Monsanto denies the allegations in paragraph 211.

212.   Monsanto denies the allegations in paragraph 212.

213.   Monsanto denies the allegations in paragraph 213.

214.   Monsanto denies the allegations in paragraph 214.

215.   Monsanto denies the allegations in paragraph 215.

In response to the "WHEREFORE" paragraph following paragraph 215, Monsanto demands that judgment be entered in its favor and against plaintiffs and that plaintiffs' Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

216.   Monsanto incorporates by references its responses to paragraphs 1 through 215 in response to paragraph 216 of plaintiffs' Complaint. To the extent that the allegations in Claim Five are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

217.   The allegations in paragraph 217 set forth conclusions of law for which no response is required.

218.   Monsanto denies the allegations in paragraph 218.

219.   Monsanto denies the allegation in paragraph 219 that Roundup®-branded products are "dangerous." The remaining allegations in paragraph 219 set forth conclusions of law for which no response is required.

220.   In response to the allegations in paragraph 220, Monsanto admits that it has sold

glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further states that the allegations in paragraph 220 sets forth conclusions of law for which no response is required.

221.   The allegations in paragraph 221 set forth conclusions of law for which no response is required.

222.   In response to the allegations in paragraph 222, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further states that the allegations in paragraph 222 sets forth conclusions of law for which no response is required.

223.   Monsanto denies the allegations in paragraph 223.

224.   Monsanto denies the allegations in paragraph 224.

225.   Monsanto denies the allegations in paragraph 225.

226.   Monsanto denies the allegations in paragraph 226.

In response to the "WHEREFORE" paragraph following paragraph 226, Monsanto demands that judgment be entered in its favor and against plaintiffs and that plaintiffs' Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

227.   Monsanto incorporates by reference its responses to paragraphs 1 through 226 in response to paragraph 227 of plaintiffs' Complaint. Monsanto denies the allegations in the second sentence of paragraph 227.

228.   Monsanto denies the allegations in paragraph 228.

229.   Monsanto denies the allegations in paragraph 229.

230.   Monsanto denies the allegations in paragraph 230.

231.   Monsanto denies the allegations in paragraph 231.

232.   Monsanto denies the allegations in paragraph 232.

233.   Monsanto denies the allegations in paragraph 233.

234.   Monsanto denies the allegations in paragraph 234.

235.   Monsanto denies the allegations in paragraph 235.

236.   Monsanto denies the allegations in paragraph 236.

237.   Monsanto denies the allegations in paragraph 237.

238.   Monsanto denies the allegations in paragraph 238.

In response to the "WHEREFORE" paragraph following paragraph 238, Monsanto demands that judgment be entered in its favor and against plaintiffs and that plaintiffs' Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.   Plaintiffs' claims against Monsanto Corporation are barred for lack of personal jurisdiction.

3.   Venue may be improper and/or inconvenient.

4.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.   Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all

applicable government safety standards.

8. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10. Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' preexisting medical conditions.

13. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

14. Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

15. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16. If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

17.   Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

18.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

19.   Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.   Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Georgia Constitution, and/or other applicable state constitutions.

21.   Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Georgia law, and/or other applicable state laws.

22.   Plaintiffs' claims for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including O.C.G.A. § 51-12-5.1.

23.   Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

24.   Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

25.   Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

26.   Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

27.   If plaintiffs have been injured or damaged, no injury or damages being admitted, such

1  injuries were not caused by a Monsanto product.

2      28.   Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of

3  states that do not govern plaintiffs' claims.

4      29.   Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that

5  are governed by the laws of a state that does not recognize, or limits, such claims.

6      30.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may

7  become available or apparent during the course of discovery and thus reserves its right to amend

8  this Answer to assert such defenses.

9      **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs,

10  dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief

11  as the Court deems equitable and just.

12                              ## JURY TRIAL DEMAND

13      Monsanto demands a jury trial on all issues so triable.

14

15  DATED: October 31, 2023                Respectfully submitted,

16                                         SHOOK, HARDY & BACON L.L.P.

17

18                                         By: /s/ *Jennise W. Stubbs*
                                               Jennise W. Stubbs
19                                             600 Travis Street, Suite 3400
                                               Houston, TX 770022926
20                                             Telephone: (713) 2278008
                                               Facsimile: (713) 2279508
21                                             Email: jstubbs@shb.com

22                                             *Attorneys for Defendant*
                                               *MONSANTO COMPANY*

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC

## **CERTIFICATE OF SERVICE**

I certify that on the 31st day of October, 2023, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/ Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:23-cv-05240-VC