UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-MD-2741-VC |
| THIS DOCUMENT RELATES TO | |
| Bundy v. Monsanto, et al. 20-cv-06345-VC | |

## MOTION FOR SUGGESTION OF REMAND TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

Pursuant to 28 U.S.C. § 1407 and Rule 10.1(b) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Plaintiff ROB BUNDY ("Bundy"), by and through his undersigned counsel, hereby moves this Court for an order suggesting remand of this action to the transferor court, the United States District Court for the Middle District of Florida.

1. Plaintiff, ROB BUNDY, commenced this lawsuit in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida on August 6, 2020 (*Rob Bundy v. Bayer Co., et al.*, No.: 2020 Ca-003366-NC). The Complaint sought damages caused by exposure to Defendant, MONSANTO COMPANY'S ("Monsanto") glyphosate-based herbicides, and initially referenced Bundy's 2012 medical diagnosis as Non-Hodgkin's Lymphoma. An Amended Complaint was filed on August 14, 2020, which similarly referenced Bundy's medical diagnosis as Non-Hodgkin's Lymphoma.

2. On August 24, 2020, Defendant, MONSANTO COMPANY, filed a Notice of Removal in the United States District Court for the Middle District of Florida, Tampa Division based upon the parties' apparent diversity of citizenship and the amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332(a).

3.     On August 25, 2020, Defendant filed their Notice of Potential Tag-Along Action in accordance with Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation ("JPML") and 28 U.S.C. § 1407.

4.     On September 4, 2020, the JPML issued a Conditional Transfer Order transferring this action to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

5.     The JPML concluded that the actions alleged in this matter involve questions of fact that are "common to the actions previously transferred to the Northern District of California and assigned to Judge Chhabria" (the "Roundup MDL"). *See also In re: Roundup Products Liab. Litig.*, 214 F. Supp. 3d 1346 (U.S. Jud. Pan. Mult. Lit. 2016).

6.     In *In re: Roundup Products Liab. Litig.*, the Panel found that "actions [that] allege that Roundup, a widely used glyphosate-based herbicide manufactured by Monsanto Company, can cause Non-Hodgkin's Lymphoma and that Monsanto failed to warn consumers and regulators about the alleged risks of Roundup," warranted the transfer to the Multidistrict Litigation forum, pursuant to 28 U.S.C. § 1407. [Emphasis added] *Id.* at 1347. Further, the JPML found that "all the actions entail an overarching query—whether glyphosate causes Non-Hodgkin's Lymphoma in persons exposed to it while using Roundup." *Id.*

7.     On April 28, 2021, Plaintiff filed his Motion for Leave to Amend Complaint to Join Additional Party Defendant and to Remand Due to Lack of Diversity, which attempted to add M&W Supply, Inc. ("M&W") as a Defendant.  Notably, the Second Amended Complaint attempted to amend the original Complaint and the Amended Complaint, which listed Bundy's diagnosis as Non-Hodgkin's Lymphoma. As a result, the Second Amended Complaint listed

Bundy's diagnosis simply as Lymphoma. *See* Second Amended Complaint ¶¶ 10, 16, 17, 18, 23, 31.

8. On September 10, 2021, this Court denied Plaintiff's Motion for Leave to Amend Complaint to Join Additional Party Defendant and to Remand Due to Lack of Diversity.

9. On November 5, 2021, Plaintiff filed his Second Motion for Leave to Amend Complaint to Join Additional Party Defendants and to Remand Due to Lack of Diversity which attempted to add newly discovered NKC Enterprises, Inc. ("NKC") in addition to M&W, because M&W continued to operate under a new corporate entity name (NKC).

10. On April 12, 2022, this Court denied Plaintiff's Second Motion for Leave to Amend Complaint to Join Additional Party Defendants and to Remand Due to Lack of Diversity.

11. The case has proceeded under Plaintiff's August 14, 2020 Amended Complaint, which still lists Bundy's diagnosis as Non-Hodgkin's Lymphoma.

12. On February 23, 2022, undersigned counsel received a letter from Kenneth Feinberg, the Independent Settlement Master appointed to the Roundup MDL, stating that his office had concluded that Bundy's claim was **ineligible** for the Settlement Program because Bundy was diagnosed with "Hodgkin's Disease" instead of the eligible subtype of Non-Hodgkin's Lymphoma. A copy of this correspondence is attached hereto as **Exhibit A**. The differential diagnosis between Hodkins and Non-Hodkin's Lymphoma is technical in nature and may be accurately described as a spectrum. In any event, Bundy's Lymphoma can be described as Hodkins, rather than Non-Hodkin's Lymphoma.

13. In or around August, 2023, undersigned Counsel was notified by Monsanto's counsel that Monsanto intended to dismiss this matter based upon Bundy's 2012 diagnosis of Hodgkin's Lymphoma, stating:

> It is our understanding that the case captioned above has been evaluated by Ken Feinberg, the Special Master appointed by the Court in the Roundup MDL. Based on that evaluation, this case has been deemed ineligible for the MDL settlement program due to the following criteria:
>
> No NHL diagnosis
>
> As this case is ineligible for the Roundup settlement program, we have attached a stipulation of dismissal. With your consent, we can get this on file in the MDL. Please let us know if you agree to dismiss this case no later than August 23, 2023.

14. Bundy has no intention of voluntarily dismissing this case with prejudice pursuant to Monsanto's suggestion. As a result, Bundy has filed this motion for suggestion of remand of this action to the United States District Court for the Middle District of Florida, because it is clear that neither party benefits from his inclusion in the Roundup MDL.

15. Panel Rule 10.1(b) allows the Panel to remand a consolidated action "upon [] the transferee court's suggestion of remand." Panel Rule 10.2(a) provides that "[u]pon the suggestion of the transferee judge or the Panel's own initiative, the Clerk of the Panel shall enter a conditional order ["CRO'] remanding the action or actions to the transferor district court."

16. The JPML places "great weight on the transferee judge's determination that remand of a particular action at a particular time was proper." *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (U.S. Jud. Pan. Mult. Lit. 1976). This is "because the transferee judge... supervises the day-to-day pretrial proceedings." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). "In determining whether to issue a suggestion for remand to the MDL Panel, "district courts are "guided by the standards for remand employed by the MDL Panel." *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 2012 WL 1899798, at *1 (S.D. Cal. May 24, 2012). "[W]hether remand is appropriate is left to the court's discretion and generally turns on the question of <u>whether the case will benefit from further coordinated proceedings as part of the MDL</u>." [Emphasis added] *Id.* (citations omitted).

17. The common question of fact in the Roundup MDL is "whether glyphosate causes Non-Hodgkin's lymphoma in persons exposed to it while using Roundup." *In re: Roundup Products Liab. Litig.*, 214 F. Supp. 3d at 1347. In the matter at hand, Bundy was diagnosed with Hodkin's Lymphoma, which Defendants and the Independent Settlement Master claim is factually different from the common diagnosis found in the Roundup MDL of Non-Hodgkin's Lymphoma. As a result, this matter differs from the thousands of other cases in the Roundup MDL and does not benefit from the "just and efficient conduct" of the MLD forum. *See* 28 U.S.C. § 1407.

18. Given the difference between the technical diagnosis of Hodgkin's Lymphoma in the case at hand and the diagnosis of Non-Hodgkin's Lymphoma in the cases transferred to the MDL, remand is appropriate.

19. Finally, since this matter should not have been included in the Roundup MDL, Bundy requests that this Court deny the entitlement of the common benefit hold back (Pretrial Order No. 236).

20. A copy of this motion was shared with counsel for Monsanto prior to filing who advises that Monsanto takes no position on this motion.

For the foregoing reasons, this Court should grant this motion requesting a suggestion of remand of this action to the United States District Court for the Middle District of Florida and deny the entitlement of the common benefit hold back.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on 2nd day of November, 2023, and was provided via e-service to Anthony N. Upshaw, Esq. and Melissa R. Alvarez, Esq., McDermott Will & Emery, LLP 333 SE 2nd Avenue, Suite 4500, Miami, FL 33131 (aupshaw@mwe.com) and (malvarez@mwe.com) and Joe G. Hollingsworth, Esq., Hollingsworth LLP, 1350 I Street N.W., Washington, D.C. 20005 (jhollingsworth@hollingsworthllp.com) and Anthony R. Martinez, Esq., Shook, Hardy & Bacon, L.L.P., 2555 Grand Blvd., Kansas City, MO 64108 (amartinez@shb.com).

    ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Postal Drawer 4195
Sarasota, Florida 34230
(941) 366-8100 - Phone
(941) 366-6884 - Fax

_____
ANTHONY J. MANGANIELLO, III, ESQ.
amanganiello@icardmerrill.com
Florida Bar No. 0052307
Attorneys for Plaintiff, BUNDY

# THE LAW OFFICES OF
# KENNETH R. FEINBERG PC
THE WILLARD OFFICE BUILDING
1455 PENNSYLVANIA AVENUE, N.W.
SUITE 390
WASHINGTON, D.C. 20004-1008
(202) 371-1110 (TELEPHONE)

February 23, 2022

Mr. Robert Bundy
c/o Anthony J. Manganiello, III, Esq.
Icard, Merrill, Cullis, Timm, Furen & Ginsurg, P.A.
2033 Main Street, Suite 600
Sarasota, FL 34230

Via Federal Express

Re:   Determination Letter
      Robert Bundy
      MDL NO. 2741 (N.D.Cal.) Roundup Independent Settlement Program

Dear Mr. Bundy:

We have completed our review of your claim and the supporting documentation you submitted to the Independent Roundup Settlement Program (the "Program"). We conducted a complete and thorough review of the file including any subsequent documentation that you may have submitted as part of our review.

Unfortunately, the Independent Claims Administrator has concluded that the claim submitted does not satisfy one of the basic requirements for participation in the Program. Specifically, the claimant must provide medical records documenting a diagnosis of an **eligible subtype of Non-Hodgkin's Lymphoma**. The provided medical records and documentation show a diagnosis of **Hodgkin's Disease**, which is not an eligible subtype of Non-Hodgkin's Lymphoma for consideration under our Program.

Consequently, the Administrator has determined that the claim is ineligible for compensation. If you have questions regarding this determination, you may reach me at 202-371-1110.

Sincerely yours,

Kenneth R. Feinberg
Kenneth R. Feinberg
Independent Settlement Master



1