**BAILLY & MCMILLAN, LLP**
John J. Bailly, Esq
(jbailly@bandmlaw.com)
Richard DePonto, Esq.
(rdeponto@bandmlaw.com)
707 Westchester Ave, Suite 405
White Plains, NY 10604
Tel: (914) 684-9100
Fax: (914) 684-9108

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| This document relates to:<br><br>*Marcus Fitz and Jeffrey Fitz v. Monsanto Co.*,<br>Case No.:3:21-cv-03580-VC | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER AND IN OPPOSITION OF DEFENDANT MONSANTO COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing:**<br>Date: December 7, 2023<br>Time: 1:00 p.m.<br>Place: Courtroom 4 (via Zoom) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 7, 2023 at 1:00 p.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiffs Marcus Fitz and Jeffrey Fitz, will move this Court for an order, pursuant to Federal Rule of Civil Procedure 16(b)(4), for leave to modify the scheduling order permitting the service of Plaintiffs' expert report, served on October 27, 2023, to be deemed timely.

Dated: November 3, 2023

Respectfully submitted,

*/s/ John J. Bailly*

John J. Bailly
Attorney for Plaintiffs

**MEMORANDUM**

On October 27, 2023, Plaintiffs served the Defendant with the expert report of Dr. Charles Farber, whose opinion provides case-specific evidence of a specific causal link between the Roundup exposure and Marcus Fitz's cancer. Plaintiffs now seek to modify the case scheduling order, dated November 3, 2022, to deem the service of the Dr. Farber's expert report timely.

Rule 16 of the Federal Rules of Civil Procedure allows a scheduling order to be modified for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4). "A finding of good cause depends on the diligence of the moving party," *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir.2003), although prejudice to the non-moving party is also relevant, *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir.2007). Courts in the Second Circuit often consider additional factors, including "the imminence of trial," "whether the request is opposed," and "whether further discovery is likely to lead to relevant evidence." *Jeannite v. City of New York Department of Buildings*, No. 09 Civ. 3464, 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010).

Defendant herein requests that the Court dismiss the complaint because Plaintiffs failed to serve the expert report prior to the June 26, 2023 deadline. It is true that the expert report was served after the deadline. However, the purpose of Rule 26 is to require the parties to disclose "expert testimony sufficiently in advance of trial [so] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed.R.Civ.P. 26(a)(2)(B) Advisory Committee Notes (1993

Amendments) at 160 (West 2005).

On a motion to dismiss a case for failure to comply with a court order, a plaintiff may proffer an excuse for delay that, if anything but frivolous, shifts the burden of production to the defendant to show at least some actual prejudice; if it does, the plaintiff must persuade the court that the claims of prejudice are illusory or relatively insignificant in light of his excuse. *(In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*), 460 F.3d 1217, 1222 (9th Cir. 2006) Prejudice warranting dismissal for failure to comply with a court order normally consists of loss of evidence and memory, but may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself. *Id.* at 1228.

When determining whether to admit the late disclosure of an expert witness, courts examine whether (1) there was prejudice or surprise to the other party; (2) the ability to cure the prejudice; (3) the likelihood of disruption at trial; and, (4) bad faith or willfulness. *Lanard Toys Ltd. V. Novelty, Inc.* 375 Fed. Appx. 705, 713 (9th Cir. 2010)(Court found that these factors permitted a later-disclosed expert to testify at trial)

Here, Plaintiffs submit that good cause exists warranting modification of the case scheduling order to allow service of Plaintiffs' expert report after the June 26, 2023 deadline. The delay in compliance with the Court ordered deadline was not due to a lack of diligence on Plaintiffs' part. The original attorney handling this case on behalf of the Plaintiffs left your affirmant's office in the beginning of 2023, which left the Plaintiffs' office short staffed. The attorney handling

the case now was out of the office for nearly a month on family leave and Plaintiffs' own expert, Dr. Farber, was out of the country for an extended period of time. Notwithstanding, Plaintiffs continued to diligently work to consult with and retain an expert regarding specific causation.

In addition to establishing good cause, Plaintiffs also submit that Defendant is unable to establish any actual prejudice. There is no trial date set for this case, there is no concern for loss of memory or evidence and Plaintiffs are willing to produce Dr. Farber for deposition for further discovery. The only apparent prejudice facing the Defendant is the cost in bringing the underlying motion for summary judgment, however, Plaintiffs will agree to pay Defendant's costs associated with the motion.

Defendant shall have the opportunity to depose Plaintiff's expert, with any expenses associated with the deposition to be paid by Plaintiff. *See Hudson v. Keller Corp.,* 2001 WL 36097434 at 1 (C.D. Cal. July 24, 2001) (Court found that because defendants could depose expert, exclusion of expert was not the proper remedy) As such, no actual prejudice exists and this case should therefore be decided on the merits.

In the event the Court considers the expert report of Dr. Farber, Defendant's motion for summary judgment must be denied. Dr. Farber's report establishes the specific causation between Marcus Fitz's Roundup exposure and his cancer diagnosis. Dr. Farber's report contains a complete statement of all of his opinions he will express at trial and the basis and reasons for them. While his complete report is annexed hereto, Dr. Farber opines that:

> Marcus has been exposed to GBFs in a manner and magnitude that fits within the published epidemiologic literature where causation and an association between NHL and GBFs has been demonstrated. In performing the differential diagnosis of causation of Marcus' NHL, I conclude to a reasonable degree of medical certainty that his exposure to GBFs is a substantial contributing factor to the development of his non-Hodgkin lymphoma.

Dr. Farber's opinion based upon his differential diagnosis creates a question of fact as to specific causation. For this reason, Defendant's motion for summary judgment should be denied.

Dated: White Plains, New York
November 3, 2023

Bailly and McMillan, LLP

/s/ John Bailly
John Bailly, Esq.
Attorneys for Plaintiffs
707 Westchester Avenue
Suite 405
White Plains, NY 10604
(914)684-9100

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

/s/ John Bailly
John Bailly, Esq.