**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Angelo Bulone v. Monsanto Company, 3:20-cv-03719-VC* | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT OF LUOPING ZHANG, PH.D.**<br><br>**Hearing:**<br>Date: December 14, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 14, 2023 at 10:00 a.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1), granting its Motion to Strike the Expert Report of Lupoing Zhang, Ph.D. served by Wave 6D Plaintiff Angelo Bulone ("Plaintiff"), on the grounds that the expert report lacks required detail and therefore Plaintiff should not be allowed to rely on Dr. Zhang's undisclosed opinions at trial.

Dated:  November 7, 2023              Respectfully submitted,

                                      */s/ Jed P. White*
                                      Jed P. White
                                      Attorney for Defendant Monsanto Company

## **MEMORANDUM OF POINTS AND AUTHORITIES**

To prevail on any of his claims, Angelo Bulone, ("Plaintiff"), must prove that Roundup was the proximate cause of his cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Plaintiff's cancer specifically, are specialized issues for which expert testimony is required.

Plaintiff failed to disclose a sufficiently detailed expert report for Luoping Zhang, Ph.D. ("Dr. Zhang") regarding her causation opinions, which was due September 25, 2023. Instead, Plaintiff served a one-page affidavit from Dr. Zhang, which stated that her opinions were set out in two (2) attached journal articles. Having failed to provide a Rule 26(a)(2)(B)-compliant expert report, Plaintiff should not be permitted to rely on Dr. Zhang's opinions at trial.

## **BACKGROUND**

Plaintiff is a resident of South Carolina who alleges that exposure to Monsanto's Roundup-branded herbicides ("Roundup") caused him to develop cancer. *See* Complaint. ECF 1, ¶¶ 1, 100-105. Mr. Bulone was diagnosed with Chronic Lymphocytic Leukemia ("CLL") in 1995. *See id*. at ¶¶ 1, 103. Plaintiff seeks to hold Monsanto responsible for his cancer, asserting nine causes of action. The lynchpin of Plaintiff's complaint is that glyphosate—the active-ingredient in Roundup—caused Plaintiff's CLL. *See id*. at ¶¶ 1, 100-105.

On November 3, 2022, this MDL Court required all Wave 6D plaintiffs, including Plaintiff in this case, to submit expert reports no later than September 25, 2023. *See* Order Granting Joint Request for Revised Schedule for Wave 5-6 Cases and Adding Wave 7 Schedule ("Scheduling Order") (MDL ECF #15725). The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

On September 25, 2023, Plaintiff served an "expert report" which merely consists of an affidavit from Dr. Zhang and included as exhibits her CV, and two journal articles, as well as a separate document listing her prior testimony.[1] Declaration of Jed White ("White Decl."), ¶ 3. Accordingly, Plaintiff has not complied with Rule 26's disclosure requirements concerning the opinions he seeks Dr. Zhang to offer in this case, and Dr. Zhang's affidavit should be stricken.

## LEGAL STANDARD

The disclosure of expert testimony is governed by Federal Rule if Civil Procedure 26(a)(2). In addition to requiring that a plaintiff disclose the identity of the expert, Rule 26(a)(2) provides that "[a] written report is required" of that expert if she "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Masimo Corp. v. Apple, Inc.*, No. SA CV 20-00048 JVS (JDEx), 2022 WL 18285029, at *2 (C.D. Cal. Nov. 22, 20222) (quoting Fed. R. Civ. P. 26(a)(2)(B)). The expert report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(iv).

Where a plaintiff fails to provide the required expert report, Federal Rule of Civil Procedure 37(c)(1) provides that "the party is not allowed to use the witness to

---

[1] Tellingly, neither Plaintiff's transmission of Dr. Zhang's affidavit, nor the affidavit itself, refer to her materials as an "expert report."

supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Masimo*, 2022 WL 18285029, at *2 (citation omitted).

## ARGUMENT

### I. THE COURT SHOULD STRIKE DR. ZHANG'S EXPERT REPORT BECAUSE IT DOES NOT SATISTY THE WRITTEN REPORT REQUIREMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2).

Plaintiff's deadline to disclose expert reports was September 25, 2023. *See* Nov. 3, 2022 Order Granting Joint Request for Revised Schedule for Wave 5-6 Cases and Adding Wave 7 Schedule. It is plain that Dr. Zhang's one-page affidavit—which is devoid of any statement regarding her opinions (including the basis for them), the facts or data she considered in forming these unknown opinions, the exhibits (if any) that summarize or support them, and her compensation—does not satisfy Rule 28(a)(2)(B)'s requirements and should be stricken. Courts routinely strike similarly sparse submissions. *See e.g.*, *Cyntegra, Inc. v. Idexx Labs., Inc.*, No. CV 06-4170 PSG (CTx), 2007 WL 5193736, at *9 (Sept. 21, 2007) (expert declaration, which barely exceeded one page, did not constitute a proper expert report and striking the same); *see also Derrick v. Standard Nutrition Co.*, No. CIV 17-1245 RB/SMV, 2019 WL 2024960, at *1 n.1 (D.N.M. May 8, 2019) (doctor's letter did not qualify as an "expert report" because it did not meet the requirements of Rule 26(a)(2)(B)); *Robinson v. Suffolk Cnty. Police Dept.*, 544 Fed. App'x 29, 32 (2nd Cir. 2013) (affirming trial court's exclusion of "insufficiently detailed" expert report); *Osei v. Staples, Inc.*, No. PX 8:20-cv-00040, 2021 WL 1516036, at *5 (D. Md. Apr. 15, 2021) (striking designation of expert where his report is deficient in a number of ways, such as failing to include an explanation of how the defendants were negligent); *Central States, Southeast and Southwest Areas Health & Welfare Fund v. Haynes*, No. 17 C 6275, 2018 WL 8265243, at *3 (N.D. Ill. Oct. 24, 2018) (excluding testimony of doctor whose one-page affidavit "lack[ed] the how and why of [his] reasons for his opinion"); *Jackson v. U.S.*, No. C 05-3006 MHP, 2007 WL 4532223, at *4-5 (N.D.

Cal. Dec. 19, 2007) (excluding expert whose one-page medical report "cite[d] to no specific evidence or statement of facts to support his conclusions"); *Livertt v. Dyncorp Int'l LLC*, No. 1:17cv811, 2017 WL 6896663, at *2 (E.D. Va. Oct. 24, 2017) (granting motion to strike expert witness where his one-page summary of opinions did not satisfy Rule 26(a)(2)(B) because it did not "include[e] a complete statement of the bases and reasons for [the expert]'s opinions or the facts or data [he] used to form his opinions).

Plaintiff had ample time and opportunity to satisfy his expert disclosure obligations under Rule 26(a)(2) and the Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

Dr. Zhang's affidavit fails to comply with FRCP 26(a)(2) and Plaintiff's failure to submit an expert report for Dr. Zhang was not substantially justified or harmless.

## CONCLUSION

For the foregoing reasons, the Court should strike Dr. Zhang's purported expert report and preclude Plaintiff from relying on her opinions at trial.

Dated: November 7, 2023           Respectfully submitted,

/s/ Jed P. White
Jed P. White
Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

/s/ Jed P. White
Jed P. White