**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION

**MDL No. 2741**
**Case No. 16-md-02741-VC**

---------------------------------------------------------------------X

ALAN TOMION,

Plaintiff,

- against -

MONSANTO COMPANY,

Defendant.

**3:22-cv-00940-VC**

---------------------------------------------------------------------X

DOUGLAS SAMMONS,

Plaintiff,

- against -

MONSANTO COMPANY,

Defendant.

**3:23-cv-00050-VC**

---------------------------------------------------------------------X

DOUGLAS LOCSIN,

Plaintiff,

- against -

MONSANTO COMPANY,

Defendant.

**3:23-cv-02571-VC**

---------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO VACATE THE ORDER OF DISMISSAL DATED NOVEMBER 6, 2023 INSOFAR AS IT DISMISSED THEIR RESPECTIVE ACTIONS OR OTHER SUITABLE RELIEF**

BELLUCK & FOX LLP
546 Fifth Avenue, 5th Floor
New York, New York 10036
T: 212.681.1575
F: 212.681.1574
hmarks@belluckfox.com

*Attorneys for Plaintiff Alan Tomion, Douglas Sammons, Douglas Locsin*

# Table of Contents

TABLE OF AUTHORITIES .......... *iii, iv*

PRELIMINARY STATEMENT .......... 1

FACTUAL AND PROCEDURAL BACKGROUND .......... 1

ARGUMENT

CONSIDERATION OF THE *PIONEER* FACTORS MILITATES IN FAVOR OF VACATUR UNDER THE CIRCUMSTANCES OF THESE CASES .......... 3

CONCLUSION .......... 7

**Table of Authorities**

**Cases**

*Ashford v. Stewart*, 657 F.2d 1053, 1055 (9th Cir. 1981)……………………………………………5

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262–63 (9th Cir. 2010)………………….5, 6

*Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir., 1988)……………………………………………………………………………………………6

*Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997)…………………………..4

*Bateman v. United States Postal Service,* 231 F.3d 1220, 1223–24 (9th Cir. 2000)…………...4, 6

*Hassenflu v. Pyke*, 491 F.2d 1094 (5th Cir. 1974)…………………………………………….....4

*Holt v. Staples the Off. Superstore, LLC*, No. CV191735DMGRAOX, 2019 WL 7882067 (C.D. Cal. May 10, 2019)……………………………………………………………………………..6

*Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)………………………………...4, 5

*M.D. by and through Doe v. Newport-Mesa Sch.*, 840 F.3d 640, 642 (9th Cir. 2016)………4, 6, 7

*Meyer v. UnitedHealthCare Ins. Co.*, No. CV 18-173-M-DLC, 2019 WL 5550338, at *3 (D. Mont. Oct. 28, 2019)……………………………………………………………………………...…5

*Moczek v. Sec'y of Health & Hum. Servs*., 776 F. App'x 671, 673 (Fed. Cir. 2019)……………...7

*Russell v. Cunningham*, 279 F.2d 797, 804 (9th Cir. 1960)…………………………………….3,4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95 (1993)……….4

*Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)…………………………………………4, 6

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981)……………………………...4

*United States v. Walus,* 616 F.2d 283, 288 (7th Cir., 1980) ……………………………………...3

*United States v. Berger*, 86 F.R.D. 713, 715 (W.D. Pa. 1980) (*citing*)…………………………...4

*Vercher v. AON Risk Servs., Inc. of Louisiana*, 237 F.3d 630 (5th Cir. 2000)……………………7

*Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016)……………………………………….6

**Statutes and Other Authority**

Federal Rule of Civil Procedure 60(b)……………………………………………………...1, 3

Federal Rule of Civil Procedure 60(c)(1)…………………………………………………..3

## PRELIMINARY STATEMENT

Plaintiffs Alan Tomion, Douglas Sammons, and Douglas Locsin respectfully submit this memorandum of law in support of their joint motion, pursuant to F.R.C.P. 60(b) to vacate the Order, dated November 6, 2023 or provide other suitable relief, dismissing their cases with prejudice for failure to comply with Pre-Trial Order No. 240 and the Individual Roundup Settlement Program. It is submitted that vacatur is warranted under the particular circumstances of these cases, pursuant to the liberally-construed Rule 60(b) and in the interest of justice, to permit these cases to be included in the Independent Roundup Settlement Program and/or to otherwise be adjudicated on their merits.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs commenced their respective actions against Monsanto Co. in the Western District of New York (Tomion), Northern District of New York (Sammons), and the Eastern District of California (Loscin). Each alleged that the acts of Defendant caused them to develop non-Hodgkin's lymphoma (Tomion and Loscin) or chronic lymphocytic leukemia (Sammons). *See* 3:22-cv-00940 Dkt. No. 1; 3:23-cv-00050 Dkt. No. 1; 3:23-cv-02571 Dkt No. 1. Each case was subsequently transferred to this Court under MDL No. 2741 and proceeded in an ordinary manner with the other MDL cases.

I was assigned to handle the instant three matters, amongst my active caseload. *See* Marks Decl. To the extent any other attorney from my firm is listed for notice, it was only for the purposes of commencing the *Tomion* action in a court, i.e., the Western District of New York, *Locsin* action in a court i.e. Eastern District of California, for which neither myself nor the predecessor attorney in my position at the firm were admitted at the time of filing.

Either due to emails going to a spam/filtered inbox or my inadvertently missing some of the MDL emails, I did not see several emails regarding the Special Master and Plaintiff's liaison counsel regarding the Special Master's deadline to submit, and the Court's October 2, 2023 order, among several other emails generated by CM/ECF from the MDL docket. *See id.* I have now modified my office's computer and calendaring practices to ensure that I do not miss pertinent emails in the future.

Had I seen such emails from the Special Master and/or the e-filing system, I certainly would have provided to the Special Master the basic information requested pursuant to the Individual Roundup Settlement Program, and my clients would have certainly participated therein. *See id.* They still wish to do so. My office has a long history of working with the Special Master dating back to the time the founding partner, Joseph Belluck volunteered for 6 months to do the initial work on 9/11 fund claims and to help 9/11 families mediate cases.

Upon learning of the dismissals, I promptly contacted counsel for Defendant within two days to inquire if it would stipulate to vacate the Order as to my three clients. Defendant declined, which admittedly, was neither unexpected nor unreasonable under the circumstances. I also contacted Plaintiffs' liaison counsel within two days to inquire if a mechanism existed to vacate the Order as to my clients without the need to burden this Court with motion practice.

On November 13, 2023, prior to the filing of this motion, the requisite information for this Program was emailed to RoundupProgram@FeinbergLawOffices.com, as previously instructed by the Special Master. The following day, on November 14, 2023, we received a response from the Special Master regarding our submissions which stated in sum and substance, that it could only accept these claims into Program, if the Court approves. Upon information and belief, the Program is still active, and cases are currently being evaluated for settlement and mediation.

Accordingly, this motion ensued, which was made ten (10) days after entry of the Order of Dismissal.

## ARGUMENT

### CONSIDERATION OF THE *PIONEER* FACTORS MILITATES IN FAVOR OF VACATUR UNDER THE CIRCUMSTANCES OF THESE CASES

It is respectfully submitted that vacatur in warranted so the instant Plaintiffs can participate in the settlement program and/or have their claims adjudicated on their merits. Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect.

The rule further provides that a motion for such relief must be made within reasonable time after the entry of the order, not to exceed one year. F.R.C.P 60(c)(1).

The Rule is an equitable one that is remedial in nature, and thus is to be given a liberal construction so as to do substantial justice and "to prevent the judgment from becoming a vehicle of injustice." *United States v. Walus,* 616 F.2d 283, 288 (7th Cir., 1980). A liberal construction serves the purpose of favoring a trial on the full merits of the case rather than on default. *Russell v. Cunningham*, 279 F.2d 797, 804 (9th Cir. 1960); *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981).

To this end, courts generally accept the proposition that parties should not be penalized for the negligence of their attorneys except in extreme and unusual circumstances. *United States v. Berger*, 86 F.R.D. 713, 715 (W.D. Pa. 1980) (*citing Hassenflu v. Pyke*, 491 F.2d 1094 (5th Cir. 1974)). Reading the Rule "inflexibly to exclude every instance of an inadvertent or negligent

omission would ignore the most natural meaning of the word 'neglect' and would be at odds with the accepted meaning of that word in analogous contexts." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95 (1993).As such, "[e]xcusable neglect encompass[es]... omissions caused by carelessness" and, as its name suggests, "includes cases of negligence." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

In the Ninth Circuit, whether a party's neglect is excusable depends upon an analysis of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Service,* 231 F.3d 1220, 1223–24 (9th Cir. 2000) (*citing Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993)). Further, what constitutes "excusable" is an equitable analysis involving the totality of the circumstances. *See M.D. by and through Doe v. Newport-Mesa Sch.*, 840 F.3d 640, 642 (9th Cir. 2016); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997); *Pioneer, supra.* In evaluating these factors, *per se* rules are inappropriate. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ("We now hold that per se rules are not consistent with *Pioneer* ....").

Here, it is submitted that consideration of the four *Bateman/Pioneer* factors weighs strongly in favor of vacatur. *First*, there is no prejudice to Defendant, as at issue is whether the matters could be resolved via the settlement program, which is still active and proceeding. Plaintiffs have already transmitted the required information to the Special Master, and request that they be accepted *nunc pro tunc,* meaning these cases can simply be folded into the settlement program and addressed in the same manner as the cases already being considered, without any impact on Defendant or the MDL proceedings. Considering the number of cases being mediated, the burden of adding these three on Defendant and the Special Master would be minimal, if any.

*See Meyer v. UnitedHealthCare Ins. Co.*, No. CV 18-173-M-DLC, 2019 WL 5550338, at *3 (D. Mont. Oct. 28, 2019) (vacating dismissal where, *inter alia,* burden would be minimal).

In fact, were Plaintiffs to reach a settlement through the program, that would conceivably benefit Defendant. And if no settlement was reached, Defendant would be placed in no different position vis-à-vis the litigation than it currently is. Plaintiffs, by contrast, would suffer significant prejudice were the Order not to be vacated, as they would have no ability to either resolve their claims or prosecute them on their merits. *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (without vacatur plaintiff would suffer the "ultimate" prejudice).

Therefore, the first *Pioneer* factor weighs heavily in favor of vacating the Order.

*Second*, the length of delay is minimal. "What constitutes 'reasonable time' depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Stewart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Plaintiffs, upon learning of the dismissal, immediately contacted counsel for Defendant, requesting the professional courtesy of a stipulation to vacate the order, but that courtesy was rejected. *Cf. Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262–63 (9th Cir. 2010) ("defense counsel disavowed any nod to professional courtesy, instead engaging in hardball tactics designed to avoid resolution of the merits of this case."). Plaintiffs then sought the instant relief ten days after the Order of Dismissal, and in the interim transmitted the pertinent documentation to the Special Master. Substantially longer delays have been deemed to weigh in favor of vacatur. *See, e.g., Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir., 1988) (no prejudice from two-week delay since the only disadvantage was the loss of a quick victory); *M.D., supra.* Moreover, as noted

*supra*, since the settlement program is currently active, there should be little, if any, impact on the overall MDL proceedings.[1] Therefore, this factor also strongly weighs in favor of vacatur.

*Third*, Plaintiffs have set forth an excusable reason for their admitted failure, although this Affiant did not diligently review all emails at issue, which admittedly is neglect, this is not an extreme circumstance where Plaintiffs should suffer for their counsel's failure, as District Courts have held in analogous situations. *See, e.g., Holt v. Staples the Off. Superstore, LLC*, No. CV191735DMGRAOX, 2019 WL 7882067 (C.D. Cal. May 10, 2019) (vacating dismissal where the CM/ECF email was "flagged as spam" and counsel neglected to check the spam folder); *see also Bateman*, *supra* at 1224-25 (reason for delay was travel, jet lag, and the time it took to sort through mail, which was weak, but the equities still favored excusing the negligence). This is akin to a calendaring error, which has consistently been held to be excusable by the Ninth Circuit. *See, e.g., Ahanchian*, *supra* at 1255; *Pincay*, *supra* at 854–55; *Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016) ("[W]here other factors counsel relief, a calendaring mistake and related failure to catch that mistake is no bar to ... relief."). Thus, the third factor weighs in favor of vacatur, but even if deemed otherwise, it does not alone outweigh the other three factors. *See M.D., supra* at 643 ("[t]his is not a case where counsel's neglect is so egregious that it outweighs the remaining three factors").

*Fourth*, there is no indication at all of bad faith. Considering the seriousness of Plaintiffs' injuries alleged to be caused by Defendant's actions, and the reason for Plaintiffs' failure to transmit the required information to the Special Master, it simply cannot be said that Plaintiffs' acted in bad faith, or that they would have in the first instance. *See M.D., supra* at 643 ("Where [an] error results from negligence and carelessness, not from deviousness or willfulness," a district

---

[1] Although substantially more time has passed since the original Settlement Program emails were sent, "delay" is measured from the date of the dismissal. *See Bateman, supra.*

court's finding a lack of bad faith is appropriate.); *Moczek v. Sec'y of Health & Hum. Servs.*, 776 F. App'x 671, 673 (Fed. Cir. 2019) (abuse of discretion to dismiss petition for failure to file report with Special Master); *Vercher v. AON Risk Servs., Inc. of Louisiana*, 237 F.3d 630 (5th Cir. 2000) (reversing denial of motion to vacate dismissal under Rule 60(b) where attorney failed to appear at pre-trial conference). This is certainly not a circumstance where Plaintiffs willfully ignored the Court’s orders to gain some unfair advantage.

**CONCLUSION**

For the reasons set forth above, and based on the evidence set forth in the Declaration of Harris Marks, which are adopted and incorporated herein, Plaintiff respectfully requests that this Court grant, pursuant to F.R.C.P 60(b)(1), Plaintiffs’ joint motion to vacate the November 6, 2023 Order of Dismissal insofar as dismissed Plaintiffs’ three respective actions, and permit Plaintiffs to participate in the Settlement Program and/or prosecute their claims on their merits.

Dated: New York, New York
November 16, 2023

Respectfully submitted,
BELLUCK & FOX LLP

Harris Marks
546 Fifth Avenue, 5th Floor
New York, New York 10036
T: 212.681.1575
F: 212.681.1574