UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re: ROUNDUP
PRODUCTS LIABILITY LITIGATION                    MDL No. 2741

This document relates to:
*Caton v. Monsanto*, Case No. 3:19-cv-07675.

---

### DECLARATION OF DAVID RANDOLPH SMITH

I, David Randolph Smith, do hereby declare and state:

1. My name is David Randolph Smith. I am counsel for the Plaintiffs Brian and Jean Caton in the above case.

2. Exhibit 1 is a true and correct copy of a letter I received from Special Master Kenneth Feinberg dated January 22, 2021, stating **"The Settlement Program is entirely voluntary**." (Emphasis in original). The letter further noted that "Monsanto informs me that it is interested in resolving your client's case."

3. Exhibit 2 is a true and correct copy of the emails sent to Monsanto's counsel from the period July 10, 2020, to March 27, 2023, and emails received from Monsanto's counsel from the period July 12, 2020, to November 30, 2022.

4. Exhibit 3 is a true and correct copy of a letter I received from Special Master Kenneth Feinberg dated June 21, 2022. This letter, and the January 22, 2021, letter, were the only letters I received from the Special Master.

5. The factual statements set forth in the accompanying MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND/VACATE PRE-TRIAL ORDER 270 AND FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(5) are true and correct and I would particularly note to the Court those facts and statements set forth at pp. 8-9 (points 1-8) and bullet points at pp. 13-18).

6. Prior to November 13, 2023, I had no knowledge that the Caton case had been dismissed.

7. I found out on that date because we had sent six emails (with no response) to Monsanto's counsel, Mel Bailey, over the period from November 30, 2022, to March 27, 2023, repeatedly asking for a response to our settlement demand. These emails were sent after Mel Bailey had stated he would look into the status of our settlement demand and give us a call. (Exhibit 2; bullet point 2 on p. 17 of Memorandum). I was and perplexed that we were receiving no response whatsoever to our emails or calls and was thus prompted to

check the individual case date docket where I discovered that the case had been dismissed on May 16, 2022.

8. I promptly prepared the accompanying motion to amend/vacate PTO and for relief from the judgment and supporting memorandum and exhibits based upon manifest injustice and equitable estoppel.

9. I have also asked the Court to order sanctions in lieu of dismissal on the basis that the failure to open the ECF notifications, under the circumstances, was delinquency on my part and that dismissal of the Catons' case would be unduly harsh and manifestly unjust.

10. On behalf of my clients, I ask that the Court to exercise its sound discretion and reinstate the Catons' case.

I declare under penalty of perjury the foregoing is true and correct.

EXECUTED THIS 16th DAY OF NOVEMBER 2023.

_____
David Randolph Smith, Esq.
*Attorney for Plaintiffs*