**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:   (713) 227-8008
Facsimile:   (713) 227-9508
Email:        jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Steven R. Jolley v. Monsanto Co.*,<br>Case No. 3:23-cv-05537-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, answers Plaintiff's Complaint ("the Complaint") by generally denying all allegations contained in the Complaint, except as set forth below. Monsanto denies – and objects to– allegations by Plaintiff that purport to lump Monsanto together with other defendants. Monsanto responds to the allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial. Monsanto answers the specific, numbered allegations of the Complaint as follows:

1. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2. The allegations in paragraph 2 comprise attorney characterizations and are

accordingly denied. Monsanto states that Roundup®-branded products have a variety of separate and distinct uses and formulations.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto admits the allegations in the first sentence of paragraph 7.  In response to the allegations in the second sentence of paragraph 7, Monsanto admits that it is authorized to do business in the State of Utah.  The remaining allegations in the second sentence of paragraph 7  comprise attorney characterizations and are accordingly denied.

8.      The allegations in paragraph 8 do not require a response from Monsanto because these allegations relate to a defendant other than Monsanto.

9.      In response to the allegations in paragraph 9, Monsanto admits that it sold Roundup®-branded products in Utah.

10.      The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.

11.      Monsanto denies the allegations in paragraph 11.

12.      The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.      The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.      Monsanto incorporates by reference its responses to paragraphs 1 through 13 in response to paragraph 14 of plaintiff's Complaint.

15.      The allegations in paragraph 15 are vague and Monsanto accordingly lacks

information or knowledge sufficient to form a belief as to the truth of these allegations and therefore denies those allegations.

16.     Monsanto admits the allegations in the first sentence of paragraph 16. In response to the allegations in the second sentence of paragraph 16, Monsanto admits that it introduced a Roundup®-branded herbicide to the marketplace in 1974.  The remaining allegations in the second sentence of paragraph 16 comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 17.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     In response to the allegations in paragraph 19, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     In response to the allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 20 set forth conclusions of law for which no answer is required.

21.     In response to the allegations in paragraph 21, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States.

22.     In response to the allegations in paragraph 22, Monsanto admits that an EPA review

committee classified glyphosate as Class C in 1985 based on limited data. Monsanto denies the remaining allegations in paragraph 22.

23.     In response to the allegations in the first sentence of paragraph 23, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. In response to the allegations in the second sentence, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts,* 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry,* 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that it — along with a large number of other companies and governmental agencies — was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 24 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

25.     Monsanto denies the allegations in paragraph 25 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. To the extent that the allegations in paragraph 25 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations

26.     In response to the allegations in the first sentence of paragraph 26, Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. In response to the allegations in the second sentence of paragraph 26, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-05537-VC

studies conducted on glyphosate or glyphosate-based herbicides. To the extent that the allegations in paragraph 26 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

27.     In response to the allegations in the first sentence of paragraph 27, Monsanto admits that it — along with numerous other private companies — hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. In response to the second sentence of paragraph 27, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 27 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

28.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29.     In response to the allegations in paragraph 29, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 29 characterizes the cited document, Monsanto denies the allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 30 characterizes the cited document, Monsanto denies the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that the IARC working group classified glyphosate under Group 2A. Monsanto denies the remaining allegations in paragraph 31.

32.     Monsanto denies the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United

- 6 -

States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 33 alleges that Monsanto has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

34.     Monsanto denies the allegations in paragraph 34.

35.     Monsanto denies the allegations in paragraph 35.

36.     Monsanto denies the allegations in paragraph 36.

37.     Monsanto denies the allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-05537-VC

1    of the allegations in paragraph 46 and therefore denies those allegations.

2        47.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

3    of the allegations in paragraph 47 and therefore denies those allegations.

4        48.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5    of the allegations in paragraph 48 and therefore denies those allegations.

6        49.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 49 and therefore denies those allegations.

8        50.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9    of the allegations in paragraph 50 and therefore denies those allegations.

10       51.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

11   of the allegations in paragraph 51 and therefore denies those allegations.

12       52.    Monsanto denies the allegations in paragraph 52.

13       53.    Monsanto incorporates by reference its responses to paragraphs 1 through 52 in

14   response to paragraph 53 of plaintiff's Complaint.

15       54.    The allegations in the first sentence of paragraph 54 comprise attorney

16   characterizations and are accordingly denied. Monsanto denies the remaining allegations in

17   paragraph 54.

18       55.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

19   exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

20   paragraph 55. Monsanto states, however, that the scientific studies upon which IARC purported

21   to base its classification were all publicly available before March 2015.

22       56.    Monsanto denies the allegations in the first sentence of paragraph 56.  The

23   remaining allegations in paragraph 56 set forth conclusions of law for which no response is

24   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

25   base its classification were all publicly available before March 2015.

26       57.    Monsanto denies the allegations in paragraph 57.

27       58.    Monsanto incorporates by reference its responses to paragraphs 1 through 57 in

28

- 8 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-05537-VC

1    response to paragraph 58 of plaintiff's Complaint.

2         59.    The allegations in paragraph 59 set forth conclusions of law for which no response

3    is required.

4         60.    The allegations in paragraph 60 set forth conclusions of law for which no response

5    is required.

6         61.    Monsanto denies the allegations in paragraph 61.

7         62.    Monsanto denies the allegations in paragraph 62.

8         63.    Monsanto denies the allegations in paragraph 63.

9         64.    Monsanto denies the allegations in paragraph 64.

10        65.    Monsanto denies the allegations in paragraph 65, including each of its subparts.

11        66.    Monsanto denies the allegations in paragraph 66.

12        67.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

13   of the allegations in paragraph 67 regarding plaintiff's knowledge and therefore denies those

14   allegations. Monsanto denies the remaining allegations in paragraph 67, including that intended

15   use of and/or exposure to Roundup®-branded products causes any injuries.

16        68.    Monsanto denies the allegations in paragraph 68.

17        69.    Monsanto denies the allegations in paragraph 69.

18        70.    Monsanto denies the allegations in paragraph 70.

19        71.    Monsanto incorporates by reference its responses to paragraphs 1 through 70 in

20   response to paragraph 71 of plaintiff's Complaint.

21        72.    Monsanto admits that it has designed, manufactured, tested, marketed, advertised,

22   distributed, labelled, and sold, Roundup®-branded products. The remaining allegations in

23   paragraph 72 set forth conclusions of law for which no response is required.

24        73.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25   of the allegations in paragraph 73 and therefore denies those allegations.

26        74.    Monsanto denies the allegations in paragraph 74.

27        75.    Monsanto denies the allegations in paragraph 75.

- 9 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-05537-VC

83.     Monsanto denies the allegations in paragraph 83.

76.     Monsanto denies the allegations in paragraph 76, including each of its subparts.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies that Roundup®-branded products have "dangerous nature." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 and therefore denies those allegations.

79.     The allegations in paragraph 79 set forth conclusions of law for which no response is required.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto incorporates by reference its responses to paragraphs 1 through 85 in response to paragraph 85 of plaintiff's Complaint.

86.     The allegations in paragraph 86 set forth conclusions of law for which no response is required.

87.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies those allegations.

88.     Monsanto denies the allegations in paragraph 88. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

91.     Monsanto denies the allegations in paragraph 91. All labeling of Roundup®-

- 10 -

branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 93 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 93.

94.     The allegations in paragraph 94 set forth conclusions of law for which no response is required.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 98.

99.     The allegations in the first sentence of paragraph 99 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 and therefore denies those allegations.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto incorporates by reference its responses to paragraphs 1 through 104 in response to paragraph 105 of plaintiff's Complaint.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 concerning the plaintiff's claimed use of Roundup®-branded

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-05537-VC

products and therefore denies those allegations. The remaining allegations in paragraph 107 set forth conclusions of law for which no response is required.

108.   The allegations in paragraph 108 set forth conclusions of law for which no response is required.

109.   Monsanto denies the allegations in paragraph 109.

110.   The allegation in paragraph 110 regarding a purported implied warranty sets forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 110 and therefore denies those allegations.

111.   Monsanto denies the allegations in paragraph 111.

112.   Monsanto denies the allegations in paragraph 112.

113.   Monsanto denies the allegations in paragraph 113.

114 - 120.   Plaintiff's fifth cause of action is directed at a defendant other than Monsanto and does not require any responses from Monsanto. To the extent that responses from Monsanto are deemed required, Monsanto: (a) denies any and all allegations regarding defective design, failure to warn, fraudulent misrepresentation, negligence, or other misconduct; (b) denies that Monsanto is liable to plaintiff based on a strict liability theory, a negligence theory, or any other legal theory; (c) denies that Roundup®-branded products cause cancer or are defective; (d) denies that Roundup®-branded products caused plaintiff's cancer; and (e) denies plaintiff's allegations regarding the 2018 transaction that resulted in Monsanto becoming an indirect, wholly-owned subsidiary of Bayer AG.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-05537-VC

### SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

- 13 -

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the

United States Constitution, the Utah Constitution, and/or other applicable state constitutions.

19.    Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive and/or exemplary damages under Utah law and/or other applicable state laws.

20.    Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Utah law.

21.    Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent, or done with a conscious disregard for the rights of plaintiff and/or the safety of the public. Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability. In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive and/or exemplary, aggravated, treble or double damages based on their allegations.

22.    Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.    Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

26.    If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to

amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED:  November 24, 2023                    Respectfully submitted,

                                                            SHOOK, HARDY & BACON L.L.P.

                                                            BY: */s/ Jennise W. Stubbs*
                                                                    Jennise W. Stubbs
                                                                    600 Travis Street, Suite 3400
                                                                    Houston, TX 77002-2926
                                                                    Telephone:        (713) 227-8008
                                                                    Facsimile:        (713) 227-9508
                                                                    Email:    jstubbs@shb.com

                                                            ***Attorneys for Defendant***
                                                            ***MONSANTO COMPANY***

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-05537-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on the 24th day of November, 2023, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs