**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:   (713) 227-8008
Facsimile:   (713) 227-9508
Email:   jstubbs@shb.com

*Attorney for Defendant*
*BAYER CORPORATION*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: *Steven R. Jolley v. Monsanto Co.*, Case No. 3:23-cv-05537-VC | |

### BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation ("Bayer Corporation"), by and through its counsel, answers Plaintiff's Complaint ("the Complaint") by generally denying all allegations contained in the Complaint, except as set forth below. Bayer Corporation denies – and objects to– allegations by Plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to the allegations in the Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial. Bayer Corporation answers the specific, numbered allegations of the Complaint as follows:

1.   Bayer Corporation admits that Plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to Plaintiff. Bayer Corporation denies the remaining allegations in paragraph 1.

2. The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3. Bayer Corporation denies the allegations in paragraph 3.

4. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7. The allegations in paragraph 7 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

8. In response to the allegations in paragraph 8, Bayer Corporation admits that it is an indirect subsidiary of Bayer AG and that its principal place of business is in New Jersey. Bayer Corporation denies the remaining allegations in paragraph 8.

9. Bayer Corporation denies the allegations in paragraph 9.

10. Bayer Corporation denies the allegations in paragraph 10.

11. Bayer Corporation denies the allegations in paragraph 11.

12. The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13. The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 13 in response to paragraph 14 of the Complaint.

15. The allegations in paragraph 15 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

16. The allegations in paragraph 16 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

17. The allegations in paragraph 17 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

18. The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19. In response to the allegations in paragraph 19, Bayer Corporation admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20. In response to the allegations in paragraph 20, Bayer Corporation admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21. In response to the allegations in paragraph 21, Bayer Corporation admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States. Bayer Corporation denies the remaining allegations in paragraph 21.

22. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23. The allegations in the first sentence of paragraph 23 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 23 and therefore denies those allegations.

24. The allegation in paragraph 24 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

25. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27. The allegation in paragraph 27 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation. To the extent a response is deemed required, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations

28. Bayer Corporation admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29. In response to the allegations in paragraph 29, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 29 characterizes the cited document, Bayer Corporation denies the allegations in paragraph 29.

30. In response to the allegations in paragraph 30, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 30 characterizes the cited document, Bayer Corporation denies the allegations in paragraph 30.

31. In response to the allegations in paragraph 31, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the remaining allegations in paragraph 31.

32. Bayer Corporation denies the allegations in paragraph 32.

33. In response to the allegations in paragraph 33, Bayer Corporation admits that glyphosate is safe, non-carcinogenic, and non-genotoxic and admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world. Bayer Corporation denies the remaining allegations in paragraph 33.

34. Bayer Corporation denies the allegations in paragraph 34.

35. Bayer Corporation denies the allegations in paragraph 35.

36. Bayer Corporation denies the allegations in paragraph 36.

37. Bayer Corporation denies the allegations in paragraph 37.

38. Bayer Corporation denies the allegations in paragraph 38.

39. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.

47. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies those allegations.

48. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies those allegations.

49. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies those allegations.

50. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.

51. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies those allegations.

52. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies those allegations.

53. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 52 in response to paragraph 53 of the Complaint.

54. The allegations in the first sentence of paragraph 54 comprise attorney characterizations and are accordingly denied. Bayer Corporation denies the remaining allegations in paragraph 54.

55. In response to the allegations in paragraph 55, Bayer Corporation denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies those allegations.

56. Bayer Corporation denies the allegations in paragraph 56.

57. Bayer Corporation denies the allegations in paragraph 57.

58. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 57 in response to paragraph 58 of the Complaint.

59. The allegations in paragraph 59 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

60. The allegations in paragraph 60 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

61. The allegations in paragraph 61 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

62. The allegations in paragraph 62 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

63. Bayer Corporation denies the allegations in paragraph 63.

1  64. Bayer Corporation denies the allegations in paragraph 64.

2  65. Bayer Corporation denies the allegations in paragraph 65 and each of its subparts.

3  66. Bayer Corporation denies the allegations in paragraph 66.

4  67. Bayer Corporation lacks information or knowledge sufficient to form a belief as to
5  the truth of the allegations in paragraph 67 regarding Plaintiff's knowledge and therefore denies
6  those allegations. Bayer Corporation denies the remaining allegations in paragraph 67, including
7  that intended use of and/or exposure to Roundup®-branded products causes any injuries.

8  68. Bayer Corporation denies the allegations in paragraph 68.

9  69. Bayer Corporation denies the allegations in paragraph 69.

10  70. Bayer Corporation denies the allegations in paragraph 70.

11  71. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 70
12  in response to paragraph 71 of the Complaint.

13  72. Bayer Corporation denies the allegations in paragraph 72.

14  73. Bayer Corporation denies the allegations in paragraph 73.

15  74. Bayer Corporation denies the allegations in paragraph 74.

16  75. Bayer Corporation denies the allegations in paragraph 75.

17  83. Bayer Corporation denies the allegations in paragraph 83.

18  76. Bayer Corporation denies the allegations in paragraph 76 and each of its subparts.

19  77. Bayer Corporation denies the allegations in paragraph 77.

20  78. Bayer Corporation lacks information or knowledge sufficient to form a belief as to
21  the truth of the allegations in paragraph 78 regarding Plaintiff's claimed use of and exposure to
22  Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the
23  remaining allegations in paragraph 78.

24  79. Bayer Corporation denies the allegations in paragraph 79.

25  80. Bayer Corporation denies the allegations in paragraph 80.

26  81. Bayer Corporation denies the allegations in paragraph 81.

27  82. Bayer Corporation denies the allegations in paragraph 82.

28

83. Bayer Corporation denies the allegations in paragraph 83.

84. Bayer Corporation denies the allegations in paragraph 84.

85. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 84 in response to paragraph 85 of the Complaint.

86. Bayer Corporation denies the allegations in paragraph 86.

87. Bayer Corporation denies the allegations in paragraph 87.

88. Bayer Corporation denies the allegations in paragraph 88.

89. Bayer Corporation denies the allegations in paragraph 89.

90. Bayer Corporation denies the allegations in paragraph 90.

91. Bayer Corporation denies the allegations in paragraph 91.

92. Bayer Corporation denies the allegations in paragraph 92.

93. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93 regarding Plaintiff's use history and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 93.

94. Bayer Corporation denies the allegations in paragraph 94.

95. Bayer Corporation denies the allegations in paragraph 95.

96. Bayer Corporation denies the allegations in paragraph 96.

97. Bayer Corporation denies the allegations in paragraph 97.

98. Bayer Corporation denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 98.

99. In response to the allegations in paragraph 99, Bayer Corporation denies that it has ever manufactured or distributed Roundup®-branded products. The remaining allegations in paragraph 99 set forth conclusions of law for which no response is required.

100. Bayer Corporation denies the allegations in paragraph 100.

101. Bayer Corporation denies the allegations in paragraph 101.

102. Bayer Corporation denies the allegations in paragraph 102.

103. Bayer Corporation denies the allegations in paragraph 103.

104. Bayer Corporation denies the allegations in paragraph 104.

105. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 104 in response to paragraph 105 of the Complaint.

106. Bayer Corporation denies the allegations in paragraph 106.

107. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 concerning Plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 107.

108. Bayer Corporation denies the allegations in paragraph 108.

109. Bayer Corporation denies the allegations in paragraph 109.

110. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 regarding Plaintiff's reliance and therefore denies those allegations. The remaining allegations in paragraph 110 set forth conclusions of law for which no response is required.

111. Bayer Corporation denies the allegations in paragraph 111.

112. Bayer Corporation denies the allegations in paragraph 112.

113. Bayer Corporation denies the allegations in paragraph 113.

114. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of the Complaint.

115. Bayer Corporation denies the allegations in paragraph 115.

116. Bayer Corporation denies the allegations in paragraph 116.

117. Bayer Corporation denies the allegations in paragraph 117.

118. In response to the allegations in paragraph 118, Bayer Corporation states that the cited document speaks for itself and does not require a response.

119. Bayer Corporation denies the allegations in paragraph 119.

120. Bayer Corporation denies the allegations in paragraph 120.

In response to the allegations in the "PRAYER FOR RELIEF" paragraph following paragraph 120, Bayer Corporation denies that Plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs or any other relief whatsoever.

Every allegation in the Petition that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. This Court does not have personal jurisdiction over Bayer Corporation for plaintiff's claims.

3. Plaintiff's claims are barred because Plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4. Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

*e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

12. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar Plaintiff's claims in whole or in part.

13. Applicable statutes of limitations and/or repose bar Plaintiff's claims in whole or in part.

14. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

15. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injuries or damages.

16. Bayer Corporation had no legal relationship or privity with Plaintiff and owed no duty to Plaintiff by which liability could be attributed to it.

17. Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, which Bayer Corporation specifically denies, then Plaintiff failed to give notice of any breach thereof.

18. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19. Plaintiff's claims for punitive damages are barred because such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the Utah Constitution, and/or other applicable state constitutions.

20. Plaintiff's claims for punitive damages are barred because Plaintiff has failed to allege conduct warranting imposition of such damages under Utah law and/or other applicable state laws.

21. Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law.

22. Plaintiff's claims are barred in whole or in part by Plaintiff's own contributory/comparative negligence.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own failure to mitigate damages.

24. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received and/or will receive from collateral sources.

26. If Plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Bayer Corporation product.

27. Plaintiff's claims are barred or limited to the extent that Plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28. Plaintiff's claims are barred to the extent that Plaintiff seeks relief under the laws of states that do not govern Plaintiff's claims.

29. Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED:  November 24, 2023               Respectfully submitted,

                                        SHOOK, HARDY & BACON L.L.P.


                                        BY: */s/ Jennise W. Stubbs*
                                            Jennise W. Stubbs
                                            600 Travis Street, Suite 3400
                                            Houston, TX 77002-2926
                                            Telephone:    (713) 227-8008
                                            Facsimile:    (713) 227-9508
                                            Email:    jstubbs@shb.com


                                        *Attorney for Defendant*
                                        *BAYER CORPORATION*

**CERTIFICATE OF SERVICE**

I certify that on the 24th day of November, 2023, I electronically transmitted the foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal, and a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/ Jennise W. Stubbs*
Jennise W. Stubbs