**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Angelo Bulone v. Monsanto Company,*<br>*3:20-cv-03719-VC* | **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF LUOPING ZHANG, PH.D., OR IN THE ALTERNATIVE, MOTION TO COMPEL PRODUCTION OF UNDERLYING DATA AND NOTES**<br><br>**Hearing:**<br>Date: December 14, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 4 |

# INTRODUCTION

Plaintiff's Opposition characterizes Monsanto's challenge to Dr. Zhang's affidavit as essentially a dispute about form. This is false. Monsanto's challenge is rooted in Plaintiff's failure to provide the information required by Rule 26(a)(2)(B)(i): (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; and (iii) any exhibits that will be used to summarize or support them.[1] Plaintiff's contention that the two (2) journal articles attached to Dr. Zhang's affidavit meet the Rule's requirement is unsupported by citation to any legal authority. And even if journal articles could be considered Rule 26(a)(2)(B)-compliant (and they cannot), Plaintiff's submission misses the mark because he failed to disclose the underlying data and notes for Dr. Zhang's articles. Plaintiff's Opposition fails to establish any substantial justification for these omissions and, given the pace of the litigation, such errors are not harmless. Plaintiff should be prohibited from relying on Dr. Zhang's opinions at trial.

In the alternative, Monsanto moves this Court for an order compelling the production of the underlying data and notes for Dr. Zhang's articles.

# ARGUMENT

**I. THE COURT SHOULD STRIKE DR. ZHANG'S AFFIDAVIT BECAUSE IT IS NOT AN EXPERT REPORT AND CANNOT BE CONSTRUED TO SATISTY THE WRITTEN REPORT REQUIREMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2).**

It is undisputed that Dr. Zhang's affidavit is not an expert report. Indeed, Plaintiff does not even attempt to characterize Dr. Zhang's affidavit as an expert report in his Opposition. Instead, Plaintiff asserts that Dr. Zhang's affidavit "contain[s] the information required by Rule 28(a)(2)(B)." Opp. at 2. Specifically,

---

[1] Monsanto notes that Plaintiff's Opposition belatedly provided Dr. Zhang's compensation, which is required to be disclosed with the expert report. Rule 28(a)(2)(B) (vi).

1

Plaintiff asserts that the two (2) academic articles attached to Dr. Zhang's affidavit "contain her opinions on glyphosate and Roundup, the facts and data she relied upon to reach them, and the materials used to support them" as well as "'Conclusions' sections summarizing" the findings of these articles. Opp. at 3. Tellingly, however, Plaintiff does not cite a single case holding that an academic article submitted prior (and without any connection) to an expert's retention in a matter may qualify as an expert report under FRCP 26(a)(2). More importantly, the expert report and the data on which it is based, are not one and the same. For an article (or combination of articles) to meet the requirements of FRCP 26(a)(2), the expert must provide the underlying data considered in forming the opinions contained therein. *See e.g.*, *Salinas v. Cornwell Quality Tools Co.*, No. 5:19-cv-02275-FLA (Spx), 2022 WL 16735357, at *5-6 (C.D. Cal. Sept. 29, 2022) (granting motion to exclude expert testimony and report regarding opposition to class certification motion for failure to timely disclose or produce the underlying data and documents on which the expert relied). Plaintiff has not disclosed any of the notes or underlying data regarding Dr. Zhang's glyphosate and Roundup articles. This failure justifies granting Monsanto's motion.

## II.   PLAINTIFF'S FAILURE TO PROVIDE THE REQUIRED EXPERT REPORT IS NOT HARMLESS.

Where a plaintiff fails to provide the required expert report, Federal Rule of Civil Procedure 37(c)(1) provides that "the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Masimo Corp. v. Apple, Inc.*, No. SA CV 20-00048 JVS (JDEx), 2022 WL 18285029, at *2 (C.D. Cal. Nov. 22, 2022) (citation omitted).

As Plaintiff's Opposition is devoid of any contention that his failure to provide a compliant expert report was substantially justified, Plaintiff has waived this argument. Instead, Plaintiff asserts that his failure was harmless because Monsanto "is very familiar with Dr. Zhang's qualifications, opinion regarding glyphosate, the

2

basis for them, and her rate." Opp. at 5. Plaintiff's flippant response reflects his disregard for the complexity of this multidistrict litigation (MDL) and Court's procedures that establish order over it. The total number of cases in this Roundup MDL is expansive, and Plaintiff's insinuation that Monsanto must ascertain information about Dr. Zhang's compensation in *this matter* by rummaging through numerous, unspecified prior deposition transcripts in *other matters*—none of which is incorporated by reference in Dr. Zhang's affidavit—is fundamentally improper. Monsanto has no basis on which to assume anything about *Plaintiff's* agreed-upon rate regarding Dr. Zhang and Plaintiff is obligated to provide that information without gamesmanship or hide-and-go-seek tactics.

Further, the sole case on which Plaintiff relies, *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, is inapplicable for a host of reasons. First, it concerned a single action, not an expansive MDL consisting of hundreds of individual cases. Second, it involved a challenge to an *actual* expert report, not a couple of journal articles half-heartedly passed off as an "expert report."  Third, as Plaintiff's citation indicates, that case largely centered on failures that Monsanto has not alleged, such as the failure to disclose the expert's qualifications or list of cases regarding prior testimony. Opp. at 4 (quoting No. CV 05-08891 MMM (FMOx), 2013 WL 12080306, at *8 (C.D. Cal. Oct. 8, 2013)). *See also PSM Holding*, 2013 WL 12080306, at *8 n.49 (explaining that the party's motion to strike was based on failure to disclose the expert's qualifications, list of expert witness cases, and statement of compensation). At issue here, however, is the failure to disclose the expert's opinions (including the basis for them), the facts or data she considered in forming these unknown opinions, and the exhibits (if any) that summarize or support them. As noted above, Plaintiff has not cited a single case holding that previously penned academic articles (much less one such article) can serve as a FRCP 26(a)(2)-compliant expert report. And even if the Court were to determine that such an approach is allowed, Dr. Zhang's submission is still non-compliant. If these two articles are to be considered her expert report, Dr.

3
REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF LUOPING ZHANG, PH.D., OR IN THE ALTERNATIVE, MOTION TO COMPEL PRODUCTION OF UNDERLYING DATA AND NOTES

Zhang is obligated to disclose the facts and underlying data she considered in forming the opinions contained in these articles; the articles themselves are not sufficient. Even if Dr. Zhang is willing to provide this information (and Plaintiff has not indicated that she is), at this late stage in the litigation, Monsanto's experts do not have sufficient time to review or develop a rebuttal to this new information. *See e.g., Leonard Roofing, Inc. v. Ironshore Specialty Ins. Co.*, No. EDCV 12-00156 VAP (DTBx), 2012 WL 12896372, at *2 (C.D. Cal. Sept. 27, 2012) (granting motion to strike expert witnesses where the plaintiff's "refusal to provide expert reports denied [the defendant] from an opportunity to effectively rebut [the plaintiff]'s expert witnesses" and prohibiting plaintiff's reliance on the expert witnesses pursuant to Rule 37(c)(1)); *Olson v. Mont. Rail Link, Inc.*, 227 F.R.D. 550, 553 (D. Mont. 2005) (regarding defendant's expert, striking "any opinion or evidence based on undisclosed data or testing"). Consequently, Plaintiff's failure to properly disclose Dr. Zhang's opinions and the basis for them is not harmless.

While Dr. Zhang's submission may arguably be considered acceptable in state jurisdictions in which expert reports are not required (and Monsanto does not concede that it does), Plaintiff's expert witness requirements in this case are governed by the Federal Rules, which unambiguously require an expert report. Plaintiff failed to submit a FRCP 26(a)(2)-compliant expert report and his failure is neither substantially justified nor harmless.

### III.  IF DR. ZHANG'S AFFIDAVIT IS NOT STRICKEN, PLAINTIFF SHOULD BE COMPELLED TO PROVIDE THE UNDERLYING DATA AND NOTES FOR DR. ZHANG'S ARTICLES

If the Court is reluctant to strike Dr. Zhang's affidavit, Plaintiff should be required to produce the underlying data regarding the two (2) articles that Dr. Zhang claims contain her opinions. *See e.g.*, *Wesdem, LLC v. Ill. Tool Works, Inc.*, No. SA-20-CV-00987-OLG, 2021 WL 9968679, at *1 (W.D. Tex. Aug. 12, 2021) (granting motion to compel production of underlying data regarding plaintiff's expert report).

As in *Wesdem*, Plaintiff's Opposition "does not dispute that [he] has not separately produced the underlying data, instead arguing that [Monsanto] could glean the data from" Dr. Zhang's articles. *Id.* Likewise, Plaintiff "fails to cite to the [articles] or to explain how the [articles] constitute[] a disclosure of the underlying data." *Id.* And similarly, Plaintiff neglects "to offer any other justification for withholding the underlying data." *Id.* Accordingly, if the Court declines to strike Dr. Zhang's affidavit, Plaintiff should be compelled to produce the underlying data and notes for her articles.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Monsanto's motion, strike Dr. Zhang's affidavit, and preclude Plaintiff from relying on her opinions at trial. In the alternative, the Court should grant Monsanto's motion to compel production of the underlying data and notes for the articles attached to her affidavit.

Dated:  November 28, 2023              Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

*/s/ Jed P. White*
Jed P. White