UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFONIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Angelo Bulone v. Monsanto Co.,<br>Case No. 3:20-cv-03719 | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S RESPONSE TO MONSANTO COMPANY'S MOTION TO STRIKE EXPERT REPORT OF LUOPING ZHANG, PH.D., M.S.** |

COMES NOW Plaintiff, by and through undersigned counsel, and hereby files this Response to Monsanto Company's Motion to Strike Expert Report of Luoping Zhang, Ph.D., M.S., and would show as follows:

### I.   BACKGROUND

On November 7, 2023, Monsanto Company ("Monsanto") filed a Motion to Strike Expert Report of Dr. Luoping Zhang ("Motion"). *See* Monsanto Co.'s Mot. to Strike Expert Report of Luoping Zhang, Ph.D., dated Nov. 7, 2023 ("Def.'s Mot."). The sole asserted basis for Monsanto's Motion is its contention that Plaintiff "failed to provide a Rule 26(a)(2)(B)-compliant expert report" for Luoping Zhang, Ph.D., M.S. ("Dr. Zhang"). *Id*. at 1. As set out below, however, the affidavit submitted by Dr. Zhang ("Dr. Zhang Affidavit"), along with the exhibits attached to it, satisfy all components of Rule 26(a)(2)(B). Accordingly, Defendant's Motion should be denied.

### II.   STANDARD OF REVIEW

Pursuant to Rule 26(a)(2)(B), retained experts must provide reports containing:

(i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)   the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Meanwhile, Rule 37(c)(1) states, in relevant part, that failure to produce a report in compliance with Rule 26(a)(2)(B) may result in the exclusion of an expert's testimony "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### III.    ARGUMENTS & AUTHORITIES

In its Motion, Monsanto contends in conclusory fashion that:

> It is plain that Dr. Zhang's one-page affidavit – which is devoid of any statement regarding her opinions (including the basis for them), the facts or the data she considered in forming these unknown opinions, the exhibits (if any) that summarize or support them, and her compensation – does not satisfy Rule 28(a)(2)(B)'s [sic] requirements and should be stricken.

Def.'s Mot. at 3.

That assertion completely ignores the fact that Exhibits A-C to the Dr. Zhang Affidavit, along with the document entitled "Luoping Zhang, Ph.D., M.S. – List of Prior Testimony" produced to Monsanto, contain the information required by Rule 26(a)(2)(B).

Specifically, the Dr. Zhang Affidavit states as follows:

3. My professional qualifications are set out in the curriculum vitae attached hereto as **Exhibit A**.

4. My opinions in this matter are set out in the report, Zhang, L., et al., *"Exposure to Glyphosate Based Herbicides and Risk for Non-Hodgkin Lymphoma: A Meta-Analysis and Supporting Evidence,"* July-September 2019, Mutation Research/Reviews in Mutation Research, Volume 781, pp. 186-206, https://doi.org/10.1016/j.mrrev.2019.02.00, which is attached hereto as **Exhibit B**.

2

5. My opinions in this matter are set out in the journal article, Rana, I., et al., "*Mapping the key characteristics of carcinogens for glyphosate and its formulations: A systematic review*," dated July 17, 2023, Chemosphere, which is attached hereto as **Exhibit C**.

Affidavit of Gibbs Henderson ("Henderson Aff."), dated Nov. 20, 2023, at **Exhibit 1**, Affidavit of Luoping Zhang, dated Oct. 18, 2023 ("Dr. Zhang Aff.").

Exhibit A to Dr. Zhang's Affidavit, her curriculum vitae, sets out her professional qualifications and publications, thereby satisfying subpart (iv) of Rule 26(a)(2)(B). *See id*. at Ex. A, Dr. Zhang C.V. Meanwhile, Exhibits B and C to Dr. Zhang's Affidavit, both of which are lengthy peer-reviewed papers co-authored by Dr. Zhang, contain her opinions on glyphosate and Roundup, the facts and data she relied upon to reach them, and the materials used to support them, thereby satisfying subparts (i)-(iii) of Rule 26(a)(2)(B). *See id*. at Ex. B, Zhang, L., et al., *"Exposure to Glyphosate Based Herbicides and Risk for Non-Hodgkin Lymphoma: A Meta-Analysis and Supporting Evidence,"* July-September 2019, Mutation Research/Reviews in MUTATION RESEARCH, Volume 781, pp. 186-206 ("MUTATION RESEARCH Paper"); and Ex. C, Rana, I., et al., "*Mapping the key characteristics of carcinogens for glyphosate and its formulations: A systematic review*," July 17, 2023, CHEMOSPHERE, at pp. 1-16 ("CHEMOSPHERE Paper").

More specifically, both papers contain "Conclusions" sections summarizing their findings:

- Exhibit B to Dr. Zhang's Affidavit, for which Dr. Zhang served as the lead author, is a meta-analysis of the then-existing epidemiology examining a potential relationship between glyphosate exposure and NHL. It contains the conclusion, "Using our *a priori* hypothesis, we report that [glyphosate-based herbicide] exposure is associated with increased risk of NHL in humans." Ex. 1, Dr. Zhang Aff. at Ex. B, MUTATION RESEARCH Paper at 204.

- Exhibit C to Dr. Zhang's Affidavit, for which Dr. Zhang served as the corresponding author, is a review article on the mechanistic studies examining the effects of glyphosate *in vivo*, *ex vivo*, and *in vitro*. It contains the conclusion, "The totality of evidence from mechanistic studies in human and animal studies suggest that glyphosate and its formulations possess several of the ten key characteristics of carcinogens (graphical abstract)." Ex. 1, Dr. Zhang Aff. at Ex. C, CHEMOSPHERE Paper at 16.

Likewise, both papers contain lengthy discussions of the methodology, facts and data upon which those conclusions are based. Ex. 1, Dr. Zhang Aff. at Ex. B, MUTATION RESEARCH Paper at 186-204; and *id*. at Ex. C, CHEMOSPHERE Paper at 1-15. Both papers also contain a comprehensive listing of the materials Dr. Zhang and her co-authors relied upon in reaching their conclusions. *See id*. at Ex. B, MUTATION RESEARCH Paper at 204-206; and *id*. at Ex. C, CHEMOSPHERE Paper at 16-19.

Meanwhile, subpart (v) of Rule 26(a)(2)(B) was satisfied by the document produced to Monsanto entitled, "Luoping Zhang, Ph.D., M.S. – List of Prior Testimony." *See* Henderson Aff. at **Exhibit 2**, Luoping Zhang, Ph.D., M.S. – List of Prior Testimony. Notably, Monsanto was the defendant in all six entries on that list; it has deposed Dr. Zhang six times and cross-examined her twice in Roundup cases. *See id.* Most recently, Monsanto cross-examined Dr. Zhang at a Roundup trial on September 14, 2023. In response to questioning from Monsanto's counsel, Dr. Zhang disclosed that her standard expert rate is $500/hour and that her rate goes up to $600/hour for trial testimony. *See* Henderson Aff. at **Exhibit 3**, Trial Transcript of Luoping Zhang, Ph.D., M.S. in *Allegrezza v. Monsanto*, dated Sept. 14, 2023, at 1571:24-1572:7. As such, although not done specifically in connection with the instant case, Dr. Zhang has previously provided Monsanto with the information required by subpart (vi) of Rule 26(a)(2)(B).

As set out above, the produced Dr. Zhang Affidavit (with exhibits) and the information contained in the produced list of prior testimony for Dr. Zhang satisfy all subparts of Rule 26(a)(2)(B). However, even if the Court were to conclude the form of the produced materials did not satisfy the requirements, striking Dr. Zhang's Affidavit would not be warranted. "A failure to disclose witness information is harmless 'if the other party was well aware of the identity of the undisclosed witness and the scope of their relevant knowledge well before' the presentation of the expert's testimony." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. CV0508891MMMFMOX, 2013 WL 12080306, at *8 (C.D. Cal. Oct. 8, 2013), *aff'd in part*, 884 F.3d 812 (9th Cir. 2018)

4

(quoting 6 MOORE'S FEDERAL PRACTICE § 26.27(2)(d) at 26-94 (3d ed. 2005)). Here, any purported deviations in form would be harmless to Monsanto, insofar as it is very familiar with Dr. Zhang's qualifications, opinions regarding glyphosate, the basis for them, and her rate.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Monsanto's Motion to Strike Expert Report of Dr. Luoping Zhang.

Respectfully submitted,

**NACHAWATI LAW GROUP**

By: */s/Gibbs C. Henderson*
Gibbs C. Henderson
Illinois Bar No.: 6314687
Texas Bar No.: 24041084
*Pro Hac Vice*
Erin M. Wood
Texas Bar No.: 24073064
*Pro Hac Vice*
**NACHAWATI LAW GROUP**
5489 Blair Rd.
Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
ghenderson@ntrial.com
ewood@ntrial.com
litigation@ntrial.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, a true and correct copy of Plaintiff's Response to Monsanto's Motion to Strike Expert Report of Dr. Luoping Zhang, was served on all counsel of record via email.

By: */s/Gibbs C. Henderson*
Attorney for Plaintiff