JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

JEFF WILKERSON
Winston & Strawn LLP
jwilkerson@winston.com
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202
Tel: (704) 350-7714
Fax: (704) 350-7800

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | **BAYER CORPORATION'S MOTION TO DISMISS** |
| *Jonas Perez-Hernandez v. Monsanto Co.,* Case No. 3:23-cv-04946-VC | Date:  Feb. 15, 2024<br>Time:  10:00 a.m.<br>Place:  San Francisco, Courtroom 4, 17th Floor<br>Judge:  Hon. Vince G. Chhabria |

PLEASE TAKE NOTICE THAT on February 15, 2024, at 10:00 a.m., or at such other time as the matter may be heard, in the courtroom of the Honorable Vince Chhabria, at the San Francisco Courthouse, Courtroom 4 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Bayer Corporation will, and hereby does, move to dismiss Plaintiffs' Complaint with prejudice.

Bayer Corporation seeks an order dismissing Plaintiffs' Complaint with prejudice under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). This motion is based on the accompanying memorandum of points and authorities, Bayer Corporation's forthcoming reply brief, arguments of counsel, and such other matters as may be considered.

## INTRODUCTION

Bayer Corporation moves to dismiss because this Court lacks personal jurisdiction over Bayer Corp. as to Plaintiffs' claims. There is no general personal jurisdiction because Bayer Corp. is not at home in California. Nor is there specific personal jurisdiction, because this case is about Roundup® products and, contrary to Plaintiffs' conclusory assertions, Bayer Corp. does not sell, market, test, formulate, advertise, label, or otherwise have any meaningful connection with Roundup® products. Bayer Corp. does not operate or control Monsanto. It does not develop, distribute, or market Roundup® products. It is a non-operating holding company and has essentially nothing to do with Roundup® products other than existing on the same corporate tree as Monsanto. That is not enough to create personal jurisdiction.

In the unlikely event, however, that the Court determines that dismissal is not required for lack of personal jurisdiction, dismissal is also warranted under Rules 12(b)(1), 12(b)(3), and 12(b)(6) for the reasons set forth in Monsanto's concurrent motion to dismiss, which Bayer Corp. adopts and incorporates by reference. Dismissal is also warranted under Rule 12(b)(6) because the Complaint does not set forth any relevant, specific facts about Bayer Corp. but simply lumps Bayer Corp. together with other Defendants.[1]

## FACTUAL BACKGROUND

Plaintiffs filed a putative class action complaint against Monsanto, Bayer Corp., and Bayer AG based on the allegation that Monsanto's Roundup® products are carcinogenic. *See* Compl. ¶¶ 1-9. Plaintiffs repackage that allegation into 11 claims arising in both tort and contract. *Id.* ¶¶ 101-217. The Complaint repeatedly refers to "Defendants" collectively and conflates the conduct of Monsanto, Bayer Corp., and Bayer AG. *Id.* ¶¶ 6, 9, 10, 12-13, 22-23, 35, 43-45, 80, 83-84, 86-89, 95-96, 102-10, 112-16, 118-23, 126-45, 148-53, 156-60, 165-71, 175-81, 185-92, 196-201, 204-208, 212-13, 216. Plaintiffs likewise lump Defendants together in their

---

[1] Bayer Corp. also joins in the concurrent motion to strike Plaintiffs' class allegations.

jurisdictional allegations, asserting that "[t]his Court has personal jurisdiction over Defendants because the conduct at issue arises out of Defendants' contacts with this District." *Id.* ¶ 12.

Bayer Corp., however, is a distinct entity from Monsanto. Declaration of Keith R. Abrams ¶ 5 ("Abrams Decl."). Bayer Corp. is a subsidiary of Bayer AG, a "aktiengesellschaft" (or "stock company") based in Germany. *Id.* Bayer Corp. is registered in Indiana with its principal place of business in New Jersey. *Id.* at ¶ 4. Monsanto, meanwhile, is a Delaware corporation, with its principal place of business in Missouri. *Id.* ¶ 6. In 2018, Monsanto merged with a now-defunct subsidiary of Bayer AG. *Id.* Monsanto survived the merger and continues to exist as an indirect, wholly owned subsidiary of Bayer AG. *Id.* Contrary to Plaintiffs' allegations (Compl. ¶ 20), Bayer Corp. *is not* the direct parent of Monsanto. Abrams Decl. ¶ 7.

Bayer Corp. neither manufactures nor distributes Roundup® products. It has *never* researched, designed, developed, manufactured, tested, packaged, marketed, promoted, advertised, distributed, labeled, sold, or provided warnings for Roundup® herbicides. *Id.* ¶ 8. Plaintiffs' allegations to the contrary are false. *Id.*

## **LEGAL STANDARDS**

Personal jurisdiction is "an essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Plaintiffs bear the burden of making "a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). At the pleading stage, when personal jurisdiction is challenged, Plaintiffs cannot rely on allegations controverted by affidavit. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021) ("We 'may not assume the truth of allegations in a pleading which are contradicted by affidavit ….'") (quoting *Data Disc., Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1284 (9th Cir. 1977)); *see also* 28 U.S.C. § 1746 (permitting unsworn declarations in place of affidavits).

For personal jurisdiction to be appropriate as to Bayer Corp., Plaintiffs must satisfy the requirements of both California's long-arm statute and due process. *See* Fed. R. Civ. P. 4(k)(1)(A);

2

*Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). California's long-arm statute, however, confers personal jurisdiction to the extent allowed by federal due-process requirements. Cal. Civ. P. § 410.10; *Schwarzenegger*, 374 F.3d at 800-01; *see also Daimler*, 571 U.S. at 125 ("California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."). Thus, the question is simply whether personal jurisdiction comports with due process.

Federal due process permits *general* personal jurisdiction over defendants that are "at home" in the forum state and *specific* personal jurisdiction over defendants whose suit-related conduct creates a substantial connection to the forum state. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). General personal jurisdiction allows a court to "hear any and all claims against" the defendant. *Daimler*, 671 U.S. at 122 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919). In assessing general and specific jurisdiction, the Court must analyze each particular defendant based on its own actions and forum-related contacts. *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019).

## ARGUMENT

I. **THIS COURT DOES NOT HAVE GENERAL PERSONAL JURISDICTION OVER BAYER CORP.**

A court may exercise general personal jurisdiction over a corporation only if the "corporation's affiliations with the State in which the suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 671 U.S. at 122 (quoting *Goodyear*, 564 U.S. at 919). This is typically limited to two places: (1) "the place of incorporation" and (2) "the principal place of business." *Id.* at 137. Outside of those places, a corporation theoretically may still be "at home" based on extensive affiliation with the forum state, but this would be "exceptional." *See id.* at 138, 139 n.19.

3

Bayer Corp. is incorporated in Indiana, not California, and its principal place of business is New Jersey, not California. Compl. ¶ 20; Abrams Decl. ¶ 4. Plaintiffs have alleged no facts showing that Bayer Corp. has any type of continuous or systematic affiliations with California that would render it otherwise "at home" in California. This Court lacks general personal jurisdiction over Bayer Corporation.

## II.   THIS COURT DOES NOT HAVE SPECIFIC PERSONAL JURISDICTION OVER BAYER CORP.

Specific personal jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. Three things must be shown for specific personal jurisdiction to be appropriate: (1) that Bayer Corp. "purposefully avail[ed] [it]self of the privilege of conducting business in [California]" or "purposefully direct[ed] its activities" toward California, (2) that Plaintiffs' claims "arise out of" Bayer Corp.'s forum-related activities, and (3) that "the exercise of jurisdiction . . . comport[s] with fair play and substantial justice, i.e., it must be reasonable." *In re Boon*, 923 F.3d at 651 (quoting *Schwarzenegger*, 374 F.3d at 802); *accord Ayla LLC*, 11 F.4th at 979. It is Plaintiffs' burden to establish the first two prongs of this test. *Schwarzenegger*, 374 F.3d at 802. If they could meet that burden (and they cannot), then it would be Bayer Corp.'s burden to make a showing under the third prong. *Id.*[2]

---

[2] Bayer Corp. cannot be brought into this case just because it and Monsanto are part of the same corporate tree. In 2018, Monsanto merged with *another* subsidiary of Bayer AG. *Id.* ¶ 6. But Monsanto survived that merger and maintains a separate corporate existence. *Id.* Bayer Corp. is a holding company, and it does not operate any company, much less Monsanto. *Id.* And contrary to Plaintiffs' allegation, Bayer Corp. is *not* the "direct parent" of Monsanto. *Id.* Plaintiffs' collective reference to "Defendants" throughout their complaint cannot elide the distinction between Bayer Corp. and Monsanto. *See Bristol-Myers Squibb*, 582 U.S. at 268 ("[A]s we have explained, '[t]he requirements of *International Shoe* … must be met as to each defendant over whom a state court exercises jurisdiction.'") (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)); *see also Int'l Shoe v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310 (1945). Nor do Plaintiffs allege any facts that would suggest Bayer Corp. can be "derivatively liable" for Monsanto's conduct. *Id.*; Compl. ¶¶ 1-217. Bayer Corp. has never assumed any of Monsanto's liabilities. Abrams Decl. ¶ 9. Bayer Corp. simply has nothing material to do with

4

As to the first prong, Plaintiffs have not alleged any facts—and there are no facts—establishing that Bayer Corp. "purposely availed" itself of the privilege of conducting business in California or "purposefully directed" its activities toward California.[3]  Plaintiffs allege generally that "Defendants" derive revenue from "California and nationwide."  Compl. ¶ 23; *see also id.* ¶ 134.  But they do not distinguish between Defendants or allege that Bayer Corp. itself derives revenue from California.  *See id.* ¶¶ 23, 134.  Nor do they allege anything suggesting "purposeful availment" or "purposeful direction" *by Bayer Corp.*  Instead, they contend only that Defendants' products (without distinguishing among Defendants) "reached" consumers "in California and throughout the United States."  *Id.* ¶ 134.  Thus, they have alleged nothing *at all* specific to Bayer Corp.  And even their general allegations about "Defendants' products" allege nothing "more than merely plac[ing Roundup®] products into the stream of commerce."  *See Ayla LLC*, 11 F.4th at 981.  Plaintiffs' assertion of specific personal jurisdiction thus fails on the first prong.

Plaintiffs also cannot meet the second prong (requiring that their claims arise out of Bayer Corp.'s forum-related activities) for a simple reason: Bayer Corp. has essentially nothing to do with Roundup® products.  Monsanto—a distinct company—has manufactured and distributed Roundup® products.  But again, Bayer Corp. does not operate Monsanto, nor does it manufacture Roundup® products.  Abrams Decl. ¶ 8.  It does not sell Roundup® products.  *Id.*  It does not advertise Roundup® products.  *Id.*  It does not research, design, develop, test, package, market, promote, distribute, label, or provide warnings for Roundup® products.  *Id.*; *see also Bristol-Myers Squibb Co.*, 582 U.S. at 359.  It has never done any of these things.  Abrams Decl. ¶ 8.  "Any allegations to the contrary are false."  *Id.*

---

Roundup® products, and thus Plaintiffs' claims do not arise out of Bayer Corp.'s activities, whether forum-related or not.

[3] As noted above, Plaintiffs assert eleven claims sounding in both tort and contract.  *See* Compl. ¶¶ 101–217.  To assess this first prong, the Ninth Circuit generally prescribes a "purposeful availment" test for contract claims and a "purposeful direction" or "effects" test for tort claims.  *See In re Boon*, 923 F.3d at 651.  Regardless of whether the purposeful availment or purposeful direction test applies here, Plaintiffs have not alleged jurisdictional facts sufficient to establish the first prong against Bayer Corp.

5

Because Plaintiffs cannot establish the first two prongs, Bayer Corp. need not address the third prong and its lengthy seven-factor test at this time.[4] *See Schwarzenegger*, 374 F.3d at 802. ("The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." (internal citation omitted)). No "suit-related conduct" by Bayer Corp. "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). The Court therefore lacks specific personal jurisdiction over Bayer Corporation.

## III. EVEN IF THIS COURT HAD PERSONAL JURISDICTION, PLAINTIFFS' CLAIMS WOULD FAIL.

In the unlikely event that the Court determines that dismissal is not required based on the lack of personal jurisdiction, dismissal of Plaintiffs' claims against Bayer Corp is nonetheless warranted under Rules 12(b)(1), 12(b)(3), and 12(b)(6).

### A. Bayer Corp. Adopts and Incorporates By Reference Monsanto's Arguments for Dismissal.

Bayer Corp. adopts and incorporates by reference Monsanto's arguments in its concurrent motion to dismiss under Rule 12(b)(1) that Plaintiffs lack standing, under Rule 12(b)(3) that this case was filed in an improper venue, and under Rule 12(b)(6) that Plaintiffs have failed to state a claim. Even if this Court had personal jurisdiction over Bayer Corp., those arguments would warrant dismissal of the Complaint.

---

[4] Courts assess the third prong—the reasonableness of exercising personal jurisdiction—with a seven-factor balancing test consisting of "(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Ayla, LLC*, 11 F.4th at 984 (quoting *Freestream Aircraft (Berm.) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 607 (9th Cir. 2018)). Although the Court need not reach this third prong and its factors, it is unreasonable to exercise jurisdiction over a non-operating holding company that had no involvement with the products at issue.

### B. The Complaint Does Not State a Claim Against Bayer Corp. Because It Merely Lumps Bayer Corp. Together With Other Defendants and Alleges No Relevant Facts Specific to Bayer Corp.

Even if Plaintiffs had stated a claim against Monsanto, their complaint would not state a claim against Bayer Corp. because it includes no relevant, specific factual allegations as to Bayer Corp. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Instead, almost all Plaintiffs' factual allegations are made either as to "Bayer" (defined to include Bayer Corp. and Bayer AG) or as to "Defendants" (defined to include all Defendants). *See* Compl. ¶¶ 1-6, 8, 19, 26, 70, 85 (allegations as to "Bayer"); *id.* ¶¶ 6, 10, 12-13, 23, 35, 43-45, 80, 83-84, 86-89, 103-110, 112-16, 118-23, 127-45, 148-53, 156-60, 165-71, 175-81, 185-92, 196-201, 204-08, 212-13, 216. The *only* factual allegation specific to Bayer Corp. is that it is the "direct parent of Monsanto." *Id.* ¶ 20. That allegation is patently false. *See* Abrams Decl. ¶ 7. And even if that allegation were presumed true for purposes of a Rule 12(b)(6) motion, it is insufficient to subject Bayer Corp. to liability. *See Inst. of Vet. Pathology, Inc. v. Cal. Health Labs., Inc.*, 172 Cal. Rptr. 74, 77 (Cal Ct. App. 1981) (a parent company is liable for the acts of its subsidiary only when "the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former").

Plaintiffs cannot state a claim by simply lumping Defendants together with no factual content as to what each Defendant is in fact alleged to have done. Such group allegations "patently fail to comply with Rule 9(b)," which applies to Plaintiffs' fraud-based claims, including Counts VII, VIII, and IX. *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (false-advertising and consumer-protection claims "grounded in fraud" are governed by Rule 9(b)). Indeed, such group allegations are not sufficient even for the more liberal notice-pleading standard under Rule 8.

Even before *Twombly* and *Iqbal*, courts noted that allegations that failed to distinguish between defendants were insufficient when they left it "unclear which of the [defendants] was accused of which type" of illegal actions. *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960-61 (S.D. Cal. 996) (notice pleading still requires a "statement of circumstances, occurrence, and

7

events in support of the claim") (quoting Wright & Miller, FED. PRAC. & PROC. § 1201 at 67 n.11 (1990)).  Here, *nothing* is specifically alleged as to Bayer Corp. other than a false allegation that it is Monsanto's corporate parent.  The complaint thus fails to provide even the most basic notice of the nature of Plaintiffs' theory of liability as to Bayer Corp.—are they alleging that Bayer Corp. has *itself* committed illegal actions, or are they alleging some sort of alter-ego liability?  If the former, what action is Bayer Corp.—rather than Monsanto—supposed to have taken?  If the latter, what is the basis for a claim of alter-ego liability?  None of this can be discerned from the Complaint.

## CONCLUSION

For all the above reasons, the Court should grant this motion and dismiss Plaintiffs' Complaint.

Dated: December 1, 2023

By:   */s/ John J. Rosenthal*

JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036

JEFF WILKERSON
Winston & Strawn LLP
jwilkerson@winston.com
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202

*Counsel for Defendant*