# Appendix 1

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| Alabama | **Alabama product defect claims subject to either negligence of Alabama Extended Manufacturer's Liability Doctrine (AEMLD)**<br><br>**Risk-utility test**<br><br>*Gen. Motors Corp. v. Jernigan*, 883 So.2d 646, 662 (Ala. 2003). | **Yes, for AEMLD.**<br><br>*Beech Through Beech v. Outboard Marine Corp.*, 584 So. 2d 447, 450 (Ala. 1991); *Hosford v. BRK Brands, Inc.*, 223 So. 3d 199, 203 (Ala. 2016). | N/A | |
| Alaska | **Risk-utility test or consumer expectation test**<br><br>*Gen. Motors Corp. v. Farnsworth*, 965 P.2d 1209, 1220 (Alaska 1998) (factfinder can find a product defective under either consumer expectations test or the risk-utility test). | **No.**<br><br>*Maines v. Kenworth Alaska, Inc.*, 155 P.3d 318, 331, n. 35 (Alaska 2007) ("Alaska does not require the proof of a reasonable alternative design to be an absolute requirement."). | **Yes.**<br><br>*Shanks v. Upjohn Co.*, 835 P.2d 1189, 1197 (Alaska 1992); *Specter v. Texas Turbine Conversions, Inc.*, 2020 WL 7381400, at *3 (D. Alaska Dec. 15, 2020). | |
| Arizona | **Consumer expectations test, but risk- utility if consumer expectation cannot** | **Unclear – likely no.**<br><br>Compare *Long v. TRW Safety Systems, Inc.*, 796 F. Supp. 2d 1005, 1011 (D. | **Yes.**<br><br>*Feuerstein v. Home Depot, U.S.A., Inc.*, 2014 WL | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | provide complete answer<br><br>*Dart v. Wiebe Mfg., Inc.*, 709 P.2d 876, 881–82 (Az. 1985). | Ariz. 2011) (holding that defendant had shown no legal authority providing that plaintiffs were required to prove, *inter alia*, an alternative design) with *Welch v. Wright Medical Technology, Inc.*, 2012 WL 4711899, *2 (D. Ariz. 2012) (noting that Arizona's standard is analogous to the standard proposed by the Third Restatement of Torts, which provides that a design is defective "when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design."). | 2557122, at *4 (D. Ariz. June 6, 2014). | |
| Arkansas | Risk-utility test<br><br>*Lee v. Martin*, 45 S.W.3d 860, 864 (Ark. App. 2001). | No.<br><br>*Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 846 (8th Cir. 2001) ("[O]ur case law makes clear that a defective design can be established under Arkansas law without proof of a safer alternative design.") | Yes.<br><br>*Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 846 (8th Cir. 2001) ("Under Arkansas law the existence, practicality, and technological feasibility of an alternative safe design are not necessary elements of the plaintiff's cause of action, but | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | | | rather are merely factors that may be considered by the jury in determining whether a product was supplied in a defective condition that rendered it unreasonably dangerous . . . our review of Arkansas's products liability law reveals that its general tendency is to submit such factual questions to the jury to weigh in light of all the evidence"). | |
| California | **Either risk-utility test or consumer expectations test.**<br><br>*Merrill v. Navegar, Inc.*, 28 P.3d 116, 125 (Cal. 2001). | **No.**<br><br>*Perez v. VAS S.p.A.,* 188 Cal. App. 4th 658, 685 (Cal. App. 2d Dist. 2010) ("[T]he determination of design defect does not turn solely on the existence of a safer alternative design. Rather, the determination requires balancing various factors, which include feasible alternatives, but which also include other factors, such as the gravity of danger and the likelihood that the product will cause harm."). | **Yes, if risk-utility test applied.**<br><br>Judicial Council of California Civil Jury Instruction 1204. Strict Liability – Design Defect – Essential Factual Elements – Shifting Burden of Proof ("If *[name of plaintiff]* has proved these three facts, then your decision on this claim must be for *[name of plaintiff]* unless *[name of defendant]* proves that the benefits of the *[product]*'s design outweigh the risks of | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | | | the design. In deciding whether the benefits outweigh the risks, you should consider the following: (a) The gravity of the potential harm resulting from the use of the [*product*]; (b) The likelihood that this harm would occur; (c) The feasibility of an alternative safer design at the time of manufacture; (d) The cost of an alternative design; [and] (e) The disadvantages of an alternative design; [and] [(f) [*Other relevant factor*(s)].]") | |
| Colorado | **Risk-utility test** *Armentrout v. FMC Corp.*, 842 P.2d 175, 183–84 (Colo. 1992). | **No.** *See Armentrout v. FMC Corporation,* 842 P.2d 175, 185 n. 11 (Colo. 1992); *see also Walker v. Ford Motor company*, 406 P.3d 845, 850 (Colo. 2017). | **Yes.** *Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1110 (D. Colo. 2000). | |
| Connecticut | **Hybrid approach** | **No.** | **Yes.** | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | *Potter v. Chicago Pneumatic Tool Co.*, 694 A.2d 1319, 1333 (Conn. 1997) ("the modified consumer expectation test provides the jury with the product's risks and utility then inquires whether a reasonable consumer would consider the product unreasonably dangerous"). | *Potter v. Chicago Pneumatic Tool Co.,* 694 A.2d 1319, 1330, 1332–33 (Conn. 1997). | *Izzarelli v. R.J. Reynolds Tobacco Co.*, 136 A.3d 1232, 1251 (Conn. 2016) | |
| **Delaware** | **No strict liability for products liability actions.**<br><br>*Cline v. Prowler Inds. Of Maryland, Inc.*, 418 A.2d 968 (Del. 1980). | **No strict liability for products liability actions.**<br><br>*Cline v. Prowler Inds. Of Maryland, Inc.*, 418 A.2d 968 (Del. 1980). | **N/A** | |
| **District of Columbia** | **Risk-utility test**<br><br>*Warner Fruehauf Trailer Co., Inc. v. Boston*, 654 A.2d 1272, 1276–77 (D.C. 1995). | **Yes.**<br><br>*Warner Fruehauf Trailer Co., Inc. v. Boston*, 654 A.2d 1272, 1276 (D.C. 1995) ("In general, the plaintiff must show the risks, costs, and benefits of the product in question and alternative designs.") | **N/A** | |

Appendix 1 – Defendants' Motion to Strike Plaintiffs' Class Allegations

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| **Florida** | **Consumer expectations test**<br><br>*Aubin v. Union Carbine Corp.,* 177 So.3d 489, 511 (Fla. 2015). | **No.**<br><br>*Aubin v. Union Carbide Corp.,* 177 So. 3d 489, 510 (Fla. 2015) ("[I]n approaching design defect claims, we . . . reject the categorical adoption of the Third Restatement and its reasonable alternative design requirement."); *but see Cavanaugh v. Stryker Corp.,* 308 So. 3d 149, 155 (Fla. Dist. Ct. App. 2020) (distinguishing *Aubin* in case involving a complex medical device accessible to the consumer only through a medical professional). | **Yes.**<br><br>*Aubin v. Union Carbide Corp.,* 177 So. 3d 489, 511 (Fla. 2015) (holding plaintiff is not required, but is permitted, to demonstrate the feasibility of an alternative safer design and that the defendant may present evidence that no reasonable alternative design existed, while also arguing in defense that the benefit of the product's design outweighed any risks of injury or death caused by the design). | **4-year Statute of Limitations**<br>Fla. Stat. § 95.11; Fla. Stat. § 95.031 |
| **Georgia** | **Risk-utility test**<br><br>*Banks v. ICI Americas, Inc.,* 450 S.E.2d 671, 674 (Ga. 1994) | **No.**<br><br>*Williams v. Tristar Prod., Inc.,* 418 F. Supp. 3d 1212, 1229 (M.D. Ga. 2019) (holding reasonable alternative design is not an independent element of a design defect claim) (interpreting Georgia law). | **Yes.**<br><br>*Banks v. ICI Americas, Inc.,* 450 S.E.2d 671, 675, n 6 (Ga. 1994). | |
| **Hawaii** | **Either risk-utility test or consumer expectations test** | **Unclear—Appears No.**<br><br>It has not been directly | **Yes.** | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | *Tabieros v. Clark Equipment Co.*, 944 P.2d 1279, 1312–13 (Haw. 1997). | addressed, but appears no. See *Masaki v. General Motors Corp.,* 780 P.2d 566, 578 n. 10 (Haw. 1989) (finding a jury instruction, which provided, *inter alia* as follows, to be consistent with Hawaii law: "In determining whether or not the benefits outweigh such risk, you <u>may</u> consider . . . the mechanical feasibility of a safer alternative design at the time the product was manufactured, the financial cost of an improved design, and the adverse consequences, if any, to the product and the consumer that would result from an alternative design.") (emphasis added). | *Tabieros v. Clark Equip. Co.*, 944 P.2d 1279, 1310 (Haw. 1997). | |
| Idaho | **Unreasonable risk of physical injury**<br><br>*Puckett v. Oakfabco, Inc.*, 979 P.2d 1174, 1179–81 (Idaho 1999). | **Yes.**<br><br>*Puckett v. Oakfabco, Inc.,* 979 P.2d 1174, 1181 (Idaho 1999). | **N/A** | **2-year Statute of Limitations**<br>Idaho Code § 6-1403 |
| Illinois | **Either risk-utility test or consumer expectations** | **No.** | **Yes.** | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | test<br><br>*Mikolajczk v. Ford Motor Co.*, 901 N.E.2d 329, 352–53 (Ill. 2008). | *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 546 (Ill. 2008). | *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1154 (Ill. 2011). | |
| **Indiana** | **Consumer expectations test**<br><br>*Baker v. Heye-America*, 799 N.E. 2d 1135, 1140 (Ind. App. 2003). | **No.**<br><br>*Kaiser v. Johnson & Johnson*, 947 F.3d 996, 1013 (7th Cir. 2020) ("The Indiana Supreme Court has unambiguously rejected that reading of state law, clarifying that the IPLA's negligence provision does not incorporate the standard proposed by the American Law Institute in the Restatement (Third) of Torts and thus does not "require proof of any additional or more particular standard of care") (citing *TRW Vehicle Safety Sys., Inc. v. Moore*, 936 N.E.2d 201, 209 (Ind. 2010)). | **Yes.**<br><br>*Kaiser v. Johnson & Johnson*, 947 F.3d 996, 1013–14 (7th Cir. 2020) (applying Indiana law); | |
| **Iowa** | **Risk-utility test**<br><br>Wright v. Brooke Grp. Ltd., 652 N.W.2d 159, 166–67 (Iowa 2002). | **Yes.**<br><br>*Wright v. Brooke Group Ltd.,* 652 N.W.2d 159, 169–70 (Iowa 2002). | **N/A** | |

Appendix 1 – Defendants' Motion to Strike Plaintiffs' Class Allegations

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| Kansas | **Consumer expectations test**<br><br>*Delaney v. Deere & Co.,* 999 P.2d 930, 946 (Kan. 2000). | **No.**<br><br>*Delaney v. Deere & Co.,* 999 P.2d 930, 945-47 (Kan. 2000). | **Yes.**<br><br>*Delaney v. Deere & Co.,* 999 P.2d 930, 945 (Kan. 2000) | |
| Kentucky | **Risk-utility test**<br><br>*Toyota Motor Corp. v. Gregory,* 136 S.W.3d 35, 42 (Ky. 2004). | **Yes.**<br><br>*Toyota Motor Corp. v. Gregory,* 136 S.W.3d 35, 42 (Ky. 2004). | **N/A** | |
| Louisiana | **Risk-utility test**<br><br>*Vallee v. Crown Equip. Corp. of Ohio,* 2022 WL 179532, at *3 (E.D. La. Jan. 20, 2022). | **Yes.**<br><br>*See* LSA-R.S. § 9:2800.56. | **N/A** | |
| Maine | **Risk-utility test**<br><br>*St. Germain v. Husqvarna Corp.,* 544 A.2d 1283, 1285 (Me. 1988). | **Yes.**<br><br>*Stanley v. Schiavi Mobile Homes, Inc.,* 462 A.2d 1144, 1148 (Me. 1983). | **N/A** | |
| Maryland | **Risk-utility test if the product malfunctioned; consumer expectation test otherwise**<br><br>*Halliday v. Sturm, Ruger & Co.,* 792 A.2d 1145, 1153 (Md. 2002). | **No if consumer expectations applied; Yes if risk-utility applied.**<br><br>*Halliday v. Sturm, Ruger & Company, Inc.,* 792 A.2d 1145, 1153 (Md. 2002); | **Yes.**<br><br>*Cantrell v. Wirtgen Am., Inc.,* 2011 WL 915324, at *7 (D. Md. Mar. 15, 2011). | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | | *Conway v. Am. Med. Sys., Inc.*, 2021 WL 6126293, at *8 (D. Md. Dec. 28, 2021). | | |
| Massachusetts | **No strict liability cause of action for a defective product.**<br><br>*Taupier v. Davol, Inc.*, 490F.Supp.3d 430, 437 (D. Mass. 2020). | **No strict liability cause of action for a defective product.**<br><br>*Taupier v. Davol, Inc.*, 490F.Supp.3d 430, 437 (D. Mass. 2020). | **N/A** | |
| Michigan | **The Michigan Supreme Court has not recognized a strict liability theory for product defect.**<br><br>*See Gregory v. Cincinnati Inc.*, 538 N.W.2d 325, 339 n. 47 (1995). | **The Michigan Supreme Court has not recognized a strict liability theory for product defect.**<br><br>*See Gregory v. Cincinnati Inc.*, 538 N.W.2d 325, 339 n. 47 (1995). | **N/A** | |
| Minnesota | **Risk-utility test**<br><br>*Kallio v. Ford Motor Co.*, 407 N.W.2d 92, 95 (Minn. 1987). | **Yes.**<br><br>*Kallio v. Ford Motor Co.*, 407 N.W.2d 92, 96 (Minn. 1987) (requiring strict liability plaintiffs to prove product was unreasonably dangerous with evidence of a feasible alternative design). | **N/A** | |
| Mississippi | **Consumer expectations** | **Yes.** | **N/A** | |

Appendix 1 – Defendants' Motion to Strike Plaintiffs' Class Allegations

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | *Williams v. Bennett*, 921 So.2d 1269, 1275 (Miss. 2006). | *See* Miss. Code Ann. § 11-1-63(f)(ii). | | |
| **Missouri** | **Jury question of whether product was unreasonably dangerous**<br><br>*Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 65 (Mo. 1999). | **No.**<br><br>*Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748, 794 (Mo. Ct. App. 2008); *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 90 (Mo. Ct. App. 2006). | **Yes.**<br><br>*Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 90, n 5 (Mo. Ct. App. 2006); Mo. Ann. Stat. § 537.764(4) (providing that statute shall not be construed to permit or prohibit evidence of feasibility in products liability claims). | |
| **Montana** | **Risk-utility test**<br><br>*Rix v. Gen. Motors Corp.*, 723 P.2d 195, 201 (Mont. 1986). | **No.**<br><br>*Sternhagen v. Dow Co.*, 935 P.2d 1139, 1146 (Mont. 1997) ("while we allowed the plaintiff to present this evidence in *Rix* and *Krueger*, we *did not require it* as a part of plaintiff's prima facie case") (emphasis added); *Kaparich v. Ethicon, Inc.*, 2020 WL 4784687, at *1 (D. Mont. Aug. 18, 2020) ("Because Montana law does not require Kaparich to allege a feasible alternative, Ethicon's | **Only if the alternative designs existed at the time of manufacture.**<br><br>*Preston v. Montana Eighteenth Jud. Dist. Ct., Gallatin Cnty.*, 936 P.2d 814, 820 (Mont. 1997) (holding "evidence of alternative designs is only admissible where the alternative design existed prior to, or concurrent with, the manufacture of the product in question"); *Rix v. Gen. Motors* | **3-year Statute of Limitations (personal injury in strict liability)** 27-2-204, MCA |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | | motion to dismiss is denied on that ground"). | *Corp.*, 723 P.2d 195, 201 (Mont. 1986). | |
| Nebraska | **Consumer expectations test**<br><br>*Rahmig v. Mosley Mach. Co.*, 412 N.W.2d 56, 68 (Neb. 1987). | **No.**<br><br>*Rahming v. Mosley Machinery Co.*, 226 Neb. 423, 412, 412 N.W.2d 56 (Neb. 1987). | **Yes.**<br><br>*Jay v. Moog Auto., Inc.*, 652 N.W.2d 872, 880 (Neb. 2002) | |
| Nevada | **Consumer expectations test**<br><br>*Ford Motor Co. v. Trejo*, 402 P.3d 649, 655 (Nev. 2017). | **No.**<br><br>*Ford Motor Co. v. Trejo*, 402 P.3d 649, 655 (Nev. 2017). | **Yes.**<br><br>*Otto v. Refacciones Neumaticas La Paz, S.A., DE C.V.*, 2020 WL 907560, at *5 (D. Nev. Feb. 25, 2020) ("Alternative designs are one factor the jury may consider in evaluating whether an allegedly defectively-designed product is unreasonably dangerous—but those proposed alternative designs must be commercial feasible"). | |
| New Hampshire | **Risk-utility test**<br><br>*Kelleher v. Marvin Lumber & Cedar Co.*, 891 A.2d 477, 493 (N.H. 2005). | **No.**<br><br>*Kelleher v. Marvin Lumber & Cedar Co.*, 891 A.2d 477, 492 (N.H. 2005) ("Proof of an alternative design is neither a controlling factor nor an essential | **Yes.**<br><br>*Vautour v. Body Masters Sports Indus., Inc.*, 784 A.2d 1178, 1183 (N.H. 2001). | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | | element that must be proved in every case."). | | |
| New Jersey | **Risk-utility test**<br><br>*Hindermyer v. B. Braun Med. Inc.*, 419 F.Supp.3d 809, 823–24 (D.N.J. 2019).<br><br>**But consumer expectations test if it is self- evident that product was not reasonably safe**<br><br>*Vicente v. DePuy Synthes Co.*, 570 F. Supp.3d 232, 242 (D.N.J. 2021). | **Yes.**<br><br>N.J. Stat. § 2A:58C-3(a)(1) (providing that a plaintiff may succeed on a design defect claim if the plaintiff shows either that the product's risks outweighed its utility or that a practical and feasible, safer, alternative design existed that would have reduced or prevented the harm.); *Smith v. Keller Ladder Co.*, 645 A.2d 1269 (N.J. App. Div. 1994) (stating that to establish prima facie case of design defect, plaintiff must demonstrate availability of technologically feasible and practical alternative design that would have reduced or prevented plaintiff's harm). | N/A | |
| New Mexico | **"Unreasonable risk of injury" test**<br><br>*Brooks v. Beech Aircraft Corp.*, 902 P.2d 54, 61 (N.M. 1995). | **No.**<br><br>*Bustos v. Hyundai Motor Co.*, 243 P.3d 440, 452 (N.M. Ct. App. 2010) ("Under New Mexico law, the existence of a reasonable alternative design is a relevant consideration by a jury but . . . a | **Yes.**<br><br>*Bustos v. Hyundai Motor Co.*, 243 P.3d 440, 452 (N.M. Ct. App. 2010) ("While a jury is required to make risk-benefit calculations, consideration of alternative designs is but one of | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | | specific finding on this issue is not required"). | several risk-benefit considerations that a jury may balance in determining whether a product created an unreasonable risk of injury"). | |
| New York | **Risk-utility test**<br><br>*Denny v. Ford Motor Co.*, 662 N.E.2d 730, 735 (N.Y. 1995). | **Yes.**<br><br>*Scarangella v. Thomas Built Buses, Inc.,* 717 N.E.2d 679, 681–82 (N.Y. 1999). | **N/A** | |
| North Carolina | **No strict liability in products liability actions.**<br><br>N.C. Gen. Stat. § 99B-1.1. | **No strict liability in products liability actions.**<br><br>N.C. Gen. Stat. § 99B-1.1. | **N/A** | |
| North Dakota | **Risk-utility test**<br><br>*Endresen v. Scheels Hardware and Sports Shop, Inc.*, 560 N.W.2d 225, 234 (N.D. 1997). | **Yes.**<br><br>*Erling v. American Allsafe Co.,* 230 F.3d 1362 (8th Cir. 2000). | **N/A** | |
| Ohio | **Either risk-utility test or consumer expectations test**<br><br>*Perkins v. Wilkinson Sword., Inc.*, 700 N.E.2d 1247, 1251 (Ohio 1998). | **Yes.**<br><br>Ohio Rev. Code Ann. § 2307.75(F). | **N/A** | |
| Oklahoma | **Consumer expectations** | **No.** | **Yes.** | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | test<br><br>*Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770, 774 (Okla. 1988). | *AlNahhas v. Robert Bosch Tool Corp.*, 706 F. App'x 920, 935 (10th Cir. 2017) (holding evidence of alternative designs is not an essential element to design defect claim under Oklahoma law). | *AlNahhas v. Robert Bosch Tool Corp.*, 706 F. App'x 920, 935 (10th Cir. 2017) (acknowledging that evidence bearing upon design alternatives may be relevant to determining whether a product is unreasonably dangerous) (applying Oklahoma law). | |
| Oregon | **Consumer expectations test**<br><br>*McCathern v. Toyota Motor Corp.*, 23 P.3d 320, 331–32 (Or. 2001). | **No**.<br><br>*McCathern v. Toyota Motor Corp.*, 23 P.3d 320, 331 (Or. 2001). | **Yes.**<br><br>*Purdy v. Deere & Co.*, 492 P.3d 99, 109, review denied sub nom. *Purdy for Norton v. Deere & Co.*, 500 P.3d 675 (Or. 2021). | |
| Pennsylvania | **Either risk-utility or consumer expectations test**<br><br>*Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 407 (Pa. 2014). | **No.**<br><br>*Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 409 (Pa. 2014); *Knecht v. JAKKS Pac., Inc.*, 2021 WL 3722854, at *10 (M.D. Pa. Aug. 23, 2021). | **Yes.**<br><br>*Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 409 (Pa. 2014); Determination of Design Defect, Pa. SSJI (Civ), §16.20 (2020). | |
| Rhode Island | **Consumer expectations test** | **No.**<br><br>*Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp. 2d 263 (D.R.I. 2000) | **Yes.**<br><br>*Buonanno v. Colmar Belting Co.*, 733 A.2d 712, 718 (R.I. 1999) (holding reasonableness | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | *Castrigano v. E.R. Squibb & Sons, Inc.*, 546 A.2d 775, 779 (R.I. 1988). | ("Although practically, a plaintiff may well have to prove that a safer feasible alternative design exists to convince a factfinder that the product is 'defective' in a way that would render it unreasonably dangerous, there is no indication that this type of proof is required as a matter of law in Rhode Island."). | of alternative design is a factor for the jury to consider when determining whether product is defective). | |
| **South Carolina** | **Risk-utility test**<br><br>*Branham v. Ford Motor Co.*, 701 S.E.2d 5, 14–16 (S.C. 2010). | **Yes.**<br><br>*Branham v. Ford Motor Co.*, 701 S.E.2d 5, 14-16 (S.C. 2010). | **N/A** | |
| **South Dakota** | **Either risk-utility test or consumer expectations test**<br><br>*See generally Karst v. Shur-Co.*, 878 N.W.2d 604 (S.D. 2016). | **No.**<br><br>*Karst v. Shur-Co.,* 878 N.W.2d 604 (S.D. 2016). | **Yes.**<br><br>*Karst v. Shur-Co.,* 878 N.W.2d 604 (S.D. 2016). | |
| **Tennessee** | **Either risk-utility test or consumer expectations test** | **No.**<br><br>*Potter v. Ford Motor Co.,* 213 S.W.3d 264 (Tenn. Ct. App. 2006) (interpreting Tenn. Code Ann. § 29-28-105); *Wilcox v.* | **Yes.**<br><br>*Potter v. Ford Motor Co.,* 213 S.W.3d 264, 269 (Tenn. Ct. App. 2006) (holding evidence of a | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | *Ray by Holman v. BIC Corp.*, 925 S.W.2d 527, 533 (Tenn. 1996). | *Tricam Indus., Inc.*, 2010 WL 2133934, at *3 (M.D. Tenn. May 21, 2010) (proof of an alternative safe design is not required by Tennessee law). | technologically feasible and practical alternative design that likely would have reduced or prevented plaintiff's harm will always be highly relevant and probative of the issue of whether a product was defective or unreasonably dangerous); Tenn. Code Ann. § 29-28-105(b) (to determine if product is defective, "the state of scientific and technological knowledge available to the manufacturer or seller at the time the product was placed on the market . . . is applicable" and [c]onsideration is given also to the customary designs, methods, standards and techniques of manufacturing, inspecting and testing by other manufacturers or sellers of similar products"). | |
| Texas | Risk-utility test | Yes.<br><br>Tex. Civ. Prac. & Rem. Code | N/A | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | *Timpte Ind., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). | Ann. § 82.005(a)(1); *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 588 (Tex. 1999) ("A plaintiff must prove that there is a safer alternative design in order to recover under a design defect theory"). | | |
| Utah | **Consumer expectations test** <br><br> *Dimick v. OHC Liquidation Trust*, 157 P.3d 347, 349–50 (Utah App. 2007). | **Yes.** <br><br> *Petersen v. Raymond Corp.*, 994 F.3d 1224, 1226 (10th Cir. 2021) ("Under Utah law, a plaintiff bringing a strict products liability claim must show that at the time of the injury an "alternative, safer design, practicable under the circumstances""); *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 867 (10th Cir. 2003) (noting absence of intervening Utah authority indicating that a plaintiff is not required to prove a safer, feasible alternative design). | **N/A** | |
| Vermont | **Consumer expectations test** | **Unsettled. If Third Restatement is applied, then yes. Otherwise, no.** | **If Second Restatement is applied, then yes.** <br><br> *Milne v. Volkswagen AG*, | |

Appendix 1 – Defendants' Motion to Strike Plaintiffs' Class Allegations

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | *Farnham v. Bombardier, Inc.*, 640 A.2d 47, 48 (Vt. 1994). | *Compare Heco v. Johnson Controls, Inc.*, 2013 WL 6978667, at *2 (Vt.Super. Nov. 01, 2013) (adopting Third Restatement for a design defect case and requiring proof of reasonable design alternative) *with State v. 3M Co.*, 2020 WL 13368654, at *2 (Vt. Super. May 28, 2020) (denying motion to dismiss a design defect claim on the basis that complaint fails to allege that a reasonable alternative design existed because Vermont cases do not describe such a requirement). | 2009 WL 10702727, at *1 (D. Vt. Jan. 27, 2009) ("in design defect claims in product liability cases, feasibility of an alternative design is one factor that the jury may consider . . ."). | |
| **Virginia** | **No strict liability for products liability actions**<br><br>*Evans v. Nacco Materials Handling Grp., Inc.*, 810 S.E.2d 462, 469 (Va. 2018) ("When alleging that a product suffered from a design defect, a plaintiff may proceed under a theory | **No strict liability for products liability actions**<br><br>*Evans v. Nacco Materials Handling Grp., Inc.*, 810 S.E.2d 462, 469 (Va. 2018) ("When alleging that a product suffered from a design defect, a plaintiff may proceed under a theory | **N/A** | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | of implied warranty of merchantability or under a theory of negligence"). | of implied warranty of merchantability or under a theory of negligence"). | | |
| Washington | **Either risk-utility test or consumer expectations test**<br><br>*Soproni v. Polygon Apt. Partners*, 971 P.2d 500, 505 (Wash. 1999). | **Yes if risk-utility applied; No if consumer expectations applied.**<br><br>*Thongchoom v. Graco Children's Products, Inc.,* 71 P.3d 214 (Wash. App. Div. 3 2003) (trial court properly dismissed design defect claim based on risk-utility test where no feasible alternative design was available); *Couch v. Mine Safety Appliances Co.,* 728 P.2d 585, 588, 590 (Wash. 1986). | **Under consumer expectations test, evidence of alternative design is considered relevant.**<br><br>*O'Connell v. MacNeil Wash Sys. Ltd.*, 409 P.3d 1107, 1115 (Wash. App. 2017); *Falk v. Keene Corp.*, 113 Wash. 2d 645, 660, n 6 (Wash. 1989); Wash. Rev. Code Ann. § 7.72.050(1). | |
| West Virginia | **Whether the product was reasonably safe for intended use**<br><br>*Morningstar v. Black and Decker Mfg. Co.*, 253 S.E.2d 666, 683 (W.Va. 1979). | **Yes.**<br><br>*Mullins v. Ethicon, Inc.*, 2016 WL 7197441, at *5 (S.D.W. Va. Dec. 9, 2016) (holding, "in a West Virginia strict liability design defect products liability case, a plaintiff must prove that there was an alternative, feasible design—existing at the time of the product's manufacture—that would have | **For *Negligent* Design Defect Claim, the existence of an alternative, feasible design is considered *relevant evidence*.**<br><br>*Mullins v. Johnson & Johnson*, 236 F. Supp. 3d 940, 944 (S.D.W. Va. 2017). | |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | | eliminated the risk that injured the plaintiff") (citing *Morningstar v. Black and Decker Mfg. Co.*, 253 S.E.2d 666 (W.Va. 1979)). | | |
| **Wisconsin** | **Whether a reasonable alternative design + failure to adopt rendered product "not reasonably safe,** <br><br> *Lexington Ins. Co. v. Whesco Grp., Inc.*, No. 11-CV-598-BBC, 2013 WL 4454959, at *8 (W.D. Wis. Aug. 16, 2013). | **Yes.** <br><br> Wis. Stat. § 895.047(1)(a); *Moore v. Nat'l Presto Indus., Inc.*, 2022 WL 1555875, at *3 (W.D. Wis. May 17, 2022) (stating that to prevail on a design defect claim, a plaintiff has to show that the risks of the product could be reduced by a reasonable alternative design). | **N/A** | |
| **Wyoming** | **Whether the product is unsafe when put to a reasonably foreseeable use** <br><br> *Campbell ex rel. Campbell v. Studer, Inc.*, 970 P.2d 389, 392–93 (Wyo. 1998) | **Yes.** <br><br> See *Campbell ex rel. Campbell v. Studer, Inc.*, 970 P.2d 389, 392 n. 1 (Wyo. 1998) ("The requirement that plaintiff show the existence of a reasonable alternative design as an element of her claim has been the subject of extensive debate. Comments b and e to this section, however, suggest an alternative design may not | **N/A** | **4-year Statute of Limitations** <br> Wyo. Stat. Ann. § 1-3-105(a)(iv) (2023). |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Design Defect: 51-Jurisdiction Survey

| Jurisdiction | Standard for Identifying Defect | Proof of Alternative Design Required for Strict Liability Design Defect Claim? | If Alternative Design Not Required, Existence Weighed? | Other Relevant Considerations |
|---|---|---|---|---|
| | | be necessary in every design defect case. We need not enter the debate at this time because [Plaintiff's] allegations clearly rest on her contention that a feasible alternative design was available."). | | |