# Appendix 2

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
| Alabama | Yes.<br><br>*Barnhill v. Teva Pharms. USA, Inc.*, 819 F. Supp. 2d 1254, 1262 (S.D. Ala. 2011) ("Alabama courts have not recognized such a [heeding] presumption.") | 2 years<br>Ala. Code § 6-2-38(l) (1993 Repl. Vol.). |
| Alaska | No.<br><br>*Ross Labs. v. Thies*, 725 P.2d 1076 (Ala. 1986). | 2 years<br>Alaska Stat. § 09.10.070(a). |
| Arizona | Yes.<br><br>*Golonka v. Gen. Motors Corp.*, 204 Ariz. 575, 65 P.3d 956, 969 (Ct. App. Ariz. 2003). | 2 years<br>A.R.S. § 12-542; A.R.S. § 12-551. |
| Arkansas | Yes.<br><br>**Boerner v. Brown & Williamson Tobacco Corp., 260 F.3d 837, 842 (8th Cir. 2001) ("Under Arkansas law, once a plaintiff proves the lack of an adequate warning or instruction, a presumption arises that the user would have read and heeded an adequate warning.")** | 3 years<br>A.C.A. § 16-116-203. |
| California | No.<br><br>*Huitt v. S. California Gas Co.*, 116 Cal. Rptr. 3d 453, 467 (Cal. App. 2010).<br>*Merrill v. Navegar, Inc.*, 28 P.3d 116, 125 (Cal. 2001). | 2 years<br>Cal Code Civ Proc § 335.1. |
| Colorado | Unclear.<br><br>Colorado state courts have declined to recognize the heeding presumption. *See Potthoff v. Alms*, 583 P.2d 309, 311 (Colo. App. 1978). However, the Tenth Circuit stated that Colorado did recognize the heeding presumption in *Staley v. Bridgestone/Firestone, Inc.*, 106 F.3d 1504, 1509 (10th Cir. | 2 years<br>C.R.S. 13-80-106. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
| | 1997). | |
| Connecticut | No.<br><br>Connecticut Gen. Stat. § 52–572p(a) provides that "[a] product seller shall not be liable for harm that would not have occurred but for the fact that his product was altered or modified by a third party…." *See also DeJesus v. Craftsman Machinery Co.*, 16 Conn. App. 558, 574, 548 A.2d 736, 744 (1988). | 3 years<br>Conn. Gen. Stat. § 52-577a. |
| Delaware | No.<br><br>Delaware does not recognize the heeding presumption. Delaware has never adopted strict liability or Restatement (Second) of Tort § 402A (1965); *Hammond v. Colt Indus. Oper. Corp.*, 565 A.2d 558, 562-63 (Del. Super. 1989) (Delaware does not recognize strict liability for products liability). | 2 years<br>10 Del. C. § 8119. |
| District of Columbia | Yes.<br><br>*East Penn Mfg. Co. v. Pineda*, 578 A.2d 1113, 1124 (D.C. App. 1990) ("[The court] [a]dopted a rebuttable presumption that the user would have read an adequate warning, and in the absence of evidence rebutting the presumption, a jury may find that the defendant's product was the producing cause of the plaintiff's injury."). | 3 years<br>D.C. Code § 12-301 |
| Florida | Unclear.<br><br>Florida courts have not expressly ruled on whether the state recognizes a heeding presumption, but federal courts have suggested that Florida plaintiffs bear the burden of production on the causation question for failure to warn claims. *See In re Fosamax Prods. Lit.*, 647 F.Supp.2d 265, 279 (S.D.N.Y. 2009). | 4 years<br>Fla. Stat. § 95.11(3)(d), (j) (2023). |
| Georgia | Yes. | **2 years (bodily injury); 4 years (property damage)**<br>O.C.G.A. § 9-3-33; O.C.G.A. §§ 9-3-30, 9-3-31. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
|  | *Dozier Crane & Mach., Inc. v. Gibson*, 644 S.E.2d 333, 336 (Ga. App. 2007) ("[W]here there is no evidence that a plaintiff read the allegedly inadequate warning, causation cannot be shown."). |  |
| Hawaii | **Unclear.**<br><br>No Hawaii court has expressly recognized the heeding presumption under Hawaii law. | **2 years; however, failure to warn claims may give rise to UDAP violation. If so, 4 years.**<br>Haw. Rev. Stat. § 657-7 (1972). |
| Idaho | **Unclear.**<br><br>No Idaho court has expressly recognized the heeding presumption under Idaho law. | 2 years<br>Idaho Code § 6-1403. |
| Illinois | **Unclear.**<br><br>No Illinois state court has recognized the heeding presumption, but at least one federal district court applied Illinois law to recognize the heeding presumption. *Rutz v. Novartis Pharm. Corp.*, 2012 WL 6569361 (S.D. Ill. Dec. 17, 2012). | 2 years<br>735 ILCS 5/13-213 |
| Indiana | **Yes**.<br><br>*In re Fosamax Products Liability Litigation*, 688 F. Supp. 2d 259, 266 (S.D.N.Y. 2010) (applying Indiana law and explaining that Indiana's heeding presumption "may be rebutted with evidence that an adequate warning would not have been heeded."); *see also Ortho Pharmaceutical Corp. v. Chapman*, 388 N.E.2d 541, 555 (Ind. App. 1979). | **2 years; 10 years for product delivery to initial user**<br>Burns Ind. Code Ann. § 34-20-3-1. |
| Iowa | **Unclear.**<br><br>Iowa state courts have not recognized the heeding presumption, but federal courts have suggested that plaintiffs are entitled to the presumption. *See Rowson v. Kawasaki Heavy Inds., Ltd.*, 866 F.Supp. 1221, 1240 (N.D. Iowa 1994). | 2 years<br>Iowa Code § 614.1(2). |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
| Kansas | Yes. *Wooderson v. Ortho Pharmaceutical Corp.*, 681 P.2d 1038, 1042 (Kan. 1984) ("There is a presumption that an adequate warning would be heeded. This operates to the benefit of a manufacturer where adequate warnings are in fact given. Where warnings are inadequate, however, the presumption is in essence a presumption of causation…"). | **2 years** K.S.A. § 60-513. |
| Kentucky | **Unclear.** Kentucky state courts have not ruled on the heeding presumption, but at least one federal court has recognized it. *Snawder v. Cohen*, 804 F. Supp. 910, 911 (W.D. Ky. 1992) (*aff'd* 5 F.3d 1012 (6th Cir. 1993)). | **1 year** KRS § 413.140. |
| Louisiana | Yes. *Breaux v. Goodyear Tire & Rubber Co.*, 325 So. 3d 363 (La. App. 4 Cir. 2021) (articulating the heeding presumption but noting that a defendant can rebut the presumption (citing *Bloxom v. Bloxom*, 512 So.2d 839, 850 (La. 1987)). | **1 year** La. C.C. Art. 3492. |
| Maine | No. *Novak v. Mentor Worldwide LLC*, 287 F. Supp. 3d 85, 96 (D. Me. 2018) (requiring affirmative evidence that the doctor would have changed his use of the product for plaintiff to survive summary judgment). | **6 years** 14 M.R.S. § 752. |
| Maryland | Yes. *United States Gypsum Co. v. Mayor of Baltimore*, 647 A.2d 405, 413 (Md. 1994) ("[T]his Court has long recognized a presumption that plaintiffs would have heeded a legally adequate warning had one been given"). | **3 years** Md. COURTS AND JUDICIAL PROCEEDINGS Code Ann. § 5-101. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
| **Massachusetts** | Yes. *Evans v. Lorillard Tobacco Co.*, 990 N.E.2d 997, 1023–24 (Mass. 2013). | 3 years ALM GL ch. 260, § 2A. |
| **Michigan** | No. *Allen v. Owens-Corning Fiberglass Corp.*, 571 N.W.2d 530 (Mich. App. 1997) (allowing the presumption only where the lack of warning was undisputed, the consequences of exposure were severe, and the person exposed is dead). | 3 years MCLS § 600.5805. |
| **Minnesota** | No. *Yennie v. Dickey Consumer Prod., Inc.*, 2000 WL 1052175, at *1 (Minn. Ct. App. Aug. 1, 2000). | 4 years Minn. Stat. § 541.05. |
| **Mississippi** | No. *Wyeth Labs., Inc. v. Fortenberry*, 530 So.2d 688 (Miss. 1988); *Harris v. Int. Truck & Engine Corp.*, 912 So.2d 1101, 1109 (Miss. App. 2005) ("The fact that our supreme court has ruled on cases where a heeding presumption could easily have been applied to aid the plaintiff in a products liability case and declined to do so indicates to us that the Mississippi Supreme Court has no intention or desire to adopt or create a heeding presumption as a part of our jurisprudence with respect to product liability cases. Therefore, we decline to create one as well.") | 3 years Miss. Code Ann. § 15-1-49. |
| **Missouri** | Yes. *Moore v. Ford Motor Co.*, 332 S.W.3d 749, 762–63 (Mo. 2011). | 5 years § 516.120 R.S.Mo. |
| **Montana** | No. | 3 years 27-2-204, MCA. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
|  | *Riley v. American Honda Motor Co.*, 856 P.2d 196, 199 (Mont. 1993) ("However, we have not adopted the specific language in Comment j that—in the view of many courts—gives rise to a rebuttable presumption regarding causation.") |  |
| Nebraska | **Unclear.**<br><br>No Nebraska court has expressly recognized the heeding presumption under Nebraska law. | **4 years**<br>Neb. Rev. Stat. § 25-224(1) (2016). |
| Nevada | **No.**<br><br>*Rivera v. Philip Morris, Inc.*, 209 P.3d 271, 274–75 (Nev. 2009). | **2 years (personal injury); 3 years (property damages)**<br>Nev. Rev. Stat. §§ 11.190(4)(e); 3(c). *See also Campos v. New Direction Equip. Co.*, 2009 WL 114193, at *1 (D. Nev. Jan. 16, 2009); *Hartford Ins. Grp. v. Statewide Appliances, Inc.*, 484 P.2d 569, 570-71 (Nev. 1971). |
| New Hampshire | **Unclear.**<br><br>*Wilson v. Bradlees of N.E., Inc.*, 250 F.3d 10, 16) (1st Cir. 2001) ("New Hampshire has not adopted the 'read and heed' presumption and we will not do so on its behalf.") | **3 years**<br>RSA 507-D:2. |
| New Jersey | **Yes.**<br><br>*Coffman v. Keene Corp.*, 628 A.2d 710, 717-19 (N.J. 1993). | **2 years**<br>N.J. Stat. § 2A:14-2. |
| New Mexico | **Unclear.**<br><br>No New Mexico court has expressly recognized the heeding presumption under New Mexico law. | **3 years (personal injury); 4 years (property damage)**<br>*See* NMSA 1978, § 37-1-8 (1976); NMSA 1978, § 37-1-4 (1880). |
| New York | **Unclear.**<br><br>New York state courts and federal courts applying New York law conflict on whether the heeding presumption applies to a plaintiff's claims. Compare *Castorina v. A.C. & S.*, 49 N.Y.S.3d | **3 years**<br>N.Y. C.P.L.R. § 214 (McKinney 1990). *See generally Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 432, 615 N.E.2d 999, 1000 (1993). |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
| | 238, 243–44 (N.Y. Sup. Ct. 2017) ("[A]bsent clear state authority for it, I cannot find that as a matter of New York state law, there is a blanket requirement that a jury be charged with the burden-shifting presumption that a plaintiff would have heeded a warning as to the hazards of asbestos, if given.") with *In re Fosamax Prods. Liability Lit.*, 924 F.Supp.2d 477, 486 (S.D.N.Y. 2017) ("New York's heeding presumption dictates that the Court must presume that a user would have heeded warnings if they had been provided"). | |
| North Carolina | No.<br><br>North Carolina prohibits strict liability, N.C. G.S.A. §99B-1.1, and expressly imposes on plaintiffs the burden of proving causation in warning cases. N.C. G.S.A. §99B-5(a). | 3 years<br>N.C. Gen. Stat. § 1-52. |
| North Dakota | Yes.<br><br>*Crowston v. Goodyear Tire & Rubber Co.*, 521 N.W.2d 401, 410 (N.D. 1994). | 10 years of the date of initial purchase or 11 years of manufacture date.<br><br>N.D. Cent. Code Ann. § 28-01.3-08 (West) |
| Ohio | Yes.<br><br>*Seley v. G.D. Searle Co.*, 423 N.E.2d 831, 838 (Ohio 1981). | 2 years<br>ORC Ann. 2305.10. |
| Oklahoma | Yes.<br><br>*Cunningham v. Charles Pfizer & Co.*, 532 P.2d 1377, 1382 (Okla. 1974). | 2 years<br>Okla. Stat. tit. 12, § 95; *Kirkland,* 1974 OK 52, ¶ 24, 521 P.2d 1353, 1361. |
| Oregon | No.<br><br>*McPike v. Enciso's Cocina Mejicana, Inc.*, 762 P.2d 315, 319 (Or. App. 1988). | 2-years *Simonsen v. Ford,* 196 Or. App. 460, 102 P.3d 710 (2004), *rev. denied,* 338 Or. 681, 115 P.3d 246 (2005) (product liability, same as ordinary negligence) |
| Pennsylvania | No. | 2 years<br>42 Pa.C.S. § 5524. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
| | Pennsylvania law only recognizes the heeding presumption in cases involving workplace exposure to asbestos. *See Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534 (Pa. Super. 2004), aff'd, 881 A.2d 1262 (Pa. 2005). | |
| **Rhode Island** | **Unclear.**<br><br>No Rhode Island court has expressly recognized the heeding presumption under Rhode Island law. | **3 years**<br>R.I. Gen. Laws § 9-1-14. |
| **South Carolina** | **No.**<br><br>*Odom v. G.D. Searle & Co.* 979 F.2d 1001, 1003 (4th Cir. 1992) ("[T]here is no [heeding] presumption under South Carolina law, and we are unwilling to create one here.") | **3 years**<br>S.C. Code Ann. § 15-3-530 (2003); S.C. Code Ann. § 15-3-535 (2005); S.C. Code Ann. § 15-3-545 (2005). |
| **South Dakota** | **Unclear.**<br><br>South Dakota state courts have not ruled on the heeding presumption, but at least on federal court has recognized it. *Foster v. Ethicon, Inc.*, 529 F.Supp.3d 992, 1000 (D.S.D. 2021). | **3 years**<br>S.D. Codified Laws § 15-2-12.2. |
| **Tennessee** | **No.**<br><br>*Payne v. Novartis Pharm. Corp.*, 767 F.3d 526, 532–33 (6th Cir. 2014). | **1 year**<br>Tenn. Code Ann. § 28-3-104. |
| **Texas** | **Yes.**<br><br>The Fifth Circuit has applied the presumption in a mass vaccination case, but has also held that the heeding presumption does not apply in cases involving prescription medical products. *Reyes v. Wyeth Labs.*, 498 F.2d 1264, 1281–82 (5th Cir. 1974); *Ackermann v. Wyeth Pharm.* 526 F.3d 203, 212–13 (5th Cir. 2008) (applying Texas law). | **2 years (personal injury actions); 15 years (date of sale of product)**<br>Tex. Civ. Prac. & Rem. Code § 16.003; Tex. Civ. Prac. & Rem. Code § 16.012. |
| **Utah** | **Yes.** | **2 years**<br>Utah Code Ann. § 78B-6-706 (West) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Failure to Warn: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Heeding Presumption | Statute of Limitations |
|---|---|---|
| | *House v. Armour of Am., Inc.*, 929 P.2d 340, 347 (Utah 1996). | |
| Vermont | Yes.<br><br>*Needham v. Coordinated Apparel Group, Inc.*, 811 A.2d 124, 129 (Vt. 2002). | 3 years<br>Vt. Stat. Ann. tit. 12, § 512(4) (West 2018), Vt. Stat. Ann. tit. 12, § 512(5) (West 2018). |
| Virginia | No.<br><br>*Ford Motor Co. v. Boomer*, 736 S.E.2d 724, 733 (Va. 2013). | 2 years<br>Va. Code Ann. § 8.01-243. |
| Washington | No.<br><br>Under Washington law, the heeding presumption is not recognized. Luttrell v. Novartis Pharm. Corp., 894 F. Supp. 2d 1324, 1345 n.16 (E.D. Wash. 2012), aff'd, 555 F. App'x 710 (9th Cir. 2014) ("This [heeding] presumption is not currently recognized in Washington law, which law the Court must apply in this case.") | 3 years<br>Rev. Code Wash. (ARCW) § 7.72.060. |
| West Virginia | No.<br><br>*In re NuvaRing Litig.*, 2013 WL 1874321, at *35–36 (N.J. Super. Law Div. Apr. 18, 2013). | 2 years<br>W. Va. Code § 55-2-12 (1959); *Taylor v. Ford Motor Corp.*, 408 S.E.2d 270, 274 (W. Va. 1991). |
| Wisconsin | No.<br><br>*Kurer v. Parke, Davis & Co.*, 679 N.W.2d 867, 876 (Wis. Ct. App. 2004) (clearly placing the burden of proving causation on plaintiff in a failure to warn case). | 3 years<br>Wis. Stat. § 893.54. |
| Wyoming | **Unclear.**<br><br>No Wyoming court has expressly recognized the heeding presumption under Wyoming law. | 4 years<br>Wyo. Stat. Ann. § 1-3-105(a)(iv) (2023). |