# Appendix 3

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| **Alabama** | **(1) The nature of the defendant's activity; (2) the relationship between the parties; (3) the type of injury or harm threatened; and (4) foreseeability.** *Taylor v. Smith*, 892 So. 2d 887, 892 (Ala. 2004) | **Foreseeability is a key factor.** *Taylor v. Smith*, 892 So. 2d 887, 891–92 (Ala. 2004) | **Pure contributory negligence.** *Hilyer v. Fortier*, 2017 WL 65346, at *8 (Ala. Jan. 6, 2017). | *Lloyd Wood Coal Co. v. Clark Equip. Co.*, 543 So. 2d 671, 672 (Ala. 1989) (holding that economic loss doctrine bars tort claim seeking recovery of repair costs for defective front-end loader); *Ford Motor Co. v. Rice*, 726 So.2d 626 (Ala. 1998); *Lloyd Word Coal Co. v. Clark Equip. Co.*, 543 So.2d 671 (Ala. 1989) (A cause of action does not arise in tort under theories of negligence, wantonness, strict liability, or Extended Manufacturer's Liability Doctrine when a commercial product malfunctions or is defective and the malfunction or defect results in damage only to the product itself, and not personal injury or damage to "other property."). | **2 years** Ala. Code § 6-2-38(l) (1993 Repl. Vol.). |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| **Alaska** | ***Rowland*** **factors.** *See D.S.W. v. Fairbanks N. Star Borough Sch. Dist.*, 628 P.2d 554, 555 (Alaska 1981); *Rowland v. Christian*, 69 Cal.2d 108, 113 (Cal. 1968) (the factors are foreseeability, degree of certainty that plaintiff suffered injury, closeness of connection between defendant's conduct and the injury suffered, the moral blame attached to defendant's conduct, policy of preventing future harm, extent of the burden to defendant and consequences to community of imposing a duty, and the availability, cost, and prevalence of insurance for the risk involved). | **Foreseeability is the most important factor to consider.** *Geotek Alaska, Inc. v. Jacobs Engineering Group, Inc.*, 354 P.3d 368, 378 (Alaska 2015). | **Pure comparative fault.**<br><br>Alaska Stat. §§ 09.17.060; 09.17.080; *Kaatz v. Alaska*, 540 P.2d 1037 (Alaska 1975). | *Northern Power & Eng'g Corp. v. Caterpillar Tractor Co.,* 623 P.2d 324 (Alaska 1981) (When a defective product creates a situation potentially dangerous to persons or other properties, and loss occurs as a result of that danger, strict liability in tort is an appropriate theory of recovery, even though the damage is confined to the product itself); *Pratt & Whitney Can., Inc. v. Sheehan*, 852 P.2d 1173 (Alaska 1993) (A "dangerous situation" may provide an exception to the ELD in Alaska). | **2 years**<br>Alaska Stat. § 09.10.070 |
| **Arizona** | **(1) The special relationships of the parties based on contract, family relations, or conduct undertaken by the defendant and (2) public policy considerations.** *Gipson* | **Foreseeability not considered**. *Gipson v. Kasey*, 150 P.3d 228, 231 (Ariz. 2007). | **Pure comparative fault.**<br><br>Ariz. Rev. Stat. § 12-2505. | | **2 years**<br>Ariz. Rev. Stat. Ann. § 12-541 et. seq. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | *v. Kasey*, 150 P.3d 228, 232 (Ariz. 2007).<br><br>Jury instructions require "an appreciable risk of harm": *Rodriguez v. Besser Co.*, 565 P.2d 1315, 1322 n.4 (Ariz. Ct. App. 1977) (instructing jury to evaluate whether defendant's "acts created an appreciable risk of causing harm rather than a bare possibility thereof"). | | | | |
| Arkansas | **Foreseeability only.** *Coca-Cola Bottling Co. of Memphis, Tenn. v. Gill*, 100 S.W.3d 715, 724 (Ark. 2003).<br><br>Jury instructions require "an appreciable risk of harm": Arkansas Model Jury Instructions, Civil 3d 301 (1995) (instructing jury to determine whether defendant's actions taken despite "an appreciable risk of harm"). | **Foreseeability only.** *Coca-Cola Bottling Co. of Memphis, Tenn. v. Gill*, 100 S.W.3d 715, 724 (Ark. 2003) | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault)<br><br>Ark. Code § 16-64-122. | | **3 years**<br>Ark. Code Ann. § 16-56-101 et. seq. |
| California | ***Rowland* factors.** *Rowland v. Christian*, 69 Cal. 2d 108, 113 (Cal. 1968) *partially superseded by statute on other* | **Foreseeability is one factor to consider.** *Rowland v. Christian,* | **Pure comparative fault** | *Seely v. White Motor Co.*, 403 P.2d 145, 151 (Cal. 1965) (barring strict liability claim seeking | **1 year**<br>Cal. Civ. Proc. Code § 312 et. seq. (1 year if |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | *grounds as stated in Calvillo-Silva v. Home Grocery*, 19 Cal.4th 714, 722, (1998) *disapproved on other grounds in Aguilar v. Atlantic Richfield Co.*, 25 Cal.4th 826, 853 (2001) (the factors are foreseeability, degree of certainty that plaintiff suffered injury, closeness of connection between defendant's conduct and the injury suffered, the moral blame attached to defendant's conduct, policy of preventing future harm, extent of the burden to defendant and consequences to community of imposing a duty, and the availability, cost, and prevalence of insurance for the risk involved). | 69 Cal. 2d 108, 113 (Cal. 1968). | *Li v. Yellow Cab Co. of Cal.*, 532 P.2d 1226, 1242–43 (Cal. 1975); *Diaz v. Carcamo*, 253 P.3d 535, 541 (Cal. 2011). | repair costs where alleged defect resulted in damage only to the allegedly defective product itself); *Osborne v. Subaru of Am., Inc.*, 243 Cal. Rptr. 815, 821 (Cal. Ct. App. 1988) ("In California, such recovery [of economic loss] is unavailable"); *Sacramento Reg'l Transit Dist. v. Grumman Flexible*, 204 Cal. Rptr. 736, 742 (Cal. Ct. App. 1984) (same); *cf. San Francisco Unified Sch. Dist. v. W.R. Grace & Co.*, 44 Cal. Rptr. 2d 305, 314 (Cal. Ct. App. 1995) (under California law, economic loss doctrine bars claim for damage "that occurs through loss of value or use of the goods sold or the cost of repair . . . when there has been no claim of personal injury or damage to other property"). | occurred before January 1, 2003; 2 years if occurred after January 1, 2003; if the statute of limitations on a claim has not run before January 1, 2003, then it is a 2-year statute). *See* Cal. Civ. Proc. Code § 335.1. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | | | | Also bars "non-incident" P where no actual injury: *Khan v. Shiley, Inc.*, 266 Cal. Rptr. 106, 109 (Cal. 1990) (cause of action cannot exist under any theory premised on the mere risk that a product may malfunction in the future). | |
| Colorado | **(1) The risk involved in the defendant's conduct; (2) the foreseeability and likelihood of injury weighed against the social utility of the defendant's conduct; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing that burden on the defendant.** *Westin Operator, LLC v. Groh*, 347 P.3d 606, 613–14, n.5 (Colo. 2015). | **Foreseeability is an integral factor.** *Westin Operator, LLC v. Groh*, 347 P.3d 606, 613–14, n.5 (Colo. 2015). | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault)<br><br>Colo. Rev. Stat. § 13-21-111. | | **2 years** Colo. Rev. Stat. § 13-80-102 et. seq. |
| Connecticut | **Foreseeability and a public policy analysis.** *Mirjavadi v. Vakilzadeh*, 74 A.3d 1278, 1288 (Conn. 2013)*; see also Ruiz* | **Foreseeability is the threshold inquiry.** *Mirjavadi v. Vakilzadeh*, 74 A.3d 1278, 1288 (Conn. 2013). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault) | The ELD is a bar to tort actions where the relationship between the parties is contractual and the damages are economic | **2 years** Conn. Gen. Stat. Ann. § 52-584. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | *v.Victory Prop., LLC*, 107 A.3d 381, 393 (Conn. 2015). | | Conn. Gen. Stat. § 52-572h. | in nature. Conn. Gen. Stat. §§ 52-572m(b), 52-572n(a); *Chiang v. Pyro Chemical, Inc.,* 1997 WL 330622 (Conn. Super. 1997). | |
| **Delaware** | **The relationship between the parties; foreseeability; and balancing of the risk of injury against the defendant's cost of preventing it.** *In re Asbestos Litig.*, 2007 WL 4571196, at *4–5. | Foreseeability is one factor to consider. *In re Asbestos Litig.*, 2007 WL 4571196, at *6 (Del. Super. Ct. Dec. 21, 2007), *aff'd sub nom. Riedel v. ICI Americas Inc.*, 968 A.2d 17 (Del. 2009). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault)<br><br>Del. Code tit. 10, § 8132. | *Danforth v. Acorn Structures, Inc.,* 608 A.2d 1194 (Del. Super. 1999) (The ELD prevents recovery in tort where only the product itself has been damaged). | **2 years** Del. Code Ann. tit. 10, §§ 8107, 8119. |
| **District of Columbia** | **The relationship between the parties; foreseeability; and balancing of the risk of injury against the defendant's cost of preventing it.** *Bd. of Trs. of Univ. of D.C. v. DiSalvo*, 974 A.2d 868, 871–72 & n.2 (D.C. 2009). | Foreseeability is one factor to consider. *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793–94 (D.C. 2011). | **Pure contributory negligence**<br><br>*Wingfield v. Peoples Drug Store, Inc.*, 379 A.2d 685, 687 (D.C. 1977); *see Hsieh v. Consolidated Eng'g Servs., Inc.*, 569 F. Supp. 2d | Hybrid definition: Standardized Civil Jury Instructions for the District of Columbia (1981), No. 5-11 ("An injury or damage is said to be proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence, that the act or omission plays a substantial part in bringing about the injury or | **3 years** D.C. Code § 12-301 et. seq. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | | | 159, 182–83 (D.D.C. 2008). | damage. Moreover, it must be shown that the injury or damage is either a direct result or a reasonably probable consequence of the act or omission."). | |
| **Florida** | **Foreseeability versus the burden to be imposed.** *Dorsey v. Reider*, 139 So. 3d 860, 863 (Fla. 2014). | **Foreseeability is one factor to consider.** *Chirillo v. Granicz*, 199 So. 3d 246, 249 (Fla. 2016) | **Pure comparative fault**<br><br>Fla. Stat. § 768.81(2); *Hoffman v. Jones*, 280 So. 2d 431 (Fla. 1973). | *Florida Power & Light Co. v. Westinghouse Elec. Co.*, 510 So. 2d 899, 900 (Fla. 1987) (Florida law precludes recovery of purely economic losses in tort); *Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, Inc.*, 588 So. 2d 631, 633 (Fla. 3d DCA 1991) (same), *aff'd*, 620 So. 2d 1244 (Fla. 1993). | **4 years** Fla. Stat. Ann. § 95.011 et. seq. |
| **Georgia** | **Foreseeability, logic, science, and public policy.** *CSX Transp., Inc. v. Williams*, 608 S.E.2d 208, 209 (Ga. 2005).<br><br>Uses Restatement to consider whether conduct falls below SOC for protection of unreasonable risk of harm: *Savage v. Flagler Co.*, 364 | **Foreseeability is one factor to consider.** *CSX Transp., Inc. v. Williams*, 608 S.E.2d 208, 209 (Ga. 2005). | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault)<br><br>Ga. Code §§ 51-11-7; 51-12-33(g). | *Busbee v. Chrysler Corp.*, 524 S.E.2d 539 (Ga. App. 1999) (No recovery in tort is allowed when damage is to the product only, unless there is personal injury or damage to "other property".). *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 300 S.E.2d | **2 years** Ga. Code Ann. § 9-3-20 et. seq. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | S.E.2d 52, 57 (Ga. 1987) (applying the Restatement approach), *rev'd on other grounds*, 368 S.E.2d 504, 506 (Ga. 1988). | | | 503 (Ga. 1983) (Exception exists for misrepresentation relied on by the purchaser.) *Long v. Jim Letts Oldsmobile, Inc.*, 217 S.E.2d 602 (Ga. App. 1975) (A plaintiff can recover in tort for personal injuries and damage to other property, but recovery for damage to the product itself is not allowed). | |
| Hawaii | 1) [W]hether a special relationship exists; (2) the foreseeability of harm to the injured party; (3) the degree of certainty that the injured party suffered injury; (4) the closeness of the connection between the defendants' conduct and the injury suffered; (5) the moral blame attached to the defendants; (6) the policy of preventing harm; (7) the extent of the burden to the defendants and consequences to the community of imposing a | Foreseeability is one factor to consider. *Pulawa v. GTE Hawaiian Tel.*, 143 P.3d 1205, 1214 (Haw. 2006). | Modified comparative fault (recovery barred if plaintiff is 51% or more at fault)<br><br>Haw. Rev. Stat. § 663-31. | *Bronster v. United States Steel*, 919 P.2d 294 (Haw. 1996) (ELD bars claims for relief based on products liability or negligent design and/or manufacture theory for economic loss stemming from the product alone. Exceptions exist for negligent misrepresentation and fraud).<br><br>"Substantial factor" definition: *Aga v. Hundahl*, | 2 years<br><br>Haw. Rev. Stat. § 657-7. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | **duty to exercise care with resulting liability for breach; and (8) the availability, cost, and prevalence of insurance for the risk involved.** *Pulawa v. GTE Hawaiian Tel.*, 143 P.3d 1205, 1214 (Haw. 2006). | | | 78 Haw. 230, 236-37 (Haw. 1995) (holding that a jury instruction accurately explained the Hawaii rule that "[a]n act or omission is a legal cause of an injury/damage if it was a substantial factor in bringing about the injury/damage"). | |
| **Idaho** | *Rowland* factors. *Rountree v. Boise Baseball, LLC*, 296 P.3d 373, 377 (Idaho 2013); *Rowland v. Christian*, 69 Cal. 2d 108, 113 (Cal. 1968). | **Foreseeability is one factor to consider.** *Stoddart v. Pocatello Sch. Dist. #25*, 239 P.3d 784, 791 (Idaho 2010). | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault)<br><br>Idaho Code § 6-801. | Absent accompanying personal injury or property damage to property other than the product, purely economic losses alone are not recoverable in tort. *Duffin v. Idaho Crop Improvement Ass'n,* 895 P.2d 1195 (Idaho 1995). An exception exists when there is a special relationship involved, such as professional or quasi-professional relationships, or there is *"parasitic injury to person or property." Id.* | **2 years** Idaho Code § 5-219. |
| **Illinois** | **The reasonable foreseeability of injury; the likelihood of** | **Foreseeability is one factor to consider.** | **Modified comparative fault** | *Moorman* Doctrine precludes recovery of | **2 years** |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | **such injury; the burden of guarding against the injury; and the consequences of placing the burden on defendant**. *Negron v. City of Chicago*, 55 N.E.3d 109, 113 (Ill. App. Ct. 2016). | *Negron v. City of Chicago*, 55 N.E.3d 109, 113 (Ill. App. Ct. 2016). | (recovery barred if plaintiff is 51% or more at fault)<br><br>735 Ill. Comp. Stat. § 5/2-1116. | purely economic losses in tort for failure to fulfill contractual obligations. *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547 (7th Cir. 2012); *Catalan v. GMAC Mortgage Corp.,* 629 F.3d 676 (7th Cir. 2011); *Rardin v. T & D Machine Handling,* 890 F.2d 24 (7th Cir. 1989). | 735 Ill. Comp. Stat. 5/13-202. |
| **Indiana** | **The relationship between the parties; the foreseeability of harm to the persons injured; and public policy concerns**. *Kramer v. Catholic Charities of Diocese of Fort Wayne-South Bend, Inc.*, 32 N.E.3d 227, 233 (Ind. 2015). | **Foreseeability is one factor to consider.** *Kramer v. Catholic Charities of Diocese of Fort Wayne-South Bend, Inc.*, 32 N.E.3d 227, 233 (Ind. 2015). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault)<br><br>Ind. Code §§ 34-51-2-5; 34-51-2-6. | *Prairie Prod., Inc. v. Agchem Div.-Pennwalt Corp.*, 514 N.E.2d 1299, 1304 (Ind. Ct. App. 1987) (noting that a "manufacturer does not owe a duty to avoid causing purely economic damage"). | **2 years** Ind. Code Ann. § 34-11-2-1 et. seq. |
| **Iowa** | **Public policy considerations or relationship between the parties**. *Thompson v. Kaczinski*, 774 N.W.2d 829, 834–35 (Iowa 2009).<br><br>Uses Restatement to consider whether conduct falls below SOC for protection of | **Foreseeability not considered.** *Thompson v. Kaczinski*, 774 N.W.2d 829, 834–35 (Iowa 2009) | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault)<br><br>Iowa Code § 668.3(1)(b); *Goetzman v.* | | **2 years** Iowa Code Ann. § 614.1 et. seq. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | unreasonable risk of harm: *Marcus v. Young*, 538 N.W.2d 285, 287 (Iowa 1995) (using the Restatement approach). | | *Wichern*, 327 N.W. 2d 742 (Iowa 1982). | | |
| **Kansas** | **Plaintiff must be foreseeable; probability of harm must be foreseeable; duty must not be contrary to public policy.** *Berry v. Nat'l Med. Servs., Inc.*, 257 P.3d 287, 290–92 (Kan. 2011). | **Foreseeability is the main consideration.** *Berry v. Nat'l Med. Servs., Inc.*, 257 P.3d 287, 290 (Kan. 2011). | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault)<br><br>Kan. Stat. § 60-258a(a). | | **2 years** Kan. Stat. Ann. § 60-513. |
| **Kentucky** | **Foreseeability and policy considerations.** *Shelton v. Kentucky Easter Seals Soc. Inc.*, 413 S.W.3d 901, 908 (Ky. 2010). | **Foreseeability is the most important factor.** *Shelton v. Kentucky Easter Seals Soc. Inc.*, 413 S.W.3d 901, 908 (Ky. 2010) | **Pure comparative fault**<br><br>Ky. Rev. Stat. § 411.182. | | **1 year** Ky. Rev. Stat. Ann. § 413.080 et. seq. |
| **Louisiana** | **(1) Whether the imposition of a duty would result in an unmanageable flow of litigation; (2) the ease of association between the plaintiff's harm and the defendant's conduct; (3) the economic impact on society as well as the economic impact on similarly situated parties; (4) the nature of the** | **Foreseeability can help determine if a duty exists.** *Verrett v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 207 So. 3d 621, 629 (La. Ct. App. 2016) | **Pure comparative fault**<br><br>La. Civ. Code art. 2323. | With regard to defective products, Louisiana has enacted the Louisiana Products Liability Act (LPLA). La. Rev. Stat. Ann. § 9:2800.51, *et. seq.* The LPLA defines the "damages" recoverable for a product defect as to include "damage to the product itself". La. Rev. | **1 year** La. Civil Code § 3492 et. seq. |

Appendix 3 – Defendants' Motion to Strike Plaintiffs' Class Allegations

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | **defendant's activity; (5) moral considerations, particularly victim fault; (6) precedent; and (7) the direction in which society and its institutions are evolving.** *Alexander v. Toyota Motor Sales, U.S.A.*, 123 So. 3d 712, 715 (La. 2013). | | | Stat. Ann. *§ 9:2800.53(5).* Economic loss alone is recoverable in Louisiana. *DeAtley v. Victoria's Secret Catalogue,* 876 So.2d 112 (La. App. 2004). However, the 5th Circuit has indicated that this language may intend to say that the ELD doesn't apply if the aggrieved party does not have the ability to pursue a warranty claim. | |
| Maine | **Foreseeability and policy.** *Alexander v. Mitchell*, 930 A.2d 1016, 1020 (Me. 2007). | **Foreseeability is one factor to consider.** *Alexander v. Mitchell*, 930 A.2d 1016, 1020 (Me. 2007). | **Modified comparative fault** – contours unresolved<br><br>Me. Rev. Stat. tit. 14 § 156. The language of the statute does not clearly establish whether the fault of the plaintiff is compared to the fault of each defendant or to the | | **3 years** Me. Rev. Stat. Ann. tit. 14, § 751 et. seq. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | | | fault of the defendants in the aggregate. On a number of occasions, the Maine Supreme Judicial Court has acknowledged this ambiguity without reaching the issue. *See, e.g., Hoitt v. Hall*, 661 A.2d 669, 672 (Me. 1995). | | |
| Maryland | ***Rowland* factors.** *Id*; *Rowland v. Christian*, 69 Cal. 2d 108, 113 (Cal. 1968). | **Foreseeability is the most important factor to consider.** *Kiriakos v. Phillips*, 139 A.3d 1006, 1033–34 (Md. 2016) | **Pure contributory negligence**<br><br>*Coleman v. Soccer Ass'n of Columbia*, 69 A.3d 1149, 1152 (Md. 2013). | There is no recovery under a negligence theory for purely economic losses resulting from a defective product, unless the defect causes a dangerous condition creating risk of death or personal injury; "economic losses" include loss of value or use of product itself, cost to repair or replace the product, or lost profits resulting from loss of use of the product. *A.J.* | **3 years** Md. Courts & Jud. Proc. Code Ann. § 5-101 et. seq. |

Perez-Hernandez, et al. v. Bayer AG, et al.
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | | | | *Decoster v. Westinghouse Electric Corp.,* 634 A.2d 1330 (Md. 1994). | |
| **Massachusetts** | Social values, customs, and foreseeability. *Jupin v. Kask*, 849 N.E.2d 829, 835–36 (Mass. 2006). | **Foreseeability is a precondition to duty.** *Jupin v. Kask*, 849 N.E.2d 829, 835–36 (Mass. 2006). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault)<br><br>Mass. Gen. Laws ch. 231 § 85. | | **3 years** Mass. Ann. Laws ch. 260, § 1 et. seq. |
| **Michigan** | **The relationship of the parties; the foreseeability of the harm; the burden on the defendant; and the nature of the risk presented.** *Hill v. Sears, Roebuck & Co.*, 822 N.W.2d 190, 196 (Mich. 2012). | **Foreseeability is a key factor to consider.** *Hill v. Sears, Roebuck & Co.*, 822 N.W.2d 190, 196 (Mich. 2012). | **Pure comparative fault**<br><br>Mich. Stat. § 600.2957. | *Niebarger v. Universal Coop., Inc.*, 486 N.W.2d 612, 617 (Mich. 1992) (noting that "'when a plaintiff seeks to impose liability for economic losses only, tort law concerns with products safety no longer apply, and commercial law concerns with economic expectations must govern'") (citations omitted). | **3 years** Mich. Comp. Laws § 600.5801 et. seq. |
| **Minnesota** | **Public policy and foreseeability.** *Domagala v. Rolland*, 805 N.W.2d 14, 27 (Minn. 2011). | **Foreseeability is the major consideration.** *Domagala v. Rolland,* | **Modified comparative fault** (recovery barred from a defendant | *Lloyd F. Smith Co. v. Den-Tal-Ez, Inc.*, 491 N.W.2d 11, 17 (Minn. 1992) (en banc) ("an action for | **6 years** Minn. Stat. Ann. § 541.01 et. seq. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | | 805 N.W.2d 14, 27 (Minn. 2011). | if the percentage of fault allocated to plaintiff is more than percentage allocated to that defendant)<br><br>Minn. Stat. § 604.01(1). | damage to the defective product itself is always limited to a UCC based recovery"); *Transp. Corp. of Am., Inc. v. IBM*, 30 F.3d 953, 956 (8th Cir. 199) ("[t]he economic loss doctrine in Minnesota bars recovery under the tort theories of negligence or strict liability for economic losses that arise out of commercial transactions, except those involving personal injury or damage to other property"); *cf.* Minn. Stat. § 604.10(c) (2000) ("economic loss recoverable in tort under this section does not include economic loss due to damage to the goods themselves"). | |
| Mississippi | **Foreseeability.** *Rein v. Benchmark Construction Company*, 865 So. 2d 1134, 1143, 1145 (Miss. 2004). | **Foreseeability is the major consideration.** *Rein v. Benchmark Construction Company*, 865 So. 2d 1134, 1143, 1145 (Miss. 2004). | **Pure comparative fault**<br><br>Miss. Code § 11-7-15. | | **3 years**<br>Miss. Code. Ann. § 15-1-49. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | Applies the "Hand Formula": *Maryland Cas. Co. v. City of Jackson*, 493 So. 2d 955, 960 n.3 (Miss. 1986) (applying the Hand formula). | | | | |
| Missouri | **The foreseeability of the injury; the likelihood of the injury; the magnitude of the burden of guarding against it; and the consequence of placing that burden on defendant.** *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708–09 (Mo. 2005). | **Foreseeability is a key factor to consider.** *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708–09 (Mo. 2005). | **Pure comparative fault** *Gustafson v. Benda*, 661 S.W.2d 11, 15-16 (Mo. 1983). | | **5 years** Mo. Rev. Stat. § 516.097 et. seq. |
| Montana | **The foreseeability of the injury to the plaintiff; prevention of future harm; burden on defendant; consequences to the public of imposing a duty; and availability of insurance for the risk involved.** *Hinkle v. Shepherd Sch. Dist. No. 37*, 93 P.3d 1239, 1244 (Mont. 2004). | **Foreseeability is one factor to consider.** *Gourneau ex rel. Gourneau v. Hamill*, 311 P.3d 760, 763 (Mont. 2013). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault) Mont. Code § 27-1-702. | | **3 years** Mont. Code Ann. § 27-2-2021 et. seq. |
| Nebraska | **Public policy considerations or relationship between the parties.** *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 784 N.W.2d 907, 918 (Neb. 2010). | **Foreseeability not considered.** *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 784 N.W.2d 907, 918 (Neb. 2010). | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault | | **4 years** Neb. Rev. Stat. § 25-208. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | | | Neb. Rev. Stat. § 25-21,185.09. | | |
| **Nevada** | **(1) The magnitude of the risk; (2) the relationship of the parties; (3) the nature of the attendant risk; (4) the opportunity and ability to exercise care; (5) the foreseeability of the harm; and (6) the policy interest in the proposed solution.** *Munstermann ex rel. Rowe v. Alegent Health-Immanuel Med. Ctr.*, 716 N.W.2d 73, 83–84 (Nev. 2006). | **Foreseeability is a predicate to establishing duty.** *Ashwood v. Clark Cty.*, 930 P.2d 740, 743 (Nev. 1997), *overruled in part by Vega v. E. Courtyard Assoc.*, 24 P.3d 219 (Nev. 2001) | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault) Nev. Rev. Stat. § 41.141. | | **2 years** Nev. Rev. Stat. Ann. § 11.190. |
| **New Hampshire** | **The societal interest involved; the severity of the risk; the likelihood of occurrence; the relationship between the parties; and the burden upon the defendant.** *Riso v. Dwyer*, 135 A.3d 557, 559 (N.H. 2016). | **Foreseeability is a factor.** *Riso v. Dwyer*, 135 A.3d 557, 559 (N.H. 2016). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault) N.H. Rev. Stat. § 507:7-d. | | **3 years** N.H. Rev. Stat. Ann. § 508:1 et. seq. |
| **New Jersey** | **The relationship of the parties; the nature of the risk; the ability to alter behavior to avoid injury to another; the foreseeability of the injury;** | **Foreseeability is a critical factor.** *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014). | **Modified comparative fault** (recovery barred in plaintiff is 51% or more at fault) | | **6 years** N.J. Stat. Ann. § 2a:14-1 et. seq. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | and the public interest in the proposed solution. *Robinson v. Vivirito*, 86 A.3d 119, 122 (N.J. 2014). <br><br> Applies the "Hand Formula": *People Express Airlines, Inc. v. Consol. Rail Corp.*, 495 A.2d 107, 117-18 (1985) (using Hand formula). | | N.J. Stat. § 2A:15-5.1. | | |
| New Mexico | **Public policy considerations or relationship between the parties.** *Rodriguez v. Del Sol Shopping Ctr. Assocs., L.P.*, 326 P.3d 465, 467, 474 (N.M. 2014). | **Foreseeability not considered.** *Rodriguez v. Del Sol Shopping Ctr. Assocs., L.P.*, 326 P.3d 465, 467 (N.M. 2014). | **Pure comparative fault** <br><br> *Safeway, Inc. v. Rooter 2000 Plumbing & Drain SSS*, 368 P.3d 389, 396 (N.M. 2016). | | **3 years** N.M. Stat. Ann. § 37-1-8. |
| New York | **Foreseeability and public policy.** *Tiede v. Frontier Skydivers, Inc.*, 129 A.D.3d 1585, 1586–87 (N.Y. App. Div. 2015). | **Foreseeability is one factor to consider.** *Tiede v. Frontier Skydivers, Inc.*, 129 A.D.3d 1585, 1586–87 (N.Y. App. Div. 2015). | **Pure comparative fault** <br><br> N.Y. C.P.L.R. 1411. | *Bocre Leasing Corp. v. Gen. Motors Corp.*, 645 N.E.2d 1195, 1196 (N.Y. 1995) (economic loss doctrine barred negligence claims for "minor property damage to the helicopter itself, with no damage whatsoever to person or other property"). | **3 years** N.Y. Civ. Prac. Laws & Rules § 214. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| **North Carolina** | **Foreseeability and whether it was avoidable through due care.** *Bridges v. Parrish*, 742 S.E.2d 794, 796–97 (N.C. 2013). | **Foreseeability is the major consideration.** *Mosteller v. Duke Energy Corp.*, 698 S.E.2d 424, 444 (N.C. Ct. App. 2010). | **Pure contributory negligence** *Scheffer v. Dalton*, 777 S.E.2d 534, 541 (N.C. Ct. App. 2015). | | **3 years** N.C. Gen. Stat. § 1-46 et. seq. |
| **North Dakota** | **Relationship of the parties and/or foreseeability.** *Palmer v. 999 Quebec, Inc.*, 874 N.W.2d 303, 309–10 (N.D. 2016). | **Foreseeability is one factor to consider.** *Palmer v. 999 Quebec, Inc.*, 874 N.W.2d 303, 309–10 (N.D. 2016). | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault) N.D. Cent. Code § 32.03.2-02. | *Coop. Power Ass'n v. Westinghouse Elec. Corp.*, 493 N.W.2d 661, 663 n.5 (N.D. 1992) (economic loss doctrine bars negligence claims where "there has been no claim of personal injury or damage to other property") (citations omitted). | **6 years** N.D. Cent. Code § 28-01-16. |
| **Ohio** | **Foreseeability and the relationship between the parties.** *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 29 N.E.3d 921, 928 (Ohio 2015). | **Foreseeability is an important part of duty.** *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 29 N.E.3d 921, 928 (Ohio 2015). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault) Ohio Rev. Code § 2315.33. | Bars negligence claims for purely economic loss when P & D in privity: *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 631 (Ohio 1989) ("For an ordinary consumer, *i.e.*, one not in privity of contract with the seller or manufacturer against whom recovery is | **2 years** Ohio Rev. Code Ann. § 2305.10. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | | | | sought, an action in negligence may be an appropriate remedy to protect the consumer's property interests"); *Inglis v. Am. Motors Corp.*, 209 N.E.2d 583, 588 (Ohio 1965) (barring action for negligence on economic loss grounds). | |
| Oklahoma | **(1) Foreseeability of harm to the plaintiff; (2) degree of certainty of harm to the plaintiff; (3) moral blame attached to the defendant's conduct; (4) need to prevent future harm (5) extent of the burden to the defendant and consequences to the community of imposing a duty on the defendant; and (6) availability of insurance for the risk involved.** *Redd v. Big Dog Holding Co., L.L.C.*, 2016 WL 6956650, at *1 (W.D. Okla. Nov. 28, 2016). | **Foreseeability is the most important factor.** *Redd v. Big Dog Holding Co., L.L.C.*, 2016 WL 6956650, at *1 (W.D. Okla. Nov. 28, 2016). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault)<br><br>Okla. Stat. tit. 23, § 13. | | **3 years** Okla. Stat. Ann. tit. 12, § 95. |
| Oregon | **If the defendant's conduct created a foreseeable and unreasonable risk.** *Chapman* | **Duty and breach have been subsumed by foreseeability.** | **Modified comparative fault** (recovery barred if | | **2 years** Or. Rev. Stat. § 12.110. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | *v. Mayfield*, 361 P.3d 566, 572 (Or. 2015). | *Chapman v. Mayfield*, 361 P.3d 566, 571 (Or. 2015). | plaintiff is 51% or more at fault)<br><br>Or. Rev. Stat. § 31.600. | | |
| Pennsylvania | **The relationship between the parties; the social utility of the defendant's conduct; the nature of the risk imposed and foreseeability of the harm incurred; the consequences of imposing a duty upon the defendant; and the overall public interest in the proposed solution.** *Dittman v. UPMC*, 154 A.3d 318, 322–23 (Pa. Super. Ct. 2017). | **Foreseeability is one factor to consider.** *Dittman v. UPMC*, 154 A.3d 318, 322–23 (Pa. Super. Ct. 2017). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault)<br><br>42 Pa. Stat. and Cons. Stat. § 7102. | *REM Coal Co. v. Clark Equip. Co.*, 563 A.2d 128, 129 (Pa. Super. Ct. 1989) (denying "recovery in tort where a product malfunctions because of an alleged defect in the product"). | **2 years**<br>42 Pa. Cons. Stat. Ann. § 5524. |
| Rhode Island | **(1) The foreseeability of harm to the plaintiff; (2) the degree of certainty that the plaintiff suffered an injury; (3) the closeness of connection between the defendant's conduct and the injury suffered; (4) the policy of preventing future harm; and (5) the extent of the burden to the defendant and the consequences to the** | **Foreseeability is the linchpin of duty.** *Selwyn v. Ward*, 879 A.2d 882, 887 (R.I. 2005). | **Pure comparative fault**<br><br>9 R.I. Gen Laws § 9-20-4. | | **3 years**<br>R. I. Gen. Laws § 9-1-14. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | **community for imposing a duty to exercise care with resulting liability for breach.** *Woodruff v. Gitlow*, 91 A.3d 805, 815 (R.I. 2014). | | | | |
| **South Carolina** | **Duty arises from relationships recognized by law.** *Easterling v. Burger King Corp.*, 786 S.E.2d 443, 446 (S.C. Ct. App. 2016) | **Foreseeability alone does not create a duty.** *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 535 (D.S.C. 2014). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault) <br><br> *Nelson v. Concrete Supply Co.*, 399 S.E.2d 783, 784 (S.C. 1991). | *Carolina Winds Owners' Ass'n v. Joe Harden Builder, Inc.*, 374 S.E.2d 897, 902 (S.C. Ct. App. 1988) (barring tort recovery for allegedly defective building construction on economic loss doctrine grounds). <br><br> Also bars "non-incident" P where no actual injury: *Caroline Winds Owners' Ass'n v. Harden Builder Inc.*, 374 S.E.2d 897, 904-05 (S.C. 1988) ("The gravamen of a negligence action is the existence of actual damage") (citations omitted). | **3 years** S.C. Code Ann. § 15-3-530. |
| **South Dakota** | **Foreseeability and the relationship between the parties**. *Zerfas v. AMCO Ins.* | **Foreseeability is the determinant factor.** *Peterson v. Spink Elec.* | **Slight negligence** <br><br> S.D. Codified Laws § 20-9-2. | | **3 years** S.D. Codified Laws Ann. § 15-2-1 et. seq. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | *Co.*, 873 N.W.2d 65, 69–70 (S.D. 2015). | *Coop., Inc.*, 578 N.W.2d 589, 592 (S.D. 1998). | | | |
| Tennessee | **(1) The foreseeable probability of the harm or injury occurring; (2) the possible magnitude of the potential harm or injury; (3) the importance or social value of the activity engaged in by defendant; (4) the usefulness of the conduct to defendant; (5) the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; (6) the relative usefulness of the safer conduct; and (7) the relative safety of alternative conduct.** *K.G.R. v. Union City Sch. Dist.*, 2016 WL 7230385, at *4 (Tenn. Ct. App. Dec. 14, 2016). | **Foreseeability is a necessary but not sufficient factor.** *K.G.R. v. Union City Sch. Dist.*, 2016 WL 7230385, at *4 (Tenn. Ct. App. Dec. 14, 2016). | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault)  *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). | | **1 year** Tenn. Code Ann. § 28-3-104. |
| Texas | **The risk; the foreseeability; the likelihood of injury weighed against the social utility of the actor's conduct; the magnitude of the burden of guarding against the injury; and the consequences** | **Foreseeability is the major consideration.** *Finley v. U-Haul Co. of Arizona*, 246 S.W.3d 185, 187 (Tex. App.— Houston [14th Dist.] 2007) | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault) | *Jim Walters Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) (barring negligence claims). | **2 years** Tex. Civ. Prac. & Rem. Code § 16.003. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | **of placing the burden on defendant.** *Telesis/Parkwood Retirement I, Ltd. v. Anderson*, 462 S.W.3d 212, 223 (Tex. App.—El Paso 2015). | | Tex. Civ. Prac. & Rem. Code § 33.001. | | |
| Utah | **(1) Whether the defendant's allegedly tortious conduct consists of an affirmative act or merely an omission; (2) the legal relationship of the parties; (3) the foreseeability or likelihood of injury; (4) public policy as to which party can best bear the loss occasioned by the injury; and (5) other general policy considerations.** *Herland v. Izatt*, 345 P.3d 661, 665–66 (Utah 2015). | **Foreseeability is one factor to consider.** *Herland v. Izatt*, 345 P.3d 661, 665–66 (Utah 2015). | **Modified comparative fault** (recovery barred if plaintiff is 50% or more at fault)<br><br>Utah Code § 78B-5-818(2). | | **4 years** Utah Code Ann. § 78-12-25. |
| Vermont | **Foreseeability; the relationship of the parties; the nature of the risk; and the public interest at stake.** *Deveneau v. Wielt*, 144 A.3d 324, 326 (Vt. 2016). | **Foreseeability is one factor to consider.** *Long Trail House Condo. Ass'n v. Engelberth Constr., Inc.*, 59 A.3d 752, 757 (Vt. 2012). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault)<br><br>Vt. Stat. tit. 12, § 1036. | | **3 years** Vt. Stat. Ann. tit. 12, § 512. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| **Virginia** | **Whenever someone creates a circumstance that if he or she did not use ordinary care or skill, he or she would create a danger of injury.** *RGR, LLC v. Settle*, 764 S.E.2d 8, 17 (Va. 2014). | **Foreseeability not considered.** *RGR, LLC v. Settle*, 764 S.E.2d 8, 20 (Va. 2014). | **Pure contributory negligence** *Smith v. Va. Elec. & Power Co.*, 129 S.E.2d 655, 659 (Va. 1963). | ELD used hand-in-hand with the "Source-of Duty" Rule to determine whether economic loss can be recovered in tort. A party cannot sue under Virginia law for economic losses without establishing privity of contract. *Kaltman v. All Am. Pest Control, Inc.*, 706 S.E.2d 864 (Va. 2011). It also applies to negligent performance of a contract. *Gerald M. Moore & Son, Inc. v. Drewry,* 467 S.E.2d 811 (Va. 1996); *Blake Constr. Co., Inc. v. Alley,* 353 S.E.2d 724 (Va. 1987) (A plaintiff may not recover purely economic damages in a tort action unless it has a contract with the defendant). | **2 years** Va. Code Ann. § 8.01-243. |
| **Washington** | **Logic; common sense; justice; policy; and precedent.** *Certification from U.S. Ct. of App. for the 9th Circuit in Centurion Prop. III, LLC v.* | **Foreseeability can help determine if a duty exists.** *McKown v. Simon Prop. Grp., Inc.,* | **Pure comparative fault** Wash. Rev. Code § 4.22.005. | | **3 years** Wash. Rev. Code Ann. § 4.16.020. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | *Chicago Title Ins. Co.*, 375 P.3d 651, 654 (Wash. 2016). | 344 P.3d 661, 665 (Wash. 2015). | | | |
| West Virginia | **Foreseeability.** *Miller v. Bd. of Governors of Fairmont State Univ.*, 2016 WL 2969662, at *6 (W. Va. May 20, 2016). | **Foreseeability is the only consideration.** *Miller v. Bd. of Governors of Fairmont State Univ.*, 2016 WL 2969662, at *6 (W. Va. May 20, 2016). | **Modified comparative fault** (recovery likely barred if plaintiff is 50% or more at fault, but statute does not specify)<br><br>W. Va. Code Ann. § 55-7-13c; *See Bradley v. Appalachian Power Co.*, 256 S.E.2d 879, 885 (W.Va. 1979). | | **2 years** W. Va. Code § 55-2-12. |
| Wisconsin | **Whether it can be said that the tortfeasor's act or omission may case harm to someone; and public policy considerations.** *Cliff Metro. Place Apartments, LLC v. Parisi Const. Co.*, 862 N.W.2d 619 (Wis. Ct. App. 2015). | **Foreseeability is the major factor.** *Nichols v. Progressive N. Ins. Co.*, 746 N.W.2d 220, 226 (Wis. 2008). | **Modified comparative fault** (recovery barred if plaintiff is 51% or more at fault)<br><br>Wis. Stat. § 895.045(1). | | **3 years** Wis. Stat. Ann. § 893.54. |
| Wyoming | **(1) The foreseeability of harm to the plaintiff; (2) the closeness of the connection** | **Foreseeability is the most important factor.** *Lucero v. Holbrook*, 288 | **Modified comparative fault** (recovery barred if | | **4 years** Wyo. Stat. § 1-3-105. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Negligence: 51-Jurisdiction Survey

| Jurisdiction | Test for Duty | Role of Foreseeability in the Duty Analysis | Comparative Fault or Contributory Negligence? | Variations in Applicability of the Economic Loss Doctrine | Statute of Limitations |
|---|---|---|---|---|---|
| | between the defendant's conduct and the injury suffered; (3) the degree of certainty that the plaintiff suffered injury; (4) the moral blame attached to the defendant's conduct; (5) the policy of preventing future harm; (6) the extent of the burden upon the defendant; (7) the consequences to the community and the court system; and (8) the availability, cost and prevalence of insurance for the risk involved. *Lucero v. Holbrook*, 288 P.3d 1228, 1233 (Wyo. 2012). | P.3d 1228, 1233 (Wyo. 2012). | plaintiff is 51% or more at fault)<br><br>Wyo. Stat. § 1-1-109(b). | | |