# Appendix 7

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| Alabama | 2 Years<br>Ala. Code § 6-2-38(l); *Jones v. The Vill. at Lake Martin, LLC*, 256 So. 3d 119, 124 (Ala. Civ. App. 2018) | Yes<br>*Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 677 (Ala. 2001) (holding that courts must weigh "(1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiffs' opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances") | No<br>*Harlan v. Smith*, 507 So. 2d 943, 946 (Ala. Civ. App. 1986) | Clear and Convincing<br>*Haleyville Health Care Ctr. v. Winston Cnty. Hosp. Bd.*, 678 So. 2d 789, 792 (Ala. Civ. App. 1996) |
| Alaska | 2 Years<br>*Sharrow v. Archer*, 658 P.2d 1331, 1335 (Alaska 1983) | Undetermined | Yes<br>*L. Offs. of Steven D. Smith, P.C. v. Borg-Warner Sec. Corp.*, 993 P.2d 436, 446 (Alaska 1999) | Preponderance<br>*Dairy Queen of Fairbanks, Inc. v. Travelers Indem. Co. of Am.*, 748 P.2d 1169, 1171 (Alaska 1988) |
| Arizona | 3 Years<br>Ariz. Rev. Stat. Ann. § 12-543 | No<br>*Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 36 (Ariz. 2002), as corrected (Apr. 9, 2002) | Undetermined | Clear and Convincing<br>*Wells Fargo*, 39 P.3d at 36 |
| Arkansas | 3 Years<br>Ark. Code Ann § 16-56-105<br>*Nobles v. Tumey*, 2010 Ark. App. 731, 9, 379 S.W.3d 639, 646 (2010) | Yes<br>*Hobson v. Entergy Arkansas, Inc.*, 432 S.W.3d 117, 125 (Ark. 2014) | Probably no<br>*See SEECO, Inc. v. Hales*, 954 S.W.2d 234, 240 (Ark App. 1997) | Clear and Convincing<br>*See Beatty v. Haggard*, 184 S.W.3d 479, 485 (Ark. App. 2004) |
| California | 3 Years<br>Cal. Civ. Proc. Code § 338(d) | Yes<br>*Bank of Am. Corp. v. Superior Ct.*, 198 Cal. App. 4th 862, 870-71, | Yes<br>*Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4th 1178, 1185, | Preponderance<br>*Liodas v. Sahadi*, 19 Cal. 3d 278, 291, 562 P.2d 316, 324 (1977) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| | | 130 Cal. Rptr. 3d 504, 510 (2011) ("There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff7; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.'"). | 175 Cal. Rptr. 3d 820, 826 (2014), as modified on denial of reh'g (Aug. 13, 2014) | |
| Colorado | 3 Years *Hickerson v. Vessels*, 2014 CO 2, ¶ 17, 316 P.3d 620, 625 | Yes *Colorado Coffee Bean, LLC v. Peaberry Coffee Inc.*, 251 P.3d 9, 17 (Colo. App. 2010), as modified on denial of reh'g (Apr. 1, 2010); *Berger v. Sec. Pac. Info. Sys., Inc.*, 795 P.2d 1380, 1383 (Colo. App. 1990) | Yes *Colorado Coffee Bean*, 251 P.3d at 17; *see also Ackmann v. Merchants Mortg. & Tr. Corp.*, 645 P.2d 7, 18 (Colo. 1982) | Clear and Convincing *Cox v. Johnston*, 484 P.2d 116, 118 (Colo. App. 1971) |
| Connecticut | 3 Years Conn. Gen. Stat. § 52-577; *Kidder v. Read*, 150 Conn. App. 720, 726, 93 A.3d 599, 603 (2014) | Yes *Reville v. Reville*, 312 Conn. 428, 441, 93 A.3d 1076, 1087 (2014) | Yes *Creelman v. Rogowski*, 152 Conn. 382, 385, 207 A.2d 272, 274 (Conn. 1965) | Clear and Convincing *See Black v. Goodwin, Loomis & Britton, Inc.*, 239 Conn. 144, 163, 681 A.2d 293, 303 (1996) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| Delaware | 3 Years<br>Del. Code Ann. tit. 10, § 8106; *Jeter v. RevolutionWear, Inc.*, No. CV 11706-VCG, 2016 WL 3947951, at *9 (Del. Ch. July 19, 2016) | Yes<br>*Allen v. Layton*, 235 A.2d 261, 264 (Del. Super. Ct. 1967), aff'd, 246 A.2d 794 (Del. 1968); *see also Corp. Prop. Assocs. 14 Inc. v. CHR Holding Corp.*, No. CIV.A 3231-VCS, 2008 WL 963048, at *6 (Del. Ch. Apr. 10, 2008) | Yes, unless proceeding under the Delaware Consumer Fraud Act<br>*U.S. W., Inc. v. Time Warner Inc.*, No. CIV. A. 14555, 1996 WL 307445, at *25 (Del. Ch. June 6, 1996); *Carroll v. Philip Morris USA, Inc.*, 163 A.3d 91, 109 n.87 (Del. Super. Ct. 2017) | Undetermined |
| D.C. | 3 Years<br>*Drake v. McNair*, 993 A.2d 607, 617 (D.C. 2010) | Undetermined | Undetermined | Clear and Convincing<br>*Lumpkins v. CSL Locksmith, LLC*, 911 A.2d 418, 424 (D.C. 2006) |
| Florida | 4 Years<br>Fla. Stat. Ann. § 95.11(3)(i) | Yes<br>*See Hess v. Philip Morris USA, Inc.*, 175 So. 3d 687, 691 (Fla. 2015) | Yes<br>*Prentice v. R.J. Reynolds Tobacco Co.*, 338 So. 3d 831, 837 (Fla. 2022) | Preponderance<br>*Wieczoreck v. H & H Builders, Inc.*, 475 So. 2d 227, 228 (Fla. 1985) |
| Georgia | 4 Years<br>Ga. Code Ann. § 9-3-31; *Majeed v. Randall*, 279 Ga. App. 679, 681, 632 S.E.2d 413, 416 (2006) | Yes<br>*Longino v. Bank of Ellijay*, 228 Ga. App. 37, 39, 491 S.E.2d 81, 84 (1997) | Yes<br>*Meyer v. Waite*, 270 Ga. App. 255, 257, 606 S.E.2d 16, 20 (2004) | Clear and Convincing<br>*See Kodadek v. Lieberman*, 247 Ga. App. 606, 610, 545 S.E.2d 25, 29 (2001) |
| Hawaii | 6 Years<br>Haw. Rev. Stat. § 657-1; *Gilliam v. Elliott*, 151 Haw. 321, 511 P.3d 820 (Ct. App. 2022) | Yes<br>*First Hawaiian Bank v. Radomile*, 108 Haw. 392, 120 P.3d 1127 (2005); *see also Cross v. Harden*, 125 Haw. 243, 257 P.3d 1220 (Ct. App. 2011) | Undetermined | Clear and Convincing<br>*State v. Kotis*, 91 Haw. 319, 336, 984 P.2d 78, 95 (1999) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| Idaho | 3 Years<br>Idaho Code § 5-218 | Yes<br>*Inv. Recovery Fund, LLC v. Hopkins*, 167 Idaho 42, 48, 467 P.3d 406, 412 (2020) | Yes<br>*Inv. Recovery Fund*, 167 Idaho at 48 | Clear and Convincing<br>*Inv. Recovery Fund*, 167 Idaho at 48 |
| Illinois | 5 Years<br>735 Ill. Comp. Stat. Ann. 5/13-205; *Findlay v. Chicago Title Ins. Co.*, 2022 IL App (1st) 210889, ¶ 94, 215 N.E.3d 1006, 1024 | Yes<br>*Cent. States Joint Bd. v. Cont'l Assur. Co.*, 117 Ill. App. 3d 600, 604, 453 N.E.2d 932, 935 (1983) | Yes, unless proceeding under the Consumer Fraud Act<br>*Mitchell v. Skubiak*, 248 Ill. App. 3d 1000, 1004, 618 N.E.2d 1013, 1017 (1993); *Mitchell v. Skubiak*, 248 Ill. App. 3d 1000, 1004, 618 N.E.2d 1013, 1017 (1993) | Preponderance<br>*Cuculich v. Thomson Consumer Elecs., Inc.*, 317 Ill. App. 3d 709, 718, 739 N.E.2d 934, 941 (2000) |
| Indiana | 6 Years<br>Ind. Code § 34-11-2-7(4); *In re Julie R. Waterfield Irrevocable Tr. Agreement Dated Oct. 21, 1997*, 960 N.E.2d 800, 808 n.3 (Ind. Ct. App. 2011) | Yes<br>*Northrop Corp. v. Gen. Motors Corp.*, 807 N.E.2d 70, 87 (Ind. Ct. App. 2004) ("A duty to disclose may arise when (1) the material fact is known or accessible only to the defendant; and (2) the defendant knows that the plaintiff is unaware of the fact or cannot reasonably discover the undisclosed fact.") | Yes<br>*Cent. Indiana Podiatry, P.C. v. Barnes & Thornburg, LLP*, 71 N.E.3d 92, 95 (Ind. Ct. App. 2017) | Preponderance<br>*Eng. Coal Co. v. Durcholz*, 422 N.E.2d 302, 310 (Ind. Ct. App. 1981) |
| Iowa | 5 Years<br>Iowa Code § 614.1(4) | Yes<br>*Wilden Clinic, Inc. v. City of Des Moines*, 229 N.W.2d 286, 293 (Iowa 1975); *Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 174 (Iowa 2002) | Yes<br>*Schaefer v. Putnam*, 834 N.W.2d 872 (Iowa Ct. App. 2013) ("The couple correctly asserts a plaintiff's reliance on a nondisclosure must also be justified to recover for fraud.") | Clear and Convincing<br>*Mills Cnty. State Bank v. Fisher*, 282 N.W.2d 712, 715 (Iowa 1979) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| **Kansas** | **2 Years** Kan. Stat. § 60-513 | **Yes** *OMI Holdings, Inc. v. Howell*, 260 Kan. 305, 347, 918 P.2d 1274, 1300-01 (1996) ("A party has a duty to disclose material facts if the party "'knows that the other is about to enter into the transaction under mistake as to such facts, and that the other, because of relationship between them, the customs in trade, or other objective circumstances, would reasonably expect disclosure of such facts.'"") | **Probably** *See OMI Holdings*, 260 Kan. at 348 | **Clear and Convincing, considered as a quality, rather than a quantum, of evidence** *Matter of Est. of Bennett*, 19 Kan. App. 2d 154, 164, 865 P.2d 1062, 1069 (1993); *Danner by & Through Gibbens v. LaHue*, No. 73,476, 1996 WL 35070219, at *2 (Kan. Ct. App. Dec. 20, 1996) |
| **Kentucky** | **5 Years** Ky. Rev. Stat. § 413.120 | **Yes** *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 747 (Ky. 2011) | **Probably** *Giddings*, 348 S.W.3d at 747 (describing as an element of fraudulent concealment that "the defendant's failure to disclose the material fact induced the plaintiff to act") | **Clear and Convincing** *See United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) |
| **Louisiana** | **1 Year** La. Civ. Code art. 3492; *Shermohmad v. Ebrahimi*, 06-512 (La. App. 5 Cir. 10/31/06), 945 So. 2d 119, 120 | **Yes** *In re Med. Rev. Panel of Gerard Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19), 274 So. 3d 750, 760, writ denied, 2019-01034 (La. 10/1/19), 280 So. 3d 165 | **Undetermined** | **Clear and Convincing** *McClatchey v. Guar. Bank & Tr. Co.*, 228 La. 1103, 1108, 85 So. 2d 6, 8 (1955) |
| **Maine** | **6 Years** Me. Rev. Stat. tit. 14, § 859 | **Yes** *Picher v. Roman Cath. Bishop of* | **Yes** *Picher*, 82 A.3d at 102 | **Clear and Convincing** *Picher*, 82 A.3d at 102 |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| | | *Portland*, 2013 ME 99, ¶ 3, 82 A.3d 101, 102 | | |
| Maryland | 3 Years, probably Md. Code Cts. & Jud. Proc. § 5-101 | Yes *Gordon v. Lewis*, 215 Md. App. 298, 313, 81 A.3d 491, 500 (2013); *Latty v. St. Joseph's Soc. of Sacred Heart, Inc.*, 198 Md. App. 254, 271-72, 17 A.3d 155, 165 (2011), *abrogated in part on other grounds by Plank v. Cherneski*, 469 Md. 548, 231 A.3d 436 (2020) ("A duty to disclose is typically predicated on a confidential or fiduciary relationship between two parties.") | Yes, though reliance blends with the relationship giving rise to a duty to disclose *See B.N. v. K.K.*, 312 Md. 135, 153, 538 A.2d 1175, 1184 (1988) ("Whether Ms. N. reasonably relied upon the implicit representation of good health that resulted from Dr. K.'s nondisclosure is a question of fact depending to some degree on the nature of their relationship; she has alleged reasonable reliance."). | **Clear and Convincing** *Gordon*, 215 Md. App. at 312; *Hoffman v. Stamper*, 385 Md. 1, 16, 867 A.2d 276, 285 (2005) |
| Massachusetts | 3 Years *Stolzoff v. Waste Sys. Int'l, Inc.*, 58 Mass. App. Ct. 747, 755, 792 N.E.2d 1031, 1038 (2003) | Undetermined | Yes, but reliance is presumed with omitted fact was material *Demoulas v. Demoulas*, No. 902344B, 1993 WL 818620, at *8 (Mass. Super. Oct. 4, 1993) | **Probably Clear and Convincing** *See Aspinall v. Philip Morris Companies, Inc.*, No. CIV.A. 98-6002-H, 2012 WL 3627421, at *2 (Mass. Super. Mar. 14, 2012) |
| Michigan | 6 Years Mich. Comp. Laws § 600.5813; *Kuebler v. Equitable Life Assur. Soc. of the U.S.*, 219 Mich. App. 1, 6, 555 N.W.2d 496, 499 (1996) | Yes *Mercurio v. Huntington Nat'l Bank*, No. 361855, 2023 WL 4981374, at *8, -- N.W. 2d -- (Mich. Ct. App. Aug. 3, 2023) ("The duty to disclose generally applies in the context of fiduciary or comparable relationships, but there is no duty to disclose in an ordinary contract setting except | Yes *Seit-Olsen v. Reliance Appraisals, LLC*, No. 264470, 2006 WL 1113936, at *5 (Mich. Ct. App. Apr. 27, 2006) | **Clear and Convincing** *Lewis v. Poel*, 9 Mich. App. 131, 140, 156 N.W.2d 41, 45 (1967) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| | | when a party is responding to a specific inquiry.") | | |
| **Minnesota** | **6 Years** Minn. Stat. Ann § 541.05, subd 1(6) | Yes *Heidbreder v. Carton*, 645 N.W.2d 355, 367 (Minn. 2002) ("A duty to disclose facts may exist when a fiduciary relationship exists between the parties or when disclosure would be necessary to clarify information already disclosed.") | Yes *Trenholme v. QRS Diagnostic, LLC*, No. A05-2472, 2006 WL 2601664, at *4 (Minn. Ct. App. Sept. 12, 2006) | **Preponderance** *State by Humphrey v. Alpine Air Prod., Inc.*, 500 N.W.2d 788, 791 (Minn. 1993) |
| **Mississippi** | **3 Years** Miss. Code. § 15-1-49; *Archer v. Creel*, 217 So. 3d 690, 693 (Miss. Ct. App. 2016) | Yes *Poe v. Summers*, 11 So. 3d 129, 134 (Miss. Ct. App. 2009) ("[A] party to a business transaction is under a duty to disclose facts basic to the transaction if the party knows the other is about to enter into it under a mistake as to them, and the other party could reasonably expect a disclosure of those facts.") | Yes *See* Poe, 11 So. 3d at 133 | **Clear and Convincing** *Frisby v. Warden*, 269 So. 3d 371, 376 (Miss. Ct. App. 2018) |
| **Missouri** | **5 Years from Discovery and No Later than 15 Years from the Fraud** Mo. Ann. Stat. § 516.120; *Schultz v. Bank of Am. Merrill Lynch* | Yes *Harris v. Mid-W. Egg Donation, LLC*, 365 S.W.3d 274, 277 (Mo. Ct. App. 2012) ("Whether or not a duty to disclose exists . . . must be determined on the facts of the particular case. A duty to speak arises where one party has superior knowledge or information that is | **Yes, but the reliance element merges with the duty element** *Richards v. ABN AMRO Mortg. Grp., Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008) | **Preponderance** *Hartsfield v. Barkley*, 856 S.W.2d 342, 347 (Mo. Ct. App. 1993) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| | *Credit Corp.*, 645 S.W.3d 689, 700 (Mo. Ct. App. 2022) | not reasonably available to the other.  Silence can be an act of fraud where matters are not what they appear to be and the true state of affairs is not discoverable by ordinary diligence." (internal quotation marks and citations omitted)). | | |
| Montana | 2 Years Mont. Code § 27-2-203 | No *Durbin v. Ross*, 276 Mont. 463, 470, 916 P.2d 758, 762 (1996) | Probably Yes See *Durbin*, 916 P.2d at 762; *Russell v. Russell*, 152 Mont. 461, 466, 452 P.2d 77, 80 (1969) | Clear and Convincing *Barrett v. Holland & Hart*, 256 Mont. 101, 106, 845 P.2d 714, 717 (1992) |
| Nebraska | 4 Years Neb. Rev. Stat. § 25-207 | Yes *deNourie & Yost Homes, LLC v. Frost*, 289 Neb. 136, 149, 854 N.W.2d 298, 311 (2014) ("Whether a duty to disclose exists is determined by all the circumstances . . . .") | Yes *Wilson v. Misko*, 244 Neb. 526, 542, 508 N.W.2d 238, 250 (1993) ("Whether the nondisclosures were material, whether the plaintiffs' reliance was reasonable, and whether the defendant had the requisite intent were questions for the jury") | Preponderance See *deNourie*, 289 Neb. at 162-63 |
| Nevada | 3 Years Nev. Rev. Stat. § 11.190 | Yes *Leigh-Pink v. Rio Properties, LLC*, 138 Nev. Adv. Op. 48, 512 P.3d 322, 325-26 (2022) | Probably See *Leigh-Pink*, 512 P.3d at 325-26 (describing as an element that "the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact") | Clear and Convincing See *Betsinger v. D.R. Horton, Inc.*, 126 Nev. 162, 165, 232 P.3d 433, 435 (2010) |
| New Hampshire | 6 Years See *Norwood Grp., Inc. v. Phillips*, 149 | Yes See *Donna M. KING, Individually & as Ex'x of the Est. of Harry E.* | Yes See *Donna M. King*, 2000 WL 34016358, at *10 | Clear and Convincing *Burroughs v. Wynn*, 117 N.H. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| | N.H. 722, 725, 828 A.2d 300, 303 (2003) | *King, Jr., v. PHILIP MORRIS, INC.*, 2000 WL 34016358, at *10 (N.H. Super. Nov. 2, 2000) | | 123, 125, 370 A.2d 642, 643 (1977) |
| New Jersey | 6 Years N.J. Stat. § 2A:14-1 | Yes *Keen v. James' Ex'rs*, 39 N.J. Eq. 527, 527 (1885) ("A duty to disclose exists when it expressly appears, by the language of the parties, or is necessarily implied from the circumstances of the case, that one party is actually reposing trust and confidence in the other, and the latter knows it.") | Yes *State, Dep't of Env't Prot. v. Ventron Corp.*, 94 N.J. 473, 504, 468 A.2d 150, 166 (1983) | Preponderance *Medivox Prods., Inc. v. Hoffmann-LaRoche, Inc.*, 107 N.J. Super. 47, 69, 256 A.2d 803, 814-15 (Law. Div. 1969); *see also Gennari v. Weichert Co. Realtors,* 288 N.J. Super. 504, 541, 672 A.2d 1190, 1209 (App. Div. 1996), aff'd as modified, 148 N.J. 582, 691 A.2d 350 (1997) |
| New Mexico | 4 Years N.M. Stat. § 37-1-4 | Yes *McElhannon v. Ford*, 2003-NMCA-091, 13, 134 N.M. 124, 128, 73 P.3d 827, 831 ("[I]n an arm's-length transaction a duty to disclose arises only when the defendant has actual knowledge of both the undisclosed information and the fact that the plaintiff is proceeding in ignorance of facts basic to the transaction; it is not enough to show that the defendant should have known the information or its importance to the plaintiff.") | Yes *McNeill v. Rice Eng'g & Operating, Inc.*, 2006-NMCA-015, ¶ 23, 139 N.M. 48, 54, 128 P.3d 476, 482 | Clear and Convincing *Eoff v. Forrest*, 1990-NMSC-033, ¶ 9, 109 N.M. 695, 698, 789 P.2d 1262, 1265 |
| New York | 6 Years or 2 Years After Discovery, Whichever is Later | Yes *London v. Courduff*, 141 A.D.2d 803, 804, 529 N.Y.S.2d 874, 875 (1988); *Callahan v. Callahan*, 127 | Yes *See Star Auto Sales of Queens, LLC v. Filardo*, 203 A.D.3d 865, 165 N.Y.S.3d 100, 103 (2022) | Clear and Convincing *Ferreyra v. Arroyo*, 35 N.Y.3d 127, 128, 149 N.E.3d 47 (2020) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| | N.Y. C.P.L.R. 213(8) | A.D.2d 298, 300, 514 N.Y.S.2d 819, 821 (1987) ("Such duty to disclose may arise where a fiduciary or confidential relationship exists or where a party has superior knowledge not available to the other.") | | |
| North Carolina | 3 Years N.C. Gen. Stat. § 1-52(9) | Yes *Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 198, 225 S.E.2d 557, 565 (1976) | Yes *Flanders/Precisionaire Corp. v. Bank of New York Mellon Tr. Co., Nat. Ass'n*, 2015 WL 1531276, at *11 (N.C. Super. Apr. 7, 2015) | Preponderance *Poe v. Lennon*, 172 N.C. 67, 89 S.E. 1003, 1005 (1916) |
| North Dakota | 6 Years N.D. Cent. Code § 28-01-16(6) | Yes *Krueger v. St. Joseph's Hosp.*, 305 N.W.2d 18, 25 (N.D. 1981) | Yes *See Muhammed v. Welch*, 2004 ND 46, ¶ 20, 675 N.W.2d 402, 408 | Clear and Convincing, unless proceeding under a consumer fraud statute *State ex rel. Spaeth v. Eddy Furniture Co.*, 386 N.W.2d 901, 902-03 (N.D. 1986) |
| Ohio | 4 Years Ohio Rev. Code § 2305.09(C) | Yes *Kratzer v. O'Brien*, No. 94 CA 0044, 1994 WL 667962, at *2 (Ohio Ct. App. Oct. 31, 1994) | Yes *Kimball v. Duy*, 2002-Ohio-7279, ¶ 23 | Clear and Convincing *See Wilson v. Ward*, 2009-Ohio-2078, ¶ 10, 183 Ohio App. 3d 494, 499, 917 N.E.2d 821, 825 |
| Oklahoma | 2 Years Okla. Stat. tit. 12, § 95(A)(3) | Yes *Testerman v. First Fam. Life Ins. Co.*, 1990 OK CIV APP 108, ¶ 14, 808 P.2d 703, 706 ("The duty to speak can be determined only after considering the situation of the parties and the matters with which they are dealing.") | Yes *See Moses v. Miller*, 1950 OK 14, ¶ 16, 202 Okla. 605, 609, 216 P.2d 979, 983 | Clear and Convincing *Gilbaugh v. Rose*, 1951 OK 378, ¶ 7, 205 Okla. 508, 510, 239 P.2d 406, 407 |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| **Oregon** | **2 Years** <br> Or. Rev. Stat § 12.110(1) | **Yes** <br> *Heise v. Pilot Rock Lumber Co.*, 222 Or. 78, 89-90, 352 P.2d 1072, 1077 (1960) | **Yes** <br> *See Lindgren v. Berg*, 89 Or. App. 514, 519, 749 P.2d 1212, 1215 (1988), aff'd, 307 Or. 659, 772 P.2d 1336 (1989) | **Clear and Convincing** <br> *Gallant v. Bd. of Med. Examiners*, 159 Or. App. 175, 184 n.7, 974 P.2d 814, 818 n.7 (1999) |
| **Pennsylvania** | **2 Years** <br> 42 Pa. Stat. and Cons. Stat. § 5524(7) | **No** <br> *Boardakan Rest. LLC v. Gordon Grp. Holdings*, LLC, 2015 WL 4597970, at *11 (E.D. Pa. July 31, 2015) (citing *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 549 (Pa.Super.Ct.2005)) | **Yes** <br> *Com. v. Ortho-McNeil-Janssen Pharms., Inc.*, 52 A.3d 498, 509 (Pa. Commw. Ct. 2012) | **Clear and Convincing, unless proceeding under the consumer protection statute** <br> *Off. of Disciplinary Couns. v. Kiesewetter*, 585 Pa. 477, 490 n.5, 889 A.2d 47, 54 n.5 (2005); *Boehm v. Riversource Life Ins. Co.*, 2015 PA Super 120, 117 A.3d 308, 322 (2015) |
| **Rhode Island** | **10 Years** <br> 9 R.I. Gen. Laws § 9-1-13; *Bourdon's, Inc. v. Ecin Indus., Inc.*, 704 A.2d 747, 753 (R.I. 1997) | **Yes** <br> *Wilby v. Savoie*, 86 A.3d 362, 373 (R.I. 2014) ("A duty to disclose may arise from the relations of the parties, such as that of trust or confidence, or superior knowledge or means of knowledge." (internal quotation marks omitted)) | **Yes** <br> *Wilby*, 86 A.3d at 373 | **Clear and Convincing** <br> *See Shapiro v. Albany Ins. Co. of New York*, 56 R.I. 18, 183 A. 578, 581 (1936) |
| **South Carolina** | **6 Years** <br> *Burgess v. Am. Cancer Soc., S.C. Div., Inc.*, 300 S.C. 182, 185-86, 386 S.E.2d 798, 800 (Ct. App. 1989) | **Yes** <br> *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 101, 594 S.E.2d 485, 497 (Ct. App. 2004) (""The duty to disclose may be reduced to three distinct classes: (1) where it arises from a preexisting definite fiduciary relation between the parties; (2) where one party expressly reposes a trust and | **Yes** <br> *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 338 S.C. 572, 586, 527 S.E.2d 371, 378 (Ct. App. 2000), aff'd as modified and remanded, 343 S.C. 587, 541 S.E.2d 257 (2001) | **Clear and Convincing** <br> *Outlaw v. Calhoun Life Ins. Co.*, 238 S.C. 199, 202, 119 S.E.2d 685, 686 (1961) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| | | confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied; (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties.") | | |
| South Dakota | Six Years S.D. Codified Laws §§ 15-2-3, 15-2-13(6) | Yes *Conway v. Conway*, 487 N.W.2d 21, 24 (S.D. 1992) ("[I]f a trust or confidential relationship exists between the parties, which imposes a duty to disclose, mere silence by the one under that duty constitutes fraudulent concealment.") | Yes *See Schwaiger v. Mitchell Radiology Assocs.*, P.C., 2002 S.D. 97, ¶ 11, 652 N.W.2d 372, 377, abrogated by Poeppel v. Lester, 2013 S.D. 17, ¶ 11, 827 N.W.2d 580 | Preponderance *Gen. Elec. Credit Corp. v. M. D. Aircraft Sales, Inc.*, 266 N.W.2d 548, 550 (S.D. 1978); *Jennings v. Jennings*, 309 N.W.2d 809, 810-11 (S.D. 1981) |
| Tennessee | 3 Years *See Keller v. Colgems-EMI Music, Inc.*, 924 S.W.2d 357, 360 (Tenn. Ct. App. 1996) | Yes *Odom v. Oliver*, 310 S.W.3d 344, 349-50 (Tenn. Ct. App. 2009) ("Although contracting parties have a duty to disclose material facts affecting the essence of a contract's subject matter, a party | Yes *Odom*, 310 S.W.3d at 349 | Preponderance *Elchlepp v. Hatfield*, 294 S.W.3d 146, 150 (Tenn. Ct. App. 2008) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| | | does not have a duty to disclose a material fact where ordinary diligence would have revealed the undisclosed fact.") | | |
| Texas | 4 Years<br>*Anderson v. Cocheu*, 176 S.W.3d 685, 689 (Tex. App.—Dallas 2005) | Yes<br>*Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 220 (Tex. 2019) ("In general, there is no duty to disclose without evidence of a confidential or fiduciary relationship. . . . An informal relationship giving rise to a duty may also be formed from a moral, social, domestic or purely personal relationship of trust and confidence.  There may also be a duty to disclose when the defendant: (1) discovered new information that made its earlier representation untrue or misleading; (2) made a partial disclosure that created a false impression; or (3) voluntarily disclosed some information, creating a duty to disclose the whole truth." (internal citations and quotation marks omitted)) | Yes<br>*Bombardier Aerospace Corp*, 572 S.W.3d at 220 | Clear and Convincing<br>*See JJJJ Walker, LLC v. Yollick*, 447 S.W.3d 453, 472 (Tex. App. 2014) |
| Utah | 3 Years<br>Utah Code § 78B-2-305(3) | Yes<br>*Reperex, Inc. v. Coldwell Banker Com.*, 2018 UT 51, ¶ 66, 428 P.3d 1082, 1094 | Yes<br>*Barber Bros. Ford v. Foianini*, 2008 UT App 463 | Clear and Convincing<br>*Universal C. I. T. Credit Corp. v. Sohm*, 15 Utah 2d 262, 263, 391 P.2d 293, 294 (1964) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| **Vermont** | **6 Years** Vt. Stat. tit. 12, § 511; *see Est. of Alden v. Dee*, 2011 VT 64, ¶ 18, 190 Vt. 401, 409, 35 A.3d 950, 956 (2011) | **Yes** *Lay v. Pettengill*, 2011 VT 127, ¶ 14, 191 Vt. 141, 149, 38 A.3d 1139, 1144 (2011) ("A duty to disclose may arise "from the relations of the parties, such as that of trust or confidence, or superior knowledge or means of knowledge. In arm's-length transactions," however, "where facts are equally within the means of knowledge of both parties, neither party is required to speak, in the absence of inquiry respecting such matters." (internal citation and quotation marks omitted) | **No** *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 66, 179 Vt. 167, 193, 893 A.2d 298, 320 (2005) | **Clear and Convincing** *Poulin v. Ford Motor Co.*, 147 Vt. 120, 125, 513 A.2d 1168, 1172 (1986) |
| **Virginia** | **2 Years** Va. Code § 8.01-243(A) | **Yes** *Doe by & Through Doe v. Baker*, 299 Va. 628, 656, 857 S.E.2d 573, 590 (2021) ("A duty to disclose facts may exist under certain circumstances, such as when a confidential or fiduciary relationship exists between the parties or when disclosure would be necessary to clarify information already disclosed, which would otherwise be misleading.") | **Yes** *Doe*, 299 Va. at 655 | **Clear and Convincing, unless proceeding under the consumer protection statute** *Ballagh v. Fauber Enterprises, Inc.*, 290 Va. 120, 124-26, 773 S.E.2d 366, 367-69 (2015) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Fraudulent Concealment: 51-Jurisdiction Survey

| Jurisdiction | Limitations Period | Duty to Disclose Required? | Reliance Required? | Standard of Proof |
|---|---|---|---|---|
| **Washington** | **3 Years** Wash. Rev. Code § 4.16.080(4) | **Yes** *Oates v. Taylor*, 31 Wash. 2d 898, 903, 199 P.2d 924, 927 (1948) | **Yes** *Oates*, 31 Wash. 2d at 903, | **Clear and Convincing** *Kirkham v. Smith*, 106 Wash. App. 177, 183, 23 P.3d 10, 13 (2001) |
| **West Virginia** | **2 Years** W. Va. Code § 55-2-12; *Dunn v. Rockwell*, 225 W. Va. 43, 56, 689 S.E.2d 255, 268 (2009) | **Yes** *See Chamberlaine & Flowers, Inc. v. McBee*, 177 W. Va. 755, 758, 356 S.E.2d 626, 629 (1987) | **Yes** *Kessel v. Leavitt*, 204 W. Va. 95, 127, 511 S.E.2d 720, 752 (1998) | **Clear and Convincing** *Lutz v. Orinick*, 184 W. Va. 531, 535, 401 S.E.2d 464, 468 (1990) |
| **Wisconsin** | **3 Years** Wis. Stat. § 893.93(1m)(b) | **Yes** *Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 26-27, 288 N.W.2d 95, 99-100 (1980) | **Yes** *See Ollerman*, 94 Wis. 2d 17, 42 n.24, 43 n.26 | **Clear and Convincing** *First Nat. Bank in Oshkosh v. Scieszinski*, 25 Wis. 2d 569, 572, 131 N.W.2d 308, 310 (1964) |
| **Wyoming** | **4 Years** Wyo. Stat. § 1-3-105(a)(iv)(D) | **Yes** *Hulse v. First Am. Title Co. of Crook Cnty.*, 2001 WY 95, ¶ 48, 33 P.3d 122, 137 (Wyo. 2001) | **Undetermined** | **Yes** *Universal Drilling Co., LLC v. R & R Rig Serv., LLC*, 2012 WY 31, ¶¶ 21-22, 271 P.3d 987, 994-95 (Wyo. 2012) |