# Appendix 8

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| Alabama | **No.**<br><br>*Hinton v. Monsanto Co.*, 813 So. 2d 827, 831-32 (Ala. 2001) ("[W]e find it inappropriate . . . to stand Alabama tort law on its head in an attempt to alleviate these concerns about what *might* occur in the future. We believe that Alabama law, as it currently exists, must be applied to balance the delicate and competing policy considerations presented here. That law provides no redress for a plaintiff who has no present injury or illness") (emphasis in original); *Houston County Health Care Auth. v. Williams*, 961 So. 2d 795, 811 (Ala. 2006) ("A person exposed to a known hazardous substance but not claiming a present physical injury or illness as a result may not recover as damages the costs of medical monitoring."). |
| Alaska | **Unclear.**<br><br>Alaska "do[es] not have any court decision that clearly address the issues related to medical monitoring." *In re NHL Players' Concussion Injury Litigation*, 327 F.R.D. 245, 260, 262 (D. Minn. 2018) (applying Alaska law). |
| Arizona | **Yes, NUISANCE only.**<br><br>Arizona recognizes no-injury medical monitoring, but only under limited circumstances. In *Burns v. Jaquays Mining Corp.*, 752 P.2d 28 (Ariz. App. 1987), an Arizona intermediate appellate court permitted the award of medical monitoring as nuisance damages in the absence of present physical injury allegations. *Id.* at 33. However, the Arizona Supreme Court subsequently made clear that such damages were not recoverable outside the context of nuisance actions. *Quiroz v. ALCOA Inc.*, 416 P.3d 824, 832-33 (Ariz. 2018) ("*Burns* concluded that . . . medical costs associated with monitoring the residents' subclinical injuries was recoverable in the context of a nuisance claim. [plaintiff] Family reads too much into *Burns*[, as it] has never alleged that [defendant] created a nuisance"); *Accord In re Philips Recalled CPAP, Bi-Level Pap, & Mechanical Ventilator Products Litigation*, 2023 WL 7019667, at *3 & n.4 (Sp. Mstr. W.D. Pa. Sept. 28, 2023) (dismissing Arizona law medical monitoring claims where the plaintiffs did not allege any nuisance claims). |
| Arkansas | **No.**<br><br>*In re Prempro Products Liability Litigation*, 230 F.R.D. 555, 569 (E.D. Ark. 2005) (citing *Baker v. Wyeth-Ayerst Laboratory Div.*, 992 S.W.2d 797, 799 (Ark. 1999) (affirming denial of medical monitoring class action)); *In re Philips Recalled CPAP, Bi-Level Pap, & Mechanical Ventilator Products Litigation*, 2023 WL 7019667, at *3 (Sp. Mstr. W.D. Pa. Sept. 28, 2023) (dismissing Arkansas law medical monitoring claims); *Nichols v. Medtronic, Inc.*, 2005 WL 8164643, at *11 (E.D. Ark. Nov. 15, 2005) ("no claim for medical monitoring seems plausible"). |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| California | **No; only as a REMEDY for negligence.**<br><br>No-injury medical monitoring may be sought "not as a separate tort but simply an item of damages," *Lockheed Martin Corp. v. Superior Court*, 63 P.3d 913, 918 (Cal. 2003), and only as a remedy for negligent conduct. *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 822-23 (Cal. 1993) ("in a negligence action"; medical monitoring costs are "a proper item of recoverable damages" "[w]hen a defendant negligently invades [plaintiff's] interest"). Further, a plaintiff must prove that "the need for future monitoring is a reasonably certain consequence of a plaintiff's toxic exposure and that the recommended monitoring is reasonable." *Potter,* 863 P.2d at 824. The five factors in determining the reasonableness and necessity of monitoring are (1) the significance and extent of the plaintiff's exposure to chemicals; (2) the toxicity of the chemicals; (3) the relative increase in the chance of onset of disease in the exposed plaintiff as a result of the exposure, when compared to (a) the plaintiff's chances of developing the disease had he or she not been exposed, and (b) the chances of the members of the public at large of developing the disease; (4) the seriousness of the disease for which the plaintiff is at risk; and (5) the clinical value of early detection and diagnosis. *Id.* |
| Colorado | **No.**<br><br>No Colorado state appellate court has considered no-injury medical monitoring, and for that reason *In re Philips Recalled CPAP, Bi-Level Pap, & Mechanical Ventilator Products Litigation*, 2023 WL 7019667 (Sp. Mstr. W.D. Pa. Sept. 28, 2023), dismissed Colorado law medical monitoring claims. *Id.* at *3. |
| Connecticut | **No.**<br><br>Connecticut federal and state trial courts have consistently rejected claims for no-injury medical monitoring. *See McCullough v. World Wrestling Entertainment, Inc.,* 172 F. Supp.3d 528, 567 (D. Conn. 2016) ("plaintiffs have failed to articulate any authority supporting the proposition that plaintiffs can bring a cause of action for 'medical monitoring'"); *Martin v. Shell Oil Co.*, 180 F. Supp.2d 313, 323 (D. Conn. 2002) (medical monitoring costs "only" recoverable in Connecticut when "other actionable injuries exist") |
| Delaware | **No.**<br><br>*Mergenthaler v. Asbestos Corp.*, 480 A.2d 647, 651 (Del. 1984) (the court "disagreed" that "a claim for the expenses of medically required surveillance" could lie when "there is no present physical disease."); *Baker v. Croda, Inc.*, ___ A.3d ___, 2023 WL 5517797, at *2 (Del. Aug. 24, 2023) (holding that "[i]t is axiomatic that all tort claims require an injury," and that |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
|  | "an increased risk of illness without physical harm is not a cognizable injury under Delaware law," since "an increased risk of harm only constitutes a cognizable injury once it manifests in a physical disease." *Id.* (citations omitted)). |
| District of Columbia | Yes.<br><br>*Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816 (D.C. Cir. 1984) (applying District of Columbia law); *Arias v. DynCorp*, 928 F. Supp.2d 10, 16 n.2 (D.D.C. 2013) ("To be successful, a plaintiff asserting a cause of action for medical monitoring must prove . . . (1) plaintiff was significantly exposed to a proven hazardous substance through the negligent acts of the defendant; (2) as a proximate result of that exposure, plaintiff suffers a significantly increased risk of contracting a serious latent disease; (3) that increased risk makes periodic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial."). |
| Florida | Yes, but somewhat unclear.<br><br>*Petito v. A. H. Robins Co.*, 750 So.2d 103 (Fla. App. 1999), *review denied*, 780 So.2d 912, 916 (Fla. 2001); *but see Wyeth, Inc. v. Gottlieb*, 930 So.2d 635, 640 (Fla. App. 2006), *review denied*, 950 So.2d 413 (Fla. 2007) (drug that "continues to be approved as safe and effective by the FDA," does not have "proven" "hazardous nature"); *accord, In re Fosamax Products Liability Litigation*, 248 F.R.D. 389, 400 (S.D.N.Y. 2008) (applying Florida law). Elements of proof include (1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's negligence; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles. *Wyeth*, 930 So. 2d at 640. |
| Georgia | No.<br><br>The Georgia Supreme Court has yet to rule on no-injury medical monitoring. *See Collins v. Athens Orthopedic Clinic, P.A.*, 837 S.E. 310, 314 n.2 (Ga. 2019) ("That type of claim is not before us, and we express no opinion on the viability of such a claim."). Every other Georgia court has rejected such claim. "[M]edical testimony that [plaintiff] children would require monitoring in the future" "falls far short of th[e] standard" for present injury. *Boyd v. Orkin Exterminating Co.*, 381 S.E.2d 295, 298 (Ga. App. 1989), *abrogation recognized on non-relevant grounds*, *Hanna v. McWilliams*, 446 S.E.2d 741, 744 (Ga. App. 1994). |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| Hawaii | **Unclear.**<br><br>Hawaii "do[es] not have any court decisions that clearly address the issues related to medical monitoring." *In re NHL Players' Concussion Injury Litigation*, 327 F.R.D. 245, 260, 262 (D. Minn. 2018) (applying Hawai'i law); *see also Almond v. Janssen Pharmaceuticals, Inc.*, 337 F.R.D. 90, 96 (E.D. Pa. 2020) ("no court has yet decided whether a plaintiff can bring a no-injury medical monitoring claim") (applying Hawai'i law). *Cf. In re Philips Recalled CPAP, Bi-Level Pap, & Mechanical Ventilator Products Litigation*, 2023 WL 7019667, at *3 (Sp. Mstr. W.D. Pa. Sept. 28, 2023) (dismissing Hawai'i law medical monitoring claims for lack of support); *In re Hawaii Federal Asbestos Cases*, 734 F. Supp. 1563, 1573 (D. Haw. 1990) (remitting special damages for no-injury medical monitoring without any substantive discussion). |
| Idaho | **Unclear.**<br><br>Idaho "do[es] not have any court decisions that clearly address the issues related to medical monitoring." *In re NHL Players' Concussion Injury Litigation*, 327 F.R.D. 245, 260, 262 (D. Minn. 2018) (applying Idaho law); *In re Philips Recalled CPAP, Bi-Level Pap, & Mechanical Ventilator Products Litigation*, 2023 WL 7019667, at *3 (Sp. Mstr. W.D. Pa. Sept. 28, 2023) (dismissing Idaho law medical monitoring claims for lack of support); *Almond v. Janssen Pharmaceuticals, Inc.*, 337 F.R.D. 90, 96 (E.D. Pa. 2020) ("no court has yet decided whether a plaintiff can bring a no-injury medical monitoring claim") (applying Idaho law). |
| Illinois | **No.**<br><br>*Berry v. City of Chicago,* 181 N.E.3d 679 (Ill. 2020) |
| Indiana | **Unclear; if yes, solely a NUISANCE REMEDY.**<br><br>The Indiana Supreme Court summarily affirmed denial of a no-injury medical monitoring remedy under a state environmental statute, *Shell Oil Co. v. Meyer*, 705 N.E.2d 962, 981 (Ind. 1998), and several other decisions directly hold that no-injury medical monitoring claims are not permitted under Indiana law: *Pisciotta v. Old National Bancorp*, 499 F.3d 629, 639 & n.10 (7th Cir. 2007) ("compensable damage requires more than an exposure to a future potential harm") (applying Indiana law); *but see Gray v. Westinghouse Electric Corp.*, 624 N.E.2d 49, 54 (Ind. App. 1993) − decided before the Indiana Supreme Court's opinion in *Shell Oil v. Meyer* – (allowing medical monitoring solely as a remedy in a nuisance case); *Allgood v. General Motors Corp.*, 2005 WL 2218371, at *5 (S.D. Ind. Sept. 12, 2005) (a nuisance case decided in federal district court two years before the Seventh Circuit's *Pisciotta* decision). |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| **Iowa** | No.<br><br>*Pickrell v. Sorin Group USA, Inc.,* 293 F. Supp.3d 865 (S.D. Iowa 2018) (predicted the concept's rejection "[d]ue to Iowa's requirement that negligence claims include an actual injury . . . the Iowa Supreme Court, if confronted with the opportunity to recognize a medical monitoring cause of action, would either decline to do so or would require an actual injury."); *Vossoughi v. Polaschek,* 859 N.W.2d 643, 649 (Iowa 2015) (held that plaintiffs alleging negligence must establish "actual injury, loss, or damage"). |
| **Kansas** | Unclear.<br><br>No Kansas law decision clearly addresses no-injury medical monitoring claims.  But in *Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515 (D. Kan. 1995), brought by a plaintiff alleging present injury, the court dismissed a separate medical monitoring claim because it was "merely a component of plaintiffs' damages." *Id.* at 1523 & n.6. |
| **Kentucky** | No.<br><br>*Wood v. Wyeth-Ayerst Labs*, 82 S.W.3d 849, 859 (Ky. 2002). |
| **Louisiana** | No.<br><br>Louisiana statutorily prohibits no-injury medical monitoring.  La. Civ. Code art. 2315(B) ("Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease."); *Burmaster v. Plaquemines Parish Gov't*, 982 So. 2d 795, 806 (La. 2008) ("Louisiana Legislature amended [article] 2315 to eliminate medical monitoring as a compensable item of damage, unless the plaintiff has manifested physical or mental injury or disease."). |
| **Maine** | No.<br><br>*Bernier v. Raymark Industries, Inc.*, 516 A.2d 534, 543 (Me. 1986) ("[S]ubclinical injury . . . is insufficient to constitute the actual loss or damage to a plaintiff's interest required to sustain a cause of action under generally applicable principles of tort law.") (discussing accrual of cause of action). |
| **Maryland** | **No, only as negligent hazardous exposure REMEDY.** |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
|  | Medical monitoring is a "compensable element of damage under traditional tort theories of recovery," not an independent claim. *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 77 (Md. 2013) (citation omitted), *modified in part on other grounds*, 71 A.3d 150 (Md. 2013). |
| Massachusetts | No.<br><br>*Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901 (Mass. 2009). |
| Michigan | No.<br><br>*Henry v. Dow Chemical Co.*, 701 N.W.2d 684, 686 (Mich. 2005) ("Because plaintiffs do not allege a ***present*** injury, plaintiffs do not present a viable negligence claim [for medical monitoring] under Michigan's common law.") (emphasis original). |
| Minnesota | No.<br><br>*Bryson v. Pillsbury Co.*, 573 N.W.2d 718, 721 (Minn. App. 1998) |
| Mississippi | No.<br><br>*Paz v. Brush Engineered Materials, Inc.*, 949 So. 2d 1, 5 (Miss. 2007). |
| Missouri | **Yes, in toxic tort only.**<br><br>*Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 718 n.7 (Mo. 2007) (Explaining that Missouri recognizes medical monitoring without present physical injury, but only as a "theory of recovery [that] accounts for the latent nature of injuries stemming from exposure to toxins," and not in routine product liability litigation).  Plaintiff can obtain damages for medical monitoring upon a showing that plaintiff has a significantly increased risk of contracting a particular disease relative to what would be the case in the absence of exposure and that medical monitoring is, to a reasonable degree of medical certainty, necessary in order to diagnose properly the warning signs of disease. *Id.* at 718. |
| Montana | **Unclear.**<br><br>Montana state appellate courts have not opined on no-injury medical monitoring claims, and trial court rulings are mixed. *Compare Lamping v. American Home Products, Inc.*, 2000 Mont. Dist. Lexis 2580, at *14 (Mont. Dist. Feb. 21, |

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| | 2000) ("conclud[ing] that public policy dictates Montana's recognition of an independent cause of action for medical monitoring"), *with In re Philips Recalled CPAP, Bi-Level Pap, & Mechanical Ventilator Products Litigation*, 2023 WL 7019667, at *3 (Sp. Mstr. W.D. Pa. Sept. 28, 2023) (dismissing Montana law medical monitoring claims for lack of support), and *In re Zantac (Ranitidine) Products Liability Litigation*, 546 F. Supp.3d 1152, 1167 (S.D. Fla. 2021) (declining to recognize medical monitoring under Montana law; refusing to follow *Lamping*, noting that the decision "is more than twenty years old, is unpublished, has not been acknowledged by other Montana courts, and only recognized medical monitoring on that case's specific facts."). |
| Nebraska | **No.**<br><br>No Nebraska decision has ever recognized no-injury medical monitoring. *See Trimble v. ASARCO, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000) ("agree[ing] with district court that it was 'improbable that the Nebraska courts would judicially fashion such a right or remedy'") (applying Nebraska law), *abrogated on non-relevant grounds, Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 551-52 (2005) |
| Nevada | **No, only as a REMEDY.**<br><br>*Badillo v. American Brands, Inc.*, 16 P.3d 435, 437 (Nev. 2001) ("We conclude that Nevada common law does not recognize a medical monitoring cause of action but the remedy of medical monitoring may be available."). |
| New Hampshire | **No.**<br><br>*Brown v. Saint-Gobain Performance Plastics Corp.*, 300 A.3d 949, 952 (N.H. 2023). |
| New Jersey | **Yes, only for toxic tort.**<br><br>*Ayers v. Township of Jackson*, 525 A.2d 287, 298 (N.J. 1987) (permitted a medical monitoring claim absent present physical injury); *Sinclair v. Merck & Co.*, 948 A.2d 587 (N.J. 2008) (Held that such medical monitoring was available only in the "limited circumstances" of toxic torts and **could not be sought in product liability cases**). To recover, a plaintiff must (a) have been "directly exposed" to a hazardous substance with a "risk . . . attributable to the exposure"; (b) show that "medical surveillance is required because the exposure caused a distinctive increased risk of future injury"; (c) establish a "require[d]" "course of medical monitoring independent of any other that the plaintiff would otherwise have to undergo"; and (d) "quantify the extent to which [the claimant] may have encountered the substance." *Theer v. Philip Carey Co.*, 628 A.2d |

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| | 724, 733 (N.J. 1993).  In addition, *Ayers* requires expert testimony proof on the significance of the exposure, the nature of the alleged increased risk of diseases, and the value of a monitoring program.  525 A.2d at 312-13. |
| New Mexico | **Unclear.**<br><br>New Mexico has no in-state authority regarding the availability of no-injury medical monitoring. For this reason, *In re Philips Recalled CPAP, Bi-Level Pap, & Mechanical Ventilator Products Litigation*, 2023 WL 7019667 (Sp. Mstr. W.D. Pa. Sept. 28, 2023), dismissed New Mexico law medical monitoring claims for lack of support. *Id.* at *3. |
| New York | **No.**<br><br>*Caronia v. Philip Morris USA, Inc.,* 5 N.E.3d 11, 18 (N.Y. 2013). "[P]olicy reasons . . . militate against a judicially-created independent cause of action for medical monitoring.  Allowance of such a claim, absent any evidence of present physical injury or damage to property, would constitute a significant deviation from our tort jurisprudence."). |
| North Carolina | **No.**<br><br>North Carolina "has rejected outright an independent medical monitoring claim as well as a medical monitoring claim as the measure of damages."  *In re Valsartan, Losartan, & Irbesartan Products Liability Litigation*, 2021 WL 364663, at *25 n.38 (D.N.J. Feb. 3, 2021) (applying North Carolina law). |
| North Dakota | **No.**<br><br>*Mehl v. Canadian Pacific Railway Ltd.*, 227 F.R.D. 505, 518-19 (D.N.D. 2005) ("North Dakota requires a legally cognizable injury . . . before damages may be awarded"; "a plaintiff would be required to demonstrate a legally cognizable injury to recover any type of damages . . ., including a medical monitoring claim"); *North Dakota Dept. of Health v. Burlington Northern & Santa Fe Railway Co.*, 2004 WL 6225407, at *1 (N.D. Dist. Sept. 8, 2004) ("medical monitoring claims are speculative and lack sufficient standards"). |
| Ohio | **No, only as a REMEDY.**<br><br>*Hirsch v. CSX Transportation., Inc.,* 656 F.3d 359, 363 (6th Cir. 2011) ("assum[ing] that Ohio would recognize" no-injury medical monitoring relief for a negligence claim, while holding that plaintiffs failed to establish any increased risk) (applying Ohio law); *Elmer v. S.H. Bell Co.*, 127 F. Supp.3d 812, 825 (N.D. Ohio 2015) ("medical monitoring is not a cause |

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
|  | of action" but rather "a form of damages for an underlying tort claim"); *Hardwick v. 3M Co.*, 2019 WL 4757134, at *7 (S.D. Ohio Sept. 30, 2019) (same). |
| Oklahoma | No.<br><br>*McCormick v. Halliburton Co.*, 895 F. Supp.2d 1152, 1155-59 (W.D. Okla. 2012) ("the Oklahoma Supreme Court would decline to recognize medical monitoring as a remedy in the absence of any guidance from the Oklahoma legislature"); *Taylor v. Michelin North America, Inc.*, 2018 WL 1569495, at *6 (N.D. Okla. March 30, 2018) (medical monitoring claim dismissed where "plaintiffs have not yet presented evidence of physical injuries attributable to contaminants"); *Reece v. AES Corp.*, 2014 WL 61242 at *7 (E.D. Okla. Jan. 8, 2014) ("Oklahoma law does not allow a remedy for medical monitoring in the absence of an existing disease or physical injury.") |
| Oregon | No.<br><br>*Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 187 (Or. 2008); *accord In re Philips Recalled CPAP, Bi-Level Pap, & Mechanical Ventilator Products Litigation*, 2023 WL 7019667, at *3 & n.10 (Sp. Mstr. W.D. Pa. Sept. 28, 2023) (dismissing Oregon law medical monitoring claims under *Lowe*). |
| Pennsylvania | Yes.<br><br>*Redland Soccer Club, Inc., v. Dep't of the Army*, 696 A.2d 137, 145-46 (Pa. 1997) (held that to prevail, a plaintiff must prove "(1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's negligence; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles," which will "naturally require expert testimony.").<br>Thus, plaintiffs must prove all the elements of a common law negligence claim. *Barnes v. American Tobacco Co.*, 161 F.3d 127, 152 (3d Cir. 1998) (applying Pennsylvania law). **2-year Statute of Limitations.** *See id.*; 42 Pa. Cons. Stat. Ann. § 5524. |
| Rhode Island | No.<br><br>*Kelly v. Cowesett Hills Assoc.,* 768 A.2d 425, 430 (R.I. 2001) |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| South Carolina | No.<br><br>*Easler v. Hoechst Celanese Corp.,* 2014 WL 3868022, at *5 n.5 (D.S.C. Aug. 5, 2014) (no-injury medical monitoring claim "would fail because South Carolina has yet to recognize a cause of action"); *Rosmer v. Pfizer, Inc.*, 2001 WL 34010613, at *5 (D.S.C. 2001) ("South Carolina has not recognized a cause of action for medical monitoring") |
| South Dakota | Unclear.<br><br>South Dakota has no precedent regarding the availability of no-injury medical monitoring. |
| Tennessee | No.<br><br>*Bostick v. St. Jude Medical, Inc.*, 2004 WL 3313614, at *14 (W.D. Tenn. Aug. 17, 2004) (dismissing no-injury medical monitoring claim; "Tennessee requires present injury for medical monitoring claims."); *Jones v. Brush Wellman, Inc.*, 2000 WL 33727733, at *8 (N.D. Ohio Sept. 13, 2000) ("No Tennessee cases support a cause of action for medical monitoring in the absence of a present injury.") (applying Tennessee law). |
| Texas | No.<br><br>Texas has never recognized no-injury medical monitoring. Rather, the Texas Supreme Court has rejected tort liability for "the possibility of future consequences from what is now an inchoate risk." *Temple-Inland Forest Products Corp. v. Carter,* 993 S.W.2d 88, 93 (Tex. 1999). Under *Temple,* no basis exists for embracing no-injury medical monitoring. |
| Utah | Yes.<br><br>*Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 979 (Utah 1993) (plaintiff must prove "(1) exposure (2) to a toxic substance, (3) which exposure was caused by the defendant's negligence, (4) resulting in an increased risk (5) of a serious disease, illness, or injury (6) for which a medical test for early detection exists (7) and for which early detection is beneficial, meaning that a treatment exists that can alter the course of the illness, (8) and which test has been prescribed by a qualified physician according to contemporary scientific principles."). |
| Vermont | Yes.<br>Vt. Stat. tit. 12, §§ 7201, 7202(a) (only for environmental cases; specifying that increased risk must be linked to exposure at rate significantly greater than the general population, increased risk makes monitoring medically different from the general population necessary, and procedures are reasonable in cost and safe in use; only owner or operator of large facility may be |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| | sued); *Sullivan v. Saint-Gobain Performance Plastics Corp.*, 431 F. Supp. 3d 448, 467 (D. Vt. 2019) (applying common law medical monitoring. Requirements include (1) plaintiff has, relative to the general population, been significantly exposed; (2) to a proven hazardous substance; (3) through the tortious conduct of the defendant; (4) as a proximate result of the exposure, plaintiff has suffered an increased risk of contracting a serious latent disease; (5) the increased risk of disease makes it reasonably necessary for the plaintiff to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of the exposure; and (6) monitoring procedures exist that make the early detection of a disease possible). |
| Virginia | No.<br><br>*Ball v. Joy Technologies, Inc.*, 958 F.2d 36, 39 (4th Cir. 1991) (only plaintiffs who have "demonstrated that they are suffering from a present, physical injury" are "entitle[d] . . . to recover medical surveillance costs under . . . Virginia law") (applying Virginia law) |
| Washington | No.<br><br>*DuRocher v. Riddell, Inc.*, 97 F. Supp.3d 1006, 1014 (S.D. Ind. 2015) ("the State of Washington does not recognize a standalone claim for medical monitoring") (applying Washington law); *Krottner v. Starbucks Corp.*, 2009 WL 7382290, at *7 (W.D. Wash. Aug. 14, 2009) ("no Washington court has recognized a cause of action or remedy in which the sole injury is an increased risk of a future harm" such as "medical monitoring"), *aff'd in part on other grounds*, 628 F.3d 1139 (9th Cir. 2010); *Duncan v. Northwest Airlines*, 203 F.R.D. 601, 607-09 (W.D. Wash. 2001) (finding "no compelling reason for this Court to create . . . a new separate tort of medical monitoring"). |
| West Virginia | Yes.<br><br>*Bower v. Westinghouse Electric Corp.*, 522 S.E.2d 424, 426 and 433 (W. Va. 1999) (finding that "underlying liability must be established based upon a recognized tort."); *see In re Opioid Litigation*, 2023 W.V. Cir. Lexis 3, at *28-29 (W.V. Cir. May 31, 2023) (medical monitoring dismissed upon failure of all other tort claims). Essential elements are (a) that the plaintiff has, relative to the general population, been significantly exposed to a proven hazardous substance; (b)through the defendant's tortious conduct; (c) and as a proximate result of that exposure;(d) plaintiff has an increased risk of a serious latent disease; (e) and the increased risk makes it reasonably necessary for the plaintiff to undergo periodic diagnostic medical tests; (f) different from those prescribed in the absence of the exposure; (g) and monitoring procedures exist that make the early detection of a disease possible. *Bower*, 522 S.E.2d at 426. |

*Perez-Hernandez, et al. v. Bayer AG, et al.*
Case No. 3:23-CV-04946-VC
Medical Monitoring: 51-Jurisdiction Survey

| Jurisdiction | Does State Recognize Medical Monitoring Claim? |
|---|---|
| **Wisconsin** | No. <br><br> *Alsteen v. Wauleco, Inc.*, 802 N.W.2d 212, 216, 218 (Wis. App. 2011). |
| **Wyoming** | Unclear. <br><br> No Wyoming has no authority regarding the availability of no-injury medical monitoring. In *In re Copley Pharmaceutical, Inc.*, 161 F.R.D. 456, 469 (D. Wyo. 1995), a Wyoming federal court denied a motion to dismiss medical monitoring claims, but that decision involved plaintiffs from all 50 states, and it nowhere discussed Wyoming law. |