UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Boudreau et al. v. Monsanto Co.*, Case No. 17-cv-07100-VC<br><br>*Williams et al. v. Monsanto Co.*, Case No. 18-cv-01087-VC<br><br>*Rievley et al. v. Monsanto Co.*, Case No. 18-cv-03956-VC<br><br>*Stevens et al. v. Monsanto Co.*, Case No. 18-cv-06151-VC<br><br>*Bernard v. Monsanto Co.*, Case No. 19-cv-00385-VC<br><br>*Pippin v. Monsanto Co.*, Case No. 19-cv-01722-VC<br><br>*Seeger v. Monsanto Co.*, Case No. 19-cv-01772-VC<br><br>*Simmons et al. v. Monsanto Co.*, Case No. 19-cv-02070-VC<br><br>*Cupp v. Monsanto Co.*, Case No. 19-cv-02073-VC<br><br>*Snyder et al. v. Monsanto Co.*, Case No. 19-cv-02373-VC<br><br>*Crump et al. v. Monsanto Co.*, Case No. | **ORDER DENYING MOTIONS TO WITHDRAW AS ATTORNEY**<br><br>Re: Dkt. Nos. 17534–17550, 17561 |

| |
|---|
| 19-cv-02801-VC |
| *Belcher v. Monsanto Co.*, Case No. 19-cv-02820-VC |
| *Puckett v. Monsanto Co.*, Case No. 19-cv-02831-VC |
| *Woodward v. Monsanto Co.*, Case No. 19-cv-04505-VC |
| *Brown et al. v. Monsanto Co.*, Case No. 19-cv-05297-VC |
| *Melton v. Monsanto Co.*, Case No. 19-cv-05570-VC |
| *Mann et al. v. Monsanto Co.*, Case No. 19-cv-05578-VC |
| *Clark v. Monsanto Co.*, Case No. 19-cv-05319-VC |

Seth Webb, counsel to the plaintiffs in the eighteen above-captioned cases, moves to withdraw as counsel in each of those cases. There is no indication that substitute counsel will take his place. Each of the motions to withdraw is substantively identical and says only that Brown and Crouppen, Webb's firm, "can no longer effectively represent Plaintiff due to a breakdown in the attorney-client relationship, the details of which are within the confines of the attorney-client privileges."

It is unclear what it might mean for there to be a simultaneous "breakdown in the attorney-client relationship" with eighteen separate clients. The motions to withdraw are therefore denied. Denial is without prejudice to refiling motions that provide assurance that Webb is not simply dumping his clients. Any such motion must include a detailed declaration, signed under penalty of perjury, by counsel. The motions and declarations should be filed on the main MDL docket and on each of the member case dockets. If a declaration touches on privileged matters, Webb may file a motion to seal in accordance with the Local Rules of this

Court. The motions should be noticed for a hearing, and they should demonstrate that Webb provided the motion papers to his clients and notified them of the hearing. Lead plaintiffs' counsel is ordered to participate in the hearing of any renewed motion to withdraw.

**IT IS SO ORDERED.**

Dated: December 11, 2023

_____
VINCE CHHABRIA
United States District Judge