# EXHIBIT L

Robert F. Herrick, MS, ScD, CIH, FAIHA

```
 1              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
 2
      **************************
 3    IN RE: ROUNDUP PRODUCTS      MDL No.
      LIABILITY LITIGATION         3:16-md-02741-VC
 4
                                   Case No. MDL No.
 5    This document relates to:    3:16-md-02741-VC

 6    Gerald and Lynne Nelson
      v. Monsanto
 7    Case No. 3:19-cv-04576-VC

 8          and

 9    Richard Canning and
      Shirley Canning v.
10    Monsanto Company, et al
      Case No. 3:19-cv-04230-VC
11
      **************************
12

13              Remote Videotaped Deposition of

14    ROBERT F. HERRICK, MS, ScD, CIH, FAIHA, held at

15    the location of the deponent, commencing at

16    10:41 a.m., on the 23rd of October, 2023,

17    before Maureen O'Connor Pollard, Registered

18    Diplomate Reporter, Realtime Systems

19    Administrator, Certified Shorthand Reporter,

20    Notary Public.

21                          - - -

22
                GOLKOW LITIGATION SERVICES
23                    877.370.DEPS
                    deps@golkow.com
24
```

Exhibit L Page - 1

Golkow Litigation Services                              Page 1

Robert F. Herrick, MS, ScD, CIH, FAIHA

```
 1   REMOTE APPEARANCES:

 2

     THORNTON LAW FIRM, LLP
 3   BY:    DAVID BRICKER, ESQ.
            9595 Wilshire Blvd., Suite 900
 4          Beverly Hills, California 90212
            310-282-8676
 5          dbricker@tenlaw.com
            Representing the Plaintiffs
 6


 7   THORNTON LAW FIRM, LLP
     BY:    CHRISTIAN F. UEHLEIN, ESQ.
 8          101 Hyalite Ranch Lane
            Bozeman, Montana 59718
 9          888-491-9726
            cuehlein@tenlaw.com
10          Representing the Plaintiffs


11
     NELSON MULLINS RILEY & SCARBOROUGH LLP
12   BY:    JAE LEE, ESQ.
            750 B Street, Suite 2200
13          San Diego, California 92101
            619-489-6187
14          jae.lee@nelsonmullins.com
            Representing the Defendants
15

16   Videographer:  Phillip Todd

17

18

19

20

21

22

23

24
```

Exhibit L Page - 2

Golkow Litigation Services                                Page 2

1       A.      I didn't, no.

2       Q.      Did you use a dermal absorption

3   rate when you were estimating his

4   time-weighted exposure assessment?

5       A.      I did not, no.

6       Q.      So you did not make any

7   adjustment at all for dermal absorption rate,

8   is that correct?

9               MR. BRICKER:  Form.

10              THE WITNESS:  That's correct.

11      Right.

12  BY MR. LEE:

13      Q.      Dr. Herrick, did you describe

14  in your exposure assessment for Mr. Gerald

15  Nelson any of the personal protective

16  equipment he used while spraying Roundup?

17      A.      I did.  Let's just roll back

18  here.  I'm trying to just kind of scan this

19  document to see where I talked about that,

20  because he was asked about that in the

21  deposition.  Oh, gosh, where are we here?

22      Q.      Let me refer you to -- let's

23  see, it's page 1, 2, 3 -- the fourth page of

24  this document that I've marked as -- I think

Exhibit L Page - 3

Golkow Litigation Services                           Page 109

1  containers.
2        So I didn't have the feeling
3  that that was a substantial source of
4  exposure.
5       Q.   Dr. Herrick, for Mr. Richard
6  Canning's exposure history, you provided a
7  non-time-weighted exposure estimate, is that
8  correct?
9       A.   That is correct, yeah.
10      Q.   And you also provided a
11 time-weighted estimate of his exposure, is
12 that correct?
13      A.   Yes.
14      Q.   Is the methodology that you
15 used for the exposure assessment for
16 Mr. Richard Canning, is that the same as the
17 methodology that you described for
18 Mr. Nelson's exposure assessment?
19      A.   It is, yes.
20      Q.   Are there any differences
21 between the methodologies that you employed
22 for Mr. Richard Canning's exposure assessment
23 versus Mr. Gerald Nelson's?
24      A.   No, the methods and approach

Exhibit L Page - 4

Golkow Litigation Services                    Page 173

1      and as we said earlier, you know,

2      Roundup can be a mixture of several

3      ingredients, and so washing like you

4      would conventionally in a shower with

5      water and soap, you know, I don't feel

6      like I could make a good judgment of

7      how well that type of washing

8      procedure would influence or affect

9      the different ingredients that are in

10     Roundup.

11  BY MR. LEE:

12     Q.    Did you take -- when you were

13  preparing your exposure estimates for

14  Mr. Richard Canning, did you take into

15  account the protective -- the personal

16  protective equipment or clothing that he

17  described?  Did you take that into account?

18     A.    No, I didn't.

19     Q.    And you made no adjustments to

20  your quantitative estimates -- I'm sorry,

21  your numerical estimates based on his

22  personal protective equipment, is that

23  correct?

24     A.    That is correct, right.

Exhibit L Page - 5

Golkow Litigation Services                          Page 196

Robert F. Herrick, MS, ScD, CIH, FAIHA

```
 1        Q.    Did you make any adjustments to
 2   your exposure estimates for Mr. Richard
 3   Canning based on the fact that he would take
 4   a shower or wash his hands after applying
 5   Roundup?  Did you take that into account?
 6        A.    No, I didn't.
 7              MR. LEE:  Can we take a five or
 8        ten-minute break?
 9              THE WITNESS:  Sure.
10              MR. BRICKER:  Sure.  Whatever
11        you need.
12              MR. LEE:  Let's do a ten-minute
13        break.
14              THE VIDEOGRAPHER:  We're off
15        the record at 2:56 p.m.
16              (Whereupon, a recess was
17        taken.)
18              THE VIDEOGRAPHER:  We're back
19        on the record at 3:07 p.m.
20   BY MR. LEE:
21        Q.    Dr. Herrick, I'd like you to
22   take a look at page 5 of your report marked
23   as Exhibit 12.
24        A.    Okay.  Let me just get into
```

Exhibit L Page - 6

Golkow Litigation Services					Page 197

Robert F. Herrick, MS, ScD, CIH, FAIHA

```
 1   COMMONWEALTH OF MASSACHUSETTS  )
 2   SUFFOLK, SS.                   )
 3              I, MAUREEN O'CONNOR POLLARD,
 4   Registered Diplomate Reporter and Notary
 5   Public in and for the Commonwealth of
 6   Massachusetts, do certify that on the 23rd
 7   day of October, 2023, at 10:41, the person
 8   above-named was duly remotely sworn to
 9   testify to the truth of their knowledge, and
10   examined, and such examination reduced to
11   typewriting under my direction, and is a true
12   record of the testimony given by the witness.
13   I further certify that I am neither attorney,
14   related or employed by any of the parties to
15   this action, and that I am not a relative or
16   employee of any attorney employed by the
17   parties hereto, or financially interested in
18   the action.
19
20
21
22   _Maureen O Pollard_____
23   MAUREEN O'CONNOR POLLARD, NOTARY PUBLIC
24   CSR #149108
```

Exhibit L Page - 7

Golkow Litigation Services                              Page 257