# EXHIBIT K

```
 1               UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 2
     *************************
 3   IN RE: ROUNDUP PRODUCTS     MDL No.
     LIABILITY LITIGATION        3:16-md-02741-VC
 4
                                 Case No. MDL No.
 5   This document relates to:   3:16-md-02741-VC

 6   Gerald and Lynne Nelson
     v. Monsanto
 7   Case No. 3:19-cv-04576-VC

 8        and

 9   Richard Canning and
     Shirley Canning v.
10   Monsanto Company, et al
     Case No. 3:19-cv-04230-VC
11
     *************************
12

13              Remote Videotaped Deposition of

14   ROBERT F. HERRICK, MS, ScD, CIH, FAIHA, held at

15   the location of the deponent, commencing at

16   10:41 a.m., on the 23rd of October, 2023,

17   before Maureen O'Connor Pollard, Registered

18   Diplomate Reporter, Realtime Systems

19   Administrator, Certified Shorthand Reporter,

20   Notary Public.

21                       - - -

22
              GOLKOW LITIGATION SERVICES
23                 877.370.DEPS
                 deps@golkow.com
24
```

Exhibit K Page - 1

Robert F. Herrick, MS, ScD, CIH, FAIHA

```
 1   REMOTE APPEARANCES:

 2

     THORNTON LAW FIRM, LLP
 3   BY:    DAVID BRICKER, ESQ.
            9595 Wilshire Blvd., Suite 900
 4          Beverly Hills, California 90212
            310-282-8676
 5          dbricker@tenlaw.com
            Representing the Plaintiffs
 6

 7   THORNTON LAW FIRM, LLP
     BY:    CHRISTIAN F. UEHLEIN, ESQ.
 8          101 Hyalite Ranch Lane
            Bozeman, Montana 59718
 9          888-491-9726
            cuehlein@tenlaw.com
10          Representing the Plaintiffs

11
     NELSON MULLINS RILEY & SCARBOROUGH LLP
12   BY:    JAE LEE, ESQ.
            750 B Street, Suite 2200
13          San Diego, California 92101
            619-489-6187
14          jae.lee@nelsonmullins.com
            Representing the Defendants
15

16   Videographer:  Phillip Todd

17

18

19

20

21

22

23

24
```

Robert F. Herrick, MS, ScD, CIH, FAIHA

```
1    BY MR. LEE:
2         Q.    And a full day in this
3    methodology, your methodology, was defined as
4    an 8-hour day, is that correct?
5         A.    That's right.  And I think
6    that's -- you know, that's pretty
7    conventional in industrial hygiene, you know,
8    a full workday is considered 8 hours.
9         Q.    So essentially you added up all
10   of his hours over a lifetime spraying Roundup
11   and then divided that by an 8-hour day in
12   order to provide an estimate of the total
13   number of days that he was spraying Roundup,
14   is that correct?
15        A.    Yes, that is correct.
16        Q.    So for the time-weighted
17   methodology you used addition,
18   multiplication, and then division, is that
19   correct?
20        A.    That's correct, yep.
21        Q.    Dr. Herrick, did you account at
22   all for dermal absorption rate when
23   calculating non-time-weighted exposure for
24   Mr. Nelson?
```

Exhibit K Page - 3

```
 1        A.     I didn't, no.
 2        Q.     Did you use a dermal absorption
 3   rate when you were estimating his
 4   time-weighted exposure assessment?
 5        A.     I did not, no.
 6        Q.     So you did not make any
 7   adjustment at all for dermal absorption rate,
 8   is that correct?
 9             MR. BRICKER:  Form.
10             THE WITNESS:  That's correct.
11        Right.
12   BY MR. LEE:
13        Q.     Dr. Herrick, did you describe
14   in your exposure assessment for Mr. Gerald
15   Nelson any of the personal protective
16   equipment he used while spraying Roundup?
17        A.     I did.  Let's just roll back
18   here.  I'm trying to just kind of scan this
19   document to see where I talked about that,
20   because he was asked about that in the
21   deposition.  Oh, gosh, where are we here?
22        Q.     Let me refer you to -- let's
23   see, it's page 1, 2, 3 -- the fourth page of
24   this document that I've marked as -- I think
```

1   BY MR. LEE:

2        Q.    Dr. Herrick, did you make any
3   adjustments to your non-time-weighted
4   exposure assessment for Mr. Nelson based on
5   the personal protective equipment that he
6   stated he used while mixing and spraying
7   Roundup?

8        A.    No, I didn't.

9        Q.    Dr. Herrick, did you make any
10  adjustments to your time-weighted exposure
11  assessment for Mr. Nelson based on the
12  personal protective equipment that he stated
13  he used while mixing and spraying Roundup?

14       A.    I didn't, no.

15       Q.    Let me mark another exhibit for
16  you, Dr. Herrick.

17              (Whereupon, Exhibit Herrick 6
18       was marked for identification.)

19       A.    Is this Number 5?

20  BY MR. LEE:

21       Q.    I'll tell you in a moment.

22              MR. BRICKER:  No.  It will be
23       6.

24              THE WITNESS:  Okay.

Robert F. Herrick, MS, ScD, CIH, FAIHA

```
 1   COMMONWEALTH OF MASSACHUSETTS   )
 2   SUFFOLK, SS.                    )
 3                I, MAUREEN O'CONNOR POLLARD,
 4   Registered Diplomate Reporter and Notary
 5   Public in and for the Commonwealth of
 6   Massachusetts, do certify that on the 23rd
 7   day of October, 2023, at 10:41, the person
 8   above-named was duly remotely sworn to
 9   testify to the truth of their knowledge, and
10   examined, and such examination reduced to
11   typewriting under my direction, and is a true
12   record of the testimony given by the witness.
13   I further certify that I am neither attorney,
14   related or employed by any of the parties to
15   this action, and that I am not a relative or
16   employee of any attorney employed by the
17   parties hereto, or financially interested in
18   the action.
19
20
21
22   _Maureen O Pollard_____
23   MAUREEN O'CONNOR POLLARD, NOTARY PUBLIC
24   CSR #149108
```