# EXHIBIT D

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

CARL ALESI, *et al.*,                    )
                                         )
         Plaintiffs,                     )
                                         )        Cause No. 19SL-CC03617
v.                                       )
                                         )        Division No. 1
MONSANTO COMPANY,                        )
                                         )        July 28, 2022
         Defendant.                      )

**FILED**
07/28/22
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

### ORDER CONCERNING THE PARTIES' MOTIONS *IN LIMINE*

Presently before the Court are Plaintiffs' seventeen Motions *in Limine* and Defendant Monsanto Company's ("Monsanto") twenty-eight Motions *in Limine*. On July 25, 2022, the Court conducted a pretrial conference and heard arguments from counsel on Plaintiffs' seventeen Motions *in Limine* and Defendant Monsanto Company's ("Monsanto") twenty-eight Motions *in Limine*. Gibbs Henderson, John Garvey, Erin Wood, William Carson, Justin Gathright, and Colleen Garvey appeared and argued on behalf of Plaintiffs, and Gregory Halperin, Elizabeth Ertle, Erik Hansell, Jennifer Saulino, Manuel Cachán, Christina Assi, Shawn Ledingham, and Booker Shaw appeared and argued on behalf of Monsanto.

Prior to the July 25, 2022 pretrial conference, counsel for the parties communicated via email to the Court and Special Master noting their agreement on certain Motions *in Limine*. Further, during the course of the pretrial conference, the parties agreed to stipulations concerning certain Motions *in Limine* as noted herein. Additionally, counsel for the parties have notified the Special Master that prior to filing the motions *in limine*, the parties also reached stipulations to resolve the following planned motions:

      a.  The parties stipulate not to refer to the absence or presence of jury consultants in the courtroom;

Exhibit D Page - 1

b. The parties stipulate to exclude any evidence, argument or reference to endocrine disruption or the effects of glyphosate/Roundup on gut bacteria;

c. The parties stipulate to exclude evidence, argument, or reference to sale or use of glyphosate as a boiler cleaner or descaling agent; and

d. The parties stipulate to exclude opinions that glyphosate causes unrelated injuries (*e.g.*, Parkinson's, autism, etc.).

After careful consideration of the legal briefs, exhibits, and oral arguments, the Motions *in Limine* were submitted for ruling.  The Court hereby makes the following rulings.

### A.  Plaintiffs' Motions *in Limine*

1.      Plaintiffs' Motion *in Limine* No. 1 to Exclude Any Testimony of Smoking, Drug Usage, or Alcohol Consumption is **GRANTED IN PART AND DENIED IN PART**.  By stipulation of the parties, Plaintiffs' Motion *in Limine* No. 1 is **GRANTED** as to Monsanto agreeing not to introduce evidence of illegal drug use, including marijuana.  Plaintiffs' Motion *in Limine* No. 1 is **DENIED** as to relevant evidence of smoking or alcohol use.  These are at least risk factors as admitted by all experts and relate to differential diagnoses and whether or not they should be ruled out as a cause of cancer.

2.      Plaintiffs' Motion *in Limine* No. 2 to Exclude Any Evidence of or Reference to Bankruptcy or Prior Criminal History is **GRANTED**, by agreement of the parties, to exclude any reference to bankruptcy.  As to prior criminal history, Plaintiffs' Motion *in Limine* No. 2 is **GRANTED** as to the conviction of Mr. Davis's misdemeanor as it is not a crime that has relevance to credibility.

2

18.     Monsanto's Motion *in Limine* No. 18 to Exclude Evidence or Argument as to Seralini Study and Communications Authored by Third Parties Fernald and Copley is **GRANTED**.

19.     Monsanto's Motion *in Limine* No. 19 to Exclude Any Evidence, Argument, or Reference to Adverse Event Reports is **GRANTED** as uncontested.

20.     Monsanto's Motion *in Limine* No. 20 to Exclude Reference to a Magic Tumor or Magic Mouse is **GRANTED**.

21.     Monsanto's Motion *in Limine* No. 21 to Exclude Any Evidence, Argument, or Reference to Trace Impurities in Roundup is **GRANTED IN PART**.  Plaintiffs can mention the existence of trace impurities in Roundup but not by name.  There was no expert testimony that any such trace impurities could cause cancer.

22.     Monsanto's Motion *in Limine* No. 22 to Exclude All Evidence, Argument, or Reference During Trial to Purported Health Risks of Genetically Modified Organisms is **GRANTED**.

23.     Monsanto's Motion *in Limine* No. 23 to Exclude Any Evidence or Argument Regarding Glyphosate in Food or Other Unrelated Sources is **GRANTED**.  Claims in this case purely allege exposure to glyphosate by use of Roundup caused the Plaintiffs' cancer.

Exhibit D Page - 3

24.     Monsanto's Motion *in Limine* No. 24 to Exclude Evidence and Argument About Lobbying and Public Relations Activity is **GRANTED IN PART AND DENIED IN PART**. Monsanto's Motion *in Limine* No. 24 is **GRANTED** as to the number of lobbyists Monsanto employs or how much money it spends on lobbyists.  Monsanto's Motion *in Limine* No. 24 is **DENIED** as to what information Monsanto has sent to lobbyists or conversations with lobbyists concerning Roundup.  Under no circumstances will anyone be allowed to opine as to any conclusions that the lobbying efforts were to deceive or cover up Roundup being carcinogenic or any other opinions.

25.     Monsanto's Motion *in Limine* No. 25 to Exclude Any Mention of the Presence or Absence of Monsanto Company Representatives at Trial is **GRANTED**.

26.     Monsanto's Motion *in Limine* No. 26 to Exclude Evidence, Argument, or Reference to Gilliams Book and All other Newspaper Broadcasts and other Media Publications is **GRANTED** per stipulation of the parties.  Plaintiffs agree to exclude argument or reference to the two Carey Gillam books, one Gilles-Eric Seralini book, and the Scythia Films movie.  Plaintiffs do not agree to exclude evidence of news articles that relate to evidence or occurrences within the historical record or those contemplated by the parties' other MIL briefing, such as news articles regarding IBT (Plaintiffs' Opp to Def. MIL No. 7), Monsanto's press release regarding taking Monsanto off the home garden market (Plaintiffs' Opp. to Def. MIL No. 14), or other articles relating to other litigation, settlement agreements, or enforcement actions as discussed in Plaintiffs' Opposition to Monsanto's MIL No. 11, or articles relating to the Phillips 66 Oil Refinery (Plaintiffs' Opp. to Def. MIL No. 3).  Monsanto does not agree that any of the foregoing is evidence is admissible.  The matters not agreed to have been ruled on herein.

Exhibit D Page - 4

27.     Monsanto's Motion *in Limine* No. 27 to Exclude Any Testimony of Kirk Azevedo is moot because it has been withdrawn by Monsanto.

28.     Monsanto's Motion *in Limine* No. 28 to Exclude Additional Expert Opinions is **GRANTED** per stipulation of the parties.  The parties stipulate that (i) Dr. Joel Joseph Gagnier will not offer any opinions regarding IARC, (ii) Dr. Braunstein will not offer an opinion regarding Roberta Fox, and (iii) Dr. Braunstein may opine that Mr. Cox has a 57% 5-year survival rate based on the American Cancer Society's data for diffuse large B-cell lymphoma but will not otherwise offer new opinions about prognosis for Mr. Cox, and Dr. Reshef may offer an opinion in response to this new opinion.

**SO ORDERED:**

*Brian H. May #1* July 28, 2022

_____

Hon Brian H. May
Circuit Judge, Division 1

Exhibit D Page - 5