# EXHIBIT H

1                 UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
2
                                 Case No.
3                                3:20-cv-03108-VC

4    ***************************

5    IN RE:  ROUNDUP PRODUCTS
     LIABILITY LITIGATION           MDL No.  2741
6
     ***************************
7    This document relates to:

8    Robert and Darya Cotter v.
     Monsanto Company
9
     Case No.  3:20-cv-03108-VC
10
     ***************************
11

12              Remote Videotaped Deposition of D.

13   BARRY BOYD, MD, MS, held at the location of

14   the deponent, commencing at 12:59 p.m., on

15   the 23rd of September, 2022, before Maureen

16   O'Connor Pollard, Registered Diplomate

17   Reporter, Realtime Systems Administrator,

18   Certified Shorthand Reporter, Notary Public.

19

20

21                           - - -

22

23             GOLKOW LITIGATION SERVICES
                   877.370.DEPS
                 deps@golkow.com
24

25

Exhibit H Page - 1

1   REMOTE APPEARANCES:

2

3   THORNTON LAW FIRM

4   BY:   DAVID BRICKER, ESQ.

5         9595 Wilshire Blvd., Suite 900

6         Beverly Hills, California 90212

7         310-282-8676

8         dbricker@tenlaw.com

9         Representing the Plaintiffs

10

11   EVANS FEARS & SCHUTTERT LLP

12   BY:   DAVID W. GUTKE, ESQ.

13         6720 Via Austi Parkway, Suite 300

14         Las Vegas, Nevada 89119

15         702-805-8444

16         dgutke@efstriallaw.com

17         Representing the Defendant,

18         Monsanto Company

19

20   Videographer:  Robert Martignetti

21

22

23

24

25

D. Barry Boyd, M.D.

1        Q.      How would you describe

2    Mr. Cotter's exposure to Roundup in this

3    matter, just generally?

4        A.      Extremely heavy.  25 years,

5    1994 to 2019, or 2000 -- yeah, 2019, just on,

6    you know, weighted exposure days, 3,288 days

7    of exposure, using it 3,288 days.  That's a

8    lot of time spraying Roundup.  And then you

9    can decide whether it was one hour, four

10   hours, eight hours, you can do the

11   calculations on time weighted exposure.

12              But many of the exposure

13   metrics use exposure days now, and if you

14   combine that with his residential use, which

15   was far less, I think that was the range of

16   79 hours total in -- his residential was

17   908 days, that gives you 4,196 days of using

18   Roundup.  That far, far exceeds Eliminate-D.

19       Q.      And those calculations that you

20   just stated, those are based on Mr. Herrick's

21   report?

22       A.      Yes.

23              MR. BRICKER:  Dr. Herrick.

24   BY MR. GUTKE:

25       Q.      I'm sorry, Dr. Herrick's

Exhibit H Page - 3

Golkow Litigation Services                    Page 105

D. Barry Boyd, M.D.

1    not -- you personally haven't interviewed

2    Mr. Cotter, correct?

3          A.    Correct.

4          Q.    Or Mr. Cotter's spouse or

5    anybody else that is providing information

6    about his exposure history, correct?

7          A.    Correct.

8          Q.    So is it fair to say that the

9    sole basis for your exposure opinions and

10   background is based on what Dr. Herrick's

11   report states?

12         A.    Correct.

13         Q.    So if that's wrong, then your

14   analysis would need to be adjusted as well,

15   correct?

16         A.    We'll adjust it based on that

17   if it's wrong, correct.

18         Q.    And, likewise, if the veracity

19   of Mr. Cotter's exposure history is wrong,

20   that would affect the report as well, the

21   exposure history?

22               (Phone interruption.)

23         A.    Yes, that's correct.

24               MR. BRICKER:  Let's go off the

25         record.

Exhibit H Page - 4

D. Barry Boyd, M.D.

```
 1                   C E R T I F I C A T E

 2              I, MAUREEN O'CONNOR POLLARD, LSR

 3   #473, Registered Diplomate Reporter and

 4   Notary Public in and for the State of

 5   Connecticut, do hereby certify that there

 6   remotely came before me on the 23rd day of

 7   September, 2022, the person hereinbefore

 8   named, who was duly sworn to testify to the

 9   truth of their knowledge concerning the

10   matters in this cause, and their examination

11   reduced to typewriting under my direction and

12   is a true record of the testimony.

13              I further certify that I am

14   neither attorney for or related or employed

15   by any of the parties to the action, and that

16   I am not a relative or employee of any

17   attorney or counsel employed by the parties

18   hereto or financially interested in the

19   action.

20

21

22

23   _____
          MAUREEN O'CONNOR POLLARD, License #473
24        Registered Diplomate Reporter
          Realtime Systems Administrator
25        Notary Commission Expires:  10/31/2027
```

Exhibit H Page - 5