David J. Diamond, Esq.
AZ Bar No.: 010842 (Pro Hac Vice)
DIAMOND LAW, PLLC
1700 E. River Road, #65237
Tucson, AZ 85718
Telephone: (520) 909-0909
Facsimile:  (520) 527-1074
Email:  ddiamond@diamondlawusa.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 16-md-02741-VC |
| **THIS DOCUMENT RELATES TO:** | Honorable Vince Chhabria |
| Alexander Efimenko, | Case No. 3:19-cv-00485-VC |
| Plaintiff, | |
| v. | |
| Monsanto Company, | |
| Defendant. | |

## MOTION TO VACATE DISMISSAL AND REOPEN AND REINSTATE CASE TO ACTIVE STATUS

The Court dismissed Mr. Efimenko's case (Doc. 17582) on December 11, 2023, for failure to comply with PTO 240. For the reasons discussed below, Plaintiff respectfully requests that the Court vacate the dismissal and reinstate Plaintiff's case to active status.

For background, Mr. Efimenko is an elderly gentleman. He is one of the few claimants that opted out of the Diamond Law Master Settlement Agreement. While the MSA provides that Mr. Efimenko will mediate his case using Judge Glenn Norton, retired,

based upon a prior conference call Mr. Efimenko was on in which Mr. Feinberg spoke, Mr. Efimenko asked if Mr. Feinberg could mediate. After undersigned spoke to Mr. Feinberg, Mr. Feinberg agreed to mediate the Efimenko matter. Thereafter, Mr. Efimenko was asked to sign a mediation enrollment form.

Unfortunately, Mr. Efimenko became confused after he was asked to sign the mediation enrollment form. He began to mistakenly believe that signing the mediation enrollment form would result in the dismissal of his case. Because it appeared to counsel that Mr. Efimenko was becoming more confused about the issue as time went by, counsel asked Mr. Feinberg to speak directly to Mr. Efimenko. That call occurred on Monday, December 4, 2023. On December 8, 2023, Mr. Efimenko signed the mediation enrollment form but was unable to use electronic means to forward it to counsel. Instead, he mailed the signed form. Counsel's paralegal informed Mr. Feinberg via email on December 8, 2023, that Mr. Efimenko signed the mediation enrollment form, and he would be mailing it that day.

Mr. Efimenko intended to participate in mediation. However, he became confused and developed a mistaken belief that his case would be dismissed if he signed the mediation enrollment form. Ultimately, after a call directly between Mr. Efimenko and Mr. Feinberg, Mr. Efimenko, while admittedly still confused, signed the enrollment form. The signed form was received by counsel on December 11, 2023, the same date the Court issued its Order dismissing Mr. Efimenko's case. It is respectfully submitted that Mr. Efimenko's

confusion leading to his mistaken belief and delay is excusable conduct pursuant to Fed.R.Civ. P. 60(b).

For the foregoing reasons, it is respectfully requested that the dismissal of Mr. Efimenko's case be vacated and that his case be reinstated so that the parties may proceed with mediation.

Dated: December 18, 2023　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　*/s/ David J. Diamond*
　　　　　　　　　　　　　　　　　　David J. Diamond, Esq.
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, David J. Diamond, hereby certify that on December 18, 2023, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record. In addition, Mr. Feinberg & Ms. Biros were copied by email.

　　　　　　　　　　　　　　　　　　*/s/ David J. Diamond*
　　　　　　　　　　　　　　　　　　David J. Diamond