UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Caton et al. v. Monsanto Co.*, Case No. 19-cv-07675-VC<br><br>*Ditoro et al. v. Monsanto Co.*, Case No. 23-cv-01960-VC<br><br>*Locsin v. Monsanto Co.*, Case No. 23-cv-02571-VC<br><br>*Marchica v. Monsanto Co.*, Case No. 23-cv-01271-VC<br><br>*Plummer et al. v. Monsanto Co.*, Case No. 23-cv-01269-VC<br><br>*Sammons v. Monsanto Co.*, Case No. 22-cv-00050-VC<br><br>*Smith et al. v. Monsanto Co.*, Case No. 19-cv-03597-VC<br><br>*Tomion v. Monsanto Co.*, Case No. 22-cv-00940-VC<br><br>*Von Staden et al. v. Monsanto Co.*, Case No. 23-cv-01182-VC<br><br>*Westbrook et al. v. Monsanto Co.*, Case No. 23-cv-02985-VC | **ORDER GRANTING MOTIONS FOR RELIEF FROM DISMISSAL FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 240**<br><br>Re: Dkt. Nos. 17505, 17506, 17572, 17658, 17693 |

Each of the above-captioned actions has been dismissed for failure to comply with Pretrial Order No. 240. The plaintiffs in each action have moved for relief from the Court's dismissal order. Each motion asserts, in essence, that the plaintiff's counsel was either not aware of the orders directing compliance with PTO No. 240 or did not understand the terms of that order until it was too late. Each plaintiff expresses a willingness to comply with PTO No. 240, and some have taken steps to do so since their cases were dismissed.

This MDL is a large, complex proceeding, and some counsel may not have experience with the administrative challenges it presents. The Court will allow the moving plaintiffs one last chance to comply with the Court's orders. The above-listed motions are granted.[1] The Court's order of dismissal at Dkt. Nos. 14883 and 17469 are vacated only insofar as they apply to the above-captioned cases. The Clerk is directed to reopen those cases.

All plaintiffs are cautioned that any future such motions—including additional motions seeking relief from Dkt. No. 17469—will not be viewed favorably. It is essential that *all* plaintiffs' counsel regularly monitor the main MDL docket for orders that are relevant to their cases. Absent extraordinary circumstances, counsel's failures to monitor the MDL docket or to read the Court's orders will not be regarded as grounds for relief.

Plaintiffs' lead counsel are directed to communicate with all plaintiffs' counsel to reiterate (1) the necessity of monitoring the main MDL docket and (2) the parameters of PTO No. 240 and the consequences of failing to comply with it.

**IT IS SO ORDERED.**

Dated: December 29, 2023

_____
VINCE CHHABRIA
United States District Judge

---

[1] The motion of Roy H. Smith and Rebecca Smith, Dkt. No. 17572, is styled as a motion for leave to file a motion for reconsideration pursuant to Civil L.R. 7-9. In the interest of efficiency, the Court is granting the plaintiffs' desired relief without the need for an additional motion.

2