UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: ROUNDUP PRODUCTS LIABILITY
LITIGATION

Case No. 16-MD-2741-VC

THIS DOCUMENT RELATES TO

Bundy v. Monsanto, et al. 20-cv-06345-VC
_____/

### PLAINTIFF, ROB BUNDY'S REPLY TO MONSANTO COMPANY'S RESPONSE TO PLAINTIFF'S SUGGESTION OF REMAND

Pursuant to this Court's December 4, 2023, Order Regarding Motion for Suggestion of Remand, Plaintiff, ROB BUNDY files this Reply to Defendant, Monsanto Company's Response to Plaintiff's Motion for Suggestion of Remand to the United States District Court for the Middle District of Florida.

This Court's December 4, 2023, Order directed Monsanto to explain whether this matter should be remanded since Monsanto has previously taken the position that only plaintiffs with non-Hodgkin's lymphoma ("NHL") should be part of the MDL. In addition, this Court wanted to hear whether it should dismiss the case without prejudice rather than issue a suggestion of remand.

In response to the Court's December 4, 2023 Order, Monsanto filed their response. In short summary, Monsanto confirmed that since this particular matter involved a diagnosis of Hodgkin's Lymphoma instead of NHL, it would not benefit from being included in the MDL. However, instead of explaining to the Court whether this matter should be dismissed without prejudice, Monsanto now argues that the case should be dismissed *with prejudice.*

Monsanto cites Florida law to state that any dismissal within this Court would effectively be *with prejudice* because the refiling would allegedly be barred by Florida's statute of limitations. Monsanto goes on to cite the procedural history of this matter, alleging that Plaintiff has repeatedly

tried to thwart federal jurisdiction by filing multiple motions for leave to amend the complaint for the purpose of adding non-diverse defendants. Finally, Monsanto argues, without citing any case law, that by allegedly attempting to defeat federal jurisdiction, Plaintiff should effectively be punished by having their case dismissed *with prejudice.*

First, it is important to note that Plaintiff did not intend to join the Roundup MDL in United States District Court for the Northern District of California. Indeed, it was Monsanto who first sought the removal of this matter from the Twelfth Judicial Circuit in and for Sarasota County, Florida, to the United States District Court for the Middle District of Florida. On September 1, 2020, Monsanto successfully moved this matter to the current MDL forum. Ironically, Monsanto now seeks to dismiss this case with prejudice, stating that: 1) this matter should never have been included in the MDL, and 2) Plaintiff has allegedly attempted to thwart federal jurisdiction. Neither of those arguments justify the potential prejudice the Plaintiff may incur due to the expiration of any statute of limitations issues, should this matter be dismissed. Indeed, Plaintiff would not be in the MDL had it not been for Defendant affirmatively moving for the same.

On April 28, 2021, after this matter was transferred to the MDL, Plaintiff filed their Motion for Leave to Amend Complaint to Join Additional Party Defendant and to Remand Due to Lack of Diversity. Notably, the Second Amended Complaint attempted to amend the original Complaint and the Amended Complaint, to list Plaintiff's diagnosis as *Lymphoma* instead of *NHL*. When the Motion for Leave to Amended was denied, Plaintiff once again attempted to amend the complaint to add additional defendants and include the Plaintiff's correct medical diagnosis of lymphoma (See Plaintiff's Second Motion for Leave to Amend Complaint and Join Additional Party Defendant and for Remand Due to Lack of Diversity, filed on November 5, 2021.) Notably, the Second Motion for Leave to Amend discussed, in great detail, that Plaintiff's correct diagnosis

was Hodgkin's Lymphoma as opposed to the Original and First Amended Complaint which stated Plaintiff's diagnosis was Non-Hodkin's Lymphoma.  That motion also states that counsel for Plaintiff and Defendant discussed the distinction in the diagnoses and whether or not Plaintiff's diagnosis is appropriate in the multidistrict litigation.

The Defendant now argues, without justification, that Plaintiff should be effectively estopped from litigating this matter because of the denial of their two Motions for Leave to Amend the Complaint while also assuming that Plaintiff will further attempt to defeat federal jurisdiction if this matter is not dismissed.  Plaintiff's goal is to continue to litigate damages he suffered from one of Defendant's products.  Plaintiff will be irreparably prejudiced if this matter is dismissed either *without prejudice*, or as Defendant recommends, dismissed *with prejudice* due to potential statute of limitations issues.  ""[L]egal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument."" *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).  Plaintiff will undoubtedly be prejudiced if he is denied his day in court and not given an opportunity to argue his case on the merits.

Inversely, Defendant has failed to demonstrate how they will be prejudiced by this Court granting the requested relief sought in Plaintiff's Suggestion of Remand.  "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. [*Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982)].... Here, the district court reasoned that while a change from federal to state court might create a tactical disadvantage to EFI, that was not legal prejudice. The district court noted that the prospect of litigating the first lawsuit in state court "does not amount to plain legal prejudice" and stressed that EFI could not argue high litigation costs because discovery had not begun, it had not commenced trial

preparations, and no motions challenging the merits of this case had come before the court." *Smith*, 263 F.2d at 976.

For the foregoing reasons, this Court should not dismiss this case with or without prejudice. Therefore, Plaintiff respectfully requests this Court grant this motion requesting a suggestion of remand of this action to the United States District Court for the Middle District of Florida.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on __8th__ day of __January__, 2024 and was provided via e-service to Anthony N. Upshaw, Esq. and Melissa R. Alvarez, Esq., McDermott Will & Emery, LLP 333 SE 2nd Avenue, Suite 4500, Miami, FL 33131 (aupshaw@mwe.com) and (malvarez@mwe.com) and Joe G. Hollingsworth, Esq., Hollingsworth LLP, 1350 I Street N.W., Washington, D.C. 20005 (jhollingsworth@hollingsworthllp.com) and Anthony R. Martinez, Esq., Shook, Hardy & Bacon, L.L.P., 2555 Grand Blvd., Kansas City, MO 64108 (amartinez@shb.com).

> **ICARD, MERRILL, CULLIS, TIMM,**
> **FUREN & GINSBURG, P.A.**
> 2033 Main Street, Suite 600
> Postal Drawer 4195
> Sarasota, Florida 34230
> (941) 366-8100 - Phone
> *(941) 366-6384 - Fax*
>
> _/s/ Anthony J. Manganiello, III, Esq.___
> ANTHONY J. MANGANIELLO, III, ESQ.
> amanganiello@icardmerrill.com
> Florida Bar No. 0052307
> Attorneys for Plaintiff, BUNDY

01854993-1                                                4