# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. MDL 3:16-md-02741-VC |
| This document relates to:<br>*Angelo Bulone v. Monsanto Company,* Case No. 3:20-cv-03719-VC | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT MONSANTO COMPANY'S NOTICE OF TAKING VIDEOTAPED DEPOSITION OF JAMES CLARK** |

**TO: MONSANTO COMPANY**

Anthony R. Martinez
SHOOK, HARDY & BACON LLP
2555 Grand Blvd. Kansas City, MO 64108

Plaintiff hereby answers, objects, and otherwise responds to Defendant Monsanto Company's ("Defendant" or "Monsanto") Notice of Taking Deposition of Dr. James Clark ("Expert" or "Dr. Clark") and Request for Production of Documents. Plaintiff reserves all rights to amend or supplement these responses and any responsive answers as may be necessary or appropriate in the future.



United States District Court
Northern District of California

United States District Court
Northern District of California

## GENERAL OBJECTIONS

Plaintiff makes the following general responses and objections, which apply to each and every specific request and are incorporated by reference in each and every response below as if set forth fully herein.

1. These responses and the documents produced are solely for the purpose of this action, and not for the purpose of any other action, including any other action pending between some or all of the parties.

2. The fact Plaintiff has produced any given document should not be taken as an admission that Plaintiff accepts or admits the existence of any facts or that such documents constitute admissible evidence.

3. Plaintiff objects to each request to the extent it seeks documents that are: (a) publicly available to Defendant and Defendant's counsel; (b) already in Defendant's possession, custody, or control; or (c) in Expert's possession only because produced by another party in this litigation.

4. Plaintiff objects to Defendant's Requests for Production as untimely. Specifically, as set forth in Rule 57.03(b)(3), requests for the production of documents that accompany deposition notices are governed by the procedure of Rule 58.01, which means that Plaintiff has 30 days after service to comply with those requests. Defendant's Requests for Production were not served 30 days in advance of the at-issue deposition.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiff responds to Defendant's Request for Production of Document, as follows:

United States District Court
Northern District of California

**RESPONSES TO REQUESTS FOR PRODUCTION**

1.Your most recent curriculum vitae.

**RESPONSE:** See the document attached hereto as **Exhibit A-1**.

2. All billing records, invoices, or other Documents sufficient to show the total amount you have billed in connection with your work as an expert in litigation involving Roundup®/glyphosate, including but not limited to your work regarding Plaintiff in this case.

**RESPONSE:** Plaintiff objects to this Request on the grounds that is overbroad and requests documents already produced by this witness insofar as he has been deposed by Monsanto in his previous Roundup cases. Subject to and without waiving the foregoing objections, a copy of Dr. Clark's invoice for work in the *Bulone* matter is attached hereto as **Exhibit B**.

3. Any retainer letter, contract, agreement, or other document setting forth the retention of you to work in the Roundup®/glyphosate litigation, including but not limited to your work regarding Plaintiff in this case.

**RESPONSE:** Plaintiff objects to this Request on the grounds that is overbroad and requests documents already produced by this witness insofar as he has been deposed by Monsanto in his previous Roundup cases. Subject to and without waiving the foregoing objections, please see the attached **Exhibit C**.

4 . A copy of your complete file for this case, including all notes, correspondence, memoranda, and any other Documents prepared or generated in connection with this case, to the extent not protected from disclosures. This request includes, but is not limited to, all medical records of Angelo Bulone and/or records regarding his alleged exposure, notes, recordings of interviews you have had with any potential witnesses for this case, including, but not limited to: Plaintiff's

United States District Court
Northern District of California

family members or caretakers, or Mr. Bulone's physicians regarding his medical diagnosis, alleged exposures, glyphosate, or Roundup®, and photographs, videotapes, and audio logs taken, reviewed, considered, referred to, and/or relied upon in connection with this case.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, duplicative of other requests and unreasonably cumulative. Dr. Clark has been deposed on numerous occasions by Monsanto. Subject to and without waiving the foregoing objections, please see **Exhibit D**, Dr. Clark's notes from his interview with Mr. Bulone, as well as previous responses and attached exhibits.

5 . All Documents, studies, literature, materials, research files, publications, treatises, testimony, depositions, pleadings, litigation materials, or any other Documents that you have reviewed and upon which you rely and/or intend to rely upon as a basis for the opinions that you intend to offer in the Roundup®/glyphosate litigation or that were reviewed by you in working on, or rendering opinions in, the Roundup®/glyphosate litigation. This request includes all Documents not cited in your expert reports that contain data or other information considered by you in the course of formulating your opinions.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overly broad and unreasonably cumulative. Subject to and without waiving the foregoing objections, a list of the deposition and trial testimony given by Dr. Clark in the past four years is included in his list of prior testimony attached hereto as **Exhibit E**.

6. A list of all organizations with which you have entered into consulting agreements within the past ten years to the extent that those agreements are not protected from disclosure by the attorney work product doctrine or any protective agreement entered into by the parties in this case.

United States District Court
Northern District of California

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad as to duration and subject matter and unduly burdensome. Subject to and without waiving the foregoing objections, see Dr. Clark's current C.V., attached hereto as **Exhibit A-1**.

7. All transcripts of any depositions or trial testimony you have given as an expert witness within the last four years.

**RESPONSE:** See response to Request No. 5, *supra.*

8. Any index of transcripts of depositions or trial testimony by you as an expert witness that you have in your possession.

**RESPONSE:** See response to Request No. 5, *supra*.

9. Any signed reports, declarations, or affidavits by you as an expert witness within the last four years.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and unreasonably cumulative. Subject to and without waiving the foregoing objections, see Dr. Clark's October 21, 2023, report regarding Mr. Bulone, attached hereto as **Exhibit A.**

10. Any index of signed reports, declarations, or affidavits by you as an expert witness within the last four years that you have in your possession.

**RESPONSE:** See response to Request No. 9, *supra*.

11. All communications (including any attachments to those communications) between and among you and Dr. Christopher Portier, Dr. Beate Ritz, Dr. Charles William Jameson, Dr. Dennis Weisenburger, Dr. Andrei Shustov, Dr. Richard DeGrandchamp, Dr. Chadi Nabhan, Dr. Kristan Aronson, Mr. Stephen Petty, Dr. Kenneth Spaeth, Dr. Charles Benbrook, Dr. Alfred Neugut,

United States District Court
Northern District of California

Dr. William Sawyer, Dr. Shira Kramer, Dr. Ronald Kendall, Dr. Michael Freeman, Dr. Lennart Hardell, Dr. Martyn Smith, Dr. Luoping Zhang, Dr. Barry Levy, Dr. Joel Gagnier, Dr. David Carpenter, Dr. Aaron Blair, and/or Dr. Matthew Ross, regarding glyphosate, glyphosate-based herbicides, Roundup®, IARC, Plaintiff, Plaintiffs physicians, and/or Monsanto.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, upon information and belief no such written communications exist. However, to the extent the witness has relied on any writings of the above listed individuals in forming his opinions, see Dr. Clark's list of reliance materials on pages 28-31 of his report regarding Mr. Bulone, which is attached hereto as **Exhibit A**, as well as his supplemental materials considered list, attached hereto as **Exhibit F**.

12. All communications (including any attachment to those communications) between you and anyone, including any current or former client, regarding the potential carcinogenicity of herbicides, including but not limited to glyphosate and/or glyphosate-based herbicides and/or Roundup® that are not protected from disclosure by the attorney work product doctrine or any protective agreement entered into by the parties in this case or any other case.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, to the extent the witness has relied on any such communications in forming his opinions, see Dr. Clark's list of reliance materials on pages 28-31 of his report regarding Mr. Bulone, which is attached hereto as **Exhibit A**, as well as his supplemental materials considered list, attached hereto as **Exhibit F**.

13. All Documents sent to you by counsel for the Plaintiff since your initial retention in

United States District Court
Northern District of California

Roundup®/glyphosate litigation that are not protected from disclosure by the attorney work product doctrine or any protective agreement entered into by the parties in this case.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see Dr. Clark's list of case-specific reliance materials provided in his report regarding Mr. Bulone, attached hereto as **Exhibit A**. Other materials Dr. Clark may consider are contained within his list of reliance materials on pages 28-31 of his report regarding Mr. Bulone, which is attached hereto as **Exhibit A**, as well as his supplemental materials considered list, attached hereto as **Exhibit F**.

14. All Documents provided to you, or that you have, related to the Roundup®/glyphosate litigation.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see Dr. Clark's list of reliance materials provided in his report regarding Mr. Bulone, attached hereto as **Exhibit A**, as well as his supplemental materials considered list, attached hereto as **Exhibit F**.

15. A copy of all abstracts, articles, draft articles, books or book excerpts of which you are an author, co-author or editor which has as all or part of its subject matter cancer causation methodologies for determining cancer causation, NHL, CLL, glyphosate, IARC, and/or Roundup®.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome. Plaintiff further objects to this Request on the grounds that the materials requested have been identified by Dr. Clark are equally obtainable by Defendant. Subject to and without waiving the foregoing objections, a list of Dr. Clark's publications is included in his C.V., attached hereto as **Exhibit A-1**.

16. A copy of all handouts, power points or other documents used by you at any lecture you have given on cancer causation, methodologies for determining cancer causation, NHL, CLL, glyphosate, IARC, and/or Roundup.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, a list of Dr. Clark's presentations is included in his C.V., attached hereto as **Exhibit A-1**.

17. All documents and communications regarding glyphosate, NHL, CLL, Roundup, or IARC sent to or received on or after January 1, 2013 from any current or former employee or current or former member of the International Agency for Research on Cancer (IARC) or IARC Working Group 112, Collegium Ramazzini or the Ramazzini Institute, December 2016 EPA Scientific Advisory Panel on glyphosate, media organizations such as U.S. Right to Know (USRTK) and Russia Today (RT), non-governmental organizations such as the Organic Consumers Association (OCA) or Natural Resources Defense Council (NRDC), regulatory bodies such as the California Office of Environmental Health Hazard Assessment (OEI-EFIA), the United States Environmental Protection Agency (EPA) or the European Food Safety Authority (EFSA), governmental agencies such as the U.S. National Institute of Environmental Health Sciences (NIEHS) or the U.S. National Toxicology Program (NTP), or any other national or state regulatory body.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, see Dr. Clark's list of reliance materials provided in his report regarding Mr. Bulone, attached hereto as **Exhibit A**, as well as his supplemental materials considered list, attached hereto as **Exhibit F**.

United States District Court
Northern District of California

Dated: October 27, 2023.

By: /s/ Erin M. Wood

Erin M. Wood
Texas Bar No.: 24073064
Gibbs C. Henderson
Texas Bar No.: 24041084
John Raggio
California Bar No. 338261
**NACHAWATI LAW GROUP**
5489 Blair Rd.
Dallas, TX 75231
Telephone: (214) 890-0711
ewood@ntrial.com
ghenderson@ntrial.com
jraggio@ntrial.com

United States District Court
Northern District of California