# EXHIBIT G

```
     IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
        TWENTY-FIRST JUDICIAL CIRCUIT, DIVISION 1
                    Honorable Brian H. May
```

MARK McCOSTLIN and        )
KAREN McCOSTLIN,          )
                          )
         Plaintiffs,      )
                          )
vs.                       ) Cause No. 19SL-CC03421
                          )
MONSANTO COMPANY,         )
                          )
         Defendant.       )

---

JURY TRIAL
September 26, 2023

---

For the Plaintiffs:            For the Defendant:

Gibbs Henderson                Jim Bennett
Erin Wood                      Jennifer Lee
Demetrios Zacharopoulos        Booker Shaw
Jack Garvey                    Ed Dowd


Special Master:  Bob Blitz




Reported by:
Julie L. Bloome, CCR #1496, RPR
Official Court Reporter
Twenty-First Judicial Circuit, Division 1
(314) 615-2688

1  you were hired by a company or industry, to whom do
2  you believe you owe your primary duty?
3       A.   I believe I owe my duty to the public
4  because ultimately they're the ones that are impacted
5  by my analysis.
6       Q.   And in performing your work as a
7  toxicologist, what types of information do you
8  typically look at?
9       A.   I look at the information that is
10 available, which is typically through interviews or
11 depositions or some kind of record along that way.
12 So it's a starting point.
13      Q.   Do you also look at other objective
14 evidence relating to the element or chemical at
15 issue?
16      A.   Yes.  I will look at literature related to
17 the chemical, look at the chemical properties of it,
18 and use in application.
19      Q.   Now, you did just mention testimony.  Is
20 reliance on deposition testimony for information in
21 performing an exposure assessment normally accepted
22 in the field of toxicology?
23      A.   Yes, ma'am.
24      Q.   And is other sworn testimony such as trial
25 testimony normally relied on in the course of

1  been identified.  One is Andreotti.  Another is
2  Pahwa, P-A-H-W-A.  There's one from Leon.  And there
3  is one from De Roos, D-E-R-R -- sorry -- R-O-O-S.
4  And the last one is from Zhang.
5       Q.   Okay.  And outside of those, that
6  scientific literature, is the concept of exposure
7  days used otherwise in toxicology?
8       A.   Yes, it is, ma'am.
9       Q.   So you stated that you did come up with
10 some numbers, and you mentioned frequency.  With
11 respect to frequency, how did you identify the
12 numbers to use for frequency in your ultimate
13 calculation in this case?
14      A.   So to identify the frequency, I'm relying
15 on Mr. McCostlin's testimony, the deposition
16 testimony, or the trial testimony along the way.  And
17 to be conservative -- my analysis is very
18 conservative.  It is the base bottom value that I can
19 come up with.  I chose to use the lowest value that
20 he cited to make sure that it stayed in a
21 conservative route.
22      Q.   And I'm going to show the jury your
23 ultimate calculations in this case in just a moment.
24 But before we get there, with respect to frequency,
25 did you interpret when Mr. McCostlin stated that he

```
 1   boots, correct?
 2        A.   Correct.
 3        Q.   All right.  And he also explained that --
 4   in any event, looking at this photograph, do you have
 5   a professional opinion about how much time it would
 6   take someone to spray in this yard?
 7        A.   No, I don't have an opinion about that.
 8   I'm basing it upon his testimony of what he said it
 9   took him.
10        Q.   Okay.  And the bottom line is, the
11   ultimate number, after all of the work that you did
12   in this case, everything you thought about, bringing
13   all of your experience to bear, is it's your
14   professional opinion to a reasonable degree of
15   certainty that Mr. McCostlin's exposure days are
16   under ten?  That's what your chart says?
17        A.   That's what my chart says, yes.
18             MR. BENNETT:  Thank you.  No further
19   questions.
20             THE COURT:  All right.  Thank you.
21             Ms. Wood, redirect.
22                    REDIRECT EXAMINATION
23   BY MS. WOOD:
24        Q.   Dr. Clark, you were shown some passages of
25   your report that were from another report, right?
```

<u>Reporter's Certificate</u>

I, Julie L. Bloome, a Certified Court Reporter, hereby certify that I was the official court reporter for Division 1 of the Circuit Court of the County of St. Louis, State of Missouri; that on the 26th of September, 2023, I was present and reported all the proceedings had in the case of Mark McCostlin and Karen McCostlin, Plaintiffs, versus Monsanto Company, Defendant, Cause No. 19SL-CC03421; and I further certify that the foregoing pages contain a true and accurate reproduction of the proceedings had on that date.

<u>/s/ Julie L. Bloome</u>

Julie L. Bloome, CCR #1496, RPR
Official Court Reporter
Twenty-First Judicial Circuit,
Division 1
(314) 615-2688