# EXHIBIT N



**PohlmanUSA®**
Court Reporting and Litigation Services

Brentley Olive, PhD, MSPH, CIH  - CONFIDENTIAL

June 14, 2023

Barbara Allegrezza, et al.

vs.

Monsanto Company

```
 1            IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
                        STATE OF MISSOURI
 2

 3    BARBARA ALLEGREZZA, ET      )
      AL.,                        )
 4                                )
               PLAINTIFFS,        )
 5                                )
      vs.                         ) Case No. 19SL-CC03421
 6                                )
      MONSANTO COMPANY,           )
 7                                )
               DEFENDANT.         )
 8

 9

10                          CONFIDENTIAL

11               REMOTE VIDEOTAPED DEPOSITION OF

12              BRENTLEY OLIVE, PHD, MSPH, CIH

13            TAKEN ON BEHALF OF THE PLAINTIFFS

14                        JUNE 14, 2023

15

16

17       Elizabeth A. Goodwin, RPR, IL-CSR, MO-CCR
                     CSR No. 084.004310
18                      CCR No. 831

19

20

21

22

23

24

25
```

                                                                1

```
 1                      INDEX OF EXAMINATION

 2    Direct Examination by Attorney Wood ................9
      Cross-Examination by Attorney Murner ............134
 3    Redirect Examination by Attorney Wood ...........149

 4


 5                       INDEX OF EXHIBITS

 6    Exhibit 1,   Deposition notice ....................10

 7    Exhibit 2,   Materials Considered List ............12

 8    Exhibit 3,   Curriculum Vitae .....................17

 9    Exhibit 4,   Olive Retention Letter ...............18

10    Exhibit 5,   Olive General Notes, Expert Report ...20

11    Exhibit 6,   McCostlin (Allegrezza) Notes .........20

12    Exhibit 7,   Olive Testimonial History ............22

13    Exhibit 8,   Defendant Monsanto Company's .........26
                   Objections and Responses to
14                 Document Requests in Plaintiff's
                   Notice of Videotaped Deposition of
15                 Brentley Olive, PhD, M.S.P.H., CIH

16    Exhibit 9,   Defendant Monsanto Company's .........27
                   Disclosure of Expert Testimony
17
      Exhibit 10,  2022 CV of Brentley Olive ............42
18
      Exhibit 11   2015 Label: Roundup® CONCENTRATE .....53
19                 EXTENDED CONTROL WEED & GRASS
                   KILLER PLUS WEED PREVENTER
20
      Exhibit 12   1988 Label: Roundup® L&G .............59
21                 READY-TO-USE Grass & Weed Killer

22    Exhibit 13   2003 Label: ROUNDUP ORIGINAL .........61
                   Herbicide
23
      Exhibit 14   1994 Label: Roundup® READY-TO-USE ....63
24                 WEED & GRASS KILLER

25
```

                                                                    2

1                         EXHIBITS (CONT'D)

2        Exhibit 15   2012 Label: Roundup® READY-TO-USE ....66
                      WEED & GRASS KILLER III
3
         Exhibit 16   James J.J. Clark, PhD's Report ......104
4
         Exhibit 17   Dr. Clark's Table 5 - Mr. ...........107
5                     McCostlin's 8-Hour Time-Weighted
                      Roundup® Exposure-Days
6
         Exhibit 18   Mark Allen McCostlin's deposition ...107
7                     taken June 29, 2022

8        Exhibit 19   Solomon 2016 Paper ..................120

9

10              (Exhibits are attached to transcript.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

```
 1            IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
                         STATE OF MISSOURI
 2

 3   BARBARA ALLEGREZZA, ET     )
     AL.,                       )
 4                              )
            PLAINTIFFS,         )
 5                              )
     vs.                        )   Case No. 19SL-CC03421
 6                              )
     MONSANTO COMPANY,          )
 7                              )
            DEFENDANT.          )
 8

 9           REMOTE VIDEOTAPED DEPOSITION OF BRENTLEY

10   OLIVE, PHD, M.S.P.H., CIH, produced, sworn, and

11   examined on behalf of PLAINTIFFS, JUNE 14, 2023,

12   between the hours of 9:58 (CST) in the forenoon and

13   2:42 (CST) in the afternoon of that day, via Zoom,

14   before Elizabeth A. Goodwin, RPR, CSR NO. 084.004310,

15   CCR No. 831.

16

17

18

19

20

21

22

23

24

25
```

4

```
 1                  A P P E A R A N C E S

 2     Attended Remotely:
              Erin Wood, Esq.
 3            Nachawati Law Group
              5489 Blair Rd.
 4            Dallas, TX 75231
              represented Plaintiffs Mark and Karen
 5            McCostlin.

 6


 7     Attended Remotely:
              Daniel Murner, Esq.
 8            Sarah Haddon, Esq.
              Hollingsworth, LLP
 9            1350 I Street, N.W.
              Washington, DC 20005
10            represented Defendant Monsanto.

11


12     Attended Remotely:
              Videographer, Frank Holmes, PohlmanUSA
13

14

15

16

17

18

19

20

21

22

23

24

25
```

5

DIRECT EXAMINATION BY ATTORNEY WOOD

1   correctly.  I used the testimony that I had.  That's
2   very consistent with what I try to do.  You know, I'm
3   taking the time to read these depositions multiple
4   times so I can get the exposure description as
5   accurate as I can.  So, this is what I've included in
6   the model.
7         Again, I have modeled plaintiffs before who
8   did wear shorts.  I had an idea of what happens
9   when -- when that occurs, and certainly knowing now
10  the answer for Mr. McCostlin, I can say for sure that
11  the final average daily dose is not going to change
12  significantly, certainly not by hundreds or thousands
13  or ten thousands of times.
14     Q   (By Attorney Wood) Okay.  Do you take issue
15  or have a problem with Mr. -- with Dr. Clark
16  conducting an interview of Mr. McCostlin?
17         ATTORNEY MURNER:  Objection.  Form.  Outside
18  the scope.  Vague.
19     A.  Yeah.  I don't really know how to answer
20  that.  Do I what?  Take issue?
21     Q   (By Attorney Wood) Sure.  Do you -- do you
22  believe it's improper for Dr. Clark to have conducted
23  an interview of Mr. McCostlin regarding --
24         ATTORNEY MURNER:  Same objection.
25     Q   (By Attorney Wood) -- his exposures?

113

1          ATTORNEY MURNER:  Sorry.  I didn't mean to
2  interrupt.  Same -- same objection.
3      A.   No, I'm not claiming that him talking to
4  Mr. McCostlin is inappropriate.
5      Q   (By Attorney Wood) Okay.  Do you agree that
6  interviews can be a normal part of an industrial
7  hygienist or toxicologist's process when conducting a
8  dose assessment?
9          ATTORNEY MURNER:  Objection.  Form.
10     A.   I -- I agree that interviewing someone could
11 be used to gain information.  What I had available to
12 me was testimony, which I believe is sworn testimony,
13 and I certainly had what I needed to do an estimation
14 of dose.
15     Q   (By Attorney Wood) Were there any other
16 points of information that would have been helpful for
17 you in generating your dose assessment or exposure
18 assessment in this case?
19     A.   In terms of recreating the years at each
20 residence, there was some difficulty.  Knowing what I
21 know now, there was not really a significant
22 difference in the average daily dose, perhaps, at any
23 one location.  So it really, I guess, is just for
24 accuracy on paper.
25         I know it would not have made a difference

114

DIRECT EXAMINATION BY ATTORNEY WOOD

1   could speak to from a legal standpoint of it wasn't
2   sworn testimony like I used.
3        Q.   Okay.  But, scientifically, do you have any
4   criticism of Mr. -- I'm sorry -- Dr. Clark conducting
5   an interview in his work on this case?
6        A.   No.  Scientifically, I don't think there's a
7   problem asking questions.  The problem comes in if you
8   get different answers from what were recorded from
9   sworn testimony.  I think that's where a potential
10  problem could come in.  I don't have a list of things
11  that are different.  But, again, we've been talking
12  about some things that are different.  So, you know,
13  that puts me in a position of having to choose which
14  one is accurate.  I'm using the sworn testimony.
15       Q.   Okay.  It would be fair to say, though, that
16  the -- that not every stone was overturned and
17  question asked in the deposition of Mr. McCostlin when
18  it comes to points of information relevant when
19  conducting a dose and risk assessment.  Fair?
20            ATTORNEY MURNER:  Objection.  Form.
21       A.   No.  I ended up being able to use my model
22  from the deposition.  One of my values is from the
23  literature.  I was able to glean concentration of
24  glyphosate and water.  Time of event was noted.  What
25  he wore was noted.  Exposure duration was there.

125

1          REPORTER CERTIFICATE

2          I, Elizabeth A. Goodwin, RPR, MO-CCR, IL-CSR, do hereby certify that there came before me
3    via ZOOM,

4

5          BRENTLEY OLIVE, PHD. M.S.P.H., CIH,

6    who was by me first duly sworn; that the witness was carefully examined, that said remote videotaped
7    deposition was reported by myself, translated and proofread using computer-aided transcription, and the
8    above transcript of proceedings is a true and accurate transcript of my notes as taken at the time of the
9    remote videotaped deposition of this witness.

10         I further certify that I am neither attorney nor counsel for nor related nor employed by any of the
11   parties to the action in which this remote videotaped deposition is taken; further, that I am not a relative
12   or employee of any attorney or counsel employed by the parties hereto or financially interested in this
13   action.

14         Dated this 23rd day of June, 2023.

15

16   *[signature]*

17         ELIZABETH A. GOODWIN, RPR, MO-CCR, IL-CSR

18

19

20

21

22

23

24

25

157