UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Bulone v. Monsanto Co.*, Case No. 20-cv-03719-VC | **ORDER DENYING MOTION TO STRIKE EXPERT REPORT OF LUOPING ZHANG, PH.D.** |
| | Re: Dkt. No. 17474 |

Monsanto's motion to strike the expert report of Dr. Luoping Zhang, Ph.D. is denied.

Zhang is a general causation expert retained by Plaintiff Angelo Bulone. Monsanto moves to strike Zhang's expert report on the grounds that it does not comply with Rule 26(a)(2)(B). Under that rule, expert witnesses are required to provide written reports containing the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). In turn, Rule 37(c)(1) provides that if a party fails to make disclosures required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

justified or is harmless." Fed. R. Civ. P. 37(c)(1). In other words, "Rule 37(c)(1) gives teeth to [Rule 26(a)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212 (9th Cir. 2008).

Zhang's Rule 26(a) disclosure consists of a five-paragraph declaration, along with three exhibits. Dkt. No. 17474-1. The substance of the report is contained entirely in the exhibits. Paragraph 3 refers to Zhang's curriculum vitae, which is attached to the declaration. Paragraph 4 states, in turn, that Zhang's "opinions in this matter, and the bases for them, are set out in" Exhibits B and C, both of which are academic articles co-authored by Zhang. Both academic articles treat subjects of direct relevance to the general causation question in this case. The first purports to conduct a meta-analysis of existing evidence regarding glyphosate's association with NHL; it concludes that "[t]he overall evidence from human, animal, and mechanistic studies presented here supports a compelling link between exposures to GBHs and increased risk for NHL." Dkt. No. 17474-1 at 51. The second article evaluates the mechanistic studies of glyphosate's potential carcinogenicity and evaluates it under the rubric of what the authors call the "key characteristics of human carcinogens." It purports to find "strong evidence of glyphosate's ability to cause genotoxicity, epigenetic alterations, oxidative stress, chronic inflammation, and endocrine disruption, as well as its demonstrated perturbation of the gut microbiota," and it says that these findings "outline several avenues implicated in lymphomagenesis." Dkt. No. 17474-1 at 70. Zhang is an author of both publications.

Monsanto contends that Zhang's report fails to comply with Rule 26(a)(2)(B), and that Bulone should therefore be precluded from relying on Zhang at summary judgment or at trial, because the declaration is "insufficiently detailed" and otherwise "devoid of any statement regarding opinions[,] . . . the facts or data she considered in forming these unknown opinions, the exhibits (if any) that summarize or support them, and her compensation[.]" Dkt. No. 17474 at 5. Monsanto cites cases concerning expert reports that were deemed too sketchy or insubstantial, but Monsanto's main objection to Zhang's report is more about the form in which the

information is presented than its substance. And the assumption underpinning that objection—that a previous academic publication cannot serve to disclose an expert's opinions, the bases for them, and the facts and data relied upon in reaching them—does not find support in any case cited by Monsanto. *See, e.g.*, *Cyntegra, Inc. v. Idexx Labs., Inc.*, No. CV 06-4170 PSG (CTx), 2007 WL 5193736, at *9 (C.D. Cal. Sept. 21, 2007) (striking expert report "barely exceeding one page" in which the expert stated, "[i]f and when I am provided with the necessary information, I intend to conduct my analysis and issue an expert report"). It is not uncommon for experts to satisfy other disclosure requirements of Rule 26(a) by referring to separate documents, such as a CV. Monsanto does not object that Zhang's qualifications are improperly disclosed because her declaration refers to her CV rather than summarizing them anew.

The question, then, is whether Zhang's report provides Monsanto with the substance of the information to which it is entitled. And while what Bulone has served on Monsanto is far from a model expert report,[1] Monsanto is wrong to suggest that it fails to disclose the information required by Rule 26(a)(2)(B). As Bulone points out, the publications incorporated by reference in the declaration set forth conclusions about the carcinogenicity of glyphosate-based herbicides and the possible mechanisms by which glyphosate-based herbicides might be implicated in lymphomagenesis. The publications describe their methods, the data and information on which they rely, and contain lengthy references sections. In this case, that is enough to satisfy parts (i) and (ii) of Rule 26(a)(2)(B). Of course, if it turns out that Zhang plans to offer opinions that are not disclosed in the articles, then Monsanto would have firm ground to seek their exclusion. But that is a separate issue not raised here. It is also a separate issue whether the opinions set forth in the articles are admissible under Federal Rule of Evidence 702 and *Daubert*.

---

[1] This order certainly should not be taken to endorse Bulone's approach to expert disclosures as a matter of general practice. Under most other circumstances—for example, where the articles were not written by the expert herself or where they did not directly and unambiguously discuss the issues the expert was retained to address—a similar expert report would probably fail to satisfy Rule 26(a)(2)(B).

Zhang's report was undoubtedly deficient in one respect: it failed to disclose Zhang's compensation information. But the Court is persuaded that this failure was "harmless," and thus that exclusion of Zhang under Rule 37(c)(1) would not be justified. Monsanto acknowledges that it received Zhang's compensation information after filing this motion. Dkt. No. 17527 at 2 n.1. There is no indication that Monsanto has been prejudiced by its belated receipt of this information or that Bulone's initial failure to disclose it was anything but an oversight.

In any event, to avoid any possible prejudice to Monsanto and to permit it to file a *Daubert* motion regarding Zhang if it wishes to do so, the Court will allow Monsanto to seek any necessary extensions of time. Specifically, Monsanto may file a motion for relief from any relevant discovery deadlines and/or for an extension of time in which to file a *Daubert* motion regarding Zhang. The Court would be inclined to grant reasonable extensions for these purposes.

**IT IS SO ORDERED.**

Dated: January 9, 2024

_____
VINCE CHHABRIA
United States District Judge