**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030 | Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843 | Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400 | Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100 | Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No.: 3:16-md-02741-VC |
| *Angelo Bulone v. Monsanto Company*, 3:20-cv-03719-VC | **DEFENDANT MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. JAMES CLARK** |
| | Hearing:<br>Date: March 1, 2024<br>Time: 10:00 a.m.<br>Place: San Francisco Courthouse, Courtroom 4 – 17th Floor |

## INTRODUCTION

Monsanto's Motion showed that the Court should exclude Dr. Clark's exposure-day opinion because it lacks scientific reliability and will not assist the jury. Plaintiff's Opposition fails to refute this showing. Plaintiff does not contest that Dr. Clark's exposure-days methodology ignores both the relevant circumstances of Plaintiff's spraying (*i.e.,* the types of equipment Plaintiff used, the clothing Plaintiff wore, and the wind and other weather conditions while Plaintiff sprayed Roundup) and the critical concepts of exposure and dose. These omissions from Dr. Clark's exposure methodology render his opinion unreliable and unhelpful to the jury. For these reasons, and the reasons stated in Monsanto's Motion, this Court should exclude Dr. Clark's testimony in its entirety.

## ARGUMENT

The foundation for Dr. Clark's opinion regarding Plaintiff's glyphosate-based Roundup exposure is his "exposure-days" assessment—an assessment of the number of days Plaintiff allegedly sprayed Roundup. *See* Opposition at 4-6. By focusing exclusively on the number of days Plaintiff sprayed Roundup, however, Dr. Clark's exposure-days methodology simply ignores the relevant circumstances of Plaintiff's spraying (*i.e.,* the types of equipment Plaintiff used, the clothing Plaintiff wore, and the wind and other weather conditions while Plaintiff sprayed Roundup) and the critical concepts of exposure and dose (*i.e.,* the amounts of Roundup, if any, that came into contact with Plaintiff's skin (exposure) and that were absorbed by it (dose)).

Plaintiff does not dispute any of this. Instead, Plaintiff claims that Dr. Clark's use of exposure *days*—as opposed to exposure *minutes* or exposure *hours*—was appropriate because that is the metric used in some of the epidemiology studies he reviewed, such as Zhang (2019) and Andreotti. Opposition at 11-13. Plaintiff's argument, however, is beside the point and does nothing to remedy the problems with Dr. Clark's exposure-days methodology.

Whether measured in days, minutes, hours, or years, the amount of time a person spends using a product, in the abstract, says nothing about that person's risk. For a chemical to cause cancer, it must be absorbed through the skin and enter the bloodstream. This pivotal toxicological concept is known as "dose," and it is the "single most important factor to consider in evaluating

whether an alleged exposure caused a specific adverse effect." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1242 (11th Cir. 2004). The reason dose matters is simple: "all chemical agents are intrinsically hazardous," and "whether they cause harm is only a question of dose." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices and Prods. Liab. Litig.*, 892 F.3d 624, 639 (4th Cir. 2018). Nevertheless, Dr. Clark's exposure-days assessment eschews the concept of dose altogether.

Plaintiff claims that Dr. Clark's exposure-days assessment "will be helpful information to the jury not only to quantify [Plaintiff's] exposure in a metric appropriate for the facts of the case and relevant human epidemiology, but also to explain the underlying principles regarding such an exposure analysis and their real-world implications in this case." Opposition at 15. But the trier of fact cannot meaningfully use an "exposure assessment" to determine whether Plaintiff's exposure to Roundup caused his cancer, without any scientific testimony regarding the amount of Roundup (if any) that came into contact with his skin (exposure) or that was absorbed by it (dose). Dr. Clark readily admits he can provide no such testimony because he did not quantify it. *See* Motion at 5 (citing Ex. B, Clark *Bulone* Dep. at 41:1-14, 16-20). Because Dr. Clark's exposure-days assessment ignores the pivotal concepts of exposure and dose in favor of the irrelevant metric of time spent spraying, the Court should exclude it as unreliable and unhelpful to the jury. *See, e.g., Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996) ("Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case.").

Moreover, that some of the epidemiological data points on which Dr. Clark relies are measured in terms of the number of days the study participants sprayed Roundup does not save his methodology. The arbitrary exposure units Dr. Clark plucked from those epidemiology studies were not being tested or studied for the purposes of dose.[1]  Plaintiff contends that Dr. Clark's

---

[1] Plaintiff's statement that Dr. Clark's reliance on the data in these studies cannot be "cherry-picked" because "Monsanto's medical expert, Dr. Richard Van Etten…reviewed and considered both *Zhang* 2019 and *Andreotti et al* in their work in this case" is unpersuasive. Opposition at 12. Dr. Van Etten cites Zhang and Andreotti in his report as background regarding the systematic reviews and meta-analyses that have been published that evaluate the relationship between glyphosate exposure and NHL and CLL. *See* Wood Decl. at Ex. M, Van Etten Report, at 26-27, 35. Dr. Van Etten does not rely on the data in Zhang or Andreotti to conduct an exposure-days analysis. Thus, Dr. Van Etten's inclusion of references to Zhang and Andreotti in his report do not enhance the reliability of Dr. Clark's exposure-days calculation.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

exposure days calculations are "the same as that employed within the generally accepted human epidemiological studies of glyphosate applicators" (Opposition at 11) and follow "the very same form of exposure measurement" used in those studies. *Id.* at 14 (alterations omitted). However, this "similarity" is superficial at best. Dr. Clark has made absolutely no showing that Plaintiff's actual exposures to Roundup (which he did not assess) were comparable in intensity or otherwise to the exposures of the participants in those epidemiology studies. Plaintiff attempts to shore up Dr. Clark's failure to do so by suggesting that "1) [Plaintiff's] sworn testimony establishes that he undisputedly used Roundup, a [glyphosate-based herbicide]; and 2) the sworn testimony of Plaintiff's causation expert, Dr. Marc Braunstein establishes that Mr. Bulone's exposure level was comparable to or greater than those observed in [glyphosate-based herbicide] applicators in the epidemiologic studies associating [glyphosate-based herbicide] use to NHL." Opposition at 13. But Plaintiff's generic reference that Plaintiff testified he "used Roundup" coupled with Dr. Braunstein's ultimate conclusion that Plaintiff's "exposure level was comparable to or greater than those observed in" the epidemiological studies Dr. Clark refers to does not remedy the problems with Dr. Clark's exposure-days calculation. The fact remains that Plaintiff has offered no evidence that the spraying habits at issue in this case were even remotely similar to the spraying habits of the professional applicators and farmers in those studies. Thus, Dr. Clark's "exposure days" opinion is unreliable and must be excluded.

## CONCLUSION

For the reasons set forth above, the Court should grant Monsanto's Motion to Exclude Testimony of Dr. James Clark and exclude Dr. Clark's opinions.

Dated:  January 22, 2024                                   Respectfully submitted,

/s/ *Linda C. Hsu*
Linda C. Hsu
Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of January, 2024, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ *Linda C. Hsu*
Linda C. Hsu
Attorneys for Defendant Monsanto Company