**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400 | Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100 | Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION,<br><br>*Lois Rolish v. Monsanto Company*, 3:20-cv-01421-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF DR. CHRISTOPHER ROSENBAUM**<br><br>**Hearing:**<br>Date:   March 1, 2024<br>Time:   10:00 a.m.<br>Place:  San Francisco Courthouse, Courtroom 4 – 17th Floor |

# INTRODUCTION

In its Motion to Exclude Testimony of Dr. Christopher Rosenbaum ("Motion"), Monsanto Company ("Monsanto") outlined specific reasons why Rosenbaum's opinions are inadmissible. Rather than address Monsanto's arguments, the substance of the Opposition submitted by Plaintiff Lois Rolish ("Plaintiff"), seems to be that if Monsanto considers its expert, Dr. Richard Bakst, to be qualified, then *ipso facto* Rosenbaum must be qualified as well.[1] But the test of admissibility of expert testimony under *Daubert* does not center on comparing the parties' experts to each other. This Court should ignore Plaintiff's attempts to distract it from her expert's shortcomings. Plaintiff has failed to carry her burden that Rosenbaum is qualified to offer a specific causation opinion on glyphosate as the cause of her cancer. Likewise, she has not shown that Rosenbaum has applied a reliable methodology (or any methodology) in this case. The exclusion of any expert opinions Dr. Rosenbaum attempts to offer on causation is warranted under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

# ARGUMENT

**I.    Plaintiff Has Not Demonstrated That Dr. Rosenbaum Is Qualified To Render a Specific Causation Opinion.**

**A.    Dr. Rosenbaum's Background in Emergency Medicine Does Not Qualify Him to Opine on Any of the Medical and Scientific Disciplines at Issue in this Case.**

Plaintiff asserts that Monsanto's reliance on *Caldwell v. City of San Francisco*, is not helpful. Opp. at 9. But Monsanto relies on *Caldwell* because Dr. Rosenbaum does not have "qualifications [that] provide a foundation for [him] to answer [] specific questions" relevant to this case. No. 12-cv-01892-DMR, 2021 WL 1391464, at *3 (N.D. Cal. Apr. 13, 2021) (citation and internal quotation marks omitted). Indeed,

---

[1] Plaintiff's attempt to raise a debate about Dr. Bakst's qualifications or opinions is procedurally improper. The appropriate avenue to challenge Dr. Bakst's expert opinion is via a *Daubert* motion, which Plaintiff has not filed.

his deposition testimony establishes that he does not have the expertise to answer questions on genotoxicity or the etiology (i.e., cause) of cancer in general, much less the cause of any specific person's cancer. *See e.g.*, Hsu Decl. to Mot., Ex. A, Christopher D. Rosenbaum November 21, 2023 Deposition ("Rosenbaum Dep.") at 31:25-33:10; 41:11-20. As explained in *Gunaratna v. Dennis Gross Cosmetology LLC*, "[T]here is a difference between utilizing an expert in a certain field to opine on a ***sub***-specialization in that field, and utilizing an expert in one specialization (i.e., dermatology) to opine on ***an entirely different*** specialization (i.e., chemistry). No. CV 2311-MWF (GJSx), 2023 WL 2628620, at *9 (C.D. Cal. Mar. 15, 2023).

Dr. Rosenbaum is an emergency room physician. Not only is this *not* a case about the provision of emergency medicine, *none* of the medical or scientific specializations at issue here—oncology, pathology, epidemiology, biology, genetics, genotoxicity, weed science (including pesticides and herbicides), and industrial hygiene—are sub-specializations of emergency medicine.

The *Gunaratna* court further explained, "[c]ourts regularly find that an expert's qualifications in *one* field do not automatically translate to qualification to opine in a *separate* field, even if those fields are related in some general sense." *Id.* at *10 (emphasis added). It is undisputed that Dr. Rosenbaum is not an oncologist, pathologist, or epidemiologist. Hsu Decl. to Mot., Ex. A, Rosenbaum Dep. at 31:15-20. He has conceded that he is not a cancer biologist, geneticist, or lymphoma specialist. *Id.* at 31:21-24, 39:16-18. Moreover, he pointedly disclaims to be an expert in these fields. *See e.g.*, *id.* at 31:25-33:10 (when asked whether he was an expert in genotoxicity, he deflected by stating, "I believe that there are people who study and train with formal education through a much greater extent than I have trained in that subject matter."); 33:25-34:15 (when asked whether he was an expert in pesticides or herbicides, deflecting again and stating, "[T]here are people who study and work in research to a much greater extent than myself in the subject matter of herbicide and pesticide.").

Dr. Rosenbaum is an emergency department physician who occasionally treats emergency room patients who happen to have NHL. His background in medical toxicology does not provide him a base of knowledge to opine on any supposed connection between NHL and exposure to glyphosate or Roundup. Dr. Rosenbaum:

- does not recall any patient consulting him regarding their exposure to glyphosate or Roundup. *Id.* at 42:10-15.
- admitted that he has never determined the cause of anyone's cancer, and certainly never determined that glyphosate or Roundup caused anyone's cancer. *Id.* at 41:11-14, 42:16-19.
- has never diagnosed anyone with Roundup-induced or glyphosate-induced NHL. *Id.* at 66:19-22.
- could not recall an instance in which he documented, in *any* patient's medical record, that glyphosate or Roundup was the cause of that patient's NHL. *Id.* at 66:23-67:2.
- does not recall *ever* sharing his purported concerns about Roundup with any patient or discouraging his patients from using Roundup. *Id.* at 66:11-18.

Dr. Rosenbaum has not articulated, and Plaintiff has not established, that he has sufficient "knowledge, skill, experience, training, or education" to offer expert testimony in this case. *See* Fed. R. Civ. P. 702. Thus, Monsanto's Motion should be granted on this basis alone.

**B.   Dr. Rosenbaum's Made-for-Litigation Opinions Establish He Is Not Qualified to Offer Opinions on Glyphosate or Roundup.**

Plaintiff dismisses "[t]he extreme disconnect" between the opinions Dr. Rosenbaum purports to offer in this case and what he *actually* says and does in his clinical practice as "illusory." Opp. 9. But courts do not take Plaintiff's cavalier approach. In evaluating an expert's reliability, "[o]ne very significant fact to be considered is whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the

3

litigation, or whether they have developed their opinions expressly for purposes of testifying." *Daubert v. Merrell Dow Pharm., Inc.*, , 1317 (9th Cir. 1995) ("*Daubert III*").

To satisfy the first prong of Rule 702, the proponent of expert testimony must establish that (1) the "expert's proffered testimony grows out of pre-litigation research"; (2) the "expert's research has been subjected to peer review"; or (3) the expert has "explain[ed] precisely how [he] went about reaching [his] conclusions and point to some objective source . . . to show that [he] ha[s] followed the scientific method, as it is practiced by (at least) a recognized minority of scientists in [his] field." *Id.* at 1318-19. As in *Daubert III*, Plaintiff has "made no such showing." *Id.* at 1319.

As for the first two avenues, Dr. Rosenbaum's own testimony reflects that he has not performed any "pre-litigation research" or subjected any research to peer review. *See e.g.*, Hsu Decl. to Mot., Ex. A, Rosenbaum Dep. at 67:10-20 (never researched, published, or made any professional presentation on (i) glyphosate or Roundup; (ii) NHL or any NHL subtype; or (iii) glyphosate or Roundup exposure and NHL or any NHL subtype); 67:24-68:2 (never shared his purported opinions or concerns about Roundup with any professional medical association or any other audience); 67:21-23 (never published his purported opinions or concerns about Roundup *anywhere*); 68:3-5 (never shared them outside of the litigation context); 68:11-24 (never taught his medical students that Roundup causes cancer).

With respect to the third pathway, Dr. Rosenbaum did not explain "precisely how" he arrived at his conclusions. He has also failed to identify an objective source that shows he adhered to a scientific method practiced, at a minimum, by a recognized minority of scientists in the field. Plaintiff contends that Dr. Rosenbaum "analyzed the things he described in and listed in his report and in his deposition." Opp. at 10. Yet, instead of directing this Court to Dr. Rosenbaum's actual explanation of his analysis, Plaintiff recites a list of what those "things" supposedly are. Opp. at 11. None of these materials "explain the methodology" Dr. Rosenbaum "followed to

reach [his] conclusions" or "point to any external source to validate that methodology." *Daubert III*, 43 F.3d at 1319.

Relatedly, Rule 702 has been amended to state that the expert's opinion must reflect a "reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(d). And as one court has explained, an expert may not "point[] to the sources for his opinion" without "connect[ing] [those] sources to his ultimate opinion." *Crescenta Valley Water Dist. v. Exxon Mobile Corp.*, No. CV 07-2630-JST (ANx), 2013 WL 12120533, at *6 (C.D. Cal. Mar. 14, 2013). This Court should exclude Dr. Rosenbaum's made-for-litigation opinions because they fail these requirements, and therefore do not satisfy Rule 702.

## II. Rosenbaum's Specific Causation Opinions Should Be Excluded.

### A. Rosenbaum's Failures to Calculate Plaintiff's Absorbed Dose and Conduct a Differential Diagnosis Render His Specific Causation Opinions Unreliable.

Plaintiff does not address Monsanto's argument that dose is central to assessing causation, Dr. Rosenbaum ignored this key concept when he failed to calculate Plaintiff's absorbed dose (i.e., did not perform a dose reconstruction), and this failure renders his specific causation opinion unreliable. Mot. at 9-10. As a consequence of refusing to address this argument, Plaintiff has waived any opposition to the exclusion of Dr. Rosenbaum's testimony. *See Avalyn Pharma, Inc. v. Vincent*, No. 3:20-cv-02267-RSH-KSC, 2023 WL 2731727, at *6 (S.D. Cal. Feb. 27, 2023) ("[a] party that fails to respond to arguments in a motion waives any opposition to the requested relief"); *Snapkeys, Ltd. v. Google LLC*, 539 F. Supp. 3d 1040, 1050 (N.D. Cal. 2021) (argument not addressed in opposition deemed waived); *Avila v. Willits Environmental Remediation Trust*, No. C 99-3941 SI, 2008 WL 360858, at *4 (N.D. Cal. Feb. 6, 2008) (opposition that "repeatedly asserts the ipse dixit" that an expert is qualified instead of addressing defendant's arguments will not suffice).

As for Dr. Rosenbaum's failure to conduct a differential diagnosis, Plaintiff responds that Monsanto "is not correct" (Opp. at 11), but neglects to explain Dr.

Rosenbaum's own testimony that he did not do so. Moreover, Plaintiff's unsupported statement that Dr. Rosenbaum's failure is not a "basis to exclude" his opinions (Opp. at 11) is contrary to the law of this Circuit.

A differential diagnosis is used to "identify[] the cause of a medical problem by eliminating the likely causes until the most probable one is isolated." *Laux v. Mentor Worldwide, LLC*, 295 F. Supp. 3d 1094, 1098 (C.D. Cal. 2017). An expert report that fails to "show whether or how" a differential diagnosis was applied justifies the conclusion that an expert's "method of reaching an opinion regarding specific causation [is] not sufficiently reliable to be admissible." *Morin v. U.S.*, 244 F. App'x 142, 144 (9th Cir. 2007). *See also Whisnant v. U.S.*, 274 F. App'x 536, 537 (9th Cir. 2008) (finding no abuse of discretion in excluding causation expert's testimony where "expert's differential diagnosis failed to account for possible alternate causes of the plaintiff's symptoms").

Here, Dr. Rosenbaum's report and deposition testimony reveal that he did not conduct a proper differential diagnosis. *See e.g.*, Hsu Decl. to Mot., Ex. A, Rosenbaum Dep. at 215:9-14 (conceding that plaintiff's body weight as a risk factor was not "written in the report"); 217:13-20 (regarding Plaintiff's positive family history of cancer, "I neither ruled it in nor ruled it out."). Plaintiff attempts to point at contrary testimony. Opp. at 11. Yet, this only bolsters Monsanto's position. An expert who cannot clearly—and unambiguously—testify at deposition about *whether* he conducted a differential diagnosis and *how* he did so, is not helpful to a jury. Indeed, it is unclear how an expert who does not understand the "ruling out" part of a differential diagnosis, could have actually performed one. *See e.g.*, Hsu Decl. to Mot., Ex. A, Rosenbaum Dep. at 218:15-20 ("I don't understand what 'ruled out' means.").

///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court should grant Monsanto's Motion to Exclude Testimony of Dr. Christopher Rosenbaum.

Dated: January 22, 2024          Respectfully submitted,

                                            */s/ Linda C. Hsu*
                                            Linda C. Hsu
                                            Attorney for Defendant Monsanto Company

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

                                            */s/ Linda C. Hsu*
                                            Linda C. Hsu