**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400 | Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100 | Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Brett Beckfield v. Monsanto Company*, 3:21-cv-05322-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF KENT JAYNE AND MOTION TO STRIKE KENT JAYNE'S PURPORTED SUPPLEMENTAL REPORT**<br><br>**Hearing:**<br>Date: March 1, 2024<br>Time: 10:00 a.m.<br>Place: San Francisco Courthouse, Courtroom 4 – 17th Floor |

# INTRODUCTION

Instead of filing a proper Opposition brief to Monsanto Company's ("Monsanto") Motion to Exclude Testimony of Kent Jayne ("Motion"), Plaintiff Brett Beckfield ("Plaintiff") submits an 11-page document that is essentially copy-pasted portions—including *entire pages*—of a so-called "supplemental report" by Kent Jayne. Not only is Jayne's purported supplemental report untimely, it is beyond the scope of supplementation and should be stricken under Federal Rule of Civil Procedure 37(c). Indeed, the thrust of Monsanto's Motion is that Jayne's opinions lack sufficient support. Recently amended, Federal Rule of Evidence 702 provides that the expert's opinion must reflect a "reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(d). Rather than directing this Court to the portions of Jayne's report that established adequate bases for his opinions, Plaintiff has submitted a new report from Jayne filled with analysis that Jayne could have (but did not) include in his original report.

Moreover, having merely regurgitated Mr. Jayne's improper supplemental report, Plaintiff's Opposition brief is devoid of any argument in response to Monsanto's contentions that Jayne's opinions are unreliable because they are based on several flaws: (1) his method is not peer reviewed; (ii) he only performed a cursory review of Plaintiff's background; and (iii) he did not consult with Plaintiff's treating physicians. Having failed to address Monsanto's arguments, this Court should treat Monsanto's Motion as conceded and exclude Jayne's opinions in their entirety under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

///
///
///
///
///

# ARGUMENT

## I. Jayne's "Supplemental Report" is Neither Timely Nor Supplemental and Should Be Stricken

### A. Jayne's Report Is Untimely and Beyond the Scope of Supplementation

Under Federal Rule of Civil Procedure 26(e), a party has a "duty to supplement" that "extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e). "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e).

The duty to supplement applies "if the disclosure is somehow incomplete or inaccurate." *Reinsdorf v. Skechers U.S.A.*, 22 F. Supp. 2d 866, 880 (C.D. Cal. 2013) (excluding expert's new report because it was "a new opinion rather than a supplement" and plaintiff did not show that the information underlying the new report was unavailable at the time of the expert's initial report and deposition). Thus, "[s]upplementation . . . means correcting *inaccuracies*, or filling the interstices of an incomplete report based on information that was *not available* at the time of the initial disclosure." *Id.* (emphasis added).

Indeed, "[a]n expert's duty to supplement under Rule 26(e) is not a right to supplement at will." *Rojas v. Marko Zaninovich, Inc.*, No. 1:09-cv-00705 AWI JLT, 2011 WL 4375297, at *6 (E.D. Cal. Sept. 19, 2011) (granting motion to strike expert declaration as improper supplemental report). Further, "[d]uties are usually owed to other people, and are not for the benefit of the party who has the duty." *Id.* (explaining that "[expert]'s supplemental report and the declaration offered in opposition to the motion for summary judgment, benefits only [the] [p]laintiffs"). Thus, "a party may not rely on supplementation as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report." *Id.* (internal quotation marks and citation omitted). Likewise, "supplementation is not appropriate simply because the expert

did an inadequate or incomplete preparation." *Id.* (internal quotation marks and citation omitted).

Courts acknowledge the consequences of ruling otherwise, and have noted that allowing supplementation to buttress an expert's opinion would:

> create a system where preliminary reports could be followed by supplementary reports and *there would be no finality to expert reports*, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would *interfere with the [c]ourt's ability to set case management deadlines*, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would *hinder rather than facilitate* settlement and the final disposition of the case.

*Id.* (emphasis added) (quoting *Beller v. U.S.*, 221 F.R.D. 689, 695 (D.N.M. 2003)). *See also Aveka LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (To construe supplementation to apply whenever a party wants to bolster or submit additional opinions would reek (sic) havoc in docket control and amount to unlimited expert opinion preparation."). These ramifications are weighty here as honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

Here, Jayne's report should be stricken for two reasons. First, it is untimely. It was submitted on January 8, 2024, which is more than a year after Jayne's December 22, 2022 deposition and nearly a year and a half after August 22, 2022, the expert disclosure deadline for Wave 4C plaintiffs.[1] Further, Jayne's report is more than four

---

[1] Plaintiff was initially in Wave 4C. *See* April 12, 2022 Order Granting Motion for Extension of Expert Discovery Deadlines in Wave 4. ECF NO. 14763.

months after the August 25, 2023 expert disclosure deadline for Wave 6C plaintiffs. *See* Nov. 3, 2022 Order Granting Joint Request for Revised Schedule for Wave 5-6 Cases and Adding Wave 7 Schedule. Second, Jayne's report cannot be characterized as "supplemental" as it was submitted as an attachment to, and copy-pasted as the substance of, Plaintiff's Opposition to Monsanto's Motion. *See Bunker v. Ford Motor Co.*, No. 2:11-CV-01286-PMP-NJK, 2013 WL 4505798, at *7 (D. Nev. Aug. 22, 2013) (declining to consider untimely supplemental report "disclosed for the first time as an attachment to [the plaintiff]'s opposition to [the defendant]'s motion to exclude, nearly three months after [the expert]'s deposition" and "nearly four months after the . . . expert disclosure deadline"). Therefore, on its face, Plaintiff seeks to use Jayne's new report as a means to "remedy" the numerous deficiencies Monsanto identified in its Motion. *Rojas*, 2011 WL 4375297. This is improper.

Plaintiff's attempt to rehabilitate Jayne's flawed original report is evidenced by the fact that Jayne's new report offers entirely new opinions and analysis based on information or data that was previously known or available to him when he prepared his original report. For example, the new analysis Jayne offers regarding his "substantial gainful activity" opinion is based on Plaintiff's alleged earnings from 2020-2022—information available to (but omitted by) Jayne in his original report. Likewise, Jayne's analysis on the Karnofsky Performance Scale ("KPS") is entirely new and *not* based on information that was unavailable to him. As Plaintiff's medical records reflect, Plaintiff's oncologist performed the KPS on Plaintiff but somehow Jayne did not know the KPS existed until his deposition. *See* Mot. at 3.

In addition, on December 28, 2023, Jayne conducted an entirely *new* assessment of Plaintiff well after Monsanto filed its Motion. This new assessment involved testing Plaintiff under "peer-reviewed instruments" that were not used previously by Jayne, as they do not appear to have been identified in Jayne's original report from June 23, 2022. *See* Declaration of Linda C. Hsu ("Hsu Decl."), Ex. A, Kent Jayne January 3, 2024 Report ("New Jayne Report") at 7-9. Plainly, Jayne

submitted this new report in an effort to "strengthen or deepen [the] opinions expressed in the original report," which is "beyond the scope of supplementation and subject to exclusion under Rule 37(c)." *Fed. Deposit Ins. Corp. v. Van Dellen*, No. CV 10-4915 DSF (SHx), 2012 WL 12886825, at *1 (C.D. Cal. Nov. 6, 2012) (citation and internal quotation marks omitted). Jayne admits as much when he states that the "[r]esults of these peer-reviewed instruments support our previous opinions as stated in the June 23, 2022 preliminary report." Hsu Decl., Ex. A, New Jayne Report at 8. Indeed, whether Jayne is offering new opinions (based on tests he could have previously performed) or incorporating information that he could have (and should have) included in his original report, they should be stricken. *See Fed. Deposit Ins. Corp.*, 2012 WL 12886825, at *2 ("The exclusion of expert evidence under Rule 37(c)(1) is mandatory as it "gives teeth [to the Rule 26(a) requirement] by forbidding the use at trial . . . any information required to be disclosed by Rule 26(a) that is not properly disclosed.") (citation omitted).

      B.    <u>Plaintiff Has Failed to Show Jayne's New Report Was Substantially Justified or Harmless</u>

Federal Rule of Civil Procedure 37(c) "provides that a party who fails to provide required information "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Rojas*, 2011 WL 4375297, at *7 (quoting Fed. R. Civ. P. 37(c)(1)). As a result, "Plaintiff[] ha[s] the burden of establishing that [his] failure to follow the strictures of the Federal Rules was substantially justified and harmless." *Id.* (citation omitted). In addition, "the sanction of exclusion is self-executing, and is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff has made no effort to show that his failure to provide Jayne's new report was either substantially justified or harmless. Indeed, no such showing can

be made because—as Plaintiff explains in the sentence preceding eight pages of copy-pasted material—the new report was prepared *exclusively* to respond to specific deficiencies Monsanto identified in its Motion. *See* Opp. at 3 ("Mr. Jayne himself has responded to each of the arguments raised by Defendant in its motion . . . . The substance of these responses is set forth below[.]"). Jayne's own characterization of his new report concedes the same. *See e.g.*, Hsu Decl., Ex. A, Jayne January 4, 2024 Declaration ("Attached to this declaration is a supplemental report a*ddressing the points raised by the Defendant* in the instant motion") (emphasis added); Jayne New Report at 1 (noting that his "responses" to Monsanto's Motion "are noted below, each following a brief reference to the passage contained in the [M]otion"). This Court should reject Plaintiff's transparent attempt to shore up Jayne's deficient original report under the guise of supplementation and strike Jayne's new report in its entirety.

## II. Having Merely Parroted Jayne's Improper Supplemental Report, Plaintiff Has Waived Any Opposition to Monsanto's Motion to Exclude Jayne's Opinion

In lieu of providing a proper Opposition brief that sets forth actual arguments, Plaintiff merely restated Jayne's untimely and improper "supplemental report." Because Jayne's "supplemental report" should be excluded, the Court should disregard "all arguments and references" to it in Plaintiff's opposition. *Shalaby v. Irwin Indus. Toll Co.*, No. 07CV2107-MMA (BLM), 2009 WL 7452756, at *2 (S.D. Cal. July 28, 2009) (noting that plaintiffs' opposition "frequently refers" to their expert's "excluded untimely supplemental report" and stating that "the [c]ourt shall disregard all arguments and references pertaining to the excluded evidence"). The law is clear—"[a] party that fails to respond to arguments in a motion waives any opposition to the requested relief." *Avalyn Pharma, Inc. v. Vincent*, No. 3:20-cv-02267-RSH-KSC, 2023 WL 2731727, at *6 (S.D. Cal. Feb. 27, 2023). *See also Aguaristi v. Cnty. of Merced*, No. 1:18-cv-01053-DAD-EPG, 2022 WL 2392621, at *10 (E.D. Cal. July 1, 2022) (conclusory statements about an expert's qualifications

do not amount to counterarguments); *Snapkeys, Ltd. v. Google LLC*, 539 F. Supp. 3d 1040, 1050 (N.D. Cal. 2021) (argument not addressed in opposition deemed waived); *Avila v. Willits Environmental Remediation Trust*, No. C 99-3941 SI, 2008 WL 360858, at *4 (N.D. Cal. Feb. 6, 2008) (opposition that "repeatedly asserts the *ipse dixit*" that an expert is qualified instead of addressing defendant's arguments will not suffice); *Recycle for Change v. City of Oakland*, 856 F.3d 666, 673 (9th Cir. 2017) (argument not developed in a party's brief has been waived); *McPherson v. Kelsey*, 125 F. 3d 989, 995-96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones") (quoting *U.S. Nuclear Reg. Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995). Accordingly, Monsanto's Motion should be granted and Jayne's testimony excluded in its entirety.

### III. In the Alternative, Monsanto Requests Leave to Submit a Response to Jayne's New Report

Should the Court decline to strike Jayne's new report, Monsanto requests that, in the alternative, it be afforded the opportunity to consult with its experts to provide a response. *Colibri Heart Valve LLC v. Medtronic Corevalve LLC*, No. 8:20-cv-00847-DOC-JDE, 2022 WL 2079335, at *2 (C.D. Cal. Jan. 20, 2022) (finding plaintiff's supplemental report did not exceed scope of supplementation and permitting defendant opportunity to file rebuttal report). Jayne has not only offered new analysis based on information previously available, he conducted an entire new battery of tests on Plaintiff, all *after* Monsanto filed its Motion. Monsanto's experts should be afforded the opportunity to review Jayne's New Report and provide their own analysis of Jayne's new opinions for the jury.

**CONCLUSION**

For the foregoing reasons, the Court should strike Kent Jayne's January 3, 2024 report as untimely and improper supplementation under Federal Rule of Civil Procedure 37(c) and grant Monsanto's Motion to Exclude Testimony of Kent Jayne.

Dated: January 22, 2024                    Respectfully submitted,

/s/ Linda C. Hsu
Linda C. Hsu
Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

/s/ Linda C, Hsu
Linda C. Hsu

9
REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF KENT JAYNE
AND MOTION TO STRIKE KENT JAYNE'S PURPORTED SUPPLEMENTAL REPORT