**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Brenda Reiser v. Monsanto Co.*, 3:21-cv-05220-VC | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date:    March 7, 2024<br>Time:   1:00 p.m. (Zoom)<br>Place:   Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 7, 2024, at 1:00 pm in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 7A Plaintiff Brenda Reiser ("Plaintiff"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by the Plaintiff, and Monsanto is entitled to summary judgment.

Dated: January 22, 2024                    Respectfully submitted,

                                           */s/ Jed P. White*
                                           Jed P. White
                                           Attorneys for Defendant Monsanto Company

## MEMORANDUM OF POINTS AND AUTHORITIES

"Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 U.S. Dist. LEXIS 77635, *4-5 (S.D. Tex. May 1, 2020).

To prevail on any of her claims, Plaintiff Brenda Reiser ("Plaintiff") must prove that Roundup was the proximate cause of her cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Plaintiff's cancer specifically, are specialized issues for which expert testimony is required. Plaintiff failed to disclose any expert reports regarding specific causation, which were due January 12, 2024. Without expert testimony to prove specific causation, none of Plaintiff's claims may proceed.

## BACKGROUND

Plaintiff is a resident of Texas who alleges that exposure to Monsanto's Roundup®-branded herbicides ("Roundup") caused her to develop cancer. *See* Second Amended Complaint (ECF #10) ¶¶ 1-2. Plaintiff was diagnosed with mantle cell carcinoma in 2020. *See id.* at ¶ 28. Plaintiff seeks to hold Monsanto responsible for her cancer, asserting three claims: (1) negligence; (2) strict liability (design defect); (3) strict liability (failure to warn); (4) breach of warranties; and (5) breach of the implied warranty of merchantability. The lynchpin of Plaintiff's claims is that glyphosate—the active-ingredient in Roundup—caused her cancer and that Monsanto should have included cancer warnings on those products. *See id* at ¶ 1.

This case was previously part of Wave 4D. On April 12, 2022, this MDL Court required all Wave 4D plaintiffs to submit expert reports no later than September 21, 2022. *See* Order Granting Motion for Extension of Expert Deadlines in Wave 4 ("Wave 4 Scheduling Order")(MDL ECF #14763). Plaintiff did not submit an expert report regarding specific causation by the September 21, 2022 deadline.

Therefore, on October 21, 2022, Monsanto filed a motion for summary judgment based on causation and Plaintiff's failure to submit an expert report on specific causation. (ECF #17.)  In its motion, Monsanto noted that according to the South Carolina State Bar website, Plaintiff's counsel was suspended from practicing law. *Id*.

On November 29, 2022, the Court ruled on Monsanto's motion for summary judgment and stated it would not "punish Ms. Reiser for her attorney's mistakes by summarily entering judgment in Monsanto's favor." (ECF #20.) Therefore, the Court denied Monsanto's motion for summary judgment without prejudice and *sua sponte* transferred the case to Wave 7. (ECF #20.)  In denying Monsanto's summary judgment motion without prejudice, the Court stated that, "[i]f warranted, Monsanto may refile the motion in Wave 7." (ECF #20 at pg. 3.)

The deadline for Wave 7A plaintiffs, including Plaintiff Reiser, to serve expert reports was January 12, 2024.  ("Wave 7 Scheduling Order") (MDL ECF #17234.) Plaintiff did not submit an expert report regarding specific causation by the January 12, 2024 deadline.  Specifically, Plaintiff has not served any expert report containing case-specific evidence of a causal link between Roundup exposure and Plaintiff's cancer. (Declaration of Jed White ("White Decl."), ¶ 3.)

The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). Once the moving party has met its burden, the nonmoving party must come forward with evidence to show there is a genuine issue for trial. *In re Korean Ramen Antitrust Litig.*, 281 F. Supp. 3d 892, 899 (N.D. Cal. 2017). A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## ARGUMENT

### I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION

"Whether expert testimony is necessary to prove a matter or theory is a question of law." *Martinez v. Medical Depot, Inc.*, 434 F. Supp. 3d 537, 556 (S.D. Tex. 2020).[1] "Expert testimony is generally encouraged if not required to establish a products liability claim." *Martinez v. Ethicon Inc.*, 2020 U.S. Dist. LEXIS 77635, *5 (S.D. Tex. May 1, 2020). Thus, "**failure to designate experts almost always leads to summary judgment**" in a products liability case. *Id.* (emphasis added). For expert testimony to not be required in a products liability case, the product itself "must be relatively uncomplicated, and the implications . . . such that a layman could readily grasp them." *Id.* (citing *Stewart v. Capital Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017)). "For the most part, the 'Supreme Court of Texas has consistently required

---

[1] For cases, "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation," … "the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). South Carolina is the transferor forum, and under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the *lex loci delicti*, the law of the state in which the injury occurred." *Boone v. Boone*, 546 S.E.2d 191,193 (S.C. 2001). Plaintiff has lived in Texas since September 2019 (Second Amended Compl. ¶ 2) and was first diagnosed with NHL in July 2020 (Second Amended Compl. ¶ 28). However, the Court does not need to decide whether Texas, South Carolina, or California law applies here because under all of those states' laws (cited herein), expert testimony is required to establish specific causation.

expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition.'" *Id*. (quoting *Martinez v. Med. Depot, Inc.*, 434 F. Supp. 3d at 556); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "'determinable only in the light of scientific knowledge'"); *Smith v. Michelin Tire Co.*, 320 S.C. 296, 465 S.E.2d 96, 97 (Ct. App. 1995) (expert testimony is required where the claimant is "attempting to establish causation of a medically complex condition); *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005) (in a product liability case "where the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation").

Here, Plaintiff alleges that she was diagnosed with mantle cell carcinoma in 2020, a type of NHL, which she claims was caused by her exposure to Roundup. *See* Complaint (ECF #10) ¶¶ 1, 28. NHL is a highly diverse group of blood cancers classified into more than 60 distinct subtypes and is the seventh most common cancer. "With cancer the question of causation is especially troublesome . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*.

Thus, the "causal link" between Plaintiff's alleged injury and Roundup is "beyond the jury's common understanding." *See Kallassy v. Cirrus Design Corp.*, No. 3:04-CV-0727, 2006 U.S. Dist. LEXIS 34347, *17-18 (N.D. Tex. May 30, 2006), aff'd, 265 F. App'x 165 (5th Cir. 2008); *Watson v. Ford Motor Co.*, 389 S.C. 434, 445 (2010) ("expert evidence is required where a factual issue must be resolved with scientific, technical, or any other specialized knowledge").

Plaintiff's deadline to disclose expert reports was January 12, 2024. *See* Wave 7 Scheduling Order. Despite being given a second chance when the case was moved

from Wave 4 to Wave 7, Plaintiff has not disclosed a single expert witness or report regarding specific causation. Plaintiff had ample time and opportunity to satisfy her expert disclosure obligations under Rule 26(a)(2). And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

This Court has granted summary judgment in favor of Monsanto in similar cases where the plaintiff failed to disclose a specific causation expert, finding that expert testimony was required to prove causation:

> Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not within the common knowledge and experience of an ordinary layperson.

*Matthaus-Shelton v. Monsanto Company*, 20-cv-00168, Doc. No. 17 (Order Granting Summary Judgment, dated November 29, 2022); *see also Adrine Hann v. Monsanto Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated November 3, 2022) ("Whether Roundup caused [Plaintiff's] multiple myeloma is a highly technical and scientific question. Without expert testimony, a jury can only speculate.").

As a result of her failure to disclose any expert on the issue of specific causation, Plaintiff cannot prove causation—an essential element of all her claims. Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiff's claims. *See Sims v. Kia Motors, Inc.*, 839 F.3d 393, 409 (5th Cir. 2016) ("expert testimony is crucial in establishing that the alleged design defect caused the injury"); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197

(4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant's] device was the proximate cause of his injuries"); *Martinez v. Ethicon Inc.*, 2020 U.S. Dist. LEXIS 77635, *4-5 (S.D. Tex. May 1, 2020) (granting MSJ due to plaintiff's failure to designate experts); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on Plaintiff's claims.

Dated:  January 22, 2024  Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorneys for Defendant Monsanto Company

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

*/s/ Jed P. White*
Jed P. White