UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Bundy v. Monsanto Co. et al.*,<br>Case No. 20-cv-06345-VC | **ORDER GRANTING MOTION FOR SUGGESTION OF REMAND**<br><br>Re: Dkt. No. 17459 |

Plaintiff Rob Bundy's motion for a suggestion of remand to the District Court for the Middle District of Florida is granted.

Bundy seeks remand on the grounds that he was diagnosed with Hodgkin's lymphoma rather than non-Hodgkin's lymphoma ("NHL"), and thus his case falls outside the scope of this MDL.[1] Initially Monsanto did not respond to the motion, and the Court ordered it to do so on December 4, 2023. Monsanto's response says that it "agrees with Plaintiff that, because the alleged injury is Hodgkin's lymphoma rather than non-Hodgkin's lymphoma . . . , the case should be remanded." Dkt. No. 17644 at 1. The Court also agrees that Bundy's non-NHL diagnosis means that there is little to be gained from adjudicating his case in this MDL. *See In re: Roundup Prod. Liab. Litig.*, 214 F. Supp. 3d 1346, 1347 (U.S. Jud. Pan. Mult. Lit. 2016) ("All the actions entail an overarching query—whether glyphosate causes non-Hodgkin's

---

[1] Bundy's operative complaint still describes him as having been diagnosed with NHL, although he previously sought leave file an amended complaint that changed his alleged diagnosis to simply "lymphoma." *See* Dkt. No. 12999. The Court denied that motion on the grounds that the amendment—which also sought to add a non-diverse defendant—was primarily an attempt to defeat federal jurisdiction. *See* Pretrial Order No. 245, Dkt. No. 13698.

lymphoma in persons exposed to it while using Roundup."); *see also* Order Vacating Conditional Transfer Orders, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, Dkt. No. 3301 (U.S. Jud. Pan. Mult. Lit. Dec. 7, 2023) (vacating conditional transfer order regarding cases that would "would inject unique factual and legal issues into the MDL at a late hour").

       Ordinarily, when the Court issues suggestions of remand for a given case, it is because the case has been worked up and is ready for trial. The Court will typically provide a summary of what has taken place in the MDL and in the individual case to aid the trial judge. However, in Bundy's case, little of substance has taken place. Bundy has filed, and the Court has granted, two motions to move his case to a later "wave" of *In re Roundup* cases—essentially extending the case's discovery and motions deadlines. (That schedule will likely need to be revised upon remand.) If the judge who receives this case is interested in what has taken place in this MDL, one of the Court's other recent suggestions of remand can provide background information.[2] *See, e.g.*, Dkt. No. 17237. But because Bundy now concedes that he was not diagnosed with NHL, this Court's prior rulings may or may not be useful upon remand.

       The Clerk of Court is directed to provide a copy of this suggestion of remand to the Clerk of the United States Judicial Panel on Multidistrict Litigation and the Clerk of the Middle District of Florida.

**IT IS SO ORDERED.**

Dated: January 29, 2024

                                       VINCE CHHABRIA
                                       United States District Judge

---

[2] The Court also maintains a webpage dedicated to the Roundup MDL that includes each of the Court's significant pretrial orders. Please see: https://www.cand.uscourts.gov/judges/chhabria-vince-vc/in-re-roundup-products-liability-litigation-mdl-no-2741/