JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

JEFF WILKERSON
Winston & Strawn LLP
jwilkerson@winston.com
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202
Tel: (704) 350-7714
Fax: (704) 350-7800

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:23-cv-4946 |
| This document relates to: | **MONSANTO COMPANY AND BAYER CORPORATION'S REPLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS** |
| *Jonas Perez-Hernandez v. Monsanto Co.*, Case No. 3:23-CV-04946-VC | |
| | Date: Feb. 15, 2024<br>Time: 10:00 a.m.<br>Place: San Francisco, Courtroom 4, 17th Floor<br>Judge: Hon. Vince G. Chhabria |

## INTRODUCTION

Plaintiffs suggest that this Court must defer consideration of the insuperable problems with their class allegations until after they have completed fact and expert discovery and moved for class certification. They are not correct. Plaintiffs' proposed class is doomed to fail—as they all but concede, as it would require the application of the laws of every state in the country and individualized proof on several complex factual and scientific issues. This Court need not and should not permit Plaintiffs to move forward with litigation on behalf of a proposed class that can never be certified. The class allegations should be stricken now.

## ARGUMENT

**I. THIS COURT CAN AND SHOULD ANALYZE CHOICE OF LAW NOW.**

Plaintiffs' assertion that the Court must defer consideration of choice-of-law issues to class certification is incorrect. When the outcome of the choice-of-law inquiry is evident—as it is here—courts can and do address the issue on the pleadings, and they then strike nationwide class allegations. *See McKinney v. Corsair Gaming, Inc.*, 646 F. Supp. 3d 1133, 1143-45 (N.D. Cal. 2022) (striking nationwide class allegations on the pleadings after performing choice-of-law analysis);[1] *Vinci v. Hyundai Motor. Am.*, 2018 WL 6136828, at *9-10 (C.D. Cal. Apr. 10, 2018) (dismissing nationwide class allegations as to consumer-protection claims because choice-of-law principles require application of differing state laws). As one court explained, the general principle that class issues are usually addressed at class certification "does not mean that a motion to strike

---

[1] Plaintiffs argue that *McKinney* is distinguishable because there "the [p]laintiffs had previously had the opportunity to narrow their claims in light of defendants' prior argument." Dkt. No. 28 ("Opp.") at 6. But Plaintiffs' description of *McKinney*'s procedural history is incomplete. There, the court had denied the prior motion to strike because the defendants had not "provided a sufficient description of other state laws" and considered the issue on the merits for the first time on defendants' renewed motion, which added argument and an "appendix noting the differences" between the various states' laws. 646 F. Supp. 3d at 1142. Here, Defendants' motion already includes both an analysis of the relevant differences in the states' laws and appendices detailing these differences for each cause of action. *See* Mot. Part II & Apps. 1-8. Plaintiffs' attempt to distinguish *McKinney* thus cuts *in favor* of Defendants' motion.

1

class claims or allegations cannot be decided at the pleading stage." *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *6 (N.D. Cal. June 2, 2021).

Plaintiffs suggest the Court should defer choice-of-law issues until class certification so they would have the "benefit of discovery regarding the warranty and marketing practices of the Defendants." Opp. 4. But Plaintiffs' counsel already has access to extensive discovery from the personal-injury cases. And even setting that aside, Plaintiffs never explain what discovery could change the choice-of-law inquiry. Even with far more extensive California contacts than here, California's choice-of-law rules require applying the law of the states where class members purchased or used the products. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 590 (9th Cir. 2012) (applying law of the state of purchase even though "Honda's corporate headquarters, the advertising agency that produced the allegedly fraudulent misrepresentations, and one fifth of the proposed class members [were] located in California"). And when there is "no discovery that might permit [plaintiffs] to bring claims under the laws of states to which they have no connection, to defer ruling and permit nationwide discovery would . . . merely waste time and money." *Soo v. Lorex Corp.*, 2020 WL 5408117, at *10 (N.D. Cal. Sept. 9, 2020); *see also Sultanis v. Champion Petfoods USA Inc.*, 2021 WL 3373934, at *8 (N.D. Cal. Aug. 3, 2021) ("[N]o amount of discovery will change the fact that the consumer protection laws of the thirteen states at issue here are so substantively different that it would be exceedingly difficult to certify a class that satisfies the adequacy, typicality, or predominance requirements particularly with only [the single named plaintiff] at the helm.").

Plaintiffs' argument that the Court must wait to decide choice-of-law issues until after "briefing on any conflict of law" is also meritless. Defendants *did* brief the differences in state law. *See* Mot. Parts I-II & Apps. 1-8. Plaintiffs' failure to respond is a problem of their own making. They cannot refuse to engage with conflicts of law in their briefing and then claim the Court cannot decide the issue because it has not been adequately briefed.

Turning to the substance of the choice-of-law analysis, Plaintiffs wrongly suggest that Defendants are "confused" in arguing that Plaintiffs bear the burden of showing it would be

2

constitutional to apply California law to a nationwide class. Opp. 4. Plaintiffs say that any "constitutional due process concerns in a class action" are addressed by the procedural protections for absent class members in Rule 23. *Id.* at 4-5 (citing *Phillips Petroleum Co. v Shutts*, 472 U.S. 797, 811-12 (1985)). But Plaintiffs are conflating distinct due-process concerns. *Shutts* was about the procedural safeguards necessary to protect absent class members before binding them to the outcome of a class action. 472 U.S. at 811-12. That is distinct from the due-process concerns, including for defendants, with applying the law of the forum to claims that lack any requisite contact with that forum. *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 309-311 (1981) ("[I]f a State has only an insignificant contact with the parties and the occurrence or transaction, application of its law is unconstitutional."). Plaintiffs' suggestion that Rule 23's procedural safeguards for absent class members alleviate this latter concern is logically incoherent. And it also is inconsistent with binding Ninth Circuit precedent, which enforces plaintiffs' burden to show sufficient connection with the forum state in class actions. *E.g.*, *Mazza*, 666 F.3d at 589-90; *Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1067-68 (9th Cir. 2021). Because Plaintiffs did not even try to meet that burden in their opposition brief, the Court's choice-of-law analysis could stop at this first step.[2]

Even if Plaintiffs did not have to meet this burden (and they do), it would not change the outcome of the choice-of-law analysis. That is because Plaintiffs offer no real response to Defendants' showing that there are material differences in state law (the first and second steps of the choice-of-law analysis). *See Mazza*, 666 F.3d at 590 (setting forth the framework for the three-step choice-of-law inquiry). And they offer no response *at all* to Defendants' argument under the third step that the state where each putative class member bought or used Roundup® products has

---

[2] Plaintiffs' assertion that courts can apply the law of a single state in the context of a *settlement* is a *non sequitur*. Opp. 5-6. This case is not before the Court on a proposed settlement, and Defendants are not waiving any due-process protections. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 562 (9th Cir. 2019) (holding that court could apply California law because no party nor any objector "argued that difference between the consumer protection laws of all fifty states precluded certification," and emphasizing the important distinctions between settlements and certification for "litigation purposes").

3

the predominant interest in their claims. Mot. 6; *see also Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 801 (N.D. Cal. Jan. 25, 2019) (the court did not need to "delve into the distinctions between Colorado and California substantive law" because plaintiff had "procedurally defaulted" by failing to respond to defendant's arguments).

Rather than respond in substance, Plaintiffs assert in conclusory fashion that "to the extent" there are material differences in state law, "any such conflicts can be handled with sub-classes addressing the conflicting issue." Opp. 6. But Plaintiffs' Complaint does not *plead* any such subclasses—it asserts a massive and undifferentiated nationwide class, which even Plaintiffs now appear to implicitly concede could never be certified. Plaintiffs also could never be class representatives for their proposed, undefined subclasses—by definition, they are not members of subclasses to which other states' laws apply. *See Amchem Prods., Inc. v Windsor*, 521 U.S. 591, 594 (1997) (class representatives "must be part of the class"). Moreover, Plaintiffs' eleven causes of action all materially vary among the states. Plaintiffs' opaque reference to "subclassing" does nothing to show how they could ever weave this patchwork of differences into an orderly or manageable class proceeding. On that basis alone, the Court should grant Defendants' motion.

## II. PLAINTIFFS' PERSONAL JURISDICTION ARGUMENT WRONGLY SUGGESTS THAT THE APPLICATION OF *BMS* TO CLASS ACTIONS IS A SETTLED ISSUE AND CONFLATES THE DUE PROCESS RIGHTS OF DEFENDANTS AND ABSENT CLASS MEMBERS.

As to personal jurisdiction, Defendants' opening brief recognized that the law is unsettled on the application of *Bristol-Meyers Squibb Co. v. Superior Court.*, 582 U.S. 255 (2017) ("*BMS*"), to class actions. Defendants acknowledged that this Court's prior decision in *Wallenstein v. Mondelez*, 2023 WL 3102555, at *1 (N.D. Cal. Apr. 25, 2023), could be read either to hold categorically that personal jurisdiction is not necessary as to absent class members, or to hold that personal jurisdiction may yet be an impediment where the named plaintiffs' claims are "materially distinguishable" from out-of-state class members' claims. Mot. 9-10.

Defendants reiterate that there are material state-law differences here, and further reiterate their respectful request, to the extent that *Wallenstein* held that personal jurisdiction over class

4

members' claims is categorically unnecessary for class certification, that the Court reconsider that holding. Though *BMS* involved a mass action rather than a class action, certification would create the same due-process concerns for defendants that *BMS* identified. *See BMS*, 582 U.S. at 263 (noting that the "primary concern" for personal jurisdiction is the "burden on the defendant," including not just "the practical problems resulting from litigating in the forum" but also "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question").

Rather than engage with Defendants' argument, Plaintiffs wrongly suggest the law is settled that there are simply no personal-jurisdiction issues in this context. But many courts—including courts within this circuit—have held that personal jurisdiction over unnamed class members' claims is required. *See, e.g.*, *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1035 (S.D. Cal. 2020) ("[A] state cannot assert specific personal jurisdiction for the claims of unnamed class members that would not be subject to specific personal jurisdiction if asserted as individual claims."); *Wenokur v. AXA Equitable Life Ins.*, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017) ("The Court . . . lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class."). And the Ninth Circuit's decision in *Moser* suggests this is correct, noting that class certification "brings unnamed class members into the action and *triggers due process limitations on a court's exercise of personal jurisdiction over their claims*." *Moser v. Benefytt, Inc.*, 8 F.4th 872, 878 (9th Cir. 2021) (emphasis added).

Plaintiffs also repeat their argument that any due-process concerns are mitigated by Rule 23's protection for absent class members. Opp. 8. But that argument is no less flawed in the personal-jurisdiction context than in the choice-of-law context. Defendants' due-process interests drive the personal-jurisdiction analysis, not absent class members' interests. *BMS*, 582 U.S. at 263. And Defendants' interests are not protected by Rule 23's procedural safeguards for absent class members.

**III.    PLAINTIFFS' ARGUMENTS ONLY EMPHASIZE THAT THEY CAN NEVER MEET RULE 23(A)'S REQUIREMENTS.**

Plaintiffs never explain how they could be adequate class representatives for class members whose claims are governed by other states' laws that materially differ from California law.[3] Nor do they distinguish Defendants' authority. They argue only that the Court can "adjudicate such state law claims within subclasses as necessary." Opp. 11. But as discussed above, Plaintiffs do not explain how subclasses would be a workable solution here. And in any event, Plaintiffs' vague subclassing proposal only emphasizes the adequacy problem—Plaintiffs cannot be adequate representatives for subclasses asserting claims under other states' laws because, by definition, Plaintiffs are not *members* of such subclasses. *See Amchem*, 521 U.S. at 594.

Plaintiffs argue that "all that is required" for typicality and adequacy is a "substantially similar" injury. Opp. 11. But a "substantially similar" injury is *precisely* what they lack. They do not allege they bought Roundup® products, so they cannot have an injury "substantially similar" to the alleged economic losses incurred by those that have. And they admit that they have not suffered any personal injury and are seeking to recover based solely on their "increased risk" of suffering such injury. Dkt. 27 at 2-3. That is not "substantially similar" to the alleged injuries suffered by individuals who are presently ill—to the contrary, those who are presently injured and those who allege "exposure only" are "not aligned." *Amchem*, 521 U.S. at 626.

Finally, Plaintiffs' argument that the differences between AG, IT&O, and Lawn & Garden Roundup® products are irrelevant to typicality and adequacy is unsupported. Plaintiffs recite the standard that they can serve as class representatives for products they did not buy so long as those products are "substantially similar." Opp. 12 (citing *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012)). But they do not show that the various Roundup® products

---

[3] As to Plaintiffs' standing to pursue claims under other states' laws, Plaintiffs accuse Defendants of "wast[ing] the court's time and resources" because this Court has previously rejected that argument. Opp. 10. But Defendants *expressly* acknowledged the Court's prior ruling in this regard, noted cases that have gone the other way, and spent fewer than six lines of text on the argument. Mot. 10-11 & n.4. It is no "waste of time" for Defendants to preserve their arguments, especially as to an issue that remains unsettled law.

6

*are* "substantially similar." The evidence instead shows that these products have different labels, different formulations, different marketing and advertising, and are sold through different retail and distribution channels to customers with differing knowledge, usage, and exposure profiles. Guard Decl., Dkt. No. 22-1; *see also* Compl. ¶ 22. Those are far more significant differences than those between the products in *Ghirardelli*—various types of chocolate chips all sold in the same stores. But *Ghirardelli* nonetheless held that the products were *not* substantially similar. 912 F. Supp. 2d 871-72 (plaintiff could not pursue claims as to varieties of chocolate chips he did not buy because "the products are too different, and their labeling is dissimilar"). The same is true here.

## IV.     PLAINTIFFS' PREDOMINANCE ARGUMENTS ARE NOT WELL FOUNDED.

Plaintiffs' argument that "differences in state laws rarely are grounds for finding a lack of predominance" (Opp. 12) is baseless. Their primary authority is *Jabbari v. Farmer*, 965 F.3d 1001 (9th Cir. 2020).[4] But *Jabbari* considered predominance in the context of a *settlement* class, and expressly noted that this was materially different from a litigation class. *See id.* at 1007 ("*For purposes of a settlement class*, differences in state law do not necessarily, or even often, make a class unmanageable."(emphasis added)).

---

[4] Plaintiffs also cite *In re LILCO Securities Litigation*, a nearly 40-year-old, out-of-circuit case. But in *LILCO*, the court concluded it did *not* have to apply the law of other states. 111 F.R.D. 663, 670 (E.D.N.Y. 1986). That is not the situation here—as explained, California's choice-of-law rules will require the application of other states' laws. Plaintiffs' reliance on *In re Prudential Insurance Company*, 148 F.3d 283, 315 (3d Cir. 1998), is equally misplaced. *Prudential* was a settlement class, not a litigation class, and the Third Circuit noted that the objector had "failed to demonstrate" that there were material differences in state law. *Id.* *Prudential* also noted that it differed from, and did not purport to overrule, the Third Circuit's prior decision in *Georgine v. Amchem Products, Inc.*, 83 F.3d 610 (3d Cir. 1996). *Id.* And *Georgine* is far more analogous to this case. There, the plaintiffs—similar to Plaintiffs here—sought a class that included both those allegedly presently injured by, and those merely exposed to, asbestos. 83 F.3d at 627. The Third Circuit held that choice-of-law issues (among the many other individualized issues presented by such cases) precluded a finding of predominance. *Id.* ("The states have different rules governing the whole range of issues raised by the plaintiffs' claims: viability of futures claims; availability of causes of action for medical monitoring, increased risk of cancer, and fear of future injury; causation; the type of proof necessary to prove asbestos exposure; statutes of limitations; joint and several liability; and comparative/contributory negligence. In short, the number of uncommon issues in this humongous class action, with perhaps as many as a million class members, is colossal.").

7

This case, of course, is not here for settlement approval. And in the context of a litigation class, the Ninth Circuit has repeatedly affirmed that differences in state law warrant denial of class certification. *See, e.g.*, *Stromberg*, 14 F.4th at 1067 (reversing class certification and noting that "choice of law rules preclude the district court's certification of the 23(b)(3) class because the laws of other states—beyond California's Cartwright Act—should apply. As a result, common issues of law do not predominate . . . ."); *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F. 3d 1180, 1189-90 (9th Cir. 2001) (affirming denial of class certification and noting that "[t]he complexity of the trial would be further exacerbated to the extent that the laws of forty-eight states must be consulted").

As to other individualized issues introduced by Plaintiffs' claims, Plaintiffs wrongly assert that Defendants take "no steps" to "engage in the Rule 23 predominance inquiry substantively" but just "conclude a lack of predominance." Opp. 13. In truth, Defendants briefed several individualized issues that will inescapably be raised by Plaintiffs' claims—including issues of causation, reliance, reasonableness and necessity of medical monitoring, and the knowledge issues raised by Plaintiffs' attempt to avoid the statute of limitations via equitable tolling. Mot. 13-15. Ironically, it is Plaintiffs that offer only an anemic substantive response.

First, Plaintiffs *do not contest* that members of their sprawling proposed class will "have been exposed to different types of Roundup products with varying circumstances of use [and] different time periods, resulting in individualized showings of causation and injury." Opp. 13. They observe that courts sometimes certify a class despite the presence of some individualized issues. Opp. 13-14 (citing *Hanlon v. Chrysler*, 150 F.3d 1011, 1022 (9th Cir. 1998), which affirmed certification of a nationwide *settlement* class, and which did not involve personal injuries or medical monitoring). That is no answer. Causation and injury are not minor issues—they are at the heart of Plaintiffs' claims, and they involve difficult and individualized proof, as this Court knows from the ongoing personal-injury cases. Compounded with the predominance and manageability problems of applying the laws of every state in the country, these issues make certification of Plaintiffs' proposed class entirely implausible.

8

Second, Plaintiffs argue that, because they can cite a couple of decades-old examples in which class certification was granted in cases seeking medical monitoring—both for a relatively small and defined group of individuals under a single state's law—the individualized issues raised by their own medical-monitoring claims cannot defeat predominance. Opp. 14 (citing *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 331 (C.D. Cal. 1998); *Ysalve v. Hughes Aircraft Co.*, 845 F. Supp. 705, 713 (D. Ariz. 1993)). But Plaintiffs seek a *nationwide* class, and they do not even contest Defendants' showing that the law on medical-monitoring differs sharply from state to state—with most states barring no-injury medical monitoring, and those that permit it requiring "each class member" to "offer highly individualized proof to establish most of the elements of a medical monitoring claim." *In re Fosamax Prods. Liab. Litig.*, 248 F.R.D. 389, 401 (S.D.N.Y. 2008). Plaintiffs also do not address the massive size of their class, with huge variances in exposure profiles, history and risk factors for cancer, and knowledge of the alleged risks.

Third, Plaintiffs *acknowledge* that many claims they propose to pursue on behalf of a nationwide class will require individualized proof of reliance but assert they could still certify a "sub-class of Plaintiffs from states where individual reliance is not required." Opp. 14. Again, Plaintiffs have not pleaded or requested any such subclass—they plead only a nationwide class. And they do not even argue, assuming such a subclass is even plausible, that they would be *members* of that subclass.

Finally, Plaintiffs assert that Defendants' argument that the application of the various statutes of limitation will pose individualized issues "ignores Plaintiffs' allegations of ongoing fraudulent concealment." Opp. 15 (cleaned up). But far from "ignoring" fraudulent concealment, Defendants pointed out that adjudicating that issue—assuming it survives a motion to dismiss, which it should not—will require individualized inquiry into class members' knowledge and diligence. Opp. 14-15. Plaintiffs have no explanation for how they will address class members' knowledge and diligence with common evidence, particularly since their theory of carcinogenicity, and most of the documents they rely on, have long been publicly available.

## V. PLAINTIFFS IMPLICITLY CONCEDE THAT THEIR PROPOSED CLASS IS OVERBROAD.

Plaintiffs do not contest that a class cannot be certified when it includes individuals who are precluded from bringing the proposed class claims. Nor do they contest that their class, as defined, "ostensibly improperly includes members of two previous settlement classes" that are barred from pursuing some claims in Plaintiffs' complaint. Opp. 15. Their assertion that the Court cannot consider this deficiency because they have "not yet proposed a class to certify" is just wrong. The Complaint—and Plaintiffs' own brief—recites the definition of the class they are pursuing. Compl. ¶ 91 (defining proposed class); Opp. 3 (repeating that definition). That proposed class could never be certified, so Defendants' motion to strike should be granted.

## **CONCLUSION**

Plaintiffs do not explain how this Court could ever certify the sprawling nationwide class they have pleaded, which would implicate the laws of every state in the country and require the individualized adjudication of complex factual and scientific questions. Instead, they ask this Court to defer its consideration of those issues and allow them to pursue expensive and burdensome litigation and discovery based only on an unsupported hope that they might, someday, be able to obtain certification of some narrower class or subclass to which they are not even confident they belong. The Court should not—and is not required to—let Plaintiffs pursue litigation on behalf of a class that can never be certified. It should grant Defendants' motion to strike.

Dated: February 2, 2024

By: */s/ John J. Rosenthal*

JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036

JEFF WILKERSON
Winston & Strawn LLP
jwilkerson@winston.com
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202

*Attorneys for Defendants*