Joseph R. Saveri (SBN 130064)
Christopher K. L. Young (SBN 318371)
David W. Lerch (State Bar No. 229411)
Itak K. Moradi (SBN 310537)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               cyoung@saverilawfirm.com
               dlerch@saverilawfirm.com
               imoradi@saverilawfirm.com

Robert L. Lieff (SBN 37568)
P.O. Box A
Rutherford, CA 94573
rlieff@lieff.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **JONAS PEREZ-HERNANDEZ, ISABEL PAZ-HERNANDEZ, MOISES PEREZ-PAZ, ALLISON PEREZ-PAZ, and ABIGAIL PEREZ-PAZ**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**BAYER AKTIENGESELLSCHAFT**, a German joint-stock company; **BAYER CORPORATION**, an Indiana corporation; and **MONSANTO COMPANY**, a Delaware corporation,<br><br>*Defendants*. | MDL No. 2741<br>Case No. 3:23-cv-04946-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS MONSANTO COMPANY AND BAYER CORPORATION'S MOTION TO STRIKE CLASS ACTION ALLEGATIONS**<br><br>Date: February 15, 2024<br>Time: 10:00 a.m.<br>Place: San Francisco, Courtroom 4, 17th Floor<br>Judge:  Hon. Vince Chhabria |

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................... 1

II.     LEGAL STANDARD ................................................................................................ 1

III.    FACTS ..................................................................................................................... 2

IV.    ARGUMENT ............................................................................................................ 4

        A.     Choice of law issues do not preclude class certification and are premature to consider on the pleadings. ...................................................................... 4

        B.     The laws of the foreign states do not materially differ enough to prevent class certification. ...................................................................................... 6

        C.     This Court has personal jurisdiction over out-of-state class members. ..................... 7

        D.     Plaintiffs will meet Rule 23(a)'s typicality and commonality requirements when appropriately raised on a motion for class certification. ............................... 10

        E.     Plaintiffs will establish Rule 23 predominance at the appropriate time on a motion for class certification. .................................................................... 12

        F.     Plaintiffs' proposed class is not fatally overbroad. .................................................. 15

V.      CONCLUSION ....................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Aberin v. Am. Honda Motor Co., Inc.*,
No. 16-CV-04384-JST, 2021 WL 1320773 (N.D. Cal. Mar. 23, 2021) ................................. 11

*Bates v. Bankers Life & Casualty Co.*,
848 F.3d 1236 (9th Cir. 2017) (per curiam) ........................................................... 1

*Briseno v. ConAgra Foods, Inc.*,
674 F. App'x 654 (9th Cir. 2017) ........................................................................ 15

*Briseno v. ConAgra Foods, Inc.*,
844 F.3d 1121 (9th Cir. 2017) ............................................................................ 15

*Bristol-Myers Squibb Co. v. Superior Court*,
582 U.S. 255 (2017) ..................................................................................... 8, 9

*Clancy v. Bromley Tea Co.*,
308 F.R.D. 564 (N.D. Cal. 2013) .......................................................................... 5

*In re ConAgra Foods, Inc.*,
90 F. Supp. 3d 919 (C.D. Cal. 2015) .................................................................... 14

*Covillo v. Specialtys Cafe*,
No. C-11-00594 DMR, 2013 WL 5781574 (N.D. Cal. Oct. 25, 2013) ................................... 8

*Ellsworth v. U.S. Bank, N.A.*,
No. 12–02506 LB, 2014 WL 2734953 (N.D. Cal. June 13, 2014) ........................................ 6

*Figy v. Lifeway Foods, Inc.*,
No. 13-CV-04828-TEH, 2016 WL 4364225 (N.D. Cal. Aug. 16, 2016) ................................ 7

*Forcellati v. Hyland's, Inc.*,
876 F.Supp.2d 1155 (C.D. Cal. 2012) ................................................................ 6, 7

*Gutierrez v. C&H Sugar, Inc.*,
No. 23-CV-03192-SI, 2023 WL 7927771 (N.D. Cal. Nov. 15, 2023)...................................... 2

*Hanlon v. Chrysler*,
150 F.3d 1011 (9th Cir. 1998)............................................................................ 14

*In re Hyundai & Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019)......................................................................... 4, 5, 15

*Jabbari v. Farmer*,
965 F.3d 1001 (9th Cir. 2020) ........................................................................... 12

*Keck v. Alibaba.com, Inc.*,
No. 17-CV-05672-BLF, 2018 WL 4181955 (N.D. Cal. Aug. 30, 2018)...................... 2, 11, 13

*In re LILCO Sec. Litig.*,
    111 F.R.D. 663 (E.D.N.Y. 1986) ........................................................................ 12

*Low v. Trump Univ., LLC*,
    881 F.3d 1111 (9th Cir. 2018) ............................................................................... 8

*Lyngaas v. Ag*,
    992 F.3d 412 (6th Cir. 2021) ................................................................................. 9

*Majo v. Sony Interactive Ent. LLC*,
    No. 21-CV-09054-LB, 2022 WL 1188871 (N.D. Cal. Apr. 21, 2022) .................... 1

*McKinney v. Corsair Gaming, Inc.*,
    646 Supp.3d 1133 (N.D. Cal. 2022) ..................................................................... 6

*Miller v. Ghirardelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012) ........................................................... 12, 13

*Mussat v. IQVIA Inc.*,
    953 F.3d 441 (7th Cir. 2020) ................................................................................. 9

*O'Connor v. Boeing N. Am., Inc.*,
    184 F.R.D. 311 (C.D. Cal. 1998) ........................................................................ 14

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
    31 F.4th 651 (9th Cir. 2022) ............................................................................... 10

*Padilla v. Whitewave Foods Co.*,
    No. LACV1809327JAKJCX, 2019 WL 4640399 (C.D. Cal. July 26, 2019) ......... 7

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*,
    No. 2:17-CV-07223-JWH-AS, 2023 WL 4191651 (C.D. Cal. May 24, 2023) ...... 13

*Patterson v. RW Direct, Inc.*,
    No. 18-CV-00055-VC, 2018 WL 6106379 (N.D. Cal. Nov. 21, 2018) .................. 10

*Penikala v. Sergeant's Pet Care Prods., LLC*,
    442 F. Supp. 3d 1212 (N.D. Cal. 2020) (Chhabria, J.) ......................................... 9

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) .............................................................................. 5, 12, 13

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
    148 F.3d 283 (3d Cir. 1998) ............................................................................ 7, 13

*In re Roundup Prod. Liab. Litig.*,
    No. 16-MD-02741-VC, 2020 WL 3723305 (N.D. Cal. July 6, 2020) ..................... 1

PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY AND BAYER CORPORATION'S MOTION TO STRIKE
CLASS ALLEGATIONS

*Sinatro v. Barilla Am., Inc.*,
  635 F. Supp. 3d 858 (N.D. Cal. 2022) ................................................................. 7

*Slovin v. Sunrun, Inc.*,
  No. 15-CV-05340 YGR, 2016 WL 5930631 (N.D. Cal. Oct. 12, 2016) ................................. 2

*Sotomayor v. Bank of Am., N.A.*,
  377 F. Supp. 3d 1034 (C.D. Cal. 2019) ............................................................... 8

*Valencia v. Volkswagen Grp. of Am. Inc.*,
  No. 15-cv-00887-HSG, 2015 WL 4760707 (N.D. Cal. Aug. 11, 2015) ................................. 5

*Velasquez v. HSBC Fin. Corp.*,
  No. 08-4592 SC, 2009 WL 112919 (N.D. Cal. Jan. 16, 2009) ........................................ 15

*Wallenstein v. Mondelez Int'l, Inc.*,
  No. 22-CV-06033-VC, 2023 WL 3102555 (N.D. Cal. Apr. 25, 2023) (Chhabria,
  J.) ................................................................................................. 9

*Werdebaugh v. Blue Diamond Growers*,
  No. 12-CV-02724-LHK, 2013 WL 5487236 (N.D. Cal. Oct. 2, 2013) ................................. 7

*Yslava v. Hughes Aircraft Co.*,
  845 F. Supp. 705 (D. Ariz. 1993) ..................................................................... 14

*Zinser v. Accufix Research Inst., Inc.*,
  253 F.3d 1180 (9th Cir. 2001) ..................................................................... 6, 13

## Other Authorities

Fed. R. Civ. P. 23(a)(4) ....................................................................... *passim*

Plaintiffs Jonas Perez-Hernandez, Isabel Paz-Hernandez, Moises Perez-Paz, Allison Perez-Paz, and Abigail Perez-Paz, on behalf of themselves and all others similarly situated, respectfully submit this opposition to Defendants' Motion to Strike Class Allegations ("Mot.") (ECF No. 22).

## I.  INTRODUCTION

Despite having previously attempted to settle nearly identical allegations on a class-wide basis (on terms Defendants found favorable and this Court found too favorable and rejected), based on the same core set of facts over which these Defendants have already paid out tens of billions of dollars in the aggregate, Defendants have moved to strike the class allegations from Plaintiffs' complaint (ECF No. 1) at the motion to dismiss stage of this litigation, contending there is no set of circumstances any class or subclass could possibly be certified under any circumstances for any of Plaintiffs' claims here. *But see, In re Roundup Prod. Liab. Litig.,* No. 16-MD-02741-VC, 2020 WL 3723305, at *2 (N.D. Cal. July 6, 2020) (Defendants' previous attempted nationwide class settlement).

Defendants' motion to strike is attempting to avoid the long-overdue class-wide resolution of their ongoing harms by providing medical monitoring remedies to farmworkers and others regularly exposed to Roundup, while providing compensatory ***and*** punitive damages to those who do develop NHL, a devastating cancer that continues to cause untold suffering and early death among some of our country's most vulnerable populations. Defendants' motion to strike is a premature attempt to adjudicate the propriety of class certification without adequate analysis or legal scrutiny, it is legally baseless, and it should be denied.

## II.  LEGAL STANDARD

Class allegations generally are not tested at the pleadings stage and instead are tested after one party has filed a motion for class certification. *Majo v. Sony Interactive Ent. LLC*, No. 21-CV-09054-LB, 2022 WL 1188871, at *11 (N.D. Cal. Apr. 21, 2022). A decision to grant a motion to strike class allegations is the functional equivalent of denying a motion to certify a case as a class action. *Bates v. Bankers Life & Casualty Co*., 848 F.3d 1236, 1238 (9th Cir. 2017)

(per curiam). "Even courts that have been willing to entertain such a motion early in the proceedings have applied a very strict standard to motions to strike class allegations on the pleadings. Only if the court is convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed may the allegations be stricken.'" *Keck v. Alibaba.com, Inc*., No. 17-CV-05672-BLF, 2018 WL 4181955, at *2 (N.D. Cal. Aug. 30, 2018) (internal quotations omitted) (*quoting Ogala v. Chevron Corp*., 2014 WL 4145408 at *2 (N.D. Cal. Aug. 21 2014)). That is obviously not the case here.

Motions to strike class allegations prematurely are disfavored by courts because they "essentially seek to litigate Rule 23 class certification prematurely. While defendants' arguments may eventually prove to be convincing, defendants' motion to strike is premature given that discovery [has not yet begun or] is still ongoing and no motion for class certification has been filed." *Slovin v. Sunrun, Inc.,* No. 15-CV-05340 YGR, 2016 WL 5930631, at *2 (N.D. Cal. Oct. 12, 2016) (*citing In re Wal–Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) (a motion to dismiss and strike class allegations is premature where no motion for class certification had been filed)). "Without the benefit of discovery and the demonstration of particularized arguments from both parties relating to class certification, the Court lacks the necessary information to rule on the propriety of the class allegations." *Id*. "The factual record is completely undeveloped at this point, such that defendant's various issues, such a predominance, ascertainability and overbreadth, cannot properly be evaluated." *Gutierrez v. C&H Sugar, Inc.,* No. 23-CV-03192-SI, 2023 WL 7927771, at *7 (N.D. Cal. Nov. 15, 2023).  Defendants' motion to strike is premature and because they cannot and do not show that there is no set of circumstances that Plaintiffs' class claims will succeed, and accordingly it must be denied.

### III.   <u>FACTS</u>

Roundup derives its carcinogenicity from glyphosate, its active ingredient, though for several decades and still today, Defendants actively work to conceal Roundup's carcinogenic nature. ¶¶ 1-3 ("¶" refers to paragraph numbers in the Complaint, ECF No. 1). Defendants have promoted and funded falsified data; attacked legitimate studies revealing the dangers of Roundup;

mounted a campaign of misinformation to delegitimize the work of scientists attempting to reveal the dangers of Roundup; and made and continue to make representations suggesting that Roundup was, and is, safer than ordinary household items (including, even, table salt). ¶ 6. These statements and misrepresentations have been made with the intent of inducing the purchase and use of Roundup for Defendants' pecuniary gain, and with disregard for and reckless indifference to the safety of those exposed to Roundup. ¶ 6. To date, Defendants maintain "[t]here is an extensive body of research on glyphosate and glyphosate-based herbicides, including more than 800 scientific studies submitted to U.S. or other worldwide regulators in connection with the registration process, that confirm that glyphosate and our glyphosate-based formulated products can be used safely and do not cause cancer." ¶ 5. Many of these purportedly independent research studies, however, were ghostwritten by Monsanto or later discredited for other reasons. ¶ 5. In truth, the scientific consensus is that exposure to Roundup even once more than doubles a person's risk of developing NHL, Plaintiffs and class members included, and Plaintiffs' claims arise from their increased risk of future harm. Plaintiffs allege that the Roundup products contains glyphosate, which is shown to cause increased risk of NHL and other cancers. ¶ 22. Plaintiffs allege that they were exposed to Roundup for periods ranging nine to 19 years, and that far less exposure to Roundup—including a single use—more than doubles a person's risk of developing NHL and other cancers. ¶ 39. And Plaintiffs reference research finding "that Roundup is even more toxic than its active ingredient glyphosate alone," such that Plaintiffs' increased risk is attributable to Roundup. ¶ 42.

Plaintiffs bring this action on behalf of a class defined as: "those individuals who are either citizens or residents of the United States as of September 26, 2023 or who claim exposure to Roundup Products through the application of Roundup Products in the United States and who both (1) have been exposed to Roundup Products twice in the same year through the application of Roundup Products prior to September 26, 2023, and (2) have not commenced an individual, non-class lawsuit or retained counsel for the pursuit of any individual, non-class personal injury, or false advertising claims arising from or relating to such exposure prior to September 26, 2023.

¶ 91.

Plaintiffs allege the common legal issues in the Complaint as follows: (1) whether Roundup can cause NHL in humans (general causation); (2) whether Defendants were aware of the risks posed by use of or exposure to their Roundup products; (3) whether Defendants misrepresented, omitted, concealed, or failed to warn of or disclose material facts regarding the risks of use or exposure to Roundup; (4) whether Defendants' practices related to the funding of research, marketing, labeling, and sale of Roundup were unfair, deceptive, and/or unlawful; (5) whether Defendants' representations that Glyphosate is safe for human use created an express warranty on the Roundup Products; and (6) whether Plaintiffs and Class Members are entitled to recovery of punitive damages and in what amount. ¶ 95.

## IV.   <u>ARGUMENT</u>

### A.   **Choice of law issues do not preclude class certification and are premature to consider on the pleadings.**

Defendants first argue that choice of law issues will make class certification impossible, and thus the Court should strike all class allegations at the pleadings stage. Mot. at 5-7. This is nonsensical. Consideration of choice of law determinations should be deferred to the appropriate time, and even if foreign state law ultimately applies to certain claims, that is no bar to class certification. Resolution of these issues at the pleadings stage, rather than after the benefit of discovery regarding the warranty and marketing practices of the Defendants and briefing on any conflict of law, is inappropriate. Various subclasses based on similar state laws are a common feature of complex, nationwide class litigation. Defendants' motion is thus premature.

Defendants acknowledge that California's choice-of-law rules apply to this case but contend that Plaintiffs bear the initial burden to show that the application of California law nationwide is constitutional on the basis that California has significant contact or significant aggregation of contacts to the claims of each class member. Mot. at 5. Defendants are confused. This issue of choice of law in a class action context is entirely distinct from the issue of the constitutional due process concerns in a class action. "To bind an absent plaintiff concerning a claim for money damages or similar relief at law, the district court is obligated to provide only minimal procedural due process protection." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d

539, 566 (9th Cir. 2019) (cleaned up) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12, (1985). "*Shutts* identified various procedural safeguards that are necessary to bind absent class members, including notice, the opportunity to be heard, the opportunity to opt out, and adequate representation, all of which are present here." *Id*. (quotations omitted).

Defendants argue that, based on the structure of the complaint, Plaintiffs' class action would require applying the law of every state in the country. Mot. at 5. This of course is not true. The structure of the Complaint groups state laws together based on their common features that are typically litigated under subclasses when necessary, like privity requirements in warranty law. And where there is no material conflict between California law and foreign state law, California can apply its law nationwide to claims because Monsanto maintains corporate offices in California through which it engaged in the common course of conduct alleged to have caused harm nationwide, and because California is one of the largest users of Roundup as a state. But this is precisely the type of factual choice of law issue that makes resolving the propriety of class treatment premature based on just the pleadings before proper choice of law and Rule 23 inquiries.

To be sure, courts have emphasized that a detailed choice of law inquiry should be deferred to the class certification stage. "Whether California law differs from the laws of other states in a way that is material to this litigation is not a proper inquiry at the pleading stage." *Valencia v. Volkswagen Grp. of Am. Inc.*, No. 15-cv-00887-HSG, 2015 WL 4760707, at *1 (N.D. Cal. Aug. 11, 2015). Such a "deeply factual inquiry is more appropriately addressed at the class certification stage. . . ." *Id*. Similarly in *Clancy v. Bromley Tea Co.*, the court explained that "a detailed choice-of-law analysis is not appropriate at this stage of the litigation" and that "[r]ather, such a fact-heavy inquiry should occur during the class certification stage, after discovery." 308 F.R.D. 564, 572-73 (N.D. Cal. 2013). The court continued, "[b]ut at this early stage of the litigation, 'it would be premature to speculate about whether the difference in various states' consumer protection laws are material in this case.'" *Id*.

Further, courts have been very clear that the substantive law of a single state can apply to an entire settlement class. *See In re Hyundai and Kia Fuel Economy Litigation*, 926 F.3d 539

PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY AND BAYER CORPORATION'S MOTION TO STRIKE CLASS ALLEGATIONS

(9th Cir. 2019) (subject to constitutional limitations and the forum state's choice-of-law rules, a court adjudicating a multistate class action is free to apply the substantive law of a single state to the entire class . . . Here, no party argued that California's choice-of-law rules should not apply to this class settlement arising from an MDL in a California court.); *see also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190–92 (9th Cir. 2001) (treating state law variations as a subspecies of trial manageability concerns).

Defendants reliance on *McKinney v. Corsair Gaming, In*c., 646 Supp.3d 1133, 1145 (N.D. Cal. 2022), is misplaced because there the court noted that where it had determined that plaintiffs could not bring a nationwide class on the foreign class members' behalf, the court struck the claims without leave to amend, but Plaintiffs had previously had the opportunity to amend their complaint to narrow these claims in light of defendants' prior argument, yet and failed to do so. *Id.* That is not the case here.

Defendants argue that Plaintiffs conceded that out-of-state law applies to various counts alleged in the Complaint because statutory violations from multiple states are listed along with each claim. Mot. at 5. Even though Plaintiffs list out-of-state statutes in the Complaint which may have been violated, Plaintiffs do not concede that application of law other than California where appropriate precludes class certification. Because that is not the law, as discussed below. The Court should deny Defendants' motion to strike because it is premature.

## B. The laws of the foreign states do not materially differ enough to prevent class certification.

Defendants' argument that foreign state laws will govern all non-California class members under a choice of law analysis for every claim here is a lofty legal conclusion without an accompanying argument. Mot. at 5. California law can apply class wide where state laws do not differ or conflict materially with it, and to the extent they do, any such conflicts can be handled with sub-classes addressing the conflicting issue. *See e.g. Ellsworth v. U.S. Bank, N.A.*, No. 12–02506 LB, 2014 WL 2734953, at *21 (N.D. Cal. June 13, 2014) (granting class certification where the relevant "laws of the various states [were] capable of being organized into groups with similar legal regimes"); *Forcellati v. Hyland's, Inc.*, 876 F.Supp.2d 1155, 1159 (C.D.

Cal. 2012) (stating that, "should choice-of-law analysis appear to pose problems at the class certification stage, Plaintiff could seek to certify subclasses of putative class members from individual states or subclasses of class members from groups of states with consumer protection laws that are not materially different"). Defendants implicitly make this point in their briefing by grouping various state laws into categories for the claims raised in the Complaint. Given the handful of issues, discovery may narrow the subgroups of different state laws, given the potential lack of material differences. Courts have concluded that these types of variations in state law do not foreclose class certification if grouping is possible. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 315 (3d Cir. 1998) ("Courts have expressed a willingness to certify nationwide classes on the ground that relatively minor differences in state law could be overcome at trial by grouping similar state laws together and applying them as a unit."); *Forcellati*, 876 F. Supp. at 1159.

Further this choice of law inquiry is premature. *Sinatro v. Barilla Am., Inc.,* 635 F. Supp. 3d 858, 876 (N.D. Cal. 2022) ("the court concludes that it is premature to dismiss the nationwide class allegations at the pleading stage and finds that the [choice of law] issue is more properly addressed at the class certification stage."); *Padilla v. Whitewave Foods Co.,* No. LACV1809327JAKJCX, 2019 WL 4640399, at *17 (C.D. Cal. July 26, 2019)("Here, the development of a factual record during discovery may inform the choice of law analysis"); *Figy v. Lifeway Foods, Inc.*, No. 13-CV-04828-TEH, 2016 WL 4364225, at *6-7 (N.D. Cal. Aug. 16, 2016) (holding that defendant's motion to strike plaintiff's nationwide class consumer protection allegations is premature); *Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2013 WL 5487236, at *16-17 (N.D. Cal. Oct. 2, 2013)( rejecting motion to strike because "briefing on whether subclasses composed of non-resident putative class members would be appropriate has not been presented at this time"). Defendants' motion must be denied.

**C. This Court has personal jurisdiction over out-of-state class members.**

Defendants argue striking the class allegations now is appropriate because Plaintiffs will supposedly never be able to establish personal jurisdiction as to out-of-state class members,

citing *Penikala v. Sergeant's Pet Care Prods., LLC*, 442 F. Supp. 3d 1212, 1214 (N.D. Cal. 2020) (Chhabria, J.) Mot. at 9. Defendants' argument is confused because "the claims of unnamed class members are not implicated in the question of specific jurisdiction in a class action." *Sotomayor v. Bank of Am., N.A.,* 377 F. Supp. 3d 1034, 1038 (C.D. Cal. 2019) (*citing Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 (1985)) (finding a court "may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant").

Federal Rule of Civil Procedure 23 protects the due process of absent class members by requiring repeated adequate notice to them with the option to opt-out of the class at the certification and settlement stage, even when they themselves have no ties to the forum state. "[D]ue process requires that class members be given a single opportunity to opt out of a Rule 23(b)(3) class." *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121–22 (9th Cir. 2018)(citing *Shutts*, 472 U.S. at 812 ("due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court"). Rule 23's requirements that the lead plaintiff fairly and adequately lead the class, that their claims be typical, and that common issues predominate over individual issues, further protect the due process of absent class members. *See e.g. Covillo v. Specialtys Cafe,* No. C-11-00594 DMR, 2013 WL 5781574, at *6 (N.D. Cal. Oct. 25, 2013) (noting Rule 23 requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them.")

Defendants mistakenly argue that the due-process concerns identified by the Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017) precludes this Court's jurisdiction over absent class members and that Plaintiffs have not, and cannot, allege any facts that would create the required "affiliation between the forum and the underlying controversy" for such claims. Mot. at 10. But this is not the law with respect to class actions where Rule 23 controls and protects the due process interests of absent class members. *Bristol-*

*Myers Squibb* was a mass tort case, not a class action, and the due process concerns are entirely different. Defendants' faulty reliance on *Bristol-Myers Squibb* stems from their confused citation to this Court's dicta in *Penikila v. Sergeant's Pet Care* Prod., LLC, 442 F. Supp. 3d 1212, 1213 (N.D. Cal. 2020).

      *Penikala* involved the denial of just this sort of premature motion to resolve class issues where the Court noted "[b]efore certification, the unnamed class members (and their claims) are not before the Court in any real sense." *Penikila v. Sergeant's Pet Care* Prod., LLC, 442 F. Supp. 3d 1212, 1213 (N.D. Cal. 2020) (*citing Smith v. Bayer Corp*., 564 U.S. 299, 313 (2011). Indeed, this Court in *Penikila* rejected arguments about standing and personal jurisdiction noting, "the defendants, in their motion, understandably spent only one sentence on the personal jurisdiction issue, acknowledging that this Court concluded in a prior case that *Bristol-Myers Squibb* does not extend to absent class members." *Penikila*, 442 F. Supp. 3d at 1214) (citing *Patterson v. RW Direct, Inc.*, No. 18-CV-00055-VC, 2018 WL 6106379, at *1 (N.D. Cal. Nov. 21, 2018)). *Bristol-Myers,* has since been confirmed by this Court and others not to apply to class actions. *See e.g. Wallenstein v. Mondelez Int'l, Inc.,* No. 22-CV-06033-VC, 2023 WL 3102555, at *1 (N.D. Cal. Apr. 25, 2023) (Chhabria, J.) ("an application of *Bristol-Myers* to absent class members runs counter to our traditional understanding of the judiciary's authority to adjudicate class actions, and there are good legal arguments for why *Bristol-Myers* should not be applied in this fashion."), *citing Al Haj v. Pfizer Inc*., 338 F.Supp. 3d 815, 820-21 (N.D. Ill. 2018), *Mussat v. IQVIA Inc.,* 953 F.3d 441, 445-47 (7th Cir. 2020); *Lyngaas v. Ag,* 992 F.3d 412, 432-33 (6th Cir. 2021) ("Long-standing precedent shows that courts have routinely exercised personal jurisdiction over out-of-state defendants in nationwide class actions, and the personal-jurisdiction analysis has focused on the defendant, the forum, and the named plaintiff, who is the putative class representative.").

      Plaintiffs in this case are from California, the forum is in California, Monsanto has major corporate offices in California that participated in the creation of fraudulent studies, in the misleading marketing and in making warranties nationwide, and California is one of the largest users of Roundup by state. There are no due process concerns haling Monsanto into court here

and certainly no personal jurisdiction issues in the Rule 23 setting. Defendants' motion to strike must accordingly be denied.

**D.  Plaintiffs will meet Rule 23(a)'s typicality and commonality requirements when appropriately raised on a motion for class certification.**

Defendants argue that Plaintiffs can never meet Rule 23(a)'a commonality and typicality requirements, and so the Court should strike the class. Mot. at 10. This too is wrong. Even if raised at the appropriate time on a motion for class certification, Defendants' arguments are not sufficient to bar class certification. Defendants contend that Plaintiffs, as California citizens who were harmed due to exposure to Roundup under the same set of operative facts regarding Monsanto's fraudulent public representations and warranties about Roundup's safety, nonetheless: (1) lack standing to represent absent class members in other states for claims based on those states' versions of warranty and negligence; (2) lack typicality and commonality with out-of-state plaintiffs because other states' laws differ from California law; (3) lack typicality and commonality because Plaintiffs do not allege diagnosis with NHL or other injuries; and (4) because Plaintiffs will supposedly never be able to show they are typical because they did not purchase all Roundup products and such products vary (different labels etc.). Mot. at 10-12. None of these repetitive bases Defendants provide, even if assumed to be true, are adequate for denying class certification upon a motion at the appropriate time after discovery, let alone to warrant a motion to strike all class allegations at the pleadings stage before any amended complaint has been filed or discovery conducted. Mot. at 10.

First, it is simply not the case that "Plaintiffs cannot be typical or adequate representatives for claims under other states' laws because they lack standing for such claims." Mot. at 10. Defendants acknowledge their contention is not the law, yet waste the Court's time and resources arguing it anyway. *See* Mot. at 11, n.4. Indeed, a named plaintiff can represent class members whose claims arise under the laws of different states because that Plaintiff "does not himself seek to raise a claim under the laws of a different state; rather, he seeks to represent a class member who can raise such a claim." *Patterson v. RW Direct, Inc.,* No. 18-CV-00055-VC, 2018 WL 6106379, at *1 (N.D. Cal. Nov. 21, 2018) (Chhabria J.). *See also, Olean Wholesale*

PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY AND BAYER CORPORATION'S MOTION TO STRIKE CLASS ALLEGATIONS

*Grocery Coop., Inc. v. Bumble Bee Foods LLC,* 31 F.4th 651, 682 (9th Cir. 2022) (where defendant's conduct causes common impact on a class-wide basis establishes injury-in-fact traceable to the defendants and that is redressable by a favorable ruling is sufficient at the class certification stage to establish Article III standing for all class members). Defendants' first basis for claiming a lack of typicality is wrong as a matter of law and must be rejected.

Second, Defendants claim Plaintiffs cannot ever establish commonality, typicality, or adequacy because other states' laws materially differ from California law. Mot. at 11. But this repetitive argument isn't the law either. Regardless of whether certain class claims can and will be litigated exclusively under California law—the state where Plaintiffs reside, purchased and/or used Roundup, and where Monsanto has a corporate office from which it disseminated misrepresentations and warranties about the safety of Roundup—to the extent other state law conflicts with California law and may need to be applied, this Court can adjudicate such state law claims within subclasses as necessary. "Typicality does not require that Plaintiff's claims to be factually identical to the claims of the proposed class members and the requirement may be satisfied by showing that the claims arise from the same course of conduct and are based on the same legal theory." *Keck v. Alibaba.com, Inc.,* No. 17-CV-05672-BLF, 2018 WL 4181955, at *3 (N.D. Cal. Aug. 30, 2018) (*citing Zhu v. UCBH Holdings, Inc*., 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010). Indeed, where discovery may reveal further conduct that applies to the claims, a motion to strike is premature. *Id*.

Third, Defendants argue Plaintiffs are not typical or adequate because they do not allege that they suffered the same injuries as class members. Mot. at 11.  But that has never been a requirement of certification and is no basis to strike class allegations at the pleadings stage of litigation. A "substantially similar" injury between the claims of named plaintiffs and those of unnamed class members is all that is required to satisfy Rule 23 typicality. *Aberin v. Am. Honda Motor Co., Inc.,* No. 16-CV-04384-JST, 2021 WL 1320773, at *6 (N.D. Cal. Mar. 23, 2021).

Fourth, Defendants' argument that Plaintiffs will supposedly never be able to show typicality because they did not purchase all Roundup products and the products vary is also not the law. Mot. at 11-12. A plaintiff may have standing to assert claims for unnamed class members

PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY AND BAYER CORPORATION'S MOTION TO STRIKE CLASS ALLEGATIONS

based on products he or she did not purchase "so long as the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli Chocolate Co.,* 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012).

None of the arguments Defendants have proffered that purportedly defeat Plaintiffs' Rule 23 typicality and adequacy hold water here, even if they were briefed at the appropriate time to consider such issues in response to a motion for class certification. They are premature at this early stage of litigation. Defendants' motion to strike should be denied.

### E. Plaintiffs will establish Rule 23 predominance at the appropriate time on a motion for class certification.

Defendants contend that the proposed claims raise numerous individualized issues that would defeat predominance under Rule 23(b)(3). Mot. at 12. Defendants do not argue specifics, but merely make generalized claims about individual issues existing that could create predominance concerns. But, where liability hinges on common evidence related to Defendants' conduct, variations in state law rarely are grounds for finding a lack of predominance. The Ninth Circuit in *Jabbari v. Farmer* summarized the law:

> In *Hanlon v. Chrysler Corp.*, we affirmed the district court's certification of a settlement class asserting various consumer protection causes of action without requiring a choice-of-law analysis. 150 F.3d 1011, 1023–24 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). We held that variations in "products liability, breaches of express and implied warranties, and 'lemon laws'" across the states did not defeat predominance because "there were still sufficient common issues to warrant a class action, particularly questions of Chrysler's prior knowledge of the latch deficiency, the design defect, and a damages remedy." *Id*. at 1022–23. A conclusion as to which state's law applied was not necessary to the predominance determination in that case because the law of each state at issue shared common questions that were central to the resolution of the claims and capable of resolution in one fell swoop.

965 F.3d 1001, 1006 (9th Cir. 2020); *See also, In re LILCO Sec. Litig.,* 111 F.R.D. 663, 670 (E.D.N.Y. 1986) ("Without doubt, *Shutts* does not require us to apply the law of each state in which the plaintiffs reside nor does it prohibit the application of one state's law to all plaintiffs,

regardless of residence. Defendants, therefore, misread *Shutts* when they argue that this Court may be forced to consider the law of all fifty states."); *In re Prudential Ins. Co.*, 148 F.3d at 315 (rejecting a defendant's argument that predominance is defeated because the laws of the fifty states are applicable to plaintiffs' claims).

No steps are taken here by Defendants to engage in the Rule 23 predominance inquiry substantively or otherwise weigh the efficiencies of litigating common issues of law and fact for each class claim in this matter, as is the norm at class certification. Defendants merely conclude a lack of predominance and therefore that all class allegations must be stricken. Mot. at 12-14. But the existence of individual factual or legal issues does not preclude predominance. *See Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 4181955, at *3 (N.D. Cal. Aug. 30, 2018). Class certification is only appropriate after it is clear which claims Plaintiffs will be litigating and under which law, and only after adequate discovery into Defendants' continued common course of conduct. This inquiry is premature before even establishing the claims going forward in this litigation. "Understanding which law will apply before making a predominance determination is important when there are variations in applicable state law." *Zinser v. Accufix Rsch. Inst.,* Inc., 253 F.3d 1180, 1189 (9th Cir.), opinion amended on denial of reh'g, 273 F.3d 1266 (9th Cir. 2001).

First, Defendants argue that each plaintiff will have been exposed to different types of Roundup products with varying circumstances of use, different time periods, resulting in an individualized showing of causation and injury. But such variation is not a bar to class certification. Individual variations in causation standards are no bar to class certification and no reason to strike Plaintiffs class allegations here. *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, No. 2:17-CV-07223-JWH-AS, 2023 WL 4191651, at *18 (C.D. Cal. May 24, 2023) ("even if individualized questions of fact did outnumber common ones on the question of but-for causation, the bulk of the questions raised by Plaintiffs' civil RICO claims would be resolved with common evidence."); *See also*, *Miller v. Ghirardelli Chocolate Co.,* 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (plaintiffs can assert claims for unnamed class members based on products he or she did not purchase so long as the products

PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY AND BAYER CORPORATION'S MOTION TO STRIKE CLASS ALLEGATIONS

and alleged misrepresentations are substantially similar); *Hanlon v. Chrysler*, 150 F.3d 1011, 1017, 1022 (9th Cir. 1998) (certification of Rule 23(b)(3) nationwide settlement class of car owners alleging violations of various state consumer laws, holding that common questions as to the defendant's knowledge and the existence of the problem predominated, notwithstanding "variations in state law.").

Second, Defendants argue courts "often" deny certification of medical-monitoring classes, which is enough to warrant striking these class action allegations including, Mot. at 13. But this is just an admission that this motion to strike is premature because it admits a set of circumstances exist where such classes are appropriately certified. Defendants argue that each class member will have different pre-existing conditions and exposure profiles that may bear on the causation analysis. But this is not a bar to class certification a medical monitoring class. *See e.g., O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 331 (C.D. Cal. 1998) ("The Court, therefore, finds that there are key issues of fact or law, including Defendants' liability for their course of conduct' at the Rocketdyne Facilities and whether Defendants' alleged releases of hazardous substances have placed the Medical Monitoring Class at a potentially increased risk of health problems, that do not vary from class member to class member, thereby satisfying the commonality prerequisite for class certification."); *Yslava v. Hughes Aircraft Co*., 845 F. Supp. 705, 713 (D. Ariz. 1993) (certifying medial monitoring class). Medical monitoring programs do not necessarily require the court to inquire into the individual causation issues in exposure claims because "medical monitoring programs assume and compensate for the fact that individuals exposed to hazardous chemicals have a wide variety of variables which will determine their reaction to chemicals." *O'Connor v. Boeing,* 184 F.R.D. at 338.

Next, Defendants point to reliance as causing predominance issues. Mot at 14. They claim individualized reliance requires individualized analysis "in the majority of the states for the breach-of-express-warranty and fraudulent-concealment claims, and in many states for consumer-protection and false advertising claims." But as Defendants appears to implicitly concede, there is a sub-class of Plaintiffs from states where individual reliance is not required. *See In re ConAgra Foods, Inc*., 90 F. Supp. 3d 919, 1007 (C.D. Cal. 2015), aff'd sub nom.

*Briseno v. ConAgra Foods, Inc.,* 674 F. App'x 654 (9th Cir. 2017), and aff'd sub nom. *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121 (9th Cir. 2017) (Implied warranty class certified because reliance and privity are not required elements of an implied warranty claim).

Finally, Defendants argue differences in the statute of limitations among states is a bar to a finding of predominance and class certification. Mot. at 14-15. This argument ignores Plaintiffs allegations of ongoing fraudulent concealment. ¶¶ 83-89. Defendants continue to sell as much Roundup as they can, citing studies they know are compromised in continuing to misrepresent to the public that Roundup is safe to use. ¶¶ 85-86. Moreover, even when raised at the appropriate time, state variations in statutes of limitations are not a basis to preclude class certification. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 565 (9th Cir. 2019). If they were they would be subordinate to this Federal Judiciary's ability to control its own class action procedures. *Id.* (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*, 559 U.S. 393, 398–99 (2010) (explaining that if a proposed class meets Rule 23's criteria, state law procedural variations cannot prohibit certification).

### F.  Plaintiffs' proposed class is not fatally overbroad.

Defendants last argue that Plaintiffs' proposed class is fatally overbroad because it ostensibly improperly includes members of two previous settlement classes. Mot. at 15. Plaintiffs have not yet proposed a class to certify to this Court under Rule 23. Again, courts generally review class allegations and definitions through a motion for class certification. *Velasquez v. HSBC Fin. Corp.*, No. 08-4592 SC, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009). To the extent certain recent settlement classes should be excluded from any class certified in the instant case, it is not a basis to strike all class allegations on the pleadings.

### V.    CONCLUSION

For all the above reasons, the Court should deny Defendants motion to strike Plaintiffs' class allegations.

Dated: January 12, 2024

Respectfully Submitted,

**JOSEPH SAVERI LAW FIRM, LLP**

By:  */s/ Christopher K. L. Young*
       Christopher K. L. Young

Joseph R. Saveri (SBN 130064)
Christopher K. L. Young (SBN 318371)
David W. Lerch (State Bar No. 229411)
Itak K. Moradi (SBN 310537)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
       cyoung@saverilawfirm.com
       dlerch@saverilawfirm.com
       imoradi@saverilawfirm.com

Robert L. Lieff (SBN 37568)
P.O. Box A
Rutherford, CA 94573
rlieff@lieff.com

*Attorneys for Plaintiffs*