Jennifer A. Moore (SBN: 206779)
jennifer@moorelawgroup.com
**MOORE LAW GROUP, PLLC**
1473 South 4th Street
Louisville, KY  40208
Telephone: (502) 717-4080
Facsimile: (502) 717-4086

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | Hon. Vince Chhabria<br><br>**MOORE LAW GROUP, PLLC'S OBJECTION TO FEE COMMITTEE'S PROPOSED ALLOCATION OF COMMON BENEFIT FUNDS** |

It is undisputed that the *Hardeman* verdict was a pivotal turning moment in the Roundup MDL that greatly benefitted all plaintiffs and led to thousands of cancer victims finally receiving justice.  Indeed, the Court recognized that the work on *Hardeman*, in part, "helped pave the way for substantial settlements for other MDL plaintiffs…"  [Dkt. 13192 at 28.]  Likewise, the Fee Committee applauded the work of trial counsel in *Hardeman* stating,

> [t]here is no question that the *Hardeman* verdict was critical to the success of the litigation and greatly benefitted all MDL plaintiffs.  As the only bellwether trial in the MDL, the *Hardeman* trial proceedings served as a guidepost for future federal trials and resulted in substantial work product, including critical evidentiary and admissibility rulings from the Court.  There was undoubtedly a "salutary rippling effect" that the *Hardeman* verdict had on the other MDL cases.

[Dkt. 17817 at 12.]  To be clear, there were two attorneys who tried *Hardeman*: Jennifer A. Moore and Aimee Wagstaff.  In addition to trying the only bellwether trial in the MDL, Ms. Moore also spent over a year actively engaged in settlement negotiations for thousands of cancer victims including clients of multiple court-appointed leadership firms in the MDL and non-leadership MDL firms.  Both Ms. Moore's trial and settlement work had a significant impact on

all cases in the MDL and led to Monsanto finally being held accountable in a court of law.[1] While acknowledging Moore Law Group's significant role for all plaintiffs, the Fee Committee proposed only 6% allocation to Moore Law Group but awarded themselves 81%. Moore Law Group respectfully objects.

This Objection is not personal nor meant to be critical of any other firm's work. This Objection is about how to fairly redistribute the funds amongst those firms who brought great value to all MDL plaintiffs. To be clear, Moore Law Group believes strongly that each of the seven law firms who applied for compensation from the Fund contributed to the success of this MDL and should be recognized and fairly compensated for such work. However, such compensation should be fairly redistributed taking into consideration the factors outlined by the Special Master, not merely totaling up the number of hours and assigning an hourly rate but instead examining the qualitative contribution of the firm. The Fee Committee's proposed redistribution would result in two firms (Wagstaff and Moore) contributing a large portion of the Fund but only being allocated a small percentage of their contribution, i.e., their fees (along with other non-leadership firms) are being redistributed to the other five firms especially the *Hardeman* verdict. For example, Moore Law Group contributed $2,956,204.43 to the Common Benefit Fund ("Fund") and $428,585.37 of its *Hardeman* fee was paid into the Fund for a total of $3,384,789.80. Despite this, the Fee Committee believes that it would be appropriate to redistribute approximately $2.3 million of fees earned by Moore Law Group to themselves. This does not comport with fairness or the law. *See In re Vioxx Prods. Liab. Litig.,* 802 F. Supp.2d 740, 773 (E.D. La. 2011) ("…**trials and the preparation involved therein played a substantial role in creating an environment in which settlement could be spawned, birthed, and nurtured. Therefore, in this case the attorneys who took up the cudgels and participated in those trials deserve an appropriate recognition for their efforts.** To simply total the hours spent, apply an appropriate lodestar factor, and allocate the fee on that basis alone would not be appropriate in this case.") (emphasis added).

---

[1] For further details of Moore Law Group's significant contributions to the MDL, please refer to the firm's application submitted to the Special Master and Fee Committee on December 5, 2023.

An examination of the factors outlined by the Special Master does not support such a redistribution. These factors include: "(1) the results obtained for a particular task, (2) the difficulty of the task performed, (3) the skill required to perform the task, (4) the time, labor and financial resources involved in the task, and (5) the contribution of the task to the advancement of the litigation." [Dkt. 17367 at 3.] The Special Master continued by explaining that "[t]he number of hours billed may be considered, but multiplying a number of hours by an hourly rate is not the best way to assess the quality of work or the value it conferred. Work performed on key factual and legal issues will likely be the best determiner of a firm's contribution to the advancement of the MDL." [Dkt. 17367 at 4.]

The Fee Committee acknowledged the immense role Moore Law Group played in the MDL when it examined the factors and concluded that common benefit should be awarded to Moore Law Group; however, the proposed allocation does not comport with the analysis.

**Special Master Factors:**

**1. Results Obtained for a Particular Task**

The Fee Committee focused on Moore Law Group's role as trial counsel in obtaining the $80 million *Hardeman* verdict noting that "a defense verdict would have been detrimental to securing any reasonable settlement of MDL cases." [Dkt. 17817 at 12.] This cannot be overstated. Prior to the *Hardeman* verdict Monsanto had never made a settlement offer to any plaintiff. There is no question that Moore Law Group's work as trial counsel in *Hardeman* paved the way for settlements for all MDL plaintiffs. In fact, Jennifer A. Moore negotiated the first ever Roundup settlement in early 2020 and spent the year following the *Hardeman* verdict negotiating directly with Monsanto's in-house counsel attempting to secure a global settlement. Ultimately, she negotiated settlements on behalf of thousands of cancer victims, not just those represented by Moore Law Group. While not officially in MDL leadership, Monsanto engaged directly with Ms. Moore to secure settlements for multiple law firms. The Fee Committee is intimately aware of Ms. Moore's role regarding settlement as Ms. Moore led negotiations for four of the firms in court-appointed leadership, among other non-leadership law firms.

### 2. Difficulty of the Task Performed

The Fee Committee noted that "Monsanto mounted a robust defense and were represented by some of the best attorneys in the country." [Dkt. 17817 at 12.] No question this is true. It should also be noted that the Court bifurcated the trial, making the task of winning even more difficult. Moore Law Group never shied away from trying the case. Two other leadership firms declined Ms. Wagstaff's request to serve as trial counsel. Ms. Moore chose not to sit on the side lines but to take on the fight and drop everything including moving cross country for months.

### 3. Skill Required to Perform the Task

The Fee Committee also recognized that it required "trial skill and substantial preparation" to obtain a plaintiff's verdict. [Dkt. 17817 at 12.] Roundup trials are not easy as proven by Monsanto's 10-trial winning streak. Ms. Wagstaff sought Ms. Moore out to try the case because of her trial experience of nearly 20 years at the time.

### 4. Time, Labor and Financial Resources Involved in the Task

By dropping all other work from November 2018 to April 2019, Ms. Moore did so at great peril to her new law firm as well as personal sacrifice. Once case specific Daubert hearings began in early February 2019 she did not go home again until April 2019. She then returned a week later to assist with expert preparation in the *Pilliod* case and worked on that trial. None of that time was included in her hours. Ms. Moore also continued to work past April 2019 on Roundup, in particular on the post-judgment motions and appeal in *Hardeman*, which took another two years, and leading settlement efforts including attempting a global settlement. Ms. Moore signed on to try *Hardeman* knowing that zero money had ever been paid, or offered, in a Roundup case. But she knew it was the right thing to do for the clients and this trial had to be won for the future of the entire litigation and all plaintiffs, not just those in the MDL. Not many law firms would take on such a risk. In fact, two other court-appointed leadership firms had declined.

**5. Contribution of the Task to the Advancement of the Litigation**

The Fee Committee concluded that "Moore Law's contribution in *Hardeman* unquestionably advanced this litigation." [Dkt. 17817 at 12.]  That said, the proposed percentage is not in line with the substantive and critical role Moore Law Group contributed to the MDL as a whole, both as trial counsel and also leading settlement negotiations to the benefit of thousands of cancer victims represented by multiple MDL leadership and non-leadership firms.

## CONCLUSION

As the Court referenced in PTO 236, "perhaps all or most of the money will be sent back to the people who were subject to the holdback."  This is likely the simplest solution and minimizes the additional effort and time that needs to be spent in holding back money and figuring out how to redistribute it.  If the Court is still inclined to redistribute attorney compensation, Moore Law Group respectfully asks that the substantive value of the Firm's work and contribution be fairly considered and that the percentages be adjusted as this Court sees fit. Moore Law Group submits 6% does not adequately account for the Firm's significant contribution that benefitted all plaintiffs.

Dated:  February 9, 2024                                         **MOORE LAW GROUP, PLLC**

By:    Jennifer A. Moore
       Jennifer A. Moore (SBN 206779)
       MOORE LAW GROUP, PLLC
       Jennifer@moorelawgroup.com
       1473 South 4th Street
       Louisville, KY  40208
       Telephone: 502-717-4080

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of February 2024, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Jennifer A. Moore