UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Perez-Hernandez et al. v. Bayer Aktiengesellschaft et al.,* Case No. 23-cv-04946-VC | **ORDER REGARDING MOTION HEARING** |
| | Re: Dkt. Nos. 17566, 17567, 17568 |

At the motion hearing this Thursday, February 15, the parties should be prepared to discuss the following in addition to the arguments raised in the briefing:

1. If the Court were to find venue improper and transfer the case to the Central District of California, wouldn't the case ultimately be transferred back here by the JPML? If that's so, would it be more efficient for Defendants to waive their venue arguments so the case could proceed here immediately? If Defendants just want the option to have their case tried in the Central District (as would be their right under *Lexecon* if the case were transferred here by the JPML) is there a way for that right to be preserved without the pointless delay that would occur while the case ping-ponged between districts? *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

2. Do the problems that underlay the Court's rejection of the proposed class settlement in *Ramirez et al. v. Monsanto Co.*, No. 19-cv-02224-VC, show that class certification will be impossible here? *See* Pretrial Order. No. 235, Dkt. No. 13115. Of course, the Court rejected the *Ramirez* settlement primarily because the terms of the deal were

not fair or adequate. But arguably the flaws in the deal followed from features of the proposed class that would have also made it ill-suited to certification. For example, wouldn't there be insurmountable issues with a class that included both plaintiffs who currently have NHL (or other diseases they might allege were caused by Roundup) and plaintiffs who were only exposed to Roundup but are otherwise healthy? Or a class that included individuals with varied levels of exposure to Roundup? Won't there be inherent difficulties with class notice conducted "mostly by advertisement"—as it inevitably would be—"for a massive, diffuse, and largely transient population of people who have not gotten sick and may not even know of their exposure"? Pretrial Order No. 235 at 5.

**IT IS SO ORDERED.**

Dated: February 12, 2024

_____
VINCE CHHABRIA
United States District Judge