UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>Hon. Vince Chhabria |

**FEE COMMITTEE'S REPLY TO WISNER BAUM'S OBJECTION TO THE PROPOSED ALLOCATION OF COMMON BENEFIT FUNDS**

In its objection to the Fee Committee's proposed recommendation, Wisner Baum ("WB") advocates for a higher percentage of the common benefit fee and defends the firm's time estimates submitted in support of its Common Benefit Fee Application ("CB Application"). WB states that it "does not understand or appreciate how the MDL Co-Leads decided, without consultation, to divvy up the CBF – nor does WB understand how its contribution could be so easily discounted." The Fee Committee (RFC) will take this opportunity to provide further clarification regarding its fee determination as it applies to WB.

**1. The RFC's Consideration of WB's Time Estimates**

WB views the RFC's statements addressing its estimated MDL-related attorney hours as an "attack." It was not the intent of the RFC to levy an attack on WB (or any of the firms submitting common benefit applications). Rather, the members of the RFC acknowledge WB's importance and contribution to the litigation and recommend that WB receive an allocation of the common benefit fund, despite its failure to comply with the time keeping requirements of PTO 12.

To be clear, under no scenario does the RFC believe it would be equitable to completely deny WB a common benefit allocation.  However, the fact remains, that the failure to provide

contemporaneous time records[1] prevents the RFC, Special Master, and the Court from determining whether WB estimated time would be considered "MDL-related" under the strict criteria identified by the Court and Special Master Foster. WB's CB Application notes that "the vast majority of the common benefit work" was on liability and causation work which was "equally applicable to state and federal court" and provides a Venn Diagram showing the significant overlap. Dkt. No. 17898; WB's Objection, Ex. A at 3. The RFC believes that Mr. Wisner made a good faith estimate of WB's hours in the nationwide Roundup litigation. However, in discharging its responsibilities from Special Master Foster and the Court, the RFC expressed doubt, based on its own contemporaneous time records, whether all this time was ***MDL-related*** under the same considerations applied to the other applicants.

In its objection, WB argues that even if "50% of WB's estimated hours are wrong", they would still have more hours than two of the Co-Leads (Miller Firm and Weitz & Luxenberg). The RFC did consider WB's estimates in relation to other common benefit counsel. The Miller Firm (TMF) was seen as an appropriate comparison. Like WB, TMF was co-lead counsel in the first two state court trial cases, was tasked with running the coordinated California JCCP litigation, and had most of their cases filed outside the MDL. TMF initially submitted, pursuant to PTO 12, approximately 25,000 hours of contemporaneous time records relating to their work in the Roundup litigation, however, once state-related work was removed, the submitted MDL-related time was 10,795.85.[2] In other words, 57% of TMF's submitted hours were not considered MDL-related under

---

[1] WB takes issue with the RFC's failure to address its offer to reconstruct timesheets for its MDL work. The RFC did consider this offer but decided that reconstructed timesheets for work completed 5 to 8 years ago would merely represent estimates cloaked with an illusory indicia of reliability. See Lehr v. City of Sacramento, No. 2:07-cv-01565-MCE, 2013 WL 1326546 at *10 (E.D. Cal. Apr. 2, 2013)("the reliability of such reconstructed billing records is inherently suspect.").

[2] WB complains that the "notion that the work in the state court trials was unrelated to the MDL is specious." WB Opp. at 5. It's worth noting that the removal of work on state court trials also negatively affects the MDL Co-Leads. And significantly so.

the Court's guidelines. This is true even though TMF took the lead on 13 general liability fact witnesses (Monsanto and third part witnesses) lasting 17 total days – more than WB took -- retained more general and case-specific expert witnesses than WB, spent more time reviewing and identifying key liability documents than any other common benefit counsel, and was lead counsel in the second Wave 1 bellwether case scheduled for trial.[3] Additionally, WB's estimated MDL-related hours for 2020, 2021 and 2022 (a total of 5,880 hours) exceed the combined totals for all 3 Lead Counsel in each of those years.[4]

Once again, the RFC does not contest that WB made a good faith effort to estimate its total time spent on Roundup litigation nationwide. The RFC's problem lies in the inherent unreliability of estimating time records without contemporaneous reporting. This is precisely why the Court required the submission of contemporaneous time records in the first place.

The RFC not only concedes that "there is no legal prohibition on awarding common benefit fees to an applicant who fails to submit contemporaneous hours," it recommends that WB *should* receive compensation even though PTO 12 mandates that "All time must be authorized and accurately and contemporaneously maintained" and "Time entries that are not sufficiently detailed may not be considered for common benefit payments." WB's contribution to the MDL was not "easily discounted" by the RFC, but the RFC cannot ignore PTO 12 in considering WB's common benefit fee application. Thus, the RFC reduced the recommended fee percentage for WB because contemporaneous time records were not kept and timely provided to leadership. Applying such a reduction is consistent with how courts typically handle attorney fee determinations for firms that have failed to submit time records. *G & G Closed Cir. Events, LLC v. Brews & Brats, Inc.,* No. 22-

---

[3] Approximately 2,000 of TMF's hours were directly related to matters specific to their Wave trial case(s).
[4] It is the RFC's understanding that WB settled its Roundup docket in September 2020 and, therefore it is believed that the vast majority of WB's time in 2021, 2022 (and the latter half of 2020) relate to the administration of its settlement and/or cases that remained pending in state court.

CV-02714-SI, 2023 WL 4239295, at *2 (N.D. Cal. June 27, 2023)(reducing requested fee award by more than 60% for the failure to keep contemporaneous time records); *Freedom Mortg. Corp. v. McLain*, No. 23 CV 1309 (FB)(LB), 2023 WL 8473948, at *8 (E.D.N.Y. Oct. 12, 2023)(recommending fees should be reduced by 50% for failure to provide contemporaneous time records); *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984)(finding that a failure to keep contemporaneous time records should result in a "substantial reduction in any award.").

Prior to finalizing its proposed submission, the RFC invited every applicant to participate in a zoom meeting where the RFC shared its proposal and answered any questions or concerns about the process. During these conversations (which occurred twice with WB via telephone), WB stated that it did not object to the 10% allocation. In finalizing its proposed allocation, the RFC analyzed all the submitted common benefit applications and attempted to apply the Special Master's criteria equally to all firms pursuant to the relevant case law governing fee distributions. The RFC agrees that, together with Co-Lead Counsel, no other firm contributed more to the common benefit of the MDL than WB. Indeed, this is reflected in the RFC's proposed allocation, even with a reduction for the lack of time records.

Date: February 16, 2024						Respectfully submitted,

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg, PC
700 Broadway
New York, NY 10003

/s/ Aimee Wagstaff
Aimee Wagstaff
awagstaff@wagstafflawfirm.com
Wagstaff Law Firm
940 Lincoln Street
Denver, CO 80203

/s/ David Dickens
David Dickens
ddickens@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960

*Co-Lead Counsel and Roundup Common Benefit Fee Committee*

5
FEE COMMITTEE'S REPLY TO WISNER BAUM'S OPPOSITION

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of February 2024, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Aimee Wagstaff*