
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>Hon. Vince Chhabria |

### FEE COMMITTEE'S REPLY TO MOORE LAW GROUP, PLLC'S OBJECTION TO THE PROPOSED ALLOCATION OF COMMON BENEFIT FUNDS

Moore Law Group, PLLC ("Moore Law") objects to the Fee Committee's ("RFC") proposed allocation and, instead, asks the Court to return the held back funds to the firms that were subject to the holdback.[1] This position is understandable considering the number of common benefit hours submitted by Moore Law (1,477 hours) in comparison to the amount of fees subject to the holdback ($3,384,789.80). *See* Dkt. 17899; Moore Law's Objection at 2 Moore Law argues, without support, that a redistribution of these fees to other common benefit counsel does not "comport with fairness of the law." Id. at 2. But the opposite is true. "In the context of common funds, to otherwise compensate an attorney for time that did not advance a collective benefit would allow that attorney to obtain full benefit from a productive party's efforts, thereby 'enrich[ing] [her] ... unjustly' at another's expense." *In re Syngenta AG MIR 162 Corn Li-tig.*, 61 F.4th 1126, 1195–96 (10th Cir. 2023); citing Mills, 396 U.S. at 392; *see also In re Bard IVC Filters Prod. Liab. Litig.*, 603 F. Supp. 3d 822, 831 (D. Ariz. 2022), aff'd 81 F. 4th 897 (9th Cir. 2023)(holding that an MDL "necessarily requires the power to assure reasonable compensation for the efforts of lead counsel.").

---

[1] Alternatively, Moore Law seeks a higher percentage of the funds if the Court does redistribute the funds to common benefit counsel.

The RFC does not dispute that Moore Law has earned a portion of the common benefit funds due to her role in the *Hardeman* trial. Indeed, Moore Law is the only law firm who receives a positive lodestar with a multiplier under the RFC's recommendation. For the reasons highlighted in its proposal, the RFC believes that 6% of the held back funds is an appropriate allocation for Moore Law. The fact that Moore Law is initially paying more into the Fund than it is getting out does not justify dispensing with the common benefit doctrine in this litigation[2]. Rather, it highlights the benefit Moore Law Group received from the work done prior to her involvement in the litigation.

**1. The RFC's Recommendations are Not Based on a Lodestar Calculation**

The RFC did not arrive at its proposed allocation by "merely totaling up the number of hours and assigning an hourly rate." Dkt. No. 17899 at 2. Rather, the RFC considered each firm's contribution to the MDL, pursuant to the factors outlined by the Special Master, and then used the lodestar as a cross-check to confirm the reasonableness of the award. This is the typical procedure used by courts to determine a proper fee award in a common benefit case. *Suarez v. Bank of Am., Nat'l Ass'n,* No. 18-CV-01202-LB, 2024 WL 150721, at *3 (N.D. Cal. Jan. 11, 2024)("If the court applies the percentage method, it then typically calculates the lodestar as a "cross-check to assess the reasonableness of the percentage award.").

The common benefit work submitted by Moore Law for consideration (other than 5 hours) was tied to its role as trial counsel in *Hardeman* from November 2018 and July 2019. Prior to Moore Law's common benefit work, most of the critical documents/trial exhibits had been identified, the general fact and expert depositions were completed, general and case-specific expert

---

[2] The amount paid into the Fund is not determinative. However, to put it in perspective, even with the RFC's proposal, Co-Lead Andrus Wagstaff/Wagstaff Law Group falls in this same category of paying more into the Fund than it is getting out. And, when considering the Ken Feinberg payments made for the MDL plaintiffs, Co-Lead Counsel The Miller Firm and Weitz & Luxenberg are also paying more into the Fund than they are getting out. Under the RFC's proposal, Andrus Anderson and Wisner Baum would receive more money than they paid into the Fund.

witnesses were retained, the Court had denied Monsanto's Daubert motions, and the first state court Roundup NHL trial was completed. While everyone agrees that Moore Law's trial work in *Hardeman* was critical to the success of the litigation, it is equally true that a large amount of the *Hardeman* work which inured to the common benefit of all MDL plaintiffs was completed before Moore Law's involvement in the case. Furthermore, Moore Law did not front any litigation costs and was not responsible for the payment of expenses in *Hardeman*.

This is not to say that Moore Law's trial work should not be recognized and rewarded as one of the factors that "opened the floodgates for settlement." Dkt. 13192; PTO 236 at 27. It is for this reason that the RFC recommends that Moore Law receives up to 6 times more than other firms with similar common benefit hours, even though her common benefit work spanned the course of 9 months (compared to 7 years). The RFC submits that the proposed allocation to Moore Law comports with its analysis as to the firm's role in the MDL. Indeed, Moore Law is receiving the highest lodestar of any common benefit counsel.

2. **The Total Fees Paid by Moore Law to the Fund Actually Supports Why There Should be a Redistribution of Common Benefit Funds.**

It's clear from Moore Law's Objection that the firm was able to turn its trial success in *Hardeman*, which necessarily relied on the years of common benefit work that preceded the trial, to tremendous gains. Based on the contribution amounts that Moore Law includes in its Objection, the total attorney fees earned for the Moore Law cases was more than most of MDL Leadership. And these fees were earned without: (1) having to pay any common benefit assessment to pay for general expenses and costs; (2) issuing general discovery or obtaining access to the document repository; (3) retaining any expert witnesses; or (4) taking any fact or expert witness depositions. Further, while the leadership firms dedicated their entire professional lives to the Roundup litigation from 2015-November 2018, Moore Law was free to pursue other projects during that time.

In addition to its trial work in *Hardeman*, Moore Law also highlights its role in securing settlements on behalf of multiple firms. Upon best information, those law firms hired Moore Law as settlement counsel and shared a percentage of their contingency fee interest in those individual cases. The RFC is certainly aware of Moore Law's efforts to reach a large settlement for a group of specific law firms that had hired Ms. Moore as settlement counsel. Although that settlement did not materialize, the RFC does not question that her efforts helped pave the way for future settlements[3]. But the same can be said of other firms and attorneys in MDL Leadership. The mere fact that Moore Law settled MDL cases filed on behalf of other law firms does not, in and of itself, justify a higher percentage especially when Moore Law received a portion of fees in those cases.

Moore Law believes that all the common benefit counsel "should be recognized and fairly compensated for such work." Dkt. No. 17899; Moore's Obj. at 5. Simply sending back the money "to the people who were subject to the holdback" would not *fairly* compensate all common benefit counsel. *Id*. at 5.

Moore Law contributed to the advancement of this MDL. There is no question about that. But Moore Law also greatly benefitted from the thousands of hours of common benefit work that was done before it had any involvement in this MDL; without which there would be no Hardeman verdict or future settlement. The RFC went to great lengths to fairly apply the Special Master's criteria to all of the applicants and, in doing so, awarded Moore Law a lodestar that exceeds all others, including their won. The 6% recommendation adequately accounts for Moore Law's contribution under the totality of the circumstances.

---

[3] Moore Law Group did not submit hours related her to settlement efforts, so it is difficult to know whether those efforts were for state court plaintiffs or federal plaintiffs.

Date: February 16, 2024

Respectfully submitted,

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg, PC
700 Broadway
New York, NY 10003

/s/ Aimee Wagstaff
Aimee Wagstaff
awagstaff@wagstafflawfirm.com
Wagstaff Law Firm
940 Lincoln Street
Denver, CO 80203

/s/ David Dickens
David Dickens
ddickens@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960

*Co-Lead Counsel and Roundup Common Benefit Fee Committee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of February 2024, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Aimee Wagstaff