UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Kapolnek v. Monsanto Co.*, Case No. 18-cv-04014-VC<br><br>*Plazak v. Monsanto Co.*, Case No. 21-cv-04927-VC<br><br>*Sundaraj v. Monsanto Co.*, Case No. 21-cv-00239-VC | Hon. Vince Chhabria |

**LEAD PLAINTIFFS' COUNSEL'S RESPONSE TO THE COURT'S FEBRUARY 13, 2024 ORDER REGARDING STIPULATIONS TO REMAND CASES**

On January 29, 2024, joint stipulations were filed by the plaintiffs in the above-captioned cases and Monsanto seeking remand of the cases back to the Circuit Court of Cook County, Illinois for the purpose of effectuating a settlement. The Court requested to hear from Lead Plaintiffs' Counsel on "whether the Court has authority to remand a case which there is indisputably federal jurisdiction simply because the parties stipulate a return to state court." Dkt. No. 17905. Lead Plaintiffs' Counsel hereby submit the following response:

**I.   Most Federal Courts Considering Post-Removal Agreements to Remand Have Concluded that the Parties Consent Alone Does Not Provide a Proper Basis for Remand, However, There Appears to be No Binding Authority Preventing Remand.**

The underlying actions were initially filed in Illinois state court against defendant Monsanto Company ("Monsanto") seeking damages for injuries suffered by Illinois residents following their exposure to Roundup. Monsanto removed the individual actions to federal court based on diversity of citizenship and the cases were transferred to this MDL. The parties do not appear to contest that there is complete diversity of citizenship or that the statutory amount-in-controversy requirement of

1

LEAD PLAINTIFFS' COUNSEL'S REPSONSE TO ORDER REGARDING STIPULATIONS TO REMAND CASES

28 U.S.C. § 1332 is satisfied. Thus, as the Court noted in its Order, there is "indisputably federal jurisdiction" over each of the three individual cases.[1]

"Where the parties agree that a case should be remanded to state court, courts have generally looked beyond the parties' request to determine whether there was a basis for granting the remand" and "deny joint motions for remand where there is no independent basis for the request." *Mctaggart v. Lewis Tree Serv., Inc.*, No. 5:13-cv-187, 2014 WL 12873048 at *2 (M.D. Fla. Mar. 26, 2014); *Howell v. Fastbuy, Inc*., No. 2:22-cv-2366, 2023 WL 2483766 at *2 (S.D. Ohio Feb. 21, 2023) (finding that the parties consent to remand "standing alone, is not enough to grant the pending motion."); *Johnson v. Jumelle*, 359 F. Supp. 361, 363 (S.D.N.Y. 1973); *Colarulo v. Walmart, Inc.*, No. 21-cv-6693, 2021 WL 4428279 at *1 (D.N.J. Sept. 27, 2021) ("the parties cannot unilaterally consent to the remand of the case when the Court….continues to have subject matter jurisdiction over the action."); *Lawrence v. Fairfield Processing Corp.*, No. 22-cv-00985, 2022 WL 10423622, at *2 (E.D. Mo. Oct. 18, 2022) ("So in a properly removed case, subject-matter jurisdiction is a beast that parties, wielding joint motions for remand like steely knives, just can't kill."); *Carlson v. Yohn Co.*, No. 18-cv-3030, 2018 WL 11541978 at *1 (N.D. Iowa Dec. 7, 2018) (collecting cases).

Some district courts, however, have remanded cases to state court upon stipulation of the parties. In *Thompson v. Target Corp.*, the Central District of California, "the ultimate issue before the Court [was] whether it maintains the authority to remand an action, in which it previously

---

[1] Co-Lead Counsel is not privy to information regarding the specific terms of each settlement. It is possible that the settlement value of each case does not exceed the amount-in-controversy requirement for diversity jurisdiction ($75,000). An Affidavit attached to the underlying complaints states that the "total of money damages sought by plaintiff does exceed $50,000.00, exclusive of interest and costs." *See Plazak v. Monsanto Company*, No. 21-cv-004927, Dkt. No. 1-1 at 35. If plaintiffs stipulated, post-removal, that relief does not exceed $75,000, the Court *may* have authority to remand this case to state-court as the stipulation would be the "first specific statement of the alleged damages" and would work to clarify the amount in controversy. *Tankersley v. Martinrea Heavy Stampings, Inc*., 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014); *Hollingsworth v. Albertsons Companies, Inc*., 2022 WL 4225373 (C.D. Cal. Sept. 13, 2022) (remanding on stipulation that amount-in-controversy did not exceed $75,000). As the joint stipulations did not reference damages, Lead Counsel will presume that the amount-in-controversy continues to exceed $75,000.

concluded diversity jurisdiction was proper, based upon stipulation of the parties." *Thompson*, No. 16-cv-0839, 2017 WL 10701360, at *2 (C.D. Cal. Feb. 6, 2017). After analyzing the relevant case law, the court in *Thompson* granted the motion to remand finding that there was "no binding authority" preventing remand based solely on a stipulation of the parties. *Id.* at *5. Other federal courts in California have similarly remanded cases to state court based on a joint stipulation of the parties.[2] *See Sanchez v. DSV Sols.*, No. 23-cv-01112, 2024 WL 520018, at *1 (C.D. Cal. Feb. 9, 2024) (granting joint stipulation and remanding case to state court "for purposes of seeking settlement approval"); *Dickerson v. Aera Energy, LLC*, No. 21-cv-01384, 2022 WL 4182190, at *1 (E.D. Cal. Sept. 13, 2022) (granting joint stipulation and remanding case to state court "in light of the Parties' agreement to settle this action."); *Miletak v. Turn Techs., Inc.*, No. 20-CV-09249-SVK, 2021 WL 9860786, at *2 (N.D. Cal. Feb. 5, 2021) ("Defendant consents to remand this action which demonstrates that this matter should not remain before this Court."); *Strange v. MDR Grp., LLC*, No. 19-CV-00135, 2020 WL 7587076, at *1 (E.D. Cal. Dec. 22, 2020) (remanding action to state court upon parties' stipulation after parties reached a settlement of $975,000 and the parties "agreed that the settlement is more appropriately resolved in the Superior Court of California").

The Court's power to remand based merely upon consent of the parties is suspect. Yet, there appears to be no clear, binding authority that would preclude the Court from entering such an order.

**II.     The Court Can Clearly Remand these Cases to the Northern District of Illinois for the Purpose of Effectuating the Settlement**

The Court could, if it was so inclined, remand these cases to the transferor court for the purpose of effectuating the settlement. One obvious question raised by the joint stipulations is: If there is already a settlement in place, why should the Court send this case to another jurisdiction for

---

[2] Most of these cases do not provide any analysis of whether the Court has the authority to grant the remand.

the purpose of effectuating that settlement? It appears that each of the cases subject to the joint stipulation involve wrongful death claims. Resolution of wrongful death settlements in this litigation are, in general, far more complex and could require court approval of the settlement, allocation of settlement proceeds between wrongful death and survival claims, distribution of settlement proceeds to eligible beneficiaries and other issues involving the application of Illinois law.

Additionally, on average, deceased claimants tend to have significantly higher Medicare, Medicaid and private liens and, in some instances, the amount of those liens exceeds the gross settlement awards. Co-Lead Counsel anticipates that the liens in the three individual cases at issue here will be handled individually for each plaintiff and could require the application of Illinois subrogation law.[3]

This Court can obviously apply Illinois substantive law to any settlement proceedings including the allocation and distribution of settlement proceeds. Indeed, the Court has routinely entered orders approving Roundup settlements in this MDL. The Court also has discretion to issue a suggestion of remand to allow the transferor court to oversee approval of the settlement and distribution of the settlement in accordance with Illinois law. These issues would be specific to the three individual claimants who would not necessarily benefit from further coordinated proceedings. *See In re Patenaude*, 210 F. 3d 135, 145 (3d Cir. 2000) (finding that remand is appropriate "when everything that remains to be done is case-specific."). The Suggestion of Remand could be drafted specifically for the purpose of settlement administration. For example, one MDL in the Southern District of New York entered a Suggestion of Remand stating:

> The parties have agreed that it would be appropriate to remand the case *in its entirety* for the purpose of allowing the transferor court (in this case, the United States District

---

[3] Co-Lead Counsel merely highlight these issues as possible case-specific settlement matters that may need to be adjudicated prior to settlement resolution. Co-Lead Counsel will leave it to counsel for the individual plaintiffs and Monsanto to fully detail the settlement procedures required under Illinois law.

4
LEAD PLAINTIFFS' COUNSEL'S REPSONSE TO ORDER REGARDING STIPULATIONS TO REMAND CASES

Court for the District of Colorado) to oversee approval of the settlement and distribution of the settlement in accordance with Colorado's wrongful death statute.

*Dowling v. Gen. Motors LLC,* No. 15-CV-00445-KLM, 2019 WL 4410004, at *4 (D. Colo. Sept. 16, 2019). If the parties anticipate the adjudication of Illinois specific issues, it may be appropriate for the Court to remand the case to the Northern District of Illinois.

Respectfully submitted,

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg, PC
700 Broadway
New York, NY 10003

/s/ Aimee Wagstaff
Aimee Wagstaff
awagstaff@wagstafflawfirm.com
Wagstaff Law Firm
940 N. Lincoln Street
Denver, CO 80203

/s/ David Dickens
David Dickens
ddickens@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960

*Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of February 2024, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

　　　　　　　　　　/s/ Robin Greenwald