**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

*Attorneys for Defendant Monsanto Company*

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Deborah Miller v. Monsanto Co.*, Case No. 3:19-cv-04946-VC | [Honorable Vince Chhabria] |
| *Bettie J. Boucher v. Monsanto Co.*, Case No.: 3:21-cv-07475-VC | **MONSANTO COMPANY'S OPPOSITION TO MOTION TO MOVE CERTAIN PLAINTIFFS TO WAVE 8, SUB-WAVES A, B, AND C FOR EXTRAORDINARY CIRCUMSTANCES** |
| *Richard Garrott v. Monsanto Co.*, Case No.: 3:19-cv-05063-VC | |
| *Debi Glaze v. Monsanto Co.*, Case No.: 3:20-cv-00064-VC | |
| *Justin Goik v. Monsanto Co.*, Case No.: 3:19-cv-04812-VC | |

*John George Gorman v. Monsanto Co., Case No.: 3:20-cv-01670-VC*

*Kevin Humphrey v. Monsanto Co., Case No.: 3:19-cv-04647-VC*

*Michael Henry Johnson v. Monsanto Co., Case No.: 3:20-cv-01234-VC*

*William Johnson, II v. Monsanto Co., Case No.: 3:19-cv-05095-VC*

*Pamela Keeney v. Monsanto Co., Case No.: 3:20-cv-00433-VC*

*Nathan Kuehn v. Monsanto Co., Case No.: 3:20-cv-00669-VC*

*Ralph Vitale v. Monsanto Co., Case No.: 3:19-cv-04919-VC*

*Mark Waligura v. Monsanto Co., Case No.: 3:19-cv-04981-VC*

*Karen McCulloch v. Monsanto Co., Case No.: 3:20-cv-01672-VC*

*John Warren Moers v. Monsanto Co., Case No.: 3:20-cv-01671-VC*

*Ray Moore v. Monsanto Co., Case No.: 3:19-cv-04974-VC*

*Shari L. Neff v. Monsanto Co., Case No.: 3:19-cv-05294-VC*

*William Rice v. Monsanto Co., Case No.: 3:19-cv-04941-VC*

*Diane Rivera v. Monsanto Co., Case No.: 3-19-cv-04962-VC*

*Virgenna Saunders v. Monsanto Co., Case No. 3:19-cv-05053-VC*

*Kelly Scheideman v. Monsanto Co., Case No. 3:20-cv-01674-VC*

1  *Dan Sullivan v. Monsanto Co., Case No.: 3:20-cv-03549-VC*

2
3  *Charleen Trefry v. Monsanto Co., Case No.: 3:19-cv-04921-VC*

4
5  *Francis Wilcome v. Monsanto Co., Case No.: 3:19-cv-04875-VC*

6  *Leland Adams v. Monsanto Co., Case No.: 2:22-cv-07609-VC*

7
8  *Eugene L. Aiken, Jr. v. Monsanto Co., Case No.: 3:20-cv-00065-VC*

9
10  *Michael David Albrecht v. Monsanto Co., Case No.: 3:20-cv-01636-VC*

11  *Terry Benson v. Monsanto Co., Case No.: 3:19-cv-04953-VC*

12
13  *Beverly Bray v. Monsanto Co., Case No.: 3:19-cv-05060-VC*

14
15  *Steven Clausen v. Monsanto Co., Case No.: 3:22-cv-02293-VC*

16  *Jeffrey Crooks v. Monsanto Co., Case No.: 3:19-cv-05027-VC*

17
18  *Tina Culp v. Monsanto Co., Case No.: 3:20-cv-03439-VC*

19
20  *Janice Emmons v. Monsanto Co., Case No.: 3:20-cv-06219-VC*

21  *Dennis Ferris v. Monsanto Co., Case No.: 3:19-cv-05077-VC*

22
23  *Sadie Hunter v. Monsanto Co., Case No.: 3:21-cv-09947-VC*

24
25  *Joseph Johnson v. Monsanto Co., Case No.: 3:22-cv-02294-VC*

26  *David Reno v. Monsanto Co., Case No.: 3:22-cv-02295-VC*

27
28

1 | *Phillip Roth v. Monsanto Co., Case No.: 3:20-cv-01543-VC*
2 |
3 | *Arelen Swartz v. Monsanto Co., Case No.: 3:19-cv-04859-VC*
4 | *Linda Tiddark v. Monsanto Co., Case No.: 3:20-cv-03060-VC*
5 |
6 | *Juliana Fuller v. Monsanto Co., Case No.: 3:21-cv-09588-VC*
7 |
8 | *Linda Wilson v. Monsanto Co., Case No.: 3:22-cv-04266-VC*
9 | *Jeremy Hutchings v. Monsanto Co., Case No.: 3-22-cv-04636-VC*
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

## I. INTRODUCTION

Plaintiffs seek to move forty-three plaintiffs from their current sub-waves within Wave 7 to Wave 8. Because most of these plaintiffs have already previously been moved to a later Wave, they must establish that there are "extraordinary circumstances" that would justify moving these cases again. Plaintiffs, however, fail to do so.

In essence, Plaintiffs assert that they do not have enough attorneys to complete discovery by the deadlines set for Wave 7 while preparing for trial in a related case. As can be expected in an MDL proceeding, both Monsanto and Plaintiffs have many deadlines and trials in related cases with which to contend. The tactical admission by Plaintiffs' counsel that they have taken on more clients than they have the resources to competently represent is the not the type of "extraordinary circumstance" that would justify transfer of their clients to a later Wave. Moreover, moving these plaintiffs to a later wave will not resolve their counsels' underlying capacity issues—it will only postpone those issues for a few months while, at the same time, exacerbating the problem by shifting a large number of cases to a later wave—Wave 8—that contains fewer sub-waves (and a corresponding shorter schedule). Plaintiffs' request therefore prejudices Monsanto by forcing it to address more cases within a shorter and more burdensome timeframe. Plaintiffs' unjustified and ill-advised request to be moved to Wave 8 should, therefore, be denied.

## II. LEGAL ARGUMENT

This Court's August 30, 2023 Order Granting the Joint Request for a Revised Schedule for Wave 6-7 Cases and Adding Wave 8 Schedule cautioned the parties that "[c]ases that were assigned in previous Waves 1-6, and already moved to a later Wave on at least one occasion, **will not be permitted to transfer** to later Waves **absent extraordinary circumstances**." [Dkt. 17234 (emphasis added).] *See also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166,

1
MONSANTO'S OPPOSITION TO JOINT MOTION TO MOVE CERTAIN PLAINTIFFS TO WAVE 8

100 L.Ed.2d 811 (1988) ("courts should be loathe" to "revisit prior decisions of its own or a coordinate court in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'").

Plaintiffs acknowledge that "most of the Plaintiffs have moved waves" [Motion, ¶ 3] and Plaintiffs' chart indicates that only three plaintiffs have not previously changed waves (i.e., Plaintiffs Dan Sullivan, Leland Adams, and Philip Roth).[1] Plaintiffs, however, offer no "extraordinary circumstances" that would support moving the vast majority of the plaintiffs at issue to a later wave yet again.

### A. Counsel's Self-Imposed Heavy Case Load Is Not an "Extraordinary Circumstance"

Plaintiffs assert that "Plaintiffs' Counsel are limited to 3 attorneys for their entire inventory of cases in this MDL, and as such, they will be unable to take or defend the numerous depositions that are required for each Plaintiff in Wave 7 while in trial or while preparing for trial [in *Bowman v. Monsanto*]." [Motion, ¶ 5.] In other words, Plaintiffs' counsel has agreed to represent more parties than they had the resources to competently serve. Because Plaintiffs' counsel are solely responsible for creating the entirely foreseeable predicament in which they now find themselves, they cannot be heard to complain about that situation now.

Rules of professional conduct generally require all counsel to competently represent their clients. *See, e,g*., Cal. R. Prof. Conduct 1.1. If counsel cannot do so—whether because they have taken on too many clients or for any other reason—counsel must examine whether they can ethically continue their representation. Indeed, "accepting employment without sufficient resources to serve the client in a competent manner" has been found to violate the duty of competent representation

---

[1] Monsanto does not object to moving these three plaintiffs to Wave 8 as permitted (Dan Sullivan, Case No. 3:20-cv-03549-VC; Leland Adams, Case No. 2:22-cv-07609-VC; and Philip Roth, Case No. 3:20-cv-01543-VC).

in California.  *See Garlow v. State Bar* (1988) 44 Cal. 3d 689, 711; *see also Matter of Bach*, No. 88-O-10872, 1 Cal. State Bar Ct. Rptr. 631, 647, 1991 WL 153103, at *12 (Cal. Bar Ct. Aug. 8, 1991) ("If respondent was too busy to handle the Dunsmoor and Sampson matters competently and complete the necessary work within an appropriate time frame, he should not have taken on the cases.").

The fact that Plaintiffs' counsel has apparently stretched themselves too far by taking on too many clients does not necessitate any revision of the current Scheduling Order.  Indeed, nothing prevents Plaintiffs' counsel from associating other counsel to assist them with their cases if they so require.

### B. Moving Plaintiffs to Wave 8 Will Not Resolve the Issue

Even if this Court were to grant Plaintiffs' request to move them to Wave 8, it would only be kicking the can down the road.  Plaintiffs' counsel will still have the same capacity issues in Wave 8 as they do now.  And the issue will be compounded by the fact that Plaintiffs will be condensing their clients into a wave with only three sub-waves.  Thus, the relief requested by Plaintiffs will not resolve the underlying issue and will only postpone it for a few more months.  Denying Plaintiffs' request now will discourage similar attempts to seek such relief without good cause in the future.

### C. Monsanto Will Be Prejudiced by the Proposed Move

Contrary to Plaintiffs' contention that "Monsanto and their Counsel will not be prejudiced by wave change for the Plaintiffs identified in this motion" [Motion, ¶ 7], Plaintiffs' request prejudices Monsanto by disrupting the schedule upon which Monsanto relied in developing its defense strategy and forcing it to address more cases in Wave 8.  As a result, Monsanto will be required to work up even more cases within a shorter time frame.  Currently, the cases in Waves 7 and 8 are evenly spread out, and the number of cases in each is proportional, allowing for a more reasonable and less burdensome schedule.

Further, in Wave 7A, fact discovery closed on January 8, 2024, Plaintiffs' expert reports were due on January 12, 2023, and Monsanto's expert reports were due on February 12, 2023.  In Wave 7B, fact discovery closed on February 2, 2024 and Plaintiffs' expert reports were due on February 5, 2024.  Monsanto has already spent considerable resources on fact and expert discovery in these cases.  Plaintiffs in these sub-waves would get the benefit of later deadlines and a second bite at the apple to disclose additional experts or replace existing experts if moved to Wave 8.

In short, the burden of adding forty new plaintiffs to Wave 8 would impair the efficiencies of the MDL process.  *See Rolandson v. Ethicon, Inc.*, 2020 WL 2086279, at *10 (D. Minn. Apr. 30, 2020) ("The benefit of an MDL depends upon strict enforcement of deadlines and orders, lest the ostensible efficiency of the process be lost.").

### III.   CONCLUSION

Overextending oneself is not an "extraordinary circumstance."  Moving Plaintiffs to Wave 8 creates logistical challenges, unfairly burdens Monsanto with a compressed schedule, and disrupts the established order.

WHEREFORE, and for all the foregoing reasons, Plaintiffs' joint motion to move certain plaintiffs to Wave 8 should be denied.

Dated:  February 20, 2024                        Respectfully submitted,

*/s/ Linda C. Hsu*
Linda C. Hsu
Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

                                     */s/ Linda C. Hsu*
                                     Linda C. Hsu