**SHOOK, HARDY & BACON L.L.P.**
Anthony R. Martinez
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
Email: amartinez@shb.com

*Attorney for Defendant Monsanto Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Kapolnek v. Monsanto Co., Case No. 18-cv-04014-VC* <br><br> *Plazak v. Monsanto Co., Case No. 21-cv-04927-VC* <br><br> *Sundaraj v. Monsanto Co., Case No. 21-cv-00239-VC* | **MONSANTO COMPANY'S BRIEF IN RESPONSE TO ORDER RE: STIPULATIONS TO REMAND CASES** <br><br> Re: Dkt. No. 17905 |

### MONSANTO COMPANY'S BRIEF IN RESPONSE TO ORDER RE: STIPULATIONS TO REMAND CASES

Monsanto submits the following response to the Court's February 13, 2024 Order, in which the Court asked to hear from the parties on the proprietary of the parties' stipulations to remand the above-captioned cases to Cook County court to effectuate the settlements in those cases. Dkt. No. 17905.

**I.    The Court May Remand For the Discrete Purpose of Effectuation of Settlement.**

Lead Plaintiffs' Counsel accurately describe the law in their brief: (1) some federal courts have declined to remand to state court upon stipulation (and some have said they do not have authority to); (2) there is no binding authority prohibiting remand, *see Thompson v. Target*

*Corp.*, 2017 WL 10701360 at *5 (C.D. Cal. Feb. 6, 2017) ("the parties present no binding authority preventing it from remanding a matter, which it has previously determined it has jurisdiction of, by stipulation of the parties."); and (3) many federal courts have remanded to state courts for the effectuation of settlement.

There appears to be a key distinction that explains the courts' different approaches (i.e., (1) and (3)). Most of the cases holding that a court should not remand a case based on the parties' stipulation involved a request for remand when substantive litigation issues remained, often very early in the litigation. *See, e.g.*, *Carlson v. Yohn Co.*, 2018 WL 11541978 at *1 (N.D. Iowa Dec. 7, 2018) (denying stipulated remand for purposes of consolidating with a separate state case when federal question jurisdiction at issue); *Johnson v. Jumelle*, 359 F. Supp. 361, 363 (S.D.N.Y. 1973) (denying stipulation to remand before the defendants had answered); *McTaggart v. Lewis Tree Serv., Inc.*, 2014 WL 12873048 at *1-3 (M.D. Fla. Mar. 26, 2014) (remanding action for lack of complete diversity rather than stipulation to remand when remand requested before discovery was complete), report and recommendation adopted, 2014 WL 12873049 (M.D. Fla. Apr. 17, 2014); *Colarulo v. Walmart, Inc.*, 2021 WL 4428279 at *1-2 (D.N.J. Sept. 27, 2021) (denying stipulation for remand filed two weeks after removal); *Lancaster v. Aerotek, Inc.*, 2021 WL 6754281 at *1 (E.D. Tex. July 12, 2021) (denying a stipulation to remand two weeks after removal, when there was no explanation of why the parties agreed to remand). Monsanto agrees with the conclusion of those cases and would not have agreed to remand these cases if all substantive issues in these cases were not resolved. Monsanto only agreed to remands on the basis that they were for the limited purpose of effectuation of settlement.

Here, the parties are stipulating to remand purely for the purposes of settlement, which other federal courts have frequently done. *See Devore v. BWW Res., LLC*, 2022 WL 2354771

- 2 -
MONSANTO COMPANY'S BRIEF IN RESPONSE TO ORDER RE: STIPULATIONS TO
REMAND CASES, MDL CASE NO. 3:16-md-02741-VC

(E.D. Cal. June 30, 2022) (granting stipulation to remand the case for purposes of settlement); *Sanchez v. DSV Sols.*, 2024 WL 520018 (C.D. Cal. Feb. 9, 2024) (same); *Dickerson v. Aera Energy, LLC*, 2022 WL 4182190 (E.D. Cal. Sept. 13, 2022) (same); *Strange v. MDR Grp., LLC*, 2020 WL 7587076 (E.D. Cal. Dec. 22, 2020) (same); *Dunn v. SHC Servs., Inc.*, 2021 WL 5371426 (E.D. Cal. Nov. 18, 2021) (same); *Sheppard v. Mandalay Bay, LLC*, 2019 WL 5087482 (D. Nev. Oct. 9, 2019) (same). Many of these courts remanded without comment but some noted that they remanded because the parties believed settlement issues could be more efficiently handled in state court. *Strange*, 2020 WL 7587076, at *1 (parties agreed settlement issues could be "more appropriately resolved" in state court); *Sheppard*, 2019 WL 5087482, at *1 (parties agreed remand "could facilitate and advance the settlement process."). Convenience for the parties and judicial economy presumably drove the courts' decisions.

**II.     There are Reasons To Remand to Cook County Here.**

Monsanto defers to individual Plaintiff's counsel as to the specific efficiencies that may be gained in allowing an Illinois state court judge to effectuate the settlements in these cases. However, Monsanto notes that there may be idiosyncrasies in Illinois law related to the approval of settlement which should weigh in favor of remand. In another wrongful death case removed from state court to this MDL, the Plaintiffs similarly negotiated a remand to state court. This Court remanded that action, for the limited purpose of the effectuation of settlement, upon a nearly identical stipulation as those submitted by the parties for the above-captioned cases. *See Caruso v. Monsanto*, 3:20-cv-01017-VC, Dkt. No. 46.  In the *Caruso* action, the Illinois state court approved the settlement after several amendments to the proposed order, resolved motions related to the adjudication of liens, and then dismissed the case.

Monsanto is aware that the Cook County probate court rules contain a different set of rules depending on whether wrongful death settlements are approved by other divisions of the

Cook County courts or if they are approved by courts outside Cook County. Ill. Cir. Ct. R. 12.15. And the Cook County Law Division (where personal injury and products liability cases are heard) and Cook County Probate Division have developed joint procedures for petitions of wrongful death cases so that petitions approved in the Law Division met the specifications and format required by the Probate Division.[1]

While this Court could certainly apply Illinois law (and the parties would of course assist in this regard), it is easy to see potential efficiencies in deferring to a Cook County Law Division judge, who routinely handles wrongful death petitions and lien adjudications under Illinois law. Further, there are no apparent advantages in this Court handling the approval of settlements and adjudication of liens. Each of the settlement issues will likely be case-specific and will not have an effect on other cases the consolidated proceedings.

### III. Remand to Northern District of Illinois.

Lead Plaintiffs' Counsel suggests that a remand to the Northern District of Illinois is within the Court's authority. While Monsanto agrees with that conclusion, Monsanto understood that individual Plaintiffs' counsel believes significant efficiencies could be gained in a Cook County Law Division judge deciding settlement issues. It is not clear to Monsanto that sufficient efficiencies would be gained by remanding to the Northern District of Illinois to justify remand here.

DATED: February 27, 2024.                           Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Anthony R. Martinez*

---

[1]. *See Final Procedures Concerning Dispositions of Minors' and Disable Persons' Personal Injury Cases, Survival Actions, and Wrongful Death Cases*, March 2023: https://www.cookcountycourt.org/Portals/0/Probate%20Division/General%20Administrative%20Orders/Settlement%20Memo_March%202023.pdf?ver=6hnk1l8gXNQu3PSq82K8lw%3d%3d

MONSANTO COMPANY'S BRIEF IN RESPONSE TO ORDER RE: STIPULATIONS TO REMAND CASES, MDL CASE NO. 3:16-md-02741-VC

Anthony R. Martinez
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:  (816) 474-6550
Fax:  (816) 421-5547
Email: amartinez@shb.com

*Attorney for Defendant Monsanto Company*

**CERTIFICATE OF SERVICE**

I certify that on the 27th day of February 2024, I electronically transmitted the foregoing **MONSANTO COMPANY'S BRIEF IN RESPONSE TO ORDER RE: STIPULATIONS TO REMAND CASES** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

                                                 */s/ Anthony R. Martinez*
                                                 SHOOK, HARDY & BACON L.L.P.
                                                 Anthony R. Martinez