**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> *Rickie D. Dobberpuhl and Denise J. Dobberpuhl, 3:21-cv-03754-VC* | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** <br><br> **Hearing:** <br> Date: May 2, 2024 <br> Time: 2:00 p.m. <br> Place: Courtroom 4 (Via Zoom) |

| | |
|---|---|
| 1 | **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF** |
| 2 | **RECORD:** |
| 3 | **PLEASE TAKE NOTICE THAT** on May 2, 2024 at 2:00 p.m. in |
| 4 | Courtroom 4 of the United States District Court, Northern District of California, |
| 5 | located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the |
| 6 | Court, Defendant Monsanto Company ("Monsanto") will move this Court for an |
| 7 | order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its |
| 8 | favor and against Wave 7B Plaintiffs Rickie D. Dobberpuhl and Denise J. |
| 9 | Dobberpuhl ("Plaintiffs"), on the grounds that there is no genuine issue of material |
| 10 | fact as to any claim for relief brought by Plaintiffs, and Monsanto is entitled to |
| 11 | summary judgment. |

Dated:  March 15, 2024              Respectfully submitted,

                                    */s/ Jed P. White*
                                    Jed P. White
                                    Attorney for Defendant Monsanto Company

## **MEMORANDUM OF POINTS AND AUTHORITIES**

To prevail on any of their claims, Plaintiffs Rickie D. Dobberpuhl and Denise J. Dobberpuhl ("Plaintiffs") must prove that Roundup was the proximate cause of Rickie D. Dobberpuhl's cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Mr. Dobberpuhl's cancer specifically, are specialized issues for which expert testimony is required. Plaintiffs failed to disclose any expert reports regarding specific causation, which were due February 5, 2024. Without expert testimony to prove specific causation, none of Plaintiffs' claims may proceed.

## **BACKGROUND**

Plaintiffs are residents of Nebraska, and alleges that exposure to Monsanto's Roundup-branded herbicides ("Roundup") caused Mr. Dobberpuhl to develop cancer.[1] *See* Complaint. ECF 1, ¶¶ 1-7. Plaintiffs seek to hold Monsanto responsible for his cancer, asserting ten causes of action. The lynchpin of Plaintiffs' complaint is that glyphosate—the active-ingredient in Roundup—caused Plaintiff's cancer. *See id*.

On August 30, 2023, this MDL Court required all Wave 7B plaintiffs, including Plaintiffs in this case, to submit expert reports no later than February 5, 2024. *See* Order Granting Joint Request for Revised Schedule for Wave 6-7 Cases and Adding Wave 8 Schedule ("Scheduling Order") (MDL ECF #17234). The expert discovery

---

[1] For cases "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation[,] . . . the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Here, Missouri is the transferor forum. Under Missouri law, if a conflict of law exists, Missouri follows the most-significant-relationship test as set forth in the Restatement (Second) of Conflict of Laws. *Hersh v. CKE Rest. Holdings, Inc.*, 571 F. Supp. 3d 1046, 1051 (E.D. Mo. 2012). Plaintiff's Complaint alleges that they reside in Nebraska. (ECF 1-1, ¶¶ 7-8.) However, the Court does not need to decide whether Missouri, Nebraska, or California law applies because under all of those states' laws (cited herein), expert testimony is required to establish specific causation in this case.

1
MONSANTO'S MOTION FOR SUMMARY JUDGMENT

required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiffs did not submit an expert report regarding specific causation by the February 5, 2024 deadline. Specifically, Plaintiffs have not served any expert report containing case-specific evidence of a causal link between Roundup exposure and Mr. Dobberpuhl's cancer. (Declaration of Jed White ("White Decl."), ¶ 3.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

## ARGUMENT

**I.  SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFFS LACK THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.**

Under California, Missouri, and Nebraska law, expert medical testimony is required to establish causation of a specific physical injury if such cause is not within the common knowledge of the jurors. *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th

1363, 1373 (2005) (in a product liability case "where the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation"); *Pro Serv. Auto., L.L.C. v. Lenan Corp.*, 469 F.3d 1210, 1214 (8th Cir. 2014) (applying Missouri law) ("Expert testimony will be necessary where the lay jury does not possess the experience or knowledge of the subject matter sufficient to enable them to reach an intelligent opinion without help."); *Pitts v. Genie Indus.*, 302 Neb. 88 (2019) ("Findings of fact as to technical matters beyond the scope of ordinary experience are not warranted in the absence of expert testimony supporting such findings."); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "determinable only in the light of scientific knowledge").

Here, Plaintiffs allege that Mr. Dobberpuhl was diagnosed with cancer, which they claim was caused by his exposure to Roundup. *See* Compl. ¶¶ 1-6. "With cancer the question of causation is especially troublesome[;] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. (citation and internal quotation marks omitted). Thus, the causal link between Plaintiff's injury and Roundup is a highly technical question of science that is beyond the jurors' understanding.

Plaintiffs' deadline to disclose expert reports was February 5, 2024. *See* Scheduling Order. To date, Plaintiffs have not disclosed a single expert witness or report regarding specific causation. Plaintiffs had ample time and opportunity to satisfy their expert disclosure obligations under Rule 26(a)(2) and the Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply

with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

This Court has granted summary judgment in favor of Monsanto in similar cases where the plaintiff failed to disclose a specific causation expert, finding that expert testimony was required to prove causation:

> Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not within the common knowledge and experience of an ordinary layperson.

*Matthaus-Shelton v. Monsanto Company*, 20-cv-00168, Doc. No. 17 (Order Granting Summary Judgment, dated November 29, 2022); *see also Adrine Hann v. Monsanto Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated November 3, 2022) ("Whether Roundup caused [Plaintiff's] multiple myeloma is a highly technical and scientific question. Without expert testimony, a jury can only speculate.").

As a result of Plaintiffs' failure to disclose any expert on the issue of specific causation, they cannot prove causation—an essential element of all their claims. Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiffs' claims. *See Stephen*, 134 Cal. App. 4th at 1373-74 (plaintiff's "inability to present expert testimony was fatal to her product liability and negligence claims, and [thus] nonsuit was proper"); *Gebhardt v. Am. Honda Motor Co.*, 627 S.W.3d 37, 46-47 (Mo. App. W.D. 2021) (because "the trial court did not abuse its discretion by excluding the expert testimony of Dr. Blundell, we similarly find that the trial court did not err by granting summary judgment to Honda based on Gebhardt's failure to produce sufficient evidence supporting the elements of his claims"); *Love v. Waring*, 560 S.W.3d 614, 619 (Mo. App. W.D. 2018) (affirming summary judgment under Missouri law when the plaintiff failed to present admissible

"expert testimony in support of causation"); *Pitts v. Genie Indus.*, 302 Neb. 105-106 (2019) (affirming summary judgment on product defect claim due to lack of expert testimony regarding causation); *Sterling v. United States*, 834 F. App'x 83, 87 (5th Cir. 2020) (upholding summary judgment where the plaintiff failed to designate expert witnesses); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant]'s device was the proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiffs' claims.

Dated:  March 15, 2024                              Respectfully submitted,

                                                    */s/ Jed P. White*
                                                    Jed P. White
                                                    Attorney for Defendant Monsanto Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

                                                    */s/ Jed P. White*
                                                    Jed P. White