**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Estate of Michael Teela,* *3:22-cv-03382-VC* | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** |
| | **Hearing:** Date:   May 2, 2024 Time:   2:00 p.m. Place:   Courtroom 4 (Via Zoom) |

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

2    **RECORD:**

3        **PLEASE TAKE NOTICE THAT** on May 2, 2024 at 2:00 p.m. in

4    Courtroom 4 of the United States District Court, Northern District of California,

5    located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the

6    Court, Defendant Monsanto Company ("Monsanto") will move this Court for an

7    order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its

8    favor and against Wave 7B Plaintiff Estate of Michael Teela ("Plaintiff"), on the

9    grounds that there is no genuine issue of material fact as to any claim for relief

10   brought by Plaintiff, and Monsanto is entitled to summary judgment.

11

12   Dated:  March 15, 2024          Respectfully submitted,

13

14                                      */s/ Jed P. White*
                                             Jed P. White

15                                   Attorney for Defendant Monsanto Company

16

17

18

19

20

21

22

23

24

25

26

27

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

To prevail on any of his claims, Plaintiff Estate of Michael Teela ("Plaintiff") must prove that Roundup was the proximate cause of his cancer.  Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Plaintiff's cancer specifically, are specialized issues for which expert testimony is required. Plaintiff failed to disclose any expert reports regarding specific causation, which were due February 5, 2024.  Without expert testimony to prove specific causation, none of Plaintiff's claims may proceed.

## **BACKGROUND**

Plaintiff resided in Wisconsin, and alleges that exposure to Monsanto's Roundup-branded herbicides ("Roundup") caused him to develop cancer.[1]  *See* Complaint. ECF 1-1, ¶¶ 1-8.  Plaintiff seeks to hold Monsanto responsible for his cancer, asserting four causes of action. The lynchpin of Plaintiff's complaint is that glyphosate—the active-ingredient in Roundup—caused Plaintiff's cancer.  *See id*.

On August 30, 2023, this MDL Court required all Wave 7B plaintiffs, including Plaintiff in this case, to submit expert reports no later than February 5, 2024.  *See* Order Granting Joint Request for Revised Schedule for Wave 6-7 Cases and Adding Wave 8 Schedule ("Scheduling Order") (MDL ECF #17234).  The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

---

[1]  For cases "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation[,] . . . the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx Prods. Liab. Litig*., 478 F. Supp. 3d 897, 903 (E.D. La. 2007).  Here, Plaintiff was a resident of Wisconsin, and Minnesota is the transferor forum. However, the Court does not need to decide whether Wisconsin, Minnesota, or California law applies because under all of those states' laws (cited herein), expert testimony is required to establish specific causation in this case.

1   Plaintiff did not submit an expert report regarding specific causation by the
2   February 5, 2024 deadline. Specifically, Plaintiff has not served any expert report
3   containing case-specific evidence of a causal link between Roundup exposure and his
4   cancer. (Declaration of Jed White ("White Decl."), ¶ 3.)

5   **SUMMARY JUDGMENT STANDARD**

6   Summary judgment is appropriate when there is "no genuine dispute as to any
7   material fact and the moving party is entitled to judgment as a matter of law." Fed. R.
8   Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a
9   dispute about a material fact is genuine "if the evidence is such that a reasonable jury
10  could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477
11  U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court
12  that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v.*
13  *Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the
14  nonmoving party must come forward with evidence to show there is in fact a genuine
15  issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential
16  element of the nonmoving party's case" warrants summary judgment and "necessarily
17  renders all other facts immaterial." *Id.* at 323.

18  **ARGUMENT**

19  I.   **SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF**
20       **LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON**
21       **CAUSATION.**

22  Under Wisconsin, Minnesota, and California law, expert medical testimony is
23  required to establish causation of a specific physical injury if such cause is not within
24  the common knowledge of the jurors. *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th
25  1363, 1373 (2005) (in a product liability case "where the complexity of the causation
26  issue is beyond common experience, expert testimony is required to establish
27  causation"); *Bernloehr v. Cent. Livestock Order Buying Co.,* 208 N.W.2d 753, 755
28  (Minn. 1973) (stating that when a claim involves medical factors beyond the

knowledge of laypersons "there must be expert testimony, based upon an adequate factual foundation that the thing alleged to have caused the result not only might have caused it but in fact did cause it"); *Ramsden v. AgriBank, FCB*, 63 F. Supp. 2d 958, 961 (W.D. Wis. 1999) (explaining that "Wisconsin law requires expert testimony to establish causation when toxic exposures are involved"), *vacated on other grounds*, 214 F.3d 865 (7th Cir. 2000); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "determinable only in the light of scientific knowledge").

Here, Plaintiff alleges that he was diagnosed with cancer, which he claims was caused by his exposure to Roundup. *See* Compl. ¶¶ 1-8. "With cancer the question of causation is especially troublesome[;] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. (citation and internal quotation marks omitted). Thus, the causal link between Plaintiff's injury and Roundup is a highly technical question of science that is beyond the jurors' understanding.

Plaintiff's deadline to disclose expert reports was February 5, 2024. *See* Scheduling Order. To date, Plaintiff has not disclosed a single expert witness or report regarding specific causation. Plaintiff had ample time and opportunity to satisfy his expert disclosure obligations under Rule 26(a)(2) and the Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

1    This Court has granted summary judgment in favor of Monsanto in similar
2    cases where the plaintiff failed to disclose a specific causation expert, finding that
3    expert testimony was required to prove causation:

4       Expert testimony also is required to establish causation for Matthaus-
5       Shelton's other product liability and tort claims. That's because whether
        Roundup caused her multiple myeloma is a highly technical question that
6       is not within the common knowledge and experience of an ordinary
7       layperson.

8    *Matthaus-Shelton v. Monsanto Company*, 20-cv-00168, Doc. No. 17 (Order Granting
9    Summary Judgment, dated November 29, 2022); *see also Adrine Hann v. Monsanto*
10   *Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated
11   November 3, 2022) ("Whether Roundup caused [Plaintiff's] multiple myeloma is a
12   highly technical and scientific question. Without expert testimony, a jury can only
13   speculate.").

14   As a result of Plaintiff's failure to disclose any expert on the issue of specific
15   causation, he cannot prove causation—an essential element of all his claims.  Without
16   any evidence of case-specific causation, Monsanto is entitled to summary judgment
17   on all Plaintiff's claims. *See Stephen*, 134 Cal. App. 4th at 1373-74 (plaintiff's
18   "inability to present expert testimony was fatal to her product liability and negligence
19   claims, and [thus] nonsuit was proper"); *Sterling v. United States*, 834 F. App'x 83,
20   87 (5th Cir. 2020) (upholding summary judgment where the plaintiff failed to
21   designate expert witnesses); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197
22   (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had
23   no admissible medical evidence indicating that [defendant]'s device was the
24   proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-
25   12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert
26   testimony regarding causation, summary judgment is granted on the products liability
27   allegations.").

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's claims.

Dated:  March 15, 2024                    Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

*/s/ Jed P. White*
Jed P. White