# EXHIBIT 1

(Redacted Petition for Approval)

**CHAPPELL, CHAPPELL & NEWMAN, ATTORNEYS, LLC**
Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
4500 Fort Jackson Blvd, Suite 250
Columbia, SC 29209
Tel:   (803) 233-7050
Fax:   (803) 233-0570

*Attorneys for Plaintiff*
*WANDA COPELAND*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Wanda Copeland, et al. v. Monsanto Co.*,<br>Case No. 3:20-cv-02649-VC | MDL No. 2741 |

**WANDA COPELAND'S PETITION FOR APPROVAL**
**OF SURVIVAL AND WRONGFUL DEATH SETTLEMENT**

The Petitioner, Wanda Copeland, would show this Court as follows:

1. Petitioner is the daughter and personal representative of the Estate of Everett Ott.

2. The Estate of Everett Ott is presently open in the probate court of Calhoun County, South Carolina.

3. Petitioner, by and through her attorney, commenced the present action against Monsanto Company on March 20, 2020 in the United States District Court for the District of South Carolina.

4. On April 14, 2020, this action was transferred to the Northern District of California via order of the Judicial Panel on Multidistrict Litigation.

5. The Court's order of July 23, 2021 (PTO 240) required Petitioner to participate in the Independent Roundup Settlement Program administered by Kenneth Feinberg.

6. The Petitioner informed Administrator Feinberg that she accepts the offer of settlement produced by the settlement program.

7. This petitioner seeks court approval of the acceptance of the settlement offer.

## CONTROLLING LAW

8. Prior to his death, Everett Ott resided in South Carolina, was exposed to Roundup in South Carolina, and contracted Non-Hodgkin Lymphoma in South Carolina.

9. As a result, the substantive law of the State of South Carolina controls Petitioner's right to seek compensation for the wrongful death of Everett Ott and the survival actions possessed by the Estate of Everett Ott. See S.C. Code Ann. § 15-51-10, et seq.

10. South Carolina law provides "[o]nly a duly appointed personal representative, as defined in Section 62-1-201(30), shall have the authority to settle wrongful death or survival actions." S.C. Code Ann. § 15-51-42(A).

11. As to the petition of the proposed settlement, South Carolina law further provides:

> The petition must be verified by the personal representative and shall set forth, in terms satisfactory to the court in which the petition is filed, the basic facts surrounding the death of the decedent, the pertinent facts surrounding the liability of the alleged wrongdoer, the amount of insurance available to pay for damages, the terms of the proposed settlement, the statutory beneficiaries of the wrongful death or survival action, the heirs at law or appropriate devisees of the estate, the appropriate creditors, the amount of their claims, and, if the personal representative has retained legal counsel, the terms and provisions of the agreement with respect to attorney's fees and costs.

S.C. Code Ann. § 15-51-42(B).

## ANALYSIS OF PROPOSED SETTLEMENT

**A.   Basic Facts Surrounding Death of Decedent**

12. Decedent Everett Ott was born in the State of South Carolina on February 14, 1938.

13. Decedent Everett Ott was first diagnosed with Non-Hodgkin Lymphoma ("NHL") on September 6, 1994. He underwent extensive treatment including 6 cycles of R-CHOP, recurrence treatment from 2002 – 2013 and 2019.

14. Decedent Everett Ott died of Mantle Cell Lymphoma on November 21, 2019.

15. On December 4, 2019, Wanda Copeland was appointed as the Personal Representative of the Estate of Everett Ott. (**Exhibit A**—Certificate of Appointment)

**B.   Pertinent Facts Surrounding Liability of Monsanto Company**

16. At all times relevant to the Complaint, Monsanto Company manufactured, marketed, and sold Roundup herbicide products.

17. Decedent Everett Ott used and was otherwise exposed to Roundup products from approximately 1974 until 2019.

18. Petitioner contends that the decedents use of and exposure to Roundup caused the decedent's NHL and ultimate death.

19. Monsanto Company denies that exposure to Roundup causes NHL and also denies that the decedent's use of and exposure to Roundup specifically caused the decedent's NHL and death.

C. **Amount of Insurance Available**

20. The atypical nature of the funding of the Independent Roundup Settlement Program renders this consideration inapplicable.

D. **Terms of Proposed Settlement**

21. If the proposed settlement is approved, the Petitioner would dismiss all claims set forth against Monsanto Company and release all other potential claims against Monsanto Company stemming from the NHL and/or death suffered by the Decedent in exchange for payment of ▉▉▉▉.

22. Petitioner further proposes that 50% of the gross settlement proceeds ▉▉▉▉ be allocated as consideration for the release of the wrongful death claims of the statutory beneficiaries while 50% of the gross settlement proceeds ▉▉▉▉ be allocated as consideration for the relief of the survival claims belonging to the Estate.

23. Details of the disbursement of settlement proceeds are as follows:



```
                    Gross Settlement Amount
                    8% Common Benefit Hold-back
                    Litigation Expense Reimbursement
                    CMS Lien
                    Attorney's Fee
                    ─────────────────────────────
                    Net Settlement Proceeds
```

24. Details of the disbursement of settlement proceeds of the Estate allocation are as follows:



```
                    Allocated Settlement Amount
                    8% Common Benefit Hold-back
                    Litigation Expense Reimbursement
                    Attorney's Fee
                    Medical Lien
                    Net Settlement Proceeds to Estate
```

25. Details of the disbursement of settlement proceeds of the survival allocation are as follows:

```
                    Allocated Settlement Amount
                    8% Common Benefit Hold-back
                    Litigation Expense Reimbursement
                    Attorney's Fee
                    Medical Lien
                    Net Settlement Proceeds to Beneficiaries
```

E.  **Statutory Beneficiaries of the Action**

26. South Carolina law establishes that "[e]very [wrongful death] action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused…". S.C. Code Ann. § 15-51-20.

27. Everett Ott's statutory beneficiaries are as follows: Wanda Copeland (daughter); Lance Ott (son); Wendy Walker (daughter).

28. South Carolina law further provides that any wrongful death settlement proceeds "shall be divided among the before-mentioned parties in those shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate." S.C. Code Ann. § 15-51-40.

29. South Carolina laws of intestacy provide that the share of the surviving spouse is "if there are surviving issue, one-half of the intestate estate." S.C. Code Ann. § 62-2-102(2).

30. South Carolina laws of intestacy further provide that the shares of the surviving children are "if they are all of the same degree of kinship to the decedent they take equally." S.C. Code Ann. § 62-2-103.

31. As a result, if the proposed settlement is approved the statutory beneficiaries will take from the settlement as follows:

> Wanda Copeland  (33.33% of Net Settlement Proceeds)
> Lance Ott (33.33% of Net Settlement Proceeds)
> Wendy Walker (33.33% of Net Settlement Proceeds)

32. All statutory beneficiaries are above twenty-one years of age.

F.  **Heirs at Law or Appropriate Devisees of the Estate**

33. Everett Ott possessed a Last Will and Testament at the time of his death. This will is being administered by the Probate Court of Calhoun County, South Carolina. Pursuant to the terms of the will, all settlement assets of the estate will be distributed to West Bethel Methodist Church.

G.  **Appropriate Creditors and Amount of Claims**

34. No creditors have claimed entitlement to any proceeds of this settlement beyond the lien claimed by the Center for Medicare/Medicaid Services listed in paragraph 23.

35. All creditor claims filed against the Estate of Everett Ott have been satisfied by the Personal Representative prior to the filing of this Petition.

H.  **Terms of Representation by Counsel**

36. Graham L. Newman, Esq. of Chappell, Chappell & Newman, Attorneys serves as the attorney for the Petitioner and the Estate of Everett Ott. Chappell, Chappell & Newman, Attorneys has agreed to represent the Petitioner and the Estate for forty percent of the

settlement proceeds and reimbursement of litigation costs incurred less the common benefit hold-back (8%) ordered by the Court.

## CONCLUSION

For the reasons stated herein, Petitioners request the Court approve the terms of the proposed settlement.

Respectfully submitted,

/s/ *Graham L. Newman*

Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
CHAPPELL, CHAPPELL & NEWMAN
4500 Fort Jackson Blvd, Ste. 250
Columbia, SC 29209
*Attorneys for Plaintiff*
(803) 233-7050
(803) 233-0570 (facsimile)

*Attorneys for Plaintiff*
WANDA COPELAND

**VERIFICATION OF PERSONAL REPRESENTATIVE**

I, *WANDA COPELAND*, am the duly-appointed personal representative of the Estate of Everett Ott. I hereby affirm, under the penalty of perjury, that the assertions contained within this petition are true to the best of my knowledge and that I approve of the terms of this proposed settlement.

(Signature Page Attached as **Exhibit B**)

_____
Wanda Copeland
Personal Representative

SWORN to before me this ___ day of _____, 20___
_____
Notary Public for South Carolina
My Commission Expires: _____

**CERTIFICATION OF ATTORNEY**

I, GRAHAM L. NEWMAN, am the attorney for Wanda Copeland as Personal Representative of the Estate of Everett Ott. I am of the opinion that the proposed settlement is fair and reasonable and is in the best interests of the statutory beneficiaries and the estate of the decedent.

/s/ *Graham L. Newman*_____
Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
CHAPPELL, CHAPPELL & NEWMAN
4500 Fort Jackson Blvd, Ste. 250
Columbia, SC 29209
*Attorneys for Plaintiff*
(803) 233-7050
(803) 233-0570 (facsimile)

WANDA COPELAND

Petition for Approval of Wrongful Death Settlement
Copeland v. Monsanto Company (3:20-02649-VC)