UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCT LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Ronald Gebo v. Monsanto Company,*<br><br>Case No. 3:17-cv-00168-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |

**SUGGESTION OF DEATH AND PERSONAL REPRESENTATIVE'S
MOTION FOR SUBSTITUTION OF PARTY AND TO AMEND COMPLAINT**

Pursuant to Fed. R. Civ. P. 25(a), Fed. R. Civ. P. 15(a), and Fed. R. Civ. P. 15(c), Rebecca Dietrich f/k/a Rebecca Gebo (Mrs. Dietrich), by and through her undersigned attorneys, moves to substitute herself as the real party in interest for Plaintiff Ronald Gebo, who died during the pendency of this action, and to amend the allegations in the complaint. Mrs. Dietrich is the surviving daughter and the Personal Representative of the Estate of Ronald Gebo. As grounds for this motion, Mrs. Dietrich states the following:

1. Plaintiff Ronald Gebo died on June 21, 2020, during the pendency of this action. Mrs. Dietrich is the duly appointed Personal Representative of the Estate of Ronald Gebo.

2. On January 16, 2024, this Court granted Plaintiff's request to move this case to Wave 8-C. ECF No. 17755. Defendant Monsanto Company (Defendant) consented to Plaintiff's request to move this case to a later wave in order to ensure that Mr. Gebo's daughter "is able to take the place of Plaintiff Ronald Gebo in continuance of the *Gebo* action." ECF No. 17669.

3. Mrs. Dietrich seeks to substitute herself, in her capacity as the Personal Representative of the Estate of Ronald Gebo, as plaintiff in this action so that she may pursue this case alternatively as a survival or wrongful death action pursuant to Florida law.

4. Florida's survival statute, F.S. §46.021, provides that "[n]o cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." In other words, a cause of action is not extinguished by virtue of a party's death.

5. Fed. R. Civ. P. 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires."

6. Mrs. Dietrich, through the undersigned attorneys, has attempted to confer with counsel for Defendant regarding the instant motion to obtain Defendant's consent; however, Defendant did not respond to her counsel's inquiries.

7. Defendant has not informed Mrs. Dietrich or her counsel of any intent to oppose the motion for substitution and/or motion to amend the complaint. Nevertheless, Mrs. Dietrich respectfully requests that the Court should grant her request under Fed. R. Civ. P. 25 and 15, as Ronald Gebo's product liability action against Defendant survived Plaintiff's death and the proposed amended complaint shares the "common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question" as the original complaint. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

8. Further, Fed. R. Civ. P. 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the filing of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out in the original pleading."

9. "The relation back doctrine of Rule 15(c) is 'liberally applied.'" *ASARCO, LLC*, at 1004 (quoting *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982)).

10. Attached hereto as **Exhibit 1** is Mrs. Dietrich's proposed amended complaint. The proposed amended complaint lists Mrs. Dietrich as real party in interest and, in the alternative, alleges a survival or wrongful death action against Defendant.

11. Attached hereto as **Exhibit 2** is Plaintiff Ronald Gebo's death certificate.

12. Defendant will suffer no prejudice with the substitution to add survivorship and wrongful death claims in the alternative under Florida law. Indeed, this Court has ruled the relation-back doctrine of Fed. R. of Civ. P. 15(c) would also permit such an amendment when Defendant has opposed such a request in the past. *See* ECF No. 16122 (Order Granting Motion to Substitute Party and Amend Complaint).

## CONCLUSION

For the reasons stated herein, Mrs. Dietrich respectfully requests that the Court grant her motion to substitute herself, as Personal Representative of the Estate of Ronald Gebo, as Plaintiff in this action and further grant Mrs. Dietrich's motion to amend the complaint as set forth in her proposed amended complaint.

Dated: March 19, 2024                     Respectfully submitted,

                                By:  */s/ Robin L. Greenwald*
                                     Robin L. Greenwald, Esq. (*Pro Hac Vice*)
                                     **WEITZ & LUXENBERG, PC**
                                     700 Broadway, Fifth Floor
                                     New York, NY 10003
                                     Telephone: (212) 558-5802
                                     Facsimile: (212) 344-5461
                                     rgreenwald@weitzlux.com

                                     *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 19th day of March, 2024, a copy of the foregoing MOTION FOR SUBSTITUTION OF PARTY AND TO AMEND COMPLAINT has been filed through the Court's CM/ECF case management system, which will serve a notice of electronic filing to all counsel of record.

*/s/ Robin Greenwald*