Natalie M. DeJean (LA Bar Roll No. 32423)
**LAW OFFICES OF KENNETH W. DEJEAN**
417 W. University Ave. (70506)
P.O. Box 4325
Lafayette, Louisiana 70502
Phone: (337) 235-5294
Fax: (337) 235-1095
natalie@kwdejean.com
*Counsel for Plaintiffs, Steven R. Montgomery and Lauren C. Daspit
and Plaintiffs, Gilbert P. Pellerin, Sr. and Deborah S. Pellerin*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2741**<br>Case No.: 3:16-md-02741-VC |
| **THIS DOCUMENT RELATES TO:** | **Honorable Judge Vince Chhabria** |
| *Steven R. Montgomery and Lauren C. Daspit v. Monsanto Co.,* Case No.: 3:20-cv-07397<br><br>*Gilbert P. Pellerin, Sr. and Deborah S. Pellerin v. Monsanto Co.,* Case No.: 3:21-cv-04364 | **MOTION TO MOVE CASES TO WAVE 8** |

## I. INTRODUCTION

Plaintiffs, Steven R. Montgomery and his wife, Lauren C. Daspit (Case No. 3:20-CV-07397) and Gilbert P. Pellerin, Sr. and his wife, Deborah S. Pellerin (Case No. 3:21-CV-04364), through undersigned counsel, respectfully request that this Court move Plaintiffs' cases from Wave 7B to Wave 8 due to extraordinary circumstances (Doc. 17234) arising from the excusable neglect of Plaintiffs' counsel under Federal Rule of Civil Procedure 6(b)(1)(B) by inadvertently missing Plaintiffs' expert report deadlines because of an administrative calendaring error.

Plaintiffs' cases were originally designated to Wave 5 by the Court (Doc. 13715). On September 15, 2022, at the parties' request, Plaintiffs' cases were transferred from Wave 5 to Wave 6 (Doc. 15485) and on November 3, 2022, the Court designated Plaintiffs' cases to Wave 6C (Doc. 15725). On April 17, 2023, at the parties' request, Plaintiffs' cases were transferred from Wave 6C to Wave 7B (Doc. 16488) to allow additional time for discovery, including additional time for Monsanto to take Plaintiffs' depositions. On May 31, 2023, Plaintiffs, Steven Montgomery and Lauren Daspit, were deposed for approximately 6.5 hours and 2.0 hours, respectively. On June 1, 2023, Plaintiffs, Gilbert P. Pellerin and Deborah S. Pellerin were deposed for approximately 7.4 hours and 3.0 hours, respectively. Since Plaintiffs' depositions, Plaintiffs have participated in extensive fact discovery to posture these matters for trial and/or resolution.

On August 30, 2023, this Court issued an Order (Doc. 17234) setting revised deadlines for Waves 6-7, including Wave 7B. Due to an administrative error, those deadlines were never entered on Plaintiff counsel's calendar.

On Friday, March 15, 2024, at approximately 5:30 p.m. Monsanto filed Motions for Summary Judgment on Causation Grounds (Docs. 18060 and 18061) because of Plaintiffs' failure to disclose expert reports regarding specific causation. At approximately 9:00 a.m. on Saturday, March 16, 2024, upon reading Monsanto's Motions for Summary Judgment, undersigned counsel became aware for the first time that the Plaintiffs' expert report deadlines had lapsed. Shortly thereafter, undersigned counsel discovered that none of the deadlines set by the Court for Wave 7B had been entered on the law firm's calendar due to an administrative calendaring error. As a

result of the administrative calendaring error, Plaintiffs' counsel inadvertently missed the February 5, 2024 deadline for Plaintiffs' expert reports.

On Monday, March 18, 2024, undersigned counsel spoke to counsel for Monsanto, explained the calendaring error, and inquired whether Monsanto opposed Plaintiffs' request to move their cases to Wave 8. Counsel for Monsanto advised undersigned counsel that he would confer with his client. Undersigned counsel recognizes and does not take lightly the severe implications of this calendaring error and conveyed as much to counsel for Monsanto. Since discovery of the lapsed deadline, Plaintiffs' counsel has begun the search for specific causation experts to retain on an expedited basis, but this is not a simple or quick task.

Plaintiffs and undersigned counsel understand the purpose of Wave designations in this MDL and assure the Court that failure to timely produce their export reports was not to purposefully disregard the Court's schedule, to serve as a delay tactic, or to waste the resources of the Court or Monsanto. Plaintiffs' failure to timely produce their expert reports was inadvertent and purely the result of an administrative calendaring error, for which undersigned counsel takes complete responsibility. Undersigned counsel recognizes that they should have been more diligent themselves and with their staff in calendaring the Court's deadlines and apologizes to the Court and Monsanto for failing to do so.

## II.     LAW AND ARGUMENT

Undersigned counsel requests that the Court qualify this inadvertent calendaring error as excusable neglect under FRCP 6(b)(1)(B) and find that it gives rise to the extraordinary circumstance requirement (Doc. 17234) allowing Plaintiffs' cases to be moved to Wave 8.

Federal Rule of Civil Procedure Rule 6(b)(1)(B) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time... on motion made after the time has expired if the party failed to act because of excusable neglect."

The Supreme Court has emphasized that the ordinary meaning of the word "neglect" in the context of FRCP 6(b)(1)(B) encompasses inadvertence, mistake, or carelessness. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused

by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). When assessing whether neglect is excusable, Courts must consider four factors as set out by the Supreme Court in *Pioneer*: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id*. Once a court has considered and weighed all four *Pioneer* factors and any other factors it deems appropriate on a case-by-case basis, it has broad discretion to grant or deny the motion. See *Pincay v. Andrews*, 389 F.3d 853, 858–59 (9th Cir.2004).

      **A.**      **The *Pioneer* factors weigh in favor of Plaintiffs' requested relief.**

First, there is no prejudice to Monsanto in moving Plaintiffs' cases to Wave 8. Monsanto has deposed all four Plaintiffs and conducted extensive fact discovery in both cases. Moving Plaintiffs' cases to Wave 8 would allow Monsanto additional time to perform any further work it deems necessary, provide time for Monsanto to depose Plaintiffs' experts, and permit the parties to engage in meaningful settlement discussions.

Second, while there has been a delay between Plaintiffs' expert report deadline (February 5, 2024) and the filing of this Motion, Plaintiffs' Motions to move their cases to Wave 8 are being filed within one week of undersigned counsel becoming aware that Plaintiffs' expert deadlines had lapsed. As previously stated, undersigned counsel first became aware that Plaintiffs' expert report deadlines had lapsed upon reading Monsanto's Motions for Summary Judgment on Saturday, March 16, 2024. Soon after, undersigned counsel realized that an administrative calendaring error had occurred and that none of the deadlines set by the Court for Wave 7B had been entered on the firm calendar. The same day, undersigned counsel e-mailed Plaintiffs' liaison counsel seeking guidance on the calendaring mistake that resulted in Plaintiffs missing their expert deadlines. The following business day, Monday, March 18, 2024, Plaintiffs' counsel spoke to counsel for Monsanto and explained that Plaintiffs failed to timely produce expert reports due to an inadvertent administrative calendaring error.

Third, the reason for Plaintiffs' request to move their cases to Wave 8 is due solely to an administrative calendaring error, for which undersigned counsel has taken complete responsibility. Plaintiffs and undersigned counsel assure the Court that they never intended <u>not</u> to retain specific causation experts. Plaintiffs' expert report deadline was missed inadvertently and unintentionally due to a calendaring error.

Fourth, there is nothing to suggest that Plaintiffs' failure to timely produce expert reports was a deliberate attempt to manipulate the judicial system or to gain an unfair advantage over Monsanto or that Plaintiffs' requests to move their cases to Wave 8 are being made in bad faith. As stated, undersigned counsel did not become aware that an administrative calendaring error had occurred until Monsanto filed Motions for Summary Judgment.

The Ninth Circuit has held that calendaring errors can constitute excusable neglect (See *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1255 (9th Cir. 2010; See also *Pincay*, 389 F.3d at 854-55). To the extent that Plaintiffs' unintentional failure to timely produce their expert reports was in error or negligence, undersigned counsel's calendaring error qualifies as excusable neglect when examining the *Pioneer* factors and gives rise to extraordinary circumstances that warrant moving Plaintiffs' cases to Wave 8.

### III. CONCLUSION

Plaintiffs' failure to meet the expert report deadline set by the Court for Wave 7B bears no reflection on the actual merits of Plaintiffs' claims. Those claims should be allowed to proceed on the merits, rather than face dismissal due to a procedural violation caused by an administrative calendaring error. Plaintiffs ask this Court to move their cases from Wave 7B to Wave 8 to allow Plaintiffs' cases to proceed and that the claims not be prejudiced because of the neglect of Plaintiff's counsel caused by an unintentional and inadvertent calendaring error.

Plaintiffs are requesting the Court move their cases to Wave 8 rather than an extension of their individual case deadlines to prevent disruption to the Court's Wave schedule and to reciprocate any extensions or courtesies to Monsanto.

In addition to the request made to counsel for Monsanto on Monday, March 18, 2024, undersigned counsel attempted to contact counsel for Monsanto via telephone on Wednesday,

March 20, 2024, but was unsuccessful and left a voicemail. On Friday, March 22, 2024, undersigned counsel sent an e-mail to counsel for Monsanto attaching a draft of the instant Motion and again inquired as to whether Monsanto opposed Plaintiffs' request to move their cases to Wave 8. As of the time of this filing, undersigned counsel has not received a response from counsel for Monsanto.

WHEREFORE, Plaintiffs, Stephen R. Montgomery and Lauren C. Daspit, and Gilbert P. Pellerin, Sr. and Deborah S. Pellerin, respectfully request that this Court move their cases from Wave 7B to Wave 8 due to extraordinary circumstances (Doc. 17234) resulting from the excusable neglect of Plaintiffs' counsel under Federal Rule of Civil Procedure 6(b)(1)(B) by inadvertently missing Plaintiffs' expert report deadlines as a result of an administrative calendaring error.

DATED:   March 23, 2024

Respectfully Submitted,

*/s/ Natalie M. DeJean*
Natalie M. DeJean (LA Bar Roll No. 32423)
Kenneth W. DeJean (LA Bar Roll No. 4817)
Adam R. Credeur (LA Bar Roll No. 35095)
**LAW OFFICES OF KENNETH W. DEJEAN**
417 W. University Ave. (70506)
P.O. Box 4325
Lafayette, Louisiana 70502
Phone: (337) 235-5294
Fax: (337) 235-1095
natalie@kwdejean.com
kwdejean@kwdejean.com
adam@kwdejean.com
*Counsel for Plaintiffs, Steven R. Montgomery and Lauren C. Daspit and Plaintiffs, Gilbert P. Pellerin, Sr. and Deborah S. Pellerin*