UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Leblanc et al. v. Monsanto Co.*, Case No. 22-cv-05978-VC | **ORDER DENYING MOTION TO SUBSTITUTE PARTY**<br><br>Re: Dkt. No. 18028 |

The parties in the above-captioned case have moved to substitute "The Estate of Nolan Leblanc" as plaintiff because both of the plaintiffs are deceased. But generally speaking, "[a]n estate is not a person or a legal entity and cannot sue or be sued; an estate can only act by and through a personal representative and therefore any action must be brought by or against the executor or representative of the estate." *LN Mgt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020) (quoting 34 C.J.S. Executors and Administrators § 823). The Leblancs appear to have been residents of Louisiana, and they originally sued in the Eastern District of Louisiana. In theory, it is possible that Louisiana law authorizes an estate (rather than a representative of the estate) to sue or be sued. If that were so, the Court could make the requested substitution. *See* Fed. R. Civ. P. 17. But the plaintiffs do not cite any authority on that point.

The motion is denied, but the plaintiffs may renew it to provide the Court with authority showing that the requested substitution is proper. They may also seek substitution of a different, permissible party.

**IT IS SO ORDERED.**

Dated: March 28, 2024

_____
VINCE CHHABRIA
United States District Judge