Manuel D. Gomez (MDG – 6851)
**Law Office of Manuel D. Gomez, P.C**
225 Broadway Suite 900
New York, NY, 10007
Tel.: 212-571-2640
Fax.: 212-571-2302
ManuelDGomezesq@gmail.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No.: 3:16-md- 02741-VC<br>**PLAINTIFF'S DECLARATION IN OPPOSITION TO MONSANTO COMPANY'S MOTION TO MOVE CASE TO WAVE 8** |
| This document relates to:<br><br>*The Estate of Thomas J. Fallon, deceased, & Brigitte B. Fallon*<br>*v. Monsanto Co.*,<br>Case No. 3:20-cv-00248-VC | |

1. I am the attorney for plaintiffs in the above captioned matter, and as such, submit this declaration based on a review of the file maintained by my office on this matter.

### BACKGROUND INFORMATION

2. Thomas Fallon ("TOM") died on August 18, 2021 from complications arising from Non-Hodgkin Lymphoma cancer.

3. Tom used Roundup for several years to control weeds in his backyard.

4. Our medical expert, Dr. Chintan Gandhi concluded that TOM's cancer was, within a reasonable degree of medical certainty, caused by TOM's exposure to Glyphosate contained in Roundup.

5. Brigitte Fallon, Tom's widow, was appointed administrator of her deceased husband's

estate pursuant to Letters of Administration dated July 27, 2022.

6. Brigitte Fallon is 79 years old, having been born on September 5, 1944.

7. Brigitte met her husband soon after she arrived from Ireland. They were married for over 40 years, lived at the same home in Rockland County, and raised three children.

8. Brigitte was a nurse. Tom was a bar owner, doorman, and security guard. Brigitte's emotional pain and damages at the loss of her husband is unimaginable.

9. Tom, Brigitte, and the children also underwent enormous pain and suffering for several years prior to Tom's death from the multiple complications and medical procedures Tom underwent.

10. In conversations with Julie Du Pont Esq., we made a good faith settlement demand of $750,00.00. Defendant made no counter offer. Rather, Ms. Du Pont advised that Defendant was looking to settle this case for some number less than $100,000.00.

11. The death of decedent from non-Hodgkin lymphoma; Dr. Chintan Gandhi's medical conclusion as to causation; Brigitte's great emotional loss; the suffering Tom and Brigitte underwent prior to Tom's death; and the expenses already incurred in preparation of this case for trial, Defendant's desire to settle this case for less than $100,000.00 is unreasonable, and a display of bad faith.

12. This case should be set down for mediation and settlement to the benefit of all parties.

## **MONSANTO'S MOTION SHOULD BE DENIED**

13. Monsanto's motion to move this case to Wave 8 should be denied for a multitude of reasons.

14. First, Brigitte is 79 years old and further delay is prejudicial to her and may deny her day in Court.

15. Second, your affirmant refused to stipulate to move this case to Wave 7F because Defendant failed to provide a compelling reason to do so.

16. Further delay of this case is clearly prejudicially to Brigitte. Defendant's motion equally fails to provide a compelling reason to move the case to Wave 7F, and fails to show any

extraordinary circumstances, a higher burden, to move this case to Wave 8.

17. It is unfortunate and sympathetic that Defendant's expert has been diagnosed with cancer and needed to remain in the hospital for approximately one month undergoing intensive medical treatment.

18. Cancer is a serious and possibly lethal disease. Defendant has failed to offer any evidence that the expert's condition will somehow miraculously improve as to permit performance of duties without further delays. It would seem that as far back as February, Defendant should have searched and retained a new expert, and allowed the expert the rest necessary.

19. The deadline for *Daubert* motions to be filed is August 9, 2024, and Defendant has also failed to articulate why it is not able to file its motion within the next four (4) months.

20. If Defendant's expert is now not able to perform his duties due to his illness, then moving this case to another wave is prejudicial to the Plaintiff, while at the same time failing to ensure that Defendant's expert will be capable of timely performing his duties.

21. If on the other hand, Defendant's expert is capable at this time to perform his duties, then Defendant fails to inform the Court why the expert will be incapable of assisting in the preparation of a *Daubert* motion that is not due for another four (4) months.

22. Our expert is ready and willing to be deposed at any moment. If our expert is deposed in April 2024, Defendant still has three (3) months to file its *Daubert* motion.

23. The news that Defendant's expert has cancer is very unfortunate. But Defendant is asking the Court to accept the inference that their expert will be able to perform his duties if the case is moved to another Wave. Defendant has offered no proof in support of this inference.

24. Defendant is also asking the Court to accept the inference that their expert is unable due to illness to assist in the preparation of a *Daubert* motion within the next four (4) months.

25. Both inferences Defendant is asking the Court to accept are without proof, and contradictory to each other.

26. Accordingly, Defendant fails to show any compelling reason or extraordinary circumstance to move this case to Wave 7F, or even less reason to move this case to Wave 8.

27. Granting Defendant's motion is clearly prejudicial to the Plaintiff in light of her advance age. Defendant's motion should be denied.

DATED:  March 04, 2024

                                                  Respectfully submitted,
                                                  /s/ Manuel D. Gomez_____

Manuel D. Gomez (MDG – 6851)
**Law Office of Manuel D. Gomez, P.C**
225 Broadway Suite 900
New York, NY, 10007
Tel.: 212-571-2640
Fax.: 212-571-2302
ManuelDGomezesq@gmail.com
*Attorney for Plaintiffs*