**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Edilia Gonzalez, et al.,*<br>*3:19-cv-08225-VC* | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br><u>Hearing:</u><br>Date:   May 23, 2024<br>Time:  2:00 p.m.<br>Place: Courtroom 4 (Via Zoom) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 23, 2024 at 2:00 p.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 7D Plaintiffs Edilia Gonzalez, Amayrani Balbuena Gonzalez, Caesar Manuel Balbuena Gonzalez, Laura Balbuena Gonzalez ("Plaintiffs"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by Plaintiff, and Monsanto is entitled to summary judgment.

Dated:  April 5, 2024                                  Respectfully submitted,

/s/ Jed P. White
Jed P. White
Attorney for Defendant Monsanto Company

## MEMORANDUM OF POINTS AND AUTHORITIES

To prevail on any of their claims, Plaintiffs must prove that Roundup was the proximate cause of Manuel Balbuena's ("Decedent") cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Decedent's cancer specifically, are specialized issues for which expert testimony is required. Plaintiffs failed to disclose any expert reports regarding specific causation, which were due March 22, 2024. Without expert testimony to prove specific causation, none of Plaintiffs' claims may proceed.

## BACKGROUND

Plaintiffs are residents of California, and allege that exposure to Monsanto's Roundup-branded herbicides ("Roundup") in California caused Decedent to develop cancer. *See* Complaint. ECF 1, ¶¶ 1-5, 121. Plaintiffs seek to hold Monsanto responsible for Decedent's cancer, asserting six causes of action. The lynchpin of Plaintiffs' complaint is that glyphosate—the active-ingredient in Roundup—caused Decedent's cancer. *See id*.

On August 30, 2023, this MDL Court required all Wave 7D plaintiffs, including Plaintiff in this case, to submit expert reports no later than March 22, 2024. *See* Order Granting Joint Request for Revised Schedule for Wave 6-7 Cases and Adding Wave 8 Schedule ("Scheduling Order") (MDL ECF #17234). The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiffs did not submit an expert report regarding specific causation by the March 22, 2024 deadline. Specifically, Plaintiffs have not served any expert report containing case-specific evidence of a causal link between Roundup exposure and Decedent's cancer. (Declaration of Jed White ("White Decl."), ¶ 3.)

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

**ARGUMENT**

**I.  SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFFS LACK THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.**

Under California law, expert medical testimony is required to establish causation of a specific physical injury if such cause is not within the common knowledge of the jurors. *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005) (in a product liability case "where the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation"); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "determinable only in the light of scientific knowledge").

Here, Plaintiffs allege that Decedent was diagnosed with cancer, which they claims was caused by her exposure to Roundup. *See* Compl. ¶¶ 121-123. "With cancer the question of causation is especially troublesome[;] . . . it is frequently

difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. (citation and internal quotation marks omitted). Thus, the causal link between Decedent's injury and Roundup is a highly technical question of science that is beyond the jurors' understanding.

Plaintiffs' deadline to disclose expert reports was March 22, 2024. *See* Scheduling Order. To date, Plaintiffs have not disclosed a single expert witness or report regarding specific causation. Plaintiffs had ample time and opportunity to satisfy their expert disclosure obligations under Rule 26(a)(2) and the Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

This Court has granted summary judgment in favor of Monsanto in similar cases where the plaintiff failed to disclose a specific causation expert, finding that expert testimony was required to prove causation:

> Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not within the common knowledge and experience of an ordinary layperson.

*Matthaus-Shelton v. Monsanto Company*, 20-cv-00168, Doc. No. 17 (Order Granting Summary Judgment, dated November 29, 2022); *see also Adrine Hann v. Monsanto Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated November 3, 2022) ("Whether Roundup caused [Plaintiff's] multiple myeloma is a

highly technical and scientific question. Without expert testimony, a jury can only speculate.").

As a result of Plaintiffs' failure to disclose any expert on the issue of specific causation, they cannot prove causation—an essential element of all their claims. Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiffs' claims. *See Stephen*, 134 Cal. App. 4th at 1373-74 (plaintiff's "inability to present expert testimony was fatal to her product liability and negligence claims, and [thus] nonsuit was proper"); *In re Mirena IUD Prods. Liab. Litig.*, 202 F. Supp. 3d at 311 (S.D.N.Y. 2016) ("summary judgment is appropriate where required expert testimony is absent from the record"); *Martinez v. Ethicon Inc.*, No. 7:19-CV-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020) ("Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment."); *Sterling v. United States*, 834 F. App'x 83, 87 (5th Cir. 2020) (upholding summary judgment where the plaintiff failed to designate expert witnesses); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant]'s device was the proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiffs' claims.

Dated: April 5, 2024                                    Respectfully submitted,

                                                        */s/ Jed P. White*
                                                        Jed P. White
                                                        Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

/s/ *Jed P. White*
Jed P. White