UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Casale v. Monsanto Co.*, Case No. 19-cv-05238-VC<br><br>*Montgomery et al. v. Monsanto Co.*, Case No. 20-cv-07397-VC<br><br>*Pellerin et al. v. Monsanto Co.*, Case No. 21-cv-04634-VC | **ORDER REGARDING CERTAIN MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO MOVE CASES TO LATER WAVES**<br><br>Re: Dkt Nos. 18093, 18104, 18105, 18115, 18116, 18127 |

Monsanto has filed motions summary judgment on the ground that the above-named plaintiffs have failed to present evidence of specific causation. Counsel for the plaintiffs—D. Todd Mathews, Natalie M. DeJean, Kenneth W. DeJean, and Adam R. Credeur—respond that the failure to disclose an expert on specific causation was based on a failure to calendar the deadline. They request that the case schedule be altered to give them another chance.

Counsel are ordered to reimburse Monsanto for the attorneys' fees incurred in filing the motion for summary judgment. The cost of reimbursement cannot be passed on to the plaintiff; it must be borne by counsel, and it may not affect the amount of recovery (if any) the plaintiffs ultimately receive. Within 14 days of this order, the parties shall file a joint statement indicating whether counsel have reimbursed Monsanto. If the reimbursement is not made, Monsanto's motion for summary judgment will be granted, and the plaintiffs may pursue a malpractice action

against their attorneys. If it is made, the case will be moved to a later wave, with the understanding that no further extensions will be granted.

**IT IS SO ORDERED.**

Dated: April 9, 2024

VINCE CHHABRIA
United States District Judge