

March 30, 2024

**VIA ELECTRONIC AND PRIORITY MAIL**
Hon. Vincent Chhabria, U.S.D.J.
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom 4
17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    **Trufolo v. Monsanto, et al.**
               **Docket No. 3:19-cv-06713-VC**
               **PTO No. 287**

Your Honor:

      Our firm represented the Estate of JoAnn Trufolo (and her husband, Dr. Santo Trufolo) in the matter entitled Trufolo v. Monsanto, et al., Docket No.: 3:19-cv-06713-VC. In February 2022, on behalf of our client(s), we formally accepted a settlement offer Special Master Feinberg proffered of $74,500 to resolve this matter.

      I am writing with respect to the Court's March 4, 2024 Order Enforcing Pretrial Order No. 287. Our firm was listed on the Court's manifest of firms that have yet to pay a "holdback deposit required by PTO No. 287." More specifically, given certain circumstances I will describe below, I write to object to the "holdback deposit" that has been demanded of our firm.

      By way of background, Dr. and Mrs. Trufolo were family friends. JoAnn was a routine Round-Up user, who developed and died after her second (more severe) bout of NHL. Initially, we reached out to Weitz & Luxenberg ("W&L"), ostensibly seeking to have W&L take JoAnn's case. W&L declined – so we filed a Complaint and our case was transferred to the MDL, where, as you know, W&L operates as Lead Counsel for plaintiffs. As the Court has noted, W&L's responsibilities including not only managing the MDL on behalf of all plaintiffs, but also conducting discovery and communicating with counsel to other MDL plaintiffs. Thereafter, we reached out to W&L on a number of occasions – and, outside of an initial email and conversation (which ended with an invitation from W&L to reach out at any time), W&L *never* communicated with or got back to us. For instance, after we received notice that Dr. Trufolo's MDL "fact sheet" was deficient, Brown Greer expressly suggested we reach out to W&L for guidance; we did, and (again, after an initial call and email, where

W&L provided no assistance, but invited us to call back), W&L did not respond – and did nothing to help us cure the aforesaid deficiency. Likewise, as we considered Master Feinberg's settlement offer, we reached out to W&L for assistance/guidance related to our client's case, the cancer from which she suffered, the likelihood of success on the merits and her damages:  At specific issue in JoAnn's case was the fact that, while she exhibited what appeared to be the typical disease arc for Roundup victims (meaning, she developed, first, follicular lymphoma, which went into remission; then, she developed Diffuse large B-cell Lymphoma, which caused her death), the period between her development of two forms of NHL appeared to be substantially longer than it was for most Roundup victims (as I recall it, Roundup victims with the strongest cases developed the two cancers within a few (and, at most, five) years of one another; JoAnn developed her cancers thirteen years apart).  We were advised that W&L could provide us guidance on this issue (as it had spearheaded discovery on the topic and/or otherwise had first-hand experience with it), so we reached out on multiple occasions – and heard nothing back. We were thus forced to rely on our outside-looking-in research to advise our client to accept settlement.

As Dr. and Mrs. Trufolo were friends, we took their case at a dramatically reduced contingent fee – and, once we settled, I waived any and all portions of the fee that would have otherwise come to me (approximately 42% of the reduced amount). In sum, on Our Clients' $74,500 settlement, our firm received a net fee of $13,326.30 – or, a contingency fee of just shy of 18%.  Again, I received *no* fee.  This said, on the same $74,500 settlement, the 8% "holdback deposit required by PTO No. 287" amounts to $5,960.00 – nearly *half* of our firm's total fee.  As a member of our firm, I will be responsible for a portion of this amount – even though I did not benefit from the settlement of Dr. and Mrs. Trufolo's case.

Lastly, PTO No. 287 was not effected until October 6, 2023, more than a year-and-a-half after we settled. While the groundwork for this Order may have been laid prior to our settlement, these tracks were laid after we had engaged in a retainer agreement with our clients, and, in any event, vis-à-vis our firm, PTO No. 287 is nonetheless being applied retroactively. Moreover, we have contacted the Special Master in charge of effecting PTO No. 287, and he explained that we can no longer object to our alleged payment obligations. More specifically, the Special Master explained that a process to object to payments due under PTO No. 287 was put in place on October 6, 2023, but expired in January 2024.  As we settled our case nearly two years ago, and have no other matters in or with this MDL, we had no idea any of this was even happening. PTO No. 287 thus represents an absolute and unacceptable failure of due process.

Given all the aforesaid, it seems manifestly unjust to require, as the Court has done via a retroactive Order, our small firm to remit to Lead Counsel nearly half the dramatically reduced fee we received, and me to essentially pay a tax on a fee I *never* received, after Lead Counsel utterly failed in its court-required responsibilities (at  failed us at critical times in our case).  For the various reasons foregoing, we vehemently object to PTO No. 287, will not remit any payment to the Lead Counsel, who have already sufficiently lined their pockets at the expense of the other plaintiffs in this matter.

Matsikoudis & Fanciullo, LLC
128 Monticello Avenue, STR 1 | Jersey City, NJ 07304
116 West 23d Street, Suite 5, Box 473 | New York, NY 10011
(t) (201) 915-0407 | (f) (201) 536-2026

If you have any questions, or if I may provide anything further, please do not hesitate to ask.

Respectfully yours,

*[signature]*

Derek Fanciullo
Matsikoudis & Fanciullo, LLC
*Attorneys for Dr. and JoAnn Trufolo*

cc:     Partner