**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Angelo Bulone v. Monsanto Company,* 3:20-cv-03719-VC | **DEFENDANT MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF DR. LUOPING ZHANG** |
| | **Hearing:** Date:  April 24, 2024<br>Time:  10:00 a.m.<br>Place: Courtroom 4 |

In Response to Monsanto's Motion to Exclude Testimony of Luoping Zhang ("Resp."), Plaintiff ignores Dr. Zhang's results-driven approach and that her analysis in 2019 and 2020 papers has been debunked. Instead, Plaintiff seeks to bolster her credentials, mischaracterizes EPA's review of the 2019 and 2020 papers, and claims Dr. Zhang should be allowed to offer unlimited testimony. For the reasons stated below and in Monsanto's Motion, Dr. Zhang's testimony should be excluded entirely. Should the Court be inclined to allow testimony from Dr. Zhang, it should limit it as other courts in Roundup litigation have done. *See Armstrong, et. al v. Bayer Corporation*, et al, Case No. 2021-005190-CA-01, Order on Defendant Monsanto's Motion to Exclude (". . . Dr. Zhang (1) will not be giving case-specific opinions, (2) that she will limit her expert general opinions to her 2019 meta-analysis, and (3) that she will not offer any new general causation opinions on direct examination at trial that were not previously disclosed.")

Dr. Zhang has been designated "in the areas of molecular mechanisms of chemical toxicity, molecular epidemiology and biomarkers, along with meta-analysis on glyphosate and Non-Hodgkins' Lymphoma." Ex. A, Plaintiffs' Disclosure of Expert Witnesses and Declaration at 5. Dr. Zhang has also been designated to "testify as to . . . the results of her 2019 study . . . ." Ex. A at 5-6. Dr. Zhang also seeks to offer testimony based on both the 2019 study and a 2020 paper she co-authored regarding exposure to glyphosate-based herbicides ("GBHs") and risk of NHL, and regarding an EPA report in 2016.

I. **The Court Should Exclude Dr. Zhang's Testimony Because Her Opinions are Unreliable and Do Not Meet Daubert's "Fit" Requirement**.

Plaintiff, in an attempt to circumvent Dr. Zhang's flawed meta-analysis, claims a "lone scientist" wrote "an internal memorandum disagreeing with some of the methods utilized by Dr. Zhang in her 2019 Paper." Resp. at 1. However, as more fully discussed in Monsanto's Motion, the EPA examined Dr. Zhang's 2019 Paper and found serious methodological flaws within her meta-analysis. In fact, the EPA Memorandum was requested and prepared specifically to ensure Dr. Zhang's 2019 paper was "appropriately considered as part of Registration Review for Glyphosate." *See* Mot., Ex. B, EPA 1/6/2020 Memo. at 2. The EPA concluded the 2019 Paper did not change its assessment of glyphosate's carcinogenicity, and maintained its assessment that glyphosate is "not

likely to be carcinogenic to humans." *See* Mot., Ex. B, EPA 1/6/2020 Memo. at 13. In other words, the EPA found that the 2019 meta-analysis did not support general causation.

Following the EPA's criticism of the 2019 Paper, Dr. Zhang co-authored a second paper in December 2020. The 2020 Paper attempted to respond to the EPA's and other academics' criticisms of the 2019 Paper. Plaintiff's assertions her 2019 meta-analysis should be considered because it was published in a peer-reviewed journal and published prior to this litigation are not persuasive. Resp. at 1-2. Peer review is only one factor of the *Daubert* analysis, and is not conclusive. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993*); Valentine v. Pioneer Chlor Alkali Co, Inc*., 921 F.Supp. 666 (Dist. Nev. 1996 ("Even proof that the proposed scientific findings predate the litigation, or that those findings have undergone some form of "peer review" is not conclusive . . . ."); *A & M Records, Inc. v. Napster, Inc*., 2000 WL 1170106 (N.D.Cal. 2000) (peer review factor is not dispositive).

To be admissible under *Daubert*, an expert's opinions must be relevant or "fit" the facts of the case. *Daubert,* 509 U.S. at 592. Here, Dr. Zhang's opinions do not fit the facts of the case because her opinions do not address the specific sub-type of chronic lymphocytic leukemia that Mr. Bulone alleges he developed as a result of using Roundup. Dr. Zhang admits that her 2019 paper only provides an analysis of the alleged association between glyphosate and NHL in general and does not specifically address subtypes of NHL. *See* Ex. B, *Armstrong* Zhang Dep. (February 16, 2023) at 57:24-58:2 ("Q. With respect to glyphosate and [NHL], you've only looked at NHL overall, correct? A. Yes."); see also *id*. at 76:18-77:19 (Dr. Zhang admitting that her 2019 Paper does not specifically look at the risk of DLBCL from glyphosate exposure); *id.* at 130:23-131:16 (Dr. Zhang admitting that NHL is a diverse group of blood cancer and that her analysis did not investigate any connections between specific NHL subtypes and glyphosate). The Court should exclude her on these grounds because Dr. Zhang has no opinions regarding whether Roundup can cause the specific sub-type of NHL that Mr. Bulone claims he developed as a result of using Roundup.

**II.     The Court Should Limit Dr. Zhang's Opinions to Those Included with her Declaration Because She Has Not Disclosed Any Other Opinions.**

Plaintiff mischaracterizes the Court's Order denying Monsanto's Motion to Strike Dr.

Zhang's expert disclosure, using that ruling to assert the Court has ruled on the scope and admissibility of the testimony Dr. Zhang can offer at trial. Resp. at 2. However, the Order denying Monsanto's Motion to Strike Dr. Zhang's expert disclosure specifically states, "It is also a separate issue whether the opinions set forth in the articles are admissible under Federal Rule of Evidence 702 and *Daubert*." *See* Order, Document 17743.

Dr. Zhang did not produce an expert report in this case and Plaintiff's expert disclosure did not specify her opinions. Instead, it noted she would testify "in the areas of molecular mechanisms of chemical toxicity, molecular epidemiology and biomarkers, along with her meta-analysis on glyphosate and Non-Hodgkin Lymphoma." Plaintiff indicates Dr. Zhang will testify "as to the association between cumulative exposures to glyphosate-based herbicides and an increased risk of non-Hodgkin lymphoma in humans" and "the results of her 2019 meta-analysis." Dr. Zhang's Affidavit (submitted as her expert report) indicated she would rely on her 2019 and 2023 papers. Zhang Affidavit attached as Exhibit C. As this Court stated, "Of course, if it turns out that Zhang plans to offer opinions that are not disclosed in the articles, then Monsanto would have firm ground to seek their exclusion." Order at 3, Document 17743. Therefore, if allowed, Dr. Zhang's testimony at trial should be limited to those articles pursuant to the Court's Order. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 n. 5 (9th Cir. 2006) (a district court does not abuse its discretion by excluding expert testimony when the expert's report was not disclosed by the scheduling deadline); *Berman v. Knife River Corp.*, 687 F. App'x 616, 617 (9th Cir. 2017) (expert opinion may be excluded at trial for including information not disclosed during fact or expert discovery).

## CONCLUSION

For the reasons set forth above, the Court should grant Monsanto's Motion to Exclude Testimony of Dr. Luoping Zhang and exclude Dr. Zhang's opinions.

Dated:  April 10, 2024                     Respectfully submitted,

*/s/ Linda C. Hsu*
Linda C. Hsu
Attorney for Defendant Monsanto Company

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

/s/ Linda C. Hsu
Linda C. Hsu
