**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:	(713) 227-8008
Facsimile:	(713) 227-9508
Email:	jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: *Steve D. Sheffield v. Monsanto Company*, Case No. 3:24-cv-01877-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-Related affiliated companies. Silence as to any allegations shall constitute a denial.

1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2. In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. The allegations in the second sentence of paragraph 2 set forth conclusions of law for which no response is required.

3. Monsanto denies the allegations in paragraph 3.

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies those allegations.

5. The allegations in paragraph 5 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies those allegations.

6. The allegations in paragraph 6 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies those allegations.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9. Monsanto denies that any exposure to Roundup®- branded products can cause NHL and other serious illness and therefore denies those allegations in paragraph 9. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies those allegations. All labeling of Roundup®- branded products has been and remains EPA- approved and in compliance with all federal requirements under FIRFRA.

10. Monsanto denies the allegations in paragraph 10 in document. Monsanto states that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk

assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, Glyphosate: Reregistration Eligibility Decision (RED) Facts, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, Glyphosate Issue Paper: Evaluation of Carcinogenic Potential at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/ document?D=EPA-HQ-OPP2016-0385-0528.

- 3 -

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded tha this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af0e55900753b4, at time stamp 55:05

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore denies those allegations.

11.  Monsanto denies the allegations in paragraph 11.

12.  Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 12. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies those allegations

13.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 that plaintiff was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 13, including that intended use of and/or exposure to Roundup®-branded products causes any injuries. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

14.  Monsanto incorporates by reference its responses to paragraphs 1 through 13 in response to paragraph 14 of plaintiff's Complaint. The remaining allegations in paragraph 14 set forth conclusions of law for which no response is required.

15. Monsanto lacks information or knowledge sufficient to for a belief as to the truth of the allegations regarding decedent's claimed use of or exposure to Roundup®-branded products in paragraph 15 and therefore denies those allegations. The remaining allegations in paragraph 15 set for conclusions of law for which no response is required.

16. Monsanto lacks information or knowledge sufficient to for a belief as to the truth of the allegations regarding decedent's claimed use of Roundup®-branded products in paragraph 16 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 16.

17. Monsanto lacks information or knowledge sufficient to for a belief as to the truth of the allegations regarding decedent's claimed use of Roundup®-branded products in paragraph 17 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 17.

18. Monsanto denies the allegations in paragraph 18.

19. Monsanto denies the allegations in paragraph 19.

20. Monsanto denies the allegations in paragraph 20.

21. Monsanto denies the allegations in paragraph 21.

22. Monsanto denies the allegations in paragraph 22.

23. Monsanto denies the allegations in paragraph 23. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

24. Monsanto denies the allegations in paragraph 24. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

25. Monsanto denies the allegations in paragraph 25.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 25, Monsanto demands that judgment be entered in its favor and against plaintiffs and that plaintiff's Petition be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

26. Monsanto incorporates by reference its responses to paragraphs 1 through 25 in response to paragraph 26 of plaintiff's Petition.

27. Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 27. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

28. Monsanto denies the allegations in paragraph 28, including that Roundup®-branded products have "dangerous characteristics."

29. Monsanto denies the allegations in paragraph 29.

30. Monsanto denies the allegations in paragraph 30.

31. Monsanto denies the allegations in paragraph 31.

32. Monsanto denies the allegations in paragraph 32. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA

33. Monsanto denies the allegations in paragraph 33.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 33, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Petition be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

34. Monsanto incorporates by reference its responses to paragraphs 1 through 33 in response to paragraph 34 of plaintiff's Petition.

35. The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36. Monsanto denies the allegations in paragraph 36 including each of its subparts.

37. Monsanto denies the allegations in paragraph 37.

38. Monsanto denies the allegations in paragraph 38.

39. Monsanto denies the allegations in paragraph 39. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

40. Monsanto denies the allegations in paragraph 40. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

41. Monsanto denies the allegations in paragraph 41.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 41, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Petition be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Petition that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were

1    not defective or unreasonably dangerous in that they complied with, at all relevant times, all
2    applicable government safety standards.

3    　　　　6.　　Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating
4    to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and
5    supply of Roundup®-branded products and/or glyphosate-containing products.

6    　　　　7.　　Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings
7    that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product
8    labeling.

9    　　　　8.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of primary
10   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11   　　　　9.　　Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any,
12   were the result of conduct of plaintiff, independent third parties, and/or events that were
13   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or
14   independent, intervening and superseding causes of the alleged injuries, including but not limited
15   to plaintiff's pre-existing medical conditions.

16   　　　　10.　　The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k,
17   bar plaintiff's claims against Monsanto in whole or in part.

18   　　　　11.　　Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in
19   part.

20   　　　　12.　　Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar
21   plaintiff's claims in whole or in part.

22   　　　　13.　　If plaintiff suffered injury or damages as alleged, which is denied, such injury or
23   damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither
24   liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative
25   degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are
26   not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such
27   acts or omissions on the part of others or diseases or causes constitute an independent, intervening
28

and sole proximate cause of plaintiff's alleged injury or damages.

14. Plaintiff has failed to allege fraud with sufficient particularity.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to them by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims for punitive and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Alabama Constitution, and/or other applicable state constitutions.

19. Plaintiff's claims for punitive and/or aggravated damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Alabama law, and/or other applicable state laws.

20. Plaintiff's claims for punitive and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Ala. Code § 6-11-21.

21. Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22. Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

26. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of

states that do not govern plaintiff's claims.

27. Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public. Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability. In fact, Monsanto exercised reasonable care at all times alleged in the Petition, and plaintiff has failed to clearly establish any entitlement to exemplary and/or aggravated damages based on their allegations.

28. Plaintiffs' strict liability claims are barred in whole or in part, by the Alabama Extended Manufacturer's Liability Doctrine.

29. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

| | | |
|---|---|---|
| 1 | DATED:  April 16, 2024 | Respectfully submitted, |
| 2 | | SHOOK, HARDY & BACON L.L.P. |
| 3 | | BY: */s/ Jennise W. Stubbs* |
| 4 | |     Jennise W. Stubbs |
| | |     600 Travis Street, Suite 3400 |

DATED:  April 16, 2024        Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:    (713) 227-9508
    Email:           jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 16th day of April, 2024, I electronically transmitted the foregoing Monsanto Company's Answer to Plaintiff's Complaint to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by Fed. R. Civ. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-01877-VC