UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCT LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>Johnny Wood v. Monsanto Co.,<br><br>Case No. 3:22-cv-03818-VC | |

### SUGGESTION OF DEATH AND PERSONAL REPRESENTATIVE'S MOTION FOR SUBSTITUTION OF PARTY AND TO AMEND COMPLAINT

Pursuant to Fed. R. Civ. P. 25(a), Fed. R. Civ. P. 15(a), and Fed. R. Civ. P. 15(c), Sharna Wood, by and through her undersigned attorneys, moves to substitute herself as the real party in interest for Plaintiff Johnny Wood, who died during the pendency of this action, and to amend the allegations in the complaint. Mrs. Wood is the surviving spouse and the Personal Representative of the Estate of Johnny Wood. As grounds for this motion, Mrs. Wood states the following:

1. Plaintiff Johnny Wood died on May 14, 2023, during the pendency of this action. Mrs. Wood is the duly appointed Personal Representative of the Estate of Johnny Wood.

2. On April 5, 2024, Plaintiff requested to move this case to Wave 8B. Defendant Monsanto Company (Defendant) consented to Plaintiff's request to move this case to a later wave in order to ensure that Mr. Wood's spouse "is able to take the place of Plaintiff Johnny Wood in continuance of the *Wood* action."

3. Mrs. Wood seeks to substitute herself, in her capacity as the Personal Representative of the Estate of Johnny Wood, as plaintiff in this action so that she may pursue this case alternatively as a survival or wrongful death action pursuant to Texas law.

4. Texas's survival statute, Tex. Civ. Prac. & Rem. Code § 71.021, provides that, "A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person." Tex. Civ. Prac. & Rem. Code § 71.021(a). The personal injury action "survives to and in favor of the heirs, legal representatives, and estate of the injured person." Id. § 71.021(b).

5. Fed. R. Civ. P. 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires."

6. Mrs. Wood through the undersigned attorneys, has conferred with counsel for Defendant regarding the instant motion to obtain Defendant's consent.

7. Defendant has not informed Mrs. Wood or her counsel of any intent to oppose the motion for substitution and/or motion to amend the complaint. Nevertheless, Mrs. Wood respectfully requests that the Court should grant her request under Fed. R. Civ. P. 25 and 15, as Johnny Wood's product liability action against Defendant survived Plaintiff's death and the proposed amended complaint shares the "common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question" as the original complaint. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

8. Further, Fed. R. Civ. P. 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the filing of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out in the original pleading."

9. "The relation back doctrine of Rule 15(c) is 'liberally applied.'" *ASARCO, LLC*, at 1004 (quoting *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982)).

10.     Attached hereto as **Exhibit 1** is Mrs. Wood's proposed amended complaint. The proposed amended complaint lists Mrs. Wood as real party in interest and, in the alternative, alleges a survival or wrongful death action against Defendant.

11.     Attached hereto as **Exhibit 2** is Plaintiff Johnny Wood's death certificate.

12.     Defendant will suffer no prejudice with the substitution to add survivorship and wrongful death claims in the alternative under Texas law. Indeed, this Court has ruled the relation-back doctrine of Fed. R. of Civ. P. 15(c) would also permit such an amendment when Defendant has opposed such a request in the past. *See* ECF No. 16122 (Order Granting Motion to Substitute Party and Amend Complaint).

## CONCLUSION

For the reasons stated herein, Mrs. Wood respectfully requests that the Court grant her motion to substitute herself, as Personal Representative of the Estate of Johnny Wood, as Plaintiff in this action and further grant Mrs. Wood's motion to amend the complaint as set forth in her proposed amended complaint.

Dated: April 17, 2024                                   Respectfully submitted,

                                          By:     */s/ Ben C. Martin*
                                                Ben C. Martin
                                                Jessica Murray (*PHV* to be filed)
                                                **BEN MARTIN LAW GROUP**
                                                3141 Hood Street, Suite 600
                                                Dallas, TX 75219
                                                Telephone: (214) 761-6614
                                                Facsimile: (214) 744-7590
                                                bmartin@bencmartin.com
                                                eservice@bencmartin.com

                                                *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 17th day of April, 2024, a copy of the foregoing MOTION FOR SUBSTITUTION OF PARTY AND TO AMEND COMPLAINT has been filed through the Court's CM/ECF case management system, which will serve a notice of electronic filing to all counsel of record.

*/s/ Ben C. Martin*