**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:            jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Danny and Lisa Stevens v. Monsanto Company,* Case No. 3:24-cv-02058-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      In response to the allegations in paragraph 4, Monsanto states that the referenced

documents speak for themselves and thus do not require any further response. To the extent that the allegations in paragraph 4 characterize the cited documents, Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 4, including the allegations that Roundup®-branded products are unsafe and that Roundup®-branded products caused plaintiffs' alleged injuries.  Monsanto objects to plaintiffs' purported incorporation of materials beyond the Complaint.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 5 based upon the allegations in plaintiffs' Complaint.

6.      Monsanto admits the allegations in the first sentence of paragraph 6. The remaining allegations in paragraph 6 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      In response to the allegations in paragraph 8, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

9.      Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 9. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies those allegations.

10.     Monsanto admits the allegations in the first sentence of paragraph 10. The remaining allegations paragraph 10 set forth conclusions of law for which no response is required.

11.     In response to the allegations in paragraph 11, Monsanto admits that it was the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

entity that discovered the herbicidal properties of glyphosate and that Monsanto has manufactured Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides. Monsanto also admits that certain of these herbicides contain POEA.

12. In response to the allegations in the first sentence of paragraph 12, Monsanto admits that plaintiffs purport to bring a claim for personal injuries, but denies any liability as to that claim. Monsanto denies the remaining allegations in paragraph 12.

13. The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied. Monsanto states that Roundup®-branded products have a variety of separate and distinct uses and formulations.

14. The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15. In response to the allegations in paragraph 15, Monsanto admits that it has sold Roundup®-branded products in Tennessee.

16. The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17. The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. The allegations in paragraph 18 comprise attorney characterizations and are accordingly denied.

19. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20. Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto generally admits the allegations in paragraph 26, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

27.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 27 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 27.

28.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 28 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 28.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Tennessee for sale and distribution.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 35 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 35 set forth conclusions of law for which no answer is required.

36.     Monsanto denies the allegations in paragraph 36 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.    In response to the allegations in paragraph 37, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] `not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] `not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in second-numbered paragraph 38 and therefore denies those allegations.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

38.     In response to the allegations in paragraph 38, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto states, however, that EPA's withdrawal of its interim registration review decision has no effect on the registration of glyphosate or Roundup®-branded products. To the extent that the allegations in paragraph 38 characterize the cited judicial opinion, Monsanto denies those allegations. The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto states, however, that EPA's withdrawal of its interim registration review decision has no effect on the registration of glyphosate or Roundup®-branded products. The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

40.     In response to the allegations in paragraph 40, Monsanto states that the cited document speaks for itself and does not require a response. The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response. The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     In response to the allegations in paragraph 42, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 42 are vague and conclusory and

comprise attorney characterizations and are accordingly denied.

43.     In response to the allegations in paragraph 43, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 43 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies the allegations in paragraph 44 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response. The remaining allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 47 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 50

- 8 -

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

- 9 -

paragraph 56.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 62 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies those allegations.

63.     Monsanto admits the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 64 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

1  and therefore denies those allegations.

2      65.     Monsanto states that the term "toxic" as used in paragraph 65 is vague and

3  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto

4  denies the allegations in paragraph 65.

5      66.     Monsanto admits the allegations in paragraph 66.

6      67.     In response to the allegations in paragraph 67, Monsanto states that the document

7  speaks for itself and does not require a response. To the extent that a response is deemed required,

8  Monsanto denies the allegations in paragraph 67.

9      68.     In response to the allegations in paragraph 68, Monsanto admits that Julie Marc

10  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To

11  the extent that paragraph 68 characterizes the meaning of the cited study, Monsanto denies the

12  remaining allegations in paragraph 68.

13      69.     In response to the allegations in paragraph 69, Monsanto states that these

14  documents speak for themselves and do not require a response. To the extent that a response is

15  deemed required, Monsanto denies the allegations in paragraph 69.

16      70.     In response to the allegations in paragraph 70, Monsanto states that the cited

17  document speaks for itself and does not require a response. To the extent that paragraph 70

18  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

19  paragraph 70.

20      71.     Monsanto denies the allegations in paragraph 71.

21      72.     In response to the allegations in paragraph 72, Monsanto states that the cited

22  document speaks for itself and does not require a response. To the extent that paragraph 72

23  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24  paragraph 72.

25      73.     In response to the allegations in paragraph 73, Monsanto states that the cited

26  document speaks for itself and does not require a response. To the extent that paragraph 73

27  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

28

- 11 -

paragraph 73.

74.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 and therefore denies those allegations.

80.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. The remaining allegations in paragraph 80 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

81.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 81 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 82 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 83

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     The allegations in paragraph 85 comprise attorney characterizations and are accordingly denied.

86.     The allegations in paragraph 86 comprise attorney characterizations and are accordingly denied.

87.     Monsanto admits the allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 88 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 89.

90.     The allegations in paragraph 90 are vague and ambiguous and are accordingly denied.

91.     In response to the allegations in paragraph 91, Monsanto states that the cited document speaks for itself and does not require a response.

92.     In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 92 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

94.     In response to the allegations in paragraph 94, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 94.

95.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto admits the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto admits the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    In response to the allegations in paragraph 112, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 112.

113.   In response to the allegations in paragraph 113, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 113.

114.   In response to the allegations in paragraph 114, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data. Monsanto denies the remaining allegations in paragraph 114.

115.   In response to the allegations in paragraph 115, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto otherwise denies the remaining allegations in paragraph 115.

116.   In response to the allegations in paragraph 116, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts,* 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry,* 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 116.

117.   In response to the allegations in paragraph 117, Monsanto admits that it — along with a large number of other companies and governmental agencies — was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 117 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

118.   In response to the allegations in paragraph 118, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

119.   Monsanto denies the allegations in paragraph 119 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

- 16 -

Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 119 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

120.   In response to the allegations in paragraph 120, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

121.   In response to the allegations in paragraph 121, Monsanto admits that it — along with numerous other private companies — hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto otherwise denies the remaining allegations in paragraph 121.

122.   In response to the allegations in paragraph 122, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud. To the extent that the allegations in paragraph 122 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

123.   In response to the allegations in paragraph 123, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 123 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

124.   In response to the allegations in paragraph 124, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 124 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 124.

125.   Monsanto denies the allegations in paragraph 125.

126.   In response to the allegations in paragraph 126, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

and non-genotoxic.

127.   In response to the allegations in paragraph 127, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 127.

128.   Monsanto denies the allegations in paragraph 128.

129.   Monsanto denies the allegations in paragraph 129.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto denies the allegations in paragraph 131.

132.   Monsanto denies the allegations in paragraph 132.

133.   Monsanto denies the allegations in paragraph 133.

134.   Monsanto denies the allegations in paragraph 134.

135.   Monsanto denies the allegations in paragraph 135.

136.   Monsanto denies the allegations in paragraph 136.

137.   Monsanto denies the allegations in paragraph 137.

138.   Monsanto denies the allegations in paragraph 138.

139.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore denies those allegations.

141.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 141 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 141.

142.   Monsanto denies the allegations in paragraph 142.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

143.   Monsanto incorporates by reference its responses to paragraphs 1 through 142 in response to paragraph 143 of plaintiffs' Complaint.

144.   The allegations in paragraph 144 set forth conclusions of law for which no response is required.

145.   The allegations in paragraph 145 set forth conclusions of law for which no response is required.

146.   Monsanto denies the allegations in paragraph 146.

147.   In response to the allegations in paragraph 147, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

148.   In response to the allegations in paragraph 148, Monsanto states that the cited document speaks for itself and does not require a response.

149.   Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 149. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

150.   Monsanto denies the allegations in the first, third, and last sentences of paragraph 150. Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 150 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

151.   In response to the allegations in the fifth sentence of paragraph 151, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or

exposure to Roundup®-branded products and glyphosate. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The allegations in the last sentence of paragraph 151 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations.

152.   Monsanto incorporates by reference its responses to paragraphs 1 through 151 in response to paragraph 152 of plaintiffs' Complaint.

153.   The allegations in paragraph 153 set forth conclusions of law for which no response is required.

154.   Monsanto denies the allegations in paragraph 154.

155.   Monsanto denies the allegations in paragraph 155, including each of its subparts.

156.   Monsanto denies the allegations in paragraph 156.

157.   Monsanto denies the allegations in paragraph 157.

158.   Monsanto denies the allegations in paragraph 158, including each of its subparts.

159.   Monsanto denies the allegations in paragraph 159.

160.   Monsanto denies the allegations in paragraph 160.

161.   Monsanto denies the allegations in paragraph 161.

162.   Monsanto denies the allegations in paragraph 162.

In response to the "WHEREFORE" paragraph following paragraph 162, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

163.   Monsanto incorporates by reference its responses to paragraphs 1 through 162 in response to paragraph 163 of plaintiffs' Complaint.

164.   In response to the allegations in paragraph 164, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 164.

165.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 and therefore denies those allegations.

166.   Monsanto denies the allegations in paragraph 166.

167.   Monsanto denies the allegations in paragraph 167.

168.   Monsanto denies the allegations in paragraph 168.

169.   Monsanto denies the allegations in paragraph 169, including each of its subparts.

170.   Monsanto denies the allegations in paragraph 170.

171.   Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 171 and therefore denies those allegations.

172.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 and therefore denies those allegations.

173.   Monsanto denies the allegations in paragraph 173.

174.   The allegations in paragraph 174 set forth conclusions of law for which no response is required.

175.   Monsanto denies the allegations in paragraph 175.

176.   Monsanto denies the allegations in paragraph 176.

177.   Monsanto denies the allegations in paragraph 177.

178.   Monsanto denies the allegations in paragraph 178.

179.   Monsanto denies the allegations in paragraph 179.

180.   Monsanto denies the allegations in paragraph 180.

181.   Monsanto denies the allegations in paragraph 181.

182.   Monsanto denies the allegations in paragraph 182.

183.   Monsanto denies the allegations in paragraph 183.

184.   Monsanto denies the allegations in paragraph 184.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

In response to the "WHEREFORE" paragraph following paragraph 184, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

185.   Monsanto incorporates by reference its responses to paragraphs 1 through 184 in response to paragraph 185 of plaintiffs' Complaint.

186.   The allegations in paragraph 186 set forth conclusions of law for which no response is required.

187.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187 and therefore denies those allegations.

188.   Monsanto denies the allegations in paragraph 188. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

189.   Monsanto denies the allegations in paragraph 189.

190.   Monsanto denies the allegations in paragraph 190. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

191.   Monsanto denies the allegations in paragraph 191. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

192.   Monsanto denies the allegations in paragraph 192.

193.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiffs' use history in paragraph 193 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 193.

194.   The allegations in paragraph 194 set forth conclusions of law for which no response is required.

195. Monsanto denies the allegations in paragraph 195.

196. Monsanto denies the allegations in paragraph 196.

197. Monsanto denies the allegations in paragraph 197.

198. Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 198.

199. The allegations in paragraph 199 set forth conclusions of law for which no response is required.

200. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 and therefore denies those allegations.

201. Monsanto denies the allegations in paragraph 201.

202. Monsanto denies the allegations in paragraph 202.

203. Monsanto denies the allegations in paragraph 203.

204. Monsanto denies the allegations in paragraph 204.

205. Monsanto denies the allegations in paragraph 205.

In response to the "WHEREFORE" paragraph following paragraph 205, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

206. Monsanto incorporates by reference its responses to paragraphs 1 through 205 in response to paragraph 206 of plaintiffs' Complaint.

207. Monsanto denies the allegations in paragraph 207.

208. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208 concerning the plaintiffs' claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 208 set forth conclusions of law for which no response is required.

209. The allegations in paragraph 209 set forth conclusions of law for which no response

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

1    is required.

2          210.   Monsanto denies the allegations in paragraph 210.

3          211.   The allegation in paragraph 211 regarding a purported implied warranty sets forth

4    conclusions of law for which no response is required. Monsanto lacks information or knowledge

5    sufficient to form a belief as to the truth of the remaining allegations in paragraph 211 and

6    therefore denies those allegations.

7          212.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8    of the allegations in paragraph 212 regarding plaintiffs' reliance and therefore denies the

9    allegations in paragraph 212. The remaining allegations in paragraph 212 set forth conclusions

10   of law for which no response is required.

11         213.   Monsanto denies the allegations in paragraph 213.

12         214.   Monsanto denies the allegations in paragraph 214.

13         215.   Monsanto denies the allegations in paragraph 215.

14         In response to the "WHEREFORE" paragraph following paragraph 215, Monsanto

15   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint

16   be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable

17   attorney's fees as allowed by law and such further and additional relief as this Court may deem

18   just and proper.

19         216.   Monsanto incorporates by reference its responses to paragraphs 1 through 215 in

20   response to paragraph 216 of plaintiffs' Complaint.

21         217.   Monsanto denies the allegations in paragraph 217.

22         218.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

23   of the allegations in paragraph 218 concerning the plaintiff's claimed use of Roundup®-branded

24   products and therefore denies those allegations. The remaining allegations in paragraph 218 set

25   forth conclusions of law for which no response is required.

26         219.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

27   of the allegations in paragraph 219 concerning the plaintiff's claimed use of Roundup®-branded

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

products and therefore denies those allegations. The remaining allegations in paragraph 219 set forth conclusions of law for which no response is required.

220.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 220 and therefore denies those allegations.

221.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 and therefore denies those allegations.

222.   The allegations in paragraph 222 set forth conclusions of law for which no response is required.

223.   Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling. The remaining allegations in paragraph 223 set forth conclusions of law for which no response is required.

224.   Monsanto denies the allegations in paragraph 224.

225.   Monsanto denies the allegations in paragraph 225.

226.   Monsanto denies the allegations in paragraph 226.

227.   Monsanto denies the allegations in paragraph 227.

228.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 228 and therefore denies those allegations.

229.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 229 and therefore denies those allegations.

230.   Monsanto denies the allegations in paragraph 230.

231.   Monsanto denies the allegations in paragraph 231.

232.   Monsanto denies the allegations in paragraph 232.

233.   Monsanto denies the allegations in paragraph 233.

234.   Monsanto denies the allegations in paragraph 234.

In response to the "WHEREFORE" paragraph following paragraph 234, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

- 25 -

fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## <u>SEPARATE AND AFFIRMATIVE DEFENSES</u>

1.     The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.      Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.      If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.      Monsanto had no legal relationship or privity with plaintiffs and owed no duty to

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

plaintiffs by which liability could be attributed to it.

16.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.    Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.    Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Tennessee Constitution, and/or other applicable state constitutions.

19.    Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive and/or exemplary damages under Tennessee law and/or other applicable state laws.

20.    Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.    Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.    Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.    If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.    Plaintiffs' claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiffs' claims.

27.    Plaintiffs' claims are barred or limited to the extent that plaintiff asserts claims that

- 28 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC

are governed by the laws of a state that does not recognize, or limits, such claims.

28.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Tennessee law.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED:  April 17, 2024                 Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:    (713) 227-9508
    Email:         jstubbs@shb.com

    *Attorneys for Defendant*
    *MONSANTO COMPANY*

1

## **CERTIFICATE OF SERVICE**

2

  I certify that on the 17th day of April, 2024, I electronically transmitted the foregoing

3

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using

4

the ECF system for filing and transmittal of a true and correct copy of the foregoing document

5

was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

6

7

        */s/Jennise W. Stubbs*

8

        Jennise W. Stubbs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:24-cv-02058-VC