**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:        jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Rebecca Dietrich f/k/a Rebecca Gebo, as the Personal Representative of the Estate of Ronald Gebo, deceased v. Monsanto Co.,* Case No. 3:17-cv-00168-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Amended Complaint and Jury Demand ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.    Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2.    Monsanto denies the allegations in paragraph 2.

3.    Monsanto denies the allegations in paragraph 3.

4.   The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 that decedent or decedent's employer purchased Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.   The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding where the events giving rise to this action occurred and therefore denies those allegations. The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.   The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required. In response to the second sentence of paragraph 8, Monsanto admits that it sells, markets, and/or distributes Roundup®-branded products within the Middle District of Florida. In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

9.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 9.

10.   The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied. Monsanto states that Roundup®-branded products have a variety of separate and distinct uses and formulations.

11.   In response to the allegations in paragraph 11, Monsanto admits that it is a

corporation organized under the laws of the State of Delaware and that its principal place of business is in St. Louis County, Missouri.

12.     In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Florida.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Florida. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits the allegations in paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 22 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 23 comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

24.    Monsanto generally admits the allegations in paragraph 24, but denies the allegations in paragraph 24 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

25.    In response to the allegations in paragraph 25, Monsanto admits that certain Roundup®-branded herbicides contain POEA. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.    Monsanto admits the allegations in paragraph 26.

27.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.    Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 28 and therefore denies those allegations. The remaining allegations in paragraph 28 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

29.    Monsanto admits the allegations in the first three sentences of paragraph 29. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto otherwise denies the remaining allegations in paragraph 29.

30.    In response to the allegations in paragraph 30, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 30 characterize the cited document, Monsanto denies the allegations in paragraph 30.

31.    Monsanto admits the allegations in the first three sentences of paragraph 31. In response to the allegations in the second sentence of paragraph 31. Monsanto admits that the IARC working group classified glyphosate under Group 2A. Monsanto denies the remaining

1    allegations in paragraph 31.

2         32.    Monsanto denies the allegations in paragraph 32.

3         33.    Monsanto denies the allegations in paragraph 33.

4         34.    In response to paragraph 34, Monsanto admits that glyphosate repeatedly has been

5    found to be safe to humans and the environment by regulators in the United States and around

6    the world and further admits that it has labeled glyphosate products as approved by regulatory

7    bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has

8    concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that

9    glyphosate-based herbicides create no unreasonable risk to human health or to the environment

10   when used in accordance with the label. To the extent that paragraph 34 alleges that Monsanto

11   has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in

12   addition to such regulatory approval, Monsanto denies such allegations.

13        35.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

14   used in accordance with the products' labeling. Monsanto denies the remaining allegations in

15   paragraph 35.

16        36.    In response to the allegations in paragraph 36, Monsanto admits that Roundup®-

17   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

18   the product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph

19   36.

20        37.    In response to the allegations in paragraph 37, Monsanto admits that farmers have

21   safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining

22   allegations in paragraph 37.

23        38.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

24   used in accordance with the products' labeling. Monsanto denies the remaining allegations in

25   paragraph 38.

26        39.    The allegations in paragraph 39 set forth conclusions of law for which no response

27   is required. To the extent that a response is deemed required, Monsanto admits the allegations in

28
- 5 -

paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.     In response to the allegations in paragraph 41, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 41 set forth conclusions of law for which no response is required.

42.     The allegations in paragraph 42 set forth conclusions of law for which no response is required.

43.     In response to the allegations in paragraph 43, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States.

44.     In response to the allegations in paragraph 44, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations, and are accordingly denied, or set forth conclusions of law for which no response is required.

45.     Monsanto denies the allegations in paragraph 45 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. The remaining allegations in paragraph 45 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

46.     In response to the allegations in paragraph 46, Monsanto admits IBT was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies. The remaining allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations, and are accordingly denied, or set forth conclusions of law for which no response is required.

47.     Monsanto denies the allegations in paragraph 47 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's testing procedures in connection with services provided to a broad number of private and governmental entities and that this audit included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers for which IBT conducted testing. The audit found some toxicology studies on glyphosate conducted by IBT to be invalid and others to be valid. As a result, Monsanto repeated or replaced all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 47 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 48 characterize the cited document, Monsanto denies the allegations in paragraph 48. To the extent that the allegations in paragraph 48 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

49.     In response to the allegations in paragraph 49, Monsanto admits that three IBT employees were convicted of the charge of fraud, including Paul Wright who was an employee at Monsanto both before and after he was employed by IBT. Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate-based herbicides.

50.     Monsanto denies the allegations in paragraph 50 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's testing procedures in connection with services provided to a broad number of private and governmental entities and that this audit included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers for which IBT conducted testing. The audit found some toxicology studies on glyphosate conducted by IBT to be invalid and others to be valid. As a result, Monsanto repeated or replaced all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 50 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied. Monsanto denies the remaining allegations in paragraph 50.

51.     The allegations in paragraph 51 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

52.     Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that Monsanto repeated or replaced all required studies in accordance with applicable EPA testing guidelines. The remaining allegations in paragraph 53 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

54.     The allegations in paragraph 54 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that an EPA review

committee classified glyphosate as Class C in 1985 based on limited data and that EPA ultimately classified glyphosate as Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto further states that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] The allegations in paragraph 56 also set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 56.

57.     The allegations in paragraph 57 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

58.     In response to the allegations in paragraph 58, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA ultimately classified glyphosate as Group E based upon a full evaluation of the scientific evidence, including

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

but not limited to three animal carcinogenicity studies. Monsanto further states that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[4]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[5] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[6] The allegations in paragraph 58 also set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 58.

59.    In response to the allegations in paragraph 59, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA ultimately classified glyphosate as Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto further states that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk

---

[4] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[5] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[6] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

assessment"[7]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[8] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[9] The allegations in paragraph 59 also set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 59.

60. The allegations in paragraph 60 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA

61. The allegations in paragraph 61 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

62. The allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

63. Monsanto denies the allegations in paragraph 63.

---

[7] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[8] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[9] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

64.     The allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

65.     In response to the allegation in paragraph **Error! No text of specified style in document.**, Monsanto admits that it subscribes to the International Code of Conduct on Pesticide Management, which is issued by the United Nations Food and Agricultural Organization, speaks for itself, and does not require a further response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the cited document, Monsanto denies those allegations.  The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

66.     The allegations in the first sentence of paragraph 66 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that it has produced seeds that contain the Roundup Ready® trait, that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds, that following the development of Roundup® Ready seeds, it began to sell them in the 1990s, and that such seeds are now widely used by farmers in the United States and worldwide. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts,* 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry,* 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto admits that it — along with a large number of other companies and governmental agencies — was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 69 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

70.     In response to the allegations in paragraph 70, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.

Monsanto also admits that the patent for glyphosate expired in the United States in 2000. The remaining allegations in paragraph 70 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

71. In response to the allegations in paragraph 71, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 71 and accordingly denies those allegations. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

72. In response to the allegations in paragraph 72, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph **Error! No text of specified style in document.** and accordingly denies the same. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

73. In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts of paragraph **Error! No text of specified style in document.** purport to quote a document, the document speaks for itself and thus does not require any further response. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

74.     In response to the allegations in paragraph **Error! No text of specified style in document.** Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further response. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     In response the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claims here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that it retained James Parry, Ph.D.  The remaining allegations in paragraph 81 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

82.     In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the referenced documents speak for themselves and thus do not require any further response.  To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the meaning of the referenced documents, Monsanto denies those allegations.  Monsanto states that after evaluating additional material and studies, Dr. Parry concluded that glyphosate is not genotoxic.

83.     In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the referenced documents speak for themselves and thus do not

- 15 -

require any further response.  To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the meaning of the referenced documents, Monsanto denies those allegations.  Monsanto states that after evaluating additional material and studies, Dr. Parry concluded that any additional testing he had initially recommended was unnecessary.

84.     The allegations in the first sentence of paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required. Monsanto denies the allegations in the second sentence of paragraph **Error! No text of specified style in document.** to the extent they are intended to suggest that Monsanto had any obligation to provide EPA with the referenced document.  Monsanto state that EPA does in fact have knowledge of the referenced document and has never made any finding or taken any action indicating a position that Monsanto did not properly report the referenced document pursuant to EPA guidelines.  In response to the allegations in the third sentence of paragraph **Error! No text of specified style in document.**, Monsanto states that after evaluating additional material and studies, Dr. Parry concluded that any additional testing he had initially recommended was unnecessary. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

85.     Monsanto denies the allegations in paragraph 85.

86.     In response to the allegation in paragraph **Error! No text of specified style in document.**, Monsanto denies that it engaged in any "ghostwriting" of articles. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

87.     In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the cited document, Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

88.     In response to the allegation in paragraph **Error! No text of specified style in document.**, Monsanto denies that it engaged in any "ghostwriting" of articles. The remaining

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

allegations in paragraph **Error! No text of specified style in document.** take statements in the cited documents out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

89.     Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

90.     In response to the allegation in paragraph 90, Monsanto denies that it engaged in any "ghostwriting" of articles. The remaining allegations in paragraph 90 take statements in the cited documents out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

91.     In response to the allegations in the last sentence of paragraph 91, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 91 characterize the cited document, Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

93.     The allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

94.     The allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

95.     Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

96.     In response to the allegations in the last sentence of paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the cited document, Monsanto denies those allegations.

97.     The allegations in paragraph **Error! No text of specified style in document.** take statements in the cited documents out of context, are vague, incomplete, and conclusory, and/or

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

comprise attorney characterizations — and are accordingly denied.

98.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

99.   The allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

100.   In response to the allegations in paragraph 100, Monsanto refers to the labels for its Roundup®-branded products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms. The remaining allegations in paragraph 100 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

101.   In response to the allegations in paragraph 101, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 101, which are not limited as of any specified date, and accordingly denies the same.

102.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

103.   Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph **Error! No text of specified style in document.** and therefore denies those allegations.

104.   Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph **Error! No text of specified style in document.** and therefore denies those allegations.

105.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.** to the extent that they suggest that IARC had previously assessed glyphosate. Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

106.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts." Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence. Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

107.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**. The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

108.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

109.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

110.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

111.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

112.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, and that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and the EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

113.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate. Monsanto notes that a federal district court has

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See Arias v. DynCorp,* 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

114.  Monsanto states that the term "toxic" as used in paragraph **Error! No text of specified style in document.** is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

115.  In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the meaning of the cited study, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

116.  In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the meaning of the cited study, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

117.  In response to the allegations in paragraph 117, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the meaning of the cited study, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

118.  In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the terms "at all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

119.  In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto denies that glyphosate or Roundup®-branded products cause cancer. The

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

remaining allegations in paragraph **Error! No text of specified style in document.** take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

120.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

121.   Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

122.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph **Error! No text of specified style in document.** and therefore denies those allegations. In response to the third sentence of paragraph **Error! No text of specified style in document.** and the quotation therein, Monsanto admits that plaintiff has accurately quoted from the cited document, but states that the cited document speaks for itself. Monsanto further states that: (a) in September 2016, EPA's OPP issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[10]; and (b) at the same time, EPA posted an October 2015 final report by its standing CARC, in which that committee endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[11] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be

---

[10] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[11] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

carcinogenic to humans'."[12] The remaining allegations in paragraph **Error! No text of specified style in document.** comprise attorney characterizations and are accordingly denied.

123.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph **Error! No text of specified style in document.** vague, incomplete, and conclusory and/or comprise attorney characterizations — and are accordingly denied.

124.   In response to the allegations in the first sentence of paragraph **Error! No text of specified style in document.**, Monsanto admits that EPA held a FIFRA Scientific Advisory Panel ("SAP") from December 13-16, 2016. In response to the allegations in the third sentence of paragraph **Error! No text of specified style in document.**, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague, incomplete, and conclusory and/or comprise attorney characterizations — and are accordingly denied.

125.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the final SAP meeting minutes and report were released and states that the cited documents speak for themselves and thus do not require any further response. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations and are accordingly denied.

126.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the meaning of the cited document, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**. Monsanto states, however, that EPA's

---

[12] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

withdrawal of its interim registration review decision has no effect on the registration of glyphosate or Roundup®-branded products.

127.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the meaning of the cited document, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**. Monsanto states, however, that EPA's withdrawal of its interim registration review decision has no effect on the registration of glyphosate or Roundup®-branded products.

128.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

129.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

130.   The allegations in paragraph **Error! No text of specified style in document.** take statements in the cited documents out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

131.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** regarding Jess Rowland and therefore denies those allegations. The allegations in paragraph **Error! No text of specified style in document.** take statements in the cited document out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

132.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** regarding Jess Rowland and the Agency for Toxic Substances and Diseases and therefore denies those allegations. The allegations in paragraph **Error! No text of specified style in document.** take statements in the cited document out of context, are vague, incomplete, and conclusory, and/or

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

comprise attorney characterizations — and are accordingly denied.

133.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** regarding Jess Rowland and the Agency for Toxic Substances and Diseases and therefore denies those allegations. The allegations in paragraph **Error! No text of specified style in document.** take statements in the cited document out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

134.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** regarding Jess Rowland and the Agency for Toxic Substances and Diseases and therefore denies those allegations. The allegations in paragraph **Error! No text of specified style in document.** take statements in the cited document out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

135.   The allegations in paragraph **Error! No text of specified style in document.** take statements in the cited documents out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

136.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

137.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

138.   Monsanto lacks information sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** and accordingly denies

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

those allegations.

139. Monsanto lacks information sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** and accordingly denies those allegations.

140. Monsanto lacks information sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** and accordingly denies those allegations.

141. Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

142. In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the referenced, unidentified documents speak for themselves and thus do not require any further response. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the meaning of the referenced, unidentified documents, Monsanto denies those allegations. The remaining allegations in paragraph **Error! No text of specified style in document.** are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

143. In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC. Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[13] Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution.  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

144.   The allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.

145.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that OEHHA published a notice that glyphosate would be included on its Proposition 65 listing and admits that this notice was not based upon any independent scientific analysis of glyphosate but instead was in response to a section of the Labor Code triggering such action based solely upon the IARC classification. Monsanto further states that OEHHA concluded in 2007, based upon its own independent evaluation of the scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans." OEHHA's decision that it was required to list glyphosate violated the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

146.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

147.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a

---

[13]   OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

response. Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

148.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

149.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

150.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

151.   In response to the allegations in paragraph **Error! No text of specified style in**

**document.**, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

152.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

153.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion. To the extent that the allegations in paragraph **Error! No text of specified style in document.** characterize the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

154.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

155.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that glyphosate is approved for use in the European Union. Monsanto denies that any glyphosate-related studies attributable to Laboratory of Pharmacology and Toxicology related in any way to a purported or alleged risk of cancer and denies that it ever hired the Laboratory of Pharmacology and Toxicology to perform scientific research regarding

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**
**3:16-md-02741-VC & 3:17-cv-00168-VC**

glyphosate or Monsanto's glyphosate-containing products. Monsanto further states that foreign regulatory authorities have determined that any allegations of wrongdoing relating to Laboratory of Pharmacology and Toxicology do not undermine the European Union's approval of glyphosate. To the extent that the allegations in paragraph **Error! No text of specified style in document.** are intended to suggest that the European Union's approval of glyphosate depends on studies attributable to Laboratory of Pharmacology and Toxicology, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

156. Monsanto lacks information sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** and accordingly denies those allegations. Monsanto further denies that any glyphosate-related studies attributable to Laboratory of Pharmacology and Toxicology related in any way to a purported or alleged risk of cancer. Monsanto further states that foreign regulatory authorities have determined that any allegations of wrongdoing relating to Laboratory of Pharmacology and Toxicology do not undermine the European Union's approval of glyphosate. To the extent that the allegations in paragraph **Error! No text of specified style in document.** are intended to suggest that the European Union's approval of glyphosate depends on studies attributable to Laboratory of Pharmacology and Toxicology, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

157. In response to the allegations in the last sentence of paragraph **Error! No text of specified style in document.**, Monsanto states that the referenced studies speak for themselves and do not require a response. To the extent that the allegations in the last sentence of paragraph **Error! No text of specified style in document.** characterize the referenced studies, Monsanto denies those allegations. The remaining allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required or are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

158. In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that it is an indirect, wholly owned subsidiary of Bayer AG. The

- 30 -

remaining allegations in paragraph **Error! No text of specified style in document.** are directed at an entity other than Monsanto and, therefore, do not require any response from Monsanto.

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore denies those allegations.

160.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160 and therefore denies those allegations.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore denies those allegations.

163.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 and therefore denies those allegations.

164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore denies those allegations.

165.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 and therefore denies those allegations.

166.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies those allegations.

167.    In response to the allegations in paragraph 167 Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 concerning decedent's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 167.

168.    In response to the allegations in paragraph 168 Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge

sufficient to form a belief as to the truth of the allegations in paragraph 168 concerning decedent's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 168.

169.   In response to the allegations in paragraph 169 Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 concerning decedent's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 169.

170.   Monsanto incorporates by reference its responses to paragraph 1 through 169 in response to paragraph **Error! No text of specified style in document.** of plaintiff's Complaint.

171.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph **Error! No text of specified style in document.**. In response to the allegations in the second sentence of paragraph **Error! No text of specified style in document.**, Monsanto denies that there is any risk of NHL or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.

172.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.

173.   In response to the allegations in paragraph **Error! No text of specified style in**

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

**document.**, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph **Error! No text of specified style in document.** and therefore denies those allegations.

174.   The allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

175.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

176.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

177.   Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff and/or decedent to risk of decedent's alleged cancer and denies the remaining allegations in paragraph **Error! No text of specified style in document.**. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

178.   Monsanto denies the allegations in the first and last sentences of paragraph **Error! No text of specified style in document.**. The remaining allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

179.   Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. The remaining

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

180.   The allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.

181.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

182.   The allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

183.   Monsanto incorporates by reference its responses paragraph 1 through 182 in response to paragraph **Error! No text of specified style in document.** of plaintiff's Complaint.

184.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

185.   Monsanto denies the allegations in paragraph 185.

186.   The allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.

187.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

188.   Monsanto denies the allegations in paragraph 188.

189.   Monsanto denies the allegations in paragraph 189.

190.   Monsanto denies the allegations in paragraph 190.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

191.   Monsanto denies the allegations in paragraph 191.

192.   Monsanto denies the allegations in paragraph 192.

193.   Monsanto denies the allegations in paragraph 193.

194.   Monsanto denies the allegations in paragraph 194.

195.   Monsanto denies the allegations in paragraph 195 and each of its subparts.

196.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

197.   In response to the allegations in paragraph **Error! No text of specified style in document.** Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** concerning decedent's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

198.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

199.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

200.   Monsanto denies the allegations in paragraph 200.

201.   Monsanto denies the allegations in paragraph 201.

202.   Monsanto denies the allegations in paragraph 202.

203.   In response to the allegations in paragraph 203, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

204.   Monsanto incorporates by reference its responses paragraph 1 through 175 in response to paragraph 204 of plaintiff's Complaint.

1        205.   Monsanto denies the allegations in paragraph 205.

2        206.   Monsanto denies the allegations in paragraph 206.

3        207.   The allegations in paragraph 207 set forth conclusions of law for which no response

4   is required.

5        208.   Monsanto denies the allegations in paragraph 208.

6        209.   Monsanto denies the allegations in paragraph 209.

7        210.   Monsanto denies the allegations in paragraph 210.

8        211.   Monsanto denies the allegations in paragraph 211.

9        212.   Monsanto denies the allegations in paragraph 212.

10       213.   Monsanto denies the allegations in paragraph 213.

11       214.   Monsanto denies the allegations in paragraph 214.

12       215.   Monsanto denies the allegations in paragraph 215.

13       216.   Monsanto denies the allegations in paragraph 216 and each of its subparts.

14       217.   Monsanto denies the allegations in paragraph 217.

15       218.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

16   of the allegations in paragraph 218 concerning decedent's knowledge about Roundup®-branded

17   products and therefore denies the remaining allegations in paragraph 218.

18       219.   Monsanto denies the allegations in paragraph 219.

19       220.   Monsanto denies the allegations in paragraph 220.

20       221.   Monsanto denies the allegations in paragraph 221.

21       222.   Monsanto denies the allegations in paragraph 222.

22       223.   Monsanto denies the allegations in paragraph 223.

23       224.   Monsanto denies the allegations in paragraph 224.

24       225.   Monsanto denies the allegations in paragraph 225.

25       226.   In response to the allegations in paragraph 226, Monsanto demands that judgment

26   be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with

27   prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

by law and such further and additional relief as this Court may deem just and proper.

227.   Monsanto incorporates by reference its responses to paragraphs 1 through 175 in response to paragraph 227 of plaintiff's Complaint.

228.   In response to the allegations in paragraph 228, Monsanto admits that plaintiff purports to bring claims for strict liability but denies any liability to plaintiff.

229.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 229 and therefore denies those allegations.

230.   Monsanto denies the allegations in paragraph 230.

231.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 231 and therefore denies those allegations.

232.   Monsanto denies the allegations in paragraph 232.

233.   Monsanto denies the allegations in paragraph 233.

234.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.** and each of its subparts.

235.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** concerning decedent's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 235, including that Roundup® branded products have "dangerous characteristics."

236.   In response to the allegations in paragraph **Error! No text of specified style in document.** Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** concerning decedent's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

237.   Monsanto denies the allegations in paragraph 237.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

238.   Monsanto denies the allegations in paragraph 238.

239.   Monsanto denies the allegations in paragraph 239.

240.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

241.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

242.   Monsanto denies the allegations in paragraph 242.

243.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

244.   Monsanto denies the allegations in paragraph 244.

245.   Monsanto denies the allegations in paragraph 245.

246.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

247.   Monsanto incorporates by reference its responses to paragraph 1 through 175 in response to paragraph **Error! No text of specified style in document.** of plaintiff's Complaint.

248.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto admits that plaintiff purports to bring claims for strict liability but denies any liability to plaintiff.

249.   Monsanto denies the allegations in paragraph 249.

250.   The allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.

251.   The allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.

252.   Monsanto denies the allegations in paragraph **Error! No text of specified style in**

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

**document.**. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

253.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

254.   Monsanto denies the allegations in paragraph 254.

255.   Monsanto denies the allegations in paragraph 255.

256.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** and therefore denies those allegations.

257.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph **Error! No text of specified style in document.** regarding decedent's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**, including that Roundup®-branded products have "dangerous characteristics."

258.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto denies that Roundup®-branded products are associated with risks of NHL or other serious illness or that Roundup®-branded products have "defects." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph **Error! No text of specified style in document.** and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph **Error! No text of specified style in document.**.

259.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

260.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**. All labeling of Roundup®-branded products has been and remains EPA-approved

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

and in compliance with all federal requirements under FIFRA.

261.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

262.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

263.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

264.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

265.   Monsanto denies the allegations in paragraph **Error! No text of specified style in document.**.

266.   Monsanto denies the allegations in paragraph 266.

267.   Monsanto denies the allegations in paragraph 267.

268.   Monsanto denies the allegations in paragraph 268.

269.   Monsanto denies the allegations in paragraph 269.

270.   Monsanto denies the allegations in paragraph 270.

271.   Monsanto denies the allegations in paragraph 271.

272.   Monsanto denies the allegations in paragraph 272.

273.   In response to the allegations in paragraph **Error! No text of specified style in document.**, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

274.   The allegations in paragraph **Error! No text of specified style in document.** set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Venue is improper for all or most of plaintiff's claims.

3.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

- 41 -

processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's and/or decedent's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Plaintiff's and/or decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive and/or exemplary damages under Florida law and/or other applicable state laws.

21.     Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent, or done with a conscious disregard for the rights of plaintiff and/or the safety of the public. Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability. In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive and/or exemplary, aggravated, treble or double damages based on their allegations.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own contributory/comparative negligence.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own failure to mitigate damages.

25.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

27.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

- 43 -

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

31.     To the extent that plaintiff or plaintiff's decedent recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76

32.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

33.     Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable. Monsanto is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any other product used by plaintiff that was not manufactured, sold, or distributed by Monsanto.

34.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:17-cv-00168-VC

DATED:  April 19, 2024

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:   (713) 227-9508
    Email:    jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of April, 2024, I electronically transmitted the foregoing **Monsanto Company's Answer to Plaintiff's Amended Complaint** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by Fed. R. Civ. P. 5.


*/s/Jennise W. Stubbs*
Jennise W. Stubbs