**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:        jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Ronald Bailey v. Monsanto Co.*, Case No. 3:24-cv-01595-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint, except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto denies the allegations in paragraph 1.

2.      The allegations in paragraph 2 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

3.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 5. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies those allegations.

6.     In response to the allegations in paragraph 6, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. The remaining allegations in paragraph 6 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

7.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 and therefore denies those allegations. The remaining allegations in paragraph 7 sets forth a conclusion of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 7.

8.     Monsanto admits the allegations in paragraph 8.

9.     Monsanto admits the allegations in paragraph 9.

10.     Monsanto denies the allegations in paragraph 10.

11.     Monsanto admits venue is appropriate in this district based upon the allegations in plaintiff's complaint but denies that the allegations in the second sentence of paragraph 11 establish venue. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 regarding plaintiff's exposure to Roundup®-branded products and therefore denies those allegations.

12.     Monsanto admits the allegations in paragraph 12.

13.     In response to the allegations in paragraph 13 Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 13 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto admits the allegations in paragraph 14.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto denies the allegations in paragraph 16 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

17.     Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto otherwise denies the allegations in paragraph 17.

18.     Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto otherwise denies the allegations in paragraph 18.

19.     Monsanto admits the allegations in paragraph 19.

20.     Monsanto admits the allegation in the first sentence of paragraph 20. Monsanto denies the remaining allegations in paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.

22.     In response to the allegations in paragraph 22, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining allegations in paragraph 22.

23.     In response to the allegations in the first sentence of paragraph 23, Monsanto admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA and that it has stated that Roundup®-branded products are safe when used as labeled. Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required

26.     In response to the allegations in paragraph 26, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

27.     In response to the allegations in paragraph 27, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

28.     In response to the allegations in paragraph 28, Monsanto admits that Paul Wright was an employee at Monsanto before he was employed by IBT. The remaining allegations in paragraph 28 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

29.     Monsanto admits the allegations in paragraph 29 except to the extent they are intended to suggest that EPA's regulatory approval is based upon any fraudulent or false IBT studies. Monsanto repeated all required studies in accordance with applicable EPA testing guidelines and denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.

30.     In response to the allegations in paragraph 30, Monsanto admits that Paul Wright was an employee at Monsanto both before and after he was employed by IBT. Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate-based herbicides.

31.     The allegations in paragraph 31 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

32.   The allegations in paragraph 32 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

33.   Monsanto denies the allegations in paragraph 33 to the extent they suggest that EPA performed an inspection of IBT solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

34.   Monsanto denies the allegations in paragraph 34 to the extent they suggest that EPA performed an inspection of IBT solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 34 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

35.     In response to the allegations in paragraph 35, Monsanto states that the referenced statement speaks for itself and does not require a response.

36.     Monsanto admits that Paul Wright was indicted for fraud in 1981. Monsanto otherwise denies the allegations in paragraph 36 and denied that the indictment related in any way to glyphosate or Roundup®-branded herbicides.

37.     Monsanto denies the allegations in paragraph 37.

38.     The allegations in paragraph 38 set forth conclusion of law for which no response is required. Monsanto admits, however, that it repeated or replaced all required studies in accordance with applicable EPA testing guidelines.

39.     In response to the allegations in paragraph 39, Monsanto admits that it repeated or replaced all required studies in accordance with applicable EPA testing guidelines.

40.     In response to the allegations in paragraph 40, Monsanto admits that it repeated or replaced all required studies in accordance with applicable EPA testing guidelines.

41.     In response to the allegations in paragraph 41, Monsanto states that the referenced statement speaks for itself and does not require a response.

42.     Monsanto generally admits that allegations in paragraph 42 but states that, to the extent the allegations in paragraph 42 characterize the referenced study, Monsanto denies those allegations.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto admits that it submitted an additional study in 1990 but otherwise denies the allegations in paragraph 44.

45.     To the extent the allegations in paragraph 45 characterize the referenced study, Monsanto denies those allegations. The remaining allegations in paragraph 45 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

46.     In response to the allegations in paragraph 46, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA ultimately classified glyphosate as Group E based upon a full evaluation of the scientific evidence, including

but not limited to three animal carcinogenicity studies. Monsanto further states that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] The allegations in paragraph 46 also set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA ultimately classified glyphosate as Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto further states that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor]

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[4]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[5] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[6] The allegations in paragraph 47 also set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 47.

48.     The allegations in paragraph 48 set forth conclusions of law for which no response is required.

49.     In response to the allegations in paragraph 49, Monsanto admits that Monsanto representatives met with FDA representations in 1985.  The remaining allegations in paragraph 49 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

50.     In response to the allegations in paragraph 50, Monsanto admits that Marvin Kuschner was a pathologist and that Monsanto hired Mr. Kuschner. The remaining allegations in paragraph 50 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

51.     Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

---

[4] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[5] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[6] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1

2

53.      In response to the allegations in paragraph 53, Monsanto states that the referenced report speaks for itself and does not require a response.

3

54.      Monsanto denies the allegations in paragraph 54.

4

55.      In response to the allegations in paragraph 55, Monsanto admits that EPA classified glyphosate as Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto further states that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[7]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[8] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[9] The allegations in paragraph 55 also set forth conclusions of law for which no response is required. The remaining allegations in paragraph 55 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

56.      In response to the allegations in paragraph 56, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of

19

20

21

[7] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

22

23

24

25

[8] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26

27

[9] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-01595-VC

an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 56.

57.    In response to the allegations in paragraph 57, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 57 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

58.     In response to the allegations in paragraph 58, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 58 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

59.     Monsanto denies the allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that Roundup®-branded products are highly valued by customers because of their efficacy and safety. The remaining allegations in paragraph 60 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

61.     The allegations in paragraph 61 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

62.     In response to the allegations in paragraph 62, Monsanto admits that the patent for glyphosate expired in the United States in 2000. The remaining allegations in paragraph 62 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

63.     Monsanto denies the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto admits that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.

65.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 65 and accordingly denies those allegations.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 66 and accordingly denies the same.

67.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the allegations of paragraph 67 and therefore denies those allegations.

68. Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining allegations of paragraph 68 and therefore denies those allegations.

69. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 69 and accordingly denies the same.

70. The allegations in paragraph 70 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

71. The allegations in paragraph 71 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. Monsanto states that there are a multiple Roundup®-branded products with a variety of separate and distinct uses and formulations.

72. The allegations in paragraph 72 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

73. In response to the allegations in paragraph 73, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it has been the only company that has sold glyphosate or glyphosate-based herbicides.

74. The allegations in paragraph 74 are vague and conclusory. To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

75. Monsanto denies the allegations in paragraph 75.

76. In response to the allegations in paragraph 76, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water Regulations, relating to glyphosate.

77.     In response to the allegations in paragraph 77, Monsanto states that the referenced report speaks for itself and does not require a response. To the extent that the allegations in paragraph 77 characterize the referenced report, Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate. Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See Arias v. DynCorp,* 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

79.     In response to the allegations in paragraph 79, Monsanto admits that it retained James Parry, Ph.D. The remaining allegations in paragraph 79 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

80.     In response to the allegations in paragraph 80, Monsanto states that the referenced documents speak for themselves and thus do not require any further response. To the extent that the allegations in paragraph 80 characterize the meaning of the referenced documents, Monsanto denies those allegations.

81.     In response to the allegations in paragraph 81, Monsanto states that the referenced documents speak for themselves and thus do not require any further response. To the extent that the allegations in paragraph 81 characterize the meaning of the referenced documents, Monsanto denies those allegations.

82.     In response to the allegations in paragraph 82, Monsanto admits that it retained James Parry, Ph.D. The remaining allegations in paragraph 82 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

83.     In response to the allegations in paragraph 83, Monsanto states that the referenced statements speak for themselves and thus do not require any further response. To the extent that the allegations in paragraph 83 characterize the meaning of the referenced statements, Monsanto denies

those allegations. Monsanto states that after evaluating additional material and studies, Dr. Parry concluded that glyphosate is not genotoxic.

84.      The allegations in paragraph 84 set forth complex, medical information that is best addressed by expert medical testimony.  To the extent a response is deemed required, Monsanto denies the allegations in paragraph 84 as simplistic and incomplete.

85.      Monsanto denies the allegations paragraph 85. To the extent that the allegations in paragraph 85 allegations purport to be based on documents, the allegations take statements in the cited documents out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

86.      In response to the allegations in paragraph 86, Monsanto states that the referenced report speaks for itself and thus does not require any further response. To the extent that the allegations in paragraph 86 characterize the meaning of the referenced report, Monsanto denies those allegations. Monsanto states that after evaluating additional material and studies, Dr. Parry concluded that glyphosate is not genotoxic.

87.      Monsanto denies the allegations in paragraph 87 to the extent they are intended to suggest that Monsanto had any obligation to provide EPA with the referenced reports. Monsanto states that EPA does in fact have knowledge of the referenced reports and has never made any finding or taken any action suggesting that Monsanto did not properly report the referenced document pursuant to EPA guidelines.

88.      In response to the allegations in paragraph 88, Monsanto states that the referenced report speaks for itself and thus does not require any further response. To the extent that the allegations in paragraph 88 characterize the meaning of the referenced report, Monsanto denies those allegations. Monsanto states that after evaluating additional material and studies, Dr. Parry concluded that any additional testing he had initially recommended was unnecessary.

89.      Monsanto denies the allegations paragraph 89. To the extent that the allegations in paragraph 89 allegations purport to be based on documents, the allegations take statements in the

cited documents out of context, are vague, incomplete, and conclusory, and/or comprise attorney characterizations — and are accordingly denied.

90. Monsanto denies the allegations paragraph 90, which rest upon a false premise. Monsanto states that after evaluating additional material and studies, Dr. Parry concluded that any additional testing he had initially recommended was unnecessary.

91. Monsanto denies the allegations in paragraph 91.

92. Monsanto denies the allegations in paragraph 92.

93. In response to the allegations in paragraph 93, Monsanto states that the referenced study speaks for itself and does not require a response. To the extent that the allegations in paragraph 93 characterize the referenced study, Monsanto denies the allegations in paragraph 93.

94. The allegations in paragraph 94 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

95. In response to the allegations in paragraph 95, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and that Monsanto has complied with all such requirements. Monsanto denies the allegations in paragraph 95 to the extent they are intended to suggest that Monsanto has not conducted the testing required by EPA and FIFRA. Monsanto further denies that the hypothetical referenced studies are feasible or that such studies would produce reliable or meaningful results. Monsanto further states that no regulator has ever required the hypothetical referenced studies described in paragraph 95.

96. In response to the allegations in paragraph 96, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and that Monsanto has complied with all such requirements. Monsanto denies the allegations in paragraph 96 to the extent they are intended to suggest that Monsanto has not conducted the testing required by EPA and FIFRA. Monsanto further denies that the hypothetical referenced studies are feasible or that such studies would produce reliable or

meaningful results. Monsanto further states that no regulator has ever required the hypothetical referenced studies described in paragraph 96.

97.    Monsanto denies the allegations in paragraph 97.

98.    In response to the allegations in paragraph 98, Monsanto states that the referenced study speaks for itself and thus does not require any further response. To the extent that the allegations in paragraph 98 characterize the meaning of the referenced study, Monsanto denies those allegations. Monsanto states, however, that the referenced "Seralini Study" was retracted.

99.    In response to the allegations in paragraph 99, Monsanto admits that the referenced "Seralini Study" was retracted. The remaining allegations in paragraph 99 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

100.   The allegations in paragraph 100 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

101.   The allegations in paragraph 101 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

102.   In response to the allegations in paragraph 102, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto further admits that it complied with all applicable EPA requirements. The remaining allegations in paragraph 102 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

103.   In response to the allegations in paragraph 103, Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. The remaining allegations in paragraph 103 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

104.   Monsanto denies the allegations in paragraph 104.

105.   The allegations in paragraph 105 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

1

2

106.   The allegations in paragraph 106 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

3

4

107.   In response to the allegations in paragraph 107, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

5

108.   Monsanto denies the allegations in paragraph 108.

6

7

8

9

10

109.   Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 and therefore denies those allegations.

11

12

110.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

13

14

111.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

15

16

112.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

17

18

19

20

21

113.   Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and therefore denies those allegations.

22

23

24

25

26

114.   Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 and therefore denies those allegations.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-01595-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

115.   In response to the allegations in paragraph 115, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015. Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.

116.   In response to the allegations in paragraph 116, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts."

117.   Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence. Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available. Monsanto denies the remaining allegations in paragraph 117.

118.   In response to the allegations in paragraph 118, Monsanto admits that the IARC working group classified glyphosate under Group 2A. Monsanto further states that the IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

119.   In response to the allegations in paragraph 119, Monsanto states that the IARC monograph for glyphosate speaks for itself and does not require a response. To the extent that the allegations in paragraph 119 characterize the IARC monograph for glyphosate, Monsanto denies the allegations in paragraph 119.

120.   In response to the allegations in paragraph 120, Monsanto states that the IARC monograph for glyphosate speaks for itself and does not require a response. To the extent that the

allegations in paragraph 120 characterize the IARC monograph for glyphosate, Monsanto denies the allegations in paragraph 120.

121.   Monsanto admits the allegations in paragraph 121.

122.   In response to the allegations in paragraph 122, Monsanto states that the IARC monograph for glyphosate speaks for itself and does not require a response. To the extent that the allegations in paragraph 122 characterize the IARC monograph for glyphosate, Monsanto denies the allegations in paragraph 122.

123.   In response to the allegations in paragraph 123, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

124.   In response to the allegations in paragraph 124, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 124 are denied.

125.   In response to the allegations in paragraph 125, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 125 are denied.

126.   Monsanto denies the allegations in paragraph 126. The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

127.   In response to the allegations in paragraph 127, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

128.   In response to the allegations in paragraph 128, Monsanto states that the referenced study speaks for itself and does not require a response. To the extent that the allegations in paragraph 128 characterize the referenced study, Monsanto denies the allegations in paragraph 128.

129.   In response to the allegations in paragraph 129, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 129.

130.   In response to the allegations in paragraph 130, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine. Monsanto denies the remaining allegations in paragraph 130.

131.   In response to the allegations in paragraph 131, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. Monsanto denies the remaining allegations in paragraph 131.

132.   In response to the allegations in paragraph 132, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion. Monsanto denies the remaining allegations in paragraph 132.

133.   In response to the allegations in paragraph 133, Monsanto states that the referenced document speaks for itself and does not require a response.

134.   In response to the allegations in paragraph 134, Monsanto refers to the labels for its Roundup®-branded products, which are the best evidence of their contents, and denies any

allegation inconsistent with their terms. The remaining allegations in paragraph 134 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. At all times, Monsanto complied with applicable EPA regulations and federal requirements under FIFRA.

135.   In response to the allegations in paragraph 135, Monsanto states that the referenced studies speaks for themselves and do not require a response. To the extent that the allegations in paragraph 135 characterize the referenced studies, Monsanto denies the allegations in paragraph 135. Monsanto denies the remaining allegations in paragraph 135.

136.   The allegations in paragraph 136 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

137.   In response to the allegations in paragraph 137, Monsanto admits that it maintains that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

138.   In response to the allegations in paragraph 138, Monsanto admits that it maintains that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

139.   The allegations in paragraph 139 set forth conclusions of law for which no response is required.

140.   The allegations in paragraph 140 set forth conclusions of law for which no response is required.

141.   In response to the allegations in paragraph 141, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 141 set forth conclusions of law for which no response is required.

142.   The allegations in paragraph 142 set forth conclusions of law for which no response is required.

143.   The allegations in paragraph 143 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

144.   The allegations in paragraph 144 set forth conclusions of law for which no response is required.

145.   The allegations in paragraph 145 set forth conclusions of law for which no response is required.

146.   The allegations in paragraph 146 set forth conclusions of law for which no response is required.

147.   In response to the allegations in paragraph 147, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States and are registered by the State of New Jersey for sale and distribution.

148.   In response to the allegations in paragraph 148, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 148 set forth conclusions of law for which no response is required.

149.   In response to the allegations in paragraph 149, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 149 set forth conclusions of law for which no response is required.

150.   In response to the allegations in paragraph 150, Monsanto states that the term "the product tests" is vague and ambiguous, and Monsanto therefore denies the same. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 regarding the government's abilities and therefore denies those allegations. The remaining allegations in paragraph 150 set forth conclusions of law for which no response is required.

151.   Monsanto denies the allegations in paragraph 151 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.

152.   The allegations in paragraph 152 set forth conclusions of law for which no response is required.

153.   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 regarding such pesticide products generally. The remaining allegations in paragraph 153 set forth conclusions of law for which no response is required.

154.   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 regarding such pesticide products generally. The remaining allegations in paragraph 154 set forth conclusions of law for which no response is required.

155.   Monsanto admits the allegations in paragraph 155.

156.   In response to the allegations in paragraph 156, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[10]; and (b) at the same time, EPA posted an October 2015

---

[10] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report

final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[11]

157.   Monsanto admits the allegations in paragraph 157.

158.   The allegations in paragraph 158 set forth conclusions of law for which no response is required. To the extent that the allegations in paragraph 158 characterize the referenced judicial opinion, Monsanto denies those allegations.

159.   The allegations in paragraph 159 set forth conclusions of law for which no response is required. To the extent that the allegations in paragraph 159 characterize the referenced judicial opinion, Monsanto denies those allegations.

160.   The allegations in paragraph 160 set forth conclusions of law for which no response is required. To the extent that the allegations in paragraph 160 characterize the referenced judicial opinion, Monsanto denies those allegations.

161.   The allegations in paragraph 161 set forth conclusions of law for which no response is required.

162.   Monsanto denies the allegations in paragraph 162. The EPA withdrew its *Glyphosate Interim Registration Review Decision* on September 21, 2022. That withdrawal speaks for itself and requires no further responses. Glyphosate remains registered as a pesticide and is legal for sale in the United States. In addition, since the decision in *NRDC v. United States EPA*, 38 F.4th 34 (9th Cir. 2022), the EPA has publicly stated, "EPA's underlying scientific findings regarding glyphosate, including its finding that glyphosate is not likely to be carcinogenic to humans, remain the same."

---

was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[11] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

163.   Monsanto denies the allegations in paragraph 163. Glyphosate remains registered as a pesticide and is legal for sale in the United States. In addition, since the decision in *NRDC v. United States EPA* , 38 F.4th 34 (9th Cir. 2022), the EPA has publicly stated, "EPA's underlying scientific findings regarding glyphosate, including its finding that glyphosate is not likely to be carcinogenic to humans, remain the same."

164.   In response to the allegations in paragraph 164, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.

165.   The allegations in paragraph 165 set forth conclusions of law for which no response is required.

166.   In response to the allegations in paragraph 166, Monsanto states that the referenced statement speaks for itself and does not require a response.

167.   In response to the allegations in paragraph 167, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate. Monsanto denies the remaining allegations in paragraph 167.

168.   Monsanto admits that, in France, the sale to and use by amateurs (*i.e*., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 168.

169.   In response to the allegations in paragraph 169, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 169.

170.    The allegations in paragraph 170 set forth conclusions of law for which no response is required.

171.    In response to the allegations in paragraph 171, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate. Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns. As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops. A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable. *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013). Monsanto denies the remaining allegations in paragraph 171.

172.    The allegations in paragraph 172 set forth conclusions of law for which no response is required.

173.    The allegations in paragraph 173 set forth conclusions of law for which no response is required.

174.    The allegations in paragraph 174 set forth conclusions of law for which no response is required.

175.    In response to the allegations in paragraph 175, Monsanto states that the referenced document speaks for itself and does not require a response.

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.

177.    In response to the allegations in paragraph 177, Monsanto states that the referenced statement speaks for itself and does not require a response.

178.    The allegations in paragraph 178 set forth conclusions of law for which no response is required.

179.    The allegations in paragraph 179 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-01595-VC

180.   The allegations in paragraph 180 set forth conclusions of law for which no response is required.

181.   In response to the allegations in paragraph 181, Monsanto states that the referenced statement speaks for itself and does not require a response.

182.   The allegations in paragraph 182 set forth conclusions of law for which no response is required. Additionally, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding the concerns of the Luxembourg government and therefore denies those allegations in paragraph 182.

183.   The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations. The allegations in paragraph 184 also set forth conclusions of law for which no response is required.

185.   In response to the allegations in paragraph 185, Monsanto states that the referenced document speaks for itself and does not require a response.

186.   The allegations in paragraph 186 set forth conclusions of law for which no response is required.

187.   In response to the allegations in paragraph 187, Monsanto states that the referenced statement speaks for itself and does not require a response.

188.   Monsanto incorporates by reference its responses to paragraph 1 through 187 in response to paragraph 188 of plaintiff's Complaint.

189.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 189. In response to the allegations in the second sentence of paragraph 189, Monsanto denies that there is any risk of NHL or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-01595-VC

1
2
3

base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 189 set forth conclusions of law for which no response is required.

4
5
6
7
8

190.   In response to the allegations in paragraph 190, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 190 set forth conclusions of law for which no response is required.

9
10
11
12
13
14

191.   In response to the allegations in paragraph 191, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 191 and therefore denies those allegations.

15
16
17
18

192.   The allegations in paragraph 192 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 192. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

19

193.   Monsanto denies the allegations in paragraph 193.

20
21
22

194.   In response to the allegations in paragraph 194, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 194.

23
24
25

195.   In response to the allegations in paragraph 195, Monsanto admits that Roundup®-branded products are safe and non-carcinogenic when used in accordance with the product's EPA approved labeling.

26
27

196.   Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-01595-VC

paragraph 196. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

197.   Monsanto denies the allegations in the first and last sentences of paragraph 197. The remaining allegations in paragraph 197 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

198.   Monsanto denies the allegations in the first and last sentences of paragraph 198. The remaining allegations in paragraph 198 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

199.   The allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.   Monsanto denies the allegations in paragraph 200.

201.   The allegations in paragraph 201 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 201. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

202.   Monsanto incorporates by reference its responses to paragraphs 1 through 201 in response to paragraph 202 of plaintiff's Complaint.

203.   The allegations in paragraph 203 sets forth conclusions of law for which no response is required.

204.   Monsanto denies the allegations in paragraph 204.

205.   Monsanto denies the allegations in paragraph 205, including each of its subparts.

206.   Monsanto denies the allegations in paragraph 206.

207.   Monsanto denies the allegations in paragraph 207.

208.   Monsanto denies the allegations in paragraph 208, including each of its subparts.

209.   Monsanto denies the allegations in paragraph 209.

210.   Monsanto denies the allegations in paragraph 210.

211.   Monsanto denies the allegations in paragraph 211.

212.   Monsanto denies the allegations in paragraph 212.

In response to the "WHEREFORE" paragraph following paragraph 212, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

213.   Monsanto incorporates by reference its responses to paragraphs 1 through 212 in response to paragraph 213 of plaintiff's Complaint.

214.   Monsanto denies the allegations in paragraph 214.

215.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 215 and they are accordingly denied.

216.   Monsanto denies the allegations in paragraph 216.

217.   Monsanto denies the allegations in paragraph 217.

218.   Monsanto denies the allegations in paragraph 218.

219.   Monsanto denies the allegations in paragraph 219, including each of its subparts.

220.   Monsanto denies the allegations in paragraph 220.

221.   Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 221 and they are accordingly denied.

222.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 222 and they are accordingly denied.

223.   Monsanto denies the allegations in paragraph 223.

224.   The allegations in paragraph 224 sets forth conclusions of law for which no response is required.

225.   Monsanto denies the allegations in paragraph 225.

226.   Monsanto denies the allegations in paragraph 226.

227.   Monsanto denies the allegations in paragraph 227.

228.   Monsanto denies the allegations in paragraph 228.

229.   Monsanto denies the allegations in paragraph 229.

230.   Monsanto denies the allegations in paragraph 230.

231.   Monsanto denies the allegations in paragraph 231.

232.   Monsanto denies the allegations in paragraph 232.

233.   Monsanto denies the allegations in paragraph 233.

234.   Monsanto denies the allegations in paragraph 234.

In response to the "WHEREFORE" paragraph following paragraph 234, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

235.   Monsanto incorporates by reference its responses to paragraphs 1 through 234 in response to paragraph 235 of plaintiff's Complaint.

236.   Monsanto admits the allegations in paragraph 236.

237.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 237 and they are accordingly denied.

238.   Monsanto denies the allegations in paragraph 238. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

239.   Monsanto denies the allegations in paragraph 239.

240.   Monsanto denies the allegations in paragraph 240. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

241.   Monsanto denies the allegations in paragraph 241. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with New Jersey law.

1      242.   Monsanto denies the allegations in paragraph 242.

2      243.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

3   the allegations regarding plaintiff's use history in paragraph 243, and therefore denies the same.

4   Monsanto denies the remaining allegations in paragraph 243.

5      244.   The allegations in paragraph 244 sets forth conclusions of law for which no response

6   is required.

7      245.   Monsanto denies the allegations in paragraph 245.

8      246.   Monsanto denies the allegations in paragraph 246.

9      247.   Monsanto denies the allegations in paragraph 247.

10      248.   Monsanto denies the allegations that Roundup®-branded products are defective and

11   accordingly denies the allegations in paragraph 248.

12      249.   The allegations in paragraph 249 sets forth conclusions of law for which no response

13   is required.

14      250.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

15   the allegations asserted in paragraph 250 and they are accordingly denied.

16      251.   Monsanto denies the allegations in paragraph 251.

17      252.   Monsanto denies the allegations in paragraph 252.

18      253.   Monsanto denies the allegations in paragraph 253.

19      254.   Monsanto denies the allegations in paragraph 254.

20      255.   Monsanto denies the allegations in paragraph 255.

21      In response to the "WHEREFORE" paragraph following paragraph 255, Monsanto demands

22   that judgment be entered in its favor and against plaintiff; that plaintiff's Petition be dismissed, with

23   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by

24   law and such further and additional relief as this Court may deem just and proper.

25      256.   Monsanto incorporates by reference its responses to paragraphs 1 through 255 in

26   response to paragraph 256 of plaintiff's Complaint.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-01595-VC

257. Monsanto denies the allegations in paragraph 257. Additionally, the last sentence in paragraph 257 sets forth a conclusion of law for which no response is required.

258. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 258 concerning the plaintiff's claimed use of Roundup®-branded products, and therefore denies the allegations in paragraph 258. The remaining allegations in paragraph 258 set forth conclusions of law for which no response is required.

259. The allegations in paragraph 259 set forth conclusions of law for which no response is required.

260. Monsanto denies the allegations in paragraph 260. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

261. Monsanto denies the allegations in paragraph 261.

262. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 262 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product, and therefore denies the allegations in paragraph 262.

263. Monsanto denies the allegations in paragraph 263.

264. Monsanto denies the allegations in paragraph 264.

265. Monsanto denies the allegations in paragraph 265.

In response to the "WHEREFORE" paragraph following paragraph 265, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

266. Monsanto incorporates by reference its responses to paragraphs 1 through 265 in response to paragraph 266 of plaintiff's Complaint.

267. In response to the allegations in paragraph 267, Monsanto admits that it has manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

268.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 268 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in paragraph 268 set forth conclusions of law for which no response is required.

269.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 269 concerning plaintiff's foreseeable use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 269 set forth conclusions of law for which no response is required.

270.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 270 and therefore denies those allegations.

271.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 271 and therefore denies those allegations.

272.   The allegations in paragraph 272 set forth conclusions of law for which no response is required.

273.   The allegations in paragraph 273 set forth conclusions of law for which no response is required.

274.   Monsanto denies the allegations in paragraph 274, including each of its subparts.

275.   Monsanto denies the allegations in paragraph 275.

276.   Monsanto denies the allegations in paragraph 276.

277.   Monsanto denies the allegations in paragraph 277.

278.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 278 regarding plaintiff's reliance and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 278.

279.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 279 regarding reliance by plaintiff and others and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 279.

280.   Monsanto denies the allegations in paragraph 280.

281.   Monsanto denies the allegations in paragraph 281.

282.   Monsanto denies the allegations in paragraph 282.

283.   Monsanto denies the allegations in paragraph 283.

284.   Monsanto denies the allegations in paragraph 284.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 284, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 284 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

The allegations in the section entitled "DEMAND FOR JURY TRIAL" set forth conclusions of law for which no response is required.

The allegations in the section entitled "TRANSFER TO MASTER DOCKET" set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.   Venue may be inconvenient.

3.   Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to them by which liability could be attributed to it.

16.     Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own contributory/comparative negligence.

18.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own failure to mitigate damages.

19.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

20.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

21.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff assert claims that are governed by the laws of a state that does not recognize or limit such claims.

22.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

23.     Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including New Jersey law.

24.     To the extent that plaintiff recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

25.     Plaintiff's medical condition was caused directly, solely, and proximately by medical conditions, sensitivities, and idiosyncrasies peculiar to him, and which were unknown, unknowable, or not reasonably foreseeable to Monsanto.

26.     Plaintiff's common law claims are barred, in whole or part, by application of the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11.

27.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  April 24, 2024.                          Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:   (713) 227-9508
    Email:       jstubbs@shb.com

    *Attorneys for Defendant*
    *MONSANTO COMPANY*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on the 24th day of April, 2024, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-01595-VC