1  KRISTY M. AREVALO SBN 216308
   **McCUNE LAW GROUP**
2  3281 East Guasti Road, Suite 100
   Ontario, California 91761
3  Phone: (909) 557-1250
   Facsimile: (909) 557-1275
4  kma@mccunewright.com

5  *Attorney for Plaintiff Beverly Bray*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BRAY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MONSANTO COMPANY,<br><br>　　　　　Defendant.<br><br>Case No: 3:19-cv-05060-VC | MDL No. 2741<br>Master Docket Case No. 16-md-02741-VC<br><br>**NOTICE OF MOTION AND MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Judge Assigned: Hon. Vince Chhabria |

NOTICE OF MOTION, MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL, AND MEMO. OF P&A ISO
MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL – Case No. 3:19-cv-05060-VC

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE**, Kristy Arevalo of McCune Law Group ("Counsel"), attorney of record for Plaintiff Beverly Bray ("Plaintiff"), will and hereby does move for an Order allowing Counsel to withdraw as counsel of record for Plaintiff.

This Motion is made pursuant to Civil L.R. 11-5 and Rule 1.16(b)(4) of the California Rules of Professional Conduct for good cause on the grounds that there has been a breakdown of the attorney-client relationship significant enough that it is unreasonably difficult for Counsel to carry out effective representation of Plaintiff.

Counsel provided Plaintiff with telephonic notice on March 13th, 2024 during a phone conversation with the client, followed up by written notice via email on March 14th, 2024, and then finally formal written notice via mail and email on March 25th, 2024 of Counsel's intent to file this motion on the morning of April 30, 2024.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Kristy M. Arevalo, the exhibits attached thereto, the files and records of this case, and such further evidence that may be presented at the time of the hearing on this Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL AND FACTUAL BACKGROUND

Counsel has represented Plaintiff from the very beginning of this suit. Plaintiff filed this lawsuit in this Court on August 16, 2019.

Unfortunately, in an attempt to provide legal advice to her, Plaintiff responded angrily to Counsel, refusing to allow Counsel to speak or explain their recommendations for Plaintiff's case. See Declaration of Kristy Arevalo, attached hereto and made a part thereof. First, Counsel's Client Liaison reached out to Plaintiff to set a meeting to discuss a case update with the Plaintiff in light of her original expert reports deadline on March 22, 2024. Plaintiff was very upset with Client Liaison over a case update email she had received from Counsel but agreed to speak with an attorney. Id. Second, when Attorney Aabru Madni (Attorney of Record Kirsty Arevalo's Associate) called to speak to Plaintiff, Plaintiff yelled at Ms. Madni, shouting profanities, making claims that Counsel was working for the Defendant, and not allowing Ms. Madni to relay any legal advice or clear up any misconceptions since Plaintiff abruptly hung up the phone. Id.

A few days later, Attorney Arevalo called Plaintiff in another final attempt to speak with her to communicate legal advice pertaining to her case. Id. Plaintiff again shouted at Attorney Arevalo and told her to "go to hell." Id. Given the way the phone call was going, Attorney Arevalo then informed Plaintiff that due to the breakdown in communication, she had no choice but to withdraw from the case. Id. Plaintiff hung up on Attorney Arevalo as well. Id.

On March 14th, the very next day, Counsel emailed Plaintiff outlining the abovementioned events and again gave Plaintiff notice of her intent to file a motion to withdraw as her attorney. Id.

At the time of the breakdown in communication with Plaintiff, her case was part of Wave 7D of the Roundup MDL and Plaintiff's expert disclosures and their respective reports were due on March 22, 2014. Id. On March 14th, 2024, Counsel notified

3

NOTICE OF MOTION, MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL, AND MEMO. OF P&A ISO MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL – Case No. 3:19-cv-05060-VC

| | |
|---|---|
| 1 | Defendant's Counsel of her intent to move to withdraw, as previously stated on the |
| 2 | record, and in order to prevent Plaintiff from being prejudiced due to Counsel's |
| 3 | withdrawal, Counsel requested from Defense that Plaintiff's Wave be moved from 7D |
| 4 | to 8C, allowing her enough time to seek different legal representation and having |
| 5 | reports done in her case. Id.  Defense Counsel did not oppose. Id. Immediately |
| 6 | thereafter, Plaintiff's Counsel filed a Motion to Change Waves with the present Court. |
| 7 | Id. This motion was granted on March 29th, 2024, pushing Plaintiff's expert disclosures |
| 8 | and their respective reports deadline to September 9, 2024. Id. |
| 9 |      Finally, Plaintiff's Counsel sent a formal notice on March 25th, 2024 to Plaintiff |
| 10 | via mail informing her that this present motion would be filed on April 30, 2024, giving |
| 11 | her sufficient time to either seek new counsel or communicate with Counsel's office so |
| 12 | as to resolve the issue. On April 29, 2024, Counsel received a letter from Plaintiff |
| 13 | detailing her anger with Counsel and her legal advice. Id. |
| 14 |      Thus, given Counsel's notice to Parties and Defendant, and Counsel's efforts to |
| 15 | ensure that Plaintiff would not be prejudiced by this present motion, Counsel moves to |
| 16 | withdraw from this action as Plaintiff's representative. |
| 17 | **II.    ARGUMENT** |
| 18 |     **A.    LEGAL STANDARDS** |
| 19 |      In this District, "[c]ounsel may not withdraw from an action until relieved by |
| 20 | order of the Court after written notice has been provided, reasonably in advance, to the |
| 21 | client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). |
| 22 | Additionally, "[w]hen withdrawal by an attorney from an action is not accompanied by |
| 23 | simultaneous appearance of substitute counsel or agreement of the party to appear pro |
| 24 | se, leave to withdraw may be subject to the condition that papers may continue to be |
| 25 | served on counsel for forwarding purposes, unless and until the client appears by other |
| 26 | counsel or pro se."  Civil L.R. 11-5(b). |
| 27 |      Withdrawal is also governed by the California Rules of Professional Conduct. |
| 28 | *See Johnson v. Serenity Trans., Inc.*, No. 15-CV-02004-JSC, 2020 WL 7260059, at *6 |

(N.D. Cal. Dec. 10, 2020) ("*Johnson*"); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct).  Under the California Rules of Professional Conduct, a lawyer may withdraw her representation of a client if the client's "conduct renders it *unreasonably difficult* for the lawyer to carry out the representation effectively."  *See* Cal. Rules of Prof. Conduct, Rule 1.16(b)(4) (emphasis added).  A client's conduct is "unreasonably difficult" if he is no longer cooperating or meaningfully communicating with Counsel.  *See Garza v. Moving Solutions, Inc., et al.*, No. 17-CV-04015-LHK, 2019 WL 13126216, at *1 (granting a motion to withdraw as counsel wherein the attorney-client relationship has broken down); *see also, e.g., Gong v. City of Alameda*, No. C 03-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) ("The trust and cooperation necessary for an attorney-client relationship has obviously broken down, making it unreasonably difficult for [counsel] to continue representing [the client].").  Before withdrawal, Counsel must first take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel[.]"  *See* Cal. Rules of Prof. Conduct, Rule 1.16(d).

An attorney may withdraw her representation of a client depending on (1) her reasons for withdrawal; (2) possible prejudice that withdrawal may cause to other litigants; (3) harm withdrawal may cause to the administration of justice; and (4) the extent to which withdrawal will delay a case's resolution.  *See Johnson, supra*, citing *Heifetz v. Nilkanth*, No. 18-CV-04623-TSH, 2019 WL 3457793, at *1 (N.D. Cal. July 31, 2019).  It is within the sound discretion of the Court to permit counsel to withdraw.  *See Morrow v. Mid Peninsula Hotels, LLC*, No. 19-CV-03863-TSH, 2020 WL 5074305, at *2 (N.D. Cal. Aug. 26, 2020), citing *U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

///

///

///

5

NOTICE OF MOTION, MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL, AND MEMO. OF P&A ISO MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL – Case No. 3:19-cv-05060-VC

### B. APPLICATION

Counsel's Motion to Withdraw should be granted because she has fulfilled all notice requirements required both by this Court's Local Rules and the California Rules of Professional Conduct. As described above, Counsel provided sufficient notice multiple times reasonably in advance of this Motion: first, during the phone call with the Plaintiff; second, Counsel provided written notice of her intent to withdraw again the following day via email, through which Plaintiff and Counsel had previously communicated; and third, through formal letter mailed to her last known address and emailed to the client informing her of Counsel's intent to file this present motion on April 22, 2024.

Lastly, Counsel provided written notice to Defense Counsel of her intent to withdraw and the imminent filing of this Motion. Thus, all notice requirements to avoid foreseeably prejudicing Plaintiff and her rights have been fulfilled.

Furthermore, pursuant to the California Rules of Professional Conduct, Counsel may withdraw as Plaintiff's representative given that her conduct has rendered it unreasonably difficult for Counsel to carry out representation effectively. It is unreasonably difficult to continue the relationship due to Plaintiff's unwillingness to rationally communicate with her attorneys, refusal to listen to Counsel's advice, and unresponsiveness to Counsel's repeated calls by hanging up on Counsel. As such, there has been a breakdown of the trust and cooperation necessary for the attorney-client relationship.

Lastly, all factors for withdrawal weigh in Counsel's favor, and Plaintiff and her rights would not be harmed. First, Counsel's reasons for withdrawal are in alignment with the California Rules of Professional Conduct and prior caselaw before this Court. *See* Cal. Rules of Prof. Conduct, Rule 1.16(b)(4); *Garza v. Moving Solutions, Inc., et al.*, No. 17-CV-04015-LHK, 2019 WL 13126216, at *1; *Gong v. City of Alameda*, No. C 03-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008). Second, there is no prejudice to Defendant based on Counsel's withdrawal. Defendant may continue to

seek discovery from Plaintiff and proceed with the case without hinderance. Third, no harm will result to the administration of justice due to the case's current procedural posture. Given that the matter is still in the early stages of discovery, trial is certainly not near. Lastly, Counsel's withdrawal will not delay resolution of this matter. No hearings or trial dates will be postponed. Again, the matter is still in the early stages of discovery and requires much more evolution before it reaches trial. Thus, all the relevant factors weigh in Counsel's favor for granting this Motion to Withdraw.

### III.  CONCLUSION

For the foregoing reasons, Counsel respectfully requests that the Court grant its Motion to Withdraw as Counsel for Plaintiff Darrel Mosely.

Date: April 30, 2024            **McCUNE LAW GROUP**

By:   /s/ Kristy Arevalo

Kristy M. Arevalo
**McCune Law Group**
3281 East Guasti Road, Suite 100
Ontario, CA 91761
Tel: 909-557-1250
*Attorney for Plaintiff*

7

NOTICE OF MOTION, MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL, AND MEMO. OF P&A ISO MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL – Case No. 3:19-cv-05060-VC

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 30th day of April 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California via the Court's CM/ECF Filing System, which shall send electronic notifications to counsel of record.

Respectfully submitted,

*/s/ Kristy M. Arevalo*
Kristy M. Arevalo