Kristy M. Arevalo Cal. SBN 216308
**McCUNE LAW GROUP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Phone: (909) 557-1250
Facsimile: (909) 557-1275
kma@mccunewright.com

*Attorney for Plaintiff Walter Holden*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOLDEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MONSANTO COMPANY,<br><br>　　　　Defendant. | Case No: 3:19-cv-05085<br>Case MDL No.: 3:16-md-02741-VC<br><br>**NOTICE OF MOTION AND MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Judge Assigned: Hon. Vince Chhabria |

1

NOTICE OF MOTION, MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL, AND MEMO. OF P&A ISO MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL – Case No. 3:19-cv-05085

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Kristy Arevalo of McCune Law Group ("Counsel"), attorney of record for Plaintiff Walter Holden ("Plaintiff"), will and hereby does move for an Order allowing Counsel to withdraw as counsel of record for Plaintiff.

This Motion is made pursuant to Civil L.R. 11-5 and Rule 1.16(b)(4) of the California Rules of Professional Conduct for good cause on the grounds that, given Plaintiff's continuous unresponsiveness to Counsel's messages and unwillingness to provide deposition dates, there has been a breakdown of the attorney-client relationship significant enough that it is unreasonably difficult for Counsel to carry out effective representation of Plaintiff.

Counsel provided Plaintiff with written notice, via email, on March 25, 2024, of Counsel's intent to file this motion.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Kristy M. Arevalo, the files and records of this case, and such further evidence that may be presented at the time of this Motion's hearing.

2

NOTICE OF MOTION, MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL, AND MEMO. OF P&A ISO MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL – Case No. 3:19-cv-05085

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL AND FACTUAL BACKGROUND

Counsel has represented Plaintiff from the very beginning of his suit. Plaintiff filed this lawsuit in this Court using a short form complaint on August 16, 2019. On June 27, 2022, Monsanto Company ("Defendant") made a settlement offer through Settlement Master Kenneth Feinberg. On July 7, 2022, Plaintiff rejected Defendant's settlement offer.

Thereafter, Defendant requested Plaintiff's and his spouse's availabilities for their respective depositions. Plaintiff and his spouse informed Counsel that Plaintiff was too ill to sit for a deposition, and Counsel relayed that information to Defendant. Without further clarification from Plaintiff of his exact medical conditions or when he would be able to participate in a deposition, Counsel sent Plaintiff a letter on March 6, 2023. The letter delineated Plaintiff's obligations to communicate and coordinate with Counsel and engage in discovery requests, such as depositions. The letter again requested his and his spouse's availability for depositions to avoid potential dismissal. On March 22, 2023, Plaintiff's spouse called Counsel's office, informed Counsel's paralegal that due to Plaintiff's illness and the spouse's work schedule, they could not provide their respective availabilities.

On December 13, 2023, Defendant again requested Plaintiff's and his spouse's deposition availability. Counsel contacted Plaintiff to inquire about his availability and was again informed that Plaintiff was too ill to participate without further details or estimations as to when Plaintiff could sit for a deposition. On February 6, 2024, Defendant renewed its request for Plaintiff's deposition availability. That same day, Counsel informed Defendant of Plaintiff's health condition, and that Counsel would inquire in the coming weeks regarding his health status.

On March 25, 2024, Counsel emailed Plaintiff emphasizing his obligation to communicate with Counsel's office, participate in discovery, and provide potential deposition dates. In the email, Counsel advised Plaintiff that if her office did not hear

3

from Plaintiff within 30 days (by April 24, 2024), then Counsel will move to withdraw as counsel. Unfortunately, to date, Plaintiff has not contacted Counsel's office, necessitating this Motion.

Thus, given Counsel's notice to Plaintiff, Counsel moves to withdraw from this action as Plaintiff's representative.

## II.     ARGUMENT

### A.     LEGAL STANDARDS

In this District, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Additionally, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See Johnson v. Serenity Trans., Inc.*, No. 15-CV-02004-JSC, 2020 WL 7260059, at *6 (N.D. Cal. Dec. 10, 2020) ("*Johnson*"); see also Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). Under the California Rules of Professional Conduct, a lawyer may withdraw her representation of a client if the client's "conduct renders it *unreasonably difficult* for the lawyer to carry out the representation effectively." See Cal. Rules of Prof. Conduct, Rule 1.16(b)(4) (emphasis added). A client's conduct is "unreasonably difficult" if he is no longer cooperating or meaningfully communicating with Counsel. See *Garza v. Moving Solutions, Inc., et al.*, No. 17-CV-04015-LHK, 2019 WL 13126216, at *1 (granting a motion to withdraw as counsel wherein the attorney-client relationship has broken down); see also, e.g., *Gong v. City of Alameda*, No. C 03-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) ("The trust and cooperation necessary for an attorney-client relationship has

4

NOTICE OF MOTION, MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL, AND MEMO. OF P&A ISO MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL – Case No. 3:19-cv-05085

obviously broken down, making it unreasonably difficult for [counsel] to continue representing [the client].").  Before withdrawal, Counsel must first take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel[.]" *See* Cal. Rules of Prof. Conduct, Rule 1.16(d).

An attorney may withdraw her representation of a client depending on (1) her reasons for withdrawal; (2) possible prejudice that withdrawal may cause to other litigants; (3) harm withdrawal may cause to the administration of justice; and (4) the extent to which withdrawal will delay a case's resolution.  *See Johnson, supra*, citing *Heifetz v. Nilkanth*, No. 18-CV-04623-TSH, 2019 WL 3457793, at *1 (N.D. Cal. July 31, 2019).  It is within the sound discretion of the Court to permit counsel to withdraw. *See Morrow v. Mid Peninsula Hotels, LLC*, No. 19-CV-03863-TSH, 2020 WL 5074305, at *2 (N.D. Cal. Aug. 26, 2020), citing *U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

B.   APPLICATION

Counsel's Motion to Withdraw should be granted because she has fulfilled all notice requirements required both by this Court's Local Rules and the California Rules of Professional Conduct.  As described above, Counsel provided sufficient notice reasonably in advance of this Motion via email to Plaintiff on March 25, 2024.  Also, Counsel provided notice to Defense Counsel of her intent to withdraw and the imminent filing of this Motion.  Thus, all notice requirements to avoid foreseeably prejudicing Plaintiff and his rights have been fulfilled.

Furthermore, pursuant to the California Rules of Professional Conduct, Counsel may withdraw as Plaintiff's representative given that his lack of communication and transparency have rendered it unreasonably difficult for Counsel to carry out representation effectively.  It is unreasonably difficult to continue the relationship due to Plaintiff's unwillingness to cooperate, refusal to explain his medical condition, resistance to providing deposition dates, and unresponsiveness to Counsel's repeated

requests. As such, there has been a breakdown of the trust and cooperation necessary for the attorney-client relationship.

Lastly, all factors for withdrawal weigh in Counsel's favor, and Plaintiff and his rights would not be harmed. First, Counsel's reasons for withdrawal are in alignment with the California Rules of Professional Conduct and prior caselaw before this Court. *See* Cal. Rules of Prof. Conduct, Rule 1.16(b)(4); *Garza v. Moving Solutions, Inc., et al.*, No. 17-CV-04015-LHK, 2019 WL 13126216, at *1; *Gong v. City of Alameda*, No. C 03-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008). Second, there is no prejudice to Defendant based on Counsel's withdrawal. Defendant may continue to seek discovery from Plaintiff and proceed with the case without hinderance. Third, no harm will result to the administration of justice due to the case's current procedural posture. Given that the matter is still in the early stages of discovery (within MDL discovery Wave 8, Sub-Wave C), trial is certainly not near, and the Parties may still resolve the dispute fairly. Lastly, Counsel's withdrawal will not delay resolution of this matter. No hearings or trial dates will be postponed, or other consequential deadlines. Again, the matter is still in the early stages of discovery and requires much more evolution before it reaches trial. Thus, all the relevant factors weigh in Counsel's favor for granting this Motion to Withdraw.

## III.   CONCLUSION

For the foregoing reasons, Counsel respectfully requests that the Court grant its Motion to Withdraw as Counsel for Plaintiff Walter Holden.

Date: April 30, 2024                         **McCUNE LAW GROUP**

By:   */s/ Kristy Arevalo*

Kristy M. Arevalo
**McCune Law Group**
3281 East Guasti Road, Suite 100
Ontario, CA 91761
Tel: 909-557-1250
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California via the Court's CM/ECF Filing System, which shall send electronic notifications to counsel of record.

Respectfully submitted,

*/s/ Kristy M. Arevalo*
Kristy M. Arevalo