**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. hsu (CA Bar No. 239880)
linda.hsu@bclplaw.com
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Molly Waldrop v. Monsanto Co.*, Case No. *3:20-cv-08798-VC*. | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF MOLLY WALDROP'S MOTION TO VACATE DISMISSAL AND REINSTATE PLAINTIFF'S CASE**<br><br>**<u>Hearing:</u>**<br>None Set. |

## I. INTRODUCTION

The Court dismissed this case because Plaintiff failed to comply with two separate orders requiring her to participate in a mandatory settlement program. Plaintiff filed the instant Motion to Vacate Dismissal and Reinstate Plaintiff's Case (the "Motion" or "Mot.") more than *six* months after the Court admonished her that this action was subject to dismissal, and more than *five* months after the Court entered an order of dismissal.

Plaintiff, however, does not explain why she failed to comply with Pretrial Order No. 240 or the Court's October 2, 2023 Order Enforcing Pretrial Order No. 240. Rather, Plaintiff's attorney asserts that Plaintiff failed to comply with these orders because of "mistake, inadvertence, or excusable neglect," and that Plaintiff "had no knowledge and no notice of the Court's … Orders." (Dkt. No. 7-1.) Beyond these conclusions, Plaintiff provides no further explanation for this alleged "mistake, inadvertence, or excusable neglect." She does not explain why she did not comply with Pretrial Order No. 240, or why she was not on notice of this Court's orders, all of which are available on the public docket.

Plaintiff's legal argument fares no better. The Motion merely restates the above conclusions with no legal support. Indeed, Plaintiff does not cite to a single case at all, let alone one establishing that she is entitled to relief under Rule 60(b). (*See generally* Mot.)

This Court has discretion to determine whether relief under Rule 60(b) is warranted based on Plaintiff's unexplained failure to comply with the Court's orders, to seek relief until five months after the Court dismissed this case, and to provide any factual or legal support for her requested relief. Monsanto defers to the Court in its exercise of that discretion. However, for all of these reasons and those described below, Monsanto respectfully requests that the Court deny the Motion.

///

///

1

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTON TO VACATE DISMISSAL

## II. FACTUAL BACKGROUND

On August 25, 2020, Plaintiff filed this action against Monsanto alleging claims for strict liability (design defect and failure to warn), negligence, breach of implied and express warranty, and punitive damages. (Dkt. No. 1-5.) The case was transferred to this Court for coordinated or consolidated multidistrict proceedings on December 11, 2020. (Dkt. No. 5.)

### A. Plaintiff Fails to Participate in the Court-Ordered Settlement Program

On July 23, 2021, this Court issued Pretrial Order No. 240. (MDL Dkt. No. 13323). Pretrial Order No. 240 provides that "[e]very current and future plaintiff in this MDL who has not already reached a settlement with Monsanto is ordered to participate" in a settlement program administered by Special Master Ken Feinberg. (*Id*.). The Court assured Plaintiff that there would be "no delay in the litigation process while a plaintiff timely participates in the Special Master's program." (*Id*.). "However, if a plaintiff fails to participate in the program in accordance with the deadlines set by the Special Master, that could result in a delay of the litigation, and it will be deemed a violation of this order, which could result in sanctions." (*Id*.). Plaintiff does not dispute that she was on notice of Pretrial Order No. 240, which is available on the public docket. (*See id*; *see generally* Mot.) Yet Plaintiff does not so much as allege that she took any steps to participate in the settlement program as required. (*See* Mot.)

### B. Plaintiff Disregards the Court's Orders

On October 2, 2023, the Court issued an Order Enforcing Pretrial Order No. 240. (MDL Dkt. No. 17336.) The Court stated that "the plaintiffs in the attached list have not complied with PTO No. 240" and identified Plaintiff by name and case number. (*Id*., Appendix 1.) The Court ordered Plaintiff "to comply and submit the information requested by the special master within **21 days**" and warned her that "failure to do so will result in the case being dismissed with prejudice under Federal

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTON TO VACATE DISMISSAL

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Rule of Civil Procedure 41(b)." (*Id.*) (emphasis in original.) The Court admonished that "there will not be another warning." (*Id.*)

Plaintiff did not comply with Pretrial Order No. 240 or the Order Enforcing Pretrial Order No. 240 at all, let alone within the mandatory 21-day deadline. (*See generally* Mot.) On November 6, 2021, the Court dismissed this case Pursuant to Fed. R. Civ. P. 41(b). (*See* Dkt. No. 7.)

### C.  Plaintiff Files the Instant Motion

On April 23, 2024, more than six months after the Court warned Plaintiff that this case was subject to dismissal, Plaintiff filed the instant Motion requesting that the Court set aside its dismissal under Fed. R. Civ. P. 60(b).[1] In the Motion, Plaintiff alleges that "through mistake, inadvertence, or excusable neglect, [Plaintiff] failed to comply with this Court's October 2, 2023 Order, which caused the Court to dismiss Plaintiff Waldrop in its Order dated November 6, 2023." (Dkt. No. 7-1 ¶ 2.) Plaintiff further claims that she "had no knowledge and no notice of the Court's October and November Orders until April 15, 2024." (*Id.*, ¶ 3.)[2]

### III.  **LEGAL STANDARD**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 935 (9th Cir. 2003). "Motions for reconsideration are disfavored and are rarely granted." *Grigoryan v. Experian Info. Solutions, Inc.*, 2015 WL 1909584, at *1 (C.D. Cal. Apr. 27, 2015).

---

[1] Plaintiff does not clarify the precise statutory basis for her request in the Motion, but the supporting Attorney's Affidavit references "mistake, inadvertence, or excusable neglect," which suggests that she moves under Fed. R. Civ. P. 60(b)(1).

[2] Local Rule 7-5(a) provides that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration." Local Rule 7-5(b) provides that "[a]n affidavit or declaration may contain only facts … and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor." As discussed below, this key quoted language consists solely of "conclusions and argument" and is therefore improper. Absent any *facts* supporting Plaintiff's requested relief, the Motion fails. *See Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

"To qualify for equitable relief under Rule 60(b)(1), the movant must demonstrate 'mistake, inadvertence, surprise, or excusable neglect.'" *Engleson v. Burlington N.R.R.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (citations omitted). "With respect to a 'mistake,' a Rule 60(b)(1) motion 'may seek relief from an excusable mistake on the part of a party or counsel, or if the district court has made a substantive error of law or fact in its judgment or order.'" *Singh v. Life Ins. of Am.*, 2010 WL 3515755, at *3 (N.D. Cal. Sept. 8, 2010) (citations omitted). "As for the 'excusable neglect' prong of Rule 60(b)(1), whether a party's neglect is excusable is an equitable determination that 'tak[es] account of all relevant circumstances surrounding the party's omission." *Id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

"[W]hether there exists a showing of inadvertence of excusable neglect is purely a matter of discretion with the trial court." *Smith v. Stone*, 308 F.2d 15, 17-18 (9th Cir. 1962).

## IV.   ARGUMENT

"Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (internal quotations omitted). Courts routinely dismiss actions based on a plaintiff's failure to timely file required documents. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (failure to oppose summary judgment motion based on failure to monitor docket was "not excusable"); *Smith*, 308 F.2d at 18 (9th Cir. 1962) ("Counsel for litigants, no matter how 'important' their cases are, cannot themselves decide when they wish to appear, or when they will file those papers required in a law suit."); *Dobson v. State of Cal.*, 2016 WL 4136507, at *3 (C.D. Cal. Aug. 1, 2016) ("if … unabashed negligence were enough to grant relief, the word 'excusable' would lose all meaning.")

*Freeman v. Wyeth* is instructive. There, the plaintiff's action against a pharmaceutical company was transferred to a multidistrict litigation. 764 F.3d, 806,

808 (8th Cir. 2014). The trial court ordered all attorneys to register for electronic filing. *Id*. The court later ordered plaintiffs to "provide updated medical authorizations" to the defendant "within three weeks" and warned that "[f]ailure to do so may result in dismissal," but the plaintiff's attorney had not registered for electronic filing and allegedly did not receive notice of the order. *Id*. at 808-809. The trial court dismissed the plaintiff's action based on her failure to provide the required medical authorization. *Id*. at 808.

In affirming the trial court's denial of the plaintiff's Rule 60(b)(1) motion, the Court of Appeals for the Eighth Circuit held that "[t]he reason for the delay is a 'key factor in the analysis.'" *Id*. at 809. The court took note of the uniquely broad discretion afforded to courts administering multidistrict litigations:

> We have recognized that "administering cases in multidistrict litigation is different from administering cases on a routine docket," … and that to encourage efficiency, "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders."

*Id*. (citations omitted).

The trial court had warned the plaintiff that failure to comply with its orders could result in the dismissal of her action and acted within its discretion in denying the plaintiff's motion for reconsideration. *See id*. at 809.

Here, unlike the plaintiff in *Freeman*, Plaintiff was actually aware of her peril. Plaintiff does not dispute that she had notice of Pretrial Order No. 240, which specified that failure to timely participate in the settlement program would result in sanctions. While Plaintiff claims in conclusory fashion that she had "no notice" of the Order Enforcing Pretrial Order No. 240 and the order of dismissal, she does not explain why that is the case. (*See* Dkt. No. 7-1 ¶ 3.) Indeed, both of these documents are publicly available on this Court's docket. (*See* MDL Dkt.; Dkt.)

Plaintiff's unvarnished conclusion that she violated two Court orders "through mistake, inadvertence, or excusable neglect" is insufficient to carry her burden to

demonstrate that she qualifies for relief under Rule 60(b)(1). Plaintiff does not provide any facts demonstrating that her inaction was excusable. *See Singh*, *supra*, 2010 WL 351755, at *4 (noting that the plaintiff failed to discuss the basis for any claim that he had committed an excusable mistake, inadvertence, or act of neglect.) Plaintiff's unsupported allegation that mistake, inadvertence, or excusable neglect *occurred* is insufficient to establish anything beyond carelessness by Plaintiff's attorneys and does not justify relief under Rule 60(b)(1). *See Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003) ("[R]outine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect.").

Plaintiff's failure to cite any legal authorities is equally fatal. Aside from a request for relief "pursuant to Federal Rule of Civil Procedure 60(b)," the Motion does not contain a single citation to legal authority, let alone authority establishing that Plaintiff is entitled to her requested relief. Local Rule 7-4(a)(5) provides that a memorandum of points and authorities in support of a motion must include "[a]rgument by the party, citing pertinent authorities." A moving party's failure to include this information warrants denial of that party's motion. *See Farias v. Atchley*, 2023 WL 2394541, at *3-4 (N.D. Cal. Mar. 6, 2023) (denying motion for summary judgment in part because "Plaintiff's 2-page brief fails to include" information required under L-R 7-4(a).) The Court may—and should—deny the Motion because Plaintiff failed to provide facts or law establishing anything more than carelessness, or explain why she waited more than five months to set aside this Court's well-reasoned dismissal of this case.

## IV.  CONCLUSION

For the reasons described herein, Monsanto respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated: May 7, 2024                                  Respectfully submitted,

                                                    */s/ Jed P. White*
                                                    Jed P. White
                                                    Attorney for Defendant Monsanto Company