# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No.: 2741 |
| | **Master Case No. 3:16-md-02741-VC** |
| This document relates to *James Collins v. Monsanto Company* **Case No. 3:20-cv-01419-VC** | |

### SUGGESTION OF DEATH AND PERSONAL REPRESENTATIVE'S MOTION FOR SUBSTITUTION OF PARTY AND TO AMEND COMPLAINT

Pursuant to Fed. R. Civ. P. 25(a), Fed. R. Civ. P. 15(a), and Fed. R. Civ. P. 15(c), James M. Collins, by and through his undersigned attorneys, moves to substitute himself as the real party in interest for Plaintiff James Collins, his father, who died during the pendency of this action, and to amend the allegations in the complaint. James M. Collins is the surviving son and the Personal Representative of the Estate of James Collins. As grounds for this motion, James M. Collins states the following:

1. Plaintiff James Collins died on March 31, 2024, during the pendency of this action. His son, James M. Collins is the duly appointed Personal Representative of the Estate of James Collins.

2. James M. Collins therefore seeks to substitute himself, in his capacity as the Personal Representative of the Estate of James Collins, as plaintiff in this action so that he may pursue this case alternatively as a survival or wrongful death action pursuant to New Jersey law.

3.      New Jersey's Wrongful Death Act, N.J.S.A. 2A:31-1 et. Seq., provides that "When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime."

4.      New Jersey Survival Statute, N.J.S.A. 2A:15-3 et. Seq. provides that "Executors, administrators, and administrators ad prosequendum may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser, and recover their damages as their testator or intestate would have had if he was living. In those actions based upon the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he had lived, the executor, administrator, or administrator ad prosequendum may recover all reasonable funeral and burial expenses in addition to damages accrued during the lifetime of the deceased."

5.      In other words, a cause of action is not extinguished by virtue of a party's death.

6.      Fed. R. Civ. P. 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires."

7.      James M. Collins, through the undersigned attorneys, has conferred with counsel for Defendant regarding the instant motion.  Defendant's counsel has advised Defendant does not object to this application.

8.      James M. Collins respectfully requests that the Court should grant his request under Fed. R. Civ. P. 25 and 15, as decedent James Collins' lawsuit against Defendant survived Plaintiff's

death and the proposed amended complaint shares the same factual background as the original complaint.

9. Further, Fed. R. Civ. P. 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the filing of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out in the original pleading."

10. Attached hereto as **Exhibit 1** is James M. Collins' proposed amended complaint. The proposed amended complaint lists James M. Collins as real party in interest and, in the alternative, alleges a survival or wrongful death action against Defendant.

11. Attached hereto as **Exhibit 2** is a copy of Plaintiff James Collins' death certificate.

12. Attached as **Exhibit 3** is a copy of an Executor Certificate from the State of New Jersey Somerset County Surrogate's Court confirming Letters Testamentary were issued to James M. Collins who is duly authorized to administer the Estate of James Collins.

13. Defendant will suffer no prejudice with the substitution to add survivorship and wrongful death claims in the alternative under New Jersey law.  Indeed, this Court has ruled the relation-back doctrine of Fed. R. of Civ. P. 15(c) would also permit such an amendment when Defendant has opposed such a request in the past. *See* ECF No. 16122 (Order Granting Motion to Substitute Party and Amend Complaint).

## CONCLUSION

For the reasons stated herein, James M. Collins respectfully requests that the Court grant his motion to substitute himself as Personal Representative of the Estate of James Collins, as Plaintiff in this action and further grant his motion to amend the complaint as set forth in the proposed amended complaint.

DATED:  May 12, 2024                           Respectfully submitted,


                                                      *s/ Anthony M. Juliano*
Anthony M. Juliano, Esq.
(ajuliano@bracheichler.com)
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 228-5700
Facsimile:  (973) 618-5554

*Attorneys for Plaintiff*
*James Collins*