# REDACTED VERSION OF PLAINTIFFS' UNCONTESTED MOTION TO APPROVE SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL ACTIONS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Holmen v. Monsanto Co.,*<br>Case No. 3:19-CV-05040 | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PLAINTIFFS' UNCONTESTED MOTION FOR APPROVAL OF SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL ACTIONS** |

1. Plaintiffs are David Holmen as Executor of the Estate of Philip Holmen, deceased, and his widow, Jeanine Holmen.

2. Plaintiffs contended that Decedent's exposure to Roundup caused him Non-Hodgkin's Lymphoma, which was a substantial factor in his death. He was 81 at the time of his passing.

3. Defendant denied liability.

4. The Claims' Administrator confidentially proposed, and Plaintiffs accepted $▇▇▇▇ as a full and final settlement.

5. The settlement is fair and reasonable because, *inter alia*, the difficulty proving at trial the decedent's exposure given the spouse's dementia.

6. Plaintiffs' attorney is NOT seeking any attorney's fees. He only seeks reimbursement of $854.88 in costs. *See* Ex. A.

7. The Veterans Administration agreed to accept $7,000 in full satisfaction of its lien. *See* Ex. B. There is no Medicare lien. *See* Ex. C.

8. After deducting costs and the VA lien, there is $▇▇▇▇▇ remaining to be allocated.

9. Importantly, there is no conflict of interest for allocation because the spouse is the only beneficiary of the estate.

1

10. In approving the allocation of settlement funds, the Court applies Pennsylvania substantive law. *See Wilson v. TA Operating*, LLC, 2017 U.S. Dist. LEXIS 68136 at *3-4 (M.D. Pa. 2017).

11. Under Pennsylvania law, a spouse is entitled to recover pre-death loss of consortium as a separate claim from and in addition to his wrongful death claim. *See Amato v. Bell & Gossett*, 116 A.3d 607, 626; 2015 Pa Super. 83 (Pa. Super. 2015). An allocation of one-third or $█████ to his spouse is fair and reasonable.

12. "Under Pennsylvania law, a wrongful death action is brought by decedent's relatives on their own behalf to recover damages for pecuniary loss suffered by the loss of decedent's future contributions" *Wilson* at *4 (citation omitted). "[A] survival action is brought on behalf of the decedent for pain and suffering and the loss of income suffered before death." *Id.*

13. "Pennsylvania prioritizes wrongful death claims over survival claims to put the needs of the decedent's dependents over the estate beneficiaries." *Id.* Here, the Decedent's spouse is the only dependent and only beneficiary of his estate. There is no conflict. So, Plaintiffs propose an allocation of the remaining two-thirds, or $█████ to the wrongful death claim. The Pennsylvania Department of Revenue approved this allocation. See Ex. D.

WHEREFORE, Plaintiffs respectfully request that this Court approve the settlement and allocation as set forth in their proposed order.

Respectfully submitted,

/s/Robert Sink
Robert Sink
Law Offices of Robert W. Sink
1417 Crosby Dr.
Fort Washington, PA 19034
215-995-1000
rsink@sinklawoffices.com

Attorney for Plaintiffs

2