Alexis Lilly
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9483
alilly@motleyrice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Ronald Bailey v. Monsanto Company,*<br>*Case No. 3:24-cv-01595-VC* | **NOTICE OF MOTION AND MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF** |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE,** Daniel Lapinski, Fidelma Fitzpatrick, Alexis Lilly, and Chelsea Monroe ("Counsel"), attorneys of record for Plaintiff Ronald Bailey ("Plaintiff"), will and hereby do move for an Order allowing Counsel to withdraw as counsel of record for Plaintiff.

This motion is made pursuant to Civil L.R. 11-5 and Rule 1.16(b)(4) of the California Rules of Professional Conduct for good cause on the grounds that there has been a breakdown of the attorney-client relationship significant enough that it is unreasonably difficult for Counsel to carry out effective representation of Plaintiff.

Counsel provided Plaintiff with written notice on May 1, 2024 of Counsel's intent to file this motion on May 14, 2024. Counsel again provided notice on May 10, 2024 via telephone conversation that Counsel intended to file this motion if Plaintiff was unable to complete the independent settlement program claim form by May 13, 2024. Plaintiff did not complete the required paperwork.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Alexis Lilly, the exhibits attached thereto, the files and records of this case, and such further evidence that may be presented at the time of the hearing on this Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRODECURAL AND FACTUAL BACKGROUND

Counsel has represented Plaintiff from the beginning of this suit. Plaintiff filed this lawsuit in the District Court for the District of New Jersey on February 2, 2024. This case was transferred to this Court on March 27, 2024.

Unfortunately, Plaintiff has been wholly unresponsive to Counsel's attempts to contact him regarding his case and the completion of the Independent Settlement Program claim form. *See* Declaration of Alexis Lilly, attached here as Exhibit A. Counsel has repeatedly attempted to reach Plaintiff via phone, email, U.S. mail, and text message. Plaintiff has not responded to communications, and when able to be reached on the phone, has repeatedly hung up on Counsel, not allowing Counsel to relay any legal advice or provide instructions on completing the claim form. *See id.*  Due to Counsel's inability to reach Plaintiff, Counsel hired a third-party investigator to try and reach Plaintiff. *See id.*  Over the course of two months, the investigator made eight attempts to reach Plaintiff. On the two occasions Counsel's investigator was able to reach Plaintiff, Plaintiff hung up before meaningful conversation could take place. *See id.*

On May 9, 2024, in a final attempt to speak with Plaintiff to communicate legal advice pertaining to his case, Attorney Alexis Lilly reached Plaintiff via phone. After hanging up twice on Counsel, Plaintiff finally engaged in a conversation regarding the upcoming deadline. Attorney Alexis Lilly explained that this May 15, 2024 deadline was immoveable, as Counsel had already requested an extension. Counsel informed Plaintiff that if they did not receive the paperwork by May 13, 2024, they would have no choice but to withdraw from the case. Plaintiff understood. Following the conversation, Counsel emailed Plaintiff outlining the conversation and again gave notice of her intent to file a motion to withdraw as his attorney.

3

NOTICE OF MOTION AND MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF
3:16-md-02741-VC & 3:24-cv-01595

At the time of the breakdown in communication with Plaintiff, his case was in progress through the mandatory Settlement program. On May 14, 2024, Counsel notified Defendant's Counsel of her intent to move to withdraw.

Thus, given Counsel's notice to Parties and Defendant, and that Plaintiff would not be prejudiced by this present motion, Counsel moves to withdraw from this action as Plaintiff's attorneys.

## II. ARGUMENT

### A. LEGAL STANDARD

In this District, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Additionally, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2-3 (N.D. Cal Sept. 15, 2010). "[T]he decision to permit counsel to withdraw is within the sound discretion of the trial court." *Morrow v. Mid Peninsula Hotels, LLC*, No. 19-CV-03863-TSH, 2020 WL 5074305, at *2 (N.D. Cal. Aug. 26, 2020) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)).

Under the California Rules of Professional Conduct, a lawyer may withdraw her representation of a client if the client's "conduct renders it unreasonably difficult for the lawyer to

4

NOTICE OF MOTION AND MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF
3:16-md-02741-VC & 3:24-cv-01595

carry out the representation effectively." *See* Cal. Rules of Prof. Conduct, Rule 1.16(b)(4). A client's conduct is "unreasonably difficult" if he is no longer cooperating or meaningfully communicating with Counsel. *See Garza v. Moving Solutions, Inc., et al.*, No. 17-CV-04015-LHK, 2019 WL 13126216, at *1 (granting a motion to withdraw as counsel wherein the attorney-client relationship has broken down); *see also El Hage v. U.S. Sec. Associates, Inc.*, No. C06-7828 THE, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007) (granting motion to withdraw because counsel was unable to contact client for a period of 6 months). Where counsel is unable to locate the client, counsel must "expend a reasonabl[e] amount of time and funds so as to insure that the attorney makes a diligent effort to locate the client." *Id.* (citing State Bar of Cal. Standing Comm. on Prof'l Responsibility & Conduct, Formal Opinion No.1989-111, at 2). Before withdrawal, Counsel must first take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel[.]" *See* Cal. Rules of Prof. Conduct, Rule 1.16(d).

### B. APPLICATION

Counsel's Motion to Withdraw should be granted because they have fulfilled all notice requirements required both by this Court's Local Rules and the California Rules of Professional Conduct. As described above, Counsel provided sufficient notice multiple times reasonably in advance of the Motion: first, in written communication sent to Plaintiff's address; second, Counsel provided written notice via email to Plaintiff of her intent to withdraw the following day, through which Counsel confirmed was the accurate email for Plaintiff; and third, via phone call with Plaintiff.

Counsel provided written notice to Defense Counsel of the intent to withdraw and the imminent filing of this Motion. Thus, all notice requirements to avoid prejudicing Plaintiff and his rights have been fulfilled.

Furthermore, pursuant to the California Rules of Professional Conduct, Counsel may withdraw as Plaintiff's attorneys given that his conduct has rendered it unreasonably difficult for Counsel to carry out representation effectively. It is unreasonably difficult to continue the relationship due to Plaintiff's unwillingness to respond to Counsel's repeated attempted to contact Plaintiff. As such, there has been a breakdown of the trust and cooperation necessary for the attorney-client relationship. Additionally, Counsel has undertaken several attempts to contact Plaintiff, including a white-pages search on Plaintiff and hiring a third-party investigator to locate client, all of which have been unsuccessful in getting client to meaningfully engage in conversations with Counsel. On the one occasion Counsel was able to reach Plaintiff, Counsel informed Plaintiff of the time sensitive deadline. Plaintiff told Counsel he would have the necessary paperwork completed by the deadline. He did not return paperwork or attempt to reach out to Counsel.

Lastly, all factors for withdrawal weigh in Counsel's favor, and Plaintiff and his rights would not be harmed. First, Counsel's reasons for withdrawal are in alignment with the California Rules of Professional Conduct and prior caselaw before this Court. *See* Cal. Rules of Professional Conduct, Rule 1.16(b)(4). Second, there is no prejudice to defendant based on Counsel's withdrawal. Defendant may continue to seek discovery from Plaintiff and proceed with the case without hinderance. Third, no harm will result to the administration of justice due to the case's current procedural posture. Given that the case is still in the early stages, no hearings, deadlines, or trial dates have been scheduled. Lastly, Counsel's withdrawal will not delay resolution of this matter. No deadlines will be postponed. Again, this matter has not been placed in wave and is not subject to a case management scheduling order. Thus, all the relevant factors weigh in Counsel's favor for granting this Motion to Withdraw.

### III. CONCLUSION

For the foregoing reasons, Counsel respectfully requests that the Court grant its Motion to Withdraw as Counsel for Plaintiff Ronald Bailey.

DATED:  May 14, 2024

Respectfully submitted,

*/s/ Alexis Lilly*
Alexis Lilly
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9483
alilly@motleyrice.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of May 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California via the Court's CM/ECF Filing System, which shall send electronic notifications to counsel of record.

/s/ *Alexis Lilly*
Alexis Lilly
MOTLEY RICE

*Attorney for Plaintiff*