

May 24, 2024

BRYAN CAVE LEIGHTON PAISNER LLP
120 Broadway Suite 300
Santa Monica CA 90401 2386
T: +1 310 576 2100
F: +1 310 576 2200
bclplaw.com

Jed White
Partner
Direct:  +1 310 576 2114
Fax:  +1 310 260 4114
jed.white@bclplaw.com

Hon. Vince Chhabria
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**Via ECF**

**Re:**   **In re Roundup Products Liability Litigation, Case No. 3:16-md-02741-VC**
*Beavers Jr. v. Monsanto Co.*, **Case No. 20-cv-08799-VC**
*Gonzalez v. Monsanto Co.*, **Case No. 20-cv-06198-VC**
*Rolish v. Monsanto Co.*, **Case No. 20-cv-01421-VC**

Dear Judge Chhabria:

On May 17, 2024, Your Honor issued an order in relation to three matters subject to this multidistrict litigation—the *Beavers*, *Gonzalez*, and *Rolish* cases—excluding each Plaintiff's specific causation expert.[1]  In each case, the Court's order resulted in the fact that the Plaintiff has no expert medical testimony in support of the specific causation element of their claims.

Your Honor's decision ended with the direction that "it appears that summary judgment should be granted given the absence of any expert testimony on specific causation. The parties should file a letter within seven days of this ruling which states whether, in light of this ruling, the Court should file a suggestion of remand or enter summary judgment for Monsanto based on the absence of expert testimony on specific causation." Dkt. 18367 at 6.  Monsanto submits this letter requesting that the Court enter summary judgment for Monsanto in the *Beavers* and *Gonzalez* cases.[2]

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and

---

[1]   The experts whom Plaintiffs disclosed, and whom the Court has now excluded, are Dr. Christopher Rosenbaum in *Rolish*, Dr. Claire Murphy in *Beavers*, and Dr. Omid Hamid in *Gonzalez*.  Monsanto respectfully notes for the Court that its May 17 order appears, in the first paragraph, to mistakenly state that Dr. Rosenbaum was the Plaintiff's expert in the *Beavers* case instead of the *Rolish* case, Dr. Murphy was in *Gonzalez* instead of *Beavers*, and Dr. Hamid was in *Rolish* instead of *Gonzalez*.  That error does not affect the dispositive fact, for purposes of this letter-motion, that each Plaintiff lacks a specific causation expert and therefore cannot withstand summary judgment for lack of necessary expert testimony on the causation element of their claims.

[2]   Monsanto will submit a separate, joint letter to the Court regarding the *Rolish* case.

USA.615155727.2/GVC



the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Beavers is a resident of Washington and Gonzalez is a resident of California. *See Beavers* Complaint Dkt. 1-2, ¶ 1.1; *Gonzalez* Complaint Dkt. 1-1, ¶ 1.[3] Under Washington and California law, expert medical testimony is required to establish causation of a specific physical injury if such cause is not within the common knowledge of the jurors. *See Fabrique v. Choice Hotels*, 144 Wn. App. 675, 685 (2008) ("Expert medical testimony is necessary to establish causation where the nature of the injury involves "obscure medical factors which are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding."); *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005) (in a product liability case "where the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation").

Here, Plaintiffs allege that they were diagnosed with cancer as a result of their exposure to Roundup. "With cancer the question of causation is especially troublesome[;] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. Thus, the causal link between Plaintiffs' injuries and Roundup is a highly technical question of science that is beyond the jurors' understanding.

Because Plaintiffs do not have any expert on the issue of specific causation, they cannot prove causation—an essential element of all their claims. And without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiffs' claims. *See Sytsma v. Phillips*, 66 Co., 2021 WL 8344148, at *8 (W.D. Wash. July 14, 2021) ("[T]he Court has excluded any expert identified who would testify as to specific causation. As such, Plaintiff has failed to provide sufficient admissible evidence to meet the burden of proof in this toxic tort case."); *Sytsma v. Phillips* 66 Co., 2022 WL 1135839, at *3 (W.D. Wash. Apr. 18, 2022) (adopting report and recommendation and granting summary judgment to defendant based on lack of specific causation expert testimony); *Stephen*, 134 Cal. App. 4th at 1373-74 (plaintiff's "inability to present expert testimony was fatal to her product liability and negligence claims, and [thus] nonsuit was proper"); *In re Mirena IUD Prods. Liab. Litig.*, 202 F. Supp. 3d 304, 311 (S.D.N.Y. 2016) ("summary judgment is appropriate where required expert testimony is absent from the record"); *Martinez v. Ethicon Inc.*, No. 7:19-CV-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020) ("Products liability cases are quintessentially expert cases, and failure to

---

[3] For cases "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation[,] . . . the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). However, under each of these states' laws (cited herein), expert testimony is required to establish specific causation in this case.



designate experts almost always leads to summary judgment."); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant]'s device was the proximate cause of his injuries").

For this reason, this Court has granted summary judgment in favor of Monsanto in other Roundup MDL cases where the plaintiff has lacked a specific causation expert, explaining:

> Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not within the common knowledge and experience of an ordinary layperson.

*Matthaus-Shelton v. Monsanto Company*, 20-cv-00168, Doc. No. 17 (Order Granting Summary Judgment, dated November 29, 2022); *see also Adrine Hann v. Monsanto Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated November 3, 2022) ("Whether Roundup caused [Plaintiff's] multiple myeloma is a highly technical and scientific question. Without expert testimony, a jury can only speculate."). The same result is appropriate here.

In the *Beavers* case, there are two additional pending remaining motions to exclude, regarding Plaintiff's experts Dr. Beaton and Mr. Fountaine. However, as with Dr. Murphy, plaintiff has not filed an opposition to Monsanto's motions to exclude these experts, and therefore Monsanto expects these experts will be excluded as well, further supporting summary judgment for Monsanto at this junction on all claims in the *Beavers* case.

Monsanto therefore respectfully submits that the Court's order excluding Plaintiffs' specific causation experts requires granting summary judgment for Monsanto and dismissing Plaintiffs' claims with prejudice in the *Beavers* and *Gonzalez* cases.

Very truly yours,

*/s/ Jed P. White*
Jed P. White
Partner