**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:  (713) 227-8008
Facsimile:  (713) 227-9508
Email:  jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: *James M. Collins, as Executor of the Estate of James Collins, as Representative of the heirs-at-law of James Collins, and individually, v. Monsanto Co.*, Case No. 3:20-cv-01419-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's First Amended Complaint (the "Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto denies the allegations in paragraph 2.

3. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4. The allegations in paragraph 4 sets forth a conclusion of law for which no response is required.

5. Monsanto denies the allegations in paragraph 5.

6. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8. In response to the allegations in paragraph 8, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.

9. In response to the allegations in paragraph 9, Monsanto admits that it is authorized to conduct businss in New Jersey. The remaining allegations in paragraph 9 sets forth a conclusion of law for which no response is required.

10. Monsanto admits the allegations in paragraph 10.

11. The allegations in paragraph 11 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 11.

12. The allegations in paragraph 12 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 12.

13. The allegations in paragraph 13 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 13.

14. The allegations in paragraph 14 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 14.

15. Monsanto denies the allegations in paragraph 15.

16. The allegations in paragraph 16 sets forth a conclusion of law for which no response is required.

17. Monsanto incorporates by reference its responses to paragraphs 1 through 16 in response to paragraph 17 of plaintiff's Complaint.

18. Monsanto admits the allegations in paragraph 18.

19. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20. The allegations in paragraph 20 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

21. The allegations in paragraph 21 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 21.

22. The allegations in paragraph 22 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 22.

23. Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 23.

24. Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 24. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

25. In response to the allegations in paragraph 25, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based

herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.

26. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28. Monsanto denies that any exposure to Roundup®-branded products can cause cancer. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29. Monsanto admits that that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling, that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world, and that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. In response to the remaining allegations in paragraph 29, Monsanto denies any allegation that either Roundup®-branded herbicides or glyphosate are unsafe when used in accordance with the products' labeling.

30. Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 30.

31. The allegations in the first sentence of paragraph 31 set forth a conclusion of law for which no response is required. Monsanto denies the allegations in the second sentence of paragraph 31.

32. Monsanto denies the allegations in paragraph 32.

33. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34. Monsanto denies the allegations in paragraph 34.

35. Monsanto denies the allegations in paragraph 35.

36. Monsanto denies the allegations in paragraph 36.

37. Monsanto incorporates by reference its responses to paragraphs 1 through 36 in response to paragraph 37 of plaintiff's Complaint.

38. Monsanto admits that plaintiff purports to bring claims for strict liability but denies any liability to plaintiff.

39. Monsanto denies the allegations in paragraph 39.

40. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41. Monsanto denies the allegations in paragraph 41.

42. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43. Monsanto denies the allegations in paragraph 43.

44. Monsanto denies the allegations in paragraph 44.

45. Monsanto denies the allegations in paragraph 45.

46. Monsanto denies the allegations in paragraph 46.

47. Monsanto denies the allegations in paragraph 47.

48. Monsanto denies the allegations in paragraph 48.

49. Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 49 and they are accordingly denied.

50. Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 50 and they are accordingly denied.

51. Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 51. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

52. Monsanto denies the allegations in paragraph 52.

53. Monsanto denies the allegations in paragraph 53.

54. Monsanto denies the allegations in paragraph 54.

55. Monsanto denies the allegations in paragraph 55.

56. Monsanto denies the allegations in paragraph 56.

57. The allegations in paragraph 57 sets forth a conclusion of law for which no response is required.

In response to the "WHEREFORE" paragraph following paragraph 57, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

58. Monsanto incorporates by reference its responses to paragraphs 1 through 57 in response to paragraph 58 of plaintiff's Complaint.

59. Monsanto admits that plaintiff purports to bring claims for failure to warn but denies any liability to plaintiff.

60. Monsanto denies the allegations in paragraph 60.

61. The allegations in paragraph 61 sets forth a conclusion of law for which no response is required.

62. The allegations in paragraph 62 sets forth a conclusion of law for which no response is required.

63. Monsanto denies the allegations in paragraph 63. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

64. Monsanto denies the allegations in paragraph 64.

65. Monsanto denies the allegations in paragraph 65.

66. Monsanto denies the allegations in paragraph 66.

67. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.

68. Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 68 and they are accordingly denied.

69. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 regarding decedent's claimed use or and exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 69, including that Roundup®-branded products have "dangerous characteristics."

70. In response to the allegations in paragraph 70, Monsanto denies that Roundup®-branded products are associated with risks of NHL or other serious illness or that Roundup®-branded products have "defects." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 70 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 70.

71. Monsanto denies the allegations in paragraph 71. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

72. Monsanto denies the allegations in paragraph 72. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

73. Monsanto denies the allegations in paragraph 73.

74. Monsanto denies the allegations in paragraph 74.

75. Monsanto denies the allegations in paragraph 75.

76. Monsanto denies the allegations in paragraph 76.

77. Monsanto denies the allegations in paragraph 77.

In response to the "WHEREFORE" paragraph following paragraph 77, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

1   with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed
2   by law and such further and additional relief as this Court may deem just and proper.
3   78.   Monsanto incorporates by reference its responses to paragraphs 1 through 77 in
4   response to paragraph 78 of plaintiff's Complaint.
5   79.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
6   the allegations in paragraph 79 and therefore denies those allegations.
7   80.   The allegations in paragraph 80 sets forth a conclusion of law for which no response
8   is required.
9   81.   The allegations in paragraph 81 sets forth a conclusion of law for which no response
10  is required.
11  82.   Monsanto denies that any exposure to Roundup®-branded products can cause NHL
12  and other serious illnesses and therefore denies those allegations in paragraph 82. Monsanto denies
13  the remaining allegations in paragraph 82.
14  83.   Monsanto denies that any exposure to Roundup®-branded products can cause NHL
15  and other serious illnesses and therefore denies those allegations in paragraph 83. Monsanto denies
16  the remaining allegations in paragraph 83.
17  84.   Monsanto denies the allegations in paragraph 84.
18  85.   Monsanto denies the allegations in paragraph 85.
19  86.   Monsanto denies the allegations in paragraph 86.
20  87.   Monsanto denies the allegations in paragraph 87.
21  88.   Monsanto denies the allegations in paragraph 88.
22  89.   Monsanto denies the allegations in paragraph 89.
23  90.   Monsanto denies the allegations in paragraph 90.
24  In response to the "WHEREFORE" paragraph following paragraph 90, Monsanto demands
25  that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,
26  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed
27  by law and such further and additional relief as this Court may deem just and proper.
28

1  91.  Monsanto incorporates by reference its responses to paragraphs 1 through 90 in
2  response to paragraph 91 of plaintiff's Complaint.

3  92.  Monsanto denies the allegations in paragraph 92.

4  93.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
5  the allegations in paragraph 93 regarding decedent's claimed use of and exposure to Roundup®-
6  branded products and therefore denies those allegations. The remaining allegations in paragraph 93.
7  sets forth a conclusion of law for which no response is required. To the extent that a response is
8  deemed required, Monsanto denies the remaining allegations in paragraph 93.

9  94.  Monsanto denies the allegations in paragraph 94.

10  95.  Monsanto denies the allegations in paragraph 95.

11  96.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
12  the allegations in paragraph 96 and therefore denies those allegations.

13  97.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
14  the allegations in paragraph 97 regarding decedent's claimed use of and exposure to Roundup®-
15  branded products and therefore denies those allegations. The remaining allegations in paragraph 97.
16  sets forth a conclusion of law for which no response is required. To the extent that a response is
17  deemed required, Monsanto denies the remaining allegations in paragraph 97.

18  98.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
19  the allegations in paragraph 98 regarding decedent's claimed use of and exposure to Roundup®-
20  branded products and therefore denies those allegations. The remaining allegations in paragraph 98.
21  sets forth a conclusion of law for which no response is required. To the extent that a response is
22  deemed required, Monsanto denies the remaining allegations in paragraph 98.

23  99.  Monsanto denies the allegations in paragraph 99.

24  100.  Monsanto denies the allegations in paragraph 100.

25  101.  Monsanto denies the allegations in paragraph 101.

26  In response to the "WHEREFORE" paragraph following paragraph 101, Monsanto demands
27  that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

28

1  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed
2  by law and such further and additional relief as this Court may deem just and proper.

3  102. Monsanto incorporates by reference its responses to paragraphs 1 through 101 in
4  response to paragraph 102 of plaintiff's Complaint.

5  103. The allegations in paragraph 103 sets forth a conclusion of law for which no response
6  is required.

7  104. Monsanto denies the allegations in paragraph 104.

8  105. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
9  the allegations in paragraph 105 regarding decedent's claimed use of and exposure to Roundup®-
10 branded products and therefore denies those allegations. The remaining allegations in paragraph
11 105. sets forth a conclusion of law for which no response is required. To the extent that a response
12 is deemed required, Monsanto denies the remaining allegations in paragraph 105.

13 106. The allegations in paragraph 106 set forth a conclusion of law for which no response
14 is required.  To the extent that a response is deemed required, Monsanto denies the allegations in
15 paragraph 106.

16 107. Monsanto denies the allegations in paragraph 107.

17 108. Monsanto denies the allegations in paragraph 108.

18 109. Monsanto denies the allegations in paragraph 109.

19 In response to the "WHEREFORE" paragraph following paragraph 109, Monsanto demands
20 that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,
21 with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed
22 by law and such further and additional relief as this Court may deem just and proper.

23 110. Monsanto incorporates by reference its responses to paragraphs 1 through 109 in
24 response to paragraph 110 of plaintiff's Complaint.

25 111. Monsanto denies the allegations in paragraph 111.

26 112. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
27 the allegations in paragraph 112 and therefore denies those allegations.

113. Monsanto denies the allegations in paragraph 113.

114. Monsanto denies the allegations in paragraph 114.

115. Monsanto denies the allegations in paragraph 115.

116. Monsanto denies the allegations in paragraph 116.

In response to the "WHEREFORE" paragraph following paragraph 116, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

117. Monsanto incorporates by reference its responses to paragraphs 1 through 116 in response to paragraph 117 of plaintiff's Complaint.

118. Monsanto denies the allegations in paragraph 118.

119. Monsanto denies the allegations in paragraph 119.

In response to the "WHEREFORE" paragraph following paragraph 119, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

120. Monsanto incorporates by reference its responses to paragraphs 1 through 109 in response to paragraph 120 of plaintiff's Complaint.

121. Monsanto denies the allegations in paragraph 121.

122. Monsanto denies the allegations in paragraph 122.

123. Monsanto denies the allegations in paragraph 123.

124. Monsanto denies the allegations in paragraph 124.

In response to the "WHEREFORE" paragraph following paragraph 124, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

The allegations in the section entitled "JURY DEMAND" set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Venue may be inconvenient.

3. Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

5. Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6. Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7. Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

13. Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of decedent's alleged injury or damages.

15. Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to them by which liability could be attributed to it.

16. Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's and/or decedent's own contributory/comparative negligence.

18. Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's and/or decedent's own failure to mitigate damages.

19. Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

20. If plaintiff and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

21. Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

22. Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

23. Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including New Jersey law.

24. To the extent that plaintiff and/or decedent recovered payments for plaintiff's and/or decedent's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

25. Decedent's medical condition was caused directly, solely, and proximately by medical conditions, sensitivities, and idiosyncrasies peculiar to him, and which were unknown, unknowable, or not reasonably foreseeable to Monsanto.

26. Plaintiff's common law claims are barred, in whole or part, by application of the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11.

27. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's First Amended Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  May 30, 2024

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:  (713) 227-8008
    Facsimile:   (713) 227-9508
    Email:          jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 30th day of May, 2024, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs