UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: | **ORDER RE: JUNE 6 HEARING** |
| *Bray v. Monsanto Co.*, Case No. 19-cv-05060-VC | Re: Dkt. Nos. 18312, 18313 |
| *Holden v. Monsanto Co.*, Case No. 19-cv-05085-VC | |

On February 16, 2024, plaintiffs represented by Kristy M. Arevalo of McCune Law Group filed a consolidated motion to move their 43 cases to Wave 8. Dkt. No. 17935. All but a few of the cases had previously been moved *en masse* from Wave 6, where some were originally placed. Others had originally been placed in even earlier waves. The motion stated that this scheduling move was justified by difficulties the plaintiffs' firm was having in meeting the Wave 7 deadlines, given the number of cases involved and an upcoming state-court trial. The motion noted that "Plaintiffs' Counsel are limited to 3 attorneys for their entire inventory of cases in this MDL[.]" *Id.* at 7.

Monsanto opposed the motion, and the Court denied it on March 19, except as to a handful of plaintiffs whose cases had not previously been moved. Dkt. No. 18076. The Court noted that the scheduling logjam was predictable, was of plaintiffs' counsels' own making, and was unlikely to be solved by simply moving all of the cases to Wave 8, where most of the same issues would arise. The Court agreed that there was "something to be said for Monsanto's

argument that Plaintiffs' counsel simply should not have taken on more cases than they were able to competently handle at once, given the largely predictable demands of this litigation." *Id.* at 2.

After Monsanto filed its opposition to the scheduling motion, and as some of the plaintiffs' Wave 7 deadlines were approaching, a few stipulated to the dismissal with prejudice of their cases. This gives rise to some concern that the McCune Law Group is, rather than vigorously representing its clients' interests, simply trying to dump cases on the cheap to avoid the obligation to do actual work that it committed to take on.

A week after the scheduling motion was denied, the Courtroom Deputy received a call from Plaintiff Beverly Bray, who stated that she had received and refused an offer to settle her case, and that Arevalo had informed her that she "could not no longer afford to represent me, that my case is too expensive, [and] that she is going to withdraw as my counsel."[1] About a month later, Arevalo moved to withdraw as counsel for Bray and another client. In both motions, Arevalo cites a breakdown in communication with her clients that occurred in March. Normally, a decision to stop representing a client after the client refuses a settlement offer is not a red flag. But given the context, the motion to withdraw creates further concern that McCune Law Group may not be adequately representing its clients, having taken on more cases than it could competently handle at once.

All this is why the Court has scheduled a hearing on the motions to withdraw. At this point, the Court mostly wants to get a better sense of what's going on with all the cases being handled by McCune Law Group (including those in which Arevalo has not moved to withdraw). The Court will also seek input from lead counsel about finding new counsel for the plaintiffs from whose representation Arevalo is now seeking, or might later seek, to withdraw.

Arevalo is ordered to transmit a copy of this order to Bray and Holden by 9:00 a.m. PT tomorrow.

---

[1] These are Bray's words, not Arevalo's.

**IT IS SO ORDERED.**

Dated: June 4, 2024

_____
VINCE CHHABRIA
United States District Judge