TOBIN ELLIS (Bar No. 203110)
tobin@ertriallawyers.com
SANTO RICCOBONO (Bar No. 251242)
santo@ertriallawyers.com
COURTNEY VASQUEZ (Bar No. 267081)
courtney@ertriallawyers.com
**ELLIS RICCOBONO, LLP**
317 Rosecrans Ave., Suite 100
Manhattan Beach, CA 90266
Tel: (424) 901-1202
Fax: (310) 861-8540

*Attorneys for Plaintiffs*
*David E. Roberts and Joyce Roberts*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC<br>Included action: 3:24-cv-02055 |
| This document relates to:<br><br>*David E. Roberts, an individual, and Joyce Roberts, and individual, v. Monsanto Company, Case No. 3:24-cv-02055* | **PLAINTIFFS' RESPONSE TO MONSANTO COMPANY'S MONTHLY REPORT RE PTO NO. 183 RE NON-COMPLIANT LAWSUIT FILED DIRECTLY IN THIS DISTRICT**<br><br>Judge: Hon. Vince Chhabria<br>Dept.: Ctrm 4 – 17th Floor |

## PLAINTIFFS' RESPONSE TO PTO NO. 183 RE NON-COMPLIANT LAWSUIT DIRECTLY FILED IN THIS DISTRICT

Plaintiffs David E. Roberts and Joyce Roberts ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this response to Monsanto Company's Monthly Report in Response to PTO No. 183 re Non-Compliant Lawsuit Directly Filed in this District (ECF No. 17).

Plaintiffs believe that there is sufficient basis for jurisdiction and venue in this District, but in the interests of justice, judicial efficiency and to avoid unnecessary and prolonged dispute on this issue, Plaintiffs have sought a Stipulation from Defendant Monsanto Company ("Defendant") to transfer the action to the Southern District of California, a district in which the case could have been brought, pursuant to 28 USC § 1406(a). If Defendant will not agree, Plaintiffs intend to move this Court to permit such a transfer in the interests of justice should the Court deem that such a transfer is necessary and appropriate. *See* 28 USC § 1406(a).

## SUMMARY OF RELEVANT BACKGROUND

Plaintiffs are residents of San Diego County and filed the present action in the Northern District of California on April 4, 2024. (ECF No. 1.) Plaintiffs alleged that jurisdiction is proper pursuant to 28 U.S.C. § 1332 because Plaintiffs are California residents and Defendants are incorporated and have their principal place of business outside of California. (ECF No. 1, ¶¶ 4-5.) Plaintiffs also alleged supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (ECF No. 1, ¶ 6.) Plaintiffs also alleged that Defendant's contacts within the District deem it a resident of the district to establish proper venue in this District pursuant to 28 USC § 1391(b)(1), (c)(2), (d). (ECF No. 1, ¶ 7.)

On May 16, 2024, Defendant filed its Answer and alleged that the case "was improperly filed directly into the Northern District of California despite the absence of proper venue in this court, a violation of PTO 183 (ECF. No. 7196, Oct. 28, 2019)." (ECF No. 12.) Defendant's Answer did not challenge personal jurisdiction. (*Id.*)

On May 31, 2024, Defendant filed its Monthly Case Report Re Non-Compliant Lawsuit Directly Filed in this District again arguing that Plaintiffs' complaint violates PTO 183. (ECF No. 17.) Shortly, thereafter, counsel for Plaintiffs sought to meet and confer with counsel for Defendant regarding venue.

Plaintiffs understand that PTO No. 183 involved multi-out-of-state plaintiff

complaints where there was no basis for personal jurisdiction or venue whatsoever, which is not the case, here. Defendant has not contested (nor could it) that the Court has personal jurisdiction over Plaintiffs, California residents. Furthermore, Plaintiffs alleged that Defendant's contacts within the district deem it a resident of the district to establish proper venue (see 28 USC § 1391(b)(1), (c)(2), (d)), which is again unlike the matters before the Court discussed under PTO No. 183.

Nevertheless, in the interest of justice and judicial efficiency and to avoid unnecessary and prolonged dispute, Plaintiffs agree to seek a transfer of this action pursuant to 28 USC § 1406(a), after which Plaintiffs will move to transfer the case back to this District pursuant to 28 USC § 1407(c) if not initiated sua sponte by the panel.

Plaintiffs have sought a Stipulation from Defendant to transfer the action to the Southern District of California and are awaiting a response. If Defendant will not agree, Plaintiffs intend to move this Court to permit such a transfer in the interests of justice should the Court deem that such a transfer is necessary and appropriate. *See* 28 USC § 1406(a).

Respectfully submitted,

Date: June 5, 2024

**ELLIS RICCOBONO, LLP**

s/*Courtney Vasquez*
COURTNEY VASQUEZ
courtney@ertriallawyers.com
*Attorneys for Plaintiffs*
*David E. Roberts and Joyce Roberts*

-2-

PLAINTIFFS' RESPONSE TO MONSANTO COMPANY'S MONTHLY REPORT RE PTO NO. 183 RE NON-COMPLIANT LAWSUIT FILED DIRECT-LY IN THIS DISTRICT