UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                                    MDL No. 2741


### TRANSFER ORDER

    **Before the Panel**: Plaintiffs in the Southern District of Florida *Gomez* action listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred *Gomez* to the Northern District of California for inclusion in MDL No. 2471. Defendant Monsanto Company opposes the motion.

    In support of their motion to vacate, plaintiffs argue that their pending motion for remand to state court should be decided before transfer. We are not persuaded by this argument. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

    Plaintiffs also contend that transfer will not enhance the convenience of the parties and witnesses or the efficient conduct of the litigation because the MDL has reached an advanced stage. This argument is not well taken. It is true that, "[o]ver the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks." *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009). But while the general causation and bellwether phases of the Roundup MDL are complete, the transferee court has implemented a wave-based remand and mediation program, through which case-specific discovery continues to be conducted and case-specific summary judgment and *Daubert* motions relating to causation continue to be adjudicated prior to Section 1407 remand of the actions to their transferor courts for trial. This process has resulted in the just and efficient resolution of hundreds of actions, and it undoubtedly will benefit the parties and the court in *Gomez*. Transfer of Roundup actions to the MDL remains warranted.

    Therefore, after considering the parties' arguments, we find that *Gomez* involves common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

§ 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma.  *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016).  Like the cases already in the MDL, plaintiffs in *Gomez* allege that Mr. Gomez suffers from non-Hodgkin's lymphoma caused by exposure to Roundup herbicide.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                              MDL No. 2741

## SCHEDULE A

<u>Southern District of Florida</u>

GOMEZ, ET AL. v. MONSANTO COMPANY, ET AL., C.A. No. 0:24−60355