UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Kanaga et al. v. Monsanto Co.*, Case No. 23-cv-05563-VC | **ORDER GRANTING MOTION FOR SUGGESTION OF REMAND** |
| | Re: Dkt. No. 18352 |

    The Kanaga Plaintiffs' motion for a suggestion of remand to the District Court for the Northern District of Ohio is granted.

    The plaintiffs seek a suggestion of remand because his complaint alleges that he was diagnosed with Hodgkin's lymphoma rather than non-Hodgkin's lymphoma ("NHL"), and thus his case falls outside the scope of this MDL. Monsanto states that it does not oppose the motion. The Court also agrees that the plaintiff's non-NHL diagnosis means that there is little to be gained from adjudicating his case in this MDL. *See In re: Roundup Prod. Liab. Litig.*, 214 F. Supp. 3d 1346, 1347 (U.S. Jud. Pan. Mult. Lit. 2016) ("All the actions entail an overarching query—whether glyphosate causes non-Hodgkin's lymphoma in persons exposed to it while using Roundup."); *see also* Order Vacating Conditional Transfer Orders, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, Dkt. No. 3301 (U.S. Jud. Pan. Mult. Lit. Dec. 7, 2023) (vacating conditional transfer order regarding cases that would "would inject unique factual and legal issues into the MDL at a late hour").

    It may be worth noting that although the Kanaga plaintiffs now seek remand of their case,

the case did not end up in the MDL against their wishes. The plaintiffs filed their action using the MDL's short-form complaint, and they included the name of the MDL and the MDL case number in their filings even before transfer. Then, after the Special Master denied the plaintiff's claim in the settlement program because of Glenn Kanaga's diagnosis, they moved for a suggestion of remand. In the future, where the plaintiff alleges a non-NHL diagnosis, it would probably be more efficient if Section 1407 transfers didn't occur in the first instance—perhaps the JPML could decline to transfer the cases, or perhaps Monsanto can object to the conditional transfer orders.

Ordinarily, when the Court issues suggestions of remand for a given case, it is because the case has been worked up and is ready for trial. The Court will typically provide a summary of what has taken place in the MDL and in the individual case to aid the trial judge. However, in the Kanagas' case, little of substance has taken place. The case was filed in late 2023, and Monsanto has yet to answer the complaint. If the judge who receives this case is interested in what has taken place in this MDL, one of the Court's other recent suggestions of remand can provide background information.[1] *See, e.g.*, Dkt. No. 18434. But because the relevant diagnosis is for Hodgkin's lymphoma rather than NHL, this Court's prior rulings may be less useful upon remand.

The Clerk of Court is directed to provide a copy of this suggestion of remand to the Clerk of the United States Judicial Panel on Multidistrict Litigation and the Clerk of the Northern District of Ohio.

**IT IS SO ORDERED.**

Dated: June 18, 2024

_____
VINCE CHHABRIA
United States District Judge

---

[1] The Court also maintains a webpage dedicated to the Roundup MDL that includes each of the Court's significant pretrial orders. Please see: https://www.cand.uscourts.gov/judges/chhabria-vince-vc/in-re-roundup-products-liability-litigation-mdl-no-2741/

2