1

2

3

4

**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:        jstubbs@shb.com

5

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

Case No. 3:16-md-02741-VC

11

12

13

14

This document relates to:

*Todd Charles Deckman, an individual v.*
*Monsanto Company,*
Case No. 3:24-cv-03429-VC

15

16

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

17

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company

18

("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations

19

contained in plaintiff's Complaint ("Complaint"), except as set forth below. As defined in the

20

complaint and as used in this answer, Monsanto refers to Monsanto Company, a United States based

21

company incorporated in Delaware, and not to other Monsanto-affiliated companies.

22

1.       Monsanto admits that plaintiff purports to bring an action for damages allegedly

23

related to exposure to Roundup®-branded products. Monsanto denies the remaining allegations in

24

paragraph 1.

25

2.       The allegations in paragraph 2 are vague and conclusory and comprise attorney

26

characterizations, and are accordingly denied.

27

3.       Monsanto denies the allegations in paragraph 3.

28

- 1 -

4.      Monsanto admits the allegations in paragraph 4.

5.      Monsanto admits the allegations in paragraph 5.

6.      Monsanto denies the allegations in paragraph 6.

7.      Monsanto denies that it is subject to general personal jurisdiction in California. Monsanto admits venue is appropriate in this district based upon the allegations in plaintiff's complaint. Monsanto denies the remaining allegations in paragraph 7.

8.      Monsanto denies that exposure to Roundup®-branded products did or could have caused plaintiff's alleged non-Hodgkin's lymphoma. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 8 and they are accordingly denied.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.     Monsanto admits the allegations in paragraph 10.

11.     Regarding the allegations in paragraph 11, Monsanto admits that it has sold Roundup®-branded products in San Diego County, California.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 12 and they are accordingly denied.

13.     The allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto admits that it is authorized to do business in California. The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-03429-VC

is required.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed Roundup®-branded products. The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and they are accordingly denied.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits that glyphosate is a herbicide that is used to kill invasive plants and weeds. Monsanto states that the remaining allegations in paragraph 23 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and they are accordingly denied.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.     Monsanto admits the allegations in paragraph 25.

26.     In response to the last sentence of paragraph 26, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 26 and therefore denies those allegations.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at

anything other than *de minimis* amounts well within regulatory safety levels, as determined by the EPA.

28.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 and they are accordingly denied.

29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 29, and therefore denies the same. Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

31.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 31.

32.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 32.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     Regarding the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 34 set forth conclusions of law, for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     Monsanto denies that it has ever or currently manufactures Roundup®-branded products in the State of California but admits that Roundup®-branded products are registered by the

EPA for manufacture, sale and distribution and are registered by the state of California for sale and distribution.

37.     Regarding the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 37 is vague and ambiguous, and it therefore denies the same. The remaining allegations in paragraph 37 set forth conclusions of law, to which no answer is required.

38.     Monsanto denies the allegations in paragraph 38 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting re-registration of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding such pesticide products generally. The remaining allegations in paragraph 38 set forth conclusions of law, for which no response is required.

39.     Regarding the allegations in paragraph 39, Monsanto admits that EPA has undertaken a review of glyphosate for purposes of re-registration and further admits that EPA has not released its findings. Monsanto states, however, that in October 2015, EPA's standing Cancer Assessment Review Committee ("CARC") issued an 87-page final report evaluating the carcinogenic potential of glyphosate, in which it endorsed EPA's existing classification of glyphosate as not likely to be carcinogenic to humans.[1] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and they are accordingly denied. The remaining allegations in paragraph 39 are otherwise denied.

40.     In response to the allegations in paragraph 40, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical

---

[1] EPA posted the CARC's final report on its website in late April 2016 but took the report off its website in early May 2016 because EPA has not completed its cancer review of glyphosate.

testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") studies.  To the extent that the allegations in paragraph 40 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

41.     In response to the allegations in paragraph 41, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

42.     Monsanto denies the allegations in paragraph 42 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 42 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

43.     In response to the allegations in paragraph 43, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

44.     In response to the allegations in paragraph 44, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to

conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 44 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

45.     Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 46 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

47.     In response to the allegations in paragraph 47, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 47 and accordingly denies those allegations.  The remaining allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

48.     In response to the allegations in paragraph 48, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 48 and accordingly denies the same.  The remaining allegations in paragraph 48 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

49.     Regarding the allegations in paragraph 49, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's

allegations related in any way to a purported or alleged risk of cancer.

50.     Regarding the allegations in paragraph 50, Monsanto admits it entered into an assurance of discontinuance with the NYAG. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 50 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

51.     Monsanto denies the allegations in paragraph 51.

52.     Regarding the allegations in paragraph 52, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 52 to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.

53.     Monsanto denies the allegations in paragraph 53.

54.     Regarding the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph goes beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and they are accordingly denied.

55.     Monsanto admits the allegations in paragraph 55.

56.     Regarding the allegations in paragraph 56, Monsanto states that the cited the document speaks for itself and does not require an answer. To the extent the paragraph goes beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and they are accordingly denied.

57.     Monsanto states that the term "toxic" as used in paragraph 57 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 57.

58.     Monsanto admits the allegations in paragraph 58.

59.     Regarding the allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require an answer. To the extent an answer is required, Monsanto denies the allegations in paragraph 59.

60.     Regarding the allegations in paragraph 60, Monsanto admits Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61.     Regarding the allegations in paragraph 61, Monsanto states that these documents speak for themselves and do not require an answer. To the extent an answer is required, Monsanto denies the allegations in paragraph 61.

62.     Regarding the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Regarding the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65.     Regarding the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the product's labeling. Monsanto denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 72, which are not limited as of any specified date, and accordingly denies the same.

73.     In response to the allegations in paragraph 73, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 74 and therefore denies those allegations.

75.     In response to the allegations in paragraph 75, Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 and therefore denies those allegations.

76.     Monsanto denies the allegations in paragraph 76 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

77.     In response to the allegations in paragraph 77, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances.  Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest

available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

79.     The allegations in paragraph 79 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

80.     In response to the allegations in paragraph 80, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 80 are denied.

81.     In response to the allegations in paragraph 81, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

82.     Monsanto denies the allegations in paragraph 82.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which,

per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

83. In response to the allegations in paragraph 83, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

84. In response to the allegations in paragraph 84, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 84.

85. In response to the allegations in paragraph 85, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine. Monsanto denies the remaining allegations in paragraph 85.

86. In response to the allegations in paragraph 86, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. Monsanto denies the remaining allegations in paragraph 86.

87. In response to the allegations in paragraph 87, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion. Monsanto denies the remaining allegations in paragraph 87.

88. In response to the allegations in paragraph 88, Monsanto admits that the working

group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     The allegations in paragraph 90 comprise attorney characterizations and are accordingly denied.

91.     Monsanto admits the allegations in paragraph 91.

92.     Regarding the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 92.

93.     Regarding the allegations in paragraph 93, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 93.

94.     The allegations in paragraph 94 are vague and ambiguous and are accordingly denied.

95.     Regarding the allegations in paragraph 95, Monsanto states that the cited document speaks for itself and does not require an answer.

96.     Regarding the allegations in paragraph 96, Monsanto states that the cited document speaks for itself and does not require an answer. To the extent the paragraph characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Regarding the allegations in paragraph 98, Monsanto states that the cited document speaks for itself and does not require an answer. Monsanto otherwise denies the allegations in paragraph 98.

99.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto admits the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto admits the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 116.

117.    Regarding the allegations in paragraph 117, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

118.    Regarding the allegations in paragraph 118, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that it is non-carcinogenic and non-genotoxic.

119.    Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto admits that plaintiff purports to bring an action for compensatory damages. Monsanto denies the remaining allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    In response to the allegations in paragraph 131, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.   Monsanto denies the remaining allegations in paragraph 131.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-03429-VC

132.    In response to the allegations in paragraph 132, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 132.

133.    In response to the allegations in paragraph 133, Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 133.

134.    In response to the allegations in paragraph 134, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 134.

135.    In response to the allegations in paragraph 135, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 135.

136.    In response to the allegations in paragraph 136, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 136.

137.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 137, and they are accordingly denied.

138.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 138, and they are accordingly denied.

139.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 139, and they are accordingly denied.

140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 140, and they are accordingly denied.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto incorporates by reference its responses to paragraphs 1 through 143 in response to paragraph 144 of plaintiff's Complaint.

145.    Monsanto denies the allegations in the first sentence of paragraph 145.  In response to the allegations in the second sentence of paragraph 145, Monsanto denies that it has concealed the alleged "true risks associated with Roundup and glyphosate." In response to the remaining allegations in paragraph 145, Monsanto states that the cited document speaks for itself and does not require a response.

146.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 146. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

147.    Monsanto denies that it concealed "the true character, quality and nature of Roundup." The remaining allegations of paragraph 147 set forth conclusions of law for which no response is required. To the extent a response is required, Monsanto denies all of plaintiff's allegations in paragraph 147. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

148.    Monsanto denies that it engaged in the "wrongdoing" alleged in the complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 148 either set forth conclusions of law, to which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and they are accordingly denied.

149.    Monsanto incorporates by reference its responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiff's Complaint.

150.    The allegations in paragraph 150 sets forth conclusions of law for which no response is required.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152, including each of its subparts.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155, including each of its subparts.

156.    Monsanto denies the allegations in paragraph 156.

157.    In response to the allegations in paragraph 157 Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    In response to the allegations in paragraph 161, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

162.    Monsanto incorporates by reference its responses to paragraphs 1 through 161 in response to paragraph 162 of plaintiff's Complaint.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 164 and they are accordingly denied.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168, including each of its subparts.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 170 and they are accordingly denied.

171.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 171 and they are accordingly denied.

172.    Monsanto denies the allegations in paragraph 172.

173.    The allegations in paragraph 173 sets forth conclusions of law for which no response is required.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    In response to the allegations in paragraph 184, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

185.    Monsanto incorporates by reference its responses to paragraphs 1 through 184 in response to paragraph 185 of plaintiff's Complaint.

186.    Monsanto admits the allegations in paragraph 186.

187.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 187 and they are accordingly denied.

188.    Monsanto denies the allegations in paragraph 188. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

191.    Monsanto denies the allegations in paragraph 191. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with California law.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 193, and therefore denies the same.

Monsanto denies the remaining allegations in paragraph 193.

194.     The allegations in paragraph 194 sets forth conclusions of law for which no response is required.

195.     Monsanto denies the allegations in paragraph 195.

196.     Monsanto denies the allegations in paragraph 196.

197.     Monsanto denies the allegations in paragraph 197.

198.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 198.

199.     The allegations in paragraph 199 sets forth conclusions of law for which no response is required.

200.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 200 and they are accordingly denied.

201.     Monsanto denies the allegations in paragraph 201.

202.     Monsanto denies the allegations in paragraph 202.

203.     Monsanto denies the allegations in paragraph 203.

204.     Monsanto denies the allegations in paragraph 204.

205.     Monsanto denies the allegations in paragraph 205.

206.     In response to the allegations in paragraph 206, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

207.     Monsanto incorporates by reference its responses to paragraphs 1 through 206 in response to paragraph 207 of plaintiff's Complaint.

208.     Monsanto denies the allegations in paragraph 208. Additionally, the last sentence in paragraph 208 sets forth a conclusion of law for which no response is required.

209.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 209 concerning the plaintiff's claimed use of Roundup®-branded

products, and therefore denies the allegations in paragraph 209. The remaining allegations in paragraph 209 set forth conclusions of law for which no response is required.

210.    The allegations in paragraph 210 set forth conclusions of law for which no response is required.

211.    Monsanto denies the allegations in paragraph 211. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

212.    Monsanto denies the allegations in paragraph 212.

213.    In response to the allegations in paragraph 213 Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 213 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 213.

214.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 214 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product, and therefore denies the allegations in paragraph 214.

215.    Monsanto denies the allegations in paragraph 215.

216.    Monsanto denies the allegations in paragraph 216.

217.    Monsanto denies the allegations in paragraph 217.

218.    In response to the allegations in paragraph 218, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

219.    Monsanto incorporates by reference its responses to paragraphs 1 through 218 in response to paragraph 219 of plaintiff's Complaint.

220.    Monsanto denies the allegations in paragraph 220.

221.     Monsanto denies the allegations in paragraph 221.

222.     Monsanto denies the allegations in paragraph 222.

223.     Monsanto denies the allegations in paragraph 223.

224.     Monsanto denies the allegations in paragraph 224.

225.     Monsanto denies the allegations in paragraph 225.

226.     Monsanto denies the allegations in paragraph 226.

227.     In response to the allegations in paragraph 227, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

228.     Monsanto incorporates by reference its responses to paragraphs 1 through 227 in response to paragraph 228 of plaintiff's Complaint.

229.     In response to the allegations in paragraph 229, Monsanto admits that plaintiff purports to assert the specified claim but denies any liability to plaintiff.

230.     Monsanto denies the allegations in paragraph 230.

231.     Monsanto denies the allegations in paragraph 231.

232.     Monsanto denies the allegations in paragraph 232.

233.     Monsanto denies the allegations in paragraph 233.

234.     Monsanto denies the allegations in paragraph 234. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

235.     Monsanto denies the allegations in paragraph 235.

236.     Monsanto denies the allegations in paragraph 236.

237.     Monsanto denies the allegations in paragraph 237.

238.     Monsanto denies the allegations in paragraph 238.

239.     In response to the allegations in paragraph 239, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with

prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

With respect to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

240.    In response to the allegations in paragraph 240, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

241.    In response to the allegations in paragraph 241, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

242.    In response to the allegations in paragraph 242, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

243.    In response to the allegations in paragraph 243, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

244.    In response to the allegations in paragraph 244, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

245.    In response to the allegations in paragraph 245, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

246.    In response to the allegations in paragraph 246, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

247.     In response to the allegations in paragraph 247, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

248.     In response to the allegations in paragraph 248, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

249.     In response to the allegations in paragraph 249, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:24-cv-03429-VC

misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See*, *e.g.*, *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff's, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.      If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages sulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such

acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including California.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

25.     If plaintiff had been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of

states that do not govern plaintiff's claims.

27.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  June 20, 2024                          Respectfully submitted,

                                               SHOOK, HARDY & BACON L.L.P.

                                               BY: */s/ Jennise W. Stubbs*
                                                   Jennise W. Stubbs
                                                   600 Travis Street, Suite 3400
                                                   Houston, TX 77002-2926
                                                   Telephone:  (713) 227-8008
                                                   Facsimile:   (713) 227-9508
                                                   Email:       jstubbs@shb.com

                                               *Attorneys for Defendant*
                                               *MONSANTO COMPANY*


## CERTIFICATE OF SERVICE

I certify that on the 20th day of June, 2024, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.


                                               */s/Jennise W. Stubbs*
                                               Jennise W. Stubbs