TOBIN ELLIS (Bar No. 203110)
tobin@ertriallawyers.com
SANTO RICCOBONO (Bar No. 251242)
santo@ertriallawyers.com
COURTNEY VASQUEZ (Bar No. 267081)
courtney@ertriallawyers.com
**ELLIS RICCOBONO, LLP**
317 Rosecrans Ave., Suite 100
Manhattan Beach, CA 90266
Tel: (424) 901-1202
Fax: (310) 861-8540

*Attorneys for Plaintiffs*
*David E. Roberts and Joyce Roberts*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*David E. Roberts, an individual, and Joyce Roberts, and individual, v. Monsanto Company, Case No. 3:24-cv-02055* | **NOTICE OF MOTION AND MOTION TO TRANSFER VENUE IN THE INTEREST OF JUSTICE (28 USC § 1404(a)), OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE (28 USC § 1406(a))**<br><br>Date:   August 15, 2024<br>Time:  10:00 a.m. (in-person)<br>Judge: Hon. Vince Chhabria<br>Dept.:  Ctrm 4 – 17th Floor |

# NOTICE OF MOTION

TO THE COURT, THE PARTIES AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 15, 2024, at 10:00 a.m. or as soon thereafter as the matter may be heard in courtroom 4 of the Northern District of California, Honorable Vince Chhabria, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs David E. Roberts and Joyce Roberts, will and hereby do move this Court pursuant to 28 USC § 1404(a) to transfer this action to the Southern District of California in the interests of justice and judicial economy, or in the alternative, to transfer to said district pursuant to 28 USC § 1406(a).

This motion is made in response to Defendant's Monthly Case Report Re Non-Compliant Lawsuit Directly Filed in This District (ECF No. 17) and Defendant's allegations in its Answer (ECF No. 12) that the case was improperly filed in this district. There is no dispute that jurisdiction over Defendant is appropriate in this case and Plaintiffs further maintain that venue is independently proper in this district pursuant to 28 USC § 1391(b)(1), (c)(2), (d). They also consent to their case being tried in this district. Nevertheless, setting aside Plaintiff's choice of venue—a fundamental right plaintiffs exercise in deciding where to bring a lawsuit—for purposes of this motion and to avoid unnecessary and prolonged dispute on a procedural venue issue given Defendant's objection, Plaintiffs concede that the case be transferred to the Southern District of California and seek such a transfer from this Court.

///

///

///

///

///

///

///

-1-

1 | This motion is based on this Notice of Motion, the Memorandum of Points and Authorities and the Declaration of Courtney Vasquez filed and served herewith, and upon the papers, records and pleadings on file herein.

Respectfully submitted,

Date: June 20, 2024    **ELLIS RICCOBONO, LLP**

*/s/ Courtney Vasquez*
COURTNEY VASQUEZ
*Attorneys for Plaintiffs*
*David E. Roberts and Joyce Roberts*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs David E. Roberts and Joyce Roberts ("Plaintiffs") hereby move to transfer the case to the Southern District of California, which district the case could have been brought, to avoid unnecessary and prolonged dispute on a procedural venue issue given Defendant Monsanto Company's ("Defendant") objection. Plaintiffs are eager to proceed to the merits of their important case and respectfully request that their motion to transfer the action to the Southern District of California be granted.

Plaintiff David E. Roberts was a landscaper and was exposed to Roundup® on a weekly basis spraying properties in and around San Diego County, California from approximately 2003 through 2019. In September 2019, Mr. Roberts was diagnosed with non-Hodgkin Lymphoma. His life has tragically been consumed with difficult and painful cancer treatments since.

On April 4, 2024, Plaintiffs (husband and wife) who are San Diego County residents filed the present action in the Northern District of California seeking damages for the injuries they suffered because of Mr. Roberts' use and exposure to Roundup®. (ECF No. 1.) Plaintiffs maintain that venue is independently proper and consent to having their case tried in this district. However, Defendant objects to venue. (ECF No. 12, 17.)

To avoid unnecessary and prolonged dispute on a procedural venue issue given Defendant's objection, Plaintiffs concede that the case be transferred to the Southern District of California for purposes of the relief sought by this motion. Thus, Plaintiffs hereby seek to transfer this action to the Southern District of California, where the case could have been brought. Plaintiffs' motion to transfer the action should be granted in the interests of justice.

**II.   PROCEDURAL BACKGROUND**

On April 4, 2024, Plaintiffs (husband and wife) who are San Diego County residents filed

-3-

the present action in the Northern District of California seeking damages for injuries caused by Mr. Roberts' exposure to and use of Roundup. (ECF No. 1.) Plaintiffs maintain that venue is independently proper pursuant to 28 USC § 1391 given that there is no question that the Court has personal jurisdiction over Defendant in this case and Plaintiffs allege that Defendant's contacts in this district are sufficient to establish residency for purposes of venue. 28 USC § 1391(b)(1), (c)(2), (d); (Declaration of Courtney Vasquez ("Vasquez Decl."), ¶ 2.) Plaintiffs also consent to their case being tried in the Northern District of California, which they believe is in the interests of judicial economy so that their case is decided by the Judge handling the multi-district litigation who is intimately familiar with factual and legal issues. (*Id.*)

However, Defendant objects to venue in this district. Defendant filed its answer and alleged that the case "was improperly filed directly into the Northern District of California despite the absence of proper venue in this court, a violation of PTO 183 (ECF. No. 7196, Oct. 28, 2019)." Defendant did <u>not</u> challenge personal jurisdiction (nor could it). (ECF No. 12). On May 31, 2024, Defendant filed its Monthly Case Report Re Non-Compliant Lawsuit Directly Filed in This District again arguing that Plaintiffs' complaint violates PTO 183. (ECF No. 17.)

Thereafter, counsel for Plaintiffs sought to meet and confer with counsel for Defendant regarding venue. (Vasquez Decl., ¶ 5.) Plaintiffs explained their understanding that PTO No. 183 involved multi-out-of-state plaintiff complaints where there was no basis for personal jurisdiction or venue whatsoever, which is not the case, here. (*Id.*) Plaintiffs further explained their position that jurisdiction and venue were independently appropriate in this district, but in the interest of justice and judicial efficiency and to avoid unnecessary and prolonged dispute, Plaintiffs were willing to agree to seek a transfer of this action. (*Id.*) Counsel for Plaintiffs prepared a Stipulation and Proposed Order to transfer the case to the Southern District of California. (*Id.*)

On June 12, 2024, Defendant responded and admitted that "[p]ersonal jurisdiction is not an

issue here" but continued to object to venue. (Vasquez Decl. ¶ 7.) Defendant deemed the Southern District of California the "proper court" for venue. (*Id*.) Curiously, however, Defendant would not agree to stipulate to a transfer, and instead demanded that Plaintiffs dismiss the present case and re-file. (*Id.*) This motion follows.

### III.   THE COURT SHOULD TRANSFER THE CASE IN THE INTERESTS OF JUSTICE

Pursuant to both 28 U.S.C. §§ 1404(a) and 1406(a), a district court may transfer a civil action to any district where the case could have been filed originally in the interest of justice. Thus, whether venue is proper in this district or not, the predominant inquiry is whether transfer serves the interests of justice. 28 U.S.C. §§ 1404(a). 1406(a). It does, and Plaintiffs' motion to transfer should be granted.

This case could have been brought in the Southern District of California. Plaintiffs are residents of San Diego County. (ECF No. 1, ¶ 8.) Plaintiff David Roberts was a landscaper and was exposed to Roundup® on a weekly basis spraying properties with Roundup in and around California from approximately 2003 through 2019. (*Id.* ¶ 9.) Mr. Roberts was diagnosed with non-Hodgkin Lymphoma in San Diego County and received treatment for his injuries in San Diego County, California. (Vasquez Decl. ¶ 8.) Thus, there is no question that this case could have been brought in the Southern District of California, and Defendant agrees. (ECF Nos. 12 and 17; (Vasquez Decl. ¶ 8).)

However, transfer is the appropriate response, not the dismissal that Defendant demands. "Transfer is preferred to the harsh remedy of dismissal because it avoids any statute of limitations problems and the necessity of filing and serving a new action." *Lum v. Carnival Cruise Lines*, No. C-97-2241-VRW, 1998 WL 118188, at *2 (N.D. Cal., Feb. 27, 1998 (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026–27 (2nd Cir.1993)); *Carter v. Reese*, No. C 12-5537 MMC, 2013

-5-

WL 1149812, at *2 (N.D. Cal., Mar. 19, 2013) (quoting 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3827 (3d ed.2011)) (noting "in most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation"). "In deciding whether to transfer rather than dismiss the case outright, the court considers the basic equities of the case. Such equities include: (1) judicial economy and whether another action would necessarily be filed, (2) any statute of limitations bar and whether, because of such bar, dismissal is overly harsh, and (3) the relative injustice imposed on the parties." *Lum*, 1998 WL 118188, at *2 (citing *King v. Russell*, 963 F.2d 1301, 1304–05 (9th Cir.1992)).

All equities favor transfer under the circumstances of this case. Judicial economy is served by simply transferring the case to the Southern District of California in which all Parties agree venue would be appropriate. Economies are not served by filing and serving a new action. *See Lum*, 1998 WL 118188, at *2.

In addition, the interests of justice strongly favor transfer and not dismissal. Defendant contends that PTO No. 183 requires dismissal. But Plaintiffs do not read PTO No. 183 to create any such rule that a case *must* be dismissed and cannot be transferred to a proper district under the circumstances presented here which are unlike the circumstances presented by the plaintiffs under PTO No. 183 where multiple out-of-state plaintiffs sought to file directly in the district where there was no basis for jurisdiction or venue whatsoever. Further, the requirement of dismissal under PTO No. 183 would abrogate established legislation and case law that permits transfer in the interests of judicial economy and justice.

Defendant's resistance to agree to transfer the action to the very venue it maintains is proper can be for no other reason than to try to create a statute of limitations issue given the previous tolling agreement with former counsel or otherwise harass Plaintiffs. (Vasquez Decl. ¶ 9.) Given

-6-

that dismissal could create an unnecessary and potentially harsh remedy, Plaintiffs hereby seek to transfer this action to the Southern District of California, where the case could have been brought and to which Plaintiffs agree to have their case tried to avoid unnecessary dispute over a procedural venue issue. *Lum*, 1998 WL 118188, at *2; *Carter*, 2013 WL 1149812, at *2.

### IV.     CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to transfer the action to the Southern District of California in the interests of justice pursuant to 28 USC § 1404(a)) or, in the alternative, 28 USC § 1406(a).

Respectfully submitted,

Date: June 20, 2024                **ELLIS RICCOBONO, LLP**

*/s/  Courtney Vasquez*
COURTNEY VASQUEZ
*Attorneys for Plaintiffs*
*David E. Roberts and Joyce Roberts*

# **CERTIFICATE OF SERVICE**

I certify that on the 20th of June 2024, I electronically transmitted the foregoing document to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

                                                     */s/ Courtney Vasquez*
                                                     COURTNEY VASQUEZ