| | |
|---|---|
| 1 | TOBIN ELLIS (Bar No. 203110) |
| | tobin@ertriallawyers.com |
| 2 | SANTO RICCOBONO (Bar No. 251242) |
| | santo@ertriallawyers.com |
| 3 | COURTNEY VASQUEZ (Bar No. 267081) |
| | courtney@ertriallawyers.com |
| 4 | **ELLIS RICCOBONO, LLP** |
| | 317 Rosecrans Ave., Suite 100 |
| 5 | Manhattan Beach, CA 90266 |
| | Tel: (424) 901-1202 |
| 6 | Fax: (310) 861-8540 |

*Attorneys for Plaintiffs*
*David E. Roberts and Joyce Roberts*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*David E. Roberts, an individual, and Joyce Roberts, and individual, v. Monsanto Company, Case No. 3:24-cv-02055* | **DECLARATION OF COURTNEY VASQUEZ IN SUPPORT OF MOTION TO TRANSFER VENUE IN THE INTEREST OF JUSTICE (28 USC § 1404(a)), OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE (28 USC § 1406(a))**<br><br>Date: August 15, 2024<br>Time: 10:00 a.m. (in-person)<br>Judge: Hon. Vince Chhabria<br>Dept.: Ctrm 4 – 17th Floor |

I, Courtney Vasquez, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California and the Northern District of California.  I am an attorney with the law firm of Ellis Riccobono, LLP, counsel of record for Plaintiffs David E. Roberts and Joyce Roberts ("Plaintiffs") in the above-entitled action.  I submit this declaration in support of Plaintiffs' Motion to Transfer Venue.  I have personal knowledge of the facts alleged herein, and if called upon to do so, I could and would testify competently thereto.

2.      On April 4, 2024, our office filed a complaint in this district on behalf of Plaintiffs to seek damages for injuries they suffered due to Mr. Roberts' exposure and use of Roundup.  Plaintiffs alleged that Defendant's contacts within the District deem it a resident of the district to establish proper venue pursuant to 28 USC § 1391(b)(1), (c)(2), (d).  (ECF No. 1, ¶ 6.)  Plaintiffs also consent to their case being tried in the Northern District of California, which they believe is in the interests of judicial economy so that their case is decided by the Judge handling the multi-district litigation who is intimately familiar with factual and legal issues.  Defendants do not dispute (nor could it) that the Court has personal jurisdiction over it and the claims Plaintiffs allege in this case.

3.      In response to Plaintiff's Complaint, Defendant filed its answer and alleged that the case "was improperly filed directly into the Northern District of California despite the absence of proper venue in this court, a violation of PTO 183 (ECF. No. 7196, Oct. 28, 2019)." Defendant's Answer did not challenge personal jurisdiction (ECF No. 12).

4.      On May 31, 2024, Defendant filed its Monthly Case Report Re Non-Compliant Lawsuit Directly Filed in This District (ECF No. 17) again arguing that Plaintiffs' complaint violates PTO 183 for improper venue.

5.      On June 5, 2024, I sent an email to counsel for Defendant seeking to meet and

-1-

NOTICE OF MOTION AND MOTION TO TRANSFER VENUE IN THE INTEREST OF JUSTICE (28 USC § 1404(A)), OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE (28 USC § 1406(A))

confer regarding their objections to venue. I explained that it was our understanding that PTO No. 183 involved multiple out-of-state plaintiffs where there was no basis for personal jurisdiction or venue whatsoever, which is not the case, here. I further explained that Plaintiffs' allegations that Defendant's contacts within the district deem it a resident of the district to establish proper venue (see 28 USC § 1391(b)(1), (c)(2), (d)), was also unlike the matters before the Court discussed under PTO No. 183.

6. Despite Plaintiffs' reasons for filing directly in the Northern District, I explained to defense counsel that in the interest of judicial efficiency and the spirit of the meet and confer process, Plaintiffs are willing to seek a transfer of the matter to the Southern District of California to avoid unnecessary dispute on this issue. I prepared a draft Stipulation and [Proposed] Order to Transfer the action to the Southern District of California and asked Defendant to agree to such transfer to the very district Defendant contends is appropriate.

7. I followed up with Defendant regarding the proposed stipulation on June 12, 2024. Counsel for Defendant responded that they would not agree to transfer and indicated that PTO No. 183 requires dismissal. Nevertheless, Defendant admitted that "[p]ersonal jurisdiction is not an issue here" and deemed the Southern District of California the "proper court" for venue.

8. Plaintiff David Roberts was diagnosed with non-Hodgkin Lymphoma in San Diego County and received treatment for his injuries in San Diego County, California. The case could have been brought in the Southern District of California.

9. Prior to our office being retained as counsel for Plaintiffs, Plaintiffs were represented by another law firm that had entered a tolling agreement. As a result of the tolling agreement, the present matter had not been filed. The terms of the tolling agreement provide that the running of any limitations period would be suspended from the time of entering the tolling agreement until its termination. Because Plaintiffs only recently terminated the tolling agreement and

-2-

filed this action shortly thereafter, Plaintiffs do not believe that any limitations period will bar Plaintiffs' claims.  Nevertheless, Defendants insistence on dismissal makes no sense to Plaintiffs and their counsel and the reason can be attributed only to create some statute of limitations issue given the previous tolling agreement with former counsel or otherwise harass Plaintiffs.  Thus, to avoid any potentially harsh result that could arise from dismissal of the action, Plaintiffs and their counsel respectfully request that the Court transfer the matter to the Southern District of California rather than dismiss the action.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on June 20, 2024, at Ventura, California.

/*s/ Courtney Vasquez*/
COURTNEY VASQUEZ
courtney@ertriallawyers.com

**CERTIFICATE OF SERVICE**

I certify that on the 20th of June 2024, I electronically transmitted the foregoing document to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

/s/ Courtney Vasquez
COURTNEY VASQUEZ

-4-

NOTICE OF MOTION AND MOTION TO TRANSFER VENUE IN THE INTEREST OF JUSTICE (28 USC § 1404(A)), OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE (28 USC § 1406(A))