Corrie J. Yackulic
CORRIE YACKULIC LAW FIRM PLLC
110 Prefontaine Place South, Suite 304
Seattle, Washington 98104
Tel. 206.787.1915
Fax. 206.299.9725
Corrie@cjylaw.com

Christopher L. Johnson
WATERS KRAUS PAUL & SIEGEL
3141 Hood Street, Suite 700
Dallas, Texas 75219
Tel. 214-357-6244
Fax. 214-357-7252
cjohnson@waterskraus.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: Roundup Products Liability Litigation | MDL No. 2741 |
| **This Document Relates to:** | Case No.: 3:16-md-02741-VC |
| *Kenneth Noel Eilmes, Jr. and Kelleen Patricie Eilmes v. Monsanto Co.*<br>Member Case No. 3:19-cv-05345-VC | **PLAINTIFFS' MOTION TO LIMIT FOUR RELATED SPECIFIC CAUSATION EXPERT DEPOSITIONS TO SIX (6) HOURS TOTAL** |
| *Caryl Ann Haase (deceased) and Clyde Edward Haase v. Monsanto Co.*<br>Member Case No. 3:19-cv-05957-VC | |
| *Neal Allen Hayden and Robin D. Hayden v. Monsanto Co.*<br>Member Case No.: 3:19-cv-05600-VC | |
| *Carol Ann Huntley v. Monsanto Co.*<br>Member Case No. 3:19-cv-06407-VC | |

I. INTRODUCTION

Monsanto has already deposed Dr. Kevin Knopf **at least 10 times** in the Roundup litigation, including in **seven RoundUp cases just this year,** most recently on **June 19, 2024**.

**PLAINTIFFS' MOTION TO LIMIT FOUR RELATED SPECIFIC CAUSATION EXPERT DEPOSITIONS TO SIX (6) HOURS TOTAL**

His methodology and general opinions in the four above-referenced cases are the same as he has testified to in those earlier—and very recent—depositions. Despite this, Monsanto insists that Dr. Knopf set aside fourteen (14) hours total (3.5 hours per case) for depositions on his opinions as relates to the four plaintiffs above-named. Accordingly, these Plaintiffs ask the Court to limit Monsanto's depositions of Dr. Kevin Knopf in these four related Wave 7G cases to a total of six (6) hours. Monsanto could divide those six hours however it deems appropriate.

Monsanto's seasoned and skilled attorneys can capably and fully explore Dr. Knopf's plaintiff-specific opinions in the four cases in six hours. Monsanto's insistence on 14 hours for the depositions invites dilatory questioning and a wide-ranging fishing expedition. More importantly, it imposes an unnecessary burden on an oncologist who maintains a busy, active practice in which he regularly sees and treats cancer patients. Monsanto's insistence on excessive deposition time will require Dr. Knopf to give up time with his patients who need him to treat them for cancer.

Plaintiffs' Counsel of course agree to be bound by the same terms for any of Monsanto's specific causation experts (as yet undisclosed) so long as Plaintiffs' Counsel has previously deposed such experts, and their general opinions remain unchanged like Dr. Knopf's. As this Court is well aware, this litigation has been protracted and costly for the courts, the parties, and the witnesses. Plaintiffs respectfully urge this Court to exercise its authority to rein in tactics--by anyone--that inherently cause further delay, unnecessary expense, and burden on all involved.

**II.    BACKGROUND**

The undersigned attorneys represent nineteen (19) Washington residents or their surviving family members in this MDL. This includes Wave 7G Plaintiffs Clyde Haase, Kenny

**PLAINTIFFS' MOTION TO LIMIT FOUR RELATED SPECIFIC CAUSATION EXPERT DEPOSITIONS TO SIX (6) HOURS TOTAL**

and Kelleen Eilmes, Neal and Robin Hayden, and Carol Huntley.[1] Declaration of Corrie J. Yackulic, ¶2 (filed herewith).  In January and February 2024, Monsanto deposed all but two of those 19 Plaintiffs in depositions that frequently lasted *six hours or more*.[2]  *Id.*, ¶3.  All such Plaintiffs have cooperated with Monsanto's discovery efforts and have produced their medical records and, where requested, their employment and other records.  All such Plaintiffs completed and provided Plaintiff Fact Sheets.  All such Plaintiffs participated in the mandatory Feinberg mediation process. *Id.*, ¶4.  Monsanto is well-familiar with their backgrounds, health histories, Roundup use and exposure, and numerous other aspects of their personal lives.  Monsanto does not need Dr. Knopf's testimony to establish any of that.

Moreover, Monsanto has already deposed Dr. Knopf at least 10 times, over dozens of hours, in Roundup-cancer cases just this year and last. Monsanto most recently deposed Dr. Knopf this week, on June 19, 2024. *See* Declaration of Kevin Knopf, MD, MPH, ¶3 ("Knopf Dec.," filed herewith).  And Monsanto has already sought to exclude Dr. Knopf's testimony, which this Court declined to do.  *See, e.g., Salas v. Monsanto,* No. 16-md-02741, Case No. 21-6173, 2023 WL 5357720 (Aug. 21, 2023)

---

[1] Ms. Yackulic, whose office is in Seattle, Washington, represents only these 19 Washington plaintiffs in the MDL. Her other clients' cases are in Wave 8.

[2] The plaintiff depositions frequently lasted six or seven hours, with long lines of questioning with marginal if any purpose.  For example, Kenny Eilmes, a 51-year old high school teacher and coach, was questioned about his "typical breakfast, lunch, and dinner" (A:  cereal with blueberries, sandwich, varied dinners), how often he and his wife prepare dinner vs. buy take-out or eat out (A:  60/20/20), how often he eats red meat (A:  once, maybe two times a week), whether he or his wife prepares the dinners he likes (A:  both); whether he ever purchased Roundup on sale (A:  doesn't remember) or planned his purchases for when it was on sale, and how much of a "discount" he got (A:  doesn't remember); the specific number of times he got Roundup "spray or spill" on his neck, arms, hands (A:  doesn't remember but "a lot"), the quantity of product that got on his skin (A:  no way to estimate), what cloth he used to wipe it off with (A:  whatever was handy), what it felt like on his skin (A:  damp), whether he was "sweating" when Roundup spilled on his hands, arms, neck, or legs (A:  possibly).  And so on.  *Id.,* ¶3.

**PLAINTIFFS' MOTION TO LIMIT FOUR RELATED SPECIFIC CAUSATION EXPERT DEPOSITIONS TO SIX (6) HOURS TOTAL**

On Friday, June 14, 2024, the four Wave 7G Plaintiffs represented by the undersigned attorneys served Monsanto expert disclosures, including Dr. Knopf's four reports. These comprehensive reports spell out Dr. Knopf's opinions in detail. Notably, Dr. Knopf's methodology and general opinions remain consistent between all such reports. And his methodology and general opinions regarding the causal link between Roundup and non-Hodgkins lymphoma are essentially the same as those Monsanto has already spent dozens of hours questioning him on. Knopf Dec., ¶4.

After receiving Dr. Knopf's reports in these four cases, Monsanto asked that Dr. Knopf make himself available for 14 more hours of deposition in these four cases, by August 7. Monsanto did so even though it has deposed Dr. Knopf on opinions—based on the same fundamental science and methodology—seven times **this year.** Plaintiffs' counsel proposed, instead, a total of six hours, to be divided among the four plaintiffs as Monsanto wishes. Monsanto refused to budge from its insistence that he block out 3.5 hours/plaintiff, even though several of Monsanto's most recent depositions of Dr. Knopf have lasted under two hours. *Id.*, ¶5. Requiring Dr. Knopf to set aside 3.5 hours per deposition burdens his clinic, his colleagues, and, most of all, his patients, who rely on him for cancer treatment. *Id.*

Monsanto's experienced lawyers are certainly capable of completing the depositions in a total of six hours or less. Monsanto's attorneys have already accomplished this simple feat in other RoundUp cases. Indeed, Monsanto previously agreed to a 90-minute limit per plaintiff for previously-deposed specific causation experts in an Illinois state court case with five plaintiffs. Plaintiffs expect that Monsanto will say it agreed to that limit, because it was an enlargement of the time allowed under Illinois state court rules. Yackulic Dec., ¶6. Whatever. If Monsanto and Plaintiffs could complete the specific causation depositions in 1.5 hours/plaintiff in Illinois, they

**PLAINTIFFS' MOTION TO LIMIT FOUR RELATED SPECIFIC CAUSATION EXPERT DEPOSITIONS TO SIX (6) HOURS TOTAL**

can do it here where the specific causation experts have already been subjected to hours and hours of depositions in similar cases.

### III.  ARGUMENT

The purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Trial courts are vested with broad discretion to deny or permit discovery, limiting it to matters that are "relevant." Fed. R. Civ. P. 26(b). The responsibility of adhering to Rule 26(b) and "discouraging the over-use, misuse, and abuse of procedural tools that increase cost and result in delay" is collectively shared by the Court and the parties. Fed. R. Civ. P. 1 (2015 Amendment Advisory Committee Note).

Accordingly, "lawyers must size and shape their discovery requests to the requisites of a case." *Roberts v. Clark County School District*, 312 F.R.D. 594, 603 (D. Nevada 2016). When parties fail to adhere to these discovery rules, Courts should encourage, and where necessary, mandate that the parties move the cases along without unnecessary burden or expense by "eliminat[ing] unnecessary or wasteful discovery." *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2017 WL 11532929, *1, at *4 (C.D. Cal. Jan. 5, 2017). Furthermore, the court has a duty to "limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" *Id.*

As the Court knows, when the parties are given time limits at trial, they meet the deadlines, they waste less time, and they focus on the evidence that matters. So, too, for depositions. Here, Dr. Knopf is a practicing oncologist with an active practice at Highland Hospital, which is a safety-net hospital in Oakland, California. Monsanto is well familiar with

**PLAINTIFFS' MOTION TO LIMIT FOUR RELATED SPECIFIC CAUSATION EXPERT DEPOSITIONS TO SIX (6) HOURS TOTAL**

Dr. Knopf's background, qualifications, methodology and general causation opinions, having deposed him ten times, including seven times this year. *See* Knopf Dec., ¶3-4.

Monsanto is insisting that Dr. Knopf set aside 3.5 hours for each deposition--even though several of the most recent depositions have lasted under two hours. *See id.*, ¶5. As a practicing oncologist who is not a professional witness, absences from his practice cause scheduling burdens for his clinic and colleagues, but worse, those absences make him less available for his patients, who rely on him to treat them for various cancers. *Id.* Having to set aside days and weeks for repetitive and dilatory questioning may dissuade practicing physicians like Dr. Knopf from testifying in this and other litigation like this. As expressed in *HVI Cat Canyon, Inc.*, the Court has a duty to limit discovery that is duplicative or can be obtained from other less burdensome sources. *HVI Cat Canyon, Inc.*, 2017 WL 11532929, at *4. Allowing Monsanto to continue requiring Dr. Knopf to block out 3.5 hours per deposition puts undue burden on Dr. Knopf, his patients, and his practice. Thus, Plaintiffs request that the Court limit Monsanto's deposition of Dr. Knopf to 1.5 hour/plaintiff.

### IV.   CONCLUSION

There is no question that this Court has the power to set reasonable limitations on discovery, including deposition time limits. Here, Monsanto has had ample opportunity to thoroughly explore Dr. Knopf's general opinions and aspects of his methodology through no less than ten separate depositions in the instant litigation, including two just days ago. Monsanto would face no prejudice as a result of this Court limiting it to six hours total to depose Dr. Knopf for his opinions related to four plaintiffs. Accordingly, Plaintiffs' request that the Court grant Plaintiffs' Motion.

**PLAINTIFFS' MOTION TO LIMIT FOUR RELATED SPECIFIC CAUSATION EXPERT DEPOSITIONS TO SIX (6) HOURS TOTAL**

DATED:  June 21, 2024                    Respectfully submitted,

**CORRIE YACKULIC LAW FIRM, PLLC**

 /s/ *Corrie J. Yackulic*
Corrie J. Yackulic
(corrie@cjylaw.com)
110 Prefontaine Pl. S. Ste. 304
Seattle, WA  98104
Tel:  (206) 787-1915
Fax:  (206) 299-9725
*Counsel for the Plaintiffs*


**WATERS KRAUS PAUL & SIEGEL**

/s/ *Chris Johnson*
Chris Johnson
(cjohnson@waterskraus.com)
3141 Hood Street Ste. 700
Dallas, TX  75219
Tel:     (214) 357-6244
*Counsel for the Plaintiffs*

### CERTIFICATE OF SERVICE

I, Christopher L. Johnson, hereby certify that on June 21, 2024, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.


/s/ Christopher L. Johnson
Christopher L. Johnson
WATERS KRAUS PAUL & SIEGEL

*Counsel for Plaintiffs*

**PLAINTIFFS' MOTION TO LIMIT FOUR RELATED SPECIFIC CAUSATION EXPERT DEPOSITIONS TO SIX (6) HOURS TOTAL**