Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Itak K. Moradi (SBN 310537)
David Lerch (SBN 229411)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:  jsaveri@saverilawfirm.com
        cyoung@saverilawfirm.com
        imoradi@saverilawfirm.com
        dlerch@saverilawfirm.com

Robert L. Lieff (SBN 37568)
P.O. Box A
Rutherford, CA 94573
Telephone: (415) 250-4800
Email:  rlieff@lieff.com

David Strouss (*pro hac vice forthcoming*)
Evan Hoffman (*pro hac vice forthcoming*)
**THORNTON LAW FIRM LLP**
84 State Street, Fourth Floor
Boston, MA 02109
Telephone: (617) 720-1333
Email:  dstrouss@tenlaw.com
        ehoffman@tenlaw.com

David Bricker (SBN 158896)
**THORNTON LAW FIRM LLP**
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
Email:  dbricker@tenlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONAS PEREZ-HERNANDEZ and ISABEL PAZ-HERNANDEZ,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**BAYER AKTIENGESELLSCHAFT**, a German joint-stock company; **BAYER CORPORATION**, an Indiana corporation; and **MONSANTO COMPANY**, a Delaware corporation,<br><br>*Defendants*. | Civil No.: 3:24-cv-01736-VC<br>MDL: 3:16-md-02741-VC<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CLASS ACTION COMPLAINT** |

Plaintiffs Jonas Perez-Hernandez and Isabel Paz-Hernandez on behalf of themselves and all others similarly situated, submit this motion for leave to amend the class action complaint filed on September 26, 2023 (ECF No. 1) and to file the proposed Amended Complaint (**Exhibit A**), pursuant to the Joint Stipulation regarding the filing of this motion (ECF No. 56).

## I.   INTRODUCTION

District courts in the Ninth Circuit freely and routinely grant plaintiffs leave to amend, especially when the pleadings have not been amended before. No court has ever formally dismissed any of Plaintiffs' claims. Plaintiffs have never had the opportunity to amend their pleadings. And, as explained herein, amendment would plainly not be futile. Further, discovery has yet to commence, and Defendants would not be prejudiced by the filing of an amended complaint. Nor has there been undue delay in seeking leave to amend; indeed, Defendants stipulated to the date of filing. Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend under the liberal standard set forth in Federal Rule of Civil Procedure 15(a).

Plaintiffs' initial complaint alleged eleven causes of action on behalf of a proposed nationwide class of agricultural workers and landscapers who are at heightened risk of contracting Non-Hodgkin's Lymphoma ("NHL") due to their prolonged occupational exposure to glyphosate-based herbicide Roundup, and who seek relief in the form of a medical surveillance program paid for by Defendants Monsanto and Bayer. At the hearing on Defendants' motions to dismiss the action and strike the class allegations, this Court questioned aspects of Plaintiffs' allegations, including as to the nature of the proposed class, standing, the mechanics of the proposed relief, and venue. The Court, however, instead transferred the action to the Central District of California on venue grounds. Now that the case has been returned to the MDL, Plaintiffs seek leave to address the Court's comments by clarifying their allegations.

Each factor the Court is to consider in deciding whether to grant leave—futility, bad faith, delay, prejudice, and any prior amendments—favor leave to amend. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). **First**, amendment is not futile. The proposed complaint addresses the concerns the Court raised at the prior hearing. Plaintiffs have refined the definitions of Plaintiffs' injury, the class eligibility criteria, and the relief sought (which is a medical monitoring program intended to detect early development of NHL, a remedy which is recognized under California law). **Second**, the amendments are made in good faith and not for any improper purpose; nor is there any evidence of bad faith. **Third**, there is no delay nor prejudice, as this action is still in the pleadings stage, discovery has not commenced, and Defendants stipulated to the filing date for the instant motion. **Fourth**, the operative complaint is Plaintiffs' first; Plaintiffs have not yet had any opportunity to amend their complaint.

## II.    LEGAL STANDARD

Rule 15(a) provides that courts should freely give leave to amend pleadings when justice so requires; this policy should be applied with "extreme liberality." Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal citation omitted); *Bitton v. Truderma, LLC*, 774 F. App'x 404, 405 (9th Cir. 2019). As the Supreme Court has made clear:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." [O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Ninth Circuit has set forth five factors to be considered when assessing the propriety of a motion for leave to amend: futility of amendment, bad faith, undue delay, prejudice to the other party,

and whether plaintiff has previously amended the pleadings. *Desertrain*, 754 F.3d at 1155. "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The non-moving party bears the burden of establishing why leave to amend should not be granted. *See Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 186) (applying Ninth Circuit law).

### III.   ARGUMENT

#### A.   The Proposed Amendments Are Not Futile

The proposed amendments to the complaint are not futile. Plaintiffs seek to refine their allegations to more clearly allege standing, their injury, and the redressability thereof in line with California law on medical monitoring actions, including that: Plaintiffs have a reasonable fear of developing cancer based on their prolonged exposure to toxic chemicals; the risk of serious disease is significant; this type of exposure is widespread and remains virtually unaddressed given the particulars of the demographic of the proposed class; there is clinical value in early detection and diagnosis; the recommended monitoring is reasonable; and the cost of medical monitoring is a compensable item of damages for negligence claims. *See, e.g., Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965; *Lockheed Martin Corp. v. Superior Ct.*, 29 Cal. 4th 1096 (2003). Relatedly, Plaintiffs proposed amendments include additional specific allegations regarding the risk of NHL arising from exposure to Roundup, testing available for early detection of NHL, and the important of early detection to the successful diagnosis and treatment of NHL.

Further, while Plaintiffs maintain that assessing the propriety and suitability of a nationwide class is appropriate for the class certification stage, Plaintiffs have at this time narrowed the class to California plaintiffs only. To that end, Plaintiffs seek to amend both their class definition and the causes of action

asserted. Plaintiffs now allege three counts: common law negligence, California's Unfair Competition Law, and declaratory relief. These causes of actions are properly pled under California law and there is no cognizable basis for futility.

### B. The Proposed Amendments Are Not Untimely or Made in Bad Faith, and Granting Leave to Amend Would Not Prejudice Defendants

While the other *Foman* factors must be considered, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Courts have found prejudice where amendments came on the eve or close of discovery (*Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir.1998), when there were multiple previous efforts to amend (*Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)), or when the amendment was brought to destroy diversity and the jurisdiction of the court (*DCD Programs*, *Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

The circumstances here bear no resemblance to those giving rise to prejudice. Given the early posture of the case, Defendants' notice of both Plaintiffs' intention to amend and of the reasons for doing so, and the fact that Plaintiffs have never sought to amend their claims or had their claims dismissed, there is simply no evidence in the record that Plaintiffs are acting in bad faith or that Defendants would be prejudiced by a first amended complaint. Nor will amendment interfere with Defendants' ability to otherwise litigate the case. *See Don v. Unum Grp.*, Case No. CV 13-4502, 2015 WL 12912322, at *1 (C.D. Cal. Mar. 26, 2015) (finding no prejudice in granting leave to amend where amendment would not "add any undue amount of complication to [Defendants'] ability to oppose the class certification motion").

As to delay, Plaintiffs filed their complaint on September 2023. After Plaintiffs granted an extension of time to respond, Defendants filed their motions to dismiss and motion to strike class allegations in December 2023. ECF Nos. 1, 16, 20, 21, 22. It was only at the Court's hearing on those motions, on February 15, 2024, that Plaintiffs learned of the Court's concerns with aspects of Plaintiffs'

allegations. After the Court transferred the case to the Central District of California, the Judicial Panel on Multidistrict Litigation filed a Conditional Transfer Order on March 18 transferring the case back to the Northern District of California. ECF Nos. 36, 51. Within a few weeks, the parties negotiated and filed a stipulation and proposed order regarding a mutually agreed date for the instant motion—and noted therein that the stipulation did not otherwise alter the Court's schedule—which this Court granted on May 2. ECF Nos. 54, 56. Now, within three months of being transferred back to the MDL, Plaintiffs, with Defendants' consent (*see* ECF No. 56), seek leave to address the Court's comments in good faith.

As discovery has not even commenced and the first case management conference is not until September, Plaintiffs are not interfering with any court-imposed deadlines. *See, e.g., Solomon*, 151 F.3d at 1139 (leave to amend sought on eve of discovery deadline properly denied). And, even if Defendants were to somehow argue that the filing is delayed, delay alone is insufficient to provide grounds for denying leave to amend. *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005), quoting *Eminence Capital*, 316 F.3d at 1052; *see also Don*, 2015 WL 12912322, at 1 (commenting that "a small amount of delay . . . would not warrant denial of leave to amend").

## IV.   CONCLUSION

Based on the foregoing, the Court should grant Plaintiffs' motion for leave to amend the complaint.

Dated: June 21, 2024            Respectfully Submitted,

**JOSEPH SAVERI LAW FIRM, LLP**

By:   */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
David W. Lerch (State Bar No. 229411)
Itak K. Moradi (SBN 310537)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           cyoung@saverilawfirm.com
           dlerch@saverilawfirm.com
           imoradi@saverilawfirm.com

Robert L. Lieff (SBN 37568)
P.O. Box A
Rutherford, CA 94573
Telephone: (415) 250-4800
Email:     rlieff@lieff.com

David Strouss (*pro hac vice forthcoming*)
Evan Hoffman (*pro hac vice forthcoming*)
**THORNTON LAW FIRM LLP**
84 State Street, Fourth Floor
Boston, MA 02109
Telephone: (617) 720-1333
Email:     dstrouss@tenlaw.com
           ehoffman@tenlaw.com

David Bricker (SBN 158896)
**THORNTON LAW FIRM LLP**
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
Email:     dbricker@tenlaw.com

*Attorneys for Plaintiffs*