
**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No.: 3:16-md-02741-VC |
| *David E. Roberts, an individual, and Joyce Roberts*, an individual v. Monsanto Company<br>3:24-cv-02055-VC | **DEFENDANT MONSANTO COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER VENUE IN THE INTEREST OF JUSTICE, OR IN THE ALTERNATIVE FOR IMPROPER VENUE**<br><br>[Filed concurrently with Declaration of Ryan Killian]<br><br>Date: August 15, 2024<br>Time: 10:00 a.m.<br>Place: San Francisco Courthouse, Courtroom 4 – 17th Floor |

**INTRODUCTION**

Pre-Trial Order No. 183 is clear and unequivocal: complaints may be directly filed in this district only if there is personal jurisdiction and proper venue. Doc. No. 7196. Plaintiffs David Roberts and Joyce Roberts ("Plaintiffs") filed their complaint directly in the Northern District of California, but fail to allege proper venue. Plaintiffs allege that they "are and at all relevant times were residents and citizens of San Diego County, California" without any factual allegations indicating that venue is proper in the Northern District of California.

Monsanto's counsel notified Plaintiffs' counsel of Pre-Trial Order No. 183 and requested that the case be dismissed and re-filed in the Southern District of California, and that once the case is filed in the proper venue, Monsanto would re-tag it for transfer to the MDL. Plaintiffs refused.

Instead of simply complying with Pre-Trial Order No. 183, on June 5, 2024, Plaintiffs' counsel sent Monsanto's counsel an improper stipulation to transfer and now they file this motion to transfer the case to the Southern District of California. Plaintiffs should not be permitted to violate the rules and orders of this MDL, refuse to conform to the rules and orders, and then demand a bespoke procedure.

Plaintiffs' motion should be denied and Plaintiffs should be ordered to comply with Pre-Trial Rule No. 183. In the alternative, the Court should grant the motion but stay its Order until completion of pre-trial proceedings.

**ARGUMENT**

**I.    Plaintiffs' Motion Should be Denied and Plaintiffs Should be Ordered to Comply with Pre-Trial Order No. 183.**

The MDL statute contemplates consolidating cases already "pending" in federal district courts. 28 U.S.C. § 1407(a); *Sykes v. Cook Inc.*, 72 F.4th 195, 202 (7th Cir. 2023). In addition to actions pending when the Panel creates an MDL, the Panel transfers related "[t]ag-along action[s]" that are later filed in or removed to federal court. *See* J.P.M.L. R. P. 1.1(h). In those cases, plaintiffs "file . . . in their home jurisdictions . . . and then wait for their cases to be tagged and later transferred to the MDL." *Looper v. Cook Inc.*, 20 F.4th 387, 390 (7th Cir. 2021). In Pre-Trial Order No. 183,

1    this Court ordered that in order for plaintiffs to directly file in this MDL, there must be personal
2    jurisdiction and proper venue. Doc. No. 7196

3          Here, Plaintiffs filed their complaint directly in the Northern District of California. Plaintiffs
4    allege that they "are and at all relevant times were residents and citizens of San Diego County,
5    California" and, while referring to "this district," the Complaint's venue allegations lack factual
6    content. There are no factual allegations indicating that venue is proper in the Northern District of
7    California rather than the Southern District of California, where the Plaintiffs allege they live and
8    have at all times lived. Compl., ¶¶ 7–8.

9          Pre-Trial Order No. 183 also requires Monsanto to "review complaints filed directly in this
10   district for compliance with the requirements for personal jurisdiction and venue." Doc. No. 7196
11   at 2. Monsanto was further ordered to file a report of non-compliant cases every month. *Id*.

12         Plaintiffs filed their complaint on April 4, 2024 in the Northern District of California. In
13   accordance with Pre-Trial Order No. 183, Monsanto screened the complaint for venue and personal
14   jurisdiction because it was filed directly in this Court. Monsanto's counsel then sent an email to
15   Plaintiffs' counsel informing them that the complaint was improperly filed in the Northern District
16   of California because venue is absent, that the case should be dismissed and re-filed in the Southern
17   District of California, and that once the case is filed in the proper venue, Monsanto will re-tag it for
18   transfer to the MDL. *See* Declaration of Ryan Killian ("Killian Declaration"), ¶¶ 4-6. Plaintiffs'
19   counsel did not respond.

20         Therefore, on May 31, 2024, Monsanto filed its "Monthly Report In Response To PTO
21   No. 183 Re Non-Compliant Lawsuit Directly Filed In This District" and advised the Court that
22   Plaintiffs' complaint was improperly filed in this Court because there are no factual allegations
23   indicating that venue is proper in the Northern District of California. Doc. No. 18461. Monsanto
24   further advised the Court that "Plaintiffs were provided with a copy of Pretrial Order No. 183 but
25   have not agreed to voluntarily dismiss and refile in the proper court." *Id*.

26         Instead of simply complying with Pre-Trial Order No. 183, on June 5, 2024, Plaintiffs'
27   counsel sent Monsanto's counsel a draft stipulation to transfer the case to the Southern District of
28   California. Killian Declaration, ¶ 6. But the draft stipulation called for Monsanto to wrongly agree

that venue is "proper" in this Court. *Id*. ("WHEREAS, Plaintiffs alleged that Defendant's contacts within the District deem it a resident of the district to **establish proper venue in this District** pursuant to 28 USC § 1391(b)(1), (c)(2), (d).") (emphasis added). The stipulation was also drafted such that it was operative only if the Court found that venue was improper. *Id*. ("WHEREFORE, **should the Court find that venue is improper and/or that the case should be transferred in the interest of justice**, the Parties hereby request that the case be transferred to the Southern District of California."). Therefore, Monsanto rejected the stipulation and again stated that the proper procedure is to dismiss and refile in the proper court (here, the Southern District of California) and that if they were unwilling to do so, then the issue should be resolved in accordance with Pre-Trial Order No. 183. *Id*. ¶ 7.

With this motion, Plaintiffs seek an end-around Pre-Trial Order No. 183. Venue is clearly not proper in this Court—under Pre-Trial Order No. 183 cases can only be directly filed in this Court if there is personal jurisdiction and venue. Plaintiffs should not be permitted to violate the rules and orders of this MDL, refuse to conform to the rules and orders, and then demand a bespoke procedure, especially in the context of an MDL. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions")

Because venue is absent, this case must be dismissed, then re-filed in the Southern District of California and Monsanto will re-tag it for transfer to the MDL.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to transfer venue should be denied. In the alternative, the Court should grant the motion but stay its Order until completion of pre-trial proceedings.

Dated: July 5, 2024                                Respectfully submitted,

/s/ *Jed P. White*
Jed. P. White
Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July, 2024, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ *Jed P. White*
Attorney for Defendant Monsanto Company

MONSANTO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER