UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br>ALL ACTIONS | **ORDER RE MOTION TO STRIKE AND OMNIBUS *DAUBERT* MOTION**<br>Re: Dkt. No. 19040; 18987 |

The plaintiffs' motion to strike the omnibus *Daubert* motion is denied. A partial response to that motion is due 14 days from this order. The response should be limited to addressing the following question: Should the Court revisit its general causation rulings (and the Ninth Circuit's affirmance of those rulings in *Hardeman*) in light of the 2023 amendments to Rule 702? The Court is skeptical of Monsanto's argument on this point, given the Ninth Circuit's thoughtful clarification/recalibration of its *Daubert* precedent in the *Hardeman* ruling.

The Court will rule promptly on this question after the plaintiffs file their opposition, and the plaintiffs need not file anything else in response to any of the *Daubert* motions in this Wave until after the Court rules. If the Court decides to revisit its general causation rulings, it will work with the parties to set a schedule for the adjudication of all pending *Daubert* motions. If the Court decides that revisiting the general causations rulings is not warranted, it will order the parties to work together to identify which issues raised by the pending *Daubert* motions have been mooted by the decision not to revisit the general causation rulings, and a schedule for adjudicating anything that remains will be set. (This will be a far more accelerated schedule than the one the Court would adopt if it decides to revisit the general causation rulings.)

Other than that, by way of guidance, the Court will offer some preliminary comments about a couple of the other arguments made by Monsanto in the omnibus motion. In the event the Court decides that the general causation rulings should not be revisited, Monsanto may wish to keep these comments in mind as it works with the plaintiffs to identify the issues from the pending *Daubert* motions that remain to be adjudicated:

- It does not appear appropriate to exclude general causation experts from 2018 simply because they have not filed updated reports to incorporate new literature. It is reasonable to assume that those experts have kept up with the literature. (Of course, in the unlikely event one of those experts testifies at deposition or in a trial that they have not reviewed any of the literature since 2018, that would be a basis for excluding their testimony.)

- With respect to Dr. Zhang's meta-analysis, to the extent Monsanto is suggesting that any amount of reliance on any aspect of Zhang's paper should result in exclusion of that expert, that cannot be right. However, if an expert presents Zhang's analysis as the centerpiece of their opinion, that would likely require exclusion of that opinion.

**IT IS SO ORDERED.**

Dated: August 21, 2024

_____
VINCE CHHABRIA
United States District Judge