Honorable Vince Chhabria

**SWEETSER LAW OFFICE**
Marshall Casey, WSBA #42552
1020 N. Washington Street
Spokane, WA 99201
Tel: 509-328-0678
Email: mcasey@sweetserlawoffice.com

**HOGUE LAW FIRM**
Christopher Hogue, WSBA #48041
905 W. Riverside Ave., Ste. 402
Spokane, WA 99201
Tel: 509-934-1998
Email: chris@spokaneadvocate.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br><br>*Jason Gannon v. Monsanto Company*<br>Case No. 3:19-cv-08064-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S REPLY RE: MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: September 26, 2024<br>Time: 10:00 a.m. |

Defendant Monsanto Company has presented no evidence to support its Third Affirmative Defense of statute of limitations with respect to Plaintiff Jason Gannon's claims of negligence and products liability. As such, Monsanto's defense on these claims should be dismissed with prejudice.

## I. FACTS

On August 16, 2024, Plaintiff Jason Gannon a Motion for Partial Summary Judgment on Defendant Monsanto Company's Third Affirmative Defense of statute of limitations as to Mr. Gannon's negligence and products liability claims. See Dkt. 19050. This Motion was based upon the undisputed fact that Mr. Gannon filed his lawsuit less than three years after his doctors informed him of his non-Hodgkin lymphoma ("NHL") diagnosis. Under Washington law, which has a three-year statute of limitations for negligence and products liability claims, Mr. Gannon's claims were timely filed.

Instead of providing a Response to Mr. Gannon's Motion for Partial Summary Judgment, Monsanto elected to file a Notice of Withdrawal of Affirmative Defense on August 30, 2024. In that notice, Monsanto stated that it "voluntarily withdraws its affirmative defense that Plaintiff's claim is barred by the statute of limitations and/or statute of repose." In addition, Monsanto claimed it was "not withdrawing [the] defense on the merits" and requested that this Court allow the withdrawal "without prejudice." Monsanto also claims it "reserves the right to reassert this defense depending upon the evidence presented at trial, including but not limited to new testimony from Plaintiff." Finally, Monsanto requested that Mr. Gannon's Motion for Partial Summary Judgment be denied as moot since it withdrew its affirmative defense.

//

//

## II.   ARGUMENT

In his Motion for Partial Summary Judgment, Plaintiff Gannon presented undisputed evidence that he was diagnosed with a type of NHL on December 7, 2016. He then filed his lawsuit against Defendant Monsanto on October 30, 2019. His lawsuit was timely filed in the state of Washington within three years of his cancer diagnosis.

The case law is clear that Monsanto was required to present evidence to prove that Mr. Gannon filed his claims beyond the statute of limitations period. "[B]ecause the statute of limitations is an affirmative defense, the defendant bears the burden of proving that the plaintiff filed beyond the limitations period" *Payan v. Aramark Mgmt. Servs. Ltd. Partnership*, 495 F.3d 1119, 1122 (9th Cir. 2007) (citing *Tovar v. U.S.P.S.*, 3 F.3d 1271, 1284 (9th Cir. 1993)).

To avoid summary judgment, Monsanto was required, at a minimum, to present competent medical testimony that Mr. Gannon could have and should have discovered his NHL more than three years before he filed the present suit. *Green v. A.P.C. (American Pharmaceutical Co.)*, 136 Wash.2d 87, 100, 960 P.2d 912 (1998) ("Missing from the record is a declaration from a health professional stating a T-shaped uterus is a well-known birth defect in DES daughters, and that medical knowledge would have allowed Kathleen to discover it in 1986. El Lilly says '[Kathleen Green's T-shaped uterus] was detectable at any time in her life by means of a simply x-ray test'. If this is true, it would surely have been an easy matter for Eli Lilly to have submitted the declaration of a qualified health professional saying as much. Absent such a declaration, Eli Lilly left the trial court in an evidentiary void."); see also *Niven v. E.J. Bartells Co.*, 97 Wash. App. 507, 983 P.2d 1193 (1999) ("Absent from the record is any statement from a health care professional showing that Niven's lung cancer could have been diagnosed more than three years before he filed the present suit.").

After deposing Mr. Gannon two times and conducting fact and expert witness discovery, Monsanto had ample opportunity to obtain evidence to support its affirmative defenses. Now, Monsanto has produced no competent evidence through a medical professional in response to Mr. Gannon's summary judgment motion on its statute of limitations affirmative defense. And even if it had produced such evidence, Monsanto still cannot meet its burden on summary judgment of demonstrating that Mr. Gannon should have known of *all elements* of a negligence and/or products liability claim, especially where Monsanto continues to maintain its position that Roundup does not cause NHL. Mr. Gannon cannot be held to a standard that he should have known that Roundup caused his NHL, when Monsanto maintains in both litigation and information disseminated to the public that Roundup does not cause NHL.

Instead of filing a Response with evidence to support its affirmative defense, Monsanto attempts to avoid summary judgment altogether by "voluntarily withdrawing" the affirmative defense. And by withdrawing the defense, Monsanto means that it is withdrawing it without prejudice and reserving the right to reassert the defense at a later date. This is an absurd notion under which Monsanto has specifically designed a method to avoid a summary judgment hearing and the very issue that summary judgment is supposed to address – a dismissal of claims with prejudice that have no support in law or fact.

The law demands that Monsanto's defense be dismissed with prejudice immediately. A summary judgment "motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses..." *Id.* at 323-24. Because Monsanto's Third Affirmative Defense

of the statute of limitations with respect to Mr. Gannon's negligence and products liability claims is factually unsupported, it should be dismissed with prejudice now. Further, this Court should dismiss Monsanto's defense now, as Mr. Gannon's summary judgment motion cannot be rendered "moot" where Monsanto attempts to reserve a right to reassert the affirmative defense at some later date.

With respect to Monsanto's voluntary withdrawal of the affirmative defense of statute of limitations and/or statute of repose, Mr. Gannon does not oppose the withdrawal of the statute of repose defense without prejudice since it is not a defense at issue in Mr. Gannon's summary judgment motion. Mr. Gannon likewise does not oppose Monsanto's withdrawal of the statute of limitations defense without prejudice on all other claims besides negligence and products liability since it is not a defense on the claims at issue in Mr. Gannon's summary judgment motion.[1]

### III.   CONCLUSION

The undisputed evidence demonstrates that Mr. Gannon filed his negligence and products liability claims within three years of his NHL diagnosis. Under Washington law, this timeline renders these claims timely. Monsanto has no evidence to create a triable issue of material fact regarding its statute of limitations defense on these claims. Mr. Gannon respectfully requests that this Court enter an order granting summary judgment on Monsanto's Third Affirmative defense of statute of limitations with respect to his claims of negligence and products liability, and he has

---

[1] To be clear, Mr. Gannon is not waiving any argument against Monsanto's attempt to "reassert" these defenses at some unspecified, later date. Such attempts by Monsanto would be a dilatory assertion of defenses, entail trial by ambush, and prejudice Mr. Gannon's ability to prepare for trial.

1 submitted an Amended Order with this Reply that includes Monsanto's voluntary withdrawal of

2 the other defenses.

4     DATED: September 11, 2024.

5                             **SWEETSER LAW OFFICE**

7                     s/ *Marshall Casey*
                    Marshall Casey, WSBA #42552
                    Attorney for Plaintiff Gannon

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused an electronic copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system which will then send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED this 11th day of September 2024.

                        s/ *Marshall Casey*
                        Marshall Casey