**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
|---|---|
| This document relates to:<br><br>*Sheller, et al. v. Monsanto Co.*, Case No. 3:19-cv-07972 | **CASE MANAGEMENT STATEMENT** |

Plaintiff Aaron Sheller and Defendants, by counsel, respectfully file this Case Management Statement.

**1. Jurisdiction and Service:**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as modified by the Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

On September 30, 2019, Mr. Sheller brought a class action in the Southern District of Indiana seeking medical monitoring damages from Defendants Bayer AG[1] and Monsanto Company related to their manufacture and sale of Roundup and similar glyphosate-containing products. Case No. 1:19-cv-04063-TWP-DML. (S.D. Ind.). On December 4, 2019, that matter was transferred to the Northern District of California (*Sheller v. Bayer AG*, Case No. 3:19-cv-07972) and on December 10, 2019, it was consolidated with this multidistrict litigation (*In re Roundup Products Liability Litig*., Case No. 3:16-md-02741, the "MDL").

On February 3, 2021, Mr. Sheller filed an amended complaint with other plaintiffs, including Ramirez. MDL ECF No. 12507. On October 1, 2021, Mr. Sheller was

[1] Bayer AG has not been served so Monsanto is the only defendant joining this motion.

voluntarily dismissed from the *Ramirez* complaint, but Mr. Sheller continues to maintain his action, *Sheller v. Bayer AG*, Case No. 3:19-cv-07972, and remains a party to the MDL, MDL ECF No. 13881 (10/1/21 Stipulation).

**2. Facts:**

Plaintiff Aaron Sheller ("Sheller) is a resident of Hamilton County, Indiana and citizen of the United States. Sheller is a partial owner of Sheller Farms, LLC ("Sheller Farms"), an Indiana limited liability company. As an owner who works the acreage owned by Sheller Farms and other acreage for which Sheller Farms is contracted to work, Sheller regularly participated in the spraying of 300 to 700 gallons of Roundup on approximately 1,000-3,000 acres of farmland twice per year for 15 years. Until in or about 2018, Sheller only wore gloves while spraying Roundup but was not warned and did not know he should wear any other protective gear. Once he learned of the potential for causing cancer, in or about the spring of 2018, he began wearing respiratory gear and using charcoal filters. As a direct and proximate result of being exposed to Roundup, Plaintiff Aaron Sheller alleges he is at an increased risk for developing Non-Hodgkin's lymphoma ("NHL") and other illness. Defendant denies these allegations.

**3. Legal Issues:**

Plaintiff brings a single cause of action for negligence, for which he seeks medical monitoring as a remedy, individually and on behalf of a class of persons. Plaintiff will seek to certify, pursuant to Fed. R. Civ. P. 23, a class defined as: "All persons who used Roundup in the States of Arizona, Arkansas, California, Colorado, District of Columbia, Florida, Illinois, Indiana, Maryland, Massachusetts, Missouri, Montana, New Jersey, Ohio, Pennsylvania, Utah and West Virginia for agricultural business or other commercial purposes." This case also presents at least the following additional legal issues (in no particular order):

- Whether the Court should certify the proposed class.

- Whether the named Plaintiffs have standing to bring their claims.
- Whether the named Plaintiffs' claims are timely.
- Whether medical monitoring is an available remedy.

**4. Motions:**

There are no currently pending motions.

Defendant anticipates filing a motion to challenge Plaintiffs' standing, *Daubert* motions to challenge any experts put forward by Plaintiffs, a summary judgment motion, and other motions as may be appropriate.

**5. Amendment of Pleadings:**

Plaintiff does not anticipate amending the pleadings at this time.

**6. Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and are meeting and conferring pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures:**

The parties have not yet served Rule 26(a) disclosures.

**8. Discovery:**

The parties have not yet taken any discovery beyond the discovery taken in the MDL. Plaintiff does not anticipate needing additional discovery. Defendant anticipates needing to conduct discovery related to Plaintiffs' class-certification motion, including, but not limited to, deposition of the named Plaintiffs. Defendant also reserves the right to take any other discovery to which it is entitled, including discovery related to Plaintiffs' standing.

**9. Class Actions:**

The parties are conferring regarding a schedule for Plaintiff's motion for class certification. All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

Defendant contends that this case is not maintainable as a class action under Federal Rule of Civil Procedure 23.

**10. Related Cases**

Two actions related to this case, and part of this MDL, are listed below:[2]

- *Dolores Ramirez v. Monsanto Co.*, No. 3:19-CV-02224-VC (N.D. Cal.): *Ramirez* originated in this Court and became part of the MDL proceedings. The *Ramirez* complaint asserts claims for strict liability on design and failure to warn theories, negligence or negligent misrepresentation, and declaratory judgment. Plaintiff Robert Ramirez used a concentrated mix of Roundup® in the maintenance yard of his employer from 1999 to 2013. Mr. Ramirez was diagnosed with NHL in 2018. Mr. Ramirez died on January 8, 2024 and was succeeded in the litigation by his wife Plaintiff Dolores Ramirez. Plaintiff Dexter Owens alleges that he sprayed Roundup® for a month as part of his job and developed a rash on his hand. Mr. Owens does not allege that he has been diagnosed with NHL but alleges an increased risk of developing NHL. The plaintiffs in *Ramirez* seek to certify two classes: (1) a class of "[a]ll citizens of the United States that have been exposed to Roundup® and have been diagnosed with" NHL; and (2) a class of "[a]ll citizens of California who have been exposed to Roundup® and have not been diagnosed with" NHL.
- *Perez-Hernandez, et al. v. Bayer Aktiengesellschaft, et al.,* No. 3:24-cv-01736 (N.D. Cal.) *Perez-Hernandez* was originally filed in this Court and then transferred to the Central

[2] The Court has set a CMC for both the *Ramirez* and *Perez-Hernandez* matters for the same date and time as the CMC in this case.

District of California as the proper originating venue. The case was then transferred back to this District Court for pre-trial proceedings as part of the MDL. The operative Amended Complaint asserts claims for negligence or negligent misrepresentation, violation of the California Unfair Competition Law, and declaratory relief. The Complaint seeks compensatory damages, economic damages, pre- and post-judgment interest, and cost and reasonable attorneys' fees. Plaintiffs Jonas Perez-Hernandez and Isabel Perez-Hernandez both allege that they were exposed to Roundup® as part of their agricultural work over a period of 19 years. They allege an increased risk of developing NHL. They seek to certify a California class of agricultural workers, landscapers and groundskeepers who (1) were occupationally exposed to Roundup® for ten or more lifetime exposure days prior to June 21, 2024, (2) are not diagnosed with NHL or under the care of a physician for suspected NHL, and (3) have not commenced a lawsuit or retained counsel to pursue claims related to Roundup® exposure.

Defendant wishes to discuss with the Court the efficient disposition of this case and *Ramirez* and *Perez-Hernandez*.

**11. Relief:**

Plaintiff seeks relief in the form of a medical monitoring program for the putative Class. The scope of medical monitoring relief, and the costs thereof, will be the subject of expert testimony.

Defendant opposes Plaintiffs' claims for relief. In particular, Defendant contends that medical monitoring would not be an appropriate form of relief, that all Plaintiffs' claims lack merit, and that class certification is not appropriate.

**12. Settlement and ADR:**

The parties previously engaged in extensive settlement negotiations and presented a class-

wide settlement to the Court which included monitoring relief. The parties have not engaged in further settlement negotiations since approval of the settlement was denied. Defendant does not believe that this case is appropriate for class-wide resolution at this time.

**13. Other References:**

This case has already been referred by the Judicial Panel on Multidistrict Litigation to this MDL, No. 2741.

**14. Narrowing of Issues:**

The parties are in discussions regarding issues that may be narrowed by agreement or otherwise. Plaintiff does not believe that bifurcation of any issues would be helpful to resolution of the Motion for Class Certification or a classwide trial. Defendant contends that the Court can narrow the issues by addressing Plaintiffs' standing at the outset.

**15. Scheduling:**

The parties are currently discussing a reasonable schedule.

Defendant wishes to discuss with the Court the scheduling of this case and the related cases described in paragraph 10 above. In particular, Defendant wishes to discuss whether certain global issues, such as standing, can be resolved first.

**16. Trial:**

The case will be tried to a jury and would likely reflect a timeline similar to other trials that have taken place in this MDL.

**17. Disclosure of Non-party Interested Entities or Persons:**

Plaintiff is not aware of any non-party interested entities or persons. Defendant previously filed a Certificate of Interested Entities or Persons. ECF No. 30.

**18. Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: September 12, 2024

Respectfully submitted,

| For Plaintiff: | For Defendant |
|---|---|
| */s/ Elizabeth A. Fegan* | */s/ John J. Rosenthal* |
| FEGAN SCOTT LLC<br>150 S. Wacker Dr., 24th Floor<br>Chicago, IL 60606<br>T: 312-741-1019<br>F: 312.264.0100<br>beth@feganscott.com<br><br>William N. Riley<br>Russell B. Cate<br>RileyCate, LLC<br>11 Municipal Drive, Suite 320<br>Fishers, IN 46038<br>T: 317-588-2866<br>F: 317-458-1785<br>wriley@rileycate.com<br>rcate@rileycate.com<br><br>*Counsel for Plaintiff Aaron Sheller* | John J. Rosenthal<br>WINSTON & STRAWN LLP<br>jrosenthal@winston.com<br>1901 L Street NW<br>Washington, DC 20036<br><br>Jeff Wilkerson<br>WINSTON & STRAWN LLP<br>jwilkerson@winston.com<br>300 S. Tryon Street, 16th Floor<br>Charlotte, NC 28202<br><br>*Counsel for Defendant Monsanto Co.* |

**CERTIFICATE OF SERVICE**

I certify that on September 12, 2024, I electronically transmitted the foregoing Case Management Statement to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan