William M. Audet (SBN 117456)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone:    (415) 568-2555
Facsimile:    (415) 568-2556
Email: waudet@audetlaw.com

*Counsel for Plaintiffs Ramirez & Owens*


Brian L. Stekloff
**WILKINSON STEKLOFF LLP**
2001 M. Street NW, 10th Floor
Washington, DC 20036
Telephone:    (202) 847-4030
Facsimile:    (202) 847-4005
Email: bstekloff@wilkinsonstekloff.com

*Counsel for Monsanto Co.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ***In Re Roundup Products Liability Litigation*** | MDL Case No. 3:16-md-02741-VC |
| **This Document Relates To:** | Case No. 3:19-cv-02224-VC |
| DOLORES RAMIREZ, as the surviving spouse and heir and DEXTER OWENS, individually and on behalf of others similarly situated, | **JOINT CASE MANAGEMENT STATEMENT** |
| Plaintiffs,<br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | CMC Date: September 19, 2024<br>Time:        2:00 p.m.<br>Location:   Zoom Virtual Hearing<br>Judge:      Honorable Vince Chhabria |

## JOINT CASE MANAGEMENT STATEMENT

### 1. Jurisdiction and Service

This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(a)(1) and (d), because the named Plaintiffs and many putative class members are citizens of a different state than Defendant, there are more than 100 members of the class, and the value of the relief sought exceeds $5,000,000.00, exclusive of interest and costs.

Defendant has been served in this matter.[1]

### 2. Facts

As alleged, Roundup® has been linked to an increased risk for developing Non-Hodgkin's Lymphoma ("NHL") and other cancer types. Plaintiff Robert Ramirez used a concentrated mix of Roundup® in the maintenance yard of his employer from 1999 to 2013. Mr. Ramirez was diagnosed with NHL in 2018. After years of treatment, Mr. Ramirez died on January 8, 2024 due to issues associated with his exposure to Roundup and subsequent treatments.[2] On February 3, 2021, Plaintiff Dexter Owens was added as an additional class representative to the complaint in this matter.  Mr. Owens sprayed Roundup® for a month as part of his job and developed a rash on his hand.  Mr. Owens has not been diagnosed with NHL but alleges an increased risk of developing NHL.

Defendant denies these allegations.

---

[1] For clarity, the Third Amended Complaint ("TAC") in this *Ramirez* action originally named two defendants: Monsanto Company and Bayer Corporation. Both Defendants had been served, however, on March 9, 2022, the Parties stipulated to dismissing without prejudice Defendant Bayer Corporation. Monsanto Company is now the sole remaining Defendant in this case.

[2] The Court granted a Motion to Substitute Plaintiff Robert Ramirez, for his wife Dolores Ramirez, on April 22, 2024. ECF No. 114.

Plaintiffs now bring forth the operative Third Amended Complaint ("TAC" or "Complaint") against Defendant, alleging strict liability, failure to warn, negligence and negligent misrepresentation, and further seeking declaratory relief. As currently alleged in the operative Complaint, Plaintiffs seek to represent two Classes: 1) All citizens of the U.S. who have been exposed to Roundup® and have been diagnosed with NHL; and 2) All citizens of California who have been exposed to Roundup® and have not been diagnosed with NHL. Plaintiffs' Count V for a Medical Monitoring Program in the Third Amended Complaint was dismissed by the Court on August 30, 2022. However, consistent with the Court's Order (and, Plaintiff contends, with current case law), the Third Amended Compliant still seeks relief by way of a Medical Monitoring Class in the Prayer for Relief.

### 3. Legal Issues

The *Ramirez* case presents at least the following legal issues (in no particular order):

- Whether the Court should certify a nationwide class of Roundup® users who have been diagnosed with NHL.

- Whether the Court should certify a California class of Roundup® users who have not been diagnosed with NHL.

- Whether the named Plaintiffs have standing to bring their claims.

- Whether the named Plaintiffs' claims are timely.

- Whether medical monitoring is an available remedy.

### 4. Motions

Currently, no motions are pending before this Court associated with the *Ramirez* action. Plaintiffs wish to seek an appropriate schedule for an eventual class certification motion. Prior motions filed in this matter include an attempt at preliminary approval of a class wide settlement

JOINT CASE MANAGEMENT STATEMENT
MDL Case No. 3:16-md-02741-VC

(detailed in Section 9, *infra*), which the Court denied. *See* ECF No. 87. Plaintiff Robert Ramirez also had filed a Notice of Suggestion of Death on March 14, 2024 and a Motion to Substitute Party Dolores Ramirez in place of Robert Ramirez on April 3, 2024, which was Granted by the Court on April 22, 2024 and further amended the case caption for this matter to account "Dolores Ramirez, as the surviving spouse and heir."

Plaintiffs anticipate filing a Motion for Class Certification and request the opportunity to discuss an appropriate scheduling order.

Defendant anticipates filing a motion to challenge Plaintiffs' standing, *Daubert* motions to challenge any experts put forward by Plaintiffs, a summary judgment motion, and other motions as may be appropriate.

### 5.  Amendment of Pleadings

Plaintiffs do not anticipate further amendment of the Complaint. Defendant filed an Answer on September 13, 2022.

### 6.  Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence related to the issues reasonably evident in this action.

### 7.  Disclosures

Pursuant to an initial agreement, the parties have waived initial disclosures.

### 8.  Discovery

Plaintiffs' counsel in the *Ramirez* action have access to the documents associated with this multidistrict litigation ("MDL") due to the firm's position in the MDL. Plaintiff Robert Ramirez

submitted his completed Plaintiff Fact Sheet ("PFS"), signed and dated Authorizations, and all responsive documents in Plaintiff's possession, including all medical records, to Defendant through the online MDL Centrality system. Mr. Owens's medical records relating to his injury are available. While no specific deadline to produce has been set, Mr. Owens is ready to produce these medical records pursuant to the applicable confidentiality and protective order and rules and/or at the direction of the Court.

Defendant will need to conduct discovery related to Plaintiffs' forthcoming class-certification motion, including but not limited to deposition of the named Plaintiffs. Defendant also reserves the right to take any other discovery to which it is entitled, including discovery related to Plaintiffs' standing.

## 9. Class Actions

On September 5, 2019, as part of the proceedings held before this Multidistrict Litigation ("MDL") Court, Plaintiffs and Defendant jointly requested that the *Ramirez* action be removed from the MDL "waves" process, and the Court granted this request. ECF No. 12. On June 24, 2020, Plaintiffs' counsel filed a First Amended Complaint in this matter. Plaintiffs' counsel concurrently filed its first Motion for Preliminary Approval of Class Settlement. After the Court issued Pretrial Order ("PTO") No. 226, Plaintiffs' counsel ultimately withdrew the First Motion for Preliminary Approval, and related pleadings.

On February 3, 2021, *Ramirez* Plaintiffs' counsel stipulated with Defendant and filed a Second Amended Complaint. Plaintiffs concurrently filed its second Motion for Preliminary Approval of Proposed Class Settlement. The Court thereafter issued and amended a briefing schedule on separate occasions (at the request of third parties) and ultimately set the hearing for May 19, 2021. On March 3, 2021, Plaintiffs amended certain provisions and terms to the proposed

operative Settlement. On May 26, 2021, the Court issued Pretrial Order No. 235, which denied the Second Motion for Preliminary Approval for various reasons identified during the May 19, 2021 hearing.

Plaintiffs filed the operative Third Amended Complaint ("TAC") on November 30, 2021. Plaintiffs bring forth this class action Complaint against the Defendant alleging causes of action under strict liability, failure to warn, negligence and negligence misrepresentation, and declaratory relief. Currently, Plaintiffs seek to represent two Classes: 1) All citizens of the U.S. who have been exposed to Roundup® and have been diagnosed with NHL; and 2) All citizens of the California who have been exposed to Roundup® and have not been diagnosed with NHL. Plaintiffs' Prayer for Relief seeks to establish a Medical Monitoring program.

Plaintiffs' counsel has reviewed Procedural Guidance for Class Action Settlements (https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/) and, pursuant to L.R. 16-9(b), contend this action is maintainable as a class action under Fed. R. Civ. P. 23.

Defendant's counsel has reviewed Procedural Guidance for Class Action Settlements (https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/) and, pursuant to L.R. 16-9(b), Defendant contends that this case is not maintainable as a class action under Fed. R. Civ. P. 23.  Defendant contends that the related cases described in paragraph 10 below are not maintainable as class actions under Fed. R. Civ. P. 23.

**10. Related Cases**

Two actions related to the first-filed *Ramirez* action, and part of this MDL, are listed below:[3]

---

[3] The Court has set a CMC for both the *Sheller* and the *Perez-Hernandez* matters for the same date and time as the *Ramirez* action herein.

JOINT CASE MANAGEMENT STATEMENT
MDL Case No. 3:16-md-02741-VC

- On September 30, 2019, a class action complaint was filed in the United States District Court for the Southern District of Indiana and transferred to this District Court. The *Sheller* complaint asserts a claim for negligence and seeks relief by certifying the Medical Monitoring Class, for costs of the medical monitoring, and for reasonable attorneys' fees. *Aaron Sheller v. Bayer AG, et al.,* No. 3:19-cv-07972 (N.D. Cal. 2019).[4]  The Plaintiff Aaron Sheller alleges that he sprayed 300-700 gallons of Roundup® on 1,000 to 3,000 acres of land twice and year for 15 years as part of his occupation.  He alleges that he wore gloves until 2018 and then began wearing respiratory gear and using charcoal filters.  Sheller alleges that he is at an increased risk of developing NHL and other illnesses.  Sheller seeks to certify a class of all agricultural and commercial users of Roundup® in Arizona, Arkansas, California, Colorado, District of Columbia, Florida, Illinoi, Indiana, Maryland, Massachusetts, Missouri, Montana, New Jersey, Ohio, Pennsylvania, Utah, and West Virginia.

- On September 26, 2023, a class action complaint was filed in this District Court entitled *Perez-Hernandez, et al. v. Bayer Aktiengesellschaft, et al.,* No. 3:24-cv-01736 (N.D. Cal. 2023).[5] The action was transferred to the Central District of California on February 16, 2024 and returned to this Court as a "tag along" action by the United States Judicial Panel on Multidistrict Litigation ("JPML") and Conditional Transfer Order No. 451. The Complaint was amended on July 30, 2024, and asserts claims for negligence or negligent misrepresentation, violation of the California Unfair Competition Law, and declaratory relief.  The Complaint seeks compensatory

---

[4] Plaintiffs' counsel of record for the *Sheller* action includes: Elizabeth Fegan and others at FEGAN SCOTT LLC, RILEY WILLIAMS & PIATT, LLC, SHINDLER, ANDERSON, GOPLERUD & WEESE, P.C., and CATE, TERRY & GOOKINS LLC.

[5] Plaintiffs' counsel of record for the *Perez-Hernandez* action includes: Robert Lieff, and others at law firms JOSEPH SAVERI LAW FIRM, LLP and THORNTON LAW FIRM LLP.

damages, economic damages, pre- and post-judgment interest, and cost and reasonable attorneys' fees. Plaintiffs Jonas Perez-Hernandez and Isabel Paz-Hernadez both allege that they were exposed to Roundup® as part of their agricultural work over a period of 19 years.  They allege an increased risk of developing NHL. They seek to certify a California class of agricultural workers, landscapers and groundskeepers who (1) were occupationally exposed to Roundup® for ten or more lifetime exposure days prior to June 21, 2024, (2) are not diagnosed with NHL or under the care of a physician for suspected NHL, and (3) have not commenced a lawsuit or retained counsel to pursue claims related to Roundup® exposure.

Defendant wishes to discuss with the Court the efficient disposition of this case and *Sheller* and *Perez-Hernandez.*

Plaintiff Robert Ramirez had further initiated a state court action and originally filed it in San Francisco County Superior Court which was then added to *Roundup Products Cases*, JCCP 4953 in the Alameda County Superior Court on August 27, 2019 and stayed in the San Francisco County Superior Court: *Robert U. Ramirez, et al. v. Monsanto Company, et al.*, Case No. CGC-19-578712.

## 11. Relief

Plaintiffs bring forth the operative Complaint against the Defendant alleging strict liability, failure to warn, negligence and negligence misrepresentation, and seeking declaratory relief. Plaintiffs, individually and on behalf of all others similarly situated, seek 1) an order certifying appropriate Class(es) pursuant to Fed. R. Civ. P. 23(a)(1)-(4), 23(b)(1), 23(b)(2), and/or 23(c)(4) for the determination of common questions of law and fact regarding Defendant's product, knowledge, conduct, and duty, and to provide programmatic relief; and designating Plaintiffs and their undersigned counsel as Class Representatives and class counsel as appropriate; 2)

JOINT CASE MANAGEMENT STATEMENT
MDL Case No. 3:16-md-02741-VC

compensatory damages, and/or, exemplary, punitive, and statutory penalties and other monetary relief, including interest, as allowed by law; 3) an order collaterally estopping Monsanto from claiming no link between Roundup® and NHL; 4) appropriate declaratory, equitable, and/or injunctive relief according to proof; 5) an award of reasonable attorneys' fees and costs incurred in this action; and 6) such other and further relief as the Court deems just and proper. As noted in Section 2, *supra*, the *Ramirez* action still seeks relief by way of a Medical Monitoring Class.

Defendant opposes Plaintiffs' claims for relief. In particular, Defendant contends that medical monitoring would not be an appropriate form of relief, that all Plaintiffs' claims lack merit, and that class certification is not appropriate.

## 12. Settlement and ADR

Plaintiffs continue to be open to some form of class-wide relief. Plaintiffs are willing to participate in the Special Master Program established by Pretrial Order No. 240 as appropriate.

Defendant does not believe that this case is appropriate for class-wide resolution at this time.

## 13. Other References

This case has already been referred by the Judicial Panel on Multidistrict Litigation to this MDL, No. 2741.

## 14. Narrowing of Issues

Plaintiffs do not believe any issue can be narrowed at this juncture of the case.

Defendant contends that the Court can narrow the issues by addressing Plaintiffs' standing at the outset.

## 15. Scheduling

JOINT CASE MANAGEMENT STATEMENT
MDL Case No. 3:16-md-02741-VC

There is no trial date set. As noted in Section 4, *supra*, Plaintiffs wish to seek an appropriate schedule for an eventual class certification motion. Any eventual trial and related scheduling will depend on the Court's ruling on class certification issues that may be raised.

Defendant wishes to discuss with the Court the scheduling of this case and the related cases described in paragraph 10 above.  In particular, Defendant wishes to discuss whether certain global issues, such as standing, can be resolved first.

**16. Trial**

The length of the trial will depend in any class ruling(s).

**17. Disclosure of Non-party Interested Entities or Persons**

The Parties in *Ramirez* have filed the "Certification of Interested Entities or Persons" required by L.R. 3-15. *See* ECF Nos. 9, 116.

**18. Professional Conduct**

Plaintiffs' and Defendant's counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

Dated: September 12, 2024

/s/ *William Audet*
William M. Audet (SBN 117456)
Mark E. Burton, Jr. (SBN 178400)
Ling Y. Kuang (SBN 296873)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone:    (415) 568-2555
Facsimile:    (415) 568-2556
Email: waudet@audetlaw.com
        mburton@audetlaw.com
        lkuang@audetlaw.com

*Counsel for Plaintiffs Ramirez and Owens*

Dated: <u>September 12, 2024</u>          <u>*s/ John J. Rosenthal*</u>

John J. Rosenthal
WINSTON & STRAWN LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036

Jeff Wilkerson
WINSTON & STRAWN LLP
jwilkerson@winston.com
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202

*Counsel for Defendant Monsanto Co.*

## **Attestation**

I the undersigned, am the ECF user whose identification and password are being used

to file this document. I hereby attest and represent, in compliance with LR 5-1(i)(3), that all

other signatories have concurred in the filing of the document.

<u>/s/ *William Audet*</u>
William M. Audet

JOINT CASE MANAGEMENT STATEMENT
MDL Case No. 3:16-md-02741-VC