**WAGSTAFF LAW FIRM**
Emily Acosta, Esq. (IL Bar 6312216)
Aimee Wagstaff, Esq. (SBN 278480)
Tara King, Esq. (MO Bar 69171)
Madison Donaldson, Esq. (TX Bar 24105812)
940 N. Lincoln St.
Denver, CO 80203
Phone: 303-376-6360
Email: Eacosta@wagstafflawfirm.com
Email: Awagstaff@wagstafflawfirm.com
Email: Tking@wagstafflawfirm.com
Email: Mdonaldson@wagstafflawfirm.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| *Renee Theresa Daulton, Individually and as Trustee for the Heirs and next of kin of Patrick Daulton, deceased v. Monsanto Company*, Case No. 3:20-cv-08518-VC | Hearing Date: September 26, 2024
Time: 10:00 a.m. |

# INTRODUCTION

Despite admitting that there is no authority supporting its claim that comment k should apply in this context, Monsanto, nevertheless, opposes Plaintiff's motion for summary in her favor as to Monsanto's comment k defense.[1] Monsanto's opposition seeks to preserve a moribund defense, unreasonably forcing the parties and judicial system to expend resources litigating what will ultimately be a losing issue. For the reasons set forth below, Plaintiff is entitled to summary judgment as a matter of law as to Monsanto's comment k defense and the Court should grant Plaintiff's partial motion for summary judgment in its entirety.

# ARGUMENT

Monsanto's Opposition concedes Plaintiff's central argument: "Minnesota has not had occasion to consider adopting comment k in *any* setting." Opp. at 2; *see also* Mot. at 5. In other words, comment k is not an affirmative defense under Minnesota law. The only authority Monsanto cites for the proposition that a Minnesota court *might* adopt comment k, at some point, in the future, is nearly 40 years old. Opp. at 2 (citing *Kociemba v. G.D. Searle & Co.*, 680 F. Supp. 1293 (D. Minn. 1988)). Comment k itself is approaching its 60th birthday. If—as Monsanto suggests—Minnesota courts were so eager to adopt comment k, one wonders why they have (already) taken so long to do so.

Monsanto's argument that Minnesota would extend comment k to herbicide and/or pesticide litigation is speculation upon speculation. Comment k itself references only "the field of drugs." Restatement (Second) of Torts § 402A cmt. k. Many states, including California, "apply comment k only where a product is 'available only through the services of a physician.'"

---

[1] As Monsanto has withdrawn its limitations/repose affirmative defense, this Reply does not address that aspect of Plaintiff's motion, and those aspects of Plaintiff's motion should be granted as unopposed.

*Hardeman v. Monsanto Co.*, 216 F. Supp. 3d 1037, 1040 (quoting *Garrett v. Howmedica Osteonics Corp.*, 214 Cal. App. 173, 178 (2013)). Monsanto argues that Plaintiff fails to cite any *Minnesota* caselaw limiting comment k to the pharmaceutical context. Opp. at 2. Of course there is no such Minnesota caselaw; as the Opposition admits, Minnesota has not even considered, let alone adopted comment k itself.

  ***Similarly***, Monsanto's law-of-the-case arguments fare no better. First, Monsanto attempts to distinguish *Hardeman* on procedural grounds: *Hardeman* involved Monsanto's motion to dismiss, not a Plaintiff's affirmative motion for summary judgment. Opp. at 3. That is a distinction, but, here, it makes no difference, since the legal issue is the same. In *Hardeman*, the Court was presented with the same question that Plaintiff's motion presents here: does comment k apply to herbicides?

  The answer is a resounding no.

  And, here, where Monsanto bears the burden of defeating the Motion, its failure to marshal any evidence or case law to the contrary is fatal.

  ***Next***, Monsanto inaccurately claims that the law-of-the-case doctrine does not apply. Tellingly, other than its citation to *Gelboim* for the fairly obvious—and not-disputed—proposition that MDL constituent cases retain their separate identities, Monsanto relies exclusively on out-of-circuit decisions. Opp. at 3. Indeed, Monsanto attempts to distinguish Plaintiff's authority by arguing that *Painters and Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co.* is inapposite because the law of the case had been established "*in that same case.*" Opp. at 3 (emphasis in original) (citing *Painters and Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co.*, 520 F. Supp. 3d 1258, 1277 (C.D. Cal. 2021)). That is not accurate.

In *Painters*, five individual patients and the Painters and Allied Trades District Council 82 Health Care Fund sued the manufacturer of a diabetes drug, Actos, and alleged that the manufacturer fraudulently concealed the bladder cancer risk posed by the drug; the patients sued for personal injury damages whereas the Health Care Fund sued to recover monies paid out as reimbursements to members for medical costs incurred in the treatment of bladder cancer. *Painters*, 520 F. Supp. 3d at 1265. One of the defendants moved to dismiss and argued, in part, that the Federal Drug & Cosmetic Act preempted the plaintiffs' claims. *Id.* at 1276.

The *Painters* plaintiffs opposed the motion, and argued that the MDL Court—which concerned the same diabetes drug—had already decided this issue in favor of plaintiffs. *Id*. And contrary to Monsanto's claim, the Actos MDL (*In re Actos*, MDL No. 2299) was *not* the same case as *Painters*. Rather, the 2014 decision, in the Actos MDL, involved a defense motion for judgment as a matter of law following a jury trial verdict for two individual plaintiffs (Mr. and Mr. Allen) in a bellwether trial that concluded in April 2014. *In re Actos*, MDL Case No. 6:11–md–2299 2014 WL 12776173, at *1 (W.D. La. Sept. 5, 2014). But neither of those plaintiffs was also a party in *Painters*. Compare *In re Actos Prod. Liab. Litig.*, 2014 WL 12776173 ("This Court tried the first bellwether case of this Multidistrict Litigation . . . concluding with a jury verdict for the Plaintiffs, Mr. and Mr. Allen") with *Painters*, 520 F. Supp. 3d at 1262 (identifying individual plaintiffs).

In other words, the *Painters* court concluded that the MDL court's decision regarding preemption of certain tort claims against the makers of Actos, established the law of the case with respect to that issue.

*Importantly*, the law of the case doctrine exists for a very good reason, namely, that litigation must "come to an end" and a "court cannot efficiently perform its duty to provide

3
PLAINTIFF'S REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT

expeditious justice to all 'if a question once considered and decided by it were to be litigated anew in the same case.'" *Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997) (applying law of the case despite "the fact that different citizen petitioners [than those who brought the previously-decided case] brought the present suit . . . because both suits were brought against the same agency, about the same issue, and on behalf of the same citizen population"). In this regard, the Court has already considered the applicability of comment k and, especially here where there is no case law or compelling arguments to the contrary, the Court should not hesitate to adopt a similar ruling here.

## **CONCLUSION**

Monsanto admits that Minnesota does not recognize comment k. There is no reason to continue litigating an affirmative defense that has no chance of succeeding at trial, and, more importantly, Monsanto has offered no compelling justification for doing so. Plaintiff is entitled to summary judgment as a matter of law, and her Motion should be granted in its entirety.

**WHEREFORE**, Plaintiff respectfully requests entry of an order granting her Partial Motion for Summary Judgment in its entirety and for any other relief the Court deems fair and just.

DATED: September 12, 2024            Respectfully Submitted,

By: */s/ Emily T. Acosta*
Emily Acosta, Esq.
Aimee Wagstaff, Esq.
Tara King, Esq.
**WAGSTAFF LAW FIRM**
940 N. Lincoln St.
Denver, CO 80203
Phone: 303-376-6360
Email: Eacosta@wagstafflawfirm.com
Email: Awagstaff@wagstafflawfirm.com
Email: Tking@wagstafflawfirm.com

*Attorneys for Plaintiff Theresa Daulton*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on Thursday, September 12, 2024, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ *Emily Acosta*