Joseph R. Saveri (SBN 130064)
Christopher K. L. Young (SBN 318371)
David W. Lerch (State Bar No. 229411)
Itak K. Moradi (SBN 310537)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                     cyoung@saverilawfirm.com
                     dlerch@saverilawfirm.com
                     imoradi@saverilawfirm.com

Robert L. Lieff (SBN 37568)
P.O. Box A
Rutherford, CA 94573
rlieff@lieff.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JONAS PEREZ-HERNANDEZ, et al., *Plaintiffs*, v. BAYER AKTIENGESELLSCHAFT, BAYER CORPORATION, and MONSANTO COMPANY, et al., *Defendants*. | MDL No. 2741 <br> Case No. 3:24-cv-1736-VC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hearing Date: September 19, 2024 <br> Time: 2:00 PM <br> Place: Via Zoom <br><br> Hon. Vince Chhabria |

Pursuant to Civil Local Rule 16-9(a) and the Standing Order for All Judges of The Northern District of California, counsel for Plaintiffs Jonas Perez-Hernandez and Isabel Paz-Hernandez and Defendant Monsanto Company have met and conferred and submit this Joint Case Management Statement in advance of the Zoom Case Management Conference on September 19, 2024.

1. **Jurisdiction and Service**

This Court has subject matter jurisdiction over Defendant and the proposed class action pursuant to 28 U.S.C. § 1332(d). Defendant does not challenge personal jurisdiction.

Plaintiffs' First Amended Complaint ("FAC") (ECF 62; MDL ECF 18914) named Bayer Aktiengesellschaft and Bayer Corporation as defendants, for whom Plaintiffs recently filed voluntary dismissals without prejudice. Monsanto Company as the only remaining defendant has been served.

2. **Facts**

**Plaintiffs' Statement:**

Plaintiffs' FAC alleges negligence and negligent misrepresentation, violations of California Unfair Competition Law, and makes a claim for declaratory relief against Monsanto in connection with the company's informed and decades-long concealment of evidence from the public regarding the link between the glyphosate carcinogen in its herbicide product Roundup and the development of Non-Hodgkin's Lymphoma ("NHL"), and at least of the ongoing scientific dispute concerning the extent of carcinogenicity of the main ingredient in Roundup.

The relief Plaintiffs seek is equitable and discrete in nature, and includes, *inter alia*, a medical monitoring program intended to prevent or to mitigate injury to a putative class of agricultural workers, landscapers, and groundskeepers who (a) have significant occupational exposure to Roundup, (b) because of their exposure to glyphosate are at increased risk of developing NHL, but (c) are not currently diagnosed as suffering from NHL or under the care of a physician for suspected NHL (and would not be as of the date of any relief obtained in this action), and (d) have not commenced a lawsuit or retained counsel for the pursuit of any tort or class action claim in relation to Roundup exposure.

**Defendant's Statement:**

Plaintiffs Jonas Perez-Hernandez and Isabel Paz-Hernandez both allege that they were exposed to Roundup® as part of their agricultural work over a period of 19 years. The Plaintiffs do not allege that they have contracted NHL but instead claim that they are at an increased risk of developing NHL due to their exposure to Roundup®'s active ingredient, glyphosate. Glyphosate is not carcinogenic and does not cause the development of NHL. Plaintiffs seek a medical monitoring remedy on behalf of a proposed California class of certain agricultural workers, landscapers, and groundskeepers. Plaintiffs have not adequately alleged entitlement to a medical monitoring remedy.

3. **Legal Issues**

**Plaintiffs' Statement:**

The legal and factual issues at the core of this case are whether Roundup causes NHL; whether Defendant was aware of the risks posed by use or exposure to Roundup or reasonably should have known of the risks posed; whether Defendant misrepresented, omitted, concealed, or failed to warn of or disclose material facts related to use of or exposure to Roundup; whether putative class members are at risk of contracting NHL based on occupational exposure; and, whether Defendant's practices related to the funding of research and marketing and sale of Roundup were unlawful, unfair, or fraudulent. Questions regarding Defendant's Roundup products, their knowledge of associated risks (including the increased risk of developing NHL from exposure), and their conduct thereafter, all of which are inquiries salient to the entire class.

**Defendant's Statement:**

This case presents at least the following legal issues (in no particular order):

- Whether the Court should certify the proposed class.
- Whether the named Plaintiffs have standing to bring their claims.
- Whether the named Plaintiffs' claims are timely.
- Whether medical monitoring is an available remedy.

Defendant maintains that this case is not appropriate for a class action.

### 4. Motions

Defendant's previously filed motions to dismiss and to strike class allegations were rendered moot by Plaintiffs' granted leave to amend their complaint. Defendant's motion to dismiss the FAC is set to be filed on September 13, 2024; Plaintiffs file their opposition on November 12; Defendant files its reply on December 12. No other motions are pending.

### 5. Amendment of Pleadings

After this Court transferred Plaintiffs' initial class action complaint to the United States District Court for the Central District of California on the basis of venue and after the Judicial Panel of Multi-District Litigation transferred the matter back, Plaintiffs sought leave to amend their complaint. Plaintiffs do not currently intend to make further substantive amendments.

### 6. Evidence Preservation

The parties are aware of their obligations relating to the discovery of electronically stored information, have taken reasonable steps to preserve potentially relevant evidence, and intend to meet and confer to negotiate a protocol regarding ESI. As described in Paragraph 8 below, the parties will conduct their initial Rule 26(f) meet and confer, at which time they will discuss reasonable and proportionate steps taken to preserve evidence related to the issues reasonably evident in this action.

### 7. Discovery

The parties intend to commence their initial Rule 26(f) meet and confer on September 18, 2024, at which time they will meet and confer to coordinate a discovery plan, address Rule 26(f) requirements, identify locations of potential ESI, begin negotiating discovery stipulations, a deposition protocol, and a protective order. The parties will primarily rely on the documents already produced in this MDL. The parties will conduct additional discovery to the extent needed to investigate Plaintiffs' specific claims and issues related to class certification, including, for example, the deposition of the named plaintiffs. The parties agree to coordinate their discovery efforts and agree to electronic service in any instances where such service is feasible.

8. **Class Actions**

Counsel for both sides have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Statement:**

Plaintiffs believe that the class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact size of the class, and will direct discovery to that effect, but upon information and belief, believe and allege that the number of class members is in the hundreds of thousands to millions. Plaintiffs allege that, like all class members, they were occupationally exposed in the course of their employment and as part of their occupational duties to a significant degree, i.e., ten or more lifetime exposure days. Plaintiffs allege that all class members were similarly injured by Defendant's decisions to, *inter alia*, conceal material information from the public regarding the harmful effects of Roundup on human health, manipulate the science regarding the effects of glyphosate, continue to advertise Roundup as safe for humans despite the company's well-documented knowledge, and continue to market Roundup as safe for occupational use despite phasing out the product for the residential lawn and garden market and resolving tens of thousands of personal injury claims related to use of the product. Plaintiffs' claims raise significant questions that are common to all class members regarding Roundup products, Defendant's knowledge of associated risks, and their conduct thereafter. Plaintiffs' claims are typical of other members of the class in that each were exposed to Roundup through the course of their employment and as part of their occupational duties, none are diagnosed with NHL or under the care of a physician for suspected NHL, and none have otherwise commenced or become involved in a lawsuit against Defendant related to the facts alleged in the FAC. The relief Plaintiffs seek, medical monitoring, is particularly appropriate for Rule 23 class certification.

**Defendant's Statement:**

Defendant denies that glyphosate is carcinogenic or caused cognizable injury to Plaintiffs and contends that this case is not maintainable as a class action under Federal Rule of Civil Procedure 23.

**9. Related Cases**

Two actions related to this case and part of this MDL are listed below:[1]

- *Dolores Ramirez v. Monsanto Co.*, No. 3:19-CV-02224-VC (N.D. Cal.): *Ramirez* originated in this Court and became part of the MDL proceedings. The *Ramirez* complaint asserts claims for strict liability on design and failure to warn theories, negligence or negligent misrepresentation, and declaratory judgment. Plaintiff Robert Ramirez used a concentrated mix of Roundup® in the maintenance yard of his employer from 1999 to 2013. Mr. Ramirez was diagnosed with NHL in 2018. Mr. Ramirez died on January 8, 2024 and was succeeded in the litigation by his wife Plaintiff Dolores Ramirez. Plaintiff Dexter Owens alleges that he sprayed Roundup® for a month as part of his job and developed a rash on his hand. Mr. Owens does not allege that he has been diagnosed with NHL but alleges an increased risk of developing NHL. The plaintiffs in *Ramirez* seek to certify two classes: (1) a class of "[a]ll citizens of the United States that have been exposed to Roundup® and have been diagnosed with" NHL; and (2) a class of "[a]ll citizens of California who have been exposed to Roundup® and have not been diagnosed with" NHL.

- *Aaron Sheller v. Bayer AG, et al.,* No. 3:19-cv-07972 (N.D. Cal.): *Sheller* originated in the United States District Court for the southern District of Indiana and was transferred to this District Court for pre-trial proceedings as part of the MDL. The *Sheller* complaint asserts a claim for negligence and seeks relief by certifying the Medical Monitoring Class, for costs of the medical monitoring, and for reasonable attorneys' fees. *Aaron Sheller v. Bayer AG, et al.,* No. 3:19-cv-07972 (N.D. Cal. 2019). The Plaintiff Aaron Sheller alleges that he sprayed 300-700 gallons of Roundup® on 1,000 to 3,000 acres of land twice and year for 15 years as part of his occupation. He alleges that he wore gloves until 2018 and then began wearing respiratory gear and using charcoal filters. Sheller alleges that he is at an increased risk of developing NHL and other illnesses. Sheller seeks to certify a class of all agricultural and commercial users of Roundup® in Arizona, Arkansas, California, Colorado, District of Columbia,

---

[1] The Court has set a CMC for both the *Ramirez* and *Sheller* matters for the same date and time as the CMC in this case.

MDL No. 2741
Case No. 3:24-cv-1736-VC                      5

Florida, Illinois, Indiana, Maryland, Massachusetts, Missouri, Montana, New Jersey, Ohio, Pennsylvania, Utah, and West Virginia.

### 10. Relief

Plaintiffs seek declaratory, injunctive, and equitable relief that will provide for the costs of medical screening, diagnostic and/or surveillance programs and services to be provided to Plaintiffs and the Class, to prevent or mitigate the injury otherwise resulting from Roundup exposure, as appropriate and according to proof, through an appropriate program approved by the Court and administered under its ongoing supervision, as well as an award of reasonable attorneys' fees.

Defendant opposes Plaintiffs' claims for relief. In particular, Defendant denies that glyphosate is carcinogenic or caused cognizable injury to Plaintiffs and contends that medical monitoring would not be an appropriate form of relief, that Plaintiffs' claims lack merit, and that class certification is not appropriate.

### 11. Settlement and ADR

Plaintiff will file an ADR certification before the case management conference. Defendant does not believe that this case is appropriate for class-wide resolution at this time.

### 12. Other References

The parties agree that this case is not suitable for binding arbitration or a special master at this time. The parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint one. This case has already been referred by the Judicial Panel on Multidistrict Litigation to this MDL, No. 2741.

### 13. Narrowing of Issues

No issues have yet been narrowed by agreement or by motion. Defendant contends that the Court can narrow the issues by addressing Plaintiffs' standing at the outset.

### 14. Scheduling

The parties intend to negotiate a proposed joint schedule to the Court following conclusion of the motion to dismiss briefing schedule.

Defendant wishes to discuss with the Court the scheduling of this case and the related cases described in paragraph 10 above. In particular, Defendant wishes to discuss whether certain global issues, such as standing, can be resolved first.

### 15. Trial

The parties agree that should the case proceed to trial, it should be tried to a jury. The parties anticipate a 10-day trial.

### 16. Disclosure of Non-party Interested Entities or Persons

The parties filed their certificates. ECF Nos. 13, 65.

### 17. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: September 12, 2024

Respectfully Submitted,

**JOSEPH SAVERI LAW FIRM, LLP**

By:  /s/ Joseph R. Saveri
      Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Christopher K. L. Young (SBN 318371)
David W. Lerch (State Bar No. 229411)
Itak K. Moradi (SBN 310537)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              cyoung@saverilawfirm.com
              dlerch@saverilawfirm.com
              imoradi@saverilawfirm.com

Robert L. Lieff (SBN 37568)
P.O. Box A
Rutherford, CA 94573
rlieff@lieff.com

*Attorneys for Plaintiffs*

Dated: September 12, 2024						Respectfully Submitted,

									By:     /s/ John J. Rosenthal
										John J. Rosenthal

									John J. Rosenthal
									**WINSTON & STRAWN**
									1901 L St. NW
									Washington, DC 20036
									Telephone:	(202) 282-5785
									Facsimile:	(202) 282-5100
									Email:		jrosenthal@winston.com

									Jeff Wilkerson
									300 S. Tyron St., 16th Floor
									Charlotte, NC 28201
									Telephone:	(704) 350-7714
									Facsimile:	(704) 350-7800
									Email:		jwilkerson@winston.com

									*Attorneys for Defendant Monsanto Company*

MDL No. 2741
Case No. 3:24-cv-1736-VC				8
JOINT CASE MANAGEMENT STATEMENT

## **ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing of this Joint Case Management Statement and have authorized the filing of this Joint Case Management Statement.

Dated: September 12, 2024                    Respectfully Submitted,

                                                                By:    */s/ Joseph R. Saveri*
                                                                            Joseph R. Saveri