**SHOOK, HARDY & BACON L.L.P.**
Ryan S. Killian
CA Bar No. 294512
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
Email: rkillian@shb.com

*Attorney for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Carl Bradford III, and Jaime Hutchinson v. Monsanto Co., et al.*<br>Case No. 3:24-cv-04391-VC | |

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**[1]

---

[1] Monsanto is filing this opposition on Monday, September 16, 2024, pursuant to a stipulation between the parties filed on September 10, 2024. ECF No. 15. As of the time of this filing, the Court has not yet issued an order on that stipulation.

## TABLE OF CONTENTS

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND............ i

TABLE OF CONTENTS ..................................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION AND ISSUE TO BE DECIDED.................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................ 2

LEGAL STANDARDS.................................................................................................................. 4

ARGUMENT ................................................................................................................................. 5

I.   PLAINTIFFS FRAUDULENTLY JOINED EACH OF THE NON-DIVERSE DEFENDANTS. ................................................................................................................. 5

    A.   The Remand Motion fails to overcome Monsanto's showing that Plaintiffs fraudulently joined Crown Hardware. ..................................................................... 5

    B.   The Remand Motion fails to overcome Monsanto's showing that Plaintiffs fraudulently joined Wilbur-Ellis Company ............................................................ 8

II.   PLAINTIFFS' ARGUMENT REGARDING "JOHN DOE" DEFENDANTS IS SQUARELY FORECLOSED BY THE REMOVAL STATUTE......................................... 12

III.   REMOVAL WAS TIMELY ............................................................................................. 12

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arias v. Follet Higher Educ. Corp.*,
   No. 8:18-cv-01965, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ...........................................4, 9

*Aronis v. Merck & Co.*,
   No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2005).........................8

*Caldwell v. State Farm Gen. Ins. Co.*,
   No. C 16-03479 JSW, 2016 WL 10907158 (N.D. Cal. Aug. 16, 2016) ..................................12

*Feizbakhsh v. Travelers Commercial Ins. Co.*,
   No. LA CV16-02165 ................................................................................................................9

*Grancare, LLC v. Thrower by & through Mills*,
   889 F.3d 543 (9th Cir. 2018) ....................................................................................................4

*Higley v. Cessna Aircraft Co.*,
   No. CV 10-3345 GHK FMO, 2010 WL 3184516 (C.D. Cal. July 21, 2010)...........................6

*In re Roundup Prod. Liab. Litig. (Carson)*,
   No. 16-MD-02741-VC, 2021 WL 4314138 (N.D. Cal. Sept. 23, 2021) ........................8, 9, 12

*In re Roundup Prod. Liab. Litig. (Mignone)*,
   No. 16-MD-02741-VC, 2022 WL 4281361 (N.D. Cal. Sept. 15, 2022) .......................8, 12, 13

*In re Roundup Prod. Liab. Litig. (Pike)*,
   No. 16-MD-02741-VC, 2021 WL 4315486 (N.D. Cal. Sept. 22, 2021)
   ................................................................................................................................5, 6, 8, 9, 12

*In re Roundup Prod. Liab. Litig. (Roybal)*,
   No. 16-MD-02741-VC, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021) ............................8, 12

*In re Roundup Products Liab. Litig. (Roybal)*,
   16-MD-02741-VC, 2021 WL 5149862 (N.D. Cal. Nov. 5, 2021)
   ........................................................................................................................2, 5, 6, 7, 9, 12, 13

*Kline v. Mentor Worldwide, LLC*,
   No. 2:19-cv-00877-WBS-KJN, 2019 WL 3245102 (E.D. Cal. July 19, 2019) .........................7

*Martinez v. McKesson Corp.*,
   No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016*)* ................................7

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) ..................................................................................................4

*Pinkerton's, Inc. v. Superior Ct.*,
  49 Cal. App. 4th 1342 (1996) ...................................................................................................6

*Ritchey v. Upjohn Drug Co.*,
  139 F.3d 1313 (9th Cir. 1998) ...................................................................................................4

*Tucker v. McKesson Corp.*,
  No. C 10–2981 SBA, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011)........................................8

*Vagle v. Archstone Communities, LLC*,
  No. CV 14-03476 RGK AJWX, 2014 WL 2979201, at *7 (C.D. Cal. July 1, 2014)........12, 13

*Vieira v. Mentor Worldwide, LLC*,
  No. 2:18-cv-06502-AB, 2018 WL 4275998 (C.D. Cal. Sept. 7, 2018) ...................................11

*Vu*, 602 F. Supp. 2d at 1154-55...........................................................................................................8

**Statutes**

28 U.S.C. § 1332(a) .........................................................................................................................12

28 U.S.C. § 1441(b)(1).....................................................................................................................12

28 U.S.C. § 1441(b)(2).......................................................................................................................4

28 U.S.C. § 1446(b)(3)...................................................................................................2, 4, 12, 13

Cal. Bus. & Prof. Code § 17913 .......................................................................................................6

Cal. Corporations Code § 1502(a)(9).............................................................................................11

## INTRODUCTION AND ISSUE TO BE DECIDED

Monsanto Company ("Monsanto") filed a Notice of Removal establishing that Plaintiffs Carl Bradford III and Jaime Hutchinson fraudulently joined all four non-diverse defendants named in this action. Monsanto submitted five declarations to support its removal showing that none of the four defendants—Wilbur-Ellis Company LLC ("Wilbur-Ellis Company"), Wilbur-Ellis Nutrition, LLC, Crown Hardware, Inc. ("Crown Hardware"), and Norcal Ace Retailer Group, Inc.—had any role in designing, manufacturing, distributing, or selling Monsanto's glyphosate-based, Roundup®-branded herbicides that allegedly caused Mr. Bradford's non-Hodgkin's lymphoma ("NHL"). Ignoring numerous fraudulent-joinder decisions of this Court, including decisions involving the same exact defendants and issues as those involved here, Plaintiffs have moved for an order remanding this case to state court.

Plaintiffs do not dispute that two of the four non-diverse defendants were fraudulently joined—Wilbur-Ellis Nutrition, LLC and Norcal Ace Retailer Group, Inc. Their fraudulent-joinder arguments are thus limited to Crown Hardware and Wilbur-Ellis Company. Plaintiffs also argue that "DOES Defendants May Be California Residents" and that Monsanto's Notice of Removal was untimely. None of these arguments have merit.

Plaintiffs allege that the Roundup®-branded herbicides in question were purchased from Crown Hardware at the "Dixon Ace Hardware" store. However, the evidence conclusively disproves Plaintiffs' allegations that they purchased the alleged product from **this defendant**. Specifically, Monsanto has shown that Crown Hardware does not own, and has never owned, the "Dixon Ace Hardware" store. And contrary to Plaintiffs' claims in both the Complaint and Motion, Crown Hardware does not do business as "Dixon Ace Hardware." The store in question is owned by a distinct legal entity, which does do business as "Dixon Ace Hardware" but was not named as a defendant in this lawsuit. As such, Crown Hardware is fraudulently joined.

As this Court has found several times before, Wilbur-Ellis Company LLC is (and has been) in the business of distributing and selling only certain categories of Monsanto Roundup®-branded herbicides—namely, herbicides designed for the agricultural market and the industrial, turf &

ornamental/professional market. *See, e.g.*, *In re Roundup Products Liab. Litig. (Roybal)*, 16-MD-02741-VC, 2021 WL 5149862, at *2 (N.D. Cal. Nov. 5, 2021). It has never designed, manufactured, distributed, or sold Monsanto's Roundup®-branded, residential-lawn-and-garden herbicides. Here, Wilbur-Ellis Company's joinder was fraudulent because Plaintiffs allege only residential use of Roundup®-branded herbicides. In their motion, Plaintiffs do not dispute—and indeed re-affirm—that they allege solely residential use of Roundup®-branded herbicides. Their arguments regarding this defendant have been rejected by this Court no less than four times and should be rejected again.

Plaintiffs' remaining arguments are equally baseless:

- As a matter of black-letter law, the hypothetical citizenship of "DOE" defendants is not to be considered when assessing diversity, and

- There is no dispute that removability could not be determined from the face of the Complaint, meaning 28 U.S.C. § 1446(b)(3) applies and Monsanto's Notice of Removal was timely because it was filed within thirty days of Monsanto's receipt of "other paper from which" the case's removability could "first be ascertained."

The issue to be decided is whether, in these circumstances, this Court should deny Plaintiffs' request that this lawsuit be remanded to state court. As discussed in detail below, the answer to that question is "Yes."

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This lawsuit asserts claims against Monsanto and seeks damages for NHL allegedly caused by Monsanto's Roundup®-branded herbicides. Compl. ¶¶ 1, 22-25 (attached to Monsanto Company's Notice of Removal Case No. 3:24-cv-04391 ("Notice of Removal") as Ex. 1, ECF No. 1-1).

The Complaint also asserts claims against Wilbur-Ellis Company and Wilbur-Ellis Nutrition LLC, lumping both defendants together and referring to them collectively as "Wilbur-Ellis." Compl. ¶¶ 14, 35. The Complaint alleges that "Wilbur-Ellis is a main distributor of Roundup, and, ***upon information and belief***, distributed Roundup to retailers including, but not limited to, Pacific Ace Hardware, Dixon Ace Hardware, Lowe's, Home Depot, and Wal-Mart." *Id.* ¶ 35 (emphasis added);

- 2 -
MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:24-cv-04391-VC

*see also id.* ¶ 37 ("***Upon information and belief*** and/or records maintained by Defendants, Defendant Wilbur-Ellis directly sold and distributed Roundup to retailers in California where Plaintiff purchased Roundup, thereby exposing Plaintiff to Monsanto's harmful products and causing Plaintiff's NHL." (emphasis added)).

The Complaint refers to Crown Hardware as "Crown Hardware, Inc. d/b/a Dixon Ace Hardware ('Dixon Ace Hardware')" and asserts claims against this defendant based on the information-and-belief allegation that it sold Roundup®-branded herbicides to Plaintiff from a hardware store in Dixon, California: "***Upon information and belief***, at all times relevant to this complaint, Dixon Ace Hardware sold and distributed Monsanto products including Roundup purchased directly by Plaintiff within the State of California." Compl. ¶ 41 (emphasis added).

The Complaint also asserts claims against Norcal Ace Retailer Group, Inc., alleging that it does business as Pacific Ace Hardware and sold Roundup®-branded herbicides to Plaintiff. Compl. ¶¶ 15, 38.

Plaintiff Carl Bradford III allegedly used Roundup®-branded herbicides from approximately 1993 until 2022, with use in California from 2017 to 2022. Compl. ¶ 54. Plaintiff alleges that he "purchased Roundup from Pacific Ace Hardware, Dixon Ace Hardware, Lowe's, Home Depot, and Wal-Mart." *Id.*

On February 26, 2024, Plaintiffs filed their Complaint in the Superior Court of the State of California for San Francisco. Notice of Removal, ECF No. 1-1. Monsanto filed its Notice of Removal on July 19, 2024. ECF No. 1 Plaintiffs filed their remand motion on August 19, 2024. Pl.'s Notice of Mot. And Mot. To Remand; Mem. of Points and Authorities (collectively, "Remand Motion"), ECF No. 8. Plaintiffs do not dispute that they are California citizens and that Monsanto is a citizen of Missouri and Delaware for purposes of diversity jurisdiction. They also do not dispute that this lawsuit satisfies the jurisdictional amount-in-controversy requirement for this Court to exercise subject matter jurisdiction based on diversity of citizenship. Nor do they dispute that Wilbur-Ellis Nutrition LLC and Norcal Ace Retailer Group, Inc. were fraudulently joined.

## LEGAL STANDARDS

Although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant making a fraudulent-joinder argument is required to show that there is no possibility that the state court would hold the non-diverse co-defendant liable. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). When this showing is made, the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship. *Morris*, 236 F.3d at 1067. Fraudulent joinder also renders the "forum defendant rule" inapplicable because that rule applies only to "properly joined" defendants. 28 U.S.C. § 1441(b)(2).

"Where fraudulent joinder is an issue," courts "will go" beyond the pleadings: "'The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'" *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). This "approach is reasonable and necessary" because removing defendants "must have the opportunity to show that the [non-diverse defendant] cannot be liable on any theory." *Id.* Once the removing defendant pierces the pleadings by presenting evidence showing that a non-diverse defendant has been fraudulently joined, the plaintiff cannot rely on mere allegations in the complaint to seek remand. *See, e.g.*, *Arias v. Follet Higher Educ. Corp.,* No. 8:18-cv-01965 (JLC-JDE), 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019) (denying remand motion; holding that plaintiff did not state a claim against non-diverse defendant because "even assuming [p]laintiff's legal theories are viable, [p]laintiff has offered *no facts* to support these claims" and "submit[ted] no evidence to dispute [d]efendants' version of the facts" that established fraudulent joinder). Consistent with the foregoing, the removal statute contemplates that even if "the case stated by the initial pleading is not removable," subsequently obtained "other paper" may establish the case's removability. 28 USC § 1446(b)(3).

This Court has analyzed fraudulent joinder several times in connection with this litigation and has provided guidance based on the "experience the Court has gained throughout the course of

- 4 -

this MDL." *Roybal*, 2021 WL 5149862, at *2. A plaintiff's conjectural basis for establishing liability against a non-diverse defendant is "not enough to raise a reasonable possibility" of liability, and "speculation, without any evidentiary support, is insufficient." *Id.* at 2–3; *see also In re Roundup Prod. Liab. Litig. (Salas)*, No. 16-MD-02741-VC, 2021 WL 5149862, at *1 (N.D. Cal. Nov. 5, 2021). Moreover, "simply declaring that there is a factual dispute does not make it so." *Salas*, 2021 WL 5149862, at *2. As this Court has observed, in determining whether a defendant is fraudulently joined, a court does not "close its eyes to reality." *Roybal*, 2021 WL 5149862, at *2.

## ARGUMENT

### I. PLAINTIFFS FRAUDULENTLY JOINED EACH OF THE NON-DIVERSE DEFENDANTS.[2]

#### A. The Remand Motion fails to overcome Monsanto's showing that Plaintiffs fraudulently joined Crown Hardware.

Monsanto's Notice of Removal established that—contrary to Plaintiffs' incorrect allegation—Crown Hardware does not own the "Dixon Ace Hardware" where Plaintiffs allegedly purchased Roundup®-branded herbicides. Accordingly, Crown Hardware was fraudulently joined. This case is thus indistinguishable from *Pike*, where this Court found Crown Hardware fraudulently joined for the same reason: it "never had" the relevant retail store where the plaintiff had allegedly purchased Roundup®-branded herbicides, meaning "a different hardware store" sold the product at issue. *See In re Roundup Prod. Liab. Litig. (Pike)*, No. 16-MD-02741-VC, 2021 WL 4315486, at *1 (N.D. Cal. Sept. 22, 2021).

Plaintiffs do not appear to argue at this juncture that Crown Hardware actually sold them the Roundup®-branded herbicides they allegedly purchased. Rather, like the plaintiff in *Pike*, Plaintiffs attempt to establish a "relationship between Crown Hardware and" the subject retail store sufficient to make recovery against Crown Hardware possible nonetheless. *See id.*; *see also* Mot. at 4–7. And like that plaintiff, they rely on documents found on the Internet "informally characterizing" Crown

---

[2] As noted above, Plaintiffs do not contest Monsanto's showing that they fraudulently joined Wilbur-Ellis Nutrition, LLC and Norcal Ace Retailer Group, Inc. Accordingly, this Opposition does not address those defendants.

1  Hardware's relationship with the Dixon Ace Hardware store. *Pike*, 2021 WL 4315486, at *1; *see also* Remand Mot. at 5–7. Ultimately, however, Plaintiffs do not contend that they have shown a legally relevant link between Crown Hardware and the Dixon Ace Hardware store. Instead, they merely argue that "[t]here remains a substantial question of fact at this juncture as to the exact relationship of Crown Hardware, Inc. and Dixon Ace Hardware, and whether, in fact, Crown Hardware, Inc. possesses liabilities relating to the sale of Roundup that Plaintiff used or was exposed to." Remand Mot. at 6. "[S]imply declaring that there is a factual dispute does not make it so." *Salas*, 2021 WL 5149862, at *2. This Court has already rejected the speculative arguments raised in Plaintiffs' Remand Motion and should reject them again. *See Pike*, 2021 WL 4315486, at *1.

First, some concrete facts. Despite Mr. Schulein's declaration to the contrary, Schulein Decl. ¶ 4 (attached to Notice of Removal as Ex. 6, ECF No. 1-6), Plaintiffs repeat their allegation that Crown Hardware does business as "Dixon Ace Hardware." Remand Mot. at 5. This is false. And while the only evidence on this subject is Mr. Schulein's declaration, the Court need not take his word for it—formal documentation exists. "The designation of 'DBA' or 'doing business as' simply" mean that an entity "operates under a fictitious business name." *Pinkerton's, Inc. v. Superior Ct.*, 49 Cal. App. 4th 1342, 1348 (1996). DBAs are formally registered via statements filed with the relevant county clerk. *See* Cal. Bus. & Prof. Code § 17913. The entity that operates under the fictitious business name of "Dixon Ace Hardware"—and owns the Dixon Ace Hardware store—is Lifestyle Dixon, LLC. *See* Fictitious Business Name Statement (Ex. A to September 16, 2024 Declaration of Mark A. Schulein, attached as Ex. 1 ("Supplemental Schulein Declaration")). Crown Hardware does not own—whether directly or indirectly—either Lifestyle Dixon, LLC or the Dixon Ace Hardware store.

Mark Schulein has an indirect ownership interest in both Crown Hardware and Lifestyle Dixon, LLC. *See* Supp. Schulein Decl. ¶ 2. But that link between the entities does not make Crown Hardware liable for purchases made and products sold at Lifestyle Dixon, LLC's Dixon Ace Hardware store. *See, e.g.*, *Higley v. Cessna Aircraft Co.*, No. CV 10-3345 GHK FMO, 2010 WL 3184516, at *2 (C.D. Cal. July 21, 2010) (finding "generalized allegations relating to common

- 6 -

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:24-cv-04391-VC

ownership" insufficient to ward off a fraudulent joinder determination). And Plaintiffs' unsupported speculation that Crown Hardware "possesses liabilities" relevant to this case, Remand Mot. at 6, likewise fails to support Plaintiffs' claims. *See Salas*, 2021 WL 5149862, at *1 (rejecting an argument that "liability could have flowed" from a non-party to a fraudulently joined retailer as "speculation, without any evidentiary support").[3]

Ultimately, Crown Hardware, did not market or sell the Roundup®-branded herbicides that allegedly injured Plaintiffs and did not have any role in, or involvement with, the chain of distribution by which those herbicides got from the point of manufacture to the point of sale at the Dixon Ace Hardware store that allegedly sold them to him. Schulein Decl. ¶ 7. Moreover, Crown Hardware has: (a) never designed, tested, researched, manufactured, or obtained regulatory approval for any Roundup®-branded herbicides; and (b) never had any role in, or involvement with, determining what language should be included in labeling, or what warnings should be provided, for any Roundup®-branded herbicides. *Id.* ¶ 8.

Based on these facts, Plaintiffs clearly do not have any viable claims against Crown Hardware because that defendant's products did not cause their alleged injuries. "Under California law, a plaintiff 'claiming to have been injured by a defective product must prove that the defendant's product, or some instrumentality under the defendant's control, caused his or her injury.'" *Kline v. Mentor Worldwide, LLC*, No. 2:19-cv-00877-WBS-KJN, 2019 WL 3245102, at *3 (E.D. Cal. July 19, 2019) (holding that plaintiffs fraudulently joined California defendant that did not design, manufacture, distribute, or sell breast implants that allegedly caused plaintiffs' injuries) (quoting *DiCola v. White Bros. Performance Prods., Inc.*, 158 Cal. App. 666, 677 (2008)) (emphasis added).[4] Thus, Plaintiffs fraudulently joined Crown Hardware.

---

[3] In *Salas*, the plaintiff speculated that the retailer defendant took on a predecessor's liabilities because, in 2017, the retailer defendant purchased the store from where plaintiff had "purchased Roundup between 2004 and 2014." 2021 WL 5149862, at *1. Plaintiffs' speculation here is even more baseless than the speculation there because, unlike in *Salas*, the retailer defendant here has *never* owned the store from which Plaintiffs allegedly purchased Roundup®-branded herbicides. Schulein Decl. ¶ 5; Supp. Schulein Decl. ¶¶ 6.

[4] *See also, e.g., Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) (holding that California

- 7 -

### B. The Remand Motion fails to overcome Monsanto's showing that Plaintiffs fraudulently joined Wilbur-Ellis Company

Plaintiffs acknowledge that this case involves only allegations of residential use. *See* Remand Mot. at 1 ("Mr. Bradford avers that he used Roundup at his homes in Roswell and Decatur, Georgia, from 1993 to 2017, and at his and his daughter's homes in Dixon and Vacaville, California, from 2017 to 2022."). Accordingly, as this Court has found numerous times, Wilbur-Ellis Company was fraudulently joined.[5] Monsanto did not merely rely upon this Court's prior rulings to establish fraudulent joinder. Rather, it sought and obtained updated evidence confirming that, to this day, "Wilbur-Ellis Company markets and distributes Roundup in the agricultural and professional markets only—not the residential market." *In re Roundup Prod. Liab. Litig. (Roybal)*, No. 16-MD-02741-VC, 2021 WL 4186714, at *1 (N.D. Cal. Sept. 15, 2021); *see* Notice of Removal ¶ 28 (citing Declaration of Gina Taylor ("Taylor Declaration"); Declaration of Steven Gould ("Gould Declaration")).

As established in two declarations submitted by Monsanto, "Wilbur-Ellis Company is (and has been) in the business of distributing and selling Monsanto's glyphosate-based herbicide products for the agricultural market and the professional market[,]" but "Wilbur-Ellis Company is not (and has never been) in the business of selling glyphosate-based herbicides that are designed for the residential-lawn-and-garden market." Taylor Decl. ¶ 7; *see also* Gould Decl. ¶ 6. Thus, "Wilbur-Ellis Company has never played any role in the chain of distribution leading to Monsanto's glyphosate-based, lawn-and-garden herbicides being sold at national retail stores like Home Depot, Lowe's, Target, Walmart, Costco, or Ace Hardware." Taylor Decl. ¶ 7; *see also* Gould Decl. ¶ 6.

---

defendant was fraudulently joined because it did not manufacture Mirena and did not distribute ***plaintiff's*** Mirena); *Tucker v. McKesson Corp.*, No. C 10–2981 SBA, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011) (holding that California defendant was fraudulently joined because it did not distribute morphine tablets to pharmacy where decedent obtained morphine tablets at issue in lawsuit); *Vu*, 602 F. Supp. 2d at 1154–55 (holding that California defendant was fraudulently joined because she did not market or distribute Children's Tylenol Plus Multi-Symptom Cold medicine); *Aronis v. Merck & Co.*, No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2005) (holding that California defendant was fraudulently joined because plaintiff alleged merely that defendant was a major distributor of Vioxx without connecting defendant to plaintiff's injuries).

[5] *See e.g.*, *Roybal*, 2021 WL 4186714, at *1; *Pike*, 2021 WL 4315486, at *1; *In re Roundup Prod. Liab. Litig. (Carson)*, No. 16-MD-02741-VC, 2021 WL 4314138, at *1 (N.D. Cal. Sept. 23, 2021); *In re Roundup Prod. Liab. Litig. (Mignone)*, No. 16-MD-02741-VC, 2022 WL 4281361, at *1 (N.D. Cal. Sept. 15, 2022).

Moreover, "Wilbur-Ellis Company has never designed or manufactured Monsanto's glyphosate-based herbicides." Taylor Decl. ¶ 9; Gould Decl. ¶ 8.[6] Thus, "Wilbur-Ellis Company w[as] fraudulently joined for the reasons set out in Amended Pretrial Order No. 244." *Pike*, 2021 WL 4315486, at *1 (citing *Roybal*); *accord Carson*, 2021 WL 4314138, at *1.

In their Remand Motion, Plaintiffs make the exact same arguments with respect to Wilbur-Ellis Company as were made nearly four years ago in *Roybal*—largely copied and pasted from that brief, complete with the same section headings: (1) "Website Contradiction," (2) "Conflicting Statements of Interest," and (3) "Insufficient Evidence." *Compare* Remand Mot. at 8–10, *with Roybal*, Motion to Remand, at 6–8, Case No. 3:20-cv-08192, Dkt. No. 7. And lacking evidence that contradicts the declarations submitted by Monsanto, they are similarly forced to rely on unsupported allegations and speculation in an effort to evade this Court's jurisdiction.

When a removing defendant pierces the pleadings with evidence showing that a non-diverse defendant has been fraudulently joined—as Monsanto did in its Notice of Removal—a plaintiff seeking remand cannot rely on mere allegations or speculation lacking evidentiary support. *See, e.g., Arias*, 2019 WL 484192, at *3; *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296, at *8 (C.D. Cal. Sept. 9, 2016) (plaintiff's "conclusory allegations" not sufficient to overcome the evidence offered by the removing defendant to establish fraudulent joinder). Thus, Plaintiffs' unsupported allegations and speculation do not justify remand. By now, this Court is familiar with Monsanto's rebuttals to the arguments presented in the Remand Motion. To ensure a complete record, it again makes the points it has made before.

**First,** Plaintiffs' efforts to conjure up "contradictions" based on snippets pulled from Wilbur-Ellis Company's website, Remand Mot. at 8, fail because they do not contradict the evidence presented in the Notice of Removal regarding the limited scope of Wilbur-Ellis Company's involvement with only certain types of Monsanto's glyphosate-based herbicides. In fact, the website

---

[6] "Wilbur-Ellis Company is not (and has never been) the sole or exclusive distributor of Monsanto's glyphosate-based herbicides in the State of California." Taylor Decl. ¶ 7; Gould Decl. ¶ 7. "There are (and have been) other distributors of Monsanto's glyphosate-based herbicides in California." *Id.* "Wilbur-Ellis Company has never been the largest distributor of those herbicides in California." *Id.*

statements cited by Plaintiffs undermine their argument by highlighting that Wilbur-Ellis Company markets to agricultural and professional/IT&O herbicide users, not to residential-lawn-and-garden-herbicide users. For example, Plaintiffs assert that "Wilbur-Ellis also states that its unique expertise allows it to 'tailor solutions to *every* crop, grower and field,'" Remand Mot. at 8 (quoting website; emphasis added by Plaintiffs), but they omit an important part of that sentence. The complete sentence—"Plus, our established background in *specialty crops* gives us the unique expertise to tailor solutions to every crop, grower, and field." (emphasis added)[7]—obviously does not involve Monsanto's glyphosate-based, residential-lawn-and-garden herbicides (the product at issue in this case). Instead, that statement is directed at farmers – "grower[s]" – who use Monsanto's glyphosate-based, agricultural herbicides on their "crop[s]" and "field[s]." Plaintiffs also miss the mark by quoting other statements from Wilbur-Ellis Company's website. They assert that "Wilbur-Ellis boasts that it is a 'global service leader' in precision *agriculture* technology and products," Remand Mot. at 8 (emphasis added; citation to website omitted), but that statement does not undermine Monsanto's showing that Wilbur-Ellis Company has not had any involvement with Monsanto's glyphosate-based, residential-lawn-and-garden herbicides. Instead, that statement reinforces the conclusion that Wilbur-Ellis Company markets and sells *agricultural* herbicides.

*Second,* Plaintiffs rely on statements made by Wilbur-Ellis Company in two "Statement of Information" filings submitted to California's Secretary of State, *see* Remand Mot. at 9 & Pl.'s Exs. 2 & 3, but—contrary to Plaintiffs' argument—these statements do ***not*** conflict with Monsanto's evidence-based showing that Wilbur-Ellis Company has not had any involvement with Monsanto's glyphosate-based, residential-lawn-and-garden herbicides. One of those statements identified Wilbur-Ellis Company's "type of business" as "TRADE," Pl.'s Ex. 2, and the other statement described it as "DISTR – AGRICULTURAL CHEMICALS," Pl.'s Ex. 3. These general descriptions do not contradict or conflict with the evidence submitted with the Notice of Removal, which establishes the limited scope of Wilbur-Ellis Company's business regarding Monsanto's glyphosate-

---

[7] Wilbur-Ellis Agribusiness, LINKEDIN, https://www.linkedin.com/company/wilbur-ellis-agribusiness (last visited Sept. 13, 2024) (attached as Ex. 2).

based herbicides. Plaintiffs' argument that these "Statement of Information" forms were required to set forth limitations on the scope of Wilbur-Ellis Company's business is unsupported and plainly wrong. Plaintiffs failed to provide to this Court the California Secretary of State's instructions to companies for filling out this form. Those instructions, for the question/field at issue here, support the general statements made by Wilbur-Ellis Company, *see* Instructions for Completing Form SI-200 ("Briefly describe the general type of business that constitutes the principal business activity of the corporation.") (attached as Ex. 3), and contradict Plaintiffs' baseless argument that the lack of limitations in the statements filed by Wilbur-Ellis Company lead to the conclusion that this defendant "was quite likely involved in the distribution chain that distributed Roundup to Plaintiff or to which Plaintiff was exposed," Remand Mot. at 9.[8] In sum, Wilbur-Ellis Company was not required to include any limitations on the Statement of Information forms discussed above, and Plaintiffs' argument to the contrary lacks merit.[9]

***Third,*** Plaintiffs try to evade the persuasive force of the declarations submitted in support of the Notice of Removal by engaging in sheer speculation about Wilbur-Ellis Company's corporate transactions and then jumping to the unsupported conclusion that this activity raises "a genuine question of fact regarding who Wilbur-Ellis distributes to." Remand Mot. at 10. However, as

---

[8] Those instructions are consistent with the applicable California statutory provision, which requires a corporation to file a "statement of the general type of business that constitutes the principal business activity of the corporation (for example, manufacturer of aircraft; wholesale liquor distributor; or retail department store)." Cal. Corporations Code § 1502(a)(9). Plaintiffs do not cite any legal authority to support their contention that a company's Statement of Information form is required to describe limitations on the company's business.

[9] Plaintiffs rely on one case to support their contention that remand is required due to a purported contradiction between Wilbur-Ellis Company's Statement of Information forms and the evidence submitted in the Notice of Removal. *See* Remand Mot. at 9 (quoting *Vieira v. Mentor Worldwide, LLC*, No. 2:18-cv-06502-AB (PLAx), 2018 WL 4275998 (C.D. Cal. Sept. 7, 2018)). But that decision actually undermines Plaintiffs' argument. In *Vieira*, the court ordered remand based on its conclusion that the allegedly fraudulently joined defendant had filed a Statement of Information form that "directly contradict[ed]" the declaration submitted in support of the fraudulent-joinder-removal argument. *Id*. at *3. That Statement of Information form described that defendant's "Type of Business" as "Manufacture of Silicone Products," which "directly contradicts [the declarant's] present statement that [defendant] NuSil 'has not . . . manufactured . . . any products.'" *Id*. (ellipses in original). Here, by contrast, there is ***no*** contradiction – let alone a ***direct*** contradiction – between the declarations submitted in support of the Notice of Removal and the Statement of Information forms that Wilbur-Ellis Company submitted to the California Secretary of State.

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:24-cv-04391-VC

explained above—and as this Court has repeatedly found—this type of speculation is insufficient to support remand in the face of the evidence presented by Monsanto. *See supra* page 7 (citing cases).

This case is indistinguishable from *Roybal*, *Pike*, *Carson*, and *Mignone*—and Plaintiffs do not claim otherwise. Instead, they ignore those cases. Accordingly, the Court should find Wilbur-Ellis Company fraudulently joined here for the same reason it found fraudulent joinder in those cases.

## II. PLAINTIFFS' ARGUMENT REGARDING "JOHN DOE" DEFENDANTS IS SQUARELY FORECLOSED BY THE REMOVAL STATUTE

Plaintiffs also contend that their assertion of "claims against DOES defendants" also necessitates remand because these unknown, hypothetical defendants may be "California entities and residents." *See* Remand Mot. at 10–11. That argument is squarely foreclosed by the removal statute itself: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names **shall be disregarded**." 28 U.S.C. § 1441(b)(1) (emphasis added). This provision means what it says. *See, e.g.*, *Caldwell v. State Farm Gen. Ins. Co.*, No. C 16-03479 JSW, 2016 WL 10907158, at *2 (N.D. Cal. Aug. 16, 2016) (denying motion to remand; relying on Section 1441(b)(1) to disregard Doe defendants' citizenship and rejecting argument that they destroyed diversity). Thus, Section 1441(b)(1) requires this Court to disregard any Doe defendants' citizenship. *See, e.g.*, *Pike*, 2021 WL 4315486, at *1; *Roybal*, 2021 WL 4186714, at *2; *Carson*, 2021 WL 4314138, at *1.

## III. REMOVAL WAS TIMELY

Contrary to Plaintiffs' assertion, Monsanto's removal was timely under 28 U.S.C. § 1446(b)(3). This provision allows for removal within 30 days after receipt of "other paper from which it may first be ascertained that the case is one which is or has become removable." There should be no dispute that this provision applies: the Complaint purported to assert claims against non-diverse defendants and was not self-refuting. Nonetheless, Plaintiffs claim that Section § 1446(b)(3) does not apply because "Monsanto's notice of removal is based on nothing beyond the facts of Mr. Bradford's initial pleading." Remand Mot. at 11. This is incorrect. Monsanto's removal is based on "other paper"—five declarations establishing that each of the four non-diverse defendants were fraudulently joined. *See Vagle v. Archstone Communities, LLC*, No. CV 14-03476 RGK

- 12 -

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
3:16-md-02741-VC & 3:24-cv-04391-VC

AJWX, 2014 WL 2979201, at *7 (C.D. Cal. July 1, 2014) (holding that a declaration "was an 'other paper' that triggered a 30-day removal window under Section 1446(b)(3)).")

Because Plaintiffs named four different non-diverse defendants, Monsanto had to assess the propriety of joinder as to each of them to ascertain whether the case was removable. Even assuming that, based on this Court's prior rulings, the fraudulent joinder of Wilbur-Ellis Company LLC and Wilbur-Ellis Nutrition, LLC was ascertainable from the face of the Complaint, *see Mignone*, 2022 WL 4281361, at *2, that "was not enough to trigger section 1446(b)'s thirty-day window" because "a case is only removable on the basis of diversity jurisdiction if *all* the non-diverse defendants were fraudulently joined, not just one of them," *Salas*, 2021 WL 5149862, at *1 (emphasis in original). Monsanto could not ascertain that Crown Hardware was fraudulently joined until it received the Schulein Declaration and could not ascertain that the fourth and final non-diverse defendant, Norcal Ace Retailer Group, Inc., was fraudulently joined until it obtained a declaration from that defendant's representative establishing that it does not own the "Pacific Ace Hardware" store at which Plaintiffs allegedly purchased Roundup®-branded herbicides, does not own any other stores, and does not sell products at all. *See* Notice of Removal, ¶¶ 35-40, 50 & Ex. 5 thereto (Declaration of Kayla Garrett ("Garrett Declaration"). Because Monsanto obtained the Garrett Declaration on July 16, 2024 and filed its Notice of Removal within 30 days—on July 19, 2024—the removal was timely. *See In re Roundup Prod. Liab. Litig. (Mistich)*, Order Denying Motion to Remand, No. 16-MD-02741-VC, Dkt. No. 17481 at 2 & n.2 (N.D. Cal. Nov. 8, 2023) (finding removal within 30 days of the receipt of a co-defendant's liability-disproving declaration timely under 28 U.S.C. § 1446(b)(3)).

## **CONCLUSION**

For the foregoing reasons, Monsanto respectfully requests that the Court deny Plaintiffs' motion to remand.

DATED: September 16, 2024

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

BY: */s/Ryan S. Killian*
Ryan S. Killian
CA Bar No. 294512
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
Email: rkillian@shb.com

*Attorney for Defendant Monsanto Company*

## CERTIFICATE OF SERVICE

I certify that on the 16th day of September 2024, I electronically transmitted the foregoing **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

/s/ *Ryan S. Killian*
Ryan S. Killian
**SHOOK, HARDY & BACON LLP**

*Attorney for Defendant Monsanto Company*