UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **ORDER GRANTING MOTION TO EXCLUDE EXPERT HAMID** |
| *Gonzalez v. Monsanto Co.*, Case No. 3:20-cv-06198-VC | Re: Dkt. No. 17610 |

Monsanto's motion to exclude the testimony of Dr. Omid Hamid in the *Gonzalez* case is granted. This order assumes a familiarity with the Court's prior orders on general and specific causation and the Ninth Circuit's opinion in *Hardeman*. *See generally, e.g.*, *In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Co.*, 997 F.3d 941 (9th Cir. 2021).

Dr. Hamid is the Chief of Translational Research & Immuno-Oncology and Director of Cutaneous Malignancies at the Angeles Clinic and Research Institute in Los Angeles, California. *See* Hamid CV, Def.'s Ex. A (Dkt. No. 17610-2) at 2. He is also the Director of Experimental Therapeutics at the Cedars-Sinai Medical Care Foundation in Santa Monica, California, and holds an appointment as Professor in the Department of Medicine at the Cedars Sinai Medical Center. *See id.* at 3.

In its motion, Monsanto attacks both Dr. Hamid's qualifications and his opinion.

Regarding Dr. Hamid's qualifications, Monsanto highlights short excerpts of his deposition transcript as "troubling" proof of his lack of expertise. These arguments mostly fall flat. Dr. Hamid's testimony that "no medical oncologist, hematologist, physician in any way can indicate the true cause of cancer in a patient" is not the smoking gun Monsanto thinks it is. *See* Hamid Dep., Def.'s Ex. B (Dkt. No. 17610-3) at 86:14–20. It would be more concerning for a trained doctor to claim they could conclude with certainty the exact cause of a patient's cancer than it is for Dr. Hamid to admit he can't. Differential etiology and causation in general are complex concepts that eschew easy precision. Accordingly, the law on causation doesn't require "certainty," as Monsanto suggests, but rather that the expert identify the "most likely cause" of a plaintiff's cancer. *See Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1234 (9th Cir. 2017). Monsanto's arguments that Dr. Hamid doesn't understand the difference between dose and exposure similarly reflect narrow and unflattering excerpting of his testimony rather than more fundamental issues with his credentials.

The real issue with Dr. Hamid as an expert is his methodology. Or more accurately, his lack of methodology. In fewer than 140 words, Dr. Hamid's "report" essentially says the following: the plaintiff was exposed to Roundup, and there is evidence that "lymphoma can be related to Roundup." *See* Hamid Report, Def.'s Ex. A (Dkt. No. 17610-2) at 1. The report says nothing about whether the plaintiff's exposure caused his lymphoma (a type of non-Hodgkin's lymphoma called Waldenstrom macroglobulinemia), nor even that exposure to Roundup *can* cause lymphoma, merely that glyphosate "is thought to have harmful effects on human health" and has "carcinogenic potential." *Id.* In two brief references, Dr. Hamid vaguely mentions "multiple studies" and "animal and mechanistic studies," without explaining what those studies are, what they specifically found, how they came to their findings, or how he relied on them. *Id.*

Even if one could construe Dr. Hamid's seven cautiously caveated sentences as meaningfully articulating a causation opinion, Dr. Hamid provides no basis for how he arrived at it. There are no allusions to the opinions of general causation experts, no explanation of other risk factors, no calculation or estimation of the plaintiff's exposure. Dr. Hamid does not attempt to "rule in" potential causes of the plaintiff's lymphoma, nor "rule out" any implausible alternative causes. In short, Dr.

2

Hamid's report is not science.

Dr. Hamid's deposition testimony does nothing to resuscitate his deficient report. In it, he says that he reviewed six articles to prepare for his deposition, which the plaintiff says Dr. Hamid "relied upon to make his determinations." Opp. (Dkt. No. 26, Case No. 3:20-cv-06198-VC) at 3:12–13. Presumably, these are articles that would tend to "rule in" Roundup as a cause of lymphoma. But as far as the Court has been able to find, these articles are not identified anywhere, including in Dr. Hamid's report.[1] Some of the articles are identified by title in Monsanto's deposition questioning and some are identified by author but not comprehensively. By failing to describe what these articles are and how they informed Dr. Hamid's opinion, Gonzalez is asking the Court to just take Dr. Hamid's word for it that his cancer is related to his use of Roundup.

If the total lack of a scientific basis for Dr. Hamid's "methodology" wasn't enough to exclude his opinion, the way he conducted his "analysis" adds another nail to the coffin. When asked about other risk factors for lymphoma, like age, gender, and obesity, Dr. Hamid admitted that they can confound causation analysis but that he hadn't performed any research on how those factors relate to Waldenstrom lymphoma. *See* Hamid Dep., Def.'s Ex. B (Dkt. No. 17610-3) at 79:12–80:10, 81:1–8. And, as the deposition transcript shows, Gonzalez is male, was 62 when he was diagnosed, and was obese. *Id.* at 79:17–24; 207:8–17. Dr. Hamid testified that all of these are risk factors for lymphoma, and that he didn't consider any of them. Because Dr. Hamid's opinion provides no basis for his apparent conclusion that other potential causes of the plaintiff's lymphoma were "ruled out," it must be excluded.

Monsanto has not filed a motion for summary judgment in this case, but it appears that

---

[1] The Federal Rules require that an expert report contain "the facts or data considered by the witness." Fed. R. Civ. P. 26(a)(2)(B)(ii). If Dr. Hamid relied on these articles to draft his report, he was required to list them in the report, which he failed to do. But to be fair, it's not even clear that Dr. Hamid *did* rely on these articles. In his deposition, when asked whether he reviewed them before he prepared his report, Dr. Hamid said "I did. I would say most of them I had before I prepared the report, yes. I can't tell you which ones or which ones not, but yes, you know, I would say that the articles are repetitive in what they present and what they discuss." Hamid Dep., Def.'s Ex. B (Dkt. No. 17610-3) at 41:11–18. It should go without saying that this description does not inspire confidence that Dr. Hamid reviewed these six articles before drafting his report, or that he approached the report with any sense of scientific rigor.

summary judgment should be granted given the absence of any expert testimony on specific causation. The parties should file a letter within seven days of this ruling which states whether, in light of this ruling, the Court should file a suggestion of remand or enter summary judgment for Monsanto based on the absence of expert testimony on specific causation.

**IT IS SO ORDERED.**

Dated: September 19, 2024

_____
VINCE CHHABRIA
United States District Judge