**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030 | Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843 | Fax: 202-682-1639

*Attorneys for Defendant Monsanto Company*

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400 | Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100 | Fax: 310-576-2200

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No.: 3:16-md-02741-VC |
| *Kenneth Eilmes et al. v. Monsanto Co.*, Case No. 3:19-cv-05345-VC | **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE MONSANTO COMPANY'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF DR. KEVIN KNOPF AND FOR SUMMARY JUDGMENT** |
| *Garfield Gordon v. Monsanto Co.*, Case No. 3:19-cv-06423-VC | |
| *Clyde Haase et al. v. Monsanto Co.*, Case No. 3:19-cv-05957-VC | |
| *Neal Hayden et al. v. Monsanto Co.*, Case No. 3:19-cv-05600-VC | |
| *Carol Ann Huntley v. Monsanto Co.*, Case No. 3:19-cv-06407-VC | |
| *Eduino Pinheiro v. Monsanto Co.*, Case No. 3:21-cv-00041-VC | |
| *Paula Pinheiro v. Monsanto Co.*, Case No. 3:20-cv-08173-VC | |
| *Dean Rowland v. Monsanto Co.* Case No. 3:19-cv-05310-VC | |
| *William Setzer v. Monsanto Co.*, Case No. 3:17-cv-03448-VC | |
| *Robert Wistinghausen v. Monsanto Co.*, Case No. 3:20-cv-00027-VC | |

1         Monsanto hereby opposes Plaintiff's Administrative Motion to Strike Monsanto's
2    Supplemental Brief in Support of Motion to Exclude Testimony of Dr. Kevin Knopf,
3    ECF19266.  Monsanto's supplemental brief addresses Dr. Knopf's deposition testimony in ten
4    Wave 7 cases, testimony this Court should consider in exercising its gatekeeping role in regard
5    to Dr. Knopf's testimony.  Plaintiffs move to strike in only seven of those cases—omitting
6    reference to *Rowland*, *Setzer*, or *Wistinghausen*.  But those three cases explain the timing of
7    Monsanto's motion; Monsanto deposed Dr. Knopf in the *Setzer* and *Wistinghausen* cases on
8    August 16th, and in the *Rowland* case on August 30th.  *See* ECF19240-8 *Rowland* Dep.,
9    ECF19240-9 *Setzer* Dep., ECF19240-10 *Wistinghausen* Dep.  Monsanto received the *Rowland*
10   transcript on Friday, September 6th, the same day this Court ordered supplemental briefing at
11   the evidentiary hearing on Dr. Knopf in the *Beckfield* matter.  Monsanto filed its supplemental
12   *Beckfield* brief on September 10th and the supplemental brief at issue here on September 13th.
13   Contrary to Plaintiffs' assertion that Monsanto waited four weeks, Monsanto filed its
14   supplemental brief one week after receiving the *Rowland* transcript, and would have done so
15   earlier if not for the intervening deadline in the *Beckfield* matter.  Thus, Monsanto had good
16   cause for filing its supplemental brief on September 13th.
17         More importantly, Plaintiffs cannot show prejudice.  Their motion does not even argue
18   the point.  The deadline for Plaintiffs' oppositions have just been set and they have had as
19   much time with Dr. Knopf's deposition transcripts as Monsanto.  Moreover, Monsanto's
20   supplemental brief does not come as a surprise; Monsanto's motions to exclude Dr. Knopf
21   stated Monsanto intended to supplement its motions upon receiving Dr. Knopf's deposition
22   transcripts.  *See* ECF18993 Aug. 9 Motion to Exclude Knopf at 2 n.2 ("Monsanto reserves the
23   right to supplement this motion with evidence from those depositions after the depositions are
24   completed and transcripts are available."); ECF19048 Aug. 16 Motion to Exclude Knopf at
25   2:10–13 ("Monsanto reserves the right to supplement this motion with information from those
26   depositions when received.").
27         Plaintiffs' arguments about what Monsanto could have done differently do not justify
28   striking the supplemental brief.  Even if it were possible for Monsanto to have expedited the

1  final transcripts from Dr. Knopf's August 10–12 depositions, Monsanto would still have
2  needed to file a supplemental brief with respect to the later depositions in *Rowland*, *Setzer*, and
3  *Wistinghausen*.  And since a supplemental brief was necessary, Monsanto should not be
4  faulted for avoiding filing ten separate supplemental briefs as each of the transcripts became
5  available.  Similarly, Monsanto signaled its intent to file a supplemental brief in its earlier
6  motions, given that Plaintiffs had asked to extend the deadlines due to Dr. Knopf's
7  unavailability, and the local rules only explicitly prohibit supplemental briefs after a reply has
8  been filed.  *See* N.D. Cal. L.R. 7-3(d).  Given the importance of considering Dr. Knopf's
9  deposition testimony in determining the admissibility of his testimony, Monsanto reasonably
10 balanced the exigencies of Dr. Knopf's scheduling constraints and the interest of judicial
11 economy, and accommodated Plaintiffs' request to extend the motion deadlines.  Finally,
12 Plaintiffs argue that because the original schedule only provided two days between the close of
13 discovery and filing motions to exclude experts, Monsanto would not have had good cause to
14 request an extension, but again, that ignores the fact that Dr. Knopf was unavailable for
15 deposition in some of these cases until weeks after the motions deadline.
16     Because Monsanto had good cause to file its supplemental brief and because Plaintiffs
17 have not suffered any prejudice, their motion to strike Monsanto's supplemental brief should
18 be denied.

20 Dated: September 23, 2024                    Respectfully submitted,
21                                              **BRYAN CAVE LEIGHTON PAISNER LLP**
22
23                                              By: */s/ Linda C. Hsu*
                                                      Linda C. Hsu
24                                              Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2024, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system, which sent notice of the filing to all appearing parties of record.

/s/ Linda C. Hsu
Linda C. Hsu