

September 23, 2024

Linda C. Hsu
Partner
Direct: +1 310 576 2192
Fax: +1 310 260 4192
linda.hsu@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
120 Broadway Suite 300
Santa Monica CA 90401 2386
T: +1 310 576 2100
F: +1 310 576 2200
bclplaw.com

The Honorable Vince Chhabria
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco CA 94102

**Via ECF**

**Re:**  *In re Roundup Products Liability Litigation*, Case No. 3:16-md-02741-VC
*Gonzalez v. Monsanto Co.*, Case No. 3:20-cv-06198-VC

To the Honorable Vince Chhabria:

On September 19, 2024, Your Honor issued an order in *Gonzalez v. Monsanto Co.*, a matter subject to this multidistrict litigation, excluding Plaintiff Benito Ornelas Gonzalez's ("Plaintiff") causation expert, Dr. Omid Hamid. The Court's exclusion of Dr. Hamid's expert opinions means that Plaintiff has no expert medical testimony in support of the causation element of his claims.

Your Honor's order ended with the direction that "it appears that summary judgment should be granted given the absence of any expert testimony on specific causation. The parties should file a letter within seven days of this ruling which states whether, in light of this ruling, the Court should file a suggestion of remand or enter summary judgment for Monsanto based on the absence of expert testimony on specific causation." Dkt. 19271 at 3-4. Monsanto submits this letter requesting that the Court enter summary judgment for Monsanto in the *Gonzalez* case.

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Gonzalez is a resident of California. *See Gonzalez* Compl., Dkt. 1-1, ¶ 1.[1] Under California law, expert medical testimony is required to establish causation of a specific physical injury if such cause is not within the common knowledge of the jurors. *See Stephen v. Ford Motor Co.*, 134

---

[1] For cases "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation[,] . . . the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007).

USA.615714015.2/1JM

The Honorable Vince Chhabria
September 23, 2024
Page 2



Cal. App. 4th 1363, 1373 (2005) (in a product liability case "where the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation").

Here, Plaintiff alleges that he was diagnosed with cancer as a result of his exposure to Roundup. "With cancer the question of causation is especially troublesome[;] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id.* The causal link between Plaintiff's alleged history of Roundup exposure and his alleged injuries is a highly technical question of science beyond the jurors' understanding.

Because Plaintiff does not have any expert on the issue of causation, he cannot prove an essential element of any of his claims. And without any evidence of case-specific causation, Monsanto is entitled to summary judgment. *See, e.g.*, *Stephen*, 134 Cal. App. 4th at 1373-74 (plaintiff's "inability to present expert testimony was fatal to her product liability and negligence claims, and [thus] nonsuit was proper.").

For this reason, this Court has granted summary judgment in favor of Monsanto in other Roundup MDL cases where the plaintiff has lacked a specific causation expert, explaining:

> Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not within the common knowledge and experience of an ordinary person.

*Matthaus-Shelton v. Monsanto Co.*, Case No. 3:20-cv-00168, Dkt. 17 (Order Granting Summary Judgment dated November 29, 2023); *see also Adrine Hann v. Monsanto Co.*, Case No. 3:20-cv-7213, Dkt. 23 (Order Granting Summary Judgment dated November 3, 2022 (same)); *Beavers v. Monsanto Co.*, Case No. 3:20-cv-08799, Dkt. 21 (Order Granting Summary Judgment dated July 8, 2024 (same)).

The same result is appropriate here. Monsanto respectfully submits that the Court's order excluding the expert opinions of Dr. Hamid requires granting summary judgment for Monsanto and dismissing Plaintiff's claims with prejudice because Plaintiff can offer no admissible specific causation evidence substantiating any of his claims.

Respectfully submitted,

*Linda Hsu* (signature)

**Linda C. Hsu**
Partner