UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Beckfield v. Monsanto Co.*, Case No. 21-cv-05322-VC | **PRETRIAL ORDER NO. 295: ORDER DENYING MOTION TO EXCLUDE EXPERT KNOPF** |
| | Re: Dkt. No. 17600 |

The motion to exclude Dr. Kevin Knopf's opinion that Roundup caused Beckfield's NHL is denied. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior *Daubert* rulings in this MDL, and the arguments made by the parties.

Despite some Ninth Circuit language suggesting otherwise, doctors who focus on treating patients and diagnosing their diseases are not necessarily the most qualified to identify the cause of the disease. Treating or diagnosing a disease is very different from identifying the cause of a disease, and doctors often spend their time doing the former without giving much consideration to the latter. This has been discussed in some of the prior specific causation rulings in this MDL. *See, e.g.*, Pretrial Order No. 289 (Dkt. No. 17841) at 5 n.4; Pretrial Order No. 292 (Dkt. No. 18367) at 5 n.1. At the *Daubert* hearing, Dr. Knopf made this point himself. He explained that although sometimes a treating physician will want to understand the cause of a disease because the treatments may vary depending on the cause, the cause is often irrelevant to the treatment—including the treatment of NHL. Knopf Hearing Tr. at 8:1–11.

But Knopf does not merely have experience treating patients and diagnosing their

diseases. He also has experience and training on the issue of analyzing the cause of diseases. *Id.* at 11–21; *id.* at 46:6–9. Accordingly, from the standpoint of qualifications, Knopf is better equipped to testify about the cause of Beckfield's MCL than some of the other doctors who have been offered as specific causation experts in this MDL.

Qualifications notwithstanding, Knopf has done incredibly sloppy work in this case. Beckfield's medical records show that he's been exposed to at least four pesticides during his lifetime: Roundup, Atrazine, Lasso, and Dual. Any responsible expert performing a differential diagnosis would study all four of these pesticides to determine whether they should be initially "ruled in" as potential causes of Beckfield's NHL. But Knopf failed to consider three of them—Atrazine, Lasso, and Dual—when forming the opinion that's disclosed in his expert report.[1]

In most circumstances, this alone would require exclusion of the opinion. But Beckfield is lucky. Monsanto, in connection with its *Daubert* motion, has presented no evidence of an association between NHL and these three pesticides. Moreover, Beckfield's exposure to these pesticides was minimal compared to his exposure to Roundup. Accordingly, even though it was irresponsible of Knopf not to consider these pesticides, it was ultimately not scientific error (at least on the record presented by the parties in connection with this motion) to fail to include them in the "ruling in" portion of the differential diagnosis.

And the remainder of Knopf's opinion is within the range of scientific reasonableness. Some of Monsanto's arguments have been addressed, and rejected, in prior orders. *See* Pretrial Order No. 290 (Dkt. No. 18320) at 5–10 (rejecting substantively identical arguments regarding "dose"). Others simply don't warrant exclusion. For example, Knopf reliably opines that the literature discussing NHL in general can be extrapolated to Beckfield's specific sub-type of NHL. Knopf also provided a reasonable explanation for why he disagreed with the

---

[1] To be sure, at the *Daubert* hearing, Knopf asserted that he considered these pesticides when preparing his report. But that testimony is contradicted by his deposition testimony. Knopf Dep. at 137:2–23. Considering the record as a whole—including Knopf's manner while testifying about this issue at the *Daubert* hearing—it's clear that Knopf never considered those three pesticides (or was even aware of them) while forming his opinion.

"oversimplification" in the way Cristian Tomasetti's research on random mutations was being applied in this litigation. *See* Knopf Dep. at 141:23–142:9; *see also* Pretrial Order No. 290 at 12–13 (finding a comparable discussion of Tomasetti's work by a specific causation expert to be admissible). Overall, aside from the harmless error of failing to consider whether those other three pesticides should be ruled in as potential causes, Knopf's opinion is similar to many of the specific causation opinions that have been permitted to go forward in this MDL.

     A suggestion of remand will be filed promptly unless the parties notify the Court of a reason not to do so before the end of the week.

**IT IS SO ORDERED.**

Dated: October 23, 2024

_____
VINCE CHHABRIA
United States District Judge