UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Romano v. Monsanto Co.*,<br>Case No. 3:20-cv-06194-VC | **PRETRIAL ORDER NO. 299: ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE EXPERT WEISS**<br>Re: Dkt. No. 18976 |

The plaintiff, Nathan Romano, seeks to exclude portions of the opinion of Monsanto's specific causation expert, Dr. Lawrence Weiss. The motion is granted in part and denied in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior *Daubert* rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

Romano moves to preclude Dr. Weiss from testifying about three topics: (1) his weight, (2) his smoking history, and (3) the rest of his medical, personal, and family history. Pretrial Order No. 297 addressed motions with a similar focus, and the same logic will apply here: where Monsanto seems to want to use the challenged evidence as part of Dr. Weiss's causation presentation, the Court will decide the issue. Where Monsanto seems to agree that an aspect of Dr. Weiss's report or testimony is not relevant to his causation opinion but insists that it might be

relevant to some other aspect of the case, the Court will leave the question for the trial judge to decide.

1. Romano's arguments about excluding Dr. Weiss from testifying about his weight are based on two lines from Dr. Weiss's deposition: (1) that Dr. Weiss doesn't think anyone has a good understanding of how obesity causes DNA replication errors, which in turn leads to cancer; and (2) that Dr. Weiss declined to say that Romano's obesity led to his NHL. Weiss Dep. at 34:19–25; *id.* at 35:1–16. Romano argues this is proof that Dr. Weiss lacks sufficient facts or data to form a reliable opinion that there is a connection between Romano's obesity and his NHL. But neither of Weiss's statements can be read to mean that obesity is not a risk factor for NHL. Not understanding the mechanism by which obesity can increase NHL risk doesn't mean the association doesn't exist—it just means there isn't a good, scientific explanation for it yet, which is a different question altogether. And Dr. Weiss doesn't need to affirmatively say that Romano's uncontested obesity caused his NHL to opine that it shouldn't be ruled out as a risk factor.

Other than these two out-of-context points, Romano doesn't attempt to show that obesity is not a risk factor for NHL. Nor is it clear that he could, given that his own expert also opined that obesity is a risk factor. Accordingly, Dr. Weiss's testimony about Romano's weight will not be excluded.

2. Romano makes similar arguments about Dr. Weiss's handling of his smoking history. He hangs his hat on this exchange from Dr. Weiss's deposition:

> Q: [B]ased on all those papers, [Romano] doesn't actually have a significant enough smoking history to fit within the confines of the studies you've cited; right?"
> A: I agree.

Weiss Dep. at 34:6–11.

Romano reads this to be an admission that his smoking history is too insignificant to be an NHL risk factor. But Weiss just says Romano's smoking history isn't as significant as the smoking history of the people studied in the specific papers. A large part of the utility of expert

testimony in this MDL is to extrapolate from a limited number of scientific studies to the individual plaintiffs' cases, which will often fall outside the parameters of those studies. Dr. Weiss seems to have done just that. He even admits, just before the testimony Romano cited, that he considers Romano's smoking risk to be a weak one because of how much he smoked. Weiss Dep. at 33:23–34:4. Romano is free to challenge Dr. Weiss's analysis during cross examination (which, given Dr. Weiss's testimony, should be easy to do), but the mere fact that he extrapolated is not a reason to exclude the testimony.

If Romano could show that a history of smoking is not a risk factor for NHL, that would be a reason to exclude the testimony. Monsanto's evidence on this point is somewhat weaker than that for obesity—which both experts testified is a risk factor—and is apparently based on a single study from 2014 by Linet. But Romano does not seem to contest the issue, or argue that Linet 2014 cannot be relied upon. Therefore, Dr. Weiss will not be precluded from testifying that smoking is a risk factor for NHL.

3. Regarding Romano's father's prostate cancer, Dr. Weiss testified that although there is a weak increased incidence of NHL in patients who have relatives with solid tumors, he would not apply that risk factor to Romano's case. Weiss Dep. at 27:12–24. Monsanto concedes that Romano's father's prostate cancer is not a risk factor for his NHL, but argues it is relevant to show that Dr. Weiss conducted a valid, reliable analysis in reaching his opinion. Since the parties agree that Romano's father's prostate cancer has no causation relevance, Dr. Weiss may not testify that it does. Whether it is relevant for another purpose will be for the trial court to decide.

That leaves the rest of Romano's medical and personal history, which includes medical and dental conditions, the use of smokeless tobacco and marijuana, and alcohol consumption. The parties and Dr. Weiss agree that none of these aspects of Romano's personal and medical history are NHL risk factors. *See* Monsanto Opp. at 8–9 (Dkt. No. 19106). Dr. Weiss may not testify otherwise. To the extent Monsanto seeks to use Romano's personal and medical history for other purposes, the trial court should decide its admissibility.

**IT IS SO ORDERED.**

Dated: December 3, 2024

_____
VINCE CHHABRIA
United States District Judge