**SHOOK, HARDY & BACON L.L.P.**
Ryan S. Killian
CA Bar No. 294512
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:        rkillian@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | **DEFENDANT BAYER CROPSCIENCE LLC'S NOTICE OF RENEWED MOTION TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS** |
| *Jeanne Rutman et al. v. Bayer CropScience LLC*, Case No. 3:24-cv-06751-VC | |
| | <u>Hearing</u>: |
| | Date: January 16, 2024 |
| | Time: 10:00 a.m. |
| | Place: San Francisco Courthouse, Courtroom 4 – 17th Floor |

---

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 16, 2024 at 10:00 a.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Bayer CropScience LLC will present its Renewed Motion to Set Aside Clerk's Default and Motion to Dismiss. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Bayer CropScience LLC seek an order setting aside the Clerk's Default entered in this case. Pursuant to Rules 12(b)(2), 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure, Bayer CropScience LLC seeks an order dismissing Plaintiffs Jeanne and Robert Rutman's Complaint.

**DEFENDANT BAYER CROPSCIENCE LLC'S
RENEWED MOTION TO SET ASIDE CLERK'S DEFAULT**

Pursuant to Federal Rule of Civil Procedure 55 and Pretrial Order 1 (*In re Roundup Prods. Liab. Litig.*, Dkt. No. 2, No. 3:16-md-02741-VC (N.D. Cal.)),[1] Defendant Bayer CropScience LLC (incorrectly named in the Amended Complaint as "Bayer CropScience LLC, (Formerly Monsanto)"), by and through its counsel, hereby moves for an order setting aside the Entry of Default entered August 20, 2024 in the Southern District of Ohio (Dkt. No. 14). In light of *American Association of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 (9th Cir. 2000), as amended on denial of reh'g (Nov. 1, 2000), Bayer CropScience LLC also moves for an order dismissing Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 4(m).

**Introduction**

Prior to this case's transfer to this Court, an Entry of Default was entered against Bayer CropScience LLC. But Bayer CropScience LLC is simply not in default. It has not even been properly served with process. Plaintiffs procured an Entry of Default by (1) refusing to communicate with Bayer CropScience LLC's counsel until after seeking a default, (2) ignoring clear and irrefutable (public record) evidence that service is improper, and (3) presenting the Court with an incomplete and misleading record of this case's brief history. The Entry of Default was also improper as a matter of law because Plaintiffs did not sufficiently *prove* either service of process or default. *See* FED. R. CIV. P. 4(l), FED. R. CIV. P. 55(a). The request for a default should never have been made, and the Entry of Default should not have been entered. Moreover, even if the Court disagrees, Bayer CropScience LLC's attempts to communicate with Plaintiffs' counsel and good-

---

[1] This Motion was originally made on August 27, 2024—the day after entry of the Clerk's Default at issue. *See* Dkt. Nos. 14–15. It was reasserted on November 8 2024, in light of PTO 1 and also to provide citations to now-applicable Ninth Circuit authority. Bayer CropScience LLC inadvertently failed the Renewed Motion in the master docket, however and is therefore filing this updated version to comply with PTO 1.

1    faith belief that service was improper constitutes good cause to set aside the Entry of Default. *See*

2    FED. R. CIV. P. 55(c).

3     The Ninth Circuit has seemingly held that a Rule 55 motion raising the issue of improper

4    service also functions as a Rule 12 motion—even if it does not include a request for dismissal—

5    thus requiring the Rule 55 movant to make all available Rule 12(b)(2)–(5) arguments, or be deemed

6    to have waived them. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 (9th

7    Cir. 2000), as amended on denial of reh'g (Nov. 1, 2000). Accordingly, Bayer CropScience also

8    requests dismissal based on the absence of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2), and

9    the lack of proper service, *see* Fed. R. Civ. P. 12(b)(5); Fed. R. Civ. P. 4(m).

10

11     This case was originally filed within Ohio, so Plaintiffs' claims can proceed only if courts

12    in Ohio would have personal jurisdiction over Bayer CropScience LLC. Courts in Ohio lack general

13    jurisdiction over Bayer CropScience LLC because Bayer CropScience LLC is not incorporated in

14    that State, does not have its principal place of business in that State, and is indeed not even registered

15    to do business in that State. Further, Bayer CropScience LLC has never researched, designed, tested,

16    developed, manufactured, packaged, marketed, promoted, advertised, distributed, labeled, sold, or

17    provided warnings for Roundup®-branded herbicides and does not distribute, sell, or supply any

18    products in or to the State of Ohio. Accordingly, Plaintiffs' claims do not arise out of or relate to

19    Bayer CropScience LLC's (nonexistent) Ohio contacts, meaning specific jurisdiction is absent, too.

20

21     Dismissal is required under Rule 12(b)(5) for two reasons. First, and most basically,

22    dismissal is warranted for the same reason that Bayer CropScience LLC is not in default:

23    "insufficient service of process." FED. R. CIV. P. 12(b)(5).  Second, because this case was filed ***422***

24    ***days ago***—and because ***283 days passed before Plaintiffs even attempted to serve Bayer***

25    ***CropScience LLC with process***—Rule 4(m) also calls for dismissal.

26

27

28

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

**BACKGROUND**

1.      While essentially all of the lawsuits in the Roundup®-related litigation name Monsanto Company as a defendant, this case does not. Instead, it names as a defendant Bayer CropScience LLC—an affiliate of Monsanto Company that does not (and has never) undertaken any activities pertaining to Roundup®-branded products and is instead a non-operating holding company. *See* Declaration of Brian Naber, ¶¶ 9–12 (**Exhibit 1**).

2.      Bayer CropScience LLC is a Delaware Limited Liability Company with its principal place of business in Missouri. *Id.* ¶¶ 5–6. Bayer CropScience LLC is not registered to do business in Ohio and has no Ohio registered agent.[2] *Id.* ¶ 7.

3.      Plaintiffs originally filed their Complaint in this matter on October 16, 2023.  Dkt. No. 1. Plaintiffs never attempted to serve Bayer CropScience LLC with the original Complaint.

4.      More than 90 days later, on January 29, 2024, Plaintiffs filed their Amended Complaint. Dkt. No. 3.

5.      On July 29, 2024—178 days after the filing of the Amended Complaint and 283 days after the filing of the original Complaint—Plaintiffs represented that Defendant Bayer CropScience LLC had been served with the summons and Amended Complaint on July 25, 2024 by filing a return of service indicating that the documents had been sent to, and received by, Corporation Service Company in Columbus, Ohio. Dkt. No. 11.

6.      As discussed above, Bayer CropScience LLC is not registered to do business in the State of Ohio and has no registered agent for service of process in the State of Ohio. A different

---

[2] This can be confirmed by searching the public records maintained by the Ohio Secretary of State. *See* https://businesssearch.ohiosos.gov; *see also* OHIO REV. CODE § 1706.09(C) (requiring the Secretary of State to "keep a record of the names of limited liability companies and foreign limited liability companies, and the names and addresses of their respective agents"). Bayer CropScience LP, by contrast, is registered to do business in the State of Ohio and does have a registered agent.

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

entity, Bayer CropScience LP, is registered to do business in the State of Ohio, and its registered

agent is Corporation Service Company in Columbus, Ohio. *See* OHIO SECRETARY OF STATE, BAYER

CROPSCIENCE LP DETAILS, accessed Aug. 21, 2024 (**Exhibit 2**).

7.     Plaintiffs thus served a Summons and Amended Complaint directed to Bayer

CropScience LLC on Bayer CropScience LP's registered agent. Corporation Service Company

processed the documents on behalf of Bayer CropScience LP. *See* Service Correspondence and

Monsanto Company's Notice of Tag-Along Actions (Aug. 15, 2024), Doc. 3554-3 at 3 (**Exhibit**

**3**).[3]

8.     After receiving a copy of the summon and complaint, Defendants' counsel in the

Roundup®-related litigation attempted to communicate with counsel for Plaintiffs:

- On August 14, 2024, acting on behalf of Bayer CropScience LLC and Monsanto Company, counsel emailed Plaintiffs' counsel, providing information regarding the broader Roundup®-related litigation and the relationships between various corporate affiliates. Based on this information, counsel requested (1) the voluntary dismissal of Bayer CropScience LLC (to be substituted with Monsanto Company, the proper defendant), and (2) an extension to allow for the case's impending transfer to this Court and the Roundup® MDL. Plaintiffs' counsel did not respond. *See* Email correspondence between Ryan Killian and Jared Brankamp (Aug. 14–20, 2024) (**Exhibit 4**).

- Counsel tried to call Plaintiffs' counsel on August 15, 2024, then emailed Plaintiffs' counsel again that same day, providing his cell phone number. Plaintiffs' counsel neither returned the call nor responded to the email. *See id.*

- Later that same day, after an analysis confirmed that service was improper, Bayer CropScience LLC's counsel emailed Plaintiffs' counsel yet again, noting that the lack of proper service negated the need for any extension and offering to "address service later." Plaintiffs' counsel did not respond. *See id.*

---

[3] The cited "transmittal form" shows that the "Entity" upon whose behalf Corporation Service Company is acting is "Bayer CropScience LP." As shown by the disclaimer, Bayer CropScience LP's registered agent did not make any independent assessment regarding the validity of service or other legal issues raised by receipt of the documents: "Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action."

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

9.    This case was tagged for transfer to the Roundup® MDL on August 15, 2024, and Plaintiffs were served with the associated Notice of Tag-Along Action, filed by Monsanto Company. *See* Exh. 3.

10.    That same day, Corporation Service Company provided Plaintiffs with a "Rejection of Service of Process" related to the purported service in this case. *See* Rejection of Service of Process (Aug. 15, 2024) (**Exhibit 5**).

11.    On August 19, 2024, the United States Judicial Panel on Multidistrict Litigation entered Conditional Transfer Order 475 ("CTO 475"), conditionally transferring this to the Northern District of California for pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* CTO 475 (**Exhibit 6**).

12.    Despite being informed multiple times that service was improper, and despite the entry of CTO 475, Plaintiffs filed their Motion for Entry of Default by Clerk later in the day on August 19. Dkt. No. 12. Only after doing so did Plaintiffs' counsel respond to counsel for Bayer CropScience LLC, informing him of the filing at 6:02 PM. *See* Exh. 4.

13.    Counsel for Bayer CropScience LLC responded 30 minutes later, providing a copy of the Corporation Service Company service-rejection letter, and explaining why service was not proper. *See id.* Counsel further pointed out that Plaintiffs' theory of service could not be ascertained because Plaintiffs had cited only an inapplicable Federal Rule of Bankruptcy Procedure in their Motion for Entry of Default by Clerk. *Id.* Finally, counsel asked Plaintiffs to withdraw the request for the default. *Id.*

14.    The next morning, August 20, counsel for Plaintiffs responded with a series of questions—some of which had already been answered in the communications and documentation that Plaintiffs' counsel previously chose to ignore, others that appear to be rhetorical. *See id.* Then,

- 7 -

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

without waiting for a response, Plaintiffs' counsel filed the Application for Entry of Default by Clerk. Dkt. No. 13.

15.     The Application for Entry of Default by Clerk again cited an inapt rule and was accompanied by an unsworn, purported affidavit from Plaintiffs' counsel stating that service was made "in accordance with Federal Rule of Civil Procedure 55(a)," though that rule relates to default, not service. Dkt. No. 13 at 2. It also presents a new theory of service, claiming that service was made "by serving Monsanto Company and Bayer CropScience LLC and its Attorney, Ryan Killian, through Corporation Service Company, 1160 Dublin Rd., Suite 400, Columbus, OH 43215."[4] *Id.*

16.     Plaintiffs purported to support their claim that service was made on Bayer CropScience LLC, through its attorney somehow, by attaching a copy of the August 14 email from Bayer CropScience LLC that Plaintiffs ignored. *See id.* at 4. Plaintiffs did not tell the Court that both that same attorney and Corporation Service Company had informed them, in writing, that service was improper.

17.     The Entry of Default (a clerk's default) was entered later on August 20. Dkt. No. 14.

18.     Bayer CropScience LLC filed its Motion to Set Aside Default the next day, on August 21, 2024. Dkt. No. 15.

19.     This case was then transferred to this Court and consolidated with the *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC, multi-district litigation.

20.     Bayer CropScience LLC's Motion to Set Aside Default remains pending. Plaintiffs have not filed any response.

---

[4] Monsanto Company and Bayer CropScience LLC are distinct legal entities. Exh. 1, ¶ 14. Monsanto Company is not a defendant in this lawsuit, and Monsanto Company has not been served with process, or anything else, in this case.

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

## ISSUES TO BE DECIDED

- Whether the Court should set aside the Clerk's Default entered August 20, 2024. *See* FED. R. CIV. P. 55.

- Whether this case should be dismissed for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

- Whether this case should be dismissed for lack of proper service. *See* FED. R. CIV. P. 12(b)(4); FED. R. CIV. P 4(m).

## ARGUMENT[5]

**I.    Renewed Rule 55 Motion to Set Aside Clerk's Default**

    **A. Bayer CropScience LLC is not in default, and the Entry of Default was improper.**

      **1. Because there was no proper service, there was no default and no jurisdiction to enter a default.**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "Where a clerk's entry of default was entered despite improper service of process, there is good cause to set aside the default as void." *Navarrette v. Wren*, No. 3:22-CV-0006-LL-AHG, 2022 WL 11128279, at *2 (S.D. Cal. Oct. 19, 2022), report and

---

[5] The Sixth Circuit has held that a defendant does not waive its personal jurisdiction defense by moving to set aside a clerk's default. *See, e.g.*, *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011). The Ninth Circuit has held that a motion brought pursuant to Rule 55 can waive a personal-jurisdiction objection if the movant (1) "assert[s] insufficiency of service of process" and (2) does "not assert the defense of lack of personal jurisdiction." *Hayhurst*, 227 F.3d at 1107–08. Unlike in *Hayhurst*, Bayer CropScience LLC did emphatically "object to personal jurisdiction," *see id.* at 1108, in its original Rule 55 Motion. However, *Hayhurst* could be read to require more in the form of an affirmative request for dismissal under Rule 12(b)(2). *See id.* at 1107 ("[I]f Hayhurst raised any Rule 12 defenses in his first filing to the court, he was obliged to raise all of those specified in Rule 12(h)."). While Bayer CropScience LLC does not believe that a Rule 55 movant demonstrating the absence of service of process—and thus the absence of default—inherently proceeds under Rule 12, it now presents its Rule 12(b)(2) and Rule 12(b)(5) arguments in an abundance of caution.

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

recommendation adopted, No. 22CV006-LL-AHG, 2022 WL 21769860 (S.D. Cal. Nov. 23, 2022); *see also McCain v. California Highway Patrol*, No. 2:11-CV-01265 KJM, 2011 WL 5169372, at *3 (E.D. Cal. Oct. 28, 2011) (collecting cases). This is "a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Thus, a court must set aside a default when the defendant was not properly served. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Absent proper service, the Court lacked both a substantive basis and jurisdiction to enter a default in this case.

Plaintiffs' requests for entry of a default cite inapplicable rules, making it impossible to confidently ascertain the basis of their claim that Bayer CropScience LLC was properly served with the summons and complaint in this case. (*See* Dkt. No. 12 (citing FED. R. BANK. P. 7004); Dkt. No. 13 (citing FED. R. CIV. P. 55).) The document purportedly showing that the summons was returned executed, however, includes a handwritten reference to "Rule 4.2." (Dkt. No. 11.) There is no Rule 4.2 of the Federal Rules of Civil Procedure, but (1) Rule 4.2 of the Ohio Rules of Civil Procedure governs service, (2) Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service on an individual in accordance with "state law," and (3) Rule 4(h)(1)(A) of the Federal Rules of Civil procedure makes this method generally available in the case of business entities as well. Thus, Plaintiffs apparently attempted service under Ohio Rule 4.2.

Ohio Rule 4.2(G) provides the rule specific to limited liability companies like Bayer CropScience LLC. Service upon limited liability companies may be effectuated by mailing the summons and complaint[6] to "***the agent authorized by appointment or by law to receive service of process***; or by serving the limited liability company at any of its usual places of business by a method

---

[6] *See* OHIO R. CIV. P. 4.1(A)(1)(a).

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

authorized under Civ.R. 4.1(A)(1); or by serving a manager or member." (Emphasis added.) Plaintiffs did not purport to serve any "manager or member" of Bayer CropScience LLC. Nor did Plaintiffs purport to serve Bayer CropScience LLC at "its usual places of business." Rather, Plaintiffs purported to serve Bayer CropScience LLC through "the agent authorized by appointment or by law to receive service of process."

Service via a limited liability company's registered agent is governed more specifically by Ohio Rev. Code § 1706.09(H), which provides that service of process must be made "[b]y delivering a copy of the process . . . to the address of the agent in this state *as contained in the records of the secretary of state*." (Emphasis added.); *see also McKesson Corp. v. Benzer OH 6 LLC*, No. 8:24-CV-1396-WFJ-SPF, 2024 WL 3495039, at *1 (M.D. Fla. July 22, 2024) (citing this provision in observing that "service of process on limited liability company in Ohio may be accomplished by delivering a copy of the process to the address of the limited liability company's registered agent"). As a foreign limited liability company, however, Bayer CropScience LLC would only be obligated to have a Section 1706.09 "statutory agent" if it operated in Ohio. *See* Ohio Rev. Code § 1706.511 (requiring foreign limited liability companies that operate in this State to "register with the secretary of state").

Bayer CropScience LLC does not operate in Ohio, and is thus not registered to do business there, *see* Exh. 1, ¶ 7, as demonstrated by a search of publicly available Ohio Secretary of State records.[7] It thus has no registered agent for service of process in Ohio. Ohio Rev. Code § 1706.09(A). "[T]he records of the secretary of state" are conclusive, Ohio Rev. Code § 1706.09(H), and show that Corporation Service Company in Columbus, Ohio is not "authorized

---

[7] *See* https://businesssearch.ohiosos.gov; *see also* Ohio Rev. Code § 1706.09(C) (requiring the Secretary of State to "keep a record of the names of limited liability companies and foreign limited liability companies, and the names and addresses of their respective agents").

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

by appointment or by law" to receive service on Bayer CropScience LLC's behalf, *see* OHIO R. CIV. P. 4.2(G). Thus, Plaintiffs did not satisfy either Ohio Rule 4.2(g) or Section 1706.09(H) when mailing process in this case to Corporation Service Company in Columbus, Ohio—as was separately confirmed by that organization's subsequent written rejection of service. *See* Exh. 5.

As noted above, Plaintiffs' theory of service is unclear. For example, their most recent filing seems to suggest that service was somehow effectuated through Bayer CropScience LLC's outside counsel. *See* Dkt. No. 13 at 2. In Reply, Bayer CropScience LLC will address whatever theory of service Plaintiffs articulate, but it is already clear that whatever method Plaintiffs will claim to have pursued is not authorized by law and is, therefore, necessarily invalid. *See, e.g.*, *Galyean v. One W. Bank FSB*, No. C10-827 MJP, 2010 WL 3894464, at *2 (W.D. Wash. Sept. 29, 2010) (finding service of process "defective" where plaintiff alleged service through a third party but "fail[ed] to provide any evidence showing that [the recipient was] an agent of [the defendant] who [wa]s qualified to receive service on its behalf"); *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 870 N.E.2d 714, 718 (Ohio 2007) ("The obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation.").

Service was improper, which means the Entry of Default must be set aside as "void." *See Dorr v. Alameda Cnty. Prob. Dep't*, No. C-11-04477 DMR, 2012 WL 423745, at *3 (N.D. Cal. Feb. 8, 2012); *Wallace v. Interpublic Grp. of Companies, Inc.*, No. 09-11510, 2009 WL 1856543, at *3 (E.D. Mich. June 29, 2009) (finding that service "by certified mail to CSC at a time when CSC was no longer Defendant's resident agent" meant that "service was improper and the default must therefore be set aside").

**2. As a matter of law, Plaintiffs failed to prove both service of process and default.**

Plaintiffs did not merely fail to achieve service, they also failed to prove either that service was achieved or that Bayer CropScience LLC is in default. Federal Rule of Civil Procedure 4(l) is

- 12 -

entitled "**Proving Service.**" "Unless service is waived, proof of service must be made to the court," and unless made "by a United States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1). Similarly, a default may not be entered unless the defendant's "failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).

As discussed above, proper service is a prerequisite to default. Plaintiffs never proved proper service, however. There is no document on the docket that could be considered an affidavit proving service for purposes of Rule 4(l)(1). The only purported "affidavit" in the record is the attorney "affidavit" attached to the Plaintiffs' Application for Entry of Default by Clerk. (Dkt. No. 13 at 2.) That document is not sworn, however, meaning it is not an affidavit. *See Young v. Allstate Co.*, 662 F. Supp. 3d 1066, 1072 (C.D. Cal. 2023) (distinguishing between "sworn affidavits" and "unsworn declarations").

To have evidentiary value—and be treated as an affidavit for purposes of federal rules and statutes—the purported affidavit would have to comply with 28 U.S.C § 1746, "Unsworn declarations under penalty of perjury." The *sine qua non* of an adequate Section 1746 declaration is the attestation that it is made under penalty of perjury. *See, e.g.*, *Shepard v. Quillen*, 840 F.3d 686, 687 n.1 (9th Cir. 2016) (staging that under Section 1746, "unsworn statements are admissible as long as attested to under penalty of perjury"). The purported "affidavit" ostensibly supporting Plaintiffs' Application for Entry of Default by Clerk was not made under penalty of perjury, however, and therefore has no evidentiary value. *See Young*, 662 F. Supp. 3d at 1072.

There is no proof of service in this case and, therefore, no evidence of default. The Entry of Default should not have been entered for this additional reason.

**B. If the Court were inclined to find service proper for any reason, Bayer CropScience LLC requests that the Court exercise its discretion to set aside the Entry of Default.**

Bayer CropScience LLC has shown that it was not served properly. Bayer CropScience LLC also established that before any responsive pleading purportedly came due, and before Plaintiffs ever sought a default, it tried to communicate with Plaintiffs—attempting in vain to correct attorney errors that will ultimately prove case dispositive and specifically informing Plaintiffs' counsel of the lack of proper service. *See* Exh. 4. In the unlikely event the Court were to find service proper, these circumstances support setting aside of the default as a discretionary matter.

If the entry of default were legally permissible, it could still be set aside for "good cause shown." FED. R. CIV. P. 55(c). "In assessing whether to set aside a default for good cause, a court looks to whether '(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default.'" *Coen Co., Inc. v. Pan Int'l, Ltd.*, 307 F.R.D. 498, 503 (N.D. Cal. 2015) (quoting *In re Hammer*, 940 F.2d 524, 525–26 (9th Cir. 1991)). While any single factor can justify refusal to set aside a default, "the Ninth Circuit has consistently emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)). Here, each of the three factors weigh in favor of setting aside the clerk's default.

(1)    Delayed resolution of a case is not cognizable prejudice in this context. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1095 (9th Cir. 2010). Rather, "[t]he standard is whether [Plaintiffs'] ability to pursue [their] claim will be hindered." *Falk*, 739 F.2d at 463. Plaintiffs here can show no sort of prejudice. Indeed, as discussed below, the delays impeding this case's progress are all attributable to Plaintiffs' own failure to serve. Moreover, the default was entered because Plaintiffs decided to ignore communications from the defense along

- 14 -

with conclusive evidence that service was improper. Bayer CropScience LLC, by contrast acted diligently to prevent the erroneous entry of a default and then to address the default once it was entered. Setting aside the default would not prejudice Plaintiffs.

(2)    As established throughout this brief, Bayer CropScience LLC has at least three meritorious defenses: (1) the lack of personal jurisdiction, (2) the lack of service and applicability of Rule 4(m), and (3) (on the merits) a complete lack of liability because Bayer CropScience LLC did not design, manufacture, or sell the product at issue in this products liability case and is not otherwise responsible for said product. "Therefore, this factor also weighs in favor of setting aside the entry of default." *See, e.g.*, *Coen Co.*, 307 F.R.D. at 505 (finding alleged lack of personal jurisdiction to be a meritorious defense).

(3)    A good faith belief that service was improper precludes any finding that a defendant's non-appearance was culpable for purposes of the final factor. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697–98 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Bayer CropScience LLC has already demonstrated the basis for its position that it was not properly served in this case. Moreover, through counsel, Bayer CropScience LLC reached out to Plaintiffs prior to any arguable responsive-pleading deadline, provided information regarding the background of this case and the identity of the proper defendant, specifically informed them of the failure of service, and offered to address these issues cooperatively. This is a far cry from culpable misconduct. *See TCI*, 244 F.3d at 698 ("[W]e have typically held that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."). If anything, the culpable misconduct occurred when Plaintiffs refused to communicate with Bayer CropScience LLC, ignored information showing that service was improper, and sought a default based on a distorted account of the record.

- 15 -

1

2          All three discretionary factors weigh in favor of setting aside the clerk's default. If setting

3     aside the default is not required as a matter of law, it should be done as a discretionary matter. *See,*

4     *e.g.*, *J & J Sports Prods., Inc. v. Nguyen*, No. 5:11-CV-01166 EJD, 2011 WL 6294332, at *2 (N.D.

5     Cal. Dec. 14, 2011).

**II.      Rule 12(b)(2) Motion to Dismiss**

6          Personal jurisdiction represents the power of the court to render a binding judgment against

7     a party. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The

8     United States Supreme Court has long recognized that the Due Process Clause of the United States

9     Constitution "operates to limit the power of a State to assert in personam jurisdiction over a

10    nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14

11    (1984). "In an MDL case, personal jurisdiction is derived from the transferor court." *In re Telexfree*

12    *Sec. Litig.*, No. 4:14-MD-02566-TSH, 2019 WL 398126, at *1 (D. Mass. Jan. 29, 2019) (quoting *In*

13    *re WellNx Mktg. & Sales Practices Litig.,* No. 07-MD-1861, 2010 WL 3652457, at *1 (D. Mass.

14    Sept. 15, 2010), and collecting cases); *see also In re Auto. Refinishing Paint Antitrust Litig.*, 358

15    F.3d 288, 297 n.11 (3d Cir. 2004) ("[T]he transferee court can exercise personal jurisdiction to the

16    same extent that the transferor court could.").

17         Here, the transferor court's authority to exercise jurisdiction is dictated by Ohio law, as

18    limited by constitutional due process requirements. *See, e.g.*, *Yahoo! Inc. v. La Ligue Contre Le*

19    *Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). "Under Ohio law, personal

20    jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers

21    jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*,

22    667 F.3d 705, 712 (6th Cir. 2012). "Nevertheless, in evaluating whether personal jurisdiction is

23    proper under Ohio's long-arm statute," the Sixth Circuit has "consistently focused on whether there

24    are sufficient minimum contacts between the nonresident defendant and the forum state so as not to

- 16 -

offend 'traditional notions of fair play and substantial justice.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000)). This focus on the constitutional bounds of due process makes particular sense in this case because, while not directly alleging any basis of establishing personal jurisdiction, Plaintiffs' allegations implicate the Ohio long-arm statute. *See* OHIO REV. CODE § 2307.382(A)(3) (permitting the exercise of personal jurisdiction over a defendant' who causes "tortious injury by an act or omission in this state").

Federal due process permits general personal jurisdiction over defendants that are "at home" in the forum state and specific personal jurisdiction over defendants whose suit-related conduct creates a substantial connection to the forum state. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). General personal jurisdiction allows a court to "hear any and all claims against" the defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear*, 564 U.S. at 919). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919).

At the pleading stage, when personal jurisdiction is challenged, plaintiffs cannot rely on allegations controverted by a declaration. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021) ("We 'may not assume the truth of allegations in a pleading which are contradicted by affidavit.'") (quoting *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1284 (9th Cir. 1977)); *see also* 28 U.S.C. § 1746 (permitting unsworn declarations in place of affidavits). As shown below, the Constitution does not permit courts in Ohio to exert personal jurisdiction over Bayer CropScience LLC in this case.

### A.  The Court lacks general jurisdiction.

A court may exercise general jurisdiction over a corporation only if the "corporation's affiliations with the State in which the suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 671 U.S. at 122 (quoting *Goodyear*, 564 U.S. at 919). This is generally limited to two places: (1) "the place of incorporation" and (2) "the principal place of business." *Id.* at 137. Outside of those places, a corporation theoretically may still be "at home" based on extensive affiliation with the forum state, but this would be "exceptional." *See id.* at 138, 139 n.19.

Bayer CropScience LLC is a Delaware limited liability company with its principal place of business in Missouri. Exh. 1, ¶¶ 5–6.  Plaintiffs do not allege otherwise. *See* Compl., ¶ 11 (identifying Bayer CropScience LLC as "a Foreign Limited Liability Company with its principal place of business" in Missouri). Nor do Plaintiffs otherwise allege that Bayer CropScience LLC is somehow "at home" in Ohio. In fact, Bayer CropScience LLC has no presence in Ohio and is not even registered to do business there. *See* Exh. 1, ¶ 7. The Court thus lacks general jurisdiction over Bayer CropScience LLC.

### B.  The Court lacks specific jurisdiction.

Specific personal jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. Three things must be shown for specific personal jurisdiction to be appropriate: (1) that Bayer CropScience LLC "purposefully avail[ed] [it]self of the privilege of conducting business in [Ohio]" or "purposefully direct[ed] its activities" toward Ohio, (2) that Plaintiffs' claims "arise out of" Bayer CropScience LLC's Ohio-related activities, and (3) that "the exercise of jurisdiction . . . comport[s] with fair play and substantial

- 18 -

justice, i.e., it must be reasonable." *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). It is Plaintiffs' burden to establish the first two prongs of this test. *Schwarzenegger*, 374 F.3d at 802. If they could meet that burden, then it would be Bayer CropScience LLC's burden to make a showing under the third prong. *Id.* But Plaintiffs cannot satisfy either of the first two prongs, making the third immaterial.

Plaintiffs cannot show that Bayer CropScience LLC purposely availed itself of the privilege of conducting business in Ohio or purposefully directed its activities toward Ohio.  As discussed above, Bayer CropScience LLC is not even authorized to do business in Ohio. Exh. 1, ¶ 7. While Plaintiffs conclusorily allege that Bayer CropScience LLC distributed Roundup®-branded herbicides in Ohio and "derived substantial revenue from goods and products used in the State of Ohio," Compl., ¶ 14–20, these conclusory allegations must be disregarded in light of the contrary *evidence*, *see* Exh. 1, ¶ 12 ("Bayer CropScience LLC does not distribute, sell, or supply any products (including Roundup®-branded herbicides) in or to the State of Ohio."); *see also Ayla, LLC*, 11 F.4th at 978. Bayer CropScience is a non-operating holding company based in Missouri.  Exh. 1, ¶ 9. It is entirely unclear why Plaintiffs sued this entity and insisted on prosecuting claims against it when informed of their mistake, but their decision to bring suit in Ohio against a defendant that has not even purposely availed itself of the Ohio forum means they cannot possibly establish personal jurisdiction. *See, e.g.*, *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

Nor can Plaintiffs show that their claims arise out of or relate to Bayer CropScience LLC's (nonexistent) Ohio activities. *See id.* Bayer CropScience LLC has essentially nothing to do with Roundup®-branded herbicides. Monsanto Company—a distinct company—has undisputedly manufactured and distributed Roundup®-branded products. But Bayer CropScience LLC does not operate Monsanto Company (or any other company). Exh. 1, ¶ 9. It does not manufacture or sell

- 19 -

Roundup®-branded herbicides. *Id.* ¶ 11. It does not advertise Roundup®-branded herbicides. *Id.* It does not research, design, develop, test, package, market, promote, distribute, label, or provide warnings for Roundup®-branded herbicides. *Id.*; *see also Bristol-Myers Squibb Co.*, 582 U.S. at 359.

No "suit-related conduct" by Bayer CropScience LLC "create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 283–84. Plaintiffs cannot show that their claims arise out of Bayer CropScience LLC's Ohio activities because those activities do not exist. And Plaintiffs cannot even show that their claims arise out of Bayer CropScience LLC's activities generally because Bayer CropScience LLC has not performed any acts giving rise to Plaintiffs' claims. Any contrary allegations must be disregarded, *Ayla, LLC*, 11 F.4th at 978, and specific jurisdiction is absent for this additional reason, *see Bristol-Myers Squibb Co.*, 582 U.S. at 264.

### III.    Rule 12(b)(5) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to seek dismissal of an action for insufficient service of process. FED. R. CIV. P. 12(b)(5). The plaintiff bears the burden of establishing the validity of service under Federal Rules of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Generally, "[i]f a plaintiff is unable to satisfy this burden, the court may exercise its discretion to either dismiss the action or retain the action and quash the service of process." *Chang v. Beauchamp*, No. 19-CV-07068-JSW, 2021 WL 667498, at *2 (N.D. Cal. Jan. 19, 2021), aff'd, No. 21-15293, 2022 WL 576022 (9th Cir. Feb. 25, 2022). That discretion is circumscribed, however, when the failure to achieve service is paired with a violation of Rule 4(m), which sets a 90-day deadline for achieving service:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

Upon a showing of good cause, courts must extend service beyond 90 days. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). But courts do not allow "the good cause exception to swallow the rule." *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). "Good cause generally means plaintiff attempted service but did not complete it; plaintiff was confused about the requirements of service; or plaintiff was prevented from serving defendants by factors beyond his control." *Television Signal Corp. v. City & Cnty. of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000), order clarified, No. C-99-2081-VRW, 2000 WL 1022962 (N.D. Cal. July 11, 2000).

"In deciding whether to exercise its discretion to extend time for service in the absence of a finding of good cause, courts may consider (1) whether the applicable statute of limitations would bar refiling if the action is dismissed; (2) whether the delay will prejudice defendant's ability to defend on the merits; (3) whether the defendant is evading service; and, (4) whether the defendant has concealed a defect in attempted service." *Patel v. Dameron Hosp.*, No. CIVS991275DFLPANPS, 2000 WL 35619441, at *5 (E.D. Cal. June 23, 2000). A Rule 4(m) violation represents a failure to prosecute, and "[a] presumption of prejudice to defendants arise from a failure to prosecute." *Id.* at *6 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998)). To rebut the presumption, the plaintiff must provide a "non-frivolous excuse for the delay." *Id.* But a long delay "weighs against granting an extension regardless of whether defendants have shown any actual prejudice." *Id.* at *6. Beyond the four factors identified in *Patel*, courts also consider "whether service eventually was accomplished and, if so, how long after the [prescribed] time period." *Id.* at *5.

**A.  Plaintiffs failed to serve within the 90-day period required by Rule 4(m).**

Bayer CropScience LLC has already shown above that it never received sufficient service of process. *See* FED. R. CIV. P. 12(b)(5). Ordinarily, the question for the Court would be whether it should exercise its discretion to dismiss the case or merely quash service. *See Chang*, 2021 WL 667498, at *2. But Plaintiffs have not merely failed to achieve service; they have also violated Rule 4(m)'s service deadline. And they violated the deadline long before they ever even *attempted*

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC

service. More than 90 days passed without service between the filing of the original Complaint and the filing of the Amended Complaint. *See* Dkt. Nos. 1, 3 (105 days). And more than 90 days passed between the filing of the Amended Complaint and Plaintiffs' first and only attempt to effectuate service on July 25, 2024. *See* Dkt. Nos. 3, 11 (178 days). The case was filed more than a year ago, and Plaintiffs' Rule 4(m) violation is ongoing.

**B.  Plaintiffs lacks good cause for their failure to timely serve Bayer CropScience LLC.**

"[T]he next question is whether plaintiffs have established good cause for their failure to comply with Rule 4(m)." *Patel*, 2000 WL 35619441, at *4. The burden of establishing good cause rests squarely on plaintiffs. *Wei*, 763 F.2d at 372. While Rule 4(m) mandates an extension of time upon a showing of good cause, Plaintiffs here cannot establish good cause.

This is a case, like *Wei*, where the Plaintiffs cannot show attempted service, cognizable confusion, or that "factors beyond [their] control" prevented them from timely achieving service. *See id.* Plaintiffs did not even *attempt* service until *283 days* after filing their Complaint. *See Third World Media, LLC v. Does 1-1568*, No. C 10-04470 LB, 2011 WL 4344160, at *1 (N.D. Cal. Sept. 15, 2011) (recognizing that the Rule 4(m) deadline runs from the filing of an original, rather than amended, complaint). And "[t]here is no indication that defendant tried to evade service." *See Television Signal Corp.*, 193 F.R.D. at 646. To the contrary, after becoming aware of the defective service, Bayer CropScience LLC's counsel offered to "address service later"—in conjunction with an effort to direct their counsel to the proper defendant. *See* Exh. 4.  Because Plaintiffs did not even attempt to effectuate service until long after the deadline to do so had passed, they cannot possibly establish good cause. *See id.*

**C.  Plaintiffs lack good cause for failure to timely serve Monsanto.**

"[T]he next question is whether, despite their failure to show good cause for the delay, plaintiffs warrant a favorable exercise of discretion to extend the time for service by" the amount of

time that would be necessary to make service timely—here, more than 420 days and counting. *See Patel*, 2000 WL 35619441, at *5. All of the factors weigh against extending the service deadline.

(1)    ***Running of the applicable statute of limitations?*** The applicable 2-year statute of limitations has expired. *See* OHIO REV. CODE § 2305.10(A); *see also* Am. Compl., ¶ 109 (alleging an October 17, 2022 diagnosis date). Nonetheless, the limitations-based factor does not weigh in favor of extending the service deadline. First, as shown above, this Court and courts in Ohio lack personal jurisdiction over Bayer CropScience LLC due to a lack of minimum contacts with Ohio. Second, Bayer CropScience LLC is not a proper defendant at all in case involving allegations of injuries resulting from exposure to Roundup®-branded herbicides. For these reasons, the statute of limitations is just one of multiple reasons Plaintiffs' claims against Bayer CropScience LLC cannot proceed. Its expiration thus does not weigh in favor of an extension of the service deadline.

(2)    ***Prejudice to defendant?*** Plaintiffs' failure to prosecute gives rise to "[a] presumption of prejudice." *Patel*, 2000 WL 35619441, at *5. Plaintiffs cannot rebut the presumption because they cannot provide a "non-frivolous excuse for the delay." *Id.* Additionally, the lengthy delay "weighs against granting an extension regardless of whether defendants have shown any actual prejudice." *Id.* at *6. If there is not actual prejudice to Bayer CropScience LLC in this case, it is only because this entity is simply an improper defendant that can establish a complete defense based on the lack of personal jurisdiction and, on the merits, its lack of connection to the case. But that is another reason to dismiss Plaintiffs' case, not to allow them more time to serve this improper defendant.

(3)    ***Service evasion?*** As established, Bayer CropScience LLC did not attempt to evade service in this case. Instead, Plaintiffs violated Rule 4(m) long before they ever attempted service.

(4)    ***Concealment of a service defect?*** Bayer CropScience LLC did not conceal the defect in the already-late June 25, 2024 service attempt.  To the contrary, counsel for Bayer CropScience LLC promptly notified Plaintiffs' counsel of the defect and offered to address it in conjunction with the concurrent effort to have Plaintiffs bring their claim against the proper defendant (Monsanto Company). *See* Exh. 3. Plaintiffs also received a formal notice that service had been rejected. *See*

- 23 -

Exh. 5. Plaintiffs then acted in bad faith by ignoring the clear insufficiency of service in this case and seeking a default against a never-served improper defendant. This factor weighs heavily against granting Plaintiffs an extension now.

(5)     *Eventual service?* To this day—more than a year after this case's commencement—Plaintiffs have still not properly served Bayer CropScience LLC with process.[8] *See Patel*, 2000 WL 35619441, at \*5. This additional factor weighs in favor of dismissal.

~~~

All of the factors weigh against granting Plaintiffs an extension of time in which to effectuate service. The case should, therefore, be dismissed pursuant to Rules 4(m) and 12(b)(5).

## CONCLUSION

For the foregoing reasons, Bayer CropScience LLC respectfully requests that the Court set aside the improper Entry of Default, dismiss this case for lack of personal jurisdiction and due to improper service, and for such other and further relief as the Court deems just.

DATED:  December 11, 2024                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/Ryan S. Killian*
        Ryan S. Killian
        CA Bar No. 294512
        600 Travis Street, Suite 3400
        Houston, TX 77002-2926
        Telephone:  (713) 227-8008
        Facsimile:  (713) 227-9508
        Email:     rkillian@shb.com
        *Attorney for Defendant*
        MONSANTO COMPANY

---

[8] On September 11, 2024, the undersigned received an email from Plaintiffs' counsel, with a purported "Request for Waiver of Process." *See* Email from Jared Brankamp to Ryan Killian (Sep. 11, 2024) (**Exhibit 7**).The email did not include either the summons or the complaint and instead consisted of a MS Word document bearing a "JUDICIAL PANEL ON MULTIDISTRICT LITIGATION" caption and purporting to represent a waiver request pursuant to "Rule 4.7 of the Ohio Rules of Civil Procedure." *See id.* Of course, the Ohio Rules of Civil Procedure do not apply, and the document does not qualify as a valid request to waive service under Rule 4(d) of the Federal Rules of Civil Procedure. Specifically, it does not comply with, at a minimum subparagraphs (A), (B), (C), and (D) of Rule 4(d)(1).

DEFENDANT BAYER CROPSCIENCE LLC'S RENEWED MOTION
TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS
3:16-md-02741-VC & 3:24-cv-06751-VC