UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PRETRIAL ORDER NO. 306: ORDER GRANTING IN PART AND DENYING IN PART MONSANTO'S MOTION TO EXCLUDE EXPERT MILLER** |
| *Collins v. Monsanto Co.*, Case No. 3:20-cv-01419-VC | |
| | Re: Dkt. No. 18963 |
| *Kay v. Monsanto Co.*, Case No. 3:21-cv-00175-VC | |
| *Glassman v. Monsanto Co.*, Case No. 3:20-cv-00024-VC | |
| *Iona v. Monsanto Co.*, Case No. 3:20-cv-02404-VC | |
| *Berenfeld v. Monsanto Co.*, Case No. 3:18-cv-01428-VC | |
| *Proctor v. Monsanto Co.*, Case No. 3:21-cv-00172-VC | |
| *Belfleur v. Monsanto Co.*, Case No. 3:20-cv-00621-VC | |
| *Thompson v. Monsanto Co.*, Case No. 3:20-cv-08851-VC | |
| *Holmes v. Monsanto Co.*, Case No. 3:20-cv-03363-VC | |

Monsanto's motion to exclude Thomas Miller is granted in part and denied in part. This

ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior Daubert rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

All but one plaintiff, Collins, withdrew Miller as an expert after Monsanto filed its motion. *See* Notice of Withdrawal, Dkt. No. 19383. Accordingly, Monsanto's motion is denied as moot as to plaintiffs Kay, Glassman, Iona, Berenfeld, Proctor, Belfleur, Thompson, and Holmes.

That leaves one live dispute: Monsanto's challenge to Miller's qualifications to opine about the health outcomes and effects of glyphosate exposure. *See* Monsanto Reply (Dkt. No. 19531) at 1. Collins argues that the Court already rejected this argument in PTO No. 290, which noted that the challenged exposure quantification expert's reliance on epidemiological studies was limited to examining the kinds of exposure metrics used in the studies. *See* PTO No. 290 (Dkt. No. 18320) at 3. If Miller's report here contained a similarly limited use of the epidemiological studies it cites, Collins might be correct. But Miller's report strays too far into interpretation, claiming that recent studies show a link between glyphosate exposure and NHL, and that Collins' exposure to glyphosate put him at a high risk for adverse health effects. Miller is not a doctor, a medical toxicologist, an epidemiologist, an oncologist, or otherwise qualified to opine about the effects of Roundup exposure in the human body. Therefore, Monsanto's motion is granted as to that testimony. Miller may still testify about quantifying plaintiff's exposure to Roundup, which Monsanto does not challenge.

IT IS SO ORDERED.

Dated: January 14, 2025

_____
VINCE CHHABRIA
United States District Judge