UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Agosta v. Monsanto Co.*, Case No. 3:21-cv-06562-VC | **PRETRIAL ORDER NO. 310: ORDER GRANTING MOTION TO EXCLUDE OPINIONS OF EXPERT KOTHARI**<br><br>Re: Dkt. No. 18951 |

    Monsanto's motion to exclude the opinions of Dr. Shalin Kothari is granted. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior Daubert rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

    1. Agosta confirms in his opposition that Kothari is not being offered as a general causation expert. Agosta Opp. (Dkt. No. 19434) at 4.

    2. With respect to specific causation, Monsanto argues that Kothari did not demonstrate an ability to judge whether Dr. Tomasetti's research would support ruling in naturally occurring genetic mutations as a possible cause of Agosta's NHL. In response, Agosta points to the discussion in Kothari's report about whether Agosta has any genetic disorders that could increase his risk for NHL. That section mentions "other conditions marked by DNA repair deficiencies,"

which is at least somewhat responsive to the idea that NHL can be caused by DNA replication errors. Kothari Report at 9. But Kothari's discussion of the topic during his deposition shows that he failed to grapple with Tomasetti's scientific theory—a theory that Kothari acknowledges is important and appears in textbooks and "high impact" publications. Kothari Dep. at 149:8–151:25. Kothari's only substantive response to the theory appears to be a critique of the study design: "if they had done an appropriate study where a known causative factor such as glyphosate within the world of lymphomas was included in the calculation, this could look very different." Kothari Dep. at 163:21–25. But that critique seems to misunderstand Tomasetti's work, which compared the effects of random gene replication errors against environmental and lifestyle factors that were known carcinogens. S*ee* Pretrial Order No. 289 at 8. When compared to Dr. Boyd's testimony, whose explanation of how he ruled out random mutations was found scientifically reasonable in Pretrial Order No. 290, Kothari clearly comes up short. Dkt. No. 18320 at 12–13. In the face of the evidence Monsanto has presented relating to this theory, including the research of Tomasetti, Kothari's failure to provide a scientifically reasonable basis for why he did not consider random mutations as a potential cause requires the exclusion of his specific causation opinion.

**IT IS SO ORDERED.**

Dated: February 24, 2025

VINCE CHHABRIA
United States District Judge