**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030 | Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843 | Fax: 202-682-1639

*Attorneys for Defendant Monsanto Company*

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400 | Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100 | Fax: 310-576-2200

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No.: 3:16-md-02741-VC |
| *Douglas Harris v. Monsanto Co.* Case No.: 3:16-cv-05786-VC | **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUGGESTION OF REMAND** |

**I.    Introduction**

Plaintiff's Motion for Suggestion of Remand (the "Motion") rests on two contentions. First, Plaintiff claims that he "has waited longer than any other Plaintiff in this litigation for resolution." Second, he states that the parties have conducted pretrial discovery and briefed certain pretrial issues. But Plaintiff also acknowledges that Monsanto's Motion to Exclude the Testimony of Dr. Martyn Smith—his general causation expert—remains pending. This fact, which Plaintiff does not meaningfully address in the Motion, is fatal to his request for a suggestion of remand.

The United States Judicial Panel on Multidistrict Litigation (the "JPML") transferred this action to this Court because it involves issues common to all cases consolidated in this Multidistrict Litigation ("MDL"). One such issue is general causation, *i.e.* whether glyphosate is generally capable of causing non-Hodgkin's lymphoma in humans at real-world exposure levels. In its Order of Conditional Transfer, the JPML advised that a suggestion of remand would only be appropriate after this Court had an opportunity to resolve all pretrial proceedings on the common issues, including general causation.

Plaintiff filed several pretrial motions, including a motion to exclude Monsanto's causation expert under Rule of Evidence 702 and *Daubert*. The Court has since ruled on these pretrial motions. Having obtained these rulings, Plaintiff now seeks to deny Monsanto the very same benefit of this Court's guidance on causation issues. That one-sided procedural outcome is not what the JPML envisioned when it transferred this action. Monsanto respectfully requests that the Court deny the Motion until it rules on Monsanto's motion to exclude Dr. Smith. Doing so will advance this Court's interests in avoiding inconsistent pretrial rulings and conserving the resources of the parties, their counsel, and the judiciary.

**II.    Background**

Plaintiff filed this action on July 20, 2016. *See* Dkt. No. 1. Like the other plaintiffs in this MDL, he alleges that "[a]s a direct and proximate result of being exposed to Roundup" and its active ingredient, glyphosate, he "developed non-Hodgkin's lymphoma." Dkt. No. 7 at ¶ 8. The operative complaint acknowledges this legal and factual overlap, comparing the injuries at issue here to those suffered by "thousands of *similarly situated* victims across the country." *Id*. at ¶ 3 (emphasis added).

On October 6, 2016, the JPML transferred this action to this Court. Dkt. No. 17; MDL Dkt. No. 1. In doing so, the JPML emphasized the "efficiencies to be gained by centralization" based on the common questions posed by the general causation inquiry: "all the actions entail an overarching query—whether glyphosate causes non-Hodgkin's lymphoma in persons exposed to it while using Roundup." *Id*. at 2; *see also id*. ("[i]ssues concerning general causation, the background science, and regulatory history will be common to all actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to ... *Daubert* motion practice); and conserve the resources of the parties, their counsel, and the judiciary"). The JPML contemplated that "***[w]hen discovery and other pretrial proceedings related to the common issues have been completed***, the transferee judge may suggest Section 1407 remand of the actions to their transferor courts for more individual discovery and trial, if necessary." *Id*. (emphasis added).

Nearly eight years after he filed this action, on February 27, 2024, Plaintiff filed a Motion to Assign Case to Wave 7 (the "Motion to Assign"). Dkt. No. 25 at 1:19-21; MDL Dkt. No 17984. He claimed that "[i]n September 2020, [his] lawyers … executed a Master Settlement Agreement (MSA)" with Monsanto. *Id*. at ¶ 2. Plaintiff, however, rejected his individual settlement offer, and for the next two years he attempted to mediate his claims without success. *Id*. at ¶¶ 4-5. On December 14, 2023, Plaintiff rejected yet another settlement offer from Special Master Kenneth R. Feinberg. *Id*. at ¶ 7.

On March 6, 2024, the Court granted the Motion to Assign and assigned this action to Wave 7G. *See* Dkt. No. 27; MDL Dkt. No. 18018.

Plaintiff served his expert disclosure on June 7, 2024. *See* Dkt. No. 32-16; MDL Dkt. No. 18985-16. The disclosure lists Dr. Smith as a general causation expert and states that he will testify that "glyphosate is a probable human carcinogen and that exposure to glyphosate and glyphosate-based formulations is a probable cause of NHL in humans." *Id*. at 3:15-16.

On August 9, 2024, Plaintiff filed a Motion for Partial Summary Judgment and a Motion to Partially Exclude the Specific Causation Testimony of Dr. William Fleming. *See* Dkt. Nos. 29-30; MDL Dkt. Nos. 18972, 18979. Monsanto, in turn, filed motions to exclude the testimony of Plaintiff's disclosed experts, Drs. Dennis Weisenburger, Chadhi Nabhan, and Martyn Smith. *See* Dkt. Nos. 31-33; MDL Dkt. Nos. 18985-18986, 18992.

In its Motion to Exclude the Testimony of Dr. Smith, Monsanto raised several challenges to Dr. Smith's contemplated expert testimony. First, Dr. Smith's treatment of the epidemiological evidence is unreliable, warranting complete exclusion. *See*, *e.g.*, Dkt. No. 47 at 3:13-6:8 (citing *Hardeman v. Monsanto Co.*, 997 F.3d 941, 963 (9th Cir. 2021) for the proposition that "experts must have reliably based their general causation opinions on epidemiological evidence showing a connection between glyphosate and cancer"); MDL Dkt. No. 19528 at 3:13-6:8 (same). Second, his novel "Key Characteristics" methodology is neither reliable nor helpful. Dkt. No. 32 at 4:3-7:11; MDL Dkt. No. 18985 at 4:3-7:11. Third, and finally, his remaining opinions regarding trace impurities and other subjects are neither grounded in science, nor do they reflect the reliable application of a reliable methodology. *See id*. at 7:21-12:3.

The Court denied Plaintiff's summary judgment motion on September 25, 2024. Dkt. No. 40; MDL Dkt. No. 19293. On November 18, 2024, the Court granted in part Plaintiff's motion to exclude Dr. Fleming. Dkt. No. 50; MDL Dkt. No. 19764. And on January 14, 2025, it granted in part Monsanto's motion to exclude Dr. Nabhan. Dkt. No. 51; MDL Dkt. No. 20021. The motion to exclude Dr. Smith, however, remains pending.

**III.     Legal Standard**

Section 1407 provides that "[w]hen civil actions involving one or more common questions of fact are pending in different jurisdictions, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the [JPML] … upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a); *see also In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011) ("the Panel's judgment is that, on balance, transfer of these cases under Section 1407 will allow a single judge to formulate a pretrial program that prevents duplicative proceedings on common issues and allows pretrial procedures on case specific issues to proceed either concurrently or after Section 1407 remand"). "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings." 28 U.S.C. § 1407(a).

Under Section 1407, a suggestion of remand is appropriate "when the … action or claim is, in fact, ready for trial, or otherwise ready for remand because the common pretrial proceedings pertaining to that action or claim have been completed and the action would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings." *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979). Thus, "the default under the statute is that an action is remanded to its transferor court ***at the conclusion of pretrial proceedings***." *In re Generic Pharms. Pricing Antitrust Litig.*, 717 F. Supp. 3d 1361, 1365 (J.P.M.L. 2024) (emphasis added). "Remand is inappropriate … when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.'" *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 2020 WL 7687866, at *4 (S.D. Cal. Nov. 20, 2020).

**IV.    Argument**

The JPML transferred this action to this Court because it involves "issues concerning general causation" that are "common to all [Roundup] actions." Under the JPML's Order of Conditional Transfer and the principles described in Section III, this action is not ripe for remand until the "pretrial proceedings relating to the common issues have been completed" and continued consolidation will no longer advance the "efficiencies to be gained by centralization." *See* Dkt. No. 17; MDL Dkt. No. 1; *In re Midland Credit Mgmt., Inc.*, 2020 WL 7687866, at *4.

Plaintiff does not address these considerations in his Motion. Instead, he focuses on the fact that he "was one of the first people to file a Roundup case." *See* Dkt. No. 52 at 1:24-25; MDL Dkt. No. 20264 at 1:24-25. Of course, the Court assigned this case to Wave 7G ***at Plaintiff's request***. *See* Dkt. No. 25; MDL Dkt. No 17984. Thus, even if mere delay was sufficient on its own—Plaintiff cites no authority suggesting that it is—the Court should deny the Motion.

In any event, Plaintiff *cannot* credibly argue that this case is ripe for remand based on its procedural posture. He designated Dr. Smith to address an "overarching inquiry"—general causation—that caused the JPML to transfer this action in the first place. Monsanto then filed the motion to exclude Dr. Smith, arguing that his general causation opinions and contemplated testimony should be excluded in their entirety. That motion is precisely the type of pretrial matter that has been reserved for this Court's determination, and it remains pending today. *See* Pretrial Order No. 202 at 1-2 ("motions to

exclude expert testimony regarding causation are appropriate for adjudication by this Court, because that testimony is so closely intertwined with the summary judgment motions relating to causation"). Plaintiff's request for a suggestion of remand should be denied for the threshold reason that the pretrial proceedings on general causation have not been completed. *See Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. at 975 (remand is proper when "the common pretrial proceedings … have been completed").

Further, the factors discussed in *In re Midland* weigh in favor of continued consolidation. The Court has already ruled on several pretrial motions in this action, including two motions to exclude under *Daubert* and controlling Ninth Circuit precedent. *See* Dkt. Nos. 40, 50, 51; MDL Dkt. Nos. 19764, 19293, 20021. Remanding this action while the motion to exclude Dr. Smith remains pending—thereby requiring the parties to brief the motion a second time before another court—would undermine the Court's interest in preventing inconsistent pretrial rulings and invite forum-shopping.

Nor would issuing a suggestion of remand conserve the resources of the parties, their counsel, or the judiciary. The parties briefed the motion to exclude Dr. Smith, submitting 36 exhibits and citing numerous epidemiological, toxicological, and other scientific studies. *See* Dkt. Nos. 32, 41, 47; MDL Dkt. Nos. 18985, 19414, 19528. Monsanto's arguments rely on this Court's prior orders. *See*, *e.g.*, Dkt. No. 32 at 11:11-13 (citing Pretrial Order No. 288); MDL Dkt. No. 18985 at 11:11-13 (same). Still other arguments address advances in the epidemiological literature since the Court issued Pretrial Order No. 45 in 2018. *See* Dkt. No. 47 at 3:12-6:8; MDL Dkt. No. 19528 at 3:12-6:8 (same). Remanding this action now would require the parties to duplicate this extensive briefing and require another court—presumably one less familiar with this mass litigation than this Court—to brush up on seven years of law and decades of science. *See* Pretrial Order No. 265 at 2 (denying motion for suggestion of remand because "the parties … may benefit from proceeding here, where claims against Monsanto have been litigated for over five years" and based on the Court's "role in adjudicating the claims against Monsanto in the MDL").

Plaintiff's request for a suggestion of remand is premature and should be denied.

///

///

**V.     Conclusion**

Having obtained the benefit of this Court's rulings on his pretrial motions, Plaintiff now seeks to deny Monsanto the same benefit. But when the JPML transferred this action to this Court, it understood that a suggestion of remand under Section 1407 would be unwarranted until "pretrial proceedings related to the common issues" had been completed. This is the "default" presumption under the statute, and with good reason: the interests in promoting consistent pretrial rulings and conserving the resources of the parties, their counsel, and the judiciary will be undermined if this Court is not permitted to address the "overarching inquiry" of general causation.

Plaintiff ignores all of these considerations, suggesting (with no support) that a suggestion of remand is appropriate because his claims have been pending for several years, and because the parties have conducted some pretrial discovery. Monsanto respectfully requests that the Court decline to issue a suggestion of remand until it rules on Monsanto's pending Motion to Exclude the Testimony of Dr. Smith. Doing so will advance the judiciary's stated interests and the policy considerations supporting the MDL architecture.

Dated: March 6, 2025                      Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**


By: */s/ Linda C. Hsu*
         Linda C. Hsu
Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2025, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system, which sent notice of the filing to all appearing parties of record.

*/s/ Linda C. Hsu*
     Linda C. Hsu