UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Perillo v. Monsanto Co.*,<br>Case No. 3:21-cv-02550-VC | **PRETRIAL ORDER NO. 316: ORDER GRANTING MOTION TO EXCLUDE EXPERT MEHTA**<br>Re: Dkt. No. 19043 |

Monsanto's motion to exclude the testimony of Dr. Amit Mehta is granted. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior Daubert rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

Mehta's opinion could be found inadmissible for any number of reasons. For example, it's questionable whether Mehta reliably "ruled in" Roundup as a cause of Perillo's NHL. As Dr. Mehta testified, he did not rely on any other experts' general causation opinions to do so. *See* Mehta Dep. at 15:24–16:4. That means Dr. Mehta must offer his own admissible general causation opinion. *See* Order Granting Motion to Exclude Expert Christopher Vogel (Dkt. No. 18662) at 2. The scant three paragraphs Mehta spends on the NHL literature in his report are clearly deficient for that purpose. Mehta did discuss the literature at his deposition, which is

possibly sufficient to show he had an understanding of the key literature.

But even if his "ruling in" process for Roundup was reliable, Mehta's opinion would be excluded because he didn't consider the plaintiff's exposure to other pesticides. Mehta admitted that Perillo was exposed to malathion for more than 20 years. *See* Mehta Dep. (Dkt. No. 19043-9) at 122:1–6. Mehta admitted that Perillo's exposure to malathion put him at increased risk for NHL. *See id.* at 133: 4–11. And his only explanation for why he concluded that glyphosate was the bigger contributor was that Perillo was exposed to glyphosate for 31 years and to malathion for only 21. *Id.* at 132:10–23. But Mehta hasn't offered any reason to conclude that any carcinogenic effects of malathion would fall on the same dose-response curve as the alleged carcinogenic effects of glyphosate. In other words, his explanation is unscientific. That requires his exclusion.

The Court will withhold ruling on Monsanto's motion for summary judgment until the Court has finished deciding the remaining Wave 7 Daubert motions. See Pretrial Order No. 314 (Dkt. No. 20341) at 3–4.

**IT IS SO ORDERED.**

Dated: March 20, 2025

_____
VINCE CHHABRIA
United States District Judge