UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Hutchison v. Monsanto Co.*,<br>Case No. 3:20-cv-03444-VC<br><br>*Lopez v. Monsanto Co.*,<br>Case No. 3:20-cv-05888-VC | **PRETRIAL ORDER NO. 318: ORDER GRANTING IN PART AND DENYING IN PART MONSANTO'S MOTION TO EXCLUDE EXPERT DR. CLAYTON SMITH AND MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 18957 |

Monsanto's motion to exclude the testimony of Dr. Clayton Smith is granted in part and denied in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior *Daubert* rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

According to Monsanto's Reply, the only live issue remaining from its motion is whether Smith reliably ruled out other causes of the plaintiffs' NHL. *See* Monsanto Reply (Dkt. No. 19502) at 1. For both plaintiffs, this includes exposure to other pesticides—Hutchison was exposed to one called "Feed & Weed," and Lopez was exposed to one called Guthion. As previously stated, it is not scientific error to fail to "rule in" exposure to other pesticides when there is no evidence they have an association with NHL. *See* Pretrial Order No. 295 (Dkt. No.

19614) at 2. Since Monsanto has not presented any evidence that exposure to either pesticide is a risk factor for NHL, Smith's testimony will not be excluded for failure to consider them.

Monsanto also argues that Smith's treatment of natural replication errors shows that his differential diagnosis was unscientific. But Smith adequately explained why the issue of natural replication errors did not change his conclusions. *See, e.g.*, Smith Dep. (*Lopez*) at 127:24–128:24.

Smith's opinion in the *Lopez* case is nonetheless excluded because of how he handled Lopez's obesity. Smith's opinion regarding obesity is very similar to the opinion about obesity offered by a prior plaintiff's expert, Dr. Schneider, which the Court excluded. *See* PTO No. 288. (Dkt. No. 17504) at 9–10. Like Schneider, Smith wrote in his report (incorrectly) that the plaintiff was not obese and did not discuss any evidence pertaining to obesity as a risk factor. *See* Smith Report (*Lopez*) at 4. Like Schneider, Smith testified at deposition that his review of the literature did not show clear evidence for obesity as a risk factor. *See* Smith Dep. (*Lopez*) at 79:5–80:1. And like Schneider, Smith did not describe or cite a single study in his report to support his opinion that obesity is a weak risk factor. In fact, the only time Smith appears to have discussed an article about obesity as a risk factor was when Monsanto showed him an article at deposition that listed obesity as a factor that could lead to NHL along with immune disorders, infection, genetics, and occupational hazards. *See id.* at 83:3–7. In other words, his testimony that obesity is "a possible contributor" does not appear to be based in a reliable review of the literature. *Id.* at 79:23.

The Court will withhold ruling on Monsanto's motion for summary judgment until the Court has finished deciding the remaining Wave 7 Daubert motions. See Pretrial Order No. 314 (Dkt. No. 20341) at 3–4.

**IT IS SO ORDERED.**

Dated: March 20, 2025

_____
VINCE CHHABRIA
United States District Judge