Jennifer A. Moore (SBN: 206779)
jennifer@moorelawgroup.com
**MOORE LAW GROUP, PLLC**
1473 South 4th Street
Louisville, KY 40208
Telephone: (502) 717-4080
Facsimile: (502) 717-4086

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | Hon. Vince Chhabria<br><br>**MOORE LAW GROUP, PLLC'S OBJECTION TO PRETRIAL ORDER NO. 312: ORDER REGARDING DISTRIBUTION OF COMMON BENEFIT FUNDS** |

Moore Law Group, PLLC ("MLG") respectfully submits the following objection to Pretrial Order No. 312 ("PTO 312").[1]

MLG greatly appreciates the Court's recognition that the Fee Committee's initial proposed allocation was inadequate given the law firm's significant contributions to the common benefit of all MDL plaintiffs with its work as trial counsel in *Hardeman* and as settlement negotiator for thousands of claimants and their law firms including multiple firms in leadership. However, the current allocation contains a gross disparity as the three firms that serve on the Fee Committee allocated themselves 81% of the Common Benefit Fund (the "Fund"). To allow this

---

[1] MLG fully incorporates herein its Objection to Fee Committee's Proposed Allocation of Common Benefit Funds filed on the docket on February 9, 2024. [Dkt. 17899]. MLG also incorporates its Application for Distribution of Common Benefit Funds submitted to the Special Master and Fee Committee on December 5, 2023. These documents set forth in great detail MLG's contributions to the common benefit in terms of hours spent, quality of work, impact of the work from the only MDL trial, and work to obtain settlements for thousands of claimants.

would be an inequitable result and one that can be easily remedied by slight adjustments to the allocations to make them reflect a fairer distribution.

Only seven firms applied for distributions. There is no dispute that each of these firms contributed in some form to the common benefit. Two of the seven law firms served as MDL trial counsel: MLG and Andrus Wagstaff. Two others served as state court trial counsel: Wisner Baum and The Miller Firm. As this Court previously acknowledged, the three initial trials, and particularly the *Hardeman* verdict, "helped pave the way for substantial settlements for other MDL plaintiffs…" [Dkt. 13192 at 28.] Likewise, the Fee Committee applauded the work of trial counsel in *Hardeman* stating,

> [t]here is no question that the *Hardeman* verdict was critical to the success of the litigation and greatly benefitted all MDL plaintiffs. As the only bellwether trial in the MDL, the *Hardeman* trial proceedings served as a guidepost for future federal trials and resulted in substantial work product, including critical evidentiary and admissibility rulings from the Court. There was undoubtedly a "salutary rippling effect" that the *Hardeman* verdict had on the other MDL cases.

[Dkt. 17817 at 12.]

However, even after these major victories, immediate settlements did not occur. Ms. Moore had to spend over a year actively engaged in settlement negotiations for thousands of cancer victims including clients of multiple court-appointed leadership firms in the MDL and non-leadership MDL firms. It took over a year of intense and long negotiations with Monsanto before it started settling cases. In fact, almost a year after the *Hardeman* verdict, Ms. Moore settled the very first Roundup case in the country in January 2020. That led to other individual settlements early in 2020 including two cases Ms. Moore negotiated for two of the other Fund applicants, and for no fee in either case. MLG recognized the global benefit of getting Monsanto to the table and having cases start resolving. From the summer of 2019 until the fall of 2020, Ms. Moore spent nearly every single day advocating for a global settlement, then ultimately for a critical mass of settlements. Working with Monsanto's general counsel as well as outside settlement counsel, Ms. Moore created the framework for eligibility for settlement and drafted and negotiated the template settlement agreement used by thousands of claimants and multiple MDL law firms, including leadership. MLG then administered settlements for thousands of

claimants including those represented by Fund applicants and other MDL firms. There is no question Ms. Moore's work both in the trial and settlement contexts benefitted all MDL plaintiffs.

That is why it is simply unfair to disproportionally allocate the three firms on the Fee Committee 81%. MLG recently requested an accounting of the Fund and learned that there has been a total of $25,367,310.54 in deposits from 142 firms with earned interest of $1,790,435.27. After payment of taxes and fees to the Fund Administrator, the Fund has a balance as of February 28, 2025 of $26,521,665.08.

Over 61% of the Fund's deposits originate from four law firms: MLG, Andrus Wagstaff, The Miller Firm, and Weitz and Luxenberg. By allocating themselves 81%, the Fee Committee is shifting a substantial amount of MLG's fees to themselves. In fact, MLG is the only firm with a current allocation percentage that results in the firm contributing more than their disbursements. This is simply wrong.

| Law Firms to Receive Disbursement | Current Allocation | Percentage Contributed to Fund | Difference |
|---|---|---|---|
| Andrus Wagstaff | 30% | 24.59%[2] | +5.41% |
| The Miller Firm | 24.5% | 12.88% | +11.62% |
| Moore Law Group | 8% | 12.53% | **-4.53%** |
| Weitz & Luxenberg | 26.5% | 11.32% | +15.18% |
| Wisner Baum | 7% | 2.73% | +5.89% |
| Lockridge | 2% | 0.38% | +1.62% |
| Andrus Anderson | 2% | 0.00% | +2% |

MLG contributed $3,179,719.23 to the Fund and $428,585.37 of its *Hardeman* fee was paid into the Fund for a total of $3,608,304.60. Despite this, the Fee Committee believes that it

[2] Andrus Wagstaff's contribution to the Fund includes the full 8% holdback from the *Hardeman* verdict *including* MLG's fee share for the holdback. Adding the amount MLG paid to the Fund (via Andrus Wagstaff) from its *Hardeman* fees, MLG's percentage increases from 12.53% to 14.22% and Andrus Wagstaff's decreases from 24.59% to 22.90%. This shows that the MDL trial counsel—Ms. Wagstaff and Ms. Moore—contributed the largest amounts to the Fund—over 37%; yet, Ms. Moore's firm is the only firm in the negative.

would be appropriate to redistribute approximately $1.6 million of fees earned by Moore Law Group to themselves. This does not comport with fairness or the law. *See In re Vioxx Prods. Liab. Litig.,* 802 F. Supp.2d 740, 773 (E.D. La. 2011) ("…**trials and the preparation involved therein played a substantial role in creating an environment in which settlement could be spawned, birthed, and nurtured. Therefore, in this case the attorneys who took up the cudgels and participated in those trials deserve an appropriate recognition for their efforts.** To simply total the hours spent, apply an appropriate lodestar factor, and allocate the fee on that basis alone would not be appropriate in this case.") (emphasis added).

While the Court should not merely consider the percentage contributed versus percentage disbursed, the above chart illustrates the inequitable result of the current allocation with such a heavy percentage allocated to the Fee Committee. The proposed percentage is not in line with the substantive and critical role Moore Law Group contributed to the MDL as a whole, both as trial counsel and also leading settlement negotiations to the benefit of thousands of cancer victims represented by multiple MDL leadership and non-leadership firms. For these reasons, MLG respectfully requests the Court reconsider its allocation of 81% to the Fee Committee and reasonably and fairly increase the allocation to MLG given its MDL work.

Dated: March 20, 2025                    **MOORE LAW GROUP, PLLC**


By:    */s/ Jennifer A. Moore*
       Jennifer A. Moore (SBN 206779)
       MOORE LAW GROUP, PLLC
       Jennifer@moorelawgroup.com
       1473 South 4th Street
       Louisville, KY  40208
       Telephone: 502-717-4080

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of March 2025, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Jennifer A. Moore
Jennifer A. Moore (SBN 206779)
MOORE LAW GROUP, PLLC
Jennifer@moorelawgroup.com
1473 South 4th Street
Louisville, KY  40208
Telephone: 502-717-4080

MOORE LAW GROUP, PLLC'S OBJECTION TO PTO 312