UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Agosta v. Monsanto Co.*,<br>Case No. 3:21-cv-06562-VC | **PRETRIAL ORDER NO. 321: ORDER GRANTING MOTION FOR RECONSIDERATION OF PRETRIAL ORDER NO. 310**<br>Re: Dkt. No. 20306 |

Lead plaintiffs' counsel is correct that the Court clearly erred in excluding Dr. Kothari's opinion on the ground that he failed to adequately account for random replication errors. It's true, as has been previously noted, that Dr. Tomasetti's work on random replication errors is an important contribution to the scientific debate about cancer generally and NHL specifically. Any competent expert should be familiar with that work—particularly any competent general causation expert. But as Tomasetti himself has explained, he will attribute a cancer to random replication errors when the patient has not been exposed to a known environmental cause. *See* Tomasetti Hearing Tr. 71:7–19. And he believes that Roundup is not a known environmental cause. But other experts have offered admissible (albeit shaky) opinions that Roundup is, in fact, a known environmental cause. A specific causation expert can rely on such an opinion and perform a differential etiology that incorporates it. That's what Kothari did here. And at his deposition, he addressed Tomasetti's work by explaining that Tomasetti's analysis would have looked "very different" had he treated Roundup as a known environmental cause. Kothari Dep. (Dkt. No. 163:12–164:1). That's essentially what Tomasetti says as well. Thus, assuming Agosta

has a reliable general causation opinion to offer at trial, Kothari's opinion should not have been excluded for failure to adequately grapple with Tomasetti.

This requires the Court to turn to Monsanto's two other arguments for exclusion of Kothari's opinion: his alleged failure to evaluate Agosta's exposure to Roundup and family history. The exposure argument is easy to reject. Although Kothari may not have quantified the exposure, his report and deposition testimony make clear that he reliably concluded that Agosta was exposed to a lot of Roundup over a long period of time, and took that exposure into account when conducting his differential etiology.

Regarding family history, Monsanto has presented no evidence to rebut Kothari's statement in his report that none of the syndromes noted in Agosta's family history (including several types of non-blood cancers) "have any established strong association with non-Hodgkin lympoma." Kothari Report at 9. Monsanto is free to cross examine Kothari on whether a family history of non-blood cancers is associated with increased risk for NHL.

Accordingly, the motion for reconsideration is granted, and Monsanto's motion to exclude Agosta's opinion is denied.

**IT IS SO ORDERED.**

Dated: March 26, 2025

_____
VINCE CHHABRIA
United States District Judge