UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Moreland v. Monsanto Co.*,<br>Case No. 3:20-cv-03069-VC | **PRETRIAL ORDER NO. 325: ORDER DENYING MONSANTO'S MOTION TO EXCLUDE EXPERT KEVIN KNOPF AND FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 20077 |

Monsanto's motion to exclude the specific causation opinions of Dr. Kevin Knopf is denied. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior Daubert rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

Outside of its preservation arguments, Monsanto advances a single ground for exclusion: that Knopf failed to reliably rule out the plaintiff's potential exposure to pentachlorophenol (PCP), which was spilled into a creek near where he lived in 1989. Monsanto has presented some evidence that PCP exposure is associated with NHL. *See* IARC Monograph 117, Pentachlorophenol and Some Related Compounds (Dkt. No. 20077-6) at 123. Knopf's report offers two explanations for ruling out the potential exposure: (1) the EPA has stated "there are no unacceptable human pathways for 3 of the 4 sites" and the only exposure risk for the fourth site

is eating fish from the site, which Moreland said he did not do; and (2) the NHL incidence rate for that area is lower than for other counties, despite the contamination. Knopf Report (Dkt. No. 20077-2) at 34–35.

It seems like this second explanation is not reliable—neither Knopf nor the plaintiff in his opposition could satisfactorily show where the data supporting the lower NHL incidence rate point could be found. *See* Knopf Dep. (Dkt. No. 20077-3) at 103:2–105:22. But it can't be said that Knopf failed to investigate the potential exposure, and he gave a shaky but admissible explanation for how he ruled it out based on the EPA's human pathways statements. His testimony will not be excluded, and Monsanto can explore the weaknesses of that explanation during cross examination.

* * *

As the plaintiff will be able to call Knopf to opine on specific causation, Monsanto's motion for summary is denied.


**IT IS SO ORDERED.**

Dated: March 31, 2025

_____
VINCE CHHABRIA
United States District Judge