UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Moreland v Monsanto Co.*, Case No. 3:20-cv-03069-VC | **PRETRIAL ORDER NO. 327: ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE EXPERT WALTER LONGO** |
| | Re: Dkt. No. 20085 |

The plaintiff's motion to exclude the testimony of Dr. Walter Longo is granted in part and denied in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior *Daubert* rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

1. Moreland first seeks to exclude testimony relating to his alleged diabetes as not being based on sufficient facts. The central argument is whether a certain record indicating that Moreland had diabetes is reliable. That question is better addressed with cross examination than exclusion.

2. Moreland also seeks to preclude Longo from testifying about Moreland's medical, family, and social history. Monsanto affirms in its opposition that Longo will not testify that those factors are risk factors for NHL—whether the information is admissible for another

purpose will be left for the trial court to decide.

    3. Longo's opinions about Moreland's NHL risk from living near Superfund sites and use of Spectracide are excluded. Longo's report discloses that Moreland may have been exposed to pentachlorophenol by living near certain Superfund sites. *See* Longo Report (Dkt. No. 20085-2) at 11–12. Further, Monsanto has presented some evidence that exposure to pentachlorophenol is a risk factor for NHL. *See* IARC Monograph 117, Pentachlorophenol and Some Related Compounds (Dkt. No. 20077-6) at 123. But when probed at deposition, Longo's opinions fell apart. He couldn't name which chemicals Moreland was exposed to, couldn't identify any literature establishing the NHL risk from exposure to Superfund sites, and couldn't point to any areas of his report that did either of those things. *See* Longo Dep. (Dkt. No. 20085-3) at 199:3–200:7. The same is true of his deposition testimony about Spectracide: he could not quantify Moreland's exposure or identify any literature establishing its NHL risk. *See id.* at 193:4–194:20. And neither Longo nor Monsanto have provided any evidence that it has an association with NHL.

    4. Longo may opine about urinary tract infections as a risk factor for NHL. The evidence for the risk factor is weaker than some, which Moreland can explore on cross examination. But it's not unreasonable to apply more general research about chronic inflammatory conditions (even a specific set of inflammatory conditions) to a urinary tract infection, which Moreland impliedly admits is an inflammatory condition. *See id.* 213:1–9. Moreland cites a study that seems to counter Longo's position that UTIs are associated with NHL. *See* Reply (Dkt. No. 20296) at 3. However, Moreland apparently did not ask Longo about that study at deposition, and the transcript excerpts Moreland presented in his motion are not sufficient to show Longo's position on UTIs is unreliable.

    5. Longo's opinions about Moreland's alleged cocaine use will not be excluded. As with UTIs, the evidence for cocaine use as a risk factor is relatively weak. But Longo's opinion appears to be based on a legitimate study, and the record Moreland has developed doesn't show his opinion on this point is unreliable. *See* Longo Report at 17; *see also* Longo Dep. at 132:6–8,

2

214:9–16. To be clear, this ruling only extends to the material's exclusion under *Daubert*—it may very well be that it is too prejudicial to be admissible, which will be for the trial court to decide.

**IT IS SO ORDERED.**

Dated: March 31, 2025

_____
VINCE CHHABRIA
United States District Judge