UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: *Scheh v. Monsanto Co.*, Case No. 3:20-cv-02427-VC | **PRETRIAL ORDER NO. 328: ORDER DENYING MONSANTO'S MOTION TO EXCLUDE EXPERT SHALIN KOTHARI** |
| | Re: Dkt. No. 20151 |

Monsanto's motion to exclude the testimony of Dr. Shalin Kothari is denied. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior Daubert rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

1. Scheh confirms in his opposition that Kothari is not offering a general causation opinion. Scheh Opp. (Dkt. No. 20256) at 6.

2. Kothari appropriately "ruled in" Roundup. *See* Pretrial Order No. 290 (Dkt. No. 18320). Kothari also appropriately explained how he considered naturally occurring genetic mutations. *See* Pretrial Order No. 321 (Dkt. No. 20393) at 5. Regarding the plaintiff's use of personal protective equipment, Monsanto is free to cross examine Kothari on the issue, but his explanation that Roundup could enter his body even with regular use of a respirator is enough to survive *Daubert*. *See* Kothari Dep. (Dkt. No. 20151-3) at 60:21–19; *see also* Pretrial Order No.

321 (Dkt. No. 20393) at 2.

3. That leaves Monsanto's arguments about Kothari's alleged failure to rule out Scheh's age, gender, weight, and health history. The deposition testimony that Monsanto presented on age, gender, and health history does not establish that Kothari's consideration of these factors was unreliable, nor is his report's handling of them enough to exclude him. Kothari's testimony that Scheh was "barely even overweight" and that it would contribute a "minuscule" amount of risk is a reliable reason to rule out that risk factor. Knopf Dep. at 140:5–17.

4. Kothari clearly may not invoke Ninth Circuit decisions in support of his causation opinion. Whether it would be appropriate to mention them for some other reason is for the trial judge to decide. *See* Pretrial Order No. 202 (Dkt. No. 9143).

**IT IS SO ORDERED.**

Dated: March 31, 2025

_____
VINCE CHHABRIA
United States District Judge