Trey J. Malbrough
Bar No. ASB-2898-R46M
The Malbrough Firm LLC
Age Herald Building
2107 Fifth Avenue North, Suite 301
Birmingham, Alabama 35203
Telephone: (205) 701-0707
Facsimile: (205) 820-0123
Email:  trey@tmbfirm.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 2741 |
| **This document relates to**: *Michael Hayes v. Monsanto., et al* Case No. 3:21-cv-00965-VC | * * * * * * | **PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT RED RIVER SPECIALTIES, LLC f/k/a RED RIVER SPECIALTIES, INC.** |
| | * * * * * | Hearing: Date:  July 10, 2025 Time: 10:00 a.m. Place:  San Francisco Courthouse, Courtroom 4        17th Floor |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... 3

I.     INTRODUCTION ..................................................................................................... 5

II.    FACTUAL BACKGROUND .................................................................................... 5

III.   ARGUMENT ............................................................................................................. 9

   a. Red River's failure to attend its own deposition was inexcusable and merits sanctions. ...... 9

IV.    CONCLUSION ........................................................................................................ 11

CERTIFICATE OF SERVICE .................................................................................................... 13

## TABLE OF AUTHORITIES

<u>FEDERAL RULES</u>                                                                                          <u>PAGE</u>

FRCP 26(c) ......................................................................................................... 7

FRCP 30(b)(6) ............................................................................................. 5,6,7,9

FRCP 37(d)(1)(A)(i) ........................................................................................... 9

FRCP 37(d)(2) .................................................................................................... 9


<u>LOCAL RULES</u>

CAND Civil L.R. 7-2 ......................................................................................... 5

**NOTICE OF MOTION AND MOTION**

NOTICE IS HEREBY GIVEN that on July 10, 2025 at 10:00 a.m., or as soon as the matter may be heard by this Court, Plaintiff will, and hereby does, move for sanctions against Red River based on its failure to attend and testify at its own deposition and failure to produce for inspection those documents, electronically stored information, and/or tangible things described in the deposition notices served May 14, 2025 and on March 11, 2025 and will further move for an order imposing procedural sanctions against Defendant Red River as herein requested and monetary sanctions against Defendant Red River and its attorney of record and in favor of Plaintiff in the amount of $1,541.31.00, plus attorney fees.

The motion for sanctions will be made on the ground that Red River (1) failed to attend and testify at its own deposition (2) failed to produce for inspection those documents, electronically stored information, and tangible things described in the deposition notice, which was served on Red River on May 14, 2025, a copy of which is attached to the Declaration of Trey Malbrough as Exhibit A.  The motion for imposition of a monetary sanction will be made on the ground that Plaintiff incurred reasonable expenses in the amount specified above because of Red River's failure to comply with the deposition notice.

The motion will be based on this notice of motion, on the Declaration of Trey Malbrough and exhibits thereto, and the memorandum served and filed herewith, on the records and file in this action, and on such evidence as may be presented at the hearing of the motion.

## MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

**COME NOW** the Plaintiffs, by and through counsel, pursuant to California Northern District Civil L.R. 7-2 and Rule 37 of the *Federal Rules of Civil Procedure* and respectfully request an order imposing sanctions against Red River for its failure to appear at its own deposition.

### I.  INTRODUCTION

Plaintiffs seek an order of this Court imposing procedural sanctions on Red River for failing to attend and testify at its May 29, 2025, deposition through its 30(b)(6) corporate representative, and to produce for inspection those documents, electronically stored information, and things described in the deposition notice served on March 15, 2025, and an order imposing a monetary sanction against Red River and/or its attorneys.

### II.  BACKGROUND

1. On May 29, 2025, Defendant Red River failed to attend its own properly noticed deposition without just cause and without seeking a protective order. (Malbrough Decl. ¶ 3).

2. Plaintiffs filed a Motion to Compel and for Sanctions [Dkt. 53] regarding this failure to appear and incorporates and offers and incorporates [Dkt. 53] as part of this Motion for Sanctions.

3. Red River's deposition has been set three times. (Malbrough Decl. ¶ 4). The deposition was noticed for March 28, 2025, by the Second Notice of Deposition (Malbrough Decl. ¶ 4) could not proceed due to Red River's improper and deficient discovery responses and refusal to provide records (Malbrough Decl. ¶ 4 & Exh. A). A dispute over Red River's responses and production ensued [Dkt. 52].

4. On March 27, 2025, after having to postpone Red River's March 28, 2025, deposition, Plaintiff's counsel sent Red River's counsel an email that Plaintiff's counsel "WILL

5

RESCHEDULE the [Red River] deposition in the coming weeks. As I have stated numerous times we cannot proceed without your client's written discovery responses." (Malbrough Decl. ¶ 5 & Exh. A)

5.  On April 28, 2025, Red River filed a Motion for Summary Judgment [Dkt. 38] on the basis that it had not sold Roundup to Plaintiff's employer.

6.  On May 13, 2025, before noticing Red River's deposition a third time, counsel for Plaintiff contacted Red River's counsel via email about potential dates. (Malbrough Decl., ¶ 6 & Exh. B)

7.  On May 14, 2025, Red River's counsel responded via email that Red River's deposition was "not appropriate at [that] time." (Malbrough Decl., ¶ 7 & Exh. B)

8.  On May 15, 2025, Plaintiff issued a Notice of Deposition of Red River's 30(b)(6) Corporate Representative to take place on May 29, 2025, at Red River's corporate headquarters in Shreveport, Louisiana. (Malbrough Declaration ¶ 8 & Exh. C).

9.  Red River did not timely serve a valid objection to, or obtain a protection order from, the deposition notice, pursuant to the Federal Rules of Civil Procedure, and had no basis for failing to appear. (Malbrough Decl. ¶ 9). Prior to the deposition, the issue was brought before Magistrate Judge Tse on May 27, 2025. (Malbrough Decl. ¶ 10). Defendant mentioned a protective order, or a stay, and Judge Tse granted neither. (Id.). Thereafter, Red River did not seek a protective order. (Id.)

10. Red River did not timely serve valid objections to, or obtain a protection order from, the Third Notice of Deposition, pursuant to the Federal Rules of Civil Procedure, nor did it timely serve valid objections or seek a protective order from the Second Notice of Deposition. (Malbrough Decl. ¶ 9).

11. Prior to the deposition, Defendants presented the issue to Magistrate Judge Tse in unilateral discovery letters on May 27, 2025 [Dkt. 48, 49]. Defendant mentioned a protective order, or a stay, and Judge Tse granted neither. [Dkt. 51] The "Order Resolving Discovery Dispute" [Dkt. 51] (which resolved that discovery dispute) ordered Plaintiff's counsel to meet and confer with counsel for Defendants by May 30, 2025 (Id.). Thereafter, Red River did not seek a protective order. (Malbrough Decl. ¶ 9, 10)

12. On May 28, 2025, Plaintiff's counsel emailed Red River's counsel, saying he was in Shreveport and had been traveling, but was addressing the Court's Order and requesting to meet and confer in advance of the deposition. (Malbrough Decl. ¶ 11, Exh. F, p.3).

13. Red River unilaterally cancelled its deposition (or attempted to) before the meet and confer. (Malbrough Decl. ¶ 12, Exh. F, p.3). At 9:59 p.m. on the evening of May 28, for the first time, Defense counsel emailed stating the deposition would not be proceeding the following day. (Id.).

14. Plaintiffs' counsel responded the following morning at 7:45 a.m. that the notice of deposition was still effectual. (Malbrough Decl. ¶ 13, Exh. F, p.1-2). At 8:46 a.m., defense counsel wrote back that "the deposition is not going forward", but they would "meet and confer because it was required," but that their position was laid out in their unilateral joint statement (Dkt. 49). (Malbrough Decl. ¶ 13, Exh. F, p.1-2). Again, Red River unilaterally refused to appear, and only begrudgingly agreed to the meet and confer it requested. (Id.).

15. Red River did not appear for its deposition on May 29, 2025, at 10:00 a.m. (Malbrough Decl., ¶ 14). It was not excused from appearance. (Id.) It did not seek a protective order or submit valid objections to the deposition notice. (Id.) Plaintiff's counsel incurred considerable time and reasonable expenses in lodging, and in hiring a court reporter, who was

7

present, and in travel from Birmingham, Alabama to Shreveport, Louisiana. (Id.) (Malbrough Decl., ¶ 14) At the time of the deposition, Plaintiff's counsel was on location at Red River's corporate headquarters, ready to proceed as noticed. (Id.)

16. On May 29, 2025, Plaintiff asked to meet via Zoom before the depo started (Malbrough Decl. ¶ 15, Exh. G, p.1) but defense counsel said they were not available until 10:30 a.m.(after the depo start time) (Malbrough Decl. ¶ 15, Exh. G, p.3). At 10:30 a.m. the parties' counsel met via Zoom. During the meet and confer, <u>for the first time</u>, Red River's counsel stated that while its motion for summary judgment is pending, Red River <u>would not sit</u> for a deposition absent a court order (Id.). Red River apparently never intended to sit for the deposition.

17. The deponent Red River and its designee failed to attend and testify at its own deposition as properly noticed and failed to produce for inspection those documents, electronically stored information, and tangible things specified below and described in the deposition notice. (Malbrough Decl. ¶ 14, 16).

18. Plaintiff offered to proceed with Red River's counsel appearing by videoconference, but counsel for Red River refused. (Id. ¶ 19)

19. As a result of this failure by Red River, Plaintiffs have incurred expenses totaling ($1,541.31) plus attorney's fees in bringing this Motion and in lost time. (Malbrough Decl. ¶ 20).

20. The Rule 34 document requests at issue in the Second Notice of Deposition, noticed on March 11, 2025, and the Third Notice of Deposition, noticed on May 15, 2025, have not been produced. (Malbrough Decl. ¶ 21) Notices of Deposition are identical, other than the dates, and contained identical Rule 34 document requests (Malbrough Decl. ¶ 21, Exh. C & Exh. D).

21. The Deposition Notice is not unduly burdensome as Red River stated it had already prepared a corporate representative for the previous deposition noticed on March 11, 2025.

### III.   ARGUMENT

**a. Red River's failure to attend its own deposition was inexcusable and merits sanctions.**

22.   There is no basis in the Federal Rules of Civil Procedure or the Court's orders justifying Defendant Red River's failure to attend its own deposition.

23.   Red River failed to attend its own properly noticed deposition without just cause and without seeking a protective order, and it refuses to sit for a deposition while its Motion for Summary Judgment (Dkt. 38) is pending, even though it knew before filing its Motion that Plaintiffs were going to take its deposition. This is an improper refusal to engage in discovery.

24.   If a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) fails, after being served with proper notice, to appear for that person's deposition, any other party may move to compel and for appropriate sanctions. FRCP 37(d)(1)(A)(i). Pursuant to FRCP 37(d)(2), a failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c). Rule 30(d)(2) provides for sanctions against one who "impedes, delays or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

25.   At the time of its deposition, Red River had made no proper objections and did not have a motion for protective order pending. (Id. ¶ 19)

26.   The Rule 34 document requests at issue in the Second Notice of Deposition, noticed on March 11, 2025, and the Third Notice of Deposition, noticed on May 15, 2025, have not been produced. (Malbrough Decl. ¶ 21) Notices of Deposition are identical, other than the dates, and contained identical Rule 34 document requests (Malbrough Decl. ¶ 21, Exh. C & Exh. D). These

document requests should have been responded to 30 days after they were made, whether the deposition was postponed. (Malbrough Decl. ¶ 21) These documents have never been produced; no document requests changed and there was sufficient time to produce. (Id.) Red River did not make proper objections to Plaintiff's Second Deposition Notice Rule 34 Requests or to Plaintiff's Third Deposition Notice Rule 34 Requests. (Id.) As a result, these objections have been waived. Regardless, an objectionable document request does not invalidate a deposition notice or preclude giving testimony.

27. Most pertinent to the issue, is that Red River is purposely avoiding its deposition because the plain facts are that it sold Monsanto-trademarked, Roundup-branded, glyphosate-containing products, including "Accord," which is on the MDL list of Roundup products. [see generally Dkt. 56, Memorandum, Malbrough Declaration and Exhibits, Plaintiff's Motion for Extension of Briefing for Summary Judgment, detailing how Red River was a manufacturer and custom blender/seller of its own and Monsanto products, those at issue in this MDL, that Plaintiff used. [see Dkt. 56].

28. Defendants have the information Plaintiffs need and are uniquely positioned to identify and produce the evidence. Whether evidence is discoverable or admissible is for the court to decide and not for Defendants to determine unilaterally. Whether to appear for a deposition is also not a unilateral choice. If unilaterally selective discovery were allowed, it would improperly incentivize parties to hide as much as they dare. That conflicts with the liberal discovery policies, the adversary process, and the obligation to read the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

29. In Hall v. Marriott Int'l, Inc. (S.D. Cal. May 12, 2021), the Southern District of California denied Defendant Marriott 's request to preclude discovery when it argued that Plaintiffs

had no evidence that Marriott provided complimentary or for a separate charge any amenity included in their resort fee. In rejecting Defendant's argument, the Court stated, "[t]he test for relevance is not whether the Plaintiff already has evidence on the topic; the test is whether the information sought 'encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.' " *Hall v. Marriott Int'l, Inc.*, No. 3:19-cv-01715-JLS-AHG, 2021 U.S. Dist. LEXIS 90870, at *20 (S.D. Cal. May 12, 2021), quoting *Doherty*, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *2.

30. The circumstances and Defendant Red River's conduct herein, merit sanctions, particularly Red River's counsel's brazen attempts to avoid discovery and beat sanctions by:

(A) Red River's attempting to mislead the Court that Red River did not sell "Roundup products" when Red River <u>manufactured/custom blended, and sold, and Plaintiff used, a glyphosate-based, Monsanto trademarked, **Roundup-branded** product called "Accord," listed in this MDL's proposed master settlement </u>(see Dkt. 56) and

(B) Red River's counsel's attempting, after they knew they did wrong, and Plaintiff's counsel requested their position on a "motion to compel and motion for sanctions", to slip language into the ostensibly "joint" portion of a joint statement it drafted. The phrase stated that although the deposition notice was "ineffective," a "dispute remained." The submission of which would have allowed them to argue Plaintiff waived the very issues in this Motion.

### IV.   CONCLUSION

Plaintiffs respectfully request an order:

A. Granting this motion and sanctioning Defendant Red River and/or its attorney.

B. Entering Judgment in favor of Plaintiff and against Red River in this action.

C. Denying/Striking Red River's pending Motion for Summary Judgment.

D. Compelling Red River to sit for its 30(b)(6) deposition, at cost to Red River;

E. Compelling Red River to be prepared to testify to the topics listed in its Third Notice of Deposition of Red River.

F. Compelling Red River to produce the documents listed in Plaintiff's Second and Third Notice of Deposition of Red River.

G. Staying discovery/case management deadlines or alternatively extending the discovery/case management deadlines 60 days to allow for a deposition of Red River to be taken and for Red River to produce discovery.

H. Requiring Red River, or its attorneys, or both, to pay to the Plaintiffs the reasonable expenses incurred in obtaining the order, including attorney fees.

I. Granting to the Plaintiffs such other, further, or different relief to which they may be entitled.

### Certification of Attempt to Resolve Without Court Action

Prior to filing this motion, counsel for movant Plaintiffs has in good faith conferred with counsel for Red River, the party that has failed to provide required discovery or otherwise comply with discovery procedure, in an effort to secure disclosure without court action, to no avail.

Dated: June 5, 2025

Respectfully Submitted,

The Malbrough Firm LLC

By:    /s/ Trey Malbrough
       Trey Malbrough
       *Attorney for Plaintiffs*

13

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 5, 2025, a copy of the foregoing was filed electronically using the Court's Case Management/Electronic Case Filings System (CM/ECF). Notice of and access to this filing will be provided to all parties through CM/ECF.

<u>/s/ Trey J. Malbrough</u><br>Trey J. Malbrough