

June 6, 2025

The Honorable Vince Chhabira District Judge
United States District Court for the Northern District of California
Courtroom 4 -17th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Jennise Walker-Stubbs

JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, Texas 77002
**t** 713.227.8008
**f** 713.227.9508
jstubbs@shb.com

Re:   Joint Letter – *Boyette et al. v. Monsanto Company et al.*
       Case No. 3:16-md-02741-VC/3:25-cv-04401-VC
       MDL No. 2741

The Parties submit this joint letter pursuant to Pre-Trial Order 155. Case No. 3:16-md-02741-VC, Dkt. No. 4454 (July 3, 2019). Last month, a multi-plaintiff case (*Boyette*) was transferred into MDL No. 2741, *In Re: Roundup Products Liability Litigation*. The parties dispute whether severance is appropriate.

This case was removed to federal court on May 5, 2025 based on 28 U.S.C. § 1452 and 28 U.SC. § 1334(b). At the time this case was removed, True Value, LLC ("True Value") was a defendant. As described in Monsanto Company's Notice of Removal, on October 14, 2024, True Value recently filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11. U.S.C. §§ 1101 *et seq.* True Value has since been dismissed via the filing of an amended complaint. Plaintiffs have filed a motion to remand this case to state court. Defendants plan to oppose that motion.

*Defendants' Position*

*Boyette* is a multi-plaintiff case involving the claims of eleven plaintiffs. *See* Dkt. No. 15. These eleven plaintiffs assert claims against eight defendants. *See id.* The plaintiffs previously also asserted claims against True Value, which was dismissed without prejudice via an amended complaint. *See* Dkt. Nos. 1-1, 15. Nonetheless, because this case came to this Court "through the valid and appropriate exercise" of Section 1452, Plaintiffs' dismissal of True Value "after removal [does] not oust this [C]ourt of jurisdiction it had when the case was removed." *In re United Petroleum Grp., Inc.*, 311 B.R. 307, 311 (Bankr. S.D. Fla. 2004). Whether the Court should retain jurisdiction is a matter that the Court will resolve in conjunction with Plaintiffs' motion to remand.

At the appropriate time, Defendants will demonstrate that the Court should retain jurisdiction. For now, federal jurisdiction is perfected. Accordingly, PTO 155 applies to this action, as do the Federal Rules of Civil Procedure, including Rule 21, which governs joinder. This case—involving eleven plaintiffs with different exposure histories, medical backgrounds, and types of cancer—should be

ATLANTA | BOSTON | CHICAGO | DENVER | HARTFORD | HOUSTON | KANSAS CITY | LOS ANGELES | MIAMI | NEW YORK |
ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | ST. LOUIS | TAMPA | WASHINGTON, D.C.

4920-5290-5803 v1

*Confidential | Attorney Work Product | Attorney-Client Privilege*

June 6, 2025
Page 2



severed. And the inclusion of eight defendants—including seven sellers requiring individualized proof from each plaintiff—amplifies the need for severance.

This Court previously ruled both that "a federal court can only sever a case over which it has jurisdiction, and [that] federal jurisdiction is assessed at the time of removal." *In re Roundup Products Liab. Litig. (Abreu)*, 396 F. Supp. 3d 893, 898 (N.D. Cal. 2019). In *Abreu* the Court found severance was not proper (even though it would create diversity jurisdiction over some of the severed cases) because jurisdiction was absent to begin with. *See id.* Here, jurisdiction is presently proper. Accordingly, both of the rules that militated against allowing severance in *Abreu* call for severance here. Jurisdiction existed "at the time of removal" and the Court still "has jurisdiction." *See id.*[1]

Severance here will also protect the defendants' right to removal by preventing fraudulent joinder. These eleven plaintiffs banded together to sue a collection of eight defendants without factual allegations establishing that each of the plaintiffs actually purchased glyphosate-based herbicides from each of the defendants. This approach has jurisdictional implications: because four of the defendants are not diverse (RK Holdings, LP; Growmark, Inc., Farm and Home Supply, Inc., and Ace Hardware Corporation), this vague group pleading prevented Defendants from establishing diversity jurisdiction. And indeed, Plaintiffs now seek remand based on the absence of diversity jurisdiction. *See* Dkt. No. 25.

In ordering severance based on the Court's extant subject matter jurisdiction, the Court can remind the various plaintiffs of their obligations to assert claims against only those retailers from whom they actually purchased glyphosate-based products. It is exceedingly doubtful that every single one of the plaintiffs just happened to have purchased such products from at least one of the non-diverse defendants. Coupled with the filings of focused short-form complaints, severance will thus likely add an additional basis for the exercise of subject matter jurisdiction, at least in some of the plaintiffs' cases. Meanwhile, any plaintiffs who can in good faith allege that they purchased glyphosate-based products from a non-diverse defendant will still have available the same arguments in favor of remand that they make now.

In short, this Court has subject matter jurisdiction based on 28 U.SC. § 1334(b). That basis of jurisdiction is not even challenged by Plaintiffs' motion to remand, which instead addresses diversity. Because jurisdiction is presently perfected, the Court should order severance in the ordinary course. Whether or not remand is required (of any or all of the plaintiffs' cases) should be decided afterward.

---

[1] When a case is properly removed under 28 U.SC. § 1334(b), motions to remand are typically decided under 28 U.S.C. § 1334(c)(2), an abstention statute. This statutory abstention rule is "not jurisdictional." *See, e.g.*, *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 584 (6th Cir. 1990). Thus even if there is a potential for remand—which Defendants deny—jurisdiction is present now.

*Confidential | Attorney Work Product | Attorney-Client Privilege*

June 6, 2025
Page 3



**<u>Plaintiffs' Position</u>**

Plaintiffs believe that severance should not occur now and should instead await resolution of the pending motion to remand. In Plaintiffs' view, the Court should refrain from taking substantive or administrative action—such as severing the case—while the question of remand remains unresolved. Moreover, Plaintiffs argue that severance at this juncture would waste judicial resources. If the remand motion is granted, the case would be returned to state court, potentially rendering any severance decision moot. Plaintiffs assert that the more efficient course of action is to allow the Court to rule on the remand motion first, thereby avoiding unnecessary procedural steps and potential duplicative efforts.

Respectfully Submitted,


<u>/s/ Jennise Walker-Stubbs</u>
Jennise Walker-Stubbs
Shook Hardy & Bacon L.L.P.
600 Travis Street, Suite 3400
Houston, TX 77002-2926
(713) 227-8008
Fax: (713) 227-9508
Email: jstubbs@shb.com

***Attorney for Defendants Monsanto Company;
RK Holdings, LP, Farm and Home Supply, Inc.
and Lowes Home Centers, LLC***

<u>/*s/ Joshua A. Edelson*</u>
Joshua A. Edelson
Gianaris Trial Lawyer, LLC
One Court Street
Alton, IL 62002
(618) 681-9999
(618) 207-3673
Email: jedelson@lawforpeople.com

***Attorney for Plaintiffs***

<u>/s/ Benjamin J. Galloway</u>
Benjamin J. Galloway (6281433)
PARKSKY & GALLOWAY, LLC
120 N. LaSalle Street – Suite 3200
Chicago, Illinois 60602


4920-5290-5803 v1

*Confidential | Attorney Work Product | Attorney-Client Privilege*

June 6, 2025
Page 4

312.551.7674
Email: bjg@pg-lawoffice.com

*Attorney for Home Depot U.S.A. Inc.*

*/s/ Beth C. Boggs*
Beth C. Boggs
Boggs, Avellino, Lach & Boggs, LLC
9326 Olive Boulevard
Suite 200
St. Louis, MO 63132
(314)726-2310
Fax: 314-726-2360
Email: bboggs@balblawyers.com

*Attorney for Walmart, Inc.*

4920-5290-5803 v1