UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br> Case No. 16-md-02741-VC (AGT) |
| This document relates to: <br> *Hayes v. Monsanto Co.*, 21-cv-00965-VC | **DISCOVERY ORDER** <br> Re: MDL Dkt. No. 20705 <br> Related Case Dkt. No. 54 |

    1. Plaintiffs want to depose Red River. Because Red River is moving for summary judgment (MDL Dkt. 20534), plaintiffs need to establish that the deposition is warranted under Rule 56(d). *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018). Judge Chhabria, as the presiding judge, will resolve the summary judgment motion. Unless and until he grants relief under Rule 56(d), plaintiffs may not depose Red River.

    2. Red River wasn't required to appear for a deposition on May 29, 2025. Red River objected to the deposition two weeks before May 29, asked to meet and confer, and plaintiffs didn't timely respond. The Court ordered plaintiffs to meet and confer on threat of sanctions. MDL Dkt. 20674. Implicit in that order was that the deposition wouldn't take place until the parties met and conferred and either resolved Red River's objections or, upon a continued

impasse, filed a joint statement and the Court rejected those objections. Those prerequisites didn't happen, so Red River was excused from appearing for a deposition on May 29.

**IT IS SO ORDERED.**

Dated: June 6, 2025

ALEX G. TSE

United States Magistrate Judge