UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>*ALL CASES* | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 331: ORDER TO SHOW CAUSE REGARDING NON-COMPLIANCE WITH PRETRIAL ORDER NO. 287** |

Pretrial Order No. 287 required counsel for all plaintiffs in this MDL to deposit the 8% holdback set in Pretrial Order No. 236 into the Roundup Common Benefit Trust Account ("the Fund"). As stated in Pretrial Order No. 287, "Pursuant to Pretrial Order No. 236, all attorneys representing plaintiffs in this MDL are required to holdback 8% of the gross amount of any recovery received through settlement or judgment and deposit this amount into the Common Benefit Fund. The 8% holdback must come from the attorney's fee portion of the recovery, not the client's portion." Pretrial Order No. 287, Dkt. No. 17366. As further stated in Pretrial Order No. 287, "[a]ll attorneys who have obtained a recovery against Monsanto in this MDL through either judgment or settlement, including settlements made through the Roundup Independent Settlement Program, are directed to deposit the 8% holdback into the Fund within 21 days after entry of [Pretrial Order No. 287]. This same process is required for those cases currently in settlement negotiations and for all future settled MDL cases. These cases will have a deposit deadline of 21 days from the date of settlement." *Id*.

As originally noted in Pretrial Order No. 312, the 8% holdback shall be deposited into the Fund from all MDL cases that have settled. The Court hereby re-affirms its previous orders and requires that all attorneys representing plaintiffs in settled MDL cases, as well as MDL cases settled in the future, deposit the 8% holdback into the Fund. Plaintiffs' counsel who have not yet complied with the 8% holdback requirement will have **21 days** from the entry of this Order to deposit the required holdback into the Fund. Plaintiffs' counsel making holdback deposits into the Fund are no longer required to provide holdback statements or declarations, as previously required by paragraph 4 of PTO 287.

Pursuant to PTO 312, Monsanto will be responsible for identifying plaintiffs' counsel who have not yet made the required 8% holdback deposit in the Fund. Court-appointed Special Master William Foster has received information from Monsanto as well as from plaintiffs' counsel in this MDL regarding compliance with PTO 287. Special Master Foster shall share all such information with Monsanto within **10 days** from the entry of this Order, in order to facilitate Monsanto's audit of compliance with the holdback requirements.

Upon the expiration of 21 days from the entry of this order, Monsanto shall have an additional **21 days** to identify which plaintiffs' firms have deposited the 8% holdback into the Fund and which have not yet complied. Monsanto will follow-up with non-compliant firms regarding their failure to pay the holdback. Monsanto will include Robin Greenwald and David Dickens of the Plaintiffs' Steering Committee on all such communications. Upon the expiration of the additional 21-day period for auditing compliance, Monsanto shall identify to the Court a list of firms that have failed to comply with holdback deposit requirements.

The Court will determine what recourse, including sanctions, are appropriate for firms that that fail to make the required deposit into the Fund.

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
VINCE CHHABRIA
United States District Judge