

August 22, 2025

VIA ELECTRONIC MAIL

Judge Vince Chhabria
C/O: Bhavna Sharma
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Anthony R. Martinez

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**dd** 816.559.2683
**f** 816.421.5547
amartinez@shb.com

**RE:   In re: Roundup Products Liability Litigation – MDL No. 2741 –
Submission of Monsanto Company pursuant to Pretrial Order 332**

Dear Ms. Sharma:

Through its undersigned counsel, and pursuant to Pretrial Order 332, Monsanto Company ("Monsanto") respectfully submits this follow-up letter summarizing its efforts to call the firms that were previously identified as having failed to respond to its e-mails with respect to compliance with the Court's holdback requirements for the Roundup Common Benefit Trust Account ("the Fund").

**Background**:

On July 21, 2025, as required by Pretrial Order 331, Monsanto submitted its findings regarding plaintiffs' firms' compliance with the Court's requirement to deposit the 8% common benefit assessment into the Fund. Monsanto later filed its findings on July 31, 2025. Monsanto's submission included a list of 34 firms that failed to respond to Monsanto's e-mails, as well as a list of three firms that delivered bounce-back responses to Monsanto's e-mails.

The Court entered Pretrial Order 332 on August 1, 2025, which ordered Monsanto to call the heads of each of the 34 firms listed as having failed to respond to its e-mails, as well as the three firms listed as delivering bounce-back responses. Monsanto was instructed to inform the firms that the Court plans to initiate sanctions proceedings for any firm that fails to pay their holdback amounts promptly. Finally, Monsanto was ordered to file a follow-up letter within 21 days of the entry of Pretrial Order 332 to update the Court on its efforts to communicate with these 37 firms.



**Monsanto's Findings:**

As required by Pretrial Order 332, Monsanto hereby provides this follow-up letter describing its efforts to call all 37 firms, as well as the status of each firm's compliance with the Court's holdback requirements for the Fund.

**Previously Non-responsive firms (34):**

|   | Plaintiffs' Firm | Efforts and Status |
|---|---|---|
| 1 | Anderson & Associates, PC | We communicated with the lead attorney at the firm by phone and e-mail. He represents that the applicable MDL common benefit assessment will be submitted promptly. |
| 2 | Bailey Law Firm, PLLC | We communicated with the lead attorney at the firm by phone and e-mail. She represents that the firm will be submitting the applicable MDL common benefit assessment by check to the MDL common benefit fund early in the week of August 25. |
| 3 | Bone, McAllester & Norton, PLLC | We communicated with attorneys at the firm who represent that they took no attorneys' fee in this matter. Therefore, no MDL common benefit assessment is due. |
| 4 | Cellino & Barnes, P.C. | We communicated with attorney Joe Vazquez, of the Barnes Firm, P.C., by e-mail. Mr. Vazquez informed us that the law firm of Cellino & Barnes, P.C. was dissolved in 2020. We communicated by e-mail with attorneys at the successor firms, Goldstein Greco, P.C., and Cellino Law, who confirm that the applicable MDL common benefit assessment had been paid for all cases settled by the former Cellino & Barnes, P.C. firm. |
| 5 | Circelli, Walter & Young, PLLC | We communicated with the lead attorney at the firm by phone and e-mail. He represents that the firm has paid the applicable MDL common benefit assessment already. |
| 6 | Cory Watson, P.C. | We communicated with attorney Stephen Hunt, Jr. of Cory Watson, P.C., who informed us that Cory Watson, P.C. served as local counsel for attorney Rachel Abrams of Levin Simes LLP. Mr. Hunt also informed us that the filing attorney, Drew Herring, is |

August 22, 2025

Page 3



|    | Plaintiffs' Firm | Efforts and Status |
|----|------------------|--------------------|
|    |                  | no longer with Cory Watson, P.C. and that Rachel Abrams is no longer with Levin Simes. Mr. Hunt connected us with attorney Becka Olasov of Levin Simes LLP who confirms that the applicable MDL common benefit assessment has already been paid. |
| 7  | Dailey Law Firm, P.C. | We communicated with attorney Jason Ott by phone and e-mail. Mr. Ott informed us that the Dailey Law Firm has dissolved, and its lead attorney, Brian Dailey, has been disbarred. The Dailey Law Firm handled one settlement, the Bart Robinette matter, for which the MDL common benefit assessment was not paid by the Dailey firm before dissolution. Mr. Ott never had responsibility for this matter. Prior to the dissolution of the Dailey Law Firm, Mr. Ott left Dailey and began his own solo firm and took the Fouzan Alassaf matter with him. Ott Law Group promptly submitted the MDL common benefit assessment for the Alassaf settlement on August 19, 2025. |
| 8  | F. Gerald Maples Law Firm | We called the firm's main number, and we left three voice messages regarding the MDL common benefit assessment and potential sanctions proceedings. We have received no response. |
| 9  | Fadel & Beyer, LLC | We communicated by phone and e-mail with attorney Brian Lee, who has left Fadel & Beyer and has his own firm now. He represents that he will pay the applicable MDL common benefit assessment promptly. |
| 10 | Law Offices of Fred Tromberg | We communicated with the lead attorney at the firm by phone. He represents that the applicable MDL common benefit fee has been submitted. |
| 11 | The Jacob D. Fuchsberg Law Firm, LLP | We communicated by phone and e-mail with paralegal Rhonda Sanchez, on behalf of filing attorney, Joseph Lanni. Ms. Sanchez confirms that the applicable MDL common benefit fee has already been submitted and provided a copy of the Declaration sent to Special Master Foster representing that payment has been submitted. |
| 12 | Gainsburgh, Benjamin, David, Meuneir & Warshauer, L.L.C. | We communicated with attorneys at the firm who represent that they took no attorneys' fee in this |



|    | Plaintiffs' Firm | Efforts and Status |
|----|------------------|--------------------|
|    |                  | matter. Therefore, no MDL common benefit assessment is due. |
| 13 | The Harrison Law Firm | We communicated by phone and e-mail with attorney Brett Harrison of The Harrison Law Firm. Mr. Harrison informed us that he and his brother are no longer in private practice. He represents that the applicable MDL common benefit assessment for their cases will be submitted promptly (i.e., no later than Monday, August 25). |
| 14 | HMS Law | We communicated by phone and e-mail with attorney Ryan Monsour and attorney Preston Hayes, who are now at AMO Trial Lawyers. Mr. Hayes and Mr. Monsour informed us that the HMS Law firm has been dissolved. Mr. Monsour represents that the applicable MDL common benefit assessment has been submitted. |
| 15 | Hogue & Belong | We communicated with the lead attorney at the firm by phone and e-mail. He confirms that the applicable MDL common benefit fee has been submitted and received by the Fund Administrator. |
| 16 | Jinks, Crow & Dickson, PC | We communicated with attorneys at the firm who represent that they took no attorneys' fee in this matter. Therefore, no MDL common benefit assessment is due. |
| 17 | Johnson, Kramer, Mulholland, Cochrane & Cochrane, P.L.C. | We communicated with attorney Neven J. Mulholland by phone. Mr. Mulholland represents that his firm referred the case to the Larry Helvey Law Firm and that his firm needs additional time to investigate the status of the assessment payment. We informed Mr. Mulholland that Mr. Helvey represents he did not receive an attorney's fee for the referred case and therefore no MDL common benefit assessment is due. Mr. Mulholland represents that he will provide an update on the status of payment by the end of the following week. |
| 18 | Joseph H. Mattingly III, PLLC | We communicated with the lead attorney at the firm by e-mail. His staff provided confirmation that the applicable MDL common benefit fee has been submitted. |

August 22, 2025
Page 5



|    | Plaintiffs' Firm | Efforts and Status |
|----|------------------|--------------------|
| 19 | Knight Nicastro MacKay, LLC | We communicated with attorneys at the firm who represent that they took no attorneys' fee in this matter. Therefore, no MDL common benefit assessment is due. |
| 20 | Kujawski & Kujawski, ESQS | We communicated with attorney Mark Kujawski, of the Kujawski & Kujawski firm, who informed us that the firm has been dissolved. Mr. Kujawski represents that due to the winddown of the firm, additional time is needed to investigate the status of the assessment payment. Mr. Kujawski further represents that the applicable MDL common benefit assessment will be submitted promptly if needed. |
| 21 | Larry Helvey Law Firm | We communicated by phone and e-mail with attorney Larry Helvey. Mr. Helvey represents that he did not receive an attorney's fee for his settled MDL cases and therefore no MDL common benefit assessment is due. |
| 22 | Law Office of Manuel D. Gomez | We communicated with the lead attorney at the firm who represents that the firm took no attorneys' fee in this matter. Therefore, no MDL common benefit assessment is due. |
| 23 | MetroLaw | We communicated with the lead attorney at the firm by phone and e-mail. He confirms that the applicable MDL common benefit assessment has been submitted. |
| 24 | Morris, Haynes, LLC | We communicated with the lead attorney at the firm who represents that the firm took no attorneys' fee in this matter. Therefore, no MDL common benefit assessment is due. |
| 25 | Nielsen, Peterson & Nielsen LLP | We communicated with the lead attorney at the firm, Jonathan Nielsen, by phone and e-mail. Mr. Nielsen confirms that the applicable MDL common benefit assessment has been submitted. |
| 26 | Powers & Santola, LLP | We communicated with paralegal Theresa S. McMahon at the firm by phone and e-mail. Ms. McMahon represents that the applicable MDL common benefit fee has already been submitted and provided a copy of the letter sent to the Fund Administrator enclosing payment. |



|    | Plaintiffs' Firm | Efforts and Status |
|----|------------------|--------------------|
| 27 | Raipher, P.C. | We communicated by phone and e-mail with attorney Matthew King. Mr. King represents that the firm needs additional time to investigate the status of the assessment payment as the office manager will not be back in the office until early next week. |
| 28 | Law Offices of Richard L. Fewell, Jr. | We called the firm's main number, and we left two voice messages, a message with the firm receptionist, and an e-mail regarding the MDL common benefit assessment and potential sanctions proceedings. We have received no response. |
| 29 | Russo Law Offices, LLC | We communicated with attorney Luke Sostarecz by phone and e-mail. He represents that the applicable MDL common benefit assessment has been submitted. |
| 30 | Smith & Alspaugh, P.C. | We called the firm's main number four times but no one answered the phone and we were not able to leave a voicemail. |
| 31 | Spurling Law Firm, LLC | We communicated with the lead attorney at the firm by letter and e-mail. He confirms that the applicable MDL common benefit assessment has already been paid. |
| 32 | Law Offices of Steven Robert Lehr, PC | We communicated by phone and e-mail with attorney Steven Lehr. Mr. Lehr represents that the applicable MDL common benefit assessment has not been paid due to the firm's objection to the applicability of the court's Pretrial Orders to its case. |
| 33 | Stoltze & Stoltze, PLC | We communicated by phone and e-mail with attorney Bruce J. Stoltze, Jr. Mr. Stoltze informed us that he has left Stoltze & Stoltze, PLC and started a new firm, Stoltze Law Group PLC. Mr. Stoltze represents additional time is needed to investigate the status of the assessment payments. Mr. Stoltze further represents that the applicable MDL common benefit assessments will be submitted promptly if needed. |
| 34 | Villarreal Law Firm, LLC | We communicated by e-mail with attorney David Domina, of Domina Law Group, who represents that the applicable MDL common benefit assessment has already been submitted for the one case referred to Domina Law Group by Villarreal Law Firm, LLC. |

August 22, 2025
Page 7



**Firms that sent bounceback e-mails (3):**

|   | Plaintiffs' Firm | Efforts and Status |
|---|---|---|
| 1 | Law Offices of Perrin F. Disner | We communicated by e-mail with paralegal Katie Day-Braunreuther who confirms that the applicable MDL common benefit assessment has already been paid. |
| 2 | Ross Law Offices, P.C. | We called the firm's main number four times but no one answered the phone and we were not able to leave a voicemail. |
| 3 | The Killian Firm, P.C. | We communicated by phone and e-mail with attorney Gene Killian. Mr. Killian informed us that the attorney who filed and settled the MDL case, Ryan Milun, no longer works at The Killian Firm, P.C. Mr. Killian represents that the applicable MDL common benefit assessment has not been paid and that the firm objects to the applicability of the court's Pretrial Orders to its case. |

Please let us know if you have any questions.

Best Regards,



Anthony Martinez
Partner