CORRIE YACKULIC LAW FIRM
110 Prefontaine Place S. Ste. 304
Seattle, WA 98104
Tel. 206-787-1915
corrie@cjylaw.com

ALLEN STEWART, PC
Allen M. Stewart, SBN 262594
Scott R. Frieling (PHV)
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201
Tel. 214-965-8700
astewart@allenstewart.com
sfrieling@allenstewart.com

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: Roundup Products Liability Litigation | MDL No. 2741 |
| **This Document Relates to:** | Case No.: 3:16-md-02741-VC |
| *Thomas Lake Sanders & Nicole M. Sanders v. Monsanto Co.,*<br>*Case No. 3:19-cv-07401-VC* | Hon. Vince Chhabria |
| | PLAINTIFFS' MOTION FOR SUGGESTION OF REMAND |
| | Hearing Date: TBD (*if necessary*)<br>Hearing Time: TBD<br>Place: San Francisco Courthouse,<br>Courtroom 4 – 17th Floor |

### Motion for Suggestion of Remand

**COMES NOW,** Plaintiffs Thoams Lake Sanders and Nicole M. Sanders (hereinafter "Plaintiffs"), through the undersigned attorney, respectfully moves this Court, pursuant to 28 U.S.C. § 1407 for an Order for a suggestion of remand of this case to the United States District Court for the Eastern District of Washington. In support of this motion, Plaintiffs state as follows:

## Procedural History

1. Plaintiffs' Complaint was filed in the Eastern District of Washington, on October 15, 2019.

2. The case was transferred to MDL No. 2741 on November 7, 2019. [Dkt. No. 4].

3. On February 7, 2024, the Court granted Plaintiffs' unopposed motion to transfer the case to Wave 8B. [Dkt. No. 10].

## Fact & Expert Workup and Motions

4. The deposition of Plaintiff Thoams Lake Sanders has been completed. No other deposition have been requested by Defendants.

5. The deposition of Plaintiffs' experts have been completed.

6. Plaintiffs have agreed to forgo deposing Monsanto experts before remand but reserves the right to depose them after remand. Plaintiffs agreed not to file *Daubert* motions against Monsanto's experts after remand.

7. Defendant has filed Motion and Preservation Motion to Exclude Plaintiffs' expert Dr. Jason Maclean (Dkt. 16), Dr. Kevin Knopf (Dkt. 17), and Dr. Kristan Aronson (Dkt. 18). These motions were all denied on February 10, 2025 (Dkt. 19).

8. The Parties have completed all case specific and pre-trial discovery, including dispositive/Daubert motion practice other than the party's agreement to reserve the right to depose Monsanto's experts after remand.

## Argument

All pretrial proceedings related to the MDL Wave process are complete, including Wave discovery and dispositive/*Daubert* motion practice. All Wave briefing deadlines have now passed for Wave 8B. Plaintiffs now request a suggestion of remand from this Court to have her case remanded back to the United States District Court for the Eastern District of Washington.

According to Pretrial Order No. 147 (Dkt. No. 3834) "Tentative Remand Plan":

> The Court will decide all case-specific summary judgment motions. In addition, because Daubert motions relating to causation are so intertwined with summary judgment, the Court will decide those as well. Ninth Circuit law will govern the Daubert motions regardless of where the case originated. The courts that will eventually try these cases will be left with any other pretrial motions, including motions in limine, motions to bifurcate, and Daubert motions unrelated to summary judgment.

Now that all Wave proceedings, including Wave discovery and dispositive/Daubert motion practice, are complete, this case is ripe for a suggestion of remand from this Court (the transferee court), pursuant to 28 U.S.C. §1407 and the Rules for Multidistrict Litigation promulgated thereunder. Specifically, Rule 10.1(b) of the Rules of Multidistrict litigation contemplates the relief requested herein:

> Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel. However, the Panel may remand an action or any separable claim, cross-claim, counterclaim or third-party claim within it, upon (i) the transferee court's suggestion of remand, (ii), the Panel's own initiative any entry of an order to show cause, a conditional remand order or other appropriate order, or (iii) **motion of any party**. (emphasis added)

Accordingly, Plaintiffs request this Court to file a suggestion of remand with the Judicial Panel on Multidistrict Litigation.

**WHEREFORE**, for all the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an Order granting this Motion for Suggestion of Remand and respectfully requests this Court to file a suggestion of remand with the Judicial Panel on Multidistrict Litigation to remand the subject action to the United States District Court for the Eastern District of Washington, and for such other and further relief as this Court deems just and proper.

//

//

Dated: 29th day of October, 2025.

Respectfully submitted,

**CORRIE YACKULIC LAW FIRM, PLLC**

By: */s/ Corrie J. Yackulic*
CORRIE J. YACKULIC, WSBA # 16063
110 Prefontaine Place South, Suite 304
Seattle, WA 98104
Tel. 206-787-1915
Fax. 206-299-9725


**ALLEN STEWART, P.C.**

By: */s/ Scott R. Frieling*
Allen M. Stewart, SBN 262594
Scott R. Frieling (PHV)
ALLEN STEWART, PC
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201
Tel. 214-965-8700

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of October, 2025, I electronically transmitted the foregoing document to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

CORRIE YACKULIC LAW FIRM, PLLC

By: */s/ Corrie J. Yackulic*
Corrie J. Yackulic