# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION**                                   MDL No. 2741

## REMAND ORDER

**Before the Panel**:*  Plaintiff Consuela E. Kelly-Leppert, who is proceeding *pro se*, moves under Panel Rule 10.2 to vacate our order that conditionally remanded the *Kelly-Leppert* action listed on Schedule A to the Eastern District of Missouri.  No party responded to the motion.

After considering the plaintiff's arguments, the Panel finds that remand of this action under 28 U.S.C. § 1407 is warranted.  In considering the question of remand, the Panel consistently gives great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the litigation's pretrial proceedings.  *See, e.g.*, *In re Columbia/HCA Healthcare Corp. Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008).  The transferee judge's suggestion of remand indicates that "he perceives his role under Section 1407 to have ended."  *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).  Here, the transferee judge suggested Section 1407 remand because plaintiff "alleges that her deceased husband was diagnosed with colorectal cancer rather than [non-Hodgkin's lymphoma (NHL)]; this non-NHL diagnosis means that there is little to be gained from adjudicating this case in this MDL."  Suggestion of Remand at 1, *In re Roundup Prods. Liab. Litig.*, C.A. No. 3:16-md-02741 (N.D. Cal. Aug. 20, 2025), ECF No. 20963.

In opposition to remand, plaintiff argues that decedent's "clinical presentation" supports a diagnosis of NHL, rather than colorectal cancer.  This argument is not persuasive.  Plaintiff challenges the accuracy of decedent's colorectal cancer diagnosis.  The Panel, however, is neither well-situated nor inclined to weigh the merits of plaintiff's characterization of decedent's medical history.  "It is well established that Section 1407 does not grant the Panel the authority to decide questions going to the merits of a case."  *In re Mary & Devi Nampiaparampil Litig.*, 776 F. Supp. 3d 1360, 1362 (J.P.M.L. 2025).  We therefore will not second guess the transferee court's analysis of plaintiff's allegations and its conclusion that litigation of her claims within the MDL will not be efficient.

---

* Judge Madeline Cox Arleo did not participate in the decision of this matter.

- 2 -

Plaintiff next argues that the Eastern District of Missouri presents concerns of "venue bias and corporate influence" because Monsanto is headquartered there. This argument does not present an appropriate basis to deny remand. *Cf. In re Isidoro Rodriguez Litig.*, 829 F. Supp. 2d 1379, 1380 (J.P.M.L. 2011) ("[P]laintiffs' request for centralization before an 'impartial panel' misconstrues the role of this Panel.").

Furthermore, plaintiff appears to misapprehend the procedural posture of her action. In her motion to vacate the conditional remand order, she requests to be excluded from the MDL proceedings and allowed to proceed as a standalone action in the Northern District of California.[1] But plaintiff originally filed this action in the Eastern District of Missouri in 2021, and we transferred the action to the MDL in the Northern District of California shortly thereafter. Section 1407 requires that actions transferred by the Panel be remanded to the original district of filing at the conclusion of pretrial proceedings in the MDL. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998) (holding that Section 1407 "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course"). Now that we have determined that further litigation of *Kelly-Leppert* within the MDL is no longer appropriate, by statute the Panel must remand this action back to the Eastern District of Missouri where it was filed.

IT IS THEREFORE ORDERED that this action is remanded to the Eastern District of Missouri.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton                    Matthew F. Kennelly
David C. Norton                        Roger T. Benitez
Dale A. Kimball

---

[1] Plaintiff also argues that her pending motion seeking appointment of counsel should be resolved prior to remand. This argument is not well taken. Plaintiff can present her arguments for appointment of counsel to the court in the Eastern District of Missouri following remand.

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                                    MDL No. 2741

## SCHEDULE A

<u>Northern District of California</u>

KELLY−LEPPERT v. MONSANTO COMPANY, C.A. No. 3:21-02910 (E.D. Missouri,
    C.A. No. 4:21-00369)