Robin L. Greenwald (*pro hac vice*)
Robert J. Quigley (CA Bar No. 302879)
Chantal Khalil Levy (*pro hac vice*)
Emma Dietz (*pro hac vice*)
Alicia Butler (*pro hac vice*)
**WEITZ & LUXENBERG, P.C.**
700 Broadway, Fifth Floor
New York, NY 10003
Telephone: 212-558-5802
rgreenwald@weitzlux.com
rquigley@weitzlux.com
ckhalil@weitzlux.com
edietz@weitzlux.com
abutler@weitzlux.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **DECLARATION OF ROBIN L. GREENWALD IN SUPPORT OF JOINT MOTION OF MDL CO-LEAD COUNSEL AND WAVE 10 PLAINTIFFS JONES AND SCHRAMM FOR INJUNCTIVE RELIEF OR, IN THE ALTERNATIVE, DECLARATORY RELIEF RELATED TO PROPOSED NATIONAL ROUNDUP SETTLEMENT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ALL ACTIONS | |
| *Jones v. Monsanto Co.*, 3:26-cv-01455 | |
| *Schramm v. Monsanto Co.*, 3:26-cv-01461 | |
| [As to Argument Part III] | |

### DECLARATION OF ROBIN L. GREENWALD

**I, Robin L. Greenwald, declare and state:**

1. I am an attorney at Weitz & Luxenberg, P.C. I serve as co-lead counsel in Multi-District Litigation No. 2741, *In re: Roundup Products Liability Litigation*, Case No. 16-md-02741-

VC (N.D. Cal.) (the "Roundup MDL"), alongside The Miller Firm. I also serve as counsel of record to hundreds of individuals who have pending Roundup litigation in state court, and I have represented thousands more plaintiffs in Roundup cases that have settled.

2.      I submit this declaration in support of the joint motion of MDL Co-Lead Counsel and Wave 10 Plaintiffs Joseph Jones and Glenn Schramm for injunctive, or in the alternative, declaratory relief related to the proposed national Roundup settlement issuing from state court. I submit this declaration based on my personal knowledge of the facts stated in this declaration, and if called to testify, I could and would competently testify to the matters stated herein.

3.      Attached as Exhibit A is a true and correct copy of the Preliminary Approval Order entered on March 4, 2026, concerning the proposed class action settlement in *King v. Monsanto Co.*, No. 2622-CC00325 (Cir. Ct. City of St. Louis, Mo.).

4.      Attached as Exhibit B is a true and correct copy of the Memorandum issued by Judge Boyer on March 4, 2026, filed contemporaneously with the Preliminary Approval Order for the proposed class action settlement in *King v. Monsanto Co.*

5.      Attached as Exhibit C is a true and correct copy of the proposed Class Action Settlement Agreement, filed by class counsel in *King v. Monsanto Co.* on February 17, 2026, as retrieved from Missouri's public court record portal, case.net.

6.      Attached as Exhibit D is a true and correct copy of the Notice Regarding Deficiencies and/or Ambiguities in Class Action Settlement Definitions, and Further Due Process Concerns, Affecting Federal Roundup Lawsuits, which my local counsel and I filed in *King v. Monsanto Co.* on March 26, 2026. The St. Louis City Court has not taken action as to this Notice.

7.      Attached as Exhibit E is a true and correct copy of correspondence from Monsanto and Class Counsel to Perry Weitz and me, dated April 8, 2026. Monsanto's counsel sent this letter on April 8 at 5:36 p.m., Eastern time, less than an hour after I wrote their counsel notifying them of our intent to seek relief from the class action in the MDL, and requesting their position on our request to shorten briefing and hearing pursuant to Local Rule 6-3. This non-public

correspondence was the first time that Monsanto or Class Counsel stated their position as to the matters raised in Co-Lead Counsel's March 26, 2026 notice to the *King* court (Exhibit D) and Monsanto and Class Counsel still have not, to my knowledge, made public notification.

8.  Attached as Exhibit F is a true and correct copy of Defendant Monsanto Company's Response to Plaintiffs' Emergency Motion to Determine Status of Trial Date in the matter *McCall, et al., v. Monsanto Co.*, Case No. 22AC-CC00974 (Mo. Cir. Ct. March 10, 2026), as retrieved from Missouri's public court record portal, case.net.

9.  Attached as Exhibit G is a true and correct copy of the Amicus Curiae Brief Regarding Status of Trial Date, filed by Class Counsel in *King v. Monsanto*, No. 2622-CC00325, in the unrelated matter *McCall, et al., v. Monsanto Co.*, Case No. 22AC-CC00974 (Mo. Cir. Ct. March 10, 2026), as retrieved from Missouri's public court record portal, case.net.

10.  On February 17, 2026, Class Counsel— Seeger Weiss LLP, Motley Rice LLC, Waters Kraus Paul & Siegel, The Holland Law Firm, Ketchmark & McCreight, and Williams Hart Boundas—filed a putative class action petition and, in conjunction with Monsanto, a settlement approval motion in Missouri state court, in the 22nd Judicial Circuit Court for the City of St. Louis. *King v. Monsanto Co.*, No. 2622-CC00325 (Mo. Cir. Ct. City of St. Louis Feb. 17, 2026).

11.  The February 17 filings by Class Counsel and Monsanto consisted of the class action petition; a 94-page "Unopposed Motion for Entry of the Preliminary Approval Order and Suggestions in Support"; the proposed Master Settlement Agreement and nine exhibits thereto, including the proposed class notice and a 22-page proposed preliminary approval order; and four supporting declarations, accompanied by another ten exhibits in all. The case-initiating filings totaled 620 pages. The filings also included a request for a 15-day fast track preliminary approval of the class action settlement.

12.  On February 17, the same day the case was filed, it appears that the St. Louis City Court held the preliminary approval hearing for this proposed settlement agreement. No hearing was publicly noticed, and according to the Memorandum issued by the St. Louis City Court

DECL. OF ROBIN GREENWALD I/S/O MOT. FOR INJUNCTIVE OR DECLARATORY RELIEF FROM STATE CLASS ACTION
*IN RE ROUNDUP PRODS. LIAB. LITIG.*, CASE NO: 3:16-MD-02741-VC

contemporaneously with the Order granting preliminary approval of the settlement, only Monsanto and Class Counsel were present.

13.    Co-Lead Counsel have diligently requested from the St. Louis City Court any transcript of this February 17 preliminary approval hearing; none has been provided and it is unclear if one exists.

14.    On February 24, not knowing that this preliminary approval hearing had apparently already taken place, a group of Missouri state court plaintiffs jointly represented by 14 law firms (among them Weitz & Luxenberg) with nearly 20,000 Roundup clients sought to intervene in the then-putative class action proceedings. This February 24 filing raised questions concerning, inter alia, the capacious class definition, the restrictive and confusing opt-out provisions, disabling intra-class conflicts, and the seeming unfeasibility of furnishing constitutionally adequate notice, particularly to a futures class this diffuse and diverse. Given these concerns, plaintiffs asked the Court not to grant preliminary approval until these concerns could be considered.

15.    On March 4, 2026, the St. Louis City Court certified the proposed class for settlement purposes and granted preliminary approval. There was no further hearing, and no explanation of its decision beyond the three-page memorandum issued on that date, which incorrectly stated that intervenors' concerns could be addressed by way of later "objection[s]." *See* Ex. B at 4. The court entered essentially unchanged the proposed order requested by the parties on February 17.

16.    The proposed intervenors sought relief at the Missouri Court of Appeals the following day, on March 5, 2026, the day that class notice was to begin. Their writ was summarily denied on March 6. That same day, they sought writ relief at the Missouri Supreme Court. That writ was summarily denied on March 9.

17.    In court filings dated March 10, March 18, March 25, and March 26, 2026, Plaintiffs' counsel have notified the St. Louis City Court of ongoing issues related to the settlement, including deficiencies in notice available on the settlement administration website, as

well as the lack of information available to plaintiffs and their counsel concerning bankruptcy risk and medical lien protections.

18.    In Class Counsel's Unopposed Motion for Entry of the Preliminary Approval Order and Suggestions in Support filed on February 17, 2026, in *King v. Monsanto Co.*, Class Counsel represented to the Missouri court that its proposed payment structure was fair, in part, due to Monsanto's risk of bankruptcy. Since preliminary approval of the proposed class action settlement was granted, Class Counsel has continued to make similar public representations regarding Monsanto's risk of bankruptcy as a justification for the proposed settlement terms. However, Monsanto has not disclosed these supposedly material financial developments to this Court, nor have Monsanto or Class Counsel shared this information with Plaintiffs' counsel or Co-Lead Counsel despite repeated requests that they furnish all financial materials and analyses referenced in the settlement papers and public comments regarding Monsanto's potential bankruptcy. If this unsupported threat of bankruptcy turns out to be a serious one, this would mean that the nearly 4,000 cases now pending in the MDL lack any insolvency protection, such as an escrow fund.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2026                    Respectfully Submitted,

/s/ *Robin Greenwald*

Robin Greenwald, Esq.