# Exhibit F

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

# IN THE 19TH JUDICIAL CIRCUIT COURT OF COLE COUNTY, MISSOURI

SHERRI MCCALL, Individually and as the Personal Representative of the Estate of Donnie McCall, )

    *Plaintiff,* )    Case No. 22AC-CC00974

    v. )

MONSANTO COMPANY, )

    *Defendant.* )

_____ )

MARY ALICE O'QUINN, Individually and as Successor-in-Interest to MICHAEL JAMES O'QUINN, )

    *Plaintiff,* )    Case No. 24AC-CC02762

    v. )

MONSANTO COMPANY, )

    *Defendant.* )

_____ )

JACK MCDOWELL, )    Case No. 24AC-CC09998

    *Plaintiff,* )

    v. )

MONSANTO COMPANY, )

    *Defendant.* )

_____ )

1

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

## DEFENDANT MONSANTO COMPANY'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO DETERMINE STATUS OF TRIAL DATE

On March 4, 2026, the Honorable Judge Timothy J. Boyer of the City of St. Louis Circuit Court issued a Preliminary Approval Order of a proposed class action settlement in the Roundup litigation. *See* Ex. 1 to Plaintiffs' Motion (hereinafter "Preliminary Approval Order" or "Order"). As Plaintiffs acknowledge, as part of that Preliminary Approval Order, Judge Boyer ordered that "**all Settlement Class Member Parties are enjoined from prosecuting any such claims in the courts of the State of Missouri**, pending the Court's consideration of and entry of a Final Order and Judgment in this Matter." Preliminary Approval Order at 17, ¶ 42 (emphasis added). By its plain terms, this injunction applies to Plaintiffs in these cases, and they are prohibited from prosecuting their Roundup claims in any court in Missouri. Indeed, consistent with the Preliminary Approval Order, last week another circuit court in Missouri vacated an April trial date in Roundup cases and stayed all proceedings. *See* Ex. A, 3/6/26 Order, *Amos, et al. v. Monsanto Co.*, 20SL-CC03676 (St. Louis County Cir. Ct.). And both the Missouri Court of Appeals and the Supreme Court of Missouri have denied Petitions for Writs of Prohibition or Mandamus challenging the legality of the Preliminary Approval Order in general and the provision staying proceedings in particular. *See* Ex. B, 3/9/26 Order, *State ex rel Youngkrantz, et al. v. Hon. Timothy Boyer*, SC 101549 (Mo. Sup. Ct.); Ex. C, 3/6/26 Order, *State ex rel. Youngkrantz, et al. v. Hon. Timothy Boyer*, ED114333 (Mo. App. E.D.); Ex. D, 3/9/26 Order, *State ex rel. Hall, et al. v. Hon. Timothy Boyer*, ED114340 (Mo. App. E.D.).

For the reasons set forth below and given the status of the Roundup class settlement,

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

Defendant respectfully requests that this Court vacate the current trial setting and set this for status at a date following the July 2026 fairness hearing and resulting final order on the class settlement.

## I.   The Preliminary Approval Order Applies To Plaintiffs.

Plaintiffs first contend that "[b]ecause the Plaintiffs in this case excluded themselves from the Settlement Class, the purported stay does not apply to them." Plaintiffs' Motion at ¶ 6. Plaintiffs are wrong, and they misread the Preliminary Approval Order's injunction. Paragraph 42 of the Preliminary Approval Order provides:

> All Roundup Lawsuits and Related-Party Lawsuits brought by Settlement Class Member Parties in any court of the State of Missouri are stayed, and **all Settlement Class Member Parties are enjoined from prosecuting any such claims in the courts of the State of Missouri, pending the Court's consideration of and entry of a Final Order and Judgment in this matter**. The stay and prohibition set forth in this Paragraph 42 shall remain in effect until entry of the Final Order and Judgment.

Preliminary Approval Order, ¶ 42. (emphasis added). The injunction in Paragraph 42 applies to Plaintiffs in these cases.

### A.   These Cases Are "Roundup Lawsuits."

First, there can be no dispute that these cases are "Roundup Lawsuits." The Class Action Settlement Agreement, which is referenced throughout the Preliminary Approval Order, defines "Roundup Lawsuit," in relevant part, as "a past, present, or future action or proceeding between one or more Settlement Class Member Parties and any of the Monsanto Parties in . . . any other . . . state court . . . that asserts or alleges Roundup Claims." Ex. E, Class Action Settlement Agreement, § 1.1 (108). Plaintiffs have brought claims against Monsanto Company, which is one of the "Monsanto Parties" in the

3

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

agreement, *see id.*, § 1.1 (76).  And Plaintiffs' claims are undoubtedly "Roundup Claims," as defined by the Class Action Settlement Agreement, *see id.,* § 1.1 (107).[1]

### B.    Plaintiffs Are "Settlement Class Member Parties."

There can also be no dispute that Plaintiffs qualify as "Settlement Class Member Parties."  The Class Action Settlement Agreement defines "Settlement Class Member Parties," in relevant part, as "the Settlement Class." *Id.*, § 1.1 (115).  The Settlement Class is defined, in relevant part, by Section 2.1 as "those U.S. Persons who, prior to the Settlement Date [February 17, 2026], have been Exposed to one or more Roundup Products and who" applied or purchased any Roundup product. *Id.*, § 2.1(a).  The Agreement further provides that the Settlement Class includes derivative claimants.  *Id.*[2]  Plaintiffs are members of the Settlement Class because they allege that they were either personally exposed to Roundup and applied or purchased it, or because they are derivative claimants of someone who was exposed to Roundup and applied or purchased it.

---

[1] Section 1.1 (107) of the settlement agreement defines "Roundup Claims" as:

> Claims arising from, resulting from, in any way relating to or in connection with any actual or alleged act, failure to act, negligence, statement, error, breach of any duty, conduct, transaction, fact, matter, occurrence, representation, or omission or activity of any kind involved, set forth, alleged, or referred to in the Petition or that otherwise arise from, result from, in any way related to or are in connection with both Roundup Products and NHL, including Derivative Claims, personal injury claims, medical monitoring claims, other tort claims, (including claims for fraud, misrepresentation, fraudulent concealment, negligent misrepresentation, and failure to warn), warranty claims, false advertising claims, and claims for violations of any consumer protection or unfair and deceptive acts or practices statute.

[2] "Derivative Claimants," in turn, is defined as "spouses, parents, children, or any other individuals who properly under applicable state law have or assert a right to maintain a Roundup Claim against the Monsanto Parties or Related Parties independently or derivatively by reason of their relationship with a Settlement Class Member, including a deceased Settlement Class Member."

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

**D.    Plaintiffs Are Subject to the Stay and Injunction.**

Plaintiffs claim that the stay and injunction do not apply to them because they "excluded themselves from the Settlement Class." Pls.' Motion at ¶ 6.  That assertion is wrong and ignores the clear language of the Order, which establishes specific procedures for *how* a plaintiff opts out (or "excludes themselves") from the Settlement Class, and *when* such Opt Out becomes effective to exclude the plaintiff from the Settlement Class. Paragraphs 27 through 29 of the Order detail the requirements for a valid written request to Opt Out.  Paragraph 43 sets forth the timing element, providing that the injunction "shall not apply to any Opt Outs **beginning as of the date of their Opt Out becomes effective**" which occurs only after  **the Administrator provides a list of valid opt outs following the close of the Opt Out period and** "resolution of any challenge to the validity of the request brought by Class Counsel or the Defendant." Order, ¶ 43 (emphasis added); Ex. E, Settlement Agreement at Section 12.2(f)-(h).    No plaintiff has an Opt Out that has yet become effective.[3]

In sum, the plain text of the Preliminary Approval Order applies to Plaintiffs and their claims.  Accordingly, Plaintiffs are enjoined from prosecuting their claims at this time.

---

[3] As noted in Plaintiffs' Motion, Plaintiffs filed Notices of Request to Opt Out in the settlement class case (*King v. Monsanto*) in the City of St. Louis. *See* Ex. 2 to Pls.' Mtn.  As an initial matter, Plaintiffs' filing of these Notices in *King* is an acknowledgment that their claims are within the scope of the class and they are subject to Judge Boyer's Order.  Moreover, filings on the docket are not a valid method of submitting opt outs pursuant to the Preliminary Approval Order and the Settlement Agreement.  And no Opt Out will become effective until June 2026, after the Administrator provides a list of valid opt outs following the close of the opt out period and the time periods set forth in the Settlement Agreement have run. *See* Ex. E, Settlement Agreement at Section 12.2(f)-(h).

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

## II.    <u>The Preliminary Approval Order's Injunction Is Valid and Enforceable.</u>

Plaintiffs next contend that the Preliminary Approval Order's mandates do not apply to them because "the Circuit Court in the City of St. Louis cannot control this Court's docket or have any supervisory authority whatsoever over the Circuit Court of Cole County, Missouri." Plaintiffs' Motion at ¶ 6. Plaintiffs misunderstand the injunctive relief granted by the Preliminary Approval Order. In fact, both the Missouri Court of Appeals and the Supreme Court of Missouri have already denied writ petitions challenging the legality of the Preliminary Approval Order and making the same arguments that Plaintiffs make here. *See* Ex. B, 3/9/26 Order, *State ex rel Youngkrantz, et al. v. Hon. Timothy Boyer*, SC 101549 (Mo. Sup. Ct.); Ex. C, 3/6/26 Order, *State ex rel. Youngkrantz, et al. v. Hon. Timothy Boyer*, ED114333 (Mo. App. E.D.); Ex. D, 3/9/26 Order, *State ex rel. Hall, et al. v. Hon. Timothy Boyer*, ED114340 (Mo. App. E.D.).

The Preliminary Approval Order does not purport to "control" or "supervise" this Court. For that reason, the only authority cited by Plaintiffs in support of their emergency motion is inapposite. *State ex rel. Mertens v. Brown*, 198 S.W.3d 616 (Mo banc 2006) (concluding one circuit court was "not authorized to remand a case to another circuit court to correct an error" in denying probation in a criminal matter; remedial writs are the province of appellate courts).

Rather, the Preliminary Approval Order enjoins "***Settlement Class Member Parties***." Order at 17, ¶ 42. Specifically, it provides that:

> All Roundup Lawsuits and Related-Party Lawsuits brought by Settlement Class Member Parties in any court of the State of Missouri are stayed, and **all Settlement Class Member Parties are enjoined from prosecuting any**

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

**such claims in the courts of the State of Missouri**, pending the Court's consideration of and entry of a Final Order and Judgment in this matter.

*Id.* (emphasis added).

Missouri law unambiguously grants circuit courts the authority to issue this precise type of injunctive relief. Missouri Revised Statutes section 476.070 grants "[a]ll courts" the "power to issue **all writs** which may be necessary in the exercise of their respective jurisdictions, according to the principles and usages of law." § 476.070 RSMo (emphasis added);[4] *see also* Mo. Const. art. V, sec. 14(a) (providing that circuit courts "may issue and determine original remedial writs"). Relatedly, section 526.030 broadly provides, without limitation, that "[t]he remedy by **writ of injunction**…shall exist in all cases…**to prevent the doing of any legal wrong whatever**, whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages." § 526.030 RSMo (emphasis added); Mo. Sup. Ct. R. 92.02(e).

The Missouri Supreme Court has recognized that "[t]he circuit court 'is vested with a broad discretionary power to shape and fashion [injunctive] relief to fit the particular facts, circumstances and equities of the case before it." *Priorities USA v. State*, 591 S.W.3d 448, 452 (Mo. banc 2020). Specifically, in the context of class action proceedings, Missouri Rule 52.08(d)(1)(A) grants courts the power to "determine the course of

---

[4] The language of the Missouri statute is similar to that of the federal All Writs Act. *See* 28 U.S.C. § 1651(a) (granting federal courts the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); *see also*, *e.g.*, *In re Nat'l Football League Players' Concussion Inj. Litig.*, 301 F.R.D. 191, 203–04 (E.D. Pa. 2014) (applying the All Writs Act to issue a stay and injunction of related proceedings pending final settlement approval).

proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument." Mo. Sup. Ct. R. 52.08(d)(1)(A).[5]

Missouri courts have long recognized a circuit court's authority to prescribe injunctive relief that operates "in personam" to prevent individuals from "using [another] court as an instrument whereby he may inflict injustice," regardless of whether that other court is located inside or outside the State of Missouri. *See Kansas City Rys. Co. v. McCardle*, 232 S.W. 464, 467 (Mo. 1921) (holding a Missouri court may enjoin a Missouri resident from pursuing litigation in Kansas courts to evade Missouri exemption laws; "It is but the same sort of jurisdiction which equity possesses to enjoin an action at law in a domestic court, in proper circumstances"). This type of injunctive relief "is not an interference with" any other court; indeed, such relief does not attempt to place any "restraint" upon any other court at all. *Kansas City Rys. Co.*, 232 S.W. at 467.

The Preliminary Approval Order imposes this exact type of in personam injunctive relief. The Preliminary Approval Order enjoins "***Settlement Class Member Parties***" from pursuing their lawsuits in other Missouri courts. Order at 17, ¶ 42 (emphasis added). The injunctive relief provided in the Order is particularly warranted here, given its grant of preliminary approval of a class-action settlement that resolves a complex matter. In such circumstances, "the challenges facing the overseeing court are such that it is likely that

---

[5] The federal counterpart to Rule 52.08(d)(1), Federal Rule of Civil Procedure 23(d), "vests a district court with the authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process," including by staying competing class actions. *See, e.g.*, *Hanlon* v. *Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998) (citing *Gulf Oil Co.* v. *Bernard*, 452 U.S. 89, 100 (1981)).

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

almost any parallel litigation in other fora presents a genuine threat" to the settlement. *In re Diet Drugs*, 282 F.3d 220, 236 (3d Cir. 2002).  Accordingly, Plaintiffs' argument that the Preliminary Approval Order's Stay does not apply because "the Circuit Court in the City of St. Louis cannot control this Court's docket or have any supervisory authority whatsoever over the Circuit Court of Cole County, Missouri," Plaintiffs' Motion at ¶ 6, is misplaced and should be rejected.  The Preliminary Approval Order's injunction applies to Plaintiffs, and they are prohibited from prosecuting their claims in these cases at this time.  Indeed, following the issuance of the Preliminary Approval Order, the Circuit Court of St. Louis County vacated an April trial date in Roundup cases "[p]ursuant to" that Order. *See* Ex. A.

## III.    The Trial of These Cases Should Not Proceed Now for Additional Reasons.

The Order's injunction applies to Plaintiffs, and they are prohibited from prosecuting their claims in these cases at this time.  That is the beginning and the end of the inquiry.  To be sure, though, there are additional reasons that the trial in these cases should not proceed now.

First, as the Preliminary Approval Order notes, "it would be prejudicial to Settlement Class Members and to the settlement approval process for trials to take place, or for other significant litigation activity to take place, while the Court is considering this matter." Order at 17, ¶ 43.  Proceeding with the trial of these cases now would frustrate and prejudice the settlement approval process, and basic principles of comity counsel against such a result.

Additionally, following entry of the Preliminary Approval Order last week, the

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

Notice program has already begun.  This Notice program will involve substantial publicity throughout the State, including in Cole County. As described in the Motion for Entry of Preliminary Approval, the Notice Plan "will include direct individual notice to thousands of known and potential Settlement Class Members, **expansive paid publication notice in various media sources**, and extensive outreach to third parties, including medical-lien holders and lawn-and-garden supply stores." *See* Ex. F, Motion for Entry of Preliminary Approval at 35.  This will include "30- and 60-second television advertisements on national broadcast and cable networks" and "full-page advertisements in consumer and trade magazines." *Id.* at 36.  "Overall, **an estimated 95 percent of adults over the age of 50, and 83.5 percent of adults over the age of 18, will be reached by the notice program**." *Id.* (emphasis added).   The announcement of the settlement has already received widespread national, state, and local publicity, and that publicity will only amplify during this Notice period.  Monsanto has a right to fair and impartial jurors in this case who have not pre-judged its liability. *See* R.S.Mo. § 494.470.1 ("no person who has formed or expressed an opinion concerning the matter or any material fact in controversy in any case that may influence the judgment of such person…shall be sworn as a juror in the same cause.").  Holding the trial of these cases squarely in the middle of the class notice period will impede that right and cause substantial prejudice.

Finally, the pendency of the *Durnell* Roundup case in the United States Supreme Court also counsels in favor of postponing the trial of these cases, as numerous courts

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

throughout the country have concluded.[6]  The Supreme Court of the United States granted Monsanto's petition for certiorari in *Monsanto Co. v. Durnell*, 607 U.S. __ (2026) (No. 24-1068, 2025 Term)—also a Missouri Roundup case—and agreed to decide whether FIFRA preempts the failure to warn claims at issue in these and other Roundup cases.  The Supreme Court's decision in *Durnell* is expected no later than the end of this Supreme Court term (June 30, 2026).  If the Supreme Court rules in Monsanto's favor, the failure to warn claim in these cases will be preempted, and—depending on the scope of the decision—the design defect and other claims may also be barred.[7]

---

[6] To date, at least seven different courts have entered stays or continued upcoming trial dates in nine cases pending the merits decision in *Durnell*.  For example, the Delaware Superior Court has stayed two Roundup cases "in the interest of judicial economy and efficiency, . . . pending the Supreme Court's decision on the *Durnell* petition."  *See* Order, *Bowe v. Monsanto*, No. N24C-07-052 MON; *Davis v. Monsanto*, No. N24C-05-024 MON.  The Circuit Court of Gentry County, Missouri canceled a Roundup trial "[d]ue to the potential impact of [the *Durnell*] case now pending in the Supreme Court of the United States."  *See* Order, No. 19GE-CC00080 (Feb. 3, 2026).  The Circuit Court of Jackson County, Oregon, similarly granted a motion to continue trial pending the outcome of the Durnell case. See *Order*, No. 21CV10291 (Feb. 23, 2026).   Four federal courts have also entered stays or continued Roundup cases. *See* Order, *Collins v. Monsanto*, No. 3:25-cv-06205-ZNQ-TJB (D.N.J. Jan. 26, 2026), ECF No. 42 (entering order staying case pending "the Supreme Court's decision in *Durnell*" because "the Supreme Court's decision in Durnell will likely impact this case."); Order, *Dominique v.* Monsanto, No. 3:21-cv-00678-JRK (N.D. Ohio Feb. 5, 2026) (ordering "expert disclosure and discovery deadlines continued pending the Supreme Court decision in *Monsanto Company v. Durnell*); Order, *Boatright v. Monsanto Co., et al.*, No. 4:19cv208-MW/MAF (N.D. Fla. Jan. 20, 2026), ECF No. 62 (entering stay "pending a merits decision from the United States Supreme Court in *Monsanto Company v. Durnell*."); Order, *Colton v. Monsanto Co.*, No. 4:20-cv-138-AW-MAF (N.D. Fla. Jan. 21, 2026), ECF No. 26 (same); Order, *Rhuland v. Monsanto Co.*, No. 3:19-cv-01823-JZ (N.D. Ohio Feb. 9, 2026)

[7] The *Anderson* case (which originated in this Court) is also currently subject to U.S. Supreme Court review, along with other Roundup cases from around the country.  *See Monsanto Co. v. Anderson*, Supreme Court Docket No. 25A683; *Monsanto Co. v. Johnson*, Supreme Court Docket No. 24-1098; *Monsanto Co. v. Salas*, Supreme Court Docket No. 24-1097. The preemption question in *Anderson* overlaps with the preemption question in *Durnell*.  Because the Supreme Court has now accepted the *Durnell* petition, the Supreme Court's forthcoming decision in *Durnell* will control the failure-to-warn preemption question in *Anderson* and in these cases.

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

Proceeding with a Roundup trial before the Supreme Court's decision risks wasting the Court's and the Parties' time and resources on (1) a failure to warn claim that may no longer be legally viable and; (2) adjudicating the viability of the related claims at issue in this case (including what evidence is admissible to support those claims and damages from them). Thus, postponing the scheduled trial of these cases is reasonable, judicious, and appropriate for this additional reason.

## IV.    CONCLUSION

Plaintiffs are subject to the Preliminary Approval Order's injunction. As a result, they are prohibited from prosecuting their Roundup claims in these cases at this time. Thus, Defendant respectfully requests that this Court vacate the current trial setting and set this for status at a date following the July 2026 fairness hearing and resulting final order on the class settlement.

Dated: March 10, 2026                                 Respectfully submitted,

/s/    Anthony R. Martinez
Anthony R. Martinez, #61791
SHOOK HARDY & BACON, LLP
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
amartinez@shb.com

James F. Bennett, #46826
DOWD BENNETT LLP
7676 Forsyth Boulevard, Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
Facsimile: (314) 862-2111
jbennett@dowdbennett.com

*Counsel for Defendant Monsanto Company*

Electronically Filed - COLE CIRCUIT - March 10, 2026 - 11:58 AM

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, the foregoing was electronically filed using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.

/s/ Anthony R. Martinez
Attorney for Defendant

13