- i -

**WOOL TRIAL LAW LLC**
David J. Wool (State Bar No. 324124)
Kali Backer (State Bar No. 342492)
1001 Bannock Street, Suite 410
Denver, CO 80204
Telephone: (720) 509-9101
david@wooltriallaw.com
kali@wooltriallaw.com

*Counsel for Amicus Curiae*


## UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS<br><br>——————————————————<br><br>*Jones v. Monsanto Co.*,<br>3:26-cv-01455<br><br>*Schramm v. Monsanto Co.*<br>3:26-cv-01461 | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>***AMICUS CURIAE* BRIEF ON BEHALF OF SETTLEMENT CLASS MEMBER FRED BIRNER IN SUPPORT OF JOINT MOTION OF MDL CO-LEAD COUNSEL AND WAVE 10 PLAINTIFFS JONES AND SCHRAMM FOR INJUNCTIVE RELIEF OR, IN THE ALTERNATIVE, DECLARATORY RELIEF RELATED TO PROPOSED NATIONAL ROUNDUP SETTLEMENT [DOC. 21962]**<br><br>Hon. Vince Chhabria<br><br><br>Hearing Date:    April 30, 2026<br>Hearing Time:    10:00 a.m.<br>Hearing Location:    Courtroom 4 |

## I.    INTRODUCTION

Undersigned counsel represents Fred Birner and files this brief as an *Amicus Curiae* in support of the Joint Motion of MDL Co-Lead Counsel and Wave 10 Plaintiffs Jones and Schramm for Injunctive Relief or, in the Alternative, Declaratory Relief Related to Proposed National Roundup Settlement [Doc. 21962] ("Joint Motion"). Mr. Birner is a member of the settlement class who is not in the MDL and is weighing whether to remain in the class or to exercise his opt-out rights.[1]

The risk of bankruptcy is a core justification for the class action settlement. Although the Joint Motion primarily seeks injunctive and declaratory relief, it also seeks the production of documents pertaining to that bankruptcy risk. *See* Joint Motion at 11. It is beyond dispute that this Court, in managing this multi-district ligation, has authority to grant the requested discovery. That is a point worth emphasizing in the proceedings here.

As it stands now, the risk of bankruptcy is a complete mystery. All that is available to lawyers representing litigants affected by the settlement – including litigants in the MDL like Plaintiffs Joseph Jones and Glenn Schramm – is Class Counsel's and their mediator's say-so and a news article from last year, vaguely stating that Bayer was "exploring" bankruptcy. That is, in fact, all that was provided in the preliminary approval motion as well. *See* Declaration of David Wool ("Wool Decl."), Ex. A ("Motion for Preliminary Approval") at 16. MDL discovery has not shed light on this issue either. No documents have been produced in the MDL that confirm whether the risk is real or illusory, despite MDL leadership's repeated requests. *See* Doc. 21962-1 (Greenwald Decl.) ¶ 18.

The Joint Motion sets forth compelling reasons for the production of documents relating to the risk of bankruptcy as it pertains to the MDL. *See* Joint Motion at 7. But another reason, more fundamental to the attorney-client relationship, warrants disclosure as well.

Without these documents, lawyers representing settlement class members cannot meaningfully assess the risk or advise their clients what weight, if any, it deserves. That information is critical to the decision-making at stake here: if the possibility of bankruptcy is real and imminent,

---

[1] This brief is submitted this amicus brief pursuant to this Court's Order, Dkt. No. 21966, authorizing amicus briefs in support of the relief requested without first seeking permission to file.

that fact could warrant many class members staying in the settlement or even opting-in. But, if the risk is remote, it could very well be advisable to opt-out.

The significant emphasis that Class Counsel placed on the bankruptcy risk in their preliminary approval motion and supporting declarations can only lead one to believe that they have documentation that the other lawyers subject to the MDL do not. At a minimum, whatever materials Class Counsel based their assertions about the bankruptcy risk upon or that Monsanto shared with Class Counsel about its financial health can and should be produced here, subject to the protective order. It is vital that class members have some guidance on the weight to be placed on risk of bankruptcy well in advance of the June 4, 2026 opt-out and objection deadline.

## II.    ARGUMENT

Class Counsel's notice to the class "recommend[s] this settlement" because of four risks that "could result in [class members] getting zero money if lawsuits continue": preemption, bankruptcy, delay, and litigation.[2] Three of those subjects are susceptible to ordinary legal analysis and publicly available information. Counsel can assess the preemption question from the case law and briefing. They can explain the uncertainties of continued litigation from experience and from the public record. Delay, too, is self-evident. Bankruptcy is different.[3]

Bankruptcy is the only one of the four risks that depends on nonpublic facts known principally by Monsanto and, now apparently the class lawyers who negotiated the settlement. Nothing produced in the MDL sheds light on whether bankruptcy is a genuine threat. There are no financials suggesting that Monsanto will be unable to continue to fund settlements in the future. And, in fact, the only materials Class Counsel cites in support of the risk in their Motion for Preliminary Approval are Class

---

[2] *Available at*: https://www.weedkillerclass.com/Docs/Settlement_Class_Notice.pdf (last accessed April 16, 2026).

[3] The Motion for Preliminary Approval similarly emphasizes bankruptcy risk as a justification for the settlement's adequacy. It warns that a "Monsanto bankruptcy would ensnare Roundup plaintiffs in lengthy proceedings without a guarantee of any compensation," and further asserts that "if the litigation continues unabated, Defendant may file for bankruptcy, leaving compensation of Settlement Class Members, especially future Claimants, even more uncertain." *See* Ex. A to Wool Decl. (Unopposed Motion for Preliminary Approval) at 16 and 54.

Counsel's and their mediator's own Declarations and a single year-old news article about Bayer's general "exploration" of the possibility.[4] *See* Wool Decl., Ex. A (Unopposed Motion for Preliminary Approval) at 16.

Monsanto's and Bayer's finances have been at-issue throughout this litigation, including in the *Hardeman* trial, but nothing produced to-date suggests that bankruptcy is a concrete possibility, much less one sufficiently material to bear on the settlement decision now being presented to class members. *See* Doc. 21962-1 (Greenwald Decl.) ¶ 18. When this Court considered the prior attempt to secure a sweeping class settlement, it observed that "Bayer (which recently acquired Monsanto) is a massive, wealthy company, and it continues to make money specifically from Roundup sales." *In re Roundup Prods. Liab. Litig.*, 541 F. Supp. 3d 1004, 1007-08 (N.D. Cal. 2021). Perhaps Monsanto's financial picture has materially changed. Perhaps it has not. But, if Class Counsel is now advocating that bankruptcy is a major reason to settle, they must do more than ask class members to take their word for it.

Class Counsel's own account of the negotiations suggest that discoverable materials exist. Their Motion for Preliminary Approval states that "Monsanto's ability-to-pay was a topic during negotiations," *see* Wool Decl., Ex. A (Unopposed Motion for Preliminary Approval) at 58, and Class Counsel's Declarations describe an "investigation into Defendant's corporate structure and finances," *see* Wool Decl., Ex. B (Declaration of Eric D. Holland) ¶ 30. At the same time, Class Counsel states that they "engaged financial experts early in the process to analyze Defendant's financial condition and ability to fund a settlement" and that analysis was "critical" to structuring the settlement. *See* Wool Decl., Ex. C (Declaration of Christoper A. Seeger) ¶ 15 The mediator's Declaration similarly states that "Because the Roundup litigation and other liabilities posed a daunting overhang on the Defendant's ability to continue as a going concern, counsel for Class Plaintiffs, in consultation with financial experts, carefully scrutinized the Defendant's financial health and related ability-to-pay concerns." *See* Wool Decl., Ex. D (Declaration of Mediator Fouad Kurdi) ¶ 10. If those statements

---

[4] *See* Andrew Scurria, *et al.*, *Bayer Seeks New Roundup Settlement While Exploring Monsanto Bankruptcy*, WALL ST. J., May, 15, 2025.

*AMICUS CURIAE* BRIEF
CASE NO. 16-MD-02741-VC

are accurate, then there are materials that can and must produced. If they are not, that raises a different—and equally serious—question about Class Counsel's adequacy and their basis for presenting bankruptcy as a central rationale for the settlement. Either way, discovery is warranted.

To be clear, the suggestion here is not that objectors or MDL litigants are entitled to each and every document Monsanto possess that remotely bears on the risk of bankruptcy. Rather, the point is narrower: it is that, at a minimum, the documents that Class Counsel *relied upon* to assert the risk of bankruptcy, including the analysis performed by Class Counsel's financial analysts, and the financials and documents Monsanto *shared with Class Counsel* on its financial health and bankruptcy risk should be produced. At a minimum, the Court should order production of that limited subset of documents on an expedited basis.

Without these documents, counsel for affected litigants have no meaningful basis to evaluate that particular risk or advise their clients accordingly. It is critical that they have access to the documentation that will enable them to do so.

The Court should grant all the relief sought in the Joint Motion. However, fundamentally, Class Counsel cannot make bankruptcy a central reason to justify a settlement while withholding the facts said to justify that claim. If the risk is real, disclosure will confirm it. If it is not, disclosure will expose it. Either result serves the interests of the litigants before this Court and the rights associated with their claims.

## III.    CONCLUSION

The Court should grant the relief requested in the Joint Motion, and, at a minimum, order Monsanto and Class Counsel who have appeared in the MDL to produce the following items by May 7, 2026:

- All financials and other documents regarding the bankruptcy risk that Class Counsel received from Monsanto in connection with the negotiation of the settlement;

- The financial analysis referenced in paragraph 15 of the Declaration of Christoper A. Seeger, including its underlying documents;

- All documents Class Counsel relied upon in asserting the existence of a bankruptcy risk.

- 5 -

Dated: April 16, 2026

**WOOL TRIAL LAW LLC**

*/s/David J. Wool*
David J. Wool (State Bar No. 324124)
Kali Backer (State Bar No. 342492)
1001 Bannock Street, Suite 410
Denver, CO 80204
Telephone: (720) 509-9101
david@wooltriallaw.com
kali@wooltriallaw.com

*Counsel for Fred Birner*