UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| This document relates to: | Case No. 3:16-md-02741-VC |
| Lisa Abbott v. Monsanto Co., MDL Cause Number 3:19-cv-05240; Juanita Battles v. Monsanto Co., MDL Cause Number 3:19-cv-00900; Casey Darden v. Monsanto Co., MDL Cause Number 3:20-cv-02976; Christopher Lewis v. Monsanto Co., MDL Cause Number 3:19-cv-00924; George R. Oscar, Jr. v. Monsanto Co., MDL Cause Number 3:20-cv-03066; Paul Palmer v. Monsanto Co., MDL Cause Number 3:19-cv-00899; Herb Peavy v. Monsanto Co., MDL Cause Number 3:19-cv-01318; Thomas Randall v. Monsanto Co., MDL Cause Number 3:17-cv-07256 | |

## Objection to Retroactive Application of 8% Common Benefit Holdback Assessment and Request for Determination by Special Master

**I. Introduction and Relief Requested**

1. Objector, Jonathan W. Johnson LLC (objector or counsel), counsel for eight plaintiffs whose Roundup MDL matters were settled prior to the entry of the holdback orders, respectfully submits this Objection for determination by the Roundup MDL Special Master.

2. Counsel requests a determination that the 8% common benefit holdback assessment is not applicable to the eight identified settled matters (or, alternatively, that no sanctions referral should issue as to Counsel) because the settlements at issue were finalized on October 28, 2020 through The Lanier Law Firm (counsel Richard D. Meadow), many

months before entry of Pretrial Order No. 236 in June 2021, and therefore no holdback was taken by Monsanto or the settlement administrator (Epiq) at the time.

3. Counsel further requests that Monsanto's counsel and Plaintiffs' Steering Committee counsel be directed to reflect in any compliance submission that Counsel timely raised an objection to applicability and is seeking Special Master review.

## II. Background

1. On April 11, 2026, Monsanto's counsel contacted Counsel asserting that, pursuant to prior pretrial orders in the Roundup MDL entered in June 2021 and October 2023, all attorneys representing plaintiffs are required to deposit 8% of the gross amount of any recovery into the Roundup Common Benefit Trust Account, and that the 8% must come from the attorneys' fees portion of the recovery.

2. Monsanto's counsel further requested that Counsel review a list of identified cases and indicate whether Counsel deposited the required 8% holdback into the Fund and warned that failure to respond fully would result in inclusion on a list for a compliance update and potential sanctions recommendation pursuant to PTO 332.

3. The list provided by Monsanto's counsel identified the following plaintiffs associated with Counsel:

1. Lisa Abbott - MDL Cause Number 3:19-cv-05240.

2. Juanita Battles - MDL Cause Number 3:19-cv-00900.

3. Casey Darden - MDL Cause Number 3:20-cv-02976.

4. Christopher Lewis - MDL Cause Number 3:19-cv-00924.

5. George R. Oscar, Jr. - MDL Cause Number 3:20-cv-03066.

6. Paul Palmer - MDL Cause Number 3:19-cv-00899.

7. Herb Peavy - MDL Cause Number 3:19-cv-01318.

8. Thomas Randall - MDL Cause Number 3:17-cv-07256.

4. On April 14, 2026, Counsel advised Monsanto's counsel (copying PSC counsel) that the cases were settled during September 2020 (and the settlement executed on October 28, 2020) through The Lanier Law Firm (attorney Richard D. Meadow) months before PTO 236 was entered, which explained why there was not a holdback from Monsanto or Epiq.

5. Later on April 14, 2026, Monsanto's counsel responded that Monsanto's counsel was not authorized to determine applicability of the 8% holdback requirement for Counsel's cases and directed Counsel to follow up with the Special Master to address the objection, while noting Monsanto would still include Counsel's firm on its submission to the Court and would note Counsel's objection.

## III. Objection and Grounds for Requested Determination

1. Counsel objects to any assertion that Counsel owes an 8% common benefit holdback deposit for the eight identified settled matters where the settlements were reached on October 28, 2020 through The Lanier Law Firm months before entry of PTO 236, and where no holdback was taken by Monsanto or Epiq at the time.

2. Counsel respectfully submits that, under these circumstances, it would be inequitable and inconsistent with due process to treat Counsel as noncompliant or subject Counsel to sanctions proceedings for failure to deposit a holdback that was not assessed or withheld at the time of settlement and distribution. It would be inequitable because Plaintiff's counsel paid The Lanier Law Firm a 15% fee to perform the tasks which the PSC was supposed to perform, and in addition also paid a special master additional fees to effectuate settlement.

3. Counsel further objects to being characterized as nonresponsive or noncooperative in the PTO 331/PTO 332 compliance process where Counsel promptly raised the timing-based objection and was expressly directed by Monsanto's counsel to present the objection to the Special Master.

## IV. Requested Relief

1. Counsel respectfully requests that the Special Master determine that the 8% common benefit holdback assessment is not applicable to the eight identified settled matters described above, based on the timing and settlement pathway described herein.

2. Alternatively, Counsel respectfully requests that the Special Master determine that no sanctions referral, adverse inference, or noncompliance designation should be made as to Counsel pending the Special Master's determination of applicability.

3. Counsel respectfully requests that the Special Master direct Monsanto's counsel and PSC counsel to reflect in any compliance update that Counsel has asserted a good-faith objection to applicability and has sought Special Master review.

## V. Reservation of Rights

1. Counsel reserves all rights to supplement this Objection with additional documentation, declarations, settlement documentation excerpts, and/or correspondence as may be requested by the Special Master or as may be necessary to establish the settlement timing, settlement structure, and the absence of any contemporaneous holdback mechanism for these matters.

Dated: April 16, 2026

Respectfully submitted,


**Jonathan W. Johnson LLC**
By: /s/ Jonathan W. Johnson
Jonathan W. Johnson (Georgia Bar No.394830)
2296 Henderson Mill Road, Suite 406
Atlanta, GA 30345
Telephone: (404) 888-0500
Email: jwj@jonathanjohnsonatlantalawyer.com

# Certificate of Service

I certify that on April 16, 2026, I served the foregoing **Objection to Retroactive Application of 8% Common Benefit Holdback Assessment and Request for Determination by Special Master** on the following persons by the method indicated below.

**Method of Service:**

1. By email to the addresses listed below.

**Recipients:**

1. Steve Huffaker, Counsel for Monsanto - steve.huffaker@us.dlapiper.com.

2. Holly Kipp, Counsel for Monsanto - holly.kipp@us.dlapiper.com.

3. Robin Greenwald, Plaintiffs' Steering Committee Counsel - rgreenwald@weitzlux.com.

4. David Dickens, Plaintiffs' Steering Committee Counsel - ddickens@millerfirmllc.com.

5. Special Master William A. Foster - CBFspecialmaster@pillsburycoleman.com.

Dated: April 16, 2026

**Jonathan W. Johnson LLC**
By: /s/ Jonathan W. Johnson
Jonathan W. Johnson (Georgia Bar No.394830)
2296 Henderson Mill Road, Suite 406
Atlanta, GA 30345
Telephone: (404) 888-0500
Email: jwj@jonathanjohnsonatlantalawyer.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| This document relates to: | Case No. 3:16-md-02741-VC |
| Lisa Abbott v. Monsanto Co., MDL Cause Number 3:19-cv-05240; Juanita Battles v. Monsanto Co., MDL Cause Number 3:19-cv-00900; Casey Darden v. Monsanto Co., MDL Cause Number 3:20-cv-02976; Christopher Lewis v. Monsanto Co., MDL Cause Number 3:19-cv-00924; George R. Oscar, Jr. v. Monsanto Co., MDL Cause Number 3:20-cv-03066; Paul Palmer v. Monsanto Co., MDL Cause Number 3:19-cv-00899; Herb Peavy v. Monsanto Co., MDL Cause Number 3:19-cv-01318; Thomas Randall v. Monsanto Co., MDL Cause Number 3:17-cv-07256 | |

## Brief in Support of Objection to Retroactive Application of 8% Common Benefit Holdback Assessment and Request for Determination by Special Master

### I. Introduction

Counsel for eight Roundup plaintiffs respectfully submits this objection to the assertion that an 8% common benefit holdback assessment is retroactively owed for cases settled in September 2020 (and concluded on October 28, 2020), months prior to the entry of Pretrial Order No. 236 establishing such requirement. An order imposing a fee holdback obligation may not be enforced retroactively against settlements agreed upon, funded, and structured, before the

order was entered, where no holdback mechanism existed at the time of settlement.  In addition, the holdback was not considered as part of a decision to accept the settlement offer because it did not exist at the time the offer was accepted..  The eight cases at issue were settled in or around September 2020 through The Lanier Law Firm (which was executed on October 28, 2020), and the claims were enrolled in a program managed by Epiq.  The settlements program was executed with Monsanto on October 28, 2020 (via Counsel Richard D. Meadow of The Lanier Firm).

At the time of settlement and distribution, no holdback was taken by Monsanto or Epiq, the settlement administrator, and no mechanism for withholding existed because no such requirement had been imposed by court order when the settlement was made.

Monsanto now demands retroactive compliance with an 8% holdback requirement and threatens sanctions, notwithstanding that counsel had no notice and no opportunity to comply with a requirement that did not exist when these settlements were administered.

Monsanto's counsel acknowledged on April 14, 2026 that they were not authorized to determine whether the holdback requirement applies to these pre-order settlements and directed counsel to present the objection to the Special Master.

## II. Statement of Facts

### A. The Eight Cases and Settlement Timeline

Counsel represents eight plaintiffs whose Roundup claims were settled in or around September 2020 through Mr. Lanier's firm, and the claims were paid out and closed in 2022. The eight plaintiffs are: Lisa Abbott; Juanita Battles; Casey Darden; Christopher Lewis; George R. Oscar, Jr.; Paul Palmer; Herb Peavy; and Thomas Randall.

1. Lisa Abbott (MDL Cause Number 3:19-cv-05240).

2. Juanita Battles (MDL Cause Number 3:19-cv-00900).

3. Casey Darden (MDL Cause Number 3:20-cv-02976).

4. Christopher Lewis (MDL Cause Number 3:19-cv-00924).

5. George R. Oscar, Jr. (MDL Cause Number 3:20-cv-03066).

6. Paul Palmer (MDL Cause Number 3:19-cv-00899).

7. Herb Peavy (MDL Cause Number 3:19-cv-01318).

8. Thomas Randall (MDL Cause Number 3:17-cv-07256).

At the time of settlement in September 2020, no holdback was taken by Monsanto or Epiq, and the settlements were structured and distributed without any withholding for a common benefit fund assessment. Pretrial Order No. 236, which established the 8% common benefit holdback requirement, was entered on June 22, 2021, about 8 months after September 2020, and thus post-dates the settlement of these eight cases as described in this objection.

**B. Monsanto's Demand for Retroactive Holdback**

On April 11, 2026, Monsanto's counsel sent a demand letter asserting that, pursuant to Pretrial Order No. 236 and Pretrial Order No. 287, all attorneys representing plaintiffs in the Roundup MDL are required to deposit 8% of the gross amount of any recovery into the Roundup Common Benefit Trust Account, with the 8% to come from the attorneys' fees portion of the recovery.

The demand letter identified the eight plaintiffs and requested confirmation whether the required 8% holdback had been deposited, warning that failure to respond fully would result in inclusion on a list for sanctions proceedings pursuant to Pretrial Order No. 332.

## C. Counsel's Prompt Response and Monsanto's Acknowledgment of Uncertainty

On April 14, 2026, counsel responded, explaining that the cases were settled in or around September 2020 through The Lanier Law Firm before Pretrial Order No. 236 was entered, which explained why there was not a holdback from Monsanto or Epiq at the time of settlement and distribution.

Later on April 14, 2026, Monsanto's counsel responded that they were not authorized to determine the applicability of the 8% holdback requirement for these cases and directed counsel to follow up with the Special Master to address the objection.

Despite acknowledging uncertainty about applicability, Monsanto's counsel stated they would still include counsel's firm on the compliance submission to the Court while noting counsel's objection. This request for retroactive fee holdbacks comes nearly six years after these cases were settled.

## D. The Absence of a Contemporaneous Holdback Mechanism

Neither Monsanto nor Epiq withheld any funds from the settlement distributions, and counsel contends this distinguishes these cases from post-order settlements where counsel had notice and could ensure compliance at the time of distribution.

## III. Summary of Argument

Pretrial Order No. 236 should not be applied retroactively to the eight cases settled in September 2020 because (1) federal law strongly presumes against retroactive application of legal obligations absent wholly unambiguous language directing retroactivity, (2) sanctions or adverse compliance findings would violate due process where counsel had no notice or

mechanism to comply at the time of settlement and distribution, and (3) equitable principles and settlement finality support excluding pre-order settlements from the holdback requirement.

## IV. Argument

### A. Pretrial Order No. 236 Should Not Be Applied Retroactively to Settlements Completed Before the Order's Entry

### 1. Federal Law Establishes a Strong Presumption Against Retroactive Application

The Supreme Court has established a well-defined framework for determining whether a legal directive applies retroactively to conduct or transactions completed before the directive's issuance. The touchstone of this analysis is that retroactivity is not favored in the law, and legal enactments will not be construed to have retroactive effect unless their language requires this result. *Landgraf v. Usi Film Prods.*, 511 U.S. 244 (1994).  A statute applies retroactively if the new provision attaches new legal consequences to events completed before its enactment.

The *Landgraf* framework establishes a two-part test. First, if the governing authority expressly prescribes that a directive applies retroactively to antecedent conduct, the inquiry ends and the directive is enforced as written, subject only to constitutional concerns. Second, when a directive is ambiguous or contains no express command regarding retroactivity, a reviewing court must determine whether applying the directive to antecedent conduct would create presumptively impermissible retroactive effects. *Weingarten v. United States*, 865 F.3d 48 (2d Cir. 2017).   There is a traditional presumption against retroactivity, and courts must look for clear intent defining temporal reach before applying a directive retroactively. *Singleton v. Smith*, 241 F.3d 534 (6th Cir. 2001).  The standard for finding a clear directive of retroactivity is a demanding one. *Ventura v. Sessions*, 907 F.3d 306 (5th Cir. 2018).   The directive must contain

wholly unambiguous language that it applies retroactively. *Id.* A directive's effective date or comprehensive nature alone may not rebut the presumption against retroactivity. *Id.*

**2. Applying the 8% Holdback to Pre-Order Settlements Would Attach New Consequences to Completed Transactions**

The eight cases were settled in or around September 2020, and Pretrial Order No. 236 was entered after September 2020. At the time these settlements were administered, no 8% holdback was withheld by Monsanto, the settlement administrator, or counsel, and the settlements were structured, negotiated, and finalized without any mechanism or notice requiring a holdback obligation. Imposing an 8% holdback obligation on settlements that were completed, administered, and closed before Pretrial Order No. 236 was entered would attach new legal consequences to events that were completed before the order's enactment. *Thom v. Ashcroft*, 369 F.3d 158 (2nd. Cir. 2004) This constitutes a presumptively impermissible retroactive effect. Courts have recognized that statutes should not be given truly retroactive effect if doing so would impair substantive rights, increase liability for past conduct, or impose new duties for completed transactions, absent clear directive to the contrary.

**3. Pretrial Order No. 236 Contains No Express Language Directing Retroactive Application (as Presented in This Record)**

Under *Landgraf*, absent a clear directive of retroactivity, courts must presume that a new legal requirement applies prospectively only. *Singleton v. Smith*, 241 F.3d 534 (6th Cir. 2001), *Atkinson v. AG of the United States*, 479 F.3d 222 (3rd Cir. 2006). The burden rests on the party seeking retroactive application to demonstrate wholly unambiguous language in the governing directive. *Ventura, Id.* Monsanto has not identified any language in Pretrial Order No. 236 that expressly directs retroactive application to settlements completed before the order's issuance.

The mere citation to Pretrial Order No. 236 and references to compliance obligations do not constitute the kind of clear, unambiguous directive required to overcome the strong presumption against retroactivity. Without express language stating that the 8% holdback applies to settlements completed before the order's entry, the presumption against retroactivity controls.

**4. Settlement Finality and Reliance Interests Support Prospective Application Only**

The retroactivity doctrine serves important purposes beyond mere statutory interpretation. It protects the settled expectations of parties who have completed transactions in reliance on the law as it existed at the time of those transactions. Courts have recognized that parties who enter into settlement agreements in the absence of a judicial decision or order establishing new requirements are entitled to rely on the security of their settlement documents and should not be endangered by subsequent legal changes. *Anita Foundations, Inc. v. ILGWI Nat'l Retirement Fund,* 710 F.Supp. 983 (S.D.N.Y. 1989).   Here, counsel and the settlement administrator structured and administered these eight cases without any obligation to withhold funds. The settlements were finalized, payments were made, and the cases were closed-all without any holdback mechanism in place. To impose a retroactive holdback obligation years after settlement and closure would fundamentally undermine settlement finality and the reasonable reliance interests of counsel and the parties. Counsel had no notice, no mechanism, and no opportunity to comply with a holdback requirement that did not exist when the settlements were administered.

**B. Sanctions or Adverse Compliance Findings Would Violate Due Process and Are Factually Inappropriate**

**1. Counsel Cannot Be Sanctioned for Failing to Comply with an Obligation That Did Not Exist at the Time**

A sanction imposed in civil litigation must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. *USCS Fed Rules Civ Proc R 11* the sanction must be tailored to remedy any prejudice caused by the alleged misconduct, and severe sanctions are constrained by constitutional due process concerns. Adequate notice prior to imposition of sanctions is mandated not only by statute but also by the due process clauses of both state and federal constitutions. The foundational problem with any noncompliance finding is that Counsel's clients' settlements occurred in September 2020, before Pretrial Order No. 236 was in effect. At that time, no 8% holdback requirement existed. Monsanto and the settlement administrator did not withhold any funds. Counsel cannot be found noncompliant for failing to comply with an obligation that did not exist when the settlements were distributed and when no withholding mechanism was in place.  Seeking to impose this obligation nearly 6 years after the cases were settled violates fundamental legal pinciples.

Courts have recognized that sanctions for non-compliance with court orders require that the party had clear notice of the order, had a reasonable opportunity to comply, and that the party's non-compliance was willful or in bad faith. Counsel satisfies none of these requirements. Counsel had no notice in September 2020 that a holdback would be required. The settlements were entered before Pretrial Order No. 236 was entered. Counsel had no opportunity to comply with an order that did not exist when the settlements occurred.

## 2. Monsanto's Acknowledgment of Uncertainty Precludes Sanctions Recommendations at This Stage

Monsanto's own communications establish that the applicability question is not within Monsanto's authority to resolve. When Counsel raised the objection that the settlements predated Pretrial Order No. 236 and that no holdback was taken, Monsanto responded that it is not

authorized to decide applicability and directed Counsel to raise the objection with the Special Master. This acknowledgment is critical: Monsanto recognized that the threshold question-whether the holdback requirement applies to these settlements-is a matter for the Special Master to determine, not for Monsanto to decide unilaterally.

Given this acknowledgment, any finding of noncompliance or recommendation for sanctions would be premature and improper. The applicability of the obligation is contested and pending before the appropriate decision-maker. Counsel cannot be sanctioned for failing to comply with an obligation whose applicability remains undetermined.

**3. Counsel's Prompt, Good-Faith Objection Supports Deferral of Any Adverse Finding**

Counsel's conduct demonstrates prompt cooperation and good faith. Upon receiving Monsanto's demand in April 2026, Counsel did not ignore the request or delay in responding. Instead, Counsel immediately provided a substantive response explaining the factual and legal basis for the objection: the settlements predated Pretrial Order No. 236, and no holdback was taken by Monsanto or the settlement administrator.

Courts have recognized that the timely assertion of an objectively reasonable justification for refusing to respond stays the accumulation of penalties pending judicial resolution of the merits of the objection. *United States v. General Laminates, Inc.*, 1990 U.S. Dist. LEXIS 19873 (M.D. Fla. 1990).   A good faith defense, timely asserted and earnestly pursued, may be enough to stay the accumulation of punitive sanctions even if the defense ultimately proves inadequate to pass an objective test of reasonableness. Counsel's prompt objection and cooperation with the Special Master process satisfy this standard.

Moreover, Counsel had an objectively reasonable basis for contending that the obligation did not apply. The settlements occurred before Pretrial Order No. 236; no holdback was taken; and Monsanto itself acknowledged that applicability is not for Monsanto to decide. These facts provide a plausible basis to support the claim that the holdback obligation, as applied to these settlements, is either inapplicable or otherwise unenforceable.

**4. Due Process Requires Deferral of Any Adverse Finding Pending Resolution**

Adequate notice prior to imposition of sanctions is mandated by constitutional due process. *Sole Energy Co. v. Hodges,* 128 Cal. App. 4th 199 (2005).   A lawyer is entitled to certain due process protections before a court may sanction the lawyer for conduct in litigation before the court, including notice and an opportunity to be heard. *Loftus v. SEPTA*, 8 F.Supp. 2d 458 (E.D. Pa. 1998).   Counsel should not be placed on a noncompliance list or subjected to sanctions recommendations while the threshold question of applicability is pending and while Counsel's good-faith objection is being considered by the Special Master. The proper procedure is to defer any adverse compliance designation until the Special Master has ruled on the applicability question. Only if the Special Master determines that Pretrial Order No. 236 applies retroactively to these settlements, and only if Counsel then fails to comply with a lawful directive, would sanctions or noncompliance findings be appropriate.

**V. Conclusion and Requested Relief**

For the foregoing reasons, counsel respectfully requests that the Special Master:

1. Determine that Pretrial Order No. 236 does not apply retroactively to the eight cases settled in or around September 2020 (Abbott, Battles, Darden, Lewis, Oscar, Palmer, Peavy, and Randall), based on the presumption against retroactive application, the

absence of explicit retroactive language, and the principle that court orders do not attach new legal consequences to transactions completed before the order's entry.  These cases were settled nearly six years ago and are not subject to orders made after the settlement was entered.

2. Alternatively, determine that no sanctions, noncompliance designation, or adverse compliance finding should issue pending the Special Master's determination of whether Pretrial Order No. 236 applies retroactively to pre-order settlements, given Monsanto's acknowledgment that it lacks authority to determine applicability and counsel's prompt, good-faith objection.

3. Direct Monsanto's counsel and Plaintiffs' Steering Committee counsel to reflect in any compliance submission or report to the Court that counsel has asserted a good-faith, timing-based objection and is seeking Special Master review, rather than characterizing counsel as noncompliant or recommending sanctions.

4. Preserve counsel's right to supplement this objection with additional documentation, declarations, settlement documentation excerpts, correspondence, and case law as may be requested by the Special Master or as may be necessary to establish settlement timing, settlement structure, and the absence of any contemporaneous holdback mechanism.

Dated: April 16, 2026.

Respectfully submitted.

Jonathan W. Johnson LLC.
By: /s/ Jonathan W. Johnson
Jonathan W. Johnson (Georgia Bar No. 394830).
2296 Henderson Mill Road, Suite 406.
Atlanta, GA 30345.
Telephone: (404) 888-0500.
Email: jwj@jonathanjohnsonatlantalawyer.com.

# Certificate of Service

I certify that on April 26, 2026, I served the foregoing objection on the following via email to the following:

1. Steve Huffaker, Counsel for Monsanto - steve.huffaker@us.dlapiper.com.

2. Holly Kipp, Counsel for Monsanto - holly.kipp@us.dlapiper.com.

3. Robin Greenwald, Plaintiffs' Steering Committee Counsel - rgreenwald@weitzlux.com.

4. David Dickens, Plaintiffs' Steering Committee Counsel - ddickens@millerfirmllc.com.

5. Special Master William A. Foster - CBFspecialmaster@pillsburycoleman.com..

Dated: April 16, 2026

**Jonathan W. Johnson LLC**
By: Jonathan Johnson
Jonathan W. Johnson (Georgia Bar No.394830)
2296 Henderson Mill Road, Suite 406
Atlanta, GA 30345
Telephone: (404) 888-0500
Email: jwj@jonathanjohnsonatlantalawyer.com