Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ  07660
973-639-9100
cseeger@seegerweiss.com

*Lead Counsel for the Putative Missouri Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | |
| *Jones* v. *Monsanto Co.*,<br>3:26-cv-01455<br><br>*Schramm* v. *Monsanto Co.*,<br>3:26-cv-01461<br><br>[As to ECF No. 21962 Argument Part III] | |

### DECLARATION OF CHRISTOPHER A. SEEGER

Pursuant to 28 U.S.C. 1746, I, Christopher A. Seeger, hereby declare as follows:

1.      I am a partner at Seeger Weiss LLP and a member in good standing of the Bars of the State of New Jersey and the State of New York, as well as several United States District Courts and United States Courts of Appeals.

2.      I respectfully submit this declaration in support of the Opposition filed herewith to the Joint Motion of MDL Co-Lead Counsel and Wave 10 Plaintiffs Jones and Schramm for Injunctive Relief or, in the Alternative, Declaratory Relief Related to Proposed National Roundup

Settlement [ECF No. 21962] (the "Motion").  The Motion seeks an injunction against Seeger Weiss LLP and other firms in their capacities as Class Counsel in *King v. Monsanto Co.*, No. 2622-CC00325 (Mo. 22nd Jud. Cir.), currently pending in the Circuit Court of the City of St. Louis in the state of Missouri (the "Missouri Action").

3.     My experience and qualifications are set forth in my declaration filed on February 17, 2026, in support of preliminary approval of the class settlement in the Missouri Action.  The relevant experience and qualifications of remaining Subclass 1 counsel in the Missouri Action— Joseph Rice, Peter Kraus, and John Eddie Williams—are likewise set forth in Exhibit A to that declaration.  A true and correct copy is attached as **Exhibit 1**.[1]  Mr. Kraus has also submitted an affidavit providing additional detail regarding the experience of his firm and Mr. Williams's firm litigating Roundup claims.  A true and correct copy is attached as **Exhibit 2**.  Mr. Rice has also submitted an affidavit describing his firm's experience litigating Roundup claims.  A true and correct copy is attached as **Exhibit 3**.  The relevant experience and qualifications of Subclass 2 counsel in the Missouri Action—Eric Holland and Michael Ketchmark—are set forth in the declaration filed by Eric Holland on February 17, 2026, in support of preliminary approval of the class settlement in the Missouri Action.  A true and correct copy with relevant exhibits is attached as **Exhibit 4**.[2]

4.     Collectively, Counsel for Subclass 1 in the Missouri Action represent thousands of individuals with Roundup claims pending or subject to tolling agreements.  Seeger Weiss alone

---

[1] My declaration was filed as Exhibit 3 to the Motion for Preliminary Approval in the Missouri Action.

[2] Mr. Holland's declaration was filed as Exhibit 2 to the Motion for Preliminary Approval in the Missouri Action.

DECLARATION OF CHRISTOPHER A. SEEGER
NO. 3:16-MD-02741-VC

represents over 13,000 such claimants—the single largest group of remaining unresolved Roundup claims.

5.      Over the past several years, Missouri has become the location of the overwhelming majority of Roundup litigation.  Currently, many tens of thousands of Roundup plaintiffs have cases pending in the Missouri state courts, compared to 301 plaintiffs in the MDL and approximately 75 plaintiffs across other federal courts.  Seeger Weiss alone has filed cases on behalf of more than 3,500 plaintiffs in Missouri.

6.      The class action settlement proposed in the Missouri Action has broad-based support among firms handling a large majority of the Roundup litigation, including former MDL Co-Lead Counsel Aimee Wagstaff and firms that previously opposed the prior proposed settlements in this Court.  In addition to Class Counsel in the Missouri Action, numerous other law firms representing substantial numbers of Roundup claimants have publicly declared their support for the Settlement and/or have agreed to serve on the plaintiffs' steering committee to implement the Settlement.  On information and belief, collectively, Subclass 1 counsel and other supporting firms represent approximately 60% of the pending and tolled Roundup claims that remain unresolved—tens of thousands of plaintiffs—including Seeger Weiss LLP (~13,200 plaintiffs), Motley Rice LLC (~3,300 plaintiffs), Waters Kraus Paul & Siegel, LLP (~1,800 plaintiffs), Wagstaff Law Firm (~6,800 plaintiffs), Nachawati Law Group (~4,000 plaintiffs), Napoli Shkolnik PLLC (~1,600 plaintiffs), and Ferraro Law Firm PA (~1,500 plaintiffs), as well as Sbaiti & Company PLLC, Schlesinger Law Offices PA, Simmons Hanly Conroy LLP, Duncan Stubbs, and Levin Papantonio.  Other firms are considering doing likewise.  Several of these firms, including Nachawati Law Group, Levin Papantonio, and Napoli Shkolnik were opponents of the prior proposed class settlements.  Public statements in support from the Wagstaff Law Firm, the

-3-

Nachawati Law Group, Ferraro Law Firm, and Schlesinger Law Offices are attached as **Exhibit 5, Exhibit 6, Exhibit 7** and **Exhibit 8**, respectively.

7.    It is my understanding that Weitz & Luxenberg is counsel of record for approximately 130 Roundup plaintiffs, and nearly all of those plaintiffs (approximately 110) have cases pending in Missouri state court.  The firm has filed nearly all of its recent Roundup cases in Missouri state court.  Further, it is my understanding that the Miller Firm is not counsel of record to any plaintiffs with active MDL cases and is apparently counsel to a single Missouri state case. Both firms have submitted opt out requests to the Settlement Administrator on behalf of clients, with Weitz & Luxenberg having submitted dozens of requests and even having submitted material to cure deficiencies in one opt out request.

8.    Thus far, multiple plaintiffs have submitted material to cure deficiencies in their opt out requests.  And anyone seeking further clarification on the opt-out instructions can ask follow-up questions to the Settlement Administrator via email or toll-free telephone, staffed in multiple languages.  A true and correct copy of the Opt Out Instructions, available on the Settlement website at https://www.weedkillerclass.com/Docs/View_Instructions.pdf, is attached as **Exhibit 9**.

9.    Since February 17, 2026, 38 plaintiffs have directly filed in or been transferred to the MDL.  Prior to February 17, 2026, 28 plaintiffs with active cases were remanded from the MDL.  Counsel for each of these two groups of plaintiffs have been sent an individualized notice via letter from the Settlement Administrator that explains exactly which federal plaintiffs are and are not in the Settlement class.  Similar letters will be sent to any plaintiffs who transfer into or directly file in the MDL up until the opt-out deadline.  A related letter sent to Weitz & Luxenberg confirming the plain language of the Settlement class definition in response to a question raised in

DECLARATION OF CHRISTOPHER A. SEEGER
NO. 3:16-MD-02741-VC

a filing in the Missouri Action was sent prior to the signatories receiving the firm's request for a shortened schedule on the Motion.  An FAQ has also been added to the Settlement website with the same information that was in the letter to Weitz & Luxenberg.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 21, 2026

_s/ Christoper A. Seeger_
Christoper A. Seeger

-5-

DECLARATION OF CHRISTOPHER A. SEEGER
NO. 3:16-MD-02741-VC