**SHOOK, HARDY & BACON L.L.P.**
Ryan S. Killian
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email: rkillian@shb.com

*Attorneys for Defendant*
*Monsanto Company*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: | **REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE** |
| *Kevin Allen v. Monsanto Co.*, Case No.  3:21-cv-08554-VC | |

Defendant Monsanto Company ("Monsanto") moved for dismissal, or an order to show cause, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b) because Plaintiff never served Monsanto with the summons and complaint in this action. Plaintiff Kevin Allen has filed an Opposition that appears to fault Monsanto for not previously contesting service and makes a single substantive contention—that Monsanto was served on October 26, 2021. *See* Dkt. No.10; *see also* Dkt. No. 9. If anything the Opposition confirms Plaintiff's failure to follow Rule 4.

**(1)** "Unless service is waived, proof of service must be made to the court." Fed. R Civ. P. 4(l)(1). While Plaintiff claims he "was not aware Defendant was claiming that they did not receive service" until a few days ago, Opp. at 1, Monsanto was not aware of Plaintiff's claim that service had been effectuated until June 10, 2026, *see* Dkt. No. 9. This is because Plaintiff did not file a purported proof of service, *see* Dkt. No. 9, until *after* Monsanto moved for dismissal, *see* Dkt. No. 8. Plaintiff's belated filing of a purported proof of service only highlights his failure to prosecute.

1

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
PROSECUTE OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE
3:16-md-02741-VC & 3:21-cv-08554-VC

**(2)**    In any event, and more importantly, the purported proof of service ("Exhibit A") proves that Plaintiff did not achieve service. Plaintiff cites Exhibit A as proof of service. Exhibit A, in turn, states that "[t]he complaint and summons was served via certified mail on the individual Jennise W. Stubbs on 10/26/2021." Exhibit A is accompanied by a Domestic Return Receipt featuring the following Article Number: 7021 0950 0002 0467 4937.

The undersigned has identified the mailing in question, which is attached as Exhibit 1.[1] As shown by that document, in mailing it, Plaintiff did not even purport to be serving Monsanto with process. Instead, Plaintiff purported to serve a Notice of Potential Tag-Along Action as required by the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("JPML"). *See* JPML Rule 4.1(a) ("All case documents shall contain a proof of service on all parties who do not receive electronic service through CM/ECF. The proof of service shall indicate the name and manner of service.").

The document mailed to Monsanto's counsel was a "Notice of Potential Tag-Along Action," and the accompanying Certificate of Service stated that a Douglas Hufnagel "mailed and e-mailed a true and correct copy of Plaintiffs Notice of Potential Tag-Along Action" to Monsanto's outside counsel.[2] *See* Exh. 1 at 52/55. This was the same representation Plaintiff made to the JPML *See* Exh. 2 (MDL No. 2741, JPML Dkt. No. 2499-1).

The JPML Rules recognize that service of JPML "case documents" under Rule 4.1(a) is not service of a summons and complaint for purposes of Rule 4 of the Federal Rules of Civil Procedure. *See* JPML Rule 7.2(b) ("Failure to serve one or more of the defendants in a potential tag-along action with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407."). Plaintiff's revisionist claim that he attempted and accomplished service in October 2021 should be disregarded.

---

[1] The envelope—the last page of the 55-page PDF document—has the same Article Number appearing in Plaintiff's Exhibit A.

[2] Plaintiff's Exhibit A was not signed by Mr. Hufnagel but was instead signed by Tayah Stephens. It does not appear that Ms. Stephens has the personal knowledge necessary to establish service by "affidavit." *See* Fed. R. Civ. P. 4(l)(1).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE
3:16-md-02741-VC & 3:21-cv-08554-VC

**(3)** Even setting aside the nature of the document that Plaintiff's counsel actually mailed to Monsanto's counsel, he simply—and clearly—failed to achieve proper service. "Federal Rule of Civil Procedure 4 governs service of process in federal district court." *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004). Viewed most charitably, Plaintiff's argument raises a pure question of law: can a plaintiff in a federal civil action achieve service of process by mailing the summons and complaint to a defendant's outside counsel? The answer is obviously *no*.[3] *See, e.g.*, *Norgren Atanda v. Norgren (IMI Precision Eng'g)*, No. C20-0796-JCC, 2021 WL 2805322, at *2 (W.D. Wash. July 6, 2021) (finding improper a *pro se* plaintiff's attempt "to serve [the defendant] by personally mailing a copy of the summons and complaint to an attorney who previously represented" the defendant).

Service on a corporation within the United States is governed by Rule 4(h) and, by incorporation, Rule 4(e)(1). Plaintiff's purported service does not comply with any of these Rules, and Plaintiff does not even argue that it does. *See generally* Opp. Indeed, the Opposition does not even mention Rule 4, much less demonstrate compliance. Service of process has never occurred in this case.

**(4)** Finally, Monsanto's Motion identified the applicable good cause standard and alternatively requested an order requiring Plaintiff to show good cause for his failure to timely serve process. *See* Mot. at 1–2. This is because plaintiffs are entitled to an extension of time only "if the plaintiff shows good cause for the failure" to comply with the federal service deadline. *See* Fed. R. Civ. P. 4(m). Plaintiff's Opposition establishes his inability to show good cause.

**CONCLUSION**

For the foregoing reasons, Monsanto respectfully requests that the Court dismiss the above-captioned case for failure to prosecute.

---

[3] This is not a case where the plaintiff reached out to defense counsel asking that service be waived pursuant to Rule 4(d). There was no waiver request, and for the reasons stated above, Monsanto's counsel did not view receipt of the JPML Notice of Tag-Along Action as even attempted service of the summons and complaint under Rule 4.

DATED:  June 24, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Ryan S. Killian*
SHOOK, HARDY & BACON L.L.P.
Ryan S. Killian
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:(713) 227-8008
Facsimile: (713) 227-9508
Email:     rkillian@shb.com


*Attorney for Defendant*
*Monsanto Company*

4

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
PROSECUTE OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE
3:16-md-02741-VC & 3:21-cv-08554-VC

## CERTIFICATE OF SERVICE

I, Ryan S. Killian, hereby certify that on June 24, 2026, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ Ryan S. Killian

Ryan S. Killian

SHOOK, HARDY & BACON LLP

*Attorney for Defendant Monsanto Company*

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE
3:16-md-02741-VC & 3:21-cv-08554-VC