**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case Nos.: 3:16-md-02741-VC |
| This document relates to: | **JOINT CASE MANAGEMENT STATEMENT** |
| ALL ACTIONS | |

Pursuant to the Courts June 25, 2026 Order, the Parties submit the below responses:

## I.     Plaintiffs' Statement

On June 25, 2026, the United States Supreme Court ruled in a Roundup personal injury case that label-based failure to warn claims are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136 *et seq*. *Monsanto Co. v. Durnell*, No. 24-1068 (U.S. June 25, 2026), *available at* https://www.supremecourt.gov/opinions/25pdf/24-1068_n7ip.pdf. The Supreme Court's decision in *Durnell* does not affect the viability of other claims commonly asserted in Roundup personal injury litigation, such as design defect, negligence, and failure to warn claims not premised on product labeling. At the *Durnell* oral argument, counsel for Monsanto confirmed this position: in response to Justice Barrett's question whether design defect claims would be preempted, Mr. Clement responded that design defect claims (unless based on the design of the label) would not be preempted. He distinguished medical device jurisprudence, stating that there is "an important difference from this context [FIFRA] and the medical device amendments context, which is although they're worded similarly, the preemption clause in the medical device amendments sweeps in design defect claims. And here it's really just on labeling." *Monsanto*

*Company v. Durnell*, No. 24-1068, Transcript of Oral Argument, April 27, 2026, at 31-32. The Deputy Solicitor General agreed with Mr. Clement. *Id.* at 49-50.

Plaintiffs disagree with Monsanto that the *Durnell* decision warrants closure of the MDL. The *Durnell* decision has no impact on the JPML's decision to consolidate these actions, and filings will likely increase, irrespective of *Durnell*, if the class action settlement is granted final approval. Regardless, given the importance of Monsanto's request to close the MDL, the issues should not be summarily briefed and decided in a case management conference statement.

Monsanto's arguments to support closure of the MDL are replete with inaccuracies about the creation of the MDL; claims alleged in cases in the MDL, including the original cases; why the Court decided that the design defect claim in *Hardeman* was tethered to a warning claim; and more. As to the JPML's decision in 2016 to consolidate Roundup cases in this MDL, Monsanto's conclusion that "this MDL was formed specifically to address allegations that Monsanto failed to warn, not any other type of legal claim regarding Roundup", is fanciful. The Panel did not, as Monsanto suggests, limit consolidation of Roundup cases to failure to warn claims. Rather, it found that centralization was appropriate under 28 U.S.C. § 1407 because the Roundup litigation presented "common questions of fact [that] are multiple and complex". While the JPML's 2016 Transfer Order notes that the actions before it allege that Monsanto failed to warn consumers and regulators that Roundup causes cancer, it in no way limits consolidation to that ground alone, nor does it state that failure to warn is the only claim asserted in the consolidated cases. Nor could it, as, for example, *Medoza v. Monsanto* on Schedule A of the Transfer Order, has four causes of action, only one of which is failure to warn. What's more, the JPML made quite clear that its transfer was for all plaintiffs who claim that their Roundup exposure was a cause of their non-Hodgkins lymphoma: "Regardless of the particular formulation of Roundup at issue . . . or the

2

nature of plaintiff's exposure to glyphosate, all the actions entail and overarching query – whether glyphosate causes non-Hodgkins lymphoma in persons exposed to it while using Roundup. Monsanto itself implicitly acknowledges the predominance of this common question as it has moved in a number of the underlying actions to bifurcate discovery to address general causation issues before plaintiff-specific ones." Thus, the JPML concluded that "[i]ssues concerning general causation, the background science, and regulatory history will be common to all actions." Nowhere does the JPML state that consolidation is available only for cases based on a failure to warn claim.

As to the *Hardeman* case, one need look no further than the language defendant quotes from the Court's decision to conclude that the Court did not rule that a failure to warn claim is the same as a design defect claim. To the contrary, the Court stated that "Mr. Hardeman ***presented no evidence*** that Roundup is inherently defective regardless of whether accompanied by a warning."

Finally, in the *Rubin v Monsanto* remand order, the Court merely said the *Durnell* decision "could" -- not would -- result in the dismissal of Roundup cases. Of course, it "could have" resulted in dismissal of cases if the Supreme Court had gone outside of the limited question it accepted to hear, but it didn't do that. The Court's decision only preempts a label-based failure to warn claim. Thus, the only case that could be subject to dismissal, if not amended, would be a case that has pleaded only one cause of action alleging that plaintiff's injuries are caused by Monsanto's failure to put a cancer warning on the Roundup bottle label. That likely implicates a small minority, if any, of cases in the MDL. Plaintiffs contend that the MDL is, and remains, an important venue for plaintiffs who used Roundup and have been diagnosed with NHL, as well as for people who use Roundup and will, in the future, be diagnosed with NHL.

## II.    Monsanto's Statement

On June 25, 2026, the United States Supreme Court decided *Monsanto Co. v. Durnell*, 609 U.S. ----, 2026 WL 1825691. *Durnell* held that a "failure-to-warn claim" alleging Roundup causes cancer "is expressly preempted." *Id.* at *9. Because this MDL was formed to address failure to warn claims, the Court should issue an order recommending to the Judicial Panel on Multidistrict Litigation that the MDL be closed.

Plaintiffs' claims in this litigation—although couched in various state-law tort duties—all boil down to the preempted theory that Monsanto is liable for failing to provide a cancer warning. The JPML said so when it initially established this MDL, noting that the litigation "consists of twenty-one actions pending in fourteen districts" that "allege that Roundup, a widely used glyphosate-based herbicide manufactured by Monsanto Company, can cause non-Hodgkin's lymphoma and that Monsanto *failed to warn consumers* and regulators about the alleged risk of Roundup." ECF 57, Transfer Order, MDL No. 2741 (Oct. 3, 2016) (emphasis added).

This Court likewise recognized as much in *Hardeman*, a bellwether chosen to be representative of the claims in this MDL. Although Mr. Hardeman alleged claims for strict liability failure to warn, negligence, and design defect, Monsanto's alleged negligence was "not using reasonable care to warn about Roundup's NHL risk." Verdict Form, *Hardeman v. Monsanto Co.*, No. 16-cv-00525-VC (Mar. 27, 2019) (ECF 288). And after analyzing the issue at length, this Court explained that the only "design defect" was that Roundup had been "sold without a warning:"

> [T]o the extent Mr. Hardeman believes that he won a jury verdict on the design defect theory he offered to the Court during discussion of jury instructions (namely, that Roundup should not have been sold for residential use regardless of whether there was a warning), it's worth clarifying that he did not. Mr. Hardeman presented no evidence that Roundup is inherently defective regardless of whether

accompanied by a warning. He presented no expert testimony that Roundup could not be used safely with the proper precautions. And he made no argument to the jury that Roundup simply shouldn't be on the shelves for residential use. Indeed, no colorable argument could be made in this regard, at least based on the evidence at trial and the evidence the Court has reviewed in this case over the past several years.

*In re Roundup Prods. Liab. Litig.*, 2019 WL 3219360, at *3 (N.D. Cal. July 12, 2019) (PTO 159).

That is why the Ninth Circuit described the *Hardeman* verdict as finding only that "Monsanto failed to warn about Roundup's NHL risk." *Hardeman v. Monsanto Co.*, 997 F.3d 941, 954 (9th Cir. 2021).

Nothing about Plaintiffs' claims in this litigation has changed in any material way since *Hardeman*. This Court has therefore been correct to predict that a "ruling in favor of Monsanto [in *Durnell*] could mandate dismissal of all remaining cases in the MDL." *E.g.* Doc. 21796 at 4 (Suggestion of Remand to Transferor Court in *Rubin v. Monsanto Co.* (Feb. 11, 2026)).

The Supreme Court issued just such a ruling last week. As the Supreme Court observed, the "heart of" the failure to warn claims in this litigation "is that Monsanto should have included a cancer warning on its Roundup labels." *Id.* at *7. But "in accordance with EPA's view that glyphosate is not likely to cause cancer in humans"—a conclusion EPA has held across "more than three decades," "EPA has repeatedly re-evaluated," and is "shared by many other regulatory bodies around the world"—"EPA has not required glyphosate-based pesticides like Roundup to include a cancer warning on their labels." *Id.* at *5–6. "[F]ederal law *requires* Monsanto to sell Roundup with the label that EPA approved," which is "the label without a cancer warning." *Id.* at *8 (emphasis added). A failure to warn claim therefore imposes a state-law requirement "in addition to or different from those required under [FIFRA]," and triggers express preemption. 7 U.S.C. § 136v(b).

In short, this MDL was formed specifically to address allegations that Monsanto failed to warn, not any other type of legal claim regarding Roundup. The only case that went to trial in this MDL was a failure to warn claim. And now, failure to warn claims can no longer proceed. There is accordingly no good reason for this MDL to continue to exist.

**Case Status**

Below is the total number of cases pending in each respective wave:

- 1 case in Wave 5
- 29 cases in Wave 7
- 10 cases in Wave 8
- 23 cases in Wave 9
- 54 cases in Wave 10
- 67 cases unassigned to a current wave

DATED:  June 30, 2026                     Respectfully submitted,


/s/ Robin Greenwald
Robin Greenwald (*pro hac vice*)
Robert J. Quigley (CA Bar No. 302879)
Weitz & Luxenberg, PC
700 Broadway
New York, NY 10003
Tel: 212-558-5500
rgreenwald@weitzlux.com
rquigley@weitzlux.com

/s/ David Dickens
David Dickens (*pro hac vice*)
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960
Tel: 540-672-4244
ddickens@millerfirmllc.com

*Attorneys for Plaintiffs*

/s/ Brian L. Stekloff
Brian L. Stekloff (pro hac vice)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (pro hac vice)
(rkilaru@wilkinsonstekloff.com)

WILKINSON STEKLOFF LLP
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant*
*MONSANTO COMPANY*

JOINT CASE MANAGEMENT STATEMENT
16-MD-02741-VC