**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Christopher W. Smith v. Monsanto Company,* Case No. 3:24-cv-06957-VC<br><br>*Irene C. Ruiz v. Monsanto Company,* Case No. 3:22-cv-04716-VC | |

**BRIEF IN RESPONSE TO MINUTE ENTRY OF JULY 9, 2026, AND IN OPPOSITION TO MONSANTO'S REQUEST TO DENY PENDING SUMMARY JUDGMENT AND *DAUBERT* MOTIONS WITHOUT PREJUDICE**

Plaintiffs Christopher W. Smith and Irene C. Ruiz file this Brief in Response to Minute Entry of July 9, 2026, and in Opposition to Monsanto's Request to Deny Pending Summary Judgment and *Daubert* Motions Without Prejudice, to preserve appellate arguments specific to the following Wave 9 cases:

- *Cause No. 3:22-cv-04716, Irene C. Ruiz v. Monsanto Company*

- *Cause No. 3:24-cv-06957, Christopher Smith and Heid Smith v. Monsanto Company*

Plaintiffs submit this statement in response to the Court's tentative views as expressed in the Minute Entry (Dkt. No. 22246) and to Monsanto's request in the Joint Case Management Statement (Dkt. No. 22244). The Court proposed denying Monsanto's pending motions without prejudice to allow Monsanto to bring summary judgment motions to dismiss all MDL plaintiffs' remaining claims in light of *Durnell*.

1

The Court should decide the submitted causation motions on the current record and deny Monsanto's request to refile. Monsanto filed *Daubert* motions and motions for summary judgment in Wave 9 targeting *only* causation based on lack of admissible expert testimony. Briefing closed in October 2025. The motions are fully submitted and ripe for decision. *Durnell v. Monsanto Co.*, 146 S. Ct. 891 (2026), addressed labeling preemption under FIFRA; it said nothing about causation standards, *Daubert*, or the merits of design defect or negligence claims. There is no legal basis to reset causation motions based on a preemption decision that does not address causation. Only after a case clears causation should the Court reach the genuinely new question *Durnell* created.

**I.    Monsanto Waived Non-Causation Arguments by Failing to Raise or Preserve Them in Wave 9.**

Monsanto knew how to preserve arguments—it simply chose not to. In Wave 3, Monsanto filed a standalone "Motion for Summary Judgment on Non-Causation Grounds" (Cause No. 3:20-03074, Dkt. No. 15), incorporating prior MDL briefing on impossibility preemption, the known-or-knowable defense, and punitive damages, and expressly stated it was doing so "in order to fully preserve the appellate record" and that it was "in no way waiving any of the arguments raised therein." Monsanto also filed a "Motion for Summary Judgment Based on Texas Presumption of No Liability" in Wave 3. (Dkt. No. 13754)[1]. Monsanto also knew how to preserve specific arguments within its Wave 9 *Daubert* motions: its DeGrandchamp motion "specifically preserve[d]" certain arguments (Cause No. 3:24-cv-06957, Dkt. No. 12 at 3), and its Freeman motion contains a dedicated section titled "Arguments for Preservation Purposes" (*Id*. at ECF No. 15 at 15). Every issue Monsanto preserved in those sections is a causation sub-issue: absorbed dose, "ruling in" Roundup, and plaintiffs' gender and race as risk factors.

---

[1] Unless otherwise noted, docket references are to Cause No. 3:16-md-02741, In Re Roundup MDL 2741.

Monsanto did not raise, and did not preserve, a single non-causation merits argument in these Wave 9 cases. It did not incorporate its Wave 3 non-causation briefing. It did not file a standalone non-causation motion. It did not include a sentence stating it was preserving non-causation arguments. This was a deliberate strategic choice, and Monsanto should be bound by it. Plaintiffs have already invoked this principle in this MDL. In opposing Monsanto's Wave 9 motion to exclude Dr. DeGrandchamp, a motion that "incorporate[d]" and "preserve[d]" Monsanto's earlier *Grubb* briefing, plaintiffs argued that Monsanto's chosen "litigation strategy necessarily results in waiver" as to the portions of Dr. DeGrandchamp's report that the incorporated *Grubb* briefing never addressed. The same logic governs here. Monsanto is bound by the scope of what it actually put before the Court. It moved solely on causation. It waived everything else.

## II.    Monsanto's Conflation of Design-Defect Causation with General/Specific Causation Is a Red Herring.

In its portion of the Joint Case Management Statement, Monsanto argues that "a plaintiff raising a design defect claim must come forward with evidence linking the claimed design defect to the alleged injury," citing Tex. Civ. Prac. & Rem. Code § 82.005, and suggests that this causation element is somehow affected by *Durnell*. (Dkt. No. 22244 at 16). This argument conflates two distinct causation inquiries and should be rejected.

Monsanto's submitted Wave 9 motions challenged only general and specific causation. Monsanto did not move for summary judgment on design defect. It did not argue that plaintiffs lack evidence of a safer alternative design or that a safer alternative design would not have prevented plaintiffs' injuries. The causation element of a design-defect claim is a separate inquiry: it asks whether a safer alternative design would have prevented or significantly reduced the risk of

injury. *See* Tex. Civ. Prac. & Rem. Code § 82.005. Monsanto's failure to challenge design-defect causation in Wave 9 does not give it license to relitigate general and specific causation now.

This Court has already recognized that these plaintiffs' design-defect claims in this MDL are not label-based. In Pretrial Order No. 259, the Court denied Monsanto's motion for summary judgment based on the Texas Products Liability Act's presumption of no liability, holding that the TPLA presumption did not apply because plaintiffs' claims are based on the design and testing of the product itself—not the adequacy of the EPA-approved label. PTO 259.[2] That reasoning confirms plaintiffs' design-defect claims challenge the chemical composition of the formulated product and Monsanto's testing practices, not the label. *Durnell*, a labeling-preemption decision, does not touch these claims.

### III.    Allowing Monsanto to Refile Would Create Severe and Irreparable Prejudice to Plaintiffs.

Plaintiffs' oppositions were tailored to the causation arguments Monsanto raised. Plaintiffs did not brief design defect, negligent testing, the known-or-knowable defense, or punitive damages because Monsanto did not challenge those claims. Expert designation deadlines in Wave 9 closed between May and July 2025, and expert discovery concluded between July and September 2025. Allowing Monsanto to refile would give it plaintiffs' disclosed positions and a second attempt at issues on a record that has not changed, while plaintiffs remain locked into the expert record they built in response to Monsanto's original, narrower motions. That is not fairness; it is a one-sided do-over that rewards Monsanto's strategic decision to move solely on causation.

---

[2]Monsanto failed to preserve this basis for summary judgment as well.

4

**CONCLUSION**

Plaintiffs propose that the Court first decide the submitted causation motions on the current record. Then, for each case that survives causation, the Court may permit Monsanto to file a preemption motion addressing *Durnell*—but nothing more. The non-preemption merits grounds Monsanto omitted in Wave 9, and any others not specifically related to preemption, are waived. If Monsanto wanted to challenge design defect, negligent testing, or punitive damages, it should have done so in the first instance—as it did in Wave 3. It should not be rewarded for this strategic choice by getting a second bite at the apple on general and specific causation.

Dated:  July 16, 2026                                              Respectfully submitted,

                                                                   **HENDLER FLORES LAW, PLLC**

                                                                   *Valerie S. Farwell*
                                                                   _____
                                                                   Scott M. Hendler – TX Bar No. 9445500
                                                                   shendler@hendlerlaw.com
                                                                   Valerie Farwell - TX Bar No. 00793994
                                                                   vfarwell@hendlerlaw.com
                                                                   901 S. MoPac Expressway
                                                                   Bldg. 1, Suite #300
                                                                   Austin, Texas 78746
                                                                   Telephone: (512) 439-3200
                                                                   Facsimile: (512) 439-3201

                                                                   ***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed via the court's CM/ECF system on July 16, 2026, which will serve all counsel of record.

*Valerie S. Farwell*