# EXHIBIT 1

**PAGES 1 - 53**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

In re: ROUNDUP PRODUCTS LIABILITY    )    **No. 16-MD-2741**
LITIGATION,                          )
_____    )

and

In re:  SUBPOENA FOR DOCUMENTS TO    )    **NO. 26-MC-8155**
SHEET METAL WORKERS' NATIONAL        )
PENSION FUND,                        )
_____    )

San Francisco, California

(Via Zoom Video Conference)

Thursday, July 9, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

              Weitz & Luxenberg, P.C.
              700 Broadway
              New York, NY 10003
         BY:  **ROBIN L. GREENWALD, ATTORNEY AT LAW**

              Weitz & Luxenberg
              1880 Century Park East, Suite 700
              Los Angeles, CA 90067
         BY:  **ROBERT J. QUIGLEY, ATTORNEY AT LAW**

(Appearances continued on the following page.)

**REPORTED REMOTELY BY:  April Wood Brott, CSR No. 13782,
Official United States Reporter**

**APPEARANCES (continued):**

For Plaintiffs:

                  Andrus Anderson LLP
                  155 Montgomery Street, Suite 900
                  San Francisco, CA 94104
      BY:    **LORI ANDRUS, ATTORNEY AT LAW**

                  Wool Trial Law LLC
                  1001 Bannock Street, Suite 410
                  Denver, CO 80204
      BY:    **DAVID WOOL, ATTORNEY AT LAW**

                  Hausfeld LLP
                  33 Whitehall Street, 14th Floor
                  New York, NY 10004
      BY:    **RENNER K. WALKER, ATTORNEY AT LAW**

For Defendant Monsanto:

                  Wilkinson Stekloff LLP
                  2001 M Street NW, 10th Floor
                  Washington, DC 20036
      BY:    **BRIAN L. STEKLOFF, ATTORNEY AT LAW**

For Movant Bayer AG:

                  Ropes & Gray LLP
                   1211 6th Avenue
                  New York, NY 10036
      BY:    **NOAH B. YAVITZ, ATTORNEY AT LAW**

have, that there are these other viable claims.  She thought that --

**THE COURT:**  I mean, that's very nice rhetoric, but I'm not going to put too much stock in that.  We're going to do the actual legal analysis to figure that out.

**MR. STEKLOFF:**  I understand, and we -- and from our proposal, we support the actual legal analysis.  We think it should be done on a complaint-by-complaint, state-by-state basis.

It is hard for me to sit here and imagine a viable claim under design defect under the things that the plaintiffs put in their proposal about marketing and promotion.  We think all of that is preempted under FIFRA and under Durnell and under other the other Supreme Court precedent.

And so I don't think that -- you know, I'm familiar with other theories they have about design defect.  Your Honor will remember that they tried to raise things about surfactant, this one surfactant in Hardeman.  And so none of that -- all of that still was essentially --

**THE COURT:**  But I saw that the plaintiffs cited to a case where apparently a Missouri trial court allowed a case to go to a jury where the allegation was that a surfactant made it more dangerous.  I mean, I've been involved in this MDL for ten years, and I've not seen any evidence to support that theory, but apparently there was a court that saw evidence to support

I don't believe that --

THE COURT:  Which cases did that happen in?

MS. GREENWALD:  I had -- we had the one in Illinois -- oh, gosh.  I'm forgetting her name.  And we had Mendoza.  So we had a case in Illinois.  We did depositions after remand.  And I'm trying to remember.  Karen -- I'll get it to you.  I'm just forgetting her last name.

THE COURT:  I mean, I'm assuming that's pretty unusual after remand, for the trial court to reopen discovery.

MS. GREENWALD:  I think that there is -- there are other aspects of cases that are developed on remand.  There's more to these cases than just general and specific causation.  And so I think that people are going to be caught in a trap that's unfair, because I don't know that plaintiffs in the MDL understand or understood that the Court was expecting them to come up with an expert in a design defect claim that may -- I'm drawing -- I don't exactly know what other people, all people have pled, but I --

THE COURT:  Well, right, but I guess my question is why.  Why is it unfair to expect Plaintiffs to have anticipated the need to develop a non-preempted state law claim?

I mean, I'll tell you that if I was a lawyer for a plaintiff, the moment the Third Circuit decision came out creating the split with the Ninth Circuit on the preemption question, my first thought would have been, "Uh-oh."  Like,

"We're going to keep pursuing our failure to warn claim and hope that it survives, but if we really want to give ourselves a good chance in prevailing in this litigation, we need to see if we can also develop a record to support a state law claim that would not be preempted by an eventual Supreme Court decision resolving the split."

And if a plaintiff didn't do that, I don't understand how it would be unfair to grant summary judgment to Monsanto on preemption grounds.

To the contrary, that strikes me -- I mean, I don't -- you know, I know that Monsanto has a lot of money and stuff, but, you know, rules are rules, and, you know, they do have to apply to everybody, and it seems like it would be very unfair to the defendant to make them go back and relitigate the case again when it's the plaintiffs' fault for not anticipating a need to build a record on claims that wouldn't be preempted.

**MS. GREENWALD:** I don't think it's relitigating the case. The causation decisions go back to the transferor court. That isn't relitigated. It's not a question of relitigating. It's adding in additional experts and additional evidence that you believe you need in advance of your trial.

**THE COURT:** But we have discovery cutoffs. I mean, we have discovery cutoffs in all of these cases before we send them back to the original court.

**MS. GREENWALD:** But I can tell you --

Your Honor had ruled on it early on.

THE COURT:  Yeah.

MS. GREENWALD:  I have to go back and look, but my recollection is -- and, David, I know you want to speak.

My recollection is that their motion on preemption was design -- was a failure to warn based on the label, but I'd have to go back and look.  It's been many years since the original motion was filed.  I don't remember --

THE COURT:  Yeah, but that -- my point is not -- my point is a little bit different.  My point is that the failure to warn claim has been the star of the show.

MS. GREENWALD:  Right.

THE COURT:  There have been these, you know, extras, for lack of a better word, such as a design defect claim and, I guess, this merchantability claim and some others.  And what's the point of trying to knock out the extras when you still have the star of the show to deal with at trial when you get sent back to the home district?  That seems like a reasonable judgment for Monsanto to make in the cases that were at summary judgment before Durnell was decided.

On the other hand, any reasonable plaintiffs lawyer who is paying attention and thinking ahead would know that they need to develop a record on a state law claim that would not be preempted, that might not be preempted by Durnell.  And I think that's a real failure on the part of the lawyers not to do that

if they, in fact, didn't do that.

MS. GREENWALD:  One more point and then I'm going to stop.  Most of the complaints before you have a negligence claim, and these are negligence claims that are unrelated and untethered to the warning label.  So I just don't want that to be lost in this call today that those claims are -- we went through all 184 complaints and put that together.  I mean, maybe some are missing on that chart.

THE COURT:  Yeah.

MS. GREENWALD:  We did it yesterday.  We did the best we could.

THE COURT:  Sure.

MS. GREENWALD:  But of the ones that I read, they have negligence claims, some of which --

THE COURT:  Yeah, and the question would be -- right.

MS. GREENWALD:  Some will fall into the trap, but some won't.

THE COURT:  Great.  I mean, but that would be -- that's the process that I'm proposing, right, is deny the current motions for judgment without prejudice, allow Monsanto to file renewed summary judgment motions, making an argument that they have this negligence claim and it's preempted.

But even if it's not preempted, there's no record to support this element of negligence or that element of negligence.  No evidence was adduced to support that.  And they

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


DATE:  Friday, July 10, 2026

_____

April Wood Brott, CSR No. 13782