# EXHIBIT 3

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

KAREN DELORME-BARTON,

        *Plaintiff*,

        v.

MONSANTO COMPANY,

        *Defendant*.

Case No. 1:18-cv-01215

Honorable Lindsay C. Jenkins

## INITIAL STATUS REPORT FOR REASSIGNED CASE

### I.    **Nature of the Case**

    A.    Identify the attorneys of record for each party.

| Attorneys for Plaintiff Karen Delorme-Barton (Plaintiff or Ms. Delorme-Barton): | Attorneys for Defendant Monsanto Company (Defendant or Monsanto): |
|---|---|
| Robin L. Greenwald (#33310) <br> Chantal K. Levy <br> **WEITZ & LUXENBERG, P.C.** <br> 700 Broadway, Fifth Floor <br> New York, NY 10003 <br> Tel: 212-558-5802 <br> Fax: 212-344-5461 <br> rgreenwald@weitzlux.com <br> ckhalil@weitzlux.com | Riley C. Mendoza (#6314666) <br> Kirk F. Marty (#6314798) <br> **SHOOK HARDY & BACON LLP** <br> 111 S. Wacker Dr. Suite 4700 <br> Chicago, IL 60606 <br> Tel: 312-704-7700 <br> Fax: 312-558-1195 <br> rmendoza@shb.com <br> kmarty@shb.com |

    B.    State the basis for federal jurisdiction.  If based on diversity, state the domicile of all parties. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012). [ . . .]

The basis for jurisdiction is diversity pursuant to 28 U.S.C. § 1332.  Plaintiff is currently a citizen of Georgia; she was a citizen of Illinois when she was first exposed to Roundup.  Defendant Monsanto Company is incorporated in Delaware; its headquarters and principal place of business are in St. Louis, Missouri.

    C.    Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff's claims arise out of Monsanto's unlawful actions and omissions surrounding its

herbicide Roundup, including Monsanto's failure to warn consumers (including Plaintiff), regulatory agencies (including the Environmental Protection Agency), and the public about Roundup's carcinogenicity, as well as Monsanto's decades-long efforts to cover-up the dangers Roundup poses to human health. Moreover, Monsanto's actions and omissions demonstrated its reckless and outrageous indifference to a highly unreasonable risk of harm and its conscious indifference to the rights and safety of consumers (including Plaintiff). Plaintiff was diagnosed with non-Hodgkin's lymphoma (NHL) in 2016 after using Roundup for several decades. She asserts the following causes of action against Defendant: design defect, failure to warn, negligence, breach of express warranties, and breach of implied warranties.

Monsanto denies and disputes all claims. Roundup has at all relevant times been approved by the United States Environmental Protection Agency, which has found that glyphosate is not likely to be carcinogenic to humans and that a cancer warning on Roundup would be false and misleading. Monsanto asserts that Plaintiff's claims are preempted under federal law. Monsanto asserts that Plaintiff's claims are preempted under federal law.

D. Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.

Plaintiff respectfully requests the following relief: that the Court enter judgment in her favor against Defendant; awards of compensatory damages, pain and suffering damages, and punitive damages, in amounts to be determined at trial; attorneys' fees, costs, and other litigation expenses; and any other relief the Court deems just and proper. Because discovery is ongoing, Plaintiff is not in a position to provide an estimate of damages at this time.

E. List the names of any parties who have not yet been served.

N/A

## II. Discovery and Pending Motions

A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.

There are presently no pending motions.

B. What is the current discovery schedule?

There is presently no discovery schedule in place.

C. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.

Discovery was conducted as part of the multi-district litigation (*In re Roundup Products Liability Litigation* in the Northern District of California) and is largely complete. Such discovery

includes document discovery, fact witness depositions, and expert witness depositions. However, the parties stipulated that certain discovery would be completed after remand. Defendant anticipates the need to depose additional fact witnesses, potentially including, but not limited to, Plaintiff's ex-husband, other relatives, and additional treating physicians. There will also likely be discovery related to updated financial information. The parties also anticipate exchange of additional expert disclosures, which will likely necessitate additional expert depositions. The parties hope to reach agreement with respect to a document authenticity stipulation.

D. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)

Unless otherwise noted, the following substantive rulings were issued by Judge Chhabria in *In re Roundup Products Liability Litigation*, No. 3:16-md-02741-VC (N.D. Cal.)[1]:

o Pretrial Order No. 45 Summary Judgment and *Daubert* Motions (July 10, 2018, MDL ECF No. 1596):
Denies summary judgment for Monsanto on general causation grounds and applies the *Daubert* test to general causation experts. Plaintiff notes that, in Judge Chhabria's Suggestion of Remand, ECF No. 7, he "recommend[s] the trial judge skim this ruling to develop general familiarity with the science and to help understand the decision by the IARC to classify glyphosate as a probable carcinogen."

o Pretrial Order No. 85 Denying Monsanto's Motion for Summary Judgment on Specific Causation (Feb. 24, 2019, MDL ECF No. 2799):
Denies summary judgment for Monsanto on specific causation grounds, ruling that a reasonable jury could find that Roundup caused the plaintiffs' NHL, and sets parameters for testimony by specific causation experts.

o Pretrial Order No. 101 Regarding Monsanto's Motion for Summary Judgment on Non-Causation Grounds (Mar. 7, 2019, MDL ECF No. 2937):
Rejects various arguments (other than causation) by Monsanto, ruling: (i) the plaintiffs' claims are not expressly preempted by federal law; (ii) the plaintiffs' claims are not impliedly preempted; (iii) the evidence is sufficient to support a jury verdict for the plaintiffs on their failure-to-warn claims; and (iv) the evidence is sufficient to support a punitive damages award.

o Pretrial Order No. 203 Denying Motion to Exclude Testimony of Drs. Nabhan Shustov, and Weisenburger (MDL ECF No. 9144, Jan. 22, 2020):
Denies Monsanto's motion to exclude the specific causation testimony of Drs. Nabhan, Shustov, and Weisenburger by reference to Pretrial Order No. 85.

o *Hardeman v. Monsanto Co.*, 997 F.3d 941 (9th Cir. May 14, 2021):
Trial court denied Monsanto's motion for new trial on compensatory damages and largely denied Monsanto's motion for judgment as matter of law on punitive damages, reducing the

---

[1] The following webpage is dedicated to the Roundup MDL and includes key Pretrial Orders in an easy-to-access format: https://www.cand.uscourts.gov/judges/chhabria-vince-vc/in-re-roundup-products-liability-litigation-mdl-no-2741.

punitive damages from $75 million to $20 million. Monsanto appealed. The Ninth Circuit rejected Monsanto's arguments that the plaintiffs' failure to warn claims were either expressly or implicitly preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, affirming Pretrial Order No. 85. The Ninth Circuit also upheld the *Daubert* rulings. *Nb.* Monsanto subsequently filed a petition for certiorari with the U.S. Supreme Court, primarily arguing that plaintiff's state law claims are preempted by federal law. The Supreme Court denied the petition in June 2022.

o Pretrial Order No. 285 Regarding Motions to Exclude Certain Wave 5 Experts and For Summary Judgment (Aug. 21, 2023, MDL ECF No. 17198):

Includes the following relevant rulings: denies Monsanto's motions for summary judgment; denies Monsanto's motion to exclude the expert testimony of, *inter alia*, Dr. Conry for reasons stated in Pretrial Order No. 85; denies Plaintiff's motion to exclude the expert testimony of Dr. Johnson without prejudice; grants in part and denies in part Plaintiff's motion to exclude the expert testimony of Dr. Murphy.

o Pretrial Order No. 289 Regarding Motions to Exclude Monsanto Experts Tomasetti, Navarro, and Slack (Jan. 30, 2024, MDL ECF No. 17841):

Denies Plaintiff's motions to exclude the expert testimony of Drs. Tomasetti and Navarro, and narrowly granted in part Plaintiff's motion to exclude the expert testimony of Dr. Slack. With respect to Dr. Tomasetti's opinions, Judge Chhabria addressed certain limitations of his testimony in Pretrial Order No. 289.

For further applicable rulings, the parties refer the Court to Judge Chhabria's Suggestion of Remand, ECF No. 7, and the parties' Joint Designation of the Record on Remand. ECF No. 10.

    E.    Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.

Once discovery is complete, the parties intend to file *Daubert* motions and motions in limine.

## III.    Trial

    A.    Have any of the parties demanded a jury trial?

Yes, Plaintiff demanded a jury trial in her Complaint.

    B.    What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?

There is no trial date. The parties anticipate that they will be ready for trial by March 2025.

    C.    Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?

The parties have not filed a final pretrial order. There is currently no deadline to file a pretrial order.

D.      Estimate the number trials days.

Plaintiff estimates this trial will require 20 days, consistent with other Roundup trials. Defendant estimates the trial will require 9-11 days, which is the typical length of recent Roundup trials. The parties can provide information on the actual trial days in recent Roundup trials if helpful. Defendant notes that, after providing such information to Judge Kennelly in another case based on similar allegations, he recently allotted 11 days for trial. *See Glavanovits v. Monsanto*, 2020-L-000063, Dkt. 54.

## IV.     Settlement, Referrals, and Consent

A.      Have any settlement discussions taken place? If so, what is the status?

No, individual settlement discussions have not taken place to date.

B.      Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?

This case has not been referred to the Magistrate Judge for discovery supervision and/or a settlement conference. While the parties appreciate the Court's willingness to facilitate a settlement conference, they believe it would be most efficient to use a mediator that has previously mediated Roundup cases. Additionally, to the extent that the parties reach an impasse with respect certain discovery, corporate financial information, and/or document authenticity issues, the parties would request the opportunity to raise such issues with the Magistrate Judge

C.      Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

While the parties appreciate the Court's willingness to facilitate a settlement conference, they believe it would be most efficient to use a mediator that has previously mediated Roundup cases.

D.      Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?

The parties do not consent to proceeding before the Magistrate Judge for all purposes.

## V.      Other

A.      Is there anything else that the [parties] want the Court to know?

 N/A

The parties appreciate the Court's prompt attention to this matter and look forward to meeting Your Honor.

Date: June 3, 2024


Respectfully submitted,

| | |
|---|---|
| /s/ Robin L. Greenwald (#33310) | Riley C. Mendoza (#6314666) |
| Chantal K. Levy | Kirk F. Marty (#6314798) |
| **WEITZ & LUXENBERG, P.C.** | **SHOOK HARDY & BACON LLP** |
| 700 Broadway, Fifth Floor | 111 S. Wacker Dr. Suite 4700 |
| New York, NY 10003 | Chicago, IL 60606 |
| Tel: 212-558-5802 | Tel: 312-704-7700 |
| Fax: 212-344-5461 | Fax: 312-558-1195 |
| rgreenwald@weitzlux.com | rmendoza@shb.com |
| ckhalil@weitzlux.com | kmarty@shb.com |
| | |
| *Attorneys for Plaintiff Karen Delorme-Barton* | *Attorneys for Defendant Monsanto Company* |