Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: 415-986-1400

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>*Polsley v. Monsanto Company, et al.,*<br>Case No. 3:20-cv-07107-VC | Case No.: 3:16-md-02741-VC<br><br>**STATEMENT OF PLAINTIFF DARIN POLSLEY IN RESPONSE TO MINUTE ENTRY OF JULY 9, 2026**<br><br>Complaint Filed: August 13, 2020<br>Removed: October 13, 2020<br>Trial Date: None set |

Pursuant to the Court's direction following the July 9, 2026 Case Management Conference (Dkt. No. 22246), Plaintiff Darin Polsley submits this statement.

Plaintiff Polsley designated five experts on specific causation, and, in addition to the general causation experts disclosed in *Hardeman*, two more experts on general causation. Plaintiff's Counsel worked with all seven of those experts; for the specific causation experts, Plaintiff's Counsel educated them on Mr. Polsley's Roundup usage and exposure, his medical treatment, and his prognosis. As requested by Monsanto, all five of the specific causation experts were deposed. All seven experts wrote extensive reports supporting their opinions. Monsanto filed motions to strike the opinions of each and every one of Plaintiff's experts, even the ones who had previously survived *Daubert* challenges in this very Court.

Plaintiff's Counsel advanced the substantial costs associated with all of that work, and also devoted significant attorney resources, including substantial time spent by multiple

associates and paralegals researching/assembling facts, defending depositions, researching legal issues, and drafting oppositions to Monsanto's multiple motions.

These efforts took months, and, particularly for a small firm, consumed a lot of time, energy and money. Allowing Monsanto a second opportunity to move to strike Plaintiff Polsley's experts' opinions would substantially prejudice him.

Moreover, nothing in *Durnell* will change the outcome of the pending *Daubert* motions, as they are focused on the questions of specific causation (and, in some cases, the qualifications of the expert). That was Monsanto's choice. If Monsanto wanted to advance arguments that summary judgment was warranted as to Plaintiff Polsley's design defect claim, or implied warranty claim, or negligence claim, it could have. It did not. Instead, it put all of its eggs in the Daubert basket.[1,2]

Putting aside the question of fairness in giving Monsanto a "do-over," though, it would be throwing the baby out with the bathwater to say that all of the work that was done for the seven *Daubert* motions currently pending should be thrown out. The question of whether

---

[1] Monsanto's argument in favor of summary judgment in this case is entirely based on its *Daubert* qualifications/methodology arguments. Dkt. No.  21243, p. 15. The sum total of Monsanto's summary judgment argument is this: "If the Court grants Monsanto's motion to exclude the testimony of Plaintiff's other specific causation experts…the Court should also grant summary judgment in Monsanto's favor in the above-entitled cases, because Plaintiffs have failed to present at least one admissible expert opinion to support specific causation." That's it. Not one case cited, not one word mentioned that Plaintiff Polsley failed to present evidence in support of his negligence, implied warranty, or strict liability/design defect claims which were included in his Complaint filed more than six years ago.

[2] Even if Monsanto had challenged Plaintiff's non-label claims on a timely basis, California law favors Plaintiff. For example (and not waiving full briefing), the California Supreme Court has recognized that non-label claims are not preempted. *See Etcheverry v. Tri-Ag Service, Inc.*, 22 Cal. 4th 316 (2000) (overruled in part by *Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005)); *see also Arnold v. Dow Chemical Co.*, 91 Cal. App. 4th 698, 717 (2001) (holding "the gravamen of the complaint is that a consumer would reasonably believe that pesticides are designed to eliminate pests … without causing significant harm to … humans. Thus, appellants' complaint concerns a matter 'outside the label.'"). Further, the California Supreme Court has expressly established the consumer expectations test (in a design defect claim) as a theory independent from a failure-to-warn cause of action. *Soule v. General Motors Corp.*, 8 Cal. 4th 548, 547 (1994). The California Court of Appeal has also repeatedly ruled that the consumer expectations test applies to strict liability/design defect claims involving **pesticides** and that no expert testimony is required or warranted. *See e.g.*, *Pilliod v. Monsanto Co.*, 67 Cal. App. 5th 591 (2021); *see also Arnold*, 91 Cal. App. 4th 698.

---

STATEMENT OF PLAINTIFF DARIN POLSLEY IN RESPONSE TO MINUTE ENTRY OF JULY 9, 2026

Plaintiff Polsley's experts are qualified, and whether they applied valid methodologies, is totally distinct from the narrow legal question presented in *Durnell*.

The realities of a plaintiffs' contingency practice are such that preparing a case to withstand a summary judgment challenge inevitably means paying significant expert fees – sometimes to the tune of hundreds of thousands of dollars – without a guarantee of success. We all signed up for that. But the possibility of having all of that work be completely for naught, and for fully briefed motions to sit, unheard, for nearly a year, then be binned entirely, is antithetical to the efficiencies that an MDL is supposed to provide.

If the Court believes it is beneficial (or necessary) to give Monsanto another shot at summary judgment given *Durnell*, Plaintiff Polsley requests that the brief be in the form of a ***supplemental*** motion for summary judgment limited to the failure-to-warn questions raised in *Durnell*, and that the pending *Daubert* motions be ruled upon as-is.

Plaintiff Polsley further requests that his Motion to Strike the expert opinion of Monsanto's sole specific causation expert, Richard Bakst (Dkt. No. 21231), given his lack of qualifications, be ruled upon without further delay.

Dated: July 16, 2026                By: _____

                                           Lori E. Andrus, Esq.