**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case Nos.: 3:16-md-02741-VC |
| This document relates to: | **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO COURT'S JULY 30, 2026 ORDER [ECF #22402]** |
| ALL ACTIONS | |

Pursuant to the Court's July 30, 2026 Order re Case Schedule, ECF No. 22402, the Parties submit the below responses:

## I.     PLAINTIFFS' STATEMENT

Plaintiffs request that the Court stay the briefing schedule set by its July 30, 2026 Order in light of Monsanto's recent motion asking the JPML to terminate the Roundup MDL.

After the most recent status conference, on August 3, Monsanto filed a motion before the JPML, requesting that it immediately cease transfer of new cases to the Roundup MDL, and then terminate the MDL in early 2027. *See* Amended MDL Termination Motion, attached hereto as **Exhibit A**.[1] Monsanto observed that the MDL has processed over 5,000 cases and presided over "extensive common discovery" and hard-fought litigation over the admissibility of expert evidence bearing on general and specific causation. Ex. A at 3. Monsanto suggested to the JPML that it had

---

[1] Monsanto Company's Amended Motion to Immediately Cease Transfer of New Tag-Along Cases into MDL, and to Terminate MDL Upon Transferee Court's Decision Regarding Impact of *Durnell*, *In re: Roundup Prods. Liab. Litig.*, Dkt. No. 4231 (J.P.M.L. Aug. 5, 2026). Monsanto amended its motion on August 5 to comply with JPML procedural requirements concerning CM/ECF filing.

initially centralized Roundup cases to address failure to warn claims. *Id.* at 5–6, 12. Thus, in Monsanto's view, "The MDL has . . . nearly run its course" following the Supreme Court's recent decision in *Monsanto Co. v. Durnell*,[2] and it would no longer be efficient for this MDL to proceed as "an indefinite forum for deciding, case-by-case and state law by state law, whether individual plaintiffs have pled and adduced evidence to support theories that are not ultimately grounded in an alleged failure to warn or otherwise preempted." *Id.* at 1–2. At around 3 p.m. Eastern time today, August 7, the JPML issued an order denying Monsanto's request, largely on procedural grounds. See **Exhibit B**. The JPML left open the possibility that "[i]f Monsanto is of the view that the Panel should remand any remaining actions in the MDL under Section 1407, it can do so by requesting a suggestion of remand from the transferee judge or moving for Section 1407 remand before the Panel respecting specific actions." *Id.*

This request by Monsanto is a recent and significant development that could set the stage for the future, and possibly the end, of this MDL. Neither Plaintiffs nor the Court were in a position to consider the possible impact of a JPML-mandated process for winding down the MDL at the July 28 status conference, or when the Court entered its July 30 scheduling order, because Monsanto waited until afterwards to file its motion, on August 3.[3] And although the JPML has denied the request as currently framed, both its order and the positions taken by Monsanto are material new developments that warrant a brief continuance of the conference scheduled for August 11 and a pause or continuance of the deadlines set forth in the Court's July 30 Order.

---

[2] 609 U.S. ----, 2026 WL 1825691 (U.S. June 25, 2026).

[3] Monsanto's joint status submissions alluded generally to a desire to terminate the MDL. Dkt. 22244 at 12. Monsanto has alluded to this desire for several years without taking action. This Court has long indicated that this is a matter for the JPML to decide.

2

Given this late-day order from the JPML, Plaintiffs and Monsanto must each confer with their respective stakeholders, determine their positions, and confer with one another about next steps. Plaintiffs propose therefore that the Court consider continuing the conference to allow the parties sufficient time to take these steps.

If the Court prefers to proceed as scheduled, co-lead counsel wishes to inform the Court that, in the very limited time after Monsanto filed its motion with the JPML and before the denial of that motion this afternoon, co-lead counsel conferred with dozens of plaintiffs' attorneys with cases in the MDL to solicit their views. Virtually all of these attorneys favor: (1) the MDL continuing to fulfill its traditional role of ruling on general and specific causation prior to remand of the cases remaining in the MDL until the JPML issues a ruling on Monsanto's motion; and (2) the transferor courts, rather than the MDL court, taking on the role of deciding any preemption-related dispositive motions filed by Monsanto. The latter makes particular sense as, since the last case management conference, co-lead counsel learned that federal courts in at least fourteen districts across the country are currently in the process of addressing the extent to which the non-label based failure to warn claims survive *Durnell* in cases remanded to them from this MDL.[4] As this process is already underway in the transferor courts and is being assessed by judges familiar with the states' laws in which they sit, it would be duplicative and potentially disruptive of earlier-commenced proceedings for the MDL court to undertake the same analysis.

Co-lead counsel and other counsel in the MDL do agree with Monsanto's position stated in its motion before the JPML that, following *Durnell* non-label-based failure to warn claims are

---

[4] The fourteen state laws that will be evaluated by transferor courts are: Florida, Idaho, Illinois Louisiana, Massachusetts, Minnesota, Mississippi, New Jersey, New York, North Carolina, Pennsylvania, Texas, Washington, and West Virginia.

"more appropriately handled by transferor courts who are more familiar with relevant state law." Ex. A at 11. And the determination of whether there are disputed facts, which preclude summary judgment, will likely vary depending on the facts and specific testimony in each case. These same principles apply with equal force to cases currently within the MDL. Indeed, as Monsanto further advocated to the JPML, "the application of particular state-law to individual plaintiffs and case-specific records" "require[s] individualized analysis" and "would not advance the purposes of Section 1407," Ex. A at 8. There is one point on which Plaintiffs and Monsanto agree, and for the reasons Monsanto argued to the JPML in support of disbanding the MDL: this Court should reconsider whether it would serve the purposes of Section 1407 to engage in protracted individualized analysis of the cases for which the Court's July 30 Order set a tentative briefing schedule.

Despite its arguments to the JPML, Monsanto now disagrees with Plaintiffs that there should be a pause while Monsanto and perhaps other parties decide whether to file a motion either before this Court or in the JPML, as the JPML directed, to remand cases pursuant to section 1407. After all, based on Monsanto's arguments before that the JPML that the Roundup litigation was centralized for failure to warn and since those are preempted by *Durnell* the MDL no longer should continue, and that the MDL is not well suited to determine state-by-state non-label-based failure to warn claims, it makes sense to order the parties to decide in short order whether they will be making such a motion. Both of the positions Monsanto takes before the JPML are contrary to their position here that the Court should proceed with several groupings of cases on state law, non-label-based failure to warn claims – the very claims they told the JPML court late last week do not belong in this court.

As to the Court's suggestion that Plaintiffs propose certain state laws for the Court to decide post-*Durnell* issues – essentially suggesting "putting [Plaintiffs'] best foot forward," Transcript of Case Management Conference, July 28, 2026 ("Transcript"), Dkt. 22414 at 29, Plaintiffs propose that the Court stay this decision pending the parties' meet and confer regarding whether Monsanto intends to file a "suggestion of remand from the transferee judge or moving for Section 1407 remand before the Panel," and what position co-lead counsel and/or attorneys with cases in the MDL would take regarding a request for this or similar relief.  If Monsanto intends to do so, it is possible that such a review would become moot.

There are other reasons as well that the Plaintiffs believe this decision should be stayed. As a preliminary matter, co-lead counsel wishes to inform the Court why it would be inefficient and unfair to proceed by requiring co-lead counsel to select cases for closer evaluation on a supposedly "best foot forward" basis, particularly when, as appears to be the case, all parties agree that conducting "case-by-case and state law by state law" preemption analysis would expand without warrant the role of this MDL. Ex. A at 2.

*First*, it is not possible to comprehensively evaluate design defect, breach of warranty claims, fraud, and other non-label-based failure to warn claims based on the top (or best) five (give or take) 50-states' laws. Transcript at 29–30. What's more, identifying the "best" state laws in a vacuum without reference to the circumstances of each particular plaintiff and her individual circumstances is not possible, nor would it ultimately yield useful guidance for preemption decisions before future courts evaluating the application of other states' preemption laws to other plaintiffs' claims.  But regardless, such an analysis would require months of legal research and knowledge of each pending case in the MDL, including the particular facts of each case, and

JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
COURT'S JULY 30, 2026 ORDER [ECF #22402]

particular state jurisprudence to make that determination.  This is not possible for co-lead counsel to evaluate for clients that they do not represent. Co-lead counsel has very few clients in the MDL waves under consideration, and likely none in this category.

*Second*, even if such an analysis were possible, it would not be possible to do in a little more than a week's time, which is all the time Plaintiffs have been afforded. Such an analysis would require co-lead counsel to research the law of each of the 50 states regarding design defect, breach of warranty, fraud, negligence, and non-label-based failure to warn claims, and other state-specific consumer protection laws, including each state's controlling case law under each of these causes of action. It would also have required that co-lead counsel know the individual facts regarding each of the plaintiffs pending in the MDL – another impossibility within the compressed timeframe.

Despite the above, and while the Court did not direct Plaintiffs to identify other state laws in its July 30 order, should the Court decline to adopt Plaintiffs' suggestion to stay post-*Durnell* MDL review (or at least this category of post-*Durnell* briefing) pending conferral of whether Monsanto or any plaintiff will seek closure of the MDL in accordance with the JPML rules and August 7 order, co-lead counsel proposes the following states for this Court to review on a motion to dismiss after the plaintiffs from those states are afforded the opportunity to amend their complaints: California, Indiana, North Dakota, Oklahoma, and Alaska.

## II.    MONSANTO'S STATEMENT

As Plaintiffs note, on August 5, 2026, Monsanto filed a motion with the JPML.  That motion asked the JPML to cease transfer of new tag-along cases into this MDL proceeding.  MDL No. 2741, ECF No. 4231, at 1 (J.P.M.L. Aug. 5, 2026).  It also requested that the JPML wind down

the MDL only *after* this Court hears and resolves motions practice in "remand ready" cases and other cases where discovery has closed, because "the MDL Court is well-positioned to resolve the impact of *Durnell* on that initial set of cases, and its rulings could provide important guidance for future cases and remand courts." *Id.* at 2.  Today, the JPML denied that motion.

Consistent with its position before the JPML, Monsanto opposes Plaintiffs' request to stay briefing in "remand ready" and "closed-discovery" cases and submits that there is no need for this Court to revisit the briefing schedule or process it has put in place.  It is false for Plaintiffs to state that "the positions Monsanto t[ook] before the JPML are contrary to their position here that the Court should proceed with several groupings of cases on state law, non-label-based failure to warn claims." *See supra.*

If the Court is going to grant a stay in any other cases, as requested by Plaintiffs, it should grant a full stay, including of discovery.  There is no basis for allowing Plaintiffs to get the benefit of propounding discovery requests through the MDL at the same time they are asking this Court to stay briefing on what, if any, complaints might survive dismissal.  That is particularly so in light of Monsanto's position that there are no longer any viable claims to assert post-*Durnell*, as well as the fact that the discovery Plaintiffs have sought since *Durnell* is in no way tailored or directed to whatever claims might remain.  *See* Supplemental Brief and Proposed Schedule, 3:16-md-02741, ECF No. 22308, at 9 (N.D. Cal. July 16, 2026).

JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
COURT'S JULY 30, 2026 ORDER [ECF #22402]

DATED: August 7, 2026    Respectfully submitted,


    /s/ Robin Greenwald
    Robin Greenwald (*pro hac vice*)
    Robert J. Quigley (CA Bar No. 302879)
    Weitz & Luxenberg, PC
    700 Broadway
    New York, NY 10003
    Tel: 212-558-5500
    rgreenwald@weitzlux.com
    rquigley@weitzlux.com

    /s/ David Dickens
    David Dickens (*pro hac vice*)
    The Miller Firm LLC
    108 Railroad Ave
    Orange, VA 22960
    Tel: 540-672-4244
    ddickens@millerfirmllc.com

    *Attorneys for Plaintiffs*

    /s/ Brian L. Stekloff
    Brian L. Stekloff (pro hac vice)
    (bstekloff@wilkinsonstekloff.com)
    Rakesh Kilaru (pro hac vice)
    (rkilaru@wilkinsonstekloff.com)
    WILKINSON STEKLOFF LLP
    2001 M St. NW, 10th Floor
    Washington, DC 20036
    Tel: 202-847-4030
    Fax: 202-847-4005

    *Attorneys for Defendant*
    *MONSANTO COMPANY*

JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
COURT'S JULY 30, 2026 ORDER [ECF #22402]

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of August 2026, a copy of the foregoing was filed with the Clerk of the Court through CM/ ECF system which sent notice of the filing to all appearing parties of record.

<em>/s/ Robin Greenwald</em>

JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
COURT'S JULY 30, 2026 ORDER [ECF #22402]