**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030 | Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843 | Fax: 202-682-1639

*Attorneys for Defendant Monsanto Company*

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400 | Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100 | Fax: 310-576-2200

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION

*Charles Fredric Reid v. Monsanto Company*
Case No. 3:22-cv-04080-VC

*Kathleen Jackson, as Personal Representative of the Estate of Eddie Ray Jackson, Deceased v. Monsanto Company*
Case No. 3:22-cv-01572-VC

*Tony Howell v. Monsanto Company*
Case No. 3:20-cv-07322-VC

MDL No. 2741

Case No.: 3:16-md-02741-VC

**DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR SUGGESTION OF REMAND**

## I. Introduction

Just two months ago, this Court held a case management conference during which it asked the parties how this MDL should proceed in *Durnell*'s aftermath. Over Plaintiffs' objection, it permitted Monsanto to file supplemental motions for summary judgment in all cases where discovery was closed, *i.e.* "remand-ready" cases. Thus, Monsanto had leave to—and did—file summary-judgment motions. Yet on Monsanto's filing deadline, Plaintiffs brought these motions in contravention of the Court's orders; they now ask the Court to remand these cases even though there are pending motions addressing FIFRA preemption and other grounds for summary judgment.

The Court should not countenance this collateral attempt to circumvent its prior rulings. This case is not ripe for remand until all pretrial proceedings, including Monsanto's summary judgment motions, have been resolved. Further, this Court has already considered and rejected the arguments that Plaintiffs now claim support their request for a suggestion of remand. Monsanto respectfully requests that this Court retain jurisdiction over this case until it rules on Monsanto's motions for summary judgment.

## II. Background

On October 6, 2016, the Judicial Panel on Multidistrict Litigation (the "JPML") began centralizing Roundup actions before this Court. (MDL Dkt. No. 1.) In doing so, it emphasized that: "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings . . .; and conserve the resources of the parties, their counsel, and the judiciary." (*Id.* at 2.) It contemplated that cases would not be ripe for remand until "discovery *and other* pretrial proceedings related to the common issues have been completed . . . ." (*Id.* (emphasis added).)

On July 16, 2026, the parties jointly submitted their supplemental brief and proposed schedule, in which they set forth their respective positions on how this MDL should proceed after *Durnell*. (MDL Dkt. No. 22308.)

In their portion of the supplemental brief, Plaintiffs urged the Court to remand all Wave 9 (and earlier) cases to allow the transferor courts to decide whether FIFRA preempts their claims. (MDL Dkt. No. 22308 at 5-6.) Alternatively, they requested that the Court limit further motion practice to the "position that a given plaintiff['s] claims amount to nothing more than . . . 'disguised

failure to warn' claims preempted under *Durnell*." (*Id.* at 5.) Plaintiffs argued that Monsanto should not be allowed to argue that based on the record, Plaintiffs "cannot prove . . . any other non-label-based failure to warn claim . . . ." (*Id.*)

In contrast, Monsanto proposed that the Court grant leave to "file new summary judgment and *Daubert* motions in all cases where the discovery record is closed." (MDL Dkt. No. 22308 at 7.) The three above-captioned cases were listed in Table 3, later referred to as the "remand-ready" cases. (MDL Dkt. No. 22308-7 at 3, Table 3.)

After hearing from both parties, the Court issued its Order and Supplemental Order Re: Case Schedule (the "Scheduling Orders"). (MDL Dkt. Nos. 22402, 22444.) For "remand-ready" cases, the Scheduling Orders set a deadline of September 1, 2026 for Monsanto to file motions for summary judgment addressing "preemption grounds or . . . grounds that the allegedly non-preempted claims are not supported by any evidence in the record." (MDL Dkt. No. 22402 at 1.)

On September 2, 2026, Monsanto filed its motions for summary judgment in these cases, as permitted under the Scheduling Orders. (Dkt. Nos. 22524 and 22529.)[1]

## III. Legal Standard

The statute governing MDL actions provides: "[w]hen civil actions involving one or more common questions of fact are pending in different jurisdictions, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the [JPML] . . . upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Under § 1407, "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings."

A suggestion of remand is only appropriate "when the . . . action or claim is, in fact, ready for trial, or otherwise ready for remand because the common pretrial proceedings pertaining to that action or claim have been completed . . . ." *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979). Thus, "the default under the statute is that an action is remanded to its

[1] Monsanto's filings were delayed by a technical failure beyond its control. Monsanto timely filed the motions the next court day pursuant to Local Rule 5-1(d)(5). (Dkt. Nos. 22520 and 22522.)

transferor court at the conclusion of pretrial proceedings." *In re Generic Pharms. Pricing Antitrust Litig.*, 717 F. Supp. 3d 1361, 1365 (J.P.M.L. 2024). On the other hand, "[r]emand is inappropriate . . . when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.'" *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, No. 11-md-2286-MMA (MDD), 2020 WL 7687866, at *4 (S.D. Cal. Nov. 20, 2020).

## IV. Argument

This Court should deny Plaintiffs' motions at the outset because Monsanto has filed motions for summary judgment that are now pending. (Dkt. Nos. 22524 and 22529.) The "pretrial proceedings relating to the common issues"—including whether FIFRA preemption bars Plaintiffs' remaining claims under *Durnell*—are not complete. (MDL Dkt. No. 1 at 2); *In re Generic Pharms. Pricing Antitrust Litig.*, 717 F. Supp. 3d at 1365. Thus, these cases are not ripe for remand.

Plaintiffs acknowledge that Monsanto opposes these motions because their request for remand would undermine the "process outlined in [the Scheduling Orders]." (Dkt. Nos. 22507-08 at 4, 22509 at 3.) Yet they fail to address those orders in their motions. Nor do they address Monsanto's pending summary judgment motions. They necessarily concede that the Scheduling Orders apply, and that remand would be inappropriate under those orders because unresolved pretrial issues remain.

Rather than address these issues head-on, Plaintiffs attempt to argue around the Scheduling Orders by asserting that considerations of judicial economy and the transferor courts' familiarity with post-*Durnell* preemption favor remand. (Dkt. Nos. 22507-09 at 3-4.) But Plaintiffs raised these very same concerns in their portion of the July 16, 2026 supplemental brief, and the Court found those concerns insufficient to remand the cases before ruling on Monsanto's preemption-related arguments. (*See* Dkt. 22308 at 1-3 (invoking the "interests of judicial economy" and the transferee courts' familiarity with "briefing surrounding *Durnell*.").) There is no reason why Plaintiffs should be able to resurrect these failed arguments to circumvent the Scheduling Orders here.

## V. Conclusion

When the JPML transferred this action to this Court, it understood that a suggestion of remand under § 1407 would be unwarranted until "pretrial proceedings related to the common issues"

had been completed. This is the “default” presumption under the statute, and with good reason: the interests in promoting consistent pretrial rulings and conserving the resources of the parties, their counsel, and the judiciary will be undermined if this Court is not permitted to address the overarching inquiry of FIFRA preemption and whether Plaintiffs’ allegedly non-preempted claims are supported by evidence.

Thus, this Court acted well within its mandate when it granted Monsanto leave to file supplemental motions for summary judgment addressing FIFRA preemption and the viability of Plaintiffs’ remaining claims. Rather than challenge the Scheduling Orders, however, Plaintiffs simply rehash the same arguments that this Court already rejected. Plaintiffs provide no reason to depart from the default presumption that remand is inappropriate until all pretrial proceedings have been completed.

Because Monsanto’s motions for summary judgment are such pretrial proceedings, Monsanto respectfully requests that the Court decline to issue suggestions of remand until it rules on those motions. Doing so will advance the judiciary’s stated interests and the policy considerations supporting MDL consolidation.

Dated: September 14, 2026

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Linda C. Hsu*
Linda C. Hsu
Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 14, 2026, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system, which sent notice of the filing to all appearing parties of record.

*/s/ Linda C. Hsu*
Linda C. Hsu