**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO COURT'S AUGUST 11, 2026 ORDER [ECF NO. 22444]** |

Pursuant to the Court's August 11, 2026 Order, ECF No. 22444, the Parties submit their proposals regarding the process for complaints in Categories 3 and 4.

**Plaintiffs' Position**

Sixteen Category 3 Plaintiffs filed amended complaints in accordance with the Court's September 8, 2026 scheduling order, while the remaining Category 3 Plaintiffs rested on their existing complaints. There is no basis to hold Category 3 and 4 Plaintiffs' cases in suspension any longer. To the extent Monsanto believes the amended complaints are legally insufficient, it should not be excused from moving to dismiss them promptly.

Plaintiffs have an important interest in moving their cases forward, and the Defendant's request for a stay at this juncture is prejudicial to the Category 3 and 4 Plaintiffs. The majority of Category 3 and 4 Plaintiffs' cases have been pending for years as the MDL makes its way through the Wave schedules. The only change in their position is that they can no longer pursue a cause of action for label-based failure to warn pursuant to the decision in *Durnell*. As Plaintiffs informed the Court in prior case management conference statements, most of the complaints previously included causes of action in addition to label-based failure to warn claims. This is a far less

momentous change than Monsanto's argument suggests: the revised complaints generally focus their allegations on design defect, negligence, and other non-label-based failure to warn claims, all of which have been pleaded in Roundup litigation over the past decade.

There is no reason to delay motion practice at this juncture. This is especially true because the summary judgment motions that the Court has permitted to proceed in Categories 1 and 2 do not address complaints that were amended following the *Durnell* decision. To the contrary, those complaints were filed well before *Durnell*, and even some of them before *Schaffner* was decided. The factual record and legal analysis are also substantially different between motions to dismiss and summary judgment motions.

Nevertheless, in an effort to compromise and proceed in Category 3 waves, Plaintiffs proposed that the parties begin motion practice on the Category 3 amended complaints from states that the Court is not addressing in the Category 1 and 2 briefing. Those states, for Category 3, are Illinois, Michigan, Minnesota, New York, and Wisconsin. Monsanto refused that compromise.

What's more, in other cases around the country where these issues are being adjudicated, courts have not stayed cases, have allowed the plaintiffs to amend their complaints, and have decided that most of the non-label-based failure to warn claims survive Durnell. *See, e.g., Shull v. Monsanto Co.,* No. 25BA-CV4355, 2026 WL 2742795 (Mo. Cir. Aug. 31, 2026) (Harris, J.) (attached as Exhibit A) (denying Monsanto's motion for summary judgment and rejecting Monsanto's argument that the plaintiff's strict liability design defect and negligence claims were "simply repackaged failure to warn claims."); Order, *Aretino v. Monsanto Co.*, No. 20-SL-CC03676 (Mo. Cir. Sept. 9, 2026) (May, J.) (attached as Exhibit B) (denying Monsanto's motion for summary judgment); Order, *Alison v. Monsanto Co.,* No. 20SL-CC02828 (Mo. Cir. Sept. 9, 2026) (May, J.) (attached as Exhibit C) (same); Hearing Tr., *Rubin v. Monsanto Co.*, No. 4:26-cv-

40079-MRG (D. Mass. July 29, 2026) (attached as Exhibit D), at 4:1–9, 5:15–20 (granting plaintiff leave to amend complaint and designate additional expert testimony and explaining, "I believe that Durnell left open other state law claims, such as other types of product defect and consumer claims that are not based on warning theories like design defect claims and possibly a non-label-based failure to warn claim that rests on the allegation that Monsanto could have warned outside the product labeling.").

To that end, Plaintiffs propose the following motion to dismiss briefing schedule by Category:

**Category 3:**

Monsanto's motion due by October 20, 2026.

Plaintiffs' opposition due November 24, 2026

Monsanto's reply due December 15, 2026

**Category 4:**

Monsanto's motion due by November 17, 2026.

Plaintiffs' opposition due December 22, 2026

Monsanto's reply due January 8, 2027

Should the Court prefer to further stratify the motion practice, Plaintiffs alternatively suggest that the Court begin with a briefing schedule for amended complaints involving Illinois, Michigan, Minnesota, New York, and Wisconsin laws for Category 3, because these states are not covered by the renewed summary judgment motions for Categories 1 and 2. The remaining states may be briefed shortly thereafter.

**<u>Monsanto's Position</u>**

On September 8, 2026, pursuant to the Court's scheduling order (Dkt. 22402), 16 of the 49 Category 3 Plaintiffs filed amended complaints. The amended complaints are significantly revised—increasing in length by dozens of pages and hundreds of paragraphs in some cases.

The state laws that appear to be at issue in the Category 3 amended complaints are FL, IL, KY, MI, MN, NY, OH, OK, SC, TX, WI. These states are generally represented within Categories 1 and 2, except for IL, MN, NY, and WI.

Due to the substantial overlap in state laws between Categories 1 and 2 and Category 3, as well as the likelihood that the Court's rulings on Category 1 and 2 cases will provide meaningful guidance about which, if any, claims can proceed further in this litigation, Monsanto proposes that briefing on Category 3 and 4 cases be stayed until after the Court rules on Category 1 and 2 motions for summary judgment. This proposed process will conserve time and resources for both Parties and this Court by allowing the Parties to incorporate the Court's initial summary judgment rulings into briefing on motions to dismiss the Category 3 and 4 cases, as appropriate. For example, if the Court were to rule that some or all claims cannot proceed under certain states' laws, that would greatly streamline motion to dismiss briefing. The summary judgment process is underway and proceeding quickly, and a delay of several months is not unfairly prejudicial to any Plaintiffs. Thus, Monsanto proposes that deadlines for responsive pleadings to Category 3 and 4 amended complaints be stayed until 45 days after the Court rules on the Category 1 and 2 motions for summary judgment. Monsanto does not oppose the briefing timelines set forth in Plaintiffs' submission provided the due dates commence 45 days after the Court's rulings. Monsanto will be prepared to move forward with briefing expeditiously at that point in time.

Dated: September 18, 2026 Respectfully submitted,

*<u>/s/ Anthony R. Martinez</u>*

Anthony R. Martinez (pro hac vice)
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, MO, 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
amartinez@shb.com

*/s/ Rakesh Kilaru*
Rakesh Kilaru (pro hac vice)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
(202) 847-4046
Fax: (202) 847-4005
Email: rkilaru@wilkinsonstekloff.com

***Attorneys for Defendants***

*/s/ Robin Greenwald*
Robin Greenwald (pro hac vice)
Robert J. Quigley (CA Bar No. 302879)
Weitz & Luxenberg, PC
700 Broadway
New York, NY 10003
Tel: 212-558-5500
rgreenwald@weitzlux.com
rquigley@weitzlux.com

*/s/ David Dickens*
David Dickens (pro hac vice)
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960
Tel: 540-672-4244
ddickens@millerfirmllc.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, by which notification of such filing was electronically sent and served to all counsel of record.

*/s/ Anthony R. Martinez*
SHOOK, HARDY & BACON, LLP
***Attorney for Defendant Monsanto Company***