**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030 | Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843 | Fax: 202-682-1639

*Attorneys for Defendant Monsanto Company*

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400 | Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100 | Fax: 310-576-2200

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| This document relates to:<br><br>ALL ACTIONS | Case No.: 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' LEADERSHIP'S ADMINISTRATIVE MOTION TO CLARIFY THE COURT'S DIRECTIVE TO REPRESENT MDL PLAINTIFFS' INTERESTS IN POST-*DURNELL* BRIEFING** |

Defendant Monsanto Company ("Monsanto") respectfully opposes the Administrative Motion to Clarify the Court's Directive to Plaintiffs' Leadership to Represent MDL Plaintiffs' Interests in the Upcoming Post-*Durnell* Briefing filed by Plaintiffs' Co-Lead Counsel ("Leadership") on September 25, 2026 (Dkt. No. 22666). Leadership's proposal is untimely, disrupts the schedule this Court has already set, and would give Plaintiffs two bites at the apple in violation of the Court's stated preference for consolidated briefing. For these reasons, Monsanto asks the Court to deny the motion.

## I. Leadership's Request Is Untimely and Should Have Been Raised at the September 22, 2026 Hearing

On July 30, 2026, this Court entered its Order Re Case Schedule (the "Scheduling Order") (Dkt. No. 22402), which was supplemented on August 11, 2026 (the "Supplemental Order") (Dkt. No. 22444). On September 2, 2026, Monsanto filed its motions for summary judgment in the Category 1 cases, as permitted under the scheduling orders. (Dkt. Nos. 22524 and 22529.)[1] Under those orders, Category 1 Plaintiffs' oppositions to Monsanto's supplemental motions for summary judgment are due on September 28, 2026, replies are due on October 23, 2026, and the hearing on the motions for summary judgment is set for November 16, 2026. That schedule was set nearly two months ago and has been known to *all* parties since.

On September 22, 2026, the Court held a further Case Management Conference at which it discussed these very issues. The Court explained that, "this is a MDL and leadership counsel is authorized to speak on behalf of any plaintiff" and "the ideal scenario" was for "leadership counsel . . . [to] be representing the plaintiffs in all of these summary judgment motions and all of these motions to dismiss," because doing so would be "the best thing for the plaintiffs" and would allow Leadership to "fil[e] *consolidated* briefs where you can and mak[e] individualized argument where you can." (Sept. 22, 2026 Hr'g Tr. at 12:22-13:11 (emphasis added); *see also* Dkt. No. 22664.) The Court further stated its "directive is for [Leadership] to instruct [individual counsel] that [the Court] believe[s] it is in the best interests of the plaintiffs and the best interests of everybody involved for [Leadership] to be representing all of the plaintiffs." (*Id.* at 13:14-24 (emphasis added).) If Leadership intended to seek leave to file separate omnibus briefing on a different or separate schedule, that was the time to raise it. Instead, Leadership waited until Friday, September 25, 2026—days before the Monday deadline for Plaintiffs' Category 1 oppositions—to file this motion, giving Monsanto little time to respond and the Court no time to consider the request before the Monday deadline.

Leadership acknowledges in its motion that it "met after the conference and discussed the feasibility" of complying with the Court's directive. (Dkt. No. 22666 at 1). Yet, rather than promptly

[1] Monsanto's filings were delayed by a technical failure beyond its control. Monsanto timely filed the motions the next court day pursuant to Local Rule 5-1(d)(5). (Dkt. Nos. 22520 and 22522.)

bringing its concerns to the Court's attention, it waited until the eleventh hour, to seek this relief. Leadership had over a month to raise these issues, including at the hearing, but chose not to do so. This delay alone warrants denial.

Leadership's own motion undermines its claim of diligence. Leadership concedes that it "agrees that 'it is in the best interest of the plaintiffs' for Leadership to participate in the summary judgment and motion to discuss [sic] briefing." (*Id.* at 2). That means Leadership should have been coordinating with Category 1 counsel and preparing its oppositions well before the September 22 hearing—not waiting until after the hearing to begin that process. Despite having had the Scheduling Order in hand since July 30, Leadership's motion shows it did not even start discussing feasibility of coordination until after the conference, an obligation that Leadership itself characterizes as being in Plaintiffs' best interest. The fact that Leadership apparently made no effort to coordinate with Category 1 Plaintiffs until days before their oppositions were due further confirms that this motion is a last-minute attempt to insert new briefs and new schedules for briefing that are already well underway.

Moreover, Leadership's proposal would derail the existing briefing schedule that this Court carefully constructed, the parties considered, and on which Monsanto relied. Leadership proposes to file its own omnibus opposition brief by October 19, 2026, with an additional Monsanto reply due November 2, 2026. Granting this request would disrupt the briefing for Category 1 cases, which already has an existing reply date, and would add new briefs requiring the Court to review them on short notice. At the September 22 hearing, the Court carefully considered and set further deadlines, including for Monsanto's responsive pleadings to Categories 3 and 4 Amended Complaints, based on the current briefing and hearing schedule. The Court should not allow a new round of briefing that Leadership could have—and should have—requested weeks ago and certainly at the time of the hearing.

## II. Leadership's Proposal Gives Plaintiffs Two Bites at the Apple, which Prejudices Monsanto and is Contrary to the Court's Preference for Consolidated Briefing

At the September 22 hearing, the Court made clear its preference for consolidated motions rather than separate, duplicative filings. Leadership's proposal does the opposite. Under the current schedule, individual Category 1 Plaintiffs will file their own oppositions and statements of material facts on September 28, 2026. Leadership then proposes to file an omnibus statement of material facts

on September 28, and a separate omnibus opposition brief by October 19, 2026. The Category 1 Plaintiffs may rely on their own statement of material facts or incorporate the facts from the proposed omnibus statement "if they choose to do so." (Dkt. No. 22666 at 3.) The result is that Plaintiffs would receive two bites at the apple: Category 1 Plaintiffs would be able to serve individual oppositions and statements of material facts, and then also rely on a separate overlapping Leadership statement of material facts and opposition filed on a later date. Monsanto would be required to reply to all these briefs.

This is not consolidated briefing—it is additional briefing. True consolidated briefing would require Leadership to coordinate with Category 1 Plaintiffs to file combined briefs, not separate briefs that may or may not incorporate other additional briefs. Leadership's proposal would not reduce or streamline the number of filings before the Court; it would increase them. Moreover, because Leadership has not yet even prepared its omnibus opposition brief, there is every reason to expect that it will be duplicative of the individual oppositions already being filed on September 28. Monsanto should not be required to respond to two rounds of opposition briefing—one from individual Plaintiffs and another from Leadership—on what are likely the same legal and factual issues.

Not only does this arrangement put Monsanto at a disadvantage, it also undermines the efficiency goals that the Court has emphasized. If Leadership intended to submit briefing, the proper course was for Leadership to coordinate with Category 1 Plaintiffs in advance and file consolidated oppositions, not for individual Plaintiffs to file their own papers and then Leadership to file a separate, supplemental brief weeks later.

## III. Conclusion

Monsanto understands the Court's desire for streamlined, consolidated briefing, and Monsanto shares that goal. But Leadership's proposal does not achieve it. Leadership's request is untimely—it was not raised at the September 22 hearing and was filed on the eve of the opposition deadline. And far from consolidating briefing, Leadership's proposal simply adds additional briefs and statements of additional fact on top of the individual filings that Category 1 Plaintiffs are already filing. Leadership is tasked with playing a coordinating role in this litigation, and the appropriate procedure was for

Leadership to work with Category 1 Plaintiffs to produce a consolidated filing, not a second, separate round of briefing.

For these reasons, Monsanto respectfully opposes Leadership's Administrative Motion (Dkt. No. 22666) and requests that the Court deny the relief sought therein.

Dated: September 28, 2026

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: *<u>/s/ Linda C. Hsu</u>*
Linda C. Hsu
Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2026, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system, which sent notice of the filing to all appearing parties of record.

*<u>/s/ Linda C. Hsu</u>*
Linda C. Hsu