**PODHURST ORSECK, P.A.**
Steven C. Marks
(smarks@podhurst.com)
Kristina M. Infante
(kinfante@podhurst.com)
Pablo Rojas
(projas@podhurst.com)
2525 Ponce De Leon, Suite 700
Coral Gables, Florida 33134
Tel: (305) 358-2800
Fax: (305) 358-2382
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Paul Schrag v. Monsanto Company*<br>Case No. 3:22-cv-08888-VC | **PLAINTIFF PAUL SCHRAG'S NOTICE OF RESPONSE IN OPPOSITION TO MONSANTO'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Hearing Date: Nov. 16, 2026<br>Hearing Time: 1:00 PP<br>Hearing Location: Courtroom 4 |

Plaintiff Paul Schrag ("Mr. Schrag" or "Plaintiff") submits this response to Monsanto's Supplemental Motion for Summary Judgment and moves, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to file the proposed Amended Complaint, attached hereto as Exhibit A, against Defendants Monsanto Company, Bayer AG, and Bayer Corporation (collectively, "Monsanto"). This Response and Motion are supported by the following Memorandum of Points and Authorities, all prior pleadings and filings in this case, any

additional matter of which the Court may take judicial notice, and such further evidence or argument as may be presented before this Court.

Dated: September 28, 2026

Respectfully submitted,

**PODHURST ORSECK, P.A.**

*/s/ Steven C. Marks*

Steven C. Marks
(smarks@podhurst.com)
Kristina M. Infante
(kinfante@podhurst.com)
Pablo Rojas
(projas@podhurst.com)
PODHURST ORSECK, P.A.
2525 Ponce De Leon, Suite 700
Coral Gables, Florida 33134
Tel: (305) 358-2800
Fax: (305) 358-2382
*Counsel for Plaintiff Paul Schrag*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Monsanto's Supplemental Motion for Summary Judgment treats *Monsanto Co. v. Durnell* as the end of every claim arising from Mr. Schrag's exposure to Roundup. Not so. *Durnell* held that FIFRA preempts a failure-to-warn claim that would require a cancer warning on Roundup's EPA-approved label. *Monsanto Co. v. Durnell*, 146 S. Ct. 2001, 2017 (2026). It did not decide whether a claim based on an independently defective product design or negligent design and testing is a labeling claim.

Florida law does not make every product-liability claim a warning claim. In *Engle v. Liggett Group, Inc.*, the Florida Supreme Court explained that, "[a]lthough compliance with the federal warnings preempted any claim based on failure to warn, it did not eliminate [negligence or strict liability]." 945 So. 2d 1246, 1273 (Fla. 2006). Florida recognizes strict liability for a defective design and a manufacturer's negligence-based duty to use reasonable care in designing and manufacturing a product. *Aubin v. Union Carbide Corp*., 177 So. 3d 489, 503–04 (Fla. 2015); *Ford Motor Co. v. Evancho*, 327 So. 2d 201, 204 (Fla. 1976). Those duties concern the product and the manufacturer's conduct, not a duty to add words to a label.

Mr. Schrag seeks leave to put that distinction squarely before the Court. His proposed amended complaint removes the misrepresentation counts and claims against previously dismissed defendants and presents his remaining strict-liability and negligence counts as claims concerning Roundup's alleged design, formulation, testing, and manufacture. He does not seek to establish liability on the theory that Monsanto should have added a cancer warning to Roundup's label. Monsanto disputes whether the pleadings and evidence support the remaining theories, but that dispute should be addressed on the theories actually asserted, rather than by

treating their titles alone as either proof of independence or proof of preemption. The proposed amendment permits the Court to evaluate those claims in light of *Durnell* without expanding the case.

In opposition to Monsanto's Supplemental Motion for Summary Judgment, Mr. Schrag adopts the legal arguments of other Florida Category 1 plaintiffs. In addition, the Court's July 30 Order permits an individual plaintiff to seek leave to amend in opposition to Monsanto's post-*Durnell* summary-judgment motion. Dkt. No. 22402. Mr. Schrag therefore requests leave to file the proposed Amended Complaint. Mr. Schrag also adopts Plaintiffs' Omnibus Statement of Material Facts in Opposition to Monsanto's Post-*Durnell* Motions for Summary Judgment, submitted by Plaintiffs' Co-Lead Counsel, to the extent its evidence bears on his remaining claims.

## RELEVANT PROCEDURAL HISTORY

On November 9, 2022, Plaintiff filed his original Complaint in the Eleventh Judicial Circuit for Miami-Dade County in Florida State Court against Defendants Monsanto Company, Bayer AG, and Bayer Corporation (collectively, "Monsanto"), as well as three retailer and marketing defendants who have since been voluntarily dismissed.[1] Shortly after filing, Monsanto removed this action to the United States District Court for the Southern District of Florida on the basis of diversity jurisdiction. In December 2022, the Judicial Panel on Multidistrict Litigation transferred the action to this Court as part of *In re: Roundup Products Liability Litig.*, MDL No. 2741, where it has since remained pending as case No. 3:22-cv-08888-VC.

[1] Home Depot U.S.A., Inc., Walmart Inc., and The Scotts Company LLC have subsequently been voluntarily dismissed. Dkt. Nos. 16317, 16643.

As this Court is aware, in June of 2026, the Supreme Court decided *Monsanto v. Durnell*. 609 U.S. 371 (2026). *Durnell* held that FIFRA's express preemption clause, 7 U.S.C. § 136v(b), preempts a state-law failure-to-warn claim premised on the absence of a cancer warning on Roundup's label. In its July 30, 2026 Order, this Court provided that an individual plaintiff who believes amendment is warranted may make that argument in opposition to Monsanto's supplemental summary-judgment motion. Dkt. No. 22402 at 1–2. Monsanto moved for summary judgment against the "Category 1" cases governed by Florida law, including this case, on September 1, 2026, and then refiled with exhibits on September 2, 2026. Dkt. Nos. 22519, 22524. There, Monsanto argues that the Florida plaintiffs have "no claims that survive *Durnell*." Def.'s Supp. Mot. for Summ. J. at 9 (cleaned up).

**PROPOSED AMENDMENTS**

The proposed Amended Complaint narrows the parties, claims, and theories at issue. It removes Home Depot U.S.A., Inc., Walmart Inc., and The Scotts Company LLC, together with the strict-liability counts previously asserted against them. It also eliminates the fraudulent-misrepresentation and negligent-misrepresentation counts against Monsanto. The two remaining counts, strict products liability and negligence, no longer assert failure to warn as a basis for liability. Instead, they allege defects in Roundup's design, formulation, and manufacture, and a failure to exercise reasonable care in its design, development, testing, and manufacture. The proposed pleading retains the same alleged Roundup exposure and resulting injury while revising the jurisdictional allegations and caption to reflect the action's removal and transfer to this Court for multidistrict pretrial proceedings. It adds no defendant or cause of action.

**ARGUMENT**

## I. Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend a complaint] when justice so requires." This Circuit applies that policy "with extreme liberality" while weighing the *Foman* factors of undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, prejudice, and futility. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts give prejudice the "greatest weight," *id.* at 1052, which the party opposing the amendment bears the burden of proving, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). In the absence of prejudice or a compelling showing on another factor, Rule 15(a) provides "a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.,* 316 F.3d at 1052 (emphasis in original).

## II. The Court Should Grant Plaintiff Leave to Amend His Complaint.

Mr. Schrag seeks leave to narrow his complaint in response to *Durnell* and Monsanto's Supplemental Motion. The proposed amendment removes claims he no longer pursues and clarifies the product-based grounds for his remaining strict-liability and negligence counts, allowing the Court to assess those claims as pleaded under the governing law. It adds no party, cause of action, or new injury, and would not require Monsanto to defend a fundamentally different case. Mr. Schrag makes this request through the procedure the Court established for plaintiffs seeking amendment in their summary-judgment oppositions. For those reasons, the interests of justice, the absence of substantial prejudice, and the remaining Rule 15 factors favor leave to amend.

### A. Amendment is in the interest of justice.

The intervening decision supplies a concrete reason to permit amendment here. "It is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law unless it is clear that amendment would be futile." *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014) (reversing and remanding to permit amendment in light of a Supreme Court decision); *see Moss v. U.S. Secret Service*, 572 F. 3d 962, 972 (9th Cir. 2009) ("Having initiated the present lawsuit without the benefit of the Court's latest pronouncements . . . Plaintiffs deserve a chance to supplement their complaint."); *Wilcox v. First Interstate Bank of Ore., N.A.*, 815 F.2d 522, 530 (9th Cir. 1987) ("[T]he [plaintiffs] should be given the opportunity to amend their pleadings to conform with our recent decisions[.]").

In *Doe I v. Nestle USA, Inc.*, the Ninth Circuit permitted plaintiffs to amend before applying the newly announced *Kiobel II* "touch and concern" test to a complaint that did not identify the conduct relevant to the test. 766 F.3d at 1028–29. Similarly, after *Morrison*, this district court in *In re Infineon Tech. AG Secs. Litig.* allowed plaintiffs to add allegations responsive to the intervening decision and concluded that the defendants' merits objections could be raised after amendment. No. C 04-04156, 2010 WL 11587076, at *1–2 (N.D. Cal. Oct. 27, 2010). Mr. Schrag likewise seeks to clarify the allegations supporting his existing strict liability and negligence counts in light of *Durnell*, while removing theories he no longer pursues. Allowing that amendment would enable the Court to assess his asserted non-label theories as pleaded, rather than infer their scope from a pre-*Durnell* complaint.

**B. Defendants will not be prejudiced by amendment.**

Monsanto bears the burden of showing prejudice from the proposed amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). And "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be

substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010). "Neither delay resulting from the proposed amendment nor the prospect of additional discovery" alone makes that showing. *Id.* The relevant question is whether the amendment would materially change the case Monsanto must defend. See *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 483–84 (E.D. Cal. 2022) (finding no prejudice when amendment did not "greatly alter[] the nature of the litigation . . . [or] require[] . . . an entirely new course of defense").

In this case, amendment would not materially change the case Monsanto must defend. Mr. Schrag's proposed amendment eliminates two claims, removes claims concerning defendants already dismissed, and clarifies the non-label bases for existing counts. It adds no defendant and no cause of action. Monsanto would still defend claims arising from the same Roundup exposure and injury. The amendment narrows the theories at issue rather than requiring a new defense. *See Sonoma Cnty. Ass'n of Retired Emps. V. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) (finding no prejudice where the defendant should have been "fully prepared to litigate the substantive issues" because "both the theory and the operative facts of the claim remain[ed] the same" (quoting *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981))). As such, Monsanto will not face prejudice because the limited amendment does not require a new course of defense.

The timing of Mr. Schrag's request is consistent with the procedure the Court established after *Durnell*. The July 30 Order expressly provides that an individual plaintiff who believes amendment is warranted may make that argument in opposition to Monsanto's supplemental summary-judgment motion, and it set September 28 as the opposition deadline. Dkt. No. 22402 at 1–2. Mr. Schrag seeks leave in that opposition, before the Court decides

Monsanto's motion. Monsanto therefore cannot claim prejudice merely because the request comes at this stage of the case: the Court specifically contemplated considering amendment at this stage.

**C. The remaining *Foman* factors do not warrant denying leave here.**

The remaining *Foman* factors of undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, and futility do not weigh against amendment. *See Eminence Cap.,* 316 F.3d at 1051 (citing *Foman*, 371 U.S. at 182). There is no undue delay or bad faith. Mr. Schrag filed his Complaint before *Durnell* and seeks leave in his response because of that decision. That is the procedure expressly contemplated by the Court's July 30 Order. Dkt. No. 22402 at 1–2. Nor is Mr. Schrag using amendment to introduce a new claim after an adverse ruling. He seeks to remove two misrepresentation counts and clarify the non-label bases of his existing strict liability and negligence counts. Likewise, there has been no prior failed attempt to cure those counts through an amendment allowed by the Court.

The proposed amendment is not futile merely because *Durnell* foreclosed a claim requiring a different warning. FIFRA's express-preemption clause applies to state-law requirements *for labeling or packaging*. 7 U.S.C. § 136v(b). The Supreme Court held in *Bates v. Dow Agrosciences LLC* that duties to design reasonably safe products, exercise due care in testing, and market products free of manufacturing defects are not labeling requirements: none requires the manufacturer to say anything on its label. 544 U.S. 431, 444. *Durnell* held that FIFRA expressly preempts a claim requiring a cancer warning on Roundup's EPA-approved label. Critically, it did not hold that every claim alleging injury from Roundup imposes that labeling duty. *Durnell*, 146 S. Ct. at 2012 & n.7.

Florida law supplies the distinction Monsanto seeks to erase. A strict liability design-defect claim asks whether the product, as designed, failed to perform as safely as an ordinary consumer would expect when used as intended or foreseeably. *Aubin v. Union Carbide Corp.*, 177 So. 3d 489, 503–04 (Fla. 2015). That inquiry concerns the safety of the product itself, not whether its label adequately described a danger. Monsanto's assertion that consumers may form expectations from a pesticide label does not convert every design-defect claim into a demand for a different label. Dkt. 22524 at 2. The question remains whether the asserted defect and causal theory concern the product's design or, instead, merely the absence of a warning.

Mr. Schrag's proposed counts identify the former. Count I alleges that Roundup's design and formulation rendered the product unreasonably dangerous when used as intended or foreseeably, and that defects in the product caused his injury. *See* Proposed Am. Compl. ¶¶ 113–20. Count II alleges a failure to exercise reasonable care in designing, developing, testing, and manufacturing the product, causing the same injury. See Proposed Am. Compl. ¶¶ 123–27. Neither count requires a finding that Monsanto should have added a cancer warning to the label; Mr. Schrag's asserted injury is attributable to exposure to the allegedly unsafe product, not to his failure to receive different labeling. *See* Proposed Am. Compl. ¶¶ 113–20, 123–27. To the extent Monsanto disputes whether the evidence proves those product-based theories, that is a separate merits question. It does not make them labeling requirements under § 136v(b).

Because the proposed amendment is neither unduly delayed nor made in bad faith, reflects no repeated failure to cure, and presents product-based claims not foreclosed by *Durnell*'s express-labeling-preemption holding, the remaining *Foman* factors favor granting leave to amend.

**CONCLUSION**

For the foregoing reasons, Mr. Schrag respectfully requests that the Court grant him leave to file the proposed Amended Complaint attached as Exhibit A.

Dated: September 28, 2026

Respectfully submitted,

**PODHURST ORSECK, P.A.**

*/s/ Steven C. Marks*
Steven C. Marks
(smarks@podhurst.com)
Kristina M. Infante
(kinfante@podhurst.com)
Pablo Rojas
(projas@podhurst.com)
PODHURST ORSECK, P.A.
2525 Ponce De Leon, Suite 700
Coral Gables, Florida 33134
Tel: (305) 358-2800
Fax: (305) 358-2382
*Counsel for Plaintiff Paul Schrag*

## CERTIFICATE OF SERVICE

I certify that on September 28, 2026, I electronically filed the foregoing document with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

By: */s/ Steven C. Marks*
STEVEN C. MARKS
*Counsel for Plaintiff Paul Schrag*