**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>*All Category One Cases* | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OMNIBUS STATEMENT OF MATERIAL FACTS AND AN OMNIBUS BRIEF IN OPPOSITION TO MONSANTO'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGEMENT ON THE SCOPE OF DURNELL** |

Pursuant to Local Rule 7-11, and the Court's September 22, 2026 directive to co-lead counsel relating to consolidated submissions for the upcoming post-*Durnell* briefing, including the Category One supplemental summary judgment motions, Case Management Transcript, September 22, 2026 (CMC Tr.) at 12-13, Co-Lead Counsel respectfully moves this Court for leave to file: (1) Plaintiffs' Omnibus Statement of Facts in opposition to Monsanto's supplemental motions for summary judgment, ECF Nos. 22521, 22523, 22524, 22525, 22529 and 22530, and (2) an Omnibus Opposition to Defendant Monsanto Company's Supplemental Motion for Summary Judgment on the Scope of *Durnell* (Exhibit A). Plaintiffs filed an administrative motion relating to these filings on September 25, 2026, ECF No. 22666, which Monsanto opposed today, ECF No. 22670.[1]

[1] Co-lead counsel's pending administrative motion requested until October 19, 2026 to file an omnibus brief addressing the legal framework that applies to FIFRA preemption following the *Durnell* decision. ECF No. 22666 at 2. Co-lead counsel are filing this initial proposed omnibus brief today to protect MDL Plaintiffs' rights and interests pending a decision by the Court.

## ARGUMENT

Monsanto has filed supplemental motions for summary judgment that contend the Supreme Court's recent decision in *Monsanto Co. v. Durnell* preempts all claims at issue in nineteen "Category 1" cases within this MDL. Following the case management conference held on September 22, 2026, the Court entered a minute order expressing the view that "the Plaintiffs[ʻ] best interests would be served by representation through lead counsel, particularly in light of the relevant preemption arguments that Lead Counsel has familiarity with." ECF No. 22664. Mindful of this directive, and because today is the plaintiffs' deadline to oppose Monsanto's pending summary judgment motions, co-lead counsel have accordingly prepared an Omnibus Statement of Facts and Omnibus Opposition. These are intended to assist all MDL plaintiffs in opposing Monsanto's motions (without prejudice to their ability to prosecute their own cases), and to aid the Court by stating MDL leadership's position in consolidated filings.[2] The Court should permit these filings and consider them in connection with the *Durnell* briefing.

These omnibus submissions are filed timely and will not disrupt existing briefing or argument schedules set in this case, as the deadline for opposing Monsanto's renewed motions for summary judgment is today, September 28, 2026. Monsanto's opposition claiming that they are "untimely" lacks merit. ECF No. 22670 at 2. These submissions do not come out of the blue, but in response to the Court's request, on its own motion and for the first time on September 22, 2026, urging co-lead counsel to offer additional representation to MDL plaintiffs whose cases Monsanto now challenges. Co-lead counsel have made best efforts to satisfy the Court's request.

---

Additional time and briefing would continue to be helpful in order to address state-specific claims and preemption arguments.

[2] Co-lead counsel does not presume to know the individual case-specific facts or evidence associated with the seventeen out of nineteen cases subject to supplemental summary judgment motions in which co-lead counsel does not represent the individuals who brought the cases.

Monsanto also argues that omnibus submissions would be inefficient, would offer a "second bite at the apple," and would somehow prejudice it. ECF No. 22670 at 3-4. Monsanto is wrong: these streamlined submissions promote efficiency and do not duplicate other filings. The omnibus statement of material facts sets forth facts in the record underlying non-label-based warning claims, such as design defect, negligence and warranty claims. Similarly, the omnibus legal brief counters the arguments Monsanto makes in support of its supplemental summary judgment motion: that all claims post-*Durnell* fail. These submissions relate to general legal and factual issues underlying all of the nineteen cases before this Court in Category One. It does not address the plaintiffs' specific issues that Monsanto raises in those summary judgment motions.

Finally, Monsanto contends that co-lead counsel should have done this work long before the Court made the request at the September 22, 2026 conference (and presumably filed them earlier). ECF No. 22670 at 2–3. These cases are not bellwether cases; they are individual cases the Court adjudicates prior to remand. They are in sharp contrast to the bellwether process at the general causation stage where co-lead counsel litigated the issues for all three. Nevertheless, co-lead counsel heeded the Court's urging and timely submits ECF 22675 and Exhibit A.

In sum, these filings respond to the request the Court made of co-lead counsel at the September 22, 2026 case management conference. For the first time, the Court told co-lead counsel that it should file consolidated briefing on issues that are common across the cases. CMC Tr. at 13. That is exactly what the omnibus statement of facts and brief do.

Defense counsel opposes co-lead counsel"s request.

## **CONCLUSION**

For these reasons, co-lead counsel respectfully request that the Court grant leave to file the attached brief and accept filing ECF 22675.

Dated: September 28, 2026

Respectfully submitted,

**WEITZ & LUXENBERG, PC**

By: */s/ Robin L. Greenwald*

Robin L. Greenwald
700 Broadway, Fifth Floor
New York, NY 10003
(P) 212-558-5800
rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*