**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030 | Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843 | Fax: 202-682-1639

*Attorneys for Defendant Monsanto Company*

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400 | Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
Linda C. Hsu (CA Bar No. 239880)
(linda.hsu@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100 | Fax: 310-576-2200

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION

This document relates to:

*All Category One Cases*

MDL No. 2741

Case No.: 3:16-md-02741-VC

**DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' LEADERSHIP'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OMNIBUS STATEMENT OF MATERIAL FACTS AND AN OMNIBUS BRIEF IN OPPOSITION TO MONSANTO'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGEMENT ON THE SCOPE OF *DURNELL***

Defendant Monsanto Company ("Monsanto") respectfully opposes the Administrative Motion for Leave to File an Omnibus Statement of Material Facts and an Omnibus Brief in Opposition to Monsanto's Supplemental Motion for Summary Judgment on the Scope of *Durnell* filed by Plaintiffs' Co-Lead Counsel ("Leadership") filed on September 28, 2026 (Dkt. No. 22682). Leadership's proposal gives Category 1 Plaintiffs two bites at the apple, which prejudices Monsanto and is in violation of the Court's stated preference for consolidated briefing. For these reasons, Monsanto asks the Court to deny the motion.

## I. Leadership's Proposal Gives Plaintiffs Two Bites at the Apple, which Prejudices Monsanto and is Contrary to the Court's Preference for Consolidated Briefing

At the September 22 hearing, the Court made clear its preference for consolidated motions rather than separate, duplicative filings, explaining that the "ideal scenario" was for Leadership to represent "the plaintiffs in all of these summary judgment motions and all of these motions to dismiss," "filing consolidated briefs where you can and making individualized argument where you can." (Sept. 22, 2026 H'rg Tr. at 13:1-11.) Leadership's proposal does the opposite. Category 1 Plaintiffs filed their own individual oppositions to Monsanto's supplemental motions for summary judgment on September 28, 2026, and Leadership filed its own Omnibus Statement of Material Facts and proposed Omnibus Opposition addressing the same motions. The individual oppositions argue that *Durnell* preempts only label-based failure-to-warn claims and leaves design-defect, negligent-design and testing, and warranty claims. Leadership's own proposed omnibus brief covers this same ground. The result is that Plaintiffs receive two bites at the apple: Category 1 Plaintiffs served individual oppositions and statements of material facts, and Leadership now proposes a separate, overlapping omnibus statement of material facts and opposition. Monsanto would be required to reply to all these briefs.[1]

This is not consolidated briefing—it is additional briefing. True consolidated briefing would have required Leadership to coordinate with Category 1 Plaintiffs to file combined briefs, not separate briefs layered on top of the individual filings already before the Court. Leadership's proposal does not

[1] Monsanto raised substantially similar arguments regarding duplicative briefing and the Court's preference for consolidation in its prior opposition to Leadership's related administrative motion. *See* Monsanto's Opposition to Plaintiffs' Leadership's Administrative Motion to Clarify the Court's Directive to Represent MDL Plaintiffs' Interests in Post-Durnell Briefing, Dkt. No. 22670 (Sept. 28, 2026).

reduce or streamline the number of filings before the Court; it increases them. Leadership's proposed omnibus submissions necessarily duplicates, rather than consolidates, the individual Plaintiffs' own statements of material facts and oppositions. Monsanto should not be required to respond to two rounds of opposition briefing—one from individual Plaintiffs and another from Leadership—on what are the same legal and factual issues.

Nor does it matter that Leadership styles its submissions as addressing only "general legal and factual issues underlying all of the nineteen cases" (Dkt. No. 22682 at 2), while leaving case-specific issues to the individual Plaintiffs. (Dkt. No. 22682 at 3.) That characterization does not survive scrutiny of the record. The individual Category 1 oppositions filed on September 28, 2026 already brief, at length, the very general preemption framework Leadership's proposed omnibus brief purports to add. *See, e.g.*, Dkt. No. 22667 at 5-22 (*Jackson* Opposition) (addressing the scope *of Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005) and *Monsanto Co. v. Durnell*, 146 S. Ct. 2001 (2026); Dkt. No. 22676 at 7-20 (*Gomez* Opposition) (same); Dkt. No. 22677 at 8-23 (*Howell* Opposition) (same); Dkt. No. 22679 at 5-6 (*Green* Opposition) (same); Dkt. No. 22680 at 16-21 (*Abel* Opposition) (same); Dkt. No. 22681 at 9-15 (*Reid* Opposition) (same); Dkt. No. 22684 at 7-15 (*Dietrich* Opposition) (same); Dkt. No. 22685 at 4-15 (*Moreland* Opposition) (same). Each of these oppositions argue that *Durnell* preempts only label-based failure-to-warn claims and leaves design-defect, negligent-design and testing, and warranty claims untouched, and each attempts to rebut Monsanto's contention that such claims are "disguised" failure-to-warn claims. In fact, Leadership represents two individual Category 1 plaintiffs and also submitted separate oppositions for each plaintiff. (*See* Dkt. Nos. 22683 and 22685.) Leadership's own proposed omnibus brief covers this same ground, addressing the identical *Durnell* framework, the same implied-preemption and impossibility arguments, and the same reformulation arguments already briefed by the individual Plaintiffs. (Dkt. No. 22682-1 at 4-16.) Layering a separate omnibus statement of facts and brief on top of those individual filings does not narrow the issues for the Court; it multiplies the briefing Monsanto must address. Permitting

Leadership to file overlapping submissions in addition to—rather than in place of—the individual Plaintiffs' filings undermines the very efficiency that consolidated briefing is meant to serve.[2]

Leadership's suggestion that its omnibus brief merely responds to the Court's September 22, 2026 directive, rather than duplicating existing briefing, does not survive a review of the record. (*See* Dkt. No. 22682 at 2.) As discussed above, the Court's comments that joint representation would serve the individual plaintiffs' best interests were not a directive authorizing Leadership to file its own overlapping submissions on top of individual Plaintiffs' filings. (Sept. 22, 2026 Hr'g Tr. at 13:21-24.) Leadership cannot invoke that guidance to justify filing an extra omnibus brief covering ground the individual Plaintiffs already covered, while separately seeking leave to file those briefs after the fact. The remedy for any genuine gap in coordination was for Leadership to consult with Category 1 Plaintiffs before the September 28, 2026 deadline—not to submit an overlapping filing afterward and ask the Court and Monsanto to sort out the duplication.

Not only does this arrangement put Monsanto at a disadvantage, but it also undermines the efficiency goals that the Court has emphasized. If Leadership intended to submit briefing, the proper course was for Leadership to coordinate with Category 1 Plaintiffs in advance and file consolidated oppositions, not for individual Plaintiffs to file their own papers and then Leadership to file separate, supplemental briefs and seek permission to do so after the fact.

## II. Conclusion

Monsanto understands the Court's desire for streamlined, consolidated briefing, and Monsanto shares that goal. But Leadership's proposal does not achieve it. Far from consolidating briefing, Leadership's proposal simply adds additional briefs and statements of additional fact on top of the individual filings that Category 1 Plaintiffs have already submitted. Leadership is tasked with playing a coordinating role in this litigation, and the appropriate procedure was for Leadership to work with

[2] Leadership separately suggests that coordination could not have occurred earlier because the Category 1 cases are not bellwether cases in the same sense as the general-causation bellwether process. (Dkt. No. 22682 at 3.) That distinction, even if accurate, does not bear on the duplication problem Monsanto identifies here. Whether or not these cases are formally designated bellwethers, the fact remains that Leadership's proposed omnibus submissions cover the same general ground already covered by the individual Plaintiffs' own oppositions and statements of material facts. The duplicative burden on Monsanto and the Court exists regardless of how the underlying cases are categorized.

Category 1 Plaintiffs to produce a single consolidated filing, not a second, separate overlapping round of briefing.

For these reasons, Monsanto respectfully opposes Leadership's Administrative Motion (Dkt. No. 22682) and requests that the Court deny the relief sought therein.

Dated: October 2, 2026

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Linda C. Hsu*
Linda C. Hsu
Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2026, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system, which sent notice of the filing to all appearing parties of record.

*/s/ Linda C. Hsu*
Linda C. Hsu