**WOOL TRIAL LAW LLC**
David J. Wool (State Bar No. 324124)
Kali R. Backer (State Bar No. 342492)
1001 Bannock Street, Suite 410
Denver, CO 80204
Telephone: (720) 509-9101
david@wooltriallaw.com
kali@wooltriallaw.com

**OSBORNE & FRANCIS**
Joseph A. Osborne, Esq.
J. Robert Bell III, Esq.
925 S Federal Highway, Suite 175
Boca Raton, FL 33432
Telephone: (561) 293-2600 / (561) 923-8100
josborne@realtoughlawyers.com
rbell@realtoughlawyers.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Jackson v. Monsanto Company, et al.*, Case No. 23-cv-01572-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF JACKSON'S RESPONSE TO *AMICI CURIAE* BRIEFS SUBMITTED IN SUPPORT OF MONSANTO COMPANY'S SUPPLEMENTAL MOTIONS FOR SUMMARY JUDGMENT**<br><br>Hon. Vince Chhabria<br><br>Hearing Date: Nov. 16, 2026<br>Hearing Time: 1:00 p.m.<br>Hearing Location: Courtroom 4 |

Monsanto's *amici* devote considerable attention to arguing an issue that *Durnell* expressly declined to decide and that this Court rejected long ago: implied preemption. *See Monsanto Co. v. Durnell*, 146 S. Ct. 2001, n.7 (2026) ("Because we conclude that Durnell's failure-to-warn claim is expressly preempted, we need not consider Monsanto's implied preemption argument"); *In re Roundup Prods. Liab. Litig.*, 364 F. Supp. 3d 1085, 1087-1088 (N.D. Cal. 2019) (explaining Monsanto's implied preemption argument "fails on the merits").

Of what little they have to say about express preemption, neither Monsanto's *amici*, nor Monsanto itself, seriously contests that "rules that require manufacturers to design reasonably safe products" are not labeling requirements subject to express preemption under FIFRA.[1] *Bates v. Dow Agrosciences L.L.C.*, 544 U.S. 431, 444 (2005). Under Florida law, a product may be unreasonably unsafe if its risks outweigh its benefits or if it fails to perform as safely as an ordinary consumer would expect. *See Aubin v. Union Carbide Corp.*, 177 So. 3d 489, 503, 505 (Fla. 2015). Regardless of the test utilized or the evidence used to support it, the claim imposes the same requirement: to "design reasonably safe products." *Bates*, 544 U.S. at 444. That is precisely the kind of requirement FIFRA "plainly" does ***not*** preempt. *Id.*

Monsanto and its *amici* attempt to avoid all of this by speaking in generalities and insisting that the design defect claims asserted here are "dressed-up failure-to-warn claims." CropLife America *Amici Curiae* Brief (Dkt. 22751-1) at 18. Yet, neither offers any response to the major flaws with that reasoning.

Of most importance, neither Monsanto or their *amici* explain how a design defect claim under the consumer expectations test could possibly impose a labeling requirement when someone who ***never even saw the product label***, such as a bystander, may prevail under the test under Florida law. *See West v. Caterpillar Tractor Co.*, 336 So. 2d 80, 89 (Fla. 1976); *see also In re Standard Jury Instructions in Civil Cases—Report No. 19-03*, 290 So. 3d 840 (Fla. 2020) (providing that it "applies

---

[1] The *amici* even concede that so-called "genuine" design defect claims are ***not*** preempted, *see* CropLife America *Amici Curiae* Brief (Dkt. 22751-1) at 18, and they do no dispute that a design defect claim under the consumer expectations test is a "genuine" design defect claim.

to all foreseeable bystanders.") If a label may not come into a case *at all*, the claim cannot impose a labeling requirement.

Nor do Monsanto or its *amici* even attempt to square their position with the fact that Florida law expressly permits a plaintiff to pursue a design defect claim ***even when the product bears adequate warnings***. *See e.g., Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1273, 1276–77 (Fla. 2006); *Pinchinat v. Graco Children's Prods., Inc.*, 390 F. Supp. 2d 1141, 1147–50 (M.D. Fla. 2005). If Monsanto and its *amici* were correct, these courts' findings as to the adequacy of the warnings would preclude design defect claims all together. But they did not. Florida law recognizes that each claim imposes a separate duty. Whereas failure to warn claims turn on the existence of adequate warnings, design defect claims do not because the duty to design reasonably safe products remains separate and independent of any requirement to warn. *See Engle*, 945 So. 2d at 1273 ("Although compliance with federal warnings preempted any claim based on failure to warn, it did not eliminate the other causes that the jury had to consider.")

Finally, neither Monsanto nor its *amici* address comment k, much less the problem it poses for their position. As Plaintiff explained, where states have adopted Section 402A of the Second Restatement, the only way a design defect claim collapses into a warnings claim is if comment k applies. Comment k is a narrow exception to ordinary design-defect liability for inherently dangerous products with extraordinary, life-saving benefits sufficient to justify their unavoidable risks. *See* Restatement (Second) of Torts § 402A cmt. k. Comment k protects that limited subset of products by reducing the manufacturer's duty to solely a duty to warn. But Florida law does not confer that protection automatically—not even on prescription drugs. The manufacturer must meet a heavy burden of establishing its entitlement to comment k as an affirmative defense on a case-by-case basis. *See Adams v. G.D. Searle & Co.*, 576 So. 2d 728, 732–33 (Fla. 2d DCA 1991); *see also Kennan v. Dow Chem. Co.*, 717 F. Supp. 799, 812 (M.D. Fla. 1989) (refusing to apply comment k to a pesticide because comment k "deals expressly with new drugs whose production is justified for their life-saving characteristics.")

Fundamentally, Monsanto and its *amici* seek to write comment k out of Section 402A of the Second Restatement. Under their argument, comment k would not serve as an affirmative defense; it would apply automatically wherever a product is inherently dangerous; and a defendant would not have to meet any sort of a burden to gain comment k protection. This position would completely upend product liability law and give any inherently dangerous product the protections of comment k without establishing the prerequisite entitlement to that affirmative defense. Such a position conflicts directly with Florida law and every state that has adopted Section 402A of the Second Restatement.

Dated: November 5, 2026

**WOOL TRIAL LAW LLC**

*/s/David J. Wool*
David J. Wool (State Bar No. 324124)
david@wooltriallaw.com
Kali R. Backer (State Bar No. 342492)
kali@wooltriallaw.com
1001 Bannock Street, Suite 410
Denver, CO 80204
Telephone: (720) 509-9101

**OSBORNE & FRANCIS**

Joseph A. Osborne, Esq.
J. Robert Bell III, Esq.
925 S Federal Highway, Suite 175
Boca Raton, FL 33432
Telephone: (561) 293-2600 / (561) 923-8100
josborne@realtoughlawyers.com
rbell@realtoughlawyers.com

*Attorneys for Plaintiff*